IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MIDDLE DIVISION

RECEIVED
2006 DEC 22 A 9:58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Marcellus Breach, AIS #160710

    Plaintiff,

vs.

**DEMAND FOR JURY TRIAL**

Civil Action: 2:06 CV 1133-MEF

Prison Health Services, Inc, ("PHS"),

Michael Catalano, Chairman and President; and,

Rick Dull, Regional Vice President, ("PHS"), and,

Jane Haydes, Regional Vice President, ("PHS"); and,

Mrs. Lawrance, Director of Nursing, Kilby Corr Facility,

Ruth A. Naglich, Associate Commissioner of Health

Services, Alabama Dept of Corrections; and,

Richard Allen, Commissioner, Alabama Dept of Corr, et al.,

    Defendants.

Civil Rights Complaint § 1983

and Application For Temporary Restraining Order

and/or Preliminary Injunction For

Gratuitously Withholding Medical

Care
_____

I. INTRODUCTION

(1)

Preliminary Statement

1) This is a civil rights action filed by Marcellus Breach, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging the threat and physical health condition that is real and proximate, and that the potential consequence is "serious physical injury" of the delay and the withholding being a "complete" denial of necessary medical care in violation of the Eighth Amendment to the United States Constitution, causing pain and suffering as cruel and unusual punishment. Plaintiff also alleges a TORT of breach of duty, and intentional infliction of pain and discomfort, emotional distress. Pursuant to Rule 65 of the Federal Rules of Civil Procedures, plaintiff request that the court issue its Temporary Restraining Order to relieve the pain and discomfort of the plaintiff's aggravated "hernia," and the obduracy and wantonness of cruel and unusual punishment by the defendants, and assure that the plaintiff receives proper medical treatment.

## II Jurisdiction

2) This suit is brought under the Eighth Amendment to the United States Constitution, as enforced through

(2)

42 U.S.C. § 1983. Jurisdiction over plaintiff's claim is conferred on this Court by 28 U.S.C. §§ 1331, 1332(A)(c) and 1343(A)(3).

3). The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367

4). The court has Diversity Jurisdiction of the controversy pursuant to 28 U.S.C. § 1332(c).

### III. VENUE

5. The Middle District of Alabama is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because defendants in their official capacity reside in this district. See also, 28 U.S.C. § 1392(A). The Middle District of Alabama is also an appropriate venue under 28 U.S.C. § 1391(b)(2), and 1332(A)(c) because a "substantial part of the events or omissions giving rise to the claim[s]" occurred" in this district; and, "Prison Health Services" ("PHS") is a corporation deemed as a "person", conducting business in this State. ("PHS" acts as an "Agent" for Ala. Dept of Corrections").

### IV. PARTIES

6. The plaintiff Marcellus Breach, is currently housed at "Kilby" Correctional Facility, Mt. Meigs, Alabama

(3)

with a "Medical Hold" placed on him by Classification for a painful injury being "Left Inguinal hernia", and has at all times been under the control and custody of the department of corrections.

7) Defendant "Prison Health Services, Inc. ("PHS"), is a corporation that provides medical and administrative services, including physicians and other healthcare professionals at the department of corrections' prisons by "contract," and acts as an "Agent" for purposes of §1983 is a "person" and "does business" by sufficient contact, and are being sued in their "individual" capacity for deliberate indifference under color of law for their direct involvement to delay, deny and withhold medical care.

8) Defendants, Michael Cotaland, Rick Dull, and Jane Hayches are all employed by Prison Health Services, Inc, and are sued in their "individual" capacity for deliberate indifference, under color of law.

9) Defendant Mrs. Lawrance, is the Medical Administrator at Kilby Correctional Facility, and is generally responsible for ensuring the provision of medical care to prisoners, she is sued in her "individual" capacity for deliberate indifference under color of law.

(4)

10. Defendant RUTH A. NAGLICH, is the Associate Commissioner of Health Services for the Alabama Dept of Corrections. She is sued in her both official and individual capacity for deliberate indifference for her direct involvement, under color of law denying plaintiff surgery, and/or delay/withholding medical care.

