# UNITED STATES DISTRICT COURT

| Middle | District of | Alabama |

**Plaintiff**

V.

**Defendant**

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

RECEIVED
2006 DEC 22 A 11:58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CASE NUMBER: 2:06 CV 1133-MEF

I, __Marcellus Breach Ais 160710__ declare that I am the (check appropriate box)
☑ petitioner/plaintiff/movant    ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☑ Yes    ☐ No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration __Kilby Correctional Facility__

   Are you employed at the institution? __No__    Do you receive any payment from the institution? __No__

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'** transactions.

2. Are you currently employed?    ☐ Yes    ☑ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. __Incarcerated since 1/05__

3. In the past 12 twelve months have you received any money from any of the following sources?

   | | | Yes | No |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | ☐ | ☑ |
   | b. | Rent payments, interest or dividends | ☐ | ☑ |
   | c. | Pensions, annuities or life insurance payments | ☐ | ☑ |
   | d. | Disability or workers compensation payments | ☐ | ☑ |
   | e. | Gifts or inheritances | ☐ | ☑ |
   | f. | Any other sources | ☐ | ☑ |

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

4. Do you have **any** cash or checking or savings accounts?  ☐ Yes   ☒ No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☐ Yes   ☒ No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.   N/A

I declare under penalty of perjury that the above information is true and correct.

_12-17-06_  
Date

_Marcellus Breach_  
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action: 2:06CV1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, INC, ) | |
| Defendants. ) | |

MOTION FOR LEAVE IN FORMA PAUPERIS
PURSUANT TO 28 U.S.C. § 1915(g)

Comes Now, the plaintiff Marcellus Breach in proper person "Pro Se" moves this Court for clemency, and that the court grant to the plaintiff permission to pursue this action under 28 U.S.C. § 1915(g) without prepayment of fees and costs as justice so requires in a deprivation of a fundamental Constitutional Right: Plaintiff shows unto the court as follows bona fide:

D.  This suit is filed by a prisoner who has a history of frivolous litigation and thus comes within § 1915(g), and who does claim to be "under imminent danger of serious physical injury."   (1)

2). Plaintiff is in need of medical treatment being Surgery, and a doctor has mandated surgery, but, defendants refuse to provide surgery or necessary medical care. The language of §1915(g), by using the "present tense," clearly refers to the time when the action or appeal is filed or the motion for IFP status is made. See, U.S. v. Cobb, 185 F.3d 1193 (11th Cir. 1999).

3). Plaintiff alleges that he is "under imminent danger to a serious physical injury" if he is not treated. See, Brown, 387 F.3d at 1350; and because the refusal of the defendants to provide that surgery, constitutes imminent danger of serious physical injury. See, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

## MEMORANDUM OF LAW/POINTS ON AUTHORITY

One of the changes made in 1996 by the Prison Litigation Reform Act requires prisoners to prepay the filing and docketing fees of most future suits, if they have a history of frivolous litigation. The precise language of what has come to be called the three-strikes rule is this:

(2)

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The reference to "this section" is to all of §1915, which permits litigation in forma pauperis without prepayment of fees and costs. As a result, a prisoner who has "struck out" must pay all required fees in future cases, "unless ... under imminent danger or serious physical injury." See, Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002)

It is not difficult for this court to imagine situations where fundamental rights would be at stake, "A gravely ill prisoner, or one in great pain, who complained that the staff was gratuitously withholding medical care would have a claim based on the fundamental rights protected by the eighth amendment," Estelle v. Gamble, 429 U.S. 97.

(3)

A prisoner who suffers a threat to (or deprivation of fundamental rights) ought to have access to the court. Congress listed seven (7) options that preserved adequate opportunities for prisoners to vindicate their fundamental rights. Plaintiff tried state court, but, had to dismiss his action without prejudice because it appeared state court did not want to be bothered. Because all else fails, plaintiff has much confidence in the federal court to protect his fundamental rights, and prays to sue without prepayment because, "the plaintiff is under imminent danger of serious physical injury", §1915(g), and by law 1915(g) can serve its role as an escape hatch for this genuine emergency, only if understood reasonably, "When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name." See, Lewis v. Sullivan, 279 F.3d at 531 (7th Cir. 2002).

(4)

In *Rivera v. Allin*, 144 F.3d 219, 726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled allegations to ensure that the prisoner is *not* under imminent danger of serious physical injury.")(emphasis added).

Plaintiff has filed in conjunction with his Civil Rights Section 1983 an Application for a Temporary Restraining Order, to ensure that he receives proper medical care. Medical Records are before the court showing a doctor recommendation for surgery.

Plaintiff did not find any case law placing the burden on the plaintiff, who seeks to proceed in forma pauperis, to come forward with evidence and argument of danger of serious physical injury prior to the grant of in forma pauperis status.

In *Miller v. Meadows*, 2005 U.S. Dist. Lexis 17077, Aug. 11, 2005, the Court looked to other Circuit court cases, and found to be helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir 2004): "The issue is

(5)

whether his complaint, as a whole, alleges imminent danger of serious physical injury."

Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the plaintiff's complaint which must be construed liberally and the allegations of which must be accepted as true. See, id; See e.g. McAlphin v. Towey, 281 F.3d 709 (8th Cir 2002).

## Conclusion

The plaintiff has drafted his complaint as best as he can. The plaintiff also has correctly alleged and provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. See, Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Because the plaintiff is not given surgery, constitutes imminent danger of serious physical injury. See, Ciarpaglini v Saini, 352 F.3d 328, 330 (7th Cir. 2003).

(6)

WHEREFORE, premises considered, plaintiff prays that this court will open its doors to plaintiff, And ascertain just why the plaintiff is denied surgery? Plaintiff ask that the court grant same.

Done this 20, day December 2006

Marcellus Breach 160710

(9)

```
                    STATE OF ALABAMA
                 DEPARTMENT OF CORRECTIONS
                 KILBY CORRECTIONAL FACILITY


AIS #: 160710      NAME: BREACH, MARCELLUS            AS OF: 12/19/2006
```

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|---|---|---|---|
| DEC | 12 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $8.29 | $161.73 |
| NOV | 30 | $15.27 | $150.00 |
| DEC | 19 | $9.52 | $0.00 |

x *Latonya W. Harvest*
December 19, 2006