IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, AIS #160710, )
    Plaintiff, )
     )
Vs. ) CASE NO: 2:06-CV-1133
     )
PRISON HEALTH SERVICES, INC., et al., )
    Defendants. )

## MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Pursuant to Rule 15(d), Fed. R. Civ. P., the plaintiff Marcellus Breach in proper person "Pro Se" moves to file this "Supplemental Complaint" because the facts deal with events that have occurred since plaintiff filed his original complaint; and, the events have "some relationship" to the claims in the original complaint. Plaintiff submits the following "fact" to support his "deliberate indifference" claim stated in the original complaint as follows:

(1)

## Preliminary Statement

1) This is a civil Rights Action filed by Marcellus Breach, a state prisoner, for damages and injunctive Relief under 42 U.S.C. §1983, alleging the threat and physical health condition that is real and proximate, and that there is a potential consequence of a "serious physical injury" because of the delay, and the withholding being a "complete" denial of necessary medical care in violation of the Eighth Amendment to the United States Constitution, causing pain and suffering as cruel and unusual punishment.

## CAUSE OF ACTION

2) Plaintiff supports the following claims by Reference to the previous paragraphs in the original complaint.

### DEFENDANT'S DELIBERATE INDIFFERENCE AND FACTUAL EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER PRISON LITIGATION REFORM ACT, 42 U.S.C. § 1997(e)

3) As stated in the original complaint (p. 8) plaintiff did so filed an "internal grievance" At Kilby prison to Defendant Lawrence concerning his hernia, and requesting surgery. On 10/11/06 the grievance was filed, And on 10/17/06 Ms. Lawrence

(2)

responded that she has no medical records reflecting a showing of a hernia, nor any doctor recommendation. See [Plaintiff's TRO Application/ Preliminary Injunction, Exhibit "E" 1 & 2]

4). On 11/7/06 again plaintiff submitted another grievance to Ms. Lawrance, and submitted proof of his doctor recommendation by medical records, and his surgery. See [Plaintiff's TRO Application/Preliminary Injunction Exhibit 6 1 & 2.]

## SUPPLEMENTAL FACTS

5) On or about and under the penalty of perjury 28 U.S.C. 1746 a Mr. Brander, and upon information and belief Martha Jane Haynes came to Kilby prison and spoke with the plaintiff concerning his "hernia" and grievance complaint. It was clear that defendants did not have Dr. John A. Tassin's recommendation for surgery, so, on said date plaintiff gave personally to Mr. Brander from the Commissioner's Office a true copy of the medical records. After Mr. Brander reviewed the records, Mr. Brander stated: "I'm going to give you your surgery."

6) As of today, 1/9/07 still no surgery.

D. Plaintiff has demonstrated via his complaint and this supplemental complaint that he has totally exhausted all potential administrative remedies prior to filing this action. Nonetheless, the Commissioner's Office has addressed the issue by Mr. Bender and Martha Jane Hayes, but still no surgery going on 11 months since Dr. Tassin's recommendation.

WHERE, plaintiff moves to supplement his complaint showing exhaustion of all administrative remedies. I swear that the foregoing is true and correct under the penalty of perjury. 28 U.S.C. 1746 this 7th day January 2007.

Marcellus Breach 160710
Marcellus Breach 160710
Dorm West-16
P.O. Box 150
Mt. Meigs, AL 36057.

(4)