IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, AIS #160710,  )
　　　Plaintiff,                 )
                                 )
Vs                               )   Case No: 2:06-CV-1133-MEF
                                 )
                                 )
PRISON HEALTH SERVICES, INC.,    )
　　　Defendants.                )

REQUEST FOR LEAVE TO FILE AN ADDENDUM
TO PLAINTIFF'S MOTION FOR LEAVE IN FORMA
PAUPERIS PURSUANT TO 28 U.S.C. § 1915(g)

COMES NOW, the plaintiff Marcellus Breach in proper "Pro Se" moves to file this "ADDENDUM" to "Plaintiff's Motion For Leave IFP Pursuant to 28 U.S.C. § 1915(g) Requesting permission to pursue this action, without prepayment of fees and costs as justice so requires in a deprivation of a clear fundamental Constitutional Right: Plaintiff shows unto the court as follows bona fida:

(1)

1. On the 10th day of January 2007, the court's order upon counsel for the defendants being both General Counsel for the Alabama Department of Corrections and Counsel for Prison Health Services, Inc., to file a "response," supported by relevant evidentiary materials and affidavits which <u>addresses</u> Breach's <u>claim</u> that he has been refused necessary medical treatment, i.e. surgery, for a hernia and is therefore in imminent danger of serious physical injury."

2. Breach does not desire to simply plea himself out of court by saying too much. See, <u>Jackson v. Marion County</u>, 66 F.3d 151 (7th Cir. 1995). Nevertheless, §1915(g) is only pertaining to the exception of Breach in regards to the filing fee.

3) Breach complains that upon the court reviewing the defendant's response; §1915(g) <u>is not a vehicle</u> for determining the merits of a claim. See, <u>Ciarpaglini v. Saini</u>, 352 F.3d at 331 (7th Cir. 2003), and Breach argues that this court ought not to follow the State's logic ("not serious enough"), if so, then the Court would not just need

(2)

to determine whether Breach is alleging some type of ongoing or imminent harm. The court also would need to fine-tune what is "serious enough" for Breach to qualify for the §1915(g) exception.

### ISSUE NO. I.
### "WHAT CONSTITUTES IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?"

Medical Records are before the court. The law is established, when a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are [ought to be] open even to those who have filed three frivolous suits and do not have a penny to their name. See, Lewis v. Sullivan, 229 F.3d 526 (7th Cir. 2002).

The authority in Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), the Court held that "plaintiff's complaint must be construed liberally and the allegations of which must be accepted as true." See, also, Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979).

(3)

The Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits have determined that a prisoner must allege a "*present imminent danger,*" as opposed to a past danger to proceed under 1915(g). *Malik v. McGinnis*, 293 F.3d 559 (2nd Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998); *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), and *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

The law is established in the Eleventh Circuit, and, "*A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.*" See, *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). "As in [Breach's] case, the medical need is one that, if left unattended, poses a substantial risk of serious harm." *Id.* (citations and internal quotations marks omitted).

(4)

### POINT A.

4) On 3-21-06 Dr. John A. Tassin recommended plaintiff's hernia "needs repair". In the eyes of the law Breach's need "is" serious because it has been diagnosed by a physician as mandating treatment. See, <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994).

5) Breach's hernia is getting "worse," and causes Breach pain and discomfort.

6) Breach is in imminent danger to serious physical injury, and still has not been given surgery.

7) This court ought to reject any suggestion that prison officials may avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "elective". "<u>The classification of surgery as elective does not abrogat the prison's duty, or power to promptly provide necessary medical treatment for prisoners</u>. See <u>Jones</u>, 781 F.2d at 770-71.

(5)

8) It is well-established that pro se complaints must be liberally construed. *Donald v. Cook County Sheriff's Dept*, 95 F.3d 548, 555 (7th Cir. 1996). Breach is alleging (the court ought to accept as true) that he is currently denied necessary medical treatment, i.e. surgery, and he is in "imminent danger of serious physical injury", because the hernia is getting "worse" and is painful. "A mouth infection, needing dental care meets the imminent danger requirement." See, *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

9. Evidence is before the Court on Application for a Preliminary Injunction (Medical Records) It ought to be clear Breach passes the "imminent danger" pleading requirement, and, still must pass the court's "screening" process under §1915A(b)(1), before a defendant is required to get into the fray. See, *Ciarpaglini v. Saini*, 352 F.3d at 331 (7th Cir. 2003).

10) The language of §1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made. See, *Medberry v. Butler*, 185 F.3d at 193 (11th Cir. 1999).

(6)

## Conclusion

Classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide medical care. *Johnson v. Bowers*, 884 F.2d 1053, 1056 (8th Cir. 1989).

Breach argues 11-months withholding surgery is unconstitutional especially when surgery is the only remedy to relieve Breach's pain. The mere words "elective surgery" are not a talisman insulating defendants from the reach of the Eighth Amendment.

Done this 22nd day January 2007.

x /s/ Marcellus Breach
Marcellus Breach 160710
P.O. Box 150
Mt. Meigs, AL 36057

P.S.

No Service Required upon Defendants because until this Court has Jurisdiction, there are no legal recognized Defendants.

(8) (7)

Marcellus Breach 160710
P.O. Box 150 Dorm A-68-A
Mt. Meigs, AL 36057

**LEGAL MAIL**

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

MONTGOMERY AL 361
23 JAN 2007 PM 3 T

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL
36101-0711