IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

MARCELLUS BREACH, AIS 160710
    Plaintiff )
)
)
Vs ) Case No: 2:06-CV-1133
)
)
PRISON HEALTH SERVICES, INC., et al.,
    Defendants )

### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT ADDING ADDITIONAL PARTY

Pursuant to Rule 15(A), Fed. R. Civ. P., the plaintiff Marcellus Breach in proper person "Pro Se" moves for permission from the court for permission to file the second amended complaint adding the responsible party or parties to the matters complained of as justice so requires: Plaintiff shows unto the court as follows:

1) On the 10th day of January, 2007 the court granted plaintiff's request to file an supplemental complaint, being construed as an amended complaint.

(2)

2). That the filing of this Amended Complaint is in the absence of any apparent or declared reason- such as undue delay, bad faith, or dilatory motive on the part of the plaintiff, nor is there a showing of repeated failure to cure deficiencies by the amendments previously allowed, there is no prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as requested permission, be freely given. FORMAN v. DAVIS, 371 U.S. 178, 82-83, 83 S.Ct. 227 (1962).

3. Plaintiff's application for IFP, 28 U.S.C. § 1915(g) has not been ruled upon by the court.

4. That the defendants have not filed an "Answer or a dispositive" motion (i.e., a motion to dismiss or for summary judgment).

5. That the court ordered "that on or before January 30, 2007 General Counsel for the Alabama Department of Corrections and Counsel for Prison Health Services, Inc., file a "response," supported by relevant evidentiary materials and affidavits, which addresses Breach's claim that he has been _refused_ necessary medical treatment, i.e., _surgery_ ...."

(2)

6. That this Amended complaint deals with events that occured before and since plaintiff filed his original complaint, and have some relationship to the claims in the original complaint; and, "relates back" to the time the original pleading was filed. See, Rule 15(c), Fed.R.Civ.P.

7. That plaintiff is seeking the sole responsible party or parties in "denying" him surgery, cause plaintiff to face "imminent danger of serious physical injury", as of date filing IFP.

8. Plaintiff moves to "Add" as a responsible party "Brandon Kinard," RN, R.C.M., at the Alabama Dept. of Corrections, as "Regional Clinical Nurse Manager," being held liable for his acts or omissions as a supervisor having actual knowledge of Dr. John A. Tassin's recommendant for surgery, who defendant Brandon Kinard had to power and duty to alleviate the plaintiff's conditions which led to the violations.

9. In this case, the outer limits of liability are determined ultimately by "pinpointing" the person(s) in the decision making chain whose deliberate indifference permitted the constitutional abuse to continue unchecked. (3)

## Preliminary Statement

10. This is a civil rights action filed by Marcellus Breach, a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983, alleging a threat and a physical health condition that is real and proximate; and, that there is a imminent potential of a consequence of a serious physical injury, because of the denial, delay and withholding of a necessary medical, doctor recommended, i.e., Surgery for a hernia, that causes pain and discomfort, limiting plaintiff's daily activies in violation of the Eighth Amendment to the United States Constitution, wherein, defendants have subjected the plaintiff into cruel and unusual punishment.

Plaintiff purports that he is in imminent danger of a serious physical injury, because defendants have refused to provide the plaintiff with surgery that has been recommended by a doctor. Plaintiff complains that defendant have delayed recommended surgery now for 11 months, leaving plaintiff to have to endure pain and discomfort when, coughing, sneezing, standing, and having a bowel-movement.

(4)

## PARTIES

11. The plaintiff Marcellus Breach is currently housed at Kilby Correctional Facility, Mt. Meigs, Alabama with a "Medical Hold" placed on him by Classification for the department of corrections, or by the Alabama Dept of Corrections' <u>Office of Health Services</u> for an evaluation of his left inguinal hernia. Plaintiff has at all times been under the control of the department of corrections.

12. Defendant Brandon Kinard is employed by the Alabama Dept of Corrections as Regional Clinical Nurse Manager. Mr. Kinard is being sued in his both <u>official capacity</u>, and in his <u>individual capacity</u> for deliberate indifference under color of law.

### FACTUAL ALLEGATIONS
### DEFENDANT BRANDON KINARD'S
### DELIBERATE INDIFFERENCE

13. As stated in the original complaint, (p. 7) plaintiff was seen by "LCS" doctor being an "Agent" for the department of corrections at South Louisiana Corr. Services, ("LCS"), Doctor John A. Tassin, on 3-21-06 made a "Doctor Report"

(5)

and recommendation being a "Doctor Order" that plaintiff's inguinal hernia "needs repair", (i.e., surgery).

14. Plaintiff states upon information and belief, on 7-12-06 defendant Brandon Kinard "denied" Dr. John A. Tassin's recommendation that plaintiff's hernia "needs repair."

