IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARCELLUS BREACH, #160710,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1133-MEF |
| **PRISON HEALTH SERVICES,** | ) |
| Defendants. | ) |

## MOTION FOR ENLARGEMENT OF TIME

Comes now the Alabama Department of Corrections (ADOC), by and through undersigned counsel in the above-styled cause, and files this Motion for Enlargement of Time in which to file the response as ordered by this Honorable Court on the 10th of January 2007, stating as follows:

1. The undersigned counsel has requested the ADOC's Medical Director, Dr. George Lyrene, to evaluate this case and prepare an affidavit addressing the claim that "he has been refused necessary medical treatment, i.e. surgery, for a hernia and is therefore in imminent danger of serious physical injury." (Doc. 8)

2. A preliminary assessment shows that Mr. Breach was seen by a Nurse Practitioner at Kilby Correctional Facility on December 27, 2006 for an evaluation of the hernia. The Progress Notes from this evaluation show that the patient has a small (3 cm X 5 cm) left inguinal hernia that is easily reducible and non-strangulated. Mr. Breach was given a truss for his hernia, a medical profile for no straining or lifting greater than 20 pounds, a medical profile to be housed on a bottom bunk, Percogesic for pain, and a follow up appointment. (See Affidavit of Brandon Kinard, R.N., R.C.M, submitted in Breach v. Alabama Department of Corrections, et al., Montgomery County Circuit

Court Civil Action No. CV-06-3009 and attachments)

 3. Due to the schedule of the Medical Director it was not possible to

 4. Considering the preliminary assessment provided by Nurse Kinard, a short enlargement of time to allow Dr. Lyrene to assess Mr. Breach's claim would not unduly prejudice the Plaintiff or subject him to serious physical injury.

 5. The undersigned counsel therefore moves this Honorable Court for an Enlargement of Time up to an including February 8, 2007, to file a response he has been refused necessary medical treatment, i.e. surgery, for a hernia and is therefore in imminent danger of serious physical injury."

         Respectfully submitted,


         /s/KIM THOMAS
         KIM THOMAS
         DEPUTY ATTORNEY GENERAL
         GENERAL COUNSEL


         /s/ALBERT S. BUTLER
         ALBERT S. BUTLER
         ASSISTANT ATTORNEY GENERAL
         ASSISTANT GENERAL COUNSEL


**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon:

    Inmate Marcellus Breach  AIS #160710
    Kilby Correctional Facility
    Post Office Box 150
    Mt. Meigs, Alabama 36057

    Andrew L. Schwarcz
    Chief Legal Officer
    America Service Group Inc./Prison Health Services, Inc.
    105 Westpark Drive, Suite 200
    Brentwood, TN 37027

by placing same in the United States Mail, first class postage prepaid, and properly addressed February 1, 2007.

                                        /s/KIM T. THOMAS
                                        KIM T. THOMAS
                                        DEPUTY ATTORNEY GENERAL

In The Circuit Court of Montgomery County
State of Alabama

**Affidavit**

Marcellas Breach                    }
                                    }
         Plaintiff(s)               }
    v.                              }
                                    }
Alabama Department of Corrections,
Richard Allen, Commissioner, A.D.O.C.
; Ruth Naglich, Associate Commissioner
Health Services, A.D.O.C.; and Prison Health
Services, Inc., Michael Catalano, Chairman
and President; Rick Dull, Regional Vice
President, P.H.S.; Jane Haynes, Regional
Director of Nursing, P.H.S.; Ms. Lawrence,
Director of Nursing, Kilby Correctional
Facility.
                                    }
         Defendant(s)               }    Case Number: CV-06-3009


Upon review of Marcellus Breach's (AIS#160710) medical record, Mr. Breach entered the Alabama penile system on 2/18/05 at Kilby Correctional Facility. Intake health assessment was completed at Kilby on the above mentioned date. Problem list on the patient's medical record dated 2/20/05 includes left inguinal hernia, previous fracture left foot, trauma of lumbar spine, and hypoglycemia. On 2/18/05, patient submitted a sick call request complaining of hypoglycemia. Mr. Breach signed a release of responsibility to be evaluated by the medical staff at Kilby for the hypoglycemia on 2/21/05. On 2/22/05, Mr. Breach submitted a sick call request complaining of hypoglycemia. Patient once again signed a release of responsibility to be evaluated by medical staff at Kilby for the hypoglycemia on 2/24/06. On 3/31/05, Mr. Breach was transferred to Limestone Correctional Facility in Harvest, AL. On 4/6/05, Mr. Breach submitted a sick call request for back and ankle pain due to prior injury, assistance with hypoglycemia, hernia, and dental for pain. Patient was seen by nurse on 4/11/05 and nurse documents referring Mr. Breach to the physician and dentist for evaluation. Mr. Breach was seen by dental staff on 4/21/05. On 4/25/05, Mr. Breach submitted a sick call slip requesting to see the physician for back and ankle pain, and for evaluation of the hernia. Mr. Breach also sumitted a dental request for a filling on 4/25/05. Referrals were made to the physician and dentist. Patient was seen by Dr. Bosserman at Limestone on 5/5/05. Dr. Bosserman ordered Mr. Breach to get one sack lunch every day for his hypoglycemia, a truss was issued for his hernia, an ankle wrap for his foot and ankle

