IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 13 A 10:05

MARCELLUS BREACH, #160710 )
　　　　　Plaintiff )
　　　　　　　　　 )
Vs. ) CIVIL ACTION: 2:06-CV-1133-MEF
　　　　　　　　　 )
PRISON HEALTH SERVICES, et al., )
　　　　　Defendants )

REQUEST FOR LEAVE TO FILE A RESPONSE
TO DEFENDANT'S SUBMITTED AFFIDAVIT OF
　Dr. GEORGE LYRENE MEDICAL DIRECTOR

Comes Now, the plaintiff Marcellus Breach in proper person "Pro Se" moves the court to grant leave of the plaintiff to respond to Dr. George Lyrene's Affidavit as Medical Director for the following in support. [See Attached Affidavit by Plaintiff]

1) Plaintiff ask of the court to review Delker v. Maass, 843 F.Supp 1390 (D. Or. 1994) which is case directly on point in this case dealing with an "inguinal hernia."

(1)

2) In *Delker v. Mass* supra, the plaintiff was an inmate who was diagnosed by Clackamas County Jail medical staff with an injury being a "left inguinal hernia" that could be "easily reduced."

3) The Court defined as follow: "An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of the intestine pokes through this hole. A hernia is "easily reducible" if, when the peritoneum bulges through the outer abdominal wall, the patient can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia "can" become acutely incarcerated. An acutely incarcerated hernia that <u>is not treated within 6 to 8 hours may become strangulated (i.e., the intestinal loop protruding through the abdominal wall becomes constricted), a condition that may result in serious injury or even death.</u> An acutely <u>incarcerated hernia also causes severe pain. Even an unincarcerated hernia can cause pain and limit activity in some patients.</u>" See *Delker v. Maass*, 843 F.Supp at 1393 (D.Or. 1994).

4. The Court also found from medical expert testimony Dr. Berdondo advised the court that "an injury of this sort not only presented a "well defined risk of incarceration with possible strangulation of the bowel" but was "itself painful and will limit activity." Id at 1395.

5. "An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it [has] punishing by incarceration". Estelle v. Gamble, 429 U.S. 97.

6. Plaintiff provides the court of his affidavit in support, and a federal court need not defer to a prison doctor's legal opinion as to the extent of the state's duties under the Eighth Amendment. "[A] federal court is not required to blindly defer to the judgment of prison doctors or administrators in determining whether there has been deliberate indifference to an inmate's serious medical needs. Hunt v. Dental Dept, 865 F.2d 198, 200 (9th Cir. 1989) See, Delker v. Maass, 843 F.Supp. at 1398.

DECLARATION IN SUPPORT OF PLAINTIFF'S
IMMINENT DANGER OF SERIOUS PHYSICAL
INJURY

STATE OF ALABAMA
                              ) SS: 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
COUNTY OF MONTGOMERY

MARCELLUS BREACH, AIS #160710, being duly sworn deposes and says:

1) I am the plaintiff in this case. I make the declaration in support of my Complaint that I am in imminent danger of serious physical injury due to an injury being a left inguinal hernia.

2. I state the Defendants DR. George Lyrene "has not" physically conducted "ANY" exam on me about my hernia. Dr. Lyrene "admits" he only reviewed their record of the issue. [see, pars. 3. Lyrene Affidavit]

3. I further state, I have not walked away from sick call, only to go to the dorm to get the medical records for the Nurse to review. Officer Robinson being on or about 1/09/07 would "Not" allow me to return back to sick call.

(1)

4) I state that since my return to Alabama from Louisiana 10/06/06, I signed only one (1) waiver of sick call, because it was some pain medicine Dr. John A. Tassin prescribed for ankle pain, and the nurse told me, this medicine will hurt your stomach, so I decided that I didn't need it.

5) I have not signed any waiver nor left sick call concerning this hernia.

6) I have not been prescribed any pain medicine for my pain since 10/06/06 I have been to pill call on three different times and I was told "We have nothing for you". [Learned on Feb. 8, 2007 by PHS counsel's "Motion For Enlargement of time"].

7) My hernia is the size of a "Soft-ball" At times it is not "easily reducible", and is painful. I cannot exercise. I have to always lay down because the hernia comes out. I have to lift my left leg up to cough; sneeze, I have to apply pressure on the hernia.

(5)

8. The last doctor who examined me was Doctor John A. Tassin. Dr. Tassin told me, "There's nothing that can be done about your pain, you need surgery."

9. My hernia has gotten worse, I have pain and much discomfort. My hernia can rupture, possible strangulation at "Any" time. I cannot exercise, lift weight, I can't participate in "any" Rehabilitive programs by DOC because of this hernia. I'm stuck! See Exhibit "A"

I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746 this 9th day February 2007.

*Marcellus Breach*

Certificate of Service.

I hereby certify that I have served the following:

Ala. D.O.C.  
Legal Division/301 S. Ripley St.  
P.O. Box 301501  
Montgomery, AL 36130.

Rushton, Stakely, Johnston & Garrett P.A  
P.O. Box 270  
Montgomery, AL 36101

By placing same into U.S. Mail, First Class postage prepaid Mailing 12th day February, 2007.

Marcellus Beach 160216
P.O. Box 150
Mt. Meigs, AL 36057

MONTGOMERY AL 361
12 FEB 2007 PM 1 L

LEGAL MAIL

"This correspondence is
from an Alabama State prison. The
Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication."

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

Exhibit "A"

TO: Ms. Linda Lawrence, Medical Administrator.
    Kilby Correctional Facility.

FROM: Marcellus Breach AIS 160710
      Dorm West-16

DATE: January ?, 2007

RE: Surgery

Dear Ms. Lawrence:

On or about 12-23-06 I spoke with Mr. Branden and I believe Martha Jane Haynes (collectively "PHS") and Commissioner's Office. I gave Mr. Branden a true copy of my Medical Records Reflecting 3-21-06 Dr. John A. Tassin's Recommendation for surgery.

Mr. Branden stated he was going to give me my surgery. I have been to medical here, I signed a Medical Release. It's been almost 12-months now waiting on surgery. I still have pain, problems when coughing, sneezing etc.

Will you please tell me the status on my surgery. This delay is causing me to lose on programs, education

19.

Classification because of the "Medical Hold".
I am pretty sure Nurse Mone at South Louisiana Correctional Center "took" most of my medical Records out before I was transferred back to Alabama. However, both Doctor Tassin and Attorney Christopher A. Edwards can confirm the medical records for Surgery:

Edwards Law Firm
Christopher A. Edwards
P.O. Box 2970          337-237-6881
312 West University
Lafayette, LA 70502-2970

Dr. John A. Tassin
1535 West Main Street, Suite 1
Ville Platte, LA 70586    337-363-5591

If you are not going to give me Surgery, please have me transferred out of Kilby A.S.A.P.

Please just advise. I filed dismissal of action in state court lawsuite

[signature]