IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 21 A 10:02

MARCELLUS BREACH, AIS #160710,
   Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,
et al.,
   Defendants.

Case No: 2:06-CV-1133

## MOTION TO STRIKE! THE DEFENDANT'S "SPECIAL REPORT"

Comes Now, the plaintiff Marcellus Breach in proper "Prison Prose" moves the court to "Strike" the Defendants Prison Health Services' "Special Report" as premature: plaintiff shows as follows:

1) Pursuant to Rule 4(c)(2)(B) or 28 U.S.C. 569(b) the Defendants "have not" been lawfully served by order of this court, and their "Special Report" is premature.

(1)

2) The only issue before the court is plaintiff's motion for leave IFP pursuant to 28 U.S.C. §1915(g), and is only pertaining to the exception of Breach in regards to the "filing fee."

3) 28 U.S.C. §1915(g) "is not" a vehicle for determining the merits of a claim. See, Ciarpaglini v. Saini, 352 F.3d at 331 (7th Cir. 2003)

4) If the court determines that Breach's motion for leave IFP 28 U.S.C. §1915(g) ought to be denied, then without prejudice is proper. See, Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). And, "[B]efore denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998).

5) The defendant's "Special Report" ought to be "Stricken" because they are exerting "Summary Judgement" and is also an attempt to move the court indirectly to the main issue 28 U.S.C. §1915(g) IFP.

(2)

6. What's so erroneous about the admission of the defendant's "Special Report" is, IFP, 28 U.S.C. §1915(g) <u>does not</u> required the court to "review" all parties "evidence" at this early stage. There is no current or history case law as in this case, the acceptance of evidence, and affidavits that are purported to rebut' Breach claims because it has given the defendants a "head-start" to cover-up their "deliberate indifference" and shifting the burden on Breach to basically have to prove his case at this early stage. In <u>Miller v. Meadows</u>, 2005 U.S. Dist. Lexis 17077, Aug. 11, 2005, the Court looked to other Circuit court cases, and found to be helpful in determining what a prisoner [Breach] with three strikes "<u>must show</u>" in order to be allowed to proceed in forma pauperis, according to the Eleventh Circuit in <u>Brown v. Johnson</u> 387 F.3d 1344, 1350 (11th Cir. 2004): "the issue is whether his <u>complaint, as a whole, alleges imminent danger of serious physically injury.</u>" Accordingly, when determining whether a plaintiff has met his burden of

(3)

proving that he is in imminent danger of serious physical injury, the court must look to the Plaintiff's <u>complaint</u> which must be construed liberally and the allegations of which must be accepted as true. See, i.d.; see, e.g., <u>McAlphin v. Toney</u>, 281 F.3d 709 (8th Cir. 2002)

## Point "A"

What is so momentous in this case, and the reason that the defendant's "Special Report" ought to be stricken is, The defendant's "Special Report" at this <u>early</u> stage is used in an attempt to exenterate the facts, that on 3-21-06 Doctor John A. Tassin ordered "Surgery" for Breach, and on 7/06 the Alabama Commissioner's Office <u>"denied"</u> approval for the surgery. The "Special Report" prevaricates this truth. §1915(g) requires the court to <u>review</u> the <u>allegations</u> of the <u>complaint</u>, §1915(g) <u>is not</u> a vehicle for determining the <u>merits</u> of a claim. Ciarpughi v. Saini, 352 F.3d at 331 (7th Cir 2003). That is what's happen now, the "Special Report" is inadmissible at this stage for review.        (4)

To allow the "Special Report" in determining IFP, is prejudice to Breach because, then this court will consider the defendant's logic ("not serious enough") if so, then the Court would not just need to determine whether Breach is alleging some type of ongoing or imminent harm. The Court also would need to fine-tune what is "serious enough" for Breach to qualify for the §1915(g) exception. To allow this, is what the Court spoke against. See, Ciapaglini v. Saini, supra.

### Point "B"

The defendant's "Special Report" ought to be "stricken" from the Record because its premature, and an attempt to argue Breach's allegations in his complaint. Their attempt to prevaricate the merits of the claim is contested. First, the defendants have not been served pursuant to Rule 4 Fed.R.Civ.P., Secondly, the court "did not" order a Special Report. Third, the court must undertake the "screening" process under §1915 A(b)(1) before a defendant is required to get into the fray. See, Ciapaglini v. Saini, 352 F.3d at 331.

(5)

## POINT "C"

Prison officials cannot simply ignore hernias. In Breach's case, the unincarcerated hernia does nonetheless cause pain and requires Breach to restrict activity. <u>Defendants admit that point,</u> Breach experiences considerable anxiety from his un-repaired hernia, very sore, tenderness.

This case <u>does not</u> present any novel legal questions or unusual facts. Nor, is this case of negligence or malpractice. Breach argues <u>3-21-06 Dr. Tassin ordered surgery</u>. <u>7/06</u> Defendants "<u>denied</u>" the surgery, then transported Breach back to Kilby and basically told Breach to <u>lay down you can live with the pain</u>.

Breach <u>does not</u> complain that defendants or accuse misdiagnosing Breach. Rather, the accusation <u>here is</u> the defendants are fully <u>aware</u> of Breach's <u>injury, they know,</u> and <u>knew</u> Breach is/was <u>suffering pain</u> and <u>anxiety</u> as a result of this hernia, they know <u>Dr. Tassin ordered</u> "surgery" and operation to repair this hernia will likely alleviate Breach's symptoms, and they know Breach has <u>repeatedly requested</u>

(6)

such an operation, but nonetheless refused to provide appropriate medical treatment. Defendants have adopted a de facto policy of not paying for such operation in order to minimize the cost of medical care for prisoners. Constitutional standards are not determined by a board of directors of a third party organization, or by a survey of policies followed by other states or a history pattern by D.O.C. See, Jones, 781 F.2d at 771-72 (hernia which results in pain, suffering, and the inability to perform a prison job is a serious medical need which prison doctors may not ignore)(classification of hernia as "elective surgery" did not insulate County from Eighth Amendment duty to provide medical care) Johnson v. Bowers, 884 F.2d 1053, 1056 (8th Cir. 1989), quoted in Delker v. Maass, 843 F.Supp 1390 (D.Or. 1994).

WHEREFORE, plaintiff moves to strike defendants' "Special Report" as premature.

This 18th day February 2007

Marcellus Breach 160th

7 of 8

Certificate of Service

I hereby certify that a copy of the foregoing has been served by U.S. mail on the 18th day February 2007.

Ala Dpt of Corrections
Legal Division
P.O. Box 301501
Montgomery, AL 36130-1501

Rushton, Stakely, Johnston + Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery AL 36101

Marcellus Breach

