IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, AIS 160710,  )
    Plaintiff,                  )
                                )
Vs.                             )  Case No: 2:06-CV-1133
                                )
                                )
PRISON HEALTH SERVICES, INC., et al., )
    Defendants.                 )

"MOTION FOR LEAVE TO RESPOND TO
THE AFFIDAVIT OF DOCTOR MICHAEL E. ROBBINS,
M.D., AND REQUEST TO "STRIKE" THE
AFFIDAVIT"

COMES NOW, the plaintiff Marcellus Breach in proper person "Pro Se" moves the court to grant leave of the plaintiff to respond to Doctor Michael E. Robbins' affidavit; And, moves to "Strike" the affidavit as follows:

1) Plaintiff reiterated moves the court to review Dekker v. Maass, 843 F.Supp 1398 (D.Or. 1994) a case directly on point with an "inguinal hernia."

1 of 8.

2) Doctor Robbins's affidavit does not specifically identify the records examined, nor has Dr. Robbins "personally" examined plaintiff's "inguinal hernia".

3. The affidavit of Dr. Robbins' is improper because it is not proffered as an expert witness, and is an attempt to contort the facts that on 3-21-06 Dr. Tassin "ordered" surgery and on or about 7/06 Defendants "denied" the order for surgery, and on 10/6/06 transported plaintiff back to Kilby prison in Alabama with the intent to "cover-up" and deny plaintiff medical care. [See attached Affidavit of Plaintiff].

4. This case is about a recommended, mandated treatment prescribed by Doctor Tassin, Dr. Robbins attempt to "shift" the case as (if) a medical misdiagnosis resulting from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses." See, Merritt v. Faulker 697 F.2d 761, 765 (7th Cir. 1983)

2

5) The affidavit is presented in bad faith, and Dr. Robbins is not an "expert" nor has Dr. Robbins examined the plaintiff's hernia to make a personal fact or opinion under the standard of care by local medical practice, and the use of national standards of practice. The duty of care owed to plaintiff is the same as that owed to private patients. See, Morrison v. Washington County, Ala., 700 F. Supp 678, 684-85 (11th Cir. 1988)(citing Alabama's "national medical community" standard).

6) Plaintiff provides the court with his affidavit in support, and a federal court need not defer to a "prison doctor's" legal opinion as to the extent of the State's duties under the Eighth Amendment. "A federal court is not required to blindly defer to the judgment of prison doctor's or administrators in determining whether there has been deliberate indifference to an inmate's serious medical needs." Hunt v. Dental Dept, 865 F.2d 198, 200 (9th Cir. 1989); Delker v. Mass, 843 F.Supp at 1398.

3

<u>Declaration In Support of Plaintiff's</u>
<u>Imminent Danger of Serious Physical</u>
<u>Injury</u>

STATE OF ALABAMA      )
                      )    SS: 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
COUNTY OF MONTGOMERY  )

    Marcellus Breach, AIS 160710, being duly sworn deposes and says:

1) I'am the plaintiff in this case. I make this declaration in support of my complaint that I'am in imminent danger of serious physical injury due to an injury being a "left inguinal hernia."

2) I state that I have "never" seen Doctor Robbins, nor do I know what he looks like. Doctor Robbins "has not" examined my inguinal hernia.

3) I state at South Louisiana Correctional Center Doctor John A. Tassin examined my hernia and told me I need surgery. I was then transported back to Kilby, and I have not seen "any" other doctor upon my request for surgery.

4 of 8

4) I further state Doctor Tassin told me, "You can't treat a hernia, they get worse, and your hernia can be weaken or enlarged by the simple daily activities including sneezing, coughing, or bowel movements and that, your hernia "must" be repaired through surgery." This was on 7-18-06.

5) I am in pain and discomfort. The Truss doesn't even fit, I've been denied surgery by D.O.C., Commissioner's Office on or about 7/06. Every morning I have "air" in my hernia, it hurts! It is the size of a "Soft-Ball"!

The the foregoing reason, the court ought to grant leave to respond, and request to "Strike". I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746 this 17th day February 2007.

Marcellus Breach 160710
P.O. Box 150
Mt. Meigs, AL 36057

Certificate of Service.

I hereby certify that I have served the following by U.S. Mail to:

Ala. D.O.C. Legal Division
P.O. Box 301501
Montgomery, AL 36130

Rushton Stakely Johnston & Garrett P.C.
P.O. Box 270
Montgomery AL 36101

On this 17th day February 2007

_____
Marcellus Breach

Marcellus Breach 160710
P.O. Box 150
Atmore, AL 36503

MONTGOMERY AL 361
20 FEB 2002 PM 1 L

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL
36101-0711

36101+0711  B007