IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 27 A 9:32
...RA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,  )
    Plaintiff,              )
                            )
Vs                          )   Civil Action: 2:06-CV-1133
                            )
PRISON HEALTH SERVICES, INC.,)
    Defendants              )

MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OR, IN THE ALTERNATIVE MOTION FOR COURT ORDER FOR INDEPENDENT MEDICAL EXAMINATION

Come Now, the plaintiff Marcellus Breach in proper "Pro Se", pursuant to Rule 35, Fed.R.Civ. P., seeks an order compelling Defendants to provide an independent medical examination and/or that the Court order the plaintiff to have an independent medical examination conducted by either/or Doctor Benjamin Fail, M.D., general physician/surgeon, or by an independent general physician/surgeon. Plaintiff shows as follows:

(1)

1) Plaintiff moves the court to review the pleading liberally in the eyes of <u>Haines vs. Kerner</u>, 404 U.S. 519, 30 L.Ed.2d 652 82 S.Ct 963 (1972) for the reason is plaintiff is pro se.

2. Plaintiff argues that a "Preliminary Injunction" is before the court, presented bone fide and with Medical Records Reflecting 3-21-06 Doctor John A. Tassin's order for Surgery. The Medical Records also reasonably reflect 7/06 Defendant Brandon Kinard and Ruth Naglich "deny approval" to pay for the surgery.

3. Plaintiff is requesting a physical examination by Doctor Benjamin Fail, M.D, or by a suitable licensed or certified examiner, and that the defendants produce for examination the plaintiff in the party's custody or legal control; and that the examiner deliver to the court and parties a copy of the detailed written report of the examiner settings out the examiner's findings, including results of all test made, diagnoses and conclusions, together with like reports

(2)

of all earlier examinations of the same condition.

4. Rule 35, Fed. R. Civ. P., provides in pertinent part:

"When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner... The order may be made only on motion for good cause shown.

### ISSUE NO I
### "THE "IN CONTROVERSY""

Plaintiff's physical condition is in controversy and provided Defendants with good cause for an examination to determine the existence and extent of plaintiff's asserted injury.

### POINT "A"

(3)

The defendant's affidavit of Dr. George Lyrene, one who <u>has not</u> conducted any examination on the plaintiff states: parg. 2: "...[t]his is a hernia that was present by intake documentation and would be <u>amenable to surgery</u> which was clearly <u>elective</u> at the time of his admission and would clearly not be necessary now." [Date February 2, 2007].

    A. intake date was on or about 2/05. Dr. Bosserman docketed as "elective surgery". [prison doctor].

    B. One year later, 3-21-06 another "prison doctor" "Agent" for "A.D.O.C.", Dr. John A. Tassin "mandates" surgery.

    C. 7/06 surgery denied A.D.O.C.

    D. Not until January 10, 2007 Dr. Robbins and Dr. Lyrene [prison doctors] create a controversy between their own doctors, Dr. Bosserman and Dr. John A. Tassin.

(4)

E. <u>2/05</u> Dr. Bossemer says "elective" procedure.

F. <u>3-21-06</u> Dr. John A. Tassin orders "surgery"

G. Lawsuit on 12/06 and Defendant Brandon Kinard tells plaintiff "I'm going to give you your surgery." 12-21-06

H. January 16, 2007 Court orders 'Response 2/07 Doctor Robbins and Lynne write a affidavit and <u>never conducted</u> any examination on plaintiff.

### ISSUE NO. 2
### "THE 'IN CONTROVERSY' AND 'GOOD CAUSE' REQUIREMENTS"

Fed. R. Civ. P., 35(A), the "in controversy" and "good cause" requirement of Rule 35(A) is sought "Really and genuinely" to the controversy being four prison doctors and one doctor Bossemer stating elective procedure, and two (2) Doctor John A. Tassin, 3-21-06 ordering surgery

(5)

then on 7/06 defendants refusing to approve because of costs that surgery. IN maintaining that the failure to follow the expert's [Dr. TASSIN] instructions [for surgery 3-21-06] alone create a genuine issue of material fact on deliberate indifference. See, Jones v. Simet, 193 F.3d 485 (7th Cir. 1999).

Both Doctor Robbins And George Lynne support the defendants Richard Allen and Ruth Naglich in their failure to provide adequate funding to address the medical need of plaintiff following Dr. TASSIN's orders on 7/06 denying approval because of a de facto policy, custom or practice exists condoning the denial of necessary medical care to prisoners; and nonincarcerated hernia, that a categorical refusal to repair unincarcerated hernias violates the Eighth Amendment.

