IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

MARCELLUS BREACH, #160710 )
     Plaintiff, )
  )
  )
  )
  )
Vs. )   Case No: 2:06-CV-1133
  )
  )
PRISON HEALTH SERVICES, INC, et al, )
     Defendants. )

## PLAINTIFF'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION / REQUEST FOR DE NOVO REVIEW

COMES NOW, the plaintiff Marcellus Breach (herein after "Breach") in proper person "ProSe" moves to file his written objections to the ORDER AND Recommendation of the Magistrate Judge denying plaintiff leave to pursue the civil action pursuant to 28 U.S.C. § 1915(g) Court Doc. No. 2 and shows unto the court that Breach is in imminent danger of serious physical injury; and, submits the following grounds in support thereof as follows:

1 of 13

## INTRODUCTION

This suit was filed by a prisoner who admitted that he has a history of frivolous litigation and thus comes within §1915(g) and who does claim to be "under imminent danger of serious physical injury." A gravely ill prisoner, or one in great pain, who complained that the staff was gratuitously withholding medical care would have a claim based on the fundamental right protected by the eighth amendment." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed 2d 251 (1976). Breeden states "the prisoner [who] is under imminent danger of serious physical injury, §1915(g), by law can serve its role as an escape hatch for genuine emergencies only if understood reasonably. The law is "the imminent-danger language must be read instead as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options" Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002). "When a threat or prison condition is real and proximate and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name." Lewis v. Sullivan, 279 F.3d at 531 (7th Cir. 2002).

2 of 13

In this case for de novo review, evidence will show the on 3-21-86 Doctor John A. Tassin ordered, and recommendation for surgery for the plaintiff. Since Breach has been denied surgery recommended by a doctor, constitutes imminent danger to serious physical injury. See, Ciarpaglini v Saini , 352 F.3d 328, 330 (7th Cir. 2003) and if Breach is not adequately treated, also, places Breach in danger on serious physical injury. See, Brown v. Johnson 387 F.3d 1344 (11th Cir. 2004) wherein, the Court held: "The determination that Brown alleged imminent danger of serious physical injury does not end our inquiry ... We must consider whether Brown states a valid claim under the Eighth Amendment." Id. 387 F.3d at 1351.

Breach complains because this case went way too far beyond the scope of § 1915(g), when the magistrate made his determination. This case went from the filing of IFP to a somewhat Rule 56 Summary Judgment, without a "screening" § 1915(A) nor a Rule 4, Fed. R. Civ. P., Service of process. In Rivera v. Allin 144 F.3d 719, 226 (11th Cir. 1998) the Court held: that "prior to denying leave to proceed IFP, courts must review a frequent filer

prisoner's well-pled allegations to ensure that the prisoner is not under imminent danger of serious physical injury) (emphasis added) Id. Also in this case, the court will find that Breach is in need of surgery, the hernia causes Breach pain and discomfort, the language of §1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made. See, _U.S. v. Cobb_, 185 F.3d 1193 (11th Cir. 1999).

## PLAINTIFF'S FIRST OBJECTION

THE MAGISTRATE JUDGE RULED:" UPON AN EXHAUSTIVE AND THROUGH REVIEW OF THE RECORD, THE COURT CONCLUDES THAT BREACH _WAS NOT_ UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AT THE TIME HE FILED THE INSTANT COMPLAINT AS IS REQUIRED FOR AN INMATE TO MEET THE IMMINENT DANGER EXCEPTION TO APPLICATION OF 28 U.S.C. §1915(5). Citing, _Medberry v. Butler_, 185 F.3d 1189, 1192-1193 (11th Cir. 1999). ALTHOUGH BREACH _MAY HAVE_ BEEN RECOMMENDED FOR SURGERY IN MARCH OF, 2006, SUCH DOES NOT ESTABLISH IMMINENT DANGER AT THE TIME HE FILED THIS CASE IN DECEMBER, 2006." [page 7, ORDER Magistrate Judge]

4 of 13

## POINT "A"

Breach submitted an Application for Temporary Restraining Order And/or Preliminary Injunction (Court Doc. #3) on December 22, 2006. The Chief U.S. District Judge "Ordered" the portion of Breach's Preliminary Injunction be referred to the Magistrate Judge.

