# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHER DIVISION

RECEIVED

2007 MAR 29 ' A 9: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CASE NO: 2:06-cv-1133 |
| | ) | |
| PRISON HEALTH SERVICES, INC., | ) | |
| Defendants. | ) | |

## *SUPPLEMENTAL WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION AND REQUEST FOR DE NOVO REVIEW*

**COMES NOW,** the Plaintiff Marcellus Breach, (hereinafter "Breach") in proper person "Pro se" moves to file this Supplemental written objections to the order and recommendation of the Magistrate Judge denying Breach leave to pursue this civil action in forma pauperis 28 U.S.C. 1915(g), (Court Doc #2) and shows unto the court that Breach properly alleged in his Complaint and showed "imminent danger of serious physical injury"; and, the United States Magistrate Judge solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his recommendation in this case was inappropriate. Breach in support shows as follows:

1

*FACTS*

Breach filed this civil rights action 42 U.S.C. § 1983 on <u>*December 22, 2006*</u> (Court Doc. #2) complaining that he has been denied "recommended surgery" for a left inguinal hernia. Breach asserted "imminent danger of serious injury" in his Complaint and in the application for a preliminary injunction. Breach maintains that as to today, he is still in pain, discomfort, having problems with coughing, sneezing, and bowel movements because this hernia causes his pain doing these normal human activities.

Breach argued that "*at times his hernia comes out and is not easily reducible' and is* <u>*painful*</u>...My hernia can rupture, possible strangulation at 'any' time. "I cannot exercise, lift weight...participate in 'any rehabilitative programs...because of this hernia." *Plaintiff's February 13, 2007 Response – Court Doc. 23 @ 5-6.* Breach still maintains that on March 21, 2006 Dr. John A. Tassin, a physician at the private prison in Louisiana to which he had been transferred by the Alabama Department of Corrections, prepared "a doctor report' and recommendation ... that Breach's inguinal hernia '<u>needs repair'</u>... [O]n 7-12-2006 the Alabama Department of Correction's Commissioner's Office through defendant Ruth Naglich 'denied' approval of costs for plaintiff to receive surgery as recommended..." *Plaintiffs Complaint – Court Doc. <u>1@7</u>.*

2

<u>**SUMMPLEMENTAL OBJECTION**</u>

*"WHETHER THE UNITED STATES MAGISTRATE JUDGE SOLICITED INFORMATION OUTSIDE THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT WAS INAPPROPRIATE?"*

Yes!    In Breach's initial filing of his objections, Breach raised the issue to this Court for de novo that the Magistrate Judge considered <u>*EVIDENCE, AFFIDAVITS*</u>, from the Defendants that was outside the Complaint.  Breach argues that 28 U.S.C. 1915(g) "<u>is not</u>" a vehicle for determining the merits of a claim." See, ***Ciarpoglin v. Saini***, 353 F.3d @ 331 (7th Cir. 2003).(Order of January 10, 2007 – Court Doc. No. 8)

28 U.S.C. § 1915(g) is a complex situation, and Courts are still confused as to what a prisoner like Breach was prove to be granted in forma pauperis.  However, the Magistrate Judge Ordered that a responsive pleading by the defendants be filed.  <u>Nevertheless, this was error</u> and prejudice because, dealing with a situation very identical to Breach where a Magistrate Judge solicited information outside the allegations was found inappropriate.  The  Court in ***Miller v. Meadows***, 2005 U.S. Dist. Lexis 17077 (M.D. 2005) dealing with a very same type of situation as follows:  In <u>*Miller*</u>, the Court said:

> "This Court of course, acknowledges the fact that the United States Magistrate Judge <u>solicited information outside the allegations contained in Plaintiff's Complaint and Amended Complaint prior to making his recommendation in this case.</u>  However, **consideration of collateral evidence and argument in determining whether a plaintiff may proceed in forma pauperis is likely inappropriate.**  Rather, this is a decision that should be made by the Court on the basis of the <u>allegations</u> plead on the <u>face</u> of the <u>Complaint</u>. See, e.g.,

