IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

2007 APR -6  A 9: 06

CLERA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CASE NO: 2:06-cv-1133 |
| | ) | |
| PRISON HEALTH SERVICES, INC., | ) | |
| Defendants. | ) | |

## MOTION TO ALTER, AMEND, VACATE JUDGMENT

**COMES NOW**, the Plaintiff Marcellus Breach, (hereinafter "Breach") in proper person "Pro se" moves the court to either "Alter, Amend, or Vacate" its order on March 27th 2007 adopting the Recommendation of the Magistrate Judge denying Breach leave to pursue this civil action in forma pauperis 28 U.S.C. 1915(g), (Court Doc #2) and shows unto the court that Breach properly alleged in his Complaint, and showed "imminent danger of serious physical injury"; and, the United States Magistrate Judge <u>solicited information outside the allegations</u> contained in Breach's Complaint and Amended Complaint prior to making his recommendation in this case was inappropriate. Breach in support shows as follows:

1

### FACTS

Breach filed this civil rights action 42 U.S.C. § 1983 on *December 22, 2006* (Court Doc. #2) complaining that he has been denied "recommended surgery" for a left inguinal hernia. Breach asserted "imminent danger of serious injury" in his Complaint and in the application for a preliminary injunction. Breach maintains that as to today, he is still in pain, discomfort, having problems with coughing, sneezing, and bowel movements because this hernia causes his pain doing these normal human activities.

Breach argued that *"at times his hernia comes out and is not easily reducible' and is painful*...My hernia can rupture, possible strangulation at 'any' time. "I cannot exercise, lift weight...participate in 'any rehabilitative programs...because of this hernia." *Plaintiff's February 13, 2007 Response – Court Doc. 23 @ 5-6.* Breach still maintains that on March 21, 2006 Dr. John A. Tassin, a physician at the private prison in Louisiana to which he had been transferred by the Alabama Department of Corrections, prepared "a doctor report' and recommendation ... that Breach's inguinal hernia '<u>needs repair</u>'... [O]n 7-12-2006 the Alabama Department of Correction's Commissioner's Office through defendant Ruth Naglich 'denied' approval of costs for plaintiff to receive surgery as recommended..." *Plaintiffs Complaint – Court Doc. <u>1@7</u>.*

2

## SUMMPLEMENTAL OBJECTION

### "WHETHER THE UNITED STATES MAGISTRATE JUDGE SOLICITED INFORMATION OUTSIDE THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT WAS INAPPROPRIATE."

Yes!    In Breach's initial filing of his objections, Breach raised the issue to this Court for de novo that the Magistrate Judge considered _EVIDENCE, AFFIDAVITS_, from the Defendants that was outside the Complaint.  Breach argues that 28 U.S.C. 1915(g) "is not" a vehicle for determining the merits of a claim." See, **Ciarpoglin v. Saini**, 353 F.3d (@) 331 (7th Cir. 2003). (Order of January 10, 2007 – Court Doc. No. 8)

28 U.S.C. § 1915(g) is a heavy burden in which this Court ought not to single out what constitutes "imminent danger of serious injury." § 1915(g) is a confusing statute, and Courts are split in dealing with problematic situations as this; and, what a prisoner like Breach must prove in order to be granted in forma pauperis?  However, the Magistrate Judge Ordered that a responsive pleading by the defendants be filed. Nonetheless, this was/is error, and contorts a judicial remedy for Breach is seek relief, but the order of for an responsive pleading from the defendants at the outset is a judicial forestall; because, in _Miller_, the United States District Court dealt with a very identical issue as Breach, and in _Miller_, the Court held that the Magistrate Judge solicited information outside the allegations was found inappropriate.  The Court held: See, Miller _v. Meadows_, 2005 U.S. Dist. Lexis 17077 (M.D. 2005) addressing the very same type of situation as follows:  the Court said:

"This Court of course, acknowledges the fact that the United States Magistrate Judge <u>solicited information outside the allegations contained in Plaintiff's Complaint and Amended Complaint prior to making his recommendation in this case.</u> However, **consideration of collateral evidence and argument in determining whether a plaintiff may proceed in forma pauperis is likely inappropriate.** Rather, this is a decision that should be made by the Court on the <u>basis</u> of the <u>allegations</u> plead on the <u>face</u> of the <u>Complaint</u>. See, e.g., *Brown*, 387 F.3d @ 1350 ("the issue is whether [the plaintiff's] <u>complaint,</u> as a <u>whole, alleges imminent danger of serious injury</u>)(emphasis added); *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998)(prior to denying leave to proceed IFP, court must review a frequent filer prisoner's well pled allegations to ensure that the prisoner is not under imminent danger of serious physical injur7y.'")(Emphasis added). This Court did not find any case law placing the burden on a plaintiff, who seeks to proceed in forma pauperis, **to come forward with evidence and argument establishing that he is actually in imminent danger of serious physical injury prior to the grant of in forma pauperis status."** Id.

