RECEIVED
MAY 3 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710, | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )   CASE NO: 2:06-cv-1133 |
| | ) |
| PRISON HEALTH SERVICES, INC., | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR PERMISSION TO APPEAL
IN FORMA PAUPERIS**

**COMES NOW,** the Plaintiff Marcellus Breach (hereinafter "Breach") moves this Court to grant unto him leave to pursue his appeal In Forma Pauperis pursuant to Section 1915, 28 U.S.C., and Fed. R. App. P. 24 govern the determination of applications to proceed in forma pauperis. See <u>Brown v. Pena,</u> 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), aff'd, 589 F.2d 1113 (5th Cir. 1979). Section 1915(a), and in support of the following Breach shows unto the Court as follows:

1)   On or about April 19th 2007, Breach filed a Rule 59(e) Motion To Alter, Amend or Vacate Judgment which has not been ruled upon as of yet by the court. The issue that plaintiff desires to appeal is that the court inappropriately solicited information outside

1

the Complaint was an abuse of discretion. The Court in *Miller v. Meadows*, 2005 U.S. Dist. Lexis 17077 (M.D. 2005) dealing with a very same type of situation as follows: In *Miller*, the Court said:

> "This Court of course, acknowledges the fact that the United States Magistrate Judge solicited information outside the allegations contained in Plaintiff's Complaint and Amended Complaint prior to making his recommendation in this case. However, **consideration of collateral evidence and argument in determining whether a plaintiff may proceed in forma pauperis is likely inappropriate.** Rather, this is a decision that should be made by the Court on the basis of the allegations plead on the face of the Complaint. See, e.g., *Brown*, 387 F.3d @ 1350 ("the issue is whether [the plaintiff's] complaint, as a whole, alleges imminent danger of serious injury)(emphasis added); *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998)(prior to denying leave to proceed IFP, court must review a frequent filer prisoner's well pled allegations to ensure that the prisoner is not under imminent danger of serious physical injur7y.'")(emphasis added). This Court did not find any case law placing the burden on a plaintiff, who seeks to proceed in forma pauperis, **to come forward with evidence and argument establishing that he is actually in imminent danger of serious physical injury prior to the grant of in forma pauperis status."** Id.

The Magistrate Judge did so inappropriately considered and solicited information outside the allegations contained in Breach's Complaint and Amended Complaint prior to making his determination in this case.

2) Proceedings In Forma Pauperis Section 1915, 28 U.S.C., and Fed. R. App. P. 24 govern the determination of applications to proceed in forma pauperis. See *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), aff'd, 589 F.2d 1113 (5th Cir. 1979). Section 1915(a) provides, in relevant part:

2

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

* * *

(3)    An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken in forma pauperis is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e), 18 U.S.C., provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

(A) the allegation of poverty is untrue; or

(B) the action or appeal --

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

3

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

*Rule 24(a)* of the Rules of Appellate Procedure provides:

> Leave to Proceed on Appeal in Forma Pauperis From District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.
>
> Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

4

If a motion for leave to proceed on appeal in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

*Fed. R. App. P. 24 (a)*.

4)      An appeal may not be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; see *Coppedge v. United States*, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. See *Coppedge*, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917; see also *United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).

The Petitioner demonstrates good faith when she seeks appellate review of any issue that **is not frivolous**. See *Coppedge v. United States*, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962); see also *Farley v. United States*, 354 U.S. 521, 1 L. Ed. 2d 1529, 77 S. Ct. 1371 (1957) (absent some evident improper motive, the applicant establishes good faith by

presenting any issue that is not plainly frivolous); <u>Hayes v. United States</u>, 258 F.2d 400 (5th Cir. 1958), cert. denied 358 U.S. 856, 3 L. Ed. 2d 89, 79 S. Ct. 87 (1958); 359 U.S. 928 (1959); <u>Meadows v. Trotter</u>, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); <u>U.S. v. Durham</u>, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); <u>Sejeck v. Singer Mfg. Co.</u>, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable), <u>U.S. v. Gicinto</u>, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

