IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), | § |
| Plaintiff, | § |
| vs. | § CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § |
| Defendants. | § |

## DEFENDANTS' MOTION TO RECONSIDER ORDER ALLOWING MOTION TO ALTER, AMEND OR VACATE JUDGMENT AND SETTING ASIDE JUDGMENT

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes (collectively "PHS"), by and through counsel, and move this Court to reconsider its Order dated May 11, 2007, granting the Plaintiff's Motion to Alter, Amend or Vacate Judgment and construing the Motion as a supplemental brief in support of an initial motion to alter previously filed by the prisoner. In addition, the Defendants respectfully request this Court to reconsider the vacating of the Final Judgment entered in this case. As further grounds and support for this position, the Defendants state the following:

1.  Rule 59(e) dealing with new trials and amendments of judgments, states the following:

> **(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

2. The plaintiff's Amended Motion was filed 34 days after this Court's Order/Judgment against it, thereby making it untimely.

3. The plaintiff may argue that a pleading filed by him entitled "Supplemental Objections to Report and Recommendations" constitutes a Rule 59(e) motion. However, that argument does not apply because the plaintiff did not specifically request the type of relief sought under Rule 59. As such, the Amended Motion would not relate back to the timing of the filing of that initial pleading. In addition, this Court entered an Order on April 6, 2007, overruling the plaintiff's supplemental objection. Arguably, if the plaintiff's initial objection constituted a Rule 59(e) motion, the Court has already ruled on the motion and rejected the contentions outlined in that pleading.

4. A second supplemental pleading filed by Breach entitled "Motion to Alter Judgment" was apparently timely filed on Friday, April 6, 2007. However, that motion contained <u>no affidavits</u> and <u>no evidence</u> and Rule 59, as more specifically discussed within the 1995 Amendments, specifically requires that evidence in support of a motion to alter or amend judgment <u>must be submitted</u> within this 10-day period. It is undisputed that Breach's motion failed to comply with this <u>mandatory requirement</u>.

5. In addition, on April 19, 2007, Marcellus Breach filed a Notice of Appeal to the Eleventh Circuit challenging the Special Report entered by this Court. In addition, on April 30, 2007, the Eleventh Circuit issued an Order directing Breach to pay fees within 14 days or the appeal would be dismissed without further notice by the Clerk. Only <u>after</u> his appeal had been filed and docketed, did Breach attempt to go back to the trial court and file an Amended Motion to Alter, Amend or Vacate Judgment with an impermissible affidavit and impermissible evidentiary submissions that were not only untimely, but failed

to comply with the <u>Federal Rules of Evidence</u> and the <u>Federal Rules of Civil Procedure</u> concerning admissible, acceptable evidence. Because the prisoner filed his appeal before his Amended Motion to Alter, Amend or Vacate Judgment, that Amended Motion is due to be striken.[1]

6.  Multiple other reasons exist for striking the frivolous affidavit and evidence attached to the Amended Motion to Alter, Amend or Vacate Judgment. The first exhibit deals with an affidavit from a physician purportedly named Dr. Satyavardhana Rao Yerubandi. In this affidavit, Yerubandi gives some extraordinarily interesting opinions given the fact that he has never once treated, seen, evaluated or examined Breach's medical condition. For multiple <u>mandatory reasons</u>, the affidavit is due to be striken.

7.  First, affidavits submitted on motions to alter or vacate must meet similar requirements to those contained in Rule 56 of the <u>Federal Rules of Civil Procedure</u>. In Rule 56(e), the form of affidavit is outlined as follows:

> **(e)    Form of Affidavits; Further Testimony; Defense Required.**
> Supporting and opposing affidavits shall be made on <u>personal knowledge</u>, shall set forth <u>such facts as would be admissible in evidence</u>, and shall show affirmatively that the affiant is <u>competent</u> to testify to the matters stated therein. <u>Sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith</u>. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. . . . . (emphasis added)
>
> FED. R. CIV. P. 56(e)

---

[1] This does not, however, pertain to his original Motion to Alter, but the record is limited to those arguments and evidence filed in that Motion.

8. Yerubandi's affidavit references medical records of Marcellus Breach, specifically records from "South Louisiana Correctional Center." Throughout this entire litigation, no such records have ever been produced, identified, seen, or marked as exhibits by Mr. Breach. Said exhibits constitute rank hearsay, evidence which is inadmissible under federal civil procedure rules on motions to alter or amend. See Matthews v. City of Dothan, 2006 U.S. Dist. LEXIS 91711 (Dec. 18, 2006); Sermsap v. City of Montgomery, 2006 U.S. Dist. LEXIS 75776 (Oct. 17, 2006) (striking from consideration an affidavit that contains hearsay and which lacked the "personal knowledge" requirement); Barker v. Norman, 651 F.2d 1107, 1128 (5th Cir. 1981).

9. In addition, Dr. Yerubandi's affidavit implies "personal knowledge" based on records that are not part of the record. Rule 56(e) states that "sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith." The same standard applies under Rule 59 in dealing with a Motion to Alter or Vacate a particular judgment. Because Yerubandi relies on documents not attached to the record and not made a part of his affidavit, the affidavit is due to be stricken and the Amended Motion to Alter or Vacate the Judgment disallowed.

10. For the multiple reasons set out herein, the Defendant respectfully requests this Court to strike the plaintiff's Amended Motion to Alter, Amend or Vacate Judgment as being (1) untimely under the Federal Rules of Civil Procedure, (2) untimely as said motion has been filed after the plaintiff's previously field Notice of Appeal, and (3) as being non-conforming with the mandatory requirements for evidentiary submissions in opposition to motions to alter, vacate or amend.

ORAL ARGUMENT REQUESTED

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 262-6277 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served by placing a copy thereof in the United States Mail, postage prepaid and properly addressed as follows:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL 35749

on this the 14th day of May, 2007.

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL