IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAY 21 A 9:33
[illegible] P. HACKETT, [illegible]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, # 160710 )

Plaintiff, )

Vs. ) Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., )
Et al.,

Defendants. )

## MOTION FOR COURT ORDER FOR EXAMINATION

***COMES NOW***, the Plaintiff Marcellus Breach, (hereinafter Breach) in proper person "Pro Se" moves the court pursuant to *Rule 35(a)(b)* Fed.R.Civ.P., for an order upon the defendants to transport plaintiff at a set time, place, for a physical examination on plaintiff's Inguinal Hernia to be conducted and performed by Examiner Dr. *Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC*, and that Dr. Yerubandi provide a copy of a detailed written report to the court and to all parties: Plaintiff would show bona fide as follows:

1) Breach is requesting that a physical examination be conducted by a well-qualified "non-prison" doctor being: Dr. Satyavardhana Rao Yerubandi, M.D., who is a licensed surgeon/physician in the State of Alabama and Board Certified with the American Board of Surgeons; and, an expert in hernia repair with 27- years

practice experience, including 23-years in private practice, and 27-years in surgical repair of hernias. Dr. Yerunabdi is in good standing with the American Board of Surgeons, his office is conveniently located from Limestone prison, just some 20-minutes away in Madison County, Alabama.

2) Pursuant to _Rule 35,_ Fed. R. Civ. P., permits the physical examination of a party when the party places his physical condition "in controversy" and upon "good cause shown." In the leading case on _Rule 35_, the Supreme Court emphasized that the "in controversy" and "good cause" requirements are not simple formalities. See, ***Schlagenhauf v. Holder***, 379 U.S. 104, 118, 85 S.Ct. 234, 13 .Ed.2d 152 (1964). Rather, they require an affirmative showing by the movant that the "physical condition" is 'really and genuinely' in controversy and that good cause exists for each particular examination." ***Ali v. Wang Lab.***, 162 F.R.D. 165, 167 (M. D. Fla. 1995).

3) Plaintiff's physical condition is unquestionably in controversy in this case. Plaintiff's complaint alleges that he suffers and has suffered gratuitous pain and discomfort due to an inguinal hernia, and problems performing daily normal human activities, i.e., coughing, sneezing and having bowel movements. Plaintiff states that he has to raise his left leg, push down on the hernia when doing these normal basic human body functions; and, as a result of Defendant's failure to provide him with necessary surgery—plaintiff has to endure needless suffering

when surgery would likely alleviate plaintiff's symptoms of having pain and discomfort. *See, 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 2234.1* (noting that in some situations, the pleadings alone will be sufficient to place a plaintiff's physical condition in controversy)(citing ***Schlagenhaut v. Holder***, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed 2d 152 (1964).

4) This is not the case. Defendants rely on their doctors to support their de facto policy of not paying for non-incarcerated hernias unless they are incarcerated or into the scrotum. This is a medical situation, and expert testimony is needed and likely to develop for trial because to wait until plaintiff's hernia is incarcerated will bring the threat to his health, danger to his life by imminent death.

5) Good cause for ordering a physical examination exists when the examination would allow the plaintiff's expert an opportunity to determine the cause and extent of the plaintiff's alleged physical injuries. ***O'Sullivan v. Rivera***, 229 F. R.D. 184, 186 (D.N.M. 2004).

6) In this case, plaintiff alleges that his injuries have been stressful, causing anxiety, depression; also, plaintiff cannot be considered for any work release programs, or lower custody due to his injury. Plaintiff cannot exercise like normal people, nor do any running, of lift weights. Plaintiff has to daily watch is every move, and always has the question in his mind, will his hernia rupture today? Furthermore, the extent and danger of possible strangulation and incarceration can lead unto

death from plaintiff's untreated hernia. Therefore, allowing plaintiff's expert to conduct a physical examination of plaintiff would provide independent verification of the extent of plaintiff's injuries. Thus, good cause exists for allowing plaintiff's expert to conduct a physical examination of plaintiff.

7) An expert "must conduct a physical examination to form a meaningful opinion. ***Ali v. Wang, Lab***., 162 F.R.D. 165 168 (M.D. Fla 195 (and it is difficult for the expert's opinion to carry substantial weight if it is based only on second hand information, as opposed to a personal examination. ***Bennett*** 841 F. Supp. @ 1157. Thus, understandably, a plaintiff's case may be severely prejudiced if he is not permitted to obtain the testimony of an expert who has personally examined the plaintiff. Id.

