IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH,# 160710 | * |
| BREACH, | * |
| | * |
| Vs. | *   Case No: 2:06-CV-1133-MEF |
| | * |
| PRISON HEALTH SERVICES, INC., et. al., | * |
| DEFENDANTS. | * |

**BREACH'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENT TO DEFENDANTS UNDER FED.R.CIV.P.**

TO: COMMISSIONER RICHARD ALLEN'S AND "<u>AGENTS</u>"
DIANA LOTT, NURSE ADMINISTRATOR AND,
DR. JOHN A. TASSIN, MD., NURSE MAXIE @ SOUTH LOUISIANA
CORRECTIONAL CENTER ("LCS") BASILE, LOUISIANA

***COMES NOW***, the Breach Marcellus Breach (hereinafter "Breach"), in proper person "Pro Se", moves this Court to issue an ORDER to Defendants pursuant to Federal Rules of Civil Procedures, Rules 33, 34 and 36, hereby requesting that named parties and/or their "Agents" being persons under their control: **Diana Lott, Nurse Administrator, Dr. John A Tassin, M.D., and Nurse Maxie** employed by South Louisiana Correctional Center @ Basile, Louisiana who

1

are currently still acting as an "Agent" for the Defendants, and at all times when the alleged constitutional violations occurred, Breach was under the "control" of the Defendants, and in the "custody" of their "Agents" being South Louisiana Correctional Center. Breach respectfully request that each named above-named person shall answer <u>separately</u>, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these Interrogatories, Request for Admissions, and furthermore for the defendants to provide full disclosure, along with their answers herein, copies thereof supporting evidentiary materials, as follows:

I.    *DEFINITION AND INSTRUCTIONS:*

¶ 1.    <u>Rule 33</u>, Fed. R. Civ. P., permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party. <u>Rule 33(d)</u> also provides interrogatories upon your Agents and the request for production of documents under said rule is requested from persons under your control.

In responding to these requests for Admissions, Productions of Documents and Interrogatories, defendants shall furnish not only such information and

documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendants, witnesses, the Alabama Department of Corrections, Prison Health Services, Inc., LCS, Louisiana Corrections Services, ("SLCS") specifically, et. al., including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, tapes, *inter alia*, is claimed to be privileged from production or discovery.

¶ 2.  If defendants consider any documents, information, data, records, tapes, *inter alia*, falling within Breach's requests for Production of Documents, attached heretofore separately, as being privileged from discovery, Breach request that, at this time or responding to the Request for Production, the defendants serve upon Breach, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, addresses of each person, party or witness having copies of said same documents, information, data, records inclusive to medical records from March 2006 through October 2006, and the basis on which the document is considered to be privileged from production, re-production, photo-copying et. seq, by discovery.

¶ 3.  These Interrogatories and Discovery requests are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedure, <u>Rule</u>

3

<u>26(e)</u>. However, in the event that any, and all information or documents come to the attention of or into possession, custody or control of the defendants, the attorneys of record, or such other interested persons, parties, agency, employees, employers et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, *inter alia*, shall be furnished to Breach, or in the interim, thereinafter appointment of stand-in counsel, as soon as possible, unless otherwise specified by this Court, or upon subsequent motion.

¶ 4.  In responding to these DISCOVERY requests, defendants are to furnish such documents, records, data, information, memorandum *inter alia*, as are available to them, their agents, employees, employers, co-defendants, witnesses, or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 5.  With regard to Breach's Requests for Admissions and pursuant to Federal Rules of Civil Procedure, <u>Rule 36</u> et. seq., the defendants shall specifically deny the matter or set forth in detail the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the

4

matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendant shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny. If defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object to the requests; defendants may, subject to the provisions of Federal Rules of Civil Procedure, Rule 37(c), deny the matter or set forth reasons why defendant cannot admit or deny it.

