IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, # 160710 | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | Case No: 2:06-cv-1133MEF |
| | * | |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

**INSTANTER MOTION FOR PRETRIAL CONFERENCE; SCHEDULING; MANAGEMENT/PLANNING FOR DISCOVERY/STATUS CONFERENCE AND INITIAL DISCLOSURES MEETING BE HELD VIA-TELEPHONIC CONFERENCE IPSO FACTO**

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se" moves this court pursuant to <u>Rule 16(a), Rule 26(a)(1)(f)</u> Fed.R.Civ.P., directing that the parties confer "as soon as practicable" a discovery meeting for purposes to prevent delay, gratuitous litigation, and that the parties make their disclosures voluntary, and automatic with the necessary disclosed documents that will meet this case head one head, and if necessary that the court intervene for scheduling of a status conference, based upon expediting the disposition of this action, and especially under <u>Rule 26(a)</u> requires that parties disclose certain detailed information that is

1

germane to the case at bar <u>automatically</u>, without the need for discovery request pursuant to *Rule 26(a)(1)* Fed.R.Civ.P., as follows:

1)   On or about June 6, 2007, one of the party's attorneys called the Warden's Office at Limestone C.F., complaining and inquiring about Breach's filings in this matter. Instructions were given to a Correctional Officer, <u>Lt. Frazier</u> to search the law library, and question the law clerks concerning Breach's "<u>Interrogatories</u>" to "find them" and to take the "Interrogatories" out of the law library"! What are the defendant's intentions?

Breach respectfully request that this court set the instant matter at bar for a status conference, because Breach has the right to know, what plans that the defendants have in making their initial disclosure, and what they plan to disclose automatically and what they plan to hide from disclosure – raise objections, motion to strike, protective orders, all other matters in an attempt to escape liability, and disclosure.

2).   For the very reasons and facts: At the outset of this action when this court ordered a response from the defendants, the defendants simply manipulated this court and "escaped the bases of the allegations" and, then produced documents that had no bearing to the claims asserted in the original Complaint. The court would not listen to the plaintiff and Breach is afraid that it will happen against because, the defendants are very clever, and will try anything --- disingenuous tactics, manipulation by the defendants, caused a serious delay in the prosecution of this case. This December 2007 will be one (1) year, and each day, <u>Breach is still suffering pain, and discomfort.</u> Just

2

because Breach is incarcerated does not mean that the Rules of Civil Procedures do not apply in full effect.

2) The purpose of this request is for Breach to have an active play in the initial disclosure that the court ordered from the defendants. The rules state that the parties are to discuss and plan their disclosure. Just because Breach is incarcerated does not eliminate his right by the Rules. Breach states that Defendants just cannot, simply disclose <u>what they want to court to review</u>, but, <u>must</u> disclose what is absolutely necessary for both the claims and defenses raised in this case.

3) Breach is challenging the defendant's de facto policy of not repairing hernia unless they are incarcerated or into the scrotum. Defendants must produce their policy, regulations, procedures regarding medical treatment specially concerning surgery request for hernias. Breach also challenges that their policy, custom, practice, is "widespread". Defendants must produce matters relevant to the claims or defenses raised.

4) "<u>Witnesses</u>" in this case, are "<u>Agents</u>" defendants must disclose any and all documents, information that is germane to the nature of the claims and defenses not limited to: "<u>Business Records</u>": **"The medical faxed report that was sent to Defendant Ruth Naglich on 7-10-2006 concerning request for approval to have Breach's inguinal hernia repaired."**

3

5) "*Witnesses and reports*" must be disclosed especially pertaining to the telephone call and conversation from Defendant Brandon Kindard to Diana Lott stating: "Inguinal Hernia repair are not done there---unless incarcerated or into the scrotum." The defendants must disclose their policy, procedures, documents, supporting this de facto policy, both while Breach was in custody at South Louisiana Correctional Services, via-contract agreement with defendants to provide medical care, and also, the policy, procedures, regulations, documents by the medical care provider for inmates housed at the department of corrections.

6) Pursuant to *Rule 26(a)*, requires that parties disclose certain information automatically, without the need for discovery request, at three points during the litigation. First, all parties must make broad initial disclosure at or shortly after they conduct the discovery meeting under *Rule 26(f)*. In this case, no meeting as been conducted. Second, *Rule 26(a)* requires disclosures about expert testimony 90 days before trial. Third, *Rule 26(a)* specificies the pretrial disclosures to be made 30 days before trial. *Rule 26(a)* also establishes the exclusive list of available discovery methods to supplement the automatic disclosures.

