# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

### MARCELLUS BREACH, # 160710

#### Plaintiff,

#### Vs.

### PRISON HEALTH SERVICES, INC., Et al.,

#### Defendants.

---

## CASE NO: 2: 06-CV-1133 MEF

## RENEWED ------ APPLICATION FOR A TEMPORARY RESTRAINING ORDER and/or PRELIMINARY INJUNCTION

## CASE NO: 2: 06-CV-1133 MEF

---

BY:
*Plaintiff, Marcellus Breach # 160710 "Pro Se"*
*Limestone C.F.*
*28779 Nick Davis Rd.*
*Harvest, Alabama 35749*

Date of filing:     June *14*, 2007.

## TABLE OF CONTENTS

### MEDICAL EXPERTS AFFIDAVITS:

1.  *"Exhibit A"*  **Dr. Satyavardhana Rao Yerubandi, M.D. FACS, FRCSC, "Supplemental Affidavit"** ……………………………………………pg. 39-46.

2.  *"Exhibit B"*  *Dr. Yerubandi M.D., ..*……………………………..……………Pg. 47-49

3.  *"Exhibit C"*  *JoAnn Breach, R.N., M.S.N*…………………...………………pg. 50-51

### MEDICAL RECORDS:

4.  *Certification of Documentation*………………………………………..p. 52

5.  *"Exhibit D"*  "LCS Corrections Services, Inc., 1 of 2 Doctor's Order Sheet…p. 53

6.  *"Exhibit E"*  "LCS Corrections Services, Inc., 2 of 2 Nurse's Notes……………p. 54

7.  *"Exhibit F"*  "Problem Lists" Alabama D.O.C…………………………………...p. 55

8.  *"Exhibit G"*  "PHS Progress Notes"……………………………………………p. 56

9.  *"Exhibit H"*  "PHS Special Needs Communication Form"………………………p. 57

10. *"Exhibit I"*  "PHS, Progress Notes" 1 of 2 ……...…………………………p. 58- 59

11. *"Exhibit J"*  "LCS Corrections Services, Inc., Offender Request"……………p. 60

12. *"Exhibit K"*  "LCS Corrections Services, Inc., Grievance"…………………….p. 61

13. *"Exhibit L"*  "LCS Corrections Services, Inc., Offender Request"……...……..p.62

14. *"Exhibit M"*  "LCS Corrections Services, Inc., Offender Request"………………p.63

15. *"Exhibit N"*  "LCS Corrections Services Inc., Grievance"…………………...p. 64

16. *"Exhibit O"*  "LCS Corrections Services, Inc., Offender Request………………..p.65

17.  *"Exhibit P"*  "LCS Corrections Services, Inc., Offender Request………………..p. 66

18.  *"Exhibit Q"*  "LCS Corrections Services, Inc., Offender Request….………….p.67

19.  *"Exhibit R"*  "LCS Corrections Services, Inc., Grievance………..…………...p. 68

20.  *"Exhibit S"*  "LCS Corrections Services, Inc., Grievance………..……………p. 69

21.  *"Exhibit T"*  "LCS Corrections Services, Inc., Grievance………..……………p. 70

22.  *"Exhibit U"*  "LCS Corrections Services, Inc., Grievance………..…………….p. 71

23.  *"Exhibit V"*  "LCS Corrections Services, Inc., Grievance………..…………….p 72

24.  *"Exhibit W"*  "PHS, Inmate Informal Grievance, 1 of 2"…..……………..p. 73-74

25.  *"Exhibit X"*  "PHS, Inmate Informal Grievance, 1 of 2"………..……………p. 75-76

26.  *"Exhibit Y"*  "PHS, Inmate Informal Grievance APPEAL, 1 of 2"…p. 77-78.

## PLAINTIFF'S & WITNESSES AFFIDAVITS:

27.  *Marcellus Breach*……………………………………………………….p. 79-84

28.  *Felix Snell*………………………………………………………….p. 85-87

29.  *Larry Patterson*……………………………………………………….p. 88-90

## JUDICIAL NOTICE ATTACHMENTS:

30.  *"Exhibit # 1"*    **"Hernia Surgery, Understanding Hernias and How They're Repaired":** Supplied by: <u>Dr. Yerubandi, M.D., FACS, FRCSC.</u>

31.  *"Exhibit # 2"*    *"Hernia Terminology"*  www@ hernia. Org

32.  *"Exhibit # 3"*    *"American Family Physician, Surgical Options in the Management of Groin Hernias"* www @ aafp.org.

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

*MARCELLUS BREACH, # 160710*

*Plaintiff,*

*Vs.*

*PRISON HEALTH SERVICES, INC., Et al.,*

*Defendants.*

---

## CASE NO: 2: 06-CV-1133 MEF

## RENEWED ------ APPLICATION FOR A TEMPORARY RESTRAINING ORDER and/or PRELIMINARY INJUNCTION

## CASE NO: 2: 06-CV-1133 MEF

---

*BY:*
*Plaintiff, Marcellus Breach # 160710 "Pro Se"*
*Limestone C.F.*
*28779 Nick Davis Rd.*
*Harvest, Alabama 35749*

*Date of filing:*     *June __, 2007.*

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, # 160710           *

      Plaintiff,                         *

Vs.                                  *        Case No: <u>2:06-cv-1133MEF</u>

PRISON HEALTH SERVICES, INC.,        *
Et al.,
      Defendants.                   *


## [1] RENEWED --- APPLICATION FOR A TEMPORARY RESTRAINING ORDER/ REQUEST AN IMMEDIATE HEARING AT THE EARLIEST POSSIBLE TIME AND SUPPLEMENTAL APPLICATION FOR PRELIMINARY INJUNCTION

Pursuant to <u>Rule 65(a)</u> Fed.R.Civ.P., and [Doc. # 3] of this Court's order entered on

the 22nd Day of <u>December 2006</u>, Plaintiff Marcellus Breach (hereinafter "Breach"), in

proper person "Pro Se", moves this Court set down a hearing at the earliest possible time

and to have this matter take precedence of all matters in this case as soon as possible, and

issue its preliminary injunction to ensure that Breach receives proper medical care; and,

for the reasons supplemented below and in the supporting memorandum at law: Breach

shows unto the court bona fide that his "<u>Application For Preliminary Injunction</u>" filed on

December 22, 2006 has been ignored by the court?[Doc. # 3].

---

[1] The pending Application For Preliminary Injunction [Doc. # 3] is just sitting, the court has taken absolutely no action, denies Breach of a legal proceeding that can facilitate and relieve his pain and suffering.

## Introduction:

*Kaufman, Chief Justice,* stated:    "The sad---often desperate---plight of many incarcerated in this nation's prisons is most dramatically revealed by the all too frequent petitions of inmates who have been denied access to basic medical services.  It is too late in the day to argue that penal incarceration reduces an individual's humanity.  Although the public may only become aware of the demeaning reality of prison life when frustrations explode into riot, it is important to accord the basic amenities of human existence to those whom we expect one day will assume a productive role in society.  The evolving standards of decency embodied by the Eighth Amendment have been refined in response to these vital needs, and courts have critically scrutinized alleged deprivations suffered by the incarcerated beyond those inherent in the very structure of prison life.  When inhuman or barbaric conditions are discovered, judges will not hesitate to enter the breach and order remedial measures."  *Todaro v. Ward*, 565 F.2d @ 50 (2nd Cir. 1977)

## Preliminary Statement:

As stated in the declarations submitted with this motion, and in conjunction with this civil rights action, there is a reasonable likelihood that Breach will prevail on the merits.  Breach presents expert testimony through two (2) Affidavits, the Eleventh Circuit has indicated that experts can aid the court in determining the validity of a qualified immunity defense when the plaintiff's allegations hinge upon the appropriateness of the actions of medical or mental health professions.  The Court held: "Such expert medical testimony, making reference to specific deficiencies in a defendant's treatment and

2

specific medically accepted standards might, in conjunction with the specific facts of a case, persuade a court that the medical defendants actions in the case were clearly as great a departure from appropriate medical standards as previous departures found unconstitutional on prior – i.e., might persuade a court that a reasonable professional in defendant's shoes would have known that his challenged actions (or inactions) violated plaintiff's constitutional rights." See, *Dolihite*, 74 F.3d @ 1046 (11th Cir. 1996); see also, *Howell v. Evans*, 922 F. 2d 712, 722-23 (11th Cir. 1991), vacated as moot, 931 F. 2d 711 (11th Cir. 1991), reinstated by unpublished order as noted, 12 F. 3d 190 (11th Cir. 1994)    In this case, ". . . medical care is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment." See, *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986)(citing *Green v. Carlson*, 581 F.2d 669, 675 (7th Cir. 1978), aff'd 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed. 2d 15 (1980).

Presented for review as enclosed are two (2) Affidavits from non-prison medical experts, that demonstrates surgery for Breach's inguinal hernia is inevitable. Federal courts are generally reluctant to second-guess medical judgment and to constitutionalize claims which sound in state tort law. See, *Hamm v. Dekalb* County, 774 F.2d 1567, 1575 (11th Cir. 1985).

The Supreme Court of the United States approved the longstanding rule of this circuit when it declared, "deliberate indifference to serious medical needs of prisoners [violates] the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed. 2d 251 (1976).  Noting that inmates are utterly dependent upon their custodians,

3

the Court was careful to observe that the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain.  To assert otherwise would be inconsistent with contemporary standards of human decency.  It is clear from this principle that a constitutional claim is stated when prison officials intentionally deny access to medical care or interfere with prescribed treatment. See, *Estelle v. Gamble*, supra, 429 U.S. @ 104-05, 97 S.Ct. 285; *Martinez v. Mancusi*, 443 F.2d 921 (2d Cir. 1970) cert denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed. 2d 335 (1971).

For almost three (3) years, defendants have acted deliberate indifferent to Breach's medical needs, i.e., surgery.  The Eleventh Circuit has stated: "There is little doubt that an inguinal hernia is a serious medical need." *Miller v. Wilson*, 1996 U.S. Dist. Lexis, 19584 October 18, 1996 (S.D.Ala 1996).  The defendants' refusal to provide surgery is malignant because, medical experts have held that the only way to alleviate Breach's pain and suffering is to provide surgery.  Defendant's actions are willful, obdurate and malevolent ---and incongruous with the standard of care regarding inguinal hernias.

Accordingly, even reiterated, Breach is not astonished that even the Eleventh Circuit Court of Appeals held in *Miller v. Dr. Wilson, et al.*, U.S. Dist. (S.D. Ala. 1996) 1996 U.S. Dist LEXIS 19584 CA-95-0184-CB-C Decided, *October 18, 1996*, **"There is little doubt that an inguinal hernia is a serious medical need...." id.**

Defendants have intentionally refused to provide the only medically known cure for Breach's symptoms (surgery) and have intentionally subjected Breach to have to

4

endure pain and suffering. In spite of this, Breach has to perform a prison job which requires long standing, and also, irritates his hernia causing tenacious pain, duress, depression, aggravation, that is clearly conspicuous that surgery is inevitable or, an alternative that would likely alleviate Breach's pain and discomfort due to his enlarged hernia ---- eminently shows that he has pain while standing, coughing, sneezing and having bowel movements.

"Exhibit D pg. # 53" reflects that Dr. Tassin on 3/21/2006 recommended and ordered that Breach's inguinal hernia needs repair. It is clear that the defendants' actions not only malevolent, but their practice is 'statewide' problematic, and they are not going to provide surgical repair for any inmate who has a painful hernia, where surgery is necessary, there being a present constant 'source of imminent danger' that Breach's hernia can become infected leading to tissue death, and also gangrene as Breach's inguinal hernia is continued left untreated. There is also a strong imminent danger of incarceration and strangulation of Breach's bowels, and his intestine, which can cause potential serious medical complications, meaning, Breach health will detrimentally exacerbate and result to an immediate operation.

What guarantee is there that defendants will transport Breach to the hospital in time when this dangerous situation arrives? There isn't one! This is the very purpose of the preliminary injunction to preserve Breach's health.

Deliberate indifference to Breach's serious medical needs violates the eighth amendment because denying, withholding or delaying medical treatment is tantamount

5

to "unnecessary and wanton infliction of pain.' *Estelle v. Gamble*, 429 U.S. @ 104, 97 S.Ct. @ 291; *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988).

## INGUINAL HERNIAS/MEDICAL FACTS

Public information supplied to this court and Affidavits from qualified non-prison medical experts pertinent; and distinguished from the defendants unwarranted policy; and, their conspicuous intentions to cause a <u>future harm</u> by their refusal to repair Breach's hernia unless it is incarcerated or into the scrotum. Medical experts <u>agree</u> and supplied opinions that corresponds with the cogitative both public information and written decision from the <u>Eleventh</u> and <u>Fifth Circuit Court of Appeals</u>, as well as other circuit court case law that applies as holding decision averring that "hernias" are serious ---- medical experts have held that the <u>only</u> way to stop a hernia from getting <u>worse</u> is to repair the defect. The holding case addressing Inguinal Hernias in federal circuits is held in *Delker v. Maass*, 843 F. Supp. 1390 (D. Or. 1994) the Court dealt with an non-incarcerated hernia directly on point with the case at bar. The Court in *Delker v. Maass*, 843 F. Supp. 1390 (D. Or. 1994) held that an inguinal hernia is as follows:

> "An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of the intestine pokes through this hole. A hernia is "easily reducible" if when the peritoneum bulges through the outer abdominal wall, the patient can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia can become acutely incarcerated. An acutely incarcerated hernia that <u>is not treated within 6 to 8 hours may become</u> <u>strangulated</u> (i.e., the intestinal loop protruding through the abdominal wall becomes constricted), a condition that

6

may result in <u>serious injury or **even death**</u>.  An acutely incarcerated hernia also <u>can cause pain and</u> <u>limit activity in some patients.</u>" Id @ 1393.

Breach can show that it is clear that Dr. Tassin had knowledge that surgical repair is the standard treatment for a moderate inguinal hernia in patients who are not in prison.  It is also clear that Dr. Tassin's hands were tide, because, the Defendants instructed Dr. Tassin that Breach's hernia cannot be repaired unless it is incarcerated or into the scrotum. *["Exhibit E, pg. 54 & 7-12-06 Medical Records "LCS""]*

In this case, expert testimony has and will establish the inimical "danger" of the defendant's de facto policy of not repairing hernias unless they are incarcerated or into the scrotum.  In fact, what is so interesting about the Defendants who are "public servants" is the hierarchy has imposed, developed an unwarranted Chimerical de facto policy that must be challenged as unconstitutional --- surgery is never authorized for a "routine, non-incarcerated hernia, unless, the hernia is incarcerated or into the scrotum, creates a very malevolent, dangerous medical situation that will lead to serious medical complications such as, <u>tissue death</u>, <u>gangrene</u>, <u>nerve entrapment</u> and even <u>death</u>, regardless of Breach's subjective complaints.

"Constitutional standards are not determined by a board of directors of a third party organization, or, by a survey of policies followed by other states or a history pattern by states." See, *Jones,* 781 F.2d @ 771-72.

Nevertheless, on <u>*April 30, 2007*</u> Breach was seen after a sick call complaint to Dr. Hobbs due to his hernia at Limestone C.F., having a <u>burning pain</u>.  Dr. Hobbs could do

7

absolutely noting excepts prescribe Tylenol and a truss. Breach is still currently experiencing a burning pain at times, and extreme discomfort; also, Breach's daily activities are restricted such as, long standing, coughing, sneezing, and bowel movements, no exercise because every movement can cause the hernia to enlarge and become worse. [*See, Exhibit A, Supp. Affidavit, pg. 39-46 Dr. Yerubandi, M.D.*]

There is a substantial threat of irreparable harm if the injunction is not granted, and the threatened injury to plaintiff outweighs any harm the proposed injunction may cause defendants. The relief sought is an <u>order</u> compelling the defendants to perform their preexisting duties under the United States Constitution. The law is clearly established: "Deliberate indifference to prisoner's serious medical needs violates the eighth amendment because denying or delaying medical treatment is tantamount to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. @ 104, 97 S.Ct. @ 291; *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988). A condition need not be life threatening to be deemed serious. *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990). Alabama Courts have held in *Fountain v. State*, 648 So.2d 591 (Ala.Civ.App. 1994): "An inmate in a state penal facility has a constitutional right to adequate medical care.

