IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUL 20  A  9: 3ᵛ

... P. JACKETT...
... NOT COURT
... DISTRICT ALA

MARCELLUS BREACH, # 160710                        *

     Plaintiff,                                    *

Vs.                                                               *        Case No: <u>2:06-cv-1133MEF</u>

PRISON HEALTH SERVICES, INC.,                 *
Et al.,
     Defendants.                                *


[1] *MOTION TO STAY SUMMARY JUDGMENT/ ADDENDUM REQUEST FOR
DISCOVERY/ PRODUCTION FOR DOCUMENTS/INTERROGATORIES/
ADMISSIONS, AND <u>DEPOSITIONS</u> PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURES*

     **COMES NOW,** the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach") in proper

person "Pro Se", moves this Honorable Court to **GRANT** the above--styled motion,

pursuant to Fed. R. Civ. P., <u>*Rules 26, 33, 34 and 36;*</u> in conjunction with attached <u>*Rule 56(f)*</u>

motion, supporting Affidavit (Exh-A), *ipso facto et ipso jure* as follows: [2]

### *FIRST REQUEST TO NAMED INDIVIDUAL DEFENDANTS / Rules 26, 33, 34 and 36 Fed. R.Civ.P.*

[3]*1)*   *Dr. George Lyrene, M.D.*      *2)*    *Dr. Michael Robbins, M.D.*

---

[1] This Motion to Stay Summary Judgment is under <u>Rule 56(f)</u> Fed.R.Civ.P. Defendants ADOC have not
filed an Answer, and ought to be held in contempt of court or default judgment against them.

[2] Breach request that the relevant portions of his motions for discovery be allowed. This is not the
discovery motion itself.

[3] Upon granting Discovery, it may be necessary to conduct further Interrogatories upon other named
defendants in this action as information and evidence is gathered. **Depositions are requested.**

3)    *Nurse Practitioner, B. Adams*    4)    *Brandon Kindard*
5)    *Linda Lawrence*                  6)    *Ruth Naglich,*
7)    *Martha Jane Haynes, et al.*      8)    *Dr. William Hobbs, M.D.*
9)    *All additional Defendants.*

## PRELIMINARY STATEMENT

Defendants have admitted that ADOC has a protocol that states:

> "The protocol sates that the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary." [ See, Dr. Hobbs Affidavit Exhibit A page. 4]

This is an <u>unconstitutional protocol</u>. Defendants only speak hearsay, because they <u>have not produced such questionable protocol</u>. Discovery is requested. [See, *Supplemental Special Report page. 8 Defendants*]

The Eleventh Amendment sovereign immunity defense that the defendants attempt to hide must be debunked. The law is established, the Eleventh Amendment Sovereign Immunity <u>may not</u> apply to bar relief under § 1983 when a state official is sued for prospective injunctive relief to end a continuing violation of federal law. *Seminole Tribe of Florida*, 517 U.S. 44, 73 116 S.Ct. 114, 134 L.Ed. 2d 252 (1996). The United States Supreme Court has implicitly recognized that prisoners have standing for injunctive relief where they allege a contemporary violation that is likely to continue. *Farmer*, 511 U.S. @ 845-46. Injunctive and Declaratory relief is requested in this action against the Defendants in their official capacity.

*Rule 36(a)* Fed.R.Civ.P., allows a party to "serve upon any other party a written request for the admission ... of the truth of any matter ... that relates to statements or

opinions of fact or of the application of law to fact'"   In this case, Discovery is requested because Section 1983 provides a civil action against any person who, while acting under color of state law, subjects any citizen to the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  A person "subjects" another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978)

Discovery is requested in this case, because this action is against the hierarchy of government officials, 42 U.S.C. § 1983 is designed *"to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."* **Wyatt v. Cole**, 504 U.S. 158, 161, 112 S.Ct. 1827, 1830, 118 L.Ed. 2d 504 (1992) See also, **Greffey v. Ala.Dept of Corrections**, 996 F. Supp 1368 (N.D.Ala. 1998).  There are only two (2) medical standards of care: 1) National Medical Standards, and 2) Community Standards of Care.  Defendants have asserted that prisoners are not entitled to the same standard of care given to those who are not incarcerated, but have not produced any documents supporting their position.  There position is untrue and will be debunked. [ See, p 8 Supplemental Speciail Report Defendants]

Breach is the nonmoving party, and "[t]he nonmoving party in a summary judgment motion is to be given the opportunity to "discover information that is essential to his opposition". *Anderson*, 477 U.S. @ 250. The Eleventh Circuit has indicated that a litigant may move a district court to permit the interview of a potential witness. See, **Barfield v. Brierton**, 883 F.2d 923, 933 n.11 (11th Cir. 1989); *Daker v. Barrett*, 1:00-cv-1065-RWS (N.D. Ga. filed April 25, 2000). Breach would also argue that defendants have failed their duty to establish that Defendants were acting within their discretionary authority that would require the burden to shift to Breach to show that qualified immunity is not appropriate. Nevertheless, Breach has not had an opportunity to depose any Defendant in this action. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) the Supreme Court held: "*Rule 56(e)* provides that, 'when a properly supported motion for summary judgment is made, the adverse party 'must set forth specie facts showing that there is a genuine issue for trial.'" 106 S.Ct. @ 2511. The Court underscored that: "This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition...." Id @ n. 5.

