IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUL 20 A 9: 36

| | | |
|---|---|---|
| MARCELLUS BREACH, # 160710 | * | |
| Plaintiff, | * | |
| Vs. | * | Case No: <u>2:06-cv-1133MEF</u> |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

**REQUEST FOR DISCOVERY IN CONJECTION WITH PLAINTIFF'S RULE 56(f) MOTION/ RENEWED SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS, PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.**

TO:  1)   Dr. George Lyrene, M.D.; and, 2)   Dr. Michael Robbins, M.D.,
     3)   Dr. William Hobbs, M.D.,

**COMES NOW**, the Plaintiff *Marcellus Breach*, (hereinafter "Breach") in proper person "Pro Se", moves this Court to issue an Order upon the Defendants pursuant to Federal Rules of Civil Procedures, *Rules 33, 34* and *36*, hereby requesting that named parties and/or their "Agents" being persons under their control and acting as "Agents" for the Defendants, and at all times herein, deliberated acted when the alleged constitutional violations occurred Breach was under the 'control' of the Defendants and in the 'custody' of their "Agents" not limited to: "South Louisiana Correctional Center". Breach respectfully request that each above-named person shall answer <u>separately</u>, fully in writing, the following interrogatories under oath,

1

affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these Interrogatories, Request for Admissions, and Request for Production of Documents, and furthermore for the defendants to provide continually full disclosure, along with their answers herein, copies thereof supporting evidentiary materials as follows:

1.   *DEFINITION AND INSTRUCTIONS:*

¶ 1.   *Rule 33*, Fed. R.Civ. P., permits that the Interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party. *Rule 33(d)* also provides interrogatories upon you Agents and the request for production of documents under said rule is requested from persons under your control.

In responding to these request for Admissions, Production of Documents, and Interrogatories, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendants, witnesses, the Alabama Department of Corrections, Prison Health Services, South Louisiana Correctional Services, ("SLCS") specifically, *et cetera*, and integral in your disclosing *inter alia,* including but not limited to defendants attorney(s) and

2

investigators, unless such documents, information, date, records, tapes, *inter alia*, is claimed to be privileged from production or discovery.

¶ 2. If defendants consider any documents, information, data, records, tapes, *inter alia*, falling within Breach's request for Production of Documents, attached heretofore separately, as being privileged from discovery, Breach request that at this time or responding to the Request for Production, the defendants serve upon Breach, a written list of the documents so withheld from said discovery of each person, party or witness having copies of said same documents, information, data, records inclusive to medical records, expert reports, from March 2006 through current date of your answering; and, the basis on which the document is considered to be privileged from production, re-production, photo-copying *et cetera* by discovery.

¶ 3. These Interrogatories and discovery requests are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedure, *Rule 26(e).* However, in the event that any, and all information r documents come to the attention of or into possession, custody or control of the defendants, the attorney of record, or such other interested persons, parties, agency, employees, employers et cetera, subsequent to the filing of defendants response/answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answer / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to Breach, or in the interim, thereinafter appointment of stand-in

counsel, as soon as possible, unless otherwise specified by this Court, or upon subsequent motion.

¶ 4.   In responding to these DISCOVERY, request, defendants are to furnish such documents, records, data, information, memorandum *inter alia*, as are available to them, their agents, employees, employers, co-defendants, witnesses, or representatives, such as attorney of record, but limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 5.   With regards to Breach's Request for Admissions and pursuant to Federal Rules of Civil Procedures, <u>Rule 36</u> et. seq., the defendants <u>shall specifically deny the matter set forth in detail</u> the reasons why the answering / responding party, person, defendant or representative cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendant shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny. If defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they, may not, on that ground alone, object to the requests; defendants may, subject to the

provisions of Federal Rules of Civil Procedure, *Rule 37(c),* deny the matter or set forth reasons why defendant cannot admit or deny it.

