IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, # 160710 | ) |
| Plaintiff, | ) |
| Vs. | ) Case No: 2:06-cv-1133 |
| PRISON HEALTH SERVICES, INC., et al., | ) |
| Defendants. | ) |

## SUPPLEMENTAL COMPLAINT[1]

*Preliminary Statement:*

This is a civil rights action filed by *Marcellus Breach*, a state prisoner, for monetary damages, injunctive relief under 42 U.S.C. § 1983, alleging an inimical threat and conspicuous physical health condition that is real and proximate, and that there is a potential malignly consequence to a future deteriorated health--- the threat to plaintiff being subjected to the mediocrity medical care causing an imminent threat, not limited to a possible death if plaintiff is not timely treated: constituting "imminent danger of serious injury". Plaintiff states that defendants have contrived and refused to provide plaintiff necessary medical care that would likely alleviate plaintiff's symptoms of having pain and discomfort, and

---

[1] Breach has challenged a de facto policy of not repairing hernias unless they are incarcerated, strangulated, or into the scrotum, by ADOC, PHS.

6

plaintiff's injury is a "serious physical injury" wherein, defendants have acted contumacious with a physician recommendation that plaintiff need surgery; and, are intentionally delaying, denying and refusing to acknowledge the recommendation----intentionally interfering with medical treatment once prescribed by a physician as mandating treatment.  Defendants actions are gratuitous and mischievous---unjustified malfeasance by their intentions to continue to withhold proper medical treatment---delayed and withheld necessary medical care, i.e., surgery or any other alternative that would medically alleviate the symptoms of pain and discomfort due to plaintiff's inguinal hernia, problems coughing, sneezing, and bowel movements ---- malignant and limiting the plaintiff's daily activities in violation of the Eighth Amendment to the United States Constitution.

    Defendants have attempt to cover-up, forestall medical care, intentionally with intent to allow a future harm within an injury allowing the plaintiff to have to endure gratuitous pain and suffering without surgery or other medically known remedies that would alleviate plaintiff's symptoms constitutes cruel and unusual punishment.

    Plaintiff also alleges a Tort action being a "*Danger Creation*," sending plaintiff out-of-state to a private prison with a serious medical condition, and without a proper medical treatment plan at that private prison.  Defendants

7

allowed Breach to endure, intentionally and inflicting pain and discomfort, because their was not a proper medical care provider at the private prison constitutes, wantonness, recklessness, and emotional distress due to plaintiff's aggravated hernia. Defendants' have intended to encumber necessary medical treatment resulting into the proximate cause of injury. Furthermore, defendants have acted with obduracy and wantonness imposing cruel and unusual punishment by danger creation and establishing and enforcing a de facto policy of refusing to pay for non-incarcerated hernias that cause pain and discomfort forcing the plaintiff to have to endure pain and suffering in-violation of plaintiff's rights secured by the United States Constitution. Defendants have breached their duty of care in violation of State law, and have acted at all times under deliberate indifference.

    Plaintiff also alleges that the Defendants have hindered withheld medical care, medical records, and withheld grievances and procedures intentionally to forestall the attempts by the plaintiff to fully exhaust his grievance procedures under the PLRA exhaustion requirement. Thus, defendants also continue to withhold, delay and interfere with medical treatment once prescribed by a physician. Defendants refuse while interfering with medical, meaning refusing to either refer plaintiff to an outside specialist or, one be examined by a qualified doctor in hernia repairs to make an independent determination whether surgery

8

is in fact necessary. Defendants have at all times acted and have intentionally withheld medical care below the standard of care that by law is to be provided to prisoners/plaintiff to be the 'same' as to those persons/patients who are not incarcerated. In spite of this, <u>defendants de facto policy of not repairing hernias, unless they are incarcerated or into the scrotum is a de facto policy totally against the standard of care, and violates the Eighth Amendment to the United States Constitution because it subject plaintiff to have to endure pain and suffering without surgery or an alternative to alleviate plaintiff's symptoms.</u> Defendants have acted with recklessness and deliberate indifference to plaintiff's serious medical needs, wherein hernias are a constant danger and a proximate cause to a constant threat to good health.

