IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, # 160710 | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | Case No: 2:06-cv-1133MEF |
| | * | |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

## NOTICE UNTO THE COURT

Plaintiff Marcellus Breach (hereinafter "Breach") humbly request to submit unto this Honorable Court the following:

1). Plaintiff has received notice of this Court's order entered on _July 20, 2007_ in reference to perfecting proper service upon Defendant George Lyrene, M.D., who at the time of this action is/was employed by contract with the Alabama Department of Corrections as Medical Director totally responsible for policy.

2) Breach would request to clarify this matter with this Court because the outset notice and service of this Complaint to Defendant Lyrene his business address would be his principle place at the Alabama Department of Corrections. However, Breach did not receive any information in regards that Dr. Lyrene could not be served. Nevertheless the Department of Corrections General

1

Counsel waited until the very last date, and filed an 'unknown' document to the Court Breach can only speculate that counsel argued that Dr. Lyrene had not been served. The question is, Medical Director for the Department of Corrections correct service to Breach's knowledge would be at the Alabama Department of Corrections in Montgomery, Alabama.

3) [1]Breach would show, that this Court taking '<u>judicial review</u>' of the Clerk's Records in this case, Breach would argue that there is a possibility that the Service of Summons was in fact perfected, because their were no returns as unable to deliver?

4) Since as of <u>July 20, 2007</u> this Court has ordered Dr. Lyrene to be served and answer within 30-days. Breach truly understands that it is his responsibility to ensure that all defendants are served with correct address. Medical Director for Department of Corrections to Breach's last known since February 2007 Dr. George Lyrene filed an Affidavit in this case stating that he is the Medical Director for the Alabama Department of Corrections.

5) Upon Breach receiving this Court's Order of <u>July 20, 2007</u> Breach conducted his investigation as to the whereabouts of Dr. Lyrene and has learned

---

[1] Breach would argue that Dr. Lyrene was in fact served because the Medical Director's place of business is at the ADOC. Besides, the Supplemental Complaint sues all defendants in their both Official and Individual Capacities. With that, the Official address for Dr. Lyrene, being the Officer of Director of Medical is ADOC at Montgomery, Alabama. Dr. Lyrene's Office was served.

that the address given by the Court is correct; also, there is another business address for Dr. Lyrene at:

**Dr. George Lyrene, M.D.**
**Cullman County Jail**
**1900 Beach Ave. S.E.**
**Cullman, Alabama 35055.**

6)     Breach would ask that if service is not perfect, in which it should, that Breach have the opportunity to have service perfected if necessary through a process server.

**WHEREFORE,** Breach apologizes unto the Court for any inconvenience for Breach does not believe he ought to be held at fought, because due to no fought of his own, and with full bona fide efforts, Dr. George Lyrene, Medical Director, principle place of address at Cullman, Alabama is <u>questionable</u> when common understanding lead to the belief that the principle place of business for a Medical Director is Montgomery, Alabama the headquarters for ADOC.

Respectfully,

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama

3

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served the following:

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this 24th Day of July 2007, under the penalty of perjury 28 U.S.C. 1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d 1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

This 24th Day of July 2007.

/s/ Marcellus Breach

4

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

LEGAL MAIL
CORRESPONDENCE

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101



UNITED STATES POSTAGE
$ 00.41°
JUL 24 2007
MAILED FROM ZIP CODE 35749