IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, # 160710 | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | Case No: 2:06-cv-1133MEF |
| | * | |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

*MOTION IN REQUEST FOR AN OPPORTUNITY AFTER ALL PARTIES IN THIS ACTION HAVE ANSWERED TO RENEW DISCOVERY REQUEST and/or THAT THE COURT UNDERTAKE REVIEW OF DEFENDANT'S INITIAL DISCLOSURE FOR A DETERMINATION WHETHER ADDITIONAL DISCOVERY IS NECESSARY*

***COMES NOW***, the Plaintiff Marcellus Breach (hereinafter "Breach") request based on this Court's rulings dated *July 23, 2007* denying Breach an opportunity upon all parties in this action have filed their answer to claims asserted in Breach § 1983 to permit Breach an opportunity to properly present a "renewed" request for Discovery and/or request that the Court upon Defendants answering that the Court undertake an initial review of the Defendants Initial Disclosure for the determination whether additional discovery ought to be allowed for good cause ---- upon the showing of the likelihood that the information

1

sought will aid the party seeking discovery in the pursuit of his claims: Breach would show the matters requested are relevant to the case at bar:

1) The United States Supreme Court has construed Rule 26(b) Fed.R.Civ.P., "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc., v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted);

2) The scope of federal court discovery is set forth in Rule 26(b), Fed.R.Civ.P., "Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. In this case, Discovery request should be allowed unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.

3)  ¹What has transpired, PHS and the medical defendants answered 'timely' on or about the 17th Day of July, 2007. Correctional Defendants "did not" 'timely' answer, yet even late, the Court granted *sua sponta* an enlargement of time to answer. However, it appears that this Court and Breach were caught by surprise to learn that Defendant Dr. George Lyrene, M.D., had not been served. Breach did not receive any legal mail from ADOC.

4)  ² When PHS responded, Breach immediately and prematurely filed his *Rule 56(f)* along with request for Discovery, which ought to have been taken as premature because ADOC defendants have not responded. What transpired and crashed this case from proceeding forward is Dr. Goerge Lyrene was not served. Also, out of inadvertence, Breach requested to add an additional Defendant being Dr. Hobbs, which was granted.

5)  This Court ruled that Breach's request were: 1) cumulative or duplicative in nature to documents and information ³ previously provided by the defendants, and/or (ii) irrelevant to a determination of the constitutional issues pending before this court.

6)  Breach would argue, and objects to the rulings of: "cumulative or duplicative," and also, "irrelevant." The Constitutional claim is the Eighth Amendment. Secondly, PHS has

---

¹ Because ADOC defendants did not timely answer, it caused Breach's filings for Discovery request to be premature.

² Breach admits that he has inadvertently prematurely filed his Discovery request. Breach request upon all defendants answering, Breach is allowed to renew a more appropriate Discovery Request.

³ Defendants have not produced any documents pertaining to **TREATMENT PROCOTOL**, only medical records. This case is about a policy being unconstitutional.

<u>not produced any treatment protocol in regards to Hernias</u>. **Treatment Protocol** is very relevant to the Official Capacity challenge dealing with defendant's policy, custom and practice that is statewide problematic and has the force of law. .

7)   PHS, has not identified the defendants as to who is the "policymaker". Without any discovery, how is Breach to properly identify "policymaker"? How is Breach to prosecute PHS being a private corporation, who are held liable under § 1983 when their official policy, or custom of the corporation caused the alleged constitutional deprivation. See, *Monell,* 436 U.S. @ 691. PHS <u>has not</u> produced such relevant information, as part of their "Initial Disclosure" is highly prejudice to Breach's claims.

8)   This is a Medical Indifference Claim. Doctors' actions are the issue under the standard of care. Without Discovery, how is Breach to identify who enforces this policy, that "<u>Hernias are not repaired unless incarcerated, strangulated, or into the scrotum</u>"? How can Breach identify each party in their respective positions at PHS? How can Breach identify who has the lawful duty, or should have known that this policy is unconstitutional and has/had to power to change it but did not when medically it is well known that defendants policy subjects a human being to gratuitous pain and suffering, maybe even death. Medical standard of care is at issue.

