IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH (AIS# 160710),    §
                                   §
        Plaintiff,                 §
                                   §
vs.                                §    CIVIL ACTION NO. 2:06cv1133-MEF
                                   §
PRISON HEALTH SERVICES, INC.;      §
et al.;                            §
                                   §
        Defendants.                §

## BRIEF IN RESPONSE TO PLAINTIFF'S
## RENEWED APPLICATION FOR TEMPORARY RESTRAINING
## ORDER AND/OR PRELIMINARY INJUNCTION

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes (collectively "PHS"), by and through counsel, and do hereby file this brief in response to the Plaintiff's request for a preliminary injunction. Said preliminary injunction is due to be denied for multiple reasons addressed herein.

For purposes of this argument, the Defendants adopt and reallege all previous positions taken in response to the prisoner's request for emergency surgical intervention for his hernia. As such, these Defendants mark their previously filed Special Report and affidavits and exhibits, which also fully and completely support the denial of the prisoner's request for a preliminary injunction.

## ARGUMENT

I.    **The Prisoner Can Meet <u>None</u> Of The Four Requirements Necessary To Have A Preliminary Injunction Entered In This Matter.**

In his motion before this Court, Breach argues extensively that a preliminary injunction is necessary in this case in order to avoid "irreparable injury." Not only does the

1

prisoner intentionally misconstrue the facts of this case, but the law governing the issue of whether a preliminary injunction should be issued does not support the prisoner's position, in any way,

In order for this prisoner to prevail on his request for a preliminary injunction, he must prove the following:

1.    A substantial likelihood he will ultimately prevail on the merits;

2.    He will suffer irreparable injury unless the injunctions issued;

3.    The threatened injury outweighs any and all damage the proposed injunction may cost PHS; and

4.    The injunction, if it were to be issued, would not be adverse to the public's interest.

Burr & Forman v. Blair, 470 F.3d 1019 (11th Cir. 2007).

As this Court is well aware, a preliminary injunction is an "extraordinary and drastic remedy", not to be granted unless the movement "clearly carries the burden of persuasion" as to the four prerequisites. Zardui-Quintana v. Richards, 768 F.2d 1213, 1216 (11th Cir. 1985). This prisoner bears a high burden of proof in order for the preliminary injunction to issue. First, it is mandatory that the prisoner convince this Court that all four factors are satisfied. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983); United States v. Lambert, 695 F.2d 536, 540 (11th Cir. 1983). Furthermore, injunctive relief will issue only when the complained of conduct is eminent, and alternative relief, compensation or structure is unavailable. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

Finally, this case presents an interesting problem for the prisoner in that preliminary injunctions are used primarily for maintaining the relationship that already exists between

the parties. Boglin v. Thomas, 2000 U.S. Dist. LEXIS 11165 (S.D. Ala. 2000). In essence, this prisoner has asked for the same relief via the preliminary injunction (an Order requiring surgical intervention) that he would receive if he were successful in his underlying case. Thus, it is premature for any consideration of a preliminary injunction.

An Oregon federal court judge addressed this exact situation. In Rickles v. Taylor, 2006 U.S. Dist. LEXIS 44206 (D. Oregon 2006), a prisoner sought preliminary injunctive relief in order to require the Oregon Department of Corrections to surgically treat a hernia. The Court rejected the preliminary injunction filed by the prisoner for surgical intervention of his hernia, holding as follows:

> Ordinarily, a preliminary injunction maintains the status quo, pending a final decision on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). Plaintiff is asking the Court to alter the status quo by granting him, before trial, the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. (citations deleted).

> Rickles v. Taylor, 2006 U.S. Dist. LEXIS 44206 (D. Oregon 2006).

It is also crucial to recognize the context within which this prisoner seeks the issuance of a preliminary injunctive order, i.e., his medical claim of deliberate indifference to a serious medical need. For this prisoner to state a cognizable Eight Amendment claim regarding medical care, he must allege acts or omissions by PHS physicians and nurses sufficiently harmful to evidence a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Adams v. Poag, 61 F.3d 1537 (11th Cir. 1995); Hamm v. DeKalb County, 774 F.2d 1567, 1574-75 (11th Cir. 1985). Arguably, this already significantl burden becomes more difficult to meet when a

3

prisoner alleges that irreparable harm will be done without the issuance of an injunction. Given the fact that this prisoner's hernia condition has been in the same shape, the same position, and same medical condition for over 2 ½ years, his request for an "emergency order" appears unsupportable.

1.    **This Prisoner Will Not Prevail On The Merits Of Proving A Deliberate Indifference To A Serious Medical Need Arising Out Of His Particular Medical Condition.**

The Special Report and mountain of evidence already filed with this Court clearly establishes one major factor -- regardless of how physicians have discussed this hernia, the distinctions between the evidence amount to a mere disagreement regarding an opinion as to how to treat a medical condition. Such "disagreements" do not constitute "deliberate indifference", a significant legal impediment to this prisoner establishing a "substantial likelihood" of his prevailing on the merits.

To demonstrate deliberate indifference, this prisoner must show an objectively serious medical need and produce evidence that PHS almost intentionally disregarded his condition as a whole. Ferrell v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). Clearly, a hernia can, under normal circumstances, constitute a "serious medical need", and this aspect of the two-part test can arguably be made by the prisoner when the evidence is viewed in a light most favorable to him. However, "deliberate indifference" is a significantly higher standard, requiring far more than a mere medical disagreement. See Hudnall v. Thompson, 1996 U.S. Dist. LEXIS 9507 (S.D. Ala. 1996) ("a mode of treatment provided by a prison medical staff which is different from that wished for by the inmate does not amount to deliberate indifference." Hamm, 774 F.2d at 1575). Furthermore, medical differences of opinion do not rise to "grossly inadequate" medical care or medical care

4

amounting to "no treatment at all." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

Prison Health Services has submitted overwhelming evidence that this prisoner's condition (1) has remained stable and treatable for almost 2 ½ years, (2) that medically, this hernia is not serious or in a position to become more serious given the conservative treatment employed, and (3) that the prisoner's hernia has not been recommended for surgery other than by the plaintiff's own appointed expert.[1]  Even when construing the evidence in a light most favorable for the plaintiff, what exists here is a difference in medical opinion concerning the treatment of a hernia condition.   One group of physicians/medical providers have actually treated the prisoner.  The other has not.  Under these circumstances, this prisoner cannot establish a substantial likelihood of prevailing on the merits when faced with proving "deliberate indifference."

### 2.    If The Prisoner's Hernia Were The "Irreparable Injury" Cited By Him, 2 ½ Years Would Not Have Passed Without His Condition Become Medically More Significant.

The prisoner's second requirement is showing "irreparable injury."  Despite the litany of medical evidence, documents, affidavits, and arguments that the prisoner claims supports this position, one fact cannot be ignored.  Medical doctors <u>who have actually treated this prisoner</u>, verify in their notes that the prisoner's hernia is in substantially the same condition as it was when first diagnosed.  [Exhibit "A" - Prison Health Services' Special Report].  "Irreparable injury" requires far more than conjecture or speculation.

---

[1] Throughout the course of this litigation, the plaintiff has erroneously insisted that Dr. John Tassin, stated that this prisoner, with this hernia, needed surgery. Rather, Tassin questioned the need for that surgery in his notes, a point conveniently left out of this prisoner's enumerable arguments. [Exhibit "A" - Prison Health Services' Special Report].

Instead, it requires proof of an injury that cannot be adequately compensated for by damages at law. Bloom v. Ray Oliver & Ward, 729 So. 2d 877, 879 (Ala. Civ. App. 1999) (quoting Benetton Services Corp. v. Benedot, Inc., 551 So. 2d 295, 299 (Ala. 1989)). Here, we have a medical condition that remains stable and treatable for over 2 ½ years. We have medical providers following a course of treatment that, while conservative, prevent magnification of the problem. There is no eminent risk of immediate incarceration of this hernia. As such, this prisoner cannot meet the second burden required for a preliminary injunction to issue.

3.    **This Prisoner Seeks To Permanently Alter The Ability Of Medical Providers To Treat Patients For Medical Conditions Without Being Second Guessed Via The Courthouse.**

The prisoner has a small hernia that has responded well to conservative treatment. Based on the filings in this case, however, it is clear this prisoner is unhappy with his treatment. What the prisoner seeks to do is to overturn a medical provider's ability to diagnose and treat a medical condition as well as alter policies and procedures that govern this very problem that have been issued by the Alabama Department of Corrections. Issuance of this injunction would substantially increase the prisoner litigation flowing through the state and federal courthouses here in Alabama. It would encourage prisoners to "second guess" their physicians on all treatments provided not only for hernias, but for any medical condition that a prisoner believes could be handled differently. Because this prisoner has no immediate threat of a more serious hernia condition, the granting of this injunction would only crowd the docket in this state with claims that are unwarranted and unnecessary.

4.    **The Issuance Of This Injunction Would Be Adverse To The Public Interest Because It Would (1) Discourage Physicians From Conservative Medical Treatment And (2) Would Overturn Department Of Corrections' Procedures Specifically Addressing The Hernia Conditions Found In The Prison Population.**

Because an injunction is such a drastic measure, the Defendants urge this Court to use caution in determining whether the unusually well crafted, but deficient, evidence submitted by this prisoner warrants the issuance of this injunction. An injunction in this case would impose a "de facto freeze" on the ability of medical providers in the correctional system to conservatively treat non-threatening hernia conditions that are clearly not serious in nature.

Other cases have addressed the identical claims asserted by this prisoner and have rejected them on similar grounds. In Hudnall v. Thompson, 1996 U.S. Dist. LEXIS 9507 (S.D. Ala. 1996), a prisoner sought a preliminary injunction for "immediate emergency [medical] relief" for pain in his sinuses, bones, joints, and cervical spine area. There, as here, the prisoner believed that the medical physician's treatment was insufficient to properly address his medical condition. In an extremely instructive opinion, Judge William Cassady of the Southern District correctly rejected the plaintiff's request. Despite the existence of affidavit testimony and a litany of medical records, Judge Cassady found that under the Eighth Amendment standard, the plaintiff's complaint amounted to nothing more than a difference of opinion concerning medical treatment.

> The gravaman of the plaintiff's complaint is not that he has been denied medical treatment, but that, in his opinion, he has been denied adequate and appropriate medical treatment. At most, assuming that plaintiff was, as he states, a nurse by profession prior to his incarceration, the basis for his motion is a difference of opinion between himself and Dr. Wilson concerning the medical testing and treatment he needs. However, a mode of treatment provided by a prison medical staff which is

7

different than that wished for by the inmate does not amount to deliberate indifference.

Hamm, 774 F.2d at 1575.

In Boglin v. Thomas, 2000 U.S. Dist. LEXIS 11165 (S.D. Ala. 2000), another plaintiff seeking a preliminary injunction had his claim rejected on similar grounds. Although the injunction in that case required more First Amendment analysis than Eighth Amendment analysis for a medical claim, the issues pertaining to whether the preliminary injunction should issue are similar. The Court broke down each of the required elements for a preliminary injunction and found evidence lacking on each. The Court specifically addressed the issue of whether the injunctive relief would be adverse to the public interest. On this issue, the Court correctly deferred to the decisions of prison administrators with expertise in the management of prisons. Id. at 12. Here, this Court should defer to the decision-making authority of the primary treating physicians who have actually observed the prisoner and provided him with treatment, rather than an affidavit from a non-treating physician with no experience in physically observing this patient. By rejecting the prisoner's preliminary injunction request, this Court will maintain the significant relationship that exists between correctional medical providers and the prisoners they treat on a daily basis.

## CONCLUSION

For the reasons set out herein, as well as the evidentiary materials previously submitted in these Defendants' Special Report, the Defendants believe that the Plaintiff's Application For Preliminary Injunction is due to be denied.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health
Services, Linda Lawrence, Michael
Catalano, Rick Dull, Martha Jane
Haynes

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 262-6277 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S.
Mail this the 27th day of August, 2007, to:

> Mr. Marcellus Breach (#160710)
> Limestone Correctional Facility
> 28779 Nick Davis Road
> Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing
to the following:

> Albert Sims Butler, Esq.
> ALABAMA DEPARTMENT OF CORRECTIONS
> P. O. Box 301501
> Montgomery, AL  36130-1501

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH (AIS# 160710),    *
                                   *
          Plaintiff,               *
                                   *
v.                                 *    CASE NO. 2:06-CV-1133-MEF
                                   *
PRISON HEALTH SERVICES,            *
et al.,                            *
                                   *
          Defendants.              *

## SPECIAL REPORT

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes (collectively "PHS"), by and through counsel, and in response to the Plaintiff's Complaint and this Court's Order, present the following special report with regard to this matter.

## I. INTRODUCTION

The plaintiff, Marcellus Breach (AIS# 160710) states in his Complaint that he is currently confined at the Kilby County Correctional Facility, Mt. Meigs, Alabama. At the time of the allegations raised in his Complaint, Breach was incarcerated at the Limestone Correctional Facility and, subsequently, was incarcerated out-of-state at South Louisiana Correctional Services, Inc.

On or about December 22, 2006, Breach filed a Complaint against Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, all of whom are assumed to be employees of PHS. PHS is the company that contracts with the Department of Corrections to provide healthcare to inmates within the

State of Alabama. Breach alleges that PHS and its employees refused to provide him with appropriate treatment for an inguinal hernia. [Plaintiff's Complaint, ¶¶ 1].

As directed, these Defendants have undertaken a review of Plaintiff Breach's claim to determine the relevant facts and circumstances arising from his allegations and subsequent medical treatment. In support of this Special Report, PHS submits a certified copy of Breach's medical records [Exhibit "A"], the affidavit of Michael E. Robbins, M.D. [Exhibit "B"], the affidavit of Linda Lawrence [Exhibit "C"], and a copy of the facility's grievance procedure [Exhibit "D"]. These evidentiary materials demonstrate that Plaintiff Breach has been provided appropriate medical treatment for his complaints at all times and, perhaps more importantly, verify that Breach failed to follow internal grievance procedures prior to following litigation against PHS.

## II. NARRATIVE SUMMARY OF FACTS

While incarcerated at the Limestone Correctional Facility, Breach claims he was diagnosed by Dr. Bosserman as having an inguinal hernia. [Plaintiff's Complaint, ¶¶ 12]. Breach admits in his pleadings, he has "suffered" with this inguinal hernia since February 2005. The prisoner acknowledges that multiple physicians have treated this problem and prescribed him with medication and remedies to directly address this condition. [Plaintiff's TRO Application/Preliminary Injunction, ¶¶ 4-10. Despite the fact that multiple physicians have cleared Mr. Breach from any need for surgery, the prisoner cites Dr. John A. Tassin as purportedly alleging that Breach's hernia "needs repair" [Plaintiff's Complaint, ¶ 5] although no specific record from Dr. Tassin has been disclosed or identified by the Plaintiff. Thus, the facts do not support the prisoner's claims.

On a progress note dated May 5, 2005, Dr. Bosserman noted that Breach had an inguinal hernia for at least the past year (since May 2004). [Exhibit "A" -- Progress Note - 05/05/05].

Also, on May 5, 2005, Dr. Bosserman placed limited restrictions on Breach of no lifting greater than 25 lbs. and no standing or walking for greater than one hour due to (1) a deformity of his left foot, (2) an ankle brace, and (3) a hernia for which he prescribed a truss. [Exhibit "A" - Special Needs Form - 05/05/05].

This is not the first time Breach has made "complaints" regarding unconstitutional pain. In May 2005, Breach filed a similar complaint alleging inadequate medical treatment concerning ankle pain, back pain, and hypoglycemia. [Exhibit "A" -- Prison Health Services Medical Complaint Form - Marcellus Breach - 05/04/05].

On February 6, 2006, PHS records indicate that during his yearly health evaluation, Breach made no oral complaints about any pain associated with the inguinal hernia. [Exhibit "A"].

Finally, upon transfer back to the Alabama Department of Corrections, an LCS medical transfer summary found the following complaints for Mr. Breach:

1.    Ankle surgery;

2.    Left foot deformity;

3.    States L1 and L5 crushed.

[Exhibit "A" -- LCS medical transfer summary].

3

## III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.     The Plaintiff/prisoner failed to comply with the mandatory requirements of the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e), et seq. ("PLRA") and the PLRA directly applies to require that this matter be dismissed with prejudice for failing to comply with the terms and conditions of grievance procedures concerning medical issues.

2.     The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

3.     The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

4.     The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

5.     The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

6.     The Plaintiff is not entitled to any relief requested in the Complaint.

7.     The Defendants plead the defense of qualified immunity and avers that the actions taken by the Defendants was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

8.     The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

9.    The Defendants cannot be held liable on the basis of <u>respondeat</u> <u>superior</u>, agency, or vicarious liability theories.

10.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

11.    The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. <u>See</u> <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Arnold v. Board of Educ. Of Escambia County</u>, 880 F.2d 305, 309 (11th Cir. 1989).

12.    The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

13.    The individual Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

14.    The Defendants plead the general issue.

15.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. <u>See</u> <u>Rogers v. Evans</u>, 792 F.2d 1052 (11th Cir. 1986).

16.    The Plaintiff's claims against the individual Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

17.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

18.     The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

19.     The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

20.     The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

21.     The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

22.     The individual Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

23.     The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

24.     The individual Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

25.     The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

26.    The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

27.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the individual Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

28.    The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendants reasonable attorney's fees and costs incurred in the defense of this case.

29.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A.    **Because Breach Failed to Follow the Required Grievance Procedures for Assessing Medical Complaints Prior to Filing His Lawsuit, the Prison Litigation Reform Act of 1995 Requires the Immediate Dismissal, with Prejudice, of His Complaint..**

Prisoner litigation has become an expensive problem for states and the federal government.  Because of the problems associated with frivolous litigation, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA") in order to control frivolous prisoner lawsuits.  The Act contains multiple, mandatory provisions that require the dismissal of complaints identical to those asserted by Mr. Breach.

7

The PLRA defines a prisoner as follows:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 42 U.S.C. §1997e(h).

Breach admits to being incarcerated in his complaint, therefore, he meets the definition of "prisoner" as defined by the PLRA. See Boyd v. Corrections Corporation of America, 380 F.3d 989 (6th Cir. 2004).

The crux of the PLRA requires a prisoner to exhaust all internal, administrative remedies prior to filing suit. The PLRA requires that the Court on its motion or the motion of a defendant dismiss any action with respect to prisoner conditions or medical treatment upon failure to exhaust these remedies. 42 U.S.C. §1997e(a). This provision states the following:

> **(a) Applicability of Administrative Remedies.**
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (emphasis added).
>
> **(b) Failure of State to Adopt or Adhere to Administrative Grievance Procedure.**
> The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under 1997a or 1997c of this Title.
>
> **(c) Dismissal**
> The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be

8

granted, or seeks monetary relief from a defendant who is
immune from such relief.

42 U.S.C. § 1997e(a)

"Administrative remedies" pursuant to this Act constitute prison or jail grievance procedures
such as those identified in this Special Report. Before filing suit, the prison/plaintiff must
submit his claim through this procedure and the grievance must address the specific issue
upon which the suit is based. Failure to strictly follow these procedures requires dismissal of
the action. Even if the prisoner/plaintiff has no knowledge regarding the existence of the
procedures, this does not relieve the requirement. See Zolicoffer v. Scott, 55 F. Supp. 2d
1372 (N.D. Ga. 1999), affirmed without opinion (252 F.3d 440 (11th Cir. 2001).

In this particular case, Breach failed to follow available, required administrative
procedures that existed within the Kilby Correctional Facility. [Exhibit "C" – Affidavit of
Linda Lawrence]. These procedures required Breach to seek administrative relief of his
claim before seeking court intervention regarding his claim. His failure to follow these
internal procedures concerning his medical grievances require his claim be dismissed with
prejudice. Woodford v. NGO, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006).

The Woodford case is extremely instructive because the United States Supreme
Court took the opportunity to clarify issues concerning the Prison Litigation Reform Act. In
Woodford, a California state prisoner challenged a disciplinary act but did so in an untimely
manner, violating California's Prison Grievance System. Subsequently, the prisoner sued the
system in federal court, but the district court granted the Department's Motion to Dismiss,
stating the prisoner had not fully exhausted his administrative remedies, pursuant to the
Prison Litigation Reform Act. On appeal, the Ninth Circuit reversed, claiming that because

9

no administrative remedies remained available to the prisoner, he had "not exhausted them" amongst other reasons.

On appeal, the United States Supreme Court reversed the Ninth Circuit and affirmed the dismissal of the prisoner's complaint. The Court's opinion focused extensively on the "exhaustion" of available remedies and concluded that whether procedural deficiencies existed or whether a prisoner is poorly educated and unfamiliar with such proceedings, it is <u>a requirement that administrative remedies be followed prior to litigation ensuing in federal court.</u> <u>Id.</u> At 2387, 2388, 2390, 2392-2393.

Breach's case is no different from that outlined in <u>Woodford</u>. Breach must exhaust internal, administrative remedies before seeking redress for his complaints within the legal system. Adhering to these procedures serves a two-fold interest, (1) it allows Breach the opportunity to advise correctional officers or healthcare employees regarding his concerns and (2) it permits internal procedures to address and alleviate concerns raised by prisoners through this process. More importantly, it eliminates frivolous litigation by giving both the prisoner and the correctional facility the opportunity to be aware of complaints and address them prior to the expense of litigation.

**B.    <u>The Plaintiff has failed to prove that the Defendants acted with deliberate indifference to any serious medical need.</u>**

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. <u>Romero v. City of Clanton</u>, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (<u>citing</u>, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," <u>Shows v. Morgan</u>, 40 F. Supp. 2d 1345, 1358

10

(M.D. Ala., 1999). A careful review of Breach's medical records reveals that he has been given appropriate medical treatment at all times. [See Exhibits "A" & "B"].

