IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 SEP 12 A 9: 40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARCELLUS BREACH, # 160710 | * |
| Plaintiff, | * |
| Vs. | *   CASE NO: 2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, INC., et al., | * |

*MOTION IN REQUEST FOR PROTECTIVE ORDER*

***COMES NOW,*** Plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se" moves this Court pursuant to *Rule 26(c)* Fed.R.Civ.P., for either a temporary protective order, or a protective order against the Defendants pertaining to his injury for good cause shown:

1)  That Breach's interest without a protective order will be affected; and,

2)  That the protective order is sought before discovery and there are discovery tools available to the Defendants to obtain the relevant information sought without harassing Breach; and,

3)  *Rule 26(c)* Fed.R.Civ.P., provides at this Court discretion, the court may make any type of protective order required by justice.

4)  Before this Court are claims and supporting evidentiary materials in regards to retaliation by the medical providers in their refusal to provide Breach with any kind of

medical treatment since Hobbs has been added as a Defendant: refusing to screen Breach's sick call request, re-issue pain medication. [Doc. 128 Order] for a period of five months still on going.

5)  Breach has reasons to believe that since Defendants have requested another extension of time to answer; they will seek to examine Breach, because there is pending a Motion for "*Independent Physical Examination*" [Doc. 124 Order] wherein, Breach has requested for good cause independent examination due to the fact, Breach's injury is progressing, and has caused Breach permanent injury due to a refusal of the Defendants to provide the only necessary medical treatment available which is surgery. Defendants cannot refute this Motion; therefore, protective order is necessary to preserve the injury until ruling by the Court on independent physical examination. In addition, Breach's physical condition has been placed "in controversy." Defendants ought not to be allowed to examine Breach anymore regarding this Hernia without Breach's consent, or an Order from the Court for purposes of truth, and preserving the evidence upon an independent physical examination.[1]

6)  The very treating Dr. William Hobbs, M.D., is a "Defendant" in this case whose actions are challenged. However, Dr. Williams Hobbs is currently under investigation with the Medical Board of Examiners due to several Complaints filed with the Examiners

---

[1] Breach objects to the Defendants attempting to abuse their power by attempting to examine Breach, because it will not be on good faith, due to the retaliation, denial of medical treatment claims against them. Without Court order, or Breach's consent. Breach will oppose to any surprise examination by any PHS or ADOC employee.

against him. In addition, Dr. Hobbs recently performed surgery on an Inmate Jackie Morrow, pouring 'sugar' into Morrow stomach causing "gangrene" "staff infections" resulting from Dr. Hobbs' performance. _Exhibit "A" Medical Examiners Complaint_.

Morrow currently has undergone several free world hospitals corrective surgeries in an attempt to save Jackie Morrows life, and correct the medical errors caused by Dr. Hobbs. Morrow is currently back and forth to the free world hospital due to Hobbs performance. Morrow has undergone four additional surgeries behind Hobbs, and Hobbs performed this surgery at the Health Care Unit at Limestone. There will/is a pending law suit filed against defendants, Morrow being represented by a licensed attorney.[2] Breach has first hand knowledge to the facts stated herein.

7)    Dr. Hobbs is a *'medical threat'*. Breach is requesting a protective order against PHS doctors in regards to examining Breach's inguinal hernia. *First*, Breach's physical condition has been placed into controversy. *Secondly*, Defendant's have already conducted their examinations; there is no good cause for any further examinations being conducted by the defendants. Thus, any further examination will not be in good faith. Defendant's are not allowed a second bit at the apple. *Thirdly*, Breach has been denied for the past five (5) months any medical attention. Defendants must Answer the Orders by this Court on September 21, 2007. Defendants cannot simply attempt to call Breach to

---

[2] Jackie Morrow is currently at the Limestone C.F. Health Care Unit recovering from four surgeries related from Dr. Hobbs.

the health care unit for another evaluation, only in an attempt to manipulate the facts in this case. Defendants have had their opportunity, and their actions are challenged.

