IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710 )
    Plaintiff, )
 )
V. ) CASE NO: 2:06-CV-1133-MEF
 )
PRISON HEALTH SERVICES, INC., )
Et al., )
    Defendants. )

*MOTION IN REQUEST FOR PROCEDURAL DUE PROCESS PROTECTION
PURSUANT TO RULE 5(a)(b), and RULE 6(E), FED.R.CIV.P.*

*COMES NOW,* Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se" request this Court enforcement of "Procedural Due Process" and Breach request to invoke *Rule 6(e),* Fed. R. Civ. P., to apply to any future pleadings filed by the Defendants as a protective remedy in regards to future filings by all parties and an opportunity to file a response: Breach would show bona fide as follows:

<u>INTRODUCTION:</u>

What is so interesting in this case is Breach receives this Court's orders timely, Breach receives PHS's filings timely, but for the second time, Breach has not received Alabama Department of Corrections Answers, pleadings. It appears to be an actual pattern to avoid the Rules.

1

1)   *If it may please the Court*, *Rule 6(e)*, *Federal Rules of Civil Procedures,* will protect Breach's interest because General Counsel for Alabama Department of Corrections has intentionally chosen to ignore the Rules of the Court specifically, *Rule 5(a), Federal Rules of Civil Procedures,* states that a copy of every pleading filed "subsequent to the original complaint" must be served upon all other parties.  This case is very important because Breach's health is a stake.  Breach has averred both deliberate indifference, and common-law negligence, wanton misconduct by the Defendants who are held liable under both the Eighth Amendment to the United States Constitution, and under the *Alabama Medical Liability Act* of 1987, *§ 6-5-548* for their failure to exercise such reasonable care and diligence as other health care providers in the same general line of practice ordinarily exercise in similar situations.  Although Breach has filed two prior motions complaining of the continued practice of the Alabama Department of Corrections, [Doc. 88, & Order] Breach request that this Court conclude that their pleadings ought not to be well taken because General Counsel appears to attempt to manipulate the Court by his actions that are unethical and mendacious, placing a  "Certificate of Service" to his filed Answer filed with this Court on *September 7, 2007*: knowing that Counsel did not serve Breach with a true copy,  is a mendacious filings.  Breach argues that Counsel did not, and has again,

<u>repeatedly</u> failed to serve a true copy of his response upon Breach violating Breach's "Procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interest are about to be affected by governmental action. See, <u>Brown's Ferry Waste Disposal Ctr, Inc., v. Trent</u>, 611 So.2d 226, 228 (Ala. 1992).

2) Counsel's actions are repeated acts, repetitious and Counsel for the Alabama Department of Corrections continues to fail to comply with <u>Rule 5(a)(b)</u>, Fed. R. Civ. P., Rules of the Court. In addition, Counsel's certificate of service "tricks" are not new. Breach would argue that it is very easy to approach a certificate of service, being disingenuous and mendacious in placing a "certificate of service" on any pleading; then, intentionally not serve the party with a true copy of the pleading in an effort to cheat, unethical performance, attempting to argue their issue one sided without Breach's having knowledge of Counsel's position.

3) Breach request Procedural Due Process be enforced in this Case, throughout, and until a final disposition. "[P]rocedural due process by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a

legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them." *Ex parte Weeks*, 611 So.2d @ 261 (Ala. 1992)

4) Under Alabama Appellate Rules of Court, *Rule 31(a)* of the Alabama Rules of Appellate Procedural provides, in pertinent part, that in all criminal cases:

> "[T]he appellant shall serve and file the appellant's brief within 28 days ( 4 weeks) after the date shown on the copy of the certificate of completion of the record on appeal.... The appellee shall serve and file the appellee's brief within 21 days (3 weeks) after the filing of the brief of the appellant in the appellate court ....'" See, *Rule 31(a)* Ala. R. App. P.

