# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)   *

   Plaintiff,   *

V.   *

                                *   2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,   *

   Defendants.   *

## SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, _James Bailey Jr._, a notary public in and for said County and State, personally appeared **WILLIAM D. HOBBS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William D. Hobbs. I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006. I have served as the Site Medical Director for Limestone Correctional Facility in Athens, Alabama since October of 2006. I have been employed with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates since my employment began at Limestone. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Limestone Correctional Facility. Mr. Breach was transferred to Limestone Correctional

Facility on March 23, 2007. I am familiar with Mr. Breach and have been actively involved with the medical services provided to him at Limestone.

It is my understanding that Mr. Breach has requested to be seen by a medical examiner for an independent physical exam for complaints related to his hernia. As I previously stated in my initial affidavit, Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole."

It is my opinion that Mr. Breach does not need to be seen by a medial examiner for an independent physical examination to determine whether or not surgery is necessary. Mr. Breach does not have a right Direct, Indirect or Femoral Hernia. Mr. Breach does not have a left Indirect or Femoral Hernia. He does have a large, easy to reduce direct inguinal hernia on the left.

As previously stated in my initial Affidavit, as a general rule, a hernia does not progress quickly and there are instances where a person has a hernia for many years and may never require surgery for repair. Hernia repair is an elective surgery. The danger of waiting for a hernia to become incarcerated or strangulated is not high and emergencies involving hernias do not develop often.

We are treating Mr. Breach with restrictions related to lifting, walking, standing and wearing a truss in an attempt to keep his hernia from becoming larger. A truss is used to decrease discomfort and to decrease the possibility of the hernia becoming larger. If Mr. Breach would follow the instructions provided to him and the restrictions placed on him by PHS physicians and if he would wear the truss prescribed for him, these things would in fact keep his hernia from progressing.

2

I have not seen Mr. Breach since April 30, 2007. He has not been seen in the emergency room at our Healthcare Unit nor has he filed a sick call request requesting an appointment to be seen by me. On April 30th, Mr. Breach was given a prescription for a 90-day supply of pain medicine which has since expired. If Mr. Breach's condition is as he describes (unusual and burning pain/progressively worsening), it would seem he would have made an attempt to be seen in the emergency room or show-up for sick call requesting an appointment with me.

I would like to reiterate that Mr. Breach's hernia is not life threatening and does not require surgical intervention and I believe surgery is not medically necessary. His hernia is easily reducible, non-strangulated, and is not incarcerated. Surgery is not his only option and it is not medically necessary.

I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced. Mr. Breach is not in imminent danger and his hernia is not life threatening. If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired.

It is also my understanding that Mr. Breach has made an allegation that I am currently under investigation by the Medical Board of Examiners. This allegation is completely untrue, as I have never been made aware of any Complaint filed against me.

With respect to an incident involving inmate, Jackie Morrow, Mr. Morrow did have an infected incision due to a surgery performed by a surgeon prior to Mr. Morrow being transferred to Limestone Correctional Facility. Mr. Morrow's incision was infected and I did treat his

3

incision, but my treatment did not cause gangrene or a staff infection. Mr. Morrow was also sent back to this surgeon for follow-up care and treatment of this infected incision."

Further affiant sayeth not.

_____
WILLIAM D. HOBBS, M.D.

STATE OF ALABAMA    )
                    )
COUNTY OF St. Wacqe )

Sworn to and subscribed before me on this the 17th day of Sept, 2007.

_____
Notary Public
My Commission Expires:
9-3-2010

4

# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH (AIS # 160710),          *

    Plaintiff,          *

V.          *          2:06-CV-1133-MEF

PRISON HEALTH SERVICES, e al.,          *

    Defendants.          *

### AFFIDAVIT OF DEBORAH HUNT, R.N., H.S.A.

BEFORE ME, _James S Bailey_, a notary public in and for said County and State, personally appeared DEBORAH HUNT, R.N., H.S.A., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Deborah Hunt. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in Alabama since 1985. I hold an Associates Degree in nursing from John C. Calhoun College in Tanner, Alabama. I have worked as a nurse at Limestone Correctional Facility in Harvest, Alabama, since January of 2002, and have been the Health Services Administrator (H.S.A.) at Limestone since April of 2007. Since November 3, 2003, I have been employed by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

It is my understanding that Marcellus Breach has made an allegation in this matter that he has not been seen for his medical complaints related to his hernia since April 30, 2007. This is true. Mr. Breach has stated that he filed a sick call request on May 22, 2007, June 15, 2007,

June 30, 2007, July 3, 2007, July 14, 2007, August 1, 2007 and August 6, 2007. This is not true. In fact, I have read Mr. Breach's brief (see Exhibit A attached hereto) and none of this is true. I have made a thorough search of our files and we have no record of receiving any of these sick call requests from Mr. Breach. Our records also show that Mr. Breach did not file an Inmate Grievance/Appeal on July 14, 2007 nor did he file a grievance on August 6, 2007. Mr. Breach's allegations in this regard are unfounded, as we have no record of him filing any of the above stated sick call requests or grievances.

