IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2007 OCT -1 A 9: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, # 160710

    Plaintiff,   )

Vs.   )   CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,   )
Et al.,
       )
    Defendants.

MOTION TO STRIKE DEFENDANT'S "MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLEADING"

COMES NOW, Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se" moves this Court to "strike" defendants request for sanctions because their filings are bad faith, harassment, and defendants have failed to comply with due process first, before requesting sanctions: Breach would show as follows:

1) Breach request to this Court to strike defendants pleadings as improper. Defendant request that he not have to be burdened in answering, because defendants violated due process.

2) [1] On *September 21, 2007* according to the "Certificate of Service" on defendants motion for sanctions, Counsel erred filing his request with the court too soon violating Breach's "Safe

---

[1] Defendants filed their motion for sanctions on September 21, 2007 the very same day that they also filed it with the Court violates due process and "Safe Harbor" protection. Counsel was suppose to served Breach *first,* then wait 21 days giving Breach an opportunity to correct any papers challenged, then, if Breach did not, file the sanction motion with the court. Rule 11(c)(1)(a), Fed.R.Civ.P.

1

Harbor" protection. *Rule 11(c)(1)(a)*, Federal Rules of Civil Procedure specifically state:

> "*Rule 11(c)(1)(A)* does not permit sanctions motions to be filed with the court until 21 days after service of the motion, or within any other time frame the court provides."

3) In *Brantley v. Mikell*, LEXIS 77561, 2006 U.S. District, (M.D. Ga. 2006) June 15, 2006 The Court addressed an identical situation that is before this court regarding counsel violating the procedural rules, and violating due process. In *Mikell*, the District Court Judge, "Denied" sanctions because the defendant in that case filed his motion for sanctions to the trial court the very day he served it on the opposing party. The Court held:

> "'"FED. R. CIV. P. 11(c)(1)(A) . Thus, Rule 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his adversary and afford him 21 days in which to withdraw or modify the objected-to submissions *before* filing the motion with the Court.'
>
> "'"It does not appear that Defendants have complied with this procedural requirement, and as such, their motion is improper. The certificate of service attached to Defendants' Motion for Sanctions reflects that their motion was served on Plaintiff via United States mail on April 17, 2006-the same day that motion was filed with the Court. (*See* Defs.' Joint Mot. for Sanctions [36-1] at 4-5, [36-2] at 17-18.) Nothing in the record indicates that Defendants have complied with the safe harbor provision of Rule 11 by serving Plaintiff with a copy of their motion at least 21 days before filing the same with this Court. Accordingly, Defendants' Motion for Sanctions is DENIED. See Attached Case. See p. 7.

4) In this case, Counsel filed his motion for sanctions the <u>very same day he filed it with the Court</u>—September 21, 2007 giving Breach no opportunity to make any corrections if they were necessary and violates due process and counsel has failed to comply with the safe harbor provision of *Rule 11* by serving Plaintiff with a copy of their motion at least 21 days before filing the same with this Court.

5) <u>Rule 11(c)(1)(A)</u> states as follows:[2]

> "(A) By Motion. A Motion for sanctions under this rule shall be made separately from other motions or requests and <u>shall</u> describe the specific conduct alleged to violate subdivision(b). It <u>shall</u> be served as provided in Rule 5, but <u>shall</u> not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . ."

6) Breach argues that the word "<u>SHALL</u>" as used in the Rule is a mandate, equivalent of "must" it is a command, not a discretion. Counsel was commanded to serve Breach first, then wait 21-days before filing with this court. See "<u>SHALL:</u> "Ordinarily, a word of mandate, the equivalent of "must," where appearing in a statute." Ballentines's Law Dictionary 1969.

6) The American rule of law is: "Sanctions pursuant to Fed. R. Civ. P. <u>11</u> may be imposed against an attorney or a party who

---

[2] The Word "SHALL" as used in the Rule is a "Command".

3

files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). That said, Rule 11 imposes certain procedural requirements on a party seeking sanctions under that Rule. Specifically, *Rule 11* provides:

> [A motion under Rule 11] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

6) FED. R. CIV. P. 11(c)(1)(A). Thus, Rule 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his adversary and afford him 21 days in which to withdraw or modify the objected-to submissions *before* filing the motion with the Court.

