*IN THE UNITED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF ALABAMA*
*MIDDLE DIVISION*

2007 OCT -1  A 9: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

    Plaintiff,       )

Vs.                  )    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,  )
et al.,

                       )

    Defendants.

*21-DAY--NOTICE OF INTENT TO FILE MOTION FOR SANCTIONS OR,*
*IN THE ALTERNATIVE, MOTION TO STRIKE PLEADINGS & AFFIDAVITS*
*AND AFFIRMATIVE DEFENSES*

COMES NOW, Plaintiff *Marcellus Breach* (hereinafter "Breach")

in proper person "Pro Se," pursuant to *Rule 11(c)(1)(A)*, Federal

Rules of Civil Procedures, gives *Attorney Paul M. James, Jr.*

*(JAM017)* written notice that the below mentioned issues ought to

be retracted immediately, otherwise, appropriate legal action

will be taken.

As grounds for this Notice of Intent to file Motion for

Sanctions, Breach states as follows:

1)   BAD FAITH, IMPROPER PURPOSE, HARASSMENT, FRIVOLOUS
      PLEADINGS, DEFENSES AND APPLICATIONS:

*Scope:*   Rule 11 applies to every pleadings, written motion, or

other paper filed or served in the course of litigation, as well

as to advocacy of documents previously filed.

    a.   Fraud, or misrepresentation and concealing evidence
        from the Court; and,

1

b.   Frivolous arguments of law; and,

c.   Improper purpose filings.

### *VIOLATION NO. 1*

COUNSEL AND DEFENDANTS HAVE INTENTIONALLY
FRAUDULENTLY AND OR INTENTIONALLY PRESENTED
<u>MISREPRESENTATION AND HAVE INTENTIONALLY CONCEALED EVIDENCE</u>

3)   Defendants initial "Special Report" ought to be stricken due to intentionally misleading the Court in regards to Breach initial Complaint complaining about *Dr. John A. Tassin's* recommendation that Breach inguinal hernia "Needs Repair". Counsel intentionally with held the Medical Records from South Louisiana Correctional Center from the Court.

4)   On *February 17, 2006* Breach *submitted a Motion To Strike The Affidavit of Defendant* Linda Lawrence; the Court ruled that such was not warranted.

The Affidavit of Linda Lawrence submitted by counsel is <u>perjury</u>. Linda Lawrence clearly stated:

"However, <u>Mr. Breach has failed to exhaust</u> Kilby's informal grievance procedure relating to the receipt of medical care for this alleged condition. Specifically, as relevant to his Complaint, <u>Mr. Breach has submitted neither an inmate grievance nor an inmate grievance appeal.</u> See, February 13, 2006 Affidavit Linda Lawrence, page 2, ¶3. "Exhibit A"

"The either swearing to facts as true which affiant knew was not true, or by swearing to his knowledge of fact when he knew he had no knowledge thereof, constituted perjury." *United States v.*

*Smith,* 1856 D.C. Mass, 27 F. Cas 116336, However, the Perjury is, defendants intentionally withheld evidence that was clearly within Breach's medical records because counsel's *"Supplemental Special Report"* filed on *14th Day February 2007* his *Exhibit F*, for some reasons, the grievances appear. Counsel used the defense of failure to exhaust the *Prison Litigation Reform Act of 1995* ("PLRA") as bad faith, fraud, misrepresentation of facts, frivolous defenses. On *10-17-2006,* Linda Lawrence clearly addressed *"Prison Health Services, Inmate Informal Grievance"* that Breach filed on *10-11-06* stating:

> "I have searched your medical files here from front to back. There are no records or sick calls that you were examined for a hernia. I see no evidence of a medical hold or stop up. If you are having health problems please sign up for sick call and be examined by the doctor." "Exhibit B"

5)   Defendants have/are withholding evidence and have concealed evidence from the Court.[1]

   a.   *11-7-06* Inmate Informal Grievance request to Appeal addressed to Defendant Linda Lawrence.

   b.   *11-7-06* "Prison Health Services, Inc., Inmate Grievance APPEAL filed by Breach.

