IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT -3  A 10: 25

TEERA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, AIS# 160710,

     Plaintiff,                    *

Vs.                           *     CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,   *

     Defendants.              *

## PLAINTIFF'S REQUEST TO PURSUE DISCOVERY REQUESTS

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach" in proper person "Pro Se" moves this Honorable Court to **GRANT** in the interest of justice, limited **DISCOVERY** at this time in the above-styled cause, pursuant to this Court's Order entered on **July 26, 2007** directing Breach via-caveat as follows:

"1.    "No motion addressing discovery be filed by the plaintiff prior to submission of all special reports[; and,]'

"2.    "Within ten (10) days after the filing of the last requisite special report, the plaintiff **may seek leave of court** to file discovery request. The plaintiff is **cautioned** that requests for discovery which (i) address privileged matters, (ii) are cumulative or duplicative in nature to information previously provided to the court, (iii) seek information irrelevant to a determination of the issues before this court, and/or (iv) are overly burdensome will not be allowed by this court.'"

¶ 1.     Pursuant to Fed. R. Civ .P., **Rules 26, 33, 34** and **36** Breach is requesting to 'end' *"gamemanship"* pursuant to the Civil Discovery Act, which is designed to avoid "gamemanship" in litigation. Breach would argue "Civil discovery is designed to force both sides to lay the evidence "on the table" so that each side has the opportunity to assess the merits of its position." See, **Bernal v. All. Am. inv. Realty, Inc.**, 2007 U.S.Dist. LEXIS 24311 (S.D. Ala. 2007).

¶ 2.     The Eleventh Circuit has acknowledged that "a litigant proceeding in good faith has a right to use civil discovery in attempts to prove the existence of a colorable claim for reliefs, []". **Cllins v. Walden**, 834 F.2d 961, 965 (11th Cir. 1987) see also, **Desisto College, Inc., v. Town of Howey-in-the-Hills**, 718 F. Supp 906, 915 (M.D. Fla. 1989)

¶ 3.     Breach has received the last requisite special report from the defendants being their "Answer and Special Report" and defendants have attempted to move prematurely for summary judgment.  Summary judgment, under _Fed. R.Civ.P. 56_, is appropriate "<u>after adequate time for discovery </u>and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  To defeat the motion for summary judgment, the nonmoving party must merely present evidence on the basis of which a jury might return a verdict in its favor. **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 255 91 L. Ed. 2d 202, 106 S. Ct. 2506 (1986).  The nonmoving party in a summary

judgment is to be given the opportunity to "discover information that is essential to his opposition." *Anderson*, 477 U.S. @ 250.

¶ 4.    Breach would demonstrate that the requested evidence is discoverable, and is intended to _show a routine practice of not repairing hernias_ "statewide" that are painful, and dangerous is "relevant" and is not burdensome.  "Where the documents are relevant to the summary judgment motion and are discoverable, the district court should rule on the discovery motions before the summary judgment motion." *Snook*, 859 F. 2d @ 871.

¶ 5.    Summary judgment in this case is not appropriate, because summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P., 56(c).

## POINT NO. 1

This case is concerning the denial of proper, necessary medical care pertaining a physicians' recommendation on 3/21/06 _Dr. John A. Tassin, M.D._, stating that Breach's inguinal hernia, "_Needs Repair_".  Also, there is evidence from a qualified surgeon being **Dr. Yerubandi, M.D., FACS, FRCSC**, who has already supplied approximately three Affidavits, and **Nurse JoAnn Breach, R.N., MSN,** who also has supplied approximately two Affidavits addressing the standard of care, also at summary judgment will address further the deficient standard of care provided by the defendants pertaining to Breach's

treatment, e.g., Hernia.   There is a load of _public information,_ exhibits, submitted as evidence pertaining to Hernias that show a clear medical fact that: **A Hernia cannot be treated, surgery is the only cure.**   Breach has complained about pain, Breach has requested surgery, and Defendants have refused to offer the only remedy, which will alleviate Breach's pain, and suffering, that is surgery.   Defendants have acted at all times deliberate indifferent, and have violated the Medical Liability Act.

This is not a case about differences in opinions because there is only <u>one fact</u>, and <u>Hernias cannot be treated</u>.   Breach has challenged the Defendants custom, practice, policy pertaining to Hernias.   Breach must show that both,  ADOC and PHS's corporate custom, policy, or practice was the "moving force" behind the alleged constitutional deprivation. Discovery is requested.

### POINT NO. 2

**BREACH CHALLENGED AN UNCONSTITUTIONAL POLICY, CUSTOM, PRACTICE, PERTAINING TO HERNIA NOT BEING REPAIRED UNLESS IT IS INCARCERATED OR INTO THE SCROTUM, IS UNCONSTITUTIONAL AND DELIBERATE INDIFFERENT ON ITS FACE.**

### IDENTIFY POLICYMAKER FOR PRISON HEALTH SERVICES, INC.

Defendants have ignored a large body of case law in their arguments.   While it is true that § 1983 liability cannot be imposed under a theory of respondeat superior, ADOC and PHS may still be liable under § 1983 for the single act of a final policymaker.

a.    ADOC and PHS has not identified policy-maker,

b.    Neither PHS nor ADOC have produced their *Treatment Protocols* pertaining to *Hernias.*

c.    PHS defendants have not been identified all Defendants title, position, duties and responsibilities.

d.    This Court <u>cannot rule</u> on any qualified immunity pertaining to PHS who are not entitled to qualified immunity, without production of *first, final policymaker,* between the local government, ADOC's entity PHS -- courts **must apply state law and identify the local governmental entity's** final policymaking authority which under clear existing law is a *"question of state law* which <u>must be determined by the court,</u> *before,* the case is submitted to the jury.  This Court <u>must</u> identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the actions alleged to have cause the particular constitutional or statutory violation at issue. See, *Jeff v. Dalls Ind. Sch. Dist.* 491 U.S. 701, 737, 109 S.Ct. 2702, 2723-24, 105 L.Ed.2d 598 (1989)(quoting *St. Louis v. Praprutnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed. 2d 107 (1988)) See also, *Sherrod v. Palm Beach City Sch. Dist.* 424 F. Supp. @d @ 1345 (S.D. Fla. March 26, 2006).

