IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| Vs. | * | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

## MOTION TO ALTER, AMEND, VACATE JUDGMENT

COMES NOW, Plaintiff <u>Marcellus Breach</u>, (hereinafter "Breach") in proper person "Pro Se' moves this Court pursuant to <u>Rule 59(e)</u>, Federal Rules of Civil Procedures, request that this Court review and reconsider portions of its order entered on <u>October 3, 2007</u> as follows:

1) Breach requested Discovery upon *Prison Health Services, Inc.*, requesting certain documents, i.e., **job descriptions, policies/procedures** and *medical records of other inmates*. Moreover, Breach requested review of employment contracts. The Court ruled pertaining to (i) job descriptions being <u>irrelevant</u> to a determination of the constitutional issue pending before this court and/or cumulative in nature to information provided in the special report(s). [1] The Court advised Breach that **treatment protocols, policies/procedures, job descriptions** and medical records <u>are in no way relevant</u> or

---

[1] Defendants have not identify their job descriptions, nor their duties in any Special Report.

1

necessary to a determination of <u>whether the defendants acted with deliberate indifference to his medical condition.</u>

2)     Breach request that the Court either amend, alter or vacate its order directed to: (1) job descriptions, policies/procedures and contracts.  Breach argues that Breach has challenged a **custom, practice, or <u>policy</u>** that has the "force of law" pertaining to his treatment for surgery.  However, under policy, the law is clearly established that Breach cannot under well-settled law, predicate PHS's liability for the alleged constitutional violations in this case on a theory of respondeat superior.  Indeed, Breach must demonstrate causation.  If he fails to establish causation, his claim against PHS fails. *Howell v. Evans*, 922 F.2d @ 712 (11th Cir. 1991), vacated, 931 F.2d 711 (11th Cir. 1991). Breach may show causation be demonstrating either that PHS was directly involved in the violation or that a <u>policy or custom of PHS led to the violation.</u> *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *Swan v. Daniels*, 923 F. Supp. 626 (D.Del 1995)(CMS is not responsible for the constitutional violations of its employees, but will be liable only if its policies or procedures are unconstitutional). Breach requested policy, sick call procedures, treatment protocols, and surgical protocols, which is "relevant" to the claims asserted by Breach challenging an unconstitutional practice of not repairing hernias, unless it is incarcerated, strangulated or into the scrotum is cruel and unusual punishment. Although defendants have stated what this protocol states, Breach argues **until ADOC <u>admits</u>** that they have this protocol as a standard governing all ADOC inmates and saying Breach

cannot receive surgery for his inguinal hernia unless it is incarcerated or in danger of becoming strangulated, or into the scrotum is "hearsay" because Dr. Hobbs did not identify how he retrieved this information pertaining to this protocol, also discovery allows location of other discoverable matters that can lead on to other issues bearing on …., e.g., custom, practice,. In 1984, it was clearly established that an official's denial of or delay in obtaining proper treatment could constitute dilberate indifference, Estell, If this policy has been ineffect since 1984, then this policy could be deliberate indifferent on its face.  This proctol is relevant, Breach must know, who, when it was established, written and placed into effect between PHS and ADOC.

The law is established that "The fact that it was [ADOC's] policy to seek proper treatment only when recommended by the medical personnel does not lessen [ADOC's] duty; [nor PHS's duty;] an official is not insulate his potential liability for deliberate indifferent actions by instituting a policy of indifference. Indeed, it is well established that an official's policy can violate the constitution." See, **Wilson v. Taylor**, 733 F.2d 1539, 1545 (11th Cir. 1984); cf. **Monell v. Department of Social Services**, 436 U.S. 658, 98 S.Ct. 2018, 2037, 56 L.Ed. 2d 611 (1978)  Breach argues, that policy, procedures, job descriptions are relevant to pin-pointing responsible persons.

Because PHS's status as a private corporation contracting with the State, the court must determine whether, given the allegations and facts of this case, PHS could be liable under section 1983 before it considers the issue of qualified immunity. See **Howell v.**

*Evans,* 922 F.2d @ 724 (11th Cir. 1991)  Furthermore, when the state contracts out its medical care of inmates, the obligations of the eight amendment attach to the persons with whom the state contracts. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 2259, 101 L.Ed. 2d 40 (1988).  Thus, PHS can be a person acting under color of state law for the purposes of section 1983. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982)(if state action is established, private actor can be liable in a section 1983 action).  For Breach to establish liability, he must do more than assert respondeat superior, he must show causation.  Breach can show causation by showing either that PHS or ADOC or both were directly involved in the violation, or that a **policy or custom of PHS led to the violation.** *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986).  PHS relies, follows this protocol, which is a policy, which is the proximate cause of injury to Breach, Breach is entitled to review this policy, protocol, is also relevant.

3)      Next, job descriptions are <u>relevant</u>.  Breach must pin point that person(s) who has a duty, a responsibility to update policy, report to the president of PHS or Commissioner Allen for changes in their way of delivering medical services.  Morethanless, who wrote this policy which has been adopted by PHS having the force of law.  Someone, within PHS has the duty, to make <u>administrative recommendations pertaining to hernia</u>, revise updates in their policy especially this protocol that is challenged.

4

The law of Official liability deals **with policy**, then if that is true, Breach argues that PHS's policy, procedures is relevant, and that he has the right to review them because a policy has injured Breach.

