IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710,      )
                                )
    Plaintiff,                  )
                                )
  v.                            )   CASE NO. 2:06-CV-1133-MEF
                                )
PRISON HEALTH SERVICES, et al., )
                                )
    Defendants.                 )

**ORDER ON MOTION**

Upon review of the document filed by the plaintiff on October 10, 2007 (Court Doc. No. 168), which the court construes as motion for reconsideration of the order entered on October 3, 2007 (Court Doc. No. 157), and for good cause, it is

ORDERED that:

1. This motion be and is hereby GRANTED to the extent the plaintiff seeks production of protocols and policies/procedures of Prison Health Services, Inc. ["PHS"] governing the treatment of hernias suffered by state inmates.

2. This motion be and is hereby GRANTED to the extent the plaintiff seeks the identity of the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies/procedures.

3. This motion be and is hereby DENIED to the extent the plaintiff seeks contracts of medical care providers and job descriptions of medical personnel as the requisite

information available in such documents would be cumulative to that required herein by ¶2.

    4. On or before October 26, 2007, the medical defendants shall allow the plaintiff to inspect and/or copy the protocols and policies/procedures of Prison Health Services, Inc. ["PHS"] governing the treatment of hernias suffered by state inmates. ***The plaintiff is hereby informed that neither prison officials nor medical personnel are required to provide him with copies of documents without prepayment of all costs associated with producing the copies. Thus, if the plaintiff seeks to obtain photocopies of documents contained in his medical records, he must make prepayment to the appropriate official of all costs related to producing the copies in accordance with the rules and regulations of the prison system.*** The plaintiff is advised that: (i) he may utilize any means available to produce the requisite copies including, but not limited to, handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court; and (ii) he must procure any and all copies of the necessary documents upon being given access to such documents in accordance with this order. ***The plaintiff is therefore cautioned that no further orders will be entered requiring additional access to these documents unless he is able to establish that exceptional circumstances warrant additional production of these documents***.

    5. On or before October 26, 2007, the medical defendants shall identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies/procedures with respect to the time period relevant to the

claims presented by the plaintiff.

    Done this 11th day of October, 2007.

                                        /s/ Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE