IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| Vs. | * | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., Et al., | * | |
| Defendants. | * | |

**PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCTT
FIRST SET--ADMISSIONS UPON DEFENDANTS**

Pursuant to <u>Rule 36</u>, Fed. R.Civ.P., Plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se" request leave to submit his first set of Admissions upon the defendants for purposes of truth, and establishing facts, also authenticity of documents: Breach states as follows:

In *Hodorowski v. Ray,* 844 F.2d 1210, 1216 (5th Cir. 1988) the court noted, "qualified immunity protects executive officials <u>as long as their actions</u> <u>do not</u> 'violate clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald,** 459 U.S. 800, 818, 102 S.Ct 2727, 2738, 73 L.Ed. 2d 396 (1982). Government officials <u>are not shielded from all discovery</u>, only that which is overly broad or avoidable. And discovery designed "to flesh out the merits of a plaintiff's claim before a ruling on immunity defense" is permissible." In **Lion Boulos v. Wilson,** 834

F.2d 504, 507 (5th Cir. 1987) the court indicated discovery was permitted prior to a ruling on a qualified immunity defense in certain instances.

Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither, avoidable or over broad. Id. @ 507, 508.

The purpose of this Admission is to identify who is responsible for the constitutional violation alleged by Breach being through a custom, practice, policy, and ADOC defendants have stated that <u>they rely on medical providers</u>, this request is designed to prove that is false, because the attached two documents of medical records clearly show <u>Brandon Kindard</u> calling Louisiana with instructions not to repair Breach's hernia demonstrates actually involvement, and enforcing a policy upon Breach, also Diana Lott is quoting Brandon, who is quoting the protocol that is having the "<u>force of law</u>" over Breach in Louisiana overriding Dr. Tassin's recommendation for repair when Dr. Tassin is a part of a medical provider and made a decision.  This protocol is challenged as being unconstitutional because it invokes Breach to endure suffering, and pain.  Breach needs to identify who wrote this protocol, and who adopted it at ADOC because if the court or jury determine that this protocol is deliberate indifferent on its face, liability attaches.

2

§ 1983 liability based on custom, requires a showing of "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 108, (11th Cir. 2005)(citations omitted); see also, *Cooper v. Dillon,* 40 F.3d 1208, 1221 (11th Cir. 2005)(for purposes of § 1983 supervisory liability, a "custom is a practice that is so settled and permanent that it takes on the force of law"). In order to narrow Breach's Discovery attempts, Breach must request Admissions to ascertain whether ADOC <u>admits to this protocol when they have said they rely solely on the decision of the medical providers</u> --- Dr. Tassin stated "Needs Repair" this policy, custom, practice, being their protocol, <u>overrode Dr. Tassin's recommendation</u> on 7/12/06 via call by Brandon Kindard with instructions not to provide Breach with surgery.

WHEREFORE, Breach request that the following Admissions be answered.

Done this ⁶Day October 2007.

/s/ Marcellus Breach
Marcellus Breach 160710
Limestone C.F.
Harvest, Alabama 35749

**CERTIFICATE OF SERVICES**

I HEREBY, certify that I have served a true copy of the foregoing upon the following: By U.S. Mail, First Class, properly addressed postage prepaid mailing on ⁶Day October 2007.

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

/s/ Marcellus Breach
MARCELLUS BREACH

3