IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT 11  A 9: 49

MARCELLUS BREACH, #160710                        *

      Plaintiff,                                *

Vs.                                              *        CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC.,                    *
Et al.,
      Defendants.                               *

### PLAINTIFF'S REQUEST FOR ADMISSION OF FACTS

TO:   Attorney Paul M. James, Jr.,              Albert S. Butler, Esq.
         Attorney for the PHS Defendants        Assistant General Counsel
         Rushton, Stakely, Johnston & Garrett    Alabama Dept. Corrections
         P.O Box 270                            P.O. Box 301501
         Montgomery, Alabama 36101-0270        Montgomery, Alabama 36130

      Plaintiff, request pursuant to _Rule 36,_ Fed. R. Civ. P., defendant, _Commissioner_

_Richard Allen, Ruth Naglich,_ and _Prison Health Services, Inc.,_ within thirty days after service

of this request to admit the truth of the following fact(s):

### MEMORANDUM OF DEFENDANTS STATED
### FACTS IN THEIR SPECIAL REPORTS

¶ 1.   _Dr. William D. Hobbs, M.D_., stated on July 13, 2007, via-Affidavit:

> **"In order for a hernia to be repaired, the hernia must
> meet a certain Protocol required by the Alabama
> Department of Corrections.  The protocol states that the
> hernia must be incarcerated or in danger of becoming
> incarcerated or into the scrotum."**

1

See, Affidavit Hobbs, page 4. ¶ 2, "PHS, Supplement Special Report".

¶ 2.   That on *August 6, 2007,* Commissioner Richard Allen stated via-Affidavit the following:

"Also, as Commissioner, I do not make decisions regarding medical treatment, and do not attempt to intercede, **overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates."**

¶ 3.   On August 3, 2007, defendant *Ruth Naglich* stated via-Affidavit:

"...All medical treatment decisions relating to the individual care of an inmate are made by these licensed individual. The **ADOC does not interfere with treatment decisions or recommendations** related to an individuals care by a licensed provider...." [See, p. 1, 2 ¶ 2. ADOC's "Special Report"]

¶ 4.   On an unknown date, although submitted, defendant *Brandon Kindard* stated via-Affidavit:

"...Due to the fact that I am not the treating medical personnel for Mr. Breach, **I must rely upon the treating medical staff for treatment decision related to Mr. Breach.**" [See, *Affidavit Bradon Kindard,* ADOC's Special Report"]

I.   *DEFINITIONS AND IDENTIFICATION:*

a.   That the requested Admissions apply to the two attached documents being: **"LCS CORRECTIONS SERVICES, INC., "DOCTOR'S ORDER SHEET and LCS CORRECTIONS SERVICES, INC., NURSE'S NOTES".**

II..    ***INSTRUCTIONS:***

With regards to Breach's specific Request for Admission of Facts and pursuant to Federal Rules of Civil Procedures, *Rule 36 et seq.*, the defendants shall specifically deny the matter set forth in detail the reasons why the answering/responding party, person, defendant or representative cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shll qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shal' qualify an answer or deny only a part of the matter of which an admission is requested; te defendants shall specify so        much of it is true and qualify or deny the remainder.  Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information know,or readily obtainable by the defendants is insufficient to enable them to admit or deny.   If defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they, may not, on that ground alone, object to the request; defendants may, subject to the provisions of Federal Rules of Civil Procedures, *Rule 37(c),* deny the matter or set forth reasons why defendant cannot admit or deny it.

II.    ***REQUEST FOR ADMISSIONS OF FACTS:***

¶ 1.    *Admit or deny,* that on or about *March 16, 2006,* Breach was transferred to a private prison in Louisiana, South Louisiana Correctional Center, Basile, Louisiana?

¶ 2.    *Admit or deny,* that the *Alabama Department of Corrections* was responsible for approval of medical treatment e.g., *dental and medical, "costs"* pertaining to Breach's medical treatment while he was in Louisiana housed at this private prison, specifically hernia repair?

3.    *Admit or deny,* that on 3/21/06 Dr. John A. Tassin, M.D., stated in LCS, Corrections Services, Inc., "**Doctor's Order Sheet**" that "Breach, Marcellus, DOC# 160710 "Hernia, Left Inguinal Hernia Needs Repair ?

¶ 4.    *Admit or deny,* that the *Alabama Department of Corrections,* has a policy, or practice, protocol that applied and applies to Breach while transferred at South Louisiana Correctional Services, Inc., in Louisiana, and also, applies to Breach during his incarceration at ADOC, being a protocol that states: "**that the hernia must be incarcerated or in danger of becoming incarcerated or into the scortum**" in order to be surgically necessary?

¶ 5.    *Admit or deny,* that on 7/10/06 South Louisiana Correction Services, Inc., faxed a medical report and request, was faxed to Ruth Naglich in reference to [Breach's]inguinal hernia, inmate requesting repair ?

¶ 6.    *Admit or deny,* that on 7/12/06 *Brandon Kindard* called *South Louisiana Corrections Services, Inc.,* stating: "**Hernia repair are not done there – unless incarcerated or into scrotum.**"

¶ 7.    On 7/17/2006 *Lynn Brown* also called *South Louisiana Correctional Services, Inc.,* pertaining to previous fax on 7/10/2006 to Ruth Naglich in reference to hernia repair?

¶ 8.    *Admit or deny,* that Commissioner Richard Allen is the policymaker for the Alabama Department of Corrections pertaining to this protocol stating that: **"that the hernia must be incarcerated or in danger of becoming incarcerated or into the scortum"** in order to be surgically necessary?

