IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

 Plaintiff,

Vs.           CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,
et al.,
 Defendants.

### ADDENDUM TO PLAINTIFF'S MOTION TO ALTER, AMEND, OR VACATE

**COMES NOW**, Plaintiff, Marcellus Breach (hereinafter "Breach") in proper person "Pro Se" moves this Court pursuant to *Rule 59(e)*, Fed. R. Civ. P., to reconsider its order entered on Discovery request for production of documents, i.e., irrelevant. Breach shows as follows:

 I: **RELEVANCE AND MATERIALITY under RULE 401, FED. R. EVID.**

Evidence must be relevant to be admissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Rule 401*, Fed. R. Evid. *Job descriptions, policy, procedures, treatment protocols,* is evidence that is relevant because it will help prove or disprove a fact that is important to the outcome of this lawsuit.

The Rule defines the term "*relevant evidence*". The definition provides that evidence is relevant if it has any tendency to make the existence of a material fact more probable or less probable than it would be without the evidence. Although it is true that some Federal Courts have purported to use a slightly different test, an analysis of most of the opinions leads to the conclusion that in practice the test advocated in *Rule 401* is consistent with that developed in most Federal Courts prior to the enactment of the Rules.

Breach further argues that the important thing for this Court to remember is that the evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not. To be relevant it is sufficient that the evidence has a tendency to make a consequential fact even the least bit more probable or less probable than it would be without the evidence. Job descriptions, policy, and procedures, treatment protocols have that emphasized "any tendency" and is enough. The fact that the evidence is of weak probative value does not make it irrelevant. However, all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by the rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. The minimal value of the evidence is also important in this case. *Rule 403*, Fed. R. Evid. May the Court note, defendants <u>submitted the written policy pertaining to grievances</u> to support their claim, although Linda Lawrence has committed perjury. Their policy was

submitted in their favor of their defense to support their position has been allowed. Thus, Breach does not understand that when it comes to identification of the defendants and their job descriptions, it becomes irrelevant. Assume that the below is a case before this Court pertaining to relevant evidence and preponderant evidence:

"If defendant **X** is a Medical Doctor for Company **ABC** and his position is Medical Director. Company **ABC** has contracted with defendant **X**, to provide services and in his contract defendant **X's** sole job responsibility is to <u>update policy and procedures</u>. Company **ABC** is being sued based on their policy and procedure, and defendant **X** is a defendant in the suit who is responsible for updating, changing this policy that is challenged. Would company **ABC's** policy and procedure being relevant? Also, would defendant **X's** job description be relevant to disclose his duties, responsibility to update policy?

Breach's request for the production of documents, i.e., *protocols, policy, procedures, job descriptions,* even the contracts identify the defendant(s) and their sole responsibility. Policy and procedures must be followed under the professional standard of care and <u>can be deliberate indifferent on their face.</u> Job descriptions will identify who was responsible for this Protocol, and is the person medically educated, which will show that his education will put him in the position of deliberate indifferent.

Without the requested documents is prejudice to Breach's case when he already has the burden of proof. Breach argues *prejudice*, and that he has not been able to locate any case law in this Circuit holding the policy and procedures, job descriptions are irrelevant nor, any case law that job descriptions are irrelevant, without, Breach will find it prejudice an very difficult in the challenge. Breach has challenged a custom, practice,

policy that has the "force of law". Although deliberate indifference is the grave issue in this case, so is negligence and malpractice, also, *State Created Danger* theory that is alleged in Breach supplement complaint sending Breach to Louisiana without proper medical care system knowing he has a serious physical injury and the risk that a hernia can repute at any time.

Although, Dr. Hobbs, has stated what this treatment protocol states, although it falls under the "admission by a party-opponent" Rule 801(d)(1)(2), and Rule 803(5)(6)(8), Fed. R. Evid. This document is also relevant, admissible and ought to be produced.

## II. INTRODUCTION:

*Federal Rules of Civil Procedures* provide that a party may serve request for production of documents which are "in the possession, custody or control of the party upon whom that request is served," Fed. R. Civ. P., 34. "Control" is defined not only as possession, but as the legal right to obtain the documents requested upon demand." **Searock v. Stripling**, 736 F.2d 650, 653 (11th Cir. 1984). If the documents for production are not in existence, the objecting party should so state under oath. See, **Carns v. Chicago Exp. Inc.**, 25 F.R.D. 169, 170 (N.D. Ohio 1960). The Federal Rules of Civil Procedures permits discovery "regarding any matter, not privileged, that is relevant to the claims or defenses of any party." Fed. R. Civ. P., 26(b)(1). Courts construction relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v.*

2

*Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978)(citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947))

