IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT COURT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710           *

    Plaintiff,                              *

Vs.                                                  *     Case No: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,  *

    Defendants.                           *

## MOTION FOR DISCOVERY SCHEDULE ORDER

**COMES NOW**, Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se" pursuant to this Court's Local Rules governing Discovery, Breach request a Discovery Schedule Order be entered, in regards to Discovery request, i.e., *Production of Documents, Interrogatories, Admissions and Depositions;* Breach shows as follows:

1) Pursuant to <u>Rule 26(A)(2)(b),</u> Federal Rules of Civil Procedures, if Breach elects that his experts will testify at trial, he must accompany a written report prepared and signed by the witnesses. However, Breach has no idea just how this court intends to have discovery request submitted, and addressed. In addition, Breach would argue that there are conflicting orders regarding "relevant" documents/statements that are in the Record in which this court has first, addressed the issue of relevant sua sponta, then, states that

relevant documents/statements are to be addressed by the court at the appropriate time is confusing, and conflicting orders. Breach further states herein as follows:

1)   There are conflicting orders in this case: :

[Court Doc. 156] the court ruled:

> The Discovery Order entered on October 3, 2007, states in pertinent part:
>
> "1.   This motion be and is hereby **DENIED** to the extent that the plaintiff seeks **production of treatment protocols, policies/procedures of Prison Health Services, employment contracts, job descriptions** and medical records of other inmates as these documents are **completely irrelevant** to a determination of the constitutional issue pending before this court and/or cumulative in nature to information provided in the special report(s). . .The plaintiff is specifically advised that treatment protocols, policies/procedures, contracts of medical care providers, job descriptions and medical records . . . are in no way **relevant or necessary** to a determination . . . defendants acted with deliberate indifferent to his medical condition. . . . "

2)   On *October 9, 2007*, and, *October 10, 2007* [Court Doc's. 160, 161 & 162 Order] conflicts with the order entered on *October 3, 2007.*

> The Orders entered on *October 9, & 10, 2007* states in pertinent part:
>
> "The parties are advised that at the **appropriate time** the court will **determine the relevancy and admissibility of all documents/statements** submitted by each party in accordance with the directive of the Federal Rules of Civil Procedures."

3)   The conflict is, first this court addresses request for production of documents as being irrelevant. Secondly, the issue concerning allegations by Breach of perjury, concealing evidence, and misrepresentation of fact, the court rules "at the appropriate time

the court will determine the relevancy and admissibility of all documents/statement. Thus, the obvious and overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. **United States v. The Procter & Gamble Company**, 365 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 1077; **Hickman v. Taylor**, 29 U.S. 495, 500-01, 67 S.Ct. 385, 388-89, 91 L. Ed. 451 (1947). It is intended to operate with _minimal judicial supervision_ unless a dispute arises and one of the parties files a motion invoking judicial intervention." See **In re E.I. Du Pont De Nemours and Co., v. Bush** Ranch, Inc., 918 F. Supp. @ 154 (M.D. Ga. 1995).

4) Courts have held, ". . . [o]nly if the parties become embroiled in some discovery dispute that they are unable to resolve after making good faith effort to do so does the Court become _involved_ in the discovery matter." **Sokolik v. Prison Health Services, Inc.**, 2007 U.S. Dist. LEXIS 25573 (S.D. Ga. 2007); "Court with jurisdiction over ancillary or discovery _matters should be cautious in determining what is relevant evidence_ to the main action, this is because of their unfamiliarity with the main action." **Heat & Control, Inc., Hester Industries, Inc.**, 785 F.2d 1017, 1024 (Fed. Cir. 1986); "It is more appropriate for judges to _consider the merits_, in the case, _then_ to _decide the relevance of documents_." See, **In re Walt Disney Parks & Resorts, LLC**, 2007 U.S. Dis. LEXIS 1958 (M.D. Fla. 2007).

5) Orders entered on _October 9, & 10, 2007_, the Court advised all parties that

". . . at the appropriate time the court will **determine the relevancy** and admissibility of all documents/statements submitted by each party in accordance with the directive of the *Federal Rules of Civil Procedures*." However, on *October 3, 2007,* the court addressed documents being Breach request for medical policies, procedures, treatment protocols, wherein the court ruled such was irrelevant, totally conflicts with the court's order entered on *October 9, 2007 that "at the appropriate time the court will determine the relevancy and admissibility of all documents/statements submitted. . . ."*

> "1.   This motion be and is hereby **DENIED** to the extent that the plaintiff seeks **production of treatment protocols, policies/procedures of Prison Health Services, employment contracts, job descriptions** and medical records of other inmates as these documents are **completely irrelevant** to a determination of the constitutional issue pending before this court and/or cumulative in nature to information provided in the special report(s). . .The plaintiff is specifically advised that treatment protocols, policies/procedures, contracts of medical care providers, job descriptions and medical records . . . are in no way relevant or necessary to a determination . . . defendants acted with deliberate indifferent to his medical condition. . . . "

6)   The court stated, at the appropriate time it will address documents/statements that Breach alleged contained perjury, out of fairness, this court ought to determine, or morethenless, allow Defendants to submit their proper written objections to any discovery request in which they feel is irrelevant, without the court basically "thinking for the defendants" as to irrelevant, cumulative or duplicative or burdensome.  It seems inappropriate for this court to make <u>any personal ruling</u> on discovery request when this

court is not familiar with the facts of the case. Breach has not found one case, where a District Court ruled that policies/procedures and treatment protocols are irrelevant.

