IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT COURT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710           *

    Plaintiff,                      *

Vs.                                  *    Case No: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al., *

    Defendants.                    *

## PLAINTIFF'S WRITTEN OBJECTIONS TO THE RULING OF THE MAGISTRATE JUDGE

**COMES NOW**, Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se" moves the court with timely written objections to the Magistrate Judge's Orders entered on <u>October 9, 2007</u>, pursuant to <u>Rule 72(a)</u>, Federal Rules of Civil Procedures, and <u>28 U.S.C. § 636(b)(1)(a)(2004)</u> and request review by the District Court: Plaintiff presents his following objections:

### STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. <u>28 U.S.C. § 636(b)(1)(a)(2004).</u> Final decisions of a magistrate judge are subject to a "clearly erroneous or contrary to law" standard of review by the district court. Id. @ (b)(1)(b); *In re Commissioner's Subpoenas,* 325 F.3d 1287, 1297 (11th Cir. 2003). In this case, there is a

1

"foul order" in the Record alleged by Breach (i) perjury/"Affidavits Made In Bad Faith" (ii) misrepresentation of facts, (iii) concealing evidence and (iv) Fraud Upon The Court pursuant to *Rule 11*, *Rule 12(f)*, and *Rule 56(g)*, Federal Rules of Civil Procedures, and this nondispositive is requested to be reviewed by the District Court wherein, is required to submit his written objections to the magistrate within ten (10) days of receipt of the magistrate's order.

## STATEMENT OF THE FACTS

In reference to two (2) Motions filed by Breach [**Court Doc's # 160, 161, 162,**] Breach submitted two documents with supporting evidentiary materials entitled: "**Motion To Strike Affidavit Of Defendant Linda Lawrence,** " filed on *October 9, 2007* and "**Motion To Strike, Supplemental Affidavit Of Defendant Linda Lawrence, H.S.A., and/or Strike Portions And, Request For Sua Sponta Sanctions, Evidentiary Hearing**".

Breach has presented documentary evidentiary materials in support that the Affidavits submitted by *Defendant Linda Lawrence* is bad faith, and was intentionally submitted by counsel, specifically under misrepresented facts, fraud and the Affidavit and evidence submitted contains "perjury". Breach has also submitted evidentiary materials that counsel for PHS has "withheld evidence" from the Court that is the proximate cause to Breach's case being dismissed at the outset of this filing on December 22, 2006 which creates misrepresentation of facts when the court clearly ordered and

2

directed counsel to submit "relevant" materials, and the Medical Records of Breach and Dr. John A. Tassin's order and recommendation for surgery was relevant, but withheld from the court is prima facie of misrepresentation of facts, and fraud upon the Court requiring "show cause" and an evidentiary hearing. The magistrate judge ruled on these two Motions on <u>October 9, 2007</u>: [Court Doc's. 160, 161, 162]

> "ORDERED that this motion be and is hereby DENIED. The parties are advised that at the appropriate time the court will determine the relevancy and admissibility of all documents/statements submitted by each party in accordance with the directives of the Federal Rules of Civil Procedures."

## PLAINTIFF'S OBJECTIONS

1) An evidentiary hearing was required on the face of *perjury*, <u>fraud</u>, and <u>misrepresentation of facts, counsel withholding relevant evidence from the Court</u>. At this stage the magistrate judge's order conflicts with law and is clearly erroneous: At this stage the Magistrate Judge is not "required" to test the evidence by a standard appropriate for deciding a motion for summary judgment. *C.F., Agosto v. Inc.* 436 U.S. 748, 756, 56 L.Ed. 2d 677, 98 SW. Ct. 2081 (1978)("[a] district court cannot grant summary judgment **based on its assessment of the credibility of the evidence presented**"); *Anderson v. Libby, Inc.*, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)("[A]t the summary judgment <u>stage the judges function is not himself to weigh the evidence</u> and determine the truth of the matter but to determine whether there is a genuine issue for trial").

3

2) <u>Rule 11(c),</u> Fed. R. Civ. P., states that it appears that magistrate judges do not have independent authority to order sanctions under <u>Rule 11.</u> However, because this is a matter of <u>perjury, misrepresentation of facts, fraud upon the Court</u>, and <u>concealing evidence</u>, the magistrate judge's order conflicts with <u>Rule 11(c),</u> and <u>Rule 12(f),</u> and <u>Rule 56(g)</u> of the Federal Rules of Civil Procedures, that ordinarily permits the court to decide whether sanctions are appropriate.

