IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



MARCELLUS BREACH, #160710

    Plaintiff,

Vs.         *    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.**

TO:    DEFENDANT BRADFORD ADAMS, NURSE PRACTITIONER

*COMES NOW*, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," moves this Court to issue an ORDER to Defendants pursuant to *Federal Rules of Civil Procedures,* Rule 33, 34 & 36, hereby requesting that named parties and/or their "Agents" being persons under their control: nurse practitioner Bradford Adams, employed with Prison Health Services, Inc., is requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these Interrogatories, Request for Admissions, and Production of Documents; furthermore, for

the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

## I. DEFINITION AND INSTRUCTIONS:

¶ 1. Each interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible. If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2. A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3. *Rule 33,* Fed R. Civ. P., permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party. *Rule 33(d),* also provides interrogatories upon your Agents and the request for production of documents under said rule is requested from person under your control.

¶ 4. In responding to these request for Admissions, Productions of Documents and Interrogatories, defendants shall furnish not only such information and documents as are

available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, South Louisiana Correctional Services, Inc.*, specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, *inter alia*, is claimed to be privileged from production or discovery.

¶ 5.   If defendants consider any document, information, data, records *inter alia*, falling within plaintiff's request for Production of Documents, attached heretofore separately, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business addresses of each person, party or witness having copies of said documents, information, data, records inclusive to medical records from *February 2005,* through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et seq., by discovery.

¶ 6.   These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with *Federal Rules of Civil Procedures, Rule 26(e).* However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of record, or such other

3

interested persons, parties, agency, employees, employers, et al., subsequent to the filing of defendants response/answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, *inter alia*, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.  In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, *inter alia*, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.  With regards to Plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36,* et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit

or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny. If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object to the requests; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, Rule 37(c), deny the matter or set forth reasons why defendant cannot admit or deny it.

¶ 9. As a courtesy, in answering / responding to any and all DISCOVERY requests herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

    *II.*    **DEFINITIONS:**

¶ 10. When used in these discovery request and subsequent set of Interrogatories or discovery requests henceforth, the following definitions shall apply:

    a.    As used herein, the term "***document***" means any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information dated or prepared prior to or subsequent to this action, including but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order, and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

    b.    As used herein in reference to a natural person, the word *"identify"* shall mean to state the persons full name, present or last known business address(es) and their said association to defendants.

    c.    As used in reference to a business or other entity, the word *"identify"* shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendants.

    d.    As used *"identify"* or *"identity"* when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, record, policy, etc.,] or some other means of identifying it, and its present location or custodian.

    e.    The word *"incident"* includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from February 2005 to current date of your answers/responses.

    f.    The word *"specifically identify"* as used with respect to any and all documents, *inter alia*, is understood to mean to following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the custodian(s) of the above requested documents in their entirety, but not limited to.

### III.   INTERROGATORIES:

¶ 1.   Please state the following for the plaintiff.

a.    your age
b.    your occupation and place of employment
c.    your education
d.    your marital status
e.    your length of service in your present employment position
f.    your previous occupational experience

g.        your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted or, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where there charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge, arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *identify* employers you have had, other than your current position, in the last ten (10) years.  With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    *Identify* your assignment, whereabouts by documents of the *"incident"* and specifically identify your supervisor's whereabouts, assignment on *December 27, 2006 @ 11:25 a.m.*

¶ 6.    *Specifically identify* by document, your job description, duties, and responsibilities.

7

¶ 7.  *Specifically identify* by document your supervisor, job descriptions, duties, responsibilities.

¶ 8.  Explain by *incident* your medical recommendation "no need for surgical referral at present," please explain your medical findings *identified by documents*, if any, and state the substance of any verbal or written commuication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006 @ 11:25.

¶ 9.  Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); *specifically identify* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 10.  Is it your common practice to make surgical or non-surgical referrals?

¶ 11.  Is it your common practice not to make a surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12.  Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.  Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.  Please estimate how many Alabama inmate diagnosed with a hernia you examined since February 2005.

