# IN THE DISTRICT COURT OF THE UNITED STATES * 3rd
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION : 55

_____

MARCELLUS BREACH, #160710

     Plaintiff,

                            \*

Vs.                      \*     CASE NO: 2:06-cv-1133-MEF

                            \*

PRISON HEALTH SERVICES, INC., et. al.,

                            \*

     Defendants.

## PLAINTIFF'S <u>THIRD --</u>  SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

_TO:_      **DEFENDANT RUTH NAGLICH, ASSOCIATE COMMISSIONER OF HEALTH SERVICES, ADOC**

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se," moves this Court to issue an ORDER to Defendant pursuant to _Federal Rules of Civil Procedures, Rule 33, 34 & 36,_ hereby requesting that named party and/or their "Agents" as being person(s) under their control: "_Prison Health Services, Inc._," and, "_South Louisiana Correctional Services,_" ("SLCS") are requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these **Interrogatories, Request for Admissions**, and **Production of Documents**, furthermore, for

1

the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

## I. DEFINITIONS AND INSTRUCTIONS;[1]

¶ 1.   Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible.  If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.   A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.   *Rule 33, Fed R. Civ. P.*, permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party. *Rule 33(d),* also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

---

[1]   Definitions and Instructions are continuing throughout this Discovery request.  Rule 33, 34, & 35, Fed. R. Civ. P.

¶ 4.   In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and *South Louisiana Correctional Services, Inc.* ("SLCS") specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.   If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information , data, records inclusive to medical records from *February 2005*, through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

¶ 6.    These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, _Rule 26(e)._ However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.    In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.    With regards to plaintiff's Request for Admissions and pursuant to _Federal Rules of Civil Procedures, Rule 36,_ et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the

substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.     If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, <u>*Rule 37(c)*</u>, deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9.    As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 10.    When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

a.    As used herein, the term "**document**" means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information

but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.   As used herein in reference to a natural person, the word **"identify"** shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c.   As used in reference to a business or other entity, the word **"identify"** shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d.   As used **"identify"** or **"identity"** when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e.   The word **"incident"** includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f.   The word **"specifically identify"** as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the

custodian(s) of the above requested documents in their entirety, but not limited to.

### III.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.

    a.    your age
    b.    your education
    c.    your length of service in your present employment position
    d.    your previous occupational experience(s)
    e.    your training and experience in hernias

¶ 2.    Have you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?

¶ 3.    *"Specifically identify"* the treatment protocols for inmates with hernia at "South Louisiana Correctional Center" from *March 16, 2006* through *October 6, 2006*.

¶ 4.    *February 2005,* Dr Bosserman diagnosed plaintiff with a hernia, having pain. *"Identify by document"* the person(s) who medically cleared plaintiff to be transferred to Louisiana with a serious medical need.

¶ 5.    *"Specifically identify" by "document,"* the faxed report to Ruth Naglich on 7-10-06 in reference to inguinal hernia.

¶ 6.    Specifically disclose the substance of any oral statements made between you and *"identify"* any person(s), *"incident,"* regarding the request for surgery and the faxed report on 7-10-06.

¶ 7.   Please *"identify"* your administrative responsibilities for the Alabama Department of Corrections including but not limited to the components and the quality of the provision of healthcare to plaintiff while in the care, custody, and control of ADOC, at *South Louisiana Correctional Services, Inc*., from *March 16, 2006* through *October 6, 2006*.

¶ 8.   *"Identify"* Lynn Brown and her responsibility and involvement in this *"incident,"* *"specifically, dates: 7-17-06 and/or 7-12-06*.

¶ 9.   Please *"identify"* person(s), and the *"identity"* in reference to any documents, sent, received, while disclosing the substance of any and all communication pertaining to the *incident*, on or before 7-12-06 or 7-17-06 at 9:40 a.m., in reference to the 7-10-06 fax report and the follow up call to South Louisiana Correctional Services, Inc., regarding request for approval for surgery.

