IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

**MOTION TO COMPEL AND REQUEST FOR SANCTIONS FOR WILLFUL DISOBEDIENCE / FAILURE TO COMPLY WITH COURT ORDER**

**COMES NOW**, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, pursuant to *Federal Rules of Civil Procedures*, as follows:

1.    Under <u>Rule 37(a)(2):</u>

   [1](a)    To compel the medical defendants immediately produce for inspection and copying and allow the plaintiff to inspect and/or copy the protocols, and; policies/procedures of Prison Health Services, Inc., ["PHS"] governing the treatment of hernias suffered by state inmates no later then <u>October 31, 2007;</u>

---

[1] Upon information and belief, October 31, 2007 is the date the PHS, medical defendants contract expires with the Alabama Department of Corrections and another medical company known as Correctional Medical Services, Inc., ("CMS") will be the medical providers at ADOC.

1

    (b)    To compel the medical defendants to immediately produce and identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocols and policies/procedures;

    (c)    To require defendants to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

2.    Under *Rule 37(b)(2)*:

    (a)    To treat as a contempt of court the failure of the medical defendants to obey this Court's Order entered on *October 11, 2007*, the issuance of discovery order, and;

    (b)    To enter a judgment by default on the issues of liability in favor of plaintiff and against defendants under Courts I, II, III, IV and V, of plaintiff's complaint, amended complaint, and supplemental complaint; and, grant the Preliminary Injunctions and relief request therein;

    (c)    To strike all of defendants' defenses and to preclude defendants from introducing any evidence in support thereof;

    (d)    To require defendants to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.    Under *Rule 37(d)*:

    (a)    To treat as a contempt of court the failure of any defendants to respond to the request and Order for Inspection by *October 26, 2007*;

(b) To enter judgment by default on the issue of liability in favor of plaintiff and against defendants in Courts I, II, III, IV, and V, of plaintiff's complaint, amended complaint, and supplemental complaint; also, granting plaintiff's application for preliminary injunction and under Fed. R. Civ. P. 37 (b)(2)(B)-(D)

(c) To require defendants to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

## *MEMORANDUM AT LAW/POINTS ON AUTHORITY*

This Court issued an Order on <u>October 11, 2007</u>, directing the medical defendants to comply with plaintiff's discovery request, specifically Inspection and Copying, also Disclosure of names of those individual(s) responsible for the implementation and maintenance of the treatment Protocols. Defendants and counsel are obstinate because they refuse and have done absolutely noting attempting to comply with this Court's order.

Counsel and the medical defendants' actions are malignant and they amount to being disobedient to this Court orders on several occasions -- creates nothing more than a <u>mockery to the justice system</u>, no respect for this Court's orders and allows plaintiff to linger in an inimical medical stagnant stake which subjects him to endure this pain due to this untreated hernia.

May this Court be mindful, that citizen of the United States depend of their Courts. If citizens cannot depend of their Courts to enforce their orders, uphold the law,

administer justice, then the entire justice system will end up a "no help' remedy and will become a Chimerical breakdown in the justice system that is not designed to allow any person to suffer without remedy.

## I. THE LAW

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling **or pretrial order** . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in _Rule 37 (b)(2)(B), (C), (D)._ In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was _substantially justified or_ that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

4

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Federal Rule of Civil Procedure 37(b) states that "[i]f a party . . . <u>fails to obey</u> an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth

5

Amendment,"a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" **Serra Chevrolet, Inc. v. Gen. Motors Corp.**, 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting **Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee**, 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

### *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." **Carlucci v. Piper Aircraft Corp., Inc.**, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." **Id.**

May the Court understand that Plaintiff is frustrated that Defendant failed to provide his requested discovery on time, and he is still suffering pain, and reasonable fees under the circumstances can be appropriate. In addition, Rule 37(b) requires the payment of reasonable expenses caused by a failure to obey the court order unless Defendant shows that the failure was justified or circumstances make the award of expenses unjust. See FED. R. CIV. P. 37(b)(2) ("[T]he court **shall** require the party failing

6

to obey the order . . . to pay the reasonable expenses . . . unless . . . the failure was substantially justified . . . .") (emphasis added); **See** FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). A **pro se** party may be awarded expenses under Rule 37. **See Walker v. Tri-Tech Planning Consultants, Inc.**, 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents **pro se** litigants from recovering their expenses in a *Rule 37* motion.").

