IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § § | |
| Defendants. | § | |

**RESPONSE TO PLAINTIFF'S NOTICE OF INTENT TO FILE
MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, MOTION
TO STRIKE PLEADINGS AND AFFIDAVITS AND AFFIRMATIVE DEFENSES**

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and in response to Court Doc. #152, Notice of Intent to File Motion for Sanctions or, in the Alternative, Motion to Strike Pleadings and Affidavits and Affirmative Defenses, state the following:

On or about October 23, 2007, this Court entered an Order asking the medical defendants to show cause why sanctions should not be imposed upon them for their failing to file a response addressing the arguments contained in the Plaintiff's Motion for Sanctions/Motion to Strike [Court Doc. No. 152]. In its previous Order [Court Doc. No. 155], this Court **DENIED** the Plaintiff's Motion to Strike. [Exhibit "A" - Order on Motion]. For reasons that are unclear from the Court's Order, that Order still required the medical defendants to address arguments set forth in that motion which the Court struck. It seems unnecessary to address arguments in a motion that the Court has already denied,

however, the medical defendants will gladly do so so that the record is complete. The medical defendants would show the following:

1. As has previously been addressed in the multiple pleadings previously filed with this Court, Mr. Breach has engaged in intentional misrepresentations to this Court, misconstruing, if not intentionally lied, about medical evidence from Dr. John Tassin, and failed to comply with the requirements of the Prison Litigation Reform Act, despite his perjurous statements to the contrary.

2. The prisoner complains in paragraph 5 of his motion that the Defendants are withholding evidence. **THIS IS NOT TRUE**. For reasons that are clear and have been established by affidavit testimony, such statements constitute further evidence that the Plaintiff should be sanctioned for his intentional misrepresentations to this Court. Prison Health Services has specific forms and specific guidelines, pursuant to the Prison Litigation Reform Act <u>that have not been complied with by Mr. Breach in this case</u>. Mr. Breach may "classify" certain forms in a certain way or may "argue" that certain forms mean something else. In the end, it has been established, via undisputed evidence, that Mr. Breach has failed to comply with the mandatory exhaustion provisions of this Act, requiring that his case be dismissed.

3. Throughout this case, Mr. Breach has misrepresented the medical records from Dr. Tassin. The records have already been marked as an exhibit in this case and state that Breach's hernia "needs repair?" The records speak for themselves and arguments to the contrary should result in immediate and swift sanctions on the Plaintiff for his intentional efforts to mislead this Court concerning prior medical treatment of his hernia in this case.

4. In a recent pleading, Prison Health Services took the following position with regard to Breach's intentional failure to follow medical instructions provided to him:

> Breach fails to follow instructions provided to him, fails to adhere to restrictions placed upon him by PHS physicians, and fails to wear the truss prescribed for him, all of which would keep his hernia from progressing and would eliminate his pain complaints.
>
> [Affidavit Dr. William Hobbs, p. 2 -- "Special Report and Answer of Dr. William Hobbs, et al."]

5. It is critical that Mr. Breach does not appear to have opposed this affidavit. However, <u>when he does</u>, it will be yet another example of perjury and intentional fraud being practiced upon this Court. Prior medical records further support that Breach failed to follow instructions provided to him and the restrictions placed upon him by PHS physicians. Thus, PHS is properly placing that point in issue before this Court.

6. Mr. Breach and his mother's attorneys have pummeled this Court with pleading after pleading, discovery request after discovery request, over an issue that is easy for this Court to decide. Despite the voluminous pleadings, orders, time, and attention devoted to this case, the questions that are still at issue include the following:

   a. Does the medical care provided to Marcellus Breach, as a result of the hernia condition suffered by him constitute "deliberate indifference to a serious medical need" rising to the level of a constitutional violation under the Eighth Amendment?

   b. Does the conservative medical treatment provided to Breach for his easily reduceable hernia constitute medical malpractice in violation of the Alabama Medical Liability Act?

The unequivocal answer to these two questions is a loud and clear "NO."

7.   For the reasons set out herein, the Defendants believe that no sanctions, instructions or further pleadings are needed to address the Plaintiff's frivolous motions. The Defendants maintain that their affidavits have been made based on fact and evidence not perjurious statements, as alleged by the Plaintiff.  The Plaintiff and his attorney(s) should be held accountable for these actions at a later date.

WHEREFORE, all premises considered, these Defendants do hereby further object to the Plaintiff's Motion for Sanctions and does concur with the Court's Order dismissing that pleading.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 262-6277 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 1st day of November, 2007, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    /s/ PAUL M. JAMES, JR. (JAM017)
    OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710,   )
                             )
    Plaintiff,              )
                             )
v.                           )    CASE NO. 2:06-CV-1133-MEF
                             )
PRISON HEALTH SERVICES, et al., )
                             )
    Defendants.             )

**ORDER ON MOTION**

Upon consideration of the motion to strike filed by the plaintiff on October 1, 2007 (Court Doc. No. 152), and for good cause, it is

ORDERED that this motion be and is hereby DENIED.  It is further

ORDERED that on or before October 18, 2007 the medical defendants shall address the arguments set forth by the plaintiff in his motion to strike.

Done this 3rd day of October, 2007.

                                    /s/ Terry F. Moorer
                                    TERRY F. MOORER
                                    UNITED STATES MAGISTRATE JUDGE


DEFENDANT'S EXHIBIT A