IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

 Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

 Defendants.

    CASE NO: 2:06-cv-1133-MEF

## MOTION IN REQUEST TO EXPEDITE PRELIMINARY INJUNCTION HEARING

***COMES NOW***, Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," moves this Court pursuant to <u>Rule 65(a)</u>, Federal Rules of Civil Procedures, to consider the "unnecessary wanton infliction of pain" resulting from defendants simply ignoring complaints of pain, and ignoring the "cure" which is surgery; and, expedite the pending "<u>Application for Preliminary Injunction</u>" and relief requested therein: Breach shows bona fide as follows:

1) Defendants continue to stress to this Court that Breach's injury is not an emergency situation. When it becomes an emergency situation, it is fair to say, defendants will let Breach die because before this Court are repeated sick calls that went ignored and on or about October 2nd or 5th 2007, Breach requested to see the doctor about pain, and only saw a nurse practitioner. A nurse practitioner cannot make any medical

1

judgments concerning surgery, only a doctor. But, now defendant block Breach from being seen by the prison doctor. Morethanless, Breach's injury is beyond any treatment being pain medication.

How long will this Court allow a human to suffer pain? The very purpose of the preliminary injunction is to maintain the status quo, which in this case is Breach's health, because his health is deteriorating due to the defendants refusal to provide the only remedy that will alleviate his pain and that is surgery. An evidentiary hearing is not necessarily required for this Court to issue the preliminary injunction and order defendants to provide Breach with surgery, relieving his pain and suffering. *See All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) ("An evidentiary hearing is not always required before issuance of a preliminary injunction.").

2) In *Estelle v. Gamble*, the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the <u>unnecessary and wanton infliction of pain</u> . . . proscribed by the Eighth Amendment ." *Estelle,* 429 U.S. at 104, 97 S. Ct. 285 (quotation marks and citation omitted); the Eleventh Circuit stated:

In our circuit, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). In either

of these situations, the medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor*, 221 F.3d at 1258 (alteration in original) (quoting *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970 ). Our precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not. *Farrow*, 320 F.3d at 1243 (footnotes omitted). On 3-21-06, Dr. John A. Tassin, M.D., made his order and recommendation that Breach's inguinal hernia "Needs Repair". This has been ignored consistently by the defendants. There is no other reason for delaying, denying Breach treatment. Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *McElligott*, 182 F.3d at 1255 . For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Hill*, 40 F.3d at 1190 n. 26 ; *H. C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)) .*Farrow*, 320 F.3d at 1245-46 . Thus, a plaintiff must prove, in order to show a sufficiently serious deprivation made with the subjective intent to punish, that a defendant had "knowledge of a serious medical risk and a disregard of that risk by conduct that is more than mere

3

negligence." *Flowers v. Bennett*, 135 F.Supp.2d 1150, 1154 (N.D. Ala. 2000) (citations omitted).

## POINT A

### THIS CASE IS NOT A DIFFERENCE OF AN OPINION BETWEEN PLAINTIFF AND PRISON DOCTORS, and IT IS FOR A JURY TO DECIDE WHETHER DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE

### MEMORANDUM AT LAW/POINTS ON AUTHORITY

Throughout this entire litigation, counsel for the medical defendants continues to 'ambush' this Court with his theory that this case is a difference of opinions between Breach and the prison doctors, is incorrect. In addition, counsel continues to apply statement of law, that is distinguishable, and incorrect: [*See*, "*Defendant's Response To Prisoner's Motion For Independent Evaluation [Court Doc.# 124], page 4., ¶ 1.*] Counsel argues: "This "difference of opinion" does not create an issue of fact on whether one doctor's actions constitute deliberate indifference to a serious need, as required by law." Citing, **Ciccone v. Sapp,** 2007 U.S. App. LEXIS 15478 (11th Cir. June 28, 2007).

This case at bar, does not, travel under such theory between Breach and the decision of prison doctors. Furthermore, there is and will be further expert testimony available which is essential necessarily to strip defendants of their immunity, if applied. In **Thompson v. Bel**, 2007 U.S. Dist. LEXIS 11697 (M.D. Fla. Feb. 20, 2007) The prisoner, Thomspon disagreed with the decision of the prison doctors. Thompson did not offer any expert testimony to refute and establish the inadequacy of the medical treatment

proscribed to him, which is required in a deliberate indifference case.[1] In *Thomspon* the Court held:

> "His allegations amount to no more than a difference of opinion as to the course and scope of treatment for his condition. A difference of opinion over matters of medical judgment **between the prison's medical staff and the inmate** as to the latter's diagnosis or course of treatment does not give rise to the level of a constitutional claim. See *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).The propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. See *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("matters of medical judgment" do not give rise to a 1983 claim). See also *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) , *cert. denied*, 450 U.S. 1041, 101 S. Ct. 1759, 68 L. Ed. 2d 239 (1981) (**difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation**); *Burns v. Head Jailor of LaSalle County Jail,* 576 F. Supp. 618, 620 (N.D. Ill. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under 1983 ). The essential test is one of medical necessity and not one simply of desirability -- a test not met by the allegations in the complaint. **Id.**

