IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

_____

MARCELLUS BREACH, #160710,

     Plaintiff,

                              *      CASE NO: 2:06-CV-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC.,

     Defendants.

*          *          *          *

### MOTION TO STAY SUMMARY JUDGMENT UNTIL COMPLETTION OF DISCOVERY

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves this Honorable Court pursuant to _Rule 56(f), Federal Rules of Civil Procedures,_ to "Stay" the **November 20, 2007**, scheduled date that plaintiff must file his response to the defendant's "special report" [**Court Doc. 192-1, Order**] for good cause: Breach would show as follows:

¶ 1.    On _November 5, 2007,_ plaintiff submitted a document entitled: **"Motion Requesting**

**This Court To Reconsider The Filing Date Ordered On Plaintiff To File His Opposition**

**To Summary Judgment Consideration As Ordered November 20, 2007 Date"**

¶ 2.    On October _31, 2007,_ the court issued an order upon plaintiff directing that the

court has reviewed the special reports and supporting evidentiary materials filed by the

defendants and determined that the plaintiff should file a response in opposition to such

1

pleading by on or before *November 20, 2007*, plaintiff is directed to file his response to the written reports filed by the defendants being Rule 56, Federal Rules of Civil Procedures, Summary Judgment. [*Court Doc. 192-1, Order*]

¶ 3.     On *October 18, 2007*, the court issued its discovery scheduling order directed to all parties that on or before *November 20, 2007*, all request for discovery are to be filed with the court and served on the appropriate party. [*Court Doc. 178-1, Order*]

¶ 4.     On *November 1, 2007*, the court **extended** the initial discovery scheduling order from *November 20, 2007* to and including **December 10, 2007**. [***Court Doc. 197-1, Order***]

¶ 5.     On *October 11, 2007*, plaintiff submitted his *first set of Admissions* upon the defendants, and <u>this court issued an order</u> that the defendants are to object or otherwise respond to the request for admissions submitted by the plaintiff [*Court Doc. 173*] on or before **November 26, 2007.** [1]

¶ **6.**     *October 24, 2007*, plaintiff filed *his first set of interrogatories and request for admissions, production of documents* to defendant *Bradford Adams*, nurse practitioner.   Defendant's response date <u>30-days</u>, will be on or before *November 24, 2007*, after the **November 20, 2007**, deadline for plaintiff to file his opposition to summary judgment. [*Court Order Doc. 192-1*]

_____

   **May the Court note that its order on Admissions [Court Doc. 174-1 has a response date some six (6) days <u>after the initial</u> discovery deadline was <u>November 20, 2007</u>.   Defendants are ordered by <u>November 26, 2007</u>, to respond to Admissions [Court Doc. 174-1, Order] and the Court ordered plaintiff to file his opposition to summary judgment by <u>November 20, 2007</u>. [Court Doc. 192-1] <u>before</u> plaintiff <u>receives</u> defendant's response to his Admissions, places plaintiff into an impossible position to file his opposition '"<u>without</u>" answers to discovery request.**

¶ 7.    On *October 26, 2007,* plaintiff filed his <u>second</u> set of interrogatories and request for admissions, production of documents upon defendant *Dr. Michael E. Robins, M.D.,* and his response date <u>30-days</u> will be on or before **November 26, 2007**, same date of this court's order on request for Admissions, [*Court Doc. 174-1, Order*]

¶ 8.    On *October 29, 2007,* plaintiff filed his <u>third</u> set of interrogatories and request for admissions, production of documents upon defendant *Ruth Naglich,* and her date 30-days to respond will be on or before *November 29, 2007,* <u>some nine (9) days</u> after the **November 20, 2007**, date for plaintiff to file his opposition to summary judgment. [*Court Doc. 192-1, Order of October 31, 2007*]

¶ 9.    On or about *November 6, 2007,* plaintiff will file his <u>fourth</u> set of interrogatories and request for admissions, production of documents to defendant *Dr. William E. Hobbs, M.D.,* and his response date will be on or before **December 6, 2007**.

