IN THE DISTRICT COURT OF THE UNITED STATES * 4^(TH)
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710            *

    Plaintiff,                  *

Vs.                                  *   CASE NO: 2:06-cv-1133-MEF

                                 *

PRISON HEALTH SERVICES, INC., et. al., *

    Defendants.

***PLAINTIFF'S FOURTH -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,***

TO:    **DEFENDANT DR. WILLIAM D. HOBBS, M.D. MEDICAL DIRECTOR,**

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. Williams D. Hobbs, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36,* and/or his "Agent(s)" being person(s) under his control: *"Prison Health Services, Inc.,"* and, *"South Louisiana Correctional Services,"* ("SLCS") requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these **Interrogatories, Request for Admissions**, and **Production of Documents**, furthermore, for the defendant to provide full disclosure along with his answers herein, copies thereof supporting evidentiary materials, as follows:

1

## I. *DEFINITIONS AND INSTRUCTIONS;*[1]

¶ 1.    Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible. If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.    A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.    *Rule 33, Fed R. Civ. P.*, permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party. *Rule 33(d),* also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

¶ 4.    In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are

---

[1] Definitions and Instructions are continuing throughout this Discovery request. Rule 33, 34, & 35, Fed. R. Civ. P.

available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp., ("CMS")* and specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.   If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information, data, records inclusive to medical records from *February 2005*, through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

¶ 6.   These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, *Rule 26(e).* However, in the event that any, and all information or documents come to the attention

of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7. In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8. With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36*, et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder.

4

Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny. If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, <u>Rule 37(c)</u>, deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9. As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

### II.    DEFINITIONS:

¶ 10. When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

> a.    As used herein, the term **"document"** means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

5

b. As used herein in reference to a natural person, the word **"identify"** shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c. As used in reference to a business or other entity, the word **"identify"** shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d. As used **"identify"** or **"identity"** when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e. The word **"incident"** includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f. The word **"specifically identify"** as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the custodian(s) of the above requested documents in their entirety, but not limited to.

### III. INTERROGATORIES:

¶ 1. Please state the following for the plaintiff.

    a. your age
    b. your education

6

  c.  your length of service in your present employment position
  d.  your previous occupational experience(s)
  e.  your training and experience in hernias

¶ 2. Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3. Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4. Please identify employers you have had, other than your current position, in the last ten (10) years. With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5. What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant

7

information of the "incident" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation that Plaintiff's inguinal hernia "Needs Repair?"

¶ 6.   Please *"specifically identify"* your supervisor from date of *incident* through date of answering/responding. If any changes, please "specifically identify."

¶ 7.   Disclose any and all verbal, written communications to any person(s) regarding this incident if any, identify by document, any and all response(es) with any and all persons not limited to your supervisor regarding the incident in question.

¶ 8.   Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 9.   *"Specifically identify by document"* any and all pending lawsuits against you in the State of Alabama, or another.

¶ 10. *"Specifically identify by document"* whether you ever been sued for either: (i) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the city, state where the charges were, or are actively pending, the nature of the charge(s), the date of the summons, Answers, the court case number, and the disposition of the charge, answer, summary judgment, trial or appeal.

¶ 11. *"Specifically identify by document"* whether you or has anyone acting in your behalf obtained from any person or persons any *"documents"*, report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?

¶ 12. *"Specifically identify by document"* your specific job duties as Medical Director at Limestone Correctional Facility, for Prison Health Services, Inc.,

¶ 13. *"Specifically identify by document"* your specific job duties in your capacity with your current employer.

¶ 14. It is your common practice not to make a surgical referral regarding a patient diagnosed with a hernia until the patients' hernia is incarcerated, or in danger of incarceration or, into the scrotum?

¶ 15.  It is your common practice not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum?

¶ 16.  It is your common practice not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of a bulge or lump in the abdomen, groin or scrotum that is easier to see when the patient stands and disappears when the patient lies down?

¶ 17.  It is your common practice not to make a surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of pain when straining, lifting, or coughing?

¶ 18.  It is Prison Health Services, Inc., common practice not to surgically repair a hernia unless the hernia is incarcerated or, in danger of becoming incarcerated in order to be surgically necessary?

¶ 19  Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since your date of employment rendering medical services at the prison(s) of the Alabama Department of Corrections.

¶ 20.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol. If yes, *"specifically identify"* any written request, *"documents,"* e-mails, faxes and *"identify the incident by document"*: *"identify"* any

and all witnesses, persons who have knowledge of your recommendations for improvements to this or any other Hernia Protocol?

¶ 21.  *"Identify by document,"* any reprimands, given by any supervisor, agent, agencies against you while employed at Prison Health Services, Inc.

¶ 22.  It is your common practice to issue pain medication, and a truss to a patient as your objective treatment pertaining Hernias?

¶ 23.  It is your common practice to deny the cure for a hernia until the hernia is incarcerated or, in danger of incarceration, into the scrotum?

¶ 24.  It is your common practice to allow a patient to endure pain and suffering without the cure regarding a hernia?

