IN THE DISTRICT COURT OF THE UNITED STATES *
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                                 *     CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

### MOTION IN REQUEST AN ORDER STATING HOW THE DEPOSITION UPON WRITTEN QUESTIONS ARE TO BE CONDUCTED AND SUBMITTED

**COMES NOW**, the plaintiff _Marcellus Breach_ (hereinafter "Breach) in proper person "Pro Se," pursuant to _Rule 31(a)(b), Federal Rules of Civil Procedures_, request an order from the court directing and instructive to the parties regarding plaintiff request to conduct, submit <u>Depositions Upon Written Questions</u> upon witnesses who are "Agents" for the Alabama Department of Corrections via-contract agreement and have relevant, substantial testimony to the claims before this court: Breach would show that an order is appropriate under the circumstances that Breach is a prisoner, counsel for the defendants are not cooperative with plaintiff in this litigation regarding Discovery rules.

1)    A Discovery Scheduling Order has been issued by this court that on or before _December 10, 2007_, plaintiff must submit all of his discovery request with the court and upon the parties. (Court Doc. 197-1 – Order)

1

2)  Plaintiff has notified this court of present problems with the medical defendants and their continued refusal to cooperate with discovery rules, plaintiff has requested contempt of court, and sanctions for disobeying this court's prior orders.

3)  On or about *8th Day November 2007*, plaintiff submitted a request upon Honorable Albert S. Butler, Counsel for the Alabama Department of Corrections of his desire to submit depositions upon written questions also, requesting that counsel correspond with him as to how the deposition could be perfected.

4)  Deposition upon written questions is appropriate because the deposition transcript may be used in support of plaintiff's opposition to defendants motion for summary judgment, also, it may be used at trial because these defendants will not be available to give their testimony at trial.

5)  The over all purpose of requesting a court order is, it will prevent further discovery abuses, and delays in this case. Plaintiff is pursuing this action bona fide and a court order is deemed necessary for a better way of handling the deposition upon written questions.

6)  The deponents requested to be deposed are agents for the department of corrections being: **Nurse Administrator Diana Lott and Dr. John A. Tassin, M.D.,** employed at the private prison at South Louisiana Correctional Center, ("SLCC") in Basile, Louisiana, the very prison where plaintiff was transferred; and, are the very

medical providers who have first hand knowledge and testimony relevant to the claims asserted by the plaintiff.

7)      Under the 1993 amendments to the rules, a deposition can be videotaped, audiotape, or recorded by a stenographer. The old rules required parties to obtain a written stipulation or court order to take a non-stenographic deposition.

8)      Plaintiff has no idea as to what will be appropriate and admissible under *Rule 30(b)(2), Federal Rules of Civil Procedures*, pertaining to the answering of the deposition upon written questions. Pursuant to *Rule 30(b)(4)*, a court order is requested, spelling out how the deposition will be managed, recorded, preserved, and either recorded, non-stenographer, stenographer, Notary Public.

9)      Plaintiff has very limited means of perfecting: (i) manner of recording the deposition, (ii) manner of preserving and filing the deposition, (iii) place of the deposition, (iv) who can be present.

10)     Persons requested to be deposed are Nurse Administrator Diana Lott, and **Dr. John A. Tassin, M.D.**, wherein, Dr. Tassin, M.D., is the very treating physician who wrote on the Louisiana medical records "needs repair" and his Affidavit has been submitted stating he questioned surgery. Nurse Lott, is the administrator who actually noted on the medical records that defendant Brandon Kindard, ADOC called her on 7/12/06 with instructions that plaintiff could nor receive surgery there unless his hernia was incarcerated or into the scrotum is direct participation. Ms. Lott can further identify

3

the 7/10/06 faxed report to defendant Ruth Naglich in reference to inguinal hernia, requesting repair. She can further confirm that plaintiff was placed on sick call for 7/18/06 to see if he needed a referral to a surgeon. The sequence of events leading up to plaintiff being denied surgery upon Dr. Tassin questioning whether surgery would be necessary is prima facie of circumstantial evidence of deliberate indifferent, because Brandon Kindard called interfering with medical and doctor recommendation, or investigation regarding surgery and complaints of pain.

11) A court order is requested, because plaintiff has little financial assistance and this deposition upon written questions will further justice seeking the truth in this case. Furthermore, *Rule 801(d)(2), Federal Rules of Civil Procedures* permits the use of "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," commonly called an admission.

12) *Rule 32 (a)(3)(B)*, Federal Rules of Civil Procedures, the requested witnesses to be deposed will not be available to testify at any hearing, trial or other related matters in this case because the witnesses are in Louisiana and over the distance than 100 miles. *Rule 32(a)(E), Federal Rules of Civil Procedures* upon request of either party, and upon the exceptional circumstances, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, plaintiff will request that the deposition be allowed as evidence for the jury.

4

13) Plaintiff will request the witnesses to identify their medical notes, finding, and communications given pertaining to the relevant matter regarding surgery, and request that they attach the Louisiana medical records as a part of their testimony as evidence in this case.

14) Plaintiff believes that this deposition upon written questions will be terse, no more than two (2) hours at most; and, will aid the court in its role to administer justice and find the truth in this case.

**WHEREFORE**, *premises considered*, plaintiff request that this court grant this motion and issue an order with instructions and consider the position of plaintiff being confined, with little financial assistance.

Done this 11th Day November 2007.

*/s/ Marcellus Breach*

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 13th Day of November 2007.

| | |
|---|---|
| Alabama Dept. Of Corrections | Rushton, Stakely, Johnstone & Garrett, P.A. |
| Legal Division | P.O. Box 270 |
| P.O. Box 301501 | Montgomery, Alabama 36101 |
| Montgomery, Alabama 36130 | |

*/s/ Marcellus Breach*
Marcellus Breach

5

Exhibit A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

 Plaintiff,

Vs.           CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

 Defendants.

*PLAINTIFF'S NOTICE OF DEPOSITION UPON WRITTEN QUESTIONS*

TO: ALBERT S. BUTLER
   Assistant General Counsel
   **Alabama Department of Corrections**
   **Legal Division**
   **301 South Ripley Street**
   **P.O. Box 301501**
   **Montgomery, Alabama 36130**

**PLEASE TAKE NOTE** that plaintiff in the above-captioned action is requesting cooperation and assistance in enabling the perfection of depositions upon written questions to Agents of the Alabama Department of Corrections: **Nurse Administrator Diana Lott, and Dr. John A. Tassin, M.D., and Nurse Maxie, at South Louisiana Correctional Cernter, 3843 Basile, Louisiana 70515** purusant to Federal Rules of Civil Procedures before December 1, 2007.

Plaintiff request that counsel correspond with him in regards to this matter. Plaintiff request counsel advise him as to date, counsel requests to receive the written questions, and any other issues that must be resolved first to perfect this cause.

Respectfully,

*/s/ Marcellus Breach*

Marcellus Breach 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Al 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 8th Day of November 2007.

| | |
|---|---|
| Alabama Dept. Of Corrections | Rushton, Stakely, Johnstone & Garrett, P.A. |
| Legal Division | P.O. Box 270 |
| P.O. Box 301501 | Montgomery, Alabama 36101 |
| Montgomery, Alabama 36130 | |

*/s/ Marcellus Breach*

Marcellus Breach