IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### MOTION FOR CONTEMPT OF COURT, and/or COMPEL AND REQUEST FOR SANCTIONS FOR WILLFUL DELAY DISCOVERY PROCESS, CONTINUED DISOBEDIENCE / PAST CONTINUED FAILURES TO TIMELY COMPLY WITH COURT ORDERS

**COMES NOW**, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, pursuant to *Federal Rules of Civil Procedures*, to hold Prison Health Services, Inc., in contempt of court as follows:

1.    Under <u>Rule 37(a)(2):</u>

    (a)    To <u>treat as a contempt of court the failure</u> of Prison Health Services, Inc., to comply, obey, with this Court's orders entered on October 11, 2007, and November 1, 2007, having <u>well over 27-days to comply.</u>

    (b)    To strike all of defendants defenses and to preclude defendants from introducing any evidence in support thereof;

1

¹(c)   To compel **PRISON HEALTH SERVICES, INC.,** ("PHS") medical defendants, and not, **Correctional Medical Services, ("CMS")** immediately produce for inspection and copying and allow the plaintiff to inspect and/or copy the **protocols,** and; **policies/procedures** of Prison Health Services, Inc., ["PHS"] governing the treatment of hernias suffered by state inmates no later then date set the court.

(b)   To compel Prison health Services, Inc., ("PHS") to immediately produce and identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocols and policies/procedures;

(c)   To require defendants to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

2.   Under *Rule 37(b)(2)*:

(a)   To treat as a contempt of court the failure of the medical defendants to obey this Court's Order entered on *October 11, 2007,* and *November 1, 2007,* the issuance of discovery order, and compelling defendants to comply with this court's orders.

(b)   To enter a judgment by default on the issues of liability in favor of plaintiff and against defendants under Courts I, II, III, IV and V, of plaintiff's complaint, amended complaint, and supplemental complaint; and, grant the Injunction relief request therein;

(c)   To strike all of defendants' defenses and to preclude defendants from introducing any evidence in support thereof;

---

¹ October 31, 2007 was the date that PHS, medical defendants contract expired with the Alabama Department of Corrections and different medical company known as Correctional Medical Services, Inc., ("CMS") has taken responsibility as ADOC medical providers.

(d)   To require defendants to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.   Under *Rule 37(d)*:

(a)   To <u>treat as a contempt of court</u> the failure of any defendants to respond to the request and Order for Inspection by <u>November 11, 2007</u>;

(b)   To enter judgment by default on the issue of liability in favor of plaintiff and against defendants in Counts I, II, III, IV, and V, of plaintiff's complaint, amended complaint, and supplemental complaint; also, granting plaintiff's application for preliminary injunction and under Fed. R. Civ. P. <u>37</u> (b)(2)(B)-(D)

(c)   To require defendants to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein and <u>require the defendants to incur the fees and costs for the production of the requested documents.</u>

### *STATEMENT OF THE FACTS:*

¶ 1.   On or about <u>October 6, 2007</u> plaintiff submitted a document entitled: ***"Plaintiff's Second Request For Production of Documents and Things, and/or Entry Upon Land For Inspection and Other purposes,"*** <u>Rule 34</u>, Fed.R.Civ.P.," in which he sought inspection and copying of treatment protocols, policies and procedures governing the treatment of hernias suffered by state inmates; also, the identity of individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies and procedures.

¶ 2.   The court on <u>October 11, 2007</u> [Court **Doc. 171-1 – Order**] granted plaintiff's request for production and issued an Order <u>directing</u> the medial defendants on or before <u>October 26, 2007,</u> shall allow the plaintiff to inspect and/or copy the protocols and policies/procedures of **Prison Health Services, Inc. ["PHS"]** governing the treatment of hernias suffered by state inmates." Also, the court Ordered, that "[o] n or before <u>October 26, 2007,</u> the medical defendants shall identify the individual(s) responsible for the implementation and maintenance of the aforementioned treatment protocol and policies/procedures with respect to the time period relevant to the claims presented by the plaintiff." **[Court Order Doc. 171-1]** of documents/inspection and copying and ordered the medial defendants to on or before <u>October 26, 2007.</u>

