IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:06-CV-1133-MEF |
| | ) |
| PRISON HEALTH SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of the motion for order filed by the plaintiff on November 14, 2007 (Court Doc. No. 228), and for good cause, it is

ORDERED that this motion be and is hereby GRANTED to the extent addressed in this order. The plaintiff is advised that depositions upon written questions are governed by Rules 26, 28, 30 and 31 of the Federal Rules of Civil Procedure. These rules require that any deposition must be "taken before an officer authorized to administer oaths by the laws of the United States...." Rule 28(a), *Federal Rules of Civil Procedure*. The authorized officer must record the deposition and may do so "by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording." Rule 30(b)(2), *Federal Rules of Civil Procedure*. This cost includes the cost associated with retaining the services of an officer authorized to administer oaths. The plaintiff is further advised that he must adhere to *all* requirements and directives relative

to the taking of depositions prior to filing a notice of deposition with the court.

    Done this 14th day of November, 2007.


                                  /s/ Terry F. Moorer
                            TERRY F. MOORER
                            UNITED STATES MAGISTRATE JUDGE