## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

     Defendants.

\*             CASE NO: 2:06-cv-1133-MEF

### PLAINTIFF'S WRITTEN OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE DENYING PRELIMINARY INJUNCITIVE RELIEF

**COMES NOW**, the plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby files his timely written objections of the recommendation entered on _October 31, 2007_, of the magistrate judge denying preliminary injunction. The court granted plaintiff until _November 26, 2007_, to file his objections. [**Court Order Doc. 216** ] Breach would show as follows:

### STANDARD OF REVIEW

Plaintiff files his objections under 28 U.S.C., 1292(a) and U.S.C., § 636(b)(1)(a)(2004). The issue presented is whether the plaintiff met his burden to demonstrate a substantial likelihood of success on the merits; the plaintiff must make a showing of likely or probable, but not certain, success at trial. **_Schiavo_**, 403 F.3d at 1232 (citing **Home Oil Co. v. Sam's East, Inc.**, 199 F.Supp.2d 1236, 1249 (M.D. Ala. 2002)).

Plaintiff respectfully, request and directs this Honorable Court's Attention to Plaintiff's *"Motion For Reconsideration Of The Order and Recommendation Denying Preliminary Injunctive Relief/Newly Resubmitted Evidence,"* **Court Doc. 212**, *Exhibits "A"B"* Affidavits in reviewing de novo, and also, **Court Doc. No. 121, 128, 134** .

## STATEMENT OF THE CASE

In this <u>42 U.S.C. § 1983</u> action, Breach a state inmate, challenges the medical treatment provided to him for a left inguinal hernia initially diagnosed in February of 2005. On *December 22, 2006*, and *June 19, 2007*, Breach filed an application for preliminary injunction [**Court Doc. 3 & 81**] in which he requests issuance of a preliminary injunction, which requires that the defendants refer him to a free-world surgeon for all "necessary medical care including surgery." *Plaintiff's Renewed Motion for Preliminary Injunction – Court Doc. No. 81 @ 43.*

Defendants filed responses in opposition to Breach's motions for preliminary injunction and additional responses addressing the allegations contained in the complaint.

On *October 31, 2007*, the magistrate judge entered his recommendation that preliminary injunction relief be denied, and on *November 6, 2007*, Breach filed a document entitled motion for reconsideration of Recommendation denying preliminary injunctive relief [**Court Doc. 212**] and on *November 8, 2007*, the magistrate judge denied same.

On *November 6, 2007,* Breach filed a document entitled motion for an extension of time to file his written objections of the magistrate judge [**Court. Doc. 210**] and on *November 8, 2007,* the magistrate judge granted same and extended Breach's 10-day limit to file his objections to including from *November 13, 2007* to and including *November 26, 2007.*

## STATEMENT OF THE FACTS

Throughout this entire litigation Breach has been complaining to the magistrate judge that *Dr. John A. Tassin, M.D.,* has been, and is continuing to be "overlooked". Breach's grave issue in this action begins with Dr. Tassin, and as stated within his preliminary injunction Breach re-asserts Dr. Tassin's order and recommendation that Breach's inguinal hernia "needs repair?"[*See, Exhibit "D", pg. # 53, Application For Preliminary Injunction, Court Doc. 81*]

On November *6, 2007,* Breach requested that the magistrate judge reconsider his recommendation denying the preliminary injunction, and further included additional evidence and testimony from **Dr. John A. Tassin, M.D.,** and **Dr. Satyavardhana Rao Yerubandi, M.D.,** a licensed physician and general surgeon specializing in hernia repair. [**Exhibits A & B, Court Doc. 212**]

Dr. Tassin, M.D., states in his Affidavit:

**"My notes reflect that I wrote "need repair" which indicated that I was questioning whether or not his hernia was going to need a repair. This notation did not reflect that I felt that his hernia actually needed a repair or required repair, but only that I needed to look into the**

question of whether or not it did need repair." [See, Exhibit B, ¶ 2, Affidavit Dr. Tassin, Court Doc. 212]

