IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:06cv1133-MEF |
| § | |
| PRISON HEALTH SERVICES, INC.; § | |
| et al.; § | |
| § | |
| Defendants. § | |

## NOTICE OF FILING

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and do hereby give this Court notice of filing of material information, which directly contradicts multiple assertions, positions, and pleadings of the Plaintiff, Marcellus Breach, with regard to the inspection and copying of medical records, policies, and other documents previously requested.

At no time have these Defendants prevented the Plaintiff from having access to the material information outlined in multiple pleadings, including, but not limited to Court Doc. No. 196 and Court Doc. No. 157. In response to this Court's Order [Doc. No. 199], the Defendants submit the following, which has previously been provided to the Plaintiff:

1. Supplemental Affidavit - Deborah Hunt.

2. Affidavit - Dr. William Hobbs.

In addition, Prison Health Services has no written protocol, policies or procedures regarding the treatment of hernias, however, each hernia is reviewed on an individual basis

and hernias which are not incarcerated or in danger of becoming incarcerated or into the scrotum are not necessary for surgical repair and can be conservatively treated.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 262-6277 (fax)

**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of November, 2007, to:

  Mr. Marcellus Breach (#160710)
  Limestone Correctional Facility
  28779 Nick Davis Road
  Harvest, AL  35749

 The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

  Albert Sims Butler, Esq.
  ALABAMA DEPARTMENT OF CORRECTIONS
  P. O. Box 301501
  Montgomery, AL  36130-1501

        /s/ PAUL M. JAMES, JR. (JAM017)
        OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH (AIS # 160710),    *

    Plaintiff,    *

V.    *    2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,    *

    Defendants.    *

### SUPPLEMENTAL AFFIDAVIT OF DEBORAH HUNT, R.N., H.S.A.

BEFORE ME, James Bailey Jr., a notary public in and for said County and State, personally appeared **DEBORAH HUNT, R.N., H.S.A.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Deborah Hunt. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have worked as a nurse at Limestone Correctional Facility in Harvest, Alabama, since January of 2002, and have been the Health Services Administrator (H.S.A.) at Limestone since April of 2007.

It is my understanding that Marcellus Breach reviewed and inspected his medical chart during the week of October 22, 2007 and stated on October 26, 2007 that he did not wish to make any photocopies of any documents contained in his medical chart at this time."

Further affiant sayeth not.

                                              _Deborah Hunt, RN/HSA_
                                              DEBORAH HUNT, R.N., H.S.A.

EXHIBIT A

Case 2:06-cv-01133-MEF-TFM    Document 248-2    Filed 11/21/2007    Page 2 of 2

STATE OF ALABAMA )
)
COUNTY OF AT LARGE )

Sworn to and subscribed before me on this the 15th day of Nov, 2007.

_____
Notary Public

My Commission Expires: 9-8-2010

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)   *

    Plaintiff,   *

V.   *   2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,   *

    Defendants.   *

## SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, James Dailey JR, a notary public in and for said County and State, personally appeared **WILLIAM D. HOBBS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William D. Hobbs. I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006. I have served as the Site Medical Director for Limestone Correctional Facility in Athens, Alabama since October of 2006. I have been employed with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates since my employment began at Limestone. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Limestone Correctional Facility. Mr. Breach was transferred to Limestone Correctional

EXHIBIT B

Facility on March 23, 2007. I am familiar with Mr. Breach and have been actively involved with the medical services provided to him at Limestone.

It is my understanding that Mr. Breach has requested to be seen by a medical examiner for an independent physical exam for complaints related to his hernia. As I previously stated in my initial affidavit, Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole."

It is my opinion that Mr. Breach does not need to be seen by a medial examiner for an independent physical examination to determine whether or not surgery is necessary. Mr. Breach does not have a right Direct, Indirect or Femoral Hernia. Mr. Breach does not have a left Indirect or Femoral Hernia. He does have a large, easy to reduce direct inguinal hernia on the left.

As previously stated in my initial Affidavit, as a general rule, a hernia does not progress quickly and there are instances where a person has a hernia for many years and may never require surgery for repair. Hernia repair is an elective surgery. The danger of waiting for a hernia to become incarcerated or strangulated is not high and emergencies involving hernias do not develop often.

We are treating Mr. Breach with restrictions related to lifting, walking, standing and wearing a truss in an attempt to keep his hernia from becoming larger. A truss is used to decrease discomfort and to decrease the possibility of the hernia becoming larger. If Mr. Breach would follow the instructions provided to him and the restrictions placed on him by PHS physicians and if he would wear the truss prescribed for him, these things would in fact keep his hernia from progressing.

I have not seen Mr. Breach since April 30, 2007. He has not been seen in the emergency room at our Healthcare Unit nor has he filed a sick call request requesting an appointment to be seen by me. On April 30th, Mr. Breach was given a prescription for a 90-day supply of pain medicine which has since expired. If Mr. Breach's condition is as he describes (unusual and burning pain/progressively worsening), it would seem he would have made an attempt to be seen in the emergency room or show-up for sick call requesting an appointment with me.

I would like to reiterate that Mr. Breach's hernia is not life threatening and does not require surgical intervention and I believe surgery is not medically necessary. His hernia is easily reducible, non-strangulated, and is not incarcerated. Surgery is not his only option and it is not medically necessary.

I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced. Mr. Breach is not in imminent danger and his hernia is not life threatening. If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired.

It is also my understanding that Mr. Breach has made an allegation that I am currently under investigation by the Medical Board of Examiners. This allegation is completely untrue, as I have never been made aware of any Complaint filed against me.

With respect to an incident involving inmate, Jackie Morrow, Mr. Morrow did have an infected incision due to a surgery performed by a surgeon prior to Mr. Morrow being transferred to Limestone Correctional Facility. Mr. Morrow's incision was infected and I did treat his

incision, but my treatment did not cause gangrene or a staff infection. Mr. Morrow was also sent back to this surgeon for follow-up care and treatment of this infected incision."

Further affiant sayeth not.

_William D. Hobbs, MD_
WILLIAM D. HOBBS, M.D.

STATE OF ALABANA )
                 )
COUNTY OF St. large )

Sworn to and subscribed before me on this the 17th day of Sept, 2007.

_____
Notary Public
My Commission Expires:

9-8-2010

4