IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § § | |
| Plaintiff, § § | |
| vs. § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; § et al.; § § | |
| Defendants. § | |

## RESPONSE TO PLAINTIFF'S REQUEST
## FOR ADMISSION OF FACT [COURT DOC. NO. 173]

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and in response to the Plaintiff's Request For Admission Of Fact, states the following:

These Defendants object to all discovery propounded by the Plaintiff, Marcellus Breach, as said discovery is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence regarding any deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act. Notwithstanding these objections, these Defendants state the following:

1. Admit.

2. This request for admission is not directed to these Defendants. To the extent that the Plaintiff may construe said response as either an admission or a denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, responses to request for admission.

3.   This request for admission is not directed to these Defendants. To the extent that the Plaintiff may construe said response as either an admission or a denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, responses to request for admission.

4.   This request for admission is not directed to these Defendants. To the extent that the Plaintiff may construe said response as either an admission or a denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, responses to request for admission.

Pursuant to the Federal Rules of Civil Procedure, these Defendants would object to any definitions and identifications/instructions, as drafted by the Plaintiff, and said responses do not comply with nor adhere to the Plaintiff's self-defined instructions and definitions, as contained in the Request for Admission. Notwithstanding said position, these Defendants would state the following:

**II.   Request for Admission of Facts.**

1.   These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

2.   These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to

co-defendant, Alabama Department of Corrections, response to said request for admission.

3. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission. In addition, the Defendants do admit that the record referenced as "Doctor's Order Sheet" show Dr. Tassin questioning the need for a hernia repair.

4. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

5. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

6. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

7. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

8. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

9. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

10. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission.

11. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to

co-defendant, Alabama Department of Corrections, response to said request for admission. In addition, Prison Health Services admits that each hernia is treated individually and monitored individually based on the extent of its condition and Prison Health Services also admits that Plaintiff Marcellus Breach's hernia is not incarcerated or in danger of becoming incarcerated or into the scrotum and does not require surgery.

12. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission. In addition, Prison Health Services can neither admit nor deny the authenticity of the non-party's particular document, however, notwithstanding this position, the document speaks for itself.

13. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for admission. In addition, Prison Health Services would admit that Dr. Tassin did not believe surgery was necessary on Breach's hernia based on his notes questioning the need for surgical intervention.

14. These Defendants can neither admit nor deny this request for admission, however, notwithstanding this position and assuming, *arguendo*, that the Plaintiff accepts this position as either an admission or denial, these Defendants would refer the Plaintiff to co-defendant, Alabama Department of Corrections, response to said request for

admission. In addition, Prison Health Services admits that hernias which are not incarcerated or in danger of becoming incarcerated or into the scrotum need not require surgical intervention, but must be treated and monitored on an individual basis.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of November, 2007, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

                        /s/ PAUL M. JAMES, JR. (JAM017)
                        OF COUNSEL