IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## PLAINTIFF'S REQUEST FOR AN EMERGENCY STAY OF DISCOVERY DEADLINE

**COMES NOW**, the plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby request pursuant to *Rule 37, Federal Rules of Civil Procedures* that this court "stay" its scheduling deadline being *December 10, 2007*, for all parties to submit their discovery requests for good cause. Plaintiff shows as follows:

¶ 1. The case has not progressed as required in the Scheduling Order **[Court Doc. 178-1 -- Order]** Thus, citing the Court's discretion under *Rule 37, Federal Rules of Civil Procedure*, and the Court's inherent authority to manage its caseload, (*Id.*).

¶ 2. Plaintiff request for a "Stay" of the *December 10, 2007*, discovery deadline, wherein all requests for discovery are to be filed with the court and served on the appropriate party. **[Court Doc. 197-1 --- Order]**

¶ 2.    The court's order entered on _November 1, 2007_, directed all parties that all request for discovery is to be extended from _November 20, 2007_ to and including _December 10, 2007_. [**Court Doc. 197-1—Order**] due to a _Motion to Compel_ filed by the plaintiff on _October 31, 2007_, arguing that the medical defendants did not comply with this Court's initial order regarding inspection and copying of their protocols, policies and procedures, and also, the names of the individual(s) responsible for the implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, Inc., governing the treatment of hernias suffered by state inmates with respect to the time period relevant to the claims presented by the plaintiff. [**Court Doc. 199 – Order**].

¶ 3.    This court issued an order compelling [Court **Doc. 199 – Order**] the medical defendants to comply with its order allowing plaintiff inspection and copying _by November 10, 2007,_ defendants did not obey the court. Nevertheless, on _November 14, 2007,_ plaintiff submitted a _motion for contempt of court/motion to compel/motion for sanctions_ [**Court Doc. 231**] because the medical defendants again disobeyed this court's orders for inspection and order compelling the medical defendants to allow plaintiff to inspect their protocols, policies and procedures regarding treatment of hernias. The court ordered attorney Paul M. James to show cause by _November 29, 2007_. [**Court Doc. 233-1—Order**] [1]

---

[1] Plaintiff argues that the medical defendants had over 27 days to allow inspections since this court's initial order entered on October 11, 2007, Court Order Doc. 171-1. However, since October 11, 2007 until today November 19, 2007, well over 30-days, plaintiff has not been able

¶ 4.   On or before *November 26, 2007*, the medical defendants are scheduled to file their response to plaintiff's request for admissions filed on *October 11, 2007*, **[Court Doc. 172] [See, Court Doc. 174-1 — Order]**.

¶ 5.   There are serious discovery problems warranting a stay out of fairness of the discovery rules because *November 29, 2007*, attorney for the medical defendants must show **good cause** why the medical defendants have disobeyed this court's orders. However, the problem is, December 10, 2007, is the discovery deadline. There is no guarantee that the plaintiff will receive such inspection and copying by *December 10, 2007*, the very deadline and without, plaintiff cannot properly, adequately complete his discovery request.

¶ 6.   Approximately six separate request for discovery have been served thus far upon several defendants in this action:  (i) Defendant Bradford Adams, Nurse Practitioner, filed on or about *October 24, 2007*, (ii) Dr. Michael E. Robbins, M.D., filed on or about *October 26, 2007*; (iii) Defendant Ruth Naglich, filed on or about *October 29, 2007*; (iv) Defendant Dr. William D. Hobbs, M.D., filed on or about *November 8, 2007*; (v) Defendant Brandon Kindard, R.N., ADOC, filed on or about November 13, 2007, (vi) Defendant Dr. George Lyrene, M.D., Medical Director, ADOC, filed on or about *November 16, 2007.*

---

**to conduct any discovery request based on the Protocols, Policies and procedures regarding his hernia.**

3

¶ 7.    Plaintiff has been pursuing his discovery request in good faith without any information being provided by the defendants as their "Initial Disclosure" which actually contained really 90% of irrelevant materials.

¶ 8.    As of today, plaintiff <u>cannot</u> further, adequately pursue discovery "*without*" the protocols, policies, procedures, and the names of the individuals responsible for the implementation and maintenance of these protocols, policies and procedures. Furthermore, without said documents, plaintiff cannot question any of the defendants until he actually has possession of said request is rendering his discovery pursuits and request because even after <u>November 29, 2007</u>, if this court holds a contempt of court hearing, <u>December 10, 2007</u> will be only **Eleven days after**. It is a heavy burden upon the plaintiff to meet this <u>December 10, 2007</u>, date when he is not at fought, but the medical defendants' scheme, and deliberate intentions to disobey this court's orders only hinders plaintiff's right to discovery and violates the discovery rules.

## RELIEF REQUESTED

Plaintiff request that this court recognize that any delay in pursuing this case through discovery is <u>no fought of the plaintiff</u>. Plaintiff <u>cannot</u> further his request for discovery <u>*without the requested documents*</u> being the protocols, policies and procedures, and the names of persons responsible for the implementation and maintenance that is the very grave evil to his injury and pain.

4

WHEREFORE, *premises considered*, Plaintiff request that the court "stay" or grant such other relief deemed appropriate from the <u>December 10, 2007</u>, deadline <u>without</u> the requested information that is relevant, and material to his case and to further discovery request – stay until this court resolves the contempt of court and sanctions, compel motions pending before it.

Done this 19th Day November 2007.

_____
Marcellus Breach 160710®
Limestone C.F. D-19-b
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 19th Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
Legal Division
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

5

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd
Harvest, Alabama 35749

HUNTSVILLE AL 358
19 NOV 2007 PM

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

36101+0711