IN THE DISTRICT COURT OF THE UNITED STATES * 7TH
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## PLAINTIFF'S ADVANCE REQUEST FOR AN OPPORTUNITY TO RESPOND TO ANY RAISED OBJECTIONS TO DISCOVERY REQUEST BY DEFENDANTS

*COMES NOW,* plaintiff Marcellus Breach (hereinafter "Breach") in proper person request in advance that if the court deems that it is appropriate upon the filing of the attached and all submitted request for discovery -- upon any written objections raised by the parties, plaintiff request as follows:

1.  That he be given an opportunity to file an opposition to any raised defenses such as confidential, privileged information, over broad or burdensome, whatever, regarding plaintiff's request for information, documents especially his recent submitted request for discovery from the original source, the ADOC's Quality Assurance Program regarding their policy, procedures, protocols of medical treatment for hernias suffered by Alabama inmates; that under the Alabama Statue their medical providers agreed to comply with ADOC's Q.A. program.

1

## BRIEF MEMORANDUM AT LAW

In *Anderson*, the plaintiff patient, in seeking discovery directly from the defendant physician, requested that the physician acknowledge whether his "'medical, surgical or staff privileges have ever been reviewed, restricted or cancelled by any hospital or by any Medical Licensure Commission in any state in which [he has] been licensed . . . .'" 789 So. 2d at 192-93. The Court concluded that "discovery of information regarding [the physician's] privileges is barred by 6-5-333(d)." 789 So. 2d at 199. The Court did note that under that Code section the plaintiff could discover records or documents prepared by a hospital or other health-care provider "in its regular course of business" and that the plaintiff was "not precluded from seeking the same from [the physician] as the original source." 789 So. 2d at 199. Obviously, "the same" refers to records or documents prepared by a hospital or other health-care provider in its regular course of business. As the Court had earlier explained, "records made in the regular course of business, *exclusive of official committee functions*, and otherwise available from their original sources, are discoverable and not privileged." 789 So. 2d at 199 (emphasis added).

The import of those statements in *Anderson* can best be understood in the context of two other opinions the Alabama Supreme Court also issued in 2000, concerning access from "original sources," in connection with another statute, 22-21-8, Ala. Code 1975. After declaring that "[a]ll accreditation, quality assurance credentialing

2

and similar materials shall be held in confidence and shall not be subject to discovery," 22-21-8(b) states, in language quite similar to the language used in 6-5-333(d), that "[i]nformation, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery ... merely because they were presented or used in preparation of accreditation, quality assurance or similar materials. . . ." See, *Exparte Mendel*, 942 So.2d 824 (Ala. 2006)

In *Ex parte Krothapalli*, 762 So. 2d 836 (Ala. 2000), the Court, construing that language, stated: " [Section] 22-21-8 does not protect information if it is obtained from alternative sources. Hence, a plaintiff-seeking discovery cannot obtain directly from a hospital review committee documents that are available from the original source, but may seek such documents from the original source. Therefore, the trial court erred in ordering that these documents from the two hospitals be turned over to the plaintiff." 762 So. 2d at 839.

In *Ex parte Qureshi*, 768 So. 2d 374 (Ala. 2000), the Court reviewed a trial court's order requiring a hospital to produce documents pertaining to a defendant physician's "qualifications, training, education, and board certification in the field of orthopedic surgery," 768 So. 2d at 375, and correspondence between the hospital and the American Board of Orthopedic Surgeons or any other institution or hospital, or documents received by the hospital from any such organization, pertaining in any way to the physician. Concluding that those materials were barred under 22-21-8, the Court

3

stated, "we note, however, that *Krothapalli* allows the discovery of these documents from the original sources." 768 So. 2d at 378. In directing the trial court to vacate its order requiring the hospital to produce those documents "that were received from outside sources," the Court reiterated, "[n]either our decision in *Krothapalli* nor our holding here today prevents [the plaintiff] from obtaining documents that originated from sources other than [the hospital's] credentialing committee." 768 So. 2d at 380. Plaintiff's request for discovery are directed to the original source.

*WHEREFORE, premises considered,* plaintiff request that he have an opportunity to further support his claim as to why such documents are needed, to file a response upon any objections raised by either party.

Done this 20 th Day November 2007.

®
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY, that I have this 21st Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

®
Marcellus Breach



Thomas Branch 160740
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.