IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.                                CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### PLAINTIFF'S REQUEST TO SUBMIT EXHIBITS IN FURTHER SUPPORT OF WRITTEN OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE

**COMES NOW**, Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," urges this Honorable Court in review de novo of his written objections of the Magistrate Judge's order denying plaintiff's *Rule 35(a),* Fed. R. Civ. P., request for an "*independent physical examination*" entered on dates: October 29, 2007; and, November 6, 2007,: Plaintiff states that the attached order as "Judicial Notice" to a very recent judgment rendered and order against Prison Health Services, Inc., and ADOC, regarding a prisoner suffering from a Hernia that was not, is not, incarcerated, strangulated or, into his scrotum: [1] The Honorable Judge Hardwick, Circuit Court for Montgomery County,

---

[1] PHS alleges that ADOC has a Protocol that plaintiff cannot receive surgery for his hernia unless the hernia is incarcerated, or in danger of being incarcerated before surgically necessary is challenged as cruel and unusual punishment because it subjects plaintiff to endure gratuitous pain and suffering, when medically it is known and established through evidence submitted that the only cure, the only treatment for a hernia is surgery.

1

Alabama **ordered** Prison Health Services, Inc., and Alabama Department of Corrections to provide within 30-days an <u>independent physical examination</u> of the prisoner regarding his hernia: Plaintiff shows as follows: **[Exhibit "A", Order]**

**1)** <u>Upon information and belief</u>, plaintiff urges in the interest of justice that this Court take judicial notice to Montgomery County Circuit Court: **Case No. # CV-05-2528 (Carroll v. ADOC & PHS)**, wherein, in July 2007, the Honorable Judge Johnny Hardwick presiding over a petition for writ of certiorari, ordered the ADOC & PHS to surgically correct multiple incisional hernias on Carroll being a Alabama prisoner who has been suffering for years due to his hernia and being basically left without any treatment at all. Carroll originally had a <u>single an incisional hernia</u>; however, evidence established that due to the lack of surgical intervention for years, Carroll developed <u>multiple hernias</u> causing him to endure sever pain and suffering. Carroll's hernias **are not** incarcerated, strangulated or into his scrotum. **The Court ordered independent physical examination. [See, Affidavit of Carroll, Exhibit "B"]**

**2)** <u>Upon information and belief</u>, PHS and ADOC <u>did not</u> comply with the Circuit Court's Order entered in <u>July 2007</u>, and as an excuse filed a replication to the trial court's order alleging that Carroll <u>was not physically able to undergo surgery</u>. Another hearing was set on or about *November 6, 2007*, and the trial court again found PHS's actions, treatment ill founded. PHS shifting their defense and attempted to tell the Court, that Carroll did not have a hernia, after, evidence was established that Carroll does in fact

2

suffer from several hernias. The trial court entered another order directing PHS and ADOC 30-days to provide Carroll with an **independent physical examination**. [*See, attached copy of Carroll's pleadings, original available at CV-05-2528, Circuit Court Montgomery, Alabama*]²

## CONCLUSION

Carroll's case is almost identical to this case. Both Carroll and Breach have hernias. They both are suffering from the painful effects of their hernias being left untreated, when surgery is the only cure. Nevertheless, what is interesting, State Court found that an independent physical examination was necessary because only a surgeon can state medically whether surgery is necessary *before* incarceration, before strangulation, and before Breach's hernia is into his scrotum. Carroll's hernia is not incarcerate, strangulated or into his scrotum and the trial court found that it was necessary for independent examination.

If a State Court can find the need for a surgeon to examine a prisoner in that case, surely a Federal Court also can find it necessary. Plaintiff requests that this Court review the attached documents in further support of his request for independent physical examination.

---

² Plaintiff demonstrates that the attached Motion is a copy of the pleadings filed in that case, plaintiff does not have available the actual pleading signed by Carroll at this time. Original available upon judicial notice.

**WHEREFORE**, *premises considered*, plaintiff request that this Court take judicial notice, because that case, and the orders entered are almost identical to plaintiff's claim and an independent physical examination ought to be warranted in search for the truth in this case.

Done this 19th Day of November 2007.

*/s/ Marcellus Breach*

Marcellus Breach 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 20th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® */s/ Marcellus Breach*
Marcellus Breach

4

Marcellus Breach (160-40)
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749



HUNTSVILLE
AL 35
US FIRST CLASS

This correspondence is forwarded from
an Alabama State Prision. The contents
have not been evaluated, and the Alabama
Department of Corrections in not
responsible for the substance or content
of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

36101+9999

Exhibit A

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNY CARROLL

    Plaintiff,

v.                                            Case No. CV05-2528

DONAL CAMPBELL, STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS [ADOC], et al.

    **Defendants**

## ORDER

This cause coming before this Honorable Court for review and after testimony and evidence submitted, this Court orders that the Plaintiff be immediately transferred back to Limestone Correctional Facility. Further, this Court orders that within 30 days of this order, the ADOC shall make arrangements for the Plaintiff to see an independent physician for evaluation.

DONE THIS THE _14th_ DAY OF _November_, 2007.

                                                      _/s/ Johnny Hardwick_
                                                         Circuit Court Judge

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710 | * |  |
|  | * |  |
| Plaintiff, | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | * |  |
| PRISON HEALTH SERVICES, INC., et al., | * |  |
| Defendants. | * |  |

## DECLARATION BY INMATE JOHNNY CARROLL, AIS# 139022 REGARDING STATE COURT ACTION

**JOHNNY CARROLL, AIS# 139022** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

My name **Johnny Carroll, 139022.** I am over the age of twenty-one. I am familiar with Mr. Breach's Complaint concerning the medical treatment provided to him from **Dr. Williams Hobbs, M.D.** the Medical Director here at Limestone C.F.

