# IN THE DISTRICT COURT OF THE UNITED STATES * 10TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

\*  \*  \*  \*  \*  \*  CASE NO: 2:06-cv-1133-MEF

## PLAINTIFF'S TENTH -- SECOND SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

TO:    <u>DEFENDANT BRANDON KINDARD, ADOC</u>

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se," submits this Second set of discovery request to Defendant pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36*, hereby requesting that named party is requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these ***Interrogatories, Request for Admissions***, and ***Production of Documents;*** furthermore, for the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

1

## II.     DEFINITIONS AND INSTRUCTIONS:

Definitions and Instructions are continuing throughout this Discovery request. As applied to the first set of request for discovery submitted on or about <u>November 13, 2007,</u> pursuant to *Rule 33, 34, & 35,* Federal Rules of Civil Procedures.

¶ 1.    Please explain and *"identify by document"* who possesses the authority to authorize medical treatment regarding this "incident."

¶ 2.    *"Identify by document"* the scope of your practice regarding this "incident."

¶ 3.    *"Identify by document"* why you had plaintiff seen by one of the clinicians at Kilby for evaluation of the hernia, and that any subsequent repair: "it had to be recommended by one of the providers. . . ." after Dr. John A. Tassin, M.D., questioned surgery, why was plaintiff seen by a nurse practitioner?

¶ 4.    Disclose and produce, any and all "documents" in your possession, regarding any involvement with you or your Office regarding this "incident."

¶ 5.    *"Identify by document"* your common practice involving, relying on nurse practitioner Bradford Adams.

¶ 6.    *"Identify by document"* why plaintiff had to undergo so many different evaluations, starting from Dr. Tassin, M.D. regarding this *incident?*

¶ 7. Why did you call Louisiana on 7/12/06 regarding this *"incident"* *"identify by document?*

¶ 8. Disclose any and *"documents"* communications whether written, or oral, *identify* any and all person regarding the 7/10/06 fax report to Ruth Naglich.

¶ 9. "Identify by document" your common practice to rely on a nurse practitioner regarding surgical referrals of hernias.

¶ 10. Disclose the substance of Dr. Robbins, M.D., and his consultation with nurse practitioner B. Adams, *"identify by document"* all findings.

¶ 11. *"Identify by document"* any and all orders, policy, regulation, practice, protocols, duties, why you recommended that plaintiff be seen by one of the clinicians at Kilby for evaluation of the hernia on or about 12/20/06.

¶ 12. Why did you recommend that plaintiff be evaluated by one of the clinicians at Kilby after Dr. John A. Tassin, M.D., already conducted his evaluation and noted his order and recommendations? *"Identify by document"* all policies, procedures in support with your answers.

¶ 13. *"Identify by document"* whether Dr. John A. Tassin, M.D., is considered a medical provider by ADOC.

¶ 14. Explain what Dr. Tassin's investigation regarding questioning hernia repair of plaintiff's hernia was not followed up by this nurse practitioner that you rely on as a medical provider?

¶ 15. *"Identify by document"* and explain whether it is common practice that a nurse practitioner can override any doctor orders, investigations, or recommendations?

¶ 16. Please explain based on the medical records that reflect since you had plaintiff seen and evaluated by a nurse practitioner and his evaluation reflected that of plaintiff having a "small (3 cm X 5 cm) inguinal hernia on 12/27/06; and, on 4/30/06 Dr. Hobbs, M.D., stated "Large" Direct Inguinal Hernia, has plaintiff's hernia progressed?

¶ 15. *"Identify by document"* any and all orders and recommendations regarding plaintiff from South Louisiana Correctional Services.

## II.    ADMISSIONS

¶ 1.    *Admit or deny*, you wanted a second opinion regarding plaintiff's hernia?

¶ 2.    *Admit or deny*, a nurse practitioner at Kilby, B. Adams was that second opinion?

¶ 3.    *Admit or deny*, a nurse practitioner's recommendation basically overrode Dr. John A. Tassin, M.D., order and recommendation as needs repair?

¶ 4.    *Admit or deny*, a nurse practitioner is authorize under you supervision to make surgical referrals?

4

¶ 5.  *Admit or deny*, a nurse practitioner is not licensed to make any surgical recommendations?

¶ 6.  *Admit or deny*, a nurse practitioner is not qualified as a doctor regarding hernias?

Done this 26th Day November 2007.

® _____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this **26st** Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

| | |
|---|---|
| Alabama Dept. of Corrections | Rushton, Stakely, Johnston, Garrett, P.A. |
| P.O. Box 301501 | P.O. Box 270 |
| Montgomery, Al 36130 | Montgomery, Alabama 36101 |

® _____
Marcellus Breach

5