IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710   *

    Plaintiff,   *

Vs.   *   CASE NO: 2:06-cv-1133-MEF

       *

PRISON HEALTH SERVICES, INC., et. al.,   *

    Defendants.

### *MOTION FOR LEAVE TO EITHER AMEND OR, REQUEST FOR JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION DUE TO DISCLOSURE OF LATENT DEFENDANT'S BEING REVEALED BY MEANS OF LIMITED DISCOVERY*

**COME NOW** *Marcellus Breach* (hereinafter "Breach") in the above-styled cause, moves this Court to GRANT the above motion pursuant to *Rule 18* and *19, Federal Rules of Civil Procedures*, as follows:

¶ 1. Before this court as being well known, there is a treatment protocol that has been implemented and caused plaintiff as well as maybe hundreds of men and women in Alabama prisons to be subjected to have to endure pain and suffering due to their hernias by reasons of the defendants' refusal to provide the only cure, which is surgery to alleviate the painful symptoms of a hernia – unless the prisoners hernia becomes life threatening --- incarcerated, strangulated or into the scrotum.

¶ 2. This court has repeatedly ordered the medical defendants to **identify the individual(s) responsible for implementation and maintenance of the treatment**

1

**protocol/policies/procedures of Prison Health Services, Inc., ["PHS"] governing the treatment of hernias suffered by state inmates with respect to the time period relevant to the claims presented by the plaintiff.** Also, the court has ordered numerous of times for PHS to allow plaintiff to inspect PHS's treatment protocols/policies/procedures governing the treatment of hernias suffered by state inmates. **[Court Doc. 242, 231, 199, 171- Orders]**

¶ 3.   On or before <u>November 29, 2007</u>, this court has ordered counsel for Prison Health Services, Inc., ["PHS"] to (i) provide the plaintiff with a supplement of their written reports, which shall contain copies of all policies/protocols and procedures governing the treatment of hernias by PHS medical personnel during the term of its contract with the Alabama Department of Corrections. **[Court Doc. 242-1 — Order]**.  Also, on or before <u>November 29, 2007</u>, counsel for Prison Health Services, Inc., ["PHS"] also must provide to this court and plaintiff (i) identify the person responsible for the protocol governing medical treatment provided to inmates suffering from hernias. **[Court Doc. 217 & 242 — Order]**

¶ 4.   It wasn't until on or about <u>July 13, 2007</u>, that defendant Dr. William Hobbs, M.D., disclosed to this court that the Alabama Department of Corrections <u>has a protocol</u> that state "<u>the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.</u>" [id] **[Affidavit Dr. Hobbs, M.D., Defendants July 13, 2007, Supplemental Special Report]**

2

¶ 5.   ADOC correctional defendants have "denied" this assertion that they have a Protocol, and state that they totally rely on their medical providers decisions: their response to plaintiff's request for "admissions" filed <u>October 30, 2007</u>, paragraph # 4, **[Court Doc. N/A]**

¶ 6.   As this court is aware, "<u>Correctional Medical Services,</u>" ("CMS") as of <u>October 31, 2007</u>, are the new medical providers, and plaintiff could not have possibly have known in time, that PHS would not have their contract renewed with the ADOC.

¶ 7.   *Upon information and belief,* as long as plaintiff is incarcerated, he has to depend on the ADOC and their medical providers for his health care needs.  However, upon information and belief, plaintiff believes that this very same protocol has been implemented with CMS, and will continue to deprive plaintiff and all Alabama inmates from receiving the necessary medical care, and that is surgery for his painful hernia because ADOC has probably allowed this same protocol to continue from one medical provider to another giving the very same inadequate medical care by contracts. As being the force of law, a practice, custom, and policy that is followed by any medical provider contracting with ADOC to deliver medial care.

¶ 8.   The very name of the person(s) whom are responsible for the implementation and maintenance of this protocol governing medical treatment provided to inmates suffering from hernias, <u>is also a responsible party to the injury, and injuries sustained to the plaintiff,</u> because the plaintiff does not know of this person's identify, did not know this

3

person existed, and will not know this person's identify until after <u>November 29, 2007,</u> Plaintiff is requesting permission for leave to have a <u>Joinder of the very person</u> responsible for the injuries, pain, suffering that is needed for just adjudication in this case, pertaining to the responsible party over this unconstitutional treatment protocol regarding hernia treatment to the plaintiff. .

¶ 9.  Because "Correctional Medical Services," ("CMS") upon information and belief have adopted this very protocol that the very person whom is responsible for its implementation and maintenance; CMS, is also a continuing party who are currently and presently responsible for providing medical care to the plaintiff; it is believed that a Joinder of persons is necessary for this court to enter a final judgment after a full adjudication on the merits pertaining to this protocol entered between ADOC and their continuing different medical providers subjecting inmates to cruel and unusual punishment to come to an end.

¶ 10.  Under <u>*Rule 19(a),* Federal Rules of Civil Procedures</u>, the "John Doe" at this time, unknown name of the individual responsible for the implementation and maintenance of this treatment protocol, ought to be exposed to this court and plaintiff on or before November <u>29, 2007</u>, plaintiff requests that CMS, and this unknown person be Joined as a defendants to this party: <u>Rule 19(a),</u> Fed.R.Civ.P., grants such action for good cause (i) in the person's absence complete relief cannot be accorded among those already parties; (ii) the person claims an interest relating to the subject matter of the action and is so situated

4

that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. In this case, without the person responsible for the maintenance and implementation of this protocol, he/she will basically escape justice and this court is Power, the Authority step in and breach to continued practice with ADOC and their medical providers, causing pain and suffering to plaintiff and hundreds of Alabama inmates. Moreover, CMS, if they are operating under **this same unknown person's protocol**, they are liable for their actions from October 31, 2007, through current in their failure to provide plaintiff relief from his injury and pain. Injunctive relief is appropriate to CMS, and punitive, compensation and Injunctive relief for the very person responsible for the pain and suffering --- Injunctive relief to plaintiff as well as Alabama inmates suffering with hernias.

### *RELIEF REQUESTED*

**WHEREFORE,** plaintiff request the following relief upon *November 29, 2007,* upon disclosure by the medical defendants, copies of their policies / protocols and the identity of the person(s) responsible for implementation and maintenance of the treatment protocol/policies/procedures of Prison Health Services, Inc., governing the treatment of hernias suffered by state inmates with respect to the time period relevant to the claims presented by the plaintiff; that the Court order:

a. Either upon leave by the plaintiff, or upon sua sponta, that the very person(s) responsible for the implementation and maintenance of this proctor be Joined as a party; and,

b. Upon disclosure of Prison Health Services, Inc. by order of the court to produce copies of their, all policies/protocols/procedures governing the treatment of hernias by PHS medical personnel during the term of its contract with the Alabama Department of Corrections; and, if and when it is discovered through Discovery that the new medical providers being "Correctional Medical Services,"("CMS") upon their entering contractual agreement with ADOC, to provide medical services to Alabama inmates, and CMS also, adopting, implementing, complying, enforcing this <u>very same treatment protocol</u> as alleged by PHS that ADOC has this protocol, that CMS also, be <u>Joined as a party</u> to this action for the very purpose and constitutional challenged that this protocol is unconstitutional and that this court once and for all, put a stop to the very person who has the power, authority, to stop such cruel and unusual punishment.

WHEREFORE, *premises considered*, plaintiff request that this Court not allowed any person responsible for this protocol to escape liability and grant what this court believes will further benefits the interest justice

Done this 26th Day November 2007.

_____
Marcellus Breach 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 26th Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
Legal Division
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach