## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710    *

     Plaintiff,    *

                         *    CASE NO: 2:06-cv-1133-MEF

Vs.    *

PRISON HEALTH SERVICES, INC., et al.,    *

     Defendants.

### MOTION TO DETERMINE SUFFICIENCY OF RESPONSE, MOTION TO COMPEL PROPER RESPONSES TO ADMISSIONS OR, DEEM REQUESTS ADMITTED, AND REQUEST FOR SANCTIONS

    **COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves the court pursuant to _Rule 26(a)_ _Rules 36(a)_ ,_37(a)(4)_ & _Rule 37(c)_, _Federal Rules of Civil Procedures_, request review of correctional defendants responses to plaintiff's Request for Admissions of Facts and to compel proper responses or deem certain request admitted, compel either a supplemented "initial disclosure; and reasonable fees and costs associated with bringing this motion.

### STATEMENT OF THE FACTS

¶ 1.    Plaintiff served his first request for admissions on _October 6, 2007,_ filed with this court on or about _October 11, 2007_ [**Court Doc. 172**] wherein, the court construed plaintiff's motion as a request for admissions. [**Court Doc. 174-1 -- Order**] ordering and

1

directing parties to file their objections or otherwise respond to the request for admissions submitted by the plaintiff [**Court Doc. 173**] on or before *November 26, 2006.* [**Court Doc. 174-1 – Order**]

¶ 2.    On or about *October 30, 2007,* counsel for the correctional defendants filed a response to the request for admissions. [**Court Doc. N/A** ]

¶ 3.    The disputed admissions are **Paragraph # 1, Paragraphs II**. (2) Two (3) Three, (5) Five, (6) Six, (7) Seven, (11) Eleven through Thirteen (13) at this time. All other disputed admissions will be addressed at another appropriate time after discovery.

### STANDARD OF REVIEW UNDER RULE 36, FED.R.CIV.P.

*Rule 36* governs the pretrial discovery process whereby a party to an action may request of other parties admissions regarding the <u>truth of any matter within the scope of</u> *Rule 26(b)* . If a party denies or objects to a request, "the reasons [for objection] shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. <u>A denial shall fairly meet the substance of the requested admission,</u> and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made <u>reasonable inquiry</u> and that the information known or readily obtainable by the party is insufficient to enable the

2

party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of *Rule 37(c)* , deny the matter or set forth reasons why the party cannot admit or deny it."

The purpose of *Rule 36* is to <u>limit the factual issues in a case</u>, and thereby reduce trial effort and promote efficient litigation. ***Perez v. Miami-Dade County***, 297 F.3d 1255, 1264 (11th Cir. 2002) . In order for its purpose to be fulfilled, the requesting and responding parties <u>should be direct, specific, and not vague or ambiguous</u> in their requests and responses. The requesting party should set forth requests in a way that they can be answered with a simple admit or deny. ***Henry v. Champlain Enters.***, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) . The facts stated within the request should also be carefully detailed. *Id.* The responding party is to either admit or deny, <u>and if it denies, its denial should "fairly meet the substance of the requested admission."</u> Fed. R. Civ. P. <u>36(a)</u> . *Rule 36* , however, does contemplate the need for qualification. If qualification is necessary, the answering party must specify what part of the request it is not objecting to, and qualify or deny the remainder of the request. *Id.* <u>A general denial is not sufficient</u>. Objections that claim the requests are burdensome or that the document, in effect, "speaks for itself" are not proper. ***Henry***, 212 F.R.D. at 78 ; ***Diedrich***, 132 F.R.D. at 617 .

## *GROUNDS IN FURTHER SUPPORT*

¶ 1.    Under *Rule 37(a)(c),* Fed.R.Civ.P., **Paragraph # 1.,** of plaintiff's request for Admissions **"is"** directed at the ADOC correctional defendants, and plaintiff's is requesting this court to compel them to Admit or Deny.

¶ 2.    Defendant's *"Initial Disclosure"* was completely inadequate and violates the Federal Rules of Civil Procedures. Plaintiff request this court to compel defendants to supplement their initial disclosure with any information, documents from South Louisiana Correctional Services. Defendants failed to disclose any individuals as their Agents at South Louisiana Correctional Services, who are likely to have discoverable information that the disclosing party may use to support its claims or defenses; and, copies of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses. More importantly, the names of the individuals' responsible for the medical insurance of plaintiff while he was incarcerated at South Louisiana Correctional Services, under the control of the department of corrections.

