IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710                       *

      Plaintiff,                               *

                             *        CASE NO: 2:06-cv-1133-MEF

Vs.                                             *

PRISON HEALTH SERVICES, INC., et al.,           *

      Defendants.                              *

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO HIS INTERROGATORIES, REQUEST FOR PRODUCTIONS OF DOCUMENTS, AND ADMISSIONS AND, TO IMPOSE SANCTIONS ON DEFENDANTS FOR THEIR FAILURE TO ANSWER HIS DISCOVERY REQUEST

**COMES NOW**, plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, pursuant to _Federal Rules of Civil Procedures_, as follows:

### STATEMENT OF THE ISSUES

Plaintiff challenges counsel's refusal to comply with discovery rules. Plaintiff files this Motion to Compel and Request for Sanctions challenging Defendants' frivolous objections without standing arguing that defendants have impermissibly (1) asserted repeated boilerplate objections to requests to produce and interrogatories as immaterial, irrelevant, not calculated to lead to discovery of admissible evidence regarding any

deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act, (2) objected to production of documents, but failed to identify specific responsive documents; (3) refused to produce documents answer interrogatories, and Admissions.

With respect to Defendants boilerplate objections to Plaintiff's discovery requests, this Court must agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such <u>non-specific objections</u> operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under <u>Rule 26</u> because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not to be considered by the Court. **See,** *e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

Counsel's obligations under _Rule 34_ is the fundamental dispute that appears to center on one basic issue--namely, the scope of Defendants' obligations under Rule 33, 34, & 36, when producing documents as they are kept in the ordinary course of business. Plaintiff does not dispute that under _Rule 34_, Defendant may elect to produce documents as they are kept in the ordinary course of business.

### STATEMENT OF THE FACTS

¶ 1.    On October _18, 2007_, the court issued its **Discovery Scheduling Order** to the parties in this action.  [**Court Doc. 178-1, Order**]  In its Order the court directed each party to file its response to request for discovery "shall" [word of command] be filed with the court and served on the requesting party within thirty (30) days of receipt of the discovery request.

¶ 2.    On _October 24, 2007_, plaintiff filed his discovery request upon defendant Bradford Adams, nurse practitioner entitled: **"Plaintiff's First Set of Interrogatories and Request for Admission, for Production of Documents To Defendants Under Fed.R.Civ.P."**  (See **Attached Motion & attached Affidavit by Plaintiff),** Defendant failed to answer interrogatories, production of documents and request for admissions.

¶ 3.    On _November 21, 2007_, counsel for the medical defendants filed a document entitled: **"Response To Plaintiff's Request For Admissions Of Fact [Court Doc. 173]".** However, counsel attempts to raise an objection to **plaintiff's entire** submitted and filed discovery request upon each defendant individually.  Counsel's objection is insufficient,

and does not put plaintiff on <u>notice as to what he area of discovery</u> he is objecting

required by <u>*Rule 33(b), 34 and 36*</u> but, has filed an insufficient defense being a boilerplate

objection" to plaintiff's request for discovery upon all defendants is insufficient and

warrants sanctions because counsel's actions represents a dilatory discovery tactic to

abort discovery. .

Counsel's objection as stated:

**"These Defendants object al all discovery propounded by the Plaintiff, Marcellus Breach, as said discovery is immaterial, irrelevant, no calculated to lead to the discovery of admissible evidence regarding any deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act." [id.]**

Counsel simply has not by law demonstrated nor met his burden of making proper

timely objections

*Further grounds in support of sanctions and compel:*

1. Under *Rule 37(a)(2):*

[1](a)    To compel defendant Bradford Adams, nurse practitioner to answer

plaintiff's interrogatories in their entirely no later December 8, 2007; and,

(b)    To compel defendant Bradford Adams, nurse practitioner to produce for

inspection the requested documents outlined and requested in plaintiff's request for

interrogatories and request for admissions, for production of documents to defendants

under Fed. R. Civ. P., [**See attached Motion**]

---

Upon information and belief, October 31, 2007 is the date the PHS, medical defendants contract expires with the Alabama Department of Corrections and another medical company known as Correctional Medical Services, Inc., ("CMS") will be the medical providers at ADOC.

