IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## *MOTION TO STRIKE*

**COMES NOW**, the plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," moves the Court to strike from the record the Defendant's "Notice of Filing" more specifically strike the Affidavit of **Deborah Hunt, R.N., H.S.A.**, the nurse administrator [Court Doc. N/A] and in further support of the Motion to Strike states the following:

¶ 1. As this court is well aware, the medical defendants have done nothing more than scheme, orchestrate lies under the channel of counsel. Ms. Hunt's "Supplemental Affidavit of Deborah Hunt, R.N., H.S.A.," is due to be <u>stricken as perjury</u>, and it is her second Affidavit submitted as perjury filed on <u>November 21, 2007</u>. **Defendant's "Notice of Filing".**

¶ 2. Deborah Hunt, states under oath as follows:

1

"It is my understanding that Marcellus Breach reviewed and inspected his medical chart during the week of October 22, 2007 and stated on October 26, 2007 <u>that he did not wish to make any photocopies of any document contained in his medical chart at this time.</u>"
[1]

¶ 3. *Exhibit "A"* is the "**State of Alabama, Department of Corrections**" document dated for 10/30/07 the actual **receipt of services** that was conducted on or about <u>October 26, 2007</u>, by **Ms. Harris** and **Ms. Appleton** for ADOC Classification who did so complied with this Court's order <u>directed to ADOC</u> [**See, Court's Order October 11, 2007, to ADOC, Court Doc. 170-1**] wherein, ADOC complied with the court's order regarding inspection of <u>plaintiff's institutional file</u>, and <u>ADOC allowed</u> plaintiff to inspect and <u>PHOTOCOPY</u> medical documents from PHS. <u>PHS failed and refused</u> to even speak with plaintiff on or about <u>October 26, 2007</u>, especially Ms. Hunt, when plaintiff specifically requested to speak with her regarding inspection of PHS's protocols/policies/procedures.

¶ 4. **Court Order Doc. 171-1** is directed to PHS to allow inspection of protocols, policies, and procedures as well as copies of plaintiff's medical records. <u>ADOC fulfilled</u> this obligation on **October 26, 2007. PHS did not comply with the court's order.**

---

[1] Breach challenges Ms. Hunt statement are to her "personal knowledge" because she does not identify who she relied on in obtaining this false phrase. Breach never said between October 20th through October 26, 2007 that he did not want any copies of his medical records. Furthermore, October 26, 2007, Breach made copies. November 9, 2007, was the date CMS employees tried to comply with this Court's order, and Breach did not need additional copies of his medical records. CMS is NOT a party; they have NO BUSINESS interfering with this action, unless they want to be a party to this suit?

¶ 5.  Furthermore, this Affidavit is due to be Stricken as well as several other pleadings filed by counsel, which demonstrates that his conduct has created a "foul odor" in this case.  **Exhibit "A"** is the receipt **by ADOC, complying with Court Order Doc. 170-1**, allowing plaintiff to inspect and copy his <u>institutional file, and medical records</u>.  The witnesses are **Ms. Bias Ms. Appleton, ADOC, Classifications specialist**.  However, **$15.00** was deducted from plaintiff's prison funds account to cover the expense for **photocopying**.  Plaintiff request that this court issue an Order upon ADOC defendants to produce the plaintiff's prison funds account for <u>all monies deducted</u> from his account from **October 25, 2007** though **November 27, 2007**, and evidence will show **$15.00** was <u>deducted for photocopying of medical records and institutional files</u>.  Ms. Hunt continues to lie!

¶ 6.  Under <u>*Rule 56(g), Federal Rules of Civil Procedures*</u>, this Affidavit submitted by counsel is "Bad Faith" and contains perjury.  Morethanless, Ms. Hunt seems to have developed a pattern of lying, this is not her first Affidavit submitted containing perjury.  This Affidavit submitted by counsel is found on "bad faith" and egregious conduct averring perjurious and blatantly false facts, its improper.  Secondly, this Affidavit is not based on her "**personal knowledge**".  Ms. Hunt **cannot possibly** have personal knowledge to the facts she states:  She **was not** present when plaintiff was allowed to photocopy his medical records on **October 26, 2007** with **Ms. Harris** and **Ms. Appleton** for **ADOC**.  Moreover, she <u>refused to even speak with plaintiff on *October 26, 2007.*</u>

3

Plaintiff requested this court to "Compel" PHS to comply with inspection and this court granted the motion to compel. **[Court Doc. 199 – Order]**. It was on *November 9, 2007,* that Ms. Hunt and Charles Stewart the Administrator over Alabama HIV inmates who are **Correctional Medical Services**, employees **attempted to comply** with this Court's orders --- too late in the game. *October 31, 2007,* PHS no longer is the medical providers at ADOC. Ms. Hunt has demonstrated perjury. See, **Exhibit "A"**.

