IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                                   CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### ADDENDUM TO PLAINTIFF'S REQUEST FOR AN EMERGENCY STAY OF DISCOVERY DEADLINE

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby files this Addendum to his Motion requesting a "Stay" of the _December 10, 2007_ deadline of discovery: In further support plaintiff states as follows:

¶ 1. Counsel for the medical defendants requested an extension of time to file his response to several orders against him, to be, from November 29, 2007 until on or about December 21, 2007, almost 30-days. May the court take count as to how many orders, and how many opportunities this court has given to counsel and the medical providers to comply with this court's orders? Records will reflect ever since October 11, 2007, [Court Doc. 171-1 – Order], November 1, 2007, [Court Doc. 199 -- Order], November 8, 2007, [Court Doc. 217 – Order], and November 14, 2007 [Court Doc. 233 –1, Order]; November 19, 2007, [Court Doc. 242 –1 – Order] for counsel to comply with Discovery.

1

¶ 2.   Plaintiff has no objections to the extension of time due to counsel busy schedule. However, there is prejudice because counsel has done nothing more in this case except hinder, obstruct and out right delay, he has demonstrated dishonesty, continued misrepresented facts, fraud upon the court, several ethical violations.  Counsel has concealed evidence, submitting several perjurious Affidavits.  In addition, counsel has refused and failed to cooperate with the Discovery rules.  This court ought not to allow the delay of time, to render the merits and charges against counsel.  It is noticed that he will delay in responding in hopes that the court will forget, or overlook the issues.  This must not take place.  Counsel faces serious charges and ought to take responsibility for each paper he signs. Counsel has nothing done other than attack plaintiff through his pleading, if plaintiff was a licensed attorney, counsel would have been barred by the court and probably reprimanded by the State Bar Association. However, counsel is not free to go and plaintiff will request disqualification of counsel due to his ethical violations.

¶ 3.   A Stay is requested; plaintiff cannot and has been hindered by counsel with discovery request.  Plaintiff cannot fully and adequately complete his Discovery request without the production of several documents that have been requested through discovery; also, interrogatories must be answered.  December 10, 2007, is the deadline, and plaintiff was given only 30-days to conduct discovery, then from November 27, 2007 to December 10, 2007 being only approximately 45-days to conduct discovery on <u>thirteen</u>

2

defendants. This Court issued five (5) separate orders on counsel and the medical defendants to produce their treatment protocols, policies, procedures to date, and still they have requested more time, delaying this case almost until 2008. Counsel's answer saying PHS has no protocols, policies or procedures, is ill founded. It is <u>impossible</u> for medical providers under the statutory provisions under Alabama law to operate a corporation providing medical services without policies. PHS will be in a breach of duty, their actions will be unauthorized if they are conducting business without a Quality Assurance Program § 27-21A-26 et seq., Code of Alabama, 1975, without establishing and following treatment protocols, policies and procedures regarding medical treatment. Moreover, PHS has and had the very possession, custody, and control over these protocols and can retrieve them for inspections as a part of the course of business.

¶ 4. Without the protocols, policies, and procedures regarding the treatment rendered to plaintiff regarding his hernia, discovery cannot be completed. It is prejudice to the plaintiff to simply close discovery when there has been no explanation to this Court as to why defendants refused to produce the requested documents as ordered by the court. It is no fought on plaintiff.

¶ 5. In additional, plaintiff is attempting very soon to conduct Depositions timely, also plaintiff will be requesting to take the deposition of Dr. William E. Hobbs, M.D., but, needs these protocols, policies, procedures to be produced to adequately conduct a deposition.

## RELIEF REQUESTED

a. Deny PHS motion for summary judgment and set this case for trial against PHS defendants because they alleged they have no treatment protocols, policies or procedures regarding treatment for hernias is a violation of Statutory Alabama Law;

b. Issue a Stay of Discovery until Defendants explain their actions;

c. Grant plaintiff surgery;

d. Grant what is fair to the plaintiff in this case.

**WHEREFORE**, *premises considered*, plaintiff request that this Court grant this "STAY" until counsel explains his actions or, in the alternative denied defendant's summary judgment because based on their admissions, actively engaging in the practice of providing medical care without any written lawful directives as regulated by State Statute.

Done this 28th Day of November 2007

*/s/ Marcellus Breach*

Marcellus Breach ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

4

## CERTIFICATE OF SERVICE

    *I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of November 2007.

| | |
|---|---|
| Alabama Dept. Of Corrections | Rushton, Stakely, Johnstone & Garrett, P.A. |
| Legal Division | P.O. Box 270 |
| P.O. Box 301501 | Montgomery, Alabama 36101 |
| Montgomery, Alabama 36130 | |

                                                                        Marcellus Breach