IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 DEC -3 A 10: 33

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

### MOTION FOR LEAVE TO FILE SUPPLEMENT TO THE "CAUSE OF ACTION" COUNT I, II, III, IV, V, VI / and SUPPLEMENT IDENTIFICATION OF PARTIES

*COMES NOW*, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," request leave to file a <u>supplement</u> to his "**Cause Of Action**" in his Complaint, Amended Complaint, Supplemental Complaints and Supplement Identification of Parties in their respective duties for good cause:[1]

¶ 1. Plaintiff **does not** request to either Amend nor Supplement the Complaints.

¶ 2. Plaintiff just learned that several parties in their respective positions and duties have failed in their duties and such reasons to believe could not have possibly have been ascertained from the outset of filings because plaintiff original claims resolve around Louisiana medical facts and up learning, plaintiff has learned the very reasons of the

---

[1] This Supplement is relating back to all pleadings, and relating back to Defendants actions, conduct and is directed under deliberate indifference. There is no prejudice just clarify the issues before the court regarding the medical care system, and treatment rendered by the defendants.

1

denial of adequate medical care. Plaintiff request to supplement is grounded and applies to the original claims, allegations in the original complaints. Plaintiff seeks to simply clarify his "**Cause of Actions**" as to each "**Count and Grounds**" conjunctively or separately against the defendants raised in his original Complaint, Amended Complaint, Supplemental Complaints in further support of his legal theory or theories that are based in this complaints. Plaintiff recently learned of several areas of deficiency in the medical care that is the reasons and proximate cause to his injuries -- being the inadequacies in the Medical system of ADOC and PHS. Each Complaint contains five (5) Counts of "Cause of Actions." Plaintiff in further support of his claims of inadequate medical treatment proscribed by the defendants presents the supplemented Causes of Actions.

¶ 3.   Good cause exist because at the very outset of filing this suit in December 22, 2006, plaintiff just returned from the private prison in Louisiana by ADOC. Plaintiff's grave issues of inadequate medical care starts from Dr. Tassin's order and recommendation that plaintiff's inguinal hernia needs repair. He was questioning surgery. Secondly, PHS medical defendants got involved when they attempted to cover up Dr. Tassin and the medical records leading into a cause of action against them and their employees. Third, upon on-going investigation, as facts have develop, plaintiff just identify and pin point the proximate cause of his injury and "just" recently discovery his theory on or about November 26, 2006 while reviewing, investigating his case; it is appropriate and necessary to supplement as further evidence will be collected through Discovery to

2

support his Cause of Action; the evidence will purport and show, that **a total inadequate medical system** regarding Hernia treatment and repair that will further support his original claims of inadequate care and the proximate cause as to why plaintiff has not received proper necessary medical care regarding to his treatment for his hernia.

**There is absolutely no prejudice to any defendant regarding supplementing his causes of action regarding the treatment, services rendered.**

## CAUSE OF ACTION

Plaintiff supports the following claims by reference to the original Complaint(s), **[Court Doc. No. 1 & 2]** previous complaint paragraphs ¶¶ 19 through 42 of plaintiff's Supplemental Complaint, **[Court Doc. 68]** Counts **I, II, III, IV, V, IV,** and, Complaint adding Dr. William Hobbs, **[Court Doc. 93]** ¶¶ 1 through 5, and Cause of Actions, **Count I, II, III, IV, V, VI** as follows:

### NO. 1

### *SUPPLEMENTAL CAUSE OF ACTION TO COUNT NO. 1, DEFENDANT DR. WILLIAM HOBBS, M.D. [Court Doc.93]*

That Defendant Dr. William Hobb's lack of education, prior experience, qualifications and overall fairness and competence as the attending physician: he lacks the qualifications and experience in the area of Hernia repairs. He actions reflect that of recklessness or callous indifference and the treatment proscribed by Dr. Hobbs amounts to deliberate indifference. **[Court Doc. No. 93]**

### NO. 2

# SUPPLEMENTAL CAUSE OF ACTIONS TO COUNTS I, II, III, IV, V, VI TO ORIGINAL COMPLAINT, AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT. [Court Doc. 68]

## COUNT I

That Defendant Richard Allen, Ruth Naglich, and Brandon Kindard, Prison Health Serivces, Inc., Bradford Adams, Dr. Robbins, Dr. Lyrene, failures to properly hire, train and supervise subordinates amounts to gross negligence, and their failure to labor under a duty to ensure Marcellus Breach received adequate medical attention to his needs: to provide competent medical personnel, procedures, and treatment; to keep adequate records, and to continually supervise the institutions and personnel in these regards; and much more, the defendants failed to satisfactorily discharge their duties, and that failure to the degree amounts to deliberate indifference to plaintiff's medical needs.

## COUNT II

The medical staffing of PHS is inadequate. Medical services are provided by nurse practitioners or physician assistant (mid – level practitioners), rather than qualified physicians. ADOC and medical defendants base their medical judgments on unqualified nurse practitioners regarding surgery for hernias. There is a lack of or, no full time chief medical officers. There are inadequate numbers of mid-level practitioners and inadequate physicians supervision of mid-level practitioners amounts to deliberate indifference.

## COUNT III

That Defendant's organization and administration of the medical care system is inadequate, and there are few, if any, written procedures. Defendants were negligent in considering, reviewing and monitoring the qualifications and practices of their nurse practitioners and physicians. Defendants failed to adequately discharge their duties to carefully hire, train and supervise adequate medical personnel capable of evaluating and meeting the reasonable medical needs of the inmate population. The treatment received may be so clearly inadequate as to amount to a refusal to provide essential care. Defendants had knowledge, but failed to do anything amounts to deliberate indifference; they ignored complaints of pain, warning signs, delivered inadequate care, allowing him to deteriorate.

## COUNT IV.

Access to qualified medical personnel is inadequate for serious physical injuries regarding the treatment to plaintiff's hernia, and medical providers rely on unqualified medical personnel to make surgery recommendations without proper supervision; and, nurse practitioners are undertaking performance of functions which should rightfully only be undertaken by a doctor regarding hernias.

## COUNT V.

The medical records system is deficient. Plaintiff's medical histories are often not kept. Plaintiff's Medical history was not reviewed upon his return to the State penitentiary from Louisiana private prison.

Done this 29th Day November 2007.

Marcellus Breach 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 30th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

6