# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

MARCELLUS BREACH, #160710

Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

Defendants.

CASE NO: 2:06-cv-1133-MEF

## MOTION TO REQUIRE DISCLOSURE BY AFFIDAVIT AS TO PRESENT LOCATION AND CUSTODY OF SPECIFIED DOCUMENTS

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," moves this court for an order directed to both Alabama Department of Corrections and Prison Health Services, Inc., officers, agents, or servants as are cognizant of the facts to require disclosure by affidavit as to present location and custody of specified documents under oath in support of Prison Health Services, Inc., has no policies, procedures, protocols regarding treatment of a prisoner suffering with a hernia: Plaintiff states as follows:

1.  *Rule 26, Federal Rules of Civil Procedures* is in violation, because neither counsel for any defendant disclosed such information that is relevant, and was ordered by the court. However, because neither counsels for defendants disclosed such information has rendered discovery attempts and is a violation of the rules for civil procedures.

1

1.   This motion is made on the ground that the specified documents contains or constitutes evidence relevant to deliberate indifference and the matters, or a material issue in this action.

2.   Plaintiff moves this court for order directing both Alabama Department of Corrections and Prison Heath Services, Inc., to produce by Affidavit the location of any and all documents regarding treatment for hernias: plaintiff moves the court for the medical defendants and correctional defendants to state by way of affidavit, whether the document(s): protocols, policies, procedures is or, at _any time has been_, in his possession, custody, or control, and identify the location of documents, if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof. Any and all policies, regulations, procedures, and protocols regarding Alabama inmates suffering from hernias.

3.   Require medical defendants and correctional defendants to produce by Affidavit and produce any document, any and all such documents that they have had possession, power, custody, or control regarding any standards followed by PHS and ADOC, or any Agent thereof, regarding treatment for a hernia, included as, any policy, procedures, regulations, protocol regarding the treatment of a hernia " reviewed on an individual basis and hernias which are not incarcerated or in danger of becoming incarcerated or into the scrotum are not necessary for surgical repair and can be conservatively treated."

4. Produce by document and state by way of affidavit, whether both the medical defendants and correctional defendants have ever had any document(s) information regarding the disclosure of the identity of the person(s) responsible for such protocol/policy/procedures or regulations responsible for the implementation of the hernia treatment to inmates and whether or not if not now, or at any time has been, in his possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof.

## RELIEF REQUEST

Pursuant to *Rule 26(a), Federal Rules of Civil Procedures*, for the defendants jointly and separately, explain by submitting by order of the court an Affidavit regarding the particular documents or items sought by plaintiff, disclose information as to, possession, custody, control of the documents or items by the adverse party or person not a party who has or had actual control over such documents or items sought, and if not now in his possession, power, custody or control, when he parted with the same, and what has become thereof: Because the documents and items contain or constitute nonprivileged evidence relevant to a matter or material issue in the action; and, good cause for the order compelling production has been sought.

**WHEREFORE,** plaintiff moves this court for an order directing counsel for the defendant to state by way of affidavit, whether the name of the person, a document, Protocol, regulation, procedures, policy, [Hernia Treatment] is or at any time has been, in

his defendants possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof,

Done this 4th Day December 2007.

*[signature]*

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 4th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

*[signature]*

Marcellus Breach

4