IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

\*  \*  \*  \*  \*  \*

CASE NO: 2:06-cv-1133-MEF

## NOTICE TAKING DEPOSITIONS UPON WRITTEN QUESTIONS UPON DR. WILLIAM HOBBS, M.D., REQUEST COURT ORDER FOR COUNSEL TO CORPORATE IN PERFECTING DEPOSITION

**COMES NOW**, the plaintiff *Marcellus Breach* (hereinafter "Breach) in proper person "Pro Se," pursuant to *Rule 31(a)(b), Federal Rules of Civil Procedures*, request an order from the court directing and instructive to the parties regarding plaintiff request to conduct, submit *Depositions Upon Written Questions* upon Defendant **Dr. William Hobbs, M.D.**, based on his personal knowledge and his treatment rendered in this case his disposition is warranted. Plaintiff would show that an order is appropriate under the circumstances that plaintiff is a prisoner; counsel for the defendants is not cooperative with plaintiff in this litigation regarding Discovery rules.[1]

---

[1] This Court has supplemented its orders upon defendants to produce their protocols, policies, procedures, and regulations by December 10, 2007. Plaintiff request to depose Dr. Hobbs through written questions concerning his knowledge of this alleged Protocol. [Court Doc. No. 259 – 1, Order]

1

1)   [2]Plaintiff will be conducting "depositions upon written questions" upon witnesses and the very treating doctor in Louisiana: Dr. John A. Tassin, M.D., and Diana Lott, Nurse Administrator.

2)   Plaintiff is submitting notice and request to take deposition upon written questions upon Ruth Naglich and Brandon Kindard for Health Services at ADOC. Plaintiff has requested that a Date be set that will be convenient be stipulated. Plaintiff request to <u>submit his questions</u> upon **Dr. William Hobbs, M.D.**, be set for *December 21, 2007*, and that the answering be on or before *January 2, 2008*, which ever date is convenient for counsel and defendant.

3)   Plaintiff has requested an enlargement of time for purposes of conducting depositions upon written questions. [3]

4)   Plaintiff is notifying counsel for PHS of his intent to serve deposition upon written questions and based on counsel's prior performance counsel will not cooperate.

5)   The over all purpose of requesting a court order is it will prevent further discovery abuses, and delays in this case. Plaintiff is pursuing this action bona fide and a court order is deemed necessary for a better way of handling the deposition upon written questions.

---

[2] Court Doc. No. 234 – 1, Order, the Court has granted Depositions upon written questions on South Louisiana Correctional Services, Inc., Dr. Tassin, M.D., Nurse Administrator Diana Lott who are witnesses. Plaintiff is waiting for a Date that these witnesses will be available be deposition from Attorney Chris Edwards for plaintiff to submit his questions.

[3] Defendants together have avoided several court orders for purposes of delaying discovery, December 10, 2007, ADOC is ordered to produce these Protocols policies, procedures, regulations plaintiff has not had the opportunity to conduct discovery on these Protocols.

6)    Dr. Hobbs has relevant information because Hobbs has quoted and alleged that the ADOC has a protocol, policies, procedures, regulations of ADOC regarding the treatment of hernias that has been alleged to state that the hernia must be incarcerated or, in danger of becoming incarcerated before surgically necessary. Plaintiff request to depose Hobbs and gather more information regarding his treatment practices.

7)    Plaintiff believes that this deposition upon written questions will be terse, no more than two (2) hours at most; and, will aid the court in its role to administer justice and find the truth in this case.

8)    Deposition upon written question is relatively simple and can be done by Plaintiff submitting the questions before counsel for the defendants, Paul M. James, Jr., and counsel then, have Defendant answer them under oath and sworn to and subscribed before two witnesses and a Notary Public. Counsel is co-counsel of a Law Firm, and there is more than likely a Notary available, if not, he is in the very position to have easy assess to a Notary Public. This is the simplest and most expedient method and least costly for plaintiff to forward the questions to Paul James, counsel for PHS that he have Dr. Hobbs answer the questions under oath in writing and have them witnessed and notarized for use at trial and summary judgment.

### *RELIEF SOUGHT*

    a.    That plaintiff submit his **Notice of Taking Depositions Upon Writing Questions** and the propounded questions on or before **December 21, 2007**, and that the Date of taking the

          Deposition be on **January 2, 2008**, or date that is convenient; and,

b.     That the Court order cooperation in conducting this action;

c.     Court order what it deems appropriate.

**WHEREFORE, *premises considered*,** plaintiff request that this court grant this motion and issue an order with instructions for counsel for PHS to cooperate.

Done this 3rd Day December 2007.

_/s/ Marcellus Breach_
MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 3rdDay of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_/s/ Marcellus Breach_
Marcellus Breach

4