**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

2007 DEC -7  A 9: 31

EBRA P. HACKE̊  t..
U.S. DISTRICT COUR.
MIDDLE DISTRICT AL.

_____

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

     Defendants.

     *

     *

     *     CASE NO: 2:06-cv-1133-MEF

     *

     *

     *

### *MOTION IN REQUEST FOR ALLOWANCE OF PLAINTIFF TO SERVE CROSS, REDIRECT, OR RECROSS INTERROGATORIES TO RESPONSES*

**COMES NOW**, Plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se," request unto the Court that upon each defendants responding to plaintiff's request for discovery, specifically interrogatories, plaintiff hereby moves the court to grant unto him under discovery purposes that plaintiff be granted ten (10) days to serve cross, redirect, or re-cross interrogatories:  Plaintiff in further support states as follows:

1.     The Court has granted plaintiff to file a response to any discovery response within ten (10) days of the defendants filing such response. [**Court Doc. 257 – 1, Order**]

2.     Plaintiff finds it important that it may be necessary not only to rebut any objections and present argument and case law to support his discovery request:  Plaintiff simply has strong reasons to believe that the medical defendants will continue to file disingenuous answers, continue to swear to facts that which the affiant knew was not

1

true, continue to submit suborning false misleading testimony, misrepresentations of facts, blatant perjury, bad faith affidavits, conceal evidence, disobey court orders; basically, continue to act unethically. **[See several court orders, Court Doc. No's. 199, 219, 224, 231, 233, 242-1, 259-1, 275, 277,]**

3.     Counsel for the medical defendants has filed an improper, frivolous objection being a boilerplate objection to "**all**" plaintiff's discovery request, then turns around and requested an extension to almost 30 – days. Notwithstanding counsel's schedule and caseload, he is not going to get a "free ride" and simply believe he is going to run over a prisoner in this litigation. Counsel's insufficient objection stating:

> "These Defendants object to all discovery propounded by the Plaintiff, Marcellus Breach, as said discovery is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence regarding any deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act." **[See, November 21, 2007, medical defendants' "Response to Plaintiff's Request for Admission of Fact. . . . " @ ¶ 1.]**

4.     Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. The Supreme Court of the United States has elaborated that a party's objection to a discovery request is substantially justified if the

objection raises an issue about which there is a genuine dispute or if reasonable people could differ as to the appropriateness of the discovery request. *See* Pierce *v. Underwood,* 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). During discovery, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

WHEREFORE, *premises considered*, plaintiff request that if it will be necessary upon discovery responses for the opportunity to include with the ten (10) days granted to file a response, plaintiff request that his response be allowed to include serving cross, redirect, or re-cross interrogatories due to this large lawsuit, a lot of parties in this action.

This 4th Day November 2007.

Marcellus Breach 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

3

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 5th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
Montgomery, Alabama 36101
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

4