IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

<div style="overflow-x:auto">

| | | |
|---|---|---|
| _____ | | |
| MARCELLUS BREACH, # 160710 | * | |
| | | |
| Plaintiff, | * | |
| | | CASE NO: 2:06-cv-1133-MEF |
| Vs. | * | |
| | | |
| PRISON HEALTH SERVICES, INC., | * | |

</div>

### ADVANCE -- MOTION FOR ORDER TO TAKE DEPOSITIONS OF PRISONERS/WITNESSES

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby request leave of Court pursuant to _Rules 26, 28, 30(a)(2), and 31_ of the _Federal Rules of Civil Procedures,_ and **Court Doc No. 234 – 1,** Order entered on _November 14, 2007_ granted plaintiff leave to conduct depositions upon written questions: Plaintiff request leave of court to take deposition upon prisoners who are witnesses and their testimony is relevant to this case. Plaintiff in further support states as follows:

¶ 1.    Leave of Court is requested in advance due to a **December 10, 2007** deadline for plaintiff to submit his entire discovery request to the court.   Plaintiff request permission to conduct depositions after the **December 10, 2007** deadline because he has the burden of setting up this deposition.

¶ 2.    Under _Rule 30(a)(2),_ _Federal Rules of Civil_ plaintiff request leave of court to take depositions on prisoners who are witnesses and have first hand knowledge, information

1

to the facts in this case. Plaintiff's witnesses may not be available for trial or any hearings if the court deems one necessary; plaintiff needs to secure his witnesses testimony as evidence at trial: plaintiff's witnesses have facts to support this case as: (i) relevant testimony pertaining to several sick calls submitted by plaintiff to the medical defendants complaining of pain due to his hernia which went ignored for five months, forming retaliation; (ii) deposition upon several witnesses who are Alabama inmates housed at Limestone C.F., are currently suffering with hernias, and their testimony is highly relevant and favorable to the court and the jury regarding a custom, practice, policy, regulations that has the 'force of law' adopted and promulgated by the defendants that is the very proximate cause to injury to the plaintiff as well as hundreds of Alabama inmates, men and women who and are currently suffering with hernias and cannot receive the proper medical care, (iii) testimony is also available through deposition that a jury and the court needs to hear concerning the on-going "systemic problem of an inadequate medical care system;" the treatment and practices rendered by the medical providers, especially Dr. William E. Hobbs, M.D., who has examined these witnesses concerning their hernias their testimony will reflect the pattern of deliberate indifference, and Dr. Hobbs' treatment is grossly inadequate, incompetent, and amounts to no treatment at all causing plaintiff and hundreds of prisoners to suffer gratuitous pain and discomfort in the Alabama prison system as a result of their untreated hernia, supports custom, practices, policy, the unnecessary wanton infliction of pain; and (iv) evidence is

available through testimony from several witnesses who are prisoners and have "first hand" knowledge to the gross inadequate care rendered by the medical providers and Dr. William Hobbs, M.D., causing their physical condition to deteriorate, and leaving them without treatment at all until a life or death situations arises; the hernia being incarcerated, strangulated or into the scrotum.

¶ 3.    The Plaintiff's witnesses on his behalf of the plaintiff are:

1)    **Inmate Felix Snells, AIS# 153207,**
2)    **Inmate Antonio Loyde AIS# 173960,**
3)    **Inmate Gregory Daniels, AIS# N/A,**
4)    **Inmate Benjamin Murrell, AIS# 188477;**
5)    **Inmate Denver Holloway, AIS# 199420**
6)    **Jackie Morrow AIS# N/A**
7)    **[1]Johnny Carroll, AIS# N/A    (out to Court status hearing regarding a Order pertaining to Hernia treatment against ADOC and PHS. The Court ordered physical examination Circuit Court Montgomery County, Alabama, Judge Hardwick)**

The "Legal Officer" for the Alabama Department of Corrections at Limestone C.F. will conduct the deposition and reading of questions and the answers will be written, sworn under oath with two witnesses and a notary public, on the set date.

