IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## *MOTION FOR LEAVE TO FILE AND SUBMIT AN ADDENDUM TO DEPOSITION UPON WRITTEN QUESTIONS UPON WITNESSES*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> in proper person is requesting leave in advance that he will need to submit additional written questions upon Dr. Tassin, M.D., and Diana Lott for the following reasons:

¶ 1. Plaintiff has submitted his depositions upon written questions to be propounded upon Diana Lott, nurse administrator and Dr. John A. Tassin, M.D., witnesses at the private prison in Louisiana.

¶ 1. Plaintiff's dead line for Discovery is December 10, 2007. Plaintiff is forced to rush to file these depositions upon written questions. However, these depositions are set for answering on December 21, 2007. No later than December 15, 2007, after plaintiff confer swith Attorney Chris Edward, plaintiff will make additional arraignments to have Dr.

Tassin offer his opinion to this case. Also, Diana Lott will need to review additional evidence to clarify a issue regarding the subject matter.

**WHEREFORE**, *premises considered*, plaintiff request that on or before December 15, 2007 he be allowed to submit an Addendum to his written questions.

Done this 5th Day December 2007.

*/s/ Marcellus Breach*

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 6th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Edwards Law Firm
C/O Chris Edwards Esq.,
P.O. Box 2970
Lafayette, LA 70502

*/s/ Marcellus Breach*
Marcellus Breach

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| Vs. | * | CASE NO: 2:06-cv-1133-MEF |
| | * | |
| PRISON HEALTH SERVICES, INC., et. al., | * | |
| Defendants. | | |

*PLAINTIFF'S NOTICE OF TAKING OF DEPOSITION UPON WRITTEN QUESTIONS UPON DR. JOHN A. TAISSIN, M.D.,*

TO:   EDWARDS LAW FIRM          ALABAMA DEPT. OF CORRECTIONS
      C/O CHRIS EDWARDS         LEGAL DIVISION
      P.O. BOX 2970             P.O. BOX 301501
      LAFAYETTE, LA 70502       MONTGOMERY, AL 36130

RUSHTON, STAKELY, JOHNSTONE & GARRETT, P.A.
P.O. BOX 270
MONTGOMERY, ALABAMA 36101

**PLEASE TAKE NOTICE,** that the attached questions will be propounded on plaintiff's behalf to **Dr. John A. Tassin, M.D.,** a contracted physician with South Louisiana Correctional Services, Inc., whose address is 1535 West Main Street, No. 1 Ville Platte, LA 70586 at the taking of her deposition before Attorney Chris Edwards, a Notary Public, whose address is stated above pursuant to the Federal Rules of Civil Procedures,

1

at the place designated by him at the set time designated by him, on **December 21, 2007**, or at another set time by him upon person set forth below:

**Ms. Diana Lott, Nurse Administrator**          December 21, 2007.

**Dr. John A. Tassin, M.D.,**          December 21, 2007.

Attorney Chris Edwards will take the deposition for the plaintiff upon written questions before a notary public or acting as a Notary; and being an officer authorized by law to administer oaths. The deposition to be taken is for discovery purposes, for use as evidence in the trial of the above-entitled cause, or both.

                                      Done this 5th Day December 2007.

                                      _/s/ Marcellus Breach_
                                      MARCELLUS BREACH ® 160710
                                      Limestone C.F.
                                      28779 Nick Davis Rd.
                                      Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 6th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Edwards Law Firm
C/O Chris Edwards Esq.,
P.O. Box 2970
Lafayette, LA 70502

Marcellus Breach

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

* * * * *

CASE NO: 2:06-cv-1133-MEF

*DEPOSITIONS UPON WRITTEN QUESTIONS UPON DR. JOHN A. TASSIN, M.D.,*

Pursuant to **Court Doc. 234 – 1, Order**, and pursuant to *Rules 26, 28, 30 and 31* of the *Federal Rules of Civil Procedures*, plaintiff <u>Marcellus Breach</u> propounds the following deposition upon written questions to be answered under oath by treating physician Dr. John A. Tassin, M.D.

*INTRODUCTORY STATEMENT BY PLAINTIFF:*

Dr. Tassin, I am Marcellus Breach the Plaintiff in this action. You were the treating physician while I was at South Louisiana Correctional Services, Inc., located in Basile, Louisiana. You are the only doctor who actually tried to help me, and get me surgery. I have filed a lawsuit against the Alabama Department of Corrections and Prison Health Services, Inc., who were the medical providers at the department of corrections. Dr. Tassin, a great conflict has come to play regarding your order and recommendation

1

made on 3/21/06 in which you noted that my left inguinal hernia needs repair? I will state on the record that you put a question mark being repair; also you have provided an Affidavit in Case No: 00067886-B in the District Court of Evangeline Parish, State of Louisiana case titled: Marcellus Breach v. Gary Copes et al.,

I refer to your Affidavit in which you stated that you were questioning whether or not I was going to need surgery for my hernia. I want to state that I am still having problems and pain from my hernia and that my hernia is progressing and getting worse.

