IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 DEC 12  A 9: 17

MARCELLUS BREACH, #160710                    *

     Plaintiff,                          *

                                         *    CASE NO: 2:06-cv-1133-MEF

Vs.                                          *

PRISON HEALTH SERVICES, INC., et al.,        *

     Defendants.                         *

*PLAINTIFF'S REQUEST LEAVE TO FILE AN ADDENDUM TO RENEWED MOTION
FOR INDEPENDENT PHYSICAL EXAMINATION*

*COMES NOW*, Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person

"Pro Se," request leave to file this addendum to his request for physical examination for

good cause and continued facts in support: <u>Without</u> any policy, procedures, protocols,

Defendants are basically allowing plaintiff to suffer until the death situation arises (their

protocol): As Dr. Hobbs has stated via Affidavit that the protocol states that the hernia

must be incarcerated or in danger of being incarcerated before surgically necessary: is life

or death, the Constitutions forbids such.  Plaintiff's health has deteriorated, each day he

is closer to that life or death situation, and he moves that this Court take action! [1]  This is

---

[1]  **Only a surgeon is qualified to make the medical judgment when plaintiff needs to
undergo surgery, before incarceration of his hernia.  Plaintiff refuses to believe that
this Court will uphold a de facto policy, that defendants will wait until a life or death
situation to relieve pain and suffering.**

1

the very reason why the Courts are bombarded with litigation from prisoners regarding

hernia treatment: they are in pain!

### POINT A
### ANY ALABAMA STATE EMPLOYEE, IF DIAGNOSED WITH A HERNIA MUST UNDERGO SURGERY IMMEDIATELY, OR HE/SHE CANNOT RETURN TO WORK

Until this Court understands that Hernias are dangerous, more prisoner suits will

be filed. Pursuant to Alabama law, **§ 25-5-57(a)(6)(b),** Code of Alabama, 1975 states:

> " (b)   **Treatment** – 'All hernia, inguinal, femoral, or otherwise, proved to
> be the result of an injury by accident arising out of and in the course of the
> employment, **shall be treated in a surgical manner by radical operation**.
> If the injured employee refuses to undergo **the radical operation for the
> cure of the hernia,** no compensation will be allowed during the time the
> refusal continues.  If, however, it is shown that the employee has some
> chronic disease or is otherwise in physical condition that the court
> considers it unsafe for the employee to undergo the operation, the
> employee shall be paid as otherwise provided in this chapter."

The Statute says that "radical operation **for the cure of the hernia**".  Alabama law

tells the Court that the **only cure is surgery**.  The law does not say, give the patient a

truss and Motrin.  The law does not even address some term 'easily reducible" the law

states that the **cure is surgery**, the employee must undergo surgery immediately or

compensation will not be paid!  In this case, although the Statute speaks for itself, it is

governed around human decency. Leaving plaintiff without surgery to endure pain is

punishment.  Likewise, punishments which are grossly disproportionate to the severity

of the crime warranting imprisonment are prohibited under the Eighth Amendment. *See*

*Rhodes,* 452 U.S. at 346.

With regard to the Eighth Amendment's proscription of cruel and unusual punishment, the latter "prohibits the unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification." *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987); *see also* **Rhodes v. Chapman**, 452 U.S. 337, 346, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981). "After incarceration, only the '"unnecessary and wanton infliction of pain"' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 89 L. Ed. 2d 251, 106 S. Ct. 1078 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976))).

Plaintiff <u>Marcellus Breach</u> is a <u>non-violent offender</u> serving twenty years for *Receiving Stolen Property* in the First Degree and *Theft of property* in the second degree. The Constitution prohibits the punishment of pain that is being proscribed to him by the defendants without just reasons.

The eighth amendment, which applies to the states through the fourteenth amendment, **Robinson v. California**, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962), prohibits the infliction of cruel and unusual punishment. Under that provision, states **may not** impose punishments that **shock the conscience**, **involve unnecessary and wanton infliction of pain**, offend evolving notions of decency, or are **grossly disproportionate to the offense for which they are imposed**. *Newman v. Alabama*, 503 F.2d 1320, 1330 n. 14 (5th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S. Ct. 1680, 44 L. Ed. 2d

102 (1975). *See Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d

251 (1976); *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 2925, 49 L. Ed. 2d 859 (1976)

(plurality opinion); *Trop v. Dulles*, 356 U.S. 86, 101, 78 S. Ct. 590, 598, 2 L. Ed. 2d

630 (1958).

