**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

\*
\*
\*
\*
\*
\*

CASE NO: 2:06-cv-1133-MEF

### NOTICE OF FILING

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R. Civ. P.,* and compliance with this Court's order entered on <u>December 4, 2007</u> [**Court Doc No. 292—1, Order**] hereby files the attached for the Record:  Plaintiff states as follows:

1.[1]    **Discovery is not a game**. This Court issued its Discovery Order on October 18, 2007. [**Court Doc. No. 178 – 1**]  Counsel <u>again,</u> has not complied with both rules of discovery, and this court's order.   Discovery is not a series of search-and-destroy missions, with rules of engagement the mastery of which guarantee certain victory. To be

---

[1]  **Attached letter to Attorney Paul M. James, Jr., counsel for medical defendants have refused to comply with this Court's Discovery Order, again, see attached excerpts from Discovery request upon Defendants B.Adams, Dr. Michael Robbins, Dr. Hobbs, have not been answered.**

of Civil Procedure have made it clear that the design outcome of the discovery rules is *disclosure,* not *concealment.* Parties who fail to understand that simple function of the rules invite judicial ire and risk the imposition of sanctions.

2.      Plaintiff has attached his letter to Attorney Paul M. James, regarding several discovery requests that have not been answered.   May the Court be mindful of the history in which the court has issued order after order upon counsel to comply with this court's orders? **[Court Orders, 153—1, 170, 171-1, 177—1, 181, 200, 217, 219, 224, 233, 242—1, 243—1, 259—1, 275, 277,]** Fifteen (15) total of orders granting defendants more time to respond, comply with Court orders.   <u>Plaintiff got 45 – days to complete Discovery?</u>

3.      Plaintiff maintains that defendants' have failed to offer any discovery responses or any objections to discovery again delays this case, increases filings making the court file voluminous and makes it difficult for plaintiffs to identify all potential defendants. Standards For Professional Conduct, adopted by the Alabama Trial Lawyers Association and the Alabama Defense Lawyers Association included among the "Lawyers' Duties To Other Counsel" is the obligation to "make good faith efforts to resolve by agreement . . . objections to matters contained . . . discovery requests and objections". The Standards also require lawyers practicing in this district to "respond to document requests reasonably" and to "base discovery objections on a good faith belief in their merit [rather

2

than objecting] solely for the purpose of withholding or delaying the disclosure of relevant information".

**WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 10th Day December 2007.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that I have this 10TH Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® Marcellus Breach

3

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*December 10, 2007*

*RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.*
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:    **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes**

Mr. James:

I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within ten (10) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order.

Once again, you have failed to cooperate and comply with court orders. I am hoping that perhaps you will correspond regarding the requested discovery request and also I am free to listen to any objections that you may have to them.  I strongly depreciate, I believe that it is inappropriate to have to continue to request the Court to intervene; however, I will not hesitate to request such.

**There are too many missing documents in this case**.  Also, the discovery requests are material, relevant and discoverable.  The records are voluminous because I have filed them to each person separately.

My records reflect that on **October 24, 2007**, **October 26, 2007** and **November 8, 2007,** I served upon your Office and counsel for ADOC several discovery request entitled: "**Plaintiff's First Second, Fourth Set of Interrogatories, and Request for Admissions, for Production of Documents**" pursuant to Rules 33, 34 & 36, Fed. **R. Civ. P.** The areas of deficiency on your part is:

> (i) Medical defendants have not answered, responded to these discovery request;
> (ii) Medical defendants have not requested an extension of time.

The attached excerpts are from the Discovery request upon Defendants B. Adams, nurse practitioner, Dr. Michael Robbins, M.D., and Dr. William D. Hobbs, M.D.

1

Within ten (10) days from receipt of this letter I will immediately file my motion to compel. **Out of courtesy due to your schedule I will set the date that I will file for sanctions and compel for December 21, 2007.**

I do not anticipate that we will resolve our discovery disputes without asking the Court to intervene. Nevertheless, the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

You have not provided any relevant Information from defendant Bradford Adams, the nurse practitioner and discovery request upon him and his personal involvement, and information is relevant, material, and not burdensome. The information requested is a part of the prison record keeping, and is considered "business records".

Secondly, information sought from Dr. Michael Robbins, M.D., as the Medical Director. He is a supervisory he has stated that he has been personally involved. However, you have not provided any information in the Records regarding his personal involvement. Information sought from him his based on his personal knowledge, and in purported involvement is a part of the business records, and is not burdensome.

