IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRISON HEALTH SERVICES, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:06-cv-1133-MEF |

## ADOC DEFENDANT RUTH NAGLICH'S RESPONSE TO REQUESTED DISCOVERY

Comes now the Alabama Department of Corrections (hereinafter referred to as ADOC) Defendant, Brandon Kinard, by and through the undersigned counsel, and files this response to the Plaintiff's requested discovery as follows:

III.   INTERROGATORIES

1.
   a. 53
   b. Bachelor of Science Degree in Nursing
   c. Three years
   d. Sixteen years of clinical nursing 1974 to 1990; Seventeen years in the operational management and administration of health care programs, 1990 to present date
   e. Refer to responses of (b) and (d)

2.   Yes: Albert Butler, ADOC counsel

3.   I have no knowledge of the referenced 'treatment protocols'

4.   I don not have specific knowledge of who 'cleared' the plaintiff for transfer. There is no reference in the plaintiff's medical record of a 'serious medical need' need by any attending physician.

5.   I have no knowledge of this faxed document or report.

1

6. I do not recall specific statements made in reference to this request.

7. Plaintiff was not in the 'care, custody or control' of the ADOC while housed at South Louisiana Correctional Services Inc.; he was in the 'care, custody or control' of LCS Correctional Services, a private business or entity. I have no administrative responsibilities for inmates within their 'care, custody and control.'

8. Ms. Lynn Brown is a Clinical Regional Manager for the Alabama Department of Corrections. I have no direct knowledge of Ms. Brown's involvement in the said 'incident.'

9. I am not aware of the existence of any specific documents outside of what is contained in the inmate's medical chart.

10. To the best of my recollection a licensed practical nurse who worked at the South Louisiana Correctional Facility was called 'Nurse Maxie'.

11. Ms. Lott was introduced to me as LCS 'Health Services Administrator.' Dr. Tassin was identified as the attending physician at the South Louisiana Correctional Facility.

12. I have no knowledge of a 'document' referred to as a protocol pertaining to hernias.

13. I have no knowledge of any such persons.

14. I can not identify specific persons involved related to 'incident' on the specific dates outlined in (a.b.c.). I was not present.

15. Brandon Kinard has no responsibility in the direct treatment of an ADOC inmate or the recommendations for treatment. His responsibilities are to report the findings of the treating physician or practitioner.

16. The contract between the Alabama Department of Corrections and South Louisiana Correctional Services.

17. I have no knowledge of a specific protocol pertaining to treatment of inmates who possess a hernia by CMS.

18. I am not aware of any such documents.

19. I am not aware of a specific 'order' by a Dr. Tassin requesting that the plaintiff actually have a hernia repair.

2

20. It is the Alabama Department of Corrections position that all medical, dental or mental health treatment decisions in regard to an inmate's health, are made by the appropriate licensed provider who is assigned to treat the individual inmate.

21. It is the Alabama Department of Corrections position that all medical, dental or mental health treatment decisions in regard to an inmate's health, are made by the appropriate licensed provider who is assigned to treat the individual inmate.

22. I do not recall having a specific discussion with any one about the referenced dental request.

23. Correctional Medical Services.

24. No

25. It is the Alabama Department of Corrections position that all medical, dental or mental health treatment decisions in regard to an inmate's health, are made by the appropriate licensed provider who is assigned to treat the individual inmate.

V. Request for Admissions

The following information is provided in response to the aforementioned request. Reponses are listed in the corresponding order and number format of the original request filing.

1. I can not admit or deny as I am not aware that any protocol exist.

2. I can not admit or deny as this is out of my scope of practice.

3. I can not admit or deny as this is out of my scope of practice.

4. Deny

5. Deny

6. I can not admit or deny as this is out of my scope of practice.

7. I can not admit or deny as this is out of my scope of practice.

8. I can not admit or deny as this is out of my scope of practice.

9. I can not admit or deny as I am not in possession of a complete medical record of this inmate during his stay in Louisiana.

10. I can not admit or deny as this is out of my scope of practice.

3

11. I have no personal knowledge or what the plaintiff has complained of specifically on a day to day basis.

12. I can not admit or deny as this is out of my scope of practice.

13. I can not admit or deny as this is out of my scope of practice.

14. I can not admit or deny as this is out of my scope of practice.

15. I can not admit or deny as this is out of my scope of practice.

16. I can not admit or deny as this is out of my scope of practice.

17. I can not admit or deny as this is out of my scope of practice.

18. I can not admit or deny as this is out of my scope of practice.

19. I can not admit or deny as this is out of my scope of practice.

20. I can not admit or deny as this is out of my scope of practice and I have never seen the plaintiff in person.

21. I can not admit or deny as this is out of my scope of practice.

22. I can not admit or deny as this is out of my scope of practice.

23. I can not admit or deny as this is out of my scope of practice.

24. I can not admit or deny as this is out of my scope of practice.

25. I can not admit or deny as this is out of my scope of practice.

26. I can not admit or deny as this is out of my scope of practice.

27. I can not admit or deny as this is out of my scope of practice.

28. I admit I did not personally conduct any of the stated actions as they would be out of my scope of practice and responsibility.

29. I can not admit or deny as this is out of my scope of practice.

30. I can not admit or deny as this is out of my scope of practice.

31. I have no knowledge of any such manual or its' contents.

32. I can not admit or deny as this is out of my scope of practice.

33. Deny

34. Deny

35. I can not admit or deny this statement. I have no knowledge of how many Alabama inmates have been diagnosed with hernias at any point in time.

36. I can not admit or deny as this is out of my scope of practice.

37. Admit

38. Deny; Brandon Kinard was not told to call Louisiana with 'instructions' concerning this incident.

39. Deny I have no knowledge of such protocol.

40. I can not admit or deny; I have no knowledge of such protocol. I can not attest to what or what not the Medical Examiners Board has knowledge of.

41. I can not admit or deny I have no knowledge of such protocol.

42. I can not admit or deny I have no knowledge of such protocol.

/s/Ruth Naglich
Associated Commissioner
Health Services

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

5

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL  36101-0270

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney