IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRISON HEALTH SERVICES, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:06-cv-1133-MEF |

### ADOC DEFENDANT BRANDON KINARD'S RESPONSE
### TO REQUESTED DISCOVERY

Comes now the Alabama Department of Corrections (hereinafter referred to as ADOC) Defendant, Brandon Kinard, by and through the undersigned counsel, and files this response to the Plaintiff's requested discovery as follows:

III    INTERROGATORIES

1.
    a. 33
    b. Associates Degree in Nursing
    c. Two years
    d. Four years of clinical nursing 1996 to 2000; Seven years in the operational management and administration of health care programs, 2000 to present date
    e. Refer to responses of (b) and (d)
    f. Coordination of Clinical Services and oversight of A.D.O.C. CQI Program
    g. Responsible for responses to patient inquiries

2.    No

3.    No

4.    Correctional Medical Services, August 1996 to February 2001, staff nurse and Director of Nursing. Naphcare, Inc., February 2001 to October 2003, Health Services Administrator/Regional Administrator. Prison Health Services, Novermber 2003 to December 2005, Health Services Administrator/Regional Administrator.

5. I have no knowledge of any specific individuals or their whereabouts.

6. Ruth Naglich

7. All information has been included in inmate's medical record or filed in the court in an affidavit.

8. I do not possess a "medical license."

9. To the best of my knowledge, I can not recall the specifics of any additional suits.

10. No

11. No

12. All information has been included in inmate's medical record or filed in the court in an affidavit.

13. I can not recall any specifics of such conversation.

14. Yes, I did.

15. There are none that I recall.

16. To instruct on access to sick call and for evaluation of his complaints by a licensed practioner.

17. I am not aware of any specifics, all responses are included in the medical record.

18. I have no recollection of such statements being made. Ms. Lynn Brown is a Regional Clinical Manager for the Alabama Department of Corrections. Refer to answer in #16.

19. I have no information regarding such occurrence.

20. Alabama Department of Corrections defers to the medical evaluation and decisions of licensed physicians.

21. It is the decision of the licensed attending physician at each facility.

22. No such protocol exists within the Alabama Department of Corrections.

23. No such protocol exists within the Alabama Department of Corrections.

24. I have no knowledge of such request.

25. Attending physician in assigned housing facility.

26. I have no opinion.

27. I do not make specific treatment decisions related to inmate healthcare.

V. Request for Admissions

1. I can neither admit nor deny, this is outside of my scope of practice.

2. I can neither admit nor deny, this is outside of my scope of practice.

3. Deny

4. I can neither admit nor deny, this is outside of my scope of practice.

5. Deny

6. I can neither admit nor deny, this is outside of my scope of practice.

7. I can neither admit nor deny, I have no reviewed document.

8. Deny

9. I can neither admit nor deny, I have no personal knowledge.

10. Admit

11. I can neither admit nor deny, this is outside of my scope of practice.

12. I can neither admit nor deny, this is outside of my scope of practice.

13. I can neither admit nor deny, this is outside of my scope of practice.

14. I can neither admit nor deny, this is outside of my scope of practice.

15. I can neither admit nor deny, this is outside of my scope of practice.

16. I can neither admit nor deny, this is outside of my scope of practice.

17. I can neither admit nor deny, this is outside of my scope of practice.

18. I can neither admit nor deny, not observed.

19. I can neither admit nor deny, this is outside of my scope of practice.

20. I can neither admit nor deny, this is outside of my scope of practice.

21. I can neither admit nor deny, this is outside of my scope of practice.

22. I can neither admit nor deny, this is outside of my scope of practice.

23. I can neither admit nor deny, this is outside of my scope of practice.

24. I can neither admit nor deny, this is outside of my scope of practice.

25. I can neither admit nor deny, this is outside of my scope of practice.

26. Deny

27. I can neither admit nor deny, this is outside of my scope of practice.

28. I can neither admit nor deny, this is outside of my scope of practice.

29. I can neither admit nor deny, this is outside of my scope of practice.

30. I can neither admit nor deny, this is outside of my scope of practice.

31. Deny

32. I can neither admit nor deny, question is too vague.

33. I can neither admit nor deny, no statistical data.

34. I can neither admit nor deny, this is outside of my scope of practice.

35. Deny

36. Deny

37. Deny, no such protocol exist.

38. I can neither admit nor deny, no knowledge.

39. I can neither admit nor deny, no such protocol exists.

40. I can neither admit nor deny, this is outside of my scope of practice.

41. I can neither admit nor deny, I have no knowledge.

42. Admit

43. Deny

44. Deny

45. I can neither admit nor deny, this is outside of my scope of practice.

46. I can neither admit nor deny, this is outside of my scope of practice.

47. I can neither admit nor deny, this is outside of my scope of practice.

48. I can neither admit nor deny, this is outside of my scope of practice.

49. I can neither admit nor deny, this is outside of my scope of practice.

50. I can neither admit nor deny, this is outside of my scope of practice.

51. I can neither admit nor deny, this is outside of my scope of practice.

52. I can neither admit nor deny, this is outside of my scope of practice.

53. Admit, I transferred inmate back to Alabama for hernia evaluation.

54. Deny, transferred inmate back to Alabama for evaluation of hernia and treatment by a licensed physician.

/s/Brandon Kinard
Regional Clinical Manager
Health Services

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

5

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL  36101-0270

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney