IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § | |
| Defendants. | § § | |

### DEFENDANT PRISON HEALTH SERVICES, ET AL.'S RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR INDEPENDENT EXAM [COURT DOC. NO. 279]

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and in response to the Plaintiff's Renewed Motion for Independent Exam [Court Doc. No. 279] reminds this Court that the Plaintiff has failed to state any additional grounds that warrant the cost, time, expense or necessity of an independent medical exam concerning any medical condition experienced by Marcellus Breach. In further support of these Defendants' position, PHS states the following:

1. Prisoner claims in paragraph 1 of his renewed motion that his hernia has "enlarged, progressing, trying to get trapped." [Plaintiff's Renewed Motion, ¶ 1]. However, the prisoner does not make it clear whether he has even sought additional medical treatment for his "progressing" condition.

2. Attached as Exhibit "A" to this Motion are new medical records from Correctional Medical Services, the entity currently providing medical services for inmates

and, specifically, this prisoner. In the past month, the prisoner has made one request for medical treatment, claiming problems with his hernia and pain in his left leg while standing. [Exhibit "A" - CMS Medical Records - 12/04/07]. The prisoner also complained of a cold and requested cough medicine. [Id.]. On December 5, 2007, Breach received medical treatment from Calvin Atkins, with CMS, who identified the area of "pain" in the lower right quadrant and continued the prisoner on his Motrin prescription, reminded him of his need to continue to wear the truss, and placed specific limitations with no straining or weight lifting in the prisoner's chart. [Id.]. The prisoner also received additional medication for his flu, as referenced in the records. [Id.].

3. The affidavits purporting to discuss decisions by Johnny Hardwick, a Circuit Judge in Montgomery, or the affidavit of Mr. Willie King, who is allegedly a registered nurse, do not provide the evidence supportive of a factual determination that Mr. Breach's hernia condition and its treatment by PHS, rises to the level of a deliberate indifference to a serious medical need. At best, when this evidence is reviewed favorably for the Plaintiff it establishes nothing more than a difference of medical opinion regarding possible treatment for a medical condition with which this Court is quite familiar. As this Court is well aware, differences in medical opinion, even when established by affidavits from physicians or nurses, do not create any presumption of a deliberate indifference to a serious medical need. Green v. Manning, 692 F. Supp. 1283 (S.D. Ala. 1987), citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

4. In his argument section, the prisoner cites Ali v. Wang Laboratories, 162 F.R.D. 165, 168 (M.D. Fla. 1995) for the proposition that "there are few, if any, acceptable substitutes for a personal physical examination, performing a meaningful opinion."

2

[Plaintiff's Renewed Motion, p. 4]. In <u>Ali</u>, a plaintiff alleged that their physical and mental condition had been significantly affected due to actions caused at work, which led to him claiming disability under the Americans with Disabilities Act. The plaintiff claimed a disability and sought damages under the Act, placing his current physical condition and his past physical condition in controversy. There, <u>the defendant</u> sought a medical examination to contest <u>the disability itself</u> rather than the scope or extent therein. [<u>Id.</u> at 168]. Here, it is undisputed the prisoner suffers from a medical condition and even, arguably, that condition can be construed as "serious", but the question presented to this Court is whether the medical treatment provided to this prisoner for the specific medical condition that exists rises to the deliberate indifference standard.

5.  It is interesting that the prisoner would cite this case for this proposition. It is undisputed that neither Dr. Yerubandi or Willie King have conducted a personal, physical exam on Mr. Breach that would warrant the opinions they espouse in their various affidavits. It is also undisputed that multiple physicians from different states have seen Mr. Breach, treated his condition, evaluated his hernia from an experienced and professional medical standpoint, and <u>unanimously</u> concluded that his hernia condition does not warrant surgical intervention. Thus, the prisoner's own argument, contradictory as it does not support a renewed motion for an independent medical exam.

6.  Finally, it is undisputed that Breach will not suffer permanent injuries as a result of his non-severe and non-incarcerated hernia condition. As the medical evidence and other documentary evidence has shown in this record, were the prisoner simply to follow the conservative treatment provided to him and suggested for him by Prison Health

3

officials, any pain complaints or limitations that the prisoner might be able to support with proper evidence would quickly dissipate along with his case.

WHEREFORE, all premises considered, the PHS Defendants respectfully request that this Court deny the Plaintiff's Renewed Motion for Independent Medical Exam.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of December, 2007, to:

Mr. Marcellus Breach (#160710)
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

Albert Sims Butler, Esq.
ALABAMA DEPARTMENT OF CORRECTIONS
P. O. Box 301501
Montgomery, AL 36130-1501

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL