IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| | § | |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § | |
| Defendants. | § § | |

### DEFENDANTS, PRISON HEALTH SERVICES, ET AL.'S RESPONSE TO COURT'S ORDER ON MOTION [COURT DOC. 258]

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and in response to four separate Orders [Court Doc. No. 254 in general, and, specifically, Court Doc. Nos. 219, 224, 233, and 242] do hereby file the following response which addresses each of the motions filed by the Plaintiff or motions filed by the Defendants that were denied by this Court so that the record may be complete and that these Defendants may comply with all previous requests.

I. **Defendant Prison Health Services, et al.'s Motion to Strike Affidavit - Jackie Lynn Morrow.**

1. Previously, this Court denied the PHS Defendants' Motion to Strike the Affidavit of Jackie Lynn Morrow. In this affidavit, Mr. Morrow claims he is familiar with the treatment provided to himself (i.e. Morrow) by Dr. William Hobbs, the medical director at Limestone Correctional Facility. In the affidavit, Morrow relies on rank hearsay from a physician allegedly named Dr. Depak Katyal. Repleted references to statements made by

1

Katyal constitute hearsay under FED. R. EVID. 801 and cannot be considered by this Court on any matter requiring evidentiary submissions, whether it be a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 or a Special Report (or the opposition thereto) at issue in this case.

2.    In addition, if Mr. Morrow's affidavit is to be believed, Dr. Hobbs' performed major surgery on him while Mr. Morrow was apparently awake, which is the only way Morrow can support his testimony that Hobbs "poured sugar into me stomach" during the course of that procedure.

3.    Most importantly, the entire premise of Mr. Morrow's affidavit is based on opinions allegedly provided to him by Dr. Katyal, a clear violation of FED. R. CIV. P. 801.

4.    Hearsay is defined as a statement, other than one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matter asserted. FED. R. CIV. P. 801(c). This prisoner does not argue that the statement is not hearsay or that it falls under a hearsay exception that could be applicable in this case. As such, this evidence must be stricken from the record for failing to comply with the most basic evidentiary rules that govern submission to this Court.

II.    **Plaintiff's Motion For Sanctions, Pursuant To Rule 11(c)**

1.    It appears from the record that this Court has denied the PHS Defendants' Motion for Sanctions of the Plaintiff's defamatory statements and comments in pleadings filed before this Court. On or about October 3, 2007, this Court granted the Plaintiff's Motion to Strike the Motion for Sanctions and has removed that motion from the record. Thus, further time, effort or attention are not required by this Court to address this issue.

2.      Throughout the Plaintiff's Motion for Sanctions, he attempts to argue issues totally unrelated to Rule 11 issues and seeks to focus his attention on issues he believes exist with Dr. Hobbs' affidavit. Furthermore, the prisoner continues to cite the affidavit of Jackie Lynn Morrow in his "Motion for Sanctions", which is not the subject of sanctions but rather a separate Motion to Strike which has been filed by Prison Health Services. This Court has ordered and these Defendants have complied with that Order to file supplementary materials addressing the alleged deficiencies in that affidavit. Those positions are warranted based on law and facts and the Court should grant that motion. As such, Rule 11 sanctions would not be applicable in this case pertaining to these issues.

### III.    Prisoner's Motion For Contempt Of Court/Motion To Compel For Failure To Produce Written Protocols, Policies, And Procedures.

1.      As this Court is well aware, Prison Health Services, Inc. has identified the lack of any written policies, procedures or protocols that were the subject of the Motion to Compel outlined above. As for the "individual responsible for the implementation and maintenance of the aforementioned treatment protocols and policies/procedures" as outlined in paragraph 1(b) of the Plaintiff's Motion, no one individual is responsible for the implementation and maintenance of any written treatment protocols, policies or procedures governing the treatment of hernias, <u>which is the subject of the Plaintiff's discovery</u>.

2.      Further arguments contained in the Plaintiff's factual submission in support of the Motion to Compel are replete with hearsay and unsupportable evidence that do not warrant a discovery order in this case. Furthermore, the Plaintiff cannot "inspect and to copy protocols, policies and procedures" that are not in written form. The Defendants have

addressed this with previous filings in response to other discovery in this case, rendering any necessity for ruling on this issue moot.

### IV.  Prisoner's Motion to Compel

1. The final Motion to Compel made the subject of this Court's "Order on Motion" [Court Doc. No. 258] concerns a Motion to Compel filed by the prisoner on or about November 16, 2007. In this Motion, the prisoner seeks an Order from the Court requiring the medical defendants to produce protocols, policies, and procedures pertaining to the treatment of hernias. As these Defendants have repeatedly stated in this litigation, there are no such written protocols, policies or procedures capable of being inspected by the Plaintiff, therefore, the Plaintiff's Motion to Compel is due to be denied as moot.

2. Since the Court's Order on November 27, 2007, the prisoner has filed multiple, additional motions, most of which have been summarily rejected by this Court. However, additional pleadings may be necessary to address other issues as they arise, given the propensity of this prisoner to file motions, renewed motions, and different versions of the same motions pertaining to a particular issue.

WHEREFORE, all premises considered, the PHS Defendants respectfully submit these responses as required by this Court's Order dated November 27, 2007, and respectfully request that this Court grant the PHS Defendants' Motion to Strike the Affidavit of Jackie Lynn Morrow and deny the prisoner's additional requests, all of which are summarized within this pleading.

        /s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of December, 2007, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL 35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL 36130-1501

        /s/ PAUL M. JAMES, JR. (JAM017)
        OF COUNSEL