IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:06cv1133-MEF |
| § | |
| PRISON HEALTH SERVICES, INC.; § | |
| et al.; § | |
| § | |
| § | |
| Defendants. § | |

## DEFENDANT DR. WILLIAM D. HOBBS' OBJECTIONS
## TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES, ETC.

COMES NOW the Defendant, Dr. William D. Hobbs, by and through counsel, and in response to the Plaintiff's discovery states the following:

1. This Defendant objects to any and all definitions and/or instructions contained in paragraphs 1-9 of the discovery section, and 10(a)-(f) of the discovery. The responses and objections contained herein will not comply with the prisoner's self-defined instructions and definitions.

### III. Interrogatories

1. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

2. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

3.   This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

4.   This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

5.   Please see medical records previously produced in this case for names of individuals with information pertaining to this case.

6.   This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

7.   Please see medical chart previously produced in case.

8.   This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

9.   This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

10.  This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

11.  Please see medical records previously produced in case.

12. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

13. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

14. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

15. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

16. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

17. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for

the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

18. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

19. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

20. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

21. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff.

22. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

23. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

24. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

25. This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff. Notwithstanding said objection, this Defendant has previously stated that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

## V. Request for Admissions

1.-57. This Defendant objects to each and every request for admission, as said requests are immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a constitutional violation, i.e., deliberate indifference to a serious medical need.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant,
Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of December, 2007, to:

> Mr. Marcellus Breach (#160710)
> Limestone Correctional Facility
> 28779 Nick Davis Road
> Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

> Albert Sims Butler, Esq.
> ALABAMA DEPARTMENT OF CORRECTIONS
> P. O. Box 301501
> Montgomery, AL  36130-1501

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL