IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | * | |
| PRISON HEALTH SERVICES, INC., et al., | * | |
| Defendants. | * | |

### EXPARTE REQUEST FOR DISCOVERY HEARING/CONFERENCE TO FACILITATE DISCOVERY LESSEN VOLUMINOUS FILINGS, i.e., MOTIONS TO COMPEL

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," in the interest of facilitating this case, lessen <u>voluminous</u> filings, plaintiff is requesting that this Court take immediate action regarding to several individual discovery requests upon each defendants, wherein counsel for the defendants have refused to comply with this Court's initial Discovery Scheduling Order, and the Federal Rules of Civil Procedures regarding discovery is creating nothing more than disruption to the judicial proceeding: Plaintiff states that this Court must intervene immediately to cut down of plaintiff having to file individual motions to Compel, in further support plaintiff shows as follows: Plaintiff is attempting to facilitate several more voluminous motions to compel, a hearing on discovery ought to be appropriate that the Court may at one time hear discovery request, relevant issue, any objections, and issue a final order.

1

¶ 1. There are a total of Twelve (12) defendants in this action namely: 1) Prison Health Services, Inc., ("PHS") 2) Michael Cataland, 3) Rick Dull, Jane Haydes, 4) Linda Lawrence, 5) Richard Allen, 6) Ruth Naglich, 7) Brandon Kindard, 8) Dr. Michael Robbins, 9) Bradford Adams, 10) Dr. George Lyrene, 11) Dr. William Hobbs, 12) Correctional Medical Services, ("CMS") however, defendants <u>did not</u> comply with "Initial Disclosure". There are too many missing documents. Respecting initial disclosures, the Federal Rule of Civil Procedure 26 provides, in pertinent part:

> **[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Fed. R. Civ. P. 26(a)(1)(A). Parties are also under a duty to supplement or correct their <u>Rule 26</u> disclosures at appropriate intervals. Fed. R. Civ. P. 26(e)(1). Federal Rule of Civil Procedure 37(c)(1) prohibits parties who fail to satisfy these disclosure and supplementation requirements without "substantial justification" from using the undisclosed evidence "at trial, at a hearing, or on a motion," unless the failure is "harmless." Fed. R. Civ. P. 37(c)(1).

¶ 2. Because of the large number of defendants, plaintiff has submitted his discovery request "individually" and naturally it is going to create a voluminous discovery. However, some defendants were not served with discovery request: Michael Cataland, Rich Dull, and Linda Lawrence for good reasons.

¶ 3.   This Court entered its Discovery Scheduling Order on <u>October 18, 2007</u>. **[Court Doc. 178-1, Order]** The Court ordered, "All discovery request shall be filed with the court and served on the appropriate party on or before [December 10, 2007]. The Court further ordered "Responses to requests for discovery shall be failed with the court and served on the requesting party within thirty (30) days of receipt of the discovery request."

¶ 4.   Plaintiff does not have to remind this Court as to how many orders this Court has issued, patiently dealing with counsel who has repeatedly demonstrated dishonesty, fraud, slander, concealment of documents, and various unethical conduct.  Pending motions for Contempt/Compel, Sanctions on Attorney Paul James counsel for PHS.

¶ 5.   To cut down on gratuitous filings regarding Discovery request. Defendants have not answered relevant, material request for production of documents, interrogatories and Admissions.  However, this disrupts the judicial proceeding because there are several discovery request due to so many missing documents and information:  plaintiff will have to file, individually, separately notice and motion to compel each, individual discovery that will increase the volume of filing.  Thus, it is not the fought of plaintiff who has been fighting tooth and nail in this case. Defendants do not comply with Court orders, they have ignored several orders and plaintiff is waiting for this court to take action on this continued conduct.

¶ 6.   Plaintiff will be forced to file approximately fifteen (15) individual motions to compel because there are approximately fifteen (15) discovery motions pending. And the defendants have their burden, and this Court will have to address each discovery request in motions to compel --- a total of a least fifteen (15) will be voluminous. Defendants have failed to file any objections, and this will create more voluminous filings.

¶ 7.   Plaintiff is and has attempted to confer with PHS and ADOC counsel regarding to several unanswered discovery request. State officials are not immune from answering for their actions. The prejudice is plaintiff is a prisoner. However, the rules do not discriminate. Counsel is expected to be familiar and comply with all applicable rules of this Court. The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." ***Desai v. Tire Kingdom, Inc.***, 944 F. Supp. 876 (M.D. Fla. 1996). At least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." ***Davis v. Apfel***, 93 F. Supp. 2d 1313, 2000 U.S. Dist. LEXIS 6438, 2000 WL 1658575 (M.D. Fla. 2000).

¶ 8.   Defendants have the burden to object and state their objections with specificity. Simply because plaintiff is a prisoners, the rules do not discriminate. Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery

4

obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and will not be considered by the Court. *See, e.g.,* McLeod, **Alexander, Powel & Apffel, P.C. v. Quarles,** 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

¶ 10. In **Williams v. Taser Int'l, Inc.,** 2006 U.S. Dist. LEXIS 47255, 2006 WL 1835437 (N.D. Ga. 2006) the Court explained: *Rule 34* specifically requires that the party producing documents "produce them as they are kept in the usual course of business or . . . organize and label them to correspond with the categories in the request." . . . While the party producing "cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents," the plain language of *Rule 34* makes clear that "a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business." **Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.,** 222 F.R.D. 594, 598 (E.D. Wis. 2004); *see also* Rowlin **v. Ala. Dep't of Pub. Safety,** 200 F.R.D. 459, 462 (M.D. Ala. 2001) ("[U]nder Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith."); *cf.* Fed. R.

Civ. P. 34 advisory committee note to 1980 amendment (explaining that this provision of Rule 34 was intended to facilitate the discovery of relevant information, and to prevent parties from "deliberately ... mix[ing] critical documents with others in the hope of obscuring significance.").

## CONCLUSION

A Discovery hearing ought to be appropriate. The Court can go through each discovery request, hearing arguments by the parties then under Rule 26(b)(2) determine: The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.

*Dunkin' Donuts Inc. v. Mary's Donuts, Inc.,* No. 01-0392-Civ-Gold, 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001).

**WHEREFORE**, in the interest of judicial economy, filing, and plaintiff's limited resources in obtaining requested documents that are in the defendant's possession, custody and control, plaintiff request a hearing on all discovery motions to be conducted and finalized or plaintiff will have to file separate motions to compel.

Done this 17th Day December 2007.

/s/ Marcellus Breach
Marcellus Breach ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 18th Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

®  _____
Marcellus Breach