IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710          *

     Plaintiff,                           *

                            *          CASE NO: 2:06-cv-1133-MEF

Vs.                                  *

PRISON HEALTH SERVICES, INC., et al.,  *

     Defendants.                          *

### NOTICE OF FILING/ REASON FOR VOLUMINOUS COURT FILE

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper

person "Pro Se," hereby gives written notice pursuant _to Rules 37(a)(2)(A), 37(a)(2)(B),_

_Fed. R. Civ. P.,_ and compliance with this Court's order entered on _December 4, 2007_ **[Court**

**Doc No. 292—1, Order]** hereby files the attached for the Record:   Plaintiff states as

follows:

1.[1]      **Discovery is not a game**. Counsel requested an extension of time to answer,

respond to discovery request on defendant Ruth Naglich **[Court Doc. 260 & 262-1,**

**Order]**.  This Court issued its Discovery Order on _October 18, 2007._ **[Court Doc. No. 178 –**

**1]** ADOC Counsel _again,_ has not complied with both rules of discovery, and this court's

---

[1] Attached letter to Counsel for ADOC defendants, who have refused to comply with this Court's Discovery Order, again, see attached excerpts from Discovery request upon Defendants Ruth Naglich and Defendant Brandon Kindard have not been answered.

order. Discovery is not a series of search-and-destroy missions, with rules of engagement the mastery of which guarantee certain victory. To be sure, strategic considerations are vital to propounding and responding to discovery requests; however, Congress and the several Advisory Committees to the Federal Rules of Civil Procedure have made it clear that the design outcome of the discovery rules is *disclosure,* not *concealment.* Parties who fail to understand that simple function of the rules invite judicial ire and risk the imposition of sanctions.

2.      Plaintiff has attached his letter to Counsel for ADOC regarding several discovery requests that have not been answered. May the Court be mindful of the history in which the court has issued order after order upon counsel to comply with this court's orders. Also, Counsel requested a fourteen (14) days extension of time and still has not complied with discovery. Furthermore, may the Court be mindful; the actions of the defendant's attorneys are the <u>very reason why this case has become voluminous</u>. Plaintiff has to continually file request to compel after compel.

3.      Plaintiff maintains that defendants' have failed to offer any discovery responses or any objections to discovery again delays this case, increases filings making the court file voluminous and makes it difficult for plaintiffs to identify all potential defendants. Standards For Professional Conduct, adopted by the Alabama Trial Lawyers Association and the Alabama Defense Lawyers Association included among the "Lawyers' Duties To Other Counsel" is the obligation to "make good faith efforts to resolve by agreement . . .

objections to matters contained . . . discovery requests and objections". The Standards

also require lawyers practicing in this district to "respond to document requests

reasonably" and to "base discovery objections on a good faith belief in their merit [rather

than objecting] solely for the purpose of withholding or delaying the disclosure of

relevant information".

    *WHEREFORE,* plaintiff requests to place into the Record his attempts to resolve

the discovery problems informally with counsel, without court intervention.

                                        Done this 18th Day December 2007.

                                        _Marcellus Breach_

                                        Marcellus Breach 160710 ®
                                        Limestone C.F.
                                        28779 Nick Davis. Rd.
                                        Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY**, that I have this 19TH Day of November 2007, placed a true
copy of the foregoing upon the following through the prison mail system properly
addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101


                        ®  _Marcellus Breach_

                           Marcellus Breach

# MARCELLUS BREACH, 160710
LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*December 18, 2007*

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:  **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes
Discovery Request upon Defendants Ruth Naglich & Brandon
Kindard.**

Dear Counsel:

I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within ten (10) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order. The Court ordered that all parties file their responses to Discovery request within thirty days.

My Records reflect that you requested a fourteen (14) day extension of time to answer Discovery request pertaining to defendant Ruth Naglich Court Doc No. 260 in which the Court granted your request on November 28, 2007. Defendant Naglich was served with Discovery request on October 29, 2007. The time for answering including you requested extension of time would have been December 13, 2007.

Also, Defendant Brandon Kindard was served with Discovery request on November 13, 2007. The thirty (30) day time for responding was on December 13, 2007.

