IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

    *    CASE NO: 2:06-cv-1133-MEF

### MOTION FOR CONTEMPT OF COURT, and/ COMPEL AND REQUEST FOR SANCTIONS FOR WILLFUL DISOBEDIENCE / PAST CONTINUED FAILURES TO COMPLY WITH COURT ORDERS

**COMES NOW**, plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, pursuant to *Federal Rules of Civil Procedures*, to hold **Prison Health Services, Inc.,** and **Alabama Department** of Corrections in contempt of court as follows: This Court Ordered Defendants to perform a certain act: **Court Doc. 277, Order.** AGAIN, Defendants refuse to obey the Court, making the Court look like its orders are meritless is questionable, without having a force of law? [1]

1.     Under *Rule 37(b)(2)*:

    (a)     To treat as a contempt of court the failure of Prison Health Services, Inc., and Alabama Department of Corrections to comply, obey, with this Court's orders

---

[1] This conduct is out-of-control. Plaintiff moves that this Court take Actions. Enough is enough. Sixteen Orders over a period of five months is beyond question? Plaintiff has not received any legal mail from the Defendants pertaining to Court Orders this week as of November 20, 2007.

1

entered on **November 29, 2007** having <u>well over enough time to comply, total of Sixteen (16) Orders pertaining to one issue: the Protocols</u>. [**See, Court Orders, Doc's. 153-1, 170, 171-1, 177-1, 181, 199, 200, 217, 219, 224, 233, 242-1, 243-1, 275, 277**] <u>Plaintiff Objects to so many orders pertaining to one issue of discovery.</u>

(b)  To strike all of defendants' defenses and to preclude defendants from introducing any evidence in support thereof;

(c)  To compel medical and correctional defendants <u>immediately</u> produce for inspection and copying as <u>ordered by the Court</u>: **(i)** " all medical records of the plaintiff, including those records compiled during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, from the initial diagnosis of plaintiff's hernia in February of 2005 until the present date; (ii) all documents, reports and notes compiled by medical or correctional personnel addressing the treatment of plaintiff's hernia; and, (iii) any written policy, protocol or regulation to the treatment of plaintiff's hernia.  If no such written policy, protocol or regulation exists, the defendants shall so advise the court; (iv) Set forth any standing policy or protocol relative to the claims before this court which affected the treatment of plaintiff's hernia; and, Identify the entity and/or individual responsible for implementation of any policy, protocol or regulation governing the treatment of plaintiff's hernia. " See Court Order, Doc. No. 277.

2

(c) To require defendants to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

(d) **To Order Surgery Immediately** and to enter a judgment by default on the issues of liability in favor of plaintiff and against defendants under Courts I, II, III, IV and V, of plaintiff's complaint, amended complaint, and supplemental complaint; and, grant the Injunction relief request therein;

3. Under *Rule 37(d):*

(a) To treat as a contempt of court the failure of any defendants to respond to all fifteen prior orders entered by this Court pertaining to this issue.

(b) To enter judgment by default on the issue of liability in favor of plaintiff and against defendants in Counts I, II, III, IV, and V, of plaintiff's complaint, amended complaint, and supplemental complaint; also, granting plaintiff's application for preliminary injunction and under Fed. R. Civ. P. 37 (b)(2)(B)-(D)

(c) To require defendants to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein and require the defendants to incur the fees and costs for the production of the requested documents.

### *STATEMENT OF THE FACTS:*

Defendants are in Contempt of Court. This is the Sixteenth (16) Order ignored. Plaintiff moves this Court to take action! Defendants have again refused to comply with Court orders. ***Court Order Doc. 277.***

(i) " all medical records of the plaintiff, including those records compiled during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, from the initial diagnosis of plaintiff's hernia in February of 2005 until the present date; (ii) all documents, reports and notes compiled by medical or correctional personnel addressing the treatment of plaintiff's hernia; and, (iii) any written policy, protocol or regulation to the treatment of plaintiff's hernia. If no such written policy, protocol or regulation exists, the defendants shall so advise the court; (iv) Set forth any standing policy or protocol relative to the claims before this court which affected the treatment of plaintiff's hernia; and, Identify the entity and/or individual responsible for implementation of any policy, protocol or regulation governing the treatment of plaintiff's hernia. " See **Court Order, Doc. No. 277.**

## *CONTEMPT OF COURT*

This is the Sixteenth Order by this Court regarding this one simple issue. Procedure the evidence requested. Civil contempt is a mechanism designed to coerce compliance with court orders. **In re Lawrence,** 279 F.3d 1294, 1300 (11th Cir. 2002). Appropriate sanctions for civil contempt include: 1) coercive fines; 2) compensatory fines; 3) attorneys' fees and costs; and 4) coercive incarceration. See **Citronelle-Mobile Gathering, Inc. v. Watkins,** 943 F.2d 1297, 1304 (11th Cir. 1991). Further, "a district court may not use the civil contempt power to impose what amounts to a punitive or criminal contempt sanction." **United States v. City of Miami,** 195 F.3d 1292, 1298 (11th Cir. 1999).

4

## *MEMORANDUM AT LAW/POINTS ON AUTHORITY*

## *THE LAW*

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling *or pretrial order* . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in *Rule 37 (b)(2)(B), (C), (D).* In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> Federal Rule of Civil Procedure 37(b) states that "[i] f a party . . . fails to obey an

order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating

certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth Amendment," a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" **Serra Chevrolet, Inc. v. Gen. Motors Corp.**, 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

### *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under *Rule 37* only by that which is 'reasonable' in light of the circumstances." **Carlucci v. Piper Aircraft Corp., Inc.**, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.*

6

May the Court understand that Plaintiff is frustrated that Defendant failed to provide his requested discovery on time, and he is still suffering pain, and reasonable fees under the circumstances can be appropriate. In addition, Rule 37(b) requires the payment of reasonable expenses caused by a failure to obey the court order unless Defendant shows that the failure was justified or circumstances make the award of expenses unjust. *See* FED. R. CIV. P. 37(b)(2) ("[T]he court *shall* require the party failing to obey the order . . . to pay the reasonable expenses . . . unless . . . the failure was substantially justified . . . .") (emphasis added); *See* FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). A *pro se* party may be awarded expenses under Rule 37. *See* **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.,** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a Rule 37 motion.").

Plaintiff refuses to believe that this Court approves of Sixteen Orders thus far over a period of five (5) months defendants have and are continuing to disobey its orders; playing intentional games, misconstruing court orders. In this case, this Court should find that the sanction of expenses is appropriate because circumstances would make an award of expenses just.

## RELIEF REQUESTED

a.  That the Court grant this motion to compel; sanctions and hold defendants in contempt of court; and,

b.  That this Court grant reasonable fees in the amount to $650.00 at $65.00 per hour x 10 hours; and, that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c.  That the costs of Inspection and Copying bear of the defendants upon the granting of this Compel of their policies/procedures, and Protocols.

d.  **That this Court grants plaintiff relief and Order Surgery immediately and an imposition of Sanctions for disobedience.**

e.  That this Court administers and enforces justice as to what this Court deems fair and appropriate.

Done this 20th Day December 2007.

*/s/ Marcellus Breach*

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 20TH Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

                                                Marcellus Breach

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

LEGAL CORRESPONDENCE

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

  

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101