IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 DEC 2b  A 10: 08

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710                          *

            Plaintiff,                             *

Vs.                                                *     CASE NO: 2:06-cv-1133-MEF

                                                   *

PRISON HEALTH SERVICES, INC., et. al.,             *

            Defendants.                            *

*MOTION TO COMPEL RESPONSIVE ANSWERS TO DISCOVERY REQUEST FOR
PRODUCTION OF DOCUMENTS, INTERROGATORIES, ADMISSIONS PURSUANT
TO RULE 37(a)(2)), 37(b)(2)) & REQUEST FOR SANCTIONS*

**COMES NOW**, the plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper

person "Pro Se," moves this Court to compel defendant Bradford Adams, nurse

practitioner to perform the following acts:

1.      Under _Rule 37(a)(2):_

        (a)     To compel defendant to answer plaintiff's interrogatories in their entirety
                within a proscribed time ordered by the Court;

        (b)     To require defendant to pay to plaintiff the reasonable expenses, including
                fees, incurred in obtaining the relief requested herein.

2.      Under _Rule 37(b)(2):_[1]

---

[1] Exhibit "A" first letter to counsel. Exhibit "B" Second letter to counsel, Exhibit "C" Notice of Filing
with the Court letters to counsel regarding discovery disputes. Exhibit "D" Copy of Discovery request,
unanswered.

EXCERPTS FROM DISCOVERY REQUEST:   Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

(a)    To preclude defendant from asserting any objections to plaintiff's interrogatories;

(b)    To treat as contempt of court of defendant Bradford Adams failure to answer plaintiff's interrogatories by set date by the Court.

(c)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(c)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(d)    To enter a judgment by default on the issues of liability in favor of plaintiff and against defendant under Court I, II, III, IV, V, and VI of plaintiff's complaint; and

(e)    To require defendant to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

3.    Under *Rule 37(d):*

Under Federal Rule of Civil Procedure 37(d), if a party refuses to appear at a deposition or to serve answers or objections to interrogatories, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." According to the Advisory Counsel notes, Rule 37(d) is intended "to make clear that a party **may not properly remain completely silent even when he regards a . . . a set of interrogatories** . . . as improper and objectionable.

(a)    To preclude defendant from asserting any objections to plaintiff's interrogatories;

(b)    To treat as contempt of court the failure of the defendant to answer plaintiff's interrogatories by date set by the Court;

(c)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

2

EXCERPTS FROM DISCOVERY REQUEST:   Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

(d)     To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)     To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant under Counts I, II, III, IV, V and IV of plaintiff's complaint; and

(f)     To require defendant to pay to plaintiff the reasonable expense, including fees, incurred in obtaining the relief requested herein.

4.     Under *Rule 37(c)(1):*

(a)     To sanction defendant for failure to comply, obey this Court's Discovery Scheduling Order entered on October 18, 2007 [Court Doc No. 178 – 1, Order]

5.     Under *Rule 36(a):*

(a)     To treat the defendant's failure to Admit or Deny to plaintiff's request for Admissions as deemed "Admitted" under *Rule 36(a), Federal Rules of Civil Procedures* Anheuser – Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 (11th Cir. 2003).

## STATEMENT OF THE FACTS

Bradford Adams, the defendant **has not** responded to plaintiff's Interrogatories; therefore, **he has waived his opportunity to object**. See, *Rule 33(b)(1)* & *Rule 33(b)(4), Federal Rules of Civil Procedures.*

Compel is requested, defendants have demonstrated nothing more than to abuse the judicial process in this case; nonetheless, they are required to disclose what information they do possess at the time they respond. ***Chubb Integrated Systems, Ltd. v. National Bank of Washington***, 103 F.R.D. 52, 60, 224 U.S.P.Q. (BNA) 1002 (D.D.C. 1984).

***Shearson Lehman Hutton, Inc., v. Lambros,*** 135 F.R.D. @ 199 Lexis 19034 (M.D. Fla. 1990)

3

EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

The defendant has failed to provide plaintiff and the court with the requested relevant information concerning B. Adams and his common practice of treatment regarding hernias, plaintiff request that his Interrogatories and request for Production of Documents propounded on him on or about *October 24, 2007* specifically, Interrogatories #'s **1 through 24, pg's 6 through 10 be answered.**

Plaintiff has the right to serve questions upon him that can lead to other matters and question him concerning his knowledge regarding this case.

B. Adams has not submitted an Affidavit nor disclosed any information leading up to is decision not to make a surgical referral or allow plaintiff to be seen by a doctor qualified to make such medical decisions.    Any and all documents, information, knowledge and facts that B. Adams may have or, in **possession or control over, is discoverable and relevant to the subject matter.    Plaintiff inquires into B. Adams' information and knowledge regarding to any de facto policy, procedures, protocols that are followed that has the force of law leading to plaintiff's injury is discoverable**.

On *October 24, 2007,* the plaintiff filed a document entitled: "**Plaintiff's First Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants**". [**Exhibit "D"& Court Doc. N/A**]    The Discovery request is directed to defendant Bradford Adams, nurse practitioner.

