## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

                              *      CASE NO: 2:06-cv-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### MOTION FOR SANCTION PURSUANT TO RULE 11(C), FED.R.CIV.P.,

**COMES NOW**, Plaintiff _Marcellus Breach_ (hereinafter "Breach"), in proper person "Pro Se," pursuant to _Rule 11(c),_ Federal Rules of Civil Procedures, after timely notified given to _Attorney Paul M. James Jr., (0017)_ and _Deborah Hunt, RN_, request that sanctions be imposed for dishonest, and various ethical and Rule 11 violations: Breach shows bona fide as follows:

1)     The record and attached **Exhibit "A"** will reflect that on _November 27, 2007_ Counsel was given written notice pursuant to _Rule 11(c)(1)(A), Federal Rules of Civil Procedures_ requesting that counsel make appropriate corrections to the challenged violations. [Court Doc. N/A]

2)     Plaintiff provided counsel with "Safe Harbor" notice to counsel and also filed same to the Court entitled: _"21 – Day Notice of Intent"_

1

3)      Counsel did not respond nor adhere to the unethical violation and plaintiff now invokes the Rule violation and request unto this Court that counsel be severely punished, and that recommendation and complaints to the Alabama State Bar Association be filed based on his unchanged dishonest and conduct, undermines the judicial system.

4)      Until this Court as supervisor puts an end to counsel's unethical practice, each and every pleading submitted by counsel that contains perjury, misrepresentation, will be challenged and sanctions requested.

## *VIOLATION NO. 1*

### *COUNSEL HAS STATED AND CONTINUES TO PRESENT MISREPRESENTATIONS OF FACT, SUBMITS NUMEROUS PERJURIOUS AFFIDAVITS UNTO THE RECORD,*

_Rule 11_ sanctions only against the party who signs the document or documents which are found to violate the rule. **When an attorney signs a pleading or motion, he or she in essence certifies that he has drafted the document in good faith and that the allegations are true and not intended to delay the litigation or harass the opposition.** The test in judging whether the conduct give rise to Rule 11 sanctions is an objective one. See, _Committee Notes, Fed. R. Civ. P., 11 Advisory committed note._ Counsel on _November 21, 2007_ in his attempt to mislead the court pertaining to discovery request submitted and ordered by the Court for inspection and copying [**See, Plaintiff's Motion for Contempt, Compel, Sanctions, Court Doc. 231 and Order 233—1].** Counsel's scheme was to mislead the court attempting to display a theory as if plaintiff is being mendacious regarding the Discovery request and Court's Order pertaining to plaintiff's medical

records, Louisiana medical records, protocols, policies, procedures that was ordered by the court. [**Court Order Doc. No 171**]. [1]

Not one time during the week of October 22, through October 26, 2007 did the medical defendants event attempt to obey the court's orders. Morethanless, plaintiff requested to speak with Deborah Hunt on or about October 26, 2007 when production was being administered through ADOC Classifications Specialist Ms. Harris and Ms. Appleton. Ms. Hunt stated, as told to plaintiff by Ms. Harris: "I don't want to see him." Once again as this continued conduct continues unchecked counsel represents his addiction, demonstrating dishonesty and an abuse of the judicial system. Deborah Hunt falls unto the category of representing dishonesty: It doesn't matter how, or and how many Affidavits counsel presents as evidence this Court must ignore then based on his conduct .

## COUNSEL'S STATEMENT

Counsel's "Notice of Filing" [Court Doc. N/A] counsel states as follows;

" . . .[W]hich directly contradicts multiple assertions, positions, and pleadings of the Plaintiff, Marcellus Breach, with regards to the inspection and copying of medical records, policies, and other documents previously requested.

"At no time have these Defendants prevented the Plaintiff from having access to the material information outlined in multiple pleadings,

---

[1] The Court cautioned plaintiff that no further orders will be entered requiring additional access to these documents unless he is able to establish that exceptional circumstances warrant additional production of these documents. Counsel attempts to use this order against Plaintiff by stating misleading facts to the Court that are not true scheming to lead the Court that defendants complied with court orders is dishonest, fraud, , deceit.

including, but not limited to Court Doc. 196 and Court Doc. No. 157. In response to this Court's Order [Doc. No. 199], the Defendants submit the following, which has previously been provided to the Plaintiff.

      1.      Supplemental Affidavit – Deborah Hunt.

[ ...]

" In addition, Prison Health Services has no written protocol, policies or procedures regarding the treatment of hernias, however, each hernia is reviewed on an individual basis and hernia which are not incarcerated or in danger of becoming incarcerated or into the scrotum are not necessary for surgical repair and can be conservatively treated." [Id.]

### COUNSEL'S PERJURIOUS EVIDENCE / AFFIDAVIT

Counsel's Attached *Exhibit "A"*  Supplemental Affidavit of Deborah Hunt, R.N.,

H.S.A.

"[. . . ] "My name is Deborah Hunt . . .It is my understanding that Marcellus Breach reviewed and inspected his medical chart during the week of October 22, 2007 and stated on October 26, 2007 that he did not wish to make any photocopies of any documents contained in his medical chart at this time."

### POINT 'A'

Counsel's *Exhibit "B,"* Supplemental Affidavit of William D. Hobbs, M.D., @ Page

# 3. ¶ 3.

"[ . . .]
" I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. **The protocol states** that the hernia must be incarcerated or in danger of becoming incarcerated or into

the scrotum. Mr. Breach does not meet this protocol . . . . "If Mr. Breach
did in fact meet the protocol required by the Alabama Department of
Corrections, he hernia would be repaired. . . ." [Id.] [2]

## ARGUMENT

Pursuant to *Rule 3.4(a)(b),* *Rules of Professional Conduct* states:

**Rule 3.4(a)(b):**

A lawyer shall not:

"(a)   'unlawfully obstruct another party's access to evidence or
unlawfully alter, destroy or conceal a document or other material having
potential evidentiary value. A lawyer shall not counsel or assist another
person to do any such act."

("(b)   'falsify evidence, counsel or assist a witness to testify falsely, or
offer an inducement to a witness that is prohibited by law."
Linda Lawrence's Affidavit falls within Rule 3.3(a)(1)(2)(3), Rules of Professional

Prison Health Services, Inc., acted as an Agent for the Alabama Department of

Corrections.   They are/were in the position to "produce" the requested documents

because such documents are under their control, custody, and possession.   There is

absolutely no excuse, especially since Dr. William Hobbs states under Oath that the

Alabama Department of Corrections has this protocol which supposeably states: "the

hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum."

[id. @ 3. and "if" plaintiff met this protocol he would have surgery.

The Affidavit of Deborah Hunt counsel's **Exhibit "A,"** contains both perjury, and

misrepresentation of facts.   **Exhibit "B,"** will reflect that on October 30, 2007 plaintiff

---

[2] Where is this protocol that Dr. Hobbs says "states"?

signed a department of corrections contract of acknowledgement that on October 26, 2007 both Ms. Harris and Ms. Appleton of ADOC, allowed plaintiff to review both his institutional file, and PHS medical records in compliance with this Court's order directed to ADOC defendants. [**See, Order Court Doc. No. 170 – 1**] Prison Health Services, Inc., also had an order [**Court Doc. 171 –1, Order**] in which they did not comply, obey and attempt to state they did is perjury.

Ms. Hunt has no knowledge whatsoever, she is used, has no knowledge to what she swear under oath, apparently she does not read what she signs her name too. Counsel or some other person orchestrated this unethical scheme using a signature of a person to swear to facts that they know they have no knowledge threof is plainly stupid. Ms Hunt appears brainless and dim-witted, not knowing that there are and can be consequences for lying to a Court and will not be accepted nor tolerated.

### *MEMORANDUM AT LAW/POINTS ON AUTHORITY*

Sanctions are warranted when the defendants exhibit a "deliberate indifference" to obvious facts," . . . . See, ***Davis v. Carl***, 906 F.2d 533, 537 (11th Cir. 1990); ***Threaf properties Ltd., v. Title Insurance Company of Minnesota, 875*** F. 2d 831, 835-36 (11th Cir. 1989)

The test in judging whether the conduct gives rise to Rule 11 sanctions is an objective one. Congress amended the rule in 1983, and in doing so, eliminated the subjective good faith standard that had existed earlier, and which required a finding that

6

the attorney's conduct was either willful or intentional. The advisory committee notes make it clear that "the [new] standard is less stringent than the original good faith formula and thus it is expected that a greater range of circumstances will trigger its violation." Fed. R. Civ. P. 11 advisory committee note.2

A decision in the Court of Appeals for the Ninth Circuit has clarified a confusing issue in the application of Rule 11. The opinion, *In re Yagman*, 796 F.2d 1165 (9th Cir. 1986), focused on the proper timing that a court should follow when considering the imposition of Rule 11 sanctions. In that case, the court reversed and remanded a ruling that imposed an excessive award of sanctions because the lower court waited until the conclusion of trial to discipline the attorney's conduct. The abuse that the court ultimately sanctioned continued throughout trial unabated. The ninth circuit urged that when sanctions are warranted by those circumstances, the court should not waiver in imposing them . . . ..[ ]. . . . [To not do so] flies in the face of the primary purpose of sanctions, which is to deter subsequent abuses. This policy is not well served by tolerating abuses during the course of an action and then punishing the offender after trial is at an end. A proper sanction assessed at the time of the transgression will ordinarily have some measure of deterrent effect on subsequent abuses and resultant sanctions. Such 'prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose.' *In re Yagman*, 796 F.2d 1165, 1184-85 (9th

Cir. 1986) (quoting *Schwarzer, Sanctions Under the New Federal Rule 11-- A Closer Look*, 104 F.R.D. 181, 182 (1985)).

The case before this Court illustrates perfectly the reasoned analysis of the *In re Yagman* decision. In light of this Court's finding that at the appropriate time the court will determine what is relevant to the submitted evidence, clearly, counsel relied on a perjurious affidavit in an attempt to mislead the court regarding its orders, shifting it to appear plaintiff is mendacious. In addition, counsel's continues to 'ambush' this court throughout this entire litigations relying on dishonesty, perjury, misrepresentation, and concealing evidence and his submitted Affidavit of Deborah Hun is not submitted in good faith, but dishonesty.

Counsel has consistently and persistently used the infusion of perjury and concealing material evidence throughout these pretrial proceedings in an effort to gain an advantage over his opponent is recognized by the courts as a fraud on the court.

Acts of perjury seriously undermine the very core of the judicial system. The presence of perjury in litigation emasculates justice and deprives the opposing party of a fair trial. *Exhibit "B "*, demonstrates defendants elaborate scheme involving perjury clearly qualifies as a willful deceit of the court designed to interfere egregiously with the court's administration of justice.

"A fraud upon the Court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme

8

calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1ˢᵗ Cir. 1989)(citations omitted)

"The either swearing to facts as true which affiant knew was not true, or by swearing to his knowledge of fact when he knew he had no knowledge thereof, constituted perjury." *United States v. Smith*, 1856 D.C. Mass, 27 F. Cas. 116336

*Rule 3.3(a)(1)(2)(3)*, *Rules of Professional Conduct* states:

"a"    A lawyer shall not knowingly:

(1)    make a false statement of material fact or law to a tribunal;

(2)    fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; or

(3)    offer evidence that the lawyer knows to be false. . . ."

Counsel's pleading and Ms. Hunt's Affidavit is false, and represents dishonesty.

## *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under *Rule 37* only by that which is 'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive

conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.*

In addition, *Rule 37(b)* requires the payment of reasonable expenses caused by a failure to obey the court order unless Defendant shows that the failure was justified or circumstances make the award of expenses unjust. *See* FED. R. CIV. P. 37(b)(2) ("[T] he court *shall* require the party failing to obey the order . . . to pay the reasonable expenses . . . . unless . . . the failure was substantially justified . . . .") (emphasis added); *See* FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that *Rule 37(b)(2)* places the burden on the disobedient party to avoid expenses). A *pro se* party may be awarded expenses under *Rule 37*. *See* **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.,** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

In this case, this Court should find that the sanction of expenses is appropriate because circumstances would make an award of expenses just. The evidence before the Court shows that Defendant's disobedience to this Court's order was intentionally and Plaintiff made every reasonable bona fide effort to confer with defendants and Ms. Hunt is lying, again.

10

## CONCLUSION

The evidence is clear and convincing. Ms. Hunt lied, counsel submitted intentionally to perjury in an attempt to state a misrepresented fact is deceit, dishonesty, and outright unethical. Plaintiff moves this Court to disqualify counsel, sanction counsel, report counsel to the Alabama State Bar Association and order counsel pay to the Court fees set out by the Court, and pay reasonable fee incurred in this motion at $260.00 at $65.00 X 4 hours in fees to plaintiff.

Done this 25th Day December 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 26th Day December 2007 placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

® _____
Marcellus Breach

11

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

LEGAL CORRESPONDENCE



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101

# EXHIBIT "A"



## STATE OF ALABAMA
# DEPARTMENT OF CORRECTIONS

LIMESTONE CORRECTIONAL FACILITY
28779 Nick Davis Road
Harvest, Alabama 35749

I, _____, AIS#_____ do hereby acknowledge the receipt
of my requested copies of my Institutional and Prison Health Service files given to me on Friday,
October 26, 2007. I also acknowledge that the copies made will be deducted from my PMOD
account at $.50 per copy.

_____
Inmate name/AIS number        Date

_____
Witness/Title                 Date

_____
Witness/Title                 Date

CC: **Institutional file/Inmate Copy**

EXHIBIT "A" COPY

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

       Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

       Defendants.

                         \*

                         \*

                         \*      CASE NO: 2:06-cv-1133-MEF

                         \*

                         \*

### 21 – DAY NOTICE OF INTENT

***COMES NOW***, the Plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se," pursuant to *Rule 11(c)(1)(A)*, Federal Rules of Civil Procedures, gives Attorney Paul M. James, Jr., (JAM017) and **Deborah Hunt, R.N., H.S.A.**, written notice that the below mentioned issues ought to be retracted immediately, otherwise, appropriate legal action will be taken.

As grounds for this Notice of Intent to file Motion for Sanctions, plaintiff states as follows:

¶ 1.    Counsel has submitted misrepresentation, perjurious affidavits in his **"Notice of Filing"** on November 21, 2007. Counsel intentionally submitted a false statement being another Affidavit from Deborah Hunt, R.N., the nurse administrator at Limestone C.F., that contains nothing more than perjury: **"It is my understanding that Marcellus Breach reviewed and inspected his medical chart during the week of October 22, 2007 and**

1

**EXHIBIT "A" COPY**

stated on October 26, 2007 that he did not wish to make any photocopies of any documents contained in his medical chart at this time." Ms. Hunt, has quoted a statement, that she has absolutely **no personal knowledge** to that which she swears under oath.

¶ 2.    Counsel's pleadings filed on November 21, 2007 entitled: "Notice of Filings" and **"Response to Plaintiff's Motion to Compel and Request for Sanctions [Court Doc. 196]"** counsel has again presented misrepresentation of facts, and submits perjurious and blatantly false statements in the Affidavit by Ms. Hunt. Counsel has stated and presented misrepresentation of facts, to the court as follows:

> **"Response to Plaintiff's Motion to Compel and Request for Sanctions [Court Doc. 196"**
> **"¶ 1. This day, these Defendants have filed a Notice of Filing that confirms once again that the Plaintiff has been allowed access to inspect and copy all written documents pertaining to his request outlined in the motion [Court Doc. 196] that are available or accessible to PHS. In addition, the Defendants have always made said documents, if such documents exist, available to the Plaintiff and the Plaintiff's Motion is due to be denied as frivolous."**

Counsel has submitted a false statement to this court.

**WHEREFORE,** Counsel is put on notice of intent to file for sanctions within 21-days of this Certificate of Service upon Counsel.

Done this 27th Day November 2007.

_____

Marcellus Breach 160710®
Limestone C.F.

2

**EXHIBIT "A" COPY**

28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 28th Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

Ⓡ _____
Marcellus Breach

3