## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

     Defendants.

\*

\*     CASE NO: 2:06-cv-1133-MEF

\*

\*

\*

### SUPPLEMENTAL ---- MOTION FOR CONTEMPT OF COURT, and/ COMPEL REQUEST FOR SANCTIONS FOR WILLFUL DISOBEDIENCE / PAST CONTINUED FAILURES TO COMPLY WITH COURT ORDERS / --- NEWLY REQUEST TO DISQUALIFY COUNSEL

**COMES NOW**, plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court to submit the aforementioned said, pursuant to _Federal Rules of Civil Procedures_, to hold **Prison Health Services, Inc.,** and **Alabama Department** of Corrections in contempt of court as follows:  Plaintiff supplements his Motion for Contempt Request that this Court disqualify counsel from further representation based on on-going and past ethical conduct: and in further support of sanctions upon ADOC and Counsel based on counsel's disingenuous responses

1

containing vague, ambiguous answers that does not, cannot possibly bear on the Court's order for production of documents.[1]

## *HISTORY*

Plaintiff moves to disqualify counsel and sanctions on the grounds of appearance of impropriety, and further states that the Record supports continued conduct of dishonesty, fraud, compelling assertions of misconduct, bad faith and fraud which include but not limited to slander, frivolous filings, concealing material evidence, deliberately making material misrepresentations to this Court in an effort to secure an advantage over plaintiff, attempting to get the Court focused on plaintiff by fraud, making misrepresentations relating to Louisiana medical records, Dr. Tassin, and other relevant evidence that has been requested --- violating numerous court orders, creates nothing more than an unexcused behavior, postponements, delays, unwarranted harassment, considerable wasted time and effort. This Court cannot indeed, permit further deliberate abuses of the judicial process.

### *A. Standard of Review:*

---

[1] Attachments: Exhibit "A" PHS, Authorization of Release of Information, pertaining to medical records from Louisiana, December 27, 2006. The Court will not find this in plaintiff's medical records submitted by Counsel nor, Exhibit "B" LCS Corrections Services, Inc., Offender Grievance # 06-215, July 26, 2006. Plaintiff needs the "back" of this grievance because the response is written on the back. However, nothing from Louisiana except two pages have been produced. Why? Concealing evidence. Plaintiff moves for disqualification, Sanctions immediately because justice calls for fairness and scheming.

In light of the countless acts of fraud and other bad faith perpetrated by Attorney Paul James who, without a showing else wise, has done nothing more than conceal evidence since *December 2006*.  Counsel has submitted <u>numerous</u> Affidavits that contain deliberate blatant lies, bad faith, and abusive conduct, diligently established by Mr. James demonstrating dishonesty.  Mr. James's past conduct on display reflects that he continues to disobey <u>numerous</u> court orders, now counsel is disrupting the Discovery process.

Attorneys who practice before the Middle District of Alabama must "adhere to . . . th[e] Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct." *M.D. Ala. L.R. 83.1(f)*.  " Therefore, even though the Middle District has adopted the ethical rules promulgated by the Alabama State Bar, the court is not bound by state court interpretations of those rules. *See Bell Atl. Corp. v. Bolder,* 2 F.3d 1304, 1316 (3d Cir. 1993) . Nonetheless, in evaluating the charges against Paul James, the court must "hold attorneys to recognized standards of professional conduct." *Finkelstein,* 901 F.2d at 1564.

"In the past, most motions to disqualify were analyzed under a test derived from <u>Canon 9</u> of the American Bar Association's Model Code of Professional Responsibility, and a similar, if not identical, provision of Alabama's Code of Professional Responsibility. *See* Norton *v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941

(11th Cir. 1982); *United States v. Hobson*, 672 F.2d 825, 828 (11th Cir. 1982). This approach drew on the language of <u>Canon 9,</u> which provided that **'A lawyer should avoid even the <u>appearance of impropriety</u>.'** *Norton*, 689 F.2d at 941. To persuade the court that it should disqualify an attorney under this standard, the moving party had to show (1) a reasonable possibility that some specifically identifiable impropriety <u>did in fact occur</u>, although there <u>need not be proof of actual wrongdoing</u>, and (2) a <u>likelihood of public suspicion or obloquy</u> that outweighs the social interests which will be served by a lawyer's continued participation in a particular case. *Hobson,* 672 F.2d at 828. The continued viability of this method of analysis is questionable, however, because the American Bar Association's Model Code was replaced with its Model Rules of Professional Conduct in August 1983, and Alabama's Code was replaced by its Rules of Professional Conduct on January 1, 1991, and neither of these new sets of rules contains language like that of Canon 9." 5 F.Supp.2d at 1302-1303 (footnote omitted). *See English Feedlot, Inc. v. Norden Labs., Inc.,* 833 F. Supp. 1498, 1506 (D. Colo. 1993) ("The moving party has the burden of showing <u>sufficient grounds</u> for disqualification. . . . <u>Specific facts must be alleged</u> and 'counsel cannot be disqualified on the basis of speculation or conjecture.'"); *Tessier v. Plastic Surgery Specialists, Inc.,* 731 F. Supp. 724, 729 (E.D. Va. 1990)

If a district court bases its disqualification order on an allegation of an ethical violation, "the court may not simply rely on a general inherent power to admit and

4

suspend attorneys, without any limit on such power." *Schlumberger Techs., Inc. v. Wiley,* 113 F.3d 1553, 1561 (11th Cir. 1997). Instead, "[t]he court must <u>clearly identify a specific Rule of Professional Conduct</u> which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.*

Here, **Rule 3.2, Rule 3.3, Rule 3.4, Rule 4.1** and **Rule 8.4** of the Rules Regulating the Alabama Bar are applicable.

## *APPEARANCE OF IMPROPRIETY*

## *NUMEROUS DISOBEDIENCE TO COURT ORDERS/ CONCEALING EVIDENCE PLAINTIFF'S MEDICAL RECORDS FROM LOUISIANA*

**A.    *Applicability of the Standard "***

Plaintiff request that this Court take Judicial Notice to the Record. [ ***Court Order No. 224 –1*** ] has been ignored; but, this is just one of numerous orders according to counsel that do not appear to mean what it is intended under law and order, counsel has some illogically thinking that he is "untouchable" simply because he is an attorney.  He has no solid foundation to stand, and he is challenged.  Without a proper challenge to allow this continued practice to continue will bring about public suspicion as to the integrity of this Court based on counsel's performance.  No one under this Court can simply ignore, disobey Court Orders!

It <u>does not take fifteen (15) court orders</u> for a party to simply come up and say: PHS does not have any policies, procedures, nor protocols regarding treatment for hernias suffered by inmates.  Morethanless, Counsel did not comply with the Court's

5

initial order to allow plaintiff to review his medical records and review certain documents by October 26, 2007. **[See, Court Doc. No. 171—1, ]**

Fifteen Orders, -- is "bad faith," order after order. This conduct rises to the level to question counsel's conduct and ethical behavior. **[See, Court Orders, Doc's. 153-1, 170, 171-1, 177-1, 181, 199, 200, 217, 219, 224, 233, 242-1, 243-1, 275, 277]** <u>Plaintiff Objects to so many orders pertaining to issues of discovery.</u>

Counsel is too late to come back and say: "we don't have it". It did not take five months to discovery such is too questionable.

**Court Order No. 277**, again counsel and the correctional medical defendants ignored the court when this Court identified production of **Medical Records from Louisiana** that has been concealed. **[See, Plaintiff's Motion For Contempt of Court . . . . " filed on or about December 21, 2007 & December 27, 2007 Plaintiff's Motion For Sanction upon Paul James and Deborah Hunt, recently filed (error on month filed)]**

The Rule regarding "<u>relevant evidence</u>" defines the term and definition provides that evidence is relevant if it has any tendency to make the existence of a material fact more probable or less probable than it would be without the evidence. Although it is true that some Federal Courts have purported to use a slightly different test, an analysis of most of the opinions leads to the conclusion that in practice the test advocated in Rule 401 is consistent with that developed in most Federal Courts prior to the enactment of the Rules. Plaintiff further argues that the important thing for this Court to remember is that

the evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not. To be relevant it is sufficient that the evidence has a tendency to make a consequential fact even the least bit more probable or less probable than it would be without the evidence. See, *Rule 403*, Fed.R.Eivd.

**Court Order No. 178-1, ¶ 5.,** counsel has refused to even consider complying with discovery rules, and this court's order: **¶ 5.** "**Responses to request for discovery shall be filed with the court and served on the requesting party within thirty (30) days of receipt of the discovery request**."**[Id.]**

This Court Ordered Defendants to perform several acts: **Court Doc. 277, Order**. Once again, counsel continues to abuse the judicial process and continues to states misrepresented facts into the record.

Defendants answer is ambiguous, vague, misleading and evidence reflects that the Defendants refused to obey "timely" the order as well as several court orders, demonstrating a clear disruption to the judicial process; counsel is continuing to "run over" the court unchecked; <u>again</u>, attempting to disrupt the judicial process, manipulate the Court as done at the outset of this case by withholding the Louisiana medical records of plaintiff resulting into a dismissal. This Court ought not allow counsel to continue to manipulate the system while clearly demonstrating the very unethical appearance of

impropriety is the very evil and a mockery wherein this Court must uphold the Integrity and Independence of the Judiciary.

## ETHICAL CHARGES

### COUNSEL AGAIN, STATES MISREPRESENTATION OF FACTS, AGAIN, MAKES A FALSE STATEMENT OF MATERIAL FACT, and ENGAGES IN CONDUCT INTENDED TO DISRUPT THE TRIBUNAL, excreta

It is important that plaintiff first address counsel's latest meandering in his attempt to escape sanctions by stating again, misrepresented facts to this Court. On *December 28, 2007* Counsel has filed a response entitled: **"Defendant Prison Health Services, Inc., Et Al.'s Response to Plaintiff's Motion for Contempt of Court/Compel and Request For Sanctions [Court Doc. No. 346]"** Sanctions are warranted and disqualification based on his response and past conduct that contains blatant lies under *Rule 11(b)* and *Rule 37(b)(c)* and demonstrates his ongoing continued pattern of lying to this Court in numerous pleadings.

In this case, it appears as though the Defendants have decided to 'foul ball' and want to play ball, by continued patterns, still disrupting the process. At this time, it does appear that counsel is in need of a sanction as a reminder of his continuing obligation to play within the rules of the discovery game and end his needless harassment which he seems to have a problem being a professional:  he appears not to have abandoned his drunken litigation struggle but, is more of a continuous and outrageous abuse of counsel's privilege to practice law.

Fed. R. Civ. P. 11 requires that the lawyer who elects to sign a paper **take responsibility** for it, even if that responsibility is shared among many lawyers. "Taking responsibility" must include verifying that the drafter of a complaint is not acting contrary to the facts, as he knows them. It also includes reading a pleading to which one's name is signed. Rule 11 admits of no exceptions to its requirement that all reasonable attorneys will read documents prior to filing them with the court.

Counsel states: P. 2 ¶ 2

" **Once again, the PHS Defendants have produced records that it may have from South Louisiana Correctional Center that are in its possession and control. In addition, the Plaintiff has clearly received copies of said documents because exhibits from the South Louisiana Corrections Center have been marked by the Plaintiff as exhibits throughout this case, including the infamous "hernia ... needs surgery?" reference by Dr. Tassin questioning the need for surgical intervention in this case."**

[2]Plaintiff argues, counsel states and uses the words of "it may have" "that are in its possession" is a blatant lie! Why hasn't PHS produce "all" plaintiff' medical records when **Exhibit No. #1 & 2,** will reflect documents that "are not" in the Record submitted by counsel, but plaintiff retrieved from the legal proceeding that was pending in the

---

Just to demonstrate to this Court as to how Counsel lies so much. Exhibit No. 1 and No. 2 will not be found in the Court's Records submitted by Counsel and they are a part of the medical records that Plaintiff retrieved on his own! These two Exhibits support and demonstrate "missing records" and demonstrate concealment of evidence, which is relevant, violates the ethical rules. Plaintiff knows his medical records.

9

Louisiana State Court. [3]   This document, **Exhibit # 1,** reflects that plaintiff signed a medical release, and a grievance that plaintiff is trying to hunt down because it has answers to questions.  Ms. Lawrence throughout her lies concerning plaintiff never once, filed a grievance when plaintiff submitted the grievance with Ms. Lawrence's signature was submitted by counsel is fraud, dishonesty, misrepresented facts; however, five months latter Ms. Lawrence come back and she admitted to reviewing the Louisiana Medical Records.  Plaintiff "<u>has not</u>" received the medical records from Louisiana and he is sick and tired of counsel's games!

Plaintiff moves the court to take "***judicial notice***" to the Record in this case.  On or about <u>*October 9, 2007*</u> plaintiff filed two (2) separate motion entitled: "***Motion To Strike, Supplemental Affidavit of Defendant Linda Lawrence, H.S.A., and/or Strike Portions*** . . . . " [***Court Doc. No. 160***] and "***Motion to Strike Affidavit of Defendant Linda Lawrence, R.N., H.S.A.,*** [***Court Doc. No. 161***] *First and foremost*, counsel and defendants have "concealed" all <u>133 pages</u> of plaintiff's Institutional and Medical Records from South Louisiana Correctional Center. [4]  Judicial notice to **Court Doc. 161**, the attached *Exhibit*

---

[3] Plaintiff presents documents that he obtained from another source, and has not been submitted by counsel and is a part of his medical records for purposes of demonstrating how counsel has concealed relevant material evidence.

[4] Counsel cannot tell this Court he has produced the Medical Records from Louisiana is a blatant lie! Plaintiff has <u>his copy</u>, because he sued the private prison in Louisiana State Court, that's how he got the medical records.  Not one time, including December 2006 the filing of this lawsuit, did counsel produce Dr. Tassin's order and recommendation "needs repair" and the "Nurses Notes" reflecting defendant Brandon Kindard on 7/12/06 calling Diana Lott with instructions that plaintiff cannot have surgery unless his hernia is incarcerated or into the scrotum.  There are approximately 25 sick call request slips, and 15 Offender grievances in the Medical Records from Louisiana.  Now, counsel only produces a duplicate copy of <u>one page</u> of the Louisiana Medical Records.  Plaintiff knows his Medical Records. This is enough lies!

"A" will reflect that on <u>*December 27, 2006*</u> plaintiff signed a "**PHS Authorization of Release of Information**" (Medical Release for PHS to retrieve the medical records from Louisiana.) "Defendants did retrieve the medical records, but are concealing them and never once produced them". *[Plaintiff is attaching that copy again, with this pleading as* <u>*Exhibit No. 1]*</u>

<u>*Secondly,*</u> on two separate occasions plaintiff "<u>*hand delivered*</u>" true copies of medical records to <u>nurse Graves</u> on or about <u>*January 5th or 7th 2007*</u>. And, on or about <u>*December 20, 2006*</u> plaintiff hand placed, a true copy of the Louisiana medical records <u>directly into the hands of defendant Brandon Kindard</u> who stated: "<u>*I am going to give you your surgery*</u>" in the presence of <u>*Lynn Brown,*</u> and <u>*Captain Bolling*</u> at Kilby Correctional Facility.

## POINT "A"

### SEVERAL MISSING CONCEALED MEDICAL DOCUMENTS

This Court ordered ADOC and PHS to produce all document, reports and notes which includes the Louisiana medical records, and the <u>fax reports</u> to Ruth Naglich, Grievances, especially **No# 06-215** "**front and back**", the "**nurse's notes**" and they didn't do it! Enough is enough! ***See, Exhibit No. 2,*** plaintiff needs this grievance that is in his medical records from Louisiana because the **back** of the grievance will reflect the response to surgery request by ADOC. Furthermore, Judicial Notice to this Records, see Court Record to a document entitled: [5]**Motion For Leave To File Necessary Relevant**

---

The Court will have to review the actual file because the Exhibit "A" which is attached to plaintiff Motion To File Relevant Materials and Affidavits, it is possible the back of that exhibit did not get

**Evidentiary Materials and Affidavits** filed on or about late *January 2007*, or early *February 2007.* There is an exhibit attached reflecting that of a Louisiana Medical Grievance on Inmate James Reagan, LCS, and Medical Record. This exhibit being that of a Grievance, if the Court will read the very back of this grievance it will reflect that defendant Ruth Naglich called Nurse Maxie with instructions that Mr. Reagan cannot have surgery, that his condition would return. However, several doctors in Birmingham, Alabama and Dr. Tassin, M.D., recommended James Reagan have surgery. The ADOC, through defendant Ruth Naglich personally overrode several doctors' order and recommendation. Reagan filed a lawsuit in the Louisiana State Court and obtained a Preliminary Injunction for surgery. ADOC, upon *October 6, 2007* both Reagan and plaintiff were returned to ADOC before Reagan could have surgery performed. Nevertheless a petition for writ of mandamus was filed in Montgomery County, Alabama and the Honorable Johnny Hardwick presided wherein, Reagan was seeking an order on ADOC and PHS to perform surgery based on the Louisiana State Court's order: ADOC and PHS did perform surgery immediately upon the filing of the petition for writ of mandamus. However, in this case, Grievance No: 06-215, Exhibit No. 2 will reflect the responses given to plaintiff's request for surgery and plaintiff has requested it; the court has ordered it, and defendants refuse to comply, obey, and have intentionally, deliberately concealed this evidence.)

---

scanned and this Court will not be able to review Ruth Naglich's response to that surgery request. Ruth Naglich was involved in medical decisions to inmates at Louisiana. The "back" of the grievance, Exhibit "A" is going to have the response.

There are Louisiana medical documents that have been ordered which contain several grievances, sick call, nurse's notes, which are very relevant to the claims presented in this case that the information contained on the "back" of the grievance, will explain, and debunk the lies in this case while disclosing the truth involving Ruth Naglich, and Brandon Kindard's personal involvement denying surgically request. Defendants are concealing several documents because they know if the plaintiff can demonstrate the fact that Ruth Naglich and Brandon Kindard were personally involved while plaintiff was in Louisiana, then liability could be imposed; but counsel has decided to conceal the documents.    Also, there is a "**fax report**" that Ruth Naglich's Office received pertaining to surgery.  There are orders that Ruth Naglich herself via-Affidavit explained and alleged where followed.  But, not one defendant has produced such. Plaintiff's Institutional and Medical file from Louisiana consist of 133 pages.  Plaintiff does not even have to ask this Court to review the medical records submitted by counsel, but the court ought to be a wear that "**there is noting in the Record submitted by counsel except two pages of the same document reflected that of, Dr. Tassin.**"   Why? Plaintiff demands that the defendants produce each and every document contained in his medical records, in their possession, control immediately!

## POINT "B"

### IDENTIFIED COUNSEL'S BAD FAITH FILING, AND MISREPRESENTED FACTS, FALSE STATEMENTS PLACED INTO THE RECORD

It is worthy to point out specifically counsel's false statements.  Reiterated Counsel states:  **P. 2 ¶ 2** [id.]

> " Once again, the PHS Defendants <u>have produced</u> records <u>that it may</u> have from South Louisiana Correctional Center <u>that are in its possession and control.</u>  In addition, the Plaintiff <u>has clearly received copies</u> of said documents <u>because</u> exhibits from the South Louisiana Corrections Center have <u>been marked by the Plaintiff</u> as exhibits throughout this case, including the infamous "hernia ... needs surgery?" reference by Dr. Tassin questioning the need for surgical intervention in this case." [Id.]

### COUNSEL'S STATEMENT / BROKEN INTO COMPONENTS

**Counsel states:**

a.        "PHS <u>Defendants have produced</u> records <u>that it may</u> have from South Louisiana Corrections Center <u>that are in its possession and control</u>. [ ]. . ."[Id.]

If Counsel was so certain that he has done what he claims: He would have <u>identified specifically</u> the documents produced.  But, he leaves the door open because Counsel's answer is disingenuous and vague and will not suffice because under <u>*Rule 34,*</u> Fed.R.Civ.P., the rule requires ". . . in the **possession, custody or control** of the party. . . ." "**Control**" is defined <u>not only as possession</u>, but as the <u>legal right to obtain</u> the documents requested upon demand." ***Searock v. Stripling***, 736 F.2d 650, 653 (11th Cir. 1984) Counsel has not, sworn under oath that they cannot retrieve the medical records, the fax report, and all information regarding hernia treatment: but, tries to lie and scheme

that they have produced what they have, will not suffice and sanctions are warranted because PHS acted as a Agent for ADOC and <u>they could</u> and <u>they did</u>, <u>retrieved</u> the medical records, but <u>are withholding them</u>.    Counsel is in violation of <u>*Rule 3.4(a)(b)(2),*</u> <u>*Rule 3.5(c),*</u> <u>*Rule 4.1(a)*</u> and <u>*Rule 8.4(a)(c)(g),*</u> of the *Alabama Rules of Professional Conduct*. Explaining his unethical practice is, PHS acted as an Agent for ADOC.    They are and were in the position to produce "ALL" medical documents <u>in the possession</u> of South Louisiana Correctional Center.    Morthanless, Ms. Linda Lawrence has stated in her Supplemental Affidavit that she requested the medical records, and retrieved them and reviewed them. [**See, argument Court Doc. 160 & 161**, and **Supplemental Affidavits Linda Lawrence**].    Now, the fact is on *November 9, 2007* plaintiff spoke with both Ms. Deborah Hunt, and Charles Stewart at Limestone C.F., [**See, Court Doc. 231, Motion for Contempt**] <u>Explaining in details the events,</u> Ms. Hunt showed plaintiff the "**Identical South Louisiana Correctional Center "Medical Records"** (portions of what is missing and is being concealed by counsel) and are the very identical Louisiana medical records that plaintiff <u>hand delivered to nurse Graves at Kilby</u> on or about *January 7, 2007*. (*Plaintiff knows his Medical Records; he has placed identification marks on them, reflecting they are his).*  On that day, Ms. Hunt explained to plaintiff that "**Kilby just faxed these to us today, you had these medical records before we did**".    However, what was interesting, Ms. Hunt "**did not**" have these medical records "**inside**" plaintiff's medical file, they

were simply "**laying on the table, separate and not a part of the medical file?** Plaintiff

questions why and moves this Court to demand answers!

These medical records "are not" and have not been produced. Counsel continues

to lie and plaintiff is sick and tired of his lies. **Every time counsel files a document he**

**creates more problems and voluminous filings.**

Counsel continues to lie, dishonest, misrepresented fact @ 2. ¶ 2: **[Id.]**

> b.      "... In addition, the Plaintiff has clearly <u>received</u> copies of said
> documents because exhibits from the South Louisiana Corrections
> Center <u>have been marked by the Plaintiff</u> as exhibits throughout this
> case, including the <u>infamous "hernia</u> . . . needs surgery? Reference by
> Dr. Tassin questioning the need for surgical intervention in this case. . .
> . "**[Id.]**[6]

<u>*Number one,*</u> plaintiff requests that this Court review the medical records

submitted by counsel. This Court <u>will not</u> find the "**Nurses Notes**" the **Fax Report**" the

**25 sick calls**, the **15 grievances**, nor the 133 pages of plaintiff's institutional and medical

file from South Louisiana Correctional Center. Why? Although all 133 pages are not all

relevant, still the position is they are available and have now been produced. Counsel

---

[6]      Counsel cannot reflect to the date, filing, nor the Record that will reflect the Louisiana Medical
Records, 25 sick calls, grievances, fax reports, doctor orders, nurses notes produced! Not one date can he
reflect to support his lies. He creates a terrible "foul odor" in this case and needs to be removed.
Plaintiff submitted the medical records because he obtained a copy of them while in Louisiana.
Defendants have concealed them, but the documents requested plaintiff does not have a copy, wasn't
given a copy and has been fighting almost two years, (in Louisiana as well) for the missing documents,
i.e., fax report to Ruth Naglich, all orders carried out etc.

again continues to lie! [7]**Each exhibit marked by plaintiff reflects "<u>his copy</u>"** of the medical records that defendants concealed. Morethanless, Counsel has submitted filing at the outset, arguing that both Dr. Tassin and Louisiana medical records practically "do not exist".

May the Court be mindful, plaintiff requested sanctions on Counsel when he slandered plaintiff to this court: [**Sanctions, Court Doc. No. 221 & 222**] Counsel filed a document entitled: "**Response to Plaintiff's Notice of Intent To File Motion For Sanctions Or, In The Alternative, Motion To Strike Pleadings and Affidavits and Affirmative Defenses**", **on page 2, ¶ 1** counsel states:

> [8]**"As previously been addressed in multiple pleadings previously filed with this Court, Mr. Breach has engaged in intentional misrepresentations to this Court, misconstruing, <u>if not intentionally lied, about medical evidence from Dr. John Tassin</u>, and <u>failed to comply with the requirements of the Prison Health Litigation Reform Act,</u> despite his perjurous statements to the contrary."[Id.]**

In defending himself against counsel's vicious acts, plaintiff submitted the Affidavit of Dr. John A. Tassin, M.D., explaining he wrote needs repair, and his Affidavit reflected and supported each documents presented by plaintiff concerning the medical records. <u>Counsel cannot, come back now and attempt to clean up his mess.</u> He cannot say, they have produced the Louisiana medical records; when he in the past lies stating

---

Each Louisiana medical record marked as an exhibit is from Plaintiff. He obtained the medical records, because evidence clearly shows defendants can't keep adequate records, because there are too many documents missing.

Counsel cannot slander plaintiff has a liar concerning the medical records of Dr. Tassin in his response, then, turn right around and attempt to tell this Court that he has submitted the medial records.

that basically Dr. Tassin, basically did not exist and the medical records do not exist. Disqualification is warranted because counsel conceals evidence.

Judicial Notice will reflect that counsel, throughout this entire litigation has been disruptive while concealing the Louisiana medical records: [**Court Doc. No. 55, May 14, 2007**] counsel states:

> ". . . **Yerubandi's affidavit references medical records of Marcellus Breach, specifically records from "South Louisiana Correctional Center."** Throughout this entire litigation, no such records **have ever been produced, identified, seen, or marked as exhibits by Mr. Breach . . . ." [Id.]**

The Court should also review counsel's Answer filed to this Complaint in *January of 2006.* He repeatedly argues against a Dr. John A. Tassin, M.D., never once, investigating, but swearing under his signature Dr. Tassin basically does not, never did exists and used the ingenious act of suppressing evidence through Affidavits from Dr. Robbins, M.D., suppressing the facts regarding Dr. Tassin.

Moreover, how many times throughout this entire litigation did counsel attempt to dismiss this case under the PLRA requirements. How many affidavits did he submit by Linda Lawrence blatantly lying to the Court; also, counsel actually concealed the *very grievance*s filed by plaintiff to Ms. Lawrence and then plaintiff debunking counsel's lies with the very grievance containing Ms. Laurence's signature on it; but, counsel then turns right around arguing repeatedly, several time that plaintiff did not file any grievance or appeal and asking the Court to dismiss this case while concealing the very

grievances and medical records.  Counsel has presented to this Court a **mountain of lies** and has demonstrated a mountain of ethical violations of dishonesty. [**See, Court Order & document # 152 & 155 – 1, Order**] [9]

It is interesting to note that on **page 2, ¶ 2,** and counsel basically "admits" plaintiff's hernia is dangerous.  Counsel states: "[ . . . ] . . . [T]**he South Louisiana Corrections Center have been marked by the Plaintiff as exhibits throughout this case, including the infamous "hernia . . . needs surgery?" . . . ."  The definition of infamous means: In·fa·mous (** ˈɪnˈfəˈməs **)** *adjective Law.* **a. Punishable by severe measures,** such as death, . . . ." **Microsoft Bookshelf.**  Counsel' admits Hernias are infamous, dangerous.

Plaintiff asks the question:  Where are "**all reports, notes**, and Louisiana medical records that contains 133 pages concerning treatment, including recent complaints, have been marked as exhibits and produced in this case as counsel alleges.  **Where is the fax report**, the **nurse reports, and grievance number # 06-215 for July 26, 2007** the **"front and back"** reflecting the response by ADOC to surgery request that is in the Louisiana Medical Records?  Counsel **does not know what he says.** [See, **attached Exhibit "B", plaintiff's copy, but plaintiff is seeking the "back" of this grievance because it will have the answers written on it."**

---

[9] Discovery is dangerous with counsel representing the medical defendants because there will be more lies submitted by counsel, more evidence concealed, and more disruption of this process.  This case could more forward less burdensome on the Court with a new counsel because, every time, each pleading submitted by counsel that contains more lies, misrepresented facts, bad faith, sham affidavits, concealed evidence, will be challenged.

Counsel states that: @ p. 2, ¶ 5, "Finally, **there is no set individual, other than the primary treating physician at Prison Health Services, who would be "responsible" for implementing any policy, protocol or regulation . . . . "** This answer is vague, ambiguous, disingenuous because who is the primary treating physician at Prison Health Services? Counsel give no names as ordered by the Court and does not meet the Court's order because Dr. Hobbs, and Dr. Robbins nor Dr. Lyrene cannot together be responsible for **one standard of treatment** that is practiced state wide in the Alabama prison system. There is one either verbal, written protocol, guideline, one procedure that is followed because Dr. Hobbs read, or quoted the protocol in his Affidavit to the Court: so where is it?

### ARGUMENT AND MEMORANDUM AT LAW/POINTS ON AUTHORITY DISQUALIFICATION / LIKELIHOOD OF PUBLIC SUSPICION

Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. The Rules of Professional Conduct of the Rules Regulating the Alabama Bar govern the professional conduct of members of the bar of the United States District Court of the Middle District of Alabama. Loc. R. et seq. *See also **Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.,*** 380 F.3d 1331, 1338 (11th Cir. 2004). "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.* Here, *Rules 3.3(a)(b)* and *3.5(c)* of the Rules Regulating the Alabama Bar are applicable. *see also **BellSouth**,* 334 F.3d at 961 (the party bringing the

motion to disqualify bears the burden of proving the grounds for disqualification). *Ala. R. of Prof'l. Conduct R. 3.3(1)(2)(3) Rule 3.4(a)(b) Rule 3.5(c), Rule 4.1(a)(b),* Rule 8.4(c)(d)(g) prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, concealing evidence, submitting false Affidavits, et cetera. *Ala. Bar Code of Prof'l. Conduct R. 8.4(d)* prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. There is a two-prong test for disqualification under Model Code of Prof'l. Responsibility Canon 9 (which prohibited the appearance of professional impropriety under the formerly operative Alabama Rules of Professional Responsibility).

The likelihood of <u>public suspicion</u> resulting from the Fifteen (15) Orders entered in this case and several Sanctions, Contempt filed complaining about counsel's conduct outweighs the social interest, if any, that will be served by Paul M. James, Jr., not be allowed to be continue participating as counsel. The continuing of order after order concerning the same issues raised, and to allow counsel to proceed forward causes serious doubts concerning the integrity of the Bar, the Court and these judicial proceedings if Paul M. James, Jr., is not disqualified. The court in ***Kliener v. First National Bank,*** <u>751 F.2d 1193</u> (11th Cir. 1985), has held that "the court can order disqualification of counsel . . . where there <u>is at least a reasonable possibility</u> that some <u>specifically identifiable impropriety</u> did occur and where court finds that the likelihood

of public suspicion or obloquy outweighs the social interest which will be served by a

lawyer's continued participation in a particular case."

### COUNSEL VIOLATES EVERY DISCOVERY RULE, AND HAS VIOLATED EVERY ORDER OF THIS COURT, ESPECIALLY INITIAL DISCLOSURE AND CONTINUES TO CONCEAL MATERIAL EVIDENCE

The Medical Records, fax reports and grievances of the plaintiff from South

Louisiana Correctional Services, has been, and are concealed.    ADOC and Counsel

had/have the duty to ensure that "all" plaintiff's medical records were disclosed at the

outset of this litigation.    However, from *December 2006,* to today, both ADOC and

counsel; still the Medical Records are being concealed.

### GOVERNING STANDARDS REGARDING DISQUALIFICATIONS ETHICAL CHARGES

*Rule 3.2*  **Expediting Litigation:**

> **"A lawyer shall make reasonable efforts to expedite litigation consistent with the interest of the client."  In this case, this court has had to repeatedly issue order after order upon counsel due to his failures to comply with court orders.**

*Rule 3.3* **Candor Toward The Tribunal**:

(a)    A lawyer shall not knowingly:

**(1)    make a false statement of material fact or law to a tribunal;**
**(2)    fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client,**
**(3)    offer evidence that the lawyer knows to be false.  If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.**

*Rule 3.4*  **Fairness to Opposing Party and Counsel**:

A lawyer shall not:

**(1)     unlawfully obstruct another party's access to evidence or unlawfully alter, or destroy or conceal a document or other material having potential evidentiary value.  Al lawyer shall not counsel or assist another person to do any such act.**

**(b)     falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;**

**(c)     knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists; or**

**Rule 4.1 Truthfulness in Statements to Others**:

In the course of representing a client a lawyer shall not knowingly:

(1)     **make a false statement of material fact or law to a third person; or**

(2)     **fail to disclose a material fact to a third person when disclosure is necessary** to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

_Rule 8.4_   **Misconduct:**

It is professional misconduct for a lawyer to:

**(a)     violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of anther.**

**(c)     engage in conduct involving dishonesty, fraud, deceit or misrepresentation;**

**(d)     engage in conduct that is prejudicial to the administration of justice;**

**(g)     engage in any other conduct that adversely reflects on his fitness to practice law.**

## _ARGUMENT_

Plaintiff was provided with 45 –days to conduct discovery without any additional time.  Defendants have had over fifteen orders during a period of five months.  The

Medical Records have been concealed; perjuious affidavits have been presented into he record. Counsel has slandered plaintiff, lied, and represents nothing more than a dishonesty. However, counsel never once supplemented his initial disclosure from day one, but concealed the medical records from the outset in _December 2006,_ and then six (6) months later, only two pages of the Medical Records come forward. Counsel amalgamated twisted pleading, and affidavits at the outset hid the medial records from Louisiana from this Court from the outset and he won doing it. He is a good liar, but messy. However, the damaged is done, and injuries sustained.

Counsel's conduct demonstrates that of a complete mockery; and to witness the continue conduct go unchecked is questionable and dangerous to both the Court and plaintiff in adjudicating this case.

Because of ADOC and counsel's failure to comply with the _Rule 16_ disclosure and supplementation requirement, plaintiff has been deprived of any meaningful opportunity to investigate defendant's allegations of no policy when Dr. Hobbs stated what the protocol states. Additionally, it appears counsel has done nothing more than harass, delay, up to fifteen orders. Plaintiff did not receive his discovery request timely, defendants waited until the _December 10, 2007_ deadline knowing that this Court would not grant additional time in the attempt to foreclose, impede plaintiff's discovery attempts to find out the truth in this case.

## CONCLUSION

This Court ordered both PHS and ADOC to produce plaintiff's medical records compiled during his incarceration at the South Louisiana Corrections Center. They have not complied and are concealing the records that plaintiff knows exist.

Defendants have not disclosed any written or verbal protocol, regulation or explained what and how hernia treatment must be followed when Dr. Hobbs stated that the ADOC protocol states: the hernia must be incarcerated or in danger of becoming incarcerated before surgically necessary.

The undersigned recommends that an appropriate sanction for counsel's abuse of the judicial process in not providing the court with true factual statements or responses and under Rule is to disqualify counsel, also, under grant relief under *Rule 37(b)(2)* Fed.R.Civ.P., Moreover, counsel's essence of bad faith requires the type of conduct that would require punishment for a litigant's abuse of the judicial process. Plaintiff is limited at this stage of the litigation, considering the severity of the misconduct; the Court would be remiss in turning a blind eye to this matter. "A court's time is a precious commodity of limited quantity." *Krasnow v. Navarro*, 909 F.2d 451, 454 (11th Cir. 1990). As noted by the United States Supreme Court, "[e]very paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L.

Ed. 2d 158 (1989).    Such a fact militates against a finding that Counsel has acted

vexatiously or in bad faith in the instant case, and is a case where "examples of . . .

counsel's bad faith and willful abuse of the judicial process abound." *Malautea v. Suzuki*

*Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir. 1993)

### RELIEF REQUESTED

That the Court issue an order stating: It be so *ORDERED* that the motion to

disqualify counsel be *granted* and the request for judicial notice in relation to motion to

disqualify be *granted* and the cause be *stayed* for 120 days to allow the medical defendants

to obtain substitute counsel from a different law firm: and for new counsel to have

adequate time to familiarize himself with this complex litigation; and/or,

a.    **Disqualify Attorney Paul M. James, Jr., from this proceeding;**

b.    **Sanction counsel in the amount of $2,000.00 to be paid to plaintiff for his conduct; and time incurred in preparation, and fees incurred in so numerous motions for sanctions, contempt and prosecuting this case; and,**

c.    **Sanction counsel to $ 10,000 to be paid to the Clerk of Court;**

d.    **Report counsel to the Alabama State Bar Association for further action and investigation;**

e.    **Suspend counsel from practicing law in any Federal Court for a period of no less than one (1) year;**

d.    **Under Rule 37(d), admit the facts set out in the Medical Records of plaintiff from South Louisiana Correctional Services, Inc., "Nurse Notes" Fax Reports, Grievances as**

26

admitted and true and preclude defendants from raising any defenses or submitting any evidence in opposition thereof;

e.    Grant plaintiff surgery immediately;

d.    Enter default judgment against the medical defendants as to Counts I, II, III, IV, V, IV of Plaintiff's Complaints; especially "Inadequate Medical Record Keeping" as proximate cause to injury;

f.    Grant what relief is in the interest of society, and the integrity of the Court.

Done this 31st Day ~~January 2008.~~ December 2007

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 31st Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

# EXHIBIT "A"



337 433 5497

Fax (334) 215-9126
Phone (334) 215-6678

## Authorization for Release of Information

To: Dr. John A. Tassin
South Louisiana
Correctional Ctr
3843 Stagg Rd
Basile, Louisiana

From: PHS-Kilby
PO Box 11
MT Meigs, Ala.
36057

Patient: Breach, Marcellus

Alias: _____

Date of Birth: 7-28-69

Inmate ID No.: 160710

Social Security No: 417 - 19 - 5989

Date(s) of Service: 3/2006 - 10/06

I hereby authorize the above named provider to release to Prison Health Services, Inc. or any of its representatives the following confidential information:

[✓] Physician/Provider's summary of my diagnosis, medications, treatments, prognosis and recent care

[ ] Admission    [ ] Discharge    [ ] Operative Summary Reports

[ ] X-Ray    [ ] Special Studies Reports    [ ] HIV Test    [ ] TB Test

[ ] Laboratory Reports    [ ] Immunization History    [ ] Dental Treatment Records

[ ] Psychiatric Summary Report    [ ] Substance Abuse Treatment History & Counseling Reports

[✓] Other Records  re: (1) Inguinal hernia evaluation +
(Specify information requested)
Treatment.   old records/ old charts

This authorization shall remain in full force and effect until withdrawn in writing by me. I hereby release and agree to hold provider harmless from any and all liability that may result from such release of information.

+ _Marcellus Breach_ Ax# 160710    12/27/06
(Patient's Signature)                           (Date)

_Burns, LPN_    12/27/06
(Witness' Signature)                              (Date)

The information requested is recognized as confidential and will be used only to ensure prompt and appropriate treatment of the named patient.

_Charlotte Foster_    12/28/06
(Signature and Title for PHS)                    (Date)

60102  (11/02)

000603

# EXHIBIT "B"

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

## SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?     Yes _____ No _____

OFFENDER'S NAME _Marcellus Beach_ LOCATION _Beatcat 2_

Time & Date of Incident: _____ Location of Incident: _____

Name & Location of Witnesses: _Medical_

Name of Personnel Involved: _Medical_

Summary of Complaint: _I've been recommended for Surgery on a hernia. I've yet seen anyone to have Surgery_

_Serious Medical need._

Specific Relief Desired: _Surgery_

Today's Date: _6/18/06_       Offender's Signature: _Marcellus Beach_

---

Grievance #: _06-215_                 Date Rec'd: _JUN 26 2006_

Type: _100_                          Screened by: _WARDEN VIATOR_

Policy/Procedure Challenged? Yes _____ No _____

_____ Hold pending decision in grievance # _____

__✓__ Accepted and Referred to _NURSE MAXIE_ .

_____ Rejected/Returned for the following reason: _____

Date: _____ Warden or Designee Signature: _____

000035

63

10

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

February 7, 2007

TELEPHONE (334) 954-3600

Marcellus Breach, AIS 160710
Kilby Correctional Facility
P.O. Box 150
Mt. Meigs, AL 36057

Re:    Request for copies
       Civil Action: 2:06cv1133-MEF

Dear Mr. Breach:

The clerk's office is in receipt of your letter requesting a copy of Ex A, Response to Grievance, to the Motion for Leave to File Necessary Relevant Evidentiary Materials and Affidavits. However, there is a .50 per page copy charge that must be paid before the copies can be made. If you wish to obtain these copies, please send a money order or facility check in the amount of $1.00 payable to the Clerk's Office. Furthermore, do not glue together any documents that you wish to file in this office.

If we can be of further assistance, please contact our office.

Sincerely,

Debra P. Hackett, Clerk

By:

Deputy Clerk

DPH/wl