IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                                CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### NOTICE OF FILING/ DISCOVERY DISPUTE PERTAINING TO DEFENDANTS RUTH NAGLICH AND BRANDON KINDARD

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), Fed. R. Civ. P.*, and compliance with this Court's order entered on <u>December 4, 2007</u> [*Court Doc No. 292—1, Order*] hereby files the attached for the Record: Plaintiff states as follows:

1.    Plaintiff has attached his letter to Counsel for ADOC regarding discovery disputes to responses of defendant Ruth Naglich and Brandon Kindard.

1

WHEREFORE, plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 31ST Day December 2007.

_____
Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 31ST Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____
Marcellus Breach

2

MARCELLUS BREACH, 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

**December 30, 2007**

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

      RE:   **2:06-cv-1133 Letter of Intent/ Discovery Disputes**
              **Discovery Responses from Defendant Ruth Naglich, and Brandon Kindard.**

Dear Counsel:

I have attached the disputed responses to both Ruth Naglich and Brandon Kindard in responding to requested discovery. It concerns me that not one document has been produced. There really isn't a lot that I am looking for and the documents due exist. However, too many are being concealed and not being produced. I hope we can work this out without court action.

First and foremost, I truly believe that documents are being suppressed which are relevant. ADOC's has control for the production and haven't. The answers to discovery request are seem confusing, vague and nonresponsive. I am requesting that you have them answered more responsively, and also produce the requested documents.

I request that you correspond with me regarding to the specific documents requested. If you do not have them, I want to know why, and where are they? I am more than willing to cooperate with you; I am open to any objections. I have enclosed the areas contained in the responses that I feel are in dispute. I hope fifteen (15) days from date of this letter to respond will be enough? If not, please fill free to request for more time.

I hope we can work this out without court action.

I thank you kindly,

*/s/ Marcellus Breach*
Marcellus Breach

**Attachments: Disputed responses Ruth Naglich and Bradon Kindard**

# DEFENDANT RUTH NAGLICH
# DISPUTED DISCOVERY REQUEST/ANSWER TO INTERROGATORIES

Not one document has been produced as requested. The requested production are under her control, possession and custody. There are several disputes in regards to Interrogatories propounded on defendant Ruth Naglich and her answers dated on December 17, 2007. I have listed and identified questions that I find are not responsive, and ambiguous. I am requesting that she answer more specifically and also provide the documents requested. Rule 34, Fed.R.Civ.P., is invoked, all request are under defendants control, possession or control and within the legal right to obtain all information requested from any Agent of ADOC.

1. Interrogatory No. 1(e)    She did not answer specifically to the question..

2. Interrogatory No. 3,    "Specifically Identify" refers to document(s). However, ADOC sent me to Louisiana and I requested information regarding to the medical treatment plan that was established regarding Hernias entered between ADOC and LCS.

3. Interrogatory No. 5. Ambiguous. Please produce the document.

4. Interrogatory No. 6, Ambigious.

5. Interrogatory No. 7, she did not clearly identify her administrative responsibilities including any responsibility over inmates while at the private prison in Louisiana.

6. Interrogatory No. 8, ambiguous, vague response.

7. Interrogatory No. 9. not responsive, evasive and ambiguous.

8. Interrogatory No. 12. Request for documents,

9. Interrogatory No. 13,    She did not identify.

10. Interrogatory No. 14.    Ambiguous.

11.   Interrogatory No. 15. Produce "document" reflecting Brandon Kindard's responsibilities.

12.   Interrogatory No. 16.   Evasive answer, produce the documents.

13.   Interrogatory No. 17. Her answer is evasive, please identify.

14.   Interrogatory No. 19, evasive, please answer the question, identify by document.

15.   Interrogatory No. 20.  Produce the document(s).

16.   Interrogatory No. 21.   vague answer.

16.   Interrogatory No. 22.  Produce the document regarding dental request for approval to ADOC.

17.   Interrogatory No. 23.  Identify by document please answer the question.

18.   Interrogatory No. 25, Identify by document as requested.

### REQUEST FOR PRODUCTION OF DOCUMENTS: Louisiana Medical Records

   a.   **Produce request**
   b.   **Produce request**
   c.   **Produce request**
   d.   **Produce request**
   e.   **Produce request**
   f.   **Produce request**
   g.   **Produce request**
   h.   **Produce request.**
   i.   **Produce request.**

### ADMISSIONS:

Defendant Naglich's answers to Admissions are inappropriate and vague. Ruth Naglich is a Nurse. The dispute regarding Admissions are questions numbers: **1,2,3,6,7,8,9,10, 11,12,13,14,15, 16,17,18,19,20 through 30, 31 though 42.**

## *DEFENDANT BRANDON KINDARD*

**Interrogatories:**

1.  Interrogatory No. 1(g)    evasive, ambiguous.

2.  Interrogatory No. 5     ambiguous. Medical Records have his name on them.

3.  Interrogatory No. 7     ambiguous answer, cannot point to the records, as an answer must specifically identify his answer.

4.  Interrogatory No. 12    identify by document and ambiguous, Ms. Lynn Brown was present at meeting at Kilby December 20, 2006.

5.  Interrogatory No. 13    ambiguous answer.

6.  Interrogatory. No. 15    contradictory statement.

7.  Interrogatory No. 16    Ambiguous answer.

8.  Interrogatory No. 17    Ambiguous answer.

9.  Interrogatory No. 18    Produce the requested documents responsive with answer.

10. Interrogatory No. 20  Please produce the document to support his answer.

11. Interrogatory No. 21  Identify by document explaining such.

13. Interrogatory NO. 22 & 23  Identify by document applied through any Agent.

14. Interrogatory No. 25.  Please produce the document supportive to answer.

## *REQUEST FOR PRODUCTION OF DOCUMENTS*

Medical Records of Plaintiff from South Louisiana Corrections Services, all of them and each grievance be in the form of "**front and back**" copies this is tangible evidence requested not produced. You cannot refer me to the Record for a document that is not there. Produce **Specifically Grievance No: 06-215 June 26, 2006** LCS Corrections

Services, Inc., Offender Grievance the "**Front and back**" please is requested. Also, produce the fax report and all faxes regarding plaintiff.