IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 JAN -2 A 10: 29

MARCELLUS BREACH, #160710

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiff,

             *   CASE NO: 2:06-cv-1133-MEF

Vs.

             *

PRISON HEALTH SERVICES, INC., et. al.,

             *

Defendants.

## *MOTION TO REQUIRE DISCLOSURE BY DR. WILLIAM HOBBS / AFFIDAVIT AS TO PRESENT LOCATION AND CUSTODY OF SPECIFIED DOCUMENT*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," moves this court for an order directed to <u>Dr. William Hobbs, M.D.</u>, a contracted physician as is cognizant of the facts to require disclosure by affidavit as to present location and custody of specified documents under oath in support of Prison Health Services, Inc., allegation, and answers to certain ADOC Ruth Naglich and Brandon Kindard alleging, that they also, have no policies, procedures, protocols regarding treatment of a prisoner suffering with a hernia: Plaintiff states as follows:

1.   Plaintiff is interested to learn where did Dr. William Hobbs obtain his information when he submitted an Affidavit, under Oath:

1

¹  "... **In order for a hernia to be repaired, the hernia must meet** a certain Protocol <u>**required by the Alabama Department**</u> **of Corrections. The <u>protocol states</u> that the <u>hernia must</u> be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach <u>does not meet this protocol</u> . . . ."**

In Dr. Hobb's "Supplemental Affidavit he states again:

"... <u>**In order for a hernia to be repaired**</u>, **the <u>hernia must meet</u>** a certain Protocol <u>**required**</u> **by the Alabama Department of Corrections. The <u>protocol states</u> that the <u>hernia must</u> be incarcerated or in danger of becoming incarcerated or into the scrotum. <u>Mr. Breach does not meet this protocol</u> . . . [ ] . . . <u>If Mr. Breach did in fact meet</u> the protocol by the Alabama Department of Corrections, his hernia <u>would be</u> repaired. . . .** " [id. @ 3 ¶ 3.] [Court Doc. 144-3, Filed on 9/21/2007

2.  <u>Where and how</u> did Dr. Hobbs gather this protocol information? How is Dr. Hobbs able to state to this Court what the Protocol states, without defendants producing this Protocol. How is the plaintiff to ascertain whether Dr. Hobbs is actually telling the truth, without plaintiff and the Court reviewing the Protocol when PHS and ADOC deny they have a protocol? Where is this Protocol? **Dr. Hobbs has the answer. Affidavit will tell us the answers.**

3.  This motion is made on the ground that the specified documents contains or constitutes evidence relevant to deliberate indifference and the matters, or a material issue in this action. Besides, plaintiff has the right to inspect the very document that Dr. Hobbs has quoted, that the protocol states that the hernia . . . . "

---

¹ **Hobbs emphasizes that "the protocol states" and "Mr. Breach does not meet the protocol" if and, "if Mr. Breach met the protocol he would have surgery".**

**Plaintiff wants to know where did Dr. Hobbs obtain this information, this protocol?**

2

4.  Plaintiff moves this court for order directing Dr. William Hobbs to produce by Affidavit the location of any and all documents regarding his statement concerning what the procotol states: also, any and all documents regarding his statement concerning his treatment for hernias: plaintiff moves the court for Dr. William Hobbs to state by way of affidavit, whether the document(s): protocols, policies, procedures is or, at <u>any time has been</u>, in <u>his possession</u>, custody, or control, and identify the location of documents, if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof. Any and all policies, regulations, procedures, and protocols regarding Alabama inmates suffering from hernias.

4.  That Dr. William Hobbs produce by document and state by way of affidavit, whether both the medical defendants and correctional defendants have ever had "this stated Protocol" and, any document(s) information regarding the disclosure of the identity of the person(s) responsible for such protocol/policy/procedures or regulations responsible for the implementation of the hernia treatment to inmates and whether or not if not now, or at any time has been, in his possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof.

### RELIEF REQUEST

Pursuant to <u>Rule 26(a)</u>, *Federal Rules of Civil Procedures*, for Dr. Hobbs to explain his statement regarding the Alabama Department of Corrections' Protocol and by submitting

by order of the court an Affidavit regarding the particular documents or items sought by plaintiff, disclose information as to, possession, custody, control of the Protocol or items by the adverse party or person not a party who has or had actual control over such documents or items sought, and if not now in his possession, power, custody or control, when he parted with the same, and what has become thereof: Because the documents and items contain or constitute nonprivileged evidence relevant to a matter or material issue in the action; and, good cause for the order compelling production has been sought.

**WHEREFORE,** plaintiff moves this court for an order directing Dr. William Hobbs the defendant to state by way of affidavit, whether the name of the person, a document, Protocol, regulation, procedures, policy, [Hernia Treatment] is or at any time has been, in his possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof,

Done this 27th Day December 2007.

/s/ Marcellus Breach

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

LEGAL CORRESPONDENCE

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101