IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 JAN -2 A 10: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710, *

Plaintiff, *

Vs. * CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al., *

Defendants. *

***MOTION TO REQUIRE DISCLOSURE BY DR. GEORGE LYRENE, MEDICAL DIRECTOR FOR ADOC / AFFIDAVIT AS TO PRESENT LOCATION AND CUSTODY OF SPECIFIED DOCUMENT***

***COMES NOW***, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," moves this court for an order directed to *Dr. George Lyrenes, M.D.*, a contracted physician as is cognizant of the facts to require disclosure by affidavit as to present location and custody of specified documents under oath in support of Prison Health Services, Inc., allegation, and answers to certain ADOC Ruth Naglich and Brandon Kindard alleging, that they also, have no policies, procedures, protocols regarding treatment of a prisoner suffering with a hernia: Plaintiff states as follows:

1. Plaintiff is interested to learn where did Dr. William Hobbs obtain his information when he submitted an Affidavit, under Oath:

**[1] ". . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol . . . ."**

In Dr. Hobb's "Supplemental Affidavit he states again:

**". . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol . . .[ ] . . . If Mr. Breach did in fact meet the protocol by the Alabama Department of Corrections, his hernia would be repaired. . . . " [id. @ 3 ¶ 3.] [Court Doc. 144-3, Filed on 9/21/2007**

2. In a case very similar to plaintiff. Dr. George Lyrene signed off regarding a protocol in ***Howard v. Davis***, 1995 U.S. Dist. LEXIS 9119, April 13, 1995 (S.D.Ala. 1995) that the facts in that case in part are:

> On June 21, 1993, Dr. George Lyrene, Clinical Medical Director for QuestCare, Inc., the medical care provider for the Alabama Department of Corrections, **signed off on certain TB protocol** to be followed by all prison health care workers. The outlined protocol requires, for instance, the skin testing of all inmates upon entry to the Alabama prison system and every year thereafter; of course, Fountain had been following such procedure since 1986. Some eight months later, on February 14, 1994, Dr. Lyrene sent a memorandum to all health care units advising the staffs that "all patients returning to a major institution from SIR, PDL, or Work Release should be retested for HIV, STD's, and T.B. Skin Test."15

---

[1] **Hobbs emphasizes that "the protocol states" and "Mr. Breach does not meet the protocol" if and, "if Mr. Breach met the protocol he would have surgery".**

**Plaintiff wants to know where did Dr. Hobbs obtain this information, this protocol?**

3. Pursuant to *§ 14-3-30(b),* Code of Alabama, (1975) will explain to this Court why plaintiff was transferred back to Alabama from Louisina because surgery would costs over $2,000.00 and the private prison was only holding prisoners, plaintiff was not sentenced in Louisiana, but under ADOC's control. Defendants have this unconstitutional protocol that plaintiff has to wait until the life or death situation before surgery will be authorized. The Statute provides the "duty" of ADOC to provide, approve funds for plaintiff's health need. The Statute states:

> *b)* ". . . **When an inmate sentenced to the custody of the department and the department is in receipt of a transcript of such sentence, is housed in a county jail, and the inmate develops a medical condition or has been diagnosed as having a medical condition which, in the opinion of a physician licensed in Alabama, would require treatment or a medical procedure or both, involving a cost of more than two thousand dollars ($2,000), the inmate shall be transferred within three days to a state owned or operated correctional facility or to the physical custody of the department as determined by the Commissioner of the Department of Corrections. The inmate shall receive treatment in the same manner as other state inmates. Nothing in this subsection shall be interpreted to relieve the department of its responsibility for the maintenance and upkeep, including the payment of medical costs, of an inmate sentenced to the custody of the department, nor shall this subsection be interpreted as conferring any additional responsibility upon a county for the maintenance and upkeep, or the payment of medical costs, of any inmate sentenced to the custody of the department.**

**4.** Dr. George Lyrene as Medical Director knows the location, contents of this protocol because Dr. Hobbs stated ADOC has this protocol.

5. This motion is made on the ground that the specified documents contains or constitutes evidence relevant to deliberate indifference and the matters, or a material

issue in this action. Besides, plaintiff has the right to inspect the very document that Dr. Hobbs has quoted, that the protocol states that the hernia . . . . "

4. Plaintiff moves this court for order directing Dr. George Lyrene, M.D., Medical Director to produce by Affidavit the location of any and all documents regarding his statement concerning what the protocol states: also, any and all documents regarding his statement concerning his treatment for hernias: plaintiff moves the court for Dr. George Lyrene, M.D., to state by way of affidavit, whether the document(s): protocols, policies, procedures is or, at any time has been, in his possession, custody, or control, and identify the location of documents, if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof. Any and all policies, regulations, procedures, and protocols regarding Alabama inmates suffering from hernias.

4. That Dr. George Lyrene, M.D., produce by document and state by way of affidavit, whether both the medical defendants and correctional defendants have ever had "this stated Protocol" and, any document(s) information regarding the disclosure of the identity of the person(s) responsible for such protocol/policy/procedures or regulations responsible for the implementation of the hernia treatment to inmates and whether or not if not now, or at any time has been, in his possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof.

## *RELIEF REQUEST*

Pursuant to <u>*Rule 26(a),*</u> *Federal Rules of Civil Procedures*, for Dr. Lyrene as Medical Director to explain, regarding the Alabama Department of Corrections' Protocol and by submitting by order of the court an Affidavit regarding the particular documents or items sought by plaintiff, disclose information as to, possession, custody, control of the Protocol or items by the adverse party or person not a party who has or had actual control over such documents or items sought, and if not now in his possession, power, custody or control, when he parted with the same, and what has become thereof: Because the documents and items contain or constitute nonprivileged evidence relevant to a matter or material issue in the action; and, good cause for the order compelling production has been sought.

***WHEREFORE,*** plaintiff moves this court for an order directing Dr. George Lyrene the defendant to state by way of affidavit, whether the name of the person, a document, Protocol, regulation, procedures, policy, [Hernia Treatment] is or at any time has been, in his possession, custody, or control, and if not now in his possession, power, custody, or control, when he parted with the same, and what has become thereof,

Done this 27th Day December 2007.

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## *CERTIFICATE OF SERVICE*

***I HEREBY CERTIFY***, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach