IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

Plaintiff,

Vs.                                                         CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

Defendants.

## MOTION TO STRIKE DEFENDANT BRADFORD ADAM'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, ETC. AS UNTIMELY

*COMES NOW*, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," moves this Court to strike defendant Bradford Adam's meritless, global objections as being inappropriate and untimely without excuse but to further delay this case and create more voluminous filings into the record: Plaintiff states as follows:

1.    Defendants were ordered on *October 18, 2007* by this Court, [**Court Doc. No. 178-1** @ 2, ¶ 5.]

> ¶ 5.    "Responses to request for discovery shall be filed with the court and served on the requesting party within thirty (30) days of receipt of the discovery request."

2.    The Court also granted plaintiff an opportunity to file a timely response to any response filed by the defendants within ten (10) days. [**Court Doc. No. 257-1, Order**]

1

3.   Plaintiff tried to confer with counsel, plaintiff wrote two (2) separate letters to counsel inquiring about Bradford Adams response to discovery request. Counsel "ignored" plaintiff's warning that he will file for sanctions and compel on <u>December 21, 2007.</u> Counsel was given more than enough time, he did not request any additional time, he did not confer with plaintiff. He does not deserve any more opportunities to further create a "<u>foul odor</u>" in this case based on his conduct of dishonesty.

4.   On <u>December 21, 2007</u> plaintiff filed his ***"Motion to Compel Responsive Answers to Discovery Request for Production of Documents, Interrogatories, Admissions Pursuant to <u>Rule 37(a)(2), 37(b)(2)</u> & Request for Sanctions"***. [Court Doc. N/A]

5.   On the very same day, counsel files both a global objection to Bradford Adams, and also a "Motion For Extension of Time". Counsel cannot have his cake and ice cream too. He cannot file for an extension of time, and global objections. That does not work and plaintiff objects, its either one or the other.

6.   <u>First, with respect to Defendants numerous **boilerplate objections** to Plaintiff's discovery requests, this Court ought to  agree that they are</u> improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." ***Panola Land Buyers Ass'n v. Shuman***, <u>762 F.2d 1550</u>, 1559 (11th Cir. 1985) . Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to

2

render the producing party the final arbiter of whether it has complied with its discovery obligations under Rule 26 because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not be considered by the Court. *See, e.g.,* ***McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*** 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

WHEREFORE, plaintiff seeks to strike and compel the production of documents and answers to interrogatories over such objections to Bradford Adams.

This 27th Day of December 2007.

/s/ Marcellus Breach
MARCELLUS BREACH 160710®
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 28th Day of December 2007.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach

4