IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE TO FILE SUBPOENA

*COMES NOW*, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," request leave to reopen discovery for the limited purpose of production of requested relevant, material documents from a third party: **The Alabama Board of Medical Examiners** and [1] **The Alabama Board of Nursing** for good cause and extraordinary circumstance: Plaintiff shows as follows:

1.      Plaintiff is requesting leave to reopen discovery for the limited purposes to file a <u>Subpoena Duces Tecum</u> upon the <u>Alabama Board of Medical Examiners</u> and the <u>Alabama</u>

---

[1] Plaintiff moves the Court to find it interesting and inquisitive as to what the Board of Medical Examiners and Nursing Board have developed under Alabama law regarding acceptable standards of care, and treatment of hernias in the State of Alabama. Also, the Board has protocols that set out what a nurse practitioner can and cannot do. In this case, Bradford Adams, a nurse practitioner cannot make medical decisions, and, in this case he did!

1

*Nursing Board* for good reasons regarding State law and duties which will demonstrate not only deliberate indifference, but a Breach of Duty on part of several defendants.

2.  The *Alabama State Board of Nursing* and *The State Board of Medical Examiners* have established, promulgated rules and regulations regarding the practice of medicine in Alabama. Pursuant to *§ 35-21-85*, Code of Alabama, 1975 plaintiff is requesting that the *Alabama State Board of Medical Examiners* and the *State Board of Nursing* produce for inspection their articles, and regulations regarding the medical practice for hernia treatment, qualifications, supervision and "Protocols" which are establish are administrative law, and practices that are to be followed among the medical profession in this community in the State of Alabama applied to treatment to patients diagnosed with hernias in accordance Alabama law *§§ 34-21-81(1)(2)(3)(4)(5)(6)(11)* and *§ 34-21-87* Code of Alabama, 1975 as adopted promulgated through their articles and regulations of the Board pertaining to hernia treatment, nurse practitioners and their collaboration with a physician as an acceptable standard in the community of care. The Statute states that the Board establishes, recommends rules and regulations that establish the ratio of physicians to certified registered nurse practitioners; provided, however, that the rules and regulations. *Section 34-21-85,* provides that the Board of Medical Examiners and the Board of Nursing shall recommend written protocols according to rules promulgated by the State Board of Nursing rules and regulations designed to govern the collaborative relationship between physicians and certified registered nurse practitioners. The Statute

also provides that "Protocols for use by certified registered nurse practitioners and certified nurse midwives certified to engage in the these two areas of advanced practice of nursing in collaboration with a physician . . . ." See *§ 34-21-85*, Code of Alabama, 1975.

1.  Plaintiff's discovery deadline ended on *December 10, 2007* and no extensions were granted. However, plaintiff did not have any opportunity to receive nor review any defendants' responses to discovery request within the 45-days limited discovery. Now, unbelievable, defendants asserts they have no protocols is plain out unbelievable. What has occurred, this Court has issued approximately fifteen (15) orders on the defendants regarding one simple issue: <u>hernia treatment, Louisiana medical records, protocols, policies, procedures, and regulations</u>. Over a period of five months, the court has been patient with defendants, giving them time over time, wherein; their conduct demonstrates nothing more than dishonesty, fraud, concealing evidence, and boot strapping. However, the Court is the supervisor.

2.  The grave issue of this case is regarding hernia treatment. On *November 26, 2007,* after five months, and fifteen orders, PHS defendants have stated that they <u>do not have any protocols regarding treatment for hernias</u> is questionable, and unbelievable. However, the *Alabama State Board of Medical Examiners* and *Board of Nursing* has Protocols, and their protocols are very relevant to the standard of care, and deliberate indifference to hernia treatment.

## ALABAMA LAW REGARDING PROTOCOLS

[2] *§ 34-21-85. Rules and regulations.*

"The joint committee shall be the state authority designated to recommend rules and regulations to the State Board of Medical Examiners and the Board of Nursing for the purpose of regulating the collaborative practice of physicians and certified registered nurse practitioners and certified nurse midwives. **No person may practice as a certified registered nurse practitioner or a certified nurse midwife in this state unless that person possesses a certificate of qualification issued by the Board of Nursing and practices <u>under written protocols approved by the State Board of Medical Examiners and the Board of Nursing and signed by a qualified collaborating physician or physicians</u> and certified registered nurse practitioner or certified nurse midwife or is exempt from the requirement of a <u>written protocol</u> according to rules promulgated by the State Board of Medical Examiners and the Board of Nursing.** The joint committee shall recommend to the State Board of Medical Examiners and the Board of Nursing rules and regulations designed to govern the collaborative relationship between physicians and certified registered nurse practitioners and certified nurse midwives certified by the Board of Nursing to engage in these areas of advanced practice nursing. These rules and regulations shall be finally adopted by July 1, 1996. These rules and regulations and any and all additions, deletions, corrections, or changes thereto shall be considered rules and regulations requiring publication under the Alabama Administrative Procedure Act; however, the following shall not be considered rules or regulations under the Administrative Procedure Act:"

*(1)* **Protocols** for use by certified registered nurse practitioners and certified nurse midwives certified to engage in these two areas of advanced practice nursing in collaboration with a physician; and

. . .

---

[2] Dr. Hobbs and Dr. Robbins reading the Statue, having a nurse practitioner working under their supervision "must" collaborate through "written protocols" regarding treatment to patients. Alabama Board of Medical Examiners are going to have Protocols that all doctors in Alabama "must" follow regarding hernia treatment or risk their license and malpractice.

3.   ADOC, and PHS still have not answered this Court's orders regarding production of plaintiff's **Louisiana medical records**, and policies, protocols, regarding treatment for hernias. [**See, Orders, 258—1, 259—1, 275, 277, et cetera**] Plaintiff asks to request production from the <u>State Board of Medical Examiners</u>, and <u>Nursing Board</u> any protocols regarding hernia treatment, and the limitations on a nurse practitioner making medical determinations?   Then, the court and jury could reasons whether defendants acted deliberate indifferent to plaintiff's medical needs.

### *ARGUMENT*[3]

Plaintiff is interested in ascertaining what the Alabama State Board of Medical Examiners and State Board of Nursing protocols regarding hernias states.  In addition, the Court ought to find it relevant as to how the Boards protocols correspond with Alabama Workers Compensation Law regarding hernia treatment pursuant to Alabama law, **§ 25-5-57(a)(6)(b)**, Code of Alabama, 1975 states:

> " (b)   **Treatment** – 'All hernia, inguinal, femoral, or otherwise, proved to be the result of an injury by accident arising out of and in the course of the employment, **shall be treated in a surgical manner by radical operation.** If the injured employee refuses to undergo **the radical operation for the cure of the hernia,** no compensation will be allowed during the time the refusal continues.  If, however, it is shown that the employee has some chronic disease or is otherwise in physical condition that the court considers it unsafe for the employee to undergo the operation, the employee shall be paid as otherwise provided in this chapter."

---

[3] In *Hammons v. State*, 777 So. 2d 750 (Ala. Crim. App. 1999) The Court spoke on administrative protocols under § 36-18-25(d) regarding DNA blood samples to be taken from state inmates.  ADOC complies with this statutory duty having a protocol.

The question is, PHS, ADOC, and CMS cannot, operate under a different standard than that established by both the Alabama State Board of Medical Examiners and State Nursing Board because they are governed under Statutory law and duty, establishing guidelines for the appropriate standards of care.

Deliberate indifference is an extremely difficult standard to meet. Incorrect diagnosis, by itself, is insufficient to past muster. "The plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). However, if plaintiff is allowed to obtain the Medical Board and Nursing Board's protocols regarding Hernia treatment, then it will be possible to clearly demonstrate deliberate indifference.

PHS and ADOC defendants have alleged that they do not have any treatment protocols regarding treatment for hernias suffered by inmates in the Alabama prison system. Unless defendants are willing to take full responsibility for such dishonesty, they have jointly breached their Statutory duty because defendants have physicians and nurse practitioners employed and practicing medicine under Alabama law and without protocols violates rules and regulations established by the Alabama Board of Medical Examiners § 34-24-53 and the Alabama Board of Nursing Standards § 34-21-1(3)(4)(6)(11) Code of Alabama, (1975).

6

In this case, defendant Bradford Adams, nurse practitioner practiced in an area that he is neither neither licensed nor qualified; making medical recommendation. The defendant noted **"no need for surgical referral at present"** is outside the scope of his practice. Only a <u>"qualified"</u> doctor can make such the medical judgment regarding hernias: in this case, no doctor other than Dr. John A. Tassin, M.D., questioned surgery. Dr. Robbins <u>never once</u> examined the plaintiff. There is a vast difference in the education and training of a physician and the education and training of a nurse and a vast difference in the activities they can perform. A licensed physician in the practice of medicine can "diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality." <u>§ 34-24-50(1),</u> Ala. Code 1975. A registered nurse in the practice of professional nursing can perform "any act in the care and counseling of persons or in the promotion and maintenance of health and prevention of illness and injury based upon the nursing process which includes systematic data gathering, assessment, appropriate nursing judgment and evaluation of human responses to actual or potential health problems through such services as case finding, health teaching, health counseling; and provision of care supportive to or restorative of life and well-being, and executing medical regimens including administering medications and treatments prescribed by a licensed or otherwise legally authorized physician or dentist." <u>§ 34-21-1(3)a.</u> The legislature has not authorized a registered nurse

to make a medical diagnosis. Rather, a registered nurse is limited to providing "care and counseling" for a patient and works at the direction of a physician

<u>Additionally, the legislature has recognized four kinds of nurses whose degrees call for advanced training beyond that of a registered nurse: a certified registered nurse</u> practitioner, a certified nurse midwife, a certified registered nurse anesthetist, and a clinical nurse specialist <u>§ 34-21-81</u>. It may be that those nurses with such advanced degrees are qualified to testify as to medical causation, and in this case, it is relevant: <u>in contrast, the legislature has not granted a registered nurse the authority to make a medical diagnosis.</u> *Hutchins v. DCH Regional Medical Center*, <u>571 So. 2d 1162</u> (Ala. 2000),[4]

## POINT "A"

### *ALABAMA LAW REQUIRES DOCTORS AND NURSE PRACTITIONERS TO PERFORM AND OPERATE UNDER PROTOCOLS*

Bradford Adams is a nurse and only a nurse. A physician's assistant may perform "any functions performed by the applying physician which the physician's assistant is qualified to perform" See, *§ 34-21-1, Code of Alabama, 1975*. Thus, even though the practice of a physician's assistant is normally limited to the powers contained in the

---

[4] In **Nelson v. Elba. Gen. Hosp. & Nursing Home, Inc.**, 828 So.2d 301 (Ala. 2000) The trial court struck the affidavit of a licensed practical nurse ("LPN"), finding that she did not have the qualifications necessary to proffer opinions on medical causation. An LPN generally has less training and education than an RN and works at the direction of an RN or a physician. 34-21-1(3)b. the held "We agree that an LPN, like an RN, lacks the training and authority to render a medical diagnosis."

job description upon which his or her certification is based, the job description is not absolutely binding. To the contrary, a rule of the Alabama Board of Nursing states that a nurse practitioner "must . . . practice according to written protocols mutually agreed upon by the Nurse Practitioner and physician for all delegated medical functions," See, § 34-21-81(5), Code of Alabama, 1975. The protocols governing the practice of defendants under Alabama are mandatory: if there is no guideline defining a condition and its management, the nurse practitioner must not diagnose or treat the condition without direct physician involvement. § 34-21-85, Code of Alabama, 1975. [5]

Bradford Adams, as a nurse practitioner operates and performs under Alabama law § 34-21-81(2)(3)(4)(5)(6), Code of Alabama, (1975). Nurse practitioners are regulated by the State Board of Nursing, § 34-21-81(2) which has established standards for their practice; the category of nurse practitioner is not established by statute, but nurse practitioners are governed by the statutes that apply generally to nurses. Before any nurse practitioner may practice in Alabama, he or she must have passed the American Nurses Association national examination for nurse practitioners. N.P.s practice according to guidelines and protocols established between themselves and doctors of their choosing; their job descriptions and duties may change as the physician with whom they

---

[5] If there is no protocol, how then was Bradford Adams a nurse practitioner lawfully allowed to diagnosed plaintiff's condition, proscribed a truss and pain medication? There must be protocols. The Board of Medical Examiners will answer these questions.

work deems it appropriate to the particular needs of himself or herself and the nurse practitioner. See, *§ 34-21-81(5)(6)(11),* Code of Alabama, 1975

*Section Title 34-21-81(5)* states as follows:

**"Collaboration":**
"A formal relationship between one or more certified registered nurse practitioners and certified nurse midwives and a physician or physicians under which these nurses may engage in advanced practice nursing as evidenced by written protocols approved in accordance with the requirements of this article or exempted in accordance with requirements of this article . . . . "

*Section Title 34-21-81(11)* states:

**"Protocol":**
"A document approved in accordance with **Section 34-21-87** establishing the permissible functions and activities to be performed by certified registered nurse practitioners and certified nurse midwives and signed by collaborating physicians and any nurse practitioners or nurse midwives practicing with those physicians.

The Statute interpreted in its plain meaning demonstrates that Dr. Robbins must have a protocol set out an established regarding treatment for hernias that Bradford Adams his nurse practitioner follows. Under Alabama law the nurse practitioner is acting and working supposable under the supervision of Dr. Robbins and supervisors also "must" have a protocol established by article *§ 34-21-81* Code of Alabama, rules and regulations set forth by Alabama Board of Medical Examiners and Board of Nursing. See, Section *Title 34-21-81(6),* Code of Alabama, 1975 which states:

10

**"Physician or Collaborating Physician"**

"A doctor of medicine or a doctor of osteopathy licensed to practice medicine in Alabama who agrees in writing to practice in collaboration with one or more certified registered nurse practitioners or certified nurse midwives in accordance with the rules and regulations adopted by the State Board of Medical Examiners and the Board of Nursing.

## POINT "B"
### *NURSING REQUIRES PROTOCOLS*

Bradford Adams, nurse practitioner under Alabama Law, and Rules and Regulations set forth by the Alabama Board of Nursing require protocols. Pursuant to § *34-21-85(1)* states: **"Protocols for use by certified registered nurse practitioners and certified nurse midwives certified to engage in these two areas of advanced practice nursing in collaboration with a physician; and,**

*Section Title 34-21-87* states:

"**Protocols --- Legend drug formulary."**

"Notwithstanding any other provisions of this article, the joint committee shall recommend model practice protocols to be used by certified registered nurse practitioners and certified nurse midwives and a formulary of legend drugs that may be prescribed by these advanced practice nurses, subject to approval by both the State Board of Medical Examiners and the Board of Nursing."

Next, *Section Title 34-21-83.* **"Physician qualifications"**:

"The State Board of Medical Examiners shall establish the qualifications for physicians who are engaged in collaborative practice with certified registered nurse practitioners and certified nurse midwives. The board may adopt rules and regulations to accomplish the purposes of this section."

11

Under this Statute, and the Protocols of the Board of Medical Examiners, and Nursing Board will aid ascertainment as to whether Bradford Adams, Dr. Michael Robbins, Dr. Lyrene, and Dr. Hobbs' qualified to make surgically recommendations "specifically" regarding hernias? No! Only a surgeon is qualified to say when, how long to wait for a patient to undergo surgery for his or her hernia is relevant to deliberate indifference, malpractice and negligence.

Furthermore, *Section 34-21-84* **"Nurse qualifications"** will establish whether Bradford Adams stepped beyond his qualifications making a surgically recommendation that he is not licensed and caused plaintiff's health to deteriorate.

## CONCLUSION

Evidence from the *Alabama State Board of Medical Examiners and State Board of Nursing* regarding nursing protocols, and protocols regarding hernia treatment are very relevant to the claims presented by the plaintiff. Plaintiff simply did not have enough time to discovery that ADOC and PHS claim to operate as medical providers without any protocols violates and is a clear represent of a breach of duty.

**WHEREFORE, *premises considered*,** plaintiff request leave to file subpoena duces tecum upon the aforementioned said, and this court grant this request because it will further justice.

Done this 27rd Day December 2007.

Marcellus Breach 160710
Limestone C.F.

28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this <u>28th Day of December 2007,</u> placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

®  _/s/ Marcellus Breach_
Marcellus Breach

# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
*848 Washington Avenue (36104)*
*P.O. Box 946*
*Montgomery, Alabama 36101- 0946*

TO:   **ALABAMA STATE BOARD OF MEDICAL EXAMINERS**
**C/O Custodian of Records**
**848 Washington Avenue (36104)**
**P.O. Box 946**
**Montgomery, Alabama 36101- 0946**

**Requester:**

Marcellus Breach AIS# 160710
Limestone C.F. Dorm D – 46 Cell
28779 Nick Davis Rd.
Harvest, Alabama 35749

RE:   **"REQUEST PURSUANT TO THE RIGHTS OF "CITIZENS TO INSPECT AND COPY PUBLIC "WRITINGS/FREEDOM OF INFORMATION ACT "**

"Comes now the requester, Marcellus Breach, and moves this Board of Medical Examiners, pursuant to the right of citizens to inspect and Copy Public Writings/Freedom of Information Act, Title 36, Section 12-40 of the Code of Ala. 1975, *Ex parte [State] of Alabama v. Roderick Matthews*, 724 So. 2d 1140, for the following:

   a.   **Protocols regarding Hernia treatment to patients in Alabama; and,**
   b.   **Nurse Practitioners qualifications to make surgically recommendations; certified registered nurse practitioner, (CRNP) and clinical nurse specialists (CNS).**
   c.   **Nurse Practitioner Protocols regarding Hernias for CRNP & CNS.**

I ask for your assistance. I can forward the necessary funds to cover the fees to making copies of this request. I apologize due to my incarceration that I am unable to

appear; however, I humbly request that you assist me because I have a Hernia, the size of a "soft ball" and I am in pain! Secondly, I will have someone in Montgomery during the latter part of January 2008. If you will please correspond with me, I can have then call your office and make arraignments for the inspection, and copying including the fee. Section 36-12-40 expressly provides that "every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute." No statute denies this right to inmates or felons.

"Done this 26th Day of December 2007.


Very Truly Yours,

*[signature]*
Marcellus Breach


CC:

Clerk of Court
United States District Court

# ALABAMA STATE BOARD OF NURSING
## 770 Washington Avenue
## Montgomery, Alabama 3630

TO: **ALABAMA STATE BOARD OF NURSING**
**C/O Custodian of Records**
**770 Washington Avenue**
**Montgomery, Alabama 36101- 0946**

**Requester:**

Marcellus Breach AIS# 160710
Limestone C.F. Dorm D – 46 Cell
28779 Nick Davis Rd.
Harvest, Alabama 35749

RE: *"REQUEST PURSUANT TO THE RIGHTS OF "CITIZENS TO INSPECT AND COPY PUBLIC "WRITINGS/FREEDOM OF INFORMATION ACT "*

"Comes now the requester, Marcellus Breach, and moves this Board of Medical Examiners, pursuant to the right of citizens to inspect and Copy Public Writings/Freedom of Information Act, Title 36, Section 12-40 of the Code of Ala. 1975, *Ex parte [State] of Alabama v. Roderick Matthews*, 724 So. 2d 1140, for the following:

a. **Protocols regarding Hernia treatment to patients in Alabama; and,**

b. **Nurse Practitioners qualifications to make surgically recommendations; certified registered nurse practitioner, (CRNP) and clinical nurse specialists (CNS).**

c. **Nurse Practitioner Protocols regarding Hernias for CRNP & CNS.**

I ask for your assistance. I can forward the necessary funds to cover the fees to making copies of this request. I apologize due to my incarceration that I am unable to appear; however, I humbly request that you assist me because I have a Hernia, the size of a "soft ball" and I am in pain! Secondly, I will have someone in Montgomery during the

latter part of January 2008. If you will please correspond with me, I can have then call your office and make arraignments for the inspection, and copying including the fee. Section 36-12-40 expressly provides that "every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute." No statute denies this right to inmates or felons.

"Done this 26th Day of December 2007.


Very Truly Yours,

Marcellus Breach


CC:

Clerk of Court
United States District Court