IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS # 160710), | ) |
| Plaintiff , | ) ) ) ) |
| vs. | ) ) CIVIL ACTION NO. |
| CORRECTIONAL MEDICAL SERVICES, INC., ET AL, | ) 2:06-cv-1133-MEF ) ) ) |
| Defendants . | ) ) |

## ANSWER

COMES NOW the defendant, CORRECTIONAL MEDICAL SERVICES, INC. (hereinafter "CMS") by and through counsel, and answers the plaintiff's Complaint in this matter as follows:

1.  The defendant denies each and every material allegation contained in the plaintiff's Amended Complaint and demands strict proof thereof.

2.  The defendant pleads not guilty to the charges in the plaintiff's Complaint.

3.  The plaintiff's Complaint fails to state a claim against this defendant for which relief can be granted.

4.  The defendant affirmatively denies any and all allegations claimed by the plaintiff.

5.  The plaintiff is not entitled to any relief requested in the Complaint.

{B0795736}

6. The defendant pleads the defense of qualified immunity and avers that the actions taken by the defendant were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by plaintiff.

7. The defendant is entitled to qualified immunity and it is clear from the face of the Amended Complaint that the plaintiff has not alleged specific facts indicating that the defendant has violated any clearly established constitutional right.

8. The defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The plaintiff is not entitled to any relief under 42 O.S. § 1983.

10. The allegations contained in the plaintiff's Complaint against the defendant's employees and/or independent contractors, sued in their individual capacities, failed to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

11. The defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agency immunity.

12. The defendant pleads the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if plaintiff's allegations should be proven, the allegations against this defendant would amount to mere negligence which is not recognized as a deprivation of the plaintiff's constitutional rights. *See Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).

14. Alabama law provides tort and other remedies for the allegations made by the plaintiff herein and such remedies are constitutionally adequate.

15. The defendant pleads the defense that at all times in treating plaintiff, CMS exercises the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did CMS act towards the plaintiff deliberate indifference to a serious medical need.

16. The defendant pleads the affirmative defense that the plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render CMS liable to the plaintiff as required by § 6-5-551 of the Ala. Code (1993).

17. The defendant pleads the affirmative defense of contributory negligence and assumption of the risk.

18. The defendant pleads the affirmative defense that plaintiff's damages, if any, were the result of an independent, efficient and/or intervening cause.

19. The defendant pleads the affirmative defense that the plaintiff has failed to mitigate his own damages.

20. The defendant denies that it has a specific policy and/or protocol with regards to hernias as is alleged in the Complaint.

21. The defendant pleads the affirmative defense that CMS is not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States constitution.

22. The defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

23. The plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 O.S. § 1997(e)(a). The plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

24. The Prison Litigation Reform Act Amendment to 42 O.S. § 1997(e)(c) mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages for the defendant which is entitled to immunity.

25. The plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 O.S. § 1997(e).

26. The plaintiff has failed to comply with 28 O.S. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in Federal Court.

27. Pursuant to 28 O.S. § 1915A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from defendants that are entitled to immunity as provided for in 42 O.S. § 1997(e)(c).

28. The defendant asserts that the plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment, intimidation and requests this Court pursuant to 42 O.S. § 1988 to award defendant reasonable attorney's fees and costs incurred in the defense of this case.

29. The plaintiff's claims are moot because the events which underlie the controversy have been resolved. *See Marie v. Nickels*, 70 F.Supp.2d 1252 (D.Kan. 1999).

                                                Respectfully Submitted,

                                                s/Philip G. Piggott
                                                PHILIP G. PIGGOTT

Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
ASB#:  4379-P67P
E-mail: PGP@starneslaw.com

WILLIAM ANTHONY DAVIS, III
ASB#:  5657-D65W
E-Mail:  tdavis@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following:  Paul M. James, Jr. Esq., Rushton, Stakely, Johnston & Garrett, P.A., P. O. Box 270, Montgomery, AL  36101-0270, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Mr. Marcellus Breach
AIS #160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama  35749

Albert Sims Butler, Esq.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, Alabama  36130-1501


Respectfully Submitted,

s/Philip G. Piggott
PHILIP G. PIGGOTT
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

{B0795736}                                6

        Telephone: (205) 868-6000
        Fax: (205) 868-6099
        ASB#:  4379-P67P
        E-mail: ppiggott@starneslaw.com