### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

7009 JAN -4 A 10: 02

U.S. DISTRICT COURT
MIDDLE DISTRICT A...

MARCELLUS BREACH, #160710    *

Plaintiff,    *

    *    CASE NO: 2:06-cv-1133-MEF

Vs.    *

PRISON HEALTH SERVICES, INC., et. al.,    *

Defendants.    *

### AMENDED MOTION TO COMPEL RESPONSIVE ANSWERS TO DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, ADMISSIONS PURSUANT TO RULE 37(a)(2), 37(b)(2) & REQUEST FOR SANCTIONS

COMES NOW, plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves this Court to Order defendant _Bradford Adams_, nurse practitioner to answer and produce requested discovery request:  Plaintiff further states as follows;

1.    The Record is completely silent; there are only two (2) pages of the "same" pages of plaintiff Louisiana medical records produced: but, it only took six months after filing this action for the defendants to produce the two pages.  Where are the medical records? The documents are and always have been available and defendants refuse to produce them; they are under the defendant's control, possession.  Plaintiff has repeatedly complained about missing documents that exists, and are concealed, ie., fax reports, nurse's notes, grievances (front and back") that are germane to the claim.

2.    Defendant's "global, boilerplate objection" are insufficient.    Fax reports, grievances and nurse's notes along with other medical documents are still concealed, and have not been produced.    Nevertheless, defendant's response to the motion to compel does not provide any information as to what steps Defendants undertook, if any, to find the requested information. Under Rule 26(g) , an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her which are responsive to the discovery request. *Sexton v. United States,* 2001 WL 649445 *1 (M.D. Fla. 2001) (citing Rule 26(g), Fed.R.Civ.P. ).  This Court should compel defendants to comply because the documents are at South Louisiana Corrections Center that has already been ordered to be produced.

3.    Reiterated, defendants numerous boilerplate objections to Plaintiff's discovery requests, the Court agrees that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) .

WHEREFORE, premises considered, plaintiff moves this Court to put an end to the abuse that is being demonstrated and compel defendant to answer and produce what has been ordered, and requested.

Done this 1st Day January 2008.

_____

MARCELLUS BREACH ® 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749


## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class, postage prepaid and properly addressed to and mailing through the prison mail box system on this 1st Day of January 2008.

Alabama Dept. Of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnstone & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

_____
Marcellus Breach

Marcellus Breach 160710
L.C.F. 28779 Nick Davis Rd Cell 46-D-dorm
Harvest, Al 35749



This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Clerk of Court
U.S. District Court
P.O. Box 711

M0.