IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

Plaintiff,

Vs.                                     CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

Defendants.

*MOTION FOR ISSUANCE OF SUBPOENA FOR THE ATTENDANCE OF NONPARTY WITNESSES TO APPEAR AT DEPOSITIONS UPON WRITTEN QUESTIONS*

**COMES NOW**, the plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," moves the Court pursuant to <u>Rule 30(a)(1)</u> and <u>Rule 45</u>, *Federal Rules of Civil Procedures* to issue a Subpoena to appear and testify on *January 31, 2007* as a re-set date for the taking of deposition. Plaintiff states that a subpoena is not only necessary, but is required in order to perfect the initiated taking of deposition upon written questions upon Dr. John A. Tassin, M.D., and Diana Lott, nurse administrator: Plaintiff states as follows:[1]

**NOTE:**

---

[1] The Record reflects that the questions are on file and have been served upon all parties, but it is necessary to have the witnesses deposed by Subpoena, Rule 43 Fed.R.Civ.P.

Plaintiff request that to prevent double filing with the Record that the filed written questions [**Court Doc. No. 298, 299 and 320**] be Ordered to be served upon Dr. Tassin and Diana Lott with the request for subpoena.

1. [2]The Court granted plaintiff to take depositions upon written questions upon witnesses to this case: Dr. John A. Tassin, M.D., and Diana Lott, nurse administrator employed with the private prison in Louisiana, South Louisiana Corrections Services, the private prison ADOC transferred plaintiff in March 2006. [**Court Doc. No. 234 –1, Order**].

¶ 2. On or about <u>December 5, 2007</u> plaintiff filed written notice of taking deposition upon written question on Diana Lott [**Court Doc. No. 298 & 299**] the Court ordered that on or before <u>December 15, 2007</u> the defendants file any response to the stipulations set forth in such notices. [**Court Doc. No. 305 – 1, Order**] No objections were filed by any defendant or party, witnesses.

¶ 3. On <u>December 10, 2007</u> plaintiff served and filed his deposition upon written questions on Dr. John A. Tassin, M.D., and submitted additional questions upon Diana Lott to be propounded and answered on a set date being <u>December 21, 2007.</u>

¶ 4. Each deposition was served upon the witnesses and the officer designated to administer oath and take the deposition on the date that was set.

¶ 5. However, a subpoena is necessary because Dr. John A. Tassin, M.D., and Diana Lott have indicated, "that **<u>before</u> they would answers <u>they would have to be deposed</u>**".

---

[2] **Plaintiff request that Court Doc. No.'s 298, 299 and 320 the Depositions upon written questions that are already a part of the Record and served upon all parties and witnesses be Ordered to be attached and served with the Subpoena to the witnesses.**

A <u>Subpoena</u> is the proper method of having them deposed and invoking the Court's jurisdiction over the witnesses.

¶ 6.  Upon information and belief, the Alabama Department of Corrections is in contract with South Louisiana Corrections Services, Inc., holding Alabama inmates at the private prisons in Louisiana. Both Dr. Tassin and Diana Lott work at South Louisiana Corrections Services and are the medical providers to Alabama inmates.

### MEMORANDUM AT LAW/POINTS ON AUTHORITY

Under <u>Rule 30(a)(1)</u> provides that the attendance of witnesses may be compelled by subpoena as provided in <u>Rule 45</u>. <u>Rule 30(b)</u> requires a party desiring to take a deposition to give written notice of the deposition. Further, the Court may enter an order compelling attendance of a party or an officer, director, or managing agent of a party who fails to appear for a deposition after being served with proper notice. Fed. R. Civ. P. <u>37</u>(d).

Notice of taking depositions was timely filed, served upon all parties.  Both witnesses received their copies of the questions and also, have read the question; nevertheless the witnesses have <u>refused</u> to answer <u>unless they are deposed</u>.  A Subpoena will depose them.

Although no subpoena is unnecessary to require officers, directors or managing agents of a corporate party to attend a deposition, this is not the case. And, although most corporate litigants voluntarily produce subordinate employees, if the corporate

party refuses to produce the person, the person must be subpoenaed. *See. e.g., In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition. . . . If an examining party fails to meet its burden [of proving that a deponent is a managing agent], **it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses.**"); *Colonial Capital Co. v. Gen. Motors Corp.*, 29 F.R.D. 514 (D. Conn. 1961) (granting motion to vacate deposition notices to subordinate employees).

Dr. John A. Tassin, M.D., and Diana Lott, nurse administrator "are not" individuals as officers, directors or managing agents of the corporate defendants. Dr. John A. Tassin, M.D., is an independent contractor with South Louisiana Corrections Services, Inc., and Diana Lott is an employee of South Louisiana Corrections Services, Inc., and SLCS is a corporation, but a nonparty to this action. They are/were Agents for the Alabama Department of Corrections during the time and events challenged in plaintiff's complaints. Because these individuals are not officers, directors or managing agents of Defendants subpoenas are necessary.

### *RELIEF REQUESTED*

**Under 28 USCS § 1920.   Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

      a.   That plaintiff request leave to file a subpoena be granted;

b.   That the fees in the issuance of the subpoena be taxed as costs under 28 USCS § 1923

c.   **That Court Doc. No.'s 298, 299 and 320 be served by the Clerk of Court attached with the Subpoena upon Dr. John A. Tassin, M.D., and Diana Lott.**

c.   That this Court grants what is deems fair and appropriate.

**WHEREFORE,** *premises considered*, a Subpoena is absolutely necessary in this case. Plaintiff moves this Court to grant said request, ordered that the Subpoenas be served and also that **Court Doc. No. 298, 299 and 320** the written questions be served upon the witnesses for answering with the Subpoena.

Done this 8th Day January 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 8th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Counsel for PHS defendants.**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

Counsel for CMS defendants.

Starnes & Atchison, LLP.
Seventh Floor
100 Brookwood Place
P.O. Box 598512
Birmingham, Alabama 35259-8512

/s/ Marcellus Breach
Marcellus Breach

# "SUBPOENA IN A CIVIL CASE"

CASE NUMBER:

IN RE: <u>SUBPOENA DUCES TECUM</u>

TO: Diana Lott, Nurse Administrator
South Louisiana Correctional Services
Post Office Box 650
Pine Prairie, LA 70576

☑ YOU ARE COMMANDED

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Edwards Law Firm, 312 West University, Lafayette, LA 70502 | |
| | DATE AND TIME |
| | 1/31/08  10:00 A/M |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Edwards Law Firm | 1/31/08  10:00 A/M |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Marcellus Breach, 160710  Medical Records  SLCS.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Marcellus Breach | 1/8/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Limestone C.F. 28779 Nick Davis Rd. Harvest, AL 35749

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## SUBPOENA

TO: **Diana Lott, Nurse Administrator**
**South Louisiana Corrections Services, Inc.**
Post Office Box 650
Pine Prairie, LA 70576

**YOU ARE HEREBY COMMANDED** to appear at the **Law Office of Edwards Law Firm** located at **312 West University** in the **City of Lafayette, Louisiana** 70502 337*237*6881 on the **31st Day of January 2008, at 10:00 a/m**, (or at set time prescribed by Attorney Chris Edwards) then and there to testify on behalf of Plaintiff **Marcellus Breach** in the above-entitled action and to bring with you and testify to, under the penalty of the law:

    a.    Offender Marcellus Breach #Al 160710 Complete Louisiana Medical Records and Institutional File specifically the "LCS Corrections Services, Inc., Offender Grievance" dated June 26,

    2006, Grievance No. 06-215, Type 100 the "FRONT and BACK" of this *Grievance*.
 b. "Any and all" "Fax reports directly related to plaintiff on or about 7/10/06
 c. "Any and all" "Nurse's Notes" medical records, orders, documents.

The failure to attend or answer the depositions upon written questions as a witness you will be deemed guilty of <u>contempt of court</u>, and liable to pay all loses and damages sustained thereby by the parties, and forfeit $1,500.00 in addition.

Done this 8th Day of January 2008

*/s/ Marcellus Breach*
_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

              BY:_____
                 DEPUTY CLERK

## RETURN ON SERVICE

  The above-named witness was summoned on _____at
_____ by_____
Time_____ Date_____, delivering a copy of this subpoena to (him)(her), and, if a witness for the petitioner, by tendering fees and mileage to him (her) pursuant to Rule 148 of the Rules of Practice and Procedure of the Civil Court.

Dated:_____, Signed:_____

Subscribed and sworn to before me this _____day of _____2008.


_____[Seal]  _____
                [Name]

Title:_____

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# "SUBPOENA IN A CIVIL CASE"

CASE NUMBER:

IN RE: SUBPOENA DUCES TECUM

TO: Dr. John A. Tassin, M.D.
1535 West Main St
Ville Platte, LA 70576

☒ YOU ARE COMMANDED

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Edwards Law Firm<br>312 West University<br>Lafayette, LA 70502 | |
| | DATE AND TIME<br>1/31/08  10:00 A/M |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Edwards Law Firm<br>312 West University Lafayette, LA 70502 | 1/31/08  10:00 P/M |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] /16916 | 1/8/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Limestone C.F., 28779 Nick Davis Rd  Harvest, AL 35749

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710    *

    Plaintiff,    *

                                                                         *   CASE NO: 2:06-cv-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC., et al.,    *

    Defendants.

## SUBPOENA

TO:  **Dr. John A. Tassin, M.D.**
       **1535 West Main Street**
       **Ville Platte, LA 70576**

**YOU ARE HEREBY COMMANDED** to appear at the **Law Office of Edwards Law Firm** located at **312 West University** in the **City of Lafayette, Louisiana** 70502 337*237*6881 on the **31st Day of January 2008, at 10:00 a/m**, (or at set time prescribed by Attorney Chris Edwards) then and there to testify on behalf of Plaintiff **Marcellus Breach** in the above-entitled action under the penalty of the law:

**The failure to attend or answer the depositions upon written questions as a witness you will be deemed guilty of contempt of court, and liable to pay all loses and damages sustained thereby by the parties, and forfeit $1,500.00 in addition.**

Done this 8th Day of January 2008

*/s/ Marcellus Breach*

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

BY:_____
DEPUTY CLERK

## RETURN ON SERVICE

The above-named witness was summoned on _____at _____ by_____
Time_____ Date_____, delivering a copy of this subpoena to (him)(her), and, if a witness for the petitioner, by tendering fees and mileage to him (her) pursuant to Rule 148 of the Rules of Practice and Procedure of the Civil Court.

Dated:_____, Signed:_____

Subscribed and sworn to before me this _____day of _____2008.

_____[Seal]   _____
                            [Name]

Title:_____