**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARCELLUS BREACH, AIS #160710** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:06-cv-1133-MEF** |
| | ) | |
| **PRISON HEALTH SERVICES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ADOC DEFENDANTS' RESPONSE TO
PLAINTIFF'S APPLICATION FOR TEMPORARY
RESTRAINGING ORDER and/or PRELIMINARY INJUNCTION**

Come now the Alabama Department of Corrections Defendants, by and through the undersigned counsel, and submit this response to the Plaintiff's application for temporary restraining order and/or preliminary injunction as follows:

1. The Plaintiff's motion seeks for this Court to issue injunctive relief against Billy Mitchem (Warden of Limestone) and Wade Davis (Plant Maintenance Supervisor III at Limestone). These two employees of ADOC are not defendants in this action. The named ADOC Defendants in this action are Allen, Lyrene, Naglich, and Kinard. Specifically at #1, Breach is alleging that Mitchem and Davis are subjecting him to "freezing conditions" and "deliberately and intentionally that of 'no heat' in the law library". (Page 4, Document #333). And at #2 Breach is alleging that the "Defendants" (no named ADOC employees) are "interfering with the medical treatment once proscribed by a physician" and "will not allow plaintiff to be seen by a doctor".

2. The ADOC Defendants response to the Plaintiff's first claim is that it is not part of his original or amended claim(s) and that the named employees are not defendants. The ADOC Defendants would respectfully request that this Honorable Court take judicial notice of the number, size, and volume of the pleadings, motions, etc. that the Plaintiff has filed and continues to file on an almost daily basis in this action. It is obvious to counsel for the ADOC Defendants that Inmate Breach is not being subjected to "icebox access to the courts". Additionally the Plaintiff seems to be trying to allege that the law library's lack of "adequate" heat is somehow causing himself and other to be subjected to the development of some future health problems. There is but one Plaintiff in this action, Inmate Breach. The only evidence proffered by the Plaintiff that the ADOC Defendants "underhandedly retaliating against him" are his conclusory allegations. Interestingly, the Plaintiff's own affidavit, which is attached as support of his motion (Exhibit "A"), does not allege that the heat in the law library is being intentionally withheld, in fact, it states that the heater is broken. This affidavit is not properly notarized. The affidavits of other inmates submitted by the Plaintiff in support of this motion, without question, allege a heating problem with the law library at Limestone dating, at least, back to 2004, which is well before the filing of this action. Inmate Breach has not shown the elements to establish the issuance of injunctive relief.

3. As to Inmate Breach's claim of a interference and/or denial of access to medical care, the Plaintiff's twenty-seven page pleading does not state who, within ADOC, is allegedly denying him medical treatment. His only claims are against the medical health care providers and they are the same claims he has continuously alleged.

Without knowing who within ADOC the Plaintiff is alleging to be interfering and/or denying him medical access, it is impossible for these ADOC Defendants make a meaningful response. These Defendants would suggest that Breach's improperly submitted affidavit basically shows that he is, in fact, being allowed medical access. The affidavit admits that he filled out a request and was seen by the medical staff on at least two occasions. Again, the affidavit does not stated that any ADOC employees are denying him access.

4. The ADOC Defendants would submit that this application for temporary restraining order and/or preliminary injunction is without merit, is not properly supported, does not allege the proper elements for injunctive relief, and is due to be denied. The ADOC Defendant reserves the right to defend these allegations should this Honorable Court deem it necessary.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2008, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL  36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, Alabama 35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney