IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

*MOTION FOR ISSUANCE OF SUBPOENA DECUS TECUM FOR PRODUCTION OF DOCUMENTS UNDER RULE 45(a), Fed.R.Civ.P.*

**COMES NOW**, the plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," moves the Court to issue a Subpoena Decus Tecum pursuant to *Rule 45, Federal Rules of Civil Procedures, Rule 801 & 803 Federal Rules of Evidence* upon custodian of Records, Diana Lott, nurse administrator at South Louisiana Corrections Services, to produce for inspection and copying plaintiff Medical Records: Plaintiff states as follows:

1).    *Rule 45* subpoena/request for documents asking for:
    a.    "copy of the plaintiff's Offender Grievance filed and responded to on June 26, 2006, Grievance # 06-215, Type 100 screened by Nurse Maxie "Front And BACK".
    b.    Any and all Fax Reports reflecting date of 7/10/06 to ADOC regarding hernia repair, and any and all memos, documents, correspondence, memoranda, e-mail communications, and other writings utilized in connection with the medical treatment proscribed to plaintiff while at

    South Louisiana Corrections Services from March 2006 through October 6, 2006.

c. Any and all doctor's order and nurse's notes, all documents reflecting the treatment of plaintiff hernia.

### STATEMENT OF THE FACTS/ WHERE ARE THE LOUISIANA MEDICAL RECORDS?

2). On *January 2, 2008* plaintiff filed a document entitled "supplemental motion for contempt/motion to compel/motion for sanctions" [**Court Doc. No. 351**]. The Court denied the motion for compel stating and relying on voluminous responses and objections to discovery request filed by the defendants. [**Court Doc. No. 373-1, Order**]. However, **Court Order, Doc. No. 277,** the Court specifically ordered defendants to produce: "(i) all medical records of the plaintiff, including those records compiled during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, from the initial diagnosis of plaintiff's hernia in February of 2005 until the present date; . . . . "

Defendants did not comply; the Court denied plaintiff's motion to compel regarding production of Louisiana medical records.

3). Because plaintiff knows his Louisiana medical records, and on November 9, 2008 Deborah Hunt, personally showed plaintiff portions of Louisiana medical records that were outside his medical file, and have not been produced by defendants also, Ms. Hunt stated: "we just got these today from Kilby, you had them before we did". Those additional Louisiana medial records is evidence, relevant to deliberate indifference and reflect what transpired while plaintiff was in Louisiana. However, as plaintiff continues to

complain to the Court, the defendants are suppressing evidence. Plaintiff request to file a subpoena to retrieve the missing portions of the medical records.

## ARGUMENT

PHS, ADOC and CMS all have not adequately complied with the requirements under *Rule 26*, requirements of initial disclosure of plaintiff's medical records from South Louisiana Corrections Services. Judicial Notice will reflect that plaintiff has repeatedly requested production of his Louisiana medical records. The Court has on numerous of times issued order after order that defendants produce any and all documents related to the medical treatment of the plaintiff while at South Louisiana Corrections Services and defendants have not complied. In addition, no evidence is before the Court from defendants under *Rule 26(g)*, that an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her, which are responsive to the discovery request. See, ***Sexton v. United States***, 2001 WL 649445 * 1 (M.D. Fla. 2001)(citing *Rule 26(g)*, Fed.R.Civ.P.).

The court stated that the voluminous copies of documents produced by the medical defendants in reality ought to be enough because such documents contain plaintiff's medical records. However, plaintiff has alleged, inadequate medical record keeping, deliberate indifference, medical malpractice, and negligence in this case. An evaluation of the plaintiff's medical records <u>is not enough</u> to satisfy the plaintiff's discovery requests, and that discovery of the facts regarding what transpired while plaintiff was in Louisiana

is very germane to the facts of this case. Court's have recognized given the <u>extreme difficulty</u> prison inmates often face in obtaining evidence of jail customs or policies, it is unlikely that access to a prisoner's medical records is enough. *See Lewis*, 2006 U.S. Dist. LEXIS 47405, 2006 WL 1843336, at *2 ("To restrict a civil rights plaintiff's access to the type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims."). Access to plaintiff medical records from South Louisiana Corrections Services, and review of that information is even more important in a case such as this where the Plaintiff is alleging that supervisory officials interfered with medical treatment once prescribed by a physician, also, that a defendant's de facto policy is the force of law to the proximate cause of injury and this de facto policy applied to plaintiff was he was a prisoner in Louisiana because ADOC was in control over the plaintiff being an Alabama inmate. Because there is evidence that the ADOC officials acted improperly, the information should see the light of the day.

Although plaintiff properly requested production of document of his medical records, he has been unsuccessful in having the Court compel the medical defendants to produce such relevant documents. However, because such documents have been sought pursuant to a <u>Rule 34</u> document request or a Rule 45 subpoena this Court can compel. *See, e.g., Lewis v. Chicago Housing Authority,* No. 91 C 1478, 1991 U.S. Dist. LEXIS 13360, at *4 (N.D. Ill 1991) (compelling plaintiff to sign authorization forms required by IRS in order to effectuate a subpoena for tax records); *Skleagen v. Greater Southeast Cmty Hosp.,* 625 F.

Supp. 991, 992 (D.D.C. 1984) (requiring plaintiff to sign release for medical records where plaintiff had not produced all such records in response to request for production); *Fleming v. Gardner,* 84 F.R.D. 217, 218 (E.D. Tenn. 1978) (ordering Plaintiff to produce hospital records pursuant to a request for production or in lieu thereof to sign a release for the records).

Plaintiff is not satisfied that PHS has alleged that they have produced what medical documents that they have. Plaintiff argues PHS and CMS have the documents but will not produce them. Even if what they state is true, the medical records are still available and are in Defendant's "'possession, custody, or control" and that "to the extent that such documents may exist, they would be within the possession custody and control of Defendant ADOC, PHS and CMS. Plaintiff, in his motion to compel, argued that the Court should have ordered     Defendants to produce the documents because "it is clear that the Defendants do have custody and control of said documents." Defendants counter that plaintiff's Louisiana medical records are not in "actual possession". Plaintiff argues that such documents are public record and prison records.

Plaintiff argues that this Court has given counsel for the medical defendants so much lead way because they have produced plaintiff PHS medical records wherein, 90% of PHS medical records are "irrelevant" and have done nothing more than create a disguise into voluminous irrelevant medical records. Thus, the grave constitutional issues resolve around the medical records from South Louisiana Corrections Services and they

have not been produced and they contained evidence that is relevant and admissible to the claims asserted by plaintiff in his Complaint.

Fed. R. Civ. P. 26(g) & 37 discuss sanctions for discovery violations. Rule 37(c) grants the Court the power to impose sanctions for, *inter alia,* a party's failure to disclose information required by Rule 26(a) or 26(e)(1), or a party's submission of false or misleading documents. The Rule states information, which is not disclosed, or is false or misleading, can not be used at trial "unless such failure is harmless." Moreover, the rule empowers the Court to "impose other appropriate sanctions." *Rule 26(g)* requires attorneys to vouch for the completeness, truthfulness and good faith nature of disclosures, discovery requests, responses and objections. If a party violates 26(g), the rule empowers the Court to impose "an appropriate sanction." *See* Fed. R. Civ. P. 26(g)(3) . Rule 28 U.S.C. 1927 allows the Court, in its discretion, to impose costs, expenses, or attorney fees on an attorney or person "who so multiplies the proceedings in any case unreasonably and vexatiously."

WHEREFORE, plaintiff moves that the Court order that the subpoena decus tecum be granted and issued by the Clerk of Court under 28 USCS § 1920 for production of plaintiff's medical records from South Louisiana Corrections Services.

Done this 12th Day January 2008.

/s/ Marcellus Breach

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY**, that I have this 14th Day of January 2008 served a true copy of the foregoing upon the following by U.S. Mail properly addressed postage prepaid First Class U.S. Mail through the prison mail box system.

Alabama Dept. Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36101

**Counsel for PHS**

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

**Counsel for CMS**

Starnes & Atchison, LLP.
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

                                                                     Marcellus Breach

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101

Cornelius Branch 161910
Weston C.F.
P.O. Box Draws 1110
West, AL 35149

HUNTSVILLE AL 355
14 JAN 2008 PM

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| | * | |
| Plaintiff, | | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | | |
| | * | |
| PRISON HEALTH SERVICES, INC., et al., | | |
| | * | |
| Defendants. | | |

*CIVIL SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS
UNDER RULE 45(a), Fed.R.Civ.P.*

TO:  **Diana Lott, Nurse Administrator
South Louisiana Corrections Services, Inc.
Post Office Box 650
Pine Prairie, LA 70576**

You are hereby commanded to do each of the following acts at the instance of the Plaintiff, **Marcellus Breach AIS# 160710** within 15-days unless otherwise ordered by the court after service of this subpoena:

That Diana Lott and South Louisiana Corrections Services produce and permit Plaintiff Marcellus Breach to inspect and to copy each of the following documents:

I.  **DEFINITIONS:**

The Word *"Medical Examination"* as used herein, shall include any interview, observation, physical or mental examination, and any other scientific or medical technique

or practice designed to obtain information respecting the medical history, condition, diagnosis and/or progress of the plaintiff examined.

II.  **INSTRUCTIONS.**

> a.  Plaintiff's request included but not limited to, any and all documents in the possession, custody, or control of South Louisiana Corrections Services. If your response to any request herein is that the documents are not in your possession, custody, or control, explain in details the unsuccessful efforts made to locate the documents.
>
> b.  If your response to any request herein is that the documents are not in your possession, custody, or control, identify who has the possession, custody, or control of the documents and where they are located.
>
> c.  State the date each document was written and a descriptive title of each produced document.

*REQUEST FOR PRODUCTION OF DOCUMENTS*

1.  That South Louisiana Corrections Services, Inc., ("SLCS") and/or Diana Lott, Nurse Administrator produce and permit plaintiff to inspect and to copy each of the following documents:

> a.  The Offender Marcellus Breach #AL. 160710 South Louisiana Correctional Center, "Offender Grievance" #06-215, June 26, 2006, specifically the FRONT and BACK, answer and investigation by Nurse Maxie or any other person.
>
> b.  Any and all "documents" specifically fax reports relating and reflecting to the nurse's notes of the plaintiff's medical records: 7/10/06 "faxed report" to Ruth Naglich at the Alabama Department of Corrections Commissioner's Office in reference to inguinal hernia inmate requesting repair & is filing a lawsuit to have surgery done.

c.  **Any and all documents in your possession, custody, control received, sent, made or read by any person at SLCS between March 16, 2006 through October 6, 2006 relating to any order, direction, agreement, memorandum, communication(s) regarding procedures, rules, regulations, policy, protocols for hernia repair to Alabama inmates.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. Plaintiff request that such copies of documents be mailed by the **United States Postal Service, First Class Priority Mail labeled** as **"Legal Mail"**. Plaintiff further request that such reasonable fees for copying and mailing that you notify plaintiff in writing as to method of payment. Such production and inspection is to take place at the place where the documents or things are regularly kept. This request shall continue in force for all documents described above until after the completion of the trial in this case.

The plaintiff agrees to pay all reasonable expenses incurred by requested person at the aforementioned time and place. You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should

communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your responses for your objections.

Done this 12th Day January 2008.

_____
MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 14th Day of January 2008 served a true copy of the foregoing upon the following by U.S. Mail properly addressed postage prepaid First Class U.S. Mail through the prison mail box system.

Alabama Dept. Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36101

**Counsel for PHS**

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

**Counsel for CMS**

Starnes & Atchison, LLP.
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

_____
Marcellus Breach