11. Defendant RICHARD ALLEN, is Commissioner of the Alabama Department of Corrections. The Alabama dept of Corrections has all duties, responsibilities, authority, power, Assets, liabilities, property, funds, appropriations, contractual rights and obligations, property rights and personnel, whether accruing or vested, which prior to the enactment of Section 14-1-16 through 14-1-17 of the Code of Alabama, were vested in a Board of Corrections and which, by virtue of such statutes, vested in the Governor of the State of Alabama. Defendant ALLEN, is sued in his both official and individual capacity as Commissioner of the Alabama Dept of Corrections. Ala. Code §§ 14-1-1.1 (1975) and his "individual capacity" for his direct involvement to deny approving plaintiff surgery, and/or delay, withholding medical care under deliberate indifference under color of law.

(5)

11) At all times relevant to the events described herein, all the defendants have acted under color of law, and are sued for deliberate indifference in both in part, official and individual capacities, denying or withholding plaintiff proper necessary medical treatment.

### FACTUAL ALLEGATIONS
### FAILURE TO PROVIDE AND WITHHOLDING MEDICAL TREATMENT

12) On 2/20/05 plaintiff was diagnosed by Dr. Bosserner at Limestone Correctional Facility with an inguinal hernia. On 5/05/05 after several complaints by the plaintiff about pain and discomfort because of the hernia, plaintiff was seen again by Dr. Bosserner and was issued a "TRUSS" in an attempt to treat plaintiff's hernia.

13) Subsequently, plaintiff continued to complain about his pain and discomfort to "PHS" medical at Limestone prison, and on March 16, 2006 plaintiff was transferred out-of-state to a private prison being "South Louisiana Corr. Services, Inc. ("LCS"), in an attempt to alleviate the overcrowding in Alabama prisons. Plaintiff did

(6)

not receive any further medical treatment by PHS, at that time.

14) On 3-21-06 plaintiff was seen by "LCS" doctor being an acting "Agent" for the department of corrections, at South Louisiana Corr. Services ("LCS"), Doctor John A. Tassin wherein "LCS" received approximately 500 male inmates. On 3-21-06 Dr. John A. Tassin made a "doctor Report" and recommendation being a "Doctor Order" that plaintiff's inguinal hernia "needs Repair."

15) Plaintiff continued to complain to medical at LCS, about pain and discomfort due to the hernia, and on 7-12-06 the Alabama Dept. of Correction's Commissioner's Office defendant Ruth Naglich "denied" approval of costs for plaintiff to receive surgery as recommended by Doctor Tassin.

16) Again plaintiff continued to request his surgery, and was seen by Dianahott the R.N., Medical Administrator at LCS, on 7-18-06, and Dr. John A. Tassin told the plaintiff "Nothing can be done for your pain, you need surgery." Plaintiff was then told Alabama D.O.C. won't approve surgery.

17) Because plaintiff needs surgery, on October 6, 2006 plaintiff was transferred

(7)

back to the Alabama Dept of Corrections, at Kilby prison and still has not received any medical attention pertaining to his surgery once recommended by Doctor John A. Tassin.

18) On 10/11/06 plaintiff filed a grievance/complaint at Kilby to Defendant Lawrence about his hernia, requesting that something be done medically. On 10/17/06 Ms. Lawrence responded that she has no medical records reflecting a showing of a hernia, nor a doctor's recommendation. (This is a untrue statement of facts, Records clearly show Dr. Tassin's recommendation for surgery). (There is no appeal process by D.O.C.)

19) On 11/7/06, again plaintiff filed another grievance/complaint to Ms. Lawrence, and submitted proof to her by evidence of a true copy of plaintiff's medical records, reflecting, Dr. Bosseunner, Dr. Tassin, and the hernia. Defendant Lawrence has refused to acknowledge plaintiff injury, pain and discomfort, and doctor's order for surgery. (Plaintiff exhausted all administrative remedies).

20) As of today 12/17/06 plaintiff still is in pain and discomfort due to the hernia, anxiety, problems coughing, sneezing, because

(8)

the hernia comes further out, wherein plaintiff has to push it in when coughing, sneezing, hold it when having a bowel movement gives plaintiff pain. Long standing also causes pain and discomfort. Defendants refuse to provide surgery.

### DEFENDANTS' DELIBERATE INDIFFERENCE

21) On 2/20/05 was first diagnosed by Dr. Bosseuiir at Limestone Correctional Facility with an inguinal hernia. On 5/05/05 Dr. Bosseuiir issued a "profile" no lifting no long-standing, bottom bunk, and a "TRUSS" in an attempt to treat the hernia.

22. On 3/21/06 Dr. John A. Tassin made his recommendation that plaintiff's hernia "Needs Repair".

23) On 7-12-06 Defendant Ruth Naglich denied surgery, totally against doctor orders and recommendation is cruel and unusual punishment, being a direct involvement subjecting plaintiff to pain and discomfort.

(9)

24. On 10/12/06 Defendant Lawrence refused to acknowledge medical records reflecting Dr. Tassin's recommendation for surgery or an attempt to cover-up and withhold medical care to the plaintiff. Plaintiff sent a part of his medical records to Ms Lawrence showing the hernia. Ms. Lawrence refuses to provide any medical attention to the matter.

25) Plaintiff is in imminent danger to a serious physical injury because the hernia is causing him pain and discomfort and restricts his normal daily activities such as painful coughing, sneezing, bowel movements. Plaintiff hernia can rupture at any time, and lead to death if not timely treated.

## CAUSE OF ACTION

26. Plaintiff supports the following claims by reference to the previous paragraphs of this Complaint.

## COUNT I

27. The defendant's deliberate indifference, Ruth.

(10)

A. Naglich and Prison Health Services, Inc., in the refusal/withholding to provide medical care once prescribed by a physician is so cursory as to amount to no treatment at all amounts to deliberate indifference, violating the Eighth Amendment to the United States Constitution.

28)      Count II

The defendants custom, practice or policy in regards to Ruth A. Naglich or Commissioner Allen having ample authority to deny surgery recommendations once prescribed by a doctor is unconstitutional and violates the Eighth Amendment to the United States Constitution and is deliberate indifference.

29)      Count III

The defendants direct involvement to deny plaintiff's serious medical need for surgery deprived him of his rights under the Constitution, and the obduracy and wantonness withholding medical care caused plaintiff to suffer physical pain and discomfort and restricted activities amounts to deliberate indifference.      (11)

COUNT IV

30. Defendants delay, withholding, and denial of medical care is so deviated from professional standards that it amounts to deliberate indifference. The mere words "elective surgery" are not a talisman insulating defendants from the reach of the Eighth Amendment.

COUNT V

31) Defendants inadequate medical record keeping violates plaintiff's Eighth Amendment, and is below professional standards; And, A) proximate cause to imminent serious physical injury, and delay of medical care.

RELIEF REQUESTED.

WHEREFORE, plaintiff requests that the court grant the following relief:

A. ISSUE a declaratory judgment stating that:
 1. The Refusal to approve plaintiff for surgery once prescribed by a physician as mandating treatment violated plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted deliberate indifference.

(12)

2. Defendant Commissioner Richard Allen, and Ruth A. Naglich intentionally refused to approve Doctor Tassin's recommendation for surgery violated plaintiff's Eighth Amendment right to the United States Constitution.

3. That the defendants written or policy, custom, practice regarding doctor recommendations for surgery pertaining to plaintiff's hernia is unconstitutional.

4. As a result of defendants, Prison Health Services, Inc., and Ruth A. Naglich's deliberate indifference to plaintiff's serious medical need: plaintiff suffered prolonged and physical pain with unnecessary complication of restriction of his daily activities, due to the withholding of medical care.

B. Issue an Injunction ordering defendants or their agents to:
1) Immediately arrange for the plaintiff's need for surgery and/or medical treatment, to be evaluated by a surgeon or medical practitioner with expertise in the necessary treatment for plaintiff's hernia.

(13)

C. Declare that the acts and omissions described herein violated plaintiff's Rights under the Constitution and laws of the United States.

D. Enter a preliminary and permanent injunction ordering Defendants Commissioner Richard Allen, Ruth A Naglich, their successors, agents, employees, and all persons acting in concert with them to provide necessary medical treatment to plaintiff's injury.

E. Enter Judgment in favor of plaintiff for nominal, compensatory in the amount of $80,000 and $80,000 punitive damages as allowed by law against each defendant jointly and severally.

F. Order trial by jury, and such additional relief as this Court may deem just and proper.

Done this 20 day December 2006

x *Marcellus Breach*
Marcellus Breach Ais. 160710
Dorm West-16
P.O. Box 150
Mt. Meigs, AL 36057

(14)

Address of Defendants:

Prison Health Services, Inc.,
Michael Catalano,
Rick Dull
Jane Haydes
   105 Westpoint Drive, Suite 200
   Brentwood, TN 37027.

Richard Allen & Ruth A. Naglich
Alabama Dept of Corrections
301 S. Ripley Street
Montgomery, AL 36104

Ms. Lawrance Medical Director
Kilby Corr. Facility
P.O. Box 150
Mt. Meighs, AL 36057

Request service by U.S. Marshall.

(15)