15. On or about December 23, 2006 defendant Brandon Kinard personally told plaintiff that on 10/6/06 Brandon Kinard had plaintiff transferred back to Kilby Correctional Facility in Alabama per the Alabama Dept. of Corrections' Office of Health Services for "an evaluation of plaintiff's left inguinal hernia."

16. On or about December 23, 2006, and upon plaintiff personally placing a true copy of the medical records of the plaintiff reflecting Dr. John A. Tassin's recommendation for surgery, Defendant Kinard Stated, "I'm going to give you your surgery." (plaintiff gave Kinard a copy).

17. On January 7, 2007, plaintiff wrote Defendant Lawrence requesting information about his surgery. Ms Lawrence did not respond.

(14)

18. On December 23, 2006 plaintiff questioned defendant why so many evaluations of the hernia, when Dr. John A Tassin has already made his recommendation for surgery. Defendant stated he "wanted Dr. Robbins to evaluate it". (Plaintiff stated one doctor ought to be enough).

19. On December 21, 2006 plaintiff was called to go to sick call at 4:30 A.M. At sick call plaintiff advised medical staff that he didn't sign up for sick call, and questioned why was he there. Plaintiff states after waiting 7- to 8 hours at sick, no-one knew the reason, so plaintiff left, and returned to his dorm.

20. After speaking with Defendant on December 23, 2006, plaintiff again was called to sick call on an unknown date. Again after 6-8 hours of waiting, plaintiff advised the medical staff that John A. Tassin recommended surgery, and that Mr Burndon said, he was going to give plaintiff his surgery. Plaintiff asked the Nurse practioner at Kilby does he need to see the medical records?

(15)

plaintiff states that the nurse practioner stated: "I don't know why you're here, you can sign a waiver". Plaintiff told the nurse practioner that he is going to the dorm to get the medical records. Plaintiff states Officer Robinson C.O.I., would not let the plaintiff return to sick-call when plaintiff came back. Plaintiff told Officer Robinson, that he had to go get the medical records. Plaintiff was told to go back to the dorm. Plaintiff wrote via U.S. Mail to Mr. Brandon explaining then events that happened.

21. On 12/27/06 plaintiff was again for about the 5th time evaluated, but, still no surgery.

22. On or about January 2007, the 5th or 7th plaintiff again was called to sick-call, After waiting the nurse stated, that they are unable to get plaintiff's medical records from Louisiana, ("LCS"), Medical requested a copy of plaintiff's copy, and later that day, plaintiff gave medical a copy of Dr. John A. Tassin's Recommendation for surgery, and the complete record that he had.

(15) (16)

23. Plaintiff is in imminent danger of serious physical injury because the hernia is causing him pain and discomfort and restricts his normal daily activities such as, coughing, sneezing, bowel-movements. On 3-21-06 Dr. John A. Tassin made a recommendation that plaintiff needs surgery. Defendants refuse to provide that surgery.

## CAUSE OF ACTION

24. Plaintiff supports the following claims by reference to the previous paragraphs of this complaint, and the original complaint. (p. 6, 7, 8, 9, 10).

## AMENDED COUNT II

25. The defendants custom, practice or policy in regards to Brandon Kinard having any authority to deny, delay or withhold doctor recommendation for surgery once prescribed is unconstitutional and violates the Eight Amendment to the United States Constitution, and is deliberate indifference.

AMENDED COUNT III

26. The defendant's direct involvement to deny, delay or withhold plaintiff's serious medical need for surgery deprived him of his rights under the Constitution, and defendant having actual knowledge of the specific need for surgery, and failure to act constitutes deliberate indifference, causing plaintiff to suffer pain and discomfort.

27. Defendant Brandon Kinard is amended as a party responsible for the injuries sustained and included to all counts of action and Relief requested being: declaratory Judgment, injunctive relief, and nominal, compensatory, punitive damages allowed by law.

Done this 28 day January 2007.

Address of Defendant
Ala. Dept. of Correction
301. S. Ripley St.
Montgomery, AL 36130.

x _____
Marcellus Breach 160710
P.O. Box 150
Mt. Meigs, AL 36057

(18)

Certificate of Service.

I hereby certify that I have served a copy of the foregoing upon:

Ala. Dept. of Corrections
Legal Division
P.O. Box 301501
Montgomery, AL 36130.

Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270.
Counsel for PHS, last known 1/11/07.

By placing same in a sealed envelope properly addressed postage prepaid mail First Class U.S Mail on this 28 day January 2007.

Marcellus Breach

(19)

Marcellus Breach 160710
Dorm: A-684
P.O. Box 150
Mt. Meigs, AL 36057

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