pain, x-rays of the lumbar spine and feet, Tylenol for his lower back pain, and Keflex for possible cellulitis on his abdomen. Profiles were written by Dr. Bosserman on 5/5/05 for no lifting greater than 25 lbs. and no standing or walking for greater than one hour. On 5/16/05, Mr. Breach submitted a sick call request to dental with complaints of tooth that is breaking. It is documented on the sick call request that Mr. Breach did not show up to be evaluated for this request. On 6/6/05, patient submitted another dental request for same and it is documented that patient was placed on waiting list for extraction. On 6/10/05, Motrin was ordered for pain by dental staff at Limestone. On 7/3/05, Mr. Breach submitted another sick call request for evaluation of broke tooth. Mr. Breach was seen by dental staff at Limestone on 7/11/05 and 8/8/05. On 8/24/05, patient submitted a sick call request complaining of headaches. Mr. Breach was ordered Tylenol for seven days. Mr. Breach submitted another sick call request on 9/20/05 for a filling and he was scheduled with dental. On 11/10/05, patient was seen by the dentist. On 12/15/05, patient submitted another dental request for a cavity that needed filling. Patient was scheduled with the dental department per the medical record. On 12/31/05, Mr. Breach submitted another dental request for a filling. The dental assistant documented on the request that an appointment had been scheduled. On 1/20/06, Dr. Bosserman ordered patient a sack meal every day with dinner for six months. On 2/13/06, Mr. Breach was seen by the dentist for the cavities. Mr. Breach was transferred to South Louisiana Correctional Facility in Basile, Louisiana on 3/20/06. On 10/6/06, Mr. Breach was transferred to Kilby Correctional Facility in Alabama per the Alabama Dept. of Corrections' Office of Health Services for an evaluation of his left inguinal hernia. Mr. Breach signed a release on 10/9/06 to be evaluated by the clinician at Kilby. Mr. Breech was seen in general sick call by the nurse at Kilby on 10/12/06 and referred to the nurse practioner on the same day. On 10/12/06, once again, Mr. Breach refused to be evaluated by the clinician and a release of responsibility was signed by the patient. There is not an order in the medical record that references Mr. Breach being on a medical hold at this time. I did interview Mr. Breach at Kilby Correctional facility on 12/20/06 and Mr. Breach refused to be seen on 12/21/06 by one of the providers at Kilby for evaluation. Mr. Breach was rescheduled for an evaluation of his hernia on 12/27/06. Mr. Breech was seen by the nurse practitioner at Kilby on 12/27/06 for an evaluation of the hernia. The provider's progress notes state that patient has a small (3 cm X 5 cm) left inguinal hernia that is easily reducible and non-strangulated. Mr. Breach was given a truss for his hernia, a profile for no straining or lifting of greater than 20 pounds, bottom bunk profile, Percogesic for pain, and to follow up with the provider in two weeks. Mr. Breach's medical records from Louisiana were requested. The nurse practioner documents that there is no need for surgical referral at present and that he has consulted with Dr. Robbins, Medical Director at Kilby, on this issue.

*[signature]* RN, R.C.M., A.D.O.C.
Brandon Kinard RN, R.C.M., A.D.O.C.

*Angie Darracott, Notary, Date: 1/2/07*
*Exp 6/25/08*



**PHS**
PRISON HEALTH SERVICES INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus           D.O.B.: / / |
|---|---|
| 12/27/06<br>1125 | Pt. seen today for evaluation of (L) inguinal hernia. Ø other c/o.<br>VSS ; Afebrile ; he is not wearing a truss<br>(L) inguinal area noted with small inguinal hernia ; easily reducible ; non-strangulated ; not incarcerated ; size is ~ 3x5 cm (unchanged from exam description on 5/5/06)<br>- Pt. states that he has documentation from another facility that supposedly says that he needs surgical repair of his (L) inguinal hernia but I have no record of this in his chart.<br>\* Consulted with Dr. Robbins<br>1) (L) inguinal hernia<br>  - Records / old charts<br>  - (L) inguinal hernia truss / Percogesic PRN<br>  - Ø straining / Ø lift > 20 #'s<br>  - Bottom Bunk profile<br>  - no need for surgical referral @ present<br>  - F/u OPC 2 wks / PRN<br>E: Tx plan<br>                                                     [signature] CRNP<br>Add: Pt. also states he is 'hypoglycemic' but I see no documentation of this in his chart either. I will order BSV's BID x 7d & evaluate them.<br>                                                     [signature] CRNP |

BSV today = 70 mcg/dL

60111 (5/85)   Complete Both Sides Before Using Another Sheet



## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcellus    D.O.B.: / / |
|---|---|
| 12/7/06 1105 | I was asked by Mrs. Lawrence, HSA to see this patient today for chronic L inguinal hernia. He came down for screening and vital signs but left before exam despite counseling from me that he needed to stay. Chart review shows that he signed up for sick call on 10/9/06 & 10/12/06 but signed a release of responsibility waiver and left before exam on both dates. In summary, patient left outpatient clinic each of the last three times he was scheduled to be seen, before the physical examination could even be performed, despite counseling. I cannot evaluate his hernia (or anything else) if he refuses to stay for his examination. We will call him down again tomorrow and hopefully he will stay for the exam. |
| | B__ CRNP |

60111 (5/88)    Complete Both Sides Before Using Another Sheet