<u>POINT "B"</u>

(6)

"Prison officials may not "interfere" with or fail to carry out treatment that a doctor or other medical official has prescribed or ordered." See, <u>Washington v. Dugger</u>, 860 F.2d 1018, 1021 (11th Cir. 1988).

On 3-21-06 Dr. Tassin ordered surgery. Defendants refused. "It is clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference." See, <u>Harris v. Coweta County</u>, 21 F.3d 388 (11th Cir. 1994) E.g., <u>Mandel v. Doe</u>, 888 F.2d 783, 788 (11th Cir. 1989).

5) Doctor Benjamin Fail, M.D., is well-qualified to give valuable testimony about the physical condition that is the subject of dispute.

6) The court has allowed testimony by affidavits of the defendants from: <u>Brandon Kinard</u>, <u>Dr. George Lyrene</u>, <u>Ms. Linda Lawrence</u>, and <u>Dr. Robbins</u>, all employed by the defendants.

(7)

7) Whats "Really and genuinely" is both Dr. Bossenner's examination and conclusion as "elective" procedure, amenable to surgery, and Dr. Tassin's order for surgery one year later. Then a lawsuit is filed on 12/06, court orders a response, the Dr Lynone and Robbins who never examined the plaintiff state their opinion.

8. Dr Benjamin Fail, on another independent examiner will resolve the issue in being plaintiff's physical condition in controversy, and will support the "Neighborhood Rule - Medical Care" pursuant to 6-5-484(A) Code of Alabama (1975) plaintiffs tort cause of action.

9) Dr. Benjamin Fail, will assist in conducting a medical opinion used in the community of reasonably competent physicians acting in the same or similar circumstances in examining plaintiff's hernia.

WHEREFORE, in the interest of Justice, plaintiff should be allowed to produce expert testimony to the matter that is "Really and genuinely" in controversy and that good cause exists for ordering this examination. <u>Schlagenhauf v. Holder</u>, 329 U.S. 104, 118, 85 S. Ct 234, 13 L. Ed 2d 152 (1964)

Done this 24 day February 2007.

Marcellus Breach 160710
P.O. Box 150
Mt. Meigs, AL 36057

Certificate of Service

I hereby certify that I have served a true copy upon the following of the foregoing:

Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101.

Ala Dept of Corrections
Legal Division
P.O. Box 301501
Montgomery, AL 36130

On this 24 day February 2007

DECLARATION IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL INDEPENDENT MEDICAL
EXAMINATION OR, IN THE ALTERNATIVE,
MOTION FOR COURT ORDER FOR INDEPENDENT
MEDICAL EXAMINATION

STATE OF ALABAMA
                                )  SS: 4/17-195989
COUNTY OF MONTGOMERY

Marcellus Breach, AIS 160710, being duly sworn deposes and says;

1) I am the plaintiff in this case. I make this declaration in support of my Motion for an order of independent Medical examination.

2) On or about 2/05 Medical Records reflect "a hernia" and 2005 being 5/05/05 Dr. Bossermer told me my hernia is "elective" procedure. Dr Bossermer noted "not into the scrotum". Dr. Bossermer also noted "pain" into the Medical Records.

(1)

3) One year later 3-21-06 Doctor John A. Tassin "ordered" surgery for my hernia. On 7/06 upon information and belief Ruth Naglich and Brandon Kinard "denied" my surgery.

4) I was transported back to Kilby prison, and waited for surgery. On 12/23/06 Brandon Kinard came to Kilby to discuss my hernia and grievance complaint. Brandon said after I gave him a copy of the Medical Records "I'm going to give you your surgery." Martha Jane Hayes was present.

5) I was "never" evaluated by any doctor since 10/06. Dr. Robbins or Dr. Lynne "have not" conducted "any" examination on me. Dr. Bosserver and Dr. Tassin are the two doctors who have conducted examinations on me.

(2)

6. Doctor Benjamin Fail, M.D., is a qualified physician who is my family doctor. I believe Dr. Benjamin will tell the truth about my pain and discomfort. I'am currently having family contact Dr. Fail to discuss this matter.

7. Dr. Fail can testify as an expert witness in this case. I ask upon the court granting that I be allow time to have Dr. Fail contacted, and arrangements made.

8. The controversy is Dr. Bossenuer and Dr. Tassin say surgery is needed, Dr. Bossenuer "elective" [see affidavit George Lynne par 3]. And Dr. Tassin's order for surgery 3-21-06.

I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746.

Marcellus Breach 160710