The Magistrate must have over-looked the clear evidence of Doctor John A. Tassin's "Doctor Order Sheet" Reflecting 3-21-06 Recommendation for Surgery. See Exhibit "A" The Magistrate said "p. 7 "... Breach "may have" been recommended for Surgery in March of 2006, such does not establish imminent danger"... Breach objects!

Doctor John A. Tassin on 3-21-06 Exhibit "A", shows Breach needs surgery as soon as possible. In Brown v. Johnson, 387 F.3d 1344 (11th Cr. 2004) the Eleventh Circuit held: "The determination that Brown alleged imminent danger of serious physical injury does not end our inquiry ... we must consider whether Brown states a valid claim under the Eighth Amendment." Id. 387 F.3d at 1351.

The Magistrate Judge over looked "Serious physical injury by the law

5 of 13

On February 7, 2007 Breach filed evidentiary materials and affidavits to support that he needs surgery and is in imminent danger of serious physical injury. (Court Doc. No 21). The Magistrate over looked that the law is established in the Eleventh Circuit in what the Courts consider "Serious" medical needs. In Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) following Estelle v. Gamble, 429 U.S. 97 103 97. S.Ct 285, 290, 50 L. Ed 251 (1976) that a condition need not be life threatening to be deemed serious. First, "a medical need "is" 'serious' if it is one that has been diagnosed by a physician as mandating treatment." See, Hill v. Dekalb Reg'l Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994) [See Exhibit "A" Dr. Tassin's Recommendation for Surgery] Second, "a need is serious if it is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention". See, Hill v. Dekalb, Supra. [see Court Doc. No 21 Attached Affidavits] Exhibit B, Affidavit George Ivey Bryant Ais, 134333, Exhibit C, Affidavit James Reagan, Ais, 241211, Exhibit D, Affidavit Larry Patterson, Ais, 136556, Exhibit E, Affidavit, Michael L. Hall, Ais, 195582, [Breach's hernia is the size of a "Soft-Ball"]

_Third,_ "a need is serious if it causes pain. _Fourth,_ if the medical condition "significantly affects an individual's daily acts", it may be deemed serious. _Finally,_ if the condition offers the possibility of a life-long handicap or permanent loss, it may be considered serious". See, _Hill v. Dekalb Reg'l Youth Det. Center,_ 40 F.3d 1176 (11th Cir. 1994); _Washington v. Dugger,_ 860 F.2d 1018, 1021 (11th Cir. 1988); _Brown v. Hughes,_ 894 F.2d 1533 (11th Cir. 1990) And see, _Brown v. Johnson,_ 387 F.3d 1344 (11th Cir. 2004).

The Eleventh Circuit said: "Brown now alleges that he is "under imminent danger of serious physical injury if he _is not_ adequately treated." _Brown,_ 387 F.3d at 1350. In Breach's case, if Breach _is not_ given surgery, constitutes imminent danger of serious physical injury. See, _Ciarpaglini v. Saini,_ 352 F.3d 328, 330 (7th Cir. 2003), or adequately treated. Breach argues, _who can't "treat" a hernia, it must be repaired by surgery._ Breach needs surgery, the language of §1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made. See, _U.S. v. Cobb,_ 185 F.3d 1193 (11th Cir. 1999),

7 of 13

<u>Point B.</u>

By law, Breach "<u>was not</u>" required to present <u>so much</u> evidence before the Magistrate for the determination of a §1915(g). What is error of this matter, on January 10, 2007 the court <u>ordered</u> the defendants to produce evidence including affidavits and relevant materials. [Order of 1/10/07 Court Doc. No 8]. Breach objects because 28 U.S.C. §1915 "only" pertains to the exception not a rule, of the filing fee. 28 U.S.C §1915(g) "<u>is not</u>" a vehicle for <u>determining the merits</u> of a claim." See, <u>Ciarpaglini v. Saini</u>, 352 F.3d at 331 (7th Cir. 2003). That's what happened in this case, the court went to the merits of Breach's claim, beyond §1915(g).

The IFP <u>does not</u>, 28 U.S.C §1915(g) require the court to review evidence, affidavits. The Eleventh Circuit held: "the issue is whether his <u>complaint</u> as a whole alleges, imminent danger of serious physically injury". <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004).

However, Breach could not find any case law placing such a heavy burden on him, who seeks to proceed in forma pauperis, to come forward with evidence and argument establishing that he is actually in

8 of 13

imminent danger of serious physical injury prior
to the grant of informa pauperis status. See,
<u>Lewis v. Sullivan,</u> 279 F.3d 526 (7th Cir. 2002);
<u>Rivera v. Allin,</u> 144 F.3d 719, 726 (11th Cir. 1998)("prior
to denying leave to proceed IFP, courts must review
a frequent filer prisoner's well-pled allegations to
ensure that is not under imminent danger of serious
physical injury.")


Breach argue, <u>no other</u> circuit courts require
a court to review <u>all evidence</u> before making
a IFP determination. This was error, because
§1915(g) <u>"is not"</u> a vehicle for determining
the merits of a claim." <u>Ciarpaglini v. Saini,</u>
352 F.3d at 331. In <u>Miller v. Meadows,</u>
2005 U.S. Dist. Lexis 17077 (Aug 11, 2005, the Court
looked to other circuit court cases, and
found to be helpful in determining what a
prisoner with three strikes must show in
order to be allowed to proceed in forma
pauperis. According to the Eleventh Circuit in
<u>Brown v. Johnson,</u> 387 F.3d 1344, 1350 (11th Cir. 2004)
"the issue is whether his <u>complaint,</u> as a whole
alleges imminent danger of serious physical
injury." Accordingly, when determining
whether a plaintiff has met his burden

of proving that he is in imminent danger of serious physical injury, the court must look to the Plaintiff's complaint, [not to evidence] which must be construed liberally and the allegations of which must be accepted as true. See id.; McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002); Miller, supra. "The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); Miller v. Meadows, 2005 U.S. Dist. Lexis 17872 Aug 11, 2005.

Breech properly alleged in his Complaint and provided evidence Exhibit "A" of ongoing serious physical injury, because Breech's injury has been mandated by a physician ordering surgery. See, Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) following Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) quoting Hill v. Dekalb Reg'l Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994). Therefore Breech met his burden by clear evidence that he has been denied medical care, and is in imminent danger of serious physical injury

10 of 13

<u>PLAINTIFF'S SECOND OBJECTION</u>

As reiterated, the magistrate Judge wrongfully took plaintiff's application for leave IFP §1915(g) bypassed Rule 4 Fed. R.Civ.P., and reviewed evidence unwarranted via Rule 56 "summary Judgment" by the defendant's "Special Report".

The magistrate ruled: "Counsel filed in compliance with this order, including affidavits from medical personnel and copies of Breach's medical records, "which specifically <u>refute the allegation</u> made by Breach..." [page 3 Order 2/23/07.].

Refuted evidence is supposed to be at a Rule 56 Summary Judgment. Breach filed a "Motion To Strike The Special Report" [Court Doc. No. 28] arguing that 28 U.S.C. § 1915(g) "<u>is not</u>" <u>a</u> vehical <u>for determining</u> the <u>merits of a claim</u>". See, <u>Giaeplin v. Spini</u>, 352 F.2d at 331 (7th Cir. 2003). In <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). the Court held in dealing with §1915(g) "the issue is whether <u>his</u> <u>complaint</u> AS A whole <u>alleges</u> imminent danger of serious physically injury." The Court said <u>nothing</u> about <u>Reviewing evidence</u> of the claim.

The magistrated review evidence that was designed to refute Breach's claims, §1915(g) is not designed for that stage.

## THIRD OBJECTION

The magistrate reviewed unlawfully evidence by affidavits, whereon (court Doc's 27, 29, 30) Breach filed motions to strike, because neither doctor examined Breach's hernia.

On February 27, 2007 (court Doc. 37) Breach filed a motion for court order, seeking to obtain a medical opinion form Doctor John A. Tassin, because Dr. Tassin ordered Surgery. The magistrate ruled Dr. Tassin would be irrelevant! How is the defendant's doctors relevant, when neither doctor examined Breach? But, the doctor (Dr. Tassin) would did examined Breach is now irrelevant? This was a Rule 56 decision, because the magistrate went beyound §1915(g). [see Exhibit "F"] (Court Doc. 30). [see Also, Exhibit "G"]

12 of 13.

Conclusion.

What is imminent danger serious physical injury? Breach complains, The United States Supreme Court said: "Prisoners must not be forced to endure needless suffering from the painful and untreated effects of a accident or serious illness". Estelle, 429 U.S. at 105 97. S.Ct at 291. Imminent means "soon to happen". "Serious" means in the Eleventh Circuit, Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) following Estelle, "that a condition need not be life threatening to be deemed serious. First, "A medical need "is" 'serious' if it is one that has been diagnosed by a physician as mandating treatment". See Hill v DeKalb Reg'l Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994). Exhibit "A". If the fact is Dr. Tassin recommended surgery, because it is necessary. Without surgery places Breach in future danger of more pain and discomfort. Breach met "serious" physical injury "soon" to happen. See, Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004)

This 11, day March 2007

Marcellus Breach 160148

13 of 13.

Certificate of Service

I hereby certify that I have served the foregoing:

Ala. D.O.C. Legal Division          Rushton, Stakely, Johnston Garrett
P.O. Box 301501                     P.O. Box 270
Montgomery, Al 36130                Montgomery, Al 36101

By U.S. Mail First Class postage prepaid
on this 11th day March 2007

(14)

13

Marcellus Breach 160920
P.O Box 150
Mt. Meigs, AL 36057

Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL
36101-071,

"This correspondence is forwarded
from an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication."



Exhibit
A
182

# LCS CORRECTIONS SERVICES, INC.

### DOCTOR'S ORDERS SHEET

Offender Name: _Breach, Marce lus_          DOC#: _AL 160710_

| Date / Time | Allergies: NKA |
|---|---|
| 3-21-06 | Hernia (L) Inguinal Hernia Needs repair? |
| | M. Maye |
| 4/12/06 | IBP 400mg BID tel dental Dr. Tassin / M. Maye |
| 7/18/06 | Not f'.. has (L) Inguinal Hernia Not Incarcerated, Elective Procedure |
| | M. Maye |

DWV

Exhibit "A" 2 of 2

# LCS CORRECTIONS SERVICES, INC.
## Nurse's Notes

Facility __SLCC__

Offender: __Breach, Marcelus__          Offender #: __A160710__

| Date/Time | Notations | Signature/Title |
|-----------|-----------|-----------------|
| 3/20/06 | Intake Screening complete c̄ ↓ bunk profile given @ ankle | M Gordon |
| 3.21.06 | Saw MD on r/o c̄ new orders | M Mahler |
| 4.12.06 | PSC done c̄ new orders | M Mahler |
| 6/02/06 | Scheduled to go to Dr Perkins for dental work this date | M Mahler |
| 6/2/06 | Returned c̄ no paperwork or new orders | M Mahler |
| 6/8/06 | Trip papers made for Dr Wood apt. on 6/13/06 | M Duggan |
| 6.13.06 | Returned c̄ NNO; return for refill | M Mahler |
| 6/28/06 | Trip papers made for Dr Perkins on 6/30/06 | M Duggan |
| 6.30.06 | Cancelled Dr. Perkins due to limited appt x 20 inmates | M Mahler |
| 7.12.06 | Received a call from Branden from Alabama re: Inguinal Hernia - Stated Hernia Repair are not done there - unless incarcerated or into scrotum. This subject has not c̄ hernia since seen by Dr Tassin 3.31.06 - Subject placed on sick call for 7.18.06 to see if he needs a referral to a Surgeon | D Jott |
| 7/10/06 | We faxed report to Ruth Naglich in reference to inguinal hernia inmate requesting repair & is filing a lawsuit to have surgery done | M Mahler |
| 17 | | |
| 7.12.06 | 9:40 AM phone call received from Lynn Brown and she will return call on previous day on 7.10.06; awaiting return call for follow up | M Mahler |
| 7.17.06 | 4:25pm Brought to medical - Left inguinal hernia easily reducable - no c̄ pain | D Jott |
| 7/18/06 | Saw Dr Tassin & no change in hernia & no new orders given | M Mahler |

Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

Middle Division

Marcellus Breach, AIS# 160710
                    Plaintiff

Vs                          )    Case No: 2:06-CV-1133

Prison Health Services, Inc., et al.,
                    Defendants,

DECLARATION IN SUPPORT BY WITNESS OF
PLAINTIFF'S IMMINENT DANGER OF
SERIOUS PHYSICAL INJURY

STATE OF ALABAMA

                         ) SS: 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

COUNTY OF MONTGOMERY

     GEORGE IVEY BRYANT, AIS# 134333, being duly
SWORN deposes and says:

     I am a witness to the fact that Marcellus
has a physical injury and needs to
See a doctor about Maybe Surgery.

1 of 2

1) I sleep two beds down from Marcellus here at Kilby prison. I can tell that he does have pain and discomfort. Marcellus is always laying down.

2) The size of Marcellus' hernia is like a "Soft Ball.

I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746 on this 3rd day February 2007.

George Ivey Bryant 134833
P.O. Box 150
Mt. Meigs AL 36057

2 of 2.

Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MIDDLE DIVISION

Marcellus Breach, Ais# 160710
      Plaintiff
               )
               )
               )
Vs               ) Case no: 2:06-CV-1133
               )

Prison Health Services, Inc., et al.,
      Defendants. )

DECLARATION IN SUPPORT BY WITNESS OF
PLAINTIFF'S IMMINENT DANGER OF
SERIOUS PHYSICAL INJURY

STATE OF ALABAMA

               ) SS: 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

County of Montgomery

   JAMES RENIGAN, Ais# 241711   , being duly
sworn deposes and says:

   I'am a witness to the facts that Marcellus Breach
does complain and appears to suffer pain
and discomfort because of a hernia that is
about the size of a "soft-ball". I have
first hand Knowledge.   1-8

1) I further attest that I was transferred to South Louisiana Corr. Services ("LCS") in Basile, Louisiana with Marcellus in March 2006. I also was seen by Doctor John A. Tassin, and on 5-16-06 Dr. Tassin recommended that I have surgery. On 7-12-06 Alabama Commissioner Medical Director Ruth Nagheh "denied" Doctor Tassin's order for surgery. See Exhibit "A"

2) I have personal knowledge of Marcellus' Medical Records from South Louisiana Corr Services ("LCS") reflects Marcellus hernia "Needs Repair."

3. I sleep in the same dorm with Marcellus, at Kilby prison. Marcellus complains to me about having pain, and I know Marcellus' daily activities are limited. Marcellus can't fully exercise such as, push-ups, sit-up because he tells me the hernia will come out, and is painful.

4) Marcellus has to lay down most of his time. I have seen Marcellus have to raise his left leg up when coughing, sneezing, and apply pressure, holding in on the hernia.

2 ¢.

5) I further state that as a layman, I can tell Marcellus is has pain and discomfort because of the hernia. The size of the hernia is about the size of a "soft-ball".

6) I believe Marcellus needs a doctor's attention, not a nurse practitioner, but a doctor, and surgery for the hernia.

I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746 on this 3rd day February 2007.

James Reagan
JAMES REAGAN A#s 241711
P.O. Box 150
Mt. Meigs, AL 36057

3 of 3

Exhibit "D"

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MIDDLE DIVISION

---

MARCELLUS BREACH, AIS# 160710 )
            Plaintiff )
 )
 )
 )
Vs. ) Case No: 2:06-CV-1133
 )
 )
PRISON HEALTH SERVICES, INC., et al., )
            Defendants. )

DECLARATION IN SUPPORT BY WITNESS OF

PLAINTIFF'S IMMINENT DANGER OF

SERIOUS PHYSICAL INJURY

STATE OF ALABAMA

            ) ss. 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

COUNTY OF MONTGOMERY

Larry James Patterson AIS# 136556, being duly sworn, deposes and says:

    I'am a witness to the facts that Marcellus Breach does have a hernia, and os put forth below, I have just hand knowledge that he is in pain and discomfort.

1 of 3.

1) I also stated that I was transferred to South Louisiana Correctional Services to Basile, Louisiana with Marcellus in March 2006. I also was seen there by Doctor John A. Tassin. I have knowledge that Marcellus was seen by Doctor Tassin concerning his hernia. I also have seen Marcellus' Medical Records reflecting Dr. Tassin's order on 3-21-06 that the hernia "needs Repair."

2. I sleep in the same dorm with Marcellus at Kirby prison. Marcellus complains to me about having pain, and many times I try to get Marcellus to exercise with me, i.e., pushup, sit-up, and he complains that he can't because his hernia will "come-out" and he is afraid that the hernia will Rupture.

3 I witness Marcellus having to push-down on the hernia when he coughs or sneezes. He also has to lift his left leg up when coughing, and push-down on the hernia.

2 of 3

4.   I further state that I can tell Marcellus
has pain And discomfort. Marcellus has
shown me the hernia. I say it is
about the size of a "soft-ball."

5.   As A layman, I say Marcellus needs to
have that hernia fixed.

I swear that the foregoing is true And
correct under the penalty of perjury 28
U.S.C. 1746   on this 3rd day February 2007.

Larry Patterson #136556
Larry James Patterson Ais 136556
P.O. Box 150
Mt. Meigs, AL 36057.

Exhibit
E

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MIDDLE DIVISION

MARCELLUS BREACH, AIS#160710

    Plaintiff,

Vs.

           CASE NO: 2:06-CV-1133

PRISON HEALTH SERVICES, INC, et al,

    Defendants.

DECLARATION IN SUPPORT BY
WITNESS OF PLAINTIFF'S IMMINENT DANGER
OF SERIOUS PHYSICAL INJURY

STATE OF ALABAMA

          ) SS: 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

COUNTY OF MONTGOMERY

   MICHAEL L. HALL, AIS# 193382, being duly sworn, deposes and says:

   I am a witness to the facts that Marcellus Breach does have a hernia, and as stated below, I currently have personal knowledge that he has pain and discomfort.

1 of 3.

1) I have actual seen Marcellus' inguinal hernia, It is about the size of a "soft-ball".

2. I state that Marcellus complains to me about pain and discomfort. I have seen Marcellus have to push down on the hernia when Marcellus coughs, or sneezes. I have seen Marcellus have to lift his left leg up while coughing, and even bend forward when coughing. I've asked Marcellus why he has to do that, and he tells me because he has a hernia, and that a doctor told him he needs surgery but the prison wont do it.

3. I state that Marcellus basically has to lay down on his bunk. He doesn't exercise like push-up or sit-up because of this hernia.

4. I also state, if Marcellus was to have to defend himself from an assualt, or get hit in the hernia he would probable die.

2 of 3

5  I further state that I can tell Marcellus
has pain, and he needs to see a
doctor about surgery.

I swear that the foregoing is true and
correct under the penalty of perjury 28
U.S.C. 1746 on this 3rd Day of February 2007

Michael L Hall A.I.S. 193382
P.O. Box 150
Mt. Meigs, Al 36057.

393

Exhibit
"F"

Declaration In Support of Plaintiff's
Imminent Danger of Serious Physical
Injury

State of Alabama          )
                          )     SS: 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
County of Montgomery      )

Marcus Britch, Ais 160710, being duly sworn
deposes and says:

1) I am the plaintiff in this case. I make this
declaration in support of my complaint that
I am in imminent danger of serious physical
injury due to an injury being a
"left inguinal hernia."

2) I state that I have "never" seen Doctor
Robbins, nor do I know what he looks
like. Doctor Robbins "has not" examined
my inguinal hernia.

3) I state at Scott Lensing Correctional Center
Doctor John A. Tassin examined my hernia
and told me I need surgery. I was
then transported back to tilby, and I
have not seen "any" other doctor
upon my request for surgery.

4 8

4) I further state Doctor Tassin told me, "You can't treat a hernia, they get worse, and your hernia can be weaken or enlarged by the simple daily activities including sneezing, coughing, or bowel movements and that your hernia "must" be repaired through surgery." This was on 7-18-06.

5) I am in pain and discomfort. The truss doesn't even fit, I've been denied surgery by D.O.C, Commissioner's Office on or about 7/06. Every morning I have "air" in my hernia, it hurts! It is the size of a "Soft-Ball"!

The the foregoing reason, the court ought to grant leave to respond, and request to "State" I swear that the foregoing is true and correct under the penalty of perjury 28 USC 1746 this 17th day February 2007.

Marcellus Breach 160710
P.O. Box 150
Mt. Meigs, AL 36057

Certificate of Service

I hereby certify that I have served the following by U.S. Mail to:

Ala D.O.C. Legal Division
P.O. Box 301501
Montgomery, Al. 36130

Rushton Stakely Johnston & Garrett P.C.
P.O. Box 270
Montgomery Al 36101

On this 12th day February 2007

Marcellus Breach

Exhibit "6"

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-1133-MEF |
| | ) | |
| PRISON HEALTH SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

On February 27, 2007, the plaintiff filed a motion for court order (Court Doc. No. 37). In this motion, the plaintiff "seeks an order from the court to compel Defendants to provide ... an 'independent medical opinion from <u>Doctor John A. Tassin</u>'" with respect to the current condition of plaintiff's hernia and "request[s] that the court issue an order for Dr. John A. Tassin to deliver" medical records relevant to his examination of the plaintiff in March of 2006. The actions requested by the plaintiff are irrelevant to a determination of imminent danger at the time plaintiff filed this complaint in December of 2006. Accordingly, it is

ORDERED that the motion for court order be and is hereby DENIED.

Done this 27th day of February, 2007.


_____/s/ Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

*To: Ms. Lawrance Medical*

*Warden Rowell.*

**Prison Health Services**
**Inmate Informal Grievance**

_Marcellus Breach_    _160710_    _West - 16_    _10/11/06_
NAME                  AIS #        UNIT          DATE

---

**PART A---Inmate Complainant**

D   I have a Medical Hold that is preventing me from actively
SP- participating in any additional DOC program I ask to be
    removed that I may be classed to go to another camp.

2)  Medical Records Reflect Dr. tussie Recommended surgery for
    a hernia. I have problem coughing, sneezing, bowel
    movements. I need surgery. Why am I on medical
    stop up, and no one has seen me in regards to
    surgery?

See attached: page 2.                    _Marcellus Breach_
                                         INMATE SIGNATURE

---

**PART B –RESPONSE**                 DATE RECEIVED _10-17-06_

I have searched your medical files here from
front to back. there are no records or sick
calls that you were examined for a hernia.
I see no evidence of a medical hold or
medical stop up. If you are having
health problems please sign up for sick
call and be examined by the doctor.

                        _L. Lawrance_ RN HSA
                        MEDICAL STAFF SIGNATURE

                        _10-17-06_
                        DATE

If resolution has not occurred and you wish to file a formal grievance you may request a
grievance form from the Health Services Administrator.  Return the completed grievance
form to the Health Service Administrator.

| | Y | N | | | Y | N |
|---|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI   Delay in Health Care Provided | | ☐ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII  Problems with Medication | | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV  Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX   Request for Off-site Specialty Care | | ☐ | ☐ |
| V   Conduct of Healthcare Staff | ☐ | ☐ | X   Other | | ☐ | ☐ |

*Certificate of Service.*

I hereby place same into a sealed envelope address to Medical
Complaint Box, copy to Warden Rowell, hand mail on this
11th day October 2006

                        _Marcellus Breach_

                        182.

TO: Ms Lawrance, Medical.
    Deputy Warden Rowell.

Date October 11, 2006

RE: Informal Grievance p.2

To Whomsoever it may concern.

Medical Records will reflect Dr. tussie recommending surgery for my hernia. I'm asking that the "Medical" hold placed on me be removed. Because of this hold, I can't be reclassed for any other institutional camps. I've worked to hard, I have Work Reports, several certificates of completions, and my college degree, to come to a dead-end stop! I'm asking to have Classification review my prison record. I haven't had a "Review" in 18 months. That's frustrating. If this medical hold is about surgery, then I request surgery. Not a medical hold, then nothing is done about it. I humbly ask someone assist me about resolving this matter. I depreciate strongly placing this hold on me, then doing absolutely nothing in regards to following doctors orders concerning surgery.

Please Advise.

Marcellus Breach 160710

2 of 2

Marcellus Breach    160710          West-16        11/7/06

TO: Mrs. L Lawrence R.N.

On 10-17-06 You stated that you Searched my Medical Records from front to back and found no evidence of A hernia. I do Not know yet how well PHS keeps Medical Records up-dated Out: 2-20-05 Inguinal hernia A.D.O.C. 5/8/05 hernia pain 3×5 cm inguinal hernia on ® not into scrotum. L Truss issued. ref. Dr Bosserner. 3-21-06 Hernia ® Inguinal not "incarcerated c-lactive pro Are you sure you have no Records? Referred to Surgeon. Right. I assure you a hernia.

I need this Surgery, I cant go Any other than medical hold. Do you want me to show you proof Dr Tassin Recommended Surgery? Why Am I denied/delayed Surgery?

Marcell Breach

Certificate q Service

Placed hand mail into Medical by Sealed envelope on 10/7/06.

Marcell Breach

1 of 3.

To: Mrs L. Lawrence.

From: Marcellus Broach, 160710
West-16

Date: November 7, 2006

Re: Hernia / Medical Records:

Exhibit enclosed:
Basic Offender Physical Examination
LCS 3/20/06. Reflecting Medical
Records "Hernia"

Mrs Lawrence:

I'm stuck here at Kilby because of Medical hold.
My Records on 3-21-06 Reflect indirect inguinal
hernia, "Needs Repair" Dr. Tassin. I do not desire
to wait till its either strangulated or not
Reducible. The most important elements in the
early development of a hernia are cogenital or
acquired muscle weakness and the increased intra
abdominal pressure. Dr. Tassin made his medical
Recommendation that the hernia needs Repair. It is
painful at times, limits my activities. The classification
of surgery as elective does not obrogate PHS's of
the duty, or power to promptly provide necessary medical
treatment. The mere words "Elective" surgery ARE NOT
a talisman insulating PHS from the Reach of the
Eighth Amendment "deliberate indifference." Now, I do not
continue to waste $300 Sick call for 8 Tylenol. Please
Do you need to see the Records?  You stated NO
evidence of a hernia? Here is
     Please Advise          evidence for your Review!

Marcell Broach   2 of 3

# ALABAMA DEPARTMENT OF CORRECTIONS

# PROBLEM LIST

INMATE NAME _Breach, Marcelus_                  AIS# _160710_

Medication Allergies: _NKDA / NKDA_

**Medical:** Chronic (Long-Term) Problems
Roman Numerals for Medical/Surgical

**Mental Health Code:** SMI  HARM  HIST  NONE
Capital Letter for Psychiatric Behavior

| Date Identified | Chronic Medical Problem | Mental Health Code | Date Resolved | Provider Initials |
|---|---|---|---|---|
| 2/20/05 | PPD ∅ mm | | | _Qo_ |
| | Inguinal hernia, (L) | | | |
| | Previous Sx, (L) foot | | | |
| | Trauma of LS spine | | | |
| | Hypoglycemia, confirmed by BS √'s | | | |
| 2/2/06 | PPD | | _Buss_ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**If Asthmatic label:  Mild – Moderate – or Severe.



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus | D.O.B.: 7/28/69 |
|---|---|---|

5/05/05
1600

138/82
154 lbs
97²
P=104
R=12

(S) C/O LBP, hernia pain, (L) foot pain. Hypoglycemia

(PMH) Trauma to LS spine from fall. Reports 2 compression fx's
calcaneal fx, (L) foot. From the fall

Inguinal hernia x 1 year

Hypoglycemia since adolescence

(PE) NAD c̄ pleasant affect.    2 cm, irregular red patch
Speech, conversation nl    on abd, central bite mark
Gait nl

(L) foot with boney changes involving calcaneus
3 x 5 cm inguinal hernia on (L), not into scrotum

(A) • Hypoglycemia
(P)    ↑ sack lunch qd. The sandwiches to be used to
avoid hypoglycemia

• Inguinal hernia — truss issued
• foot/ankle pain — ankle wrap
X-rays of LS spine and foot.
• LBP — tylenol prn
• Keflex bid x 7d for possible cellulitis
• Profiles written

MW Bosserman, MD