*Brown,* 387 F.3d @ 1350 ("the issue is whether [the plaintiff's] complaint, as a whole, alleges imminent danger of serious injury)(emphasis added); *Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998)(prior to denying leave to proceed IFP, court must review a frequent filer prisoner's well pled allegations to ensure that the prisoner is not under imminent danger of serious physical injur7y.'")(emphasis added). This Court did not find any case law placing the burden on a plaintiff, who seeks to proceed in forma pauperis, **to come forward with evidence and argument establishing that he is actually in imminent danger of serious physical injury prior to the grant of in forma pauperis status." Id.**

**The Magistrate Judge did so inappropriately considered and solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his determination in this case.** *Breach ask of this Court to acknowledge please acknowledge this.*

In *Margiotti v. Nichols,* 2006 U.S. Dist. Lexis 28710 (N.D. Fla. 2006) the Court held in dealing with a 28 U.S.C. § 1915(g) situation very similar to this case: "The issue before the court is whether Plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful in determining what a prisoner such as the plaintiff with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] Complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the *Complaint, which must be*

4

*construed liberally and the allegations of which must be accepted as true.*" See, i.d., ***Jackson v. Reese***, 608 F.2d 159, 160 (5th Cir. 1979); ***McAlphin v. Toney***, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). ***Martin v. Shelton,*** 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. [1](See, *Affidavits Court Doc. No.21 by George Ivey Bryant, James Reagan, Larry Patterson, Michael L. Hall).*

The Magistrate Judge Order of January 10, 2007 –Court Doc. No 8., was *inappropriate* because the Magistrate Judge solicited *information outside* the allegations contained in Breach's Complaint and Amended Complaint. Miller supra, and also the Miller v. Meadows decision, the Court held: "Obviously frequent filers such as Plaintiff may sometimes make meritless allegations of imminent danger so they can proceed with litigation without paying the requisite filing fee. However, that danger alone is not cause to cursorily dismiss claims brought by frequent filers; rather, such allegations should be closely scrutinized by the courts when a review is made under 1915...[W]ith that Authority in mind, the court now turns to the Complaint and Amended Complaint filed in this case." Id.

The Magistrated Judge specifically stated on page 3 of his recommendation:

---

[1] Breach presented four affidavits from laymen person explaining that Breach's hernia is the size of a Soft Ball.

"Counsel filed responses in compliance with this order, including <u>affidavits</u> from medical personnel and copies of Breach's medical records, which <u>specifically refute the allegations</u> made by Breach that he has been denied necessary medical treatment."  This is error and the United States Magistrate Judge *solicited information* outside the allegations contained in Breach's Complaint and Amended Complaint: such collateral evidence and arguments by defense counsels, doctors, nurse practitioners, medical records, was inappropriate.(Summary Judgement issue)

### OBJECTION NO. 4
### *THE MAGISTRATE JUDGE RELIED ON EVIDENCE DESIGNED TO REFUTE BREACH'S ALLEGATION IS NOT PROPER UNDER 28 U.S.C. § 1915(G)*

The Magistrate Judge stated in his Order and Recommendation Page 7 as follows:

> **"Breach's mere lay conjecture that surgery on his hernia is medically necessary at this time is <u>refuted</u> by the <u>affidavits</u> of two physicians board certified in internal medicine."**

Breach argues that because the Magistrate Judge solicited information outside the allegations contained in Breach's Complaint and Amended Complaint: the magistrate relied on refuted evidence that was not proper at a 1915(g) proceeding.  ***28 U.S.C. § 1915(g) 'is not' a vehicle for determining the merits of a claim. See, Ciarpaglin*** v. Saini, 352 F.3d @ 331 (7th Cir. 2003).  [2] Nevertheless, reiterated, this case went from a 28 U.S.C. § 1915(g) to a somewhat "Summary Judgment" Rule 56(c) Fed.R.Civ.P., because, "Summary judgment is proper 'if the pleading, deposition, answers to interrogatories,

---

[2]  Defendants were not served with the Complaint pursuant to Rule 4 Fed.R.Civ.P. nor was there a 1915 screening process.

and admissions on file, together with <u>affidavits</u>, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter law.'" *E.g., Skoak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912 (5th Cir. 1992)(quoting FED.R.CIV.P. 56(c). )

Because this proceeding was improper, and Breach request that by law that a federal court need not defer to a "*prison doctor*" legal opinion as to the extent of the State's duties under the Eighth Amendment. A prison doctor "*is employed by the defendants*", <u>naturally, he is going to oppose the surgery to support the de facto policy of not repairing hernias.</u> However, "a federal court is not required to blindly defer to the judgment of prison doctor's or administrators in determining whether there has been deliberate indifference to an *inmate's* serious medical needs". See, *Hunt v. Dental Dept,* 865 F.2d 198, 200 (9th Cir. 1989); *Delker v. Maass,* 843 F.Supp @ 1398.

What is so interesting here is, The <u>*United States Supreme Court*</u> has held that hernias <u>are serious</u> and must be <u>repaired.</u> Under Alabama <u>*Workers Compensations Law*</u> it has been held that hernias "must" be repaired, and federal courts have also have held that hernias are serious. But, to allow "prison doctors" who totally went against Dr. John A. Tassin's Order for surgery is a manifest wrong.

The law in this case is that "Prisoners must not be forced to endure needless suffering from the painful and untreated affects of an accident or serious illness." See, *Estelle v. Gamble,* 429 U.S. @ 105, 97 S.Ct. @ 291. Breach has stated a claim based on

complaints of pain and discomfort due to his hernia and that Defendants refused to follow Doctor Tassin's recommendation for surgery, is sufficient to state a claim that in regards to his inguinal hernia; and, the United States Supreme Court has recognized that this injury must be repaired, and an injury of this sort <u>not only presents a well-defined risk of incarceration with possible strangulation of the bowel, but also is itself painful and will limit activity.</u> See, *Delker v. Mass*, 843 F. Supp 1390 (D.Or. 1994) dealt with facts directly on point with Breach regarding "inguinal hernia".  Reiterated, the Court in *Delker v. Maass*, 843 F. Supp. 1390 (D.Or. 1994) held that an inguinal hernia is as follows:

> "An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of the intestine pokes through this hole.  A hernia is "easily reducible" if, when the peritoneum bulges through the outer abdominal wall, the patient can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia can become acutely incarcerated.  An acutely incarcerated <u>hernia that is not treated within 6 to 8 hours may become strangulated</u> (i.e., the intestinal loop protruding through the abdominal wall becomes constricted<u>), a condition that may result in serious injury or even death</u>.  An acutely incarcerated hernia also <u>can cause pain and limit activity in some patients.</u>" **Id @ 1393.**

The law is, "[a]n inmate must relay on prison authorities to treat his medical needs.  The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed. 2d 251 (1976).

Under _Workers Compensation Law_ for Alabama State employees, dealing with how Alabama law defines hernias and that the defendant's had the "duty" by law, to provide necessary medical treatment to Breach is germane.  Under Alabama law, Section **§ 25-5-57 (a)(6)(b),** _Code of Alabama,_ (1975) provides:

> "b. **Treatment.** -- All hernia, inguinal, femoral, or otherwise, proved to be the result of an injury by accident arising out of and in the course of the employment, <u>shall be treated in a surgical manner by radical operation</u>. If the injured employee refuses to undergo the radical operation for the cure of the hernia, no compensation will be allowed during the time the refusal continues. If, however, it is shown that the employee has some chronic disease or is otherwise in physical condition that the court considers it unsafe for the employee to undergo the operation, the employee shall be paid as otherwise provided in this chapter."

The Alabama Supreme Court defines "hernia—a condition which, to be corrected, _would require surgery_." See, **_Proctor Agency, Inc. v Anderson_**, 358 So.2d 164-165 (Ala.1978). "Conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" See, **_Travelers Indem. Co. of Illinois v. Griner_**, 809 So. 2d 808, 810 (Ala. 2001) (quoting **_American Road Serv. Co. v. Inmon_**, 394 So. 361, 365 (Ala. 1980) (citations omitted).

There is evidence to show that Doctor Bossermer [ Exhibit #1 -- LCF Alabama prison ] noted while examining Breach 05/05/2005,  that there <u>is/was pain</u>. due to this hernia.  Records only reflect this hernia has been of one year, nonetheless, how long

Breach has had this injury does not matter because Doctor Tassin on 3-21-2006 stated that

Breach's hernia needs repair and the defendant's _refused_ to follow that recommendation

is deliberate indifference.  Breach complained that his hernia is getting worse, and cause

sever pain and discomfort. A hernia can rupture at anytime, is imminent danger.

Alabama Courts address hernias, and order surger.  In **Soti v. Lowe's Home**

**Center, Inc.,**  the Court said: "The abdominal incision weakened the muscle wall holding

_**Soti's**_ intestines in the abdominal cavity.  This allowed _**Soti's**_ intestines to bulge through

the muscle wall and create a swollen area on his abdomen almost a year after the surgery

had been performed." See, **Soti v Lowe's Home Centers, Inc.,** 2005 Ala. Lexis 15 (1-14-05)

"A claim of this nature is cognizable as a writ of certiorari. See, **Singleton v Ala. Dept. of**

**Corrections**, 819 So.2d 596 (Ala.2001);  **State Department of Corrections v Marks,** 659

So.2d 647 (Ala.Civ.App.1995) (Montgomery Circuit Court ordered surgery).

The United States Supreme Court noted the seriousness of a hernia:

> "a hernia, if properly managed, is not immediately dangerous to the
> patient, does not affect his health, or materially diminish his
> enjoyments; **but it is a source of constant danger**, since violent
> exercise or sudden exertion may bring it from a perfectly innocent
> state into a condition which frequently proves fatal.  . . . The
> treatment of rupture," he adds, "demands from all these
> circumstances as great a combination of anatomical skill, with
> experience and judgment, as that of any disorders in surgery." _See,_
> **Aetna Life Ins. V France**, 91 U.S. 510, 515 (1876).

The American Family Physician has stated in "**Surgical Options in the**

**Management of Groin Hernias** held:

"Inguinal and femoral hernias are the most common conditions for which primary care physicians refer patients for surgical management. Hernias usually present as _swelling accompanied by pain_ or a dragging sensation in the groin... **Surgical repair is usually advised because of the danger of incarceration and strangulation, particularly with femoral hernias....**" See, **American Family Physician, Surgical Options in the Management of Groins Hernias,** author by, Tim Bax, M.D., Brett C. Sheppard, M.D., and Richard A. Crass, M.D. Oregon Health Science University, Portland Oregon **See, refer to** @ http://www.afp.org/afp/990101ap/143.html See, **Surgical Options in the Management of Groin Hernias-January 1, 1999- American Acad...Page 1 of 17.**

[3] Medical experts have held that the _ONLY way to stop a hernia is to repair it._ In **Delker** supra, the Court held: "_Prison officials cannot simply ignore hernias._ Id @ 843 F. Supp 1390

In Breach's case, his unincarcerated hernia causes pain and requires Breach to be restricted to his daily activities while also experiencing considerable anxiety from the un-repaired hernia. i.e., very sore hernia, tenderness. (defendants know this) Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment, or when an inmate is denied access to

---

[3] See, Hernia Terminology @ www.hernia.org/whatsport.html

medical personnel capable of evaluating the need for treatment. The law is established in *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988) following *Estelle v. Gamble*, 429 U.S. 97, 103 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976) that a <u>condition need not be life threatening to be deemed serious:"</u>  **First,** **"a medical need "is" 'serious' if it is one that has been diagnosed by a physician as mandating treatment".** See, *Hill v. Dekalb Reg'l Youth Detention Center*, 46 F.3d 1176 (11th Cir. 1994) *Second*, "a need is serious if it "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Third*, a need is serious if it causes pain. *Fouth*, if the medical condition "significantly affects an individuals daily acts," it may be deemed serious, <u>Finally,</u> if the condition offers the possibility of a life long handicap or permanent loss, it may be considered serious". See, *Hill v. Dekalb* supra, *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990).

Court have held that "<u>An injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are indications that a prisoner has a "serious" need for medical treatment.</u>" See, *Delker v. Mass*, 843 F Supp 1390 (D.Or. 1994) quoting, *McGucklin*, 974 F.2d @ 1059-60.

"A reasonable public official would have known that there are circumstances in which the Eighth Amendment requires prison officials to pay for "elective" surgery to

repair a hernia, and that a categorical refusal to repair un-incarcerated hernias violates the Eighth Amendment. See, *Jones v. Johnson*, 781 F.2d 769 (9th Cir. 1986); *Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir. 1985).

The defendants simply cannot ignore hernias. They have a constitutional duty to provide services needed, especially in this case where the hernia cause Breach pain, and discomfort. The "duty" also applies to medical conditions that may result in pain and suffering that which serve no legitimate penological purpose. See, *Estelle*, 429 U.S. @ 113, 97 S.Ct. @ 290 also *Jones*, 781 F.2d @ 771-72 (*hernia which result in pain, suffering and the inability to perform a prison job is a serious medical need which prison doctors may not ignore*.). It ought to be clear unto this court that Breach does have a "serious medical injury" and the ONLY way to alleviate his pain and discomfort his surgery which the defendant's refuse.

### OBJECTION NO.54

### "WHETHER THE MAGISTRATE JUDGE RELIED ON INFORMATION NOT CORRECTLY SUPPORTED BY THE RECORD?"

Yes! [Court Doc.# 36. p.5] of the magistrate's recommendation is completely prevaricated from the facts in this case. The magistrate allowed the defendant's to "have a chance to clear up their mess" because, the magistrate held on page. 6 as follows:

> "On December 21, 2006, nurse Lorraine Graves evaluated Breach regarding his left inguinal hernia and referred him to the certified registered nurse practitioner for examination. The progress notes for this date establish that Breach "came down for screening and vital signs but left before exam despite counseling from [nurse

> practitioner] that he need to stay. Chart review shows that he
> signed up for sick call on 10/9/2006 & 10/1206 but signed a release
> of responsibility waiver and left before exam on both dates...."

[4] This is information outside the allegations contained in Breach's Complaint and is solicited information; it is almost like a *Rule 56(c)* proceeding, Summary Judgment". Breach refutes this issue because On January 30, 2007, Breach filed a document styled *"motion for leave to file amended complaint adding additional party"* (Court Doc. No. 11). In his "Amended Complaint", Breach attempted to explain the facts that have been incorrectly stated by the magistrate. Breach alleged in his Amended Complaint: "On or about December 23, 2006 defendant Brandon Kinard personally told plaintiff that on 10/06/06 Brandon Kinard had plaintiff transferred back to Kilby Correctional Facility in Alabama per the Alabama Dept. of Corrections' Office of Health Services for "an evaluation of plaintiff's left inguinal hernia". (See, p.14 parg.15) "On or about December 23, 2006, and upon plaintiff personally placing a true copy of the medical records of the plaintiff reflecting Dr. John A. Tassin's recommendation for surgery Defendant Kinard stated, "I am going to give you your surgery." [Defendant's did not have Breach's Medical Records reflecting LCS Dr. Tassin's recommendation, Breach also alleged "Inadequate Medical Record Keeping in his Complaint].

Refuting the waiver issues, in the Amended Complaint Breach alleged that "On December 21[st], 2006 Breach was called to go to sick call @ 4:30 a.m. At sick call plaintiff

---

[4] Medical Records are proper for Summary Judgment, Discovery, Disposition, and Interrogatories. Not 28 U.S.C. 1915(g) because naturally Defendants are going to oppose surgery. 1915(g) IS NOT a vehicle for determining the merits of a claim.

advised the medical staff [Nurse Lorraine Graves] that he didn't sign up for sick call, and questioned why was he there.  Breach stated that after waiting 7 to 8 hours at sick call, no-one knew the reason whay plaintiff was there, so Breach left and returned to his dorm. See, parg. 19 (Court Doc. 11)   "After speaking with Defendant Kinard on December 23, 2006, Breach was again called to sick call on an unknown date.  Again after 6 to 8 hours of waiting, Breach advised the medical staff [nurse practitioner] that Dr. John A. Tassin recommended surgery, and that Brandon Kindard from the Commissioner's Office stated that he was going to give Breach his surgery.  Breach asked the nurse practitioner at Kilby does he need to see the medical records. (They didn't have the records) Breach stated that the nurse practitioner stated: "*I don't know why you're here, you can sign a waiver.*"  Breach then told the nurse practitioner that he is going to the dorm to get the medical records.  Breach stated that Officer Robinson Co.I., would not allow Breach to return to sick call when Breach returned, Breach told Officer Robinson that he had to go get his copy of the medical records, and was ordered to return to his dorm. Breach advised in his Complaint that he wrote a letter to Defendant Brandon explaining this even. (See, p. 16 parg. 20 Court Doc. 11)

Breach complains that under the law his Complaint is suppose to be accepted as true. See, *McAlphin v. Towey*, 281 F.3d 709 (8th Cir. 2002).  On February 13, 2007 Breach filed a motion for leave to file response to the affidavit submitted by George Lyrene (Court Doc. 23) arguing by affidavit that it was improper to allow Dr. Lyrene to state an

opinion because Dr. Lyrene "**DID NOT**" exam, nor ever evaluated Breach's hernia. This is also an <u>inappropriate solicited information outside the Complaint</u>. Breach attempted to explain the matters concerning the waivers that the magistrate relied on, and that Breach <u>did not sign any waiver</u> pertaining to the hernia matter.

Breach shows that the facts and the record "special report" filed by the defendants' and the waivers that the magistrate relied on, are not accurate. On 10/06/06 *Exhibit "A"* clearly reflects that 10/06/06 Breach arrived at kilby Correctional Facility from Louisiana and had to report to medical for intake. The very same day 10/06/06 [*Exhibit "A"*] medical staff at Kilby signed Breach up for sick call pertaining to proscribed medication for "naprosys 500 mg. (*See the difference in the signatures*?) On 10/09/06 Breach did so signed a waiver of release stating that "*Because I don't need the medication*". See, Exhibit "B". On 10/11/06, Breach signed up for sick call stating "I need to get this "Medical" hold off of me so that I can be re-classed. It's concerning a hernia. I need to be released from medical." Exhibit "C". On 10/12/06 as alleged in the Amended Complaint, Breach waited 6 to 8 hours at medical; no one knew anything about a hernia because they did not have any medical records showing a hernia. Breach singed a waiver because it was a waste of time. (See, Records) There are no waivers pertaining to the hernia. This information is refuted, and incorrect. See, *Exhibit "D"*. [ <u>there is no evidence that Breach was advised to stay and see a Doctor on 11/22/2006</u>]

[5]Breach did not file this Complaint in this Court until December 2006. Defendants were ordered to respond.  All waivers are either pertaining to proscribed medication for ankle pain, or, as stated in the Amended Complaint, leaving medical to achieve the Medical Records, because the defendants DID NOT have Breach's Medical Records from Louisiana reflecting Dr. Tassin's recommendation for surgery.   The magistrate was incorrect on this matter.  It was not until after the filing of this Complaint, and Order by the magistrate judge for a response from the defendants that an evaluation was conducted. [only to refute the Complaint] and,  Dr. John A. Tassin is the ONLY doctor who conducted an actual physical exam Breach's hernia; and, recommended Breach's needs surgery.  Dr Robbins, nor Lyrene DID NOT conduct any physical exam on Breach, and basically because they are employees with the defendants, naturally they are going to oppose surgery. This evidence was improper at a 1915(g) stage.

## SUPPLEMENTAL OBJECTION NO 6

### THE UNITED STATES MAGISTRATE JUDGE DECIDED THAT OBTAINING A MEDICAL OPINION FROM DOCTOR JOHN A. TASSIN WOULD BE IRRELEVANT?

How can the doctor who made his recommendation that Breach need surgery be irrelevant in this case, but, the two defendant doctors who did not examine Breach are relevant?  This is error.

---

[5] Breach alleged in his 42 U.S.C. § 1983 Inadequate Medical Record Keeping as part of his suit.

*CONCLUSION*

Under the Authority Miller v. Meadows, 2005 U.S. Dist Lexis 17077 (M.D. Ga. 2005) and, Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir 2004), the United States Magistrate Judge solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his recommendation in this case. The law is "collateral evidence and argument in determining whether a plaintiff may proceed in forma pauperis is likely inappropriate." Miller supra. Breach ask that this Court remand this case, and allow Breach to proceed IFP in payments under 1915(g).

Done this 26 day March 2007

Marcellus Breach 160710
LCF 28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone Garrett
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid mailing First Class U.S. Mail on this _24_ Day of March, 2007

Marcellus Breach

MARCELLUS BREACH 170710
LIMESTONE C.F.
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

LEGAL MAIL
CORRESPONDENCE

HUNTSVILLE
27
2007
—PM

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

27    MAR
HUNTSVILLE, AL 358
—PM



*Exhibit "A"*



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: *Breach, Marcelus*  Date of Request: *10/6/06*
ID # *160710*  Date of Birth: *7/23/69* Location: *W-16*
Nature of problem or request:
*Transfer from Louisiana*
*Medication: Naprosyn 500mg T PO*
*Marcell Burk.*
                                                    Signature

**DO NOT WRITE BELOW THIS LINE**

Date: ____/____/____
Time: _____ AM PM
Allergies: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**

**(O)bjective**   (V/S): **T:** _____   **P:** _____   **R:** _____   **BP:** _____   **WT:** _____

*10/9/06 signed Walker*

**(A)ssessment:**

**(P)lan:**

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment      Return to Clinic PRN
CIRCLE ONE
Check One:   ROUTINE ( )     EMERGENCY ( )
        If Emergency was PHS supervisor notified:    Yes ( )    No ( )
              Was MD/PA on call notified:    Yes ( )    No ( )

_____
                    *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:   INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT


Exhibit "B"



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# RELEASE OF RESPONSIBILITY

Inmate's Name: _Breach, Marcelus 160710_

Date of Birth: _2/28/69_     Social Security No.: _____

Date: _10/9/06_     Time: _600_ A.M. / P.M.

This is to certify that I, _Marcellus Breach_ , currently in
(Print Inmate's Name)

custody at the _KILBY_ , am refusing to
(Print Facility's Name)

accept the following treatment/recommendations: _SiCkCall Because I_
(Specify in Detail)
_don't need the medication_

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this action/refusal and I personally assume all responsibility for my welfare.

_Marcellus Breach_          _Lorraine Armes_
(Signature of Inmate)**         (Signature of Medical Person)

_____         _____
(Witness)             (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60115 (5/85)

02/13/2007 TUE 14:48 FAX

*Exhibit "C"*

☑007



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

### PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: *Marcellus Breach*          Date of Request: *10/11/06*
ID # *160910*          Date of Birth: *2/28/69* Location: *West 16*
Nature of problem or request: *I need to get the "Medical" hold*
*off of me so that I can be Reclassed. This*
*Concerning a growth. I need to be Released*
*from medical*

*Marcellus Breach*
Signature

### DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

| RECEIVED |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**          *See note*

**(O)bjective** (V/S): **T:** _____  **P:** _____  **R:** _____  **BP:** _____  **WT:** _____

**(A)ssessment:**          *10/12/06*
*signed*
*Waiver*

**(P)lan:**

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment   Return to Clinic PRN
CIRCLE ONE
Check One:  ROUTINE ( )      EMERGENCY ( )
If Emergency was PHS supervisor notified:    Yes ( )      No ( )
Was MD/PA on call notified:    Yes ( )      No ( )

_____
*SIGNATURE AND TITLE*

WHITE:    INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

Exhibit "D" 10⁸²



**Nursing Evaluation Tool:**                    <u>General Sick Call</u>

Facility: Alabama Department of Corrections

Patient Name: BREACH, Marcellus
                    Last        First

Inmate Number: 160710          Date of Birth: 7 / 28 / 69
                                              MM   DD   YYYY    MI

Date of Report: 10 / 12 / 06    Time Seen: 6:00  (AM) PM  Circle One
               MM   DD   YYYY

**Subjective:** Chief Complaint(s): I have a medical Hold on me.
        Onset: I have an inguinal Hernia Lt x 2 yrs.
Brief History: 37 yo BM c̄ Hx LIH x 2 yrs
(Continue on back if necessary)

**Objective:** Vital Signs: (As Indicated) T: 97⁸  P: 70  RR: 18  B/P: 100 , 70 / 160  ☐ Check Here if additional notes on back
Examination Findings: A + O x 3  Resp. reg c̄ use. VS WNL  NAD
(Continue on back if necessary)

**Assessment:** (Referral Status)    Preliminary Determination(s): Pt in comfort  ☐ Check Here if additional notes on back
        ☐ Referral **NOT REQUIRED**                              R/T above statement
        ☒ Referral **REQUIRED** due to the following: (Check all that apply)
            ☐ Recurrent Complaint (More than 2 visits for the same complaint)
            ☒ Other: Need release written

**Comment:** You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

**Plan:** Check All That Apply:
        ☐ Instructions to return if condition worsens.
        ☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
        ☐ Other: _____
              (Describe)
OTC Medications given ☒ NO  ☐ YES (If Yes List): _____

Referral: ☐ NO ☒ YES (If Yes, Whom/Where): B Adams CRNP          Date for referral: 10 / 12 / 06
                                                                            MM   DD   YYYY
Referral Type: ☐ Routine ☐ Urgent ☐ Emergent (if emergent who was contacted?): _____  Time

x _Lorraine LPN_          Name: Lorraine Graves
   Nurses Signature                    Printed





**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

# RELEASE OF RESPONSIBILITY

Inmate's Name: _Breach, Marcellus 193411_

Date of Birth: _7/28/69_                    Social Security No.: _____

Date: _10/12/06_                    Time: _____ _600_ (A.M. / P.M.)

This is to certify that I, _Marcellus Breach_ , currently in
                          (Print Inmate's Name)

custody at the _____ _KILBY_ , am refusing to
                          (Print Facility's Name)

accept the following treatment/recommendations: _Sick call because I_
                          (Specify in Detail)

_Cun't handle this mentAlly_

---

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this action/refusal and I personally assume all responsibility for my welfare.

_X Marcellus Breach_                    _Lorraine Graves_
(Signature of Inmate)**                    (Signature of Medical Person)

_____                    _____
(Witness)                    (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED


Exhibit "I"

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus | D.O.B.: 7/28/69 |
|---|---|---|

| | |
|---|---|
| 5/05/05 | (S) C/O LBP, hernia pain, (L) foot pain. Hypoglycemia |
| 1600 | (PMH) Trauma to LS spine from fall. Reports 2 compression fx's |
| | calcaneal fx, (L) foot. From the fall |
| 138/82 | Inguinal hernia x 1 year |
| 154 lbs | Hypoglycemia since adolescence |
| 97² | (PE) NAD w̄ pleasant affect.        2 cm, irregular red patch |
| P=104 | Speech, conversation nl        on abd. central bite mark |
| R=12 | Gait nl |
| | (L) foot with boney changes involving calcaneus |
| | 3x5 cm inguinal hernia on (L), not into scrotum |
| | (A) • Hypoglycemia |
| | (P)    ↑ sack lunch qd. The sandwiches to he used to |
| | avoid hypoglycemia |
| | • Inguinal hernia — truss issued |
| | • foot/ankle pain — ankle wrap |
| | X-rays of LS spine and foot. |
| | • LBP — tylenol prn |
| | • Keflex bid x 7∂ for possible cellulitis |
| | • Profiles written |
| | M.W. Bosserman, MD |