In this case, the United States Magistrate Judge did so<u>, inappropriately considered and solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his determination in this case.</u> *<u>Breach asks of this Court to acknowledge this.</u>*

Furthermore, in ***Margiotti v. Nichols***, 2006 U.S. Dist. Lexis 28710 (N.D. Fla. 2006) the Court held in dealing with a 28 U.S.C. § 1915(g) situation very similar to this case: "<u>The issue before the court is whether Plaintiff is under imminent danger of serious physical injury and, therefore, entitled to proceed in forma pauperis. Circuit court cases have been helpful in determining what a prisoner such as the plaintiff with three strikes must show in order to be allowed to proceed in forma pauperis.</u> According to the

Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] *Complaint*, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the *Complaint, which must be construed liberally and the allegations of which must be accepted as true*." See, i.d., *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. [1](See, *Affidavits Court Doc. No.21 by George Ivey Bryant, James Reagan, Larry Patterson, Michael L. Hall*).

The Magistrate Judge's Order of January 10, 2007 – (Court Doc. No 8.) has been considered in *Mille*, to be *inappropriate* and it was error for the Magistrate Judge to solicit *information outside* the allegations contained in Breach's Complaint and Amended Complaint. *Miller* supra. In *Miller v. Meadows*, the Court held: "Obviously frequent filers such as Plaintiff may sometimes make meritless allegations of imminent danger so they can proceed with litigation without paying the requisite filing fee. However, that danger alone is not cause to cursorily dismiss claims brought by frequent filers; rather, such

---

[1] Breach presented four affidavits from laymen person explaining that Breach's hernia is the size of a Soft Ball.

allegations should be closely scrutinized by the courts when a review is made under 1915...[W]ith that Authority in mind, the court now turns to the Complaint and Amended Complaint filed in this case." Id.

The Magistrate Judge specifically stated on page 3 of his recommendation:

"Counsel filed responses in compliance with this order, including affidavits from medical personnel and copies of Breach's medical records, which specifically refute the allegations made by Breach that he has been denied necessary medical treatment."

The Magistrate Judge initiated Breach into becoming belligerent with the defendants by allowing the responsive pleading, and collateral evidence that was a Chimerical designed to oppose Breach's allegations seems incongruous with § 1915(g).

As a result of this, because the United States Magistrate Judge *solicited information* outside the allegations contained in Breach's Complaint; and, Amended Complaint: such collateral evidence and arguments by defense counsel, doctors, nurse practitioners, medical records, was inappropriate and inimical to the allegations alleged in Breach's Complaint and Amendment Complaint which is suppose to be the only issue before the Court. (Not a Summary Judgment issue)

6

### THE MAGISTRATE JUDGE RELIED ON EVIDENCE DESIGNED TO REFUTE BREACH'S ALLEGATION IS NOT PROPER UNDER 28 U.S.C. § 1915(G)

The Magistrate Judge stated in his Order and Recommendation Page 7 as follows:

> "Breach's mere lay conjecture that surgery on his hernia is medically necessary at this time is <u>refuted</u> by the <u>affidavits</u> of two physicians board certified in internal medicine."

Breach argues that because the Magistrate Judge solicited information outside the allegations contained in Breach's Complaint and Amended Complaint: the magistrate relied on refuted evidence that was not proper at a 1915(g) proceeding. *28 U.S.C. § 1915(g) 'is not' a vehicle for determining the merits of a claim. See, Ciarpaglin v. Saini,* 352 F.3d @ 331 (7th Cir. 2003). [2] Nevertheless, reiterated, this case went from a 28 U.S.C. § 1915(g) to a somewhat "Summary Judgment" Rule 56(c) Fed.R.Civ.P., because, "Summary judgment is proper 'if the pleading, deposition, answers to interrogatories, and admissions on file, together with <u>affidavits</u>, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter law.'" *E.g., Skoak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912 (5th Cir. 1992)(quoting FED.R.CIV.P. 56(c). )

Consequently, this proceeding was improper, and Breach request that by law that a federal court need not defer to a *"prison doctor"* legal opinion as to the extent of the State's duties under the majestic framed Eighth Amendment.    A prison doctor "is

---

[2] Defendants were not served with the Complaint pursuant to Rule 4 Fed. R. Civ. P. nor was there a 1915 screening process.

*employed by the defendants"*, naturally, he is going to oppose the surgery to support the de facto policy of not repairing hernias. Thus, "a federal court is not required to blindly defer to the judgment of prison doctor's or administrators in determining whether there has been deliberate indifference to an *inmate's* serious medical needs". See, *Hunt v. Dental Dept*, 865 F.2d 198, 200 (9th Cir. 1989); *Delker v. Maass*, 843 F.Supp @ 1398.

What is so interesting here is, The United States Supreme Court has held that hernias are *"a source of constant danger"*; and *"proves fatal"* and must be repaired. Under Alabama Workers Compensations Law it has been held that hernias "must" be repaired, and federal courts have also have held that hernias are *"a condition that may result in serious injury or even death."* Instead, the Court has allowed "prison doctors" who have not examined Breach's injury, and totally prevaricated Dr. John A. Tassin's Order and Recommendation for surgery is a manifest wrong.

In *Russell David Faulkner v. Carl Griffith, Jr., et al.,* the United States District Court for the Eastern District of Texas, Beaumont Division, 1995 US Dist LEXIS 1150, 1995 U.S. Dist. LEXIS 1150, the Fifth Circuit dealt with an inguinal hernia; the Court held: **"The issue is not whether plaintiff has been classified as needing surgery, because such classifications may be arbitrary, but whether denial of the surgery ignores a medical condition which causes significant pain, so that requiring plaintiff to endure it without remedy constitutes cruel and unusual punishment."** [See, attached Exhibit "A"]

The law in this case is that "Prisoners must not be forced to endure needless suffering from the painful and untreated affects of an accident or serious illness." See, *Estelle v. Gamble*, 429 U.S. @ 105, 97 S.Ct. @ 291. Breach has stated a claim based on complaints of pain and discomfort due to his hernia and that Defendants refused to follow Doctor Tassin's recommendation for surgery, is sufficient to state a claim that in regards to his inguinal hernia; and, the United States Supreme Court has recognized that this injury must be repaired, and an injury of this sort not only presents a well-defined risk of incarceration with possible strangulation of the bowel, but also is itself painful and will limit activity. See, *Delker v. Mass*, 843 F. Supp 1390 (D.Or. 1994) dealt with facts directly on point with Breach regarding "inguinal hernia".  Reiterated, the Court in *Delker v. Maass*, 843 F. Supp. 1390 (D.Or. 1994) held that an inguinal hernia is as follows:

> "An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of the intestine pokes through this hole.  A hernia is "easily reducible" if, when the peritoneum bulges through the outer abdominal wall, the patient can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia can become acutely incarcerated.  An acutely incarcerated hernia that is not treated within 6 to 8 hours may become strangulated (i.e., the intestinal loop protruding through the abdominal wall becomes constricted), a condition that may result in serious injury or even death.  An acutely incarcerated hernia also can cause pain and limit activity in some patients." **Id @ 1393**.

Rendition under the law is, "[a]n inmate must relay on prison authorities to treat his medical needs.  The government therefore has an obligation to provide medical care

for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed. 2d 251 (1976).

Under <u>Workers Compensation Law</u> for Alabama State employees, dealing with how Alabama law defines hernias and that the defendant's had the "duty" by law, to provide necessary medical treatment to Breach is germane.  Under Alabama law, Section **§ 25-5-57 (a)(6)(b),** *Code of Alabama,* (1975) provides:

> "b. **Treatment.** -- All hernia, inguinal, femoral, or otherwise, proved to be the result of an injury by accident arising out of and in the course of the employment, <u>shall be treated in a surgical manner by radical operation.</u> If the injured employee refuses to undergo the radical operation for the cure of the hernia, no compensation will be allowed during the time the refusal continues. If, however, it is shown that the employee has some chronic disease or is otherwise in physical condition that the court considers it unsafe for the employee to undergo the operation, the employee shall be paid as otherwise provided in this chapter."

The Alabama Supreme Court defines "hernia—a condition which, to be corrected, *would require surgery.*" See, *Proctor Agency, Inc. v Anderson*, 358 So.2d 164-165 (Ala.1978). "Conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" See, *Travelers Indem. Co. of Illinois v. Griner*, 809 So. 2d 808, 810 (Ala. 2001) (quoting *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980) (citations omitted).

There is evidence to show that Doctor Bossermer [See, *"Plaintiff's Supplemental Written Objections To The Magistrate Judge's Order and Recommendation and Request For De Novo Review"*] noted while examining Breach 05/05/2005, that there is/was pain. due to this hernia.  Records only reflect this hernia has been of one year, nonetheless, how long Breach has had this injury does not matter because Doctor Tassin on 3-21-2006 stated that Breach's hernia needs repair and the defendant's *refused* to follow that recommendation is deliberate indifference.  Breach complained that his hernia is getting worse, and causes sever pain and discomfort. A hernia can rupture at anytime, is imminent danger.

In Breach's Complaint and Amended Complaint, Breach complained that he has pain when coughing, sneezing and taking bowel movements.  Alabama Courts address hernias, and order surgery.  In ***Soti v. Lowe's Home Center, Inc.***, the Court said: "The abdominal incision weakened the muscle wall holding ***Soti's*** intestines in the abdominal cavity.  This allowed ***Soti's*** intestines to bulge through the muscle wall and create a swollen area on his abdomen almost a year after the surgery had been performed." See, ***Soti v Lowe's Home Centers, Inc.***, 2005 Ala. Lexis 15 (1-14-05)  "A claim of this nature is cognizable as a writ of certiorari. See, ***Singleton v Ala. Dept. of Corrections***, 819 So.2d 596 (Ala.2001); State **Department of Corrections v Marks,** 659 So.2d 647 (Ala.Civ.App.1995) (Montgomery Circuit Court ordered surgery).

The United States Supreme Court noted the seriousness of a hernia:

> "A hernia, if properly managed, is not immediately dangerous to the patient, does not affect his health, or materially diminish his enjoyments; **but it is a source of constant danger,** <u>since violent exercise or sudden exertion may bring it from a perfectly innocent state into a condition which frequently proves fatal</u>. . . . The treatment of rupture," he adds, "demands from all these circumstances as great a combination of anatomical skill, with experience and judgment, as that of any disorders in surgery." *See, **Aetna Life Ins. V France**, 91 U.S. 510, 515 (1876).

Breach asks of the Court to obtain information pursuant to <u>Rule 201(b)</u> Fed.R.Civ.P., "judicial notice" of public information. See, ***Cash Inn of Dade Inc., v. Metro Dade County,*** 938 F.2d 1239, 1243 (11ᵗʰ Cir. 1991)(judicial notice of public records appropriate); ***Ubuy Holdings Inc., v. Gladstone,*** 340 F. Supp 2d 1343, 1346 (S.D. Fla. 2004)("A district court may ... take judicial notice of public records")(citations omitted). As might be expected, the American Family Physician has stated in "***Surgical Options in the Management of Groin Hernias*** held:

> "Inguinal and femoral hernias are the most common conditions for which primary care physicians refer patients for surgical management. Hernias usually present as <u>*swelling accompanied by pain*</u> or a dragging sensation in the groin... ***Surgical repair is usually advised because of the danger of incarceration and strangulation, particularly with femoral hernias....*** " See, ***American Family Physician, Surgical Options in the Management of Groins***

12

*Hernias,* author by, Tim Bax, M.D., Brett C. Sheppard, M.D., and Richard A. Crass, M.D. Oregon Health Science University, Portland Oregon *See, refer to* @ http://www.afp.org/afp/990101ap/143.html

See, *Surgical Options in the Management of Groin Hernias-January 1, 1999- American Acad...Page 1 of 17.*

[3] Medical experts have held that the *ONLY way to stop a hernia is to repair it.* In *Delker* supra, the Court held: "*Prison officials cannot simply ignore hernias.* Id @ 843 F. Supp 1390

In Breach's case, his unincarcerated hernia causes pain, and Breach has problems coughing, sneezing and bowel movements, which requires Breach to be restricted to his daily activities; also, experiencing considerable anxiety from the un-repaired hernia. i.e., very sore hernia, tenderness. [Defendants know this]  Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment, or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.  The law is established in *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988) following *Estelle v. Gamble*, 429 U.S. 97, 103 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976) that a condition need not be life threatening to be deemed serious:" **First, "a medical need "is' 'serious' if it is one that has been diagnosed by a physician as mandating treatment".** See, *Hill v. Dekalb Reg'l Youth Detention Center*, 46 F.3d 1176 (11th Cir. 1994) Second, "a need is serious if it "one that is

---

[3] See, Hernia Terminology @ www.hernia.org/whatsport.html

13

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Third*, a need is serious if it causes pain. *Fourth*, if the medical condition "significantly affects an individuals daily acts," it may be deemed serious, <u>finally,</u> if the condition offers the possibility of a life long handicap or permanent loss, it may be considered serious". See, *Hill v. Dekalb* supra, *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990).

Court have held that "<u>An injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are indications that a prisoner has a "serious" need for medical treatment</u>." See, *Delker v. Mass*, 843 F Supp 1390 (D.Or. 1994) quoting, *McGucklin,* 974 F.2d @ 1059-60.

"A reasonable public official would have known that there are circumstances in which the Eighth Amendment requires prison officials to pay for "elective" surgery to repair a hernia, and that a categorical refusal to repair un-incarcerated hernias violates the Eighth Amendment. See, *Jones v. Johnson*, 781 F.2d 769 (9th Cir. 1986); *Johnson v. Clinton*, 763 F.2d 326, 328 (8th Cir. 1985).

The defendants simply cannot ignore hernias. They have a constitutional duty to provide services needed, especially in this case where the hernia causes Breach pain, and discomfort. The "duty" also applies to medical conditions that may result in pain and

suffering that which serve no legitimate penological purpose. See, *Estelle*, 429 U.S. @ 113,

97 S.Ct. @ 290 also *Jones*, 781 F.2d @ 771-72 (*hernia which result in pain, suffering and the*

*inability to perform a prison job is a serious medical need which prison doctors may not*

*ignore.*).  It ought to be clear unto the court that Breach does have a "serious medical

injury" and the ONLY way to alleviate his pain and discomfort is surgery that the

defendant's refuse.

### *"WHETHER THE MAGISTRATE JUDGE RELIED ON INFORMATION NOT CORRECTLY SUPPORTED BY THE RECORD?"*

Yes!   [Court Doc.# 36. p.5] of the magistrate's recommendation is completely

prevaricated from the facts in this case.  The magistrate allowed the defendants to "have

a chance to clear up their mess" because, the magistrate held on page. 6 as follows:

> "On December 21, 2006, nurse Lorraine Graves evaluated Breach
> regarding his left inguinal hernia and referred him to the certified
> registered nurse practitioner for examination.  The progress notes
> for this date establish that Breach "came down for screening and
> vital signs but left before exam despite counseling from [nurse
> practitioner] that he need to stay. Chart review shows that he
> signed up for sick call on 10/9/2006 & 10/1206 but signed a release
> of responsibility waiver and left before exam on both dates...."

[4] This is information outside the allegations contained in Breach's Complaint and

is solicited information; it is almost like a <u>Rule 56(c)</u> proceeding, Summary Judgment".

Breach refutes this issue because On January 30, 2007, Breach filed a document styled

<u>*"motion for leave to file amended complaint adding additional party"*</u> (Court Doc. No. 11). In his

---

[4] Medical Records are proper for Summary Judgment, Discovery, Disposition, and Interrogatories. Not 28 U.S.C. 1915(g) because naturally Defendants are going to oppose surgery.  1915(g) IS NOT a vehicle for determining the merits of a claim.

"Amended Complaint", Breach attempted to explain the facts that have been incorrectly stated by the magistrate. Breach alleged in his Amended Complaint: "On or about December 23, 2006 defendant Brandon Kinard personally told plaintiff that on 10/06/06 Brandon Kinard had plaintiff transferred back to Kilby Correctional Facility in Alabama per the Alabama Dept. of Corrections' Office of Health Services for "an evaluation of plaintiff's left inguinal hernia". (See, p.14 parg.15) "On or about December 23, 2006, and upon plaintiff personally placing a true copy of the medical records of the plaintiff reflecting Dr. John A. Tassin's recommendation for surgery Defendant Kinard stated, "I am going to give you your surgery." [Defendant's did not have Breach's Medical Records reflecting LCS Dr. Tassin's recommendation, Breach also alleged "Inadequate Medical Record Keeping in his Complaint].

Refuting the waiver issues, in the Amended Complaint Breach alleged that "On December 21st, 2006 Breach was called to go to sick call @ 4:30 a.m. At sick call plaintiff advised the medical staff [Nurse Lorraine Graves] that he did not sign up for sick call, and questioned why was he there. Breach stated that after waiting 7 to 8 hours at sick call, no one knew the reason why plaintiff was there, so Breach left and returned to his dorm. See, parg. 19 (Court Doc. 11) "After speaking with Defendant Kinard on December 23, 2006, Breach was again called to sick call on an unknown date. Again after 6 to 8 hours of waiting, Breach advised the medical staff [nurse practitioner] that Dr. John A. Tassin recommended surgery, and that Brandon Kindard from the Commissioner's

16

Office stated that he was going to give Breach his surgery.  Breach asked the nurse practitioner at Kilby does he need to see the medical records. (They did not have the records) Breach stated that the nurse practitioner stated: "*I don't know why you're here, you can sign a waiver.*"  Breach then told the nurse practitioner that he is going to the dorm to get the medical records.  Breach stated that Officer Robinson Co.I., would not allow Breach to return to sick call when Breach returned, Breach told Officer Robinson that he had to go get his copy of the medical records, and was ordered to return to his dorm. Breach advised in his Complaint that he wrote a letter to Defendant Brandon explaining this even. (See, p. 16 parg. 20 Court Doc. 11)

Breach complains that under the law his Complaint is suppose to be accepted as true. See, *McAlphin v. Towey*, 281 F.3d 709 (8th Cir. 2002).  On February 13, 2007 Breach filed a motion for leave to file response to the affidavit submitted by George Lyrene (Court Doc. 23) arguing by affidavit that it was improper to allow Dr. Lyrene to state an opinion because Dr. Lyrene "**DID NOT**" exam, nor ever evaluated Breach's hernia. This is also inappropriate solicited information outside the Complaint.  Breach attempted to explain the matters concerning the waivers that the magistrate relied on, and that Breach did not sign any waiver pertaining to the hernia matter.

Breach shows that the facts and the record "special report" filed by the defendants' and the waivers that the magistrate relied on, are not accurate.  On 10/06/06 *[Exhibit "A" Plaintiff's Supplement Written Objections]* clearly reflects that 10/06/06 Breach arrived at

kilby Correctional Facility from Louisiana and had to report to medical for intake.  The very same day 10/06/06 [*Exhibit "A" "Plaintiff's Supplement Objections]* medical staff at Kilby signed Breach up for sick call pertaining to proscribed medication for "Naprosys 500 mg. (*See the difference in the handwriting*?)  On 10/09/06 Breach did so signed a waiver of release stating that "*Because I don't need the medication*". [*See, Exhibit "B" Supplement Objection]*  On 10/11/06, Breach signed up for sick call stating "I need to get this "Medical" hold off of me so that I can be re-classed.  It is concerning a hernia.  I need to be released from medical."[*See, Exhibit "C" Plaintiff's Supplement*]  On 10/12/06 as alleged in the Amended Complaint, Breach waited 6 to 8 hours at medical; no one knew anything about a hernia because they did not have any medical records showing a hernia.  Breach singed a waiver because it was a waste of time.  (See, Records)  There are no waivers pertaining to the hernia.  This information is refuted, and incorrect. [*Plaintiff's Supplement,* **Exhibit "D"**]  [There is no evidence that Breach was advised to stay and see a Doctor on 11/22/2006]

[5]Breach did not file this Complaint in this Court until December 2006. Defendants were ordered to respond.  All waivers are either pertaining to proscribed medication for ankle pain, or, as stated in the Amended Complaint, leaving medical to achieve the Medical Records, because the defendants DID NOT have Breach's Medical Records from Louisiana reflecting Dr. Tassin's recommendation for surgery.  The magistrate was incorrect on this matter.  It was not until after the filing of this Complaint, and Order by

---

[5] Breach alleged in his 42 U.S.C. § 1983 Inadequate Medical Record Keeping as part of his suit.

the magistrate judge for a response from the defendants that an evaluation was conducted [only to refute the Complaint] and, Dr. John A. Tassin is the ONLY doctor who conducted an actual physical exam Breach's hernia; and, recommended Breach's needs surgery. Dr Robbins, nor Dr. Lyrene DID NOT conduct any physical exam on Breach, and because they are employees with the defendants, naturally they are going to oppose surgery. This evidence was improper at a 1915(g) stage.

### THE UNITED STATES MAGISTRATE JUDGE DECIDED THAT OBTAINING A MEDICAL OPINION FROM DOCTOR JOHN A. TASSIN WOULD BE IRRELEVANT?

How can the doctor who made his recommendation being Doctor John A. Tassin, that Breach's hernia "need repair" be held irrelevant in this case? The Magistrate Judge solicited information outside the allegations contained in this case was inappropriate. Beside, the two defendant doctors did not examine Breach, how is it relevant? This is error.

### CONCLUSION

This Court ought to vacate its order under the Authority of *Miller v. Meadows,* 2005 U.S. Dist Lexis 17077 (M.D. Ga. 2005) and, *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir 2004), the United States Magistrate Judge solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his recommendation in this case. The law is "collateral evidence and argument in determining whether a plaintiff may proceed in forma pauperis is likely inappropriate."

*Miller* supra.  Breach asks that this Court remand this case, and allow Breach to proceed

IFP in payments under 1915(g).

Done this _3_ day ~~March~~ *April* 2007

Marcellus Breach

Marcellus Breach 160710
LCF 28779 Nick Davis Rd.
Harvest, Alabama 35749


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone Garrett
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid mailing First
Class U.S. Mail on this _3_ Day of ~~March,~~ 2007
*April*

Marcellus Breach

Marcellus Breach

20

RUSSELL DAVID FAULKNER v. CARL GRIFFITH, JR., ET AL.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

1995 US Dist LEXIS 11501995 U.S. Dist. LEXIS 1150

NO. 1:93-CV-608

January 25, 1995, Decided

January 25, 1995, Filed

Counsel            Russell Faulkner, Plaintiff, pro se.

For Defendants: Richard Baker, Assistant District Attorney.

Judges: EARL S. HINES, UNITED STATES MAGISTRATE JUDGE

Opinion

Opinion by:        **EARL S. HINES**

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Russell David Faulkner, formerly a prisoner of the Jefferson County Correctional Facility, brings this action against the Sheriff of Jefferson County, Carl Griffith, Jr., the Jefferson County Commissioners' Court, and Stat Care Inc., pursuant to Title 42 U.S.C. § 1983. Plaintiff claims the medical care he received was administered in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

7

This action was referred to a United States magistrate judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case. The parties subsequently consented to trial and disposition before the undersigned United States magistrate judge. Pending is defendants' motion for summary judgment.

## I. Nature of the Case

Plaintiff had an *inguinal hernia* at the time he entered the Jefferson County Jail. He visited the jail's on-site medical services several times with complaints of pain and was prescribed ibuprofen. On June 17, 1993, the condition caused his work assignment to be designated "Do Not Assign." He was referred to an outside physician, Dr. D.L. Horton, who diagnosed his condition as a left inguinal hernia, easily reducible.1 Dr. Horton noted this condition "should be pursued electively." He later noted the hernia "should be repaired" and "could become an emergency." On December 8, 1993, plaintiff was issued a "hernia belt" which plaintiff alleges was several sizes too big and therefore provided no relief from pain. Plaintiff stated the pain "comes and goes" and often he has severe burning in his groin, especially when relieving himself.

## II. The Motion for Summary Judgment

Indulging the court's penchant for brevity, the defendants submit the following motion for summary judgment:

8

**I.** Plaintiff seeks surgery for a hernia.

**II.** Plaintiff has been referred by the medical care provider at the Jefferson County Detention Center to an outside surgeon, Dr. Horton.

**III.** Dr. Horton has examined plaintiff both before and after this lawsuit has been filed and calls this surgery elective. The doctor also says it could become an emergency. See Exhibit 1, Plaintiff's medical record attached hereto and made a part hereof.

**IV.** There is no issue of material fact that shows plaintiff is in need of surgery.

Defendants' Motion for Summary Judgment, at 1-2.

Plaintiff has made no response to the motion.

## III. Discussion

Federal Rule of Civil procedure 56(c) states that summary judgment shall be rendered if "there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) . The movant has the burden of proving the lack of a genuine issue as to all the material facts. Celotex **Corp. v. Catrett**, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); **Galindo v. Precision American Corp.**, 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the court must make a threshold inquiry in determining whether there is a need for trial. In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they

may reasonably be resolved in favor of either party. **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Summary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact. **Smith v. Xerox Corp.**, 866 F.2d 135, 137 (5th Cir. 1989), quoting **Bynum v. F.M.C. Corp.**, 770 F.2d 556, 576 (5th Cir. 1985); FED. R. CIV. P. 56(c) .

Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously. **Jackson v. Procunier**, 789 F.2d 307 (5th Cir. 1986). In prisoner pro se cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." **Murrell v. Bennett**, 615 F.2d 306, 311 (5th Cir. 1980).

To establish a claim of inadequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. **Estelle v. Gamble,** 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); **Green v. McKaskle**, 788 F.2d 1116, 1126 (5th Cir. 1986); **Johnstonv. Lucas**, 786 F.2d 1254, 1259 (5th Cir. 1986). See **Daniels v. Williams,** 474 U.S. 327, 106 S. Ct. 662, 663-66, 88 L. Ed. 2d 662 (1986). Generally, the test for deliberate indifference has two prongs. First, whether the deprivation of medical care was sufficiently serious, and second, whether there existed a culpable state of mind. **Wilson v. Seiter,** U.S., 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L.

10

Ed. 2d 271, 279 (1991). The necessary mental state recently has been defined as "the subjective recklessness as used in the criminal law." **Farmer v. Brennan,** U.S., 114 S. Ct. 1970, 1980, 128 L. Ed. 2d 811 (1994). Deliberate indifference therefore results when a government official is actually aware of facts that indicate a "substantial risk of serious harm exists," id. at , 114 S. Ct. at 1979, and then disregards those risks.

The first issue in this case is whether the condition of which plaintiff complains is sufficiently painful and serious to warrant medical care. Because there are material issues of fact present in this query, the court does not reach analysis of the second prong, that is, state of mind.

There is no clear definition of what constitutes a "serious medical need." The Eighth Amendment embraces the treatment of medical conditions which may cause future health problems. **Helling v. McKinney,** U.S., 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). However, courts remain split on whether the denial of medical care classified as "elective" constitutes cruel and unusual punishment. See  **Johnson v. Bowers**, 884 F.2d 1053, 1056 (8th Cir. 1989) (prisoner waiting six years for elective arm surgery was entitled to relief); **Cotton v. Hutto**, 540 F.2d 412 (8th Cir. 1976) (inmate who experienced a hernia while in prison pleaded facts showing the denial of surgery may show deliberate indifference); **Delker v. Maass**, 843 F. Supp. 1390 (D. Ore. 1994) (<u>deliberate indifference evidenced in surgical delay for non-incarcerated, inguinal hernia</u>); **West v. Keve,** 541 F. Supp. 534 (D. Del. 1982) (prison officials violated Eighth Amendment by not furnishing

elective surgery for condition causing varying degrees of pain). But see **Caldwell v. Moore,** 968 F.2d 595 (6th Cir. 1992) (no deliberate indifference shown where immediate medical attention not required); **Jackson v. Fair**, 846 F.2d 811 (1st Cir. 1988) (Constitution does not guarantee inmate treatment of his choice and therefore no deliberate indifference exhibited).

In **Delker v. Maass**, an inmate experienced a two year delay in surgery for a non-incarcerated hernia. **Delker,** 843 F. Supp. at 1392. The district court found the plaintiff had been injured by the delay in treatment. The district court also rejected "any suggestion that prison officials may avoid their duty to provide medical treatment by the simple expediency of labeling such a treatment as 'elective.'" Id. at 1399. The court noted, however, "that this is not to say that prison officials must provide breast augmentation surgery or tummy tucks." Id.

This is the material question of fact in the case at hand: Is plaintiff's condition extraordinary painful, so that denial of the surgery amounted to cruel and unusual punishment? Given the evolving opinions of Dr. Horton, however, it cannot be said this case rests on a mere difference of opinion between plaintiff and jail officials regarding appropriate medical treatment. **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991). The issue is not whether plaintiff has been classified as needing surgery, because such classifications may be arbitrary, but whether denial of the surgery ignores a medical condition which causes significant pain, so that requiring plaintiff to endure it without

remedy constitutes cruel and unusual punishment. This question is better settled by a

trier of fact than on a dispositive motion. Consequently, it is

**ORDERED** that defendants' motion for **summary judgment is DENIED.**

**SIGNED** this 25 day of January, 1995.

**EARL S. HINES**

**UNITED STATES MAGISTRATE JUDGE**

**Footnotes**
**Footnotes**
1        An inguinal hernia occurs when a portion of the small intestine protrudes
through an opening in the lining of the abdominal wall. A hernia is easily reducible if the
patient can manipulate the hernia sac to its proper position without medical assistance.
1995 U.S. Dist. LEXIS 1032::Rodgers v. International Org. of Masters::January 24, 1995,
Decided

Marcellus Breach Ais 160710
Limestone C.F. J-17A.
28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

LEGAL MAIL
CORRESPONDENCE

"This correspondence is forwarded from
an Alabama prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.''

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101