The good-faith test under § 1915 must not be converted into a requirement of a preliminary showing of any particular degree of merit, and the district court must grant leave to appeal in forma pauperis unless issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. <u>Ellis v. United States</u>, 356 U.S. 674, 2 L. Ed. 2d 1060, 78 S. Ct. 974 (1958); see also <u>United States v. Scharf</u>, 354 F. Supp. 450, 453 (E.D. Pa. 1973), aff'd, 480 F.2d 919 (3d Cir. 1973) (the Court must liberally construe § 1915, and the Court is to give every benefit of the doubt in order to decide plaintiffs petition in his favor); <u>Miranda v. United States,</u> 458 F.2d 1179 (2nd Cir. 1972) (threshold level of good faith is not very great and doubts about substantiality of issues presented should normally be resolved in applicant's favor), cert. denied 409 U.S. 874, 34 L. Ed. 2d 126, 93 S. Ct. 207 (1972). Determination of good faith necessitates an inquiry into the

appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated. See *Jones v. Frank*, 622 F. Supp. 1119 (W.D. Tex. 1985). Application may be denied if it appears -- objectively -- that the appeal cannot succeed as a matter of law. See, e.g., *United States v. Fletcher*, 483 F. Supp. 879 (E.D. Tenn. 1978), aff'd. 601 F.2d 591 (6th Cir. 1979) (denial where petitioner's position is contradicted diametrically by established law), cert. denied 444 U.S. 874, 62 L. Ed. 2d 101, 100 S. Ct. 155 (1979); *Linden v. Harper & Row Publishers*, 490 F. Supp. 297 (S.D. N.Y. 1980) (denial where the action is barred by res judicata); *Dankert v. Clerk*, 86 F.R.D. 474 (N.D. Ga. 1980) (denial where failure to exhaust state remedies).

Whether an appeal is taken in good faith is a matter within the discretion of the trial court. See *Adkins v. E. I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 93 L. Ed. 43, 69 S. Ct. 85 (1948). The willingness of courts to utilize proceedings in forma pauperis should correspond, at least to some degree, to the gravity and impact of the social policy asserted in the underlying cause of action, and the ability of that underlying cause of action to generate fees and attract the private bar. See *Coppedge*, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1019-1020 (C.D. Cal. 1979). Although the courts do not judge the relative worth of various laws, as a general rule, a court should be more willing to entertain an in forma pauperis application in a criminal proceeding, or a Title VII proceeding, than in a civil action for money damages. See

*Coppedge,* 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917; see also *Flowers v. Turbine Support Division,* 507 F.2d 1242, 1244, n.2 (5th Cir. 1975) (trial court has wide discretion to deny IFP status -- especially in civil cases for damages -- though it may be that federal courts should not be so parsimonious in Title VII suits); *Evensky v. Wright,* 45 F.R.D. 506 (N.D. Miss.1968); *Schweitzer v. Scott,* 469 F. Supp. 1017 (C.D. Cal. 1979).

5) In deciding whether an in forma pauperis appeal is frivolous under § 1915 (e), the district court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991), quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976), cert. denied 503 U.S. 999 (1992). A district court should order a § 1915 (e) dismissal only when an appeal lacks "arguable merit." See *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir. 1987). 4 "Arguable" is defined as capable of being convincingly argued. See *Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir. 1990) (reviewing complaint for frivolousness).

6) Transcription Fees

The record on appeal consists of the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court. Fed. R. App. P. 10 (a) . Rule 11 (a) sets forth an appellant's duties regarding the transmission of the record on appeal to the court of appeals:

WHEREFORE, Plaintiff moves the Court to grant unto him permission to appeal in forma pauperis.

Done this 30th Day April 2007.

*Marcellus Breach*
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing by placing the same into the hands of prison authorities for proper mailing under the Penalty of Perjury 28 U.S.C. 1746.

Clerk of Court
U.S. District Court
P.O. Box 711
Montgomery, Alabama 36101

Ala. Doc. Legal
P.O. Box 301501
Montgomery, AL 36130

Rushton, Stakely Johnston &
+ P.O. Box 270       Garrett
Montgomery, AL 36101.

By placing same into a sealed envelope properly addressed postage prepaid and mailing First Class U.S. Mail on this 30 Day of April 2007.

*Marcellus Breach*
Marcellus Breach

9

# Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis

## United States Court of Appeals for the Eleventh Circuit

MARCELLUS BREACH #160116
Appellant

v. PRISON HEALTH SERVICES, INC., et al.,
Appellees

Court of Appeals No. _____

District Court No. 2:06-CV-1133 MEF

RECEIVED MAY 3 2007 CLERK U.S. DISTRICT COURT MIDDLE DIST OF ALA

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C § 1621.)

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Signed: /s/ Marcellus F. Breach    Date: April 27, 2007

My issues on appeal are:


1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Self-employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Income from real property (such as rental income) | $ 0 | $ N/A | $ 0 | $ N/A |
| Interest and dividends | $ 0 | $ N/A | $ 0 | $ N/A |
| Gifts | $ 0 | $ N/A | $ 0 | $ N/A |
| Alimony | $ 0 | $ N/A | $ 0 | $ N/A |
| Child support | $ 0 | $ N/A | $ 0 | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ N/A | $ 0 | $ N/A |
| Disability (such as social security, insurance payments) | $ 0 | $ N/A | $ 0 | $ N/A |
| Unemployment payments | $ 0 | $ N/A | $ 0 | $ N/A |
| Public-assistance (such as welfare) | $ 0 | $ N/A | $ 0 | $ N/A |
| Other (specify): _____ | $ 0 | $ N/A | $ 0 | $ N/A |
| Total monthly income: | $ 0 | $ N/A | $ 0 | $ N/A |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Incarcerated Since 2005 | N/A | N/A | N/A |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | | | |
| N/A | | | |

4. How much cash do you and your spouse have? $ 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | N/A | $0 | $0 |
| N/A | N/A | $0 | $0 |
| N/A | N/A | $0 | $0 |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor vehicle #1 (Value) |
|---|---|---|
| N/A | N/A | Make & year: N/A |
| N/A | | Model: |
| N/A | | Registration #: |

| Motor vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: | | |
| Model: N/A | N/A | N/A |
| Registration #: | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | N/A | N/A |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| None | N/A | N/A |
| N/A | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real-estate taxes included? ☐Yes ☐No  Is property insurance included? ☐Yes ☐No | $ 0 | $ 0 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ 0 |
| Home maintenance (repairs and upkeep) | $ 0 | $ 0 |
| Food | $ 0 | $ 0 |
| Clothing | $ 0 | $ 0 |
| Laundry and dry-cleaning | $ 0 | $ 0 |
| Medical and dental expenses | $ 0 | $ 0 |
| Transportation (not including motor vehicle payments) | $ 0 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ 0 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's | $ 0 | $ 0 |
| Life | $ 0 | $ 0 |
| Health | $ 0 | $ 0 |
| Motor Vehicle | $ 0 | $ 0 |
| Other: N/A | $ 0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): N/A | $ 0 | $ 0 |
| Installment payments | $ 0 | $ 0 |
| Motor Vehicle | $ 0 | $ 0 |
| Credit card (name): N/A | $ 0 | $ 0 |
| Department store (name): N/A | $ 0 | $ 0 |
| Other: N/A | $ 0 | $ 0 |
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): N/A | $ 0 | $ 0 |
| Total monthly expenses: | $ 0 | $ 0 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?
   ☐Yes ☒No    If yes, describe on an attached sheet.

10. Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form? ☐Yes ☒No

    If yes, how much? $ _____

    If yes, state the attorney's name, address, and telephone number:

    _____N/A_____

11. Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?
    ☐Yes ☒No

    If yes, how much? $ _____

    If yes, state the person's name, address, and telephone number:

    _____N/A_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

    I'am incarcerated, no job, get money when family can send to me. ?

13. State the address of your legal residence.

    Limestone C.F.
    28779 Nick Davis Rd Harvest, AL 35749
    Your daytime phone number: (   ) N/A
    Your age: 37    Your years of schooling: 15
    Your social-security number: 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

```
                       STATE OF ALABAMA
                    DEPARTMENT OF CORRECTIONS
                   LIMESTONE CORECTIONAL FACILITY


 AIS #:  160710      NAME: BREACH, MARCELLUS JR.        AS OF: 04/27/2007

                      # OF        AVG DAILY          MONTHLY
            MONTH     DAYS         BALANCE           DEPOSITS
 -----------------------------------------------------------------------

             APR       3           $0.00             $0.00
             MAY      31           $0.00             $0.00
             JUN      30           $0.00             $0.00
             JUL      31           $0.00             $0.00
             AUG      31           $0.00             $0.00
             SEP      30           $0.00             $0.00
             OCT      31           $0.00             $0.00
             NOV      30           $0.00             $0.00
             DEC      31           $0.00             $0.00
             JAN      31           $0.00             $0.00
             FEB      28           $0.00             $0.00
             MAR      31           $0.00             $0.00
             APR      27          $29.50           $251.88
```



MARCELLUS BREACH AIS # 160710
LIMESTONE C.F. DORM D-19
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

LEGAL MAIL
CORRESPONDENCE

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 771
MONTGOMERY, ALABAMA 36101