8) Plaintiff states, neither Dr. George Lyrene nor Dr. Michael Robbins conducted any personal exam on plaintiff, but offered their medical opinion as evidence.

9) **Fed. R.Civ.P. 35(a)** states as follows:

> (a) **Order for Examination**. When the mental or physical condition (including the blood group) of a party or of a person in custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitable licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope or persons by whom it is to be made.

10) ***Fed. R.Civ.P., 35(a).*** The "in controversy" and "good cause" requirements of *Rule* 35 "are not met by mere conclusory allegations of the pleading—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." ***Schlagenhaul v. Holder***, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

11) Breach would show that "in controversy" issue(s) in part are as follows: Breach request that the court take 'judicial notice' to the Defendant's "Special Report" and Attached Affidavits by *Dr. Michael E. Robbins, M.D.,* and *Dr. George Lyrene M.D.,* both "prison doctors" who "are not" experts in hernia repairs.

12) Breach would show that the "in controversy" is: Dr. Michael E. Robbins, M.D., is not an expert in hernias, his opinion unto the court addressing an "Inguinal Hernia" *does not* state all of the medical facts in debt. Dr. Robbins stated on page 2 of his Affidavit: [See, *Court Records Special Report PHS Defendants*]

*"...Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole...." On page 2 & 3 Dr. Robbins* stated: *" ...In my opinion, the inmate's hernia does not require surgical intervention and I believe surgery is not medically necessary. The type hernia which Mr. Breach has should not cause the*

*patient any pain nor is it a condition that a reasonable person cannot live with under the conditions and restrictions governing Mr. Breach...."*

13) [1]Dr. George Lyrene is also, lacked the qualification of an expert in hernia repairs. In Dr. Lyrene's Affidavit Dr. Lyrene stated as follows: "... *'This is a hernia that was present by intake documentation and would be amendable to surgery which was clearly elective at the time of his admission and would clearly not be necessary now'... 'This is a minor problem of for which surgery is not necessary at this time and which is being appropriately managed'.'"*

14) Neither one of the defendant's doctors are experts in surgical repair of hernias. Furthermore, neither defendants doctors examined Breach. Dr. Yerubandi stated as an expert in regards to Breach's inguinal hernia:

> "It is my opinion that the only way to stop Mr. Breach's inguinal hernia from getting worse is to repair the defect. It is also my opinion that there is almost no limit to how "Big" Mr. Breach's hernia could get if it is left untreated." [See, Attached Exhibit A]

15) Dr. Yerubandi also stated in his professional opinion:

> "In my professional opinion, repair is needed because the effects felt by Mr. Breach can range from perfectly painless, through discomfort, to being very painful indeed. Mr. Breach's inguinal hernia in my opinion will not heal on its own. Surgery is necessary in Mr. Breach's case to repair the defect in the abdominal wall, and alleviate his symptoms of having pain."

---

[1] Hernias DO NOT heal on their own. This statement contradicts itself. How can Breach hernia be amendable for surgery, then all of a sudden not necessary now? [See, Affidavit Dr. Yerubandi, M.D.]

16) Judicial Notice to <u>*Plaintiff's Application For Preliminary Injunction*</u>" [Court Records] LSC, Medical Records attached show that Branden [Kindard] and Defendants have adopted a de facto policy of not repairing hernias unless they are "incarcerated or, into the scrotum. [See, 7-12-06 "Received a call from Branden from Alabama re' Inguinal Hernia—Stated hernia repair are not done there—unless incarcerated or into scrotum...."

The in controversy is: Dr. Yerubandi stated:

> "I comment as a surgeon in repair of hernias, that surgery is necessary for Mr. Breach's hernia before "incarceration and also, before his hernia is into his scrotum due to the risk of complications and strangulation of the bowel, resulting to Mr. Breach having to endure pain resulting of an untreated hernia...'In other words, it is my opinion that under the standard of care that Mr. Breach's <u>hernia ought not to have been ignored</u>, and that under the standard of care being owed to prisoners as Mr. Breach is the same as that owed to private patients. I recommend that Mr. Breach's hernia **<u>needs repair as soon as possible</u>**." **Exhibit A.**

17) "In controversy"is: Hernias are <u>painful</u>; it is a medical fact—established by non-prison doctors. The simply daily activity of bowel movements "can" weaken the abdominal wall causing Breach's hernia to enlarge. It is a source of constant danger. Defendants' doctors say that Breach's hernia is not painful!

18) <u>*Rule 35*</u> Fed.R.Civ.P., states that the examination may be conducted by any suitably licensed or certified examiner.

*MEMORANDUM AT LAW/POINTS ON AUTHORITY*

The "in controversy" is shown, also, by what other circuit court have held dealing with hernias, and what Dr. Yerubandi has stated; also, both Dr. Robbins, and Dr. Lyrene did not disclose all of the medical facts concerning the imminent danger of hernias and the threat to good health. They basically stated: As long as Breach lies down, he can endure it.

Courts have held in ***Delker v. Mass***, 843 F. Supp 1390 (D.Or. 1994) addressing an identical situation as Breach's case being a non-incarcerated hernia directly on point with the case at bar. The Court in ***Delker v. Maass***, 843 F. Supp. 1390 (D.Or. 1994) held that an inguinal hernia is as follows:

> "An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of the intestine pokes through this hole. A hernia is "easily reducible" if, when the peritoneum bulges through the outer abdominal wall, the patient can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia can become acutely incarcerated. An acutely incarcerated hernia that is not treated within 6 to 8 hours may become strangulated (i.e., the intestinal loop protruding through the abdominal wall becomes constricted), a condition that may result in serious injury or even death. An acutely incarcerated hernia also can cause pain and limit activity in some patients." Id @ 1393.

The Court has adopted this both legal and medical fact. Morethanless, Dr. Yerubandi has both agreed with this fact, and expressed this very same issue. [*Sec, Exhibit A*]

***WHEREFORE, premises considered,*** Breach request that this court issue an order that Dr. Yerubandi, M.D., conduct an examination on Breach's injury and delivery unto the court and all parties a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all test made, diagnoses, and conclusions, together with like reports of all earlier examinations of the same condition be granted, and that the Defendants transport Breach at a set time and date for this examination to be held at Dr. Rao Yerubandi, M.D. Medical Office @ 185 Whitesport Drive, Suite # 5 Huntsville, Alabama 35801.

Done this 15 Day May 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following:

Rushton, Stakely, Johnstone & Garrett, P.A.,
P.O. Box 270
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Al 36130

By placing same into a sealed envelope properly addressed postage prepaid and mailing First Class prepaid U.S. Mail and placing into the prison mail box to be delivered to prison officials for proper timely mailing under the penalty of perjury 28 U.S.C. 1746 this __day of May 2007.

Marcellus Breach


Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd
Harvest, Al 35749
18 MAY 2007
HUNTSVILLE AL 358
USA FIRST-CLASS
USA FIRST-CLASS
USA FIRST-CLASS
18 MAY 2007
HUNTSVILLE AL 35
Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL
36101-0711
Legal Mail

Exhibit "A"

COUNTY OF MADISON :

STATE OF ALABAMA : **AFFIDAVIT**

---

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC**
**185 Whitesport Drive, Suite # 5**
**Huntsville, Alabama 35801**
**(256) 880-3500**

Affiant in the above instrument, who, after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his/her ability, information, knowledge and belief as follows:

"I am Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC, a licensed physician and general surgeon. I am a specialist in Hernia Repair. I am over twenty-one years of age. I have been a licensed physician in Alabama since 1984, and have been board certified with the AMERICAN BOARD OF SURGERY, since 1981. I have 27 years of practice experience, including 23 years in private practice, and 27 years in surgical repair of hernias from the surgery division at BRONX LEBANON HOSPITAL - NY, where I received my surgical training. I am currently in medical practice and surgical repair in the State of Alabama with my main office located in Madison County, Alabama.

I have reviewed the Medical Records of Mr. Marcellus Breach. The Medical Records reviewed are records from "South Louisiana Correctional Center," labeled as "LCS Corrections Services, Inc., identified as Offender Breach Marcellus, DOC#: AL 160710.

I am familiar with Mr. Breach's complaints of having pain when coughing, sneezing, and having bowel movements due to an Inguinal Hernia. Mr. Breach also has stated that he has to lift his left leg up and apply pressure by hand on his inguinal hernia when coughing and sneezing. Mr. Breach complains that he has to apply pressure on his inguinal hernia and lean forward when having bowel movements.

The Medical Records reflect the prison medical provider known as: "Prison Health Services, Inc.," ("PHS") Mr. Breach was diagnosed with an inguinal hernia on dates: 2/20/2005 and 05/05/2005. It is noted that Dr. Bossermer, M.D., on 05/05/2005

noted that Mr. Breach experiences pain due to his hernia. Records reflect that Dr. Bossermer issued Mr. Breach a "Truss" and that a profile was written.

Mr. Breach's records reflect that on 03/21/2006 Dr. John A. Tassin also diagnosed Mr. Breach as having a "Left Inguinal Hernia" with "*Needs Repair*". Also, I note *that Dr. Tassin placed a "question mark" (?) behind "Needs Repair"*. (Page # 3 Medical Records)

It is my opinion that the only way to stop Mr. Breach's inguinal hernia from getting worse is to repair the defect. It is also my opinion that there is almost no limit to how "Big" Mr. Breach's hernia could get if it is left untreated.

An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of Mr. Breach's intestine pokes through this hole. A hernia is easily reducible if, when the peritoneum bulges through the outer abdominal wall, Mr. Breach can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia like Mr. Breach's "can become acutely incarcerated." An acutely incarcerated hernia that is not treated within 6 to 8 hours may become strangulated (i.e., the intestinal wall protruding through the abdominal wall becomes constricted), a condition that may result to Mr. Breach experiencing serious injury or even death. An acutely incarcerated hernia also can cause pain and limit activity in some patients.

A hernia (rupture) is usually noticed as a lump, commonly in the groin or the umbilical region. It appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall. Hernias usually present a swelling accompanied by pain or a dragging sensation in the groin.

Mr. Breach's complaints about pain when coughing, sneezing, and having bowel movements are the symptoms that repair is necessary to alleviate his pain and prevents future complications. Mr. Breach states that his hernia has enlarged. Because of the hernia (rupture), it will give rise to discomfort as Mr. Breach's hernia enlarges and can sometimes be dangerous if a piece of Mr. Breach's intestine becomes trapped ('strangulated') inside.

In my professional opinion, repair is needed, because the effects felt by Mr. Breach can range from perfectly painless,

through discomfort, to being very painful indeed. Mr. Breach's inguinal hernia in my opinion will not heal own its own. Surgery is necessary in Mr. Breach's case to repair the defect in the abdominal wall and, alleviate his symptoms of having pain.

If Mr. Breach's hernia is continued left untreated, his hernia can get larger and also lead to serious medical complications. Surgical repair is advised because of the danger of incarceration and strangulation.

Mr. Breach, in my professional opinion in surgical repair needs to have his hernia repaired because without surgery intervention, and due to the length of time his hernia has been left untreated, may lead to a danger to his health or safety and can lead to hospitalization related to incarceration or strangulation.

Additionally, on page #20 for July 18, 2006 of Marcellus Breach's records on July 12, 2006 it is noted: "*Received a call from Branden from Alabama re Inguinal Hernia stated, 'Hernia repairs are not done there—unless incarcerated or into scrotum … subject placed on sick call for 07/18/2006 to see if he needs a referral to a surgeon.*"

I comment as a surgeon in repair of hernias, that surgery is necessary for Mr. Breach's hernia **before "incarceration and also, before his hernia is into his scrotum due to the risk of complications and strangulation of the bowels, resulting to Mr. Breach having to endure pain resulting of an untreated hernia.**

In other words, it is my opinion that under the standard of care that Mr. Breach's hernia ought not to have been ignored, and that under the standard of care being owed to prisoners as Mr. Breach is the same as that owed to private patients. I recommend that Mr. Breach's hernia needs repair as soon as possible."

**Further affiant sayeth not.**

**Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC**
185 Whitesport Dr. Suite 5
Huntsville, AL 35801

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 27 DAY OF APRIL 2007.

NOTARY PUBLIC My commissions expires on

TASIA A. SUBLETT
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 05-06-2009

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710 )

Plaintiff, )

Vs. ) Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., )
Et al.,

Defendants. )

## ORDER ON MOTION

Upon consideration of the motion for court order for examination filed by the plaintiff for good cause, it is

**ORDERED**, that this motion be and is hereby **GRANTED**.

**IT IS ALSO ORDERED**, that the medical provider Prison Health Services, Inc., shall set up an appointment with Dr. Satyavardhana Rao Yerubandi, M.D., to conduct an outside patient examination upon the plaintiff Marcellus Breach. The Alabama Department of Corrections, Warden Billy D. Mitchim, shall transport the plaintiff to this appointment.

**IT IS FURTHER ORDERED**, that all tests, diagnoses, exams, reports conducted by Dr. Yerubandi, after the conclusion of his examination, Dr. Yerubandi shall forward to

this court and all parties a copy of his findings within ____ days after the final conclusion of the examination.

DONE, this __day of May 2007.

______________________________
UNITED STATES MAGISTRATE JUDGE