¶ 6.  As a courtesy, in answering / responding to any and all DISCOVERY requests herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

*II.  DEFINITIONS:*

¶ 7.  When used in these discovery requests and subsequent set of Interrogatories or discovery requests henceforth, the following definitions shall apply:

a. As used herein, the term *"document"* means every type of recorded information dated or prepared prior to or subsequent to this action, including but not limited to any faxes, memorandum, note, report, letter, grievance, correspondence, message, records, minutes, work sheets, drafts, instruction, work assignment, internal communication, order, and any other written, recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b. As used herein in reference to a natural person, the word *"identify"* shall mean to state the persons full name, address and present or last known home, business address(es) and their said association to defendants.

c. As used in reference to a business or other entity, the word *"identify"* shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendants.

d. The word *"incident"* includes the circumstances and events leading up to, and surrounding the alleged violation of denial

6

of surgery, unless inguinal hernia is incarcerated or into the scrotum, per Alabama Department of Corrections Commissioner's Office on 7/12/2006 from a Brandon Kindard via telephone directed to Diana Lott at South Louisiana Correctional Center, Basile, Louisiana, inclusive to any, and all persons, parties, witness(es), defendants involved before, during and after the allegations arose, as documented in "LCS CORRECTIONS SERVICES, INC., NURSE'S NOTES; and, any and all other circumstances giving rise to this civil action.

i. The word *"specifically identify"* as used with respect to any and all documents, *inter alia*, is understood to mean the following: 1) title; 2) date; 3) name and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives who received copies or any portions of the documents in question; 6) description of the document subject matter and contents; 7) location of the documents, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and

position(s) of the custodian(s) of the above requested documents in their entirety, but not limited to.

### III. INTERROGATORIES:

¶ 1.    State your full name, current address, place of business, education and experience and place of employment from March 2006 through October 2006. .

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Louisiana, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge. arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please *identify* the agency and/or individual who accused or investigated you for such allegation(s); *specifically* *identify* the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *identify* employers you have had, other than your current position, in the last ten (10) years. With regard to each, state the inclusive date of employment;

the type of work performed; your discretionary functions, duties and responsibilities.

¶ 5.   Describe in detail, the telephone conversation taken place between Diana Lott and <u>Brandon Kindard</u> with the Alabama Department of Corrections on <u>July 12, 2006</u> pertaining to Breach's inguinal hernia.

¶ 6.   Please *specifically identify* by *documents* the person(s), parties, defendant(s), witness(es) any and all present before, during and after this telephone conversation, and name specifically any and all documents sent, received pertaining to Breach's request for surgery for his inguinal hernia, and all information whether surgery was approved or denied from <u>March 21, 2006</u> until <u>October 2006.</u>

¶ 7.   *Identify* your assignment, whereabouts by *documents* of the *incident* and *specifically identify* your supervisor's whereabouts, assignments on this date, time.

¶ 8.   *Identify* by *document* any and all person(s), parties, defendant(s) involved in the review, investigation, request for approval for surgery, follow up treatments, treatment either by outside appointment or instructions given from <u>March 21, 2006</u> until <u>October 6, 2006</u> *incident in question..*

¶ 9.   *Identify* by *document* the person(s), parties, agents, co-worker(s) whom all have knowledge as to documents, contracts, orders, instructions, pertaining to Breach's hernia and procedures following Dr. Tassin's recommendation that the

hernia "Needs Repair?", the date, time of the *incident,* and *specifically identify* by *documents* the whereabouts of any written policy, contract, information as to covering costs for surgery as to Breach while in custody at LCS, or otherwise the name of person or persons fully responsible for either approval of costs, or denial of costs over medical treatment for a hernia.

¶ 10. *Identify* by *document* the responsibilities of Diana Lott, Nurse Administrator and any and all persons associated with you by employment, contract, agent, as to approval for any Inmate/Offender at LCS from medical care, i.e., surgery specifically for a hernia and/or approval to cover costs for any outside medical appointments and care.

¶11. *Identify* by *document* the policy, procedure when Dr. John A. Tassin recommend "Needs Repair?" that Diana Lott followed including all policy, procedures as to approval or denial of surgery request.

12. *Identify* by *document* any person(s), parties, agents, co-worker(s) or supervisor(s) as related to this *incident*, in regards to grievances, criticism, censure, reprimand or rebuke directed toward you, your co-defendants, or otherwise those involved, either directly or indirectly, and *specifically identify* any and all agents, co-worker(s) or supervisor(s), representatives involved directly or indirectly, to present.

¶ 13. *Identify* by *document* the policy procedures pertaining to surgery for an Inguinal Hernia entered between you and the Alabama Dept. of Corrections.

¶ 14. Please *identify* by *document* the faxed report sent to Ruth Naglich on 7/10/2006 in reference to Breach's inguinal hernia.

¶ 15. Please *identify* by *document* the person(s), parties, co-worker(s), agent(s), employee(s) over the record(s) department at the Alabama Department of Corrections, *specifically identify* said same, and Lynn Brown, Branden Kindard, Ruth Naglich any and all information as to their involvement in this case.

¶ 16. Please *identify* your relationship with your co-defendants, before, during and afterwards in regards to the *incident*. If changed, *specifically identify* to what certain degree, either for better or worse.

¶ 17. Please *identify* your working relationship with your supervisor(s), and/or specifically Branden Kindard, and Ruth Naglich with the Alabama Department of Corrections, during and afterwards in regards to the *incident*. If changed, *specifically identify* to what certain degree, either for better or worse.

¶ 18. Please explain and produce the documents as to all and any information pertaining to surgery for Breach's inguinal hernia that you were either directed, ordered, sent, received, faxed, form any persons who was involved in this case and the decision as to deny Breach surgery request.

¶ 19. Produce any policy whether written or verbal, custom, statement, contracts, agreements, or names of any person who has knowledge and/or locations of such documents as to any policy offered by the defendants that Breach's hernia is not to be repaired unless it is incarcerated or into the scrotum specifically while in the custody of LCS.

¶ 20. Who stated, ordered, directed that Breach's hernia is not to be repaired unless it is incarcerated or into the scrotum. State the name(s), produce and explain under oath what the person instructed, and date, time, and names of any witnesses who have knowledge to this fact.

¶ 21. Produce Breach's complete Medical Records reflecting Dr. John A. Tassin's recommendation that Breach's left inguinal hernia "Needs Repair?"

¶ 22. Produce the medical provision stated in the written contract between LCS and the Alabama Department of Corrections pertaining to "Medical Care" for all Alabama Inmates housed at South Louisiana Correctional Center, Basile, Louisiana, especially the costs, provisions, and orders, not limited to hernias.

IV.  **REQUEST FOR ADMISSIONS:**

V.

¶ 18. Admit or deny that on March 21, 2006 Dr. John A. Tassin made a "Doctor's Order" that Breach's "Left Inguinal Hernia "Needs Repair?"

¶ 19. Admit or deny that Breach requested repair?

¶ 20.  Admit or deny that Brandon Kindard with the Alabama Department of Corrections stated via-phone to Diana Lott on July 12, 2006 that: Hernia repairs are not done there---unless incarcerated or into scrotum."

¶ 21.  Admit or deny that grievances were filed complaining about pain and discomfort due to inguinal hernia?

¶ 22.  Admit or deny LCS has a written policy, or a de facto policy of not repair hernias unless they are incarcerated or into the scrotum?

¶ 23.  Admit or deny that the contract agreement between Alabama Dept. of Corrections and LCS is that hernia repairs are not done at LCS.

¶ 24.  Admit or deny that the contract agreement between the Alabama Department of Corrections and LCS that Alabama Department of Corrections will cover any medical or dental care over $300.00.

¶ 25.  Admit or deny that a fax was sent by Nurse Maxie on July 10, 2006 to Ruth Naglich pertaining to surgery for Breach's inguinal hernia.

¶ 26.  Admit of deny Brandon Kindard denied approval of costs to have Breach's hernia repaired?

¶ 27.  Admit or deny that Ruth Naglich denied approval of costs to have Breach's hernia repaired?

¶ 28.  Admit or deny that Lynn Brown with the Alabama Department of Corrections denied costs to have Breach's hernia repaired?

¶ 29.  Admit or deny you do not know the actual size of Breach's hernia?

¶ 30.  Admit or deny Breach was transported back to the Alabama Dept. of Corrections because of this hernia?

¶ 31.  Admit or deny that the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 32.  Admit or deny that the Anatomy of Hernia, --- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous if a piece of Breach's intestine becomes trapped ('strangulated') inside?

¶ 33.  Admit or deny that there is almost no limit to how BIG Breach's hernia could get if continued left untreated?

¶ 34.  Admit or deny that medically there is no cure for a hernia?

¶ 35.  Admit or deny that medical you can cure a hernia without surgery?

¶ 36.  Admit or deny that a non-reducible hernia can become life threatening if part of the intestine gets trapped or strangulated in the opening?

¶ 37.  Admit or deny that a strangulated hernia can become an emergency situation that usually requires immediate surgery?

¶ 38.  Admit or deny that a truss is only for reducible hernias?

¶ 39.  Admit or deny that Breach was not issued a truss while at LCS from March 2006 though October 2006?

¶ 40.  Admit or deny that a truss is the cure for a hernia?

¶ 41.  Admit or deny that issuing a truss is the cheapest way out of repairing hernias?

¶ 42.  Admit or deny that surgery for a hernia is needed to repair the defect in the abdominal wall?

¶ 43.  Admit or deny that if Breach's inguinal hernia is not treated, Breach's hernia can get larger and also lead to serious medical complications?

¶ 44.  Admit or deny that discomfort usually is experienced, especially when coughing, lifting heavy objects, or standing for a long time?

¶ 45. Admit or deny coughing, sneezing, and having bowel movements can cause pain or discomfort and also can weaken the muscles and cause the hernia to become enlarged?

¶ 46. Admit or deny that the long-term course is for a hernia to become steadily worse as time goes on, sometimes slowly and sometimes quickly when left untreated?

¶ 47.  Admit or deny that the opening of a hernia cannot heal itself?

¶ 48.  Admit or deny that medicine cannot cure a hernia condition?

¶ 49.  Admit or deny that Tylenol or Ibuprofen cannot ease the pain or discomfort caused by a hernia?

¶ 50.  Admit or deny that Tylenol or Ibuprofen does stop the pain or discomfort caused by a hernia?

¶  Admit or deny that medically a doctor can't "treat" a hernia, they must be repaired?

¶ 51.  Admit or deny that medically a doctor can cure a hernia with a truss, and limit a person daily activity?

¶ 52.  Admit or deny that without surgery intervention, serious complications can lead to injury to the nerves especially the major nerves in the inguinal region being: 1) Ilioinguinal, 2) Iliohypogastric; and, 3) Genitofemoral nerves if the hernia becomes strangulated or trapped inside?

¶ 53.  Admit or deny that if Breach's inguinal hernia is not repaired until it is incarcerated or into the scrotum, basically you are waiting until the natural openings in the wall which are small tunnels called 'canals' becomes strangulated, trapped and complications will arise because when a hernia becomes a non-reducible hernia, medically it then becomes trapped or strangulated in the opening, this can lead to dangerous complications such as obstruction of the flow of intestinal contents or bleed, leading to tissue death and gangrene?

¶ 54.   Admit or deny that under the standard of care, that a hernia ought not to be repaired unless incarcerated or into the scrotum?

¶ 54.   Admit or deny that if a weakness should open up in the abdominal wall, then the 'Corset Effect' is lost and what pushes against it from the inside (the intestines) simply pushes through the "window'. The ensuing bulge, which is often quite visible against the skin, is the hernia?

¶ 55.   Admit or deny that these 'windows of weakness' commonly occur where there are natural weaknesses in Breach's abdominal wall---such as where the 'plumbing' goes through it?

¶ 56.   Admit or deny that overexertion can cause weakness, such as simple coughing or sneezing?

¶ 57.   Admit or deny that the effects felt by Breach can range from perfectly painless, through discomfort, to be very painful indeed?

¶ 58.   Admit or deny that in any case, it is essential to diagnose correctly whether the problem is a 'Groin Strain', a Torn Muscle or a Hernia?

¶ 59.   Admit or deny that it is essential to consult a specialist who regularly sees all kinds of hernia cases?

¶ 60.   Admit or deny that Dr. John A. Tassin wasn't sure if surgery was necessary that Dr. Tassin only needed to check into the matter?

¶ 61.   Admit or deny that Dr. John A. Tassin is a specialist in hernia repairs?

¶ 62. Admit or deny that it is the routine and established practice at LCS, and the Alabama Department of Corrections to deny hernia repairs unless they are incarcerated or into the scrotum?

¶ 63. Admit or deny that a large increase in pain may indicate that the hernia is worsening and a physician should be consulted immediately?

¶ 64. Admit or deny that a hernia should be inspected daily to ensure it is not becoming infected or developing into a more serious non-reducible hernia?

¶ 65. Admit or deny that the decision not to repair Breach's hernia was based on the decision given from the Alabama Department of Corrections' Commissioner's Office?

Done this 29 Day May 2007.

Marcellus Breach AIS # 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing upon the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett, P.A.
Attorneys for PHS Defendants
P.O. Box 270
Montgomery, Alabama 36101
**Attorney of Record for South Louisiana Corrections Services, Inc.**
EDWARDS LAW FIRM
312 WEST UNIVERSITY
P.O. BOX 2970
LAFAYETTE, LOUISIANA 70502-2970

By placing the same into a sealed envelope properly addressed postage prepaid and mailing First Class U.S. Mail by the prison mail box system on this 29 Day of May 2007.

/s/ Marcellus Breach
Marcellus Breach

Marcellus Breach AIS 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 771
MONTGOMERY, ALABAMA 36101

LEGAL MAIL
CORRESPONDENCE