7) The purpose of *Rule 26(a)(1)* Fed.R.Civ.P., requires that each party must disclose the identify of witnesses, a description of documents by category and location, a computation of each category of damages, and insurance information. *Rule 26(a)(1)* also, requires automatic initial disclosure of four categories of information:

4

(a) *"Witnesses"*: parties must disclose the name, and if known the address and telephone number, of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Parties must also identify the subjects of such information. *Scaife v. Boene*, 191 F.R.D., 590, 594 (N.D. In. 2000)(Rule 26(a)(1)(A) contemplates disclosure of address and telephone number so the other party can contact the witness, if appropriate); *Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450, 451-52 (N.D. Cal. 2001)(witness identify must be disclosed if the witness may be used to support claims or defense in the context of a motion or at trial, but an affidavit or declaration is Business Records and need not be disclosed); and especially, in this case: *Lovato v. Burlington Northern and Santa Fe Ry. Co.*, 200 F.R.D. 448 (D. Colo. 2001), rev'd another grounds, 201 F.R.D. 509 (D.Colo 2001)(medical records must be disclosed).

(b) *"Documents"*---parties must provide a copy of, or a description by category and location of, all documents, data, compilation, and tangible things that the disclosing party may use to support its claims or defenses. Computerized date and other electronically recorded information are deemed documents for purposes of the initial disclosure. Parties must

provide or describe all disclosable documents in their possession, control, or custody.

(c) *"Damages Computations"* --- Each party must provide a computation of any category of damages claimed by that party.

(d) *"Insurance"* --- Each party must provide all insurance policies that may provide coverage for part or all of any judgment that might be entered in the action.

8). <u>Rule 26(a)(2)</u> provides each party must disclose the identify of its expert witnesses and produce an expert report for each expert witness. An expert report is generally not required for a treating physician to testify regarding the treatment, although a minority of courts require an expert report when the treating physician will offer testimony as to causation.

9). Under <u>Rule 26(b)(1)</u> the term "<u>relevant</u>" is not defined by the Rules, but was extremely broad prior to the 2000 Amendments. Courts have defined "relevant" to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389-90, 57 L.Ed.2d 253 (1978). In addition, "<u>Matters Known To Others</u>" under said rule, a party must provide information and documents it possesses, regarding of whom else possesses that information. Meaning,

6

the constitutional violations as alleged in this Complaint, at the outset most of the relevant information, location of witnesses are: <u>Dr. John A. Tassin, Nurse M. Maxie, and Nurse Administrator Diana Lott</u>, who are acting as "Agents". <u>Rule 33(a)</u> Fed.R.Civ.P., clearly allows production, of "business records" with defendants' "Agents" and disclosure must be produced from defendants and their "Agents" within their control or known by the party's agents; any claim of privilege may only be asserted by the person holding the privilege. Certainly, one party may not asset a privilege of a non-party witness or another party.

10).    Breach request that the court intervene immediately, because discovery conference will aid pro se plaintiff to have permission from the court and disclosure planning will be open, and defendants will not be able to simply produce what they want the court to review, but, Breach can compel the defendants to 'comply' with initial disclosure and give plaintiff an opportunity with the parities to discuss the nature and basis of the claims and defenses and although there is no settlement possible in this case: Parties must make or arrange for the initial automatic disclosures required by <u>Rule 26(a)(1).</u>

11)    Breach request that this Court set a date, for said telephone conference, or in the alternative, issue an ORDER for the United States Marshal's to transport "your plaintiff to the locality", and immediately return Breach to Limestone C.F., after the hearing, whereas, the conference can in fact set the matter to rest, prior to a jury trial.

12)   An operative alternative, this Court can issue an ORDER for a teleconference hearing, with defense counsels, wherein, Kim Thomas is head of the legal division for the Alabama Department of Corrections, whom is familiar with such extending courtesy.

   **WHEREFORE**, plaintiff request to be heard.

Done this 7 day June 2007

Marcellus Breach 160710
LCF 28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone Garrett
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this 7 Day of March 2007, under the penalty of perjury 28 U.S.C. 1746.

Marcellus Breach

8

Marcellus Breach AIS 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

LEGAL MAIL
CORRESPONDENCE

HUNTSVILLE / HVS
AL 358 2 T
11 JUN 2007 PM

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101