The public interest will not be disserved by a grant of a preliminary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all of its members.

## STANDARD OF REVIEW/PRELIMINARY INJUNCTION
## MEMORANDUM OF LAW/POINTS ON AUTHORITY

Breach submits this memorandum at law and Affidavits from medical experts in support of his motion for a preliminary injunction. Breach will demonstrate that the defendants while Breach was housed at the private prison, under the 'control' of the Defendants: Breach was denied for six (6) months medical care pertaining to his hernia--- no pain medication, no truss re-issued, absolutely noting, but Breach was subjected to have to endure the pain from his hernia. *[See, "Exhibit C, Affidavit Nurse JoAnn Breach pg. 50-51"]*

Accordingly, expert testimony is <u>controlling</u> and demonstrates that hernias are a constant danger----threat to good health. Thus, a preliminary injunction is absolutely necessary in this case, because evidence before this court ought to satisfy an imminent showing of a source of a constant danger that Breach faces daily as the United States Supreme Court has held concerning hernias. The Supreme Court has held that hernias are a "<u>source of constant danger</u>". The Court noted the seriousness of a hernia.

> "A hernia, if properly managed, is not immediately dangerous to the patient, does not affect his health, or materially diminish his enjoyments; but is a **source of constant danger, since violent exercise or sudden exertion may bring it from a perfectly innocent state into a condition which frequently proves fatal** ... The treatment of rupture," he adds, "demands from all these circumstances as great a combination of anatomical skill, with experience and judgment, as that of any disorders in surgery." See, *Aetna Life Ins. v. France,* 91 U.S. 510, 515 (1876).

9

What is so ironic in this case, Breach's hernia <u>is not</u> being properly managed, it is beyond a perfectly normal state, because it comes out, and gets as big as a "<u>Soft Ball</u>". There is absolutely no medical management possible at this stage of Breach's hernia that could extricate Breach's painful symptoms.

Alabama Courts address hernias and, order surgery.  In *Soti v. Lowe's Home Center, Inc.,* the Court said: "The abdominal incision weakened the muscle wall holding <u>Soti's</u> intestines in the abdominal cavity.  This allowed <u>Soti's</u> intestines to bulge through the muscle wall and create a swollen area on his abdomen almost a year after the surgery had been performed. " See, *Soti v. Lowe's Home Centers, Inc.*, 2005 Lexis 15 (1-14-05). "A claim of this nature is cognizable as a writ of certiorari." See, *Singleton v. Ala.Dept.of Corrections*, 819 So.2d 596 (Ala. 2001); *State Department of Corrections v. Marks*, 659 So.2d 647 (Ala.Civ.App. 1995)(Montgomery Circuit Court ordered surgery).

The Alabama Supreme Court defines "hernia --- condition which, to be corrected, *would require surgery.*" See, *Proctor Agency, Inc., v. Anderson*, 358 So.2d 164-65 (Ala. 1978). "Conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" See, *Travelers Indem. Co. of Illinois v. Griner*, 809 So. 2d 808, 810 (Ala. 2001)(quoting *American Road Serv. Co. v. Inmon*, 394 So.2d 361, 365 (Ala. 1980)(citations omitted).

Under <u>Workers Compensation Law</u> for Alabama State employees, dealing with how Alabama law defines hernias and that the defendants have the "duty" by law, to

provide necessary medical treatment to Breach is germane. Under Alabama law, Section § 25-5-57(a)(6)(b), *Code of Alabama*, (1975) provides:

> [2]"b.    *Treatment.* –<u>All hernia, inguinal, femoral,</u> or otherwise, proved to be the result of an injury by accident arising out of and in the course of the employment, **shall be treated in a surgical manner by radical operation.** <u>If the injured employee refuses to undergo the radical operation for the cure of the hernia, no compensation will be allowed during the time the refusal continues.</u> If, however, it is shown that the employee has some chronic disease or is otherwise in physical condition that the court considers it unsafe for the employee to undergo the operation, the employee shall be paid as otherwise provided in this chapter."

A state employee under Alabama law, cannot, return to work unless he/she undergoes immediate surgery! That is what the statute interprets. The statutes does not say, unless the state employee's hernia is incarcerated or into the scrotum.

Federal courts address hernias, and have stated that this injury <u>must</u> be repaired, and an injury of this sort <u>not only presents a well-defined risk of incarceration with possibly strangulation of the bowel, but also is itself painful and will limit activity</u>. See, *Delker v. Maass,* supra.

### POINT "A"
### INJURY IN FACT STANDARD

Breach's future health is at risk, because his hernia <u>cannot</u> heal on its own; and, daily it is getting <u>worse</u>: problems <u>coughing, standing, having bowel movements, sneezing, maybe even death</u> --- it is medically known, and imminent that Breach's hernia "can" become strangulated and incarcerated at "<u>any</u>" time. Breach will demonstrate that

---

[2] Alabama Compensation law, any state employee <u>must have surgery for a hernia</u>, or benefits will not be paid.

11

he has an "*injury in fact*" and, that the injury is dangerous, and can be <u>life threatening</u>, moreover, his hernia is <u>most definitely painful</u>.

The law is established in the Eleventh Circuit: "A 'serious medical needs' is one that has been <u>diagnosed by a physician as mandating treatment</u>, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended, possess a substantial risk of serious harm." ***Bismark v. Lang***, 2006 U.S. Lexis 23275, April 2006 (citing ***Kelley v. Hicks***, 400 F.3d 1282, 1284 n.3 (11th Cir. 2005); ***Brown v. Johnson***, 387 F.3d 1344, 1351 (11th Cir. 2004); Farrow, 320 F.3d @ 1243.   Deliberate indifference to a prisoner's future health can constitute an Eighth Amendment violation. ***Kelley***, 400 F.3d @ 1284; ***Powell v. Lennon***, 914 F.2d 1459, 1464 n. 10 (11th Cir. 1990)

The United States Supreme Court held that in order to satisfy the "*injury in fact*" requirement of standing, a plaintiff need not wait for an injury to occur. An <u>allegation</u> of future injury satisfies this prong of standing so long as the alleged injury is "imminent" or "real and immediate" and not merely "conjectural" or "hypothetical".[3] See, ***Lwan***, 504 U.S. @ 560, 112 S.Ct. @ 2136; ***City of Los Angeles v. Lyons***, 461 U.S. 95, 101-02, 103 S.Ct. 1160, 1165, 75 L.Ed.2d 675 (1983). "An injury is imminent if it is likely to occur, and likely to do so immediately." ***Luyan***, 504 U.S. @ 560, 112 S.Ct. @ 2136; ***31 Foster Children v. Bush***, 329 F.3d @ 1265 (11th Cir. 2003).   Breach's hernia is medically proven, become

---

[3] Two (2) medical experts have supplied Affidavits that hernias can lead to death and needs to be repaired <u>as soon as possible</u>.

12

strangulated at <u>any time</u>, and medical experts have held that <u>surgery is necessary as soon as possible.</u> [*See, Affidavit Dr. Yerubandi Exhibits A, B, & C*].

"The purpose of preliminary injunction relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed." See, ***All Care Nursing,*** 887 F.2d @ 1537; ***United States v. State of Alabama***, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), cert denied, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. ***Devose***, 42 F.3d @ 471; ***Penn v. San Juan Hosp.,*** 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. See, ***In re, Infant Formula Antitrust Litigation, MDL 878 v. Laboratories,*** 72 F. 3d 842, 842-43 (11th Cir. 1995).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. See, ***Cunningham v. Adams***, 808 F.2d 815, 821 (11th Cir. 1987). In order to prevail on Breach's motion for preliminary injunction, Breach must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) the injury to plaintiff outweighs the injury to the Defendants that may be caused by the injunction, and (4) the injunction is not contrary to the public interest." ***Church v. City of Huntsville***, 30 F.3d 1332 (11th Cir. 1994); ***Cuban American Bar Ass'n v. Christopher***, 43 F.3d 1412, 1424 (11th Cir. 1995).

Preliminary injunction is an "extraordinary and drastic remedy," that the grant of such a motion is the "exception rather than the rule." ***United States v. Lambert***, 695 F.2d

536, 539 (11th Cir. 1983).  The elements of a TRO are essentially the same as for a preliminary injunction, except that "[t]he motion must be supported by <u>allegations</u> ... that such [irreparable] injury is so imminent that notice and hearing would be impractical if not impossible." *Hernandez v. Board of Regents by Univ. of S. Fla.,* 1997 U.S. Dist. Lexis 9950, 1997, WL 391800 #1 (M.D. Fla. 1997)(quoting *Chase Manhattan Bank v. Dime Savings Bank of New York,* 961 F. Supp. 275, 276 (M.D. Fla. 1997).  The burden of persuasion for each of the four requirements is upon the movant. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

## ISSUE NO. 1

**A.    *The plaintiff is threatened with irreparable harm:***

As to irreparable harm, Breach argues not only are constitutional interest are being impaired or threatened, and that in this case there is a great presumption of irreparable harm to Breach. *Elrod v. Burn,* 427 U.S. 347, 96 S.Ct. 2673, 2674 49 L.ed.2d 547 (1976).

This issue is concerning the deterioration, and a more sever imminent deterioration of Breach's health and well-being.  Breach is daily experiencing some type of pain and discomfort due to this untreated hernia.  At times, Breach's hernia "<u>is not</u> <u>easily reducible and when it comes out, will not go back into proper place</u>.  Daily, Breach is agitated with this question in his mind?  "Will this hernia rupture today?"

No one can answer this question, neither Dr. Yerubandi, M.D., nor the "prison doctors" who smoke cigarettes, especially any replication from PHS's Attorney's written aspersions, still cannot, answer this question because, <u>non-prison</u> doctors averring that

14

there is <u>no cure</u>, hernias must be repaired through surgery. The Defendants' atrocious conduct and their refusal to provide surgery is conduct so vicious, and their intentions allow Breach to have to endure pain and suffering is incongruous and violates the Eighth Amendment to the United States Constitution. Ironically, the prescribed Tylenol and Ibuprofen does not, cannot succor, nor ease Breach' pain: this is not a headache issue! Medically, it is known that you <u>cannot</u> "<u>treat</u>" a hernia; it must be repaired through surgery. [*"Exhibits, B Dr. Yerubandi M.D.," expert opinion pg. 39-49 & Exhibit # 1 Judicial Notice*]

As a matter of law, going on almost three (3) years, Breach is entitled to relief: "The continuing deprivation of constitutional rights constitutes irreparable harm." See, *Elrod* supra, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976).

What is also imminent? 'Death', if Breach <u>is not</u> treated through surgical intervention <u>when</u> his hernia becomes incarcerated or strangulated because strangulation is the next phrase with a hernia. Doctors have advised by caveat that the waiting until incarceration or a strangulated hernia can increase several medical complications, <u>gangrene, tissue death, entrapment of the ilioinguinal nerve</u> that will produce more sever pain in the groin and scrotum; extension of the hip frequently exacerbates the pain. This nerve is the most commonly injured during open herniorrhaphy. Injury to the genital branch of the genitofemoral nerve can cause hypersensitivity of the groin, scrotum and upper thigh, and can be associated with ejaculatory dysfunction all because the defendants refuse their obligation to fulfill their duty under the constitution. Evidence

15

from medical experts, and an expert in hernia repair has explained by opinion of the dangers and pain from a hernia, and that a hernia will "<u>only</u>" get worse.

The defendants' failure to treat an inmate's medical needs may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the Amendments. See, *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990).

It is clearly established in this circuit that <u>knowledge</u> of the need for medical care and intentional refusal to provide that care constituted deliberate indifference. E.g., *Mandel v. Doe*, 888, F.2d 783, 788 (11th Cir. 1989). ["*Exhibit G, pg. # 56*], reflects that on <u>May 5, 2005,</u> Dr. Bossermen at Limestone Correctional Facility, Harvest, Alabama diagnosed Breach with an "Inguinal Hernia" amendable to surgery. This hernia <u>cannot</u> cure itself; it has not become better, only worse!  Medical records reflect that Dr. Bossermer noted that Breach has pain due to this hernia. [4] Breach continued to complain to the Warden at Limestone, and also submitted several request for sick call, and requesting to be seen by the doctor or an outside doctor.  Although Dr. Bossermer issued either Ibuprofen or Tylenol for pain, and a "truss" in an "ineffective" attempt to "treat" Breach's hernia; also, a work profile, limiting Breach's work duties and no long standing, no prolong walking greater than one (1) hour, and a bottom bed profile corresponds with the Eleventh Circuit's decision that once defendants acknowledge that a medical need is serious and then place restrictions on the prisoners activities is <u>knowledge</u> that there is a serious medical need.  Interesting, as it is alleged in the "Supplemental Complaint," the

---

[4] Breach submitted several sick call slips to PHS, and the doctor only saw Breach one time.  Breach's request slips, grievances, grievances appeals, all went ignored, a patter by the Defendants.

defendants have a 'widespread' de facto policy and a extreme pattern of 'taking' the easier and less efficacious course of treatment by issuing, ineffective truss or a hernia belt that is outdated, and does not fit properly, also, issuing some pain medication that absolutely does nothing to ease the pain and discomfort due to a hernia because you cannot treat a hernia.  The simple prescribing Tylenol and the actions of the defendants clearly represents a repugnance medically to provide the necessary treatment, which is surgery.  Reiterated medically, you cannot treat a hernia; they must be repaired through surgery. [*See, Exhibits Affidavits A, B, C, & # 1 Judicial Notice*]

Rendition under the law is, "[d] eliberate indifference, however, may also be established by showing a decision to take an easier but less efficacious course of treatment, or by medical care which is so cursory as to amount to no treatment at all." See, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Adams*, 61 F.3d @ 1544.

Breach still daily continues to have problems when coughing, sneezing and bowel movements due to his enlarged hernia, and continued to complain and filed several "sick call" request slips to the defendants that went ignored.  Morethanless, ironically defendants simply "ignored" Breach's complaints of pain, and their way to escape liability, subsequently transferred Breach out-of-state to "South Louisiana Corrections Services, Inc., ("LCS") in Basile, Louisiana a private prison without proper a medical care system knowing Breach has a injury that is imminent to worsen and causes pain and discomfort.

As stated in Breach's Supplemental Complaint that facts are: upon arrival at South Louisiana Correctional Center, LCS, on or about _March 19, 2006,_ Breach submitted a "sick-call" slip complaining about experiencing pain when coughing, sneezing, and bowel movements.  On _March 21, 2006,_ Breach was seen by Doctor John A. Tassin who then conducted an examination on Breach and determined that Breach has a "Left Inguinal Hernia" and made a "doctor report" that Breach's inguinal hernia "Needs Repair".  On _March 21, 2006_ at this examination with Dr. Tassin, with Nurse Maxie present Dr. Tassin did so verbally state to Breach:

> **"We will put in a request for approval for your surgery with the Commissioner's Office, they have to approve it, you belong to them, if you belonged to us, we would fit it, but, we have to have Alabama's approval before we can do anything."**

At this time, Breach was wearing his "TRUSS" that was issued by Dr. Bossermer, and was advised by Dr. Tassin:

> **You don't have to use it, you need surgery, a Truss is outdated, and it is no good".**

Breach then threw away his Truss, on the advise of Dr. Tassin and the hope that he was going to receive surgery.  Breach then explained to Dr. Tassin that he has begun to experience problems when _coughing, sneezing_ and bowel movements, and that Breach has to lift up his left leg  when coughing and hold down on the hernia to keep it from coming out.  Dr. Tassin told Breach on _March 21st 2007,_

> **"Hernias get worst, they do not get better, you need surgery. Hold on and let's see if we can get you to Charity Hospital".**

Breach then requested Dr. Tassin prescribed Breach with some type of pain medication because Dr. Bossermer prescribed Tylenol. Dr. Tassin stated:

> **"You can't treat a hernia, they can only be repaired through surgery, there is nothing that I can give you for your pain, you need surgery."**

On *April 11th 2006*, Breach filed another "<u>sick call</u>" request to medical personal complaining as follows:

> "I' am in pain sneezing, coughing, bowel movements. I have a hernia, it is causing me pain! I need pain medication! Need Medical" *[Exhibit J, pg. 60]*

On *April 14, 2006*, "<u>Offender Grievance</u>" filed pertaining to medical as follows:

> "I have a hernia, Dr. Tassin told me on 3-21-06 I need surgery. I'm waiting to see an outside doctor. I have a burning pain in my groin area. I put in a sick call on or about 4-11-06. I haven't seen medical." *[Exhibit K, pg. 61]*

On *April 16, 2006*, Breach filed another "<u>sick call</u>" request slip addressed to Medical and Warden Jake complaining as follows:

> "Put in sick call on 4-11-06 for hernia haven't seen anyone. Having pain." *[Exhibit L, pg. 62]*

On *May 6th 2006* Breach filed another "<u>sick call</u>" request slip to Warden Jake and Medical, complaining: "

> "I need Medical to give me pain medication I keep signing up for medical. Dr. Tassin said I need surgery. I'm in pain!" *[Exhibit M, pg. 63]*

On *May 10, 2006*, Breach filed another "<u>Offender Grievance</u>" against [LCS] Medical complaining as follows:

19

"On April 11 and May 6, 2006 I've put in sick call slips for pain due to my hernia. My hernia is getting worse. Pain coughing." [*Exhibit N, p. 64*]

On *May 13, 2006*, still without medical attention, Breach submitted another "sick call" request slip to Medical, Warden Copes complaining as follows:

"I've put in several request slips for medical. I'm in pain! No medication, no Truss, no surgery! I am being denied medical. I'm in pain."[Exhibit *O, pg. 65*]

On *June 5ᵗʰ 2006*, Breach filed another "sick call" request slip requesting:

"I need to see the doctor for pain (hernia) I can't sneeze, cough, w/out pain. It's painful. Need pain medication."[**Exhibit P, p. 66**]

On *June 8ᵗʰ 2006*, again, Breach filed another "sick call" request slip to Warden Jake complaining as follows:

"I have filed several sick calls for pain due my hernia! No relief! Why? Need pain medication. Aspirin. [*Exhibit Q, p. 67*]

[5] On *June 12, 2006*, another "Offender Grievance" complaint was filed by Breach against: Diana Lott, Nurse Maxie, and Medical Staff as follows:

"4-sick call slips signed up for pain are ignored. No pain medication, no doctor you are denying me medical."[Exhibit *R, p. 68*]

On *June 18, 2006*, Breach filed an "LCS Offender Grievance" complaining:

"I've been recommended for surgery for a hernia: I've yet seen anyone to have surgery."[**Exhibit S, p. 68**]

---

[5] Breach obtained a Temporary Restraining Order in the District Court of Evangeline Parish, District Court Case No: 00067786-B and Judgment against LCS on several issues: 1) inadequate grievance procedures, none of Breach's grievances were addressed or returned to Breach. **Marcellus Breach v. Gary Copes, et al.**

On *August 3, 2006,* Breach again filed another "Offender Grievance" complaining:

> "My hernia came out last night, can't walk without pain. It's Big! Need Medical." [*Exhibit T p.70*]

On *August 17th 2006,* Breach filed another "sick call" request slip complaining:

> "I have not received any medical attention since March 2006 [pertaining to hernia] I need to see the Dr. Tassin for pain----hernia." [*Exhibit U, p. 71*]

On *August 20, 2006,* another Offender Grievance was filed stating:

> "I am in pain due to this hernia: I have got no answers from medical pertaining to pain medication or surgery. I am having problems sneezing, coughing, and bowel movements. I can't cough without pain. I need surgery or to see an outside doctor. I am having pain, my hernia comes out!" [*Exhibit V, p. 72*]

On or about *September 2006,* Breach filed an "*Application For A Temporary Restraining Order/Preliminary Injunction*" requesting the District Court Honorable Judge Thomas F. Fuslier for Evangeline Parish 13th Judicial District Court for Louisiana to conduct an evidentiary hearing as to why LCS [defendants] refuse to provide Breach with surgery, or any other necessary medical attention.

A Hearing date was set for *October 2006,* and again Breach was seen on or about *October 3rd, 2006,* by Doctor Tassin, wherein told Doctor Tassin: "**LCS refuses to give me surgery, so I am asking a judge to review the matter.**" Nurse Maxie said: **You Won't Get Your Surgery Here, Maybe In Alabama, But I promise You, We Are Not Going To Do It**".

21

### MEDICAL RECORDS REFLECT

[*Exhibits E, p. 54*] reflect that on July 10, 2006, South Louisiana Correction Services, Inc., (LSC) faxed a report to Defendant Ruth Naglich **"[I]n reference to inguinal hernia inmate requesting repair and is filing a lawsuit to have surgery done**."

[6] On July 12, 2006, LCS's Medical personal, upon information and belief Diana Lott, **"Received a call from Brandon [Kindard] from Alabama re 'Inguinal Hernia---stated hernia repairs are not done their—unless incarcerated or into scrotum...'subject placed on sick call for 7-18-06 to see if he needs a referral to a surgeon.'"[See, Exhibit E, p. 54]**

On July 18, 2006, Breach was finally seen by Dr. Tassin and complained that he was having problems coughing, sneezing, and having bowel movements and requesting pain medication. Breach complained that he has filed several sick call request slips, and grievances and questioned why hasn't he seen the doctor? No answer was given. Dr. Tassin on said date **did not** examine Breach's hernia, and simply stated:

> "Why don't they give you your surgery, this hernia will only get worse: you need surgery..."I do not understand why they just don't fit it take you to Charity Hospital and repair it?"

Breach again requested something for pain and Dr. Tassin stated: **"There's nothing I can give you for your pain, you need surgery."** On July 18, 2006, at this examination, Nurse Maxie stated: **"Alabama will not approve your hernia because of**

---

[6] Defendant Brandon Kindard IS NOT a doctor. Records reflect that LCS relied on Brandon's instructions not to repair Breach's hernia unless it is incarcerated or into the scrotum.

costs". Nurse Maxie further stated: **"You won't get your surgery here, maybe in Alabama, but, I promise you, we aren't going to do it."**

On *October 6, 2006,* Breach was transferred back to the Alabama Department of Corrections per Brandon Kindard----Department of Corrections Health Services for evaluation of his hernia.

## "PLRA" EXHAUSTION REQUIREMENTS
### KILBY MEDICAL GRIEVANCES AND APPEALS FILED

[7] On *October 11, 2006,* Breach filed a Grievance Complaint with Prison Health Services, Inc., the medical provider for the department of corrections complaining about pain, having problems sneezing, coughing and bowel movements. Breach also stated that Dr. Tassin made a recommendation for surgery. [*See, Exhibit W, 1 of 2, pg. 73-74*]

On *October 17 2006,* Linda Lawrence the Medical Administrator at Kilby Correctional Facility, responded:

> "I have search your medical files here from front to back. There <u>is</u> <u>no records</u> or sick calls that you <u>were examined for a hernia</u>. I see <u>no evidence</u> of a medical hold or medical stop up. If you are having health problems pleases sign up for sick call and be examined by the doctor." [*See, Exhibit W, p. 73*]

On *November 7, 2006,* Breach again submitted another Grievance Complaint to Linda Lawrence, and questioned why they do not have Breach's Medical Records? No response was given. [*"Exhibit X, p. 75"*]

---

[7] Breach filed two (2) Inmate Grievances and Appeals at Kilby Correctional Facility, to Linda Lawrence and Lawrence DID NOT process the Appeal constitutes inadequate grievances procedures.

[8] On _November 7, 2007,_ Breach filed with Prison Health Services, Inc., an **Inmate Appeal** for his Grievances filed.  Any person in regards to his grievances did NOT speak with Breach nor did Breach receive an answer in regards to the Grievances.  Breach never received any written decision from the filed grievances and appeals at Kilby prison.  [See, _"Exhibit Y, p. 77-78 1 of 2"_]

On or about _December 21, or 23, 2006,_ Defendant Brandon Kindard met with Breach at Kilby in the Captain's Office along with another unknown black female approximately 5' 7" 135 lbs., to discussed Breach's grievance complaint verbally.

On or about _December 21, or 23, 2006_ Defendant Brandon Kindard personally told plaintiff that on 10/06/06 Brandon Kindard had plaintiff transferred back to Kilby Correctional Facility in Alabama per the Alabama Dept. of Corrections' Office of Health Services for "an evaluation of plaintiff's left inguinal hernia".

"On or about _December 23, 2006,_ Breach had presented his copy of the Medical Records from LCS to Defendant Brandon because Brandon verbally told Breach that he had reviewed Breach's Medical Records and that there were no records of any doctor recommending Breach for surgery.  Breach then, personally placed a true copy of the medical records reflecting Dr. John A. Tassin's recommendation for surgery into Defendant Kindard hands, and after Brandon reviewed the LCS "South Louisiana Correctional Services" Medical Records, Brandon did so then stated; **"I am going to give**

---

[8] It is safe that Breach exhausted every available grievance procedures before initiation of this action because Brandon Kindard was the representative from Prison Health Services, and Ala. Dept of Corrections.

**you your surgery.**" [Defendant Brandon lied to Breach straight in his face, shook Breach's hand, said "Happy New Year" and never provided surgery.]

As of *April 30, 2007* when Breach was seen by Dr. Hobbs at Limestone Correctional Facility, Dr. Hobbs stated to Breach: **"There's no use for me to put you in for surgery, they will deny it anyway...you do need surgery, you need to have someone call the Commissioner's Office or call the Governor to get you your surgery."**

The defendants actions are atrocious, malignant and it is certainly conspicuous that to continue signing up for sick-call is nothing more than a waste of time, and $ 3.00 co-pay because as Dr. Hobbs stated:

> **"There is no use for me to put you in for surgery, they will deny it anyway...you do need surgery, you need to have someone call the Commissioner's Office or call the Governor." [April 30, 2007]**

Preliminary injunction is appropriate in this case, because, justice calls for it to be issued for the medical reasons from "non-prison" experts that Breach's hernia can be life threatening when it becomes incarcerated, strangulated, or into the scrotum. **Ballentine's Law Dictionary defines "Incarcerate[d}"** as follows:

> [9]**"To imprison, to confine in a prison or jail."**
> **3rd ed., 1969 Editor William S. Anderson.**

"Incarcerated" this court ought to cogitate with the well familiar term. Incarcerate, incarcerated, and it ought to mean: "Can't get out". Furthermore, with that description that the defendants will not provide surgery until Breach's hernia is incarcerated,

---

[9] See also, Merriam Webster's Dictionary and Thesaurus: "Imprison, Bastille, confine, constrain, immure, intern, jail, jug, prison."

strangulated and medical experts "warn" because of the dangers of an incarcerated hernia can lead to sever medical complications, the defendants have encumbered the constitutional protections given to Breach because, they have a de facto erroneous policy of not repairing hernias unless a life or death situation regardless of the subjective components of pain. Accordingly, evidence before the court by "non-prison" medical experts clearly demonstrates that the actions of the defendants demonstrates the very evils that the founders of the Constitution set out to protect: this Court is <u>obligated</u> to be careful to observe that the Majestic language of the Eighth Amendment <u>forbids</u> not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain--- a dangerous Chimerical threat to the well being of Breach's health and safety, i.e., <u>nerve damage</u> can result to an incarcerated hernia. ["*Exhibits A, B, pg. 39-51*"]

Reiterated, before the Court by Affidavit from a <u>non-prison</u> doctor, and a expert surgeon: <u>*Dr. Yerubandi, M.D., FACS, FRCSC*</u>, a 27-year veteran in surgical repair of hernias, <u>board certified surgeon</u> provides a profession medical opinion, very clear and "<u>extraordinary</u>" has a caveat medical instruction that the "danger" of incarceration of Breach's hernia can lead to serious medical complications, gangrene, tissue death, and even death of life itself. [*Exhibits A, B, & C*].

Defendants have acted at all times and continue to act deliberate indifferent until this Court steps in and enforces the Constitution. Dr. Tassin recommended surgery, although Dr. Tassin is not an expert in hernias, defendants have refused and forced

Breach to have to endure pain and suffering.  Exerting by law: "Prisoners must not be forced to endure needless suffering from the painful and untreated effects of an accident or serious illness." *Estelle*, 429 U.S. @ 105, 97 S.Ct. @ 291.

[10]  Dr. Yerubandi, M.D., provided a medical opinion and also supplied this court with a supplemental affidavit with a detailed medical judgment, based on his 27-years experience of the danger the Breach faces:

"Dr. Yerubandi stated, "**Exhibit A**"

> "**It is my opinion that the only way to stop Mr. Breach's inguinal hernia from getting worse is to repair the defect.  It is also my opinion that there is almost no limit to how "Big" Mr. Breach's hernia could get if it is left untreated...**"

> '**Mr. Breach's complaints about pain when coughing, sneezing, and having bowel movements are the symptoms that repair is necessary to alleviate his pain and prevents future complications.  Mr. Breach states that his hernia has enlarged. Because of the hernia (rupture), it will give rise to discomfort as Mr. Breach's hernia enlarges and can sometimes be dangerous if a piece of Mr. Breach's intestine become trapped ('strangulated') inside..."In my professional opinion, repair is needed, because the effects felt by Mr. Breach can range from perfectly painless, through discomfort, to be very painful indeed.**'

> '**Mr. Breach's inguinal hernia in my opinion will not heal on its own.  Surgery is necessary in Mr. Breach's case to repair the defect in the abdominal wall and, alleviate his symptoms of having pain.  If Mr. Breach's hernia is continued left untreated, his hernia can get larger and lead to serious medical complication.  Surgical repair is advised because of the danger of incarceration and strangulation....**" "**Exhibit A**'

---

[10]  "HERNIA SURGERY UNDERSTANDING HERNIAS AND HOW THEY'RE REPAIRED" is supplied from Dr. Yerubandi, M.D., Exhibit_____ ".

Furthermore, Dr. Yerubandi expressed to this Court:

"I comment as a surgeon in repair of hernias, that surgery is necessary for Mr. Breach's hernia before "incarceration and also, before his hernia is into his scrotum due to the risk of complications and strangulation of the bowel, resulting to Mr. Breach having to endure pain resulting of an untreated hernia...."

What is so inevitable in this case at bar, by law: "An inmate must rely on prison authorities to treat his medical needs. 'The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration.'" *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed. 2d 25 (1976). Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. Id. @ 104, 97 S.Ct. @ 291. To state a cognizable Eighth Amendment claim, a prisoner must allege <u>acts or omissions</u> sufficiently harmful to evidence deliberate indifference to serious medical needs. Id. @ 106, 97 S.Ct. 292.

In *Jones*, 781 F.2d @ 771-72, the Court held that: [H]ernia which results in pain, and suffering, and the inability to perform a prison job is a serious medical needs which <u>prison doctors may not ignore.</u>

The Eight Amendment <u>duty</u> applies to medical conditions that may result in pain and suffering which serve no legitimate penological purpose. *Estelle*, 429 U.S. @ 103, 97 S.Ct. @ 290. See also, *McGuckin*, 974 F.2d @ 1059 (delay in performing surgery resulted in needless infliction of pain); *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990)(with two judges holding prisoner had stated an Eight Amendment claim for pain inflicted by delay

in treating injury, but dismissing the claim on other grounds); *Hunt*, 865 F.2d 198 (delay in providing prisoner with replacement dentures); *Jones*, 781 F.2d @ 771-72 (hernia which results in pain, and suffering, and the inability to perform a prison job is a serious medical need which prison doctors may not ignore); *Fields v. Gander*, 734 F.2d 1313 (8th Cir. 1984)(inmate suffering sever pain from infected tooth).

"When prison officials become aware of a threat to an inmate's health and safety, the eighth amendment proscription against cruel and unusual punishment imposes a duty to provide a reasonable protections." See, *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990); *Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984).

[*Exhibits D, p. 53 & F, p. 55 & G, p. 56*] medical records clearly reflect Dr. Tassin noted and observed that Breach's inguinal hernia needs repair constitutes a serious medical need as one diagnosed by a physician as mandating treatment. *Brown* supra. The law is established and Dr. Tassin actually medically determined that Breach's hernia "Needs Repair", the eighth amendment attached, and the defendants have the constitutional duty to perform their obligations. "An injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are indications that a prisoner has a "serious" need to medical treatment." *McGuckin*, 974 F.2d @ 1059-60.

Irreparable harm will result unless an injunction is granted in this case. Not only, as a result of being Breach being denied surgery, or any other alternative medical

29

treatment, Breach's normal daily activities are severally restricted.  Breach is forced to endure sever pain and discomfort, depression, anxiety, problems and pain when coughing, sneezing, and have bowel movements.  Breach has to push down on his hernia, lift his left leg up when coughing, sneezing and bend forward when having a bowel movement.  The defendants cannot, may not, by law, act with deliberate indifference to the deprivation of this basic human need. See, *Farmer v. Brennan*, 511 U.S. 825 (1994).

## ISSUE NO. 2

B.    *The balance of hardship favors the plaintiff:*

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted.

However, the granting of this preliminary injunction will relieve Breach's pain, allow Breach to have a <u>normal bowel-movement without pain</u>, allow Breach to <u>stand without pain</u>, allow Breach to <u>cough without pain</u>, allow Breach to <u>sneeze without pain</u>:

*YES!*  The threat of harm to the plaintiff outweighs any harm that might result to defendants by a preliminary injunction.  As this memorandum has explained, Breach is in constant pain, discomfort, and request that this court o·der the defendants to provide Breach with surgery.  Prison Health Services, Inc., are not new to deny a prisoner medical care.  In *Ancata v. Prison Health Services, Inc.,* 969 F.2d 700 (11th Cir. 1985) the Eleventh Circuit Court of Appeals held: "Defendants failed to provide even the level of diagnostic care that they themselves believed necessary.  The knowledge of the need for medical

30

care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." Id.

Before this Court is a second, "extraordinary", extended "supplemental affidavit" supplied by Dr. Yerubandi explaining in details the dangers of nerve entrapment that is imminent to Breach when, and if, his hernia becomes ['strangulated'] how the defendants want it, before, they decide to rush Breach to a hospital being an emergency situation. Dr. Yerubandi stressed unto the Court that surgery is necessary "as soon as possible." "Exhibits A, B."

In Dr. Yerubandi's medical opinion, his 27-years experience in hernia repairs, this court ought not to second-guess an expert, especially in medical. Dr. Yerubandi stated:

> [*Exhibit A, Supp. Affidavit p. 39-46*]    "...As a surgeon in hernia repair, it is my professional opinion that Mr. Breach's inguinal hernia, the opening of his hernia, "cannot" heal itself, neither can any medicine be used to cure the condition, hernias cannot be medically "treated" neither can any medicine be used to cure the condition: surgery for Mr. Breach is the only way to cure the defect..."[page #3 affidavit]

> 'In Mr. Breach's case, the long-term course, therefore, is for Mr. Breach's hernia to become steadily worse, as time goes on, sometimes slowly and sometimes quickly. The only remedy for his condition is to repair the hernia surgically' ... [page # 6]

> "A reducible hernia as diagnosed in Mr. Breach's case can cause discomfort, and is usually experience when coughing, lifting heavy objects, sneezing, bowel movements, or standing for a long period of time. A large increase in pain indicates that Mr. Breach's hernia is worsening and a physician should be consulted immediately ... 'A truss or hernia belt is only for temporary use' .. . 'I advise as a surgeon that Mr. Breach's hernia ought to be inspected daily to ensure it is not becoming infected or developing

into a more serious non-reducible hernia, which is the next phrase, because a hernia will not heal on its own. 'The imminent danger that Mr. Breach faces is, and if, when Mr. Breach's hernia becomes non-reducible, it will and can become life threatening if part of Mr. Breach's intestine get trapped or "strangulated" in the opening: this can lead to dangerous complications such as obstruction of the flow of intestinal contents or blood, leading to tissue death and gangrene.    I express this opinion because when and if, Mr. Breach's hernia becomes strangulated, it will become an emergency situation that will and does usually require immediate surgery because of compilation such as nerve entrapment . . . .'" Exhibit A, p. 39-46.

In *Ramons v. Lam*, 639 F.2d 559, 575 (10th Cir. 1980), cert denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed. 2d 239 (1981) the Court stated: "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." Dr. Tassin recommended that surgery was needed.  Dr. Yerubandi is an expert in surgical repairs of hernias and expressed the dangers that Breach faces due to the malevolent actions of the defendants that clearly express an adamant attitude towards the health and safety and future good health of Breach, regardless of their "duty" under the constitution.  What makes this Court so certain that the defendants will provide surgery when, Breach's hernia becomes life threatening, i.e., incarcerated, strangulated, or into the scrotum?  There is absolutely, no evidence, no theory, not even the slightest confidence that defendants will even protect Breach from death.  Defendants <u>are not reliable!</u>

Preliminary injunction is the only appropriate relief to correct this ongoing constitutional violation and to 'save' the imminent danger that Breach is facing.

### ISSUE NO. 3

**C.    *The plaintiff is likely to succeed on the merits:***

The first step in this analysis for a motion for preliminary injunction is to determine if there is a substantial likelihood that the movant will prevail on the merits. *Haitian Refugee Center, Inc., v. Nelson*, 872 F.2d 1555, 1561 (11th Cir. 1989); *Dataphase Systems, Inc., v. C.L.Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

YES!   <u>Defendants cannot simply ignore hernias</u>.   In *Russell David Faulkner v. Carl Griffith, Jr., et al.*, the Fifth Circuit addressed the issue directly on point in regards to this case at bar: "Inguinal Hernias", the Fifth Circuit Court of Appeals held:

> "This issue is not whether plaintiff has been classified as needing surgery, because such classification maybe arbitrary, but whether denial of surgery ignores a medical condition which causes significant pain, so that requiring plaintiff to endure it without remedy constitutes cruel and unusual punishment." [The Court held that a dispositive motion could not settle the question, only the trier of fact could]

The Eleventh Circuit Court of Appeals held in *Miller v. Dr. Wilson, et al.*, U.S. Dist. (S.D. Ala. 1996) 1996 U.S. Dist LEXIS 19584 CA-95-0184-CB-C October 18, 1996, Decided: "<u>There is little doubt that an inguinal hernia is a serious medical need.</u>"

In *Delker,* the Court held: "Prison officials cannot simply ignore hernias." supra, Id. @ 843 F.Supp 1390; *Jones,* 781 F.2d @ 771-72 (hernia which results in pain, suffering and the inability to perform a prison job is a serious medical need which prison doctors may not ignore).

As part of relief in Breach's Complaint, Breach also requested that a "Declaratory Judgment" be heard as soon as possible! [*Exhibits # 1, 2, 3, Judicial Notice*] shows what medical experts advise to the public, by public information. It is already settled in this circuit that this Court can obtain information pursuant to *Rule 201(b)*, Fed. R. Evid. "Judicial notice" of public information. See, *Cash Inn of Dade Inc., v. Metro Dade County,* 938 F.2d 1239, 1243 (11th Cir. 1991)(judicial notice of public records appropriate); *Ubuy Holdings Inc., v. Gladstone,* 340 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004)("A district court may . . . take judicial notice of public records")(citations omitted). The key to a fair trial is opportunity to use the appropriate weapons.

First, medical information supplied by Dr. Yerubandi, M.D., a "non prison" doctor demonstrates the dangers and a showing of most importance what a hernia actually looks like inside the human body, and shows the intestines coming out, is imminent and dangerous to Breach's health. "*Exhibits # 1*, Judicial Notice" "**HERNIA SURGERY UNDERSTANDING HERNIAS AND HOW THEY'RE REPAIRED**", is a classic example of the defendant's deliberate indifference. On page # 3, Exhibit # 1, under "**How Hernias Are Treated**" clearly stated:

"A hernia will not heal on its own. Surgery is needed to repair the defect in the abdominal wall. If not treated, a hernia can get larger. It can also lead to serious medical complications . . ."

Furthermore, as might be expected from **non-prison experts**, the "**AMERICAN FAMILY PHYSICIAN**". Furthermore, *Exhibit # 3, Judicial Notice*" has stated to the public in "**Surgical Options in the Management of Groin Hernias**" state:

"Inguinal and femoral hernias are the most common conditions for which primary care physician [non prison physicians] refer patients for surgical management. Hernias usually present as swelling accompanied by pain or a dragging sensation in the groin . . . Surgical repair is usually advised because of the danger of incarceration and strangulation, particularly with femoral hernias . . . .'" See, *American Family Physician, Surgical Options in the Management of Groin Hernias,* author by: **Tim Bax, M.D., Brett C. Sheppard, M.D., and Richard A. Crass, M.D.,** Oregon Health Science University, Portland Oregon. Refer to: @ www. afp.org.

"*Exhibit # 2, Judicial Notice*" "*HERNIA TERMINOLOGY,*" @ www. hernia.org, public information shares with the public through medical experts and have that the ONLY way to stop a hernia from getting worse is to repair the defect.

In *Delker,* the Court held: "Prison officials cannot simply ignore hernias. Id. @ 843 f. Supp. 1390. Breach asks that this Court adopt the same standing.

In otherwords, since the submitted non-prison medical experts, have supplied to this Court with an "*extraordinary*" opinion, and since Dr. Tassin and Dr. Yerubandi agree that surgery is the only was to relieve Breach's pain and suffering, Breach will succeed on the merits on this claim. Defendants have a Chimerical de facto policy that affects Breach from the painful symptoms of a hernia---their refusal to repair them. The United States

Supreme Court has clearly stated, "Eighth Amendment embraces the treatment of medical conditions, which may cause future health problems." *Helling v. McKinney*, __ 125 L.Ed. 2d 22 (1993).

*Delker v. Maass* is controlling dealing with inguinal hernias. In *Delker*, an inmate experienced a two-year delay in surgery for a non-incarcerated hernia was entitled to relief. *Delker*, 843 F. Supp. @ 1392. The district court found the plaintiff had been injured by the delay in treatment. The district court also rejected "any suggestion that prison officials may avoid their duty to provide medical treatment by the simple expediency of labeling such a treatment as elective." Id. @ 1399.

In this case the material question is at hand. Is plaintiff's condition extraordinary painful, so that denial of surgery amounts to cruel and unusual punishment?      YES!

Given the evolving opinions of Dr. Yerbuandi, and this Court cannot second-guess his professional opinion that Breach needs surgery as soon as possible. See, *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)("We disavow any attempt to second guess the propriety or sequence of a particular course of treatment. Among with all other aspect of heath care, this remains a question of coursed professional judgment")(citations omitted)

It cannot be said in this case that a mere difference of opinion between Breach and prison officials regarding appropriate medical treatment. [Dr. Yerubandi answered the question]. See, *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). "

> "This issue is not whether Breach has been classified as needing surgery, because such classification may be arbitrary, but whether denial of the surgery ignores a medical condition, which causes

36

significant pain, so that requiring Breach to endure it without remedy constitutes cruel and unusual punishment. This question is better settled by a tier of fact than on a dispositive motion." See, *Faulkner v. Griffith, Jr. et al.*, 1993 U.S. Dist. Lexis 1150 (5th Cir. 1995)

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Breach is pro se, and asks of the Court to adopt that the plaintiff need only demonstrate a "better than negligible chance of succeeding". *Cooper v. Saluzar*, 196 F.3d 809, 813 (7th Cir. 1999). When a 27-year veteran in surgical repairs of hernia. The chances of Breach prevailing at trial are likely.

What defendants have done ---- "intentionally interfering with medical treatment once prescribed" --- was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97; See also, *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988)(failure to return patient to VA hospital for treatment for Agent Orange exposure); *Johnson v. Bowers*, 884 F.2d 1053, 1056 (8th Cir. 1989)(prisoner waiting six years for elective arm surgery was entitled to relief); *Cotton v. Hutto*, 540 F.2d 412 (8th Cir. 1976)(inmate who experienced a hernia while in prison pleaded facts showing the denial of surgery may show deliberate indifference); *Delker v. Maass*, 843 F. Supp. 1390 (D.Or.1994)(deliberate indifference evidenced in surgical delay for non-incarcerated, inguinal hernia); *West v. Keve*, 541 F. Supp. 534 (D.Del. 1992)(prison officials violated Eighth Amendment by not furnishing elective surgery for condition varying degrees of pain).

Elucidated, Breach has been enduring malignant, conspicuous pain and suffering almost three (3) years and his hernia is getting worse----defendants actions are incongruous with the Majestic prescription of the Eighth Amendment to the United States Constitution, due to their Chimerical de facto policy of not repairing hernias unless they are incarcerated, or strangulation and into the scrotum is cruel and unusual punishment that no human person should ever have to endure.  Only, a tier of fact needs to hear this case.

## ISSUE NO. 4

D.    *The relief sought will serve the public interest:*

Veraciously in this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. ***Duncan v. Anaya***, 642 F. Supp. 510, 527 (D.N.M. 1986)(respect for law, particularly by officials responsible for the administration of the State's correctional system, is in itself a matter of the highest public interest.") See, ***Llewelyn v. Oakland County Prosecutor's Office,*** 402 F Supp. 1370, 1393 (E.D. Mich. 1975)(the "Constitution is the ultimate expression of the public interest").

### RELIEF REQUESTED

Usually, a litigant who obtains interim injunctive relief is asked to post security. *Rule 65(c)* Fed.R.Civ.P., however, the plaintiff is an indigent prisoner and is unable to post security.  The court has the discretion to excuse an impoverished litigant from posting security. ***Orantes ---Hernandez,*** 541 F. Supp. 351 n.30 (C.D. Cal. 1982). In view of the

serious medical danger confronting Breach, the court should grant the relief requested without requiring the posting of security.

Breach request the following relief:

a.    Expedite a hearing on a preliminary injunction and then enter an injunction until the merits of Plaintiff's claim can be heard; and,

b.    Waive plaintiff's posting bond in the interim; and,

c.    Order the defendants immediately arrange that Breach be examined by a qualified surgeon in hernia repairs, and ORDER plaintiff to comply with all orders, recommendations made, follow-up treatment and/or immediately make arraignment with Dr. Yerubandi to perform the necessary medical care including surgery; and,

d.    Grant whatever additional relief this court deems appropriate.

## CONCLUSION

Reiterated, the Eleventh Circuit Court of Appeals held in *Miller v. Dr. Wilson, et al.*, U.S. Dist. (S.D. Ala. 1996) 1996 U.S. Dist LEXIS 19584 CA-95-0184-CB-C *October 18, 1996, Decided*:

> **"There is little doubt that an inguinal hernia is a serious medical need.** 'A "serious" medial need is one that has been diagnosed by physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Regional Youth Detention Center*, 40 F. 3d 1176, 1187 (11th Cir. 1994), quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.HN.H. 1977) "The defendants do not contend that plaintiff's hernia is not serious medical need [] as they cannot give the actions of the defendants in placing plaintiff on light duty and ordering his transfer to a *bottom bunk . . . ."'* [Breach *was issued a bottom bunk profile Exhibit H, p. 57*]

WHEREFORE, *premises considered*, because of the length of delay, and the imminent danger that Breach faces not limited to death, gangrene, tissue death, and the evidence of pain. Breach moves this Court to order that an immediately hearing be held, for the defendants to good cause why they refuse to provide surgery to a human in pain.

Done this 14 day June 2007

Marcellus Breach 160710
LCF 28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton Stakely, Johnstone, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this ___Day of June 2007, under the penalty of perjury 28 U.S.C. 1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d 1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

This 14 Day of June 2007.

Marcellus Breach

40

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

*Correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.*

LEGAL MAIL
CORRESPONDENCE



U.S. POSTAGE
PAID
HARVEST, AL
JUN 15, 07
AMOUNT
$0.00
00036600-08

36101

0000

UNITED STATES POSTAL SERVICE

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE®
www.usps.com

7R, February 2006



7005 2570 0001

7005 2570 000

CERTIFIED
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD

Exhibit "A"

COUNTY OF MADISON,      )

STATE OF ALABAMA,      )      <u>SUPPLEMENTAL   AFFIDAVIT</u>

---

**BEFORE ME,** the undersigned Notary Public, personally came and appeared:

### *Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC*
185 Whitesport Drive, Suite # 5
Huntsville, Alabama 35801
(256) 880-3500

Affiant in the above instrument, who, after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief as follows:

"I am Dr. *Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC*, a licensed physician and general surgeon. I am a specialist in hernia repair. I am over twenty-one years of age. I have been a licensed physician in Alabama since 1984, and have been board certified with the <u>*Diplomat American Board of Surgery*</u> and <u>*Royal College of Surgeons of Canada*</u> since 1981. I am also certified with the <u>*Fellow American College of Surgeons, and Royal College of Surgeons of Canada.*</u> I have <u>27 years</u> of practice experience, including <u>23 years</u> in private practice, and <u>27 years</u> in surgical repair of hernias from the Surgery Division at Bronx Lebanon Hospital, State of New York, where I received my surgical training. I am currently in medical practice and surgical repair in the State of Alabama with my main office located in Madison County, Alabama.'

1

'"Before me are the Medical Records of Mr. Marcellus Breach. I have reviewed two (2) sets of medical records, one (1) set of records from "South Louisiana Correctional Center," labeled as "LCS Corrections Services, Inc., identified as Offender Breach Marcellus, DOC# AL 160710. I note that this opinion is based on a copy of the identical medical records that I based my written opinion on the 27th day of April 2007 and my review is based on the attached records.

The second set of reviewed Medical Records are records from the "Alabama Department of Corrections" labeled as "Problem List" and "PHS, Prison Health Services, Inc., labeled as "Progress Notes" Date/Time 12/27/2006, Inmate's Name: Breach, Marcel[l]us, D.O.B., N/A also, "PHS, Prison Health Services, Inc., labeled as: "Progress Notes" Date/Time: 5/05/05, Inmate's Name: Breach Marcel[l]us D.O.B. 7/28/69 @ 1600 hrs. The relevant portions of the records are attached.

Upon review of Marcellus Breach's (AIS #160710) medical record it appears that an health assessment was completed and labeled as "Problem List" on the patient's medical record dated 2/20/05 includes left inguinal hernia, previous fracture left foot, trauma of lumbar spine, and hypoglycemia.

The medical records reflect the prison medical provider known as: "Prison Health Services, Inc.," ("PHS") Mr. Breach was diagnosed with an inguinal hernia on dates: 2/20/2005 and 5/05/2005. It is noted that Dr. Bossermer, M.D., on 5/05/2005 noted that Mr. Breach experiences pain due to his hernia. It is also noted by Dr. Bossermer, M.D., that

2

Mr. Breach's hernia is not into the scrotum. Records reflect that Dr. Bossermer issued Mr. Breach a "Truss" and a profile was written limiting his activity.

Medical records reflecting "Prison Health Services, Inc.," "Progress Notes" reflect that on 12/27/06 @ 11:25 a.m., Mr. Breach was seen and diagnosed with an inguinal hernia and noted that Mr. Breach was not wearing a truss, and that his inguinal hernia was easily reducible, non-strangulated and not incarcerated.

Mr. Breach's medical records from "LCS CORRECTIONS SERVICES, INC.," labeled as "**DOCTOR'S ORDER SHEET**" reflect on 3/21/06 Dr. John A. Tassin diagnosed Mr. Breach as having a "Left Inguinal Hernia" with "Needs Repair".   Also, I note that Dr. Tassin placed a "question mark" (?) behind "Needs Repair".  It is noted that on 7/18/06 Dr. Tassin noted on the medical records that Mr. Breach's hernia is not incarcerated, elective procedure.

As a surgeon in hernia repair, it is my professional opinion that Mr. Breach's inguinal hernia, the opening of his hernia "cannot" heal itself, neither can any medicine be used to cure the condition, hernias **cannot** be medically "**treated**" **neither can any medicine be used to cure the condition: surgery for Mr. Breach is the only way to cure the defect.**

In Mr. Breach's case, the long-term course, therefore, is for Mr. Breach's hernia to become steadily worse as time goes on, sometimes slowly and sometimes quickly.  The only remedy for his condition is to repair the hernia surgically.

3

This caveat is based on my experience in hernia repairs. I advise as a surgeon that surgical intervention is necessary because every movement that Mr. Breach makes puts additional pressure on the internal tissues which, in turn, pushes the opening a little more each time. This also enlarges the opening itself. If continued unchecked, the enlargement continues even to the extent of allowing much of Mr. Breach's intestine to hang down—even daily bowel movements <u>can</u> cause the muscles to weaken.

<u>Mr. Breach was issued a truss and medical profiles limiting his activity</u>. I state that in my <u>27 years</u> of experience dealing with hernia repair, the eliminating excess weight and Mr. Breach wearing a hernia belt or truss <u>may provide only temporary relief</u>.

Most hernias as Mr. Breach's can be diagnosed based on the history and clinical examination, but ultrasonography may be useful in differentiating a hernia from other causes of groin swelling. Inguinal and Femoral hernias are the most common conditions for which primary care physicians refer patients for surgical management. Surgical repair is usually advised because of the danger of <u>incarceration and strangulation</u>.

The anatomy of hernia --- the most common location for hernia is the abdomen. The abdominal wall---a sheet of tough muscle and tendon that runs down from the ribs to the legs at the groins---acts as 'nature's corset'. Its function, amongst other things, is to hold in the abdominal contents, principally the intestines. If and when a weakness should open up in that wall, as in Mr. Breach's case, it does not really matter how or why it happened, then the 'Corset Effect' is lost and what pushes against it from the inside

4

(the intestines) simply pushes through the 'window'. The ensuing bulge, which is often quite visible against the skin, is the hernia. These 'windows of weakness' commonly occur where there are natural weaknesses in the abdominal wall---such as where the 'plumbing' goes through it. When this lump is present, early surgery is necessary. Surgery is used to repair the weakness in the abdominal wall. Different methods are used depending on the location and type of hernia.

Hernias occur when part of the body bulges into an area where it shouldn't. The term hernia refers to a protrusion of an organ or tissue through an abnormal opening in the body. Most hernias are the result of part of the intestine slipping through a weakness in the abdominal wall. Hernias develop most commonly around weak areas such as the navel or groin (inguinal hernia) or around previous incisions.

A hernia (rupture) is usually noticed as a lump, commonly in the groin or the umbilical region. Where no lump is apparent and where physiotherapy fails to correct the problem, it is possible that the groin-area muscles have torn. The tear must be repaired.

In Mr. Breach's case, his hernia is usually noticed as a lump and it appears when a portion of Mr. Breach's tissue that lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall. Because Mr. Breach is diagnosed as having inguinal hernia, and Mr. Breach's complaints about having pain when coughing, sneezing, and having bowel movements are common symptoms that surgery is necessary

5

especially when there appears a present swelling accompanied by pain or a dragging sensation in groin.

A reducible hernia as diagnosed in Mr. Breach's case can cause discomfort, and is usually experienced, especially when coughing, lifting heavy objects, sneezing, bowel-movements, or standing for a long period of time. A large increase in pain may indicate that Mr. Breach's hernia is <u>worsening</u> and a physician should be consulted immediately.

It is my opinion that the only way to stop Mr. Breach's inguinal hernia from getting worse is to repair the defect. It is also my opinion that there is also no limit to how <u>"Big"</u> Mr. Breach's hernia could get if it <u>continued left untreated</u>. The <u>only</u> cure is surgery. <u>A truss or a hernia belt is only for temporary use.</u>

I advise as a surgeon that Mr. Breach's hernia ought to be inspected <u>daily</u> to ensure it is not becoming <u>infected</u> or developing into a <u>more serious</u> non-reducible hernia, which is the next phrase, because a hernia <u>will not</u> heal on its own.

The imminent danger that Mr. Breach faces is, and if, when Mr. Breach's hernia becomes non-reducible, it will and can become <u>life threatening</u> if part of Mr. Breach's intestine get trapped or "strangulated" in the opening: this can lead to dangerous complications such as obstruction of the flow of intestinal contents or blood, leading to <u>tissue death and gangrene</u>. I express this opinion because when and if, Mr. Breach's hernia becomes strangulated, it **will** become <u>an emergency situation</u> that will and does usually require immediate surgery because of complications such as nerve entrapment.

6

44

It is advised that surgery is done before this dangerous incarceration and strangulation situation arises.

I recommend as a surgeon in repair of hernias, and I comment based on the Medical Records from **"LCS CORRECTIONS SERVICES, INC., "NURSE'S NOTES"** for <u>July 12, 2006</u> it is noted: **"Received a call from Brandon from Alabama re Inguinal Hernia stated, 'Hernia repairs are not done there—<u>unless incarcerated or into scrotum…"</u>**

It is my opinion and I highly recommend as a surgeon that surgery intervention is necessary <u>'before'</u> Mr. Breach's hernia is incarcerated and also before his hernia is into his scrotum due to serious dangerous complication that can occur such as nerve entrapment which is perhaps the most significant complication of inguinal hernias (herniorrhaphy) because injury to the nerves in this area may cause significant problems.   Mr. Breach's hernia occurs when a part of his body bulges into an area where it shouldn't.  Most often, this happens when tissues in the abdomen bulge through an opening into the groin. Normaly, the abdomen and groin are kept separate by a wall of muscle and tissue. The only natural openings in the wall are small tunnels called "canals".  These allow nerves, blood vessels, and other structures to pass between these two areas.  To allow Mr. Breach's hernia to become strangulated, or incarcerated will affect the structures and the flow of nerves; blood vessels to pass which can result into serious complication and even death if not timely treated.  The major nerves in the inguinal region are the ilioinguinal,

7

iliohypogastric and genitofemoral nerves.    <u>Entrapment</u> of the ilioinguinal nerve produces pain in the groin and scrotum; extension of the hip frequently exacerbates the pain. This is the nerve most commonly injured during open herniorrhaphy.  Injury to the genital branch of the genitofemoral nerve can cause hypersensitivity of the groin, scrotum and upper thigh, and can be associated with ejaculatory dysfunction.    In other words, the complications that could arise will lead unto an emergency situation and Mr. Breach will require immediate medical care.

It is my opinion, that Mr. Breach is in need of surgical intervention and have his hernia repaired as soon as possible because of the risk of further complications.  It is also my professional opinion that under the standard of care, Mr. Breach's hernia ought not to be ignored."


Further affiant sayeth not.

Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC
185 Whitesport Dr. Suite # 5
Huntsville, Alabama 35801

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 5 DAY OF June, 2007.

NOTARY PUBLIC:        MY COMMISSION EXPIRES ON 5-6-2009 .



TASIA A. SUBLETT
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 05-06-2009

8

46.

Exhibit
"B"

COUNTY OF MADISON                  :

STATE OF ALABAMA                   :          **AFFIDAVIT**

---

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC**
**185 Whitesport Drive, Suite # 5**
**Huntsville, Alabama 35801**
**(256) 880-3500**

Affiant in the above instrument, who, after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his/her ability, information, knowledge and belief as follows:

"I am Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC, a licensed physician and general surgeon. I am a specialist in Hernia Repair. I am over twenty-one years of age. I have been a licensed physician in Alabama since 1984, and have been board certified with the AMERICAN BOARD OF SURGERY, since 1981. I have 27 years of practice experience, including 23 years in private practice, and 27 years in surgical repair of hernias from the surgery division at BROUX LEBANON HOSPITAL-NY, where I received my surgical training. I am currently in medical practice and surgical repair in the State of Alabama with my main office located in Madison County, Alabama.

I have reviewed the Medical Records of Mr. Marcellus Breach. The Medical Records reviewed are records from "South Louisiana Correctional Center," labeled as "LCS Corrections Services, Inc.," identified as Offender Breach Marcellus, DOC#: AL 160710.

I am familiar with Mr. Breach's complaints of having pain when coughing, sneezing, and having bowel movements due to an Inguinal Hernia. Mr. Breach also has stated that he has to lift his left leg up and apply pressure by hand on his inguinal hernia when coughing and sneezing. Mr. Breach complains that he has to apply pressure on his inguinal hernia and lean forward when having bowel movements.

The Medical Records reflect the prison medical provider known as: "Prison Health Services, Inc.," ("PHS") Mr. Breach was diagnosed with an inguinal hernia on dates: 2/20/2005 and 05/05/2005. It is noted that Dr. Bossermer, M.D., on 05/05/2005

47

1

noted that Mr. Breach experiences pain due to his hernia. Records reflect that Dr. Bossermer issued Mr. Breach a "Truss" and that a profile was written.

Mr. Breach's records reflect that on 03/21/2006 Dr. John A. Tassin also diagnosed Mr. Breach as having a "Left Inguinal Hernia" with "*Needs Repair*". Also, I note *that Dr. Tassin placed a "question mark" (?) behind "Needs Repair"*. (Page # 3 Medical Records)

It is my opinion that the only way to stop Mr. Breach's inguinal hernia from getting worse is to repair the defect. It is also my opinion that there is almost no limit to how "Big" Mr. Breach's hernia could get if it is left untreated.

An inguinal hernia occurs when there is a small opening in the lining of the abdominal wall, and part of Mr. Breach's intestine pokes through this hole. A hernia is easily reducible if, when the peritoneum bulges through the outer abdominal wall, Mr. Breach can restore the hernia sac to its proper position without the assistance of a doctor by either pressing on the sac or laying down. An inguinal hernia like Mr. Breach's "can become acutely incarcerated." An acutely incarcerated hernia that is not treated within 6 to 8 hours may become strangulated (i.e., the intestinal wall protruding through the abdominal wall becomes constricted), a condition that may result to Mr. Breach experiencing serious injury or even death. An acutely incarcerated hernia also can cause pain and limit activity in some patients.

A hernia (rupture) is usually noticed as a lump, commonly in the groin or the umbilical region. It appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall. Hernias usually present a swelling accompanied by pain or a dragging sensation in the groin.

Mr. Breach's complaints about pain when coughing, sneezing, and having bowel movements are the symptoms that repair is necessary to alleviate his pain and prevents future complications. Mr. Breach states that his hernia has enlarged. Because of the hernia (rupture), it will give rise to discomfort as Mr. Breach's hernia enlarges and can sometimes be dangerous if a piece of Mr. Breach's intestine becomes trapped ('strangulated') inside.

In my professional opinion, repair is needed, because the effects felt by Mr. Breach can range from perfectly painless,

2

through discomfort, to being very painful indeed. Mr. Breach's inguinal hernia in my opinion <u>will not heal own its own</u>. Surgery <u>is</u> necessary in Mr. Breach's case to repair the defect in the abdominal wall and, alleviate his symptoms of having pain.

If Mr. Breach's hernia is continued left untreated, his hernia can get larger and also lead to serious medical complications. Surgical repair is advised because of the danger of incarceration and strangulation.

Mr. Breach, in my professional opinion in surgical repair needs to have his hernia repaired because without surgery intervention, and <u>due to the length of time his hernia has been left untreated,</u> may lead to a danger to his health or safety and can lead to hospitalization related to incarceration or strangulation.

Additionally, on page #20 for July 18, 2006 of Marcellus Breach's records on July 12, 2006 it is noted: "*Received a call from Branden from Alabama re Inguinal Hernia stated, 'Hernia repairs <u>are not</u> done there—unless <u>incarcerated</u> or into <u>scrotum</u> … subject placed on sick call for 07/18/2006 to see if he needs a referral to a surgeon.*"

I comment as a surgeon in repair of hernias, that surgery is necessary for Mr. Breach's hernia **before "incarceration and also, before his hernia is into his scrotum due to the risk of complications and strangulation of the bowels, resulting to Mr. Breach having to endure pain resulting of an untreated hernia.**

In other words, it is my opinion that under the standard of care that Mr. Breach's hernia ought not to have been ignored, and that under the standard of care being owed to prisoners as Mr. Breach is the same as that owed to private patients. I recommend that Mr. Breach's hernia needs repair as soon as possible."

**Further affiant sayeth not.**

_____
Dr. Satyavardhana Rao Yerubandi, M.D., FACS, FRCSC
185 Whitesport Dr. Suite 5
Huntsville, AL 35801

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 27 DAY OF APRIL 2007.

_____
NOTARY PUBLIC          My commissions expires

TASIA A. SUBLETT
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 05-06-2009

3

47

Exhibit "C"

COUNTY OF MADISON                    :

STATE OF ALABAMA                     :          **AFFIDAVIT**

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**MS. JoAnn Breach R.N. M.S.N.**
**6533 Willow Springs, Blvd.**
**Huntsville, Alabama 35806**

Affiant in the above instrument, who, after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of her ability, information, knowledge and belief as follows:

"I am Ms. **JoAnn Breach R.N. M.S.N.,** a licensed registered Nurse. I am over twenty-one years of age. I have been a licensed Nurse in Alabama since 1976, and I am in good standing with the Nursing Board for the State of Alabama. I have 45-years experience in Nursing, and medical care under the standard of care including 20 years in supervision and as a Nursing Instructor where I taught Nursing to college students at Calhoun Community College in Athens, Alabama. I received my Master Degree in Nursing from the University of Alabama in Huntsville. I also have several years as a Nursing Consultant reviewing medical records under both Nursing Home Care, and Malpractice for several attorney in Alabama.

I state that this written opinion is based upon pure medical facts and my 45-years experience as a Registered Nurse in both nursing and teaching nursing: conducting examinations on patients who are experiences pain and discomfort due to hernias.

I have reviewed the Medical Records of Mr. Marcellus Breach. The Medical Records reviewed are records from "South Louisiana Correctional Center," labeled as "LCS Corrections Services, Inc., identified as Offender Breach Marcellus, DOC#: AL 160710

I state as a Registered Nurse, and retired Nurse Instructor that the Medical Records do not reflect that Marcellus received necessary medical treatment pertaining to his pain and complaints to medical staff for his "Inguinal Hernia". The Records do not reflect any pain medication prescribed by a doctor, nor do the records reflect any truss being issued, or any other "temporary" supporting devise to aid his hernia. **Medically, you can't treat a hernia, they have to be repaired through surgically intervention.**

50

Although it is true that the only way to stop a hernia is to have it repaired. The records do not reflect any treatment being prescribed for his hernia. The records only reflect a doctor noting that Marcellus' hernia needs repair with a question mark.

There are no records that Marcellus was ever seen by a specialist in hernia repair for a medical determination if surgery was needed. Under the standard of care, it would have been proper for Marcellus to have been seen by a surgeon for a proper determination if surgery was needed.

Additionally, on page #20 for July 18, 2006 of Marcellus Breach's records on July 12, 2006 it is noted: "*Received a call from Branden from Alabama re Inguinal Hernia stated, 'Hernia repairs are not done there—unless incarcerated or into scrotum ... subject placed on sick call for 07/18/2006 to see if he needs a referral to a surgeon.*" (Branden is not a doctor for the Alabama Department of Corrections)

I question only as a Nurse as to why Marcellus did not receive any pain mediation, or any other alternative to relieve his pain due to his hernia? If surgery was questioned then only could a surgeon make that final determination. Medically it is advised that hernias are repaired before the hernia enlarges and becomes "incarcerated and before the hernia is into the scrotum due to the known medical risk of complications and strangulation of the bowels, resulting to Marcellus having to endure pain resulting of an untreated hernia which is known to become dangerous to the health and safety of Marcellus.

It is my opinion as a Nurse under the standard of care that Marcellus' hernia was left untreated and ignored."

**Further affiant sayeth not.**

*JoAnn Breach*
JoAnn Breach RN. MSN.
6533 Willow Springs, Blvd.
Huntsville, Alabama 35806

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 2 DAY OF ~~APRIL~~ MAY 2007.

_____
**NOTARY PUBLIC**     My commissions expires on_____.

My Commission Expires 6/29/10

2

# CERTIFICATION OF DOCUMENTATION

To Whom It May Concern:

    This is to certify that the attached photographic reproduction of records are true and exact photocopies of the inmate records for _Marcellus Breach At 760710_ an inmate at _South Ra Con Ch._

    The copy of the records was prepared by an employee of LCS Corrections Services, Inc. in the ordinary course of business.

_Claudia Jordan_

Employee of LCS Corrections Services, Inc.

DATE: _3/16/07_

WITNESS: _Barbara L Fuse_



OFFICIAL SEAL
BARBARA L FUGELIER
NOTARY PUBLIC No 52894
STATE OF LOUISIANA
PARISH OF EVANGELINE
My Commission Expires with life



DEFENDANT'S EXHIBIT

000001

52

Exhibit D

## LCS CORRECTIONS SERVICES, INC.
### DOCTOR'S ORDERS SHEET

Offender Name: _Breach, Marcelus_      DOC#: _AL 160710_

| Date / Time | Allergies: NKA |
|---|---|
| 5-21-06 | Hernia (L) Inguinal Hernia Needs repair? |
| | RDR |
| | M. Maye |
| 4/12/06 | IBP 400mg BID til dental |
| | Dr. Tassin / M. Maye |
| 7/18/06 | Not Pt has (L) Inguinal Hernia Incarcerated, Elective procedure |
| | M. Maye |
| 10-3-06 | Old injury (L) ankle tender + RUM. |
| | Act'll X3 Naprosyn 500 5d #30 C Food |
| | M. Maye |

000001

# LCS CORRECTIONS SERVICES, INC.
## Nurse's Notes

Exhibit E

Facility: SLCC
Offender: Breach, Marcelus          Offender #: A160710

| Date/Time | Notations | Signature/Title |
|---|---|---|
| 3/20/06 | Intake Screening complete, c̄ 4 bunk profile given (ankle) | M. Maggio |
| 3-21-06 | Saw MD on r/o c̄ new Orders | M. Maffett |
| 4-12-06 | RSC done c̄ new orders — M. Maffett | |
| 6/02/06 | Scheduled to go to Dr. Perkins for dental work this date | M. Maffett |
| 6/2/06 | Returned no paperwork or new orders | M. Maffett |
| 6/8/06 | Trip papers made for Dr. Wood appt on 6/13/06 | M. Duggan |
| 6/13/06 | Returned c̄ NNO; return for fill | M. Maffett |
| 6/28/06 | Trip papers made for Dr. Perkins on 6/30/06 | M. Duggan |
| 6/30/06 | Cancelled Dr. Perkins due to limited appt x 20 inmates | M. Maffett |
| 7-12-06 | Received a call from Branden from Alabama re: inguinal hernia - Stated Hernia repair are not done there - unless incarcerated or into scrotum. This subject has not c̄ hernia since seen by Dr. Tassin 3-21-06 - Subject placed on sick call for 7-18-06 to see if he needs a referral to a Surgeon | D. Jott |
| 7/10/06 | We faxed report to Ruth Naglich in reference to inguinal hernia inmate requesting repair & is filing a lawsuit to have surgery done. | M. Maffett |
| 17 | | |
| 7-18-06 | 9:30 AM Phone call received from Lynn Brown and she will return call on previous day on 7/10. Awaiting return call for follow up. | M. Maffett |
| 7-17-06 | 4:25 pm Brought to medical - Left inguinal hernia easily reducable - No c/o pain | D. Jott |
| 7-18-06 | Saw Dr. Tassin & no change in hernia & no new orders given | M. Maffett |

54

# ALABAMA DEPARTMENT OF CORRECTIONS

# PROBLEM LIST

*Exhibit 1*

INMATE NAME *Breach, Marcelus*            AIS# *160710*

Medication Allergies: *NKDA /NKDA*

Medical: Chronic (Long-Term) Problems
          Roman Numerals for Medical/Surgical

Mental Health Code: SMI  HARM  HIST  NONE
          Capital Letter for Psychiatric Behavior

| Date Identified | Chronic Medical Problem | Mental Health Code | Date Resolved | Provider Initials |
|---|---|---|---|---|
| 2/20/05 | PPD ∅ mm | | | *Do* |
| | Inguinal hernia, (L) | | | |
| | Previous Sx (L) foot | | | |
| | Trauma of LS spine | | | |
| | Hyperglycemia, confirmed by BS V's | | | |
| 2/2/06 | PPD | | *Bush* | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**If Asthmatic label:  Mild – Moderate – or Severe.



Exhibit 6

**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus | D.O.B.: 7/28/69 |
|---|---|---|

5/05/05  (S)  C/O  LBP, hernia pain, (L) foot pain. Hypoglycemia

1600  (PMH)  Trauma to LS spine from fall. Reports 2 compression fx's

calcaneal fx, (L) foot. From the fall

138/82   Inguinal hernia x 1 year

154 lbs   Hypoglycemia since adolescence.

97²  (PE)  NAD c̄ pleasant affect.        2 cm, irregular red patch

P=104   speech, conversation nl        on abd. central bite mark

R=12   Gait nl

(L) foot with boney changes involving calcaneus

3x5 cm inguinal hernia on (L), not into scrotum

(A)  • Hypoglycemia

(P)      ↑ sack lunch qd. The sandwiches to be used to

avoid hypoglycemia

• Inguinal hernia — truss issued

• foot/ankle pain — ankle wrap

X-rays of LS spine and foot.

• LBP - tylenol prn

• Keflex bid x 7D for possible cellulitis

• Profiles written

M W Bosserman, MD

*Exhibit H*

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** 5/5/05

**To:** DOC

**From:** Dr. Bosserman

**Inmate Name:** Marcelus Breach          **ID#:** 160710

**The following action is recommended for medical reasons:**

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until 11/5/05

5. Other _____

**Comments:**

No lifting greater than 25 lbs

No standing/walking greater than 1 hour

Deformity of (L) foot

Ankle brace on (L)
Hernia Truss

**Date:** 5/5/05  **MD Signature:** MW Bosserman MD  **Time:** _____

60418

57





**PRISON HEALTH SERVICES INCORPORATED**

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus    D.O.B.: / / |
|-----------|------------------------------------------------|

12/22/06
1125

Pt. seen today for evaluation of Ⓛ inguinal hernia. & other c/o.

VSS ; Afebrile ; he is not wearing a truss

Ⓛ inguinal area noted with small inguinal hernia ; easily reducible ; non-strangulated ; not incarcerated ; size is ~ 3x5 cm (unchanged from exam description on 5/5/06)

- Pt. states that he has documentation from another facility that supposedly says that he needs surgical repair of his Ⓛ inguinal hernia but I have no record of this in his chart.

✗ Consulted with Dr. Robbins

1) Ⓛ inguinal hernia
   - Records / old charts
   - Ⓛ inguinal hernia truss / Percogesic PRN
   - & straining / & lift > 20 #'s
   - Bottom Bunk profile
   - no need for surgical referral @ present
   - F/u OPC 2 wks / PRN

∑: Tx plan

Blen CRNP

BSV today=
70 mcg/dl

Add: Pt. also states he is 'hypoglycemic' but I see no documentation of this in his chart either. I will order BS ✓'s BID x 7d & evaluate them.

Blen CRNP



Exhibit I
2的

**PRISON HEALTH SERVICES INCORPORATED**

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach , Marcellus     D.O.B.: / / |
|-----------|--------------------------------------------------|

12/31/06
1105

I was asked by Mrs. Lawrence, HSA to see this patient today for chronic ⓛ inguinal hernia. He came down for screening and vital signs but left before exam despite counseling from me that he needed to stay. Chart review shows that he signed up for sick call on 10/9/06 & 10/12/06 but signed a release of responsibility waiver and left before exam on both dates. In summary, patient left outpatient clinic each of the last three times he was scheduled to be seen, before the physical examination could even be performed, despite counseling. I cannot evaluate his hernia (or anything else) if he refuses to stay for his examination. We will call him down again tomorrow and hopefully he will stay for the exam.

Blm CRNP

Exhibit 5

# LCS CORRECTIONS SERVICE, INC.

## Offender Request

FACILITY: _S.L.C.C._

TO: _Diana Lott   Warden Jake_          DATE: _Apr. 11, 2006_
(person to whom request is to be sent)

NATURE OF REQUEST
    MEDICAL ☑    OTHER ☐  _Hernia Pain_
                                    (State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Marcellus Breach_          OFFENDER # _160710_

HOUSING ASSIGNMENT _Segment_

DETAILS OF REQUEST (Briefly state nature or reason for request):
_I'am having pain sneezing, coughing, bowel movement._
_I have a hernia. It is causing me pain! I need_
_Pain Medication! Need Medical_

---

### OFFICIAL USE ONLY

DATE: _____    TIME: _____

REQUEST IS: (  ) Approved        (  ) Denied        (  ) Handled

Request is forwarded to
_____

Comments:_____
_____
_____
_____

NOTE:  All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

_Hand mail sick-call box dinner hall._

_60_

1

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

### SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?    Yes_____  No __✓__

OFFENDER'S NAME *Marcellus Breard* LOCATION *Beartay 2*

Time & Date of incident: *4/11/06* _____ Location of incident: _____

Name & Location of Witnesses: *Larry Patterson* _____

Name of Personnel involved: *Medical* _____

Summary of Complaint: *I have a hernia. Dr. Tassin told me on 3-21-06 I need surgery. I'm waiting to see a outside doctor. I have a burning pain in my groin area. I put in a sick call on or about 4/11/06. I haven't seen medical.*

Specific Relief Desired: *Pain medication for hernia, surgery.*

Today's Date: *April 14, 2006* _____ Offender's Signature: *Marcellus Breard*

Grievance #: _____    Date Rec'd: _____

Type: _____    Screened by: _____

Policy/Procedure Challenged? Yes_____ No _____

_____ Hold pending decision in grivance # _____.

_____ Accepted and Referred to _____.

_____ Rejected/Returned for the following reason: _____
_____
_____

Date: _____ Warden or Designee Signature: _____

*Certificate of Service,*
*I hereby place same into the Sick-call Request Medical box hand mail located in dining hall on April 14th 2006.*

*Marcellus Breard*

61

*Exhibit L*

# LCS CORRECTIONS SERVICE, INC.

## Offender Request

FACILITY: *S.L.C.C.*

TO: *Medical, Warden Jake*                                    DATE: *April 16, 2006*
(person to whom request is to be sent)

**NATURE OF REQUEST**
     MEDICAL ☑          OTHER ☐ _____
                                              (State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME *Marcellus Breach*          OFFENDER # *160710*

HOUSING ASSIGNMENT *Benest*

**DETAILS OF REQUEST (Briefly state nature or reason for request):**

*Put in sick-call on 4/11/06 for a hernia.*
*Haven't seen anyone. Having pain.*

---

## OFFICIAL USE ONLY

DATE: _____          TIME: _____

REQUEST IS: ( ) Approved          ( ) Denied          ( ) Handled

Request is forwarded to
_____

Comments: _____
_____
_____
_____

NOTE: All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

*Hand mail sick-call 3x on 4/16/06.*

1

62

*Exhibit M*

# LCS CORRECTIONS SERVICE, INC.

### Offender Request

FACILITY: _S.L.C.C._

TO: _WARDEN JAKE / Medical_     DATE: _MAY 6, 2006_
(person to whom request is to be sent)

**NATURE OF REQUEST**
MEDICAL ☑    OTHER ☐   _HERNIA PAIN!_
(State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Marcellus Breach_   OFFENDER # _160710_

HOUSING ASSIGNMENT _Beacat,_

**DETAILS OF REQUEST (Briefly state nature or reason for request):**

_I Need Medical to give me pain Medication_
_I keep Signing up For Medical. Dr. TASSIN_
_Said I Need Surgery. I'M IN pain!_

| OFFICIAL USE ONLY |
|---|

DATE: _____    TIME: _____

REQUEST IS: ( ) Approved     ( ) Denied     ( ) Handled

Request is forwarded to

_____

Comments:_____
_____
_____
_____
_____

**NOTE:** All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

_Hand Mail Sick-Call Box_

1

63.

Exhibit V

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

### SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?        Yes_____   No _____

OFFENDER'S NAME _Marcellus Breach_ LOCATION _Dennent 2_

Time & Date of incident: _5/10/2006_ _____ Location of incident: _____

Name & Location of Witnesses: _Marcellus Breach_

Name of Personnel involved: _Medical_

Summary of Complaint: _On April 11th + May 6, 2006. I've put in Sick Call Slips for pain due to my hernia. My hernia is getting worse. Pain coughing._

Specific Relief Desired: _Surgery, Need to see A Doctor._

Today's Date: _5/10/06_ _____ Offender's Signature: _Marcellus Breach_

Grievance #: _____      Date Rec'd: _____

Type: _____      Screened by: _____

Policy/Procedure Challenged? Yes_____ No _____

_____ Hold pending decision in grivance #_____.

_____ Accepted and Referred to _____.

_____ Rejected/Returned for the following reason:_____
_____
_____

Date: _____ Warden or Designee Signature: _____

_Hand Mail to Medical via Sick Call Box on 5/10/06_

_Marcellus Breach_                    _2nd Grievance No Answer_

64

Exhibit O

# LCS CORRECTIONS SERVICE, INC.

## Offender Request

FACILITY: _S. L. C. C_

TO: _Medical Warden Copps_    DATE: _5/13/06_
(person to whom request is to be sent)

NATURE OF REQUEST
MEDICAL ☑    OTHER ☐ _____
(State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Marcellus Breach_    OFFENDER # _160710_

HOUSING ASSIGNMENT _Bear A-7_

DETAILS OF REQUEST (Briefly state nature or reason for request):
_I've put in several request slips for medical._
_I'm in pain! No medication, no truss_
_no surgery! I am bewp denied medical!_
_I'm in pain _____

| OFFICIAL USE ONLY |
|---|

DATE: _____    TIME: _____

REQUEST IS: ( ) Approved    ( ) Denied    ( ) Handled

Request is forwarded to

_____

Comments: _____
_____
_____
_____
_____

NOTE: All request shall be forwarded to the proper official who shall fully answer/handle the request. A
copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

_Certificate of Service_
_Hand Mail to Warden Jake, Copps Medical Box_

65

Exhibit P

# LCS CORRECTIONS SERVICE, INC.

## Offender Request

FACILITY: _S.L.C.C._

TO: _Medical     Dr. Tassin_      DATE: _6/5/06_
(person to whom request is to be sent)

NATURE OF REQUEST
MEDICAL ☑     OTHER ☐    _HERNIA PAIN_
(State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Marcellus Breuel_     OFFENDER # _160110_

HOUSING ASSIGNMENT _Seacat_

DETAILS OF REQUEST (Briefly state nature or reason for request):

_I Need to see the Doctor for PAIN (hernia)._
_I can't Sneeze, Cough w/out pain. It's_
_Painful. Need PAIN Medication._

| OFFICIAL USE ONLY |
|---|

DATE: _____      TIME: _____

REQUEST IS: ( ) Approved     ( ) Denied     ( ) Handled

Request is forwarded to
_____

Comments: _____
_____
_____
_____
_____

NOTE:  All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

66

*Exhibit Q*

# LCS CORRECTIONS SERVICE, INC.

## Offender Request

FACILITY: *S.L.CC*

TO: *WARDE Jake / Diana Lott* DATE: *6/8/06*
   (person to whom request is to be sent)

NATURE OF REQUEST
   MEDICAL ☑    OTHER ☐    *NO Medical.*
                              (State nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME *Marcellus Breach*    OFFENDER # *160710*

HOUSING ASSIGNMENT *Dorm*

DETAILS OF REQUEST (Briefly state nature or reason for request):

*I have filed several sick calls for pain
due My hrania! NO Relief!
Weed PAIN Medication Asporin Why?*

| OFFICIAL USE ONLY |
|---|

DATE: _____    TIME: _____

REQUEST IS: ( ) Approved        ( ) Denied        ( ) Handled

Request is forwarded to

_____

Comments:_____
_____
_____
_____
_____

NOTE: All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

*67*

Exhibit R

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

### SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?      Yes  X    No _____

OFFENDER'S NAME  *Marcellus Breach*  LOCATION *Bucca*

Time & Date of incident: 6/5/06 / 6/8/06 Location of incident: _____

Name & Location of Witnesses: _____

Name of Personnel involved: *Diada Cott, Nurse Marie Medical Staff.*

Summary of Complaint: *4-Sick call slips sign up for pain. Are ignored, No pain medication, No doctor You are Denying Me Medical*

Specific Relief Desired: *Need to See Warden Jake,*

Today's Date: 6/12/06      Offender's Signature: *Mull Brl*

Grievance #: _____      Date Rec'd: _____

Type: _____      Screened by: _____

Policy/Procedure Challenged? Yes_____ No _____

_____ Hold pending decision in grivance #_____.

_____ Accepted and Referred to _____.

_____ Rejected/Returned for the following reason:_____
_____
_____

Date: _____ Warden or Designee Signature:_____

(cc)
Richard Allen  Ala. Commissioner.
Edwards Law Firm.

3rd Grievance

Exhibit 5

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

## SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?    Yes _____  No _____

OFFENDER'S NAME _Marcellus Beach_ LOCATION _Beatcat 2._

Time & Date of Incident: _____ Location of Incident: _____

Name & Location of Witnesses: _Medical_ _____

_____

Name of Personnel Involved: _Medical_ _____

_____

Summary of Complaint: _I've been recommended for surgery_
_on a hernia. I've yet seen anyone_
_to have surgery._
_____ _Serious Medical Need._

Specific Relief Desired: _Surgery_

Today's Date: _6/18/06_ _____ Offender's Signature: _Marcellus Beach_

---

Grievance #: _06-215_ _____    Date Rec'd: _____ JUN 26 2006

Type: _____ _100_ _____    Screened by: _WARDEN VIATOR_

Policy/Procedure Challenged? Yes _____ No _____

_____ Hold pending decision in grievance # _____

_✓_ Accepted and Referred to _NURSE MAXIE_ _____.

---

_____ Rejected/Returned for the following reason: _____

_____

_____

Date: _____ Warden or Designee Signature: _____

000035

Exhibit I

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

### SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?        Yes __✓__    No _____

OFFENDER'S NAME _Marcellus Breach_ LOCATION _____

Time & Date of incident: _August 2 2006_ Location of incident: _____

Name & Location of Witnesses: _____

Name of Personnel involved: _Medical_ _____

Summary of Complaint: _My hernia Came out Last night,_
_Can't Walk Without Pain It's Big!_
_Need Medical._

Specific Relief Desired: _Medical Attention_

Today's Date: _8/3/06_        Offender's Signature: _Marcellus Breach_

Grievance #: _____        Date Rec'd: _____

Type: _____        Screened by: _____

Policy/Procedure Challenged? Yes_____ No _____

_____ Hold pending decision in grivance #_____.

_____ Accepted and Referred to _____.

_____ Rejected/Returned for the following reason:_____
_____
_____

Date: _____ Warden or Designee Signature:_____

Sclc can buy    C/- Grievance No Answer

70

Exhibit "U"

# LCS CORRECTIONS SERVICE, INC.

### Offender Request

**FACILITY:** S.L.C.C.

**TO:** Medical                                             **DATE:** Aug 17th 2006

(person to whom request is to be sent)

**NATURE OF REQUEST**

MEDICAL ☑    OTHER ☐    Hernia

(State nature of request)

REQUEST TO OFFICIAL ☐

**OFFENDER NAME** Marcellus Breach    **OFFENDER #** 160710

**HOUSING ASSIGNMENT** Segcat A

**DETAILS OF REQUEST (Briefly state nature or reason for request):**

I have not received Any Medical Attention Since March 2006. I need to see the Dr Tassin for PAIN — hernia.

| OFFICIAL USE ONLY |
|---|

**DATE:** _____    **TIME:** _____

**REQUEST IS:** ( ) Approved        ( ) Denied        ( ) Handled

**Request is forwarded to**

_____

**Comments:** _____

_____
_____
_____
_____

**NOTE:** All request shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

Sick-call brf. Hard mn1

1

21

Exhibit √

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

### SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?        Yes_____  No _____

OFFENDER'S NAME *Marcellus Breech*  LOCATION *Score St*

Time & Date of incident: _____  Location of incident: *L.CS*

Name & Location of Witnesses: *Dr. John Tassin, Diana Lott*

Name of Personnel involved: *Medical*

Summary of Complaint: *I am in pain due to this hernia I have got no answers from medical pertaining to pain medication or surgery. I am having problems sneezing, coughing & bowel movements. I can't cough w/out pain I need surgery or to see a outside doctor. I am having pain, my hernia comes out!*

Specific Relief Desired: *Pain Medication / Surgery*

Today's Date: *8-20-06*        Offender's Signature: _____

Grievance #: _____        Date Rec'd: _____

Type: _____        Screened by: _____

Policy/Procedure Challenged? Yes_____  No _____

_____ Hold pending decision in grivance #_____

_____ Accepted and Referred to _____

_____ Rejected/Returned for the following reason: _____

Date: _____  Warden or Designee Signature: _____

*Certificate of Service*
*I place hand-und into grievance box located in drawer hall on 8-20-06 -*

*(cc)*
*MB,*        *Atty Chris Edwards — U.S. Mail*        72

*For a Correctional Facility.*

TO: Ms. Lawrence Medical
Warden Rowell.

**Prison Health Services**
**Inmate Informal Grievance**

Exhibit W
1 of 2

Marcellus Breach    160710           West - 16        10|11|06
NAME                AIS #             UNIT            DATE

**PART A---Inmate Complainant**

1) I have a Medical hold that is preventing me from actively participating in any additional DOC program I ask to be removed that I may be classed to go to another camp.

2) Medical records reflect Dr. Tassie Browarreded surgery for a hernia. I have problems coughing, sneezing, bowel movements. I need surgery. Why am I on medical stop-up, and no one has seen me in regards to surgery?

See attached page 2.

_Marcellus Breach_
INMATE SIGNATURE

**PART B –RESPONSE**         DATE RECEIVED 10-17-06

I have searched your medical files here from front to back. There are no records or sick calls that you were examined for a hernia. I see no evidence of a medical hold or medical stop up. If you are having health problems please sign up for sick call and be examined by the doctor.

_L. Lawrence_ RN HSA
MEDICAL STAFF SIGNATURE

10-17-06
DATE

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator.  Return the completed grievance form to the Health Service Administrator.

|  |  | Y | N |  |  | Y | N |
|---|---|---|---|---|---|---|---|
| I | Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI | Delay in Health Care Provided | ☐ | ☐ |
| II | Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII | Problems with Medication | ☐ | ☐ |
| III | Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII | Request to be seen | ☐ | ☐ |
| IV | Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX | Request for Off-site Specialty Care | ☐ | ☐ |
| V | Conduct of Healthcare Staff | ☐ | ☐ | X | Other | ☐ | ☐ |

Certificate of Service.

I hereby place same into a sealed envelope address to Medical Complaint Box, copy to Warden Rowell, hand way on this 11th day October 2006.

1 of 2.

_Marcellus Breach_

23

Kilby Correctional Facility.

TO: Ms Lawrance, Medical.
    Deputy Warden Rowell.

Date  October 11, 2006.

RE: Informal Grievance p. 2

To Whomsoever it may concern.

Medical Records will Reflect Dr. Tussie Recommending Surgery for my hernia. I'm asking that the "Medical" Hold Placed on me be Removed. Because of this hold, I can't be reclassed for any other institutional Camps. I've worked to <u>hard</u>, I have Work Reports, several Certificates of completions, and my college degree, to come to a deadend stop! I'm asking to have Classification Review my prison Record. I haven't had a "Review" in 18 months. That's frustrating. If this medical hold is about surgery, then I request surgery. Not a medical hold, then Nothing is done about it. I humbly ask someone assist me about Resolving this matter. I depreciate strongly placing this hold on me, then doing absolutely Nothing in Regards to following Doctors Orders concerning Surgery.

PLEASE Advise.
Marcellus Breach 160710

2 of 2.

94

*Exhibit X*

*192*

**Prison Health Services**
**Inmate Informal Grievance**

_Marcellus Breach_ _160710_          _West-16_     _11-7-06_
NAME                    AIS #              UNIT          DATE

To: _Mrs. Lawrence R.N._

**PART A---Inmate Complainant** _On-10-17-06 you stated you have_
_no evidence of a hernia in my Medical_
_Records._
_On 3-21-06 Dr. Tassin Ordered Surgery._
_My hernia is causing me pain._

_I want to Appeal your decision_

_____         _Marcellus Breach_
                              INMATE SIGNATURE

**PART B –RESPONSE**                    DATE RECEIVED_____

_____

_____

_____

_____

_____

_____

_____

                              _____
                              **MEDICAL STAFF SIGNATURE**

                              _____
                              **DATE**

If resolution has not occurred and you wish to file a formal grievance you may request a
grievance form from the Health Services Administrator.  Return the completed grievance
form to the Health Service Administrator.

| | Y | N | | | Y | N |
|---|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI   Delay in Health Care Provided | ☑ | ☐ |
| II   Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII   Problems with Medication | ☐ | ☑ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☑ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX   Request for Off-site Specialty Care | ☑ | ☐ |
| V Conduct of Healthcare Staff | ☐ | ☐ | X   Other | ☑ | ☐ |

_(cc)_
_copy._           _Certificate of Service._
_Placed hand mail into Medical box sealed envelope_

11/03 - Alabama   _On 10/7/06._
                  _Marcellus Breach_

_75_

2007 Exhibit

Marcellus Breach   160710        West-16      11/7/06

TO: Mrs. L Lawrence R.N.

On 10-17-06 You stated that you Searched my Medical Records from Frout to back And found no evidence of A hernia. I do Not know yet how well PHS Keeps medical Records up-dated but. 2-20-05 Inguinal hernia A.D.O.C. 5/8/05 hernia pain 3x5 cm inguinal hernia on L Not into Scrotum. Truss issued. Ref. Dr Bossricher, 3-21-06 Hernia L Inguinal won'hernia "Needs Repair": Dr Tassin.
Incarcerated Elective pro~~ADDE you still~~ 7/3/06 Dr Tassin HERNIA Referred to Surgeon. ~~have my~~ Records?
I need this Surgery, I can't go Any other And remedial hold. Do you want me to show you proof Dr Tassin Recommended Surgery? Why am I deured/delayed surgery?
                                                Marcell Breach

Certificate of Service
Placed hand mail into Medical by Sealed envelope on 10/7/06.
            Marcell Breach

                    1 o 3.

26

TO: LINDA LAWRANCE
DR. ROBBINS,
WARDEN  Arnold Holt.

Exhibit
192

### Prison Health Services, Inc.

### Inmate Grievance **Appeal**

MARCELLUS BREACH    160710                West 16      11/7/2006
NAME                          AIS #                        UNIT            DATE

**PART A—INMATE Grievance Appeal for the following reason:**
Grievance on 10-17-06. I have a Painful Hernia.
Dr. Tassin Recommended Surgery. I have pain coughing
Sneezing + bowel movements. I need to see
a Docter, not Nurse Practioner. Medical
Records From LCS missing. Why?

_____
INMATE SIGNATURE

Return this form to Health Services Administrator by dropping in the sick call box or
giving to the segregation sick call nurse on rounds.

**PART B –RESPONSE**                    DATE RECEIVED_____

_____
Inmate Signature                         Health Services Department Head
_____
Date                                     Date

H.S.A. Selection:

| | Y | N | | Y | N |
|---|---|---|---|---|---|
| I  Dissatisfied with Quality of Medical Care | ☑ | ☐ | VI  Delay in Health Care Provided | ☑ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☑ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | ☑ | ☐ |
| V Conduct of Healthcare Staff | ☐ | ☐ | X  Other | ☐ | ☐ |

Committee Review of Data Collection

CC
MB

I hereby placed Certificate of Service.
said into the Kilby Medical Complaint Box
And Warden's box have delivery into penalty of perjury 28 U.S.C. 1746
on 11-7-06   Marcellus Breach

11/03 – Alabama
Revised 5/16/05

22

To: Mrs L. Lawrence.

From: Marcellus Breach, 160710
West-16

Date: November 7, 2006

Re: Hernia / Medical Records

Exhibit enclosed:
Basic Offender Physical Evaluation
LCS 3/20/06 Reflecting Medical
Records "Hernia"

Mrs Lawrence:

I'm stuck here at Kilby because of Medical hold. My Records on 3-21-06 Reflect indirect inguinal hernia, "Needs Repair" Dr. Tassin. I do not desire to wait till its either strangulated or not Reducible. The most important elements in the early development of a hernia are congenital or acquired muscle weakness and the increased intra abdominal pressure. Dr. Tassin made his medical Recommendation that the hernia needs Repair. It is painful at times, limits my activities. The classification of Surgery as elective does not abrogate PHS's of the duty, or power to promptly provide necessary medical treatment. The mere words "Elective" surgery ARE NOT a talisman insulating PHS from the Reach of the Eighth Amendment "deliberate indifference." Now, I do not continue to waste $300 Sick call for Tylenol. Please Do you need to see the Records? You stated NO evidence of a hernia? Here is

Please Advise

Marcellus Breach ~ evidence for your Remove!

78.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARCELLUS BREACH, # 160710          )

        Plaintiff,          )

Vs.          )          Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., et al.,          )

        Defendants.          )

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER and/or PRELIMINARY INJUNCTION

**MARCELLUS BREACH, AIS# 160710** declares under the penalty of perjury 28 U.S.C. 1746.

I am the plaintiff in this case. I make this declaration in support of my for a temporary restraining order and/or preliminary injunction to ensure that I receive necessary medical care.

As set forth in the Complaint in this case, Dr. Tassin recommended that my inguinal hernia needs repair. I state that I have a continued pain, my hernia comes out, and at times it will not go back in. I have complained to PHS, and defendants many, many times, and on April 30, 2007 Dr. Hobbs told me personally that even if he puts me in for surgery, they are going to deny it.

79

In December 2006, Branden Kindard personally told me at Kilby that he was going to give me surgery. I placed a true copy of the medical records attached with this motion into Branden's hands.

I have burning pain, I have pain when coughing, sneezing, and taking bowel movements. I cannot continue with this pain!

Sworn under the penalty of perjury 28 U.S.C. 1746,

This _19_ Day of June 2007.

Marcellus Breach 160710

80

MARCELLUS BREACH :    13ᵀᴴ JUDICIAL DISTRICT COURT

VERSUS NO: 00067886-B :    PARISH OF EVANGELINE

GARY COPES, ET AL., :    STATE OF LOUISIANA

---

## SUPPLEMENTED AFFIDAVIT

BEFORE ME, *James Bailey Jr. CD.I*, a notary public in and for said County and State personally appeared Inmate Marcellus Breach AIS # 160710, and being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief as follows:

1) My name is Marcellus Breach. I am over the age of twenty-one. I am the plaintiff in this case. I make this declaration in opposition to defendants motion for summary judgment on my claim concerning inadequate medical care by defendants Copes, Jake, Viator, Lott and LCS.

2) The defendants are not entitled to summary judgment because there are genuine issue of material fact to be resolved. These issues are identified in the Statement of Disputed Factual Issues filed by myself. The facts are set out in this declaration.

3) On March 21, 2006 Doctor John A. Tassin conducted a physical exam on me in regards to my complaints about pain, coughing, sneezing and having bowel movements due to my hernia. Dr. Tassin told me: "**You need surgery.**" Doctor Tassin also told me, "**You can't treat a hernia, they can only be repaired through surgery.**" Dr. Tassin, told me: "**We will put in a request for approval for your surgery with the Commissioner's Office, they have to approve it, you belong to them, if you belonged to us, we would fix it, but, we have to have Alabama's approval before we can do anything.**" Dr. Tassin told me my truss was no good, you need surgery.

Dr. Tassin also told me on March 21, 2006: "**Hernias get worse, they do not get better, you need surgery. Hold on and let's see if we can get you to Charity Hospital...You can't treat a hernia, they can only be repaired through surgery, there is noting that I can give you for your pain, you need surgery.**"

4) I have filed several written request to the defendants complaining that I need surgery. I also asked them to supply me with some pain medication for the pain

1

81

due to this hernia. I was denied any pain reflief for this hernia. On July 2006, Nurse Maxie told me: **"YOU WON'T GET YOUR SURGERY HERE, MAYBE IN ALABAMA, BUT I PROMISE YOU WE AREN'T GOING TO DO IT."**

5)  Since leaving LCS, portions of my medical records and prison file have been missing. The medical provider at DOC here in Alabama has told me they cannot get my medical records from the defendants. 11 certificates have been taken out of my prison file, being ; Relapse, Anger Management, Work Reports, to name a few, and they were in my file when I was in Louisiana.

6)  My hernia has gotten worse. Today, I have sever pain, serious problems with bowel movements, and coughing. My hernia hurts me very much. I asked the defendants to send me to an outside doctor. Nurse Maxie told me, they are not going to do anything for my hernia. My hernia is very painful, I have to lay down most of my days, and I am restricted from work release consideration due to this hernia. This delay in treatment, surgery has caused me to lose out on most privileges other inmates have.

7)  Defendants refused to even issue a TRUSS for my hernia like Dr. Bossermer in an attempt to treat it. No treatment was given to the hernia while in their custody, I suffered many days of pain. I filed several written request for pain medication and grievance complaints, which I placed into the Inmate sick call box in the chow hall at SLCC. I never heard anything from medical.

8)  My pain at its worse intensity usually occurs intermittently. There are times that my pain from the hernia is worse than at other times. I have good days and bad days: perhaps three to four days a week I have this pain from this hernia. This pain is there when I wake up, and it won't go away, sometimes it will last several days, so I just stay in bed.

9)  To describe my pain as best as I can, I say that there is a very sore tenderness, sometimes a burning pain, pulling, dragging pain as if someone has a pair of vice grips attached to my guts pulling them down so, I try not to move.

10)  At times I have good days, I have the pain but, it's just less bothering. I can get up around some. I have more bad days than good days. Most of the time I have to push my hernia in, push it up because it comes out, and when it comes out, it is very painful. At one time my hernia went into my sac, and I could not move, just had to push and hold on applying pressure to get it back into place.

82-

2

11)   When I was at LCS prison, I was not given any type of pain medication for this hernia. Doctor Tassin told me several times that there was nothing he could do for my pain, and that I need surgery. I basically had to endure the pain, by purchasing my own pain medication (Tylenol) from the canteen store from the defendants. I continued to complain to Warden Jake and Diana Lott the Nurse Administrator. In October 2006, I saw Dr. Tassin again, and he told me: "**I do not understand why they just don't fix it**". As of today, I am still having pain, coughing, sneezing and bowel movements. I believe the defendants sent me back to Alabama Department of Corrections, knowing that ADOC has a de facto policy of not paying for hernias unless they are incarcerated, which has to be more painful then the pain I am experiencing today. I pray that I do not have to endure such additional pain suffering from an incarcerated hernia.

13)   The defendants knew that I was in pain, and basically did not do ANYTHING about alleviating my pain. I had problems basically doing the basic normal daily activities that a normal person performs who does not have a hernia. I can say, that my hernia can rupture at any given time. I am depressed, suffer anxiety, and I am afraid of what may happen because of this hernia.

14)   On April 30, 2007, I was seen by Dr. Hobbs at Limestone Correctional Facility. Dr. Hobbs questioned me about why since Dr. Tassin stated that my hernia needed repair, why didn't Dr. Tassin send me out to have it repaired? I talk Dr. Hobbs, because Branden at the Commissioner's Office denied approval to have my hernia repair. Dr. Hobbs stated: You do need to have it repaired. Dr. Hobbs ordered me some pain medication to last the next 90-days.

15)   I showed Dr. Hobbs just how enlarged my hernia has gotten, and complained about pain. Dr. Hobbs issued another Truss. My hernia is the size of a "softball" now. I still have this burning, dragging pain. My hernia is not getting any better. I am seeking surgery.

16)   On April 30, 2007 Dr. Hobbs asked the nurse while examining me, "He needs to sign a release of medical records from Louisiana". The Medical Records from Louisiana are still as of April 30, 2007, are not in my file.


Further affiant sayeth not.

Marcellus Breach 160710

83

STATE OF ALABAMA                    )

COUNTY OF LIMESTONE            )

SWORN TO AND SUBSCRIBED VBEFORE ME ON THIS $\underline{\phantom{x}}$ DAY OF  May 2007.

NOTARY PUBLIC

4

84

| MARCELLUS BREACH | : | 13TH JUDICIAL DISTRICT COURT |
| VERSUS NO: 00067886-B | : | PARISH OF EVANGELINE |
| GARY COPES, ET AL., | : | STATE OF LOUISIANA |

## AFFIDAVIT

BEFORE ME, **JAMES BAILEY JR., CO. I,** a notary public in and for said County and State personally appeared Inmate *Felix Snell, AIS # 153207*, and being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief as follows:

1)  My name is Felix Snell, AIS# 153207. I am over the age of twenty-one. I am a witness to the facts in dispute. I make this declaration in support of the medical condition that I witness today that Marcellus Breach is experiencing. I state that I am an inmate housed at Limestone Correctional Facility, Harvest, Alabama. And I sleep in the same dormitory as Marcellus and I also work with Marcellus on his job assignment.

2)  I write this statement based on my personal knowledge. I am not a doctor, nor am I medically educated. I state that I know that Marcellus has a hernia. I have <u>seen</u> his hernia. It is located near his private area. The size of Marcellus hernia is between a *"baseball or a soft ball"*. Marcellus has many days since I have known him, he is in pain. He has a lie down most of his days. Marcellus tells me that the prison will not give him surgery.

**Further affiant sayeth not.**

Felix Snell Ais 153207
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 26th DAY OF APRIL
2007.

NOTARY PUBLIC       9-8-2010
My commissions expires on_____.

85

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710         )

        Plaintiff,         )

Vs.         )         Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., et al.,         )

        Defendants.         )

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER and/or PRELIMINARY INJUNCTION

**FELIX SNELL, AIS# 160710** declares under the penalty of perjury 28 U.S.C. 1746 the following:

My name is _Felix Snell, AIS 153207_. I am over the age of twenty-one. I am a witness to the facts in dispute. I make this declaration in support of the medical condition that I witness today that Marcellus Breach is experiencing. I state that I am an inmate house at Limestone Correctional Facility, Harvest, Alabama. And, I sleep in the same dormitory as Marcellus and I also work with Marcellus on his job assignment.

I write this statement based on my personal knowledge. I am not a doctor, nor am I medically educated. I state that I know that Marcellus has a hernia. I have seen his hernia. It is located near his private area. The size of Marcellus' hernia is between a "baseball or a soft ball". Marcellus has many days since I have known him; he is in pain.

He has to lie down most of his days. Marcellus tells me that the prison will not give him surgery.

I swear that the foregoing is true based upon my observation and personal knowledge under the penalty of perjury 28 U.S.C. 1746. Notary Public is not available at this time.

Felix Snell AIS 153207
Limestone C.F.
Harvest, Alabama 35749

87

| | | |
|---|---|---|
| *MARCELLUS BREACH* | : | *13TH JUDICIAL DISTRICT COURT* |
| *VERSUS NO: 00067886-B* | : | *PARISH OF EVANGELINE* |
| *GARY COPES, ET AL.,* | : | *STATE OF LOUISIANA* |

## AFFIDAVIT

BEFORE ME, **OFFICER MARK REEVES, CO. I,** a Notary Public in and for said County and State personally appeared Inmate **Larry Patterson, AIS# 13556**, and being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief as follows:

My name is **Larry Patterson AIS# 136556**. I am over the age of twenty-one. I am a witness in this case for Marcellus Breach. I have personal knowledge of Marcellus Breach's claims, and the case at hand. I make this declaration in support of Marcellus Breach's injury being an Inguinal Hernia, and I know that Medical Records have come up missing since we both have returned to Alabama. Also, I know from personal experience that the Defendants misuse prisoners, and deny medical treatment because it also happened to me while in Louisiana. I am an Alabama Inmate who was transferred to SOUTH LOUSIANA CORRECTIONAL CENTERL, "LCS" from <u>March 2006</u> until <u>October 6th 2006</u>. I am aware of the facts pertaining to the inadequate medical treatment by the defendants.

On April 22nd, 2006, I was playing softball at LCS and broke my left foot. I immediately omplained to officers there that very day requesting to go to Medical. I was repeatedly denied my request to be taken to medical for medical to examine my foot. I had to hop on one foot for four (4) days, and I was told by Captain Ivory, Sergeant Ceaser to just go to your dorm, we'll check into it.

I went approximately four (4) days without be allowed to see any medical staff. I signed up for sick call several times, and even filed an emergency Grievance. Both were denied. Finally on April 26th 2006, I finally saw Doctor Tassin, who then immediately asked Nurse Maxie: "Why hasn't he been taken to the hospital?" Nurse Maxie stated: "I do not know" Dr. Tassing then stated: "You need to get this man to the hospital immediately."

Before this happen, the following night, a Nurse Ledet came to the dorm and look at my foot at the door. Nurse Ledet said: *"Ain't nothing wrong with your foot."*

88

1

On April 26th 2006, I was taken to Lafayette Hospital Emergency Room, and their doctor who x-rayed my foot and said it was broken examined me. I was given a cast, and then released. I went four (4) days absolutely no medical attention.

Since leaving LCS, portions of my medical records and prison file have been missing. The medical provider at DOC here in Alabama has told me they cannot get my medical records from the defendants. My Records of my broken foot as of today, 4-16-2007 is not in my Medical File here at Limestone. Today I saw the Dr. Hobbs concerning my foot, and he told me and asked when and where did this happen? I told him in Louisiana. Dr. Hobbs said: <u>There is nothing in here about a broken foot, I am not saying that it did not happen, just that there are no Records reflecting your foot was broken.</u>

In regards to Marcellus Breach, I know for a fact that while he was at LCS in Louisiana he continued to complain about pain due to his hernia. I know for a fact that Marcellus can and could not exercise due to his hernia, and every time I would ask him to work out with me, Marcellus would tell me that he couldn't because his hernia <u>will come out</u>. Marcellus' activities are still restricted due to this hernia. Most of the time he is in pain, and has to lie down. The defendants that I know did not give Marcellus any pain medication: I know for a fact Marcellus is/was at a lot of time in pain. I know that Dr. Tassin told Breach that he needs surgery, and upon many request by Marcellus Breach filed with LCS, he was not given any relief; he was transported back to Alabama with me on October 6th 2006. Today, I witness that Marcellus' hernia has gotten worse in size. I would say that his hernia today is the <u>size of a "Soft Ball"</u>. I have seen it. He tells me that it is painful, swelling and soreness.

I have witness Marcellus having to push down or holding down on his hernia and would appear to be having pain. I would then ask Marcellus what is wrong--- he would then tell me, "<u>My hernia is coming out</u>".

About a few days ago, I saw Marcellus here at Limestone, and I noticed that he was having problems walking. I asked him what's wrong with you? Marcellus told me: "Man, this hernia is getting worse, feels like I am dying". I asked where is he going? Marcellus responded:" Man, medical is full of shit, I can't get anything done, I have to go lay down.

Further affiant sayeth not.

Larry Patterson #136556

**STATE OF ALABAMA**              )

89                                                                          2

*COUNTY OF LIMESTONE*          )

SWORN TO AND SUBSCRIBED VBEFORE ME ON THIS _17_ DAY OF April 2007.

_Mark Reeve_
NOTARY PUBLIC
Comm. Expires 9-26-07

90

3