Breach must demonstrate that his treatment violated clear and specific standard, so that similarly situated medical health care providers would have known his or her actions violated Breach's constitutional rights – whether a reasonable doctor in the same circumstance and possessing the same knowledge as the medical defendants could have

4

concluded that his/her actions were lawful. Furthermore, under the discovery rules, Breach ought to be entitled to use its weapons.

Breach submits an addendum request for Discovery upon the Defendants as attached because in this case justice calls; and no one is above the law, no matter whom, what title, position, one may hold. Breach has stated a claim under § 1983 alleging a violation of a secured right of the Eighth Amendment to the United States Constitution and laws of the United States, and to prevail Breach also must show that the alleged deprivation was committed by a person acting under color o state law. *West v. Atkins*, 487 U.S. 42, 28, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

¶ 1. [4]  Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of the supervising officials and the alleged constitutional deprivation. See, *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Braddy v. fla Dept. of Labor & Employment*, 133 F.3d 797, 802 (11th Cir. 1998).  Breach is challenging a unconstitutional policy, custom, practice used by the defendants in not repairing non-incarcerated hernias and "A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is

inflicted to official policy. Official policy is: 1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmaker have delegated policy making authority; or 2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy, actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. In this case, Therefore, Breach MUST <u>pinpoint</u> the responsible and any other *inter absentes* party or parties within the hierarchy of the Defendants who are solely responsible for the constitutional violations held liable under § 1983 through their actions being direct, or indirect by a regulation, custom, practice, policy, or procedures so long standing that it has the force of law being their **"<u>Treatment Protocol</u>"** specifically Inguinal Hernias are not being repaired until there is a life or death situation, i.e., strangulated, incarcerated or into the scrotum. Through Discovery Breach intends to debunk the defendants' defenses arguing that they are not entitled to any immunity in this action because someone among the defendants are "<u>enforcing this policy</u>" that is intended to show their practice and policy or their actions are unconstitutional.

---

[4] Prison Health Services, Inc., also known as "PHS" and the Alabama Department of Corrections also known as "ADOC".

## GROUNDS IN SUPPORT
## MEMORANDUM AT LAW/POINTS ON AUTHORITY

[5] On *May 14, 2007*, this court ordered Defendants produce in their "Special Report" "Breach has received and '<u>inadequate</u>' "Answer and Special Report" from the defendants wherein, there are no policy, regulations produced reflecting their **protocol treatment pertaining to hernias**, also defendants have admitted that they act under a policy that they will not repair a hernia unless it is incarcerated, strangulated or into the sctorum, life or dealth situation is the very policy that Breach has attacked. Defendants have attempted to move prematurely for summary judgment. Summary Judgment under Fed. R. Civ. P. 56 is appropriate "<u>after adequate time for discovery</u> and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). [6] To defeat the motion for summary judgment, the nonmoving party must merely present evidence on the basis of which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 91 L. Ed. 2d 202, 106 S. Ct. 2506 (1986).

---

[5] Defendants admit that there is a policy that they will not repairs hernias unless a life or death situation. **They have not produced that policy**. See, Page 8 Supplemental Special Report.

[6] Defendants have offered their Affidavits, it is requested to conduct **Depositions**, Interrogatories and Admissions upon requested individuals for purpose to go outside the pleadings and present evidence that Defendants have acted below the contemporary standard of care which will strip their qualified immunity defense through expert testimony, and will show that the defendants acted intentionally to deprive Breach of surgery to relieve pain and suffering because the contemporary standards requires surgery for any inguinal hernia.

The nonmoving party in a summary judgment motion is to be given the opportunity to "discover information that is essential to his opposition." *Anderson*, 477 U.S. @ 250.

¶ 2.    This case resolves around medical judgments. Interrogatories and Admissions along with Depositions are necessary because Hernia surgery requires certain degree of specialized training and knowledge that puts an understanding of the acceptable standard of care beyond the common knowledge of the jury.  Lawyers do not have the background and knowledge, without expert testimony to understand whether or not surgery is/was in fact necessary. See, *Anderson*, 778 So.2d @ 811 (quotations marks omitted)(addressing tuberculosis testing).  Breach moves to invoke the protection under *Rule 56(f)* of the Federal Rules of Civil Procedures, a nonmoving party may file an affidavit with the court representing an inability to present facts necessary to oppose the summary judgment motion and in response the court may "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed. R. Civ. P. 56(f). Breach is requesting to conduct discovery upon said Defendants not limited to, but if necessary all Defendants in this action for purpose of defeating the Eleventh Amendment immunity doctrine because Defendants all act under a certain custom, practice, policy, regulation that have the force of law which deprived Breach of his Eighth Amendment protection; also, to pinpoint which stated defendants did so have a personal involvement or failed to correct an unconstitutional practice being a

8

policymaker under State law, an injury has been sustained by Breach; also, because theses defendants are medical professionals and have acted below the standard of care --- discovery is necessary in order to establish, pinpoint their actions as alleged being unwarranted and they acted at all times medically indifferent under the standard of care, knowingly, and intentionally when there are only two types of medical standards, either Nationally or Community Standard of Care. Nevertheless, because this is a medical care case and the decisions made by the defendants who are medical professionals, through discovery, Breach intends to prove that the defendants acted deliberate indifferent, and far below the <u>contemporary standards of care.</u>

¶ 3.    [7]Although Breach is not required formally to style a discovery request as a *Rule 56(f)* motion; the two (2) pending discovery motions filed with this court can be sufficient to raise concerns as to whether a party should be permitted additional discovery prior to resolution of a summary judgment motion. See, *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988); *Garrett v. City and County of San Fransico*, 818 F.2d 1515, 1518 (9th Cir. 1987); *Phillips v. General Motors Corp.*, 911 F.2d 724, 1990 WL 117981 @ **5 (4th Cir. 1990) "where there are both pending discovery requests and pending summary judgment motions in a case, it is an abuse of district court discretion to grant the motion for summary judgment without first considering the

---

[7] Although Breach prematurely filed two (2) Motion for Discovery, Breach request to renew his Discovery request with a more appropriate request for discovery.

discovery motions." *Snook*, 859 F.2d @ 871; *Webb v. Bunch,* 16 F.3d 1223, 1994 WL 36854 (6th Cir. 1994); *Johnson v. United States,* 188 F.R.D. @ 696 (11th Cir. 1999).

¶ 4.    A district court considering summary judgment motions along with pending discovery requests should look at factors such as whether the nonmoving party has sufficiently identified the information sought through discovery, the reasons the information has not yet been obtained, and the materiality of the requested information to the summary judgment motion. *Phillips*, 1990 WL @ ** 5.

¶ 5.    Breach would demonstrate that the requested evidence is discoverable, and is intended to show a routine practice of not repairing hernias "statewide" is relevant. The requested discovery materials are "relevant" and are not burdensome.  "Where the documents are relevant to the summary judgment motion and are discoverable, the district court should rule on the discovery motions before the summary judgment motion. *Snook*, 859 F.2d @ 871.

¶ 6.    Summary judgment in this case is not appropriate, because summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P., 56(c)    _Rule 56(f)_ "protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit—or presumably by any other means authorized under _Rule 56(e)_—present 'facts essential to justify his opposition' to the

motion." *10A Charles A. Wright, Arthur R. Miller & Mary K. Kana, Federal Practice and Procedures,* Civil 2d § 2740 (Supp. 1996); see *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 161, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970). The Rule provides a safeguard against an improvident or premature grant of summary judgment and the Rule is applied liberally. Id. @ § 2740; *Adickes,* 398 U.S. @ 161-62, 90 S.Ct. @ 1610, See, *WSB-TV v. Lee,* 842 F.2d 1266 (11th Cir. 1988); see also, *Murrell v. Bennett,* 615 F.2d 306, 310 (5th Cir. 1980)

¶ 7.    The United States Supreme Court cases vacating appellate reversals of district court orders granting summary judgment illuminate both the utility and the limitations of summary procedures. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., v. Zenith Radio Corporation,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986). Their common denominator is the Court's caveat that summary judgment may only be decided upon an adequate record. In *Anderson,* the Court held that *Rule 56(e)* provides that "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" 106 S.Ct. @ 2511. The Court underscored that:

> "This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. In out analysis here, we assume that both parties have had ample opportunity for discovery." Id. @ n.5

¶ 8.  In the case sub judice plaintiff had been afforded no opportunity for discovery. Under the circumstances outlined above, consideration of defendant's motion for summary judgment in this less than six-months-old case will be erroneous. See, *Parrish v. Board of Commissioners* 533 F.2d 941, 95` (5th Cir. 1976)(trial court did not allow relevant discovery summary judgment reversed)

¶ 9.  In *Murrell v. Bennett*, 615 F.2d 306, and Alabama prison inmate brought a § 1983 action against prison officials for an alleged failure to provide proper medical treatment.  *Murrell* challenged the district court's grant of summary judgment for prison officials.  The Fifth Circuit noted that, indigent prisoners are hampered in their access to the proof necessary to ward off summary judgment.  *Murrell* had no opportunity to provide this information because his unschooled attempts at requesting discovery were nipped and bud only thirty-two days after the complaint was filed.  The Court noted in *Alabama Farm [Bureau Mut. Casualty Co. Inc., v. American Fidelity Life Ins Co.,* 606 F.2d 602, 609 (5th Cir. 1979), cert denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980)] that summary judgment should not be granted before discovery is completed. (Citation omitted).

¶ 10.  "*Rule 56(f)* is designed to minister [] to the vigilant, not to those who slumber upon perceptible rights.'" *Mass. Sch. of Law at Ansover, Inc. v Am. Bar Ass'n,* 142 F.3d 26, 45 (1st Cir. 1998)(quoting *Paterson-Leitch CO. v. Mass. Munm. Wholsale Elec. Co.,* 840 F.2d 985, 989 n.5 (1st Cir. 1988).  Accordingly, "[a] party relying on *Rule 56(f)* musty

demonstrate that he exercised due diligence in pursuing discovery." Id. And, the motion itself "must be made within a reasonable time following the receipt of a motion for summary judgment"—typically "preced[ing] or accompany[ing] the response to the summary judgment motion or follow[ing] as soon as practicable thereafter." Id. @ 44.

¶ 11. Certainly, under Federal *Rule 56(f),* the Court may defer ruling on a motion for summary judgment upon the submission of "an affidavit which set forth with particularity the facts the movant expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." ***Harbert Int'l v. James,*** 157 F.3d 1271, 1279 (11th Cir. 1988). However, a party who wishes to invoke *Rule 56(f)* "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." ***Reflectone, Inc., v. Farrand Optical Co.,*** 862 F.2d 841, 843-44 (11th Cir. 1989)(citations omitted).``

¶ 12. Breach is requesting discovery to ascertain who is responsible and identify that the decision maker who possess final authority to establish policy with respect to surgery for an non-incarcerated inguinal hernia upon Defendants, PHS, Commissioner Richard Allen, Michael Cataland, Rick Dull, and Jane Hanes Richard Allen, Ruth Naglich, and Brandon Kindard, in their official and individual capacity under state law as a final policymaker and to ascertain whether there were any personal involvements

in this case based on the decision maker.   Defendants Dr. George Lyrene, Dr. Michael Robbins, M.D., and Nurse Practitioner B. Adams, because as this is a medical treatment case is also unique, however, because the standard for deliberate indifference need not depend solely on prior court decision; the contemporary standards and opinions of the medical profession also are highly relevant in determining what constitutes deliberate indifference to medical care. Se, *Greason v. Kemp*, 891 F.2d 829, 835 (11th Cir. 1990); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).   Defendants are medical professionals and discovery is essential when a <u>doctor's actions are at issue</u>, because the evaluation of medical care is frequent fact-specific and dependent on medical knowledge.  Although this inquiry is similar to a determination of medical negligence, the plaintiff must show far more than negligence in order to assert an eight-amendment violation.   Thus,, the standard for deliberate indifference focuses on the failure to provide or allow proper treatment in the face of information, which reasonably should compel action. Such deliberate indifference is often manifest by a refusal to act when certain actions were or should have been known to be necessary, rather than simply a failure to act. In some cases, as this one, if an official knows or should know that certain treatment is necessary, and he delays in providing such treatment when he reasonably should know that such delay can be hazardous, his actions could constitute deliberate indifference. *Estelle*, 97 S.Ct. @ 291 & n. 11.   Discovery will show that defendants as doctors, in their capacity, a reasonable doctor would have known that defendant's

actions amounted to deliberate indifference under the legal or medical standards at the time of the incident.  Defendants had knowledge of necessary treatment coupled with the refusal to treat properly or a delay in such treatment and their professions as medical professionals the standard of care given by their conduct and actions also, is to be determined through discovery.

¶ 13.    Under the Supreme Court's decision, regarding Breach's inquiry as to state law determines which defendant has final authority for policy at both ADOC and PHS. See, *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 923, 99 L.Ed. 2d 107 (1988)(plurality opinion)(unconstitutional policy can be inferred from a single decision by the highest officials responsible for policy in that area). See, *Jeff v. Dallas Indep. School Dist.* 491 U.S. 701, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989).   Breach is requesting specifically from defendants, since PHS provides services at ADOC pursuant to a contract with the Department of Corrections, a state agency. Both ADOC, and PHS either hired <u>Dr. Robbins</u>, as their Medical Director at Kilby prison, and <u>Dr. George Lyrene</u> as its Medical Director at ADOC  or rely on their medical judgments pertaining to this case.

¶ 14.    Brandon Kindard  is Manger of Health Services at ADOC, Ruth Naglich as Deputy Commissioner of Health Services, ADOC; Defendant Nurse B. Adams <u>job description</u> is "Nurse Practitioner" at Kilby Correctional Facility there is a link of "causation" of injury as it continued as alleged that through Discovery Defendant <u>B.</u>

<u>Adams</u> is an unsupervised physician's assistant (who claimed to be a doctor) and DISCOVERY sought will attempt to establish that in practice, full unsupervised authority for management of Breach's medical care had been delegated to the physician's (Dr. Robbins) assistant contrary to a formal policy requiring supervision of the physician's assistant by a medical doctor. If in the contrary, then defendants did not follow their own policy leading to causation --- Defendants in this case, contract and job description are relevant and requested to be reviewed for they are believed that someone is responsible for: 1) <u>unsupervised delegated authority to a nurse practitioner,</u> 2) <u>reviewing and updating policies and procedures at PHS and ADOC; and,</u> 3) responsible <u>for requesting improvements in services.</u>

¶ 15.    Furthermore, Defendants <u>Jane Hayes</u>, Michael <u>Cataland</u>, and <u>Rick Dull</u>, <u>Ruth Naglich</u> can or, are all policymakers, and discovery will ascertain who as regional directors of PHS and ADOC have to sole responsibility to the commissioner/president of PHS (Michael Cataland) and ADOC (Defendant Allen) concerning medical treatment for inguinal hernias that do in fact cause pain. Defendants serve as the health authority at the institution and is/was the overall administrative supervisor for clinical services. Breach alleges that causation by either Defendants as well as PHS was directly involved in the violation, or that a policy or custom of PHS and ADOC led to the violation. Direct involvement, however, <u>is not</u> the only basis on which liability can be found.

¶ 16.  Breach contends that it was the policy or custom of PHS, through <u>Dr. George Lyrene</u> and <u>Dr. Michael Robbins, M.D.</u>, also <u>Nurse Practitioner B. Adams,</u> Brandon <u>Kindard and Ruth Naglich</u>, and <u>Dr. Hobbs, M.D.</u>, which led to the deliberate indifference treatment.  Discovery will show intent, knowledge, and disregards of the objective components of pain.  When and if, Breach can demonstrate that either party's actions or inactions, through DISCOVERY amounted to deliberate indifference; and, defendants were the final authority on policy for PHS at ADOC, --- then a causal link would exist sufficient for potential liability under section 1983.  See, *Wilson v Taylor,* 733 F.2d 1539, 1545 (11th Cir. 1984)(city liable under section 1983 if the official making the unconstitutional decision to fire an employee had final or ultimate authority to make the personnel decisions); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108, S.Ct. 915, 923, 99 L.Ed. 2d 207 (1988)(plurality opinion)(unconstitutional policy can be inferred from a single decision by the highest official responsible for policy in that area).  Thus, Breach must discover whether defendants had final authority for policy at PHS, and ADOC or whether the decision maker in this case relied on a policy that is itself deliberate indifferent.  When the party at issue is a municipality, whether an official has policymaking authority is determined by state law. *Praprotnik,* 108 S.Ct. @ 924; *Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989).  As the party at issue here is a corporation contracting with the state, [§ 14-1-1.1 Ala.Code 1975] the relevant "state law" for policymaking determinations are the contracts

between PHS, the ADOC, and PHS employees. Discovery in the contract with the Department of Corrections, PHS is relevant amongst their *"specific responsibilities"* whether *"consult, supervise administratively* the clinical services provided by the PHS professional and para-professional staff, and "Annually review and approve the medical protocol and clinical policies and procedures. These statements of defendants' duties all point to the conclusion that defendants determined policy for PHS at the institution. Because Defendants had control over policy statements and administrative supervision of the clinical services, it appears that he was the policymaking authority for PHS at ADOC.

¶ 17.  Therefore *Celotex,* then, narrowly limits its facts of a movant, whom must meet the initial burden by motion specifically identifying and pointing out to the court that "Breach's pleading's ... on file, contain no proof concerning an issue on which, as the nonmovant will bear the burden of proof at trial." This holding in *Celotex,* coupled with Dr. John A. Tassin's observation that Breach's inguinal hernia is and cannot be refuted nor, any comfort, on the substantive facts, evidence in a light most favorable to Breach.

¶ 18.  In closing briefly, without waiving any formidable reply to defendant's Answer, Special Report without first affording Breach with limited discovery pursuant to *Rule 26,* Fed. R. Civ P., Breach also request to depose the defendants by written deposition under Federal Rules of Civil Procedures for the mere facts that medical knowledge is at issue

that will disclose and debunk defendants case in chief, showing that defendants at all times acted below the standard of care of the medical profession.

¶ 19.   Breach now requests an ORDER be issued to defendants pursuant to _Rule 34_, Fed. R. Civ. P., for them to provide this Court with an exact copy, duplicate of the contract agreement made between PHS, the state, and PHS employees, and the "Treatment Protocol" specifically dealing with hernias in general and Inguinal Hernias specifically.

¶ 20.   In the alternative for the Court to hold a hearing and conduct an in camera review of this contract, facts, evidence supporting constitutional deprivation against Breach, committed by defendants pertaining to there sole responsibilities and job description leading to policy and medical facts pertaining to inguinal hernias.

¶ 21.   Issue an ORDER allowing Breach to receive DISCOVERY in the form of: (1) Interrogatories, pursuant to _Rule 33_, Fed. R. Civ. P., (2) Request for Admissions, pursuant to _Rule 36,_ Fed. R. Civ. P., and (3) Request for Production of Documents pursuant to _Rule 34,_ Fed. R. Civ. P., for the inspection, viewing the "contract" agreement of the defendants' job description and responsibilities _Rule 31_ Fed R. Civ. P., and when appropriate Oral or Written deposition upon the defendants.[5]

¶ 22.   Issue an ORDER to defendants to forward any and all copies of memoranda between _Dr. Michael Robbins, M.D._, and _Dr. George Lyrene, M.D._, _Ruth Naglich_ and _Brandon Kindard,_ also their _Agents, Nurse Administrator Diana Lott,_ and _Nurse Maxie_ and _Dr. John_

*A. Tassin* and also, *Dr. Hobbs* at Limestone Correctional Facility or any other Agent or their attorneys, under their control not limited to Agents at LCS, South Louisiana Correctional Services, Inc., involving that Breach's inguinal hernia "cannot be repaired unless it is incarcerated or into the scrotum".

¶ 23. Issue an ORDER to the defendant's, for them produce for Breach's inspection, copying, testing and examination the following:

1. "*Identify by document*," the names, title, job description of Defendants Michael Cataland, Rick Dull, Jane Haynes, Dr. Robbins, M.D., Dr. Lyrene, M.D., B. Adams, Brandon Kindard, Ruth Naglich, Linda Lawrence, Dr. Hobbs, and all parties to this action under relevant state law for a determination whether any of the defendants are in the authority for policymaking for PHS or ADOC --- the policymaking determinations, which are by contracts between PHS, the ADOC, and PHS employees under state law.

2. "*Identify by document*" and "*specifically identify*", all defendants "specific responsibilities" duties, whether: consultative, supervision, administrative support.

3.[9] **"*Identify by document*, and "*specifically identify*", the treatment protocol and clinical policies and procedures pertaining to "Hernias" for both ADOC and PHS.**
   a. Any written or recorded statements made by defendants to any supervisor(s), agency or agents thereof pertaining to this case.
   b. To disclose the substance of any oral statements made by defendants before and after Breach's grievance, complaints were first filed to supervisors, agency or agents thereof.
   c. Any written of recorded statements made by any co-defendant or accomplice made before or after Breach's grievance, complaint was first filed to supervisors, agency or agents thereof.

---

[8] This Court previously Order that all parties could "Interview" witnesses. However, the burden of conducting any Deposition whether written, oral, recorded is upon Breach. Defendants have no say so whatsoever, so to how Breach arraigns with any Court Reporter to conduct the depositions.
[9] Request under A through U are to be interpreted as applied, and availability *inter alia*.

d.  To disclose the substance or oral statements made by any co-defendant or accomplice made before or after Breach's grievance, compliance was first filed to supervisors, agency, or agents thereof.

e.  To permit Breach to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, rooms or places or portions of any of these things in any way material to the preparation of prosecuting this action, answering defendant's summary judgment under *Rule 56*, Fed. R. Civ. P.

f.  To disclose any material evidence submitted to supervisors, agency, or agents thereof, such as reports, memoranda concerning this action.

g.  To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, photographs and any other evidence, whether described herein or not, which is *inculpatory* evidence of any type, form or fashion.

h.  Copies of any and all reports, and memoranda connected with allegations against defendants, co-defendants or accomplices.

i.  Names, addresses, telephone numbers and whereabouts of all witnesses to be called upon by Defendants, in the above styled civil action, for Interrogatories, Request for Admissions, or Production of Documents, Depositions relating specifically to this action.

j.  Statements of any and all persons including memoranda, summaries or recordings, faxes, e-mails of such actions, statements of any and all persons, defendants or supervisors relating to this specific incident.

k.  All memoranda, documents and reports presented, offered, submitted by defendants to supervisors, agency or agents thereof, connected with the specific subject matter of the case referred to above as well as the name of any and all investigators, agency or agents thereof against defendants.

l.  Names and addresses of any and all memoranda, documents and reports presented, offered, submitted by defendants to supervisors, agency or agents thereof, connected with the specific subject matter of the case referred to above as well as the name of any and all investigators, agency or agents thereof against defendants.

m.  Names and addresses of any and all persons who may have some knowledge, information as to facts, evidence in the present case, action against defendants.

n.  Full names, addresses of any and all persons who gave facts, information, data or otherwise evidence which is served as a basis for any aspect of this case against these defendants.

o.  All reports, documents, letters, and memoranda, which were a basis of affidavits, used against Breach, for defendants defense, affirmative pleading or otherwise qualified immunity theory.

p.  The records, reports, data concerning other grievances against defendants, whether a list, computer readout, printout or summary reflecting actions against defendants in the coarse of tenure of employment with the ADOC, and PHS, concerning treatment protocol for inguinal hernias.

q.  All diagrams, sketches, and pictures which have been made by or shown to any witnesses, or prospective witnesses, supervisors, agency or agents thereof, in the above style case.

r.  A detailed description of the whereabouts of all the defendants on the date, time said offense, actions arose, such as schedules, concerning statements made in Answer, Special Report, but not limited to such, inclusive to statements, facts averred in current and prior Affidavits by the Defendants, especially on date on 7-12-06.

s.  Reports, data, documents, computer readouts, summaries as to inmates, diagnosed with hernias, since 2005 concerning facts, evidence of said physical condition, actions taken, treatment given by defendants.

t.  Actual photo-copies, exact duplicates or records, data, information, reports concerning treatment of inguinal hernias, from intake since 2/2005 on this date, time concerning defendants, witnesses made mention of, thereof.

u.  Any and all correspondence, memoranda, notices, whether hand-written or typed notes, agendas, reports, reviews. working papers, books, charts, diagrams, sketches; any computer records, appointment books, date books, copies of drafts for affidavits, phone message pads, photographs, magnetic tapes, microfilm or microfiche, pamphlets, video or audio tapes, film, receipts and evidence, including but not limited to the above, in reference to Inguinal Hernias and the treatment, diagnoses, and standards for surgery operation not limited to LCS private prison.

¶ 21.  Breach only request limited DISCOVERY, as to the above references, concerning his intake date into the Department of Corrections on or about _February 2005_ through current date of this filing, dealing with the specificities surrounding the treatment of protocol of inguinal hernias.

¶ 22. The aforesaid documents or items are in the possession of the Defendants or their agents, under their 'control' possession of co-counsel or defendant's counsel and are favorable or arguably favorable to Breach's position of his constitutional deprivation, should this Court require more strict proof by plaintiff herein, to reply to defendant's _Rule 56_ motion, albeit that enclosed Declaration from Henry Helton, supports the pattern by the defendants based on a policy, custom, that they will not repair a hernia unless it is a life or death situation is unconstitutional.

¶ 23. The documents, faxes, e-mails, pictures, articles, diagrams, sketches, _inter alia_ as requested above are relevant, significant and constitute substantial, material evidence and will be useful and necessary to Breach's case, to civilly prosecute these named defendants, and at a jury trial.

¶ 24. Breach cannot safely prosecute this issue, case against said above named defendants, nor go to trial without the production of said ascribed documents and in their absence will be effectively denied fundamental due process of law as guaranteed by Amendment's I, V, VII of the Constitution of the United States of America made

applicable to the States through the XIV §1 to the Constitution of the United States Constitution; and herein pursuant to the Civil Rights Act, § 1983 et. seq.

Without the production of the documents and items referred to above, Breach will not be able to effectively prosecute this civil action in the above-styled case and Thus,, Breach will be denied his rights to seek redress for clearly established Federal rights being abridged, grossly violated by Defendants.

Furthermore, said production must be without delay so as to allow Breach with adequate time for preparation to essentially respond to defendant's summary judgment motion, Answer coupled with their attached Special Report. Delay in production will result in denial of Breach's Constitutional rights to redress the civil deprivation, due process of law and Breach's right to a jury trial, now warranted.

WHEREFORE, Breach prays for the following relief:

a. That the defendants be required to produce all documents and all other evidence referred to above promptly.

b. Without waiving the right to have Breach examine said documents, pictures, articles, items, *inter alia*; if this Court does not permit this to be done, then this Court respectfully conduct an in camera examination of said documents, pictures and articles, items inclusive to the "Contract" of the defendants employed by contract with the ADOC, and/or permit Breach to be permitted for the viewing, in persona, or in his physical

absence to be present via: *"Telephonically,"* any of said documents, pictures, articles, items, *inter alia,* which this Court determines to be favorable to Breach as to questions of defendant's guilt or innocence or for the purposes of impeaching any, and all witnesses to be called upon by Breach hereinafter, whether in a jury trial, or in the alternative through limited DISCOVERY as set forth herein above; to be called upon deposed or otherwise within the confines of Federal Rules of Civil Procedures.

c.  That if any part of said documentary evidence is not made available to Breach, this Court, by defendants hereinafter promptly or a time certain as set forth by this Court, and in any event prior to a summary judgment ruling be afforded defendants heretofore absent such DISCOVERY, or in any event prior to commencement of tentative jury trial, Breach then respectfully moves, without waiving the right to production of said evidentiary materials, prior to either: (1) summary judgment, (2) jury trial or (3) Interrogatories, Request for Admissions, and Production of documents,(4) Depositions, *inter alia,* that said action be set for pre-conference for resolution, or <u>stay proceedings</u> until full compliance with DISCOVERY has been accorded Breach.

d. That the duty of the defendants to disclose pursuant to this motion be considered as continuing up and until and through, either adjudication of summary judgment, or trial and post-judgment proceedings.

Done so this _18_ day of _July_, 2006.

Respectfully Submitted,

_Marcellus T. Breach_
Marcellus Breach  #160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Al 35749-7009

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served the following:

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this _18_ Day of _July_ 2007, under the penalty of perjury 28 U.S.C. 1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d 1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

This _18_ Day of _July_ 2007.

_Marcellus T. Breach_
Marcellus Breach

Exhibit "A"

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

MARCELLUS BREACH, # 160710            *

     Plaintiff,                               *

Vs.                                                   *        Case No: <u>2:06-cv-1133MEF</u>

PRISON HEALTH SERVICES, INC.,        *
Et al..
     Defendants.                           *

**DECLARATION BY MARCELLUS BREACH/PLAINTIFF
UNDER PENALTY OF PERJURY 28 U.S.C. 1746**

*MARCELLUS BREACH, AIS# 160710* state under the penalty of perjury 28 U.S.C. 1746 that the foregoing information provided is true and correct to the best of his ability, information, and knowledge, and that he is competent to testify to the matter stated herein as follows:

    I am Marcellus Breach, the Plaintiff in this case. I am over the age of twenty-one. I state that I am competent and the foregoing is based upon my personal knowledge of the facts stated herein:

    I ask that if Discovery request are overbroad, that I be ORDERED to renew them limiting them. I cannot obtain any copies of any treatment protocol from ADOC nor PHS which is the grave stone of this Complaint. Also, I state that the enclosed copies are two

27

(2) copies of Discovery request that I served upon the defendants. I also state that I am in prison, with very little ability to obtain the requested discovery materials myself. I have to depend upon the defendants to mail my mail, turn on the phones, issue out my mail etc. I cannot make any further diligence than I have already to obtain what is necessary to defeat summary judgment.

I also state, that I have personal knowledge that there is a custom, pattern, policy, or de facto policy that the defendants will not repair hernias for any inmate unless it is incarcerated or strangulated or into the scrotum. I state that I know of several inmates suffering here at Limestone C.F., with hernias, and the defendants will not repair them.

I also the <u>AMLA</u> requires that I prove by substantial evidence that the defendants health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case. Ala. Code §§ 6-5-548(a) and 6-5-549 is the Community Standard of Care. There are only two medical standards. <u>ADOC apparently has adopted a de facto standard of care that is challenged.</u>

Discovery requested is concerning medical. Defendants are doctors, and I need to know what, how, and when they are operating under what standard of care. I have evidence to show and debunk that the actions of the defendants fall below the medical profession. Interrogatories and Depositions are needed to learn of the defendants' side of the story, to learn what standard of care they operate. They alleged prisoners are not

allowed the same standard of care as a person not incarcerated, but offered no evidence, only hearsay, also, I need to cross-examine the defendants and witnesses via-depositions. I need to learn, who denied my surgery, and what reasons. I need to know who adopted any policy not to repair any hernias unless it is a lift or death situation; because I have evidence to show it is below the professional standards of medical.

Evidence will show upon discovery, that defendants have knowledge that their actions violate my constitutional rights. Evidence will prove that defendants knew that surgery is the only way to alleviate the pain and discomfort due to an untreated hernia.

Moreover, discovery is necessary to pinpoint each individual in their capacity with there respective duties by law. There knowledge as to medical care, and just what do the defendants rely on in their decision making can only be ascertained through discovery. PHS operates through contract, and to learn their respective lawful duties will require review of their contract, which will show, state their respective duties by law.

Defendants have not provided the **treatment protocols pertaining to Hernias**. I have challenged their policy, and discovery is necessary for both the jury and the court for a determination if their policy is constitutional.

Defendants attempt to use hearsay, pertaining to other person who have hernias. There is not evidence of such, and beside this action is about Marcellus Breach's Hernia. Not anyone else. Medical is a case by case issue. Expert testimony will be necessary in this issue.

I am also requesting to depose Dr. Hobbs, M.D., and Dr. Robbins, and Dr. George Lyrene through deposition.   I request Interrogatories and Production of Documents because Defendants alleged conjecture, and also they have not produced any policy of the standard of care.   Defendants attempt to say that prisoners are not entitled to the same level of standard of care as a person not incarcerated.   Under Alabama Law, community standard of care is applied.   There is not a different standard applied to Inmates. Discovery is necessary to determine what standard of care Defendants operate under?  I cannot obtain these documents, they are in the defendants possession and control.

I SWEAR, under the penalty of perjury that the foregoing is true and correct to the best of my ability, information and knowledge. Done this _18_ Day of _July_ 2007, under the penalty of perjury 28 U.S.C. 1746.

Marcellus Breach 160710

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARCELLUS BREACH, # 160710          )

        Plaintiff,          )

Vs.          )          Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., et al.,          )

        Defendants.          )

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT
DISCOVERY RULE 56(f) FED. R. CIV. P., AND IN THE ALTERNATIVE
PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**HENRY HELTON, AIS# 149533** and being duly sworn, deposed and says on oath

that the averments contained in the foregoing are true to the best of his ability,

information, knowledge and belief, and declares under the *penalty of perjury* 28 U.S.C.

1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d

1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980) the

following:

My name is Henry Helton, AIS # 149533.  I am over the age of twenty-one.  I am a

familiar with Mr. Breach's Complaint concerning medical treatment provided to

prisoners from the medical provider Prison Health Services, Inc.  I also have personal

1

knowledge to the facts in this case concerning Mr. Breach being denied surgery due to his inguinal hernia unless it is incarcerated, strangulated or, into the scrotum.

I make this declaration in support of the 'widespread' custom, practice, of PHS and ADOC will not provide surgery to an inmate who suffers from a hernia unless it becomes a **'life threatening situation' or 'cause permanent damage'**. My reason and in support of this fact is I currently have approximately three (3) "Umbilical Hernias" in my stomach that I have had since incarceration, and I did not have these hernias before my incarceration.

I have been incarcerated for approximately four (4) years. I have filed several sick-call requests, I have filed several medical grievances with the medical providers, and I have seen their prison doctors. I have complained of the pain resulting from these hernias. However, the only thing that medical provider (PHS) has told me is, <u>" I do not fit their criteria to have surgery done."</u>

I state that my stomach is the size of a " **HUMAN HEAD**" because of these three (3) hernias. I cannot sleep on my stomach; I have pain and extreme discomfort at times. I hurt when long standing, sneezing, coughing and especially bowel movements. PHS will not provide surgery and my physical condition has deteriorated because of these hernias.

Based on my personal knowledge and observation while in prison, I have personal knowledge that there are several male inmates who have hernias, just as Mr. Breach who

are constantly in pain, and cannot get surgery from the medical providers. I state that there appears to be a set pattern, based on some policy that the medical providers will not provide surgery to me, nor any other inmate who has a hernia unless it is a life or death situation.

I swear that the foregoing is true based upon my observation and personal knowledge and that I have currently three (3) Umbilical Hernias in my stomach and I cannot get surgery either under the penalty of perjury 28 U.S.C. 1746.

Henry D. Helton    149533

Henry Helton AIS #149533
Limestone C.F.
Harvest, Alabama 35749

3