¶ 6.   As a courtesy, in answering / responding to any and all DISCOVERY requests herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

ii.   **DEFINITIONS:**

¶ 7.   When used in these discovery requests and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

    a.   As used herein, the term *"document"* means every type of recorded information dated or prepared prior to or subsequent to this action, including but not limited to any faxes, memorandum, note, report, letter, grievance, correspondence, message, records, minutes, work sheets, drafts, instruction, work assignment, internal communication, order, and any other written, recorded, electronic, or graphic material however produced, reproduced and, in the absence or the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.[1]  As used herein in reference to a natural person, the word "identify" shall mean to state the persons full name, address and present or last known whereabouts, business address(es) and their said association to defendants.

c.  As used in reference to a business or other entity, the word "identify" shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendants.

d.  The word "incident" includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery, unless inguinal hernia is incarcerated or into the scrotum, per Alabama Department of Corrections Commissioner's Office on 7/12/2006 from a Brandon Kindard via-telephone directed to Diana Lott at South Louisiana Correctional Center, Basile, Louisiana, inclusive to any, and all persons, parties, witness(es), defendants involved before, during and after the allegations arose, as documented in "LCS CORRECTIONS SERVICES, INC., NURSE'S NOTES": and, any and all other circumstances giving rise to this civil action.

---

[1] In this case, the home address of each identified person can be excluded, but, business address must be provided or last known whereabouts of each reference person(s).

e.  The word "specifically identify" as used with respect to any and all documents, *inter alia*, is understood to mean the following: 1) title; 2) date; 3) name and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representative who received copies or any portions of the documents in question; 6) description of the document subject matter and contents; 7) location of the documents, records, data, faxes, any and all information, inter alia, in question; 8) name(s) and position(s) of the custodian(s) of the above requested documents in their entirety, but not limited to:

III.  **INTERROGATORIES:**

*DR. GEORGE LYRENE, M.D., and, Dr. WILLIAM HOBBS, M.D.*
*DR. MICHAEL ROBBINS, M.D.*

¶ 1.  State your full name, occupation, education background, your marital status, and in your present employment position, your previous occupational experience.

¶ 2.  State you experience(s) in "Hernia Repairs" and please state or estimate how many surgical operations you have performed on Hernias in your career, list the State and hospitals where you performed the majority of these surgeries.

¶ 3.  Have you ever performed a surgical operation for any type of Hernia on any inmate at the department of corrections, since your employment? If yes, please identify the number of

surgeries, agency and/or individual(s) named that you performed such surgery; and, specifically identify the name, departments, agency, employer, employees or such other personnel who approved this type of surgery.

¶ 4.     *Identify by document* the treatment protocol for Hernias by both PSH, and ADOC.

¶ 4.     Can you say that there are over 100 inmates at the department of corrections, under the Prison Health Services, Inc., medical care who is currently diagnosed with hernias that are not incarcerated, strangulated or into the scrotum?

¶ 5.     Take your specific medical reason(s) why Breach has not been approved for surgery for his inguinal hernia?

¶ 6.     State your specific involvement in this case.

¶ 7.     Have you ever been sued in any Court of Law where a Judgment was entered against you? State name, year of court, case number(s), and explain the allegations and judgment(s) against you?

¶ 8.     *Identify by incident,* have you ever had your medical license suspended, revoked or remanded --- any adverse action taken against you by any Medical Board.

¶ 9.     Please explain in details, and *identify by document* supporting your medical findings to that it is unnecessary to provide surgery to Breach for his inguinal hernia under the standard of care..

¶ 10. *Identify by document*, and *specifically identify* all policy, procedures followed by the Administration of health care delivery systems regarding that hernia repair are not done unless the hernia is incarcerated, strangulated or into the scrotum.

¶ 11. *Identify* and *identify by document*, the decision maker of policy of PHS and ADOC that hernia repairs are not done unless the hernia is incarcerated, strangulated, or into the scrotum.

¶ 12. *Identify by document*, the medical standard of care followed by both PHS, and ADOC pertaining to treatment for hernias in Alabama prisons.

¶ 13. *Specifically identify* by *document*, the standard of care pertaining to prisoners experiencing extreme pain and elective surgery procedures in Alabama.

¶ 14. *Identify by document*, the standard of care for Alabama inmates.

¶ 15. *Identify by document*, the decision maker, regarding hernia repairs, the policy that is currently, and/or active in practice when Breach requested surgery.

¶ 16. *Identify by document*, you job description, duties, and responsibilities through your contract agreement with ADOC.

¶ 17. *Identify by document*, the names, duties, titles, positions, of any and all person having knowledge, and or actually were/are involved in the decision-making denying plaintiff's request for surgery due to this hernia or list the names, addresses of all persons who would have knowledge, information and their job description, duties pertaining to this case.

¶ 18. *Identify by document*, the faxed report from Diana Lott to Ruth Naglich on or about 7-10-2007 requesting approval for surgery while Breach was at the private prison in Louisiana.

9

¶ 19. *Specifically identify*, and *identify by document*, the telephone conversation taken place between Diana Lott and Brandon Kindard, with the Alabama Department of Corrections on July 12, 2006 *incident.*

¶ 20. Please *specifically identify*, by *documents*, the person(s), parties, defendant(s) witness(es) any and all present before, during and after this telephone conversation, and name specifically any and all documents sent, received pertaining to Breach's request for surgery for his inguinal hernia, and all information whether surgery was approved or denied from March 21, 2006 until current date of your answering.

¶ 21. *Identify by document* the responsibilities of Dr. George Lyrene, M.D., Dr. Michael Robbins, M.D., Brandon Kindard, Ruth Naglich, Martha Jane Haynes, and *specifically identify* any and all persons responsible for policy decision making, and updating policy with both ADOC, and PHS and concerning the decision maker for any and written policy in regards to **"Treatment Protocol"** dealing with hernias in general and inguinal hernias specifically both and at all times while Breach was at *South Louisiana Correctional Center*, associated with you by employment, contract, agent, as to approval for any Inmate/Offender for surgery for a 'non-incarcerated' inguinal hernia, and the final decision maker by policy, whether written or verbal custom for any outside treatment or evaluation for medical care.

¶ 22. Please *specifically identify*, and *identify by document*, the faxed report sent to Ruth Naglich on 7/10/2006 in reference to Breach's inguinal hernia.

10

¶ 23.   Please *identify,* and explain by *documents,* as to all and any information pertaining to surgery for Breach's inguinal hernia that you were either directed, ordered, sent, received, faxed, from any person(s) who are/were involved in this incident leading up to this case, and the decision(s) as to deny Breach's request for surgery and specifically *identify* each person's involvement.

¶ 24.   *Identify by document,* and specifically identify, any policy, procedure whether written or verbal, custom, statement(s), contracts, agreements, and/or names of any and all person(s) involved in this decision making process, also, any and all person who have knowledge and/or location of such documents as to any protocol treatment established by any and all person(s) offered to establish the procedures pertaining to hernia repair for any type of hernia either incarcerated or non-incarcerated or into the scrotum, specifically the standard policy pertaining to Breach's hernia. Also not limited to *Identify,* listing the names, position, title, date, and *specifically identify,* any and all persons making the decision that Breach's hernia is not to be repaired unless it is incarcerated or into the scrotum being more specific:

¶ 26.   *Identify by documents* authorization and medical clearance, approval to transport Breach across Alabama State line on or about March 2006, to the State of Louisiana and specifically *identify* all procedures, regulations, policy followed.

11

IV.    **REQUEST FOR ADMISSIONS:**

*DR. GEORGE LYRENE, M.D., and, Dr. WILLIAM HOBBS, M.D.*
*DR. MICHAEL ROBBINS, M.D.*

¶ 1.    *Admit or deny* that on March 21, 2006 Dr. John A. Tassin, M.D., made a "Doctor's Order" that Breach's left inguinal hernia, "Needs Repair?"

¶ 2.    *Admit or deny*, medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in Breach's medical records from October 6, 2006 through April 30, 2007.

¶ 3.    *Admit or deny*, Prison Health Services, Inc., has a written policy, regulation, custom, practice, of not repairing hernias unless they are incarcerated, strangulated, or into the scrotum?

¶ 4.    *Admit or deny*, Prison Health Services, Inc., has a written policy, regulation that the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.    *Admit or deny*, there is a state wide practice, pattern between ADOC and PHS, involving inmates who have hernias, that cause pain are not approved for surgery until their hernias becomes a life or death situation.

¶ 6.    *Admit or deny*, that Brandon Kindard, denied approval of costs to Breach's hernia repaired?

¶ 7.    *Admit or deny*, Ruth Naglich denied approval to have Breach's hernia repaired?

¶ 8.    *Admit or deny*, Lynn Brown denied approval to have Breach's hernia repaired?

12

¶ 9. *Admit or deny*, you do not know the actual size of Breach's hernia as of the date of your answering?

¶ 10. *Admit or deny*, that the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 11. *Admit or deny*, that the Anatomy of Hernia, --- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly in the groin or the umblicial region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum ) breaks through a weakened area of the abdominal wall this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous if a piece of Breach's intestine become trapped ('strangulated').

¶ 12. *Admit or deny*, you are an expert in Hernia Repair?

¶ 13. *Admit or deny*, there is almost no limit to how big Breach's hernia could get if continued left without surgery?

¶ 14. *Admit or deny*, that medically there is no cure for a hernia without surgery?

¶ 15. *Admit or deny*, medically you can cure a hernia without surgery?

¶ 16. *Admit or deny*, that a strangulated hernia can become an emergency situation that usually requires immediate surgery?

¶ 17. *Admit or deny*, Medical Records from Louisiana do not reflect that Breach was issued any temporary relief either a Truss or Hernia Belt or any pain medication?

¶ 18. *Admit or deny*, a truss is the cure for a hernia?

¶ 19. *Admit or deny*, under the standard of care, a physician will recommend surgery to his patient for his hernia, but it is up to the patient to actually accept surgery?

¶ 20. *Admit or deny*, there are two (2) standards of care: Nationally, and Community Standards of Care?

¶ 21. *Admit or deny*, PHS and ADOC, do not follow the Community Standards of Care for inmates pertaining to Hernias?

¶ 22. *Admit or deny*, PHS and ADOC do not follow the Nationally Standards of Care for inmate treatment pertaining to Hernias?

¶ 23. *Admit or deny*, that a non-reducible hernia can become life threatening if part of the intestine gets trapped or strangulated in the opening?

¶ 24. *Admit or deny*, that a strangulated hernia can become an emergency situation that usually requires surgery?

¶ 25. *Admit or deny*, that issuing a truss and proscribing pain medication is the cheapest way of treating hernias?

¶ 26. *Admit or deny*, surgery for a hernia is the standards followed by physicians to repair the defect in the abdominal wall?

¶ 27. *Admit or deny*, that if Breach's inguinal hernia is left untreated, Breach hernia can get larger and also lead to serious medical complications?

¶ 28. *Admit or deny*, that discomfort usually is experienced, especially when coughing, sneezing, lifting heavy objects, or standing for a long periods of time?

¶ 29. *Admit or deny*, coughing, sneezing and having bowel movements can cause pain or discomfort and also can weaken the muscles and cause the hernia to become enlarged?

¶ 30. *Admit or deny*, that the long-tem course is for a hernia to become steadily worse as time goes on, sometimes slowly and sometimes quickly when left without surgery?

¶ 31. *Admit or deny*, that the opening of a hernia cannot heal itself?

¶ 32. *Admit or deny*, that medicine cannot cure a hernia condition?

¶ 33. *Admit or deny*, that Tylenol or Ibuprofen does not ease the pain caused by a hernia?

¶ 34. *Admit or deny*, that medically a doctor cannot treat a hernia; they must be repaired through surgery?

¶ 35. *Admit or deny*, you could have improperly diagnosed Breach with a hernia, because usually a surgeon needs to examine just what type of hernia Breach may or may not have?

¶ 36. *Admit or deny*, that Breach's hernia goes into his scrotum, and has to be worked back into place?

¶ 37. *Admit or deny*, truss is for temporary relief?

¶ 38. *Admit or deny*, without surgery intervention, serious complication can lead to injury to the nerves especially the major nerves in teh inguinal region being: 1) Ilioinguinal, 2) Illiohypogastric; and 3) Genitofemoral nerves if the hernia becomes strangulated or trapped inside?

¶ 39. *Admit or deny*, if Breach's inguinal hernia is not repaired until it is incarcerated or into the scrotum, basically you are waiting until the natural openings in the wall which are small

15

tunnels called 'canals' become strangulated, trapped and complications will arise because when a hernia becomes a non-reducible hernia, medically it then becomes trapped or strangulated in the opening, this can/will lead to dangerous complication such as obstruction of the flow of intestinal contents or blood, leading to tissue death and gangrene?

¶ 40   *Admit or deny*, under the standard of care, a hernia ought to be repaired before incarceration or before it is into the scrotum?

¶ 41.   *Admit or deny*, when a hernia is incarcerated, Breach will be in severe, extreme pain.

¶ 42.   *Admit or deny*, that if a weakness should open up in the abdominal wall, then the 'Corset Effect' is lost and what pushes against it from the inside (the intestines) simply pushes through the 'window'. The ensuing bulge, which is often quite visible against the skin, is the hernia?

¶ 43.   *Admit or deny*, that these 'windows of weakness' commonly occur where there are natural weaknesses in Breach's abdominal wall – such as where the 'plumbing' goes through it?

¶ 44.   *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing?

¶ 45.   *Admit or deny*, that the effects felt by Breach can range from perfectly painless, through discomfort, to being very painful indeed?

¶ 46.   *Admit or deny*, that in any case, it is essential to diagnose correctly whether the problem is a "Groin Strain" or a "Torn Muscle, or a Hernia?

¶ 47. *Admit or deny*, you do not have the knowledge, skill, experience to properly identify whether Breach has a "Groin Strain or a Torn Muscle or a Hernia?

¶ 48. *Admit or deny*, that a burning pain, and a large increase of pain indicates that the hernia is worsening and a physician should be consulted immediately?

¶ 49. *Admit or deny*, that a hernia should be inspected daily to ensure that it is not becoming infected or developing into a more serious non-reducible hernia?

¶ 50. *Admit or deny* that Breach could have either femoral or inguinal hernia?

¶ 51. *Admit or deny*, you do not perform any intensive treatment of physiotherapy, ultrasound, and injections to attempt to successfully heal the muscle strain?

¶ 52. *Admit or deny*, Breach could have a torn muscle?

¶ 53. *Admit or deny*, that Breach's hernia can cause pain and discomfort and affect Breach's inability to perform his prison job?

¶ 54. *Admit or deny* that Brandon Kindard with the Alabama Department of Corrections stated via-phone to Diana Lott on July 12, 2006 that: "Hernia repairs are not done --- unless incarcerated or into scrotum?

¶ 55. *Admito r deny* that grievances were filed complaining about pain and discomfort due to inguinal hernia?

Done so this 18 day of July, 2007.

Respectfully Submitted,

Marcellus Breach  #160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Al 35749-7009

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served the following:

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this 18 Day of July 2007, under the penalty of perjury 28 U.S.C. 1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d 1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

This 18 Day of July 2007.

Marcellus Breach

18