Plaintiff is in imminent danger to serious medical needs. A physician as "Needs Repair" has diagnosed plaintiff's medical condition. Also, because non-prison doctors have held by public information and under the standard of care that "repair" is the "only" way to alleviate the painful symptoms of a hernia, and that a hernia will not heal on its own-- it must be repair by surgery intervention: defendants refuse to act and to attempt to alleviate plaintiff's physical danger but, have subjected the plaintiff to have to endure pain and discomfort---threat to his good health which there is an imminent danger to his

hernia----possible strangulations of his bowels, and incarceration of his intestine which can lead to death.

## SUPPLEMENTAL FACTUAL ALLEGATIONS
## DEFENDANT'S DELIBERATE INDIFFERENCE

¶ 1.   The facts and allegations herein are incorporated in reference to Breach's original Complaint, Amended Complaint, and Supplement Complaint. On *February 20, 2006*, Dr. Bossermer at Limestone Correctional Facility, Harvest, Alabama diagnosed Breach with an "Inguinal Hernia" amendable to surgery. Medical records reflect that Dr. Bossermer noted that Breach has pain due to this hernia.  After several complaints filed by Breach to PHS, about having pain and discomfort, Dr. Bossermer issued either Ibuprofen or Tylenol for pain, and a "Truss" for support of the hernia; also, a "work profile" limiting Breach's work duties to no long standing, no prolong walking greater than one (1) hour, and bottom bed profile.

¶ 2.   Breach continued to have problems and pain with his hernia, and continued to be monitored by Dr. Bossermer. Breach was then transferred out-of-state to Louisiana being South Louisiana Correctional Services, ("LCS") a private prison in Louisiana in an attempt to alleviate the overcrowding in Alabama prisons.

¶ 3.    Upon arrival at South Louisiana Correctional Center, LCS, on or about <u>March 19, 2006,</u> Breach submitted a "<u>sick-call</u>" slip complaining about experiencing pain when coughing, sneezing, and bowel movements. On <u>March 21, 2006,</u> Breach was seen by Doctor John A. Tassin who then conducted an examination on Breach and determined that Breach has a "<u>Left Inguinal Hernia</u>" and made a "<u>doctor report</u>" that Breach's inguinal hernia "<u>Needs Repair</u>".

¶ 4.    On <u>April 30, 2007</u> Breach was seen by Dr. William Hobbs, M.D., at Limestone C.F., located at Harvest, Alabama. Breach complained of experiencing a "burning pain" due to his inguinal hernia. Dr. Hobbs reviewed Breach's medical records and questioned Breach regarding Dr. Tassin's order and recommendation that Breach's hernia needs repair. Dr. Hobbs stated that South Louisiana Correctional Center's Medical Records <u>were not</u> in Breach's medical records and upon questioning Breach was he has not be sent out by Dr. Tassin for surgery, Breach responded that Brandon Kindard with ADOC denied surgery because Breach's hernia is not incarcerated or into the scrotum. Dr. Hobbs stated: **"You do need surgery... you are correct, there is no need for me to put you in for surgery because they are going to deny it anyway, you need to have someone call the Commissioner or the Governor to get your surgery."**

¶ 5.    Breach complained that his hernia is getting worse, and he has pain. Dr. Hobbs did absolutely nothing except take the less cost efficious course of

11

treatment allowing Breach to continue to be in pain and have to endure pain and suffering when medically you cannot treat a hernia.

## CAUSE OF ACTION

43) Plaintiff supports the following claims by reference to the previous paragraphs of 19 through 42 of this Supplemental Complaint.

## COUNT I

44) The Defendants deliberate indifference, Dr. Hobbs, his refusal and withholding medical care once prescribed by a physician as mandating treatment is so cursory as to amount to no treatment at all, amounts to deliberate indifference violating the Eighth Amendment to the United States Constitution and § 6-5-484(a) Code of Alabama, 1975.

## COUNT II

45) The Defendants Dr. Hobbs supports a unconstitutional custom or usage of a policy that is so permanent and well settled as to have the force of law---the de facto policy of not repairing hernias unless they are incarcerate or strangulated or into the scrotum, is a deliberate indifferent practice, custom or usage being persistent and widespread, long standing or deeply embedded even if it is contrary to written policy amounts to deliberate indifference. Defendant's policy statement, regulation or decision officially adapted and promulgated by that body's officers amounts to deliberate indifference. Defendants custom, practice,

or policy, in regards to allowing any person having amply authority to deny any doctor recommendation once prescribed and/or mandated as needing treatment is unconstitutional and violates the Eighth Amendment to the United States Constitution.

## COUNT III

46)    The Defendant Dr. Hobbs, direct or indirect involvement participation, the failure to act, his acts or omission are actionable in regards to plaintiff's serious medical need for surgery deprived him of his rights under the Constitution, and the obduracy and wantonness withholding medical care caused plaintiff to suffer physical pain and discomfort, emotional distress and restricted plaintiff's daily activities amounts to deliberate indifference.

## COUNT IV

47)    Defendant Dr. Hobbs, delay, withholding, refusal and denial of necessary medical care are so deviated from professional standards that it amounts to deliberate indifference. The mere words 'elective surgery' are not a talisman insulating defendants from the reach of the Eighth Amendment.

## COUNT V

48)    Defendants inadequate medical record keeping violates plaintiff's Eighth Amendment, and is below professional standards; and, proximate cause to imminent serious physical injury, and delay of medical care.

Defendants inadequate grievances procedures violates the PLRA requirements due to their refusal to answer appeals violates the rights to the plaintiff, and amounts to deliberate indifference.

## COUNT VI

49) Defendants Dr. Hobbs acted below the professional standard of care and their medical judgment in this case resulted to deliberate indifference to plaintiff's serious medical needs, and fell below the standard of care given to patients who are not incarcerated.

## RELIEF REQUESTED

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The refusal to approve plaintiff for surgery once prescribed by a physician as mandating treatment, i.e., surgery violated plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted deliberate indifference. The mere words 'elective surgery' are not a talisman insulating defendants from the reach of the Eighth Amendment.

2. Defendants refusal to approve cost for surgery violated plaintiff's Eighth Amendment right to the United States Constitution.

14

3.   Prison officials cannot simply ignore hernias. Defendants' denial of surgery ignores a medical condition, which causes significant pain, so that requiring plaintiff to endure it without remedy constitutes cruel and unusual punishment.

4.   That the defendant's written or adopted policy, either written, statement, custom, practice regarding non-incarcerated hernias refusal to repair them, violates the Eighth Amendment to the United States Constitution.

B.   Issue and Injunctive ordering defendants or their agents to:

1.   Immediately arrange for the plaintiff's need for surgery and/or medical treatment, to be evaluated by a surgeon or medical practitioner with expertise in the necessary treatment for plaintiff's hernia.

C.   Declare that the acts or omissions described herein violated plaintiff's rights under the Constitution and laws of the United States or State of Alabama.

D.   Enter a preliminary and permanent injunction ordering: Defendants Commissioner Richard Allen, Ruth Naglich, their successors, agents employees, and all persons acting in concert with them to provide necessary medical treatment, i.e., surgery to plaintiff's inguinal hernia.

15

E.  Enter judgment in favor of plaintiff for nominal, compensatory and punitive damages in the amount of $200,000 severally and jointly and $450,000 punitive damages against all defendants jointly and severally.

F.  Order and grant trial by jury, and such additional relief at this Court may deem just and proper.

Done this 18 day July 2007

_____
Marcellus Breach 160710
LCF 28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone Garrett
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this 18 Day of July 2007, under the penalty of perjury 28 U.S.C. 1746.

_____
Marcellus Breach