9)   <u>Question No. 12</u>, page # 9 of Breach's Interrogatories states:

> ¶ 12. *Identify* by *document,* the medical standard of care followed by both PHS, and ADOC pertaining to treatment for hernias in Alabama prisons. [See, "Request For Discovery In Conj[u]nction With Plaintiff's Rule 56(f) Motion/Renewed Set of Interrogatories …." Court Doc. 95]

4

<u>*Question No. 12*</u> is very <u>relevant</u> because it is asking Defendants to both identify and Produce the documents of the standard of care followed. <u>*Question 4, page 8:*</u> , **"Identify by document the treatment protocol for Hernias by both PSH, and ADOC.** Breach would argue that this is "relevant" and also has not been produced by any defendant.

10) Without Discovery, how is Breach to identity supervisors? Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of the supervising officials and the alleged constitutional deprivation. See, Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." **Braddy v. fla Dept. of Labor & Employment**, 133 F.3d 797, 802 (11th Cir. 1998). Breach is challenging a unconstitutional policy, custom, practice used by the defendants in not repairing non-incarcerated hernias and "A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted to official policy.

11) Breach MUST <u>pinpoint</u> the responsible and any other *inter absentes* party or parties within the hierarchy of the Defendants who are solely responsible for the constitutional violations held liable under § 1983 through their actions being direct, or indirect by a regulation, custom, practice, policy, or procedures so long standing that it has the force of law being their "<u>**Treatment Protocol**</u>" specifically Inguinal Hernias are not being repaired

5

until there is a life or death situation, i.e., strangulated, incarcerated or into the scrotum. Through Discovery Breach intends to debunk the defendants' defenses arguing that they are not entitled to any immunity in this action because someone among the defendants are "enforcing this policy" that is intended to show their practice and policy or their actions are unconstitutional seems both relevant and is not cumulative. Defendants have not produced such documents.

12) This case resolves around medical judgments. Interrogatories and Admissions along with Depositions are necessary because Hernia surgery requires certain degree of specialized training and knowledge that puts an understanding of the acceptable standard of care beyond the common knowledge of the jury. Lawyers do not have the background and knowledge, without expert testimony to understand whether or not surgery is/was in fact necessary. See, *Anderson*, 778 So.2d @ 811 (quotations marks omitted)(addressing tuberculosis testing).

13) Without Discovery, how is Breach to identify each defendant, their respective duties, under state law, their responsibilities, their direct or indirect involvement to deny Breach surgery when expert testimony will establish surgery is the only cure --- there is no treatment for a hernia and the defendants only provide a course of management. Defendants have only provided some management issuing a truss and Tylenol. Medical experts will show, you cannot treat a hernia.

6

**WHEREFORE, *premises considered*,** Breach knows that his filings have been premature because all parties have not answered. Nevertheless, Breach request that this Court allow Breach to renew his Discovery request, because Constitutional issues are involved. Treatment Protocols for both PHS and ADOC are relevant, and <u>have not been produced</u>. Breach would request upon answering by all defendants, that he be allowed to renew his request for discovery more appropriately. Breach would proffer to preserve this matter under 28 U.S.C. § 1291.[4] This Court has stated, granted leave to "Interview" any witnesses. How is Breach to interview, B. Adams, Brandon Kindard, who are also witnesses to the facts in this case without a Deposition, or Interrogatories. Breach is incarcerated.

Done so this 24 day of July, 2007.

Respectfully Submitted,

Marcellus Breach #160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Al 35749-7009

---

[4] Page # 2, Court's Order date 7/23/07 "Authorization is hereby granted to interview all witnesses, including plaintiff." How is Breach to interview any witnesses, without the Discovery tools? Breach request leave to Interviw witness, Brandon Kindard, Dr. Robbins, Dr. Hobbs.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served the following:

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into a sealed envelope properly addressed postage prepaid and placing into the prison Mail Box for proper mailing First Class U.S. Mail on this 24 Day of July 2007, under the penalty of perjury 28 U.S.C. 1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d 1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

This 24 Day of July 2007.

/s/ Marcellus Breach
Marcellus Breach