The Plaintiff's Complaint fails to state a claim against the Defendants with the detail and specificity required by the Alabama Medical Liability Act, ALA. CODE § 6-5-551, which provides as follows:

> In any action for injury, damages, or wrongful death, whether in contract or tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action. The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omissions upon which his claim is based; provided, however, that any such amendment must be made at least 90 days before trial. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted. Any party shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission. (emphasis added).

ALA. CODE § 6-5-551.

The Plaintiff's Complaint fails to state a claim against the Defendants because it fails to include a "detailed specification and factual description" of each act and omission alleged by Plaintiff to render the Defendants liable to Plaintiff; in particular, said Complaint fails to include the required statement of "the date, time, and place of the act or acts" of alleged malpractice, as required by the Act. See ALA. CODE § 6-5-551 (emphasis added).

In order to state a cognizable claim under the Eighth Amendment, Breach must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Breach must allege and prove that he suffered from a serious medical need, that the Defendant was deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." (citations omitted). [Id.].

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Breach's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Breach cannot carry his burden. The evidence submitted with this Special Report

12

clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that PHS employees applied the appropriate standard of care to the treatment of Mr. Breach. Breach complained of pain resulting from his inguinal hernia. [See Plaintiff's Complaint].

The Defendants are, further, entitled to qualified immunity from all claims asserted by Breach in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Breach to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Breach must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the

state of the law in 2006 gave the Defendants fair warning that their alleged treatment of Breach was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Breach must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that their practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Breach's constitutional rights. All of Breach's medical needs have been addressed or treated. [See Exhibits "A" & "B"]. The Defendants have provided Breach with appropriate medical care at all times and he has received appropriate nursing care as indicated for treatment of his condition.

C.   **The Plaintiff's Petition Fails To State A Proper Civil Rights Violation Or Sufficient Facts To Warrant The Implementation Of A Temporary Restraining Order And/Or Preliminary Action.**

Breach has filed a "Civil Rights Complaint Section 1983 Application for Temporary Restraining Orders/Preliminary Injunction" as well as an "Application for Temporary Restraining Order and/or Preliminary Injunction." Both requests and the applications for the Temporary Restraining Order ("TRO") are due to be dismissed.

14

Under Alabama law, multiple elements must exist before a TRO may be issued. A plaintiff seeking a TRO must establish the following:

1. That without the TRO, the plaintiff would suffer immediate and irreparable injury;

2. That the plaintiff has no adequate remedy at law;

3. That the plaintiff has at least a reasonable chance of success on the ultimate merits of this case; and

4. That the hardship imposed on the defendant by the TRO would not unreasonably outweigh the benefit accruing to the plaintiff.

> Ormco Corp. v. Johns,
> 869 So. 2d 1109, 1113 (Ala. 2003)
> (quoting Perley v. Tapscan, Inc.,
> 646 So. 2d 585, 587 (Ala. 1994).

As with equitable remedies, a petition for a TRO addresses itself to the sound discretion of the trial court but particular reference must be made to the plaintiff's chances of success on the merits prior to any TRO being granted. Chase Manhattan Bank v. Dime Savings Bank of New York, 961 F. Supp. 275, 276 (M.D. Fla. 1997).

The prisoner seeks a TRO/declaratory judgment against Defendant PHS and "Defendant Lawrence" for allegedly demonstrating deliberate indifference to a serious medical need, specifically, a self-described "inguinal hernia" first diagnosed in February 2005. The prisoner contends that he is incapable of receiving relief via the judicial process and requires an immediate order from this Court requiring co-defendant Alabama Department of Corrections to allow the surgery outlined by the plaintiff. [Prisoner Complaint, ¶¶ 25, 26, 27, 28, 29; Section B(1)]. In his application for a TRO, the prisoner states in paragraph 4 that "there is a substantial threat of irreparable harm if the

injunction is not granted." An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole." [Plaintiff's TRO Application, ¶ 4]. For the reasons outlined below, the plaintiff's request for a TRO is due to be denied.

As stated previously, the plaintiff's first requirement is that the plaintiff would suffer "immediate and irreparable injury." As the prisoner readily admits in his pleadings, he has "suffered" with this inguinal hernia since February 2005. The prisoner acknowledges that multiple physicians have treated this problem and prescribed him with medication and remedies to directly address this condition. [Plaintiff's TRO Application/Preliminary Injunction, ¶¶ 10, 11]. Despite the fact that multiple physicians have cleared Mr. Breach from any need for surgery, the prisoner cites Dr. John A. Tassin as purportedly alleging that Breach's hernia "needs repair." [Prisoner Complaint, ¶ 12]. Again, the facts do not support the prisoner's claims.

A second element required to be proved by a plaintiff seeking a TRO is that the plaintiff has no adequate remedy at law. A review of the Complaint and Request for Injunctive Relief verifies that Breach is, in fact, seeking additional judicial relief for what he purports to be inadequate medical care. Breach repeatedly complains of "a deliberate indifference to a serious medical need," the standard wording and principles at issue in a prisoner's complaint under 42 U.S.C. § 1983 for inadequate medical care. Breach alleges constitutional violations for inadequate medical care and remedies for this allegation are available to him without the need for equitable relief. As such, Mr. Breach's own statement verifies that he does, in fact, have adequate remedies available to him at law.

16

The most difficult problem for a prisoner/plaintiff to establish is that they have a reasonable chance of success on the ultimate merits of their case. Ormco, supra, at 1113. Here, the prisoner's medical records verify the limited nature of prior complaints associated with the inguinal hernia condition. It also verifies that the prisoner has suffered from this condition since at least April 2004, with little written documentation to verify a consistent series of complaints related to this pain. Without appropriate medical documentation, the chances of this prisoner establishing the high burden of proof for deliberate indifference to a serious medical need is extremely low.

Finally, this Court must weigh the hardships imposed on the Defendants by the TRO against the benefits accruing to the prisoner. In this case, the Defendants would be forced to incur expenses associated with what appears to be an insignificant "injury" that clearly does not warrant surgical intervention.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

Accordingly, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment and that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

17

Respectfully submitted,

/s/ PAUL M. JAMES, JR.
Alabama State Bar Number JAM017
Attorney for Defendants, Prison
Health Services, Linda Lawrence,
Michael Catalano, Rick Dull, and
Martha Jane Haynes

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3148
Fax: (334) 262-6277
E-mail: pmj@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S.
Mail this the 14th day of February, 2007, to:

Mr. Marcellus Breach (#160710)
Dorm West-16
Kilby Correctional Facility
P. O. Box 150
Mt. Meigs, AL 36057

Kim T. Thomas, Esq.
Albert S. Butler, Esq.
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL 36130-1501

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison
Health Services, Linda Lawrence,
Michael Catalano, Rick Dull, and
Martha Jane Haynes

18

# EXHIBIT A

A F F I D A V I T

STATE OF ALABAMA       )
                       )
___Montgomery___ COUNTY )

    I,___Catherine Stallwaorth___, hereby certify and affirm that I am a ___Medical Record Supv.___, at _____Kilby_____; that I am one of the custodians of medical records at this institution; that the attached documents are true, exact, and correct photocopies of certain medical records maintained here in the institution medical file of one ___Marcelus Breach___, AIS#___160710___; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

    I further certify and affirm that said documents are maintained in the usual and ordinary course of business at _____Kilby_____; and that said documents (and the entries therein) were made at, or reasonably near, the time that by, or from information transmitted by, a person with knowledge of such acts, events, and transactions referred to therein are said to have occurred.

    This, I do hereby certify and affirm to on this the ___4th___ day of ___December___, 2006.

*Catherine Stallworth*

    SWORN TO AND SUBSCRIBED BEFORE ME THIS THE
___4th___ Day of ___December___, 2006.

*Cynthia R. Evans*
Notary Public
___6-15-08___
My Commission Expires

ALABAMA DEPARTMENT OF CORRECTIONS

## PROBLEM LIST

INMATE NAME _Breach, Marcelus_          AIS# _160710_

Medication Allergies: _NKDA / NKDA_

Medical: Chronic (Long-Term) Problems
          Roman Numerals for Medical/Surgical

Mental Health Code: SMI  HARM  HIST  NONE
          Capital Letter for Psychiatric Behavior

| Date Identified | Chronic Medical Problem | Mental Health Code | Date Resolved | Provider Initials |
|---|---|---|---|---|
| 2/20/05 | PPD Ø mm | | | Øb |
| | Inguinal hernia, (L) | | | |
| | Previous Sx, (L) foot | | | |
| | Trauma of LS spine | | | |
| | Hypoglycemia, confirmed by BS √'s | | | |
| 2/2/06 | PPD | | Bew | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**If Asthmatic label:  Mild – Moderate – or Severe.

2/22/2005

160710    **BREACH, MARCELLUS**

ESCAPE SHEET LCF

NAME: Breach, Marcellus

AIS# 160710D    DOB: 7-28-69    R/S: B/M

HEIGHT: 5'9"    WEIGHT: 170    HAIR Black

EYES Brown    SSN: 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

CUSTODY: MED    AKA: "NICK" Brother Breach

CURRENT AGE: 35    EDUCATION 15

NUMBER OF ESCAPES: 0    JOB SKILL:

SCARS/TATTOOS: N/A

SENTENCE DATE: 9-26-02    ADMIT DATE: 9-02    RELEASE DATE: (min.) 8-15-2022
                                                              (long)

TOTAL TERM: 20yrs    COUNTIES OF CONVICTION: Madison

CRIMES    TOP II

EMERGENCY ADDRESS    Joann Breach(mother)         256-830-6411
                     6533 Willow Springs Rd.
                     Huntsville, Al.

FAMILY MEMBERS:

SPOUSE: N/A              M-GRANDPARENTS: Martha Johnson – S.E.

MOTHER: S.E.            P-GRANDPARENTS: Deceased

FATHER: Deceased

SIBLINGS: Kimberly Breach – 4916 Broad Meadow Ln.  Huntsville, Al.

CHILDREN

N/A



**PHS**
PRISON HEALTH SERVICES, INC.

## YEARLY HEALTH EVALUATION



**I.    HISTORY – (LPN or RN)**

|  | YES | NO | COMMENT(S) |
|---|---|---|---|
| Weight Change (greater 15 lbs.) *gain* | ✓ | | *160* |
| (Compare Weight Below) | | | Last weight at least 6 months ago |
| Persistent Cough | | | |
| Chest Pain | | | |
| Blood in Urine or Stool | | | |
| Difficult Urination | | | |
| Other Illnesses (Details). | | ✓ | *Own stats hypoglycemia* |
| (Smoke) Dip or Chew | ✓ | | *1 pk/day* |
| ALLERGIES | | | |

Weight _176_  Temp _97'_  Pulse _76_  Resp _18_  Blood Pressure _124/84_

Eye Exam: _20/40_ OD  _20/25_ OS  _20/20_ OU

*If greater than > 140/90, repeat in 1 hour.*
*Refer to M.D. if remains > 140/90.*

**II.    TESTING – (LPN or RN)**          RESULTS

Tuberculin Skin Test (q yr)          Date given _2/7/06_  Site _(L) FA_
Read on _2/9/06_ Results _0_ mm

Past Positive TB Skin Test     →     Survey Completed _NA_
(Chest x-ray if clinical symptoms)     Date _NA_ Results _NA_
RPR (q 3 yrs)              Date _2-18-05_ Results _NR_
EKG (baseline at 35, over 45 q 3 yrs)     _2-9-05_
Cholesterol (at 35 then q 5 yrs)     _2-21-05_
Tetanus/Diptheria (q 10 yrs)     Last Given _2001_     Due _20 VI_
(if done today)             Site given _NA_  Dose _NA_ Lot # _NA_
Optometry Exam (@ 50 if not already seen)  _N/A_
Mammogram              Date _NA_  Results _NA_
(females @ 40, q 2 yrs/other M.D. order)   _FSBS refuses_

**PHYSICAL RESULTS -- ( RN, Mid-Level, M.D.)**

Heart                _reg rate/rhythm_
Lungs                _CTA_
Breast Exam            _NA_
Rectal (yearly after 45)        Results _NA_
with Hemoccult          Results _NA_
Pelvic and PAP (q 1 yr)        Date _NA_ Results _NA_

Facility _LCF_  Nurse Signature _Deloris Brown_ Date _2-2-06_

M.D. or Mid-Level  Signature _S. Poutried CRNP_  Date _2-6-06_

| INMATE NAME | AIS# | D.O.B. | RACE/SEX |
|---|---|---|---|
| Breach Marcellus | 160110 | 7-28-69 | B/M |

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

### *Special Diet Request*

Inmate's Name: _Broach, Marcelus_      Date: _1/20/06_

Housing Location: _____

Type of Diet: _Regular_

Start Date: _1/20/06_      Stop Date: _7/20/06_

Special Instructions (if needed): _____

_one sack meal per day with dinner_

Date Requested: _1/20/06_      Signature: _MW Bosserman, MD_

80130 (10/89)

(White - Kitchen Copy, Yellow - Patient File Copy)

## IMMUNIZATION RECORD

Name _Marcellus Breach_    AIS _160710_    DOB _7-28-69_

### HEP A VACCINE

Date _____ By _____

Date _____ By _____

### HEP B VACCINE

1) Date _____ By _____

2) Date _____ By _____

3) Date _____ By _____

### INFLUENZA

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

### PNEUMOCOCCAL

Date _____ By _____    Date _____ By _____

Date _____ By _____    Date _____ By _____

### TB PPD

Date _2/07/06_ Result _∅_    Date _____ Result _____

Date _____ Result _____    Date _____ Result _____

Date _____ Result _____    Date _____ Result _____

Date _____ Result _____    Date _____ Result _____

Date _____ Result _____    Date _____ Result _____

Date _____ Result _____    Date _____ Result _____

### TETANUS

Date _____ By _____

Date _____ By _____

### GC/CHLAMYDIA

Date _____ Result _____

Date _____ Result _____

Date _____ Result _____

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

### Special Diet Request

Inmate's Name: _Marcelus Broach_    Date: _5/5/05_

Housing Location: _____

Type of Diet: _Regular_

Start Date: _____    Stop Date: _11/5/05_

Special Instructions (if needed): _____
_T sack lunch qd to dinner_
_Dx: Hypoglycemia (confirmed by lab testing)_

Date Requested: _5/5/05_    Signature: _M. Passerness MD_

60130 (10/99)

(White - Kitchen Copy, Yellow - Patient File Copy)

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

INTAKE HEALTH EVALUATION

NAME: Breach, Marcelus
AIS #: 160710
D.O.B.: 7-28-69

Age 35   Sex M   Race B   Height 5'9"   Weight 160

Temp: 97.5   B/P: 124/82   Pulse: 68   Resp: 18
** B/P – If greater than 140/90, repeat in 1 hour. Refer to Mid-Level if B/P remains up.

Do you now or have you ever had, or been treated for:    FSBS - 82

| Problem | Y | N | Problem | Y | N | Problem | Y | N |
|---|---|---|---|---|---|---|---|---|
| Head Trauma | | ✓ | Gastritis | | ✓ | HIV/AIDS *** | | ✓ |
| Loss of Consciousness | | ✓ | Ulcers | ✓ | | ***Medications Verified | | ✓ |
| Severe Headaches | | ✓ | Bleeding | | ✓ | Hepatitis - Type | | ✓ |
| Vertigo/Dizziness | | ✓ | Gall Bladder/Pancreas | | ✓ | Gonorrhea | | ✓ |
| Vision Problems | | ✓ | Liver Problems | | ✓ | Syphilis | | ✓ |
| Hearing Problems | | ✓ | Arthritis | | ✓ | Lice, Crabs, Scabies | | ✓ |
| Seizures | | ✓ | Joint Muscle Problem | | ✓ | | | |
| Strokes | | ✓ | Back/Neck Problem | ✓ | | LMP | | |
| Nervous Disorders | | ✓ | Kidney Stones/Dz | | | Date | | |
| DT's | | ✓ | Bladder/Kidney Infection | | ✓ | Duration | | |
| Heart Condition | | ✓ | Alcoholism | ✓ | | Normal | | |
| Angina/Heart Attack | | ✓ | Drug Abuse | ✓ | | Regularity | | |
| High Blood Pressure | | ✓ | Psychiatric History | | ✓ | Gravida/Para | | |
| Anemia/Blood Disorder | | ✓ | Suicidal Thoughts** | | ✓ | AB/Miscarriage | | |
| Sickle Cell or Trait | | ✓ | **Immediate M.H. Referral | | | Contraception | | |
| Lung Condition | | ✓ | T.B. | | | Type: | | |
| Asthma * | | ✓ | PPD - date given: 2/17/05 | | | | | |
| *Peak Flow Reading | | | RFA/LFA | | | Lab Tests - Dates | N | Ab |
| Bronchitis | | ✓ | Date read: 2/20/05 | | | Diagnostic Profile II | | |
| Emphysema | | ✓ | Results: Ø  mm | | | RPR | | |
| Pneumonia | | ✓ | Visual Acuity | | | Urine Dip Stick | | |
| Diabetes | | ✓ | OD    OS | | | | | |
| Hay Fever/Allergies | | ✓ | OU 20/20 | | | EKG (@ age 35) | | |

Immunization History: Td 2001 - Stated current status

Immunizations Needed: Ø

***HIV Medications: Ø

Acute or Chronic Problem Noted: (Y)  N    Refer to Mid-Level or M.D. if yes.

_____    2/18/05 @ 0825
RN or Mid-Level, Signature    Date/Time

60511-AL

INTAKE HEALTH APPRAISAL

NAME: _Brach, Marcelles_
AIS#: _160110_
D.O.B.: _07 28 69_    R/S _Bm_

**HEALTH CLASSIFICATIONS:**
(Circle One)

1 - No Restrictions

2 – Temporary Restrictions
　　See Special Needs Form

3 – Permanent Restrictions
　　See Special Needs Form

4 – A&I (Aged & Infirmed)

5 – Not Determined
　　Recheck_____.

**PLACEMENT:**

General Population        ( )
Emergency Department      ( )
Isolation                 ( )
Medical Observation       ( )
Other_____

**REFERRAL:**
CCC Placement        ( )

Clinic(s)_____
　　See MD/Mid-Level flow sheet
　　for clinic(s).
Medical              ( )
Dental               ( )
Mental Health        ( )
Other_____
When: ( ) Immediately
　　　( ) Next Sick Call

**IMMUNIZATIONS ORDERED:**

_____

Medications Ordered: O

| APPRAISAL | | N | Abn/Comment |
|---|---|---|---|
| General Movement | Deformity / Pain, Bleeding / Habitus, Hygiene | ✓ | |
| Neuro | Mental Status / Intox Withdrawal, Tremor / Neuro-Deficits | ✓ | A1O |
| Skin | Injury, Bruises, Trauma / Jaundice Diaphoretic / Rash, Lesions, Infestations / Needle Marks / Color, Turgor | ✓ | denies lesions / scars |
| Head | Normocephalic / Atraumatic / Hair, Scalp | ✓ | |
| Eyes | Glasses/Vision / Pupils / Sclera, Conjunctiva | ✓ | PERRLA |
| Ears | Appearance / Canals, TMs, Hearing | ✓ | |
| Nose | Epistaxis / Sinuses | | |
| Throat | Teeth, Gums, Dentures / Mouth, Tongue, Tonsils / Airway | | |
| Neck | C-Spine, Mobility / Veins, Carotids / Thyroid, Lymph Nodes | ✓ | full ROM |
| Chest | Config. Ausc/Resp / Cough/Sputum / Breast/Masses | ✓ | CTAB |
| Heart | Ausc Rate, Rhythm / Murmurs, Ectopy | | |
| Abdomen | Bowel Sounds / Palp, G/R/T, Hernia | | mid epigastric tenderness reported |
| GU | Flank Tenderness / Bladder Tenderness/Distention | ✓ | |
| Back | ROM, Spasm, Injury | | full ROM |
| Extremities | Edema, Pulse | ✓ | + edema |
| Genitals | Injuries/Lesions | | deferred |
| Pelvic Pap | | | |
| Rectal/Guiac (required @ 45 and up) Deferred/follow-up: | | | |

_M Webb-CRNP_        _02/18/05  08³⁰_
**M.D. or Mid-Level Signature**        **Date/Time**

I have read the *access to health care* information sheets and have been given a copy.    I understand how to access health care.

Name _Marcellus Breach_    Date _February 18, 2005_

AIS# _160710_

Medical Staff _D. Degu_    Date _2/17/05_

4/13/04



5'9
170
142/86
55

**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

DEPARTMENT OF CORRECTIONS

## KITCHEN CLEARANCE
## PHYSICAL ASSESMENT

|  | YES | NO |
|---|---|---|
| ANY OPEN SORES OR RASHES ON HANDS, ARMS, FACE & NECK |  | ✓ |
| TB TEST CURRENT | ✓ |  |
| DOES PT. SHOW ANY OBVIOUS SIGNS OF ANY OTHER DISEASE |  | ✓ |

OTHER: _____

_____

_____

THIS PATIENT HAS BEEN INFORMED OF THE NEED FOR THE FOLLOWING:

PROPER HANDWASHING, NOT TO HANDLE FOOD WHILE SICK, SEEK MEDICAL EVALUATION WHEN NECESSARY AND TO NOTIFY THE DIETARY SERVICES SHIFT SUPERVISOR OF ANY ILLNESS.

MEDICAL AUTHORITY: _K. Powell_____ DATE: _3/31/05_____

I attest that the above statement is true to the best of my knowledge.
PATIENT SIGNATURE: _____ DATE: _3/31/05_____

EXPIRATION DATE: _3/31/06_____

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | Race/Sex | FAC. |
|---|---|---|---|---|
| Breach, Marcelus | 160710 | 7/28/67 | B/M | LCF |

PHS-MO-70042   (White - Medical File, Yellow - Kitchen Supervisor, Pink - Classification Administrator (Inmate))



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

### DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF NEXT OF KIN

**In the event of a serious injury or illness, I request the following person be notified:**

JoAnn Breach          mother
Name                               Relationship

16533 Willow Springs Rd
Street Address                                    Phone Number

Huntsville  Al          256-830-6411
City                    State              Zip Code

Marcellus Breach       160710    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  2-2-06
Inmate Signature        Doc#        S.S.#        Date

                    Willie Bumb    2-2-06
Witness                                           Date

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | RACE/SEX | FAC. |
|---|---|---|---|---|
| Breach Marcellus | 160710 | 7-28-69 | B/M | LCF |

PHS-MD-70003          (White – Medical Record, Yellow – Active File, Pink – Control Center)

**PHS**
PRISON
HEALTH
SERVICES
ALABAMA 123

## INTAKE SCREENING

| Date: 02/17/05 | | AIS# 160710 |
|---|---|---|

| Last Name: Breach | First: Marcelles | Middle: Brother |
|---|---|---|
| Birthplace: Takoma Park, Md | DOB: 07/28/1969 | SS# 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 |

FEMALES: Pregnancy Test: (circle one)    Positive    Negative

| B/P 118/80 | Temp 98.7 | Pulse 90 | Resp 20 | Weight 168 |
| FSBS | | (Here) > 200, repeat within 48 hours. Above 300 call M.D. |

Previous Hospitalizations/Surgeries/Major Illness/Current Illness. What? Where?

Hypoglycemia, Hernia, Ulcer

Previous Incarcerations/Date & Facility?

2000 KCF

Medications: [ ] None    meds for ulcer    Special Diet (Prescribed)    Past Positive TB Skin Test (circle one)   YES  (Complete TB Screening Form)  (NO)

Allergies: [ ] NKA

ANY INMATE WHO IS UNCONSCIOUS, SEMICONSCIOUS, ACTIVELY BLEEDING, IN ACUTE PAIN AND URGENTLY IN NEED OF MEDICAL ATTENTION SHOULD IMMEDIATELY BE REFERRED FOR EMERGENCY CARE.

## CLINICAL OBSERVATIONS

1) Level of Consciousness: ( ✓) Alert    (✓) Oriented; time, place, person
( ) Lethargic ( ) Stuporous ( ) Comatose

Describe:

2) General Appearance    (✓) Normal ( ) Abnormal

3) Signs of Trauma    ( ) Yes    ( ✓) No

4a) Behavior/Conduct: (✓) Calm    (✓) Cooperative    (✓) Non-Violent
( ) Agitated ( ) Uncooperative ( ) Violent
( ) Manipulative ( ) Disorganized

Describe:

4c) Perceptions:    ( ) Delusional    ( ) Hallucinations

3) Substance Abuse:    (✓) Yes    ( ) No    ( ) Suspected
( ) Use    ( ) Withdrawal Symptoms
Current Intoxication/Abuse    (Drugs Taken) qd-3-4

Describe- What kind? Amount/Frequency?    Marijuana
diet pills
* If confirmed Benzo use, then call M.D. If can not be confirmed, call M.D.
Last Use: (Time/Date):    Jan 09 2005

4b) Affect/Mood (✓) Normal ( ) Manic    ( ) Depressed
( ) Euphoria ( ) Flat ( ) Emotionally Confused

Describe:

( ) Hearing Voices

5a) Is there h/o actual suicide attempt?    ( ) Yes ( ✓) No
5c) Is there evidence

If ANY of the above in #5 are circled, staff MUST describe here, include previous history and dates:

*Any abnormal observations #4 or 5 require immediate Mental Health Referral.

5b) Does pt describe current suicidal thoughts or ideations? ( ) Yes  (✓) No
5d) High risk pt may become assaultive towards staff? ( ) Yes   ( ✓) No

Triggers for Suicide Watch
- Currently Suicidal
- History of actual attempt
- Fails to maintain control on
Close Watch    Y or N

Triggers for Close Watch
- Emotionally distraught and unable to regain composure by end of intake process
- Actively hallucinating or not making any sense   Y or N

6a) Communication Difficulties    ( ) Yes   ( ✓) No
6c) Hearing Impairment    ( ) Yes   ( ✓) No

6b) Memory Defects    ( ) Yes   ( ✓) No
6d) Speech Difficulties    ( ) Yes   ( ✓) No

7) Physical Aids: (✓) None    ( ) Glasses    ( ) Contacts    ( ) Hearing Aid    ( ) Dentures    ( ) Cane    ( ) Crutches
( ) Walker    ( ) Wheelchair    ( ) Braces    ( ) Artificial Limb    ( ) Other

8) Additional comments, complaints, symptoms:    None

S)

O)    Fever    Y    (N)    Swollen Glands    Y    (N)    Signs of Infection    Y    (N)    Skin Intact    (Y)    N

A)

P)

If known Diabetic * Call M.D. for order _____ Initial Insulin given: _____

I have answered all questions truthfully. I have been told and shown how to obtain medical services. I hereby give my consent for

health services to be provided to me by and through PRISON HEALTH SERVICES.

_____    _____
Inmate's Signature/Date    Health Provider Signature/Date



PHS
PRISON HEALTH SERVICES, INC.

DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF NEXT OF KIN

In the event of a serious injury or illness, I request the following person be notified:

Joann Breach                    Relationship    mother
Name                                                         or
                                                              256-852-8509
6533 Willow Sp         256-830-641)
Street Address                          Phone Number

A'ville,              AL      35806
City                 State    Zip Code

_Aubrey McBride_         160710    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    2/17/05
Inmate Signature        AIS#      SS#            Date

_Susie Williams RN_                             02/17/05
Witness                                          Date

| INMATE NAME (LAST, FIRST, MIDDLE) | AIS# | D.O.B. | RACE/SEX | FACILITY |
|---|---|---|---|---|
| Breach, Marcelles | 160710 | 07/28/69 | BM | KCF |

Breach, Marcellus    **PSYCHOLOGICAL UPDATE**

Name: _Burnce Murcellus_ AIS#: _160710 D_    R/S: _Bm_

Date: _3/10/05_    Date of Birth: _7/28/69_    Age: _35_

Inmate _Breach_ was last evaluated by ADOC psychology staff member _Bnatly_ on _11/7/02_.

A diagnosis of _NS_ was made and the inmate was recommended for participation in _SAP._

The following observations and recommendations are made as a result of the current interview:

I. <u>Educational Needs</u>
_____ a. ABE    _____ b. Special Education    _____ c. Trade School    _____ d. Junior College

II. <u>Mental Health Needs</u>        SAP x 4

_____ A. Refer to psychiatrist    _____ E. Sexual adjustment    _____ I. Self-concept enhancement

_____ B. Substance abuse counseling    _____ F. Reality therapy    _____ J. Healthy use of leisure

_____ C. Depression    _____ G. Anger-induced acting out    _____ K. Personal development

_____ D. Stress management    _____ H. Values clarification

Date referred to psychiatrist _____/_____/_____

III. RECOMMENDATIONS/REMARKS: _DOC x 5 - Inmate has commits over 18 years behind..._ _life style criminal - Hard core._ _Recommend Release Prevention app..._ _Dist_ _high risk for recommit release._

MENTAL HEALTH CODE:    SMI    HARM    HIST    (NONE)

Evaluation Completed by: _WBBnatly_    Date: _3/10/05_

N-259 A (2/2001)
*White to Central Records*
*Yellow to Institutional File*
*Pink to Data Entry and forwarding to Medical Record*

# ALABAMA DEPARTMENT OF CORRECTIONS
## INMATE ORIENTATION TO MENTAL HEALTH SERVICES

The Alabama Department of Corrections provides the following mental health services:

- Assessment and treatment of mental illness
- Referral to a psychiatrist, if necessary for medication
- On-going psychiatric treatment
- Group and individual counseling
- Assistance in dealing with stressful problems (adjustment to prisons, grief and loss, family problems)
- Crisis intervention
- Residential mental health treatment and hospitalization, if necessary

If you wish to speak with mental health staff about routine matters such as scheduling for group or individual counseling, send in a Health Services Request form.

In emergency situations or if you have concerns that need to be addressed immediately, contact any correctional officer so that you may receive mental health assistance as soon as possible.

Your participation in mental health services is voluntary except in emergency situations or when you have been provided due process through administrative review.

If you believe the mental health services provided to you is inadequate, you may file an inmate grievance.

Information about the mental health services provided to you is confidential except in the situations when mental health staff believe that you may be:

- Suicidal
- Homicidal
- Presenting a clear danger of injury to self or others
- Presenting a reasonable clear risk of escape or creation of institutional disorder
- Receiving Psychotropic medication
- Requiring movement to a special unit or cell for observation and treatment
- Requiring transfer to a psychiatric hospital outside of the prison
- Requiring a new program assignment for mental health reasons

Mental health staff has a legal duty to report to appropriate authorities any unreported suspected abuse or neglect of a child.

Mental health and medical staff will have access your mental health records when completing their duties. The following persons may have access to your mental health records on a need to know basis:

- Warden of the institution or designee
- Internal investigation staff and legal counsel working with the ADOC
- Departmental and accrediting audit staff
- Persons authorized by a court order or judgment

All other persons or agencies require an authorization for release of information signed by you before gaining access to your mental health records.

*This information on this form has been explained to me and I have received a copy of the information for my future reference.*

_____    160710    2-17-05
Inmate Signature    AIS #    Date Signed

BREACH, MARCELLES

Feb 04 05 09:17a    MHM Service KCF         334 215 6661         p.4

## ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
## RECEPTION MENTAL HEALTH SCREENING

Institution: _Kilby_     Date/Time Inmate Received: _2-7-05_

Date/Time of Screening: _2-7-05_   Signature/Title of Screener: _G. Henderson RN_

### MENTAL HEALTH TREATMENT PRIOR TO ENTERING THE ADOC
- ☐ Yes ☑ No  Psychotropic medication: _____
- ☐ Yes ☑ No  Medication turned over to ADOC upon arrival? _____
- ☐ Yes ☑ No  Mental health follow-up in last 90 days: _____
- ☐ Yes ☑ No  Suicide/self-harm attempts in last 90 days: _____

### MENTAL HEALTH HISTORY  Does inmate report a history of the following (if yes, provide details):
- ☐ Yes ☑ No  Outpatient treatment: _____
- ☐ Yes ☑ No  Inpatient treatment: _____
- ☑ Yes ☐ No  Psychotropic medication: _____
- ☐ Yes ☑ No  Suicidal attempts: _____
- ☐ Yes ☑ No  Suicidal thoughts: _____
- ☐ Yes ☑ No  Head injury: _____
- ☑ Yes ☐ No  Seizures: _2/3 yrs ago x1_
- ☐ Yes ☑ No  Violent behavior: _____
- ☑ Yes ☐ No  Substance abuse: _alcohol - Xanax_
- ☑ Yes ☐ No  Substance abuse treatment: _Drug - SAP_
- ☐ Yes ☑ No  Special education classes: _Bus college_

### INMATE SELF-REPORT OF CURRENT STATUS
- ☐ Yes ☑ No  First incarceration (reaction): _____
- ☑ Yes ☐ No  Reports family support: _____
- ☐ Yes ☑ No  Reports serious depression/remorse: _____
- ☐ Yes ☑ No  Thinking about suicide: _____
- ☐ Yes ☑ No  Has plan for suicide: _____
- ☐ Yes ☑ No  Possible to implement plan: _____
- ☐ Yes ☑ No  Reports hallucinations: _____

### BEHAVIORAL OBSERVATIONS
- ☐ Poor eye contact   ☐ Poor hygiene   ☐ Unable to pay attention   ☐ Unresponsive
- ☐ Disoriented   ☐ Overly anxious   ☐ Unable to follow directions   ☐ Unable to read
- ☐ Crying   ☐ Memory deficits   ☐ Signs of self-mutilation   ☐ Afraid
- ☐ Illogical speech content   ☐ Appears to be hearing voices or seeing things   ☐ Paranoid
- ☐ Hostile   ☐ Other unusual behavior: _____

### DISPOSITION/ PLACEMENT RECOMMENDATION (based on reception mental health screening)
- ☐ Routine housing and mental health follow-up
- ☐ Priority mental health follow-up but not emergency
- ☐ Current psychotropic meds verified/interim supply ordered
- ☐ Emergency mental health referral
- ☐ Safe cell placement recommended
- ☐ Parole violator interim assessment referral

Inmate Name _Breach, Marcellus_    AIS # _160010_

Page 1 of 3

**Out of State Transfer Screen Result**

____ Waiting on TB review results prior to transfer clearance

_____
Evaluator/Date

____ All screening complete. Clear to transfer per medical professional  evaluation
(Complete the _Intra-System Transfer Screening_ form)

L. Lawson M HSA 3-1-06
_____
Evaluator/Date

____ May **not** transfer at this time per medical professional evaluation

_____
Evaluator/Date

*If the evaluator has question/s as to any assessment, the facility physician should
conduct the final evaluation.*

____ Refer to Site Medical Director for further evaluation.

_____
Evaluator/Date

Site MD _____

____ May transfer at this time

____ May **not** transfer at this time due to:

_____

Site MD Signature/Date _____

**Mental Health:** An inmate should not be disqualified for transfer if:
  * Coded SMI due to being prescribed medication for sleep disturbance.
  * Coded HIST, but stable and on no medication.

Inmate Name _Breach, Marcelus_ AIS# _160710_

Out of State Transfer Screening
Medical Fitness Evaluation Guideline

*This screening process is to evaluate the individual inmate's health care needs, for potential assignment to an institution that may offer limited medical and mental health services. This list provides a basic guideline for medical fitness evaluation and is not intended to be self-limiting or replace the prudent clinical judgment of a medical professional.*

Inmates <u>may not be transferred</u> if their medical profile includes <u>one or more</u> of the following treatment needs:

_____ **Medications:**

    _____ More than two prescriptions have been ordered to treat hypertension

    _____ Insulin dependent diabetic

    _____ Currently taking a beta blocker

    _____ Anticoagulant therapy has been prescribed

_____ **Specialty Services:**

    * *Inmates currently taking INH as preventative therapy <u>may</u> be transferred.*

    _____ Under treatment for any active infectious disease.

    _____ Requires specialty services such as;
    ___ Dialysis ___ CPAP ___ Other (list)_____

    _____ Have activity of daily living (ADL) needs/assistant requirements

_____ **Dental Services:**

    _____ Currently undergoing a progressive dental process

    **Awaiting dentures* <u>may</u> be transferred however, <u>the transfer sheet must note that dentures have been ordered and they are awaiting the arrival of dentures</u>. **Please add to list being compiled for follow-up* so dentures may be shipped to the receiving institution.

Inmate Name _____ AIS# _____

Page 3 of 3

_____ Current Treatments:

    _____ Has a degenerative disease such as;
        ___ Ca ___ MS ___ Sickle Cell ___ Other (list) _____

_____ Seizures:

    _____ Documented seizure activity in excess of two episodes with in the last 3
        months

_____ Major Surgery:

    _____ Had a major surgical or invasive procedure within the last 60 days
        ___ CABG _____ Internal Shunt Placement ___ Joint Replacement
        ___ Other (list) _____

_____ Appointments:

    _____ Have a scheduled outside appointment for any medical or dental <u>necessity</u>
        in the next 90 days

_____ Asthmatic:

    _____ Have required emergency medical intervention more than three times in
        the last six months for an Asthmatic episode
    _____ Require regularly scheduled Ventolin updraft treatments

_____ **Physical needs to be updated**
        *\*<u>Do not</u> hold an inmate up for transfer if he/she is due for their annual
        physical. However, do make a notation of the need for an updated
        physical on the transfer sheet form.*

_____ **The PPD reading is greater than 30 days old or the last normal chest x-ray
    (for a past positive) is more than 2 years old or a new TB Screen form is
    required. Complete as marked below:**

    _____ PPD to be planted and read with clearing results documented

        Results: _____ / Date: _____

    _____ Requires a chest x-ray and results review clearance

        Results: _____ / Date: _____

    _____ Requires a TB Screening form be completed with normal results

Inmate Name _____ AIS# _____

## LCS MEDICAL TRANSFER SUMMARY

FACILITY: _____ SWC _____

OFFENDER NAME: Breach, Marcelus    DOC# A·160710

DOB: 7/28/69  SS# 417·19·5989    RACE B    SEX M

**MEDICAL SUMMARY: Diagnosis, Current Treatment, Follow up appointments, etc.**

(R) ankle sx  (R) foot deformity
status L4&L5 crushed

TB SKIN TEST
DATE & RESULTS _____ 2/27/06  ☑ nml _____

ALLERGIES: _____ NKA _____

DIET: _____ Regn _____

**CURRENT MEDICATION & DOSAGE :**

Naproxen 500mg po bid prn

**CURRENT MENTAL HEALTH STATUS:**

Stable

_____ 10/6/06 _____
Date

_____ M. Dugan, LPN _____
Name and Title of Staff Member Completing Form

LCS CORRECTIONS SERVICES, INC.

**Basic Offender Physical Examination / Health Screening**

Date 3/20/06

Facility SLCC

Offender: Breach, Marcelus    # AIS 160710 DOB: 7/28/69 SEX: M RACE: B

Testing: T.B.: 2/27/06 8mm    Other: _____

General: B.P.: 100/58 Pulse: 80  Resp: 16  Temp: 98.4 Height: 5'9" Weight: 161

### 1. DO YOU NOW OR HAVE YOU EVER HAD ANY OF THE FOLLOWING AILMENTS? (CHECK YES OR NO)

| AILMENT | Y | N | AILMENT | Y | N | AILMENT | Y | N |
|---|---|---|---|---|---|---|---|---|
| Head Injury | | ✓ | Stomach Problems | | ✓ | Cancer | | ✓ |
| Headaches | | ✓ | Hernia  Inguinal (L) | ✓ | | Operations 3x (L) ankle | ✓ | |
| Epilepsy | | ✓ | Broken Bones / Fractures | | ✓ | Skin Disorders | | ✓ |
| Defective Hearing | | ✓ | Joint Injuries   ankle | ✓ | | Communicable Diseases | | ✓ |
| Sinus Problems | | ✓ | Physical Deformities | | ✓ | Mental Illness | | ✓ |
| Surgical Removal of disk or spinal fusion | | ✓ | Diabetes (Medication Yes___ No___) | | | Drug Addiction | | ✓ |
| TB, Asthma, Emphysema | | ✓ | Hemophilia | | ✓ | Alcoholism | | ✓ |
| Heart Trouble | | ✓ | Arteriosclerosis | | | Polio (poliomyelitis) | | ✓ |
| Dizziness / Blackouts | | ✓ | Cataracts / Glaucoma | | ✓ | Dental Problems  1(R) cavity | ✓ | |
| High Blood Pressure | | ✓ | Back or Neck Injury L5 stretched | ✓ | | Other: | | |
| Stroke | | ✓ | Thrombophlebitis | | ✓ | | | |

Explain all "YES" answers. Please use back of form to give further explanation and details.

| LEVEL OF CONSCIOUSNESS | |
|---|---|
| Pupils | |
| Heart | |
| Lungs | |
| Abdomen | |
| Deformities | |
| Skin | |
| Other | |

ILLUSTRATE ON THE DIAGRAM(S) THE POSITION OR PLACE OF INJURY IF ANY:



3x on Ankle

REFERRAL MADE:
☑ YES ☐ NO ☐ N/A

REFERRAL NEEDED:
☑ PHYSICIAN ☐ DENTAL ☐ MENTAL HEALTH
          ☐ ROUTINE SICK CALL
          ☐ EMERGENCY SICK CALL
          ☐ NONE

PHYSICIAN / MEDICAL STAFF REMARKS / RECOMMENDATIONS:
3x (L)ankle   no ankle (L) foot deformity

EXAMINING MEDICAL STAFF: M. Dugao LPN

PHYSICIAN SIGNATURE: _____

DATE: 3/20/06

LCS CORRECTIONS SERVICES, Inc.
**Immunization Record**

OFFENDER: _Breach, Marcalus_    OFFENDER #: _____

ALLERGIES: _____NKA_____    DOB _7/28/69_

PPD

| DATE GIVEN | NURSING SIGNATURE | DATE READ | RESULTS | NURSING SIGNATURE |
|---|---|---|---|---|
| On Transf 2/27/06 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

TETANUS

| DATE | DOSE | NURSE'S SIGNATURE |
|---|---|---|
| | | |
| | | |

*Ab; Men*

*Marcelus Breach*

GENERAL SERVICES ADMINISTRATION
INTERAGENCY COMMITTEE ON MEDICAL RECORDS
FIRMR (41 CFR) 201-45.505

| HEALTH RECORD | DENTAL |
|---|---|

## SECTION I. PRESENTING DENTAL STATUS

| | | | PAGE: | 1 |
|---|---|---|---|---|

| 1. PURPOSE OF EXAMINATION | | | 2. TYPE OF EXAM | 3. DENTAL CLASSIFICATION |
|---|---|---|---|---|
| INITIAL | SEPARATION | OTHER (specify) | 1 | 2 | 3 | 1 | 2 | 3 | 4 |

4. MISSING TEETH, EXISTING RESTORATIONS, AND PROSTHETIC APPLIANCES

REMARKS

6-13-06
# 15 Occ Amal
1 carp L.d
1 PA film
#9

$\cancel{A} = 25$
$\cancel{A} = 10$
$\overline{35}$

USE ONLY IF DIFFERENT FROM BOX 7 BELOW

PLACE OF EXAMINATION                    DATE

SIGNATURE OF DENTIST COMPLETING THIS SECTION

5. DISEASES AND ABNORMALITIES

REMARKS

Crown denied
4/13/06 per Ala
Commi office
[signature]

### 6. INDICATE X-RAYS USED IN THIS EXAMINATION

7. EXAMINING DENTIST AND FACILITY

PLACE OF EXAMINATION                    DATE

| PANORAMIC RADIOGRAPHS | FULL MOUTH PERIAPICAL | POSTERIOR BITE-WINGS | OTHER: | NONE TAKEN | SIGNATURE OF DENTIST |
|---|---|---|---|---|---|

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

| PATIENT'S NAME (Last, First, Middle Initial) | | SEX |
|---|---|---|
| DATE OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| SPONSOR'S NAME | | RANK/GRADE |
| SSN OR IDENTIFICATION NO. | ORGANIZATION | |

DR MIKE WOODRUFF
PO 507
MARKSVILLE LA 71351

EXCEPTION TO SF 603
APPROVED BY GSA/IRMS 1-91

DENTAL
Standard Form 603

al Men

GENERAL SERVICES ADMINISTRATION
INTERAGENCY COMMITTEE ON MEDICAL RECORDS.
FIRMR (41 CFR) 201-45.605

Marcelus Breach

| HEALTH RECORD | DENTAL |
|---|---|

| SECTION I. PRESENTING DENTAL STATUS | | PAGE: 1 |
|---|---|---|

| 1. PURPOSE OF EXAMINATION | | | 2. TYPE OF EXAM | 3. DENTAL CLASSIFICATION |
|---|---|---|---|---|
| INITIAL | SEPARATION | OTHER (Specify) | 1 2 3 4 | 1 2 3 4 |

4. MISSING TEETH, EXISTING RESTORATIONS, AND PROSTHETIC APPLIANCES

A B C D E F G H I J

PRN

RIGHT  1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16  LEFT

T S R Q P O N M L K

REMARKS

6-13-06

#15 occ Amal        A = 25
1 Carp L+d

1 PA film          X = 10
  #9               = 35

Regent...

USE ONLY IF DIFFERENT FROM BOX 7 BELOW

PLACE OF EXAMINATION                    DATE

SIGNATURE OF DENTIST COMPLETING THIS SECTION

5. DISEASES AND ABNORMALITIES

A B C D E F G H I J

RIGHT  32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17  LEFT

T S R Q P O N M L K

REMARKS

Crown denied
per ada
4/13/06           comm
                  office

6. INDICATE X-RAYS USED IN THIS EXAMINATION

| PANORAMIC RADIOGRAPHS | FULL MOUTH PERIAPICAL | POSTERIOR BITE-WINGS | OTHER: | NONE TAKEN |
|---|---|---|---|---|

7. EXAMINING DENTIST AND FACILITY

PLACE OF EXAMINATION                    DATE

SIGNATURE OF DENTIST

| PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint) | PATIENT'S NAME (Last, First, Middle Initial) | | SEX |
|---|---|---|---|
| | DATE OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| | SPONSOR'S NAME | | RANK/GRADE |
| | SSN OR IDENTIFICATION NO. | ORGANIZATION |

DR MIKE WOODRUFF
PO 507
MARKSVILLE LA 71351

EXCEPTION TO SF 603
APPROVED BY GSA/IRMS 1-91

DENTAL
Standard Form 603



**SPECIAL NEEDS COMMUNICATION FORM**

**Date:** 5/5/05

**To:** DOC

**From:** Dr. Bosserman

**Inmate Name:** Marcelus Breach          **ID#:** 160710

The following action is recommended for medical reasons:

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until 11/5/05

5. Other _____

**Comments:**

No lifting greater then 25 lbs

No standing/walking greater then 1 hour

Dexterity of (L) foot

Ankle brace on (L)
Hernia Truss

**Date:** 5/5/05 **MD Signature:** MW/Bosserman MD **Time:** _____

60418

## RECEIVING SCREENING FORM

INMATE'S NAME: _Breach, Marcelles_    DATE: _2/17/05_ TIME: _9:00 AM_

DOB: _7/28/69_    OFFICER: _Darnell Moore_    INSTITUTION: __KILBY__

### RECEIVING OFFICER'S VISUAL OPINION

|  | YES | NO |
|---|---|---|
| Is the inmate conscious? | ✗ | — |
| Does the inmate have any obvious pain or bleeding or other symptoms suggesting the need for doctor's care? | — | ✗ |
| Are there any visible signs of trauma or illness requiring immediate emergency or doctor's care? | — | ✗ |
| Any obvious fever, jaundice, or other evidence of infection which might spread through the institution? | — | ✗ |
| Is the skin in poor condition or show signs of vermin or rashes? | — | ✗ |
| Does the inmate appear to be under the influence of alcohol, or drugs? | — | ✗ |
| Are there any signs of alcohol or drug withdrawal? (Extreme perspiration, shakes, nausea, pinpoint pupils, etc.) | — | ✗ |
| Is the inmate making any verbal threats to staff or other inmates? | — | ✗ |
| Is the inmate carrying any medication or report that he is on any medication which must be continuously administered or available? | — | ✗ |
| Does the inmate have any obvious physical handicaps? | — | ✗ |

### FOR THE OFFICER

Was the new inmate oriented on sick/dental call procedures?

This inmate was    _✗_    a. Released for normal processing

_____    b. Referred to health care unit

_____    c. Immediately sent to the health care unit.

_Darnell Moore_
Officer's Signature

This form will be completed at receiving and will be filed in the inmate's medical jacket to comply with NCCH Standards.



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PHYSICIANS' ORDERS

NAME: Breach, Marcelus
1607716
D.O.B. 7/28/69
ALLERGIES: ∅
Use Last    Date 1/20/06

DIAGNOSIS (If Chg'd)
sack meal at ☓ dinner x 6 mths
MW Bosselman MD

☐ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Breach, Marcus
D.O.B. 7/28/69
ALLERGIES: NKDA
Use Fourth    Date 8/25/2005

DIAGNOSIS (If Chg'd)
Tylenol 325 mg po ii po Bid pain X 7 days

Per nursing protocol
S McComis RN

☐ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Breach, Marcellus
#160716
D.O.B. 7/28/69
ALLERGIES: NKDA
Use Third    Date 6/10/05

DIAGNOSIS (If Chg'd)
Ibuprofen 600 mg tid X 5 days

☐ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Breach, Marcelus
D.O.B. 7/28/69
ALLERGIES: ∅
Use Second    Date 5/5/05

DIAGNOSIS (If Chg'd)
Tylenol 325, ii po tid prn pain X 90 days
Keflex 500, i cap po tid x 7 days
LS x-rays, 2 views. Previous hx of fx
calcaneal XR's, bilaterally
MW Bosselman MD

☐ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Breach, Marcelus
160716
D.O.B. 7/28/69
ALLERGIES: NKDA
Use First    Date 2/18/05

DIAGNOSIS
EKG
CMP loHO

V.O. m Webb CRP/off
M Stacey

☐ GENERIC SUBSTITUTION IS NOT PERMITTED

MEDICAL RECORDS COPY

60110 (4/03)



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus                    D.O.B.: 7/28/69 |
|-----------|---------------------------------------------------------------------|
| 5/05/05   | (S)   C/O   LBP, hernia pain, (L) foot pain. Hypoglycemia           |
| 1600      | (PMH)  Trauma to LS spine from fall. Reports 2 compression fx's     |
|           | calcaneal fx, (L) foot. From the fall                               |
| 138/82    | Inguinal hernia x 1 year                                            |
| 154 lbs   | Hypoglycemia since adolescence                                      |
| 97²       | (PE)  NAD w̄ pleasant affect          2 cm, irregular red patch     |
| P = 104   | Speech, conversation nl          on abd, central bite mark          |
| R = 12    | Gait nl                                                             |
|           | (L) foot with bony changes involving calcaneus                      |
|           | 3 x 5 cm inguinal hernia on (L), not into scrotum                   |
|           | (A)  • Hypoglycemia                                                 |
|           | (P)      ↑ snack bunch qd. The sandwiches to be used to             |
|           | avoid hypoglycemia                                                  |
|           | • Inguinal hernia — truss issued                                    |
|           | • foot/ankle pain — ankle wrap                                      |
|           | X-rays of LS spine and foot.                                        |
|           | • LBP - tylenol prn                                                 |
|           | • Keflex bid x 7δ for possible cellulitis                           |
|           | • Profiles written                                                  |
|           |                    M.W. Bossesrom, MD                               |

60111 (5/85)                    **Complete Both Sides Before Using Another Sheet**



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: _Breach, Marcellus 193411_

Date of Birth: _7/28/69_                     Social Security No.: _____

Date: _10/12/06_                     Time: _6:00_ (AM) / P.M.

This is to certify that I, _Marcellus Breach_ , currently in
                          (Print Inmate's Name)

custody at the _____ _KILBY_ _____ , am refusing to
                          (Print Facility's Name)

accept the following treatment/recommendations: _sick call because I_
                                          (Specify in Detail)
_can't handle this mentally_

---

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which may result from this action/refusal and I personally assume all responsibility for my welfare.

_Marcellus Breach_                     _Lorraine Graves_
(Signature of Inmate)**                     (Signature of Medical Person)

_____                     _____
(Witness)                          (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60115 (5/85)

**PHS**

Nursing Evaluation Tool:                    **General Sick Call**

Facility: Alabama Department of Corrections

Patient Name: Breach, Marcellus
                Last          First          MI

Inmate Number: 160710            Date of Birth: 7/28/69
                                                MM  DD  YYYY

Date of Report: 10/12/06        Time Seen: 6:00  (AM) PM  Circle One
                MM  DD  YYYY

**Subjective:** Chief Complaint(s): I have a medical Hold on me.

Onset: I have an inguinal Hernia Lt x 2yrs.

Brief History: 37 yo BM c̄ Hx LIH x 2 yrs
(Continue on back if necessary)

_____

_____

☐ Check Here if additional notes on back

**Objective:** Vital Signs: (As Indicated) T: 97.8 P: 70 RR: 18 B/P: 100/70/60

Examination Findings: A + O x 3 Resp. reg c̄ ease. VS WNL NAD
(Continue on back if necessary)

_____

_____

_____

☐ Check Here if additional notes on back

**Assessment:** (Referral Status)    Preliminary Determination(s): Pt in comfort

☐ Referral **NOT REQUIRED**                    R/T above statement

☒ Referral **REQUIRED** due to the following: (Check all that apply)
    ☐ Recurrent Complaint (More than 2 visits for the same complaint)
    ☒ Other: Need release written

_____

**Comment:** You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

**Plan:** Check All That Apply:
☐ Instructions to return if condition worsens.
☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
☐ Other: _____
            (Describe)
OTC Medications given ☒ NO ☐ YES (If Yes List): _____

Referral: ☐ NO ☒ YES (If Yes, Whom/Where): B Adams CRNP       Date for referral: 10/12/06
                                                                            MM  DD  YYYY
Referral Type: ☐ Routine ☐ Urgent ☐ Emergent (if emergent who was contacted?): _____  Time _____

x _____ RN          Name: Lorraine Graves
        Nurses Signature                        Printed



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: _Breach, Marcelus 160710_

Date of Birth: _7/28/69_                    Social Security No.: _____

Date: _10/9/06_                    Time: _600_ (A.M.) P.M.

This is to certify that I, _Marcellus Breach_ , currently in
(Print Inmate's Name)

custody at the _KILBY_ , am refusing to
(Print Facility's Name)

accept the following treatment/recommendations: _Sickcall Because I_
(Specify in Detail)

_don't need the medication_

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks
involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional
personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this
action/refusal and I personally assume all responsibility for my welfare.

_Marcellus Breach_                    _Lorraine Graves_
(Signature of Inmate)**                    (Signature of Medical Person)

_____                    _____
(Witness)                    (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60115 (5/85)



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Breach, Marcellus_  Date of Request: _10/4/06_
ID # _160710_ _____ Date of Birth: _7/23/69_ Location: _W-16_
Nature of problem or request: _____

_Transfer from Louisiana_

_Medication: Naprosyn 500 mg x PO_
_Marcellus Breach._
_____ Signature

**DO NOT WRITE BELOW THIS LINE**

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

┌─────────────────────────────┐
│         RECEIVED            │
│ Date:                       │
│ Time:                       │
│ Receiving Nurse Intials ___ │
└─────────────────────────────┘

**(S)ubjective:**

**(O)bjective**  (V/S): T: _____ P: _____ R: _____ BP: _____ WT: _____

10/9/06
signed
Walker

**(A)ssessment:**

**(P)lan:**

Refer to:  MD/PA  Mental Health  Dental  Daily Treatment    Return to Clinic PRN
CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
        If Emergency was PHS supervisor notified:    Yes ( )    No ( )
        Was MD/PA on call notified:    Yes ( )    No ( )

_____
*SIGNATURE AND TITLE*

WHITE:  INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

DEPARTMENT OF CORRECTIONS
# TRANSFER & RECEIVING SCREENING FORM

| RECEIVED: Inmate/Health Record | RELEASED: Inmate/Health Record | ALLERGIES: |
|---|---|---|

RECEIVED: Inmate/Health Record

Institution: _Kilby_

Date: _10/6/06_ Time: _1530_ AM/PM

RECEIVED FROM:
Institution/Work Release Center/Free-World Hospital

RECEIVING MEDICAL STATUS
- [x] Population
- [ ] Infirmary
- [ ] Isolation

RELEASED: Inmate/Health Record

Institution: _____

Date: _____ Time: _____ AM/PM

RELEASE FROM:
- [ ] Infirmary  [ ] Segregation
- [ ] Population  [ ] Mental Health
- [ ] Other _____

RELEASE TO:
- [ ] DOC  [ ] Infirmary  [ ] Mental Health
- [ ] _____

Institution/Work Release Center/Free-World Hospital

ALLERGIES: NKA

PHYSICAL EXAMINATION

Date of last exam: _2/21/06_

Chest X-Ray Date: _____ Result: _____

PPD Reading _2/27/06_ 0mm

Classification: _____

Limitations: _____

**LAB RESULTS - - LAST REPORT**

| | Date | Normal | Abnormal | | YES | NO |
|---|---|---|---|---|---|---|
| CBC | _____ | [ ] | [ ] | Wears Glasses/Contacts | | [x] |
| Urinalysis | _____ | [ ] | [ ] | Dental Prosthesis | | |
| _____ | _____ | [ ] | [ ] | Hearing Aide | | |
| | | | | Other Prosthesis | | |

Receiving Nurse: _____ LPN

**CURRENT OR CHRONIC MEDICAL/DENTAL/MENTAL HEALTH PROBLEMS OR COMPLAINTS**

(R) ankle sx   (L) foot deformity

**CURRENT MEDICATION - - DOSAGE AND FREQUENCY**

Naproxen 500mg

| MEDICATIONS | [ ] Sent w / inmate | [ ] Not sent w / inmate |
|---|---|---|
| X-RAY FILM | [ ] Sent w / inmate | [ ] Not sent w / inmate |
| HEALTH RECORD | [ ] Sent w / inmate | [ ] Not sent w / inmate |

Released to: _____

Date: _____ Time: _____ AM/PM

| MEDICATIONS | [x] Received | [ ] Not Received |
|---|---|---|
| X-RAY FILM | [ ] Received | [ ] Not Received |
| HEALTH RECORD | [x] Received | [ ] Not Received |
| CHART REVIEWED | [x] YES | [ ] NO |

Received by: _____

Signature of Receiving Nurse

Date: _10/6/06_ Time: _1530_ AM/PM

**SCHEDULE FOR CHRONIC CARE CLINIC**

DATE: _____ LAST CLINIC: _____

**FOLLOW-UP CARE NEEDED**

| | Date | Time | With Whom - - Location (Sending Nurse) | Date/Appt. Made w/Whom (Rec. Nurse) |
|---|---|---|---|---|
| [ ] Medical  [ ] Dental | | | | |
| [ ] Mental Health | | | | |

**NURSING ASSESSMENT (SENDING NURSE)** (Noted from health record documentation)

| HISTORY | | Yes | No |
|---|---|---|---|
| | Drug Use | | |
| | Mental Illness | | |
| | Suicide Attempt | | |
| | Chronic Care | | |

| STATUS | | | |
|---|---|---|---|
| | Special Diet | | |
| | Appearance | | |

OTHER PERTINENT NURSING ASSESSMENT

**NURSING ASSESSMENT (RECEIVING NURSE)** (Noted from inmate assessment)

| SKIN | | Yes | No |
|---|---|---|---|
| | Open Sores | | [x] |
| | Lice | | [x] |
| | Edema | | [x] |
| | Warm & Dry | [x] | |
| | Cool & Moist | | [x] |

| CONDITION | | | |
|---|---|---|---|
| | Alert | [x] | |
| | Oriented | [x] | |
| | Uncooperative | | [x] |
| | Depressed | | [x] |

**INTAKE**

Sick Call Procedures Explained ✓

Height _5'-9"_

Weight _160_

Blood Pressure _108/70_

Temperature _99.4_

Pulse Resp. _99/26_

Other _____

Signature of Nurse Completing Assessment (Sending Nurse)    Date    Signature of Intake Screening Nurse (Receiving Nurse) _____ LPN    Date _10/6/06_

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | Race/Sex | FAC. |
|---|---|---|---|---|
| BREACH, Marcislus | 160710 | 7/28/69 | B/m | KCF |

PHS-MR-70009    (White - Medical Jacket, Yellow - Transfer Coordinator)

DEPARTMENT OF CORRECTIONS
# TRANSFER & RECEIVING SCREENING FORM

| RECEIVED: Inmate/Health Record | RELEASED: Inmate/Health Record | ALLERGIES: |
|---|---|---|
| Institution: _____ | Institution: LCF | NKA |
| Date: _____ Time: _____ AM/PM | Date: 2/28/06 Time: 9:20 AM/PM | PHYSICAL EXAMINATION |
| RECEIVED FROM: Institution/Work Release Center/Free-World Hospital | RELEASE FROM: ☐ Infirmary ☐ Segregation ☐ Population ☐ Mental Health ☐ Other _____ | Date of last exam: 2·21·06 |
| RECEIVING MEDICAL STATUS ☐ Population ☐ Infirmary ☐ Isolation | RELEASE TO: ☐ DOC ☐ Infirmary ☐ Mental Health Institution/Work Release Center/Free-World Hospital | Chest X-Ray Date: _____ Result: _____ PPD Reading 2·27·06 am Classification: _____ Limitations: _____ |

| LAB RESULTS - - LAST REPORT | | | | | YES | NO | |
|---|---|---|---|---|---|---|---|
| | Date | Normal | Abnormal | Wears Glasses/Contacts | ☐ | ☐ | |
| CBC | _____ | ☐ | ☐ | Dental Prosthesis | ☐ | ☐ | |
| Urinalysis | _____ | ☐ | ☐ | Hearing Aide | ☐ | ☐ | |
| | | | | Other Prosthesis | ☐ | ☐ | Recieving Nurse |

CURRENT OR CHRONIC MEDICAL/DENTAL/MENTAL HEALTH PROBLEMS OR COMPLAINTS

Hypoglycemia, Trauma L.spine, Inguinal hernia

CURRENT MEDICATION - - DOSAGE AND FREQUENCY

Ø

SCHEDULE FOR CHRONIC CARE CLINIC

DATE: _____ LAST CLINIC: _____

| MEDICATIONS | ☐ Sent w / inmate | ☐ Not sent w / inmate |
|---|---|---|
| X-RAY FILM | ☐ Sent w / inmate | ☐ Not sent w / inmate |
| HEALTH RECORD | ☐ Sent w / inmate | ☐ Not sent w / inmate |

Released to: _____
Date: _____ Time: _____ AM/PM

| MEDICATIONS | ☐ Received | ☐ Not Received |
|---|---|---|
| X-RAY FILM | ☐ Received | ☐ Not Received |
| HEALTH RECORD | ☐ Received | ☐ Not Received |
| CHART REVIEWED | ☐ YES | ☐ NO |

Received by: _____
Signature of Receiving Nurse
Date: _____ Time: _____ AM/PM

| FOLLOW-UP CARE NEEDED | Date | Time | With Whom - - Location [Sending Nurse] | Date/Appt. Made w/Whom [Rec. Nurse] |
|---|---|---|---|---|
| ☐ Medical ☐ Dental | | | | |
| ☐ Mental Health | | | | |

| NURSING ASSESSMENT (SENDING NURSE) (Noted from health record documentation) | | Yes | No |
|---|---|---|---|
| HISTORY | Drug Use | ☒ | |
| | Mental Illness | | ☒ |
| | Suicide Attempt | | ☒ |
| | Chronic Care | | ☒ |
| STATUS | Special Diet | | ☒ |
| | Appearance | | ☒ |

OTHER PERTINENT NURSING ASSESSMENT

| NURSING ASSESSMENT (RECEIVING NURSE) (Noted from inmate interview) | | Yes | No |
|---|---|---|---|
| SKIN | Open Sores | | |
| | Lice | | |
| | Edema | | |
| | Warm & Dry | | |
| | Cool & Moist | | |
| CONDITION | Alert | | |
| | Oriented | | |
| | Uncooperative | | |
| | Depressed | | |

| INTAKE | |
|---|---|
| Sick Call Procedures Explained | _____ |
| Height | _____ |
| Weight | _____ |
| Blood Pressure | _____ |
| Temperature | _____ |
| Pulse Resp. | _____ |
| Other | _____ |

Lauren M N.S.  3·1·06
Signature of Nurse Completing Assessment [Sending Nurse]    Date

_____
Signature of Intake Screening Nurse [Receiving Nurse]    Date

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | Race/Sex | FAC. |
|---|---|---|---|---|
| Breach, Marcelus | 160710 | 7/8/69 | BM | |

PHS-MD-70009
(White - Medical Jacket, Yellow - Transfer Coordinator)



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Branch, Marcelus #160710    D.O.B.: 7 / 28 / 69 |
|-----------|---------------------------------------------------------|
| 3/31/05 2p | I/m received into LCF. Kitchen screen complete — K Powell RN |
| 8-29-05 | Outgated to court ___ PBB |
| 9-16-05 | Outgate to Madison Co Ct - P. Washington Pn ___ PBB |
| 2-2-06 | annual PE ___ PBB |

60111 (5/85)                    **Complete Both Sides Before Using Another Sheet**

## EMERGENCY

PRISON
HEALTH
SERVICES
Incorporated

| ADMISSION DATE | TIME | ORIGINATING FACILITY | | SICK CALL | ☐ EMERGENCY |
|---|---|---|---|---|---|
| 7/16/05 | 8:45 AM (PM) | LCF | | ☒ SICK CALL | ☐ OUTPATIENT |

☐ SIR  ☐ PDL  ☐ ESCAPEE  ☐ _____

| ALLERGIES | NCDA | CONDITION ON ADMISSION |
|---|---|---|

☒ GOOD  ☐ FAIR  ☐ POOR  ☐ SHOCK  ☐ HEMORRHAGE  ☐ COMA

| VITAL SIGNS: TEMP | 98.3 | ORAL RECTAL | RESP. | 16 | PULSE | 88 | B/P | 108/80 | RECHECK IF SYSTOLIC <100 > 50 |
|---|---|---|---|---|---|---|---|---|---|

**NATURE OF INJURY OR ILLNESS**

| ABRASION /// | CONTUSION # | BURN XX | FRACTURE Z | LACERATION / SUTURES |
|---|---|---|---|---|

(S) Something bit my leg
around 3am + it itches —
(O) (L) lower leg - redness
warm to touch, no edema
noted - small pustule
noted (pinpoint) - states
itches. small pinpoint
scab abrasion noted
(A) Alt in comfort R/T itching
+ red area (L) lower leg —
(P) Keep area clean - keep
hands from area - elevate
+ apply ice if edema or
itchy is relieved by ice
Return to HCU if drainage is
present, redema or redness
develops fever — pain↑
Benadryl to mea. ice bath
TAO to cleansing, icebaths
— S. Bunch RN



PROFILE RIGHT OR LEFT

RIGHT OR LEFT

red area near his leg

**PHYSICAL EXAMINATION**

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| DIAGNOSIS | alt "A" |
|---|---|

| INSTRUCTIONS TO PATIENT | nec "E" |
|---|---|

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|
| 7/16/05 | 8:05 AM (PM) | ☒ CC  ☐ AMBULENCE | ☒ SATISFACTORY  ☐ POOR  ☐ FAIR  ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| Delila Bunch 7/16/05 | | MWB | 2/14/06 | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Brasch Marcellus | 160760 | 7-28-65 | B/m | LCF |

PHS-MD-70007          (White – Record Copy  Yellow – Pharmacy Copy)

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

RECEIVED
AUG 2 4 2005

## PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: _Marcellus French_    Date of Request: _8/24/05_
ID # _160010_    Date of Birth: _7/28/69_    Location: _15-66_
Nature of problem or request: _Sick Headaces_

_____
_____
_____

_Signature_

### DO NOT WRITE BELOW THIS LINE

Date: _8/25/2005_
Time: _1540_ AM PM
Allergies: _NDA_

┌─────────────────────────────┐
│          RECEIVED           │
│ Date:                       │
│ Time:                       │
│ Receiving Nurse Intials ___ │
└─────────────────────────────┘

**(S)ubjective:** Severe HA - Dorm Stressful

**(O)bjective:** (V/S): T: $97^8$  P: $82$  R: $20$  BP: $142/88$  WT: $154$

**(A)ssessment:** Abut · Talkative - MAE well · Speech clear · Gait Steady · Brait · PERRL 4mm.

**(P)lan:**

Refer to:  MD/PA  Mental Health  Dental  Daily Treatment    Return to Clinic PRN
                        CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
     If Emergency was PHS supervisor notified:    Yes ( )    No ( )
          Was MD/PA on call notified:    Yes ( )    No ( )

_S McCune, RN_    _MWB_
_SIGNATURE AND TITLE_    _8/20/05_

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT
GLF-1003  (1/4)



*Dental*

RECEIVED
MAY 1 7 2005

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Marcellus Breach_  Date of Request: _5/16/05_
ID # _160710_  Date of Birth: _7/28/69_  Location: _15-80_
Nature of problem or request: _The tooth that is scheduled [surgery] to be pulled is breaking. Requesting cavity in which at times I can feel air in the tooth be filled. I realize there is a wait period. Requesting relief._

_Thanks you, Marcellus Breach_
Signature

### DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

```
┌─────────────────────────────────┐
│          RECEIVED               │
│  Date:                          │
│  Time:                          │
│  Receiving Nurse Intials _____ │
└─────────────────────────────────┘
```

**(S)ubjective:**

**(O)bjective**   (V/S):  T: _____   P: _____   R: _____   BP: _____   WT: _____

**(A)ssessment:**

**(P)lan:**

Refer to:    MD/PA    Mental Health    Dental    Daily Treatment    Return to Clinic PRN
CIRCLE ONE
Check One:   ROUTINE ( )    EMERGENCY ( )
   If Emergency was PHS supervisor notified:    Yes ( )    No ( )
   Was MD/PA on call notified:    Yes ( )    No ( )

*SIGNATURE AND TITLE*

WHITE:.    INMATES MEDICAL FILE
YELLOW:    INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002   (1/4)

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

RECEIVED
MAY 0 5 2005

### PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: _Marcellus Breach_    Date of Request: _5/4/05_
ID # _160710_    Date of Birth: _7/25/69_  Location: _88D-108_
Nature of problem or request:

_why haven't I seen the Doctor?_

_Signature_

### DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

```
RECEIVED
Date:
Time:
Receiving Nurse Intials _____
```

**(S)ubjective:**

**(O)bjective**  (V/S): T: _____  P: _____  R: _____  BP: _____  WT: _____

_Seem M.D._

**(A)ssessment:**       _S-5-05_

**(P)lan:**

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment     Return to Clinic PRN
CIRCLE ONE
Check One:   ROUTINE ( )     EMERGENCY ( )
        If Emergency was PHS supervisor notified:    Yes ( )    No ( )
                Was MD/PA on call notified:    Yes ( )    No ( )

_____
*SIGNATURE AND TITLE*

WHITE:    INMATES MEDICAL FILE
YELLOW:   INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002  (1/4)

PRISON HEALTH SERVICES
MEDICAL **COMPLAINT** FORM

MARCELLUS BREACH   160710              8BD-10B        May 4, 2005
NAME                AIS #              UNIT           DATE

This complaint is to be completed with as few words as possible to identify the problem. Additional pages
attached to this form will not be accepted.

PART A—INMATE REQUEST          I HAVE NOT SEEN A DOCTOR, I AM
RELUNCTANT TO ~~WASTES CO PAY FOR NOTHING!~~
~~DUE TO THE SERIOUSNESS OF MY PAIN, AND THE UNCONSTITUTIONAL~~
~~AND REDNESS OF WRONGS, I HAVE ATTACHED MY COMPLAINT~~
~~IN COMPLIANCE WITH THE LAW!~~

SEE ATTACHED: I have been denied medical treatment!

INMATE SIGNATURE
28 U.S.C. 1746  Notary

PART B –RESPONSE                         DATE RECEIVED_____

MEDICAL STAFF SIGNATURE

Attached three (3) pages with complaint
CC
Warden Billy Mitchem: 28 U.S.C. 1746       DATE

IF YOU ARE UNSATISFIED WITH THE RESPONSE, YOU MAY FILE A MEDICAL
GRIEVANCE USING THE PRISON HEATLH SERVICES GRIEVANCE FORM

| | | Y | N | | | Y | N |
|---|---|---|---|---|---|---|---|
| I | Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI | Delay in Health Care Provided | ☐ | ☐ |
| II | Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII | Problems with Medication | ☐ | ☐ |
| III | Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII | Request to be seen | ☐ | ☐ |
| IV | Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX | Request for Off-site Specialty Care | ☐ | ☐ |
| V | Conduct of Healthcare Staff | ☐ | ☐ | X | Other | ☐ | ☐ |

11/03 - Alabama

DOC N610
09/87

ALABAMA DEPARTMENT OF CORRECTIONS

RECEIVING SCREENING FORM

B/160710

INMATES NAME: *BREACH, MARCELLOS*    DATE: *3-31-05*    TIME: *1:40P~*

DOB: *7-28-69*    OFFICER: _____    INSTITUTION: *CCF*

| BOOKING OFFICERS VISUAL OPINION | Yes | No |
|---|---|---|
| 1. Is the Inmate Conscious ? | Yes | ___ |
| 2. Does the inmate have any obvious pain or bleeding/other symptoms suggesting the need for emergency services ? | ___ | X |
| 3. Are there any visible signs of trauma or illness requiring immediate emergency or doctor's care ? | ___ | X |
| 4. Any obvious fever, swollen lymphnodes, jaundice, or other evidence of infection which might spread through the institution ? | ___ | X |
| 5. Is the skin in poor condition or show signs of vermin or rashes ? | ___ | X |
| 6. Does the inmate appear to be under the influence of Alcohol, or Drugs ? | ___ | X |
| 7. Are there any visible signs or Alcohl or Drug withdrawal ? (Extreme perspiration, shakes, nausea, pinpoint pupils etc) | ___ | X |
| 8. Is the inmate making any verbal threats to staff or other inmates ? | ___ | X |
| 9. Is the inmate carring any medication or report that he is on any medication which must be continuously administered or available ? | ___ | X |
| 10. Does the inmate have any obvious physical handicaps ? | ___ | X |

IF THE ANSWER IS YES TO ANY QUESTIONS FROM 2 to 10 ABOVE - SPECIFY WHY IN SECTION BELOW

| | Yes | No |
|---|---|---|
| 11. Are you presently taking medication for diabetes, heart disease, seizure, athritis, asthma, ulcers, high blood pressure or psychiatric disorder? | ___ | X |
| 12. Are you on any special diet prescribed by a physician ? (if yes - what type ? ) | ___ | X |
| 13. Do you have a history of veneral disease or abnormal discharge ? | ___ | X |
| 14. Have you recently been hospitalized or recently seen a medical or psychiatric doctor for any illness ? | ___ | X |
| 15. Have you ever attempted suicide ? (If yes - When ? _____ How ? _____ . | ___ | X |
| 16. Do you want to do any harm to yourself now ? | ___ | X |

|  | Yes | No | No_Responce |
|---|---|---|---|
| 17. Do you want to talk to a mental health counselor ? | ___ | X | ___ |
| 18. Are you allergic to any medication ? | ___ | X | ___ |
| 19. Have you recently fainted or had a head injury ? | ___ | X | ___ |
| 20. Do you have epilepsy ? | ___ | X | ___ |
| 21. Do you have a history of tuberculosis ? | ___ | X | ___ |
| 22. Do you have diabetes ? | ___ | X | ___ |
| 23. Do you have hepatitis ? | ___ | X | ___ |
| 24. Do you have a painful dental problem ? | X | ___ | ___ |
| 25. Do you have any medical problem we should know about ? | ___ | X | ___ |
| 26. Do you have a past alcohol or drug history ? | Y | ___ | ___ |

What type: _Cocaine_   How much use? _Daily_
For how long: _15 years_
Last time you used any: _2005_

COMMENTS: (Unusual behavior etc.)
_Wisdom Teeth_

_____

FOR THE OFFICER:

27. Was the new inmate briefed on sick/dental call procedures? _YES_

28. This inmate was:  a.  Release for normal processing  _YES_
                      b.  Referred to appropriate health care unit _____
                      c.  Immediately sent to health care unit _____

_Officer's Signature_

NOTE:  This form is completed on inter & intra system transfers at receiving and will
be filed in the inmates medical jacket to comply with ACA Standards 2-4289, 2-4290 and
AMA Standard 140.

_Inmate's Signature_

PRISON HEALTH SERVICES
MEDICAL COMPLAINT FORM

TO:  Warden Billy Mitchem
     Limestone Correctional Facility
     28779 Nick Davis Rd.
     Harvest, Alabama 35749

     Tanya Williams Director of Nursing
     Prison Health Services
     28779 Nick Davis Rd.
     Harvest, Alabama 35749

RE:  The delay or denial of access to medical attention:

                        FACTS

    On 04/06/05 I submitted an Inmate Sick Call Request Slip.
Shortly after I was screened by an unknown nurse at sick call. I
signed theco-pay for the service.

    At sick call screening by an unknown nurse, I explained that
I have a history of 'back' and 'ankle' pain due to an accident which
resulted in a broken back lower L1 and L5  of my lower vertebral
column.  I crushed my ankle which required constructive surgery.
I have been wearing braces for both injuries until incarceration.

    January 4, 2005 I was admitted into Crestwood Medical Center,
E.R., and treated with medical prescriptions due to an injury that
affected the prior injuries to my back.

    I have a history of hyprogycemcia, the unknown nurse stated
"I would be set up a time plan daily to check my blood sugar, and
a treatment plan for hyprogycemcia.

    At the final stage of the sick call screening, the unknown
nurse stated I would see the doctor, there was no date given, and
I received a 'yellow blank' copy of the sick call request form;
there is absolutely nothing written concerning the complaints said,
nor any screening plan or doctor visit as aforementioned.

    On 04/27/05 again I signed up for sick-call and I was scheduled
to be seen by a doctor.  I never was seen for sick-call nor was I
seen by a doctor.  As of today being May 4, 2005 I still have
discomfort, or threat to good health.  I have been denied treatment
and "prescription" and forced to live with unnecessary and wanton
infliction of pain due to the seriousness of the aforementioned said
have gon untreated without reason.

                        1.

COMPLAINT

Due to hyprogycemcia which can result to Diabetes, I have symptoms as frequent urination, unexplained weight loss, extreme thirst or hunger, attimes sudden visionchanges, tiredness, and dryskin. Iam well aware of the serious health problems if it is untreated. I have been denied medical treatment here at Limestone Correctional Facility.

When I have to work in the kitchen I am subjected to long periods of standing. At times heavy lift and I have a hernia. My hernia has gotten worse, and when I cough I have to press down on the hernia.

When subjected to heavy lifting or binding, I have pain being sharp to my lower back. My ankle locks up on me causing problems walking. I havenotbeentreated nor the prescriptions given by the doctor at Crestwood been filled.

The mere failure to inquire into the essential facts stated that ripe the cause for professional judgment I have been denied. I am sober, and in sober verity I will state this truth.

I find it gratuitous that I have yet been seen by a doctor, nor been treated for the pain stated. I also feel that it is unconstitutional, and unconstitutional that I will have to be subjected to mendicancy to enforce a constitutional right.

Pursuant to §12-21-111 Code of Alabama, 1975 and 28 U.S.C. 1746 I swear or affirm that based upon the aforementioned stated is true and correct . I further swear or affirm that the matters stated therein are true to the best of my knowledge, information and belief; that I execute it as my free and voluntary act for the purpose therein expressed, and that I am 19 years of age or older, of sound mind, and under no constraint orunder influence.

Date this 4th Day, May,12005

Marcellus Breach 160710
L.C.F., D-8BD-10B
28779 Nick Davis Rd.
Harvest, Alabama 35749

CERTIFICATE OF SERVICE

I request no RETALIATORY actions, I hereby served a true copy of the foregoing upon Warden Billy Mitchem at L.C.F., 28799 Nick Davis Rd, and Tanya Williams at H.C.U., L.C.F. by placing same into a sealed envelope properly addressed, HAND MAIL placing into Inmate Sick Call and U.S.Mail HANDMAIL onthis4th day of May 2005. Under the penalty of perjury 28 U.S.C. 1746

Marcellus Breach 160710

*Second Complaint Same Problems*

RECEIVED APR 2 6 2005

**PHS**
PRISON HEALTH SERVICES
INCORPORATED

## PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: _Marcellus Breach_  Date of Request: _4/25/05_
ID # _16971_  Date of Birth: _7/26/69_  Location: _8BD-103_
Nature of problem or request: _I was told I'd see a doctor a month ago._
_I broke my back, and ankle, re-insurance back in January. Corrected Hosp_
_I have a hernia, and problems standing, and bending. I have_
_yet to see the doctor._  _Why?_  _Marcellus Breach_
                                          _Signature_

#### DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM PM
Allergies: _____

```
┌─────────────────────────┐
│        RECEIVED         │
│ Date:                   │
│ Time:                   │
│ Receiving Nurse Intials │
└─────────────────────────┘
```
MD appt
4-27-05
D.B.

**(S)ubjective:**

**(O)bjective** (V/S): T: ___  P: ___  R: ___  BP: ___  WT: ___

**(A)ssessment:**

**(P)lan:**

Refer to:  MD/PA  Mental Health  Dental  Daily Treatment    Return to Clinic PRN
CIRCLE ONE
Check One:  ROUTINE ( )  EMERGENCY ( )
    If Emergency was PHS supervisor notified:  Yes ( )  No ( )
        Was MD/PA on call notified:  Yes ( )  No ( )

_____
*SIGNATURE AND TITLE*

WHITE:  INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002  (1/4)



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

RECEIVED
APR 0 8 2005

Print Name: MARCELLUS BREECH                Date of Request: 4/6/05
ID # 160710        Date of Birth: 7/28/68    Location: 10-30-38
Nature of problem or request: extensive BACK + ANKLE PAIN due
to prior + recent injury, assistance with hypoglycemia Sp
low Sugar. Hernia, as well

_____ Need to see Dentist as well    Marcellus Breech
pain, cavities            *Signature*

**DO NOT WRITE BELOW THIS LINE**

Date: 4/11/5
Time: _____ 455 AM PM
Allergies: _____ Ø

┌─────────────────────────────┐
│         RECEIVED            │
│ Date: 4-11-5               │
│ Time: 455 Ⓟ                │
│ Receiving Nurse Intials ②  │
└─────────────────────────────┘

1. hypoglycemia [illegible]
   at PBS and [illegible]

**(S)ubjective:**
① back + ankle pain. broke L L5 back-
-Had reconstructive surg. where knee + ankle.
-I have an ulcer [illegible] abd.

**(O)bjective:**   (V/S):  T: 99²   P: 68   R: 18   BP: 120/70   WT: 156
Well nourished BM, Alx3. thin wD resp even + unlabored
Precaut ① back ankle pain ② ulcer or hernia ③ adb
PBSN - 75

**(A)ssessment:**
alt comfort no arthritis ③T mult injury from previous accident
to back + foot (L) -

**(P)lan:**

               See    Referral made 4-8-05 ②.B.
Refer to:  MD/PA  Mental Health  Dental  Daily Treatment  Return to Clinic PRN  MRC
               CIRCLE ONE        Dental pain is suppose
Check One:  ROUTINE ( )  EMERGENCY ( )   to be addressed in
  If Emergency was PHS supervisor notified:  Yes ( )  No ( )  sick call also.???
  Was MD/PA on call notified:  Yes ( )  No ( )   ②.B. MRC

               _____
               *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT
GHS-1002  (1/0)

**PHS**
PRISON
HEALTH
SERVICES
INC.

DEPARTMENT OF CORRECTIONS
# TRANSFER & RECEIVING SCREENING FORM

| RECEIVED: Inmate/Health Record | RELEASED: Inmate/Health Record | ALLERGIES: NKA |
|---|---|---|

Institution: LCF

Date: 3/31/05  Time: 200  AM/PM
RECEIVED FROM:
Institution/Work Release Center/Free-World Hospital
KCF

RECEIVING MEDICAL STATUS
- [X] Population
- [ ] Infirmary
- [ ] Isolation

Institution: KCF

Date: 3/30/05  Time: ___ AM/PM
RELEASE FROM:
- [ ] Infirmary  [ ] Segregation
- [X] Population  [ ] Mental Health
- [ ] Other _____

RELEASE TO:
- [X] DOC  [ ] Infirmary  [ ] Mental Health
- [ ] _____

Institution/Work Release Center/Free-World Hospital

PHYSICAL EXAMINATION
Date of last exam: 2/17/05
Chest X-Ray Date: ___ Result: ___
PPD Reading: 0 mm
Classification: _____
Limitations: _____

| LAB RESULTS - - LAST REPORT | | | | | YES | NO | |
|---|---|---|---|---|---|---|---|
| | Date | Normal | Abnormal | Wears Glasses/Contacts | | [X] | |
| CBC | 2/17/05 | [X] | | Dental Prosthesis | | [X] | |
| Urinalysis | | [X] | | Hearing Aide | | [X] | |
| HIV-RPR | | | | Other Prosthesis | | [X] | A. Simmons LPN |
| | | | | | | | Receiving Nurse |

CURRENT OR CHRONIC MEDICAL/DENTAL/MENTAL HEALTH PROBLEMS OR COMPLAINTS
Ø

| CURRENT MEDICATION - - DOSAGE AND FREQUENCY | | |
|---|---|---|
| Ø | | |

MEDICATIONS       [ ] Sent w / inmate   [ ] Not sent w / inmate
X-RAY FILM        [ ] Sent w / inmate   [ ] Not sent w / inmate
HEALTH RECORD     [ ] Sent w / inmate   [ ] Not sent w / inmate
Released to: _____
Date: ___ Time: ___ AM/PM

MEDICATIONS       [ ] Received   [ ] Not Received
X-RAY FILM        [ ] Received   [ ] Not Received
HEALTH RECORD     [ ] Received   [ ] Not Received
CHART REVIEWED    [X] YES        [ ] NO
Received by: A. Simmons LPN
Signature of Receiving Nurse
Date: 3/31/05  Time: 200  AM/PM

SCHEDULE FOR CHRONIC CARE CLINIC
DATE: _____  LAST CLINIC: _____

| FOLLOW-UP CARE NEEDED | Date | Time | With Whom - - Location (Sending Nurse) | Date/Appt. Made w/Whom (Rec. Nurse) |
|---|---|---|---|---|
| [ ] Medical  [ ] Dental | | | | |
| [ ] Mental Health | | | | |

NURSING ASSESSMENT (SENDING NURSE)
(Noted from health record document/notation)

HISTORY
| | Yes | No |
|---|---|---|
| Drug Use | | [X] |
| Mental Illness | | [X] |
| Suicide Attempt | | [X] |
| Chronic Care | | [X] |

STATUS
| | | |
|---|---|---|
| Special Diet | | [X] |
| Appearance | | [X] |

NURSING ASSESSMENT (RECEIVING NURSE)
(Noted from inmate assessment)

SKIN
| | Yes | No |
|---|---|---|
| Open Sores | | [X] |
| Lice | | [X] |
| Edema | | [X] |
| Warm & Dry | [X] | |
| Cool & Moist | | [X] |

CONDITION
| | | |
|---|---|---|
| Alert | [X] | |
| Oriented | [X] | |
| Uncooperative | | [X] |
| Depressed | | [X] |

INTAKE
Sick Call Procedures Explained [X]
Height: 5'9
Weight: 170
Blood Pressure: 142/86
Temperature: _____
Pulse Resp.: 55
Other: _____

OTHER PERTINENT NURSING ASSESSMENT

Debra Burns LPN    3/30/05
Signature of Nurse Completing Assessment (Sending Nurse)    Date

A. Simmons LPN    3-31-05
Signature of Intake Screening Nurse (Receiving Nurse)    Date

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | Race/Sex | FAC |
|---|---|---|---|---|
| Roach Marcelus | 160710 | 8-68 | Bm | KCF |



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: Marcellus Breach          Date of Request: 2-22-05

ID # 160170          Date of Birth: 02-28-69  Location: East-4

Nature of problem or request: Tonite my blood sugar was
54, past 5 days 56, 58, etc. too low. I am
hypoglycemic. I'm unable to treat my self.
Symptoms to etc.

Signature

## DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM PM
Allergies: _____

| RECEIVED |
|---|
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**

2-24-05
signed
waiver

**(O)bjective**    (V/S):  **T:** _____  **P:** _____  **R:** _____  **BP:** _____  **WT:** _____

**(A)ssessment:**

**(P)lan:**

Refer to:    MD/PA    Mental Health    Dental    Daily Treatment    Return to Clinic PRN
CIRCLE ONE

Check One:    ROUTINE ( )        EMERGENCY ( )
     If Emergency was PHS supervisor notified:    Yes ( )    No ( )
          Was MD/PA on call notified:    Yes ( )    No ( )

*SIGNATURE AND TITLE*

WHITE:    INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: Breach, Marcellus 160710

Date of Birth: 7-28-69                    Social Security No.:

Date: 2-24-05                    Time: 6 AM                    A.M. / P.M.

This is to certify that I, Marcellus Breach , currently in
(Print Inmate's Name)

custody at the KiLBY , am refusing to
(Print Facility's Name)

accept the following treatment/recommendations: Sick Call because I
(Specify in Detail)

don't WANt to Stay

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this action/refusal and I personally assume all responsibility for my welfare.

7-28-69.

X _____        Loreline _____
(Signature of Inmate)**                            (Signature of Medical Person)

_____        _____
(Witness)                            (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60115 (5/85)



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Marcellus Branch_    Date of Request: _2-18-05_
ID # _165708_    Date of Birth: _7-28-64_  Location: _East_
Nature of problem or request: _I Am Hyprogylaemic SP I have_
_low Sugar past 3 yrs.    Test Sugar   56 +_
_58 Before eating. I cannot Treat it myself At this_ time
_I have symptoms, I know my body._    Signature _Marcellus Branch_
PP. on Street's treated    **DO NOT WRITE BELOW THIS LINE**    Friday- 58  } Test.
                                                              Thursday - 56

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

```
┌──────────────────────────────────┐
│           RECEIVED               │
│ Date:                            │
│ Time:                            │
│ Receiving Nurse Intials _____  │
└──────────────────────────────────┘
```

**(S)ubjective:**

**(O)bjective**    (V/S): T:_____  P:_____  R:_____  BP:_____  WT:_____
_2-21-05_
_signed_
_Davis_

**(A)ssessment:**

**(P)lan:**

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment      Return to Clinic PRN
                                    CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
        If Emergency was PHS supervisor notified:    Yes ( )    No ( )
        Was MD/PA on call notified:    Yes ( )    No ( )

_____
                *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: Breach, MArcellus 160710

Date of Birth: 7-28-69          Social Security No.:

Date: 2-21-05          Time: 6 00 (A.M.) P.M.

This is to certify that I, MArcellus Breach , currently in
(Print Inmate's Name)

custody at the K.LBY , am refusing to
(Print Facility's Name)

accept the following treatment/recommendations: Sickall because I
(Specify in Detail)

don't want to wait. till 11:00 A.M

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks
involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional
personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this
action/refusal and I personally assume all responsibility for my welfare.

X _____          Lorrane Araves, LPN
(Signature of Inmate)**          (Signature of Medical Person)

_____          _____
(Witness)          (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60115 (5/85)

Facility Name: __

Month/Year of Charting: 9-1-5

Tylenol 325 mg
ii po B.I.D pain
7 dy

**First block:**
SB — 9
SP — 9 9 Ended

Start Date: 8-25-5
Stop Date: 9-1-5
Prescriber: Bossem
RX #:

Hour: 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date:
Stop Date:
Prescriber:
RX #:

Start Date:
Stop Date:
Prescriber:
RX #:

Start Date:
Stop Date:
Prescriber:
RX #:

Start Date:
Stop Date:
Prescriber:
RX #:

Start Date:
Stop Date:
Prescriber:
RX #:

Diagnosis:
Allergies: Ø
Housing Unit:
Patient ID Number: 160910
Patient Name: Breach Marcellus

Nurse's Signature: J Taylor RN    Initial: JT

| Documentation Codes |
| --- |
| 1. Discontinued Order |
| 2. Refused |
| 3. Patient out of facility |
| 4. Charted in Error |
| 5. Lock Down |
| 6. Self Administered |
| 7. Medication out of Stock |
| 8. Medication Held |
| 9. No Show |
| 10. Other |

Date of Birth:

| Facility Name: Limestone Correctional Facility | | Month/Year of Charting: 08/05 | |

Acetaminophen 325MG Tab    180.00

TAKE 2 TABLET(S) BY MOUTH 3
TIMES DAILY AS NEEDED FOR PAIN

DOT 6/15/05

Tylenol 325mg ii po
Bid pain X7days

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Start Date: 05-07-2005    Prescriber: Bosserman, Michael
Stop Date: 08-04-2005    RX #: 7368284

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5A | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 5p | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 9/25/2005    Prescriber:
Stop Date: 9/1/2005    RX #:

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Start Date:    Prescriber:
Stop Date:    RX #:

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Start Date:    Prescriber:
Stop Date:    RX #:

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Start Date:    Prescriber:
Stop Date:    RX #:

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Diagnosis: | Nurse's Signature | Initial | Nurse's Signature | Initial | Documentation Codes |
|---|---|---|---|---|---|
| Allergies: | | | E. Cate | EC | 1. Discontinued Order |
| | | | | | 2. Refused |
| | | | | | 3. Patient out of facility |
| | | | | | 4. Charted in Error |
| Housing Unit: Population | SMC Cmo, RN | SMC | R. Riley LPN | RI | 5. Lock Down |
| Patient ID Number: 160710 | Jarvis, RN | | | | 6. Self Administered |
| Patient Name: | | | | | 7. Medication out of Stock |
| **Breach, Marcellus** | | | | | 8. Medication Hold |
| Date of Birth: | | | | | 9. No Show |
| | | | | | 10. Other |

# MEDICATION ADMINISTRATION RECORD
07/01/2005

(LIM-484) LIMESTONE CORRECTIONAL FA

STD701

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

ACETAMINOPHEN (TYLENOL) 325MG TAB
TAKE 2 TABLET(S) BY MOUTH  3 TIMES DAILY AS
NEEDED FOR PAIN  DOT  4/15/05
RX:  7368284 BOSSERMAN, M.D. (MD DI, MICHAEL ,
START - 05/07/2005    STOP - 08/04/2005

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE

CHARTING FOR   07/01/2005   THROUGH   07/31/2005

| | | |
|---|---|---|
| Physician  BOSSERMAN, M.D. (MD DI, MICHAEL | Telephone No. | Medical Record No. |
| Alt. Physician        NONE KNOWN | Alt. Telephone | |
| sigos | Rehabilitative Potential | |

| Diagnosis | | | | | |
|---|---|---|---|---|---|
| Medicaid Number | Medicare Number | Complete Entries Checked | Title | Date 6/22 | |
| | | By | | | |
| PATIENT   BREACH, MARCELLUS | | PATIENT CODE  160710 | ROOM NO.  1 | BED | FACIL'T |

# MEDICATION ADMINISTRATION RECORD
06/01/2005

(LIM-484) LIMESTONE CORRECTIONAL FA

STDT01

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

ACETAMINOPHEN (TYLENOL) 325MG TAB
TAKE 2 TABLET(S) BY MOUTH 3 TIMES DAILY AS
NEEDED FOR PAIN
RX:   7366284 BOSSERMAN,M.D.(MD DI, MICHAEL
START - 05/07/2005   STOP - 08/04/2005

Motrin 600mg TID PO x
5days PRN
6-10-05   6-15-06

CHARTING FOR   06/01/2005   THROUGH   06/30/2005

NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE

| | | |
|---|---|---|
| Physician | BOSSERMAN,M.D.(MD DI, MICHAEL | Telephone No. |
| Alt. Physician | | Alt. Telephone |
| Allergies | NONE KNOWN | Rehabilitative Potential |

Diagnosis  Previous FX (L) ft, Trauma of (L) (illegible), inguinal hernia (illegible)

Medical Number     Medicare Number     Complete areas checked

By: (signature)   Title:   Date: 5-24-05

| PATIENT | PATIENT CODE | ROOM NO. | BED | FACIL |
|---|---|---|---|---|
| BREACH, MARCELLUS | 160710 | 1 | | |

**PRISON HEALTH SERVICES**
**Alabama Department of Corrections**
**KOP Medication Protocol**

The KOP program will allow specific inmates to keep certain kinds of medications on their possession. If they are caught selling, trading, or not taking the medication correctly, they will be removed from the list and face possible disciplinary actions. The KOP medications will include formulary medications.

1. The inmate will have in his possession the medication in blister pack. The inmate should take the medication as directed on the package sticker.

2. The inmate is to bring the package to the infirmary when he gets down to the reorder row of pills so the nursing staff can pull the sticker off the card and reorder. If the inmate waits until they have finished the last row of pills before coming to the nurse, they are likely to run out before their order comes in. The card will be checked at this time against the MAR to determine if the number of pills remaining is accurate (not too many left, not too few). This will be noted by looking at the date card was given. Each inmate is responsible for keeping their medication in a secure area. We will not be responsible for stolen medications.

3. When the inmate receives their card of medication, usually #30 tabs per card, they should pop them out in numerical order, i.e. #30, #29, etc.

4. In order to be eligible for KOP, the inmate must have a good history of compliance and voice understanding of how this system works. They will not be eligible if their medication is insulin or a psychotropic medication, or has been known to be non-compliant in the past. The inmate will be required to come to the infirmary and sign a KOP agreement that we have formulated. At this time the staff will explain the procedure to the inmate and document that the information was explained and the individual can again sign that the program has been explained in its entirety.

5. Once we have established the program, others will be free to request to be placed on KOP. If research finds that he will qualify, we will repeat the above with this individual.

6. We will not place just anyone on KOP. The individual must have past history evaluated first. This program will not include out-patient or inpatient mental health inmates.

7. Inmates may be requested to present for a medication check at any time to see that the correct number of pills are accounted for. The Medical Staff will be doing random checks for compliance.

8. The inmate holds harmless PHS and its healthcare providers for incidents that may result from the inmate taking medication improperly, exchanging the medicine with other inmates, and consuming drugs/medication provided by other individuals that result in drug interactions.

Inmate Signature: _____   AIS #: 160710

Nurse Signature: _____   Date: 5-8-01

HCF

**HEALTHCARE CORRECTIONS**
**RADIOLOGY SERVICES REQUEST AND REPORT**

INSTITUTION: LCF

Name: Breach, Marcellus
State ID No: 160710
DOB: 7-28-69
Race: B    Sex: M

NOTE: PERTINENT CLINICAL INFORMATION AND TENTATIVE DIAGNOSIS MUST BE PROVIDED FOR X-RAY EXAMINATION TO BE PERFORMED

| Requesting Physician/PA/NP | Date of request | Time of request | Routine | Priority | Transportation or special needs |
|---|---|---|---|---|---|
| Basserman | 05-05-05 | 4:00pm | | | |

HISTORY/DIAGNOSIS:

**X-RAY REQUEST**

| | | | | | | |
|---|---|---|---|---|---|---|
| ABDOMINIUM | | FINGERS | | NAVICULAR VIEW | | SOFT TISSUE STUDIES |
| ACROMIO-CLAVICULAR JOINTS (W/WO WEIGHT) | | FOOT | | ORBITS | | STERNUM |
| ANKLE | | HAND | X | OS CALCIS (HEEL) blat | | TEMPORO-MANDIBULAR JOINTS |
| CERVICAL SPINE | | HIP | | PELVIS | | THORACIC SPINE |
| CHEST PA / LATERAL | | HUMERUS | | RADIUS/ULNA | | TIBIA/FIBULA |
| COCCYX | | KNEE | | RIBS | | TOES |
| CONE DOWN SELLA TURCICA | X | LUMBAR SPINE AP/Lat | | SACRO-ILIAC JOINTS | | WRIST |
| ELBOW | | MANDIBLE | | SCAPULA | | ZYGOMA |
| FACIAL BONES | | MAXILLA | | SHOULDER | | ZYGOMATIC ARCH |
| FEMUR | | NASAL BONES | | SKULL | X | Osteomaa b/kheel |

**REPORT**

Breach

RIGHT CALCANEUS: The examination shows no evidence of recent fracture or other significant bony abnormality.
IMPRESSION: NO BONY ABNORMALITY IS DETECTED. HOWEVER, IF SYMPTOMS PERSIST A FOLLOW UP EXAMINATION IS RECOMMENDED.

LEFT CALCANEUS: There appears to be slight deformity of the calcaneus. This may be the result of previous trauma. There is no evidence of recent trauma. _Consistent c̄ pt. hx._

LUMBAR SPINE: There is loss of vertebral height of L5 and L1. No evidence of spondylolysis or spondylolisthesis is noted. The changes involving L1 and L5 were seen on 2003 and are unchanged.

D: & T: 05-11-05 Maurice H. Rowell/jhl Board Certified Radiologist (Signature on file)

| | | |
|---|---|---|
| Bettina Catlett | Bettina Catlett | 1 0 MAY 2005  9:45 |
| X-RAY TECHNOLOGIST'S NAME (PRINT) | X-RAY TECHNOLOGIST'S SIGNATURE | DATE/TIME EXAM PERFORMED |
| | | |
| RADIOLOGIST'S NAME (PRINT) | RADIOLOGIST'S SIGNATURE | DATE SIGNED |

Pat. Name:

HR: 76 BPM
Age 35    M    F

Interpret:
P     98 ms
PR   122 ms
QRS   88 ms
QT   364 ms
QTc  414 ms
RR   792 ms

Axis:
P     38 °
QRS   78 °
T     48 °

P (II)    0.12 mV
S (aVL)   0.35 mV
R (V5)    1.05 mV
R (V6)    2.52 mV

SINUS RHYTHM
NORMAL ECG

UNCONFIRMED REPORT

I    II    III    aVR    aVL    aVF    V1    V2    V3    V4    V5    V6

25 mm/s    10 mm/mV    0.05-35 Hz

# DEPARTMENT OF CORRECTIONS

E-4
M-94

## TREATMENT REQUEST AND RECORD

| Date of Request | Requested By | Patient Status | Rx. Ordered |
|---|---|---|---|
| 2/18/05 | Physicals | ☐ IP ☐ OP | |

| Clinical Diagnosis | Date of Onset |
|---|---|
| EKG | Date of Surgery |

### AREA OF TREATMENT (CIRCLE)



**PROGRESS NOTES:**

### RECORD OF TREATMENT

| MONTH | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Patient's Last Name | First | Middle | Age | R/S | ID No. |
|---|---|---|---|---|---|
| Breach | Marcelus | | 35 | B/M | 16071/0 |

F-43

SINUS RHYTHM
NORMAL ECG
UNCONFIRMED REPORT

HR: 72 BPM

Axis
P: 41°
QRS: 72°
T: 34°

Intervals
RR: 861 ms
PR: 118 ms
P: 108 ms
QRS: 364 ms
QT: 364 ms
QTc: 398 ms

Pat Name:
Age:

10 mm/mV
25 mm/s

I    aVR    V1    V4
II   aVL    V2    V5
III  aVF    V3    V6



**LabCorp** LabCorp Montgomery Hull
543 Hull Street, Montgomery, AL 36104-0000

**LabCorp** Laboratory Corporation of America

Phone: 334-263-5745

| SPECIMEN 052-684-3124-0 | TYPE S | PRIMARY LAB YX | REPORT STATUS COMPLETE | Page #: 1 |
|---|---|---|---|---|

**ADDITIONAL INFORMATION**

PHY-2                 FASTING: N
2/18                  DOB: 7/28/1969

| PATIENT NAME | SEX | AGE(YR./MOS.) |
|---|---|---|
| BREACH,MARCELUS | M | 35 / 6 |

PT. ADD.:

| DATE OF SPECIMEN | TIME | DATE RECEIVED | DATE REPORTED | TIME |
|---|---|---|---|---|
| 2/21/2005 | 5:26 | 2/21/2005 | 2/21/2005 | 20:05 | 3351 |

**CLINICAL INFORMATION**
CID-41139314043

| PHYSICIAN ID. | PATIENT ID. |
|---|---|
| ROBBINS M | 160710 |

ACCOUNT: Kilby Correctional Facility
Prison Health Services
12201 Wares Ferry Road
Mt. Meigs          AL  36507-0000

ACCOUNT NUMBER: 01306900

| TEST | RESULT | LIMITS | LAB |
|---|---|---|---|

CMP14+LP+5AC

| | | | | | LAB |
|---|---|---|---|---|---|
| Chemistries | | | | | YX |
| > Glucose, Serum | 49 L | mg/dL | 65 - 99 | YX |
| Uric Acid, Serum | 5.4 | mg/dL | 2.4 - 8.2 | YX |
| BUN | 11 | mg/dL | 5 - 26 | YX |
| Creatinine, Serum | 0.8 | mg/dL | 0.5 - 1.5 | YX |
| BUN/Creatinine Ratio | 14 | | 8 - 27 | |
| Sodium, Serum | 143 | mmol/L | 135 - 148 | YX |
| Potassium, Serum | 4.8 | mmol/L | 3.5 - 5.5 | YX |
| Chloride, Serum | 105 | mmol/L | 96 - 109 | YX |
| Carbon Dioxide, Total | 24 | mmol/L | 20 - 32 | YX |
| Calcium, Serum | 9.7 | mg/dL | 8.5 - 10.6 | YX |
| > Phosphorus, Serum | 4.8H | mg/dL | 2.5 - 4.5 | YX |
| Protein, Total, Serum | 7.4 | g/dL | 6.0 - 8.5 | YX |
| Albumin, Serum | 4.7 | g/dL | 3.5 - 5.5 | YX |
| Globulin, Total | 2.7 | g/dL | 1.5 - 4.5 | |
| A/G Ratio | 1.7 | | 1.1 - 2.5 | |
| Bilirubin, Total | 0.5 | mg/dL | 0.1 - 1.2 | YX |
| Alkaline Phosphatase, Serum | 69 | IU/L | 25 - 150 | YX |
| > LDH | 456 H | IU/L | 100 - 250 | YX |
| AST (SGOT) | 34 | IU/L | 0 - 40 | YX |
| > ALT (SGPT) | 61 H | IU/L | 0 - 40 | YX |
| GGT | 19 | IU/L | 0 - 65 | YX |
| Iron, Serum | 139 | ug/dL | 40 - 155 | YX |
| | | | | YX |
| Lipids | | | | YX |
| > Cholesterol, Total | 224 H | mg/dL | 100 - 199 | YX |
| Triglycerides | 130 | mg/dL | 0 - 149 | YX |
| > HDL Cholesterol | 78 H | mg/dL | 40 - 59 | YX |
| | | | | YX |

Comment
HDL cholesterol values >59 mg/dL are associated with reduced cardiac risk.

| | | | | | |
|---|---|---|---|---|---|
| VLDL Cholesterol Cal | 26 | mg/dL | 5 - 40 | |
| > LDL Cholesterol Calc | 120 H | mg/dL | 0 - 99 | YX |

Comment
If initial LDL-cholesterol result is >100 mg/dL, assess for risk factors and refer to the ATP-III table below.

Risk Category LDL Goal LDL Level (mg/dL)    LDL Level (mg/dL)
              mg/dL      at which to initiate    at which to

| Pat Name: BREACH,MARCELUS | Pat ID: 160710 | Spec #: 052-684-3124-0 | Seq #: 3351 |
|---|---|---|---|

Results are Flagged in Accordance with Age Dependent Reference Ranges
Continued on Next Page



 

**LabCorp** LabCorp Montgomery Hull
Laboratory Corporation of America    543 Hull Street, Montgomery, AL 36104-0000

**LabCorp**
Laboratory Corporation of America

Phone: 334-263-5745

| SPECIMEN 052-684-3124-0 | TYPE S | PRIMARY LAB YX | REPORT STATUS COMPLETE | Page #: 2 |
|---|---|---|---|---|

ADDITIONAL INFORMATION

| PHY-2 2/18 | FASTING: N DOB: 7/28/1969 |
|---|---|

| CLINICAL INFORMATION CD-41|393|4043 |
|---|

| PHYSICIAN ID. ROBBINS M | PATIENT ID. 160710 |
|---|---|

| PATIENT NAME BREACH,MARCELUS | SEX M | AGE(YR./MOS.) 35 / 6 |
|---|---|---|

PT. ADD.:

ACCOUNT: Kilby Correctional Facility
Prison Health Services
12201 Wares Ferry Road
Mt. Meigs        AL  36507-0000

| DATE OF SPECIMEN 2/21/2005 | TIME 5:26 | DATE RECEIVED 2/21/2005 | DATE REPORTED 2/21/2005 | TIME 20:05 | 3351 |
|---|---|---|---|---|---|

ACCOUNT NUMBER:   01306000

| TEST | RESULT | LIMITS | LAB |
|---|---|---|---|

```
                Therapeutic Lifestyle    consider Drug
                Changes (TLC)                Therapy

CHD             <100           >100          >or=130
2+  Risk Factors <130          >or=130       >or=130
0-1 Risk Factors <160          >or=160       >or=190
T. Chol/HDL Ratio              2.9    ratio units     0.0 - 5.0
Estimated CHD Risk             < 0.5  times avg.      0.0 - 1.0
                                          T. Chol/HDL Ratio
                                              Men   Women
                            1/2 Avg.Risk    3.4    3.3
                                Avg.Risk    5.0    4.4
                            2X Avg.Risk    9.6    7.1
                            3X Avg.Risk   23.4   11.0


    The CHD Risk is based on the T. Chol/HDL ratio.  Other
    factors affect CHD Risk such as hypertension, smoking,
    diabetes, severe obesity, and family history of pre-
    mature CHD.
```

LAB: YX LabCorp Montgomery Hull            DIRECTOR: Alton Sturtevant B PhD
543 Hull Street, Montgomery,  AL 36104-0000



**LabCorp** LabCorp Montgomery Hull
543 Hull Street, Montgomery, AL 36104-0000

**LabCorp** Laboratory Corporation of America

Phone: 334-263-3745

| SPECIMEN 049-684-3160-0 | TYPE S | PRIMARY LAB YX | REPORT STATUS COMPLETE | Page #: 1 |
|---|---|---|---|---|

| ADDITIONAL INFORMATION |
|---|
| NPY-2 |

FASTING: N
DOB: 7/28/1969

| PATIENT NAME | SEX | AGE(YR./MOS.) |
|---|---|---|
| BREACH,MARCELUS | M | 35 / 6 |

PT. ADD.:

| DATE OF SPECIMEN | TIME | DATE RECEIVED | DATE REPORTED | TIME |
|---|---|---|---|---|
| 2/18/2005 | 6:00 | 2/18/2005 | 2/18/2005 | 17:11 3313 |

| CLINICAL INFORMATION |
|---|
| CD: 41130313982 |

| PHYSICIAN ID. | PATIENT ID. |
|---|---|
| ROBBINS M | 160710 |

ACCOUNT: Kilby Correctional Facility
Prison Health Services
12201 Wares Ferry Road
Mt. Meigs        AL   36507-0000

ACCOUNT NUMBER:   01306900

| TEST | RESULT | | LIMITS | LAB |
|---|---|---|---|---|
| CBC With Differential/Platelet | | | | |
| White Blood Cell (WBC) Count | 8.6 | x10E3/uL | 4.0 - 10.5 | YX |
| Red Blood Cell (RBC) Count | 5.31 | x10E6/uL | 4.10 - 5.60 | YX |
| Hemoglobin | 15.4 | g/dL | 12.5 - 17.0 | YX |
| Hematocrit | 46.7 | % | 36.0 - 50.0 | YX |
| MCV | 88 | fL | 80 - 98 | YX |
| MCH | 28.9 | pg | 27.0 - 34.0 | YX |
| MCHC | 32.9 | g/dL | 32.0 - 36.0 | YX |
| > RDW | 15.3H | % | 11.7 - 15.0 | YX |
| Platelets | 271 | x10E3/uL | 140 - 415 | YX |
| Neutrophils | 58 | % | 40 - 74 | YX |
| Lymphs | 29 | % | 14 - 46 | YX |
| Monocytes | 8 | % | 4 - 13 | YX |
| Eos | 4 | % | 0 - 7 | YX |
| Basos | 1 | % | 0 - 3 | YX |
| Neutrophils (Absolute) | 5.0 | x10E3/uL | 1.8 - 7.8 | YX |
| Lymphs (Absolute) | 2.5 | x10E3/uL | 0.7 - 4.5 | YX |
| Monocytes(Absolute) | 0.7 | x10E3/uL | 0.1 - 1.0 | YX |
| Eos (Absolute) | 0.3 | x10E3/uL | 0.0 - 0.4 | YX |
| Baso (Absolute) | 0.1 | x10E3/uL | 0.0 - 0.2 | YX |

LAB: YX LabCorp Montgomery Hull        DIRECTOR: Alton Sturtevant B PhD
543 Hull Street, Montgomery,  AL 36104-0000

Results are Flagged in Accordance with Age Dependent Reference Ranges
Last Page of Report



KILBY CORRECTIONAL FAC___TY
PO BOX 11
MT. MEIGS, AL 36057

PATIENT NAME
Breach, Marcellus

PRISON ID
160910

DATE SUBMITTED
2-18-05

## NPY   2

| TEST NAME | RESULT | REFERENCE RANGE | COMMENTS |
|---|---|---|---|
| HIV ANTIBODY | *NR* | NEGATIVE (NEG) | |
| RPR | *NR* | NON-REACTIVE (NR) | |
| URINALYSIS | *NEG* | | |
| APPEARANCE | | | |
| pH | | pH 5- pH 6 | |
| PROTEIN | | NEGATIVE (NEG) | |
| GLUCOSE | | NEGATIVE (NEG) | |
| KETONES | | NEGATIVE (NEG) | |
| BILIRUBIN | | NEGATIVE (NEG) | |
| BLOOD | | < 5 RBC/MCL | |
| NITRITE | | NEGATIVE (NEG) | |
| UROBILINOGEN | | < 1.0 MG/DL | |
| LEUK. ESTERASE | | NEGATIVE (NEG) | |
| SPECIFIC GRAVITY | | 1.016-1.022 | |

"A"      These results are unreliable due to the age of the specimen.
"H"      These results are unreliable due to the hemolyzed condition of the specimen.
"A+H"   These results are unreliable due to the age and hemolyzed condition of the
          specimen.

02/21/05

WAYNE D. MERCER, PHD
LABORATORY DIRECTOR

CLIA ID NO.   01D0706289

*Mental*

RECEIVED
JAN 0 3 2006

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: *Marcellus Breach*            Date of Request: *12-31-05*
ID # *160410*        Date of Birth: *7/4/69*  Location: _____
Nature of problem or request: *to request to be placed on*
*List for cavity to be filled.*
                            *Thank you*
                            *Marcus Breach*
                                    Signature

### DO NOT WRITE BELOW THIS LINE

Date: *1-9-06*
Time: *12:30*  AM / **PM**
Allergies: *NKDA*

```
┌─────────────────────────────────┐
│          RECEIVED               │
│  Date: 1.9.06                   │
│  Time: 12:30                    │
│  Receiving Nurse Intials  SL    │
└─────────────────────────────────┘
```

**(S)ubjective:** *same as above*

**(O)bjective**   (V/S): T: _____  P: _____  R: _____  BP: _____  WT: _____

**(A)ssessment:**

**(P)lan:** *appt. has been scheduled*

Refer to:   MD/PA   Mental Health   (Dental)  Daily Treatment      Return to Clinic PRN
                            CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
    If Emergency was PHS supervisor notified:   Yes ( )    No ( )
    Was MD/PA on call notified:  Yes ( )    No ( )

                            *LPN*
        SIGNATURE AND TITLE

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

*Dental*

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

RECEIVED
DEC 19 2005

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Marcellus Breach_  Date of Request: _12-15-05_
ID # _160710_  Date of Birth: _7/24/69_  Location: _108D-17B_
Nature of problem or request: _Requesting a cavity to be_
_filled. Thanks!_

_____ Signature

**DO NOT WRITE BELOW THIS LINE**

Date: _12/21/05_
Time: _955_  (AM)/PM
Allergies: _NKDA_

RECEIVED
Date: 12.21.05
Time: 955 A
Receiving Nurse Intials: _SL_

**(S)ubjective:** same as above

**(O)bjective** (V/S): T: ___ P: ___ R: ___ BP: ___ WT: ___

**(A)ssessment:**

**(P)lan:** appt. has been scheduled

Refer to:  MD/PA  Mental Health  (Dental)  Daily Treatment  Return to Clinic PRN
CIRCLE ONE
Check One: ROUTINE ( )  EMERGENCY ( )
If Emergency was PHS supervisor notified: Yes ( )  No ( )
Was MD/PA on call notified: Yes ( )  No ( )

_____ LPN
SIGNATURE AND TITLE

WHITE:  INMATES MEDICAL FILE
YELLOW: INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT
GLF-1002  (1/4)

*Dental*



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

RECEIVED
SEP 2 1 2005

PRISON
HEALTH
SERVICES
INCORPORATED

Print Name: Marcellus Breach    Date of Request: 9/20/05
ID # 160210    Date of Birth: 7/28/69  Location: 15-66
Nature of problem or request: Requesting a cavity to be
filled when possible, hopefully this year :)
Don't want it to get worse Please

_Signature_

**DO NOT WRITE BELOW THIS LINE**

Date: 9/23/05
Time: 3⁰⁰  AM (PM)
Allergies: NKDA

RECEIVED
Date: 9-23-05
Time: 3⁰⁰P
Receiving Nurse Intials: SL

**(S)ubjective:** same as above)

**(O)bjective** (V/S): T:_____ P:_____ R:_____ BP:_____ WT:_____

**(A)ssessment:**

**(P)lan:** appt. scheduled

Refer to:  MD/PA  Mental Health  (Dental)  Daily Treatment    Return to Clinic PRN
CIRCLE ONE

Check One:  ROUTINE ( )  EMERGENCY ( )
If Emergency was PHS supervisor notified:  Yes ( )  No ( )
Was MD/PA on call notified:  Yes ( )  No ( )

_LPN_
_SIGNATURE AND TITLE_

WHITE:  INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT



RECEIVED
JUL 0 5 2005

*Dental.*

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Marcellus Breach_ _____ Date of Request: _2-3-05_

ID # _160710_ _____ Date of Birth: _7/28/69_  Location: _15-50B_

Nature of problem or request: _I had a tooth repaired in Nov. However,_
_although it broke, I can feel it again sticking. Requesting to_
_come look. It can break. I also have a cavity. Request_
_to filled._

_Thank you_ _____ _Marcellus Breach_
_____ Signature

### DO NOT WRITE BELOW THIS LINE

_7/6/05 SML_

Date: _7-11-05_

Time: _200_  AM PM

Allergies: _NKDA_

┌─────────────────────────────────┐
│          RECEIVED               │
│ Date: _7/5/05_                  │
│ Time: _200 pm_                  │
│ Receiving Nurse Intials  _SML_  │
└─────────────────────────────────┘

**(S)ubjective:** _same as above_

**(O)bjective   (V/S): T:** _____ **P:** _____ **R:** _____ **BP:** _____ **WT:** _____

**(A)ssessment:**

**(P)lan:** _appt. scheduled_

Refer to:   MD/PA   Mental Health   (Dental)  Daily Treatment      Return to Clinic PRN
                              CIRCLE ONE

Check One:   ROUTINE ( )      EMERGENCY ( )
       If Emergency was PHS supervisor notified:    Yes ( )    No ( )
       Was MD/PA on call notified:    Yes ( )    No ( )

_____ _- DA_
                              *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

RECEIVED

JUN 0 7 2005

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

*Dental*

Print Name: Marcellus Breach      Date of Request: 6-6-05
ID # 160200      Date of Birth: 2/28/69  Location: B-800
Nature of problem or request: I have a tooth in which I've been
waiting for an extraction. It is speaking now, and
now pain. I have a cavity needs filling, please.
I thought I was placed on a list? Thanks

                                    *Signature*

**DO NOT WRITE BELOW THIS LINE**

Date: 6-9-05
Time: _____ AM PM
Allergies: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**  Same as above

**(O)bjective**   (V/S):  T: _____  P: _____  R: _____  BP: _____  WT: _____

**(A)ssessment:**

**(P)lan:**  Pt placed on waiting list for
                        extraction

Refer to:  MD/PA  Mental Health  Dental  Daily Treatment   Return to Clinic PRN
                              CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
      If Emergency was PHS supervisor notified:    Yes ( )    No ( )
          Was MD/PA on call notified:    Yes ( )    No ( )

                        LA Stovall
                  _____
                  *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## PATIENT CONSENT AND AUTHORIZATION
## FOR ORAL SURGERY OR EXTRACTION

Patient Name *Marellus Breach*          AIS# *160910*

1. I understand that there are risks, and possible complications of oral surgery including swelling, bleeding, pain, loss of tooth parts or fillings, bone fragments, sinus involvement, infection, jaw fracture, temporary or permanent numbness or tingling of the lips, tongue, skin, gums, cheek or teeth. Some complications may require further treatment and or surgery.

2. I consent to the use of local anesthetics or other medications and that there are possible side effects, including allergic reactions and these have been explained to me.

3. I have had the opportunity to ask questions which have been answered to my satisfaction.

4. I understand there is no guarantee of success or permanence of the treatment.

5. I authorize the disposal of any tissues, which, in the course of treatment, may be removed.

### SPECIFIC TREATMENT

| Tooth Number | Procedure | Date |
|---|---|---|
| 32 | Ext. | 6/10/05 |
|  |  |  |
|  |  |  |
|  |  |  |

Patient's Signature                          6-10-05
                                              Date

Dentist's Signature                          6/10/05
                                              Date

60530-AL

*Mental.*

RECEIVED
APR 2 6 2005

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: *Marcellus Breach*    Date of Request: *4/25/05*
ID # *160710*    Date of Birth: *9/28/69*  Location: *18D-10B*
Nature of problem or request: *Request have county filled.*

_____

_____

_____
                                Signature

**DO NOT WRITE BELOW THIS LINE**

Date: *4-27-05*
Time: _____ AM  PM
Allergies: _____

┌─────────────────────────────┐
│        RECEIVED             │
│ Date: _____               │
│ Time: _____               │
│ Receiving Nurse Intials ___ │
└─────────────────────────────┘

**(S)ubjective:**  *Same as above*

**(O)bjective:**  (V/S): T: _____  P: _____  R: _____  BP: _____  WT: _____

**(A)ssessment:**

**(P)lan:**  *pt to be scheduled*

Refer to:  MD/PA   Mental Health   Dental   Daily Treatment      Return to Clinic PRN
                        CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
       If Emergency was PHS supervisor notified:    Yes ( )   No ( )
       Was MD/PA on call notified:    Yes ( )   No ( )

_____
            *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002   (1/4)

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

*Dental*

## PRISON HEALTH SERVICES, INC.
### SICK CALL REQUEST

Print Name: _Marcellus Branch_    Date of Request: _2-24-05_

ID # _160710_    Date of Birth: _2-28-69_    Location: _M-94_

Nature of problem or request: _Dental cavities request_
_fillings and a tooth pulled causes pain_

_Please_

_Marcelle Branch_
Signature

### DO NOT WRITE BELOW THIS LINE

Date: _2-28-05_
Time: _7:58_ AM PM
Allergies: _NKDA_

RECEIVED
Date: _2-28-05_
Time: _6:08A_
Receiving Nurse Initials _ST_

(S)ubjective: _Wants An Extraction_

(O)bjective    (V/S): T: _____  P: _____  R: _____  BP: _____  WT: _____

(A)ssessment: _# Extraction #32_

(P)lan: _RTC on March 21, 2005 at 1:00p_

Refer to:   MD/PA   Mental Health  (Dental)  Daily Treatment    Return to Clinic PRN
CIRCLE ONE

Check One:   ROUTINE (✓)   EMERGENCY ( )
If Emergency was PHS supervisor notified:   Yes ( )   No ( )
Was MD/PA on call notified:   Yes ( )   No ( )

_E. Mowdy DMD_
SIGNATURE AND TITLE

WHITE:   INMATES MEDICAL FILE
YELLOW:   INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT



**PRISON HEALTH SERVICES INCORPORATED**

DEPARTMENT OF CORRECTIONS

# DENTAL RECORD TREATMENT

**Services Rendered**

| Date | Tooth # | Diagnosis | Treatment | Initials | Class |
|------|---------|-----------|-----------|----------|-------|
| 4-21-05 10:45A | 29 | Dental Caries | 2 x 1.8 ml lido 2% c̄ epi #29 Amalgam-occl. L-bond well tolerated Rx/ Ⓜ | | |
| 7-11-05 8 AM | 9 | Broken Resin | 1 x 1.8 ml lido 2% Resin #9 F L retention: guarded informed pt, | | |
| 2-13-06 7:45A | 3 | Dental Caries | 1 c̄ lido 2% c̄ epi #3 Amalgam M+D pit decay well-tolerated Rx/ MS | | |

| PATIENT LAST NAME | FIRST | MIDDLE | DOB | R/S | ID NO. |
|---|---|---|---|---|---|
| | | | | | |

PHS-MD-70022



DEPARTMENT OF CORRECTIONS

MENTAL HEALTH SERVICES

# DENTAL RECORD

| DENTAL EXAMINATION | RESTORATIONS AND TREATMENTS |
|---|---|

Date of Initial Examination   2-18-05

Initial Classification

Oral Pathology ........................ Gingivitis _____
Vincent's Infection _____
Stomatitis _____
Other Findings _____

Occlusion _____

Roentgenograms ..................... Periapical _____
Bitewing _____
Other _____

## Health Questionnaire

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| ☐ | ☑ | Rheumatic Fever | ☐ | ☑ | V.D. |
| ☐ | ☑ | Allergy (Novocaine, penicillin, etc.) | ☐ | ☑ | Hepatitis |
| ☐ | ☑ | Present Medication | ☐ | ☑ | Anemia or Bleeding Problems |
| ☐ | ☑ | Epilepsy | ☐ | ☑ | Heart Disease |
| ☐ | ☑ | Asthma | ☐ | ☑ | High Blood Pressure |
| ☐ | ☐ | Diabetes  typo | ☐ | ☑ | Kidney Disease |
| ☐ | ☑ | HIV | ☐ | ☑ | Other Disease |

| SERVICES RENDERED | | | | | |
|---|---|---|---|---|---|
| Date | Tooth # | DX | TX | Initials | Class |
| 8-8-05 | | | Prophy, Prake, OHI. | Daus, RDH | |
| 11-10-05 9:50A | 7 | Decay | I.C. Cido Etch exp. #7 | 3 DDS | |
| | | Caries | Resin IL V-bond F/ #9 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Breach, Marcelus | 160710 | 7-28-69 | B | KCF |

PHS-MD-70015



PRISON
HEALTH
SERVICES
INCORPORATED

## PATIENT CONSENT AND AUTHORIZATION
## FOR ORAL SURGERY OR EXTRACTION

Patient Name **Marcellus Breach**          AIS# **160710**

1.  I understand that there are risks, and possible complications of oral surgery including swelling, bleeding, pain, loss of tooth parts or fillings, bone fragments, sinus involvement, infection, jaw fracture, temporary or permanent numbness or tingling of the lips, tongue, skin, gums, check or teeth. Some complications may require further treatment and or surgery.

2.  I consent to the use of local anesthetics or other medications and that there are possible side effects, including allergic reactions and these have been explained to me.

3.  I have had the opportunity to ask questions which have been answered to my satisfaction.

4.  I understand there is no guarantee of success or permanence of the treatment.

5.  I authorize the disposal of any tissues, which, in the course of treatment, may be removed.

**SPECIFIC TREATMENT**

| Tooth Number | Procedure | Date |
|---|---|---|
| #9 | resin | 7/11/05 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_Marcellus Breach_
Patient's Signature

_Bright DDS_
Dentist's Signature

_7-11-05_
Date

_11 July 05_
Date

60530-AL

02/13/2007 TUE 14:49 FAX                    Ø009



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Breech, Marcelus_  Date of Request: _10/4/06_
ID # _160710_          Date of Birth: _9/25/69_ Location: _W-16_
Nature of problem or request:
_Transfere from Louisiana_
_Medication: Naproxen 500mg #90_
                                              _Marcelus Breech._
                                                    Signature

**DO NOT WRITE BELOW THIS LINE**

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

┌─────────────────────────┐
│       RECEIVED          │
│ Date:                   │
│ Time:                   │
│ Receiving Nurse Intials ___ │
└─────────────────────────┘

**(S)ubjective:**

**(O)bjective**  (V/S): T: ___  P: ___  R: ___  BP: ___  WT: ___
                            _10/9/06_
                            _signed_
                            _Waiver_

**(A)ssessment:**

**(P)lan:**

Refer to:   MD/PA  Mental Health  Dental  Daily Treatment    Return to Clinic PRN
                              CIRCLE ONE
Check One:  ROUTINE ( )   EMERGENCY ( )
       If Emergency was PHS supervisor notified:   Yes ( )   No ( )
                Was MD/PA on call notified:   Yes ( )   No ( )

_____
        *SIGNATURE AND TITLE*

WHITE:   INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002   (1/4)

02/13/2007 TUE 14:48 FAX                                    ☒006



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: *Breach, Marcellus 160710*

Date of Birth: *2/28/65*                    Social Security No:

Date: *10/9/06*                         Time: *600* AM/PM

This is to certify that I, *Marcellus Breach*
                                                          (Print Inmate's Name)                    , currently in

custody at the *KILBY*
                                              (Print Facility's Name)                    , am refusing to

accept the following treatment/recommendations: *SICKCALL Because I*
                                                                                          (Specify in Detail)

*don't need the medication*

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks
involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional
personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this
action/refusal and I personally assume all responsibility for my welfare.

_____          _____
        (Signature of Inmate)**                            (Signature of Medical Person)

_____          _____
              (Witness)                                            (Witness)

**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60116 (5/85)

02/13/2007 TUE 14:48 FAX                                    ☑007



**PHS**
PRISON
HEALTH
SERVICES

## PRISON HEALTH SERVICES, INC.
## SICK CALL REQUEST

Print Name: _Marcellus Breach_          Date of Request: _10/11/06_
ID # _160710_          Date of Birth: _9/28/69_ Location: _West 16_
Nature of problem or request: _I need to get the "Medical" hold_
_off of me so that I can be Released. It is_
_concerning a hernia I need to be Released_
_from medical_

                    _Marcellus Breach_
                                        Signature

### DO NOT WRITE BELOW THIS LINE
_____

Date: ___/___/___
Time: _____ AM PM
Allergics: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**          See note

**(O)bjective** (V/S): **T:**      **P:**      **R:**      **BP:**      **WT:**

**(A)ssessment:**      10/12/06
                        signed
                        Waiver

**(P)lan:**

Refer to:  MD/PA  Mental Health  Dental  Daily Treatment ·  Return to Clinic PRN
                                CIRCLE ONE
Check One:  ROUTINE ( )    EMERGENCY ( )
        If Emergency was PHS supervisor notified:  Yes ( )    No ( )
                Was MD/PA on call notified:  Yes ( )    No ( )

_____
                *SIGNATURE AND TITLE*

WHITE:    INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

02/13/2007 TUE 14:48 FAX                                    @006

PHS

## Nursing Evaluation Tool:                    __General Sick Call__

Facility: Alabama Department of Corrections

Patient Name: BROACH, Marcellus
                     Last          First

Inmate Number: 160710

Date of Birth: 7 /28 /69
               MM   DD   YY

Date of Report: 10 /12 /06         Time Seen: 6:00 (AM) PM  Circle One
                MM  DD  YYYY

_Subjective:_ Chief Complaint(s): I have a medical Hold on me.
Onset: I have an inguenal Hernia st x 2yrs.

Brief History: 37 y.o. Bm ɟ Hx LIH x 2 yrs
(Continue on back if necessary)

_Objective:_ Vital Signs: (As Indicated) T: 97.8  P: 70  RR: 18  B/P: 100 /70 /60
                                                                □ Check Here if additional notes on back

Examination Findings: A+O x 3  Resp. reg ɟ ease. VS WNL  NAD
(Continue on back if necessary)

_Assessment: (Referral Status)_   Preliminary Determination(s): Pt in comfort
                                                     □ Check Here if additional notes on back
□ Referral __NOT REQUIRED__                          R/T above statement

☒ Referral __REQUIRED__ due to the following: (Check all that apply)
   □ Recurrent Complaint (More than 2 visits for the same complaint)
   ☒ Other: Need release written

Comment: You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

_Plan:_ Check All That Apply:
   □ Instructions to return if condition worsens.
   □ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up.  □ YES   □ NO (If NO then schedule patient for appropriate follow-up visits)
   □ Other: _____
            (Describe)
OTC Medications given ☒ NO  □ YES (If Yes List): _____
Referral: □ NO  ☒ YES (If Yes, Whom/Where): B.Adams CRNP    Date for referral: 10 /12 /06
                                                                              MM  DD  YYYY
Referral Type: □ Routine  □ Urgent  □ Emergent (If emergent who was contacted?): _____  Time _____

x Lorraine LPN                    Name: Lorraine Graves
   Nurse's Signature                       Printed

02/13/2007 TUE 14:48 FAX                                    ☒005



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## RELEASE OF RESPONSIBILITY

Inmate's Name: Breach, Marcellus 193411

Date of Birth: 7/28/69 _____ Social Security No.: _____

Date: 10/12/06 _____ Time: _____ 6⁰⁰ A.M.

This is to certify that I, Marcellus Breach _____, currently in
(Print Inmate's Name)

custody at the _____ KILBY _____, am refusing to
(Print Facility's Name)

accept the following treatment/recommendations: Sickcall because I
(Specify in Detail)

Can't handle this mentally

_____

I acknowledge that I have been fully informed of and understand the above treatment(s)/recommendation(s) and the risks
involved in refusing them. I hereby release and agree to hold harmless the City/County/State, statutory authority, all correctional
personnel, Prison Health Services, Inc. and all medical personnel from all responsibility and any ill effects which, may result from this
action/refusal and I personally assume all responsibility for my welfare.

X _____        _____
(Signature of Inmate)**            (Signature of Medical Person)


_____          _____
(Witness)                          (Witness)


**A refusal by the inmate to sign requires the signature of at least one witness in addition to that of the medical staff member.

60116 (5/05)

☑004

**Nursing Evaluation Tool:**                    **General Sick Call**

Facility: Alabama Department of Corrections

Patient Name: Breach, Marcelus
                          Last                    First

Inmate Number: 160710                    Date of Birth: 7 | 28 | 69
                                                         MM   DD   YYYY

Date of Report: 12 | 21 | 06                    Time Seen: 600 (AM)/PM  Circle One
                MM   DD   YYYY

**Subjective:** Chief Complaint: Inguinal hernia X 2005

Onset:

Brief History: 37 yo Bm c̄ Hx (L) Inguinal hernia
(Continue on back if necessary)
Trauma Lt spine, Hypoglycemia.

**Objective:** Vital Signs: (As Indicated) T: 98.6 P: 94 RR: 18 B/P: 110 | 90 Wt 160

Examination Findings: A+O x3 Resp reg c̄ ease. VS WNL. NAD.
(Continue on back if necessary)

**Assessment: (Referral Status)** Preliminary Determination(s):  ☐ Check Here if Additional info on back
     ☐ Referral NOT REQUIRED                     Obtain comfort pt
     ☑ Referral REQUIRED due to the following: (check all that apply)   allow statement
       ☐ Recurrent Complaint (More than 2 visits for the same complaint)
       ☐ Other:

*Comment: You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

**Plan:** Check All That Apply:
     ☐ Instructions to return if condition worsens.
     ☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
     ☐ Other: _____

OTC Medications given ☑ NO ☐ YES (If Yes List): _____ 10/9/10/12

Referral: ☐ NO ☑ YES (If Yes, Whom/When): B Adams cnp    Date for referral 12-21-06
Referral Type: ☐ Routine ☐ Urgent ☐ Emergent (if emergent who was contacted?): _____ Time _____

x _____                    Name: _____
   Nurse's Signature                      Printed

02/13/2007 TUE 14:48 FAX                                    ☒003



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach , Marcellus | D.O.B.: / / |
|---|---|---|

**12/21/06**
**1105**

I was asked by Mrs. Lawrence, HSA to see this patient today for chronic Ⓛ inguinal hernia. He came down for screening and vital signs but left before exam despite counseling from me that he needed to stay. Chart review shows that he signed up for sick call on 10/9/06 & 10/12/06 but signed a release of responsibility waiver and left before exam on both dates. In summary, patient left outpatient clinic each of the last three times he was scheduled to be seen, before the physical examination could even be performed, despite counseling. I cannot evaluate his hernia (or anything else) if he refuses to stay for his examination. We will call him down again tomorrow and hopefully he will stay for the exam.

                                        Blu CRNP

GO111 (5/95)                    **Complete Both Sides Before Using Another Sheet**

02/13/2007 TUE 14:47 FAX            ☑002



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: Breach, Marcelus | D.O.B.: / / |
|---|---|---|

12/27/06
1125

Pt. seen today for evaluation of (L) inguinal hernia. ⊘ other c/o.

VSS ; Afebrile ; he is not wearing a truss

(L) inguinal area noted with small inguinal hernia ; easily reducible ; non-strangulated ; not incarcerated ; size is ~ 3x5 cm (unchanged from exam description on 5/5/06)

- Pt. states that he has documentation from another facility that supposedly says that he needs surgical repair of his (L) inguinal hernia but I have no record of this in his chart.

✗ Consulted with Dr. Robbins

1) (L) inguinal hernia
   - Records / old charts
   - (L) inguinal hernia truss / Percogesic PRN
   - ⊘ straining / ⊘ lift > 20 #'s
   - Bottom Bunk profile
   - no need for surgical referral @ present
   - F/u OPC 2 wks / PRN

   E: Tx plan

   [signature] CRNP

BSV today = 70 mcg/dl

Add: Pt. also states he is "hypoglycemic" but I see no documentation of this in his chart either. I will order BS v3 BID x 7d ⅋ evaluate them.

[signature] CRNP

60111 (5/85)       **Complete Both Sides Before Using Another Sheet**

02/13/2007 TUE 14:49 FAX                    ☎010



BREDICH, MARCELLUS
ID:

02/11/2007 15:31:40          SINUS RHYTHM
                             WITHIN NORMAL LIMITS

D.O.B.: 07/28/1969    37 YEARS
MALE
Mode:
Class:                                        Summary: NORMAL ECG
Dr:        ROBBINS
Tech:      HOOKS

Vent. Rate:          78 bpm
RR Interval:        768 ms
PR Interval:        134 ms
QRS Duration:        86 ms
QT Interval:        378 ms
QTc Interval:       409 ms
QT Dispersion:       44 ms
P-R-T AXIS:    65°  85°  60°

                                          * Unconfirmed Analysis *

02/13/2007 TUE 14:52 FAX                                    ☒002



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## PHYSICIANS' ORDERS

| NAME: | DIAGNOSIS (If Chg'd) |
|---|---|
| D.O.B.  /  /  <br> ALLERGIES: | |
| Use Last    Date  /  / | ☐ GENERIC SUBSTITUTION IS NOT PERMITTED |
| NAME: | DIAGNOSIS (If Chg'd) |
| D.O.B.  /  /  <br> ALLERGIES: | |
| Use Fourth    Date  /  / | ☐ GENERIC SUBSTITUTION IS NOT PERMITTED |
| NAME: Breach, Marcelus <br> 160710 <br> D.O.B. 7 28 69 <br> ALLERGIES: NKDA <br> noted <br> 12-1-07 <br> 1644 <br> Use Third    Date 2, 1, 07 | DIAGNOSIS (If Chg'd) <br> UA: / Fasting Profile I <br> EKG <br> sent Dr Robbins / R Bell RN <br> ☐ GENERIC SUBSTITUTION IS NOT PERMITTED |
| NAME: Breach, Marcelus <br> 160710 <br> D.O.B. 7 28 69 <br> ALLERGIES: NKDA <br> 12/27/06 <br> 515 pm <br> noted <br> Use Second    Date 12/27/06 | DIAGNOSIS (If Chg'd) <br> ④ Bottom Bunk / ⊘ straining / ⊘ lift <br> > 20 #'s  x  180 days <br> ⑤ F/u  OPC  2 wks (Records / BSV's) <br> ⑥ Percogesic ꝯ po BID X 90d PRN <br> ☐ GENERIC SUBSTITUTION IS NOT PERMITTED |
| NAME: Breach, Marcelus <br> 160710 <br> D.O.B. 7 28 69 <br> ALLERGIES: NKDA <br> Use First    Date 12/27/06 | DIAGNOSIS <br> ① Please order old records / old chart <br> with any information related to ⓡ <br> inguinal hernia evaluation & treatment <br> ② ⓡ inguinal hernia truss x 180d (KOP) <br> ③ BS √'s  BID X 7d <br> ☐ GENERIC SUBSTITUTION IS NOT PERMITTED |

60110 (4/03)                    **MEDICAL RECORDS COPY**

02/13/2007 TUE 14:52 FAX                    ☒003

12/06

| Facility Name: Kilby | | Month/Year of Charting: |
|---|---|---|

Percogesics II
po BID PRN
X 90d

Hour | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date: 12/27/06   Prescriber:
Stop Date: 3/27/07   RX #:

Hour | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date:   Prescriber:
Stop Date:   RX #:

Hour | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date:   Prescriber:
Stop Date:   RX #:

Hour | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date:   Prescriber:
Stop Date:   RX #:

Hour | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Start Date:   Prescriber:
Stop Date:   RX #:

| Diagnosis | Nurse's Signature | Initial | Nurse'n Signature | Initial | Documentation Codes |
|---|---|---|---|---|---|
| | | | | | 1. Discontinued Order |
| Allergies | | | | | 2. Refused |
| | | | | | 3. Patient out of facility |
| | | | | | 4. Charted in Error |
| Housing Unit: | | | | | 5. Lock Down |
| Patient ID Number: 160-710 | | | | | 6. Self Administered |
| Patient Name: | | | | | 7. Medication out of Stock |
| Branch, Marcellus | | | | | 8. Medication Held |
| | | Date of Birth: | | | 9. No Show |
| | | | | | 10. Other |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)          *

      Plaintiff,          *

V.          *          2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,          *

      Defendants.          *

## AFFIDAVIT OF MICHAEL E. ROBBINS, M.D.

BEFORE ME, _Willie G. Powell_, a notary public in and for said County and State, personally appeared **MICHAEL E. ROBBINS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Michael E. Robbins. I am a medical doctor and am over twenty-one years of age. I have been a licensed physician in Alabama since 1986 and have been board certified in internal medicine since 1986. Since June of 2002, I have served as the Medical Director for Kilby Correctional Facility in Mt. Meigs, Alabama. Since November 3, 2003, my employment has been with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Kilby Correctional Facility. I am familiar with Mr. Breach and have been involved with the medical services provided to him at Kilby. In addition, I have reviewed Mr. Breach's Complaint

in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole." He has been incarcerated at Kilby Correctional Facility since September 6, 2006. I have reviewed his medical records and have been actively involved in his medical treatment. It is noted in a Progress Note from Dr. Bosserman on May 5, 2005 that Mr. Breach does have an inguinal hernia on the left, but it is not into the scrotum. The inmate has had the hernia for at least the past year. Dr. Bosserman placed the inmate on limited restrictions of no lifting greater than 25 lbs. and no standing or walking for greater than one hour due to (1) a deformity of his left foot, (2) an ankle brace, and (3) a hernia for which he prescribed a truss. In a yearly Health Evaluation dated February 2, 2006, he made no oral complaints about any pain associated with the inguinal hernia.

Mr. Breach was to be seen on December 21, 2006 for evaluation of his left inguinal hernia but left before his exam could be performed. It should also be noted that Mr. Breach signed up for Sick Call on October 9, 2006 and October 12, 2006, but signed a Release of Responsibility Waiver and left before his exam on both dates. Mr. Breach was examined on December 27, 2006 for evaluation of his left inguinal hernia. He voiced no other complaints at that time. It was noted on that date that he was not wearing his truss. The hernia was noted as being easily reducible, non-strangulated, and is not incarcerated. Inmate was prescribed a left inguinal truss for 180 days and Percogesic for pain. He was placed on restrictions of no straining, no lifting more than 20 lbs. and placed in bottom bunk for 180 days. It was noted at that time that there was no need for surgical referral at present. In my opinion, the inmate's

2

hernia does not require surgical intervention and I believe surgery is not medically necessary. The type hernia which Mr. Breach has should not cause the patient any pain nor is it a condition that a reasonable person cannot live with under the conditions and restrictions governing Mr. Breach.

Based on my review of Mr. Breach's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints were evaluated and treated in a timely and appropriate fashion at Kilby Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion.

At no time did I or any of the medical or nursing staff at Kilby Correctional Facility deny Mr. Breach any needed medical treatment, nor did we ever act with deliberate indifference to any serious medical need of Mr. Breach. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. Mr. Breach was seen and evaluated by the medical or nursing staff, and was referred to an appropriate care provider or given appropriate care, each time he registered any health complaints at Kilby Correctional Facility. At all times, Mr. Breach's known medical complaints and conditions were addressed as promptly as possible under the circumstances.

Further affiant sayeth not.

*Michael E. Robbins* MD
MICHAEL E. ROBBINS, M.D.

STATE OF ALABAMA        )
                        )
COUNTY OF _____ )

Sworn to and subscribed before me on this the 14th day of
February, 2007.

_____
Notary Public
My Commission Expires:

6/15/08

4

# EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH (AIS # 160710),          *

       Plaintiff,          *

V.          *          2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,          *

       Defendants.          *

## AFFIDAVIT OF LINDA LAWRENCE, R.N., H.S.A.

BEFORE ME, Perry A. Woods_____, a notary public in and for said County

and State, personally appeared **LINDA LAWRENCE, R.N., H.S.A.**, and being duly sworn,

deposed and says on oath that the averments contained in the foregoing are true to the best of her

ability, information, knowledge and belief, as follows:

"My name is Linda Lawrence. I am over the age of twenty-one and am personally

familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in

Alabama since 1997. I hold an Associates Degree in nursing from Troy State University in

Montgomery. I have worked as a nurse at Kilby Correctional Facility in Mt. Meigs, Alabama,

since March of 2002, and have been the Health Services Administrator (H.S.A.) at Kilby since

May of 2002. Since November 3, 2003, I have been employed by Prison Health Services, Inc.,

the company which currently contracts with the Alabama Department of Corrections to provide

medical services to inmates.

Prison Health Services, Inc. (PHS) has established a simple two-step procedure for

identifying and addressing inmate grievances at Kilby Correctional Facility. If an inmate has a

grievance regarding a healthcare issue he must submit to the healthcare unit an "Inmate Informal Grievance" form. These are standard forms that may be acquired in the healthcare unit or from an inmate's supervising officer in his dormitory. The informal grievance allows an inmate to communicate any healthcare related concern by placing the form in the medical services complaint box or mailbox to be forwarded to the healthcare unit. I subsequently review the concern and respond via in house mail.

If the inmate is unsatisfied with my response, he may request an "Inmate Grievance Appeal" form from the healthcare unit. This form allows an inmate to again voice his concerns relating to the healthcare issue addressed with the informal grievance form. After the inmate has submitted the grievance appeal, I will meet with him face-to-face in a final attempt to address his concerns verbally.

It is my understanding that Marcellus Breach has filed suit in this matter alleging that Prison Health Services, Inc. has failed to provide him with appropriate medical care. However, Mr. Breach has failed to exhaust Kilby's informal grievance procedure relating to the receipt of medical care for this alleged condition. Specifically, as relevant to his Complaint, Mr. Breach has submitted neither an inmate informal grievance nor an inmate grievance appeal. As such, the healthcare unit at Kilby has not been afforded the opportunity to resolve Mr. Breach's medical complaints prior to filing suit."

Further affiant sayeth not.

*Linda Lawrence Rn, HSA*
LINDA LAWRENCE, R.N., H.S.A.

2

STATE OF ALABAMA                    )
                                    )
COUNTY OF Montgomery                )

    Sworn to and subscribed before me on this the _____13th_____ day of
February_____, 2007.

*[signature: Perry C. Woods]*
Notary Public

My Commission Expires:

May 28 2007

3

# EXHIBIT D

12/13/2006 WED 14:04 FAX                                        ☒004

## Kilby's Grievance Process

Kilby follows the National Committee on Correctional Health Care guidelines for our grievance policy.

1. Inmate requests Informal Grievance Form and fills out completely. He can pick these forms up in the dorms or from any medical department.
2. The completed forms are then put in a complaint box in the main hall of Kilby out side of the dining hall.
3. The contents of the complaint box are retrieved every night by the CNA on night shift and put in the Health Administrators box.
4. In the AM when the HSA comes in to work the complaints are researched by either the Director of Nursing or the HSA.
5. The responses are then sent through the in-house mail system to the inmate.
6. If not satisfied with the response the inmate has the opportunity to file an appeal. These forms are in the HSA's office and must be obtained from her.'
7. Once the appeal forms are completed they are sent to the HSA and a meeting is set up with the inmate.

I have also included all forms so that you may have these on file.

12/13/2006 WED 14:04 FAX                                    ☒005

| **POLICY/PROCEDURE** | Date of Prior Policy: |
|---|---|
| Prison Health Services, Inc. | Date of Revised: |

**FACILITY NAME:** *Kilby Correctional Facility*

| TITLE:  Grievance Mechanism for Health Complaints | **NUMBER: P-A-11** |
|---|---|
| **REFERENCE: NCCHC: P-A-11;  ACA 4-4394** | |

**POLICY:**

It is the policy of PHS to encourage the resolution of inmate concerns regarding the health care system prior to the documentation of a written grievance.  A grievance mechanism addresses inmate's complaints about health services.

**PROCEDURE:**

1.    The Health Services Administrator will work with the Correctional Authority to ensure that there is a well-defined procedure for handling inmate grievances.

2.    When a health care grievance is received, the health record is reviewed and if necessary, the inmate is interviewed.  A written response is given to the inmate within **10 days** of the appropriate health care provider receiving the grievance.**(place number of days designated by contract)**

3.    Expeditious resolution is expected if the grievance involves access to care.

4.    Reasonable effort will be made to reconcile the inmate's grievance.

5.    The inmate may appeal the grievance through the facility review process if he wishes to contest the outcome of the grievance.

6.    Review and summation of the inmate health care grievances are included in the QI meetings and identified problems are viewed as opportunities to improve care.

**Supportive documentation: Grievance log, any staff meeting minutes**

Prison Health Services, Inc.

Inmate Grievance **Appeal**

| NAME | AIS # | UNIT | DATE |
|------|-------|------|------|

PART A—INMATE Grievance Appeal for the following reason:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

INMATE SIGNATURE

Return this form to Health Services Administrator by dropping in the sick call box or
giving to the segregation sick call nurse on rounds.

PART B –RESPONSE                    DATE RECEIVED

_____
_____
_____
_____
_____
_____

Inmate Signature                    Health Services Department Head

Date                                Date

| H.S.A. Selection: | Y | N | | Y | N |
|-------------------|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI   Delay in Health Care Provided | ☐ | ☐ |
| II   Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII  Problems with Medication | ☐ | ☐ |
| III  Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☐ | ☐ |
| IV   Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX   Request for Off-site Specialty Care | ☐ | ☐ |
| V   Conduct of Healthcare Staff | ☐ | ☐ | X   Other | ☐ | ☐ |
| Committee Review of Data Collection | | | | | |

11/03 – Alabama
Revised 5/16/05

007

# GRIEVANCE APPEAL LOG

Facility _____

Month _____ Year _____

| NAME | AIS# | DATE RCVD | GRIEVANCE APPEAL REASON | RESPONSE DATE |
|------|------|-----------|-------------------------|---------------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

12/13/2006 WED 14:04 FAX                    @008

# INFORMAL GRIEVANCE LOG

Facility _____    Month _____ /Year _____

| NAME | AIS# | DATE RCVD | COMPLAINT | RESOLUTION | DATE RSLVD |
|------|------|-----------|-----------|------------|------------|
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |
|      |      |           |           |            |            |