8) It is vital that Breach preserved his injury until this court rules on his motion for independent physical examination. A protective order will preserve his injury as evidence for a jury as to the proximate cause of injury, without interference from the Defendants. It is not justice for Breach to place his physical condition in controversy, then, the defendants all of a sudden decide that they want to examine Breach <u>again, April 30, 2007</u> was the examination date performed by Hobbs, Defendants actions are challenged. Protective order is requested, because defendants <u>have already had their opportunities examining Breach.</u>

9) Breach is trying to avoid, if and when the defendants simply decide that they want to examine Breach again, Breach opposes any PHS employee examining his Hernia because Breach's <u>physical condition has been placed into controversy</u> awaiting for final disposition by the Court.

Breach has no objection that PHS <u>provide to him pain medication</u>, but further examination on Breach's Hernia is opposed. PHS are Defendants although they are the medical providers there is a conflict dealing with this Hernia.

10) Defendants cannot after five months of refusing Breach's sick call request, then, upon order by the Court to show cause, decide to examine Breach. Breach must preserve his injuries without interference from the Defendants until this Court makes its rulings.

11) Breach's main reason is, on or about December 22, 2006, Defendant Branden Kindard came to Kilby Correctional Facility, spoke with Breach at the captain's office and verbally told Breach, while shaking Breach's hand, saying "**Happy New Year ! I am going to give you your surgery.**" Furthermore, in December 2006, Defendant Branden signed Breach up for sick call without Breach's consent to be seen by Defendant B. Adams a Nurse Practitioner. That day at sick call, Breach verbally opposed to being seen by a nurse practitioner explaining to Adams that Branden already stated he was going to give Breach surgery. In addition, B. Adams wrote that Breach refused treatment and/or signed waiver in Breach's medical records; then, turned right around, defendants used this at the outset of this filing and this Court's initial Order for "Special Report" pertaining to surgery against Breach which this Court adopted. Defendants used B. Adams' referral of no surgery, based upon Branden signing Breach up for sick call, to answer this Court's order with waiver, "_refusal_" issues against Breach.

**Breach refuses to go through this again**. The issue is, Defendants have several orders from this court to show cause – independent physical examination, retaliation, preliminary injunction, and Hobbs must Answer the Complaint against him by _September 21, 2007_: (they should not be allowed to show cause on Breach's expense by surprise examination without a Court order or consent by Breach.)

12) Breach's objects to be seen by _any_ PHS doctor pertaining to this Hernia with the exceptions to pain medication or other medical problems without an Order from the

Court or upon Breach's consent. This Hernia issue must be protected as evidence before this Court.

**WHEREFORE, *premises considered*,** Breach request that this Court issue a protective order prohibiting any surprise examinations by the Defendants pertaining to this hernia, that justice can be better served by preserving the 'truth' that only can an independent physical examination can uncover. Breach request a protective order that only by consent of Breach that any hernia examination be conducted, or that the Court grant whatever relief deem appropriate in this case. Breach <u>opposes strongly</u> as to being surprised by any unexpected examination by the defendants.

Done so this 7th Day September 2007.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I, Marcellus Breach, certify that I have served a true copy of the foregoing upon counsel for the Defendants on this 7th Day of September 2007, by placing the same into the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

Rushton, Stakely, Johnston & Garrett
P.O. Box 210
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130-1501

AIS 35749

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710            *

    Plaintiff,                        *

Vs.                                   *    Case No: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al., *

    Defendants.                       *

*DECLARATION IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER*

    After being sworn, *Marcellus Breach, Pro Se'* on oath under 28 U.S.C. 1746 deposes and states as follows:

    I am Marcellus Breach, the Plaintiff in this action. I am over the age of twenty-one and hereby affirm under the penalty of perjury that the foregoing statement within this instrument is true and correct to the best of my knowledge, information and belief.

    I make this declaration in support of my "Motion for a Protective Order." The very purpose of the protective order is to preserve the status of my injury until this Court rules on my request via-motion: "Motion for Independent Physical Examination". I request this protective order for the purposes to prevent injustice in this case. My physical condition has been placed "in controversy" [Doc. 124, Order]. Also I state that PHS medical providers have refused to see me in regards to approximately six (6) sick call request, and grievances filed. [Doc. 128, Order]. I asked to be seen, they refused, and I now oppose that they be allowed to see me now, especially since the issue has been brought to the Court's attention. Defendants, PHS can issue me the requested pain medication, or address any other medical problem that may arise. But, my Hernia issue, I oppose any examinations unless an emergency situation arises or consent by myself.

    Another reason for this declaration is based on past experience dealing with the defendants. In December 2006, Branden Kindard, AODC who also is a Defendant came to Kilby Correctional Facility, and spoke directly with me at the

captain's office concerning my request for surgery due to this hernia. Branden kept stating that he wanted "our doctors to examine you". I objected and I asked Branden why do I have to be seen <u>again</u> when Dr. Tassin already made his recommendation that I needed surgery? Branden stated: "<u>Because out doctors have to see you</u>".

I personally gave a true copy of the medial records reflecting Dr. Tassin's recommendation to Branden, and when Branden reviewed this medical record Branden asked and stated: "<u>Marcellus, do you want surgery</u>?" I replied: "yes and I would appreciate it." Branden then stated: "<u>I am going to give you your surgery</u>". Branden shock my hand, said "Happy New Year". [I never received surgery.]

The surprised sick call, and examination conducted by B. Adams the nurse practitioner was a tactic to avoid providing surgery. Only the defendants nurse practitioner has stated: "No need for surgical referral" who actually examined my hernia; morethanless, his recommendation is outside his qualifications. <u>Only</u> a doctor can comment, make recommendations pertaining to surgery. This method was used to manipulate the Court, because defendants kept the very issue of surgery stated in the <u>LCS Medical Records</u>, Dr. Tassin's recommendation out of court and away from the issue of surgery, and relied on "their" medical personnel.

I was ordered to report to sick call at Kilby soon after this meeting with Branden. I waited and waited and upon Defendant B.Adams a nurse practitioner was holding the examination, I stated that I did not want to be seen by a nurse practitioner and Branden stated doctors had to see me. To get to the point, the defendants have used this incident as a manipulation effort stating that I refused, signed waivers, excreta to the Court. It was a surprised examination, I did not sign up for sick call, and when I opposed of it, the defendants wrote <u>waiver, refused treatment and that is not the truth.</u>

The purpose of the protective order is to prevent this conflict arising again. The Defendants have had several opportunities to examine my hernia. The Defendants actions are challenged, and my physical condition has been placed into controversy. Defendants have many opportunities to conduct examination on my hernia and now that Dr. Hobbs is a Defendant, there is a real conflict of interest with him attempting to conduct any further examinations. I do not want Dr. Hobbs <u>examining my Hernia</u> for any reason unless a life or death situation arises or on my consent. I oppose to any PHS

employee, ADOC employee or doctor via contract <u>examining my Hernia</u> until this Court rules on the Motion for Independent Physical Examination.

The Defendants have had enough opportunity to answer several of my sick calls over the last five months and they have refused them. Now that there are Orders by the Court for the defendants to address each issues separately, protective order is requested that: <u>1) No examination be conducted on Breach's Hernia without express leave of Court or consent by the Plaintiff.</u>

This declaration is not intended that I refuse any treatment. I <u>do not</u> <u>refuse any "treatment"</u>, i.e., issuing pain medication, or other medical complaints <u>unrelated</u> to this Hernia. In addition, I do oppose being examined by any party Defendant in this action without Court order now that my physical condition has been placed "in controversy."

It is important to preserve the evidence and extent of my injury. my Hernia has progressed, and worsening. Defendants had their opportunity to examine my hernia, and cannot force, sneak Breach into another examination for purposes of bad faith, harassment, and for the only purpose to placed an affidavit to the Court attempting to refute a granting of a physical examination, and an Answer to the Court attempting to avoid liability, avoid independent physical examination.

Dr. Hobbs on April 30, 2007 examine my Hernia, the defendant should not be allowed to examine my Hernia again, or attempt to examine me when I oppose of it because of this litigation, defendants will attempt to examine me, and I will oppose and defendants will attempt to use "wavier" or "refused treatment" against me. I am not refuses treatment, I refuse to be examined by any party to this action who are Defendants or contracted out with the Defendants while my physical conduction is in controversy.

Plaintiff has requested an Independent Physical Examination be ordered. Breach's physical condition has been placed in controversy. Until this Court rules on said order, Breach request that the defendants be prohibited from examining Breach's Hernia.

Breach request that the Defendants are to be allowed to issue pain medication, or address any other medical complaint by Breach. Only in an emergency pertaining to Breach's Hernia, strangulated, incarcerated or into the scrotum or other symptoms of life or death situation would require a doctor to examine my

hernia, or an immediate operation to save my life. Defendants ought to be prohibited from examining my hernia due to conflict, controversy of Breach's physical condition, Rule 35(a) has been resolved.

Further affiant sayeth not.

Done so, under the penalty of perjury 28 U.S.C. 1746 on this 8 Day of September 2007.

                                                    /s/ Marcellus Breach
                                                  Marcellus Breach

Exhibit "A"

# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
848 Washington Avenue (36104)
PO Box 946, Montgomery, AL 36101-0946
(334) 242-4116

## PERSONAL & CONFIDENTIAL
### MEMORANDUM OF COMPLAINT
*Please type or use black ink*

Your Name:   Marcellus Breach, AIS# 160710

Home Address: 28779 Nick Davis Rd. Limestone C.F. Dorm D-19d Harvest, Alabama 35749
　　　　　　　　Street　　　　　　　　　　　　　City　　　　　　　　State　　　Zip

Work Address: _____
　　　　　　　Street　　　　　　　　　　　　　City　　　　　　　　State　　　Zip

Home Phone No.: N/A_____　　Work Phone No.: N/A_____

Patient's Name: **Self**_____
　　　　　　(if you are the patient, indicate "self")

Patient's Date of Birth: 07-28-1969　　　Patient's Social Secutiry No.: 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

Name and Address of the MD(s) or DO(s):   **Dr. Michael Robbins, M.D.**, @ Kilby Correctional Facility, P.O. Box 150 Mt. Meighs, Alabama  and **Dr. William Hobbs**, M.D., at Limestone C.F., 28779 Nick Davis Rd. Harvest, Alabama 35749.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State exactly what the doctor has done or has not done which causes you to make this report. Include as much details as you have and include *photocopies* of any supporting documents.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LARGE INGUINAL HERNIAS**

On <u>2-21-2006</u> **Dr. John A. Tassin, M.D.**, at a private prison in Louisiana, South Louisiana Correctional Center diagnosed me with left Inguinal Hernia and recommended "Needs Repair". I am a state prisoner in the department of corrections who was transferred to Louisiana to a private prison due to overcrowding. I was returned to Alabama October 6, 2006.

On or about <u>December 22, 2007</u> I was seen at Kilby Correctional Facility by a Nurse Practitioner, B. Adams concerning complaints about pain when coughing, sneezing and having

bowel movements.[1] The Nurse Practitioner B. Adams tells everyone that he is a doctor. He is unsupervised and the doctor is Doctor Michael Robbins, M.D. However, B. Adams stated clearly that I do not need surgical referral, **is totally outside his qualification**. Medical Records attached will show that the nurse practitioner stated that he consulted with Dr. Robbins who agreed with his nurse practitioner, but never once examined my SOFT BALL hernia. My hernia has progressed and enlarged..

[2]Dr. Robbins <u>did not, perform any exam on me</u>. I have never seen Dr. Robbins M.D., personally, but he writes recommendations pertaining that I do not need surgery. I have in pain, I cannot sneeze, cough, have bowel movements without pain. I have burning pain at times. Under the standard of care, a nurse practitioner <u>cannot</u> simply state to someone involving a Hernia that you do not need surgery because only a Doctor is qualified to make that determination. Dr. Robbins does not supervise B. Adams as his assistant but allows this nurse to perform his duties when it comes to hernia recommendations. How can a nurse practitioner state I do not need surgery, when only a doctor can make that call? How can a doctor say I do not need surgery, when medically the only cure for a hernia is surgery?.

On or about <u>April 30, 2007</u> I was seen by Dr. Hobbs, M.D., at Limestone C.F. I was complaining about experiencing **"Burning pain"** due to my enlarged Hernia. Dr. Robbins stated that I needed to call the Governor or the Commissioner of the Department of Corrections to obtain surgery. Dr. Hobbs also stated that there was no need to put me in for surgery because they are going to deny it.

---

[1] Medical records will reflect nurse practitioner stated my hernia is 3x 5 cm in December 2006. Dr. Hobbs, M.D. stated I have a Large Inguinal Hernia shows my hernia is progressing. My hernia is the size of a soft ball!!

[2] Medically you cannot treat a Hernia, surgery is necessary to cure the defect in the abdominal wall. Dr. Robbins, Dr. Hobbs support a policy that is medically under the standard of care. Strangulation and Incarceration of a Hernia is a dangerous medical situation that can lead to serious complications. This needs to be investigated because inmates are seriously suffering from hernias, and are not receiving surgery which is the only way to treat a hernia, especially when they are painful.

Alabama Department of Corrections has a policy, which states that hernia repairs are not done unless the hernia is incarcerated strangulated or into the scrotum --- which can lead to a emergency situations. Medically this is unacceptable under the standard of care. Hernias are a constant danger because of the risk of strangulation and incarceration that can lead to tissue death, gangrene, and other serious medical complications, even death if not timely treated.

Dr. Hobbs, M.D., did not even recommend me to see a surgeon, or recommend surgery. There is no treatment for a Hernia. Surgery is the <u>ONLY way to stop the defect in the abdominal wall.</u> I have sever pain, I cannot exercise, and my hernia comes out and I have to lay down and work it back up.

I request an investigation to be conducted. The waiting to repair a hernia to the last minute being incarceration or strangulation is a life or death situation.

Dr. Robbins, M.D., never once examined me but recommend that I do not receive surgery. My hernia is the size of a "**SOFT BALL**". Dr. Hobbs, M.D., records will reflect stated on April 30, 2007 that I have a "LARGE INGUINAL HERNIA".

This only management given is Ibuprofen and a hernia belt that is only for <u>temporary</u> use. I have pain, and the belt does not work. Today, Dr. Hobbs, M.D., will not even see me concerning sick call complaints to medical about pain, due to this hernia. I have put in several more sick call request slips and they will not see me. I have filed a Civil Rights Action § 1983 in the Federal Court challenging an unconstitutional policy of not repairing any Hernia unless it is incarcerated or into the scrotum. Waiting until an incarcerated hernia is a life or death situation and also places sever pain and suffering on a human being is below the standard of care.

Please see Affidavits from **Dr. Rao Yerubandi, M.D., FACS, FRCSC** a 27 year veteran board certified surgeon in surgical repair of Hernias who stated that I need surgery as soon as possible.    I am attaching true copy of medical records from Prison Health Services, Inc., the

Alabama Department of Corrections, and South Louisiana Correctional Center Medical Records, Affidavits from expert medical professional concerning hernias and the danger of them: SWORN TO UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746 on this 5 Day of August 2007.

*/s/ Marcellus Breach*

Marcellus Breach 160710

# ALABAMA BOARD OF MEDICAL EXAMINERS
## AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION

I, **MARCELLUS BREACH, Ais# 160710**, hereby authorize **Prison Health Services, Inc.**, at Limestone Correctional Facility 28779 Nick Davis Rd. Harvest, Alabama 35749, and **South Louisiana Correctional Center**_____ Stagg Ave., Basile LA _____ to disclose the following protected health information to the Alabama State Board of Medical Examiners, a health oversight of the State of Alabama.

(1) Complete Medical Record of patient, Marcellus Breach Ais # 160710 including, but not limited to any and all medical reports/charts, including reports of treatment for substance abuse, Psychiatric/Psychological care, laboratory reports, x-rays, progress notes, nursing notes, computer reports/charts, prescriptions, audio tapes, or clinical abstracts which may have been made or prepared pursuant to, or in connection with, any examination(s), test(s) or, evaluation(s) of the undersigned.

(2) Other Documents as Specified: 3-21-2006 **Dr. John A. Tassin, M.D.**, and Nurse Notes from South Louisiana Correctional Center consisting of two (2) pages reflecting 7-12-06 received call from Brandon Alabama in reference hernia repair not done there unless hernia is incarceration or into the scrotum. [sic]

(3) All of Dr. Robbins, M.D., reports and recommendations. All and any of Nurse Practitioner B. Adams notes and recommendations, and Dr. Hobbs, M.D., notes and recommendations.

This protected health information is being used and/or disclosed for the following purpose(s):

(1) Investigation by the Board of complaints concerning medical treatments or conduct.

(2) Other (specify) **requesting Board to Investigate both the Alabama Department of Corrections and Prison Health Services, Inc., treatment protocols pertaining to Hernias.**

(3) Requesting the Board to Investigate <u>Dr. William Hobbs, M.D.</u>, treatment concerning Hernia(s) for Marcellus Breach and all inmates at Limestone C.F., and Investigate Dr. Michael Robbins, M.D., allowing unsupervised treatment of Nurse Practitioner B. Adams acting as a doctor recommending no surgery for large hernias that is outside his qualifications.

(4) Investigate when medically it is clearly known that surgery is the only way to relieve my suffering and pain, as to why Dr. Hobbs M.D., decided that surgery is not necessary when I have a Large Hernia knowing the possibility of incarceration, and why Dr. Hobbs, M.D., decided that he rather wait until my hernia is incarcerated and strangulated or into the scrotum to rush me to the emergency room for surgery.

I understand that the protected health information released to the Board of Medical Examiners may be subject to re-disclosure in accordance with state law and the regulation of the Board.

This authorization shall be in force and effect until:

(1) Date (specify) completion of the Boards investigation or, final disposition of civil litigation in the United States District Court for the Middle Division of Alabama Case No: <u>2:06-cv-1133MEF Marcellus Breach v. Prison Health Services, Inc., et al</u>

(2) Until the conclusion of the Board's investigation, at which time this authorization to use or disclose this protected health information experies.

I understand that I have the right to revoke this authorization, in writing, at any time by sending such written notification to Prison Health Services, Inc.,. I understand that a revocation is not effective to the extent that Prison Health Services, Inc., has relied on the use or disclosure of the protected health information. I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and may no longer be protected by federal or state law.

I understand that I have the right to refuse to sign this authorization.

A photocopy of this authorization will be valid as an original thereof.

_____  Marcellus Breach _____
Marcellus Breach                (Print name of Patient or Personal Representative)

Date: <u>August 5, 2007</u>    Date of Birth: <u>07-28-1969</u>    _____
                                                              (Relationship to Patient)

*****************************Official Use Only*************************

The Alabama Board of Medical Examiners, P.O. Box 946, Montgomery, AL 36101-0946
Telephone: 1-800-227-2606

Investigator._____