5) In *Bruner v. State*, 265 Ala. 357, 91 So.2d 224 (1956) the Court's holding statement of law is, 'if a petitioner fails to serve the opposing party with a copy of his petition for the writ of certiorari and his supporting brief, <u>noting is properly before the appellate court for its consideration.</u>' The reason for these holdings applies equally to both (or all0 sides. "Both the Alabama and United States Constitution protect a citizen of this state from being deprived of life or liberty without 'due process of law,' although incapable of a precise definition, in its most basic sense encompasses the observation of that degree of fundamental fairness that is essential to our concept of justice." *Ex parte Frazier*, 562 So.2d 560, 565 (Ala.

1990)(citations omitted). *Rule 31,* Ala. R. App. P., requiring that each party's brief or briefs be served on each party, is formulated to achieve precisely the goal of fundamental fairness that is the essence of due process. Counsel refuses to comply with these standards.

6) Breach request to invoke *Rule 6(e)*, Fed. R. Civ. P., as a protective future act, because Counsel will continue to file pleadings without serving Breach with a true copy. Under the Rule, Breach will be protected by three (3) extra days to respond and to learn and warn the Court of their repeated actions.

*RELIEF REQUESTED*

a. Order if not already Ordered by the Court Counsel for the Alabama Department of Corrections, immediately serve Breach with a true copy of his Answer filed on September 7, 2007, and/or

b. Order Counsel for the Alabama Department of Corrections to produce the "Inmate Legal Mail Log" from date September 1, 2007 until any date deemed appropriate for the Court to ascertain the truth in this matter.

c. Grant Breach *Rule 6(e)* Fed.R.Civ.P., an extra three (3) days to respond to any future pleadings drafted and filed by both PHS, and the Alabama Department of Corrections.

d. Grant Breach 10-days upon receipt of ADOC's Answer to file rebuttal evidentiary materials, or argument in this case.

5

  e. Grant what relief is deemed appropriate to a minister justice and procedural due process protection.

Done so this 18th Day September 2007.

*/s/ Marcellus T. Breach*
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class and placing into the hands of the prison officials for proper mailing on this 18th Day of September 2007.

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130-1501

Rushton, Stakely, Johnston & Garrett
P.O. Box 270
Montgomery, Alabama 36101-0270

*/s/ Marcellus T. Breach*
Marcellus Breach

6


MARCELLUS BREACH AIS# 160710
LIMESTONE C.F. D-1-
28779 NICK DAVIS RD.
HARVEST, ALABAMA 35749

LEGAL MAIL

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY ALABAMA 36101




IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710

    Plaintiff,

V.  )  CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC., )
Et al.,
    Defendants. )

DECLARATION IN SUPPORT OF "*MOTION IN REQUEST FOR PROCEDURAL DUE PROCESS PROTECTION PURSUANT TO RULE 5(a)(b), and RULE 6(E), FED.R.CIV.P.*"

    *MARCELLUS BREACH*, 160710, being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

    I am Marcellus Breach the Plaintiff in this action. I am over the age of twenty-one. I make this Declaration in support of my Motion for Procedural Due Process Protection.

    I state that General Counsel for the Alabama Department of Corrections was order to file an Answer to my Application for Preliminary Injunction by September 10, 2007. I did not receive his response. I wrote the Clerk of Court for the U.S. District Court inquiring whether the respondent filed their Answer. On September 17, 2007 I received a letter from the Clerk stating that ADOC filed their Answer on September 7, 2007.

    This is the second time Counsel has filed to serve me with a true copy of his response. [See Doc. 88]. I state that this Court can order the "Inmate Legal Mail Log" to support my position.

    I also state that it is a very old game for Counsel to use a "Certificate of Service" and knowingly not serve a true copy of the pleadings to the opposing party. That is the oldest trick in the game.

7

    I swear that Counsel <u>has not served</u> me with his Answer. I ask for protection of Rule 6(e), Fed. R. Civ. P., the three (3) day grace to respond because next time ADOC does not serve me, I can notify that Court before any rulings are made in this case.

    I swear under the penalty of perjury that the foregoing is true and correct under 28 U.S.C. 1746.

/s/ Marcellus Breach
Marcellus Breach

8