Mr. Breach has failed to exhaust Limestone's informal grievance procedure relating to the receipt of medical care for this alleged condition. Specifically, as relevant to his Complaint, Mr. Breach has submitted neither a sick call request, an inmate informal grievance nor an inmate grievance appeal. As such, the healthcare unit at Limestone has not been afforded the opportunity to resolve Mr. Breach's medical complaints."

Further affiant sayeth not.

_Deborah Hunt RN/HSA_
DEBORAH HUNT, R.N., H.S.A.

STATE OF ALABAMA )
                 )
COUNTY OF AT LARGE )

Sworn to and subscribed before me on this the \_18th\_ day of \_Sept\_, 2007.

_Notary Public_

My Commission Expires:
\_9-8-2010\_

2

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of September, 2007, to:

     Mr. Marcellus Breach (#160710)
     Limestone Correctional Facility
     28779 Nick Davis Road
     Harvest, AL  35749

     The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

     Albert Sims Butler, Esq.
     ALABAMA DEPARTMENT OF CORRECTIONS
     P. O. Box 301501
     Montgomery, AL  36130-1501

     /s/ PAUL M. JAMES, JR. (JAM017)
     OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § | |
| Defendants. | § § | |

### DEFENDANTS' MOTION FOR SANCTION OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLEADING

COME NOW the Defendants, Prison Health Services, its employees, and Dr. William Hobbs. (collectively "PHS"), by and through counsel, and move this Court to sanction the plaintiff monetarily or by striking by pleading as a result of slanderous statements placed into the record by the plaintiff. Specifically, the plaintiff has made allegations that constitute slander under Alabama law and notice is being provided to the plaintiff that said statement should be retracted immediately, otherwise, appropriate legal action will be taken.

As grounds for this Motion for Sanctions, these Defendants state the following:

1. In a recent pleading filed with this Court, Marcellus Breach states two issues as "facts" in support of his argument that PHS has denied him medical treatment and that actions taken by PHS employees constituted a deliberate indifference to a serious medical need or, alternatively, medical malpractice under the Alabama Medical Liability Act:

    a. Breach stated that Dr. William Hobbs is currently under investigation by the Alabama Medical Board of Examiners.

    b.    Dr. Hobbs' treatment of another patient, Jackie Morrow, caused gangrene and a staph infection. [Plaintiff's Motion/Request for Protective Order, ¶¶ 6-7].[1]

    2.    It has been confirmed that the purported filings by Mr. Breach against Dr. Hobbs have not been reported to Dr. Hobbs, pursuant to rules and regulations propounded by the Alabama Board of Medical Examiners. Furthermore, the actions of Dr. Hobbs, in treating the hernia of Mr. Breach, do not constitute medical malpractice, gross negligence or a violation of federal law dealing with deliberate indifference to a serious medical need. As such, the attack on Dr. Hobbs' credibility constitutes *prima facie* evidence of slander and/or libel (based on the written exhibits attached by Breach to his brief), rather than a mere disagreement as to the rendering of medical services.

    3.    Furthermore, it is undisputed that medical care provided to the prisoner, Jackie Morrow, was appropriate at all times. [Supplemental Affidavit - Dr. William Hobbs]. Morrow had an infected incision as a result of surgery performed prior to being transferred to Limestone Correctional Facility. And, although Dr. Hobbs treated the incision, his treatment did not cause gangrene or staph infections. Morrow was sent back to the surgeon for follow-up care and treatment of the infected incision. [Supplemental Affidavit - Dr. William Hobbs].

    4.    This Court has bent over backwards for Mr. Breach on multiple occasions. It is now time that justice be brought down against him and sanctions imposed. The Defendants respectfully request monetary sanctions be imposed against the plaintiff,

---

[1] 6) The very treating Dr. William Hobbs, M.D., is a "Defendant" in this case whose actions are challenged. However, Dr. William Hobbs is currently under investigation with the Medical Board of Examiners due to several Complaints filed with the Examiners against him. In addition, Dr. Hobbs recently performed surgery on an Inmate Jackie Morrow, pouring "sugar" into Morrow stomach causing "grangrene" "staff infections" resulting from Dr. Hobbs' performance.

2

Marcellus Breach, for the time taken to address these frivolous and slanderous allegations. Alternatively, the Defendants respectfully request that this Court take all Special Reports under advisement, freeze the pleadings in this case, and enter the appropriate order dismissing Mr. Breach's case, <u>with prejudice</u>, for failing to cite any evidence constituting a deliberate indifference to a serious medical need or evidence warranting even a potential violation of the Alabama Medical Liability Act.

WHEREFORE, all premises considered, the Defendants respectfully request that sanctions be immediately imposed against the plaintiff.

**ORAL ARGUMENT REQUESTED**

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of September, 2007, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

    The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    /s/ PAUL M. JAMES, JR. (JAM017)
    OF COUNSEL