### CONCLUSION

The 1993 amendments provide that if a party moves for Rule 11 sanctions, he is required to serve the motion and wait 21 days before filing it to give the adverse party a chance to withdraw

4

or correct the paper that violates the rule. *Rule 11(c)(1)(A),* Fed. R. Civ. P., as amended effective December 1, 1993.

WHEREFORE, premises considered, because counsel filed to first served Breach with 'notice' before filing his sanctions with this court counsel violated due process, and "Safe Harbor" because Breach can do nothing in regards as to requesting to withdraw or make any corrections. Breach request that he be not forced to file a response due to the due process violation.

Done this 26th Day September 2007

/s/ Marcellus T. Breach
MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following and mailing First Class U.S. Mail properly, addressed postage prepaid on this 27th Day September 2007.

Rushton, Stakely, Jonstone & Garrett
P.O. Box 210
Montgomery, Alabama 36101

Alabama Dept. of Corrections
Legal Division
P.O. Box 01501
Montgomery, Alabama 36130

/s/ Marcellus T. Breach
Marcellus Breach

BOOKER T. BRANTLEY, Plaintiff, v. THEODORE BUTCH MIKELL, DAN FIELDS, DOUGLAS JONES, LESLIE THOMAS, MARSHA FRESO, JAMES HARRIS, SCOTT AUER, JAMES CURRIE, JOHN WIELAND, LAURENCE SMITH, KATHY K. DOROUGH, DALE POWELL, NEIGHBORHOOD MANAGEMENT & ASSOCIATES, INC., GUILFORD FOREST HOMEOWNERS' ASSOCIATION, INC., JOHN WIELAND HOMES & NEIGHBORHOODS, INC., Defendants.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

2006 U.S. Dist. LEXIS 77561

CIVIL ACTION NO. 1:05-CV-3032-RWS

June 15, 2006, Decided
June 15, 2006, Filed

Counsel    Booker T. Brantley, Plaintiff, Pro se, Stone Mountain, GA.

For Theodore Butch Mikell, Douglas Jones, Leslie Thomas, Marsha Freso, James Harris, James Currie, Dale Powell, Guilford Forest Homeowners' Association, Inc., Defendants: Russell Brevard Davis, LEAD ATTORNEY, Downey & Cleveland, Marietta, GA.

For Dan Fields, Scott Auer, John Wieland, Laurence Smith, Neighborhood Management & Associates, Inc., John Wieland Homes and Neighborhoods, Inc., Defendants: Bonnie L. Keith, LEAD ATTORNEY, Hayes Michael Dever, Friedman Dever & Merlin, Atlanta, GA.

For Kathy K. Dorough, Defendant: Ronald David Reemsnyder, LEAD ATTORNEY, Welch Spell Reemsnyder Pless & Davis, Atlanta, GA; Bonnie L. Keith, Friedman Dever & Merlin, Atlanta, GA.

Judges: RICHARD W. STORY, UNITED STATES DISTRICT JUDGE.

Opinion

Opinion by:    RICHARD W. STORY

ORDER

Now before the Court are Defendants' Motion to Stay Pending Resolution of Prior Pending Action [9, 11]; Plaintiff's Motion for Summary Judgment and Motion to Strike [10]; Defendants' Joint Motion for Sanctions [36]; and Defendants' Motion to Dismiss [39]. After considering the entire record, the Court enters the following Order.

I. Preliminary Matters

First, Defendants' Motions to Stay Pending Resolution of Prior Action [9, 11] were rendered moot by the Court's Order consolidating the two actions. (See May 23, 2006 Order [42].) Accordingly, these motions are DENIED as moot.

Second, with respect to Plaintiff's Motion for Summary Judgment and Motion to Strike [10], it is clear from the record that service of process on Defendants was invalid under Federal Rule of Civil Procedure 4. Accordingly, Plaintiff's Motion for Summary Judgment, which is in all respects a motion for entry of default, is DENIED. Moreover, during the Court's May 22, 2006 conference, Plaintiff made clear his desire to see this action resolved on its merits and stated that, if the Court were to indicate that service was improper, he would dismiss the instant action and attempt to effect service on Defendants in accordance with Rule 4. In view of both Plaintiff's representations to the Court during the May 22, 2006 conference, as well as Defendants' affirmative waiver of

6

any objection to service of process, see *infra*, Plaintiff's Motion to Strike is DENIED as moot.

Third, in accordance with the Court's May 23, 2005 Order, Plaintiff has filed his Statement of Claims and all Defendants have responded, affirmatively waiving any objection to service of process in this case. (*See* Notice [45]; Defs.' Resp. to Court's May 23, 2006 Order [46].) As such, Defendants' Motion to Dismiss [39], which is premised solely upon ineffective service of process, is DENIED as moot.

   II. Defendants' Joint Motion for Sanctions

Having resolved above-discussed pending motions in this case, only Defendants' Joint Motion for Sanctions remains. In that motion, Defendants move for sanctions pursuant to Rule 11 on the basis of (1) Plaintiff's filing his Motion for Summary Judgment; (2) Plaintiff's alleged intentional service of a pleading bearing an inaccurate date on the certificate of service, which Defendants contend was calculated to cause them to miss a filing deadline; and (3) Plaintiff's threats to sue counsel personally and file grievances with the State Bar of Georgia based on the execution of an unsolicited waiver of service. For the reasons that follow, the Court declines to impose sanctions at this time.

"Sanctions pursuant to Fed. R. Civ. P. 11 may be imposed against an attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). That said, Rule 11 imposes certain procedural requirements on a party seeking sanctions under that Rule. Specifically, Rule 11 provides:

> [A motion under Rule 11] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
>
> FED. R. CIV. P. 11(c)(1)(A). Thus, Rule 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his adversary and afford him 21 days in which to withdraw or modify the objected-to submissions *before* filing the motion with the Court.

It does not appear that Defendants have complied with this procedural requirement, and as such, their motion is improper. The certificate of service attached to Defendants' Motion for Sanctions reflects that their motion was served on Plaintiff via United States mail on April 17, 2006-the same day that motion was filed with the Court. (*See* Defs.' Joint Mot. for Sanctions [36-1] at 4-5, [36-2] at 17-18.) Nothing in the record indicates that Defendants have complied with the safe harbor provision of Rule 11 by serving Plaintiff with a copy of their motion at least 21 days before filing the same with this Court. Accordingly, Defendants' Motion for Sanctions is DENIED.

While the Court declines to impose sanctions on Plaintiff at this time, the Court takes this opportunity to state that the proscriptions of Rule 11 apply with equal force to litigants who elect to proceed pro se. *See* *Brown v. Consolidated Freightway*, 152 F.R.D. 656, 660 (N.D. Ga. 1993) (" Rule 11 imposes upon both attorneys and pro se litigants the burden . . . of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers."). Thus, going forward, all parties should carefully consider the factual assertions and legal arguments presented to the Court. Where either is found to be without basis, or if the Court were to conclude that any

paper is filed for an improper purpose, the Court may find the imposition of sanctions under Rule 11 appropriate.[1] Moreover, the Court expects all persons involved in this litigation to comport themselves with dignity, propriety, and professionalism. Ad hominem attacks and personal threats have no place in these proceedings and will not be tolerated.

Conclusion

For the reasons stated herein, Defendants' Motions to Stay Pending Resolution of Prior Action [9, 11] are DENIED as moot; Plaintiff's Motion for Summary Judgment and Motion to Strike [10] is DENIED; Defendants' Joint Motion for Sanctions [36] is DENIED; and Defendants' Motion to Dismiss [39] is DENIED as moot.

SO ORDERED this 15th day of June, 2006.

RICHARD W. STORY

UNITED STATES DISTRICT JUDGE

Footnotes

Footnotes

[1] The Court notes that Rule 11 expressly provides for the imposition of sanctions by the Court on its own initiative. Should the Court conclude that a given filing in this matter is without basis in law or fact, or imposed for an improper purpose, the Court will not hesitate to require the filing party to appear and show cause as to why sanctions should not be imposed. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) ("Court-initiated sanctions under Rule 11(c)(1)(B) do not involve the 'safe harbor' provision contained in Rule 11(c)(1)(A) .").

Marcellus Breett 160710
Limestone CF, D-193
28779 Nick Davis Rd
Harvest, AL 35749

Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL
36101-0711