   c.   Defendant's *"Supplemental Special Report"* on *July 13, 2007* Defendants have intentionally withheld Medical

---

[1] Counsel DID NOT take any reasonable diligence to retrieve the Medical Records from Louisiana. Counsel allowed Defendants to withhold evidence from the Court from the outset. Still to this date, Counsel is still withholding evidence of the *medical records from the Court* being SLC, South Louisiana Correctional Services, Inc., Records. "Nurse's Notes" Counsel has mislead the Court, by placing only two of the same copies of "Doctor's Orders Sheet of LCS Corrections Services, Inc.," in his "Supplement Special Report ""Exhibit D" when in the records they are two distinct records with Brandon Kindard written on it. Counsel is misrepresenting facts.

Records from LCS Corrections Services, Inc., *"Nurse's Notes"*.

d.    Defendants withheld all Medical Records of Breach from South Louisiana Correctional Center addressing *Dr. John A. Tassin's* recommendation that Breach hernia "Needs Repair". Defendants intentional withheld evidence and the Court adopted defendants theory as if Dr. Tassin did not exist.

The Court stated in its Order and Recommendation, actually adopting the manipulation, concealed evidence by counsel, injured Breach:

"Although Breach may have been recommended for surgery in March of 2006, such does not establish imminent danger at the time he filed this case in December f 2006. See, page #7 ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE, has been WITHDRAWN.

e.    On *May 14, 2007* [Doc. 55] counsel again supported his concealment of the evidence to the Court by Motion: *"Defendant's Motion To Reconsider Order Allowing Motion To Alter, Amend or Vacate Judgment And Setting Aside Judgment"*. *Page # 4* counsel against concealed the medical records:

¶ 8. Yerubandi's affidavit references medical records of Marcellus Breach, specifically records from "South Louisiana Correctional Center." Throughout this entire litigation, no such records have ever been produced, identified, seen, or marked as exhibits by Mr. Breach. . . ."[2]

Breach submitted an *"Application for Preliminary Injunction"* at the very outset of his initial filings [Court Doc. 1 & 2 or 3] that contained the very medical records of Dr. Tassin's

---

[2] Had Counsel and Defendants come forward with the Medical Records, Breach probably would not have had this case dismissed at the outset. Counsel withheld the records.

recommendation. However, the Court ordered the defendant in the initial order, Order of *January 10, 2007 – Court Doc. No. 8.* To file a response concerning, e.g., surgery.  Counsel withheld the Medical Records from the Court.

*VIOLATION NO. 2*

COUNSEL IS PRESENTING AND HAS PRESENTED ARGUMENTS AND
DEFENSES WHICH HAS NO REASONABLE FACTUAL BASIS

6)  Not only has counsel submitted Linda Lawrence's Affidavit that contains Perjury because Breach has submitted the very grievance which reflects Linda Lawrence's signature.  Counsel continues to raise a frivolous defense of "*Prison Litigation Reform Act of 1995 ("PLRA")* is bad faith arguments and harassment, intentionally attempting to cause delay in litigation. Morethanless, counsel has again submitted another Affidavit from Deborah Hunt, R.N., H.S.A., stating:

> "Mr. Breach has failed to exhaust Limestone's
> informal grievance procedures relating to the receipt
> of medical care for this alleged condition." page 3 of
> Defendant's  Motion  For  Sanctions  Or,  In  The
> Alternative, Motion To Strike Pleadings".

Breach has repeatedly submitted all grievances, sick calls to this Court. Breach submitted an Affidavit with "*Motion For Leave To File Evidentiary Materials*" on *September 11, 2007* [Court Doc. 134] submitted several grievances and grievance appeals.  Counsel continues to submit false affidavits, when evidence is already before the Court.   Nonetheless, not limited, to the perjury committed by Linda Lawrence.

Breach has submitted a § 1983 Complaint, Supplemental Complaint [Court Doc. No's. # 68, 70 & 71]

### [§ 1983 COMPLAINT] COUNT V.

"¶48. "Defendant's inadequate medical record keeping violates plaintiff's Eighth Amendment, and is below professional standards; and, proximate cause to imminent serious physical injury, and delay of medical care."

"Defendants inadequate grievance procedures violates the PLRA requirements due to their refusal to answer appeals violates the rights to the plaintiff, and amounts to deliberate indifference." See, pages 25, 26 of "Supplemental Complaint".

See also, *page 12, § 1983 Complaint, Count V of Original Complaint* [Doc. 1 & 2 or 3] filed on *December 22, 2006* alleging:

"Defendant's inadequate medical record keeping violates plaintiff's Eighth Amendment, and a) proximate cause to imminent serious physical injury, and delay of medical care."

Breach has challenged a custom, policy, practice or procedure, which has the force of law of not repairing hernia unless they are incarcerated or into the scrotum, being a life or death situation as being unconstitutional. Counsel continues to argue without any factual basis against the challenged actions: 1) "*Inadequate Medical Record Keeping,*" and 2) "*Inadequate grievance procedures,*" forms nothing more than an improper purpose.

### VIOLATION NO. 3

COUNSEL HAS STATED A FALSE STATEMENT UNTO THE COURT
AND HAS STATED SLANDEROUS STATEMENTS PLACED INTO THE RECORDS

In a recent pleading filed with this Court, Paul M. James, Jr. (JAM01) states several issues as "facts" in support of his argument that:

> "Breach fails to follow instruction provided to him, fails to adhere to restrictions placed upon him by PHS physicians, and fails to wear the truss prescribed for him, all of which, would keep his hernia from progressing and would eliminate his pain complaints." *See, page # 2 "Special Report and Answer of Dr., Williams Hobbs. . . "*

Counsel has no reasonable "evidentiary support" especially when Dr. Hobbs admits that he has not seen Breach since April 30, 2007. No one can say what Breach does and does not do. There is no legal basis, nor any reasonable factual basis that can lead that Breach does not follow instruction. Morethanless, the very Hernia Support Belt issued by Hobbs, the "Instruction Manuel" written by free world medical professional have given their warnings concerning Hernias stating specifically:

"    "IMPORTANT INFORMATION" "Exhibit D"

> "Use this product only under the supervision of your physician and only for REDUCIBLE hernia can be pushed back. A hernia should be inspected daily to ensure it is not becoming infected or developing into a more serious non-reducible hernia.  Your hernia belt should be removed and the area checked frequently."

> "A non-reducible hernia can become life threatening if part of the intestine gets trapped or "strangulated" in the opening. This can lead to dangerous complications such as obstruction of the flow of intestinal contents or blood, leading to tissue death and gangrene.  The symptoms of intestinal obstruction are nausea, vomiting, loss of appetite, or increased abdominal pain."

"A strangulated hernia is an emergency situation that usually requires immediate surgery."

"WHAT IS A HERNIA":
    . . .
    . . .
    "Limiting activity, eliminating excess weight, and wearing a hernia belt or truss may provide temporary relief. However, CURE IS SURGERY...." "Exhibit D"

Counsel has slandered Breach's name speaking in terms that he and Dr. Hobbs know nothing about. Dr. Hobbs has clearly admitted not seeing Breach since April 30, 2007. There is no support to say, Breach does not follow instructions is 'false information' and is filed for an improper purpose.

Counsel cannot say *that Breach is not wearing his truss since April 30, 2007,* nor can counsel say *that Breach "fails to follow instructions", is stating a false statement without proof.* This is a false accusation since Defendants refuse to see Breach through repeated sick calls and several grievances filed and has not been seen since *April 30, 2007.*

Counsel has slandered Breach through an unsupported accusations stating:

> "'Furthermore, "Breach has not completed the Sick Call Request and any evidence to the contrary is false and constitutes perjury."...' 'Breach did not file an Inmate Grievances/Appeal on July 14, 2007, nor did he file any grievance on August 6, 2007, further evidence that Mr. Breach's argument, pleadings, facts, and positions merit no attention from this Court."

Unless counsel is prepared to "Prove" that Breach did not submit such sick calls, or grievances on *July 14, 2007* and *August*

*6, 2007* counsel is alleging facts that he is not prepared to prove! Counsel as accused Breach of perjury, is slander. "Evidentiary Materials" are before the Court. [Court Doc. # 134]. Counsel ought to be prepared to <u>prove</u> his accusations! Furthermore, counsel ought to remember, Defendants <u>do not keep</u> <u>adequate medical records</u>, and <u>their grievances procedures are not</u> <u>sufficient</u> and are challenged in this case.

Defendants answer and throw away what they want to, that is why Breach's medical records are still today inadequate. Affidavit from Nurse Deborah Hunt is perjury. Mrs. Hunt *cannot* *tell this Court what Breach has and has not done.* Counsel has attempted to slander Breach without any factual support to prove his case.

CONCLUSION

This is notice of Breach's intent to move for Sanctions within 21-days of this "Certificate of Service" upon Counsel. Breach is requesting that counsel make the appropriate corrections.

Done this 28th Day September 2007.

Marcellus Breach 160710

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy by U.S. Mail, First Class properly addressed postage prepaid to the following on this 28-day of September 2007.:

Alabama Department of Corrections
Legal Division
P.O. Box 36130

Rushton, Stakely, Johstone, Garrett, PA
P.O. Box 270
Montgomery, Alabama
            36101

Marcellus Breach

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH (AIS # 160710),                  *

     Plaintiff,                                              *

V.                                                              *        2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,                      *

     Defendants.                                          *

## AFFIDAVIT OF LINDA LAWRENCE, R.N., H.S.A.

**BEFORE ME,** Perry A Woods _____, a notary public in and for said County

and State, personally appeared **LINDA LAWRENCE, R.N., H.S.A.,** and being duly sworn,

deposed and says on oath that the averments contained in the foregoing are true to the best of her

ability, information, knowledge and belief, as follows:

"My name is Linda Lawrence. I am over the age of twenty-one and am personally

familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in

Alabama since 1997. I hold an Associates Degree in nursing from Troy State University in

Montgomery. I have worked as a nurse at Kilby Correctional Facility in Mt. Meigs, Alabama,

since March of 2002, and have been the Health Services Administrator (H.S.A.) at Kilby since

May of 2002. Since November 3, 2003, I have been employed by Prison Health Services, Inc.,

the company which currently contracts with the Alabama Department of Corrections to provide

medical services to inmates.

Prison Health Services, Inc. (PHS) has established a simple two-step procedure for

identifying and addressing inmate grievances at Kilby Correctional Facility. If an inmate has a

grievance regarding a healthcare issue he must submit to the healthcare unit an "Inmate Informal Grievance" form. These are standard forms that may be acquired in the healthcare unit or from an inmate's supervising officer in his dormitory. The informal grievance allows an inmate to communicate any healthcare related concern by placing the form in the medical services complaint box or mailbox to be forwarded to the healthcare unit. I subsequently review the concern and respond via in house mail.

If the inmate is unsatisfied with my response, he may request an "Inmate Grievance Appeal" form from the healthcare unit. This form allows an inmate to again voice his concerns relating to the healthcare issue addressed with the informal grievance form. After the inmate has submitted the grievance appeal, I will meet with him face-to-face in a final attempt to address his concerns verbally.

It is my understanding that Marcellus Breach has filed suit in this matter alleging that Prison Health Services, Inc. has failed to provide him with appropriate medical care. However, Mr. Breach has failed to exhaust Kilby's informal grievance procedure relating to the receipt of medical care for this alleged condition. Specifically, as relevant to his Complaint, Mr. Breach has submitted neither an inmate informal grievance nor an inmate grievance appeal. As such, the healthcare unit at Kilby has not been afforded the opportunity to resolve Mr. Breach's medical complaints prior to filing suit."

Further affiant sayeth not.

LINDA LAWRENCE, R.N., H.S.A.

2

STATE OF ALABAMA    )
            )
COUNTY OF Montgomery  )

   Sworn to and subscribed before me on this the _____13th_____ day of
February____, 2007.

            Perry A. Woods
            Notary Public

            My Commission Expires:

            May 28, 2007

# EXHIBIT B

To: Ms. Lawrence Medical
Warden Rowell.

**Prison Health Services**
**Inmate Informal Grievance**

MARCELLUS BREACH    160710                West - 16        10/11/06
NAME                AIS #                  UNIT            DATE

---

**PART A---Inmate Complainant**

D
SP- 1) I have a medical hold that is preventing me from actively participating in any additional DOC program. I ask to be removed that I may be classed to go to another camp.

2) Medical records reflect DR. Tussie recommended surgery for a hernia. I have problems coughing, sneezing, bowel movements. I need surgery. Why am I on medical stop up, and no one has seen me in regards to surgery?

See attached: page 2.                    _[signature]_
                                         **INMATE SIGNATURE**

---

**PART B –RESPONSE**          **DATE RECEIVED** 10-17-06

I have searched your medical files here from front to back. there are no records on sick calls that you were examined for a hernia. I see no evidence of a medical hold or medical stop up. If you are having health problems please sign up for sick call and be examined by the doctor.

                    _L. Lawrence_ RN HSA
                    **MEDICAL STAFF SIGNATURE**

                    10-17-06
                    **DATE**

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator. Return the completed grievance form to the Health Service Administrator.

| | | Y | N | | | Y | N |
|---|---|---|---|---|---|---|---|
| I | Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI Delay in Health Care Provided | | ☐ | ☐ |
| II | Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | | ☐ | ☐ |
| III | Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV | Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX Request for Off-site Specialty Care | | ☐ | ☐ |
| V | Conduct of Healthcare Staff | ☐ | ☐ | X Other | | ☐ | ☐ |

Certificate of Service

I hereby place same into a sealed envelope address to Medical Complaint Box, copy to Warden Rowell, hand mail on this 11th day October 2006.

1&2.                    _Marcellus Breach_        (67)

Kilby Correction At Facility

*To:* Linda Lawrance
Dr. Robbins,
Warden Arnold Holt.

## Prison Health Services, Inc.

## Inmate Grievance **Appeal**

Marcellus Breach          160710          West 16          11/7/2006
NAME                          AIS #                   UNIT                DATE

PART A—INMATE Grievance Appeal for the following reason:
Grievance on 10-17-06. I have a Painful Hernia.
Dr. Tassin Recommended Surgery. I have pain coughing
Sweezing + Bowel movements. I need to see
A Doctor, not Nurse Practioner. Medical
Records from LCS missing why?

_____

_____ *[signature]*
INMATE SIGNATURE

Return this form to Health Services Administrator by dropping in the sick call box or
giving to the segregation sick call nurse on rounds.

PART B –RESPONSE                    DATE RECEIVED_____

_____

_____

_____

_____

Inmate Signature _____     Health Services Department Head _____

Date _____                 Date _____

| H.S.A. Selection: | Y | N | | Y | N |
|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☑ | ☐ | VI  Delay in Health Care Provided | ☑ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☑ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | ☐ | ☐ |
| V  Conduct of Healthcare Staff | ☐ | ☐ | X  Other | ☐ | ☐ |
| Committee Review of Data Collection | | | | | |

CC
MB

I hereby placed     Certificate of Service.
said into the Kilby Medical Complaint Box
And Warden's box have delivery into penalty of perjury 28 U.S.C. 1746
on 11-7-06     *[signature]*

11/03 – Alabama
Revised 5/16/05

**Prison Health Services**
**Inmate Informal Grievance**

_Marcellus Breach_  160710          _West-16_   _11-7-06_
NAME                    AIS #              UNIT        DATE

_To: Mrs. Lawrence R.N._

PART A---Inmate Complainant

_On-10-17-06 you stated you have_
_no evidence of a hernia in my Medical_
_records._

_On 3-21-06 Dr. Tassin ordered Surgery._

_My hernia is causing me pain._

_I want to Appeal your decision_

_(signature)_
INMATE SIGNATURE

PART B –RESPONSE                    DATE RECEIVED_____

MEDICAL STAFF SIGNATURE

DATE

If resolution has not occurred and you wish to file a formal grievance you may request a
grievance form from the Health Services Administrator.  Return the completed grievance
form to the Health Service Administrator.

| | | Y | N | | | Y | N |
|---|---|---|---|---|---|---|---|
| I | Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI  Delay in Health Care Provided | | ☑ | ☐ |
| II | Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | | ☐ | ☐ |
| III | Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV | Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | | ☐ | ☐ |
| V | Conduct of Healthcare Staff | ☐ | ☐ | X  Other | | ☑ | ☐ |

_(cc)_
_copy._

_Certificate of Service._

_Placed hand mail into Medical box sealed envelope_

11/03 - Alabama   _On 10/7/06._

_(signature)_

Kilby Correctional Facility.

TO: Ms Lawrance, Medical.
     Deputy Warden Rowell.

Date  October 11, 2006

RE:  Informal Grievance p. 2

To Whomsoever it may Concern.

Medical Records will Reflect Dr. tussie Recommending Surgery for my hernia. I'm asking that the "Medical" Hold Placed on me be Removed. Because of this hold, I can't be Reclassed for any other institutional Camps. I've worked to hard, I have Work Reports, several certificates of completions, and my college degree, to come to a dead-end stop! I'm asking to have Classification Review my prison Record. I haven't had a "Review" in 18 months. That's frustrating. If this medical hold is about Surgery, then I Request Surgery. Not a medical hold, then nothing is done about it. I humbly ask someone assist me about Resolving this matter. I depreciate Strongly placing this hold on me, then doing absolutely nothing in Regards to following doctors orders concerning Surgery.

                              Please Advise.
                              Marcellus Breach 160710

2 of 2.                                              68

Marcellus Breach    160710    West-16    11/7/06

TO: Mrs. L Lawrence RN.

On 10-17-06 you stated that you Searched my Medical Records from Front to back And found NO evidence of A hernia. I do Not know yet how well PHS Keeps Medical Records up-dated but. 2-20-03 Inguinal hernia A.D.O.C. 5/8/05 hernia pain 3x5 cm Inguinal hernia on (L) Not into Scrotum. & Truss issued. Ref. Dr Bossinger. 3-21-06 hernia (L) Inguinal "Hernia Needs Repair": Dr Tassin. Not demonstrated elective procedure. Are you Sure You have my Records? Referred to Surgeon: Visit 3/5/06 hernia I need this Surgery, I cant go Any other Auld p Medical Field. Do you want me to show you proof Dr Tassin Recommended Surgery? Why Am I denied/delayed Surgery?
Marcellus Breach

Certificate of Service
Placed hand mail into Medical by sealed envelope on 10/7/06.
Marcellus Breach

1 of 3.

69

To: Mrs L. Lawrence.

From: Marcellus Breach, 160710
        West-16

Date: November 7, 2006

Re: Hernia / Medical Records.

Exhibit enclosed:
Basic Offender Physical Evaluation
LCS 3/20/06 Reflecting Medical
Records "Hernia"

Mrs Lawrence:

   I'm __stuck__ here at Kilby because of Medical hold.
My Records on 3-21-06 Reflect indirect inguinal
hernia, "Needs Repair" Dr. Tassin. I do not desire
to wait till its either strangulated or not
Reducible. The most important elements in the
early development of a hernia are congenital or
acquired muscle weakness and the increased intra
abdominal pressure. Dr. Tassin made his medical
Recommendation that the hernia needs Repair. It is
painful at times, limits my activities. The classification
of Surgery as elective does not obligate PHS's of
the duty, or power to promptly provide necessary medical
treatment. The mere words "Elective" surgery __ARE NOT__
a talisman insulating PHS from the Reach of the
Eighth Amendment "deliberate indifference." Now, I do not
continue to waste $300 Sick call for Tylenol. Please
Do you need to See the Records? You stated NO
        Please Advise        evidence of a hernia? Here is
Marcellus Breach — evidence for your Review!        70

# EXHIBIT C

# LCS CORRECTIONS SERVICES, INC.
## Nurse's Notes

Facility: SLCC
Offender: Breach, Marcelus          Offender #: A160710

| Date/Time | Notations | Signature/Title |
|---|---|---|
| 3/20/06 | Intake screening complete c̄ lrbunk profile, green c̄ drdle | M. Mafield |
| 3.21.06 | Saw MD on rds c̄ new orders | M. Mafield |
| 4.12.06 | RSC done → new orders | M. Mafield |
| 6/02/06 | Scheduled to go to Dr. Perkins for dental work this date | M. Mafield |
| 6/2/06 | Returned c̄ no paperwork or new orders | M. Mafield |
| 6/8/06 | Strip preparation made for Dr. Woodruff on 6/13/06 | M. Duggan |
| 6.13.06 | Returned c̄ NNO; return for fill | M. Mafield |
| 6/28/06 | Strip preparation made for Dr. Perkins on 6/30/06 | M. Duggan |
| 6.30.06 | Cancelled Dr. Perkins due to limited appt × 20 inmates | M. Mafield |
| 7.12.06 | Received a call from Branden from Alabama re: Inguinal Hernia - Stated Hernia Repair are not done here - unless incarcerated or into scrotum. This subject has no hernia since seen by Dr. Tassin 3.21.06 - Subject placed on sick call for 7.18.06 to see if he needs a referral to a Surgeon | D. Jott |
| 7/10.06 | We faxed report to Ruth Naglich in reference to inguinal hernia inmate requesting repair & is filing a lawsuit to have surgery done. | M. Mafield |
| 17 | | |
| 7.12.06 | 9:40 AM Phone call received from Lynn Brown and she will return call on previous fax on 7/10.06; awaiting return call for follow up | M. Mafield |
| 7.17.06 | 4:25 PM Brought to medical - Left Inguinal hernia easily reducible - no c/o pain | D. Jott |
| 7/18.06 | Saw Dr. Tassin & NO Change in hernia & NO New Orders given | M. Mafield |

# EXHIBIT D

✚ PROFESSIONAL MEDICAL SUPPORTS ✚



*Soft Forme*
Orthopedic by Design

**Hernia Support Belt**

**Cinturón de Soporte para Hernia**

**Ceinture Herniaire**

**Silver✚Label**
Professional Medical Supports

**Features:**
- gentle compression
- weakened muscles and holds hernia in place
- shaped dual compression-formed pads focus

Is for either single or double hernia
raist band is adjustable to desired compression

le leg straps

**sticas de Producto**
ona compresión suave
los músculos débiles y mantiene la hernia en

lillas de compresión moldeadas especialmente
ocar el soporte
lillas dobles para hernias unilaterales o
es

elástico se ajusta a la presión y talla deseada
ajustables para las piernas

**stiques du Produit:**
ine contention douce
les muscles faibles et tient l'hernie en place
nique avec deux compresses de maintien
rées
'embourrage (coussinets), soit pour une simple
u pour une double hernie
ine élastique est ajustable pour pouvoir obtenir
ntion désirée
gles pour les jambes sont ajustables

US Patent 6,422,242B1

**Material Content/Contenido / Composition:**
60% Polyester/Poliéster, 18% Nylon/Nilón,
15% Latex/Látex, 5% Cotton/Algodón/Coton, 2% Spandex

**Latex Warning:** The waistband and leg straps of the
Hernia Belt contain small amounts of natural rubber,
which may cause skin irritation in those patients who are
sensitive to latex.

**Precaución de Látex:** El cinturón y los tirantes
contienen cantidades pequeñas de goma natural, que
podrían ocasionar irritación a personas que tengan piel
sensible al látex.

**Attention au Latex:** La ceinture et les attaches
(sangles) pour les jambes contiennent une petite
quantité de caoutchouc naturel qui pourrait causer des
irritations de la peau aux personnes sensibles ou
allergiques au latex.

**Care Instructions:**
Fasten all closures. Hand wash in cool water with mild
soap. Pat dry to remove excess water. Air dry away from
heat. Wash as needed.

**Instrucciones de Cuidado:**
Abroche los cierres. Lave a mano con agua fría con
jabón suave. Pásele la mano para remover el exceso de
agua. Seque al aire libre lejos del calor. Lave como se
necesita.

**Conseils pour le Nettoyage:**
Boucler les sangles de fermeture. Laver à la main, à
l'eau froide avec un savon doux. Tapoter la ceinture pour
enlever l'excès d'eau. Faire sécher à l'abri de la chaleur.

**Silver✚Label**
Professional Medical Supports

Silver Label® Tri-Lingual Line for Medical Professionals.
Made in U.S.A. by FLA Orthopedics®, Miramar, FL 33025
©2002 FLA Orthopedics, Inc., Miramar, FL 33025        B5-6SL673

# *Soft Form* ® Hernia Support Belt
## Model 67-350

**Indications:**
- Reducible Inguinal hernias
- Single or double hernias
- Support weakened abdominal muscles

**Important Information:**
Use this product only under the supervision of your physician and only for REDUCIBLE hernias (can be pushed back). A hernia should be inspected daily to ensure it is not becoming infected or developing into a more serious non-reducible hernia. Your hernia belt should be removed and the area checked frequently.

A non-reducible hernia can become life threatening if part of the intestine gets trapped or "strangulated" in the opening. This can lead to dangerous complications such as obstruction of the flow of intestinal contents or blood, leading to tissue death and gangrene. The symptoms of intestinal obstruction are nausea, vomiting, loss of appetite, or increased abdominal pain.

A strangulated hernia is an emergency situation that usually requires immediate surgery.

**Sizing:**
Measure around hips to determine size.



| Size | Inches |
|------|--------|
| Small | 30 - 35 |
| Medium | 35 - 41 |
| Large | 41 - 46 |

**See back for care instructions.**

Para instrucciones en español, vea adentro de la inserción.
Pour instructions en français, voir endendan l'brochure.

---

## Fitting Instructions



Pad Insert

Against Body

Back of Belt (against body)

The Hernia Belt includes removable left and right flexible foam pads. When inserted correctly, the rounded (curved) s the pad goes against the body. If treating a single hernia, remove the unneeded pad from the support.

1. Unhook the leg straps from the waist strap and undo one side of the waistband. Position the support and pad on t affected area and fasten the waist strap. Adjust both sides of the waist strap evenly. Pull the elastic waistband to d desired position.

2. Pass the leg straps through the legs and attach the white loop tabs onto the hook closure on the waist strap. Mak leg straps are comfortable and not twisted.

3. Once the support has been fitted and the leg straps adjusted, undo one side of the waist strap and step out of the like you would trousers with the leg straps sized and securely fastened.

### What is a Hernia?

The term hernia refers to a protrusion of an organ or tissue through an abnormal opening in the body. Most hernias are of part of the intestine slipping through a weakness in the abdominal wall. Hernias develop most commonly around w such as the navel or groin (inguinal hernias) or around previous incisions. Inguinal hernias are most common in men

A hernia can be both seen and felt as a lump in the abdomen or groin. A reducible hernia usually disappears when yo and can be pushed back into the abdominal cavity. Discomfort is usually experienced, especially when coughing, lif objects, or standing for a long time. A large increase in pain may indicate that the hernia is worsening and a physic be consulted immediately.

Limiting activity, eliminating excess weight, and wearing a hernia belt or truss may provide temporary relief. However, CURE IS SURGERY. For more information consult your physician or there are several internet reference site www.herniainfo.com.

---

*Always consult a physician when experiencing persistent pain, discomfort, inflammation or swelling. This consumer information is not intended for self-diagnosis or treatment.*

---

Silver
Professional Med



Marcellus Breeatt (160710)

1) Nick Davis Rd

Harvest, AL 35749

28 SEP 2007

HUNTSVILLE AL 358

This correspondence is forwarded from an Alabama State Prison. The content has not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711

USA FIRST-CLASS