e.    ADOC has stated via Affidavits that they rely on the medical providers, but the sole questions is, while Breach was in Louisiana under the 'control' of ADOC, <u>*Dr. John A. Tassin, M.D.,*</u> made the recommendation that Breach's hernia "Needs Repair". The questions is why is <u>*Brandon Kindard,*</u> and <u>*Ruth Naglich's*</u> names on Breach's medical

records? The medical records reflect that Defendant Brandon Kardard called Diana _Lott, Nurse_ Administrator for South Louisiana Correctional Services, on 7-12-06 stating that Breach cannot receive surgery unless his hernia is incarcerated or into the scrotum. Defendants stated that they rely on medical providers, evidence will show summary judgment is not appropriate because Dr. Tassin was employed in the capacity is a medical provider and someone within ADOC while Breach was in Louisiana at the private prison, denied Breach surgery. Discovery is requested. Also, throughout PHS defendants argument. Dr. Hobbs continues to complain that Breach has not met the criteria of the Department of Corrections pertaining to surgery for his hernia. In addition, this treatment protocol has not been produced, and ADOC maintains that they have absolutely nothing to do with medical decision, but rely on the medical providers. Where is the policy pertaining to hernias, because it is challenged as being cruel and unusual punishment? Breach needs his medical experts to review this unconstitutional policy.

### POINT NO. 3

¶ 6    Breach is requesting discovery upon Defendant's Dr. Lyrene, Robbins, Hobbs, Nurse Practitioner B. Adams, Ruth Naglich, Brandon Kindard, Martha Jane Haynes, Linda Lawrence, and all defendants for purposes of ascertaining the truth. The defendants are medical providers who are educated in the medical profession, and should have known that medically what the standard of care is pertaining to hernias.

Because this is a medical treatment case, it is also unique, however, because the standard for deliberate indifference need not depend solely on prior court decision; the contemporary standards and opinions of the medical profession also are highly relevant in determining what constitutes deliberate indifference to medical care. See, *Greason v. Kemp*, 891 F.2d 829, 835 (11th Cir. 1990); *Rogers v. Evans*, 792 F. 2d 1052, 1058 (11th Cir. 1986). Defendants are medical professionals and discovery is essential when a doctor's actions are at issue, because the evaluation of medical care is frequent fact-specific and dependent on medical knowledge. Although this inquiry is similar to a determination of medical negligence, the plaintiff must show far more than negligence in order to assert an eighth amendment violation. Thus, the standard for deliberate indifference focuses on the failure to provide or allow treatment in the fact of information, which reasonably should compel action. Such deliberate indifference is often manifest by a refusal to act when certain actions were or should have been known to be necessary, rather than simply a failure to act. To some cases, at this one, if an official knows or should know that certain treatment is necessary, and he delays in providing such treatment when he reasonably should know that such delay can be hazardous, his actions could constitute deliberate indifference. *Estelle*, 97 S.Ct. @ 291 & n. 11. Discovery will show that defendants as doctors, nurses, directors in this capacity, a reasonable doctor or other medical provider would have known that defendant's actions amounted to deliberate indifference under the legal or medical standards at the time of the incident. Defendants

had knowledge of necessary treatment coupled with the refusal to treat properly or a delay in such treatment.

¶ 7.     Breach is request specifically from defendants, since PHS provides services at ADOC pursuant to a contract with the Department of Corrections, a state agency.  PHS hired Dr. Robbins, Hobbs, as Medical Directors both a Kilby and Limestone prisons.  Dr. George Lyrene is Medical Director for ADOC.  Defendant's contracts will detail their job descriptions and duty under state law, is relevant and requested to be reviewed for defendants are believed that he was responsible for reviewing and updating policies and procedures at PHS and ADOC, and for requesting improvements in services.   In addition, Defendant Jane Hayes, is regional director for PHS and it is unclear who has/had the responsibility to report to the commissioner or the president for PHS for medical changes.   However, defendant serves as the health authority at either the institutions or the corporation and was the overall administrative supervisor for clinical services.   Breach alleges that causation by either PHS was directly involved in the violation, or that a policy or custom of PHS and ADOC led to the violation. Direct involvement, however, is not the only basis on which liability can be found.  Breach contends that it was the policy or custom of PHS, through ADOC, Dr. Lyrene, Rught Naglich, or Brandon Kindard, which led to the deliberate indifference treatment.   If Breach can demonstrate that either defendant action's could have amounted to deliberate indifference and that defendant were the final authority on policy for PHS and ADOC,

then a causal link would exist sufficient for potential liability under section 1983. See, *Wilson v. Taylor*, 733 F.2d 1539, 1545 (11th Cir. 1984)(city liable under section 1983 if the official making the unconstitutional decision to fire an employee had final or ultimate authority to make the personnel decisions); *City of St. Louis v. Praprotnik*, 485, U.S. 112, 108, S.Ct. 915, 923, 99 L.Ed. 2d 207 (1988)(plurality opinion)(unconstitutional policy can be inferred from a single decision by the highest official responsible for policy in that area). Thus, Breach must discover whether defendants had final authority for policy at PHS and ADOC. When the party at issue is a municipality, whether an official has policymaking authority is determined by state law. *Praprotnik*, 108 S.Ct. @ 924; *Jeff v. Dallas Indep. School Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989). As the party at issue here is a corporation contracting with the state, the relevant "state law" for policymaking determinations <u>are the contracts between PHS, and ADOC, and PHS employees</u>. Discovery in the contracts is mandatory for the court to identify who is policy maker within ADOC and PHS is relevant amongst their "<u>specific responsibilities</u>" whether "consult, supervise administratively the clinical services provided by the PHS professional and para-professional staff, and "Annually review and approve the medical protocol and clinical policies and procedures. These statements, duties all point to the conclusion that someone among the defendants is to be determined by the court as policy maker for PHS and at the institutions for ADOC. Because defendants had control over policy statements and administrative supervisions, (Ruth Naglich) of the clinical services,

it can appear that someone is the policymaking authority for PHS at ADOC.   To keep focus riveted on final policymakers, as opposed to subordinates or employees, the Supreme Court dictated a required approach.  First, the trial court 'must' apply state law and identify the local governmental entity's final policymakers:

"[w]hen a particular official has 'final policymaking authority' is a question of state law." As with other questions of state law relevant to the application f federal law, the identification of those officials whose decisions represent the official policy of the local governmental unit is itself, a legal question to be resolved by the judge before the case is submitted to the jury. . . . [T]he trial judge "must" identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the actions alleged to have caused the particular constitutional or statutory violation at issue.  Once those officials _who had the power to make official policy_ on a particular issue have been identified, it is for the jury to determine whether their decision have caused the deprivation of rights are issue by policies which affirmatively command that it occur." *Jeff v. Dallas Inc. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 2723-24, 105 L.Ed.2d 598 (1989)(quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915, 99 L.Ed.2d 107 (1988)) see also, *Sherrod v. Palm Beach City Sch. Dist.*, 424 F. Supp 2d @ 1345 (S. D. Fla. March 26, 2006); *Howell v. Evans*, 922 F.2d  712 (11th Cir. 1991).  This Court has to review and identify who is policymaker for PHS, and identify Dr. George Lyrne as Medical Director responsibilities only through state law which is the

contracts, before this court can rule of qualified immunity because Breach has challenged the policy of ADOC and PHS pertaining the hernias as unconstitutional.

¶ 8.    First, Breach must review this treatment protocol, and then determine who wrote this challenged treatment protocol pertaining to Hernia repairs.   Then, once Breach proves that the policy is unconstitutional, liability attaches.

¶ 9.    Breach cannot safely prosecute this case against said above named defendants, nor go to trial, nor address summary judgment without the production of said ascribed documents and in their absence will be effectively denied fundamental due process of law as guaranteed by Amendments I, V, VII of the Constitution of the United States made applicable to the States through the XIV §1 to the Constitution of the United States; and herein pursuant to the Civil Rights Act, § 1983 et seq.

¶ 10.   Without the production of the documents and items referred to above, Breach will not be able to effectively prosecute this civil action in the above-styled cause and thus, Breach will be denied his rights to seek redress for clearly established Federal right being abridged, grossly violated by defendants.

§ 10.   Furthermore, Breach in deciding whether the constitutional standard for delivering medical care has been breached, reference to expert testimony is appropriate because the defends of qualified immunity is intertwined with liability, a plaintiff seeking to overcome a qualified immunity defense must demonstrate that the actions of the physicians "violated a clear and specific standard and that similarly situated

reasonable health care providers would have known that their actions violated [the plaintiff's] constitutional rights. See, Adams v. Poag, 61 F.3d @ 1543. is requesting to proceed under Rules 26, 33, 34 and 36 of Federal Rules of Civil Procedures.

### RELIEF REQUESTED

Courts will hold the government responsible for actions taken by a private provider that violate an inmate's rights. See, *Department of Justice, Bureau of Justice Assistance, Emerging Issue on Privatized Prisons, 18 (February 2001);* **Scott v. District of Columbia**, 1999 U.S. Dist. LEXIS 21616 (D.C. 1999). That the Court issue an Order allowing Discovery to proceed in this case. Breach request to submit (i) Interrogatories, (ii) Admissions, (iii) Production of Documents, and (iv) Depositions.

However, Breach as requested the first set of production of medical records because PHS will not be the medical providers after November 1, 2007. Breach is currently undergoing his drafting of further discovery request. Breach request that this Court grant what this court deems appropriate. Breach states, under law, this Court is going to have to review the Contracts of the medical providers as state law before it can rule of qualified immunity, searching for PHS's policymaker. See, Howell v. Evans, 922 F.2d 712 (11th Cir. 1991).

Issue an **ORDER**, to defendants to produce for both this Court's inspection and Breach's inspections, copying and examination the following **"Documents"**

## I.  DEFINITION:

1)    When used in this discovery request and subsequent set of discovery request henceforth, the following definition shall apply:

   a.    As used herein, the term *"document"* means any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, memoranda, notes, analyses, work papers: including but not limited to any faxes, reports, letter, grievance, records, however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

   a.    *Dr. George Lyrene, M.D.*, employment "Contract" including his job descriptions, duties, *inter alia,*

   b.    *Dr. Robbins, M.D.*, employment "Contract" detailing his job description, duties, *inter alia,*

   c.    *Dr. William Hobbs, M.D.*, employment "Contract" detailing his job description, *inter alia,*

   d.    The both the *"Treatment Protocols"* pertaining to **Hernias** and surgery request stated in the Medical agreement, Contract entered between the Alabama Department of Corrections, and South Louisiana Correctional Center pertaining to medical treatment for Alabama inmates, and surgery request between March through October 2006. **(Dr. John A. Tassin recommended "Needs Repair" Defendant Bradon Kindard called PHS advised "hernia repairs not done there unless incarcerated or into the scrotum")(ADOC Defendants' Affidavits stated they rely on the medical providers?) (If ADOC defendants relied on medical providers, why did Brandon call South Louisiana Correctional Services, ("SLCS,") with instruction not to repair Breach's hernia?)**

e.    Produce the **Treatment Protocols** pertaining to **Hernia** for both the Alabama Department of Corrections and Prison Health Services, Inc., from dates <u>March 2005 until current.</u>

f.    Allow Breach to proceed under the Discovery rules, allow Defendants to make their proper objections in writing.

Done this 28 Day September 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into the U. S. Mail, First Class, properly addressed postage prepaid and mailing on this 28 Day of September 2007.

Marcellus Breach



USA FIRST-CLASS FOREVER

2007    1    OCT
HUNTSVILLE AL 358

Marcellus Breach 160070
Minstron C.F. D-9
28779 Nick Davis Rd
Harvest, AL 35749
1    OCT    2007
HUNTSVILLE AL. 358

Office of Clerk
United States District Court
P.O. Box 711
Montgomery, Al
36101-0711

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2007 OCT -3 A 10:25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, AIS #160710

     Plaintiff,                *

Vs.                          *     CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,    *

     Defendants.          *

### *PLAINTIFF'S REQUEST TO PURSUE DISCOVERY REQUESTS FIRST, REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, and/or ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES*
#### *Rule 34, FED. R. CIV. P.,*

Plaintiff, <u>*Marcellus Breach*</u> (hereinafter "Breach") in proper person "Pro Se" request

Defendants Prison Health Services, Inc., to respond within 30-days to the following

request:  Plaintiff request the inspection of documents pursuant to <u>*Rule 34*</u>, Fed. R. Civ. P.,

to be performed within **21-days** due to Defendants medical contract will end with the

Alabama Department of Corrections as of **October 31, 2007** and "CMS, Medical Providers

will be in the new medical providers operating at Limestone prison.

    I.    **DEFINITION**:

1)    When used in this discovery request and subsequent set of discovery request

henceforth, the following definition shall apply:

1

a.     As used herein, the term *"document"* means any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, memoranda, notes, analyses, work papers: including but not limited to any faxes, reports, letter, grievance, records, however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

2)     That Defendants produce and permit inspection and to copy each of the following documents, and following persons are relevant for each individual currently has been diagnosed as having a Hernia:

a.     The treatment protocols pertaining to Hernias, not limited to defined as "elective procedure".

b.     PHS's *"document"* policy, and procedures under the "Freedom of Information Act," *§ 36-12-40,* Code of Alabama, (1975) and 5 U. S. C. § *552(b)(7) U. S. C. S.* pertaining to Hernias, and surgery request.

c.     *"Documents"* pertaining to Dr. William Hobbs, M.D., duties, job description, job title.

d.     The *"document"* pertaining to "Sick Call" request, and procedures.

3)     That Defendants produce and permit plaintiff to inspect and to copy each of the following documents: [1]

a.     Plaintiff, **Marcellus Breach's** both ADOC prison file, and PHS's medical records as this case as continuing.

b.     Inmate **Gregory Daniels, AIS# 251627**, PHS, Medical Records. See **Attached Affidavit, and HIPPA Authorization of Medical Release, and Medical Records Release Form.**

---

[1] Each requested medical records from named Gregory Daniels, Horance F. Flowers, and Henery Helton, all have Hernias, is relevant.

2

c.     Inmate **Horace F. Flowers, AIS# 129237**, PHS, Medical Records. See, **Attached Affidavit, and HIPPA Authorization of Medical Release, and Medical Records Release Form.**

d.     Inmate **Herny Helton, AIS# 149533**, PHS, Medical Records. **See, Attached Affidavit, and HIPPA Authorization of Medical Release, and Medical Records Release Form.**

4)     That defendants permit plaintiff to enter _Dormitory "A"_, being the PHS Medical Hospital, at Limestone C.F., Harvest, Alabama for the purpose to inspect and to photograph said medical records and "_documents_," "_public writings_." Those defendants have said inmates medical records, and requested documents available for copying and inspection.

5)     That said inspection of documents and things be conducted under the supervision of the Medical personnel for Limestone prison on the **15**th Day of October 2007 @ **10:00 A.M.**/P.M.

Done this 28 Day September 2007.

_Marcellus Breach_

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

3

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following:

Ala.Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett,
P.O. Box 270
Montgomery, Alabama 36101

By placing same into the U. S. Mail, First Class, properly addressed postage prepaid and mailing on this 28 Day of September 2007.

Marcellus Breach

## HIPAA AUTHORIZATION FORM

**INDIVIDUAL'S NAME** (please print):    **GREGORY DANIELS, AIS 251627** DATE OF BIRTH:

4-6-76

**INDIVIDUAL'S ADDRESS:** Limestone C.F., 28779 Nick Davis Rd. Harvest, Alabama 35749

I hereby authorize due or disclosure of protected health information about me as described below Under the Penalty of Perjury 28 U.S.C. 1746 as follows:

1.    The following specific person/class of person/facility is authorized to use or disclose information about me:

   **PRISON HEALTH SERVICES, INC.,** _____

2.    The following person (or class of persons) *may receive disclosure* of protected health information about me:
   His/her/its name and address:    Marcellus Breach AIS# 160710
   Limestone C.F.
   28779 Nick Davis Rd.
   Harvest, Alabama 35749

3.    The specific information that should be disclosed is (please give dates of service if possible):

   <u>Medical Records pertaining to Hernia, treatment, diagnosis, recommendations, *excreta, inter alia*</u>

UNLESS YOU SIGN HERE, NO INFORMATION ABOUT ALCOHOL/SUBSTANCE ABUSE, HIV/AIDS,    OR
MENTAL HEALTH WILL BE DISCLOSED:    YES, DISCLOSE THIS INFORMATION ____NO_____

   **NO, DO NOT** DISCLOSE THIS INFORMATION__NO_____

4.    I understand that the information used or disclosed may be subject re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations.

5.    I may revoke this authorization by notifying Marcellus Breach in writing of my desire to revoke it. However, I understand that any action already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

6.    This authorization expires on _____, 200__, OR upon occurrence of the following event that relates to me or to the purpose of the intended use or disclosure of information about me: **Breach v. Prison Health Services, Inc., et al., 2:06-cv-1133 United States District Court, Middle Division Alabama.**

**FEES FOR COPIES: Federal and state law permit a fee to be charged for the copying of patient records. This facility has contracted with Prison Health Services, Inc., and/or Alabama Department of Corrections to make copies. You may be required to pre-pay for the copies; if not, then your copies will be mailed along with an invoice.**

**THIS FORM MUST BE FULLY COMPLETED BEFORE SIGNING** ---note that signature is required in two places. Sworn to
   Under the Penalty of Perjury 28 U.S.C. 1746

_Gregory Daniels_____    _8/2/07_____    _4-6-76_  _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_
Signature of Individual    Date of Individual's Signature    Date of Birth or Social Security Number
(The person about whom the information relates)

Or, if applicable –

_____    _____    _____
Signature of Guardian or    Date of Guardian's/Personal    Description of Authority to Act for
Personal Representative of Patient's Estate    Representative's Signature    the Individual
A COPY OF THIS COMPLETED, SIGNED AND DATED FORM MUST BE GIVEN TO THE INDIVIDUAL OR OTHER SIGNATOR.

# MEDICAL RECORDS RELEASE FORM

I understand that my records are protected under the Federal and State Confidentiality regulations and cannot be released without my written consent unless otherwise provided for in the regulations. Federal regulations prohibit you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulation. I also understand that I may revoke this consent (in writing) at any time unless action has already been taken based upon it and that in any event this consent expires 90 days from the date of signing. THE INFORMATION I AUTHORIZE FOR RELEASE MAY INCLUDE INFORMATION THAT COULD BE CONSIDERED INFORMATION ABOUT COMMUNICABLE OR VENEREAL DISEASES WHICH MAY INCLUDE, BUT ARE NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA, AND THE HUMAN IMMUNODEFICIENCY VIRUS, ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AID)

Name: **Gregory Daniels, AIS # 251627**

Date of Birth: 4-6-76

Social Security Number: 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

I authorize the following person or agency under the penalty of perjury 28 U.S.C. 1746 that:

Name: **Prison Health Service, Inc.**

Address: **Limestone C.F. 28779 Nick Davis Rd., Harvest, Alabama 35749**

to release to:

**Marcellus Breach, AIS# 160710**
**Limestone C.F. 28779 Nick Davis Rd.,**
**Harvest, Alabama 35749**
**(or/and to his current address)**

The following information for the purpose of Discovery, demonstration, and possible representation in any civil rights action 42 U.S.C. § 1983 not limited to: Case No: 2:06-cv-1133

**Any and all medical records pertaining to Hernia, treatment, diagnoses, grievances, complaints.**

8-02-07
Date

_Gregory Daniels_
Signature

_SWORN TO AND SUBSCRIBED, UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746 THAT IS TREATING AS AN AFFIDAVIT BY THE COURT, Dickerson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980); Murrell v. Bennett, 615 F.2d 306, 310 n.10 (5th Cir. 1980). ON THIS ____ DAY OF August 2007._

_Gregory D Daniels_
Gregory Daniels, Ais, 251627
Limestone C.F.
Harvest, Alabama 35749

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, # 160710            )

      Plaintiff,            )

Vs.            )            Case No: 2:06-cv-1133 MEF

PRISON HEALTH SERVICES, INC., et al.,            )

      Defendants.            )

## DECLARATION OF WITNESS GREGORY DANIELS, AIS # 251627

**GREGORY DANIELS, AIS# 251627** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the *penalty of perjury* 28 U.S.C. 1746 that the foregoing is true and correct.

My name is *Gregory Daniels Ais AIS251627*. I am over the age of twenty-one. I am a familiar with Mr. Breach's Complaint concerning medical treatment provided to prisoners from the medical provider Prison Health Services, Inc., I also have personal knowledge to the facts in this case concerning Mr. Breach being denied surgery due to his inguinal hernia unless it is incarcerated, strangulated or, into the scrotum.

I make this declaration in support of the 'widespread' custom, practice, of PHS and ADOC who will not provide surgery to an inmate who suffers from a hernia unless it becomes a **'life threatening situation' or 'cause permanent damage'**. My reason and in support of this fact is I currently have a inguinal hernia and I am suffering sever pain, and problems urinating, pain when coughing, sneezing and having bowel

1

movements.  I have to lift my leg up, apply pressure on the hernia when coughing, sneezing or even laughing to keep it from bulging out further.

I have filed sick-call requests, I have filed medical grievances with the medical providers, and I have seen the prison doctor.  I have complained of the pain resulting from this hernia.  However, the only thing that medical provider (PHS) will do is issue a belt that is ineffective, and prescribe Ibuprofen that does not ease my pain and discomfort.

I state that I have to work on the prison farm at Limestone C.F., doing manual labor with this hernia and because of this hernia when performing manual labor I experience extreme pain as if it is coming out.  Burning pain I experience.

[1]  I have singed up for sick call complaining about pain due to this hernia.  I hurt when long standing, sneezing, coughing and especially bowel movements.  PHS will not provide surgery and my physical condition has deteriorated because of this hernia.  I cannot exercise, lift weights and this hernia affects my daily activities.  I am afraid that it will rupture at any time. .

Based on my personal knowledge and observation while in prison, I have personal knowledge that there are several male inmates who have hernias, just as myself and Mr. Breach who experience constant pain, and cannot get surgery from the medical providers.  I state that there appears to be a set pattern, based on some policy that the medical providers will not provide surgery to me, nor any other inmate who has a hernia unless it is a life or death situation.

---

[1] I have a sick call appointment for August 2, 2007 at @ 5:00 p.m., concerning a complaints of burning pain.

2

I further state that the only management that the medical providers will give to me is a hernia belt that is only temporary, and Ibuprofen as a pain medication that absolutely does not ease my pain. I have asked to see a surgeon, which has been denied and I do not believe that any doctor as even recommended me for surgery or an outside evaluation of my hernia.

I hernia is very big, like the size of a baseball. It is painful at many times.

I swear that the foregoing is true based upon my observation and personal knowledge and that I have currently suffer from a Hernia and I cannot get surgery. Sworn to and subscribed under the penalty of perjury 28 U.S.C. 1746.

Gregory Daniels
AIS #251627
Limestone C.F.
Harvest, Alabama 35749

3

## HIPAA AUTHORIZATION FORM

**INDIVIDUAL'S NAME:** HORACE E. FLOWERS, AIS 129237 DATE OF BIRTH : *2-4-59*

**INDIVIDUAL'S ADDRESS:** *Limestone* C.F., 28779 Nick Davis Rd. Harvest, Alabama 35749

I hereby authorize due or disclosure of protected health information about me as described below:

1.    The following specific person/class of person/facility is authorized to use or disclose information about me:

    **PRISON HEALTH SERVICES, INC.,** _____

2.    The following person (or class of persons) may receive disclosure of protected health information about me:
His/her/its name and address:    **Marcellus Breach AIS# 160710**
    **Limestone C.F.**
    **28779 Nick Davis Rd.**
    **Harvest, Alabama 35749**

3.    The specific information that should be disclosed is (please give dates of service if possible):
Medical Records pertaining to Hernia, treatment, diagnosis, recommendations, excreta, inter alia

    UNLESS YOU SIGN HERE,  NO INFORMATION ABOUT ALCOHOL/SUBSTANCE ABUSE, HIV/AIDS, OR MENTAL HEALTH WILL BE DISCLOSED:  **YES,** DISCLOSE THIS INFORMATION ___NO_____

                        NO, DO NOT DISCLOSE THIS INFORMATION ___NO_____

4.    I understand that the information used or disclosed may be subject re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations.

5.    I may revoke this authorization by notifying Marcellus Breach in writing of my desire to revoke it.  However, I understand that any action already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

6.    This authorization expires on _____, 200__, OR upon occurrence of the following event that relates to me or to the purpose of the intended use or disclosure of information about me:  Breach v. Prison Health Services, Inc., et al., 2:06-cv-1133 United States District Court, Middle Division Alabama.

**FEES FOR COPIES: Federal and state law permit a fee to be charged for the copying of patient records.  This facility has contracted with Prison Health Services, Inc., and/or Alabama Department of Corrections to make copies.  You may be required to pre-pay for the copies; if not, then your copies will be mailed along with an invoice.**

**THIS FORM MUST BE FULLY COMPLETED BEFORE SIGNING** ---note that signature is required in two places.

_____    _8-1-07._    _2-4-59_  _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_
Signature of Individual             Date of Individual's Signature    Date of Birth or Social Security Number
(The person about whom the information relates)

Or, if applicable –

_____    _____    _____
Signature of Guardian or            Date of Guardian's/Personal  Description of Authority to Act for
Personal Representative of Patient's Estate    Representative's Signature       the Individual

*A COPY OF THIS COMPLETED, SIGNED AND DATED FORM MUST BE GIVEN TO THE INDIVIDUAL OR OTHER SIGNATOR.*

# MEDICAL RECORDS RELEASE FORM

I understand that my records are protected under the Federal and State Confidentiality regulations and cannot be released without my written consent unless otherwise provided for in the regulations. Federal regulations prohibit you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulation. I also understand that I may revoke this consent (in writing) at any time unless action has already been taken based upon it and that in any event this consent expires 90 days from the date of signing. **THE INFORMATION I AUTHORIZE FOR RELEASE MAY INCLUDE INFORMATION THAT COULD BE CONSIDERED INFORMATION ABOUT COMMUNICABLE OR VENEREAL DISEASES WHICH MAY INCLUDE, BUT ARE NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA, AND THE HUMAN IMMUNODEFICIENCY VIRUS, ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AID)**

Name: *HORACE F. FLOWERS, AIS 129237*

Date of Birth: 02 - 04 - 59

Social Security Number: 419 - 82 - 5862

I authorize the following person or agency under the penalty of perjury 28 U.S.C. 1746 that:

Name: **Prison Health Service, Inc.**

Address: **Limestone C.F. 28779 Nick Davis Rd., Harvest, Alabama 35749**

**to release to:**

> **Marcellus Breach, AIS# 160710**
> **Limestone C.F. 28779 Nick Davis Rd.,**
> **Harvest, Alabama 35749**
> **(or/and to his current address)**

The following information for the purpose of Discovery, demonstration, and possible representation in any civil rights action 42 U.S.C. § 1983 not limited to: Case No: 2:06-cv-1133
**Any and all medical records pertaining to Hernia, treatment, diagnoses, grievances, complaints.**

8 - 2 - 07
Date _____    Signature _____

*SWORN TO AND SUBSCRIBED, UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746 THAT IS TREATING AS AN AFFIDAVIT BY THE COURT, Dickerson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980); Murrell v. Bennett, 615 F.2d 306, 310 n.10 (5th Cir. 1980). ON THIS 2 DAY OF August 2007.*

Horace F. Flowers AIS# 129237
Limestone C.F.
Harvest, Alabama 35749

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, # 160710                    )

           Plaintiff,                              )

Vs.                                           )          Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., et al.,         )

           Defendants.                            )

### *DECLARATION OF WITNESS HORACE E. FLOWERS, AIS # 129237*

**HORACE F. FLOWERS, Ais # 129237** after being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury <u>28 U.S.C. 1746</u> that the foregoing is true and correct.

My name in <u>Horace F. Flowers, Ais 129237</u>. I am over the age of twenty-one. I am familiar with Mr. Breach's Complaint concerning medical treatment provided to prisoners from the medical provider "Prison Health Services, Inc. I also have person knowledge of the facts in this case concerning Mr. Breach being denied surgery due to his inguinal hernia unless it is incarcerated or, into the scrotum.

I make this declaration in support of an apparent widespread problem in the Alabama prison system involving myself, Mr. Breach, and Henry Helton, Ais# 149533 in which we have a common physical injury being "Hernias". I also state that I have knowledge that both ADOC and PHS will not provide surgery to us

1

when I know that I have a 'right inguinal hernia' that is progressing. I know that Marcellus Breach has a 'left inguinal hernia' and Henry Helton has a several hernias in his stomach. Henry Helton's Hernias are as big as a 'human head'. I these facts based upon my personal observation and I have learned that PHS and ADOC will not provide surgery to me unless my hernia becomes a life threatening situation or cause permanent damage.

I state and I am a witness that the very first question the screening nurse at Kilby <u>Ms. Grays</u> I think is her name, and <u>Nurse Practitioner B. Adams</u> who tells everyone that he is the doctor ---- "<u>You can sign a waiver</u>" is the very first statement out of these two individuals mouth concerning a sick call screening. I was asked to sign a waiver when at Kilby for no reason when I needed to be seen by medical.

[1]I am housed at Limestone C.F., in Harvest, Alabama. On July 27, 2007 I was seen by Dr. William Hobbs, M.D., concerning a medical sick call, concerning other related matters when I signed up for sick call, I did not mention the pain from my hernia because while I was at Kilby, I was issued a hernia belt, and told I did not fit the criteria for surgery. However, when Dr. Hobbs, M.D., was seeing me on July 27, 2007 I did verbally mention to Dr. Hobbs, that I have pain, and have experienced a burning pain because I have a hernia. Dr. Hobbs, after examining my other medical complaints, when the subject of Hernia came up. Dr. Hobbs did so, "<u>ignored</u>" the issue. Dr. Hobbs would not even examine my

---

[1] I am resigning up for sick call as of July 31, 2007 complaining about burning pain due to this hernia.

hernia on July 27, 2007 or even consider the verbal complains about pain, and a hernia.

I state that the size of my hernia is between a 'baseball or larger than a baseball', it comes out and goes down into my scrotum and I have to work it back up. I do have sever pain behind this hernia.     Upon a medical check up, or yearly review, I state that I was not asked any questions concerning any medical problems that I am experiencing.    I did tell the nurse who was conducting the medical exam on me about pain due to my hernia. She totally ignored it, and did not write any information down on my medical chart concerning my complaints about hernia and pain.

Because I am nonprofessional in medicine and law, I really did not know what to do. I do have a medical profile restricting my activities, but my hernia is progressing, and causes my pain when coughing, sneezing, and having bowel movements. When I stand for long periods of time, my back will start to hurt, and my hernia will come out and I have to apply pressure and bend forward to work it back into place.

Hernias are painful. Hernias cause pain when I cough, sneezing or even laughing. I witness that there are several inmates here at Limestone C.F., who have hernias. I have witness inmates with a hernia develop body fluid from there hernia, and I have witness inmates in extreme pain, can't walk, vomiting, nausea and basically in extreme pain because of there hernia. Also, I have

3

witness that upon being taken to medical behind this hernia, within 10-minutes they are returned to the dorm.

I witness that hernias, are a big problem in the prison system. I have requested surgery to have my hernia repaired but I have been denied, and I am forced to endure this pain and suffering because of this hernia.

Based upon my personal knowledge and observation of the facts outlined within this instrument. I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746. I also state that I am competent to testify to the matters herein.

Done this 31 Day of July 2007.

Horace E. Flowers AIS # 129237
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

4

## HIPAA AUTHORIZATION FORM

**INDIVIDUAL'S NAME** (please print):     **HENRY HELTON, AIS 149533** DATE OF BIRTH: _10-28-68_

**INDIVIDUAL'S ADDRESS:** Limestone C.F., 28779 Nick Davis Rd. Harvest, Alabama 35749

I hereby authorize due or disclosure of protected health information about me as described below Under the Penalty of Perjury 28 U.S.C. 1746 as follows:

1.     The following specific person/class of person/facility is authorized to use or disclose information about me:

   **PRISON HEALTH SERVICES, INC.,** _____

2.     The following person (or class of persons) *may receive disclosure* of protected health information about me:
   His/her/its name and address:     Marcellus Breach AIS# 160710
                                       Limestone C.F.
                                       28779 Nick Davis Rd.
                                       Harvest, Alabama 35749

3.     The specific information that should be disclosed is (please give dates of service if possible):

   Medical Records pertaining to Hernia, treatment, diagnosis, recommendations, *excreta, inter alia*

UNLESS YOU SIGN HERE, NO INFORMATION ABOUT ALCOHOL/SUBSTANCE ABUSE, HIV/AIDS,      OR
MENTAL HEALTH WILL BE DISCLOSED:      YES, DISCLOSE THIS INFORMATION ___NO_____

                                       NO, DO NOT DISCLOSE THIS INFORMATION__NO_____

4.     I understand that the information used or disclosed may be subject re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations.

5.     I may revoke this authorization by notifying Marcellus Breach in writing of my desire to revoke it. However, I understand that any action already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

6.     This authorization expires on _____, 200__, OR upon occurrence of the following event that relates to me or to the purpose of the intended use or disclosure of information about me:  **Breach v. Prison Health Services, Inc., et al., 2:06-cv-1133 United States District Court, Middle Division Alabama.**

**FEES FOR COPIES: Federal and state law permit a fee to be charged for the copying of patient records. This facility has contracted with Prison Health Services, Inc., and/or Alabama Department of Corrections to make copies. You may be required to pre-pay for the copies; if not, then your copies will be mailed along with an invoice.**

**THIS FORM MUST BE FULLY COMPLETED BEFORE SIGNING** ---note that signature is required in two places. Sworn to Under the Penalty of Perjury 28 U.S.C. 1746

_Henry Helton_ _____     _8/2/07_ _____     _10/27/68_ _____
Signature of Individual                 Date of Individual's Signature      Date of Birth or Social Security Number
(The person about whom the information relates)

Or, if applicable –

_____     _____     _____
Signature of Guardian or                 Date of Guardian's/Personal           Description of Authority to Act for
Personal Representative of Patient's Estate   Representative's Signature        the Individual
A COPY OF THIS COMPLETED, SIGNED AND DATED FORM MUST BE GIVEN TO THE INDIVIDUAL OR OTHER SIGNATOR.

# MEDICAL RECORDS RELEASE FORM

I understand that my records are protected under the Federal and State Confidentiality regulations and cannot be released without my written consent unless otherwise provided for in the regulations. Federal regulations prohibit you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulation. I also understand that I may revoke this consent (in writing) at any time unless action has already been taken based upon it and that in any event this consent expires 90 days from the date of signing. THE INFORMATION I AUTHORIZE FOR RELEASE MAY INCLUDE INFORMATION THAT COULD BE CONSIDERED INFORMATION ABOUT COMMUNICABLE OR VENEREAL DISEASES WHICH MAY INCLUDE, BUT ARE NOT LIMITED TO, DISEASES SUCH AS HEPATITIS, SYPHILIS, GONORRHEA, AND THE HUMAN IMMUNODEFICIENCY VIRUS, ALSO KNOWN AS ACQUIRED IMMUNE DEFICIENCY SYNDROME (AID)

Name: **Henry Helton, AIS 149533**

Date of Birth: 10/27/68

Social Security Number: 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

I authorize the following person or agency under the penalty of perjury 28 U.S.C. 1746 that:

Name: **Prison Health Service, Inc.**

Address: **Limestone C.F. 28779 Nick Davis Rd., Harvest, Alabama 35749**

**to release to:**

**Marcellus Breach, AIS# 160710**
**Limestone C.F. 28779 Nick Davis Rd.,**
**Harvest, Alabama 35749**
**(or/and to his current address)**

The following information for the purpose of Discovery, demonstration, and possible representation in any civil rights action 42 U.S.C. § 1983 not limited to: Case No: 2:06-cv-1133

**Any and all medical records pertaining to Hernia, treatment, diagnoses, grievances, complaints.**

8/2/07
Date

_Henry Helton_
Signature

*SWORN TO AND SUBSCRIBED, UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746 THAT IS TREATING AS AN AFFIDAVIT BY THE COURT, Dickerson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980); Murrell v. Bennett, 615 F.2d 306, 310 n.10 (5th Cir. 1980). ON THIS ____ DAY OF August 2007.*

_Henry Helton_  149533
Henry Helton Ais, 149533
Limestone C.F.
Harvest, Alabama 35749

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710          )

        Plaintiff,          )

Vs.          )          Case No: 2:06-cv-1133

PRISON HEALTH SERVICES, INC., et al.,          )

        Defendants.          )

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT
DISCOVERY RULE 56(f) FED. R. CIV. P., AND IN THE ALTERNATIVE
PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**HENRY HELTON, AIS# 149533** and being duly sworn, deposed and says on oath

that the avernments contained in the foregoing are true to the best of his ability,

information, knowledge and belief, and declares under the *penalty of perjury* 28 U.S.C.

1746 that is treating as an Affidavit by the Court. **Dickerson v. Wainwright**, 626 F.2d

1184, 1186 (5th Cir. 1980) **Murrell v. Bennett**, 615 F.2d 306, 310 n.5 (5th Cir. 1980) the

following:

My name is Henry Helton, AIS # 149533. I am over the age of twenty-one. I am a

familiar with Mr. Breach's Complaint concerning medical treatment provided to

prisoners from the medical provider Prison Health Services, Inc. I also have personal

1

knowledge to the facts in this case concerning Mr. Breach being denied surgery due to his inguinal hernia unless it is incarcerated, strangulated or, into the scrotum.

I make this declaration in support of the 'widespread' custom, practice, of PHS and ADOC will not provide surgery to an inmate who suffers from a hernia unless it becomes a **'life threatening situation' or 'cause permanent damage'**. My reason and in support of this fact is I currently have approximately three (3) "Umbilical Hernias" in my stomach that I have had since incarceration, and I did not have these hernias before my incarceration.

I have been incarcerated for approximately four (4) years. I have filed several sick-call requests, I have filed several medical grievances with the medical providers, and I have seen their prison doctors. I have complained of the pain resulting from these hernias. However, the only thing that medical provider (PHS) has told me is, <u>" I do not fit their criteria to have surgery done."</u>

I state that my stomach is the size of a " **HUMAN HEAD**" because of these three (3) hernias. I cannot sleep on my stomach; I have pain and extreme discomfort at times. I hurt when long standing, sneezing, coughing and especially bowel movements. PHS will not provide surgery and my physical condition has deteriorated because of these hernias.

Based on my personal knowledge and observation while in prison, I have personal knowledge that there are several male inmates who have hernias, just as Mr. Breach who

2

are constantly in pain, and cannot get surgery from the medical providers.  I state that there appears to be a set pattern, based on some policy that the medical providers will not provide surgery to me, nor any other inmate who has a hernia unless it is a life or death situation.

I swear that the foregoing is true based upon my observation and personal knowledge and that I have currently three (3) Umbilical Hernias in my stomach and I cannot get surgery either under the penalty of perjury 28 U.S.C. 1746.

Henry Belton AIS #149533
Limestone C.F.
Harvest, Alabama 35749