4)  In *Howell v. Eva*ns, 922 F.2d 712 (11th Cir. 1991), starting November 1, 2007, CMS will be the medical providers at ADOC. In Howell, CMS got sued, also the Court stated:

> "CMS hired Dr. Robinson as its Medical Director at ACMI. According to Robinson's contract and job description, he was responsible for reviewing and updating policies and procedures at ACMI, and for requesting improvements in services. Also, according to the contract, he reported to the regional director of CMS and to the superintendent of ACMI (defendqnt Burden). He served as the health authority at the institution and was the overall administrative supervisor for clinical services." Id. @ 724

In <u>Howell</u>, Mrs. Howell contended that it was the policy or custom of CMS, through Dr. Robinson, which led to the deliberately indifferent treatment." Id. In this case, if Breach can demonstrate that Dr. Robbins, M.D., Dr. Lyrene, M.D., Dr. Hobbs, M.D., as both ADOC and PHS's Medical Directors, their actions could have amounted to deliberate indifference if they failed their duty to update policy, and if this protocol is declared unconstitutional -- that each of these defendants was the final authority on policy for PHS, ADOC @ ADOC, then a causal link would exist sufficient for potential liability under Section 1983. See, **Wilson v. Taylor**, 733 F.2d 1539, 1545 (11th Cir. 1984), *Howell*, 922 F.2d @ 724. Breach's case is not much different from <u>Howell,</u> because Howell challenged a policy or custom, and Breach has challenged a policy or custom leading to the constitutional

violations, and in <u>Howell,</u> the Court had to identify policymaker through the Medical Director's employment contract. Breach argues that responsibilities, <u>job descriptions</u> are relevant. Because the law in this Circuit is, following <u>Howell</u>, "**As a party at issue here is a corporation contract with the state, the relevant "state law" for policymaking determinations are the contracts between CMS, the state, and CMS employees.**" <u>Howell</u>, F.2d 724-725.

<u>Rule 26,</u> the scope of discovery of the Federal Rules of Civil Procedures, which permits the discovery of any non-privileged material "relevant to the claim or defenses of any party" and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. In this case, job description, duties, policies; procedures are relevant to the challenged to an unconstitutional policy, custom practice that has the force of law, leading to Breach's injury.

The question before this Court is: if, under the law, local governments are liable under 42 U.S.C.S., § 1983 when the unconstitutional actions implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the governing body's officers, or pursuant to official custom. Officials custom under 42 U.S.C.S. § 1983 is found only when a plaintiff proves a long – standing, widespread practice that causes the injury. Although a single incident is sufficient for § 1983 purposes only if based upon a decision of a final policy maker, or one who has final authority for

setting policy for that particular matter. The imposition of liability under 42 U.S.C.S. § 1983, in an official capacity cause of action based upon a single act can occur only where the decision-maker possesses final authority to establish municipal policy with respect to action ordered. The fact that a particular official, even a policy-maker official, has discretion in the exercise of particular functions does not, without more, give rise to liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the government can be held liable. Policy is relevant in this case, procedures are relevant in this case, job descriptions are relevant in this case, for cause of action, failure to act under supervisor liability, failure to update policy, and in the face of complaints of constitutional violations, change policy when deemed necessary under federal law, and constitutional protections.

## CONCLUSION

The history of law standing law dealing with policy, custom, liability, the very person who holds the duty, responsibility and adopts policy, is liability under § 1983 when that policy causes the injury. If PHS has a policy, that has caused Breach injury, that policy, procedure is relevant, and the determination of policymaker for PHS is also relevant to Breach claims and constitutional violations if Breach can show that PHS's policy is causation by PHS being directly involved in the violation. ***Ort v. Pinchback***, 786 F.2d 1105, 1107 (11th Cir. 1986) PHS has the legal responsibilities for the care of inmates. Because PHS has the responsibility for medical care, the policymaker for PHS's medical

and administrative decisions becomes relevant under section 198. PHS's contract with Dr. Robbins, Dr. Hobbs, and ADOC's contract with Dr. Lyrene somewhere, may state that defendant shall review and update policies and procedures, including development of policy and procedure manual. That contract is relevant for pinpointing who wrote this protocol, who supported it, who also had the state law duty to make changes because it will be one or all of their "specific responsibilities" or "general duties". See, *Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed. 2d 107, *Wilson*, 73 F.2d 1539, *Howell*, 922 F.2d @ 725-26 (11th Cir. 1991)("As the party at issue here is a corporation contracting with the state, the relevant "state law" for policymaking determinations are the contracts between CMS, the state, and CMS employees.")

If there is a policy, protocol in this case, who wrote it and who is responsible for changing this protocol if it is does not pass constitutional challeng? Without identification of job descriptions, duties, Breach cannot ascertain.

*WHEREFORE, premises considered*, Breach request that this Court reconsider its order denying, job descriptions, policy and procedures, and/or contracts for identification purposes, and alter, amend or vacate its order.

Done this 6 Day October 2007.

/s/ Marcellus Breach
Marcellus Breach 160710
Limestone C.F.
Harvest, Alabama 35749

8

## CERTIFICATE OF SERVICES

I HEREBY, certify that I have served a true copy of the foregoing upon the following: By U.S. Mail, First Class, properly addressed postage prepaid mailing on 6 Day October 2007.

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

MARCELLUS BREACH

By Mail

Dick Davis
Rest. 1
West, Al 35749

HUNTSVILLE AL 358

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

HUNTSVILLE AL 358
2007 9 OCT

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al 36101-0711