¶ 9.    *Admit or deny,* that *Ruth Naglich.* is a, or the, medical policymaker for the Alabama Department of Corrections pertaining to this protocol stating: **"that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum"** in order to be surgically necessary?

¶ 10.    *Admit or deny,* that *Dr. George Lyrene, M.D.,* the Medical Director is the policy maker for the Alabama Department of Corrections pertaining to this specific protocol pertaining to hernias and repairs?

¶ 11.    *Admit or deny,* that *Prison Health Services, Inc.,* follows the Alabama Department of Corrections protocol pertaining to hernias that states: **"that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum"** in order to be surgically necessary?

¶ 12.    *Admit or Deny,* that the two attached documents are authentic being: **LCS CORRECTIONS SSERVICES, INC., DOCTOR'S ODERS SHEET and LCS CORRECTIONS SERVICES, INC., NURSE'S NOTES"?**

¶ 13. *Admit or deny,* Dr. John A. Tassin, M.D., his capacity, as the treating physician at South Louisiana Corrections Services, his recommendation regarding Breach's hernia is coming from a medical provider.

¶ 14, Admit or deny, that this procotol which states by the *Alabama Department of Corrections*, "**that the hernia must be incarcerated or in danger of becoming incarcerated or into the scortum**" in order to be surgically necessary has been enforced, adopted since 2005?.

I hereby certify that a true copy of this Request for Admission of Facts was mailed to the abovementioned Attorneys of Record on this:

Done this 6 Day October 2007.

Marcellus Breach 160710
Limestone C.F.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICES

I HEREBY, certify that I have served a true copy of the foregoing upon the following: By U.S. Mail, First Class, properly addressed postage prepaid mailing on 6 Day October 2007.

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

MARCELLUS BREACH

*ATTACHMENTS:*
1.      "LCS CORRECTIONS SERVICES, INC., NURSE'S NOTES & DOCTOR'S ORDERS SHEET"

## CERTIFICATION OF DOCUMENTATION

To Whom It May Concern:

This is to certify that the attached photographic reproduction of records are true and exact photocopies of the inmate records for _Marcellus Breach A# 760710_ an inmate at _South Ra Con Ch._

The copy of the records was prepared by an employee of LCS Corrections Services, Inc. in the ordinary course of business.

_Claudia Jordan_

Employee of LCS Corrections Services, Inc.

DATE: _3/16/07_

WITNESS: _Barbara L. Fuselier_

OFFICIAL SEAL
BARBARA L. FUSELIER
NOTARY PUBLIC No. 52894
STATE OF LOUISIANA
PARISH OF EVANGELINE
My Commission Expires with life

# LCS CORRECTIONS SERVICES, INC.
## DOCTOR'S ORDERS SHEET

**Offender Name:** Breach, Marcelus          **DOC#:** AL 160710

| Date / Time | Allergies: NKA |
|---|---|
| 5-21-06 | Hernia (L) Inguinal Hernia Needs repair? |
| | RDR |
| | M. Maye |
| 4/12/06 | IBP 400mg BID til dental |
| | Dr. Tassin / M. Maye |
| 7/18/06 | Not Pt. has (L) Inguinal Hernia Incarcerated, Elective Procedure |
| | M. Maye |

DWV

## LCS CORRECTIONS SERVICES, INC.
### Nurse's Notes

Facility _SLCC_

Offender: _Breach, Marcelus_                Offender #: _A160710_

| Date/Time | Notations | Signature/Title |
|---|---|---|
| 3-20-06 | Intake screening complete c̄ ā bunk profile given (Ankle | M. Gaston |
| 3-21-06 | Saw MD on ids c̄ new orders | M. Mahlet |
| 4-12-06 | RSC done c̄ new orders | M. Mahlet |
| 6-02-06 | Scheduled to go to Dr. Perkins for dental work this date | M. Mahlet |
| 6-2-06 | Returned no paperwork or new orders | M. Mahlet |
| 6-8-06 | Trip papers made for Dr. Wood run on 6-13-06 | M. Duggan |
| 6-13-06 | Returned c̄ NNO; return for fill | M. Mahlet |
| 6-28-06 | Trip papers made for Dr. Perkins on 6-30-06 | M. Duggan |
| 6-30-06 | Canceled Dr. Perkins due to limited appt x 20 inmates | M. Mahlet |
| 7-12-06 | Received a call from Brandon from Alabama re inguinal hernia - Stated hernia repairs are not done there - unless incarcerated or into scrotum. This subject has not c̄ hernia since seen by Dr. Tassin 3-31-06 - Subject placed on sick call for 7-18-06 to see if he needs a referral to a surgeon | D. Tott |
| 7-10-06 | We faxed report to Ruth Naglich in reference to inguinal hernia inmate requesting repair + is filing a lawsuit to have surgery done. | M. Mahlet |
| 7-12-06 | 9:40 AM - Phone call received from Lynn Brown and she will return call on previous day on 7-10-06; awaiting return call for follow up | M. Mahlet |
| 7-17-06 | 4:25 pm Brought to medical - Left inguinal hernia easily reducible - no c/o pain | D. Tott |
| 7-18-06 | Saw Dr. Tassin + no change in hernia + no new orders given | M. Mahlet |

Marcellus Breed 16020
Limestone C.F. D-A
8729 Nick Davis Rd
Harvest, AL 35749

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Office of Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL
36101-0711