Relevant, informant is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P., 26(b)(1). In addition, "discovery is not limited to issues raised by the pleadings." *Oppenheimer,* 437 U.S. @ 351. see also, *Mathis v. Wachovia*, 2006 U.S. Dist. LEXIS 91073 (N.D. Fla. 2006)

The burden of proof is the requirement that Breach produce a certain amount of evidence in order to establish that something is true. Breach has the burden of proof that he must prove the facts by a "preponderance of the evidence". This is done by producing enough evidence to justify a finding in his favor. Dr. Hobbs' Affidavit concerning what this treatment protocol states is an "admission by a party-opponent"

However, in the alternative to "admission by a party-opponent: <u>Rule 801(d)(2),</u> Fed. R. Eivd., This treatment protocol is relevant and ought to be produced, because Dr. Hobbs has "admitted" to its substance and this document can be admitted into evidence against ADOC and PHS because PHS is an acting agent for ADOC.

In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities may not be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior. Instead, municipalities may only be

3

held liable for the execution of a government policy or custom. As the <u>Monell</u> Court explained:

> "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. Id. at 694., 98 S. Ct. @ 2037-38 (emphasis added).

Later, in **Pembaur v. City of Cincinnati**, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Supreme Court clarified <u>Monell's</u> "policy or custom" requirement. In <u>Pembaur,</u> the Court explained "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." Id. @ 480, 106 S.Ct. @ 1298 (majority opinion)(emphasis added). In particular, "where action is directed by those who establish governmental policy, the <u>municipality is equally responsible</u> whether that action is to be taken only once or to be taken repeatedly." Id. @ 481, 106 S.Ct. @ 1299 (majority opinion)(emphasis added). Thus, liability may arise from "a course of action tailored to a particular situation and not intended to control decision in later situation." Id. @ 481, 106 S.Ct. @ 1299 (majority opinion), provided that "the decision maker possesses final authority to establish municipal policy with respect to the action ordered." Id. @ 481, 106 S.Ct. @ 1299 (plurality opinion)(emphasis added)(footnote omitted).

In light of <u>Pembaur,</u> this Court has interpreted *Monell's* policy or custom requirement to preclude § 1983 municipal liability for a subordinate officials' decisions

4

when the final policymaker delegates decision making discretion to the subordinate, but retains the power to review the exercise of that discretion:

> "[T}he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. *Rather, the delegation must be such that the subordinate's discretionary decisions* are not constrained by official policies and are not subject to review.

*Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989)(emphasis added)(citations omitted). This interpretation on is based on the Supreme Court's decision in ***City of St. Louis v. Praprotnik,*** 485 U.S. 112, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)(plurality opinion). Without going outside the merits of this motion, who is policymaker for PHS and ADOC will have to be ascertained by this court under state law. Job description are relevant and ought to be produced under Discovery because Breach and this Court must identify those individuals whose decisions represent official policy of the local government unit. *Mandel*, 888 F.2d @ 793; ***Vincent v. City of Talladega,*** Ala. 980 F. Supp. 410 (N.D. Ala. 1997)

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action maybe based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See, ***United States v. Procter & Gamble, Co.***, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L.Ed.2d 1077, (1958).

5

In order for Breach to establish a *prima facie* case of deliberate on behalf of PHS, their treatment protocols and policy and procedures are relevant because PHS is also considered a prison hospital, and under the <u>Alabama Medical Liability Act</u> PHS can be responsible for service to be rendered under the standard of care. If their policy, procedures, and treatment protocols are deliberate indifferent on their face, liability applies. In addition, treatment protocols, policies, procedures, and job descriptions are a part of the regular prison record keeping system. See, <u>Rule 901(a)(7)</u> "Public records or reports" are relevant, and admissible under Federal Rules of Civil Procedures.

The Court ruled that this treatment protocol, policy procedures and job descriptions are irrelevant. In most cases as this, treatment protocols are prison documents, and are admissible as "records of regularly conducted activity" (business records) or public records. <u>Rule 803(6),</u> Fed. R. Evid. Breach does not understand how these documents are irrelevant when the <u>very face of these documents can be deliberate indifferent.</u>

1) Breach has not found <u>one case</u> in the Eleventh Circuit where the Court held that <u>treatment protocols, policies/procedures were in fact irrelevant</u> or not necessary in the determination of whether defendants have acted with deliberate indifference. Thus, under the prevailing standard of care, because PHS are medical providers, their very policy and procedures can be "deliberate indifferent<u>" on its very face</u> being the proximate cause to Breach's injury.

6

2)  Pursuant to <u>28 U.S.C. § 1367</u>, Breach also brings pendent state law claims of negligence and medical malpractice against the Defendants. Although the Alabama Department of Corrections may not raise a qualified immunity defense against these pendent state law claims, see **Davis v. Monroe County Bd. Of Ed.**, 120 F.3d 1390, 1409 (11th Cir. 1997)(Black, J., concurring)("[Q]ualified immunity does not shield officials from liability grounded on state law."); **Kelly v. Curtis**, 21 F.3d 1544, 1556 (11th Cir. 1994)(holding that qualified immunity may entitle defendant to summary judgment as to federal claims but not as to state law claims);

3)  PHS's protocols, policies and procedures job descriptions are relevant under <u>§ 6-5-542(2)</u>, Code of Alabama, (1975) because they operate as a hospital in the Alabama prison system, and under <u>§ 6-5-484(a)(b)</u>, Code of Alabama, 1975 their policies, procedures, treatment protocols are very relevant. Under Alabama law, <u>§ 6-5-484(a)</u> Ala.Code 1975 states:

> "In performing professional services for a patient, a physician's surgeon's, or dentist's duty to the patient shall be to exercise such reasonable care, diligence and skill as physicians, surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case. In the case of a **hospital rendering services to a patient, the hospital must use that degree of care, skill, and diligence used by hospitals generally in the community.**"

Under Section 1983, like a county [ADOC] or a municipality, however, a corporation like Prison Health Services cannot be held liable on the basis of the doctrine of respondeat superior. Thus, the test for PHS's liability under section 1983, mirrors that

7

of the test for the County [ADOC]: that is, "the plaintiff would need to show either that the company was directly involved in the alleged violation or that a policy or custom of the corporation led to the violation." *Howell v. Evans*, 922 F.2d @ 724 (citing *Ort v. Pitchback*, 786 F.2d 1105, 1107 (11th Cir. 1986).

The same evidence of "custom" upon which the Court must conclude that ADOC's section 1983 liability may be predicated also forms the basis for PHS's liability under section. See, *Nelson v. Prison Health Serices, Inc.*, 991 F. Supp @ 1465 (M.D. Fla. 1997).

4) Finally, Breach argues that policy, procedures and treatment protocols, job descriptions, are relevant to the determination of deliberate indifference on their face, and under the doctrine of respondeat superior, PHS <u>is liable for any breach</u> of the prevailing professional standard of care on the part of its employees within the scope of their employment. See, *Weinstock v. Groth*, 629 So.2d 835, 838 (Fla. 1993); *Kelly v. Rice*, 670 So.2d 1094, 1097 (Fla.Ct.App. 1996). It is not disputed that any actions or omissions on the part of the doctors and nurses that breach the prevailing professional standard of care with regards to their treatment of Breach occurred within the scope of their employment with PHS. Thus, insofar as the issue of their liability for medical malpractice and negligence is for the trier of fact, so too is the potential vicarious liability of PHS. See, <u>§ 6-5-484(a)(b),</u> Code of Alabama, 1975. "A hospital owes those present in connection with care and treatment a duty to exercise that degree of care, skill, and diligence had and

8

exercised by those hospitals engaged in the same kind of operation, in similar conditions or under similar circumstances." ***Lamont v. Brookwood Health Servs., Inc.,*** 446 So.2d 1018 (Ala. 1983) Alabama imposes upon a hospital a duty to use "that degree of care, skill and diligence used by hospitals generally in the community." ***Coleman v. Bessemer Carraway Methodist Medical Ctr.,*** 589 So.2d 703 (Ala. 1991). PHS acts as a hospital under the Medical Liability Act and their policies and procedures, treatment protocols, job descriptions, are relevant.

Also, Under Breach's state tort claim, this Court's supplemental jurisdiction of this Court, <u>28 U.S.C., 1367</u>, Breach's claim of negligence and malpractice on behalf of defendants employed at PHS are still liable under the <u>Alabama Medical Liability Act of 1987, § 6-5-540</u> et seq., Code of Alabama, (1975) specifically <u>§ 6-5-548 (a)</u> Breach has brought action against the medical providers for breach of the standard of care which he will have the proving substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case. PHS is liable, and their policy, procedures, and treatment protocols is relevant especially under § 6-5-548(b) because PHS "may" be and ought to be certified with the appropriate American board in the same specialty"

5)   PHS, just like a free world hospital may be held liable for the negligent conduct of independent physicians and surgeons even though they are neither employees nor

9

agents of the hospital. See, *Parker v. Collins*, 605 So.2 824 (Ala. 1992) Therefore, Breach cannot ascertain <u>how, policies, procedures that PHS operates under when providing medical care to inmates is irrelevant to deliberate indifference and malpractice and negligence in this case.</u>

WHEREFORE, premises considered, reconsider Plaintiff request that the production of documents either be granted pertaining to the specific request or what this court deems fair and appropriate under Discovery rules.

Done this 9th Day October 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class postage prepaid and mailing on this 7 Day of October 2007.

Alabama Dept of Corrections
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

10

Marcellus Breach 160710
Limestone C.F. D-126
28779 Nick Davis Rd
Harvest, AL 35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711