7) At this stage, discovery request submitted that have not, not even an opportunity of the defendants to file their objections is "judicial scrutiny" which seems to be inappropriate because as this court ruled, "*at the appropriate time the court will determine the relevancy and admissibility of all documents/statements submitted...*" In this case, at this time, each discovery request appears to first to have permission from the court, by leave of court, seems contrary to law because District courts have power to make local rules, a power granted by *Rule 83(a), Federal Rules of Civil Procedures,* and 28 U.S.C. § 2071, but both of these provisions expressly state that local rules may not conflict with the Federal Rules of Civil Procedures. **CF. Carter v. Clark,** 616 F.2d 228, 230-31 (5th Cir. 1980). With some exceptions not here relevant (habeas corpus cases under 28 U. S. C. § 2254 are one of the exceptions), *Rules of Civil Procedures* apply to all civil actions, Fed. R. Civ. P., *Rule 1,* and an action under 42 U. S. C. § 1983 is certainly a civil action. Alternatively, Breach request that the Court either issue a discovery scheduling order, or order that a copy of the Court's Local Rules be provided to him because having to request leave of court to pursue each and every discovery request seems inappropriate and conflicts with *Federal Rules of Discovery.* See, **Holloway v. Lockart,** 81 F.2d 874, 880 (8th Cir. 1987)(district court rule requiring pro se prisoner to get leave of court before seeking discovery was invalid because it conflicted with Federal Rules of Civil Procedure.) At this stage, Breach's request

for production of documents, policies, procedures, Procotols, this court "tested" the evidence requested sua sponta, without determining whether policies, rules, regulations, oridances, procedures, pertaining to Official policy can be deliberate indifferent and unconstitutional on its face: "it is not the duty of this court to "test" the evidence requested." C.F., *Agosto v. Inc.*, 436 U.S. 748, 756, 56 L.Ed.2d 677, 98 SW. Ct. 2081 (1978)("[a} district court cannot grant summary judgment based on its assessment of the credibility of the evidence presented."); *Anderson v. Libby, Inc.*, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)("[A]t the summary judgment stage the judges' function is not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

8) This Court's July 26, 2007, order appears to conflict with Rule 26(b), Federal Rules of Civil Procedures, and this court's order entered on October 3, 2007, conflicts with Supreme Court's holding resolving "relevance" which the Supreme Court has construed this rule "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 40, 351, 98 S. Ct. 2380 (1978)(footnote omitted); accord, *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 315 (S.D. Iowa 1992).

9) Breach complains that the Defendants should assert their burden pertaining to any discovery request that would appear cumulative or duplicative, or irrelevant, not the court. "Court with jurisdiction over ancillary or discovery matters *should be cautious in*

*determining what is relevant evidence to the main action,* this is because of their unfamiliarity with the main action." **Heat & Control, Inc., v. Hester Industries, Inc.**, 785 F.2d 1017, 1024 (Fed. Cir. 1986) In this case, the court personally made its ruling, when it is safe to say, due to this court's case load, Breach assumes that this court is not familiar with all of the facts of this case. "Only if the parties become embroiled in some discovery dispute that they are unable to resolve after making good faith effort to do so does the Court become involved in discovery matters. **Sokolik v. Prison Health Services, Inc.**, 2007 U. S. Dist. LEXIS 25573 (S.D. Ga. 2007).

## CONCLUSION

This court ruled on October 3, 2007 pertaining to policies, procedures, Protocols, and job descriptions as "irrelevant." Then, on October 9, 2007 the Court ruled: that at the appropriate time the court will determine the **relevancy and admissibility** of all documents/statements submitted by each party in accordance with the directive of the Federal Rules of Civil Procedures." This order is conflicting with this court prior order because the Court made its determination that government policies are irrelevant, but, allegations of perjury, concealing evidence was not relevant at this time. Breach Objects that this court ought not to make any personal decisions pertaining to discovery request, especially when defendants have not asserted any claim of irrelevance, or duplicative or cumulative in nature pertaining to discovery request, because it is not the appropriate at

this time, at this stage. Breach complains that for the court to do so, seems a showing of partiality.

## RELIEF REQUESTED

a.  enter a Discovery Scheduling Order setting forth times, dates, manner when all discovery should be completed and submitted by the parties; and,

b.  pursuant to the United States Middle District Local Rule 83(a), Federal Rules of Civil Procedures, and 28 U.S.C. § 2071, the court's order entered on *July 26, 2007*, monitoring each discovery request by plaintiff, be withdrawn due to it conflicts with *Federal Rules of Civil Procedures*, specifically Rule 34(b), production of documents; and,

c.  that the defendants assert their objections to the court pertaining to any discovery dispute.

WHEREFORE, premises considered, Breach request a that this court order what it deems fair and appropriate.

Done this 15th Day October 2007.

/s/ Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a true copy of the foregoing upon the following by U.S. First Class Mail, properly addressed postage prepaid and mailing on this 15th Day of October 2007:

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 3610

Ala. Doc. Legal Division
P.O. Box 301501
Montgomery, Al 36101

_____
MARCELLUS BREACH 160710*

Marcellus Breach 160021D
Limestone C.F. D-19
8778 Nick Davis Rd
Harvest, AL 35749

This correspondence is forwarded from
an Alabama State Prison. The contents
[illegible] and the Alabama
[illegible] not
[illegible]
[illegible]
of the enclosed communication.



Attorney the Clerk
United States District Court
P.O. Box 711
Montgomery, AL