3) <u>Rule 11(C)(1)(A),</u> Fed. R. Civ. P. requires that magistrate judge to issue a "show cause order" whether by the party, or sua sponta especially when there is perjury placed into this Recording create foul smell.

4) At this Under <u>Rule 12(f),</u> Fed. R. Civ. P., **Motion To Strike the Affidavit from Defendant Linda Lawrence** is warranted because due to the perjury placed into the Record by counsel and this conduct <u>ought not to be tolerated</u> by this Court. However, at this stage, it is not the duty of the magistrate to weight credibility, nor the relevance of the evidence but, to determine whether there is a genuine issue of material fact for trial.

5) The magistrate judge's ruling, order in this case conflicts with <u>Rule 56(g),</u> Fed. R. Civ. P., because the two (2) Affidavits presented by counsel are "**Affidavits Made In Bad Faith**" and judicial concern should rise, sua sponta sanctions are warranted because the Affidavits also addresses 'genuine issues' that must be determined at summary judgment and the court does not determine credibility of witnesses, but cannot tolerate perjury or unethical conduct by attorneys as Officers of the Court. These two Affidavits have been

4

presented only under "bad faith" which is egregious conduct because there is perjury, false accusations and facts. <u>Rule 56(g)</u>, Fed. R. Civ. P., is appropriate because the Rule allows sanctions and compensation to the other party. At the stage of summary judgment, the magistrate will make his recommendation as to <u>whether there are any genuine issue for trial</u>. These Affidavits, one which definitely contains perjury, ought not to be a part of this Record.

Breach argues that it is highly prejudice to allow these Affidavits into the Record when both counsel and Lawrence have broken the law, scammed the Court, and ethical violations are at issue and counsel has <u>intentionally concealed evidence</u> from the outset of this filing.

The Affidavits are designed to delay justice, mislead the Court pertaining to the issue and mislead this case from being fully adjudicated on the merits of the claims. Under <u>Rule 56(g)</u>, Fed. R. Civ. P., the "<u>strong reasons for doing so</u>" in Striking pleadings, that contain perjury, misrepresentation of facts, fraud upon the court, concealing evidence ought to satisfied and warranted. This Court ought not to allow, perjury be submitted into the Record. See, **Rogers v. AC Humko Corp.**, 56 F. Supp. 2d 972 (W.D.Tenn 1999)(granting sanctions where affiant made a representation upon personal knowledge, relating to a crucial issue, in a manner favorable to his employer, which later proved to be false, and where representation was not a simple mistake but either a highly reckless

5

representation of an important fact or a deliberate and calculated misrepresentation abetted by counsel and designed to thwart justice.)

6)   An Attorney's "loyalty to the Court, as an Officer thereof, demands integrity and honesty dealing with the Court and when he departs from that standard in the conduct of a case he perpetrates a fraud upon the Court." **Kupferman v. Consolidated Research & Manufacturing Corp.**, 459 F.2d 1072, 1078 (2d Cir. 1972)[citing, 7 Moore, Federal Practice, Par 60.33 @ 513]. Fraud on the court is a "species of fraud which does or attempts to subvert the integrity of the court itself . . . . " 7 Moore's Federal Practice P. 60.33 @ 515 (1971 ed) see also, **Serzysko v. Chase Manhattan Bank**, 461 F.2d 699, 702 (2d Cir. 1972). An attorney may commit fraud on the court not only through misrepresentation, but also through omission. See, **Hazel-Atlas Glass Co., v. Harford Empire Co.**, 322 U.S. 238, 246, 64 S.Ct. 997, 1001 ("It is a wrong ... which ... cannot complacently be tolerated consistently with the good order of society . . . .involv[ing] tow victims: the individual litigant . . . and the court itself, whose integrity is compromised by the fraudulent behavior of its officers.) The very temple of justice [is] defiled." **Universal Oil Product v. Root Refining Co.**, 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

6

**WHEREFORE,** *premises considered,* Breach hereby files his written objections timely and request that the 'foul smell' submitted by counsel through perjury be STRIKEN and sanctions imposed.

Done this 13th Day October 2007.

*/s/ Marcellus Breach*
MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served the following by U.S. Mail, First Class properly addressed postage prepaid and mailing on this 13 Day of October 2007.

ALA. Doc. Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

*/s/ Marcellus Breach*
Marcellus Breach

Marcellus Breach 160271
Limestone C.F. D-19
28779 Nick Davis Rd
Harvest, AL 35749

HUNTSVILLE AL 357
15 OCT 2007 PM

Office of the Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101-0711

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

36101+0711