¶ 15.  Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol.  If yes, *specifically identify* any written requests, date, e-mails and identify the *incident*, and *identify* all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17.  On March 21, 2006, *Dr. John A. Tassin, M.D.*, made a doctor order that plaintiff's inguinal hernia needs repair.  It is your common practice to make a medical judgment against another doctor?

¶ 18.  Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records?  If not please explain your reason? If yes, disclose the substance of your findings.

9

¶ 19.   Are you licensed to make surgically referrals? If so, please *specifically identify*.

¶ 20.   Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on <u>December 27, 2006 @ 11:25 a.m</u>., *identify by document pertaining to this incident.*.

¶ 21.   *Identify*, and *specifically identify* who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.   Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   Is it common practice for <u>Prison Health Services, Inc</u>., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *identify by document*.

¶ 24.   *Identify by document*, any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

¶ 25.   Please explain in details the substances of your counseling on December 21, 2006 @ 11:05 a.m., and list all names of witnesses present.

   IV.   **REQUEST FOR ADMISSIONS:**

¶ 1.   *Admit or deny* that on March 21, 2006, Dr. John A. Tassin, M.D., made a "doctor order "that plaintiff's left inguinal hernia," Needs Repair.

¶ 2.   *Admit or deny*, that the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006.</u>

10

¶ 3.  *Admit or deny, Prison Health Services, Inc.,* has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.  *Admit or deny,* that you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 5.  *Admit or deny,* that you do not know the actual size of plaintiff's hernia as of the date of your answering.

¶ 6.  *Admit or deny,* that the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 7.  *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 8.  *Admit or deny,* you are an expert in Hernia repair.

¶ 9.  *Admit or deny,* you have performed surgery on hernias.

¶ 10.  *Admit or deny,* there is almost no limit to how big a hernia could without surgery.

¶ 11.  *Admit or deny* that medically there is no cure for a hernia without surgery.

11

¶ 12.  *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery.

¶ 13.  *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison.

¶ 14.  *Admit or deny*, a truss is the cure for a hernia.

¶ 15.  *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia.

¶ 16.  *Admit or deny*, that that issuing of pain medication will not cure a hernia.

¶ 17.  *Admit or deny*, <u>December 21, 2006 @ 11:05 a.m.,</u> you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver".

¶ 18.  *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the captain's officer and stated that plaintiff was going to have surgery.

¶ 19.  *Admit or deny*, plaintiff asked you to be seen by a doctor.

¶ 20.  *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery.

¶ 21.  *Admit or deny*, you did not counsel plaintiff on December 21, 2006 @ 11:05 a.m.

¶ 22.  *Admit or deny*, that it is up to a physician for a determination whether surgery is necessary.

¶ 23. *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia.

¶ 24. *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

¶ 25. *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time.

¶ 26. *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

¶ 27. *Admit or deny*, that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28. *Admit or deny*, that the opening of a hernia cannot heal itself.

¶ 29. *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30. *Admit or deny*, that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31. *Admit or deny*, truss is for temporary use.

¶ 32. *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.  *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.  *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.  *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.  *Admit or deny*, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37.  *Admit or deny*, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.  *Admit or deny*, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.  *Admit or deny*, that plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.  *Admit or deny*, that you did not identify what type of hernia plaintiff has.

¶ 41.  *Admit or deny*, that a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.  *Admit or deny*, Dr. Michael Robbins, M.D., was not present when you conducted your examination on plaintiff's hernia.

                                                             Done this 23 Day October 2007.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this ___ Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

| | |
|---|---|
| Alabama Dept. of Corrections | Rushton, Stakely, Johnston, Garrett, P.A. |
| P.O. Box 301501 | P.O. Box 270 |
| Montgomery, Al 36130 | Montgomery, Alabama 36101 |

_____
Marcellus Breach

Marcellus Breach 160110
Limestone C.F. D-19B
28779 Nick Davis Rd.
Harvest, Al 35749

LEGAL MAIL

24 OCT 2007

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711



USA FIRST-CLASS FOREVER