¶ 10.   *"Identify,"* Nurse Maxie at South Louisiana Correctional Services.

¶ 11.   *"Identify"*   Diana Lott and Dr. John A. Tassin, M.D., at South Louisiana Correctional Services.

¶ 12.   *"Specifically identify' by 'document,'"* the Protocol pertaining to hernias treatment to the plaintiff while at South Louisiana Correctional Services under the control of ADOC.

¶ 13.  *"Identify"* person(s) investigations, decision maker, regarding approval or denial of request for surgery from South Louisiana Correctional Center between *March 16, 2006* through *October 6, 2006*.

¶ 14.  *"Identify"* all person(s) involved on bellow stated dates regarding *"incident"* in question:

      a.     7-10-06
      b.     7-12-06
      c.     7-17-06 at 9:40 a.m.

¶ 15.  *"Identify"* by *"document"* the responsibilities of Brandon Kindard regarding medical treatment, *"incident"* regarding the both 3-21-06 order and recommendation and 7-12-06 response / *"incident."*

¶ 16.  Disclose the substance of any medical agreement / *"identify"* by *"document,"* regarding treatment, care, and quality of medical treatment between the Alabama Department of Corrections and South Louisiana Correctional Services between *March 16, 2006* through *October 6, 2006.*

¶ 17.  *"Specifically identify"* by *"document,"* the treatment Protocols that will be implemented between ADOC and the new medical providers, *"Correctional Medical Services,"* ("CMS") pertaining to treatment to inmates who suffer from a hernia at the department of corrections.

¶ 18.   From *February 2005* through date of your response, disclose any knowledge, information, *"documents"* from anyone requesting improvement, changes updating the Protocols for hernias. If yes, state:

        a.     *identify* the incident,
        b,     *identify* person(s) requesting changes
        c.     *identify* by document of request
        d.     *specifically identify* the requested change, if submitted and disposition.

¶ 19.   After Dr. John A. Tassin, M.D., made his report and recommendation that plaintiff's inguinal hernia needs repair, why was plaintiff subsequently transferred back to the Alabama Department of Corrections on *October 6, 2006,* without surgery? *"Identify by document."*

¶ 20. *"Identify by document,"* the responsibility of the Alabama Department of Corrections regarding the medical decisions of plaintiff while in Louisiana.

¶ 21.   Is it common practice at the Alabama Department of Corrections to disregard any doctor, *specifically* Dr. John A. Tassin's order and recommendation for medical treatment.

¶ 22.  *"Specifically identify,"* and disclosed the substance to any oral communication of the dental request on 6-13-06 regarding dental remarks from Dr. Mike Woodruff.

¶ 23.  *"Identify by document,"* and *"specifically identify"* the new medical providers as of *November 1, 2007* contracted ADOC to deliver medical services to Alabama inmates.

¶ 24.  Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual, who accused or investigated you for such allegation(s); specifically identify, the department, agency, employer, employee, or such other whom accused you of said charges, the nature of the allegation(s); your answers, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official, or involving your individual capacity.

¶ 25.  *"Specifically identify,"* by *"document,"* the procedures, practice, policy, statement, memorandum, directive, governing how South Louisiana Correctional Center medical personnel are/were to obtain approval or disapproval for outside medical treatment for plaintiff regarding surgery for his hernia through ADOC.

### IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendants produce and permit plaintiff to inspect and to copy each of the following documents:

*** RULE 33, Fed. R. Civ. P., "Business Records"*

a.  To permit plaintiff to inspect, analyze, and copy or photograph, *"specific document,"* implemented protocols and policies/procedures of the new medical providers entering the Alabama Department of Corrections as of, or, their admitted date November 1, 2007, who are and, will be responsible for the treatment of plaintiff's injury, i.e., hernia; specifically, the Protocols governing the treatment of hernias suffered by state inmates.

b.  The names and *"identify by document,"* those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias with the new medical providers as of <u>November 1, 2007</u>, entering the Alabama Department of Corrections who will be responsible for the treatment to plaintiff.

c.  All letters, complaints mailed to this Office from the plaintiff, specifically, the certified mail specifically, <u>December 23, 2006</u>, Article No. <u>7006-0100-0002-0735-5561.</u>

d.  Specifically, produce the *"document,"* <u>fax report</u> on <u>7-10-06</u> to Ruth Naglich from Louisiana regarding surgery. State the name of person(s) who received said document.

e.  Specifically, produce the **Offender Grievance # 06-215, June 26, 2006** being South Louisiana Correctional Center, specifically the **front and back** of this <u>specific grievance.</u>

f.  To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

g.  To disclose the material evidence by *"document,"* and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and <u>7-12-06</u>, to any supervisor, agency or agents thereof.

h.  To disclose the substance or oral statements made by any defendant, co-defendant or accomplice, agency, or agent regarding

the Louisiana "**Offender Grievance # 06-215**" June 26, 2006, the **front and back** of this grievance thereof.

    i.    "*Specifically identify by document,*" and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding, approval or disapproval of hernia surgery, requested by South Louisiana Correctional Center medical personnel, from *March 2006* through *October 6, 2006* to the Alabama Department of Health Services.

## V.    *REQUEST FOR ADMISSIONS:*

¶ 1.    *Admit or deny,* that you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 2.    *Admit or deny,* that the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 3.    *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 4.    *Admit or deny,* you are an expert in Hernia repair.

¶ 5.    *Admit or deny,* you have performed surgery on hernias.

¶ 6.    *Admit or deny,* there is almost no limit to how big a hernia could without surgery.

¶ 7.    *Admit or deny* that medically there is no cure for a hernia without surgery.

¶ 8.    *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery.

¶ 9.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison.

¶ 10.    *Admit or deny*, a truss is the cure for a hernia.

¶ 11.    *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia.

¶ 12.    *Admit or deny*, that that issuing of pain medication will not cure a hernia.

¶ 13.    *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia.

¶ 14.    *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

¶ 15.    *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time.

¶ 16.    *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

¶ 17.    *Admit or deny*,  that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 18.   *Admit or deny*, that the opening of a hernia cannot heal itself.

¶ 19.   *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 20.   *Admit or deny*, that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 21.   *Admit or deny*, a truss is for temporary use.

¶ 22.   *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 23.   *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 24.   *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 25.   *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 26.   *Admit or deny*, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 27.   *Admit or deny*, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 28.   *Admit or deny*, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 29.   *Admit or deny*, that a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 30.   *Admit or deny*, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia.

¶ 31.   *Admit or deny*, the very instruction Manuel given to plaintiff by Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief.  However, **CURE IS SURGERY**."

¶ 32.   *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse.

¶ 33.   *Admit or deny*, that you were the supervisor of the medical treatment proscribed to plaintiff while he was in Louisiana.

¶ 34.   *Admit or deny*, ADOC has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia.

¶ 35.   *Admit or deny*, that there are over 300 Alabama inmates diagnosed with hernias from *February 2005* through date of your response.

¶ 36.   *Admit or deny*, that hernia can and are painful.

¶ 37.   *Admit or deny*, you were responsible for the monitoring of the health care given to plaintiff while he was in Louisiana.

¶ 38.   *Admit or deny*, you instructed, Brandon Kindard to call Louisiana with instructions concerning this incident.

¶ 39.   *Admit or deny*, under the standard of care, the Protocols pertaining to hernia treatment for Alabama inmates subjects a patient to endure pain and suffering.

¶ 40.   *Admit or deny*, that Alabama Board of Medical Examiners are not aware of the practice involved with ADOC and their medical providers, being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary.

¶ 41.   *Admit or deny*, this Protocol ought to be changed pertaining to hernias.

¶ 42.   *Admit or deny*, that even if Dr. Hobbs recommended plaintiff surgery for his hernia, and because the hernia does not meet the protocol, ADOC Health Services, would have denied the recommendation regardless.

Done this **28**th Day October 2007.

® _____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

17

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this **29th** Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

®  _____

Marcellus Breach