Plaintiff refuses to believe that this Court approves of <u>any party</u> disobeying its orders; this Court should find that the sanction of expenses is appropriate because circumstances would make an award of expenses just. The evidence before the Court shows that Defendant's disobedience to this Court's order was intentionally and Plaintiff made every reasonable bona fide effort to confer with defendants on *October 26, 2007* at approximately 10:00 a.m., while reviewing his medical records through Ms. Harris Head Classifications and Ms. Appleton for ADOC, at the prison hospital, plaintiff requested to speak with the Nurse Administrator and/or the Medical Director regarding this Court's order. Plaintiff was advised that: "**they don't want to see you**". [*See, Affidavit of Plaintiff*]

7

## RELIEF REQUESTED

a. That the Court grant this motion to compel; and,

b. that this Court grant reasonable fees in the amount to $260.00, and that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c. That the costs of Inspection and Copying bear of the defendants upon the granting of this Compel of their policies/procedures, and Protocols.

d. That this Court grants plaintiff relief.

f. That this Court Compel the medial defendants to identify the individual(s) responsible for the implementation an maintenance of the aforementioned treatment protocol and policies/procedures as ordered by the court on <u>October 11, 2007</u>.

g. That pursuant to this Court's Discovery Scheduling Order entered on 18th Day of October 2007, the <u>November 20, 2007</u> dead line for all discovery request to be submitted be "**STAYED**" for good cause until defendants comply with the orders, directives of this Court, especially this motion at bar regarding discovery and inspection.

h. That this Court administer and enforce justice as to what this Court deems fair and appropriate.

Done this 27th Day October 2007.

/s/ Marcellus T. Breach
Marcellus Breach 160710
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

8

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710 | * |
| Plaintiff, | * |
| Vs. | *   CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., et al., | * |
| Defendants. | * |

### DECLARATION OF THE PLAINTIFF IN SUPPORT FOR SANCTIONS AND REASONABLE FEES

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am <u>Marcellus Breach, AIS #160710</u>, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion To Compel and Request for Sanctions against the medical defendants for their failure to obey this Court's order entered on October 11, 2007, regarding that the medical providers allow me to inspect and/or copy the protocols and policies/procedures of Prison Health Services, Inc., {"PHS"} governing the treatment of hernias suffered by state inmates: Also, that the medical defendants identify the individual(s) responsible for the implementation and maintenance of the treatment protocol and policies.

I state on October 26, 2007, ADOC through Head Classification, Ms. Harris and classification specialist Ms. Appleton met with me, and prior to said date, Ms. Harris allowed me to review my institutional file and make copies of requested documents. On October 26, 2007, @ approximately 10:00 a.m., Ms. Harris and Ms. Appleton supervised inspection and copying of my medical file being my medical records as ordered by this Court and on said date, ADOC representatives delivered the requested institutional and medical records being documents

9

On October 26, 2007, I asked Ms. Harris did she know whether PHS defendants are going to comply with the Court's order regarding protocols, policies/procedures. I also asked Ms. Harris if I could speak with Ms. Debbie Hunt, the Nurse Administrator or the Medical Director. Ms. Harris did make an attempt to allow me to see and speak with Ms. Hunt and told me that Ms. Hurt: "**She don't want to see you**".

Also, the attached document [**Exhibit "A"**] is my "Memo" directed to Rushton, Stakely, Johnston & Garrett, P.A., and the law firm representing the medical defendants mailed by U.S. First Class Mail, on the 24th Day of October 2007, requesting cooperation with discovery and court orders. Defendants have not made any attempt to confer with me regarding my discovery request and this Court's order.

In regards to reasonable fees incurred in the preparation of this document requesting Compel and the amount of time incurred in obtaining the relief requested is:

**(Reasonable Fees @ $65.00 per hour @ 4 hours = $260.00 incurred)**

I state that it has taken me four hours of research and work in preparing this document to Compel and request for Sanctions. I swear the foregoing is true and correct under the penalty of perjury 28 U.SC. 1746 on this 27th Day of October 2007.

Marcellus Breach 160710

10

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 29th Day of October 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

/s/ Marcellus Breach
Marcellus Breach

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, # 160710

    Plaintiff,

Vs.

                            CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

## MEMO

TO:   RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
        Attention: Paul M. James, Jr.
        P.O. Box 270
        Montgomery, Alabama 36101-0270

RE:   **Discovery/Inspection of Documents**

To *Whomsoever It May Concern:*

This letter is giving timely notice of intent to file sanctions for this law firms failure to comply with Court orders and discovery request.

October 26, 2007, is the deadline for the medical defendants to allow inspection and copying of documents. So far, no attempt has been made by the medical providers to schedule a time, date, for such inspection. Nevertheless, in the event that the medical defendants disobey the Court's order, I will immediately request sanctions.

I ask that you corporate with discovery request.

Sincerely,

*/s/ Marcellus Breach*
Marcellus Breach

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class properly addressed postage prepaid and mailing on this 24 Day of October 2007.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

_____
Marcellus Breach