### POINT NO 2.

### *DELIBERATE INDIFFERENCE IS FOR THE JURY TO DECIDE*

Without going into a whole line of other federal circuit decisions concerning the treatment of prisoners regarding their inguinal hernias. However the issue before this court is the "unnecessary wanton infliction of pain" that is supposed to be protected by the Eighth Amendment. The Eight Circuit granted relief to a prisoner suffering

---

[1] If Breach was disagreeing with the prison doctors without expert testimony, Breach would have never filed suit. Dr. Yerubanid's opinions and forthcoming opinions, will create a genuine issue of material fact for a jury to decide deliberate indifference.

from a heria in <u>Cotton v. Hutto,</u> 540 F.2d 412 (8th Cir. 1976) (inmate who experienced a hernia while in prison pleaded facts showing the denial of surgery may show deliberate indifference); **Delker v. Maass**, 843 F. Supp. 1390 (D. Ore. 1994) (deliberate indifference evidenced in surgical delay for non-incarcerated, inguinal hernia); **West v. Keve,** 541 F. Supp. 534 (D. Del. 1982) (prison officials violated Eighth Amendment by not furnishing elective surgery for condition causing varying degrees of pain).

In this case, counsel presents some theory that Breach's experts will not be "sufficient evidence favoring his position for a reasonable jury to return a verdict in his favor". Counsel believes this case is a mere difference of medical opinions, which is incorrect. This case just simply has not yet come to the level, where Breach will present his proof by the evidence through expert testimony, a qualified surgeon Dr. Yerubandi,'s opinions against the opinions of defendants being prison doctors, which will travel to a judgment of deliberate indifference, and that defendants actions breached the standard of care.

Counsel is incorrect because expert testimony is necessary in a deliberate indifference case, because is necessary to establish, demonstrate a genuine issue of material fact for a jury to decide. In **Taylor v. Questcare, Inc.**, 1995 U.S. Dist. LEXIS 14975 (S.D. Ala. 1995), the prisoner <u>lacked expert</u> testimony that was necessary to prove his claim of inadequate medical care. The Court held addressing the importance of expert testimony:

6

"Plaintiff's claim that Defendant Dr. Thomas's treatment was inadequate and inappropriate <u>is not</u> supported by Plaintiff **with additional evidence**. The only evidence that Plaintiff presents for this claim is found in his grievance, which is his conclusory claim that Defendant Dr. Thomas's treatment is inadequate and inappropriate and that he changed Plaintiff's prescription without an examination. **Plaintiff has not produced evidence from an expert medical witness to disagree with the treatment that Plaintiff received from Defendant Dr. Thomas or to demonstrate that Defendant Dr. Thomas's treatment constituted a deliberate indifference.**' [ ]

. . . "Plaintiff in **order to be successful** on his claim of inadequate and inappropriate medical treatment against Defendant Dr. Thomas that he **provide evidence from an expert that would remove Plaintiff's claim from the realm of a mere dispute over the adequacy of or appropriateness of treatment and would establish that Defendant Dr. Thomas was deliberately indifferent to Plaintiff's serious medical needs.** *Waldrop*, <u>871 F.2d at 1033</u> (the court will not second-guess the propriety or adequacy of medical treatment as this is a question of sound professional judgment); ***Rogers v. Evans***, <u>792 F.2d 1052</u>, 1058 (11th Cir. 1986) ("Whether medical misdiagnosis resulted from deliberate indifference or negligence is a **factual question requiring exploration by expert witnesses**."); ***Hamm v. Dekalb County***, <u>774 F.2d 1567</u>, 1575 (11th Cir. 1985) (federal courts are reluctant to second-guess medical judgments where plaintiff has received medical attention and the dispute is over the adequacy of treatment), *cert. denied*, <u>475 U.S. 1096</u>, 106 S. Ct. 1492, <u>89 L. Ed. 2d 894</u> (1986).

. . . [ ] . . . By Plaintiff's <u>failure to furnish expert evidence</u> that would <u>furnish proof</u> of his claim and <u>would create a genuine issue of material fact</u>, Plaintiff has failed to establish an essential element of his Eighth Amendment claim against Defendant Dr. Thomas, i.e., deliberate indifference. *See Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552 ("The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.")

In *Greffey*, the Court held that the Eleventh Circuit recognizes that an examination of the knowledge and actions of medical and mental health professionals is not

7

particularly suited to evaluation through the subjective lens of the deliberate indifference test, because "the quantify of a doctor's treatment is evaluated according to professional standards". See, *Greffey v. Alabama Department of Corrections,* 996 F. Supp. 1368 (N.D. Ala. 1998) cf. citing, *Waldrop v. Evans*, 871 F. 2d. 1030, 1035 (11th Cir. 1990))("We cannot determine ... whether [prison doctors] treatment constituted deliberate indifference to [inmate's] needs because that treatment must be evaluated according to professional standards"). Id. @ 1381. The <u>Greffey</u> Court further stated:

> "in order for Dr. Sandefer to be <u>stripped of qualified immunity</u>, plaintiff <u>must demonstrate his treatment violated a clear and specific standard</u>, so that similarly situated mental health care providers would have known his or her actions violated Morrison's constitutional rights. In a medical treatment case, a <u>plaintiff must demonstrate</u> the existence of a clearly established medical standard either <u>through reference to prior court decisions or to the contemporary standards and opinions of the medical profession.</u> Plaintiffs frequently resort to the contemporary standards of the medical profession when the challenged action required the exercise of medical judgment. In such an instance, a **plaintiff may produce opinions of medical experts asserting that the inmate's treatment was so grossly contrary to accepted medical practices as to amount to deliberate indifference.**" Adams, 61 F.3d @ 1543 (citations omitted) Id. at 996 F. Supp. 1387.

In addition, as reiterated and clearly established, it is for the jury to determine whether the defendants acted deliberate indifferent to Breach's medical needs. It is not counsel's determination, it has to be determined by the jury. In <u>Howell</u>, the Eleventh Circuit's statement of law governing expert testimony and differences in opinions between doctors and the standard of care is:

> "We also find that, relevant to the actions of a medical official, if the <u>plaintiff demonstrates that a reasonable doctor</u> in the <u>defendant's position</u> would have known that his actions were grossly incompetent by medical standards, then a jury could find deliberate indifference and qualified immunity would be inappropriate. See, *Howell v. Evans*, 922 F. 2d @ 721 (11th Cir. 1991).
>
> The Eleventh Circuit has indicated that <u>experts can aid</u> the court in the determining the validity of a qualified immunity defense when the plaintiff's allegations hinge upon the appropriateness of the actions of medical health professionals. Such expert medical testimony, making reference to <u>specific deficiencies in a defendant's treatment and specific medically accepted standards might, in conjunction with the specific facts of a case, persuade a court that the medical defendant's actions in the case were clearly as great a departure from appropriate medical standards as previous departures found unconstitutional in prior cases</u> – i.e., might persuade a court that a reasonable professional in defendant's shoes would have known that his challenged actions (or inactions) violated plaintiff's constitutional rights. *Dolihite*, 74 F. 3d @ 1046

Rendition under the law as reiterate, this is not a case of differences between Breach and prison doctors. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." *Id.* (citation omitted).[2] Put another way, a <u>mere difference in opinion between **prison medical officials and the inmate**</u> as to the latter's diagnosis or course of treatment will not support a claim of cruel and unusual punishment. *Harris v. Thigpen*, <u>941 F.2d 1495</u>, 1505 (11th Cir. 1991) ; *Waldrop v. Evans*, <u>871 F.2d 1030</u>, 1033 (11th Cir. 1989) .

---

[2] Courts hold that expert testimony is necessary in medical treatment cases to defeat a summary judgment motion.

Breach has state tort law claims as well in this case being malpractice, negligence against the prison doctors that requires expert testimony. Expert testimony must assist the trier of fact to decide a fact in issue. In short, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier,* 387 F.3d at 1262. Thus, expert testimony regarding issues within the understanding and experience of average citizens is properly excluded. **United States v. Rouco,** 765 F.2d 983, 995 (11th Cir. 1985). Nevertheless, "expert testimony is admissible if it will simply assist the trier of fact to understand the facts already in the record, even if all it does is put those facts in context." *Weinstein's Federal Evidence* 702.03[1] (2d ed. 2007). Yet, "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier,* 387 F.3d at 1262-63.

"In order to establish proximate cause by a preponderance of the evidence in a medical malpractice action, the plaintiff must use *expert testimony* because the question of whether the alleged professional negligence caused the plaintiff's injury is generally one for specialized expert knowledge beyond the ken of the average layperson." ***Zwiren,*** 276 Ga. at 500 (citations omitted). In the area of medical negligence, "[a] plaintiff may not rely on his own statements and lay opinions to avoid summary judgment." ***Suggs v. U.S.,*** 199 Fed. Appx. 804, 808 (11th Cir. 2006)

(unpublished opinion) (citing *Parker v. Knight*, 245 Ga. 782, 267 S.E.2d 222 (1980) ; *Lawrence v. Gardner*, 154 Ga. App. 722, 270 S.E.2d 9 (1980).

Here, Breach will offer expert testimony. Absent expert testimony which states that Defendant did not comply with the required standard of care and that the alleged breach by Defendant caused Breach's injury, Breach can satisfy either the second or the third prong in proving medical negligence as a matter of law.

WHEREFORE, premises considered, Breach request that this Court grant what it deems and appropriate in this case, relieving Breach's pain.

Done this 30th Day Octoebr 2007.

®_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 29th Day of October 2007.

| | |
|---|---|
| Alabama Dept. Of Corrections<br>Legal Division<br>P.O. Box 301501<br>Montgomery, Alabama 36130 | Rushton, Stakely, Johnstone & Garrett, P.A.<br>P.O. Box 270<br>Montgomery, Alabama 36101 |

_____
Marcellus Breach

11