¶ 10.    Plaintiff argues that it is <u>impossible</u> for his to submit his opposition to defendant's special report, adequately, and properly because basically he <u>only has 14-days</u> to gather his evidence, and request that this court "Stay" summary judgment **until** discovery request are submitted, **December 10, 2007**, and all responses to discovery request from the defendants <u>have been filed with the court</u>: and <u>after an adequate record</u> has been established.    Then, plaintiff can properly submit his opposition to summary judgment because he will have received the evidence needed to prove that there is a genuine issue of material fact for trial.

## *PRELIMINARY STATEMENT*

On *October 10, 2007,* plaintiff filed a document entitled as construed as a motion for reconsideration of the order entered on October 3, 2007 (*Court Doc. 157*) and this court grant plaintiff's request for production and inspection/copying of his institutional file, and medical records.  The court also granted production and inspection/copying of the Prison Health Services, Inc., treatment protocols and policies/procedures of their protocols governing the treatment of hernias suffered by state inmates; and, that on or before *October 26, 2007,* that the medical defendants were ordered to identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies/procedures with respect to the time period relevant to the claims presented by the plaintiff. [*Court Doc. 171-1, Order*]

On *October 31, 2007,* plaintiff filed a document entitled **motion to compel** [*Court Doc. 196*] production and inspection/copying to the PHS protocols and policies/procedures, also that this court compel the medical defendants to identify the individual(s) responsible for implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, governing the treatment of hernias suffered by state inmates. The court granted plaintiff's motion to compel and on *November 1, 2007,* issued an order upon the medical defendants that on or before *November 10, 2007,* that comply with this court's order on production, copying and identify the individual(s) responsible for the implementation and maintenance of the

4

treatment protocol/policies/procedures of Prison Health Services, Inc., by *November 10, 2007*. This court also, issued an order upon the medical defendants to show cause why sanctions should not be placed on them for the failure to comply, obey this court's order by *November 10, 2007*. [*Court Doc. 200, Order*]

Without the production of the requested discovery materials, it is impossible for plaintiff to timely, properly and adequately submit his opposition for summary judgment as order by the court on or before *November 20, 2007*, [*Court Doc. 192-1, Order*] and without plaintiff receiving defendants responses to all of his requested discovery materials, interrogatories, admissions, production of documents, plaintiff cannot overcome the burden placed on him by *November 20, 2007*.

## ARGUMENT IN SUPPPORT OF REQUESTED STAY OF SUMMARY JUDGMENT DATE NOVEMBER 20, 2007.

Discovery is has not been completed in this case, basically it has just begun. Plaintiff is the non-moving party, and "[t] he nonmoving party in a summary judgment motion is to be given the opportunity to "discovery information that is essential to his opposition". *Anderson,* 477 U.S. @ 250.

First and foremost, PHS and its employees are not entitled to raise the defense of qualified immunity in this case. Two cases before this Court, *Nelson v. Prison Health Services,* 991 F. Supp. 1452 (M.D. Fla. 1997)(nurses employed by a private company that provided medical services for county jail were not entitled to raise qualified immunity

defense in § 1983) and *McDuffie v. Hopper, et al.*, 982 F. Supp. 817 (M.D. Ala. 1997)(Private party doctors and mental health care providers were not eligible for qualified immunity from suit based on suicide of prisoner, despite their status as government contractors; they were performing at their own behest, motivated by desire to make a profit, rather than at the behest of the sovereign) *District Judge Albritton, J.*, presiding, issued an opinion stare decisis that defendants are not eligible to raise qualified immunity. This Court's *District Judge Albritton*, ruled: "Private party doctors and mental health care providers were not eligible for qualified immunity from suit based on suicide of prisoner, despite their status as government contractors; they were performing at their own behest, motivated by desire to make a profit, rather than at the behest of the sovereign. Id. @ 817.

Prison Health Services, Inc., Dr. Hobbs, Dr. Lyrene, and Dr. Robbins, nurse practitioner Bradford Adams, and several more PHS employees are not entitled to raise qualified immunity in this case. Defendants cannot show they are entitled to any immunity because this District Court has rejected a private party, doctors providing health care to prisoners the privilege to claim that they were acting out of their discretion when it is shown that they are violating clearly established law, the court must address the threshold question whether these particular defendants are entitled to claim the benefits of qualified immunity under § 1983 at all.

Not all defendants who may be sued under § 1983 are entitled to even claim such immunity. In 1992, the Supreme Court decided that private defendants who are subject to § 1983 liability for invoking state attachment, garnishment, and replevin statutes are not entitled to claim a qualified immunity defense. *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed. 2d 504 (1992). This decision directly overruled an earlier decision by the Eleventh Circuit. See, *Jones v. Preuit & Mauldin*, 851 F.2d 1321, 1323-24 (11th Cir. 1989)(en banc), vacated on other grounds, 489 U.S. 1002, 109 S.Ct. 1105, 103 L.Ed. 2d 170 (1989). The question raised here on summary judgment will be whether the present medical defendants, who are not government entities or government employees, are themselves eligible for qualified immunity. The District Court for the Middle District of Alabama in McDuffie, held that **they are not**.

In addition, Breach argues that the Supreme Court case of *Richardson v. McKnight,* 521 U.S. 399, 117 S. Ct. 2100, 138 L. Ed. 2d 540 (1997), precludes several PHS defendants, and Dr. George Lyrene from raising qualified immunity as a defense. This Court need not resolve the question of *Richardson 's* applicability to the instant case, at this time; however, because this Court might find the Eighth Amendment doctrine governing the outcome of this case to have been clearly established at the time of the events in question. Thus, even if the medical defendants were entitled to qualified immunity, it would be of no help to them here. In *Richardson,* the Supreme Court held that prison guards, who were employees of a private prison management firm, were not

entitled to raise a defense of qualified immunity to a section 1983 action on the part of a prisoner. 117 S. Ct. at 2102. The Court cited its decision in *Wyatt v. Cole*, 504 U.S. 158, 118 L. Ed. 2d 504, 112 S. Ct. 1827 (1992), for the proposition that the decision as to whether a private defendant enjoyed qualified immunity was to be guided by history and by the "special policy concerns involved in suing government officials." *Richardson*, 117 S. Ct. at 2103 (citing *Wyatt*, 504 U.S. 158 at 163, 167). Looking first to the historical underpinnings of the qualified immunity doctrine, the Court noted that "history does not reveal a 'firmly rooted' tradition of immunity applicable to privately employed prison guards." *Richardson*, 117 S. Ct. at 2104. See, *McDuffie v. Hopper*, 982 F. Supp. 817 (M.D. Ala. 1997) (holding CMS could not raise qualified immunity); *Nelson v. Prison Health Services, Inc.,* 991 F. Supp. 1452 (M.D. Fla. 1997) (holding PHS could not raise qualified immunity). *Richardson* has not been overruled.

Morethanless, Breach argues that the defendants have failed their duty to establish that defendants were acting within their discretionary authority that would require the burden to shift to Breach to show that qualified immunity is not appropriate. Nevertheless, Breach has not had an opportunity to depose any defendant, Dr. Hobbs, M.D., in this action.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986) the Supreme Court held: "*Rule 56(e)* provides that, 'when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts

showing that there is a genuine issue for trial." 106 S.Ct. @ 2511. The Court underscored that: "[t] his requirement in turn is qualified by _Rule 56(f)'s_ provision that summary judgment be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition. .. ." Id. @ n. 5.

Breach must demonstrate that his treatment violated clear and specific standard, so that similarly situated medical health care providers would have known his or her actions violated Breach's constitutional rights – whether a reasonable doctor in the same circumstance and possessing the same knowledge as the medical defendants could have concluded that his/her actions were lawful. Furthermore, under the discovery rules, Breach ought to be entitled to use its weapons, and complete discovery before filing his opposition to summary judgment.

Breach is challenging an unconstitutional policy, custom, practice used by the defendants in not repairing non-incarcerated hernias unless it is a life or death situation. Discovery has been requested, but not completed. This protocol has been requested but refused to be produced.

### GROUNDS IN SUPPORT FOR STAY
### MEMORANDUM AT LAW/POINTS ON AUTHORITY

Breach has received and _inadequate_ answer and special report from the defendants and the defendants have attempted to move prematurely for summary judgment. Their answers and special report are inadequate because in part: (i) _no protocol has been produced/policies and procedures pertaining to the treatment of hernias, (ii) identification_

9

*of several defendants and their responsibility has not been identified, name of individual who*

*implemented this protocol.* Also, missing medical records from Louisiana.

Summary judgment under *Fed. R.Civ.P.*, 56 is appropriate "<u>after adequate time</u> for

discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which the party

will bear the burden of proof at trial. *Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.

2d 265, 106 S.Ct. 2548 (1986).   To defeat the motion for summary judgment, the

nonmoving party must merely present evidence on the basis of which a jury might return

a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L.Ed.2d 202,

106 S.Ct. 2506 (1986).   The nonmoving party in a summary judgment motion is to be

given the opportunity to "discover information that is essential to his opposition."

*Anderson,* 477 U.S. @ 250.

This case resolves around medical judgment.   Discovery has <u>just started</u>, and

because hernias surgery requires certain degree of specialized training and knowledge

that puts an understanding of the acceptable standard of care beyond the common

knowledge of the jury.   Lawyers do not have the background and knowledge, without

expert testimony to understand whether or not surgery is/was in fact necessary.   See,

*Anderson,* 778 So.2d @ 811 (quotations mark omitted)(addressing tuberculosis testing).

Breach moves to invoke the protection under <u>*Rule 56(f)*</u> of the *Federal Rules of Civil*

*Procedures*, a nonmoving party may file an affidavit with the court representing an

inability to present facts necessary to oppose the summary judgment motion and in response the court may "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed.R.Civ.P., _56(f)._

 Breach is request that this court <u>allow Discovery to be completed</u> before Breach files his opposition to summary judgment.

### POINT A.

### DISCOVERY MOTIONS HAVE BEEN SUBMITTED UPON THE DEFENANTS AND PLAINTIFF HAS NOT BE AFFORDED AN OPPORTUNITY TO ACTUALLY RECEIVE THE DEFENDANTS RESPONSES TO DISCOVERY REQUEST

 Breach argues that _Rule 56(f)_ is appropriate because there is <u>four </u>requests for discovery, interrogatories, and admissions, productions that <u>have not been answered</u> by the defendants within the 30-days allowed by the rules. The <u>four pending</u> discovery motions filed thus far with this court can be sufficient to raise concern as to whether a party should be permitted [time] to [complete] discovery prior to resolution of a summary judgment motion. See, **_Snook v. Trust Co. of Georgia bank of Savannah, N.A.,_** 859 F.2d 865, 871 (11th Cir. 1988); **_Garrett v. City and County of San Fransico_**, 818 F.2d 1515, 1518 (9th Cir. 1987); **_Phillips v. General Motors Corp.,_** 911 F.2d 724, 1990 WL 117981 @ 5 **5 (4th Cir. 1990) "where <u>there are both pending discovery requests</u> and pending summary judgment motions in a case, <u>it is an abuse of district court discretion to grant</u> <u>th**_e motion for summary judgment without first considering the discovery motion_**s.</u>"

*Snook*, 859 F. 2d @ 871; *Webb v. Bunch*, 16 F.3d 1223, 1994 WL 36854 (6th Cir. 1994);

*Johnson v. United States* 188 F.R.D. @ 696 (11th Cir. 1999).

[2]    Breach would demonstrate that the requested evidence is discoverable, and is intended to show a routine practice of not repairing hernias "statewide" is relevant. The requested discovery materials are "relevant" and are not burdensome.  "Where the documents are relevant to the summary judgment motion and are discoverable, the district court should rule on the discovery motions before the summary judgment motion." *Snook*, 859 F. 2d @ 871.  In this case, the court has issued a discovery scheduling order to *December 10, 2007, Court Doc. 200, Order.*

<h3 style="text-align:center">POINT B</h3>

<h3 style="text-align:center">SUMMARY JUDGMETN IS NOT APPROPRIATE AT THIS TIME<br>DISCOVERY HAS NOT BEEN COMPLETED</h3>

Summary judgment in this case is not appropriate, because summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed.R.Civ.P., 56(c).*    *Rule 56(f)* "protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit – or presumably by any other means authorized under *Rule 56(e)* --- present 'facts essential to justify his opposition' to the

---

There is a discovery scheduling order set for December 10, 2007, that all discovery requests are to be filed with this Court.  Summary judgment ruling before the completion of discovery request is not appropriate.

2

motion." *10A Charles A. Wright, Arthur R. Miller & May K. Kana, Federal Practice and Procedures, Civil 2d. § 2740 (Supp. 1996)*; see **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 161, 90 S.Ct. 1598, 1610, 26 L.Ed. 2d 142 (1970). The Rule provides a safeguard against an improvident or premature grant of summary judgment and the Rule is applied liberally. Id. @ ¶ 2740; *Adickes*, 398 U.S. @ 161-62, 90 S.Ct. @ 1610, See, **WSB-TV v. Lee**, 842 F.2d 1266 (11th Cir. 1988); see also, **Murrell v. Bennett**, 615 F.2d 306, 310 (5th Cir. 1980)

The United States Supreme Court cases vacating appellate reversals of district court orders granting summary judgment illuminate both the utility and the limitations of summary procedures. **Celotex Corporation v. Catrett**, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); **Matsushita Electric Industrial Co., v. Zenith Radio Corporation**, 475 U.S. 574, 106 S.Ct. 1348, 89 L.ed. 2d 538 (1986). Their common denominator is the Court's caveat that summary judgment **may only be decided upon an adequate record**. In <u>Anderson</u>, the Court held that <u>Rule 56(e)</u> provides that "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" 106 S.Ct. @ 2511. The Court underscored that:

> **"This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition. In our analysis here, we assume that both parties have had ample opportunity for discovery."** Id. @ n.5

In the case sub judice, plaintiff <u>has been afforded no opportunity to receive</u> his requested discovery request, making it no opportunity for discovery because *November 20, 2007*, the date set by the court for plaintiff to submit his opposition to summary judgment is before, the *December 10, 2007*, deadline to complete and file all discovery request.  Under the circumstances outlined above, consideration of defendant's motion for summary judgment in this case, <u>with less than 30-days to conduct a discovery is</u>, and will be erroneous. See, *Parrish v. Board of Commissioners*, 533 F.2d 941, 95 (5th Cir. 1976)(trial court did not allow relevant discovery, summary judgment reversed.; *Murrell v. Bennett*, 615 F.2d 306 (*Murrell* challenged the district court's grant of summary judgment for prison officials.  The Firth Circuit noted that, indigent prisoners are hampered in their access to the proof necessary to ward off summary judgment. *Murrell* had no opportunity to provide this information because his unschooled attempts at requesting discovery were nipped and bud only thirty-two days after the complaint was filed.)  The Court noted in *Alabama Farm [Bureau Mut. Casualty Co. Inc.   v. American Fidelity Life Ins, Co.*, 606 F.2d 602, 609 (5th Cir. 1979), cert. Denied, 499 U.S. 820, 101 S.Ct. 77, 66 L.Ed. 2d 22 (1980)] that summary judgment **should not be granted before discovery is completed**. (Citations omitted).

<u>Rule 56(f)</u> is designed to minister [] the vigilant, not to those who slumber upon perceptible rights. *Mass. Sch. of Law at Ansover, Inc., v. Am. Bar Ass'n*, 142 F.3d 26, 45 (1st Cir. 1998)(quoting *Paterson-Leitch Co., v. Mass. Munm. Wholsale Elec. Co.*, 840 F.2d

985, 989 n.5 (1st Cir. 1988).    Accordingly, "[a] party relying on *Rule 56(f)* must demonstrate that he exercised due diligence in pursuing discovery." Id. And, the motion itself "must be made within a reasonable time following the receipt of a motion for summary judgment" – typically "preced[ing] or accompany[ing] the response to the summary judgment motion or follow[ing] as soon as practicable thereafter." Id. @ 44.

### CONCLUSION

Breach is relying on a *Rule 56(f)* motion, accordingly "[a] party relying on *Rule 56(f)* must demonstrate that he exercised due diligence in pursuing discovery." Id. [*See, Record on three (3) filed **October 24, 26, 29th** request for interrogatories, admissions, production of documents, and Court Order regarding motion to compel, production of documents **Court Doc. No. 200 Order November 1, 2007**] demonstrates that Breach is and has diligently pursued discovery request, the 30-day deadline for defendants to respond has not been reached yet, filing opposition to summary judgment seems inappropriate and premature at this time, at this stage. [3]

Breach cannot safely prosecute this issue, case against said above-named defendants, nor go to trial without the completion of requested discovery and in their absence will be effectively denied fundamental due process of law as guaranteed by

---

Rule 56(f) seems premature because this court has already issued a discovery scheduling order to date December 10, 2007, Court Doc. 197-1, Order, and Breach ought not to have to file a opposition to summary judgment until discovery is completed. Alabama Farm [Bureau Mut. Casualty Co. Inc., v. American Fidelity Life Ins. Co., 606 F.2d 601, 609 (5th Cir. 1979), cert. Denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed. 2d 22 (1980)(summary judgment should not be granted before discovery is completed09citations omitted).

Amendments I, V, VII of the Constitution of the United States of American made applicable to the States through the XIV § 1 to the Constitution of the United States; and herein pursuant to the Civil Rights Act, § 1983 et seq.

**WHEREFOE premises considered**, plaintiff request that is court allow discovery request to be filed, answered and a record complete before this court considers summary judgment, and also before plaintiff submits his proof that there is a genuine issue of a material fact for trial. Plaintiff request that this court grant what is fair, appropriate to the November 20, 2007, deadline to file opposition to summary judgment before the completion of discovery request and answers.

Done this 5th Day of November 2007.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 6th Day of October 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER

Marcellus Breach 160715
Limestone C.F. D-F-
28779 Nick Davis Rd
Harvest, AL 35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance, or content of the enclosed communication.

Office of Clerk
U.S. District Court
P.O. Box 711

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

_____          *

MARCELLUS BREACH, #160710,                *

     Plaintiff,                         *

                               *          CASE NO: 2:06-CV-1133-MEF

Vs.                                       *

PRISON HEALTH SERVICES, INC.,             *

     Defendants.                        *

### DECLARATION BY PLAINTIFF IN SUPPORT OF STAY OF SUMMARY JUDMENT RULING, SUBMISSION UNTIL DISCOVERY IS COMPLETE

*MARCELLUS BREACH, #160710* states under the penalty of perjury 28 U.S.C. 1746 that the foregoing information provided is true and correct to the best of his ability, information, and knowledge, and that he is competent to testify to the matter stated herein as follows:

     I am Marcellus Breach, the Plaintiff in this case. I am over the age of twenty-one. I state that I am competent and the foregoing is based on my personal knowledge of the facts stated herein:

     On November 5, 2007, I mailed to this Court for review a document entitled: "Motion Requesting This Court To Reconsider The Filing Date Ordered On Plaintiff To File His Opposition To Summary Judgment Consideration As Ordered November 20, 2007 Date"

     On October 31, 2007, the court issued an order upon me directing that the court has reviewed the special reports and supporting evidentiary materials filed by the defendants and determined that the plaintiff I file a response in opposition to such pleading by on or before November 20, 2007, I was directed to file his response to the written reports filed by the defendants being Rule 56, Federal Rules of Civil Procedures, Summary Judgment. [*See, Court Order Doc. 192-1, October 31, 2007]*

.     On October 18, 2007, the court issued a discovery scheduling order directed to all parties that on or before November 20, 2007, all request for discovery are to be filed with the court and served on the appropriate party. [Court Doc. 178-1, Order]

On November 1, 2007, the court extended the initial discovery scheduling order from November 20, 2007 to and including December 10, 2007. [Court Doc. 197-1, Order]

On October 11, 2007, I submitted my first set of Admissions upon the defendants, and this court issued an order that the defendants are to object or otherwise respond to the request for admissions submitted by the plaintiff [Court Doc. 173] on or before November 26, 2007. [4]

October 24, 2007, I filed my first set of interrogatories and request for admissions, production of documents to defendant Bradford Adams, nurse practitioner. Defendant's response date 30-days, will be on or before November 24, 2007, after the November 20, 2007, deadline for me to file his opposition to summary judgment. [Court Order Doc. 192-1]

On October 26, 2007, I filed my second set of interrogatories and request for admissions, production of documents upon defendant Dr. Michael E. Robins, M.D., and his response date 30-days will be on or before November 26, 2007, same date of this court's order on request for Admissions, [Court Doc. 174-1, Order]

On October 29, 2007, I filed a third set of interrogatories and request for admissions, production of documents upon defendant Ruth Naglich, and her date 30-days to respond will be on or before November 29, 2007, some nine (9) days after the November 20, 2007, date for me to file my opposition to summary judgment. [Court Doc. 192-1, Order of October 31, 2007]

_____

May the Court note that its order on Admissions [Court Doc. 174-1 has a respond date some six (6) days after the initial discovery deadline was November 20, 2007. Defendants are ordered by November 26, 2007, to respond to Admissions [Court Doc. 174-1, Order] and the Court ordered plaintiff to file his opposition to summary judgment by November 20, 2007. [Court Doc. 192-1] before plaintiff receives defendant's respond to his Admissions, places plaintiff into an impossible position to file his opposition '"without" answers to discovery request.

On or about November 6, 2007, I will submit my fourth set of interrogatories and request for admissions, production of documents to defendant Dr. William E. Hobbs, M.D., and his response date will be on or before December 6, 2007.

I state that it is impossible for me to submit my opposition to defendant's special report, adequately, and properly at this stage, because basically I only have 14-days to gather my evidence, and I am requesting unto the court "Stay" summary judgment until discovery request are submitted, December 10, 2007, and all responses to discovery request from the defendants have been filed with the court: and that an adequate record has been established.   Then I can properly submit my opposition to summary judgment because I will have received the evidence needed to prove that there is a genuine issue of material fact for trial.

On October 10, 2007, I filed a document entitled as construed as a motion for reconsideration of the order entered on October 3, 2007 (Court Doc. 157) and this court grant my request for production and inspection/copying of my institutional file, and medical records.  The court also granted production and inspection/copying of the Prison Health Services, Inc., treatment protocols and policies/procedures of their protocols governing the treatment of hernias suffered by state inmates; and, that on or before October 26, 2007, that the medical defendants were ordered to identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies/procedures with respect to the time period relevant to the claims presented by me. [Court Doc. 171-1, Order]

On October 31, 2007, I filed a document entitled motion to compel [Court Doc. 196] production and inspection/copying to the PHS protocols and policies/procedures, also that this court compel the medical defendants to identify the individual(s) responsible for implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, governing the treatment of hernias suffered by state inmates.  The court granted my request to compel and on November 1, 2007, issued an order upon the medical defendants that on or before November 10, 2007, they comply with this court's order on production, copying and identify the individual(s) responsible for the implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, Inc., by November 10, 2007.  This court also, issued an order upon the medical defendants to show cause why sanctions should not be placed on them for the failure to comply, obey this court's order by November 10, 2007. [Court Doc. 200, Order]

Without the production of the requested discovery materials, it is impossible for me to timely, properly and adequately submit my opposition to summary judgment as order by the court on or before November 20, 2007, [Court Doc. 192-1, Order] and without me receiving defendants responses to all of my requested discovery materials, interrogatories, admissions, production of documents, I cannot overcome the burden placed on me by November 20, 2007.

I am pursuing discovery diligently, the 30-day limited for the defendant to respond will be on the three-discovery request November 24, 26, 29, 2007.  I ask this Court to allow Discovery to be completed, and a Record established.

Done so this 5th Day of November 2007, I swear under the penalty of perjury that the foregoing instrument is true and correct 28 U.S.C. 1746.

Marcellus Breach ® 160710