¶ 25.  It is your common practice not to make any referrals to a specialist regarding a hernia before the hernia is incarcerated, or in danger of incarceration, or into the scrotum?

### V.   REQUEST FOR ADMISSIONS:

¶ 1.   *Admit or deny*, you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 2.   *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 3.   *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 4.   *Admit or deny*, you are an expert in Hernia repair?

¶ 5.   *Admit or deny*, you have performed surgery on hernias?

¶ 6.   *Admit or deny*, there is almost no limit to how big a hernia could get without surgery?

¶ 7.   *Admit or deny* that medically there is no cure for a hernia without surgery?

¶ 8.   *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 9.   *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 10. *Admit or deny,* a truss is the cure for a hernia?

¶ 11. *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 12. *Admit or deny,* that that issuing of pain medication will not cure a hernia?

¶ 13. *Admit or deny,* that the issuing a truss and proscribing pain medication is a cheaper method of treating a hernia?

¶ 14. *Admit or deny,* that plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 15. *Admit or deny,* that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 16. *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 17. *Admit or deny,* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery?

¶ 18. *Admit or deny,* that the opening of a hernia cannot heal itself?

¶ 19. *Admit or deny,* medically a doctor cannot treat a hernia; they must be repaired through surgery?

¶ 20. *Admit or deny,* that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place?

¶ 21. *Admit or deny,* a truss is for temporary use?

¶ 22. *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation?

¶ 23. *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain?

¶ 24. *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum?

¶ 25. *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia?

¶ 26. *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed?

¶ 27. *Admit or deny*, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia?

¶ 28. *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia since April 30, 2007?

¶ 29. *Admit or deny*, a hernia will limit a person's daily activity?

¶ 30. *Admit or deny*, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia?

¶ 31. *Admit or deny*, the instruction Hernia Manuel given by you on April 30, 2007, through Prison Health Services, Inc., the **"Fitting Instructions"** for **Model 67-350** states

pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY?**"

¶ 32. *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse?

¶ 33. *Admit or deny*, you were the supervisor of the medical treatment proscribed to plaintiff at Limestone Correctional facility?

¶ 34. *Admit or deny*, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia?

¶ 35. *Admit or deny*, there are over 100 Alabama inmates diagnosed with hernias from *February 2005* through date of your response?

¶ 36. *Admit or deny*, hernias are painful?

¶ 37. *Admit or deny*, you were responsible for the monitoring of the health care given to plaintiff at Limestone Correctional facility?

¶ 38. *Admit or deny*, you instructed that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum?

¶ 39. *Admit or deny*, the Protocol(s) pertaining to hernia treatment for Alabama inmates can subject a patient to endure pain and suffering?

¶ 40. *Admit or deny,* Alabama Board of Medical Examiners are not aware of the practice involved with Prison Health Services, Inc., being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary?

¶ 41. *Admit or deny,* this Protocol ought to be changed pertaining to hernias?

¶ 42. *Admit or deny,* that even if you recommended surgery it would have been denied because plaintiff's hernia was not incarceration, or in danger of incarceration?

¶ 43. *Admit or deny,* plaintiff filed several grievances regarding this incident?

¶ 44. *Admit or deny* on *October 2, 2007,* plaintiff filed a grievance appeal?

¶ 45. *Admit or deny,* on *October 3, 2007,* plaintiff submitted a Sick Call Request complaining about pain, and out of pain medication, specifically requested to be seen by Dr. Hobbs, M.D., regarding hernia pain?

¶ 46. *Admit or deny,* Dr. Hobbs did not see plaintiff regarding *October 3, 2007,* sick call request complaining about pain due to his hernia.

¶ 47. Admit or deny, Ruth Naglich is the person responsible for approval or disapproval of surgery request?

¶ 48. Admit or deny, Dr. George Lyrene, is the person responsible for approval or disapproval of surgery request?

¶ 49. Admit or deny, the sac containing plaintiff's intestine may become trapped by muscle (incarceration). This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain?

¶ 50. Admit or deny, when the intestine become trapped, issuing Motrin 600 mg., will treat the condition?

¶ 51. Admit or deny, when the intestine is tightly trapped, it becomes strangulated?

¶ 52. Admit or deny, the strangulated area loses blood supply and may die when the intestine is tightly trapped?

¶ 53. Admit or deny, when the intestine are trapped, this can cause severe pain and block the intestine. Emergency surgery is needed to relieve the blockage?

¶ 54. Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area. With time, these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia?

¶ 55. Admit or deny, indirect inguinal hernias are the most common hernias in men?

¶ 56. Direct hernias are similar to indirect hernias, but less common?

¶ 57. Direct hernias often get worse with age or physical stress.

Done this 7th Day November 2007.

®  _/s/ Marcellus Breach_
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 8th Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

| | |
|---|---|
| Alabama Dept. of Corrections | Rushton, Stakely, Johnston, Garrett, P.A. |
| P.O. Box 301501 | P.O. Box 270 |
| Montgomery, Al 36130 | Montgomery, Alabama 36101 |

® _____
Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Road
Harvest, AL 35749-7009



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101