¶ 3.   The medical defendants intentionally disobeyed this court's order entered on <u>October 11, 2007,</u> intentionally refusing to comply with the Rules governing Discovery. Plaintiff made every reasonably available bona fide attempt to confer with the medical defendants specifically the nurse administrator, Ms. Debbie Hunt, and Medical Director Dr. Hobbs and was told through Ms. Harris, on <u>October 26, 2007</u> at approximately 10:00 a.m., "<u>They don't want to see you</u>". Also, plaintiff wrote counsel for the medical defendants asking cooperation, See, attached **Exhibit "A",** *Plaintiff's Motion For Sanctions, Court Doc. 196 and Court Doc. 200 – Order]*

¶ 4.   On <u>October 31, 2007,</u> plaintiff filed a document entitled <u>motion to compel and sanctions.</u> **[Court Doc. 196]** and again, this court issued another order upon the medical

4

defendants that on or before *November 10, 2007* that **medical defendants** [*defendants to this litigation*] shall identify the individual(s) responsible for implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, Inc., ["PHS"] governing the treatment of hernias suffered by states inmates with respect to the time period relevant to the claims presented by the plaintiff. Also, this court ordered that '[o] n or before *November 10, 2007*, the medical defendants and/or medical personnel at Limestone Correctional Facility shall allow the plaintiff to inspect and/or copy the treatment protocol/policies/procedures governing the treatment of hernias suffered by state inmates." [Court Doc. 199 – Order][2]

PRELIMINARY MATTERS:

¶ 5.    On *October 31, 2007*, **Prison Health Services, Inc.,** medical contract with the department of corrections expired and was not renewed. **Correctional Medical Services, ["CMS"]** are actively the medical providers now. However, counsel and the medical defendants "**knew**" that after **October 31, 2007**, they would no longer be obligated to provide medical services, this is more than likely why, the medical defendants and counsel "refused and intentionally" "did not" comply, obey this court's initial order on *October 11, 2007*, directing the medical defendants to allow inspection before as ordered **October 31, 2007**, the very day PHS's medical contract ended. Defendants and counsel

---

Plaintiff argues PHS are not the medical defendants at Limestone prison anymore, However, this court's order is directed only to Prison Health Services, Inc., and not to any employee of Correctional Medical Services.

5

had from **October 11, 2007 until October 31, 2007**, to <u>comply</u> with this court's order and discovery rules: a total of **twenty (20) days to cooperate**. They intentionally did not.

¶ 6. Plaintiff was forced to request this court to compel the medical defendants, in whom this court did, issuing **another** order that on or before *November 10, 2007*, to allow inspection. However, the deliberate defendants scheme is, the "PHS" being the medical defendants acted "deliberate indifferent" to discovery because on *November 10, 2007*, **CMS employees** met with plaintiff and basically <u>degraded</u> this court's order as a "*waste of time.*" **CMS employees** (<u>who are basically the very same people of PHS</u>) met with plaintiff on *November 10, 2007*, at approximately 10:00 a.m., being Dr. Charles Stewart the administrator over Alabama HIV inmates, and nurse administrator Ms. Debbie Hunt regarding this courts order. However, Dr. Stewart told plaintiff that this court's order is a waste of time, and that this is the second order regarding this matter. May the court note, Dr. Stewart had knowledge of this court's initial order on *October 11, 2007*, [**Court Doc. 171-1**] and he was then, a PHS employee, because, on or about *October 28, 2007*, plaintiff was called to HCU unit and met with Lt. Tulley for ADOC and Dr. Stewart was given Lt. Tulley instructions on how to carrying out this court's order only applying to allowing plaintiff to review his medical records: Lt. Tulley questioned plaintiff about this order. Plaintiff told Lt. Tulley that ADOC already allowed plaintiff to review his institutional file, and medical records, but PHS has not allowed him to inspect the protocols, policies and procedures. Lt. Tulley was going to comply with this court's

order upon ADOC defendants [**Court Doc. 170-1—Order**] who did so complied and allowed plaintiff to visit is institutional file, and medical records.

**Thus, issue before the court regarding contempt of court is,** on <u>November 10, 2007,</u> **CMS personnel**, tried to address and explain to plaintiff that this is a waste of time, and that what plaintiff is requesting "**CMS**" **does not have**, and **never has or will in the future have any policies, protocols, procedures of PHS.** May the court note that these are the very same people who were employed with **PHS**, but now employed with **CMS** as medical providers because a change in the medical providers contract, <u>but employees stay, just change over companies.</u>

### POINT A

### THE DEFENDANTS OBSTREPEROUS CONDUCT

The "**PHS**" **medical defendants** had <u>twenty (20) days</u>, October 11, 2007, court order, until on or before <u>October 31, 2007,</u> as ordered by this court to allow inspection. What is so interesting is, on <u>October 5, 2007</u>, at approximately 5:45 p.m., plaintiff was seen at sick call based on complaints of pain and no pain medication. **PHS** employee, (now **CMS** employee) **LPN nurse, Calvin D. Atkins,** upon plaintiff asking Mr. Atkins, "**Do you have the treatment protocols regarding hernias here?**" Mr. Atkins stated, "**Yes**". Plaintiff asked, "**Can I see them?**" Mr. Atkins stated: "**No I can't let you see them**".

On *November 10, 2007,* Dr. Stewart and Ms. Hunt told plaintiff that they have **never seen** these treatment protocols of **PHS,** even though they were **PHS** employees at the time of this incident, and before **October 31, 2007.**

In *October 2007,* plaintiff was speaking with an ADOC officer who is assigned to the HUC unit at Limestone. Plaintiff sates that this officer told plaintiff that she has seen protocols of PHS, and some protocols are/were "taped" to the wall for the sick call nurse to see when screening inmates at the HCU unit at Limestone prison.

## POINT B

## THIS COURT---- ORDERED ---"PRISON HEALTH SERVICES, INC.,"("PHS") NOT -- -CORRECTIONAL MEDICAL SERVICES," ("CMS")

This Court's order is very clear. This court **ordered Prison Health Services, Inc.,** to allow plaintiff to inspect and to copy protocols, policies and procedures. This court **did not** order any employee of Correctional Medical Services, ("CMS"). Medical defendants are in "Contempt" of court, they have intentionally disobeyed this courts orders, and refused to comply with two dates: **October 26, 2007, and November 10, 2007.** **[Court Doc. 171-1 & 199 — Orders]**

Correctional Medical Services has absolutely no business whatsoever, trying to initiate compliance with any court order in this case, until CMS are defendants. This court has no jurisdiction over CMS at this time; they are not parties, nor agents for PHS.

Only **Prison Health Services, Inc.,** defendants, or their agents can comply with this Court's orders. Defendants have failed to comply, obey, refused intentionally and

8

attempt to play "hide and seek" games. Delaying discovery process. Sanctions are warranted, and contempt of court is warranted. There is no excuse, defendants had over twenty (20) days before <u>October 31, 2007</u>, and to comply and obey before PHS had to leave the ADOC premises due to expiration of their medical contract being <u>October 31, 2007</u>.

### MEMORANDUM AT LAW/POINTS ON AUTHORITY

The overall purpose of discovery under the Federal Rules is to require the disclosure of <u>all relevant information</u> so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United **States v. Procter & Gamble Co.**, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

Plaintiff has made "several good faith, but ultimately unsuccessful, efforts to resolve this issue without need to involve the court." Moreover, plaintiff has fought tooth and nail from the outset of this case to prevent and delay any meaningful discovery. Defendants' response to plaintiff's discovery request with disingenuity, obfuscation, and frivolous excuses as Dr. Stewart stated on <u>November 10, 2007</u>, " **We are CMS now, we are not PHS employees as of eight days ago." "We don't have or ever have had what you are requesting here."**

9

Plaintiff argues and further supports that this Court ordered, "[o] n or before <u>October 26, 2007</u>, also on or before <u>November 10, 2007</u>, the **medical defendants and/or medical personnel at Limestone Correctional Facility** shall allow plaintiff to inspect and/or copy the treatment protocols/policies/procedures governing the treatment of hernias suffered by state inmates. This <u>Court's Doc. 199, Order ¶..</u> is directed to <u>Prison Health Services, Inc.</u> [3], not Correctional Medical Services.

Defendants are attempting to misconstrue this court's order by using **CMS employees** currently as medical defendants and/or medical personnel at Limestone Correctional Facility, as compliance with this court's order is plain out "games". **PHS was ordered, that's it, close case!**

Plaintiff argues that this "Discovery Clock" is running fast. Defendants have done nothing but, delay, refuse, deceptive acts attempting to further delay discovery, and abort both the discovery process and this court's order by using **CMS** employees when the order is directed to **PHS**. It was **PHS's responsibility to get up to Limestone prison,** and allow plaintiff to inspect the requested documents. They did not comply; <u>it was not CMS's responsibility, nor their place to speak with Breach on November 10, 2007, when they admitted that they are CMS employees.</u>

---

[3] Defendants attempt to misconstrue this Court's order as "Medical defendants and/or medical personnel at Limestone Correctional Facility" when this Court's order is directed to Prison Health Services, Inc. by using CMS employees.

Modem discovery was designed to eliminate litigation by ambush and surprise. Cooperation and candor by <u>all parties</u> are crucial to the proper function of the discovery process; obstreperous conduct and deceptive tactics designed to delay and impede have no place in the discovery process. Under Fed.R.Civ.P. <u>37</u>, this Court has broad discretion to fashion appropriate sanctions for discovery abuses. And sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. ***Gratton v. Great Am. Communications***, 178 F.3d 1373, 1374 (11th Cir. 1999)

This Court issued an Order on <u>October 11, 2007</u>, directing the medical defendants to comply with plaintiff's discovery request, specifically Inspection and Copying, also Disclosure of names of those individual(s) responsible for the implementation and maintenance of the treatment Protocols. Defendants and counsel are obstinate because they refuse and have done absolutely noting attempting to comply with this Court's order with Prison Health Services, Inc., employees, personnel, or their agents.

Counsel and the medical defendants' actions are malignant and they amount to being disobedient to this Court orders on several occasions -- creates nothing more than a <u>mockery to the justice system</u>, **no respect** for this Court's orders, games, and allows plaintiff to linger in an inimical medical stagnant stake which subjects him to endure this pain due to this untreated hernia.

May this Court be mindful, that citizen of the United States depend of their Courts. If citizens cannot depend of their Courts to enforce their orders, uphold the law,

administer justice, then the entire justice system will end up a "no help' remedy and will become a Chimerical breakdown in the justice system that is not designed to allow any person to suffer without remedy. No Corporation is above this Court; no Attorney can simply contort this Court's orders. But, in this case, a twisted game is what's being played at plaintiff's expense.

## THE LAW

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling *or pretrial order* . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in *Rule 37 (b)(2)(B), (C), (D).* In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was <u>substantially justified or</u> that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Federal Rule of Civil Procedure 37(b) states that "[i] f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially

justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth Amendment," a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" **Serra Chevrolet, Inc. v. Gen. Motors Corp.**, 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

## *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." ***Carlucci v. Piper Aircraft Corp., Inc.***, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.*

May the Court understand that Plaintiff is frustrated that Defendant failed to provide his requested discovery on time, and he is still suffering pain, and reasonable fees under the circumstances can be appropriate. In addition, Rule 37(b) requires the payment of reasonable expenses caused by a failure to obey the court order unless Defendant shows that the failure was justified or circumstances make the award of

expenses unjust. *See* FED. R. CIV. P. 37(b)(2) ("[T]he court *shall* require the party failing to obey the order . . . to pay the reasonable expenses . . . unless . . . the failure was substantially justified . . . .") (emphasis added); *See* FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). A *pro se* party may be awarded expenses under Rule 37. *See* **Lightsey v. Potter**, 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.**, 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a Rule 37 motion.").

Plaintiff refuses to believe that this Court approves of <u>any party</u> disobeying its orders; playing intentional games, misconstruing court orders. In this case, this Court should find that the sanction of expenses is appropriate because circumstances would make an award of expenses just. The evidence before the Court shows that Defendant's disobedience to this Court's order was intentionally and Plaintiff made every reasonable bona fide effort to confer with defendants on *November 10, 2007,* **CMS, employees attempted to <u>represent</u> PHS medical defendants is not acceptable**. [*See, Declaration of Plaintiff*]

## CONCLUSION

Plaintiff has spent a lot of time, effort, and talent, in this discovery process. Plaintiff is basically tired of meeting with defendants in person, does not want to speak with them, and is very tired of their degrading remarks towards plaintiff in his effort to exercise his rights, and seek relief from his pain. Plaintiff has suffered head-aces, hernia pain, frustration behind defendants actions that is gratuitous, unacceptable, ill founded and can be determined as conduct; found unjustified failures to comply, equivocation, and an explanation that are "disingenuous, contrived, and in bad faith;" determined that much of the delay in this case is attributable to Attorney Paul M. James, Jr., and can be determined that many of the hours expended by plaintiff, are "unnecessary, redundant, and duplicative;" also, can be determined that the time records are "replete with unnecessary work and duplication" too numerous to detail, and that the hours claimed for the fee application are totally appropriate whereas, had defendants complied with this court's orders, plaintiff could have achieved much more efficiently and far less expensive discovery request furthering this case to summary judgment.

## RELIEF REQUESTED

a. That the Court grant this motion to compel; sanctions and hold defendants in contempt of court; and,

b. That this Court grant reasonable fees in the amount to $390.00, at $65.00 per hour x 6 hours; and, that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c. That the costs of Inspection and Copying bear of the defendants upon the granting of this Compel of their policies/procedures, and Protocols.

d. That this Court grants plaintiff relief.

f. That this Court Compel the medial defendants to identify the individual(s) responsible for the implementation an maintenance of the aforementioned treatment protocol and policies/procedures as ordered by the court on October 11, 2007 and November 1, 2007.

g. That pursuant to this Court's Discovery Scheduling Order for December 10, 2007, dead line for all discovery request to be submitted be "**STAYED**" for good cause until defendants comply with the orders, directives of this Court, especially this motion at bar regarding discovery and inspection.

h. That this Court administers and enforces justice as to what this Court deems fair and appropriate.

Done this 10th Day October 2007.

*/s/ Marcellus T. Breach*

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710          *

    Plaintiff,                              *

Vs.                                *   CASE NO: 2:06-cv-1133-MEF

                                       *

PRISON HEALTH SERVICES, INC., et al.,
                                       *

    Defendants.

## *DECLARATION OF THE PLAINTIFF IN SUPPORT FOR CONTEMPT AND SANCTIONS AND REASONABLE FEES*

    Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

    I am Marcellus Breach, AIS #160710, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion against the medical defendants for their failure to obey this Court's order entered on October 11, 2007, AND November 1, 2007, regarding that the medical providers allow me to inspect and/or copy the protocols and policies/procedures of Prison Health Services, Inc., {"PHS"} governing the treatment of hernias suffered by state inmates: Also, that the medical defendants identify the individual(s) responsible for the implementation and maintenance of the treatment protocol and policies.

    I state that on November 9, 2007, at approximately 9:45 a.m., I met with Correctional Medical Services, "(CMS") in regards to this court's order being Dr. Charles Stewart administrator for Alabama HIV inmates, and nurse administrator Ms. Debbie Hunt, Dr. Charles Stewart kept stressing that this order is the second order and it is a waste of time.

Dr. Stewart further told me that he has never once read the treatment protocol for hernias. He stated that what I am asking for is not here in this facility and that I needed to confer with Montgomery, Alabama.

I asked Dr. Stewart the name of the person responsible for implementation of this protocol and the name of the custodian of records for PHS. Dr. Stewart stated "We are CMS as of eight (8) days ago, I do know anything regarding PHS's protocols or their policies."

In regards to reasonable fees incurred in the preparation of this document requesting relief herein, Compel and the amount of time incurred in obtaining the relief requested is:

(Reasonable Fees @ $65.00 per hour @ 6 hours = $390.00 incurred)

I further state, that the several missing documents, or the concealed documents of the defendants are now available through CMS because Ms. Hunt allowed me to review the most recent medical documents she stated were faxed on November 9, 2007, from Kilby. However, I noticed that these documents are the very documents that I gave to nurse Graves at Kilby on or about December 27, 2007. I hand delivered these South Louisiana Correctional Center Medical Records. Nevertheless, counsel never once submitted these documents, but concealed them because they are now available. I know my Records.

I attest that it has taken me six hours of research and work in preparing this document for relief, requesting Contempt, Compel and Sanctions. I swear the foregoing is true and correct under the penalty of perjury 28 U.SC. 1746 on this 10 <sup>th</sup> Day of November 2007.

Marcellus Breach 160710

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 10th Day of October 2007.

| | |
|---|---|
| Alabama Dept. Of Corrections | Rushton, Stakely, Johnstone & Garrett, P.A. |
| Legal Division | P.O. Box 270 |
| P.O. Box 301501 | Montgomery, Alabama 36101 |
| Montgomery, Alabama 36130 | |

*/s/ Marcellus Breach*
Marcellus Breach