On *September 4, 2007,* and *September 11, 2007,* Breach filed an *"Addendum to Renewed Application for Preliminary Injunction"*[Court **Doc. 118**] and *September 11, 2007,* a construed motion entitled *"Motion to consider all factors in addressing his claims for relief"* [**Court Doc. 128**] and further exhibits as documents being public information regarding inguinal hernias. [**Court Doc. 134**]

¹ In Breach motion, Breach complained that the medical defendants for a period of <u>five (5) months simply stopped screening</u> Breach's sick call requests, requesting and complaining about **burning pain**, and that his **hernia is progressing**, enlarging into a more serious injury. Breach complained that dates: *May 22, 2007,* Breach submitted a sick call request complaining as follows; [**Exhibit "A", [Doc. 118] Court Doc. 134**, *Motion For Leave to File Evidentiary Materials in Support of Construed Motion To Consider All Factors in Addressing Plaintiff's Claim For Relief".]]*

The Dates that the medical defendants simply stopped their constitutional duty to provide medical treatment are as follows: *May 22, 2007:*

> **"This morning I experienced unusual pain with my hernia. It's hard to describe but I was having problems walking. I kept pressure on it but every time I coughed it hurt. Ibuprofen – no good for the pain." [Court Doc. No. 134 attached as Exhibit A, reflecting Doc. 118]]**

----

Breach went a total of five months without ever being seen by medical personnel complaining about pain, burning pain, and no pain medication. The magistrate judge overlooked this factor denying injunctive relief leaving Breach in a no help situation regarding his pain and suffering.

The dates complained and attached as exhibits that Breach was completely being denied any medical treatment basically resolving because he filed this lawsuit are: June 15, 2007, June 30, 2007, July 3, 2007, July 14, 2007, August 1, 2007, August 6, 2007, are all factors that the magistrate judge failed to consider in denying Breach relief.

## OBJECTION NO. 1

## WHETHER BREACH'S REQUEST FOR PRELIMINARY INJUNCTION RELIEF WILL ALTER THE STATUS QUO TO THE ISSUES PRESENTED IN THIS CAUSE OF ACTION?

The magistrate judge recommended as follows:

"Breach challenges the medical treatment provided to him for his left inguinal hernia and request this court order that he be referred to an outside specialist for treatment to include surgical repair of the hernia. It is therefore clear that Breach does not seek issuance of a preliminary injunction to preserve the status quo of the parties until the merits of his claim have been completely adjudicated which constitutes the limited purpose of a preliminary injunction. Suntrust Bank, 268 F.3d @ 1265; University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981). Rather, Breach requests preliminary injunctive relief to alter the status quo and seeks to obtain relief properly sought upon adjudication of the merits of the issues presented in this cause of action but prior to such adjudication." [Court Doc. 199 – Recommendation @ p. 4 ¶ 1.]

### MEMORANDUM AT LAW/POINTS ON AUTHORITY

The magistrate judge relied on Copyright Act of 1976 in addressing the status quo, which is distinguishable from medial treatment, pain and suffering. The court cited *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 157, 1265 (11th Cir. 2001) in its decision not to grant Breach relief from pain. In *Suntrust,* that case is distinguishable from this

5

case at bar because _Suntrust_ dealt with "Copyright Act of 1976". In _Suntrust,_ that case regarding a preliminary injunction called for an analysis of whether the preliminary injunction was properly granted against an alleged infringer who, relying largely on the doctrine of fair use, made use of another's copyright from comment and criticism. Breach "screams" that Copyright Law, has nothing to do with: **(i) medical treatment; (ii) the Standard of Care regarding medical care under the Alabama Medical Liability Act, § 5-6-481, et seq., and § 6-5-542 et seq., Code of Alabama, (1975).**

"Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones." **_Farrow v. West_**, 320 F.3d 1235, 1242 (11th Cir. 2003) (citing **_Farmer v. Brennan_**, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994)). The treatment a prisoner receives in prison, along with the conditions under which the prisoner is confined, is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. _Id._ (citing **_Helling v. McKinney_**, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993)).

The very purpose of the preliminary injunction is this case would be to preserve the status quo, which is the deterioration of health, subjection of gratuitous pain, and an injury that is progressing that will lead to a life or death situations due to the medical defendants actions.  Breach's hernia has progressed and is trying to get **"Trapped"** wherein, evidence is before this Court through an expert that waiting until Breach's hernia is incarcerated, strangulated or into the scrotum **will cause further medical**

**complications, such as tissue death, gangrene, nerve entrapment.**  Also, the very purpose of the injunction ought to be, to <u>stop</u> medical defendants from <u>inflicting</u> gratuitous pain upon Breach when there is a remedy available, which is surgery, because surgery is the ONLY cure that will stop the infliction of pain.   The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." *Chandler*, <u>2004 U.S. App. LEXIS 16246</u> at \*22 (quoting  *Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000 ) (other citation omitted).

To establish "unnecessary and wanton infliction of pain," a plaintiff is required to show "that officials acted with specific intent." *Campbell*, 169 F.3d at 1362. "The exact nature of the specific intent required depends on the type of claim at issue." *Id.* at 1363.

To prevail on their request for injunctive relief, Plaintiffs must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not issued; (3) threatened injury to the movant outweighs the potential damage that the proposed injunction may cause the defendants; and (4) the injunction will not be adverse to the public interest. *See* All *Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989) (citation omitted). The issuance of an injunction is an extraordinary remedy, and the moving party "bears the burden to clearly establish the four prerequisites." *Cafe 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993).

*OBJECTION NO. 2*

*WHETHER BREACH MET THE PREREQUISITES FOR ISSUANCE OF A PRELIMINARY INJUNCTION/ THE SUBSTANTIAL LIKELIHOOD?*

The very purpose of a preliminary injunction will be to prevent further injury to Breach's health.  The magistrate judge recommended:

> "Having reviewed Breach's request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Breach has failed to meet his burden as to this prerequisite.  At this stage of the proceeding, Breach simply has not established a substantial likelihood of success on the merits."[Recommendation, Court Doc. 193, @ p. 12, ¶ B "The Prerequisites".]

[2] First and foremost, Breach argues that the established substantial likelihood standard that the magistrate judge applied <u>was too high</u>.  Breach <u>does not</u> have to "prove" his case at a preliminary injunction stage, nor is Breach required by law to actual demonstrate "deliberate indifference" at a preliminary injunction stage, so even if, differences of medical opinions are an issue at the preliminary injunction stage, it is still appropriate and difference of opinions has nothing to do with the grant of a preliminary injunction and also, has nothing to do with substantial likelihood standard.

---

[2] It appears that based on the recommendation that magistrate judge ruled that this case seems to be a differences in medical opinions.  However, Breach was not required to demonstrate deliberate indifference, which is for summary judgment.  Breach was required to show, that his hernia is progressing, causing him to endure pain.  Breach showed through expert testimony that hernias can lead into a life or death situation.  The magistrate judge is looking for deliberate indifference showing, at the wrong stage.

Breach argues that although it is clear from cases that proof of a substantial likelihood of success on the merits is an indispensable prerequisite to a preliminary injunction. *All Care Nursing Serv.*, 887 F.2d at 1537. However, the movant must demonstrate a "substantial likelihood," **not a substantial certainty**. To require more underlines the purpose of even considering the other three prerequisites. Thus, instead, "the movant **need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the [preliminary injunction***].***"** *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (per curiam); *see* **Gonzalez v. Reno**, 2000 U.S. App. LEXIS 7025, No. 00-11424-D, 2000 WL 381901 at *1 (11th Cir. Apr. 19, 2000); **United States v. Hamilton,** 963 F.2d 322, 323 (11th Cir. 1992) (quoting); **Garcia-Mir v. Meese**, 781 F.2d 1450, 1453 (11th Cir. 1986). The review "require[s] a delicate balancing of the **probabilities** of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief. " **Siegel v. Lepore**, 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc).

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. **Suntrust,** 268 F.3d @ 1265; quoting **Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. V. City of Jacksonville, Fl.**, 896 F.2d 1283, 1284 (11th Cir. 1990).

Breach suffers from pain. Breach was not required at a preliminary injunction to demonstrate "deliberate indifference". However, Breach has properly alleged that his Hernia is progressing, getting worse, more painful, problems walking, bowel movements, and falls unto his left testicle. The Court has evidence and a load of public information regarding Hernias, and that they must be repaired through surgery: Dr. Yerubandi, M.D., a surgeon speaks and further supports this public information, that the only way to "stop" a hernia from getting worse is to repair the defect through surgery. Evidence to this court is that waiting until Breach's hernia become strangulated, incarcerated to into the scrotum is a "Life or Death Situation". The status quo, is to intervene and stop Life or Death situation from arising.

Breach further demonstrates that he will suffer irreparable harm if a preliminary injunction order does not issue. This Court has adopted Dr. Yerubandi's opinions, a licensed physician and general surgeon specializing in hernia repair, who asserted that based on the medical records, it is his professional opinion that Breach's inguinal hernia, the opening of his hernia **'cannot'** heal itself, neither **can any medicine be used to cure** the condition, hernias **cannot be medically 'treated'** neither **can any medicine be used to cure the condition; surgery for Breach is the only way to cure the defect**. The long-term course, therefore, is for Breach's hernia to **become steadily worse as time goes on, sometimes slowly and sometimes quickly.** The only remedy for his condition to repair the hernia surgically. *** The imminent danger that Breach faces is, and if, when Mr.

Breach's hernia becomes non-reducible, **it will and can become life threatening** if part of Breach's intestine get trapped or 'strangulated' in the opening: this can lead to dangerous complications such as obstruction of the flow of intestinal contents or blood, leading to tissue death and gangrene. Yerubandi, expressed this opinion because when and if, Breach's hernia becomes strangulated, it **will** become an emergency situation that **will** and does usually require immediate surgery because of **potential** complications. Yerubandi advised this Court that surgery be done **before** this dangerous incarceration and strangulation situation arises. See, *Plaintiff's Exhibit A to the Motion for Preliminary Injunction – Court Doc. No. 81-2 @ 3, 6-7*

A subsequent affidavit, Dr. Yerubandi states that based on his review of the prison medial records it is his opinion "that Mr. Breach's hernia **is progressing** which **will lead into a dangerous medial situation when it becomes incarcerated**, or **strangulated, or even into the scrotum.**" *Plaintiff's Exhibit 2 of the Renewed Motion for Independent Evaluation – Court Doc. No. 124-3 at 2.* Yerubandi, expressed that an independent evaluation was necessary to determine the extent of Breach's hernia, whether he is in danger of more serious medical complications.[3]

---

[3] **The Delker v. Maass, 843 F. Supp. 1390 (D.Or. 1994)(The district court found the plaintiff had been injured by the delay in treatment. The district court also rejected "any suggestion that prison officials may avoid their duty to provide medical treatment by the simple expediency of labeling such a treatment as 'elective'". Id. @ 1399. The Court stated: "The classification of surgery as "elective" does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners." Id.**

Yerubandi also stated that it was his professional belief as a Surgeon, a specialist in hernia repair that prison medical personnel have breached the "acceptable standards of care" so as to amount to deliberate indifference "in their failure to refer Breach to a specialist in hernia repair who regularly see all these kinds of cases because of incarceration and strangulation of Breach's hernia which will lead to serious medical complications such as tissue death, gangrene – if Breach is not timely treated knowing that medically you cannot treat a hernia, surgery is the only cure to alleviate Breach's symptoms of pain and discomfort.... Medically, there is no treatment for Breach's hernia, and the prescription given by Dr. Hobbs [the prison physician] can be called hernia management because, the only treatment is surgery. **No mechanism of preventive care is known, and surgical repair is almost always necessary."**

In *Delker v. Maass*, 843 F. Supp. 1390 (D.Or. 1994) the Court held: " . . . [A] federal court is not required to **blindly defer to the judgment of prison doctors or administrators** in determining whether there has been deliberate indifference to an inmate's serious medical needs." Id. @ 1398.   A judgment after a trial <u>will not</u> save Breach from present and further medical complications.  Waiting until trial to obtain an injunction for surgery, **will not tone down the present pain**, nor stop Breach's hernia from progressing, nor with it stop the unbearable pain he is experiencing.   Preliminary injunction ought to be seen differently than that of a Copyright case, *Suntrust.*

Breach argues that the "Status Quo" in this Case is his physical condition, and threat to good health. Breach urges that this Court ought to look at the <u>possibilities</u> of further deterioration to his physical health, his current physical restrictions, **i.e., pain having bowel movement, intestine dropping unto his left testicle, hernia getting <u>"trapped"</u>** are dangerous symptoms, and the sever medical complications such as tissue death, gangrene, and death if not timely treated. ***Status Quo***, is defined "The settled condition or state. The state of affairs before change or alteration. *Ballentines's Law Dictionary, 3rd 1969.*

Preliminary injunction requires "**substantial likelihood** of success on the merits, and **substantial threat of irreparable injury**" Breach cites both Webster's New Collegiate Dictionary and Black's Law Dictionary for the proposition that "the plain meaning of '**likelihood**' is '**probability.**'" Next, Breach notes that Black's Law Dictionary further defines "**probability**" as "a condition or state created when there is more evidence in favor of the existence of a given proposition than *there is* against it." *See **Turnpike** Nissan, Inc., v. Nissan Motor Corp.,* 150 B.R. 345, 346 (M.D. Pa. 1992).

Temporary restraining order are designed to protect against irreparable harm and preserves the status quo [Breach's health] until a meaningful decision on the merits can be made. A substantial likelihood of success on the merits requires a showing of only **likely or probable**, rather than <u>certain success</u>. Where the balance of the equities weighs heavily in favor of granting an injunction the plaintiffs need only show a substantial case

on the merits.    Again the critical issue is whether Breach has established a substantial likelihood of success on the merits by requesting that this Court order defendant to provide him with surgery.    A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain* success. **Home Oil Co. v. Sam's East, Inc.,** 199 F. Supp. 2d 1236, 1249 (M.D. Ala. 2002) *(emphasis in original).* Where, as here, the "balance of the equities weighs heavily in favor of granting the [injunction]" the Plaintiffs need only show a "substantial case on the merits." **Garcia-Mir v. Meese**, 781 F.2d 1450, 1453 (11th Cir. 1986).  The equity, in this case is *"**Breach's health**"*, not how many lawsuits may be filed by other prisoners that is speculations.

## *POINT A.*

As the Court stated in *Gonzalez*, "where the balance of the equities weighs heavily in favor of granting the [injunction], the movant need only show a **substantial case on the merits.**" ***Gonzalez***, 2000 U.S. App. LEXIS 7025, 2000 WL 381901 at *1 (internal citations omitted) (alteration in original). In this case, the balance of the equities weighs heavily in favor of granting the injunction. The Court determined the balance of the equities by examining the three final factors required to grant a preliminary injunction. ***Garcia-Mir***, 781 F.2d at 1453.  In this case, Breach was only required to show that **he is suffering extreme pain, his health is deteriorating, and that his hernia is trying to get "Trapped" which is leading into a dangerous medical situation.**    "A showing of irreparable harm is the *sine qua non* of injunctive relief." ***Northeastern Fla. Chapter of the***

*Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (citation and internal quotation omitted). Here, the immediate irreparable injury is not only possible, it is imminent. Testimony from a surgeon stated that Breach's hernia is imminent to become strangulated, or incarcerated which will lead into a life or death situation.

This Court is not aware of a more serious injury than that of more irreparable than death if Breach is not timely treated when his hernia becomes incarcerated, strangulated or into the scrotum, which is the next phrase. An evidentiary hearing would have supported this possibility. Clearly, the threatened injury of incarceration, strangulation, and incarceration, which will lead to death, <u>outweighs any harm</u> the proposed injunction may cause, i.e. the only cure being surgery. In fact, the court failed to see any harm in ordering that Breach receive surgery that <u>would alleviate his pain and suffering</u>. The court <u>overlooked</u> the subjective components of pain. The court <u>overlooked</u> the five months that Breach went <u>without </u>being screened by the medical defendants. [**Court Doc. 121, 128 & 134**].  On the other hand, a denial of the request for injunction will result in the death of Marcellus Breach, when his hernia becomes incarcerated, strangulated or into the scrotum. See *Affidavits of Dr. Yerubandi. M.D.*, furthermore, Dr. Tassin <u>questioned surgery</u> is a factor overlooked by the court.

Finally, an injunction in this case clearly would not be adverse to public interest, thus satisfying the fourth and final criteria necessary to grant a preliminary injunction

because the <u>only thing this Court would be doing is relieving pain and suffering.</u> Upon reviewing these three factors, it is obvious that the equities weigh heavily in favor of granting the injunction. In addition, there are several Affidavits from a qualified surgeon in hernia repairs stated several opinions, that there is **no treatment** for a hernia, the **cure is surgery.** Breach only requested that he receive the only treatment available, and that is surgery.

## CONCLUSION

The establishment of a "substantial likelihood for success on the merits" is a heavy burden, but not an insurmountable one. A movant **need not** establish that **he can hit a home run,** only **that he can get on base**, with a **possibility of scoring later**. In fact, our circuit jurisprudence establishes that the movant **need not** establish a "probability" of success, taking all things into consideration. The merits of Plaintiffs' substantial claims warrant a more complete review. Breach **does not mean to suggest that he will definitely prevail on the merits,** but merely that he has presented **a sufficient case on the merits**. He raises legal issues necessitating the grant of the preliminary injunction and should be afforded an opportunity to defend the merits of his claims. Adjudication on the merits is impossible if the Court does not grant the injunction. Furthermore, reiterated Breach argues that the "Status Quo" in this Case is <u>his physical condition,</u> and <u>threat to good health.</u> Breach urges that this Court ought to look at the possibilities of <u>further deterioration</u> to his physical health, his current physical restrictions, i.e., pain having

16

bowel movement, intestine dropping unto his left testicle, hernia getting "trapped" are dangerous symptoms, and the sever medical complications such as tissue death, gangrene, and death if not timely treated.

Finally, the Court ought to note that awarding an injunction is an equitable decision. The Court has broad powers to fashion a remedy in equity. The Court is required to balance the equities, and when it doesn't, the Court should find that the gravity of the irreparable injury Marcellus Breach's health will further deteriorate, and Breach will continue to suffer sever medical complications such as tissue death, gangrene, and nerve entrapment; could not weigh more heavily in Plaintiffs' favor. In contrast, there is little or no harm to be found in granting this motion for a preliminary injunction and deciding the full merits of the dispute.

The Eleventh Circuit's decision is whether injunctive relief is a **reasonable possibility**. There is some degree of ambiguity in the word "likelihood," and there is no clear guidance in the Eleventh Circuit's opinion as to which of the parties' interpretations is more accurate. The Court ought to therefore look to prior opinions of this Circuit for guidance on the appropriate use of the word "likelihood." The Eleventh Circuit and the former Fifth Circuit have previously held, albeit in different contexts, that "the word **likelihood is synonymous with probability**." *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, <u>697 F.2d 1352</u>, 1356 n.2 (11th Cir. 1983); *see also Faciane* **v. Starner**, 230 F.2d 732, 738 (5th Cir. 1956) (using the words "likelihood" and "probability" coextensively in

17

addressing the degree of consumer confusion necessary to support a trademark infringement action). However, in defining the word "probability," the Eleventh Circuit has recognized that it is capable of two definitions: a lower "reasonable probability" standard, or a higher "more likely than not" standard. *Johnson v. Singletary*, 938 F.2d 1166, 1200 n.6 (11th Cir. 1991). But ultimately, the definition most often applied in this Circuit's precedent is the "more likely than not" standard. *See* *Mercantile Tex. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 638 F.2d 1255, 1268 (5th Cir. 1981) ("A probability signifies that an event has a better than fifty percent chance of occurring"). Although support exists for both interpretations, it is the Plaintiffs' proposed definition that is best suited for this Court's analysis.

**WHEREFORE, premises considered**, plaintiff respectfully request that this Court review the recommendation of the magistrate de novo, and determine the factors of plaintiff's health in this case.

Done this 15 Day of November 2007.

Marcellus Breach 160710
Limestone C.F.
27889 Nick Davis Rd.
Harvest, Alabama 35749

18

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this _15_ Day of November 2007.

Alabama Dept. Of Corrections          Rushton, Stakely, Johnstone & Garrett, P.A.
Legal Division                        P.O. Box 270
P.O. Box 301501                       Montgomery, Alabama 36101
Montgomery, Alabama 36130

                                      _____
                                      Marcellus Breach