I have been suffering from surgical hernias since on or about 2002 or 2003, and I have been incarcerated at ADOC since said times. I have been requesting surgery from the medical defendants and I have been requesting relief from my pain due to these hernias. I have not received anything other than Motrin. My hernias are the result from an reoccurrence hernia, and because I have not received any surgical treatment, I now multiple incensional hernias. My health has deteriorated, I am in constant pain.

I recently had a court hearing on a writ of certiorari at the Circuit Court of Montgomery County, Alabama Case No. **CV-05-2528** concerning my hernias and relief was that I am requesting hernia repair. I first had a hearing on or about July or August 9, 2007. The Court issued an order giving the defendants 30-days to provide me surgery. They didn't do it, but lied to the court that I have a Chron's disease, and then filed a motion to dismiss.

I appeared for another hearing, and my response is attached. The Honorable Judge Hardwick stated that the medical defendant's motion to dismissed is Denied. Mr. Carroll is going to receive his surgery.

I state that a Dr. McQueen tried to tell the judge that **I didn't have a hernia. I do have several hernias and they are very painful. My hernias are not incarcerated, strangulated, or into the scrotum.**

The medical defendants attempted to lie to the trial court that I had a Crohn's Disease and they have been treating me but the end results are that they misdiagnosed me, and I do not, never did have Crohn's Disease.

On **November 14, 2007**, the **Honorable Judge Johnny Hardwick, ORDERED,** the ordered Prison Health Services, Inc., and the Alabama Department of Corrections to that within 30 days of the order, the ADOC shall make arrangements for the Plaintiff to see an **independent physician for evaluation**. " I have attached the order entered.    I Swear that the foregoing is true and correct under the penalty of perjury. 28 U.S.C. 1746 this 17th Day of November, 2007.

*Johnny Carroll*
JOHNNY CARROLL 139022

Exhibit "C"

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNY CARROLL,                    )
    PETITIONER,                 )
VS.                                )    CASE NO. CV-2005-2528
RICHARD F. ALLEN, COMMISSIONER,    )
ALABAMA DEPT. OF CORRECTIONS, and
PRISON HEALTH SERVICES,            )
    RESPONDENTS.                )

## FINAL SUBMISSION PRIOR TO HEARING

COMES the Petitioner and prays that this Court will accept this his final submission in opposition to the wholly false and disingenuous response filed by PHS. Petitioner says:

1. This Honorable Court brought this Petitioner before the Court and thereafter ordered the Defendants (ADOC & PHS) to have a surgeon evaluate Petitioner to determine the state of his multiple hernias and need for surgery.

2. PHS responded and referred to their having Petitioner called to the infirmary wherein an agent of the Defendant tried to talk him out of wanting the surgery he desperately needs to be able to have minimal exercise and activity.

3. PHS submitted to this Court a false and untrue statement by this agent of the Defendants purporting that petitioner is not healthy enough for surgery. First, Petitioner submitted a "History and Physical" (Exhibit #1) from the original surgery underlying the hernias wherein it was finally determined he had a

small bowel obstruction (and not Crohn's Disease). There is no Crohn's Disease. The only problem petitioner has with bowel movements is he has to hold his guts in when he strains to use the bathroom (See Exhibit #2, Affidavit of Johnny Carroll).

4. To Petitioner's remembrance, this Court ordered PHS and ADOC _to provide Petitioner's medical records and have a surgeon evaluate him_. Petitioner asks this Court to issue an order upon PHS and ADOC to set up an independent surgical evaluation and repair of his hernias (and there are more than one) because the Defendants wholly failed to follow this Court's express order in open Court. It appears as though PHS and ADOC are still misleading the Court and misrepresenting Petitioner's wishes for surgery.

5. Petitioner acknowledged he does smoke, but referred to the "CHEST" section of Exhibit #1 and this Court was able to see his lungs were clear then and are clear now. Petitioner is perfectly able to withstand surgery, and in fact begs for not only the relief the surgery will give him from his having to put his guts back in his abdomen when he strains, but to ease his mental terror at times when fearing he may turn wrong way in the bed, or cough and end up ruptured. What was a minor condition has developed into multiple hernias because PHS and ADOC care not if petitioner dies or suffers pain and an inability to participate in activity.

6. Petitioner has been made to suffer for years from hernias simply because the ADOC and PHS change the facts to avoid the costs of their responsibility to care for this Petitioner.

7. Petitioner seeks in this proceeding a review of the ADOC and PHS decision not to perform the surgery. The conduct of the parties and pleadings speak for themselves. As a result of the Respondents' conduct, Petitioner is made to suffer unnecessary and wanton infliction of pain. This Court cited cruel and unusual punishment at the prior hearing. Petitioner suffers not only pain, but fear, and a total lack of ability to exercise. Petitioner simply asks the Court to review the record in its entirety and make a fair and just decision after the forthcoming 10/16/07 hearing.

Respectfully submitted this_____day of October, 2007.

_____
Johnny Carroll, Petitioner

**CERTIFICATE OF SERVICE**

I, Johnny Carroll, do hereby certify service upon Tara S. Knee, counsel for the ADOC, and Williams R. Lunsford, counsel for PHS, by placing the same in the hands of prison officials for mailing in the United States mail postage paid and addressed correctly this_____day of October, 2007.

---
Johnny Carroll #139022
Limestone C.F. Dorm K
28779 Nick Davis Road
Harvest, Alabama 35749-7009