¶ 3.    Under *Rule 37(c),* Fed. R. Civ. P., defendants have without substantial justification failed to disclose information required by *Rule 26(a(A)(1)* and/or *26(e)(1),* to amend or supplement any *"Initial Disclosure"* from their prior response as required by *Rule 26(A) & (e)(2).* Due to the fact, certain medical documents have been withheld from the plaintiffs

4

and the court. ADOC defendants had the duty to supplement their "*Initial Disclosure*" because any and all records, documents resolving around the plaintiff's claims are from their Agents at South Louisiana Correctional Services. Thus, because defendant Richard Allen in his Official capacity either failed or refused to provide adequate funding to address the medical needs of plaintiff while he was in Louisiana and or, a policy, custom or practice existed condoning the denial of necessary medical care to prisoners while in Louisiana was his responsibility; furthermore, in his Official capacity he was responsible for insuring that adequate funds are provided to plaintiff while incarcerated at South Louisiana Correctional Services, to meet the plaintiff's medical needs is a requirement of the defendants "Initial Disclosure" without instructions from Brandon Kindard calling on 7/12/06 with instructions that plaintiff cannot have surgery for his hernia unless the hernia is incarcerated or into the scrotum. Defendants have not provided any information regarding this issue as their duty upon initial disclosure.

Information has been withheld by one of the defendants in this case, either the medical or the correctional defendants regarding several documents from South Louisiana Correctional Services, wherein, ADOC defendants are the very persons who have the power to retrieve any and all information, document in their possession, control because "[w]hen the state contracts out-its-medical care of inmates, the obligation of the eighth amendment attach to the person with whom the state contracts." *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 2259, 101 L.Ed.2d 40 (1988). In this case, ADOC contracted out

its medical care to someone, either South Louisiana Correctional Services or PHS in some form or fashion while plaintiff was in Louisiana. Defendants are required to disclose such relevant information. Nevertheless, plaintiff is still trying to ascertain why <u>so many documents especially the medical records from South Louisiana Correctional Services, have come up missing when ADOC is the responsible party with the duty, because of their contract with South Louisiana Correctional Services, to disclose all relevant information pertaining to that claim, and their defenses *Rule 26(a)*.</u>

¶ 4.     *Rule 26(a)* requires a party to disclose certain information that it may use to prove its claims, including the <u>identity of each person likely to have discoverable information, descriptions of documents in the disclosing party's custody or control and a computation of damages claimed by the disclosing party.</u> Fed. R. Civ. P. 26(a) . Parties that run afoul of *Rule 26(a)* are subject to sanctions under *Rule 37* . *Rule 37(c)(1)* provides, in pertinent part, "[a] party [who] without substantial justification fails to disclose information required by *Rule 26(a)* ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." Thus, under *Rules 26 & 37* , the Court has the authority to sanction a party who fails to follow the Rules of Civil Procedure and the Court's orders. *See* **Nat'l Hockey League v. Metro. Hockey Club, Inc.**, 427 U.S. 639, 96 S. Ct. 2778, 2780, 49 L. Ed. 2d 747 (1976) ; **Malautea v. Suzuki Motor Co., Ltd.,** 987 F.2d 1536, 1544 (11th Cir.) , *cert. denied,* 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993) . To avoid sanctions, the party who is alleged to have failed to comply with *Rule 26* bears the

burden to show that its actions were substantially justified or harmless. *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001) .

¶ 5.    ADOC defendants failed to conduct a search of records to determine if any such documents existed and has failed to locate the medical records of plaintiff under their sole responsibility resolving South Louisiana Correctional Services also, being a party, ADOC defendants also, are responsible for the missing medical document as supervisors wherein, they had the duty, ability, power to locate any and all missing documents.

¶ 6.    Under *Rule 37(c),* Fed. R. Civ. P., plaintiff's request for Admission *Paragraph II. # 12*, defendants failed to admit to the genuineness of documents being their very own business records --- the Louisiana medical records submitted and supported by Dr. John A. Tassin, M.D., Affidavit and Certification of Documents attached: [ **See, Court Doc. 221 & 222**] and, based on the Affidavit submitted by the defendants, defendant Brandon Kindrad ADOC contradicts defendants response of a "denial" wherein, evidence establishes that Kindard dictates almost exactly what the Louisiana medical records reflect and are genuine. [**See, Affidavit Brandon Kindard, Defendants' Special Report, October 31, 2007**]   Defendant's response to ¶ 2. # 12, was/is "deny". [1]  Morthanless, under *Rule 26,* defendants had the duty to insure all relevant documents were disclosed since these medical records come from their Agents being South Louisiana Correctional Services.

---

[1] **It is amazing how defendants have denied a matter already deemed admitted by their own party defendant Brandon Kindard regarding what the medical records from Louisiana state.**

¶ 3.    Under _Rule 37(c),_ Fed. R. Civ. P., defendant ADOC Brandon Kindard, has submitted an Affidavit/Statement to the court explaining what the Louisiana medical records contain as progress notes being that of requested Admission **Paragraph II.** # 3, 12, 13 of plaintiff's request for admissions.  Defendants submitted an unacceptable response being a bogus misleading, refusal to admit response as that: "deny".

¶ 3.    Under _Rule 37(c),_ Fed.R.Civ.P., defendant ADOC Brandon Kindard further expressed via Affidavit the Court that plaintiff's requested Admission **Paragraph II**. # 3,12,13, that Dr. John A. Tassin, M.D., is a medical provider:  Defenant's response was "deny".

## RULE 36 REQUIRES "REASONABLE INQUIRY"

Rule 26(a) sets forth the requirement for initial disclosures, and _Rule 26(e)(1)_ pertains to a party's duty to supplement incomplete or incorrect disclosures made pursuant to _Rule 26(a)._

Plaintiff request that this court determine the sufficiency of the defendants' 'global guard tactic' being an almost denial to the grave factual basis of this case; however, although it is true _Rule 36_ only requires an admission, denial, or objection and if the court determines that it can be said that the Defendants have complied then the accuracy of their responses will be determined at trial.

"The implicit message of _Rule 37_ is . . . that issues obviously subject to dispute should be resolved at trial, not in a discovery motion." **Perez,** 297 F.3d at 1269 . Fed. R.

Civ. P. *36 only requires an admission, denial, or objection. The implicit message of Fed. R. Civ. P. 36 is that issues obviously subject to dispute should be resolved at trial, not in a discovery motion. Fed. R. Civ. P. 36 advisory committee's note accompanying the 1970 amendment states that while a reasonable burden is imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process, Fed. R. Civ. P. 36 requires only that the party state that he has taken these steps (i.e., he has made a reasonable inquiry it undertook to obtain information that would enable it to admit or deny the requested admissions). The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in Fed. R. Civ. P. 37(c). Fed. R. Civ. P. 36. Fed. R. Civ. P. 37(c)(2) awards recovery of reasonable expenses, including attorney's fees, when a requesting party proves that a responding party improperly failed to admit the genuineness of a document or the truth of any matter requested under Fed. R. Civ. P. 36. See Fed. R. Civ. P. 37(c)(2).

Rule 36 also imposes upon the responding party a duty to engage in "reasonable inquiry." Fed. R. Civ. P. 36(a) . This imposes on the Respondent a reasonable duty to investigate, and some courts contend that it imposes a duty to inquire into the knowledge of anyone who "conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response . . . [R]elevant documents and regulations must be reviewed as well." *Herrera v. Scully*, 143 F.R.D. 545,

548 (S.D.N.Y. 1992) (internal citations omitted). *See also Asea, Inc. v. So. Pac. Transportation Co.*, 669 F.2d 1242, 1245-47 (9th Cir. 1981) ; *Caruso v. Coleman Co.*, 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing *Diedrich*, 132 F.R.D. at 617 ; *Government Employees Ins. Co. v. Benton*, 859 F.2d 1147, 1148-49 (3d Cir. 1988)) ; *Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994) ; *Diedrich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) ; *Uniden American Corp. v. Ericsson, Inc.*, 181 F.R.D. 302 (M.D.N.C. 1988) .

## ISSUE NO. 1

### DEFENDANT'S GENERAL DENIALS ARE NOT BASED ON ANY REASONABLE INQUIRY / DUTY TO INVESTIGATE

¶ 1.    Plaintiff challenges defendants' responses because plaintiff's request for Admissions filed on *October 11, 2006*, **[Court Doc. 172, 173]** plaintiff specifically, requested defendant Commissioner Richard Allen, defendant Ruth Naglich, and Prison Health Services, Inc., being three (3) separate individuals to respond to the admissions; however, correctional defendants have not identified as to who is answering the Admissions and have provided a general response stating: "**Come now the Alabama Department of Corrections Defendants, . . . .**" in the plural, when the Admission is assigned to three (3) individual persons.  Plaintiff cannot ascertain who is denying the specific request, and who is admitting as an individual response.  Each defendant will and should have separate information, knowledge to the claims presented in this case.

Therefore, plaintiff challenges their response as snowballing, and ought to be answered separately, individually.

### PLAINTIFF'S OBJECTION TO DEFENDANTS' RESPONSES

¶ 1.    Plaintiff stated in his request for admissions to the defendants: *"Memorandum of Defendants Stated Facts In Their Special Reports" that Dr. William D. Hobbs, M.D., stated on July 13, 2007, via-Affidavit: [ Plaintiff's Request for Admissions, Paragraph # 1, Court Doc. 172]*

> **"In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum."**

Correctional defendants stated: *"Paragraph 1 does not appear to be directed at the ADOC Defendants."* **[October 30, 2007, filed "ADOC Defendants' Response to Plaintiff's Request for Admissions].**    Plaintiff argues that this answer is insufficient and violates *Rule 36(a)*, Fed. R. Civ. P., and ought to be Admitted by the Court for a failure to respond.

¶ 2.    Plaintiff's **paragraphs II. 2,** two,  (3) three, (5) five, (6) six, (7) seven, (11) eleven through thirteen (13) are challenged as failure to conduct reasonable inquiry.

¶ 3.    Plaintiff specifically challenges defendants denial to **paragraph # 3** of plaintiff' page # 4.

> **"Admit or deny," that on 3/21/06 Dr. John A. Tassin, M.D., stated in LCS, Corrections Services, Inc., "Doctor Order Sheet" that "Breach, Marcellus, DOC# 160710 "Hernia, Left Inguinal Hernia Needs Repair?"** [2]

---

[2]  **Rule 26(a) resolves around the defendants "denying" what South Louisiana Correctional Services medical records state is a part of sanctions because first defendants had the duty to**

May this court take note to the Record in this case. First, in the correctional defendants filed "**Answer and Special Report**" defendant Brandon Kindard has supplied this court with a somewhat statement, purported as an Affidavit. However, defendant Brandon Kindard further supports that this request for admission ought to be Admitted as true:

> "(. . . .)
> " . . . Mr. Breach was transferred to South Louisiana Correctional Facility in Basile, Louisiana on 3/20/06. Mr. Breach's hernia was evaluated by the physician there and the progress notes state, "left inguinal hernia, needs repair?" [See, Brandon Kindard, Affidavit/Statement, "Defendants' Special Report" filed on October 30, 2007, Court Doc. N/A/] [3]

¶ 4.  Medical defendants have submitted <u>only one page</u> of the <u>two pages</u> of the very relevant medical records that is evidence regarding Dr. John A. Tassin, M.D., order and recommendation. **Exhibit "D"** of the medical defendants filed on <u>July 13, 2007,</u> <u>"Defendants', Prison Health Services, Michael Robbins, M.D., Nurse Practitioner Bradford</u> <u>Adams, et al., Supplemental Special Report Regarding Prisoner Marcellus Breach (AIS #</u> <u>160710).</u> Their **Exhibit "D"** attached as a part of the evidence reflects 3/21/06 Dr. John A. Tassin, M.D., noted "<u>left inguinal hernia "needs repair?".</u>

---

supplement their Initial Disclosure, second they are the very persons who have the power to make sure all plaintiff's medical records are available and did not, also, South Louisiana Correctional Services are or were their Agents.
[3] Brandon Kindard's Affidavit states: "Mr. Breach was evaluated by the physician . . . physician documents, "the hernia is not incarcerated, elective procedure . . . ." Is evidence Brandon Kindard reading from the Louisiana Medical Records that defendants "deny" in their responses to Admissions.

¶ 5.    May the court reflect to the Record in this case, to [**Court Doc's. 221 & 222**] plaintiff's motions for sanctions.   The very Affidavit of Dr. John A. Tassin, M.D., supports the medical records from Louisiana, being, <u>two </u>separate progress notes, a "**Doctor Order Sheet" and "Nurse's Notes**". Plaintiff request that this court consider Defendant's denial to **paragraph # 3** of plaintiff's Admission as a failure of defendants to conduct any reasonable inquiry and consider it as an "Admitted" fact.

¶ 6.    In regards to the correctional defendants denial to Plaintiff's **Paragraphs II.** (3) three, (5) five, (6) six, (7) seven, (11) eleven through thirteen (13) are challenged as failure to conduct reasonable inquiry.   **Paragraphs 3, 5, 7, 12, 13**, are challenged because the attached medical records to plaintiff's request for admissions, although only one page of the two have been attached as evidence from the medical defendants as their *Exhibit "D"*, still, Dr. John A. Tassin, M.D., Affidavit supports the second page that 7/12/06 the Alabama Department of Corrections did not require repair unless the hernia was incarcerated or into the scrotum. [**See, attached Affidavit Dr. Tassin, Court Doc. 221 & 222**].  The Defendant's "Business Records" support the position that the facts are true. ADOC entered into a contract agreement with South Louisiana Correctional Services, to house their inmates.  The Records are part of the defendant's "business records" and Dr. Tassin supports that the medical records submitted by the plaintiff are authentic and copies of original and unchallenged, ought not to be questioned.

## ISSUE NO. 2
### FACTUAL INCONSISTANT DENIALS OF ADMISSIONS
### BRIEF MEMORANDUM AT LAW POINTS ON AUTHORITY

The evidence is already before this court. First and foremost, defendant Brandon Kindard has "admitted" via-Affidavit/Statement to statements made by the medical providers at South Louisiana Correctional Serivces contained in the medical records of reflecting 3/21/06 Dr. John A. Tassin, M.D., order and recommendation that plaintiff's inguinal hernia "needs repair?" Defendants submitted Kindard's Affidavit to the court as a part of their *Special Report*. However, **paragraph # 3**, of plaintiff's request for Admissions :"**Admit or deny" that on 3/21/06 Dr. John A. Tassin, M.D., stated in LCS, Corrections Services, Inc., "Doctor's Order Sheet" that "Breach, Marcellus, DOC♯ 160710 "Hernia, Left Inguinal Hernia Needs Repair?". See also, [Court Doc. 221 & 222, Affidavit Dr. Tassin].** Defendants deny this request.

Paragraphs, (3) three, (5) five, (6) six, (7) seven, (12) twelve, and (13) thirteen are challenged and ought to be deemed as "Admitted" under the "records of regularly conduced activity" ("business records") because the medical records from South Louisiana Correctional Services, are from ADOC's "Agents" and are "public records" as a prison document being that of a statement by one of the defendants or by an agent of one of the defendants, and can therefore come in as an admission by a party-opponent. Plaintiffs urge the court to rule that plaintiff's requested Admission as admissible and

ought to be "Admitted" from the defendants response to plaintiff's request for admission.

Under *Rule 801(d)(2)(D), Federal Rules of Evidence*. That Rule provides, in pertinent part, as follows:

> **(d) Statements which are not hearsay. A statement is not hearsay if -**
>
> \* \* \*
>
> **2) Admission by party-opponent. The statement is offered against a party and is...(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]** [4]

May the court observe that statements made by Dr. Tassin, M.D., and Louisiana medical records, notes stated therein, and statements made by Dr. Tassin, M.D., directly to Plaintiff and offered by Plaintiff against Defendants would not be hearsay, but rather would constitute an admission by a party-opponent, pursuant to *Rule 801(d)(2)(D)* of the *Federal Rules of Evidence. See Fed. R. Evid. 801(d)(2)(D)* (providing that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," is "not hearsay." Fed. R. Evid. *801(d)(2)(D)*. *See, e.g.,* **Watts v. Kroger Co.**, 955 F. Supp. 674, 678-79 (N.D. Miss. 1997) , *aff'd in part and rev'd in part on other grounds,* 170 F.3d 505 (5th Cir. 1999) (co-worker's statement to plaintiff that plaintiff's supervisor expressed to co-worker certain

---

[4] **Brandon Kindard repeatedly stated and makes "statements" in his submitted Affidavit directly from the medical records of LCS Correctional Services, Inc., "Doctor's Order Sheet" which is an admission by party opponent Rule 801(d)(2), Fed.R.Evid.**

sexual acts he wanted to perform on plaintiff was made within scope of co-worker's employment and was admission by party-opponent).

Furthermore, under *Rule 801(b)(2)* and *803(6)(8)* Fed. R. Evid., the medical records attached with Dr. John A. Tassin, M.D., Affidavit is an admission by a party-opponent , his Affidavit and the contents written on the medial records are testimony of witness with knowledge that a matter is claimed to be, with his attached medical records under *Rules 901 & 902*, and *Rule 1003, & 1004,* Fed. R. Evid., are admissible.

### CONCLUSIONS AND RELIEF REQUESTED

Federal Rules of Civil Procedure allow the recovery of reasonable expenses for a party's failure to make disclosures or cooperate in discovery. Specifically, *Rule 37(c)(2)* provides:  If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit under Fed. R. Civ. P. 37(c)(2) .

Defendant's purportedly unwarranted denials of Plaintiff's First Requests for Admissions, which Defendants "deny" is a boiler plate, rubber stamp denial without specifically identifying the person making the denial, also due to the fact that the medical defendants have provided this court with "some" medical records from Louisiana is also evidence that evinces that the defendants denial is bad faith.

Dr. Tassin, M.D., testimony by affidavit substantially expands on the facts that Dr. Tassin, M.D., specifically stated: **"I wrote needs repair"** on the medical records that the defendants deny to the requested Admission is ill founded, and bad faith without any reasonable inquiry. The Defendants sole instance rises to the level of unreasonable and vexatious multiplication of proceedings. Upon closer examination, defendants' "denials" consisted of their refusal to admit what their own party and parties have already admitted.

While _Rule 37(c)_ is not technically applicable, it is directed to the same conduct at issue in the present case -- failure to comply with an initial disclosure requirement -- and is an indication that the drafters of the Federal Rules intended that courts not take such conduct lightly. Application of the standards of _Rule 37(c)_ by analogy in resolving the sanction issue before the court is appropriate. *See Snow v. Bellamy Mfg. & Repair*, 1995 U.S. Dist. LEXIS 22112, *11, 1995 WL 902210, *4 (N.D. Ga. 1995)("The Local [Rule] requirement that certain disclosures should be automatic is analogous to that of Federal _Rule 26_. This court ought to find that _Rule 37(c)_ sanctions would provide an appropriate

remedy for violations of required disclosure under Local Rules for ADOC defendants failure in their duty to investigate, locate, relevant documents from South Louisiana Correctional Services, their "Agents" under their control.

*WHEREFORE,* plaintiff request that this Court consider that the defendants failures to conduct a reasonable investigation into their very own business records is unacceptable and violates *Rule 26 & 36,* Fed. R. Civ .P., that the Court find that their Admissions are insufficient, and based on the evidence submitted:

a.    **Paragraphs II. # (2) two, (3), three, (5) five, (6) six, (7) seven, (12) twelve, and (13) thirteen as challenged be considered as "Admitted";**

b.    **Inform the jury of the failure to make the disclosure of the Louisiana Medical Records;**

c.    **Deem certain matters established;**

d.    **Precluding the non-disclosing party from supporting or opposing designated claims or defenses;**

e.    **Strike pleading or portions thereof;**

f.    **Issue payment of reasonable expenses, including reasonable fees caused by the failure in the amount at $65.00 per hour = $325.00 for the time occurred in presenting this motion, and the filing, copying of exhibits that have been submitted to this court concerning the relevant issues at hand;**

g.    **Grant what this court deems appropriate and fair.**

Done this 26th Day November 2007

Marcellus Breach 160710
Limestone C.F®
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 26th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
Montgomery, Alabama 36101
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach ®

19