(c)    To treat the defendants failure to respond to plaintiff's request for admissions, _Rule 36_ of the Federal Rules of Civil Procedures under _Rule 36(a),_ that plaintiff's request for Admissions numbers 1 through 42 be established by operation under _Rule 36_ be deemed conclusively established as "<u>Admitted</u>" by the Court pursuant to _Rule 36(a):_ all matters set forth in a request for admission are admitted, unless within thirty (30) days "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. <u>36 (a) </u>(2006).

(d)    To require defendants to pay to plaintiff the reasonable expenses, including reasonable fees, incurred in obtaining the relief requested herein.

2.    Under **Rule 37(b)(1)(2):**

(a)    To preclude defendants from asserting any objections to plaintiff's interrogatories, request for production of documents and Admissions;

(b)    To treat as a contempt of court the failure of any defendant to answer plaintiff's interrogatories request for productions, and Admissions by December 8, 2007;

(c)    To treat as a contempt of court for failure to comply with the court's initial Discovery Scheduling Order entered on October 18, 2007, [**Court Doc. 178-1, Order**]

(d)    To apply sanctions upon counsel and defendants for failure to comply with the court's order regarding discovery-scheduling order;

(e)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(f)    To enter a judgment by default on the issues of liability in favor of plaintiff and against defendant under Court I, II, III, IV, and V of plaintiff's complaint; and,

(g)    To require defendants to pay to plaintiff the reasonable expenses, including reasonable fees, incurred in obtaining the relief requested therein.

3.    Under *Rule 37(c)(d):*

(a)    To preclude defendants from asserting any objections to plaintiff's interrogatories;

(b)    Counsel has stated his objections to "**ALL discovery propounded by the Plaintiff Marcellus Breach**" that the failure to answer/response to plaintiff's request for Admission be deemed as "Admitted" in its entirely that has been propounded upon defendants by counsel's own admissions as being received under *Rule 36*, Fed. R. Civ. P.

(c)    To treat as a contempt of court the failure of any defendant to answer plaintiff's interrogatories and request for production of documents by December 8, 2007;

(d)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(e)    To strike all of defendant's defenses specifically the guilty party, Bradford Adams, nurse practitioner and preclude defendants from introducing any evidence in support thereof;

(f)    To enter judgment by default on the issues of liability in favor of plaintiff and against defendant Bradford Adams under Courts I, II, III, IV, and V of plaintiff's complaint; and

(g)    To require defendants to pay to plaintiff the reasonable expenses, including reasonable fees, incurred in obtaining the relief requested herein.

### THE WAIVER ISSUE

The plaintiffs contend that Bradford Adams, nurse practitioner has waived his right to object by failing to provide a written response, including objections to the _Request for Production of Documents_. Under the provisions of _Rule 34(b)_ of the _Federal Rules of Civil Procedure_ governing requests for production of documents, The party on whom the request is served is shall serve a _written_ response within 30 days after the service of the request.... The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event, the reasons for the objection shall be stated. Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a <u>waiver of any objection</u>. **_Davis v. Fendler_**, 650 F.2d 1154, 1160 (9th Cir. 1981); **_Krewson v. City of Quincy_**, 120 F.R.D. 6 (D. Mass. 1988). _See also_ **In Re United States**, <u>864 F.2d 1153</u>, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived).

## *THE RELEVANCY STANDARD*

Defendants have not met their burden of objections to the discovery request. Under the *Federal Rules of Civil Procedure*, parties may discover information, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure*. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.;* Hickman *v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. *Deitchman v. E. R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984).

In regards to plaintiff's request for interrogatories and productions of documents page. 6 through 10, ¶¶1, -- 25, are relevant and are admissible. Courts have held that the information sought is routinely produced. Courts, in a variety of contexts, have affirmed the right of litigants to be informed about lawsuits and complaints filed against their adversaries. **See** Cornelius *v. Consolidated Rail Corp.*, 169 F.R.D. 250 (N.D.N.Y. 1996); *Rodger v. Electronic Data Systems Corp.*, 155 F.R.D. 537 (E.D.N.C. 1994). Information about other complaints is particularly relevant in cases where the allegation is fraud. **See,**

8

e.g., Ex *Parte Horton v. Alfa Life Insurance Co.*, 1998 Ala. LEXIS 54, CV-95-333, 1998 WL 57719 (Ala. February 13, 1998); *Pugh v. Southern Life and Health Ins. Co.*, 544 So. 2d 143 (Ala. 1989). See, also, *Coker v. Duke & Co.*, 177 F.R.D. 682 1998 U.S. Dist. LEXIS 3780 (M.D. Ala. 1998)

Counsel has failed to establish any proper objection to plaintiff's request for interrogatories, production of documents, and admissions. "The party resisting production bears the responsibility of establishing undue burden." *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); **see** *also EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. **See** Twin *City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). *Id. @ Duke supra*,

## MEMORANDUM AT LAW/POINTS ON AUTHORITY

The rules provide that responses and objections to requests for interrogatories, request for production of documents and Admissions are to be served within 30 days of the request unless the court grants a shorter or longer time. *Rule 33, 34 and 36*, Fed. R. Civ. P. The defendant, however, failed to timely respond.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts." *Godsey v. United States,* 133 F.R.D. 111 (S.D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F.R.D. 20, 22 (D.Mass. 1989) *Coker v. Duke & Co.,* 177 F.R.D. 682 1998 U.S. Dist. LEXIS 3780 (M.D. Ala. 1998) Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy,* 120 F.R.D. 6 (D. Mass. 1988). **See** *also In Re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived).

As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant.

## POINT II

The Discovery sought is relevant to the claims and defenses in the case. Defendant's belated objections state that the documents, "ALL" discovery propounded

by the plaintiff is immaterial, irreverent, not calculated to lead to the discovery of admissible evidence regarding any deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act." [id.]

*Rule 26*, Fed. R. Civ. P., permits discovery of matters "relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that beats on, or that reasonably could lead to other matter that could hear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, **Weiss v. Amoco Oil Co.**, 142 F.R.D. 311, 315 (S. D. Iowa 1992). Discovery request should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." **La Chemise Lacoste v. Alligator, Co., Inc.**, 60 F.R.D. 164, 171 (D. Del. 1973); see **Nash v. Thielke**, 743 F. Supp. 130 (E. D. Wis. 1990)(the plaintiff was entitled to an officer's urine test result, since the officer's sobriety during the incident was an issue in the case). Each item sought by the plaintiff is relevant to the claims and defenses in the case. Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. **Id.;** Hickman **v. Taylor**, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where

11

there is a doubt over relevancy, the court should still permit discovery. *Deitchman v. E. R. Squibb & Sons, Inc.,* 740 F.2d 556 (7th Cir. 1984).

## I. THE LAW

*Federal Rules of Civil Procedure* 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances.

Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling **or pretrial order** . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in *Rule 37 (b)(2)(B), (C), (D).* In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

*Federal Rule of Civil Procedure* 37(b) states that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth Amendment, "a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

## *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." **Carlucci v. Piper Aircraft Corp., Inc.**, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive

conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." **Id.** In addition, Rule 37(b) requires the payment of reasonable expenses caused by a failure to obey the court order unless Defendant shows that the failure was justified or circumstances make the award of expenses unjust. **See** FED. R. CIV. P. *37(b)(2)* ("[T]he court **shall** require the party failing to obey the order . . . to pay the reasonable expenses . . . unless . . . the failure was substantially justified . . . .") (emphasis added); **See** FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that *Rule 37(b)(2)* places the burden on the disobedient party to avoid expenses). A **pro se** party may be awarded expenses under *Rule 37.* **See** Walker **v. Tri-Tech Planning Consultants, Inc.,** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents **pro se** litigants from recovering their expenses in a *Rule 37* motion.").

## RELIEF REQUESTED

a.    That the Court grant this motion to compel; and,

b.    that this Court grant reasonable fees in the amount to $650.00 and that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c.    That the costs of Inspection and Copying bear of the defendants upon the granting of this Compel of their policies/procedures, and Protocols.

d.    That this Court grants plaintiff relief.

e.   That pursuant to this Court's Discovery Scheduling Order and deadline for December 10, 2007 be **"STAYED"** for good cause until defendants comply with the orders, directives of this Court, especially this motion at bar regarding discovery request inspection.

f.   That this Court treat defendants untimely answer to request for admissions as "Admitted" under *Rule 36*, Fed. R. Civ. P.

h.   That this Court administer and enforce justice as to what this Court deems fair and appropriate.

Done this 27th Day November 2007.

Marcellus Breach 160710
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

     Defendants.

\*
\*
\*     CASE NO: 2:06-cv-1133-MEF
\*
\*

### *DECLARATION OF THE PLAINTIFF IN SUPPORT FOR COMPEL, SANCTIONS AND REASONABLE FEES*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am <u>Marcellus Breach, AIS #160710</u>, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion To Compel and Request for Sanctions against the medical defendants for their failure to obey this Court's order entered on October 18, 2007; the court issued its Discovery Scheduling Order to the parties in this action. [Court Doc. 178-1, Order]

On October 24, 2007, I did so mailed a discovery document titled: Plaintiff's First Set of Interrogatories and Request for Admissions, For Production of Documents to Defendants Under Fed.R.Civ.P., addressed to defendant Bradford Adams, nurse practitioner.

I mailed this document via U.S. Mail, First Class postage prepaid properly addressed to Rushton, Stakely, Johnston & Garrett, and P.A. at P.O. BOX 270 MONTGOMERY, ALABAMA 36101-0270 in a sealed envelope by placing the mail into the hands of prison officials for proper mailing.

Attorney Paul M. James on November 21, 2007, has basically admitted to having receiving this discovery request containing Admissions requests in his motion entitled: Response To Plaintiff's Request for Admission of Fact [Court Doc. No. 173".

Counsel has filed his objections to "ALL" discovery request submitted by me in this motion. However, counsel has been served, and did not timely respond to the interrogatories, request for production of documents, and request for admissions. In regards to reasonable fees incurred in the preparation of this document requesting Compel and the amount of time incurred in obtaining the relief requested is:

**(Reasonable Fees @ $65.00 per hour @ 10 hours = $650.00 incurred)**

I state that it has taken me ten hours of research and work in preparing this document to Compel and request for Sanctions. I swear the foregoing is true and correct under the penalty of perjury 28 U.SC. 1746 on this 27th Day of November 2007.

Marcellus Breach 160710

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| Vs. | * | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., et. al., | * | |
| Defendants. | * | |

### *PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

### TO:   DEFENDANT BRADFORD ADAMS, NURSE PRACTITIONER

**COMES NOW**, the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person "Pro Se," moves this Court to issue an ORDER to Defendants pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36*, hereby requesting that named parties and/or their "Agents" being persons under their control: nurse practitioner Bradford Adams, employed with Prison Health Services, Inc., is requested to answer separately, fully and in writing, the following the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these Interrogatories, Request for Admissions, and Production of

1

*Documents*, furthermore, for the defendant to provide full disclosure along with his answers herein, copies thereof supporting evidentiary materials, as follows:

## I. *DEFINITIONS AND INSTRUCTIONS;*[1]

¶ 1.    Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible.  If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.    A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.    *Rule 33, Fed R. Civ. P.*, permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party.  *Rule 33(d),* also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

---

[1]   Definitions and Instructions are continuing throughout this Discovery request.  Rule  33, 34, & 35, Fed. R. Civ. P.

COPY   DATED FILED 10/24/07

¶ 4.   In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.   If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information , data, records inclusive to medical records from *February 2005,* through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

3

¶ 6.    These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, *Rule 26(e).* However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.    In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.    With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures*, *Rule 36,* et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the

COPY   DATED FILED 10/24/07

substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.    If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, *Rule 37(c)*, deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9.    As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 10.  When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

   a.    As used herein, the term "**document**" means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information

COPY   DATED FILED 10/24/07

but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.   As used herein in reference to a natural person, the word "**identify**" shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c.   As used in reference to a business or other entity, the word "**identify**" shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d.   As used "**identify**" or "**identity**" when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e.   The word "**incident**" includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f.   The word "**specifically identify**" as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the

custodian(s) of the above requested documents in their entirety, but not limited to.

### III.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.

     a.    your age
     b.    your occupation and place of employment
     c.    your education
     d.    your marital status
     e    your length of service in your present employment position
     f.    your previous occupational experience(s)
     g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

COPY   DATED FILED 10/24/07

¶ 4.   Please "*identify*" employers you have had, other than your current position, in the last ten (10) years.   With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.   *Identify* your assignment, whereabouts by documents of the "*incident*" and specifically identify your supervisor's whereabouts, assignment on <u>December 27, 2006 @ 11:25 a.m.</u>

¶ 6.   Please "*specifically identify*" by document, your job description, duties, and responsibilities.

¶ 7.   "*Specifically identify by document*" your supervisor, job description, duties, responsibilities.

¶ 8.   Explain by "*incident*" your medical recommendation "no need for surgical referral at present," please explain your medical findings "*identify by documents*," if any, and state the substance of any verbal or written communication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on <u>December 27, 2006, @ 11:25 a.m.</u>

¶ 9   Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint.

COPY   DATED FILED 10/24/07

Also, if yes, please *"identify"* the agency and/or individual who accused or investigated you for such allegation(s); *"specifically identify"* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 10.   Is it your common practice to make surgical or non-surgical referrals?

¶ 11.   It is your common practice not to make surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12.   Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.   Is it *Prison Health Services, Inc*., common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.   Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

15.   Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

COPY   DATED FILED 10/24/07

¶ 16.   Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17.   On March 21, 2006, _Dr. John A. Tassin, M.D._., made a doctor order that plaintiff's inguinal hernia needs repair.  It is you common practice to make a medical judgment against another doctor?

¶ 18.   Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records?  If not, please explain your reason?  If yes, disclose the substance of your findings.

¶ 19    Are you licensed to make surgical referrals?  If so, please specifically identify..

¶ 20.   Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on _December 27, 2006 @ 11:25 a.m.,_ identify by document pertaining to this incident.

¶ 21.   _"Identify" and "specifically identify"_ who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.   Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *"identify"* by document.

¶ 24.   *"Identify by document,"* any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

### V.     REQUEST FOR ADMISSIONS:

¶ 1.   *Admit or deny,* on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.   *Admit or deny,* the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>

¶ 3.   *Admit or deny, Prison Health Services, Inc.,* has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.   *Admit or deny,* you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.   *Admit or deny,* you do not know the actual size of plaintiff's hernia as of the date of your answering?

11

COPY   DATED FILED 10/24/07

¶ 6.    *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.    *Admit or deny*, you are an expert in Hernia repair?

¶ 9.    *Admit or deny*, you have performed surgery on hernias?

¶ 10.    *Admit or deny*, there is almost no limit to how big a hernia could without surgery?

¶ 11.    *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12.    *Admit or deny*, a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.    *Admit or deny*, a truss is the cure for a hernia?

¶ 15.    *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

12

COPY   DATED FILED 10/24/07

¶ 16.   *Admit or deny*, issuing of pain medication will not cure a hernia?

¶ 17.   *Admit or deny*, <u>December 21, 2006 @ 11:05 a.m.</u>, you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.   *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.   *Admit or deny*, plaintiff asked you to be seen by a doctor?

¶ 20.   *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.   *Admit or deny*, you did not counsel plaintiff on <u>December 21, 2006 @ 11:05 a.m.</u>

¶ 22.   *Admit or deny*, it is up to a physician for a determination whether surgery is necessary.?

¶ 23.   Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.   *Admit or deny*, plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.   Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.   *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 27.   *Admit or deny,* the long-term  course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.   *Admit or deny,* the opening of a hernia cannot heal itself.

¶ 29.   *Admit or deny,* medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.   *Admit or deny,* plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.   *Admit or deny,* a truss is for temporary use.

¶ 32.   *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.   *Admit or deny,* the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.   *Admit or deny,* under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.   *Admit or deny,* overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.   *Admit or deny,* the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

14

¶ 37.  *Admit or deny,* a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.  *Admit or deny,* you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.  *Admit or deny,* plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.  *Admit or deny,* you did not identify what type of hernia plaintiff has.

¶ 41.  *Admit or deny,* a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.  *Admit or deny,* Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

Done this 24ᵗʰ Day October 2007

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 24ᵗʰ Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

15