 **WHEREFORE,** *premises considered*, this court must weed out the foul odors in this case that counsel continues to submit his stinky litigation.

           Done this 27th Day November 2007.

           */s/ Marcellus Breach*

           Marcellus Breach 160710®
           Limestone C.F.
           28779 Nick Davis Rd.
           Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

 **I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of November 2007.

Alabama Dept. Of Corrections   Rushton, Stakely, Johnstone & Garrett, P.A.
Legal Division         P.O. Box 270
P.O. Box 301501        Montgomery, Alabama 36101
Montgomery, Alabama 36130

           */s/ Marcellus Breach*
           Marcellus Breach



# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

LIMESTONE CORRECTIONAL FACILITY
28779 Nick Davis Road
Harvest, Alabama 35749

I, _Marcellus Breach_, AIS# _____ do hereby acknowledge the receipt of my requested copies of my institutional and Prison Health Service files given to me on Friday, October 26, 2007. I also acknowledge that the copies made will be deducted from my PMOD account at $.50 per copy.

_____
Inmate name/AIS number    Date

_____
Witness/Title    Date

_____
Witness/Title    Date

CC: Institutional file/Inmate Copy

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

*    CASE NO: 2:06-cv-1133-MEF

## DECLARATION BY PLAINTIFF MARCELLUS BREACH, AIS# 160710
## IN SUPPORT OF MOTION TO STRIKE

**MARCELLUS BREACH, AIS # 160710** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

My name **MARCELLUS BREACH 160710**. I am over the age of twenty-one. I am the Plaintiff to this action. I am over the age of twenty-one and fully competent to testify regarding the matters set forth herein.

My Deborah Hunt has submitted another Affidavit in this case as a Supplemental Affidavit. Ms. Hunts does not have any personal knowledge as to what she is stating to the court regarding photocopying of my medical file. First of all, Ms. Hunt refused to see

5

me on October 26, 2007 when Ms. Harris and Ms. Appleton, Classification specialist Exhibit "A", complied with this Court's order addressed to ADOC to allow me to copy and inspect my institutional file and medical records.

On October 26, 2007, I did so have copies made of the medical records by Ms. Harris and Ms. Appleton directly in front of me. I did so sign a contract that funds would be deducted from my prison account to cover the costs. $15.00 was deducted.

It was on November 9, 2007, Ms. Hunt and Charles Stewart attempted to act for PHS because they are CMS employees. Ms. Hunt allowed me to review some NEW MEDICAL records that she told me she just received from Kilby and these records are some medical records being "Nurse's Notes" and Doctor's Order Sheet" from South Louisiana Correctional Services, Inc., reflecting 7/12/06 Brandon Kindard calling Louisiana with instructions that I cannot receive surgery. These are the very medical records that PHS has been withholding and concealing from the court.

Ms. Hunt has lied again. She has no personal knowledge regarding what she speaks. Furthermore, LPN Atkins on October 5, 2007, specifically TOLD ME, that he has the protocols regarding hernias. He was PHS employee --- this was at sick call. Nevertheless, I have submitted this document of LPN Atkins to the court with my motion for sanctions. How did I get this medical document that is dated on or about October 5, 2007? I got it on October 26, 2007, the date Ms. Harris and Ms. Appleton complied with this court's order to ADOC to allowing copying of my medical records.

6

Ms. Hunt told this court, "[t] hat he did not wish to make any photocopies of any documents contained in his medical chart at this time." Is PERJURY!

I swear that the foregoing is true and correct under the penalty of perjury. 28 U.S.C. 1746 this 27th Day of November 2007.

*/s/ Marcellus␣Breach*

MARCELLUS BREACH ® 160710

7