These witnesses are all State prisoners located at the Alabama Department of Corrections Limestone Correctional Facility, 28779 Nick Davis Rd. Harvest, Alabama.

---

[1] **Johnny Carroll has submitted an Affidavit to this Court upon plaintiff's independent physical examination. [Court Doc. 279 and 281 –1 Order, ] Judge Hardwick ordered PHS and ADOC to take Carroll to an independent physician regarding his hernia. A Status hearing is set for November 11, 2007, in Montgomery County, his hernia is easily reducible. However, Johnny Carroll has not been taken to an outside physician as ordered by the Court.**

¶ 4.    The testimony of these witnesses are persons who are suffering from a hernia and cannot get proper treatment and, have first hand knowledge to the inadequate medical care system regarding: (i) deliberate indifferent medical treatment of hernias; (ii) inadequate record keeping, sick call and grievance procedures; (iii) Dr. Williams Hobbs' refusal to examine several prisoners who sign up for sick call and cannot be seen by a doctor and are suffering from hernias, (iv) witnesses to the pain and suffering of the plaintiff.

¶ 5.    All prisoners have first hand knowledge to the facts in this case and the medical care rendered causing physical injury to the plaintiff, and securing their testimony will greatly aid this court in ascertaining the truth concerning the inadequate medical care also, expend to the jury who are able to deliberate and judge the defendants.  These witnesses have first hand knowledge of the pain and suffering experienced by them as well as the plaintiff from defendant's acts and omissions causing plaintiff to suffer for three (3) years.

¶ 6.    Plaintiff is requesting advance leave, then plaintiff will set up a Date and Time with an Office authorized to administer oaths by the laws of the United States and submit notice to the court and parties.

¶ 7.    The _easiest_ method available to plaintiff is the taking of depositions upon written questions, which _will be before an Officer who can administer oath_.  The testimony can then be transcribed into writing, and sworn by a Notary Public, in front of two witnesses.

4

¶ 8.    Plaintiff is requesting that the use of nonstenographic means be allowed and that

after the taking of the deposition, at plaintiff's own expense, arrange for a transcript be

prepared by a court reporter in the form of a transcript to be forward to the court, if

necessary? However, the easiest method of perfecting this deposition will be in front of

the Notary Public to read the questions, appointed person to write the witnesses

answers, and then sworn in front of two witnesses and a notary public. Plaintiff also

suggests that this is the easiest method of perfecting deposition upon Dr. Williams

Hobbs, M.D.

¶ 9.    However, plaintiff is requesting leave of court to be allowed to conduct

depositions upon written questions upon prisoners who are witnesses.

¶ 10.[2] Plaintiff would request leave as an alternative, that the testimony deposed be

recorded by "tape recorder" by an officer authorized to administer oath.  Plaintiff would

request that this Court order the Alabama Department of Corrections to make

arraignments upon the set date to provide a tape recorder, and this Court order the

method of having this tape secured, that plaintiff may have it taken by his own resources

to a court reporter to be transcribed.  Plaintiff understands it is at his expenses it this

method is used.  Whatever this Court deems appropriate and fair to secure this testimony

of these witnesses and plaintiff adhere to Federal Rules of Civil Procedures that the

testimony of these witnesses be secured for trial purposes.  Plaintiff does not believe all

---

[2] **Plaintiff will speak with an officer today who is authorized by law to give oath, and conduct this deposition either through written questions or tape recorder.**

of these witnesses will be available for trial, and depositions is the best way of recording and securing their testimony.

**WHEREFORE, *premises considered*,** plaintiff request that this Court grant said request, and also issue an order accordingly.   I swear that the foregoing is true and correct under the penalty of perjury 28 U.S.C. 1746.

Done this 5th Day December 2007.

_____ ®

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 6th Day of November 2007.

Alabama Dept. Of Corrections
Legal Division
Montgomery, Alabama 36101
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

6