You are hear today so that I can ask you some questions regarding your treatment, prognosis, diagnosis, and care given to me by you as the treating physician. Also, the Judge in this case will find it important to hear from you, especially as the treating doctor. So, if you would please answer these questions, and explain to the Court what you know about my hernia and complaints about pain and request for surgery, I would be greatly appreciative.

For the Record, please answer the following questions based on your knowledge, information and belief:

¶ 1.    What is your name and address of employment?

    a.    Please state the name and address of your employer and the nature of your employment and the length of time you were employed by such employer.

¶ 2.    What school or college did you attend in receiving your degree or training to become a medical physician and/or doctor? In connection with each such school or

college, please state whether how many years of practice you currently have and whether you are still practicing medicine.

¶ 3.    How long have you been contracted or employed at South Louisiana Correctional Services and a physician.

¶ 4.    Were you contracted with LCS from March 16, 2006 through October 6, 2006 as the physician?

¶ 5.    Are you presently still contracted with LCS as a physician?

¶ 6.    Please give the nature of your duties you perform in the course of your employment.

¶ 8.    Please explain the procedures followed regarding an Alabama inmate experiencing pain due to an hernia that involved approval or denial of surgery request to the Alabama Department of Correction's Commissioner's Office.

¶ 7.    In order that your testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 8.    Please also state the professional societies to which you belong.

¶ 9.    Do you specialize in any particular branch of medicine?

¶ 10.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 11.    Are you board certified?

3

  a. If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 12. At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 13. If so, what were those complaints?

¶ 14. Did Marcellus Breach's condition, as you observed it upon your first examination, ever heal itself or go away?

¶ 15. If not, what physical limitation do you know would affect Marcellus Breach experiencing on that occasion regarding a hernia?

¶ 16. Were you following your common practice when questioning surgery, that probably a surgeon ought to examine Marcellus' hernia?

¶ 17. Is a surgeon more qualified to make surgically recommendation for a hernia before the hernia is incarcerated or into the scrotum?

¶ 18. Is a surgeon necessary to make a surgical recommendation pertaining to a hernia before incarceration or strangulation of the hernia?

¶ 19. Please explain why you questioned surgery.

¶ 20 Doctor Tassin, based on your information and first hand knowledge regarding this incident and as the treating physician you questioned that Marcellus needed to be seen by a specialist why is that?

¶ 21. During the course of your examination upon Mr. Breach, did you observe the condition in his body, that to your knowledge, based upon reasonable medical

4

probabilities, caused pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 22. If your answer to Question No. 21 is in the affirmative, please describe this condition.

¶ 23. On 3/21/2006, you stated to the **plaintiff " We will put in a request for your surgery with the Commissioner's Office, they have to approve it, you belong to them, if you belonged to use, we would fit it, but, we have to have Alabama's approval before we can do anything."** Would you please explain this statement and any procedures that had required to be followed regarding this statement?

¶ 24. When you stated, that the Commissioner's Office had to approve surgery, please explain and do you know of a name regarding this statement?

¶ 25. When you stated "**if you belonged to use, we would fit it, but, we have to have Alabama's approval before we can do anything**", would you please explain that statement?

¶ 26. Did you or anyone as a medical provider for Alabama inmates at LCS actually attempt to have approval of surgery for Marcellus Breach?

    a.    Please explain in details about the request for approval for surgery to the Commissioner's Office, what procedures had to be followed.

    b.    What the request for surgery denied? If so, who denied it at the Alabama Department of Corrections, and what date?

5

¶ 27. For the record is it fair to say that based on your capacity you were a part of a medical provider at SLCS?

¶ 28. Were you rendering medical services to Alabama inmates at LCS during March 16, 2007 through October 6, 2006?

¶ 29. Did the Alabama Department of Corrections require you or any staff of LCS to submit for approval for surgery or outside referrals regarding hernia repair? If yes, please explain.

¶ 30. Based on that the fact that you were questioning surgery, the medical records reflect that Mr. Breach was placed on sick call to see if a surgeon referral was necessary. Also, the medical records reflect that Diana Lott noted that a "Brandon" called with instructions stating that hernia repair not done there unless hernia is incarcerated or into the scrotum. Do you believe because of this statement, it prevented Mr. Breach from seeing a specialist regarding his hernia?

¶ 31. Why didn't Marcellus Breach ever see a specialist while he was at LCS regarding his hernia and you as a doctor questioning whether Marcellus was going to need surgery?

¶ 32. Based on your examination of Mr. Breach and observation of his Hernia, did you medically believe that a specialist in hernia repair based on his pain and discomfort should have seen him?

¶ 33. Dr. Tassin on 3/21/06 you stated to Mr. Brach regarding his "Truss" or also known as a Hernia Belt: **"You need surgery, a Truss is outdated, it's no good"**? Is that correct?

    a.    Do you still believe that a truss is outdated and no good?

¶ 34. Dr. Tassin, on 3/21/06 you stated to Mr. Breach: **There's noting that I can give you for your pain, you need surgery"** is that correct?

    a.    Why did you feel that there was noting you could give Mr. Breach for his pain and that he needed surgery?

¶ 35. Dr. Tassin, on July 18, 2006 you stated to Mr. Breach: **"I do not understand why they just don't fit it, they could send you to Charity Hospital it would cost them nothing."** Is that correct?

    a.    when you refer in your statement as to "them" whom are you referring too?

¶ 36. Medical records reflect a written note that the hernia must be incarcerated or into the scrotum. Is that statement as noted probably the reason and cause which prevented you from allowing Mr. Breach to receive surgery or being referred to an outside examinations?

    b.    Because Mr. Breach's hernia was not incarcerated or into the scrotum?

¶ 37. You stated in your Affidavit that the Alabama Department of Corrections did not require that hernia repair be done unless the hernia was incarcerated or was into the scrotum. Is that correct?

    a.    Do you have any other information regarding this fact?

7

¶ 38. If the Alabama Department of Corrections did not require that hernia repair be done unless the hernia was incarcerated or was into the scrotum, based upon your knowledge of this case and you actually questioning whether or not Mr. Breach was going to need a repair, would you have recommended surgery or that a specialist examine Mr. Breach's hernia while at LCS, before his hernia is incarcerated or into the scrotum? Please explain?

¶ 39. Can you state based on your knowledge of these facts, South Louisiana Correctional Services, did not deny Mr. Breach medical care regarding his surgery?

¶ 40. Do you believe that based on these facts that there was preventative involvement by the Alabama Department of Corrections Commissioner's Office regarding Mr. Breach receiving surgery and your treatment, recommendations or as you stated that you felt you needed to look into the matter of surgery?

¶ 41. Did you do everything possible to get Mr. Breach surgery?

¶ 42. What stopped you investigation or looking into surgical repair or referral to a surgeon in this case?

¶ 43. Do you believe that the instructions given by Brandon as noted in the medical records that hernia repair not done there unless the hernia is incarcerated or into the scrotum, prevented Mr. Breach from receiving surgery while at LCS?

¶ 44. Based on your knowledge did SLC do everything possible to get Mr. Breach surgery, but for the instructions given by Brandon on 7/12/06 that hernia repair not done

there unless the hernia is incarcerated or into the scrotum, do you know as that that statement probably prevented Mr. Breach from receiving surgery while at LCS?

¶ 45.  On 3/21/06 you stated to Mr. Breach that **"Hernias get worse, they do not get better, you need surgery, hold on and let's see if we can get you to Charity Hospital?** What steps were taken that you know of as you tried to get Mr. Breach to Charity Hospital?

¶ 46.  Would there have been any expense or any burden on anyone if Mr. Breach had got surgery at Charity Hospital? Please explain?

¶ 47.  On 7/18/206 you examined Mr. Breach again after complaints of pain. You stated: **"You can't treat a hernia, they can only be repaired through surgery, there is nothing that I can give you for your pain, you need surgery."** Is that correct?

¶ 48.  Would it surprise you to learn today as a doctor and the treating physician in this case, that Mr. Breach has not received surgery for his painful hernia?

¶ 49.  Would you be surprised as a doctor to learn that as Mr. Breach describes to you that his hernia today is the size of a "Soft ball" and is causing him pain? Please explain?

¶ 50.  Dr. Tassin, we talked several times, and I believe that you really wanted to help me get surgery and I believe that you did everything possible to get me surgery; I understand that your hands may were tied.  As a witness, your testimony is very important, and as the treating doctor is there anything further that may be important for

the Court and jury to learn regarding why Mr. Breach did not receive his surgery while at LCS?

I thank you for your time and attention today Dr. Hobbs; I have no other questions for you at this time.

Submitted By:

*[signature]*

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749