## POINT B

### THIS PROCOTOL HAS LEFT PLAINTIFF'S HEALTH TO DETERORIATE

1.[2]     Plaintiff **has not seen a doctor** since *April 30, 2007,* regardless of repeated sick call

request slips to be seen.  Plaintiff was seen on or about *October 5, 2007* by **LPR Celvin**

**Atkins,** at Limestone C.F., who is a nurse, and **"did not" examine plaintiff's hernia**.  On

or about *December 4, 2007,* plaintiff filed another sick call request complaining about pain,

urinating straining that is a result from his hernia.  On *December 5, 2007,* only a nurse,

LPN Celvin Atkins, again saw plaintiff.  What is interesting, on both dates: **October 5,**

**and December 5 2007,** plaintiff asked Mr. Atkins, "**do you have the protocols for**

**hernias**" both dates Mr. Atkins stated: "**Yes, I have them, but I cannot let you see**

**them**".  Some one is lying to this Court about these protocols!

2.     Plaintiff needs to see a doctor outside this prison that is qualified to make

surgically determinations regarding hernias.  PHS has admitted that they have no policy,

---

[2] **Both sick call request were founded upon complaints of pain due to his hernia dates October 5, 2007 and December 5, 207.  Plaintiff has not seen a doctor.  Only a qualified doctor can make a proper judgment regarding Hernias.  Not a Protocol, not Dr. Hobbs, a surgeon must examine plaintiff's injuries.  Not a nurse, nor a nurse practitioner.  On December 5, 2007, plaintiff was told he would see a doctor.  NO DOCTOR!!!!  Plaintiff moves this Court to move, to act!**

4

procedures nor protocols regarding hernias.   This alone can demonstrate deliberate indifference when it subjects plaintiff to endure pain.  Plaintiff has pain!  This Court must recognize that this case resolves around the suffering of hernias that left untreated without surgery leaves plaintiff to suffer pain without remedy.   Hernias do not heal on their own, and without a policy, then plaintiff is left in 'no mans land" regarding further treatment, because of some unknown protocol as Dr. Hobbs has stated that plaintiff does not meet this Alabama Department of Corrections protocols that states: the hernia must be incarcerated or in danger of being incarcerated, before surgically necessary.  That is life or death.

Defendants have left plaintiff to suffer with pain and his hernia is beyond that of Motrin when surgery is the only cure: Today, **he still cannot be seen by a doctor** here at Limestone.  Plaintiff has not seen a doctor since **April 30, 2007**. That's eight (8) months while his health deteriorates, and his hernia progresses and he has this pain. [3]

3.    Several defendants are liable as to the "no policy" being a de facto policy standard regarding hernias.   The law is established in this Circuit regarding de facto policies "liability may be imposed . . . from the absence of a policy," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991), **when a constitutional injury occurs and when the failure to adopt a policy rises to the level of deliberate indifference to the need for such policy.**

---

[3] **Plaintiff hopes that CMS and ADOC upon their Supplemental Complaint submits the newest medical records of plaintiff.  Plaintiff has several points that he wants to point out to this Court.  May the Court be mindful, PHS has already concealed documents of the medical records and yet to disclose them.**

*See* ***City of Canton v. Harris***, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)

(municipal liability) n10; ***Armstrong v. Squadrito***, 152 F.3d 564, 581 (7th Cir. 1998)

(observing that, "if the supervisor personally devised a deliberately indifferent policy

that caused a constitutional injury, then individual liability might flow from that act").

Plaintiff is in pain, and Dr. Hobbs will not do anything until Plaintiff's hernia is in his

scrotum, incarcerated being a life and death situation. This Court cannot simply sit on

this bench and allow a human being to continue to suffer pain when the Court has the

authority and power to breach this unconstitutional practice. Independent physical

examination is warranted because medically you cannot just sit there and allow

plaintiff's hernia to grow, get larger, more pain, wait and wait until the <u>life or death</u>

<u>situation</u>. Only an expert can tell this Court when, before incarceration, plaintiff needs

surgery, and that will be immediately!

4.      Additionally, the Eleventh Circuit Court of Appeals has held that an official may

be liable where the custom or policy established resulted in deliberate indifference to

constitutional rights. ***Zatler v. Wainwright***, 802 F.2d 397 (11th Cir.1986). Thus, liability

may be imposed due to the existence of an improper policy or from the absence of a

policy. See, ***Rivas v. Freeman***, 940 F.2d 14911, 1991 U.S. App. LEXIS 20893 September 9,

1991. In Rivers, Sheriff Freeman argued that Rivas's complaint alleges mere negligence

which is not sufficient to establish a deprivation of liberty interests pursuant to 42 U.S.C.

1983. ***Daniels v. Williams***, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Rivas,

however, alleged and proved deliberate indifference to his constitutional rights as a result of Sheriff Freeman's missing policies and procedures. Thus, _Rivas_ overcame _Daniels_ holding which bars suits based on mere negligence. *See* **Taylor v. Ledbetter**, 818 F.2d 791, 793 (11th Cir.1987).

### CONCLUSION AND RELIEF REQUESTED

Without a policy, procedures, or a protocol by PHS, how is plaintiff suppose to be treated when a truss is obsolete, pain medication does not stop his pain, the hernia still progressing, and morethanless, doctors saying Mr. Breach does not meet the protocol to have surgery. What is the Court to do? Leave plaintiff to endure still pain and suffering that the founders to the Constitution guaranteed that no prisoner is to be subjected to wanton infliction of pain. There is no protocol as PHS, then, how can Dr. Hobbs not say plaintiff's injury is not getting worse, only that plaintiff does not meet this protocol, he must suffer!

WHEREFORE, plaintiff moves that this Court GRANT physical examination, that the truth will come out, the deteriorate stop, and extent as to just how Big this Hernia is and the pain that is being endured must come to a stop!

Done this 10th Day of December 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 10TH Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

8

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MARCELLUS BREACH, #160710 | * |
| | * |
| Plaintiff, | * |
| | *    CASE NO: 2:06-cv-1133-MEF |
| Vs. | * |
| PRISON HEALTH SERVICES, INC., et al., | * |
| | * |
| Defendants. | |

### SUPPLEMENTAL DECLARATION BY MARCELLUS BREACH , AIS# 160710

**MARCELLUS BREACH**, **AIS# 160710** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

My name **Marcellus Breach, 160710.**   I am over the age of twenty-one. I am the plaintiff in this case. I haven't seen a doctor since April 6, 2007. I told this Court that defendants stopped seeing me regarding this case since I filed suit. Only a nurse will see me who is not qualified to make a medical judgment regarding my injury.

On October 5, 2007 I was seen by LPN, Celvin Atkins here at Limestone prison regarding complaints of pain due to my hernia.  The nurse did not examine my hernia, and only gave me some Motrin.  I was wearing a truss that does not work.

On December 5, 2007 I was again seen by LPN, Celvin Atkins, here at Limestone prison. I was complaining of having pain, coughing, sneezing, bowel movements and that

I told him my hernia is getting worse.  Mr. Atkins <u>did not examine my hernia</u>.  I was given cold medicine for the flu.  <u>I complained of have urinating problems, straining because of my hernia.</u>  I was told I'd see a doctor and I have a urine sample done.  Nothing has happen.  I haven't seen a doctor.  My hernia is progressing my health has and is deteriorating.

I asked Mr. Atkins on both dates: October 5, 2007 when he was PHS employee: "**Do you have a protocol regarding hernias**"  Mr. Atkins stated: "**Yes, but I cannot let you see them**".

On December 5, 2007, I asked Mr. Atkins who is now CMS employee: "**Do you have the protocols regarding Hernias**?"  Mr. Atkins responded: "**Yes, and I cannot let you see them." So one is lying to this Court!**

My health has deteriorated.  My hernia when it comes out is beyond what any truss can do, and pain mediation does noting.  I have problems, and I am in pain!

Mr. Atkins told me that he couldn't give me any stronger pain medication because when my hernia comes out, I will not feel it and I can die!  I told him, my hernia already comes out, and I can feel it, I requested to see a doctor and I told him I need to see a surgeon not a frog doctor or, a bush doctor who just came back from Africa and pours sugar into a patient.  I haven't seen a doctor.

. I Swear that the foregoing is true and correct under the penalty of perjury. 28 U.S.C. 1746 this 10th Day of November 2007.

Marcellus Breach 160710