Thirdly, information sought is from the treating physician Dr. William Hobbs, M.D., who as been licensed to practice medicine since 2006. Not even three years in the State of Alabama. Information requested from his as the source, is relevant, material to deliberate indifference, malpractice, and negligence; also a part of the business records.

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

For your convenience, I have attached three excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.

Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE
**I HEREBY CERTIFY**, that I have this 10TH Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:
Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____
Marcellus Breach

# Excerpt to Discovery request to Defendant Bradford Adams, nurse practitioner    EXHIBIT "A'

## II.   INTERROGATORIES:

¶ 1.  Please state the following for the plaintiff.

      a.    your age
      b.    your occupation and place of employment
      c.    your education
      d.    your marital status
      e     your length of service in your present employment position
      f.    your previous occupational experience(s)
      g.    your training and experience in hernias

¶ 2.  Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.  Have you ever been accused of any felony, misdemeanor in this State, or another?  If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.  Please "*identify*" employers you have had, other than your current position, in the last ten (10) years.   With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.  *Identify* your assignment, whereabouts by documents of the "*incident*" and specifically identify your supervisor's whereabouts, assignment on December 27, 2006 @ 11:25 a.m.

¶ 6.  Please "*specifically identify*" by document, your job description, duties, and responsibilities.

¶ 7.  "*Specifically identify by document*" your supervisor, job description, duties, responsibilities.

¶ 8.  Explain by "*incident*" your medical recommendation "no need for surgical referral at present," please explain your medical findings "*identify by documents*," if any, and state the substance of any verbal or written communication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006, @ 11:25 a.m.

¶ 9   Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so,

# Excerpt to Discovery request to Defendant Bradford Adams, nurse practitioner

for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please "*identify*" the agency and/or individual who accused or investigated you for such allegation(s); "*specifically identify*" the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 10. Is it your common practice to make surgical or non-surgical referrals?

¶ 11. It is your common practice not to make surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12. Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13. Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14. Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

15. Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16. Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17. On March 21, 2006, *Dr. John A. Tassin, M.D.*, made a doctor order that plaintiff's inguinal hernia needs repair. It is you common practice to make a medical judgment against another doctor?

¶ 18. Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records? If not, please explain your reason? If yes, disclose the substance of your findings.

¶ 19 Are you licensed to make surgical referrals? If so, please specifically identify..

¶ 20. Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on *December 27, 2006 @ 11:25 a.m.,* identify by document pertaining to this incident.

## Excerpt to Discovery request to Defendant Bradford Adams, nurse practitioner

¶ 21. *"Identify"* and *"specifically identify"* who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22. Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23. It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *"identify"* by document.

¶ 24. *"Identify by document,"* any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

### V.    *REQUEST FOR ADMISSIONS:*

¶ 1.  *Admit or deny*, on March 21, 2006, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.  *Admit or deny*, the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on December 27, 2006?

¶ 3.  *Admit or deny, Prison Health Services, Inc.*, has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.  *Admit or deny*, you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.  *Admit or deny*, you do not know the actual size of plaintiff's hernia as of the date of your answering?

¶ 6.  *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.  *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.  *Admit or deny*, you are an expert in Hernia repair?

¶ 9.  *Admit or deny*, you have performed surgery on hernias?

¶ 10. *Admit or deny*, there is almost no limit to how big a hernia could without surgery?

¶ 11. *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12. *Admit or deny*, a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13. *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14. *Admit or deny*, a truss is the cure for a hernia?

# Excerpt to Discovery request to Defendant Bradford Adams, nurse practitioner

¶ 15. *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 16. *Admit or deny,* issuing of pain medication will not cure a hernia?

¶ 17. *Admit or deny,* December 21, 2006 @ 11:05 a.m., you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18. *Admit or deny,* Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19. *Admit or deny,* plaintiff asked you to be seen by a doctor?

¶ 20. *Admit or deny,* plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21. *Admit or deny,* you did not counsel plaintiff on December 21, 2006 @ 11:05 a.m.

¶ 22. *Admit or deny,* it is up to a physician for a determination whether surgery is necessary.?

¶ 23. Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24. *Admit or deny,* plaintiff's inguinal hernia can get larger and lead to serious medical complications?
¶ 25. Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26. *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 27. *Admit or deny,* the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28. *Admit or deny,* the opening of a hernia cannot heal itself.

¶ 29. *Admit or deny,* medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30. *Admit or deny,* plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31. *Admit or deny,* a truss is for temporary use.

¶ 32. *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33. *Admit or deny,* the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34. *Admit or deny,* under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35. *Admit or deny,* overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36. *Admit or deny,* the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37. *Admit or deny,* a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38. *Admit or deny,* you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39. *Admit or deny,* plaintiff could have either a direct or an indirect inguinal hernia.

## Excerpt to Discovery request to Defendant Bradford Adams, nurse practitioner

¶ 40. *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41. *Admit or deny*, a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42. *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

**Excerpt from Discovery request upon Dr. Michael Robbins, M.D.**
**EXHIBIT "B"**

I.    *INTERROGATORIES:*

¶ 1.    Please state the following for the plaintiff.
      a.    your age
      b.    your occupation and place of employment
      c.    your education
      d.    your marital status
      e.    your length of service in your present employment position
      f.    your previous occupational experience
      g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted or, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where there charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge, arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *identify* employers you have had, other than your current position, in the last ten (10) years. With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    What is the name, last known address, and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have any relevant information of the "*incident*" in regards to Dr. John A. Tassin M.D., recommendation and order that Plaintiff's inguinal hernia "Needs Repair?"

¶ 6.    Please *Identify* your assignment on *December 27, 2006 @ 11:25* a.m., your whereabouts by document, if available, of the "*incident*" and specifically identify your supervisor from date of *incident* through date of answering/responding. If any changes, please "*specifically identify.*"

¶ 6.    *Specifically identify* by document, your job description, duties, and responsibilities in the individual and official capacity of Medical Director.

¶ 7.    *Specifically identify* by document your supervisor, job descriptions, duties, responsibilities.

¶ 8.    *Identify by document*, any and all materials, records, data, regarding your "*medical examination(s)*" conducted personally by you as doctor, on date of "incident" and before *February 14, 2007.*

¶ 9.    Disclose any and all verbal, written communications to any person regarding this *incident* if any, *identify by document*, any and all respons(es) with any and persons not limited to your supervisor regarding the *incident* on *December 27, 2006 @ 11:25.*

¶ 10.   Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of

**Excerpt from Discovery request upon Dr. Michael Robbins, M.D.**

the complaint. Also, If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); *specifically identify* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 10. Is it your common practice to allow nurse practitioner to make surgical or non-surgical referrals on a patient regarding a hernia, without you present or examining the patient personally?

¶ 11. Is it your common practice to write an Affidavit regarding a serious medical need, opposing a surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary without examining the patient?

¶ 12. Is it your common practice to rely on the recommendations of a nurse practitioner Bradford Adams or any other nurse practitioner without examining the patient regarding a serious medical need?

¶ 13. Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14. Please estimate how many Alabama inmate diagnosed with a hernia you examined since February 2005.

¶ 15. Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16. Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol. If yes, *specifically identify* any written requests, date, e-mails and *identify* the *incident by document*: *identify* all witnesses, persons who have knowledge of your recommendations for improvements to this hernia Protocol.

¶ 17. On March 21, 2006, *Dr. John A. Tassin, M.D.*, made a doctor order that plaintiff's inguinal hernia needs repair. It is your common practice to make a medical judgment against another doctor?

¶ 18. State the date, and disclose the substance of your findings upon reviewing the medical records from Louisiana, specifically Dr. John A. Tassin M.D.'s, recommendation. .

¶ 19. Did you actually, personally examine the plaintiff on *December 27, 2006 @ 11:25* a.m. If so, please *specifically identify*.

¶ 20. Disclose the substance of any oral statements made by Nurse Practitioner Bradford Adams, on *December 27, 2006 @ 11:25 a.m.*,

¶ 21. Specifically disclose the substance of any oral statements made between you and the plaintiff.

¶ 22. Disclose any verbal, written or recorded statements, *documents*, and any substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23. Disclose how you have been personally involved in the medical treatment proscribed to plaintiff while he was at Kilby Correctional Facility.

24. *Identify by document*, any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

## Excerpt from Discovery request upon Dr. Michael Robbins, M.D.

**II.    *REQUEST FOR PRODUCTION OF DOCUMENTS***

That defendant produce and permit plaintiff to inspect and to copy each of the following documents.

a.    Produce the "**Hernia Support Belt Model 67-350 Fitting Instructions.**"

b.    Any written or recorded statements made by defendants to any supervisors, agency or agent thereof.

c.    To disclose the substance of any oral statements made by defendants before and after Breach filed this lawsuit to any supervisor, agency or agent pertaining surgery, or medical treatment.

d.    To disclose any material evidence submitted to supervisors, agency, or agents thereof, such as reports, memoranda concerning this action.

e.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, and other physical evidence, records, and any other evidence whether described herein or not, which is inculpatory evidence of any type, form or fashion.

**III.    *REQUEST FOR ADMISSIONS:***

¶ 1.    *Admit or deny* that on *March 21, 2006*, Dr. John A. Tassin, M.D., made a "doctor order "that plaintiff's left inguinal hernia," Needs Repair.

¶ 2.    *Admit or deny*, that you never once examined the plaintiff regarding his inguinal hernia.

¶ 3.    *Admit or deny*, *Prison Health Services, Inc.*, has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.    *Admit or deny*, that you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 5.    *Admit or deny*, that you do not know the actual size of plaintiff's hernia as of the date of your answering.

¶ 6.    *Admit or deny*, that the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 7.    *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 8.    *Admit or deny*, you are an expert in Hernia repair.

¶ 9.    *Admit or deny*, you have performed surgery on hernias.

¶ 10.   *Admit or deny*, there is almost no limit to how big a hernia could without surgery.

¶ 11.   *Admit or deny* that medically there is no cure for a hernia without surgery.

## Excerpt from Discovery request upon Dr. Michael Robbins, M.D.

¶ 12. *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery.

¶ 13. *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison.

¶ 14. *Admit or deny*, a truss is the cure for a hernia.

¶ 15. *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia.

¶ 16. *Admit or deny*, that that issuing of pain medication will not cure a hernia.

¶ 17. *Admit or deny*, that it is a practice at Kilby regarding inmate sick call that inmates are asked by medical personal, Nurse Graves, or another nurse "Who wants to sign a waiver".

¶ 18. *Admit or deny*, plaintiff requested to be seen by you but was seen by the nurse practitioner.

¶ 19. *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery.

¶ 20. *Admit or deny*, a strangulated hernia is an emergency situation that usually requires immediate surgery.

¶ 21. *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia.

¶ 22. *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

¶ 23. *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time.

¶ 24. *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

¶ 25. *Admit or deny*, that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 26. *Admit or deny*, that the opening of a hernia cannot heal itself.

¶ 27. *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 28. *Admit or deny*, that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 29. *Admit or deny*, a truss is for temporary use.

¶ 30. *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 31. *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 32. *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 33. *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 34. *Admit or deny*, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 35. *Admit or deny*, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 36. *Admit or deny*, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

## Excerpt from Discovery request upon Dr. Michael Robbins, M.D.

¶ 37.  *Admit or deny*, that plaintiff could have either a direct or an indirect inguinal hernia.

¶ 38.  *Admit or deny*, that you did not identify what type of hernia plaintiff has.

¶ 39.  *Admit or deny*, that a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 40.  *Admit or deny*, that a direct hernia is a less common hernia.

¶ 41.  Admit or deny, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia.

¶ 42.  *Admit or deny*, the very instruction Manuel given to me by Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY.**"

¶ 43.  *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse.

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.,    EXHIBIT "C"**

### III.    *INTERROGATORIES*:

¶ 1.    Please state the following for the plaintiff.

    a.    your age
    b.    your education
    c.    your length of service in your present employment position
    d.    your previous occupational experience(s)
    e.    your training and experience in hornias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please "*identify*" employers you have had, other than your current position, in the last ten (10) years.    With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant information of the "incident" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation that Plaintiff's inguinal hernia "Needs Repair?"

¶ 6.    Please "*specifically identify*" your supervisor from date of "*incident*" through date of answering/responding. If any changes, please "*specifically identify*."

¶ 7.    Disclose any and all verbal, written communications to any person(s) regarding this incident if any, "*identify by document*," any and all response(es) with any and all persons not limited to your supervisor regarding the incident in question.

¶ 8.    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.**

specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 9.   "*Specifically identify by document*" any and all pending lawsuits against you in the State of Alabama, or another.

¶ 10.  "*Specifically identify by document*" whether you ever been sued for either: (i) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the city, state where the charges were, or are actively pending, the nature of the charge(s), the date of the summons, Answers, the court case number, and the disposition of the charge, answer, summary judgment, trial or appeal.

¶ 11.  "*Specifically identify by document*" whether you or has anyone acting in your behalf obtained from any person or persons any "*documents*", report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?

¶ 12.  "*Specifically identify by document*" your specific job responsibilities as Medical Director for the Alabama Department of Corrections.

¶ 13.  "*Specifically identify by document*" the implementations procedures, and/or the events, chain of command of preparing, submitting and approval of the Protocol(s) regarding treatment of hernias suffered by state inmates between Alabama Department of Corrections and Prison Health Services, Inc.

¶ 14.  It is your common practice as a doctor not to make a surgical referral regarding a patient diagnosed with a hernia until the patient's hernia is incarcerated, or in danger of incarceration or, into the scrotum?

¶ 15.  It is your common practice not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum, increasing abdominal or groin swelling?

¶ 16.  It is your common practice as a doctor not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of a bulge or lump in the abdomen, groin or scrotum that is easier to see when the patient stands and disappears when the patient lies down, but the patient has a dull dragging sensation in the groin area with an inability to urinate?

¶ 17.  It is your common practice as a doctor not to make a surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of pain when straining, lifting, or coughing, persistent cough and/or shortness of breath?

¶ 18.  Between the Alabama Department of Corrections and Prison Health Services, Inc., who's common practice is it not to surgically repair a hernia once a physician has ordered or recommended that the hernia "needs repair" unless the hernia is incarcerated or, in

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.**

danger of becoming incarcerated in order to be surgically necessary?

¶ 19    Please estimate how many Alabama inmates diagnosed with a hernia you deny a referral to a specialist or surgeon since your date of employment rendering medical services at the prison(s) of the Alabama Department of Corrections.

¶ 20.   Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol. If yes, "*specifically identify*" any written request, "*documents*," e-mails, faxes and "*identify the incident by document*": "*identify*" any and all witnesses, persons who have knowledge of your recommendations for improvements to this or any other Hernia Protocol?

¶ 21.   "*Identify by document*," your personal examination conducted on the plaintiff. If unavailable, please disclose the reason(s).

¶ 22.   Please disclose and "*identify by document*" ADOC's and your common practice being the objective treatment plan regarding hernias when the patient is suffering extreme pain, due to his hernia.

¶ 23.   It is your common practice to deny the cure for a hernia until the hernia is incarcerated or, in danger of incarceration, into the scrotum?

¶ 24.   It is your common practice to allow a patient to endure pain by issuing some pain medication and a Truss, when there are continued symptoms of the patient suffering pain; without the cure before the hernia is incarcerated, or in danger of being incarcerated or before into the scrotum?

¶ 25.   Please disclose your medical findings "*identify by document*" how you recommended that plaintiff not receive surgery, when you never once examined the patient's hernia and have no idea how much pain he suffers?

### IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendants produce and permit plaintiff to inspect and to copy each of the following documents:

### * RULE 33, Fed. R. Civ. P., "Business Records"

a.    To permit plaintiff to inspect, analyze, and copy or photograph, "*specific document*," implemented protocols and policies/procedures of the Alabama Department of Corrections as of February 2005 through current date of responding and names of "*identify by document*" all individuals responsible for the treatment protocols, i.e., hernia; specifically, the Protocols governing the treatment of hernias suffered by state inmates.

b.    The names and "*specifically identify by document*," those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias at the Alabama Department of Corrections from February 2005 through present.

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.**

c.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

d.    To disclose the material evidence by "*document*," and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and 7-12-06, to any supervisor, agency or agents thereof regarding treatment of plaintiff's inguinal hernia.

e.    "*Specifically identify by document*," and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding, approval or disapproval of hernia surgery, requested by South Louisiana Correctional Center medical personnel, from March 2006 through October 6, 2006 to the Alabama Department of Health Services.

## V.    REQUEST FOR ADMISSIONS:

¶ 1.    *Admit or deny*, you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 2.    *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 3.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 4.    *Admit or deny*, you are an expert in Hernia repair?

¶ 5.    *Admit or deny*, you have performed surgery on hernias?

¶ 6.    *Admit or deny*, there is almost no limit to how big a hernia could get without surgery?

¶ 7.    *Admit or deny* that medically there is no cure for a hernia without surgery?

¶ 8.    *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 9.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 10.   *Admit or deny*, a truss is the cure for a hernia?

¶ 11.   *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 12.   *Admit or deny*, that that issuing of pain medication will not cure a hernia?

¶ 13.   *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of treating a hernia?

¶ 14.   *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 15.   *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.**

¶ 16. *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 17. *Admit or deny* the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery?

¶ 18. *Admit or deny*, that the opening of a hernia cannot heal itself?

¶ 19. *Admit or deny*, medically a doctor cannot treat a hernia; they must be repaired through surgery?

¶ 20. *Admit or deny* plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place?

¶ 21. *Admit or deny*, a truss is for temporary use?

¶ 22. *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation?

¶ 23. *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain?

¶ 24. *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum?

¶ 25. *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia?

¶ 26. *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed?

¶ 27. *Admit or deny*, a hernia ought to be inspected to ensure that it is not becoming infected or developing into a more serious non-reducible hernia?

¶ 28. *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia.

¶ 29. *Admit or deny*, a hernia can limit a person's daily activity?

¶ 30. *Admit or deny*, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia?

¶ 31. *Admit or deny*, the instruction Hernia Manuel given by you on April 30, 2007, through Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY?"**

¶ 32. *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse?

¶ 33. *Admit or deny*, you are involved in the treatment proscribed to plaintiff while he has been in the department of corrections.

¶ 34. *Admit or deny*, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia?

¶ 35. *Admit or deny*, there are over 100 Alabama inmates diagnosed with hernias from *February 2005* through date of your response?

¶ 36. *Admit or deny*, hernias are painful?

¶ 37. *Admit or deny*, you are responsible for the monitoring of the health care given to plaintiff while in the department of corrections?

¶ 38. *Admit or deny*, you agree that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum?

**Excerpt from Discovery request upon Defendant Dr. William Hobbs, M.D.**

¶ 39.  *Admit or deny,* the Protocol(s) pertaining to hernia treatment for Alabama inmates can subject a patient to endure pain and suffering?

¶ 40.  *Admit or deny,* Alabama Board of Medical Examiners are not aware of the practice involved with Prison Health Services, Inc., being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary?

¶ 41.  *Admit or deny,* this Protocol ought to be changed pertaining to hernias?

¶ 42.  *Admit or deny,* you never once examined the plaintiff.

¶ 43.  *Admit or deny,* you are responsible for updating, changing medical policies, procedures, at ADOC?

¶ 44.  *Admit or deny each hernia case is different?*

¶ 45.  *Admit or deny,* Ruth Naglich denied plaintiff's request for surgery from Louisiana.

¶ 46.  *Admit or deny,* it is your common practice to go against another doctors recommendation when you are not the treating physician.

¶ 47.  *Admit or deny,* Ruth Naglich is the person responsible for approval or disapproval of surgery request?

¶ 48.  *Admit or deny,* you implemented the Protocol that states that a hernia must be incarcerated, or in danger of being incarcerated before it can be surgically repaired?

¶ 49.  *Admit or deny,* the sac containing plaintiff's intestine may become trapped by muscle (incarceration). This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain?

¶ 50.  *Admit or deny,* when the intestines become trapped, issuing Motrin 600 mg., will treat the condition?

¶ 51.  *Admit or deny,* when the intestine is tightly trapped, it becomes strangulated?

¶ 52.  *Admit or deny,* the strangulated area loses blood supply and may die when the intestine is tightly trapped?

¶ 53.  *Admit or deny,* when the intestines are trapped, this can cause severe pain and block the intestine. Emergency surgery is needed to relieve the blockage?

¶ 54.  Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area. With time, these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia?

¶ 55.  *Admit or deny,* indirect inguinal hernias are the most common hernias in men?

¶ 56.  Direct hernias are similar to indirect hernias, but less common?

¶ 57.  Direct hernias often get worse with age or physical stress.

¶ 58.  Admit or deny, allowing a patient to suffer pain due to an hernia for almost three years may seem inappropriate to the medical profession?

¶ 59.  *Admit or deny,* the Alabama Department of Corrections intentionally denied plaintiff's request for surgery?

¶ 60.  *Admit or deny,* you denied plaintiff's request for surgery because plaintiff's hernia is not incarcerated or into the scrotum?