I am hoping that perhaps you will correspond regarding the requested discovery request and also I am free to listen to any objections that you may have to them. I strongly depreciate, I believe that it is inappropriate to have to continue to request the Court to intervene; however, I will not hesitate to request such.

**There are too many missing documents in this case**. Also, the discovery requests are material, relevant and discoverable. The records are voluminous because I have filed them to each person separately.

The areas of deficiency on your part is:

1

(i)    ADOC defendants have not answered, responded to these discovery requests;

(ii)   ADOC defendants have not requested an extension of time.

The attached excerpts are from the Discovery request upon Defendants Ruth Naglich and Brandon Kindard.

Within ten (10) days from receipt of this letter I will immediately file my motion to compel; the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

You have not provided any relevant Information from defendant Brandon Kindard and discovery request upon him and his personal involvement, and information is relevant, material, and not burdensome. The information requested is a part of the prison record keeping, and is considered "business records".

Secondly, information sought from defendant Ruth Naglich. She is a supervisory and I have requested that you produce the "fax report" regarding surgery request that was sent to her or her office. However, you have not provided any information in the Records regarding her knowledge to the facts and personal involvement. Information sought from her are based on his personal knowledge, and her purported claim that she had no involvement is a part of the business records, and is not burdensome.

Thirdly, information sought policy, procedures, regulations, and protocols, which is under her control and possession as a part of "business records". Information requested is from the source, is relevant, material to deliberate indifference, supervisory liability.

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

For your convenience, I have attached three excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.


Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 18TH Day of DECEMBER 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

&#174; _____

Marcellus Breach

3

# EXHIBIT "A"

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

### III.    *INTERROGATORIES*:

¶ 1.    Please state the following for the plaintiff.

      a.     your age
      b.     your education
      c.     your length of service in your present employment position
      d.     your previous occupational experience(s)
      e.     your training and experience in hernias

¶ 2.    Have you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?

¶ 3.    "*Specifically identify*" the treatment protocols for inmates with hernia at "South Louisiana Correctional Center" from *March 16, 2006* through *October 6, 2006.*

¶ 4.    *February 2005,* Dr Bosserman diagnosed plaintiff with a hernia, having pain. "*Identify by document*" the person(s) who medically cleared plaintiff to be transferred to Louisiana with a serious medical need.

¶ 5.    "*Specifically identify*" by "*document,*" the faxed report to Ruth Naglich on 7-10-06 in reference to inguinal hernia.

¶ 6.    Specifically disclose the substance of any oral statements made between you and "*identify*" any person(s), "*incident,*" regarding the request for surgery and the faxed report on 7-10-06.

¶ 7.    Please "*identify*" your administrative responsibilities for the Alabama Department of Corrections including but not limited to the components and the quality of the provision of healthcare to plaintiff while in the care, custody, and control of ADOC, at *South Louisiana Correctional Services, Inc.*, from *March 16, 2006* through *October 6, 2006.*

¶ 8.    "*Identify*" Lynn Brown and her responsibility and involvement in this "*incident,*" "*specifically, dates: 7-17-06 and/or 7-12-06.*

¶ 9.    Please "*identify*" person(s), and the "*identity*" in reference to any documents, sent, received, while disclosing the substance of any and all communication pertaining to the *incident*, on or before 7-12-

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

06 or <u>7-17-06 at 9:40 a.m.,</u> in reference to the <u>7-10-06</u> fax report and the follow up call to South Louisiana Correctional Services, Inc., regarding request for approval for surgery.

¶ 10.  "*Identify,*" Nurse Maxie at South Louisiana Correctional Services.

¶ 11.  "*Identify*"  Diana Lott and Dr. John A. Tassin, M.D., at South Louisiana Correctional Services.

¶ 12.  "*Specifically identify' by 'document,'*" the Protocol pertaining to hernias treatment to the plaintiff while at South Louisiana Correctional Services under the control of ADOC.

¶ 13.  "*Identify*" person(s) investigations, decision maker, regarding approval or denial of  request for surgery from South Louisiana Correctional Center between <u>*March 16, 2006*</u> through <u>*October 6, 2006*</u>.

¶ 14.  "*Identify*" all person(s) involved on bellow stated dates regarding "*incident*" in question:

    a.    7-10-06
    b.    7-12-06
    c.    7-17-06 at 9:40 a.m.

¶ 15.  "*Identify*" by "*document*" the responsibilities of Brandon Kindard regarding medical treatment,  "*incident*" regarding the both 3-21-06 order and recommendation and <u>7-12-06</u> response / "*incident.*"

¶ 16.  Disclose the substance of any medical agreement / "*identify*" *by* "*document,*" regarding treatment, care, and quality of medical treatment between the Alabama Department of Corrections and <u>South Louisiana Correctional Services</u> between <u>*March 16, 2006*</u> through <u>*October 6, 2006.*</u>

¶ 17.  "*Specifically identify*" by "*document,*"  the treatment Protocols that will be implemented between ADOC and the new medical providers, "<u>*Correctional Medical Services,*</u>" ("CMS") pertaining to treatment to inmates who suffer from a hernia at the department of corrections.

¶ 18.  From <u>*February 2005*</u> through date of your response, disclose any knowledge, information, "*documents*" from anyone requesting

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER
29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

improvement, changes updating the Protocols for hernias. If yes,
state:

    a.    *identify* the incident,

    b,    *identify* person(s) requesting changes

    c.    *identify* by document of request

d.    *specifically identify* the requested change, if submitted and
disposition.

¶ 19.    After Dr. John A. Tassin, M.D., made his report and
recommendation that plaintiff's inguinal hernia needs repair, why
was plaintiff subsequently transferred back to the Alabama
Department of Corrections on *October 6, 2006,* without surgery?
*"Identify by document."*

¶ 20.    *"Identify by document,"* the responsibility of the Alabama Department
of Corrections regarding the medical decisions of plaintiff while in
Louisiana.

¶ 21.    Is it common practice at the Alabama Department of Corrections to
disregard any doctor, *specifically* Dr. John A. Tassin's order and
recommendation for medical treatment.

¶ 22.    *"Specifically identify,"* and disclosed the substance to any oral
communication of the dental request on 6-13-06 regarding dental
remarks from Dr. Mike Woodruff.

¶ 23.    *"Identify by document,"* and *"specifically identify"* the new medical
providers as of *November 1, 2007* contracted ADOC to deliver
medical services to Alabama inmates.

¶ 24.    Have you ever had your medical licensed revoked, suspended, or
any action, investigation conducted by any Medical Board. If so,
for each complaint, indicate the city, state where the complaint(s)
were, the nature of the complaint(s), the date of the above
complaint(s), the name of the investigator, and the disposition of
the complaint. Also, if yes, please identify the agency and/or
individual, who accused or investigated you for such allegation(s);
specifically identify, the department, agency, employer, employee,
or such other whom accused you of said charges, the nature of the
allegation(s); your answers, response, in detail, to the allegation(s);
the disposition of the accusation(s) or investigation(s) against you,

3

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

either involving your official, or involving your individual capacity.

¶ 25.    *"Specifically identify,"* by *"document,"* the procedures, practice, policy, statement, memorandum, directive, governing how South Louisiana Correctional Center medical personnel are/were to obtain approval or disapproval for outside medical treatment for plaintiff regarding surgery for his hernia through ADOC.

## IV.  REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendants produce and permit plaintiff to inspect and to copy each of the following documents:

### * RULE 33, Fed. R. Civ. P., "Business Records"

a.    To permit plaintiff to inspect, analyze, and copy or photograph, *"specific document,"* implemented protocols and policies/procedures of the new medical providers entering the Alabama Department of Corrections as of, or, their admitted date November 1, 2007, who are and, will be responsible for the treatment of plaintiff's injury, i.e., hernia; specifically, the Protocols governing the treatment of hernias suffered by state inmates.

b.    The names and *"identify by document,"* those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias with the new medical providers as of <u>November 1, 2007,</u> entering the Alabama Department of Corrections who will be responsible for the treatment to plaintiff.

c.    All letters, complaints mailed to this Office from the plaintiff, specifically, the certified mail specifically, <u>December 23, 2006,</u> Article No. <u>7006-0100-0002-0735-5561.</u>

d.    Specifically, produce the *"document,"* <u>fax report</u> on <u>7-10-06</u> to Ruth Naglich from Louisiana regarding surgery. State the name of person(s) who received said document.

e.    Specifically, produce the **Offender Grievance # 06-215, June 26, 2006** being South Louisiana Correctional Center, specifically the **front and back** of this <u>specific grievance.</u>

4

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

f.   To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

g.   To disclose the material evidence by *"document,"* and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and 7-12-06, to any supervisor, agency or agents thereof.

h.   To disclose the substance or oral statements made by any defendant, co-defendant or accomplice, agency, or agent regarding the Louisiana **"Offender Grievance # 06-215"** June 26, 2006, the **front and back** of this grievance thereof.

i.   *"Specifically identify by document,"* and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding, approval or disapproval of hernia surgery, requested by South Louisiana Correctional Center medical personnel, from *March 2006* through *October 6, 2006* to the Alabama Department of Health Services.

V.   *REQUEST FOR ADMISSIONS:*

¶ 1.   *Admit or deny,* that you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 2.   *Admit or deny,* that the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 3.   *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 4.   *Admit or deny,* you are an expert in Hernia repair.

¶ 5.   *Admit or deny,* you have performed surgery on hernias.

¶ 6.   *Admit or deny,* there is almost no limit to how big a hernia could without surgery.

5

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

¶ 7.    *Admit or deny* that medically there is no cure for a hernia without surgery.

¶ 8.    *Admit or deny,* that a strangulated hernia can become an emergency that usually requires immediate surgery.

¶ 9.    *Admit or deny,* Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison.

¶ 10.    *Admit or deny,* a truss is the cure for a hernia.

¶ 11.    *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia.

¶ 12.    *Admit or deny,* that that issuing of pain medication will not cure a hernia.

¶ 13.    *Admit or deny,* that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia.

¶ 14.    *Admit or deny,* that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

¶ 15.    *Admit or deny,* that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time.

¶ 16.    *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

¶ 17.    *Admit or deny,* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 18.    *Admit or deny,* that the opening of a hernia cannot heal itself.

¶ 19.    *Admit or deny,* medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 20.    *Admit or deny,* that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 21.    *Admit or deny,* a truss is for temporary use.

¶ 22.    *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 23.    *Admit or deny,* waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 24.    *Admit or deny,* under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

6

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER
29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3 ·

¶ 25.   *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 26.   *Admit or deny*, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 27.   *Admit or deny*, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 28.   *Admit or deny*, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 29.   *Admit or deny*, that a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 30.   *Admit or deny*, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia.

¶ 31.   *Admit or deny*, the very instruction Manuel given to plaintiff by Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY**."

¶ 32.   *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse.

¶ 33.   *Admit or deny*, that you were the supervisor of the medical treatment proscribed to plaintiff while he was in Louisiana.

¶ 34.   *Admit or deny*, ADOC has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia.

¶ 35.   *Admit or deny*, that there are over 300 Alabama inmates diagnosed with hernias from *February 2005* through date of your response.

¶ 36.   *Admit or deny*, that hernia can and are painful.

¶ 37.   *Admit or deny*, you were responsible for the monitoring of the health care given to plaintiff while he was in Louisiana.

¶ 38.   *Admit or deny*, you instructed, Brandon Kindard to call Louisiana with instructions concerning this incident.

¶ 39.   *Admit or deny*, under the standard of care, the Protocols pertaining to hernia treatment for Alabama inmates subjects a patient to endure pain and suffering.

¶ 40.   *Admit or deny*, that Alabama Board of Medical Examiners are not aware of the practice involved with ADOC and their medical

7

EXCERPT OF DISCOVERY REQUEST TO DEFENDANT RUTH NAGLICH ADOC, FILED ON OCTOBER 29, 2007    DISCOVERY INDIVIDUAL REQUEST NO. # 3

providers, being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary.

¶ 41.    *Admit or deny,* this Protocol ought to be changed pertaining to hernias.

¶ 42.    *Admit or deny,* that even if Dr. Hobbs recommended plaintiff surgery for his hernia, and because the hernia does not meet the protocol, ADOC Health Services, would have denied the recommendation regardless.

# EXHIBIT "B"

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

### III. *INTERROGATORIES*:

¶ 1. Please state the following for the plaintiff.

    a.    your age
    b.    your education
    c.    your length of service in your present employment position
    d.    your previous occupational experience(s)
    e.    your training and experience in hernias
    f.    your job duties and responsibility
    g.    your job duties and responsibility given, or retained over Alabama inmates who are/were transferred to South Louisiana Correctional Center, ("SLCC")

¶ 2. Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3. Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please "*identify*" employers you have had, other than your current position, in the last ten (10) years. With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

1

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶ 5. What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant information of the "*incident*" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation on 3/21/06.

¶ 6. Please "*specifically identify*" your supervisor from date of *incident* through date of answering/responding. If any changes, please "specifically identify."

¶ 7. Disclose and "*identify by document*," any and all verbal, written communications to any person(s) regarding this *incident* if any, "*identify by document,*" any and all response(es) with any and all persons not limited to your supervisor regarding the "*incident*" in question including and not limited to Linda Lawrence, and Ruth Naglich.

¶ 8. Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 9. "*Specifically identify by document*" any and all pending lawsuits against you in the State of Alabama, or another.

¶ 10.    "*Specifically identify by document*" whether you ever been sued for either: (i) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the

2

city, state where the charges were, or are
actively pending, the nature of the charge(s),
the date of the summons, Answers, the court case
number, and the disposition of the charge,
answer, summary judgment, trial or appeal.

¶ 11.    "*Specifically identify by document*" whether
you or has anyone acting in your behalf obtained
from any person or persons any "*documents*",
report(s), statement(s), memorandum, or testimony
concerning the "incident" in question, in this
cause of action more specifically the medical
records delivered directly to you on or about
December 20 2007, at Kilby Correctional Facility,
by plaintiff.

¶ 12.    '*Identify*" and disclose the substance of any
verbal, written communication between you and any
other person(s) upon reviewing these medial
records you received from the plaintiff on or
about December 20, 2007.

¶ 13.    Please explain and disclose any verbal
substance(s) relating to your communication with
medical personnel at "SLCC", on 7/12/06, and
*identify by document*, the reason(s) regarding
this incident, "*specifically identify by
document*" any person(s) who instructed you
relating to any reason(s) why your name is on
the medical records reflecting that you called
nurse administrator Diana Lott on 7/12/06 stating
hernia repair not done there unless incarcerated
or into scrotum.

¶ 14.    "*Specifically identify by document*"
authority, reason(s) and disclose the substance
pertaining to your statement on or about December
20, 2006 verbally to the plaintiff that you
specifically had plaintiff transferred from
Louisiana to Kilby Correctional Facility per the
Alabama Department of Corrections' Office of
Health Services, for an evaluation by the
clinician at Kilby on October 6, 2006.

¶ 15.    "*Specifically identify by document*" any and
all evaluation requests per Alabama Department of
Corrections Office of Health Services pertaining
to this "*incident.*"

3

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶ 16.    Disclose    the    substance    of    any    verbal,
written communications relating to your reason(s)
why, you conducted a meeting with plaintiff on or
about December 20, 2006, regarding his request
for surgery.

¶ 17. Disclose the substance of any communication
between you and any person regarding the medical
records delivered to you by plaintiff on or about
December 20, 2006: specifically identify by
document the name of any and all persons who made
a response to these medical records, identify
witness(es), other person(s) present, and their
present known address of business who have
relevant information pertaining to this incident.

¶ 18.    You held a meeting with the plaintiff on or
about December 20, 2007, you specifically asked
plaintiff whether he wanted surgery.  Plaintiff
responded "Yes, and he would appreciate it."
Upon plaintiff delivering to you a copy of the
Louisiana Medical Records reflecting both Doctor
Orders Sheet, and Nurse's Notes, you reviewed
them then stated: "I am going to give you your
surgery," you then shook plaintiff's hand, said
"Happy New Year".  Disclose any and all substance
of any and all communication between you and any
other person(s) regarding to your statement: "I
am going to give you your surgery". "Identify by
document" the African American female present
with and her reason(s) for being present,
"identify" the substance of communication between
you and this African American woman, and any and
all persons involved.

¶ 19.    "Identify   by   document"   all   relevant
information regarding this incident.

¶ 18.    "Identify   by   document,"   the   Alabama
Department of Corrections Administrative policy,
procedures, regarding surgery request for Alabama
Inmates from any medical provider regarding
hernia repair.

¶ 19 "Specifically identify," and "identity by
document" the specific chain of command or the
medical decisional making chain at the Alabama
Department of Corrections who has the
responsibility, duty, or authority to either

4

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

grant or deny request for surgical repair
regarding hernias and "*identify by document*" the
request for surgery by plaintiff.

¶ 20.    Have you ever requested to any supervisor,
or other person(s) improvements, changes, update,
regarding the hernia Protocol. If yes,
"*specifically identify*" any written request,
"*documents,*" e-mails, faxes and "*identify the
incident by document*": "*identify*" any and all
witnesses, persons who have knowledge of your
recommendations for improvements to this or any
other Hernia Protocol?

¶ 21.    "*Specifically identify by document,*" any and
all Alabama Department of Corrections treatment
protocols governing the treatment of hernias
suffered by state inmates with respect to the
time period relevant to the claims presented by
the plaintiff.

¶ 22.    "*Identify by document,*" the dental request
for approval from Louisiana on June 13, 2006
recommendation of Dr. Mike Woodruff.

¶ 23.    "*Identify by document*" the person
responsible for approval or disapproval of any
and all medical treatment request regarding
plaintiff from February 2005 through current date
of your answer: produce any and all documents
relevant to any and all request for treatment
submitted by any medical provider to ADOC.

¶ 24.    As a nurse, disclose your professional
opinion based on your education, training and
experience, under the standard of care, regarding
the treatment given to plaintiff based and the
signs and symptoms of having problems and pain
when coughing, sneezing, bowel movements,
urinating, standing, exercising, and hernia
trying to get trapped, and the hernia progressing
to the size of "Soft Ball".

¶ 25.    As a nurse, "*identify by document*" whether
you personally tried to assist plaintiff to
obtain surgery, or as a nurse you prefer to allow
a patient to suffer extreme pain without trying
to aid, alleviate the painful symptoms under the
standard of care.

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

## IV.  *REQUEST FOR PRODUCTION OF DOCUMENTS*

That the defendant produces and permit plaintiff to
inspect and to copy each of the following documents.
a.   To disclose any and all inculpatory materials,
items,   reports,   memorandums,   evidence,   statements,
including statements of witnesses, reports, identities
of witnesses, addresses of such, any other physical
evidence,   and  tangible  evidence,  whether  described
herein or not, which is inculpatory evidence of any
type, form or fashion.

b.   To disclose the material evidence by "document,"
and   substance   of   any   oral   statements   made   by
defendants to any and all person(s) regarding the
treatment  to  inmates  suffering  from  a  hernia  from
relevant to the incident in question.

c.   To disclose the substance or oral statements made
by any defendant, co-defendant or accomplice, agency,
or agent regarding the 7/12/06 incident.

## V.   *REQUEST FOR ADMISSIONS:*

¶ 1.  *Admit  or  deny*,  you  agree  with  the  Protocol
      between  ADOC  and  PHS,  that  a  hernia  must  be
      incarcerated   or   in   danger   of   becoming
      incarcerated in order to be surgically necessary.

¶ 2.  *Admit or deny*, the only way to stop a hernia from
      getting  worse  is  to  repair  the  defect  through
      surgery.

¶ 3.  *Admit or deny,* that the Anatomy of Hernia, -- the
      most common location for hernia is the abdomen.
      A hernia (rupture) is usually noticed as a lump,
      commonly located in the groin or the umbilical
      region, it appears when a portion of the tissue
      which  lines  the  abdominal  cavity  (peritoneum)
      breaks through a weakened area of the abdominal
      wall, this can give rise to discomfort as the
      hernia enlarges and can sometimes be dangerous is
      a piece of plaintiff's intestine become trapped
      ('strangulated').

¶ 4.  *Admit or deny*, there is almost no limit to how
      big a hernia could get without surgery?

¶ 5.  *Admit or deny* that medically there is no cure for
      a hernia without surgery?

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶ 6. *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 7. *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 8. *Admit or deny*, a truss is the cure for a hernia?

¶ 9. *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶10. *Admit or deny*, that that issuing of pain medication will not cure a hernia?

¶11. *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of treating a hernia?

¶12. *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶13. *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶14. *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶15. *Admit or deny* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery?

¶16. *Admit or deny*, that the opening of a hernia cannot heal itself?

¶17. *Admit or deny*, medically a doctor cannot treat a hernia; they must be repaired through surgery?

¶18. *Admit or deny* that plaintiff's hernia goes into his scrotum is trapped at times and plaintiff has to work it back up into place?

¶19. *Admit or deny*, a truss is for temporary use?

¶20. *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation?

¶21. *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain?

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶22. *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum?

¶23. *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia?

¶24. *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed?

¶25. *Admit or deny*, a hernia ought to be inspected to ensure that it is not becoming infected or developing into a more serious non-reducible hernia?

¶26. *Admit or deny*, you are in a position where you could have got plaintiff approved for surgery.

¶27. *Admit or deny*, a hernia will limit a person's daily activity?

¶ 28.    *Admit or deny*, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia?

¶29.    *Admit or deny*, the instruction Hernia Manuel given by Prison Health Services, the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY?**"

¶30. *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse?

¶31. *Admit or deny*, you were the supervisor of the medical treatment proscribed to plaintiff at South Louisiana Correctional Center from March 16 2006 through October 6, 2006?

¶32. *Admit or deny*, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia?

¶33. *Admit or deny*, there are over 100 Alabama inmates diagnosed with hernias from *February 2005* through date of your response?

¶34. *Admit or deny*, hernias are painful?

¶35. *Admit or deny*, you were responsible for the monitoring of the health care given to plaintiff?.

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶36. *Admit or deny*, you instructed that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum?

¶37. *Admit or deny,* the Protocol(s) pertaining to hernia treatment for Alabama inmates can subject a patient to endure pain and suffering?

¶38. *Admit or deny*, Alabama Board of Medical Examiners are not aware of the practice involved with Prison Health Services, Inc., being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary?

¶39. *Admit or deny,* this Protocol ought to be changed pertaining to hernias?

¶40. *Admit or deny*, that even if you recommended surgery it would have been denied because plaintiff's hernia was not incarceration, or in danger of incarceration?

¶41. *Admit or deny*, plaintiff filed several grievances regarding this incident?

¶42. *Admit or deny* on you signed plaintiff up for sick call when you came to Kilby Correctional Facility, because you wanted plaintiff to be examined by "Our doctors"?

¶43. *Admit or deny*, Ruth Naglich is the person responsible for approval or disapproval of surgery request?

¶44. *Admit or deny*, Dr. George Lyrene, is the person responsible for approval or disapproval of surgery request for hernias?

¶45. *Admit or deny*, the sac containing plaintiff's intestine may become trapped by muscle (incarceration). This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain?

¶46. *Admit or deny*, when the intestines become trapped, issuing Motrin 600 mg., will treat the condition?

¶46. *Admit or deny*, when the intestine is tightly trapped, it becomes strangulated?

¶47. *Admit or deny*, the strangulated area loses blood supply and may die when the intestine is tightly trapped?

¶48. *Admit or deny*, when the intestines are trapped, this can cause severe pain and block the intestine. Emergency surgery is needed to relieve the blockage?

EXCERPT FROM DISCOVERY REQUEST TO ADOC, DEFENDANT BRANDON KINDARD FILED ON
NOVEMBER 13, 2007, DISCOVERY REQUEST INDIVIDUALLY NO. # 5 EXHIBIT "B"

¶49. Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area. With time, these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia?

¶50. Admit or deny, indirect inguinal hernias are the most common hernias in men?

¶51. Direct hernias are similar to indirect hernias, but less common?

¶52. Direct hernias often get worse with age or physical stress.

¶53. *Admit or deny*, you were involved in the communication with Diana Lott on 7/12/06 regarding plaintiff's request for surgery.

¶54. *Admit or deny,* you did absolutely noting in an attempt to alleviate plaintiff's pain after learning of the request for surgery?