Exhibit "A", _December 8, 2007_ plaintiff wrote counsel for the defendant pointing out that B. Adams responses are late and that plaintiff was requesting that he respond immediately.

Exhibit "B""C", _December 10, 2007,_ plaintiff again wrote counsel and attached the letter with a pleading entitled: "**Notice of Filing**" to the court. [**Exhibit "C"**, *Court Doc. N/A*] explaining to counsel that B. Adams has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that B. Adams has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof.  Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute. [*See; Exhibit "A""B", also plaintiff's affidavit at ¶¶ 2-6.*]

## ISSUE NO. 1

### PLAINTIFF REQUEST THAT THE COURT COMPEL DEFENDANT TO ANSWER INTERROGATORIES PROPOUNDED UPON HIM

The attached Excerpts of the Interrogatories are requested in conjunction with requests for Production of Documents is relevant and admissible and not cumulative or duplicative in nature. Under _Rule 37(a)(2) b),_ *Federal Rules of Civil Procedures*, Plaintiff seeks an order compelling Defendant to respond to twenty-four (24) Interrogatories and conjunctive requests for Production of Documents.  Plaintiff request that forty-two (42)

EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

request for Admissions under *Rule 36(a)*, Fed.R.Civ.P., deemed as *"Admitted"*.   The

following Interrogatories conjunctive requests for production as are:

### III.    *INTERROGATORIES*:

¶ 1.    Please state the following for the plaintiff.

      a.    your age
      b.    your occupation and place of employment
      c.    your education
      d.    your marital status
      e    your length of service in your present employment position
      f.    your previous occupational experience(s)
      g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another?  If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.         With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    *Identify* your assignment, whereabouts by documents of the *"incident"* and specifically identify your supervisor's whereabouts, assignment on <u>December 27, 2006 @ 11:25 a.m.</u>

¶ 6.    Please *"specifically identify"* by document, your job description,
duties, and responsibilities.

¶ 7.    *"Specifically identify by document"* your supervisor, job description,
duties, responsibilities.

¶ 8.    Explain by *"incident"* your medical recommendation "no need for
surgical referral at present," please explain your medical findings *"identify
by documents,"* if any, and state the substance of any verbal or written
communication(s) and any and all respons(es) with your supervisor
and/or Dr. Michael Robbins, M.D., on <u>December 27, 2006, @ 11:25</u> a.m.

¶ 9    Have you ever had your medical licensed revoked, suspended, or
any action, investigation conducted by any Medical Board.  If so, for each
complaint, indicate the city, state where the complain(s) were, the nature
of the complaint(s), the date of the above complain(s), the name of the
investigator, and the disposition of the complaint.  Also, if yes, please
*"identify"* the agency and/or individual who accused or investigated you
for such allegation(s); *"specifically identify"* the department, agency,
employer, employee or such other whom accused you of said charges, the
nature of the allegation(s) or investigation(s) against you, either involving
your official capacity, or involving your individual capacity."

¶ 10.   Is it your common practice to make surgical or non-surgical
referrals?

¶ 11.   It is your common practice not to make surgical referral for a hernia
unless the hernia is incarcerated or in danger of becoming incarcerated in
order to be surgically necessary?

¶ 12.   Is it your common practice to examine a patient and then make a
medical decision pertaining to surgery without your supervisor being
present, or examining the patient?

¶ 13.   Is it <u>*Prison Health Services, Inc*</u>., common practice not to surgically
repair a hernia unless the hernia is incarcerated or in danger of becoming
incarcerated in order to be surgically necessary?

¶ 14.   Please estimate how many Alabama inmates diagnosed with a
hernia you examined since February 2005.

 15.    Please estimate how many Alabama inmates diagnosed with a
hernia you did not refer them for surgical referral since February 2005
state the stage of their hernia, i.e., reducible or non-reducible.

**EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.**

¶ 16.   Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17.   On March 21, 2006, _Dr. John A. Tassin, M.D._, made a doctor order that plaintiff's inguinal hernia needs repair.  It is you common practice to make a medical judgment against another doctor?

¶ 18.   Medical Records reflect that you requested the medical records from Louisiana.  Upon receipt of these medical records, did you ever review the records?  If not, please explain your reason?  If yes, disclose the substance of your findings.

¶ 19   Are you licensed to make surgical referrals?    If so, please specifically identify.

¶ 20.   Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on _December 27, 2006 @ 11:25 a.m., identify by document pertaining to this incident._

¶ 21.   _"Identify" and "specifically identify"_ who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.   Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, _"identify"_ by document.

¶ 24.   _"Identify by document,"_ any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

## ARGUMENT

## DEFENDANT HAS THE BURDEN, AND WAIVED ANY OBJECTIONS BY NOT RESPONDING TIMELY/ PLAINTIFF MOVES THE COURT TO COMPEL RESPONSIVE ANSWERS TO PLAINTIFF'S INTERROGATORIES

The following law guides the Court's on Plaintiff's motion to compel.  During the discovery period, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .² Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Under *Rule 37*, a party may move to compel an answer to an interrogatory or production of documents:  "The party resisting discovery **has a 'heavy burden' of showing why discovery should be denied."** *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005).

## ISSUE NO. 2

## BRADFORD ADAMS' FAILURE TO TIMELY ANSWER REQUEST FOR ADMISSIONS OUGHT TO BE DEEMED AS "ADMITTED" UNDER RULE 36(a), FED.R.CIV.P.

The following excerpt are the "Request for Admissions" propounded on Bradford Adams conjunctively with plaintiff's request for Discovery.  The following Admissions are requested to be deemed "Admitted" by the Court under *Rule 36(a)* for his failure to timely object, and answer. See, *Navarre v.  City of Andalusia, et al.,* 2006 U.S. Dist. LEXIS 42389 (M.D. Ala. June 19, 2006); *Anheuser- Busch, Inc. v. Philpot*, 317 F. 3d 1264,

EXCERPTS FROM DISCOVERY REQUEST:  Attachments: Discovery Motion, Interrogatories, Request for
Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

1265 (11th Cir. 2003); *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir.

1992); *Stubbs v. Commissioner of Internal Revenue*, 797 F.2d 936, 937-38 (11th Cir. 1986)

## V.    REQUEST FOR ADMISSIONS:

¶ 1.    *Admit or deny*, on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.    *Admit or deny*, the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>

¶ 3.    *Admit or deny*, *Prison Health Services, Inc.*, has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.    *Admit or deny*, you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.    *Admit or deny*, you do not know the actual size of plaintiff's hernia as of the date of your answering?

¶ 6.    *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.    *Admit or deny*, you are an expert in Hernia repair?

¶ 9.    *Admit or deny*, you have performed surgery on hernias?

¶ 10.    *Admit or deny*, there is almost no limit to how big a hernia could without surgery?

¶ 11.    *Admit or deny* medically there is no cure for a hernia without surgery?

---

[2] Evidence relating to Bradford Adams practicing medicine beyond his qualification, without a license, making surgically decisions is both relevant, and admissible at a trial.

EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

¶ 12.   *Admit or deny*, a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.   *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.   *Admit or deny*, a truss is the cure for a hernia?

¶ 15.   *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 16.   *Admit or deny*, issuing of pain medication will not cure a hernia?

¶ 17.   *Admit or deny*, <u>December 21, 2006 @ 11:05 a.m.</u>, you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.   *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.   *Admit or deny*, plaintiff asked you to be seen by a doctor?

¶ 20.   *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.   *Admit or deny*, you did not counsel plaintiff on <u>December 21, 2006 @ 11:05 a.m.</u>

¶ 22.   *Admit or deny*, it is up to a physician for a determination whether surgery is necessary?

¶ 23.   Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.   *Admit or deny*, plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.   *Admit or deny*, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.   *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

EXCERPTS FROM DISCOVERY REQUEST:   Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

¶ 27,   *Admit or deny*, the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.   *Admit or deny*, the opening of a hernia cannot heal itself.

¶ 29.   *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.   *Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.   *Admit or deny*, a truss is for temporary use.

¶ 32.   *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.   *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.   *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.   *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.   *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37.   *Admit or deny*, a hernia ought to be inspected to ensure that it is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.   *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.   *Admit or deny*, plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.   *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41.  *Admit or deny,* a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.  *Admit or deny,* Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

## COMPEL AND REQUEST FOR SANCTIONS
## POINTS ON AUTHORITY/ MEMORANDUM AT LAW

Until this Court stops defendants' abuse, this conduct will continue and it is getting old. Nevertheless, Defendants have a good number of documents in their hands that would provide plaintiff with evidence in support of his legal claim. Plaintiff's Interrogatories is designed for the defendant to go through their own records and get specific facts. It is also designed to discover further into their position and defenses. Plaintiff's request is asking for information regarding facts, documents, statements by any known witnesses and other evidence the defendants have and are using as the basis of their opposition to plaintiff's claim. Plaintiff is entitled to find out what kind of records and other documents they have that are related to his claim(s). Plaintiff seeks to identify parties, agents or employees, identify witnesses, identify documents and tangible things, and identify experts, facts and opinions: he seeks to obtain details and sequences of events and transactions. <u>Relevance is given a very broad meaning</u>. The information requested appears to be reasonably calculated to lead to discovery of admissible evidence. See, ***U.S. v. Wright Motor Co., Inc.,*** 536 F. 2d 1090, 1095 (5th Cir. 1976); ***Southwest Hide Co., v. Goldston,*** 127 F.R.D. 481, 483 (N. D. Tex. 1989).

### ISSUE NO. 3

EXCERPTS FROM DISCOVERY REQUEST:   Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

## *DEFENDANT BRADFORD ADAMS HAS WAIVED HIS OBJECTIONS BY HIS FAILURE TO RESPOND TIMELY TO THE REQUEST*

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy*, 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g.,* **Marx v. Kelly, Hart & Hallman**, *P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States*, 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy*, 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch*, 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991*); Fretz v. Keltner*, 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.*, 23 F. R. D. 27, 31 (S.D. ILL. 1958).

As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant:  (i) it is not cumulative or duplicative in nature to the discovery materials previously provided to the plaintiff, (ii) irrelevant to a determination

of the issue before this court, (iii) not reasonably calculated to lead to admissible evidence, and/or (iv) overly burdensome

## ISSUE NO. 4

### THE RELEVANCY STANDARD

Under the *Federal Rules of Civil Procedure*, parties may discover information, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure*. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc., v. Sanders***, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.;* ***Hickman v. Taylor***, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. ***Deitchman v. E. R. Squibb & Sons, Inc.***, 740 F.2d 556 (7th Cir. 1984).

## ISSUE NO. 5

### CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF

Several medical documents are concealed from plaintiff and this court. With that, there are absolutely very limited reasons as to how plaintiff's discovery request could possibly lead to being cumulative or duplicative. The particular request for production

15

of documents is relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Furthermore, the requested documents are to either support Adams answers to interrogatories, or refute them. Either way, either the document or his answers must answer the direct questions.

## ISSUE NO. 6

### NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE

Bradford Adams is not authorized to make surgically recommendations. PHS and ADOC knew about this unlawful practice, yet allowed it to continue and resulted into an injury. Furthermore, information requested ought to aid this Court and a jury for a determination that prison officials may not avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "elective". The classification of surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners. See, **Jones**, 781 F. 2d @ 770-71 (classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care); Johnson v. Bowers, 884 F. 2d 1053, 1056(prisoner waiting six years for elective arm surgery was entitled to relief)(citing **Monmouth County Corr. Inst. Inmates v. Lanzaro**, 834 F. 2d 326, 348 n. 32 (3d Cir. 1987) cert. Denied, 486 U.S. 1006, 1-8 S.Ct. 1731, 100 L.Ed. 2d 195 (1988)); **West v. Keve**, 541 F. Supp. 534 (D. Del. 1982)(prison officials violated Eighth Amendment by not furnishing elective surgery for dysfunctional

veins that were causing varying degrees of pain); *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D. N. H. 1977)(elective treatment recommended by a physician but not "necessary" in a life or health saving sense, may still be constitutionally mandated if the prisoner elects to proceed with the treatment).

*First,* plaintiff does not seek "personnel records" in any general way.  He seeks documents pertaining to the treatment, method, practice, procedures, intentions, and the objective approach rendered by B. Adams regarding hernia treatment.  Plaintiff does not seek other matters that may be in his personnel records, such as medical data or information about his records of lateness, leaves and vacations, etc.

*Secondly,* the kind of information sought is highly relevant.  The plaintiff has information that repeated complaints about mistreatment regarding hernias have been made about the medical defendants and that nothing has been done about them and their practice.  Evidence to that effect would be highly relevant to the claim of supervisory liability against defendant Dr. Robbins, Ruth Naglich, Brandon Kindard, set out in **Counts II, III, IV, VI**, of plaintiff's *Supplemental Complaint pages 25-26.* [*Court Doc No. 93]*  Whether quasi-policymakers have been deliberate indifferent in their supervision of subordinates the court must explore the supervisors' conduct in this case: -- as in *Karr,* 875 F.2d @ 1556 (jury could find that failure to take corrective action after plainly unconstitutional use of police dogs constituted deliberate indifference).

17

EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

### *ISSUE NO. 7*

### *BURDENSOME*

The Defendants have the burden of proving burdensome.  Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan*, 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995).  A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

### *ISSUE NO. 8*

### *SANCTIONS ARE NECESSARY TO STOP FURTHER ABUSE*

*Federal Rules of Civil Procedure* 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

18

EXCERPTS FROM DISCOVERY REQUEST:    Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

If a party or party's attorney fails to obey a scheduling *or pretrial order . . .* the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in *Rule 37 (b)(2)(B), (C), (D).* In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue: (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

To comply with the Due Process Clause of the Fifth Amendment," a court **must** impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" **Serra Chevrolet, Inc. v. Gen. Motors Corp.,** 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

### REASONABLE MONETARY SANCTIONS

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under *Rule 37* only by that which is 'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.*

May the Court understand that Plaintiff is frustrated that Defendant failed to provide his requested discovery on time. [*See, **Court Discovery Scheduling Order,** October **18, 2007 Court Doc. 178-1, Order**]. Counsel has yet to obey this Court's orders frustrates this case, leads to voluminous litigation and this Court has yet to put an end to his continued conduct.   A *pro se* party may be awarded expenses under *Rule 37*. *See* **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.,** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

### CONCLUSION

Plaintiff has suffered head-aces, hernia pain, frustration behind defendants actions that is gratuitous, unacceptable, ill founded and can be determined as conduct; found

EXCERPTS FROM DISCOVERY REQUEST:   Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

unjustified failures to comply, equivocation, and an explanation that are "disingenuous, contrived, and in bad faith;" determined that much of the delay in this case is attributable to Attorney Paul M. James, Jr., and can be determined that many of the hours expended by plaintiff, are "unnecessary, redundant, and duplicative;" also, can be determined that the time records are "replete with unnecessary work and duplication" too numerous to detail, and that the hours claimed for the fee application are totally appropriate whereas, had defendants complied with this court's orders, plaintiff could have achieved much more efficiently and far less expensive discovery request furthering this case to summary judgment.

### RELIEF REQUESTED

a.      That the Court grant this motion to compel Bradford Adams to answer plaintiff's interrogatories, request for production of documents, and, issue sanctions upon counsel for his failure to comply with this Court's Discovery Scheduling Order, and Discovery rules; and,

b.      That this Court grant reasonable fees in the amount to **$650.00**, at **$65.00 per hour x 10 hours** for work and research in preparing, researching and fling this action; and, that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c.      that the Admissions be deemed Admitted under Rule 36(a).

d.      **that the amount of $5,000 be sanctioned upon the** defendant and **counsel and paid to the Clerk of Court towards Court fees.**

Done this 21st Day December 2007.

EXCERPTS FROM DISCOVERY REQUEST:  Attachments: Discovery Motion, Interrogatories, Request for Production, Admission, Exhibit A, Plaintiff's Affidavit, Exhibit # 1,2 Letters to counsel, Notice of Intent.

*Marcellus Breach*

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 21st Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® *Marcellus Breach*

Marcellus Breach

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

     Defendants.

\*
\*
\*     CASE NO: 2:06-cv-1133-MEF
\*
\*
\*

*DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on

oath that the averments in the foregoing are true to the best of his ability, information,

knowledge and belief:

I am **_Marcellus Breach, AIS #160710_**, I am over the age of twenty-one.  I am the

plaintiff in this action.  I make this declaration in support of my Motion to Compel and

Request for Sanctions against the medical defendants for their failure to obey this Court's

order entered on ***October 18, 2007 Court Doc. 178-1, Order Court's Discovery Scheduling***

***Order.***

On _October 24, 2007,_ I served on the defendant's counsel a document: "**Plaintiff's**

**First Set of Interrogatories and Request for Admissions, for Production of Documents**

**to Defendants" which is attached to this affidavit as Exhibit "D".**

Defendant Bradford Adams did not respond to this discovery request after 30 days by order of the court and rules of discovery, nor did they request an adjournment from the court or seek my agreement to an adjournment.

On *December 8, 2007* I wrote to the defendant's counsel pointing out that their responses were late and requesting that they respond immediately. A copy of my letters are attached as **Exhibit "A","B", "C"**

On *December 10, 2007,* plaintiff again wrote counsel and attached the letter with a pleading entitled: "**Notice of Filing**" to the court. [*Court Doc. N/A*] explaining to counsel that B. Adams has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that B. Adams has not provided any information or documents regarding is involvement and what information, facts he has knowledge thereof. Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute.

Defendants' counsel did not respond to my letters. I have written counsel numerous of times, and I have filed my notice of intent with the Court. Copies of my letters are attached. Defendant's objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

Defendants' objections on the ground that the discovery sought is irrelevant, burdensome and privileged have not merit, as set forth in the brief accompanying this motion.

WHEREFORE, the plaintiff request that the court grant this motion in all respects.

Done this 20 Day of December 2007.

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

# EXHIBIT "A"

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*December 8, 2007*

RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:   **2:06-cv-1133-MEF  Letter of Intent To Request
Sanctions/Compel/Contempt/Disqualification**

Mr. James:

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has ordered that you respond. Pursuant to the Magistrate Judge's **Discovery Scheduling Order** entered on **October 18, 2007, Court Doc No. 178—1, Order.**  The Court ordered all parties to respond to request for discovery within thirty (30) days of receipt of the discovery request.

<u>Once again</u>, you have failed to cooperate and comply with court orders. I am hoping that perhaps you will correspond regarding the requested discovery request, and also I am free to listen to any objections that you may have to them. I would appreciate it if you would cooperate with me in moving this case forward, also that we can resolve any disputes.  I strongly depreciate and I believe that it is inappropriate to have to continue to request the Court to intervene; however, I will not hesitate to request such.

**There are too many missing documents in this case**.  Also, the discovery requests are material, relevant and discoverable.  The records are voluminous because I have filed them to each person separately.

In regards to the Instructions and Definitions as you have stated "plaintiff's self-defined instructions and definitions" I will at the appropriate time request that the Court review your unwarranted Admissions answers.   Furthermore, regarding self-defined instructions and definitions, Rule 33 governs the pretrial discovery process whereby a party to an action may request other parties to answer interrogatories relating to any matters permitted by Rule 26(b)(1) . Fed. R. Civ. P. 33(a) . The responding party must answer "separately and fully . . . under oath" or object, in which case the party must "state **the reasons for objection" with "specificity" and "shall answer to the extent the interrogatory is not objectionable**." Fed. R. Civ. P. 33(b) . An interrogatory is not objectionable "merely because an answer to the interrogatory

involves an opinion or contention that relates to fact or the application of law to fact . . ." Fed. R. Civ. P. 33(c) .

As the responding party, the medical defendants are required to respond fully and completely to the interrogatories. Fed .R. Civ. P. 33(b)(1) . A partial answer is not candid and will be deemed evasive, examples will not suffice when a requesting party asks for "all" of anything, and answers such as "including, but not limited to," will not be accepted. *Herdlein Tech., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) ; Fed. R. Civ. P. 37 (a)(3) .

My records reflect that on **October 24, 2007** I served upon your Office and counsel for ADOC several discovery request entitled: "**Plaintiff's First Set of Interrogatories, and Request for Admissions, for Production of Documents**" **pursuant to Rules 33,34 & 36, Fed. R. Civ. P.**   On **October 26, 2007**, I did so serve your office and counsel for ADOC a document entitled: **Plaintiff's Second Set of Interrogatories and Request for Admissions, For Production of Documents**. On **October 8, 2007**, I did so serve your office a document entitle: **Plaintiff's Fourth Set of Interrogatories and Request for Admissions, for Production of Documents.**

**Bradford Adams, nurse practitioner, Dr. Michael Robbins, M.D., and Dr. William D. Hobbs, M.D., are the persons requested to answer discovery request.**

The First Set of Discovery is upon Bradford Adams, nurse practitioner.  The Interrogatories are relevant to his unpracticed recommendation as a nurse practitioner who is not qualified to make surgically recommendations.  The requested production of documents is to ascertain who authorized him to make surgically referrals.  The Admissions are medically founded.

The Second Set of Discovery is upon Dr. Michael Robbins, M.D., who never once examined me, but has written an Affidavit.  The Interrogatories and Production of documents are requested because due to so many medical documents missing, and several Louisiana medical records have been missing upon your initial discovery.  The requested documents are relevant and material to this case.  The Admissions are medically founded governing hernias.

Within ten (10) days from receipt of this letter being mailed to your office on December 10, 2007.  I will immediately file a motion to compel responses to first, second and fourth set of interrogatories and request for sanctions; motion to determine the sufficiency of responses, to compel proper responses or deem requests admitted, and request for sanctions upon you. **I will also move requesting that you be disqualified due to the conduct and practice you have shown thus far**.

I do hope that we can resolve our discovery disputes without asking the Court to intervene.  The documents requested are mainly the physician's notes, if there are none, then I would request that you have them answer the Interrogatories accordingly.  Any prefaced responses and objections with general objections.   **Rule 33** is clear that objections should be stated with "specificity." Fed. R. Civ. P. 33(b) . Your global

objections are improper and the Court will ignore them unless Defendant specifically asserts them in response to an interrogatory.

I hope to hear from you soon regarding this issue.

Sincerely,

Marcellus Breach

**NOTICE: Request to be filed with the Court**

CLERK OF COURT
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

# EXHIBIT "B"

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749


*December 10, 2007*


*RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.*
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:    **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes**

Mr. James:


I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within ten (10) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order.

Once again, you have failed to cooperate and comply with court orders. I am hoping that perhaps you will correspond regarding the requested discovery request and also I am free to listen to any objections that you may have to them.  I strongly depreciate, I believe that it is inappropriate to have to continue to request the Court to intervene; however, I will not hesitate to request such.

**There are too many missing documents in this case**.  Also, the discovery requests are material, relevant and discoverable.  The records are voluminous because I have filed them to each person separately.

My records reflect that on **October 24, 2007**, **October 26, 2007** and **November 8, 2007,** I served upon your Office and counsel for ADOC several discovery request entitled: "**Plaintiff's First Second, Fourth Set of Interrogatories, and Request for Admissions, for Production of Documents" pursuant to Rules 33, 34 & 36, Fed. R. Civ. P.** The areas of deficiency on your part is:

> (i) Medical defendants have not answered, responded to these discovery request;
> (ii) Medical defendants have not requested an extension of time.


The attached excerpts are from the Discovery request upon Defendants B. Adams, nurse practitioner, Dr. Michael Robbins, M.D., and Dr. William D. Hobbs, M.D.

1

Within ten (10) days from receipt of this letter I will immediately file my motion to compel. **Out of courtesy due to your schedule I will set the date that I will file for sanctions and compel for December 21, 2007.**

I do not anticipate that we will resolve our discovery disputes without asking the Court to intervene. Nevertheless, the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

You have not provided any relevant Information from defendant Bradford Adams, the nurse practitioner and discovery request upon him and his personal involvement, and information is relevant, material, and not burdensome. The information requested is a part of the prison record keeping, and is considered "business records".

Secondly, information sought from Dr. Michael Robbins, M.D., as the Medical Director. He is a supervisory he has stated that he has been personally involved. However, you have not provided any information in the Records regarding his personal involvement. Information sought from him his based on his personal knowledge, and in purported involvement is a part of the business records, and is not burdensome.

Thirdly, information sought is from the treating physician Dr. William Hobbs, M.D., who as been licensed to practice medicine since 2006. Not even three years in the State of Alabama. Information requested from his as the source, is relevant, material to deliberate indifference, malpractice, and negligence; also a part of the business records.

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

For your convenience, I have attached three excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.


Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 10TH Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

2

reasonably" and to "base discovery objections on a good faith belief in their merit [rather than objecting] solely for the purpose of withholding or delaying the disclosure of relevant information".

**WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 10th Day December 2007.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 10TH Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® Marcellus Breach


Ire

3

# EXHIBIT "C"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710                        *

      Plaintiff,                                  *

                         *    CASE NO: 2:06-cv-1133-MEF

Vs.                                              *

PRISON HEALTH SERVICES, INC., et al.,            *

      Defendants.

## NOTICE OF FILING

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper

person "Pro Se," hereby gives written notice pursuant _to Rules 37(a)(2)(A), 37(a)(2)(B),_

_37(d) Fed. R. Civ. P.,_ and compliance with this Court's order entered on _December 4, 2007_

[**Court Doc No. 292—1, Order**] hereby files the attached for the Record:  Plaintiff states as

follows:

1.[1]    **Discovery is not a game**. This Court issued its Discovery Order on October 18,

2007. [**Court Doc. No. 178 – 1**]  Counsel <u>again,</u> has not complied with both rules of

discovery, and this court's order.   Discovery is not a series of search-and-destroy

missions, with rules of engagement the mastery of which guarantee certain victory. To be

---

[1]  **Attached letter to Attorney Paul M. James, Jr., counsel for medical defendants have refused to comply with this Court's Discovery Order, again, see attached excerpts from Discovery request upon Defendants B.Adams, Dr. Michael Robbins, Dr. Hobbs, have not been answered.**

1

sure, strategic considerations are vital to propounding and responding to discovery requests; however, Congress and the several Advisory Committees to the Federal Rules of Civil Procedure have made it clear that the design outcome of the discovery rules is *disclosure*, not *concealment*. Parties who fail to understand that simple function of the rules invite judicial ire and risk the imposition of sanctions.

2.    Plaintiff has attached his letter to Attorney Paul M. James, regarding several discovery requests that have not been answered.  May the Court be mindful of the history in which the court has issued order after order upon counsel to comply with this court's orders? [**Court Orders, 153—1, 170, 171-1, 177—1, 181, 200, 217, 219, 224, 233, 242—1, 243—1, 259—1, 275, 277,**] Fifteen (15) total of orders granting defendants more time to respond, comply with Court orders.   Plaintiff got 45 – days to complete Discovery?

3.    Plaintiff maintains that defendants' have failed to offer any discovery responses or any objections to discovery again delays this case, increases filings making the court file voluminous and makes it difficult for plaintiffs to identify all potential defendants. Standards For Professional Conduct, adopted by the Alabama Trial Lawyers Association and the Alabama Defense Lawyers Association included among the "Lawyers' Duties To Other Counsel" is the obligation to "make good faith efforts to resolve by agreement . . . objections to matters contained . . . discovery requests and objections". The Standards also require lawyers practicing in this district to "respond to document requests

2

reasonably" and to "base discovery objections on a good faith belief in their merit [rather than objecting] solely for the purpose of withholding or delaying the disclosure of relevant information".

    **WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 10ᵗʰ Day December 2007.

_____

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY**, that I have this 10ᵀᴴ Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

lre

3

EXHIBIT 

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710    *

     Plaintiff,    *

         *     CASE NO: 2:06-cv-1133-MEF

Vs.    *

PRISON HEALTH SERVICES, INC., et. al.,    *

     Defendants.

### *PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

### TO:   DEFENDANT BRADFORD ADAMS, NURSE PRACTITIONER

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person

"Pro Se," moves this Court to issue an ORDER to Defendants pursuant to *Federal Rules of*

*Civil Procedures, Rule 33, 34 & 36,*  hereby requesting that named parties and/or their

"Agents" being persons under their control: nurse practitioner Bradford Adams,

employed with Prison Health Services, Inc., is requested to answer separately, fully and

in writing, the following the following interrogatories under oath, affirmation in

accordance within the definitions and instructions set. forth below, within thirty (30)

days after service of these Interrogatories, Request for Admissions, and Production of

1

COPY   DATED FILED 10/24/07

*Documents,* furthermore, for the defendant to provide full disclosure along with his answers herein, copies thereof supporting evidentiary materials, as follows:

## I. *DEFINITIONS AND INSTRUCTIONS;*[1]

¶ 1.    Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible.  If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.    A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.    *Rule 33,* *Fed R. Civ. P.,* permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party.  *Rule 33(d),* also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

---

[1]   Definitions and Instructions are continuing throughout this Discovery request.  Rule  33, 34, & 35, Fed. R. Civ. P.

¶ 4.    In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.    If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information , data, records inclusive to medical records from *February 2005,* through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

3

¶ 6.    These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, *Rule 26(e).* However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.    In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.    With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36,* et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the

4

COPY   DATED FILED 10/24/07

substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.    If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, *Rule 37(c)*, deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9.    As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 10.    When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

a.    As used herein, the term "**document**" means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information

but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.    As used herein in reference to a natural person, the word "**identify**" shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c.    As used in reference to a business or other entity, the word "**identify**" shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d.    As used "**identify**" or "**identity**" when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e.    The word "**incident**" includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f.    The word "**specifically identify**" as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the

COPY   DATED FILED 10/24/07

custodian(s) of the above requested documents in their entirety, but not limited to.

### III.    *INTERROGATORIES*:

¶ 1.    Please state the following for the plaintiff.

     a.     your age
     b.     your occupation and place of employment
     c.     your education
     d.     your marital status
     e     your length of service in your present employment position
     f.     your previous occupational experience(s)
     g.     your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

7

¶ 4.    Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.   With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    *Identify* your assignment, whereabouts by documents of the *"incident"* and specifically identify your supervisor's whereabouts, assignment on <u>December 27, 2006 @</u> <u>11:25 a.m.</u>

¶ 6.    Please *"specifically identify"* by document, your job description, duties, and responsibilities.

¶ 7.    *"Specifically identify by document"* your supervisor, job description, duties, responsibilities.

¶ 8.    Explain by *"incident"* your medical recommendation "no need for surgical referral at present," please explain your medical findings *"identify by documents,"* if any, and state the substance of any verbal or written communication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on <u>December 27, 2006, @ 11:25</u> a.m.

¶ 9    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint.

COPY    DATED FILED 10/24/07

Also, if yes, please *"identify"* the agency and/or individual who accused or investigated you for such allegation(s); *"specifically identify"* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 10.   Is it your common practice to make surgical or non-surgical referrals?

¶ 11.   It is your common practice not to make surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12.   Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.   Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.   Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

15.     Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

9

COPY   DATED FILED 10/24/07

¶ 16.   Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17.   On March 21, 2006, _Dr. John A. Tassin, M.D._., made a doctor order that plaintiff's inguinal hernia needs repair.  It is you common practice to make a medical judgment against another doctor?

¶ 18.   Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records?  If not, please explain your reason?  If yes, disclose the substance of your findings.

¶ 19    Are you licensed to make surgical referrals?  If so, please specifically identify..

¶ 20.   Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on _December 27, 2006 @ 11:25 a.m.,_ identify by document pertaining to this incident.

¶ 21.   "_Identify_" and "_specifically identify_" who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.   Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *"identify"* by document.

¶ 24.   *"Identify by document,"* any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

### V.     REQUEST FOR ADMISSIONS:

¶ 1.   *Admit or deny,* on <u>March 21, 2006,</u> Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.   *Admit or deny,* the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>

¶ 3.   *Admit or deny, Prison Health Services, Inc.,* has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.   *Admit or deny,* you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.   *Admit or deny,* you do not know the actual size of plaintiff's hernia as of the date of your answering?

COPY   DATED FILED 10/24/07

¶ 6.   *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.   *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.   *Admit or deny*, you are an expert in Hernia repair?

¶ 9.   *Admit or deny*, you have performed surgery on hernias?

¶ 10.   *Admit or deny*, there is almost no limit to how big a hernia could without surgery?

¶ 11.   *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12.   *Admit or deny*, a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.   *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.   *Admit or deny*, a truss is the cure for a hernia?

¶ 15.   *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

COPY   DATED FILED 10/24/07

¶ 16.   *Admit or deny*, issuing of pain medication will not cure a hernia?

¶ 17.   *Admit or deny*, <u>December 21, 2006 @ 11:05 a.m.</u>, you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.   *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.   *Admit or deny*, plaintiff asked you to be seen by a doctor?

¶ 20.   *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.   *Admit or deny*, you did not counsel plaintiff on <u>December 21, 2006 @ 11:05 a.m.</u>

¶ 22.   *Admit or deny*, it is up to a physician for a determination whether surgery is necessary.?

¶ 23.   Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.   *Admit or deny*, plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.   Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.   *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 27.  *Admit or deny*, the long-term  course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.  *Admit or deny*, the opening of a hernia cannot heal itself.

¶ 29.  *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.  *Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.  *Admit or deny*, a truss is for temporary use.

¶ 32.  *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.  *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.  *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.  *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.  *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

14

¶ 37.  *Admit or deny*, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.  *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.  *Admit or deny*, plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.  *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41.  *Admit or deny*, a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.  *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

Done this 24th Day October 2007.

_____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 24th Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections          Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 301501                       P.O. Box 270
Montgomery, Al 36130                  Montgomery, Alabama 36101

_____

Marcellus Breach

15