**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

```
                                                    ≥≥ JAN 15  A  ₹ 22

                                                       ... ... ... ...
                                                     HS. DISTRICT ...
                                                     MIDDLE DISTRICT ALA
```

—————————————————————

MARCELLUS BREACH, #160710,                  *

      Plaintiff,                                 *

                                                  *      CASE NO: 2:06-CV-1133-MEF

Vs.                                                          *

PRISON HEALTH SERVICES, INC.,              *

      Defendants.                                *

### *PLAINTIFF'S WRITTEN OBJECTIONS*

**COMES NOW,** the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach") in proper

person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order

entered on <u>*January 9, 2008*</u> [**Court Doc. No. 368-1**] regarding plaintiff's motion for

independent physical examination and the motion to grant independent physical

examination [**Court Doc. No. 279, 345**] for good cause because only a qualified physician

is able to give an opinion regarding hernia treatment.

### *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other

nondispositive pretrial order the decision of the magistrate judge is a final decision. [1]28

---

[1] <u>*Objection.*</u> Any party who objects to this recommendation or anything in it must, within ten days of the
date of service of this document, file specific written objections with the Clerk of this court. Failure to do so
will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an

U.S.C. § 636(b)(1)(a)(2004).   Plaintiff files his written objections specifically as to the magistrate judge's denial of the motion to compel defendants to produce plaintiff Louisiana medical records which has been specifically requested, and ordered but, defendants will not produce the documents that are relevant to deliberate indifference.

## LEGAL AUTHORITY OF OBJECTIONS

Plaintiff files his written objections unto the Record under the authority of *Rule 706*, Federal Rules of Evidence,    *Rule 702*, Federal Rules of Evidence and the United States Supreme Court holding decision regarding expert testimony under *Daubert    v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993), **Johnson et al., v. Price,** Ala. LEXIS 236 (Ala. 1999) and § 6-5-548(e), Code of Alabama, 1975.

## STATEMENT OF THE FACTS

Plaintiff requested an independent physical examination be conducted for good cause because his health has now deteriorated and given him permanent injuries until he has surgery that will correct the injury.  However, what is most important in this case is defendant Dr. William Hobbs "is not" qualified to give an opinion regarding surgery for a hernia because he is not Board Certified in that specialty.  Dr. Lyrene and Dr. Robbins are not qualified in the area regarding surgery for hernias because they are not Board Certified to make surgically recommendations regarding hernias by law.

---

attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

The law is that when a medical problem calls for more skill or expertise than the prison staff have, the prisoner must have access to the necessary level of medical expertise. *Ellis v. Butter*, 890 F.2d 1001, 1004 (8th Cir. 1989); *West v. Keve*, 571 F.2d 158, 162 (3rd Cir. 1978). This can occur either because a prisoner has a difficult medical problem requiring a medical specialist or because the prison medical staffs are only equipped to deal with very basic medical needs. When medical personnel try to do more than they are trained to do, they have gone beyond their level of competence. Sometimes, the prison medical staff decides that the prisoner needs to see someone more qualified outside of the prison, but the prison officials decide that it may costs too much. This reasoning "to override a medical determination that a particular prisoner is in need of prompt treatment and must be transported to an appropriate facility." Id.

In this case, plaintiff has produced several Louisiana medical documents that defendants have refused to produce. The Louisiana medical records reflect that on 7/10/06 a fax report was faxed to Ruth Naglich, medical personnel requesting approval for plaintiff to have surgical repair. Two days after, 7/12/06 defendant Brandon Kindard called Louisiana with instructions plaintiff cannot receive surgery for his hernia unless it is incarcerated or into the scrotum, (life or death). Plaintiff was then placed on sick call to see if he needed to be seen by a surgeon in hernia repair, but it, according to the defendants would have been a waste because plaintiff's hernia was not incarcerated or into the scrotum, regardless of the unbearable pain at times.

## *ARGUMENT*

Only a surgeon is qualified to give medical opinions regarding when surgery needs to be recommended regarding hernias. While it is true that courts hesitate to find an eighth amendment violation when a prison inmate has received medical café. *Hamm v. DeKalb County,* 774 F. 2d 1567, 1575 (11th Cir. 1985), cert. Denied. 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed. 2d 894 (1986), that "[h]esitation does not mean . . . that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs." *Waldrop,* 871 F.2d @ 1035; see also, *Murrell v. Bennett,* 615 F.2d 306, 310 n.4 (5th Cir. 1980)(treatment may violate eighth amendment if it involves "something more than a medical judgment call, an accident, or an inadvertent failure"). The holding decision regarding *Rule 706,* Fed. R. Evid., and a prisoner needing the appointment of an expert witness in a deliberate indifferent case is *Smith v. Jenkins,* 919 F.2d 90 (8th Cir. 1990) the Court ruled that "Thus, the district court erred as a matter of law in ruling that mere proof of medical care by a doctor consisting of diagnosis only sufficed to disprove deliberate indifference. *Smith* is entitled to prove his case by establishing that Dr. Oglesby's course of treatment, or lack thereof, so deviated form professional standards that it amounted to deliberate indifference in violation of his eighth amendment right to be free from cruel and unusual punishment." Id. @ 93. The Court further stated: "We are particularly troubled by the absence of *Smith's* medical records from the court record.

We believe a review of the medical records is required before a determination against

Smith is made in this case." Id. @ 93 n.3

## INDEPENDENT PHYSICAL EXAMINATION OUGHT TO BE WARRANTED
## RULE 706, FEDERAL RULES OF EVIDENCE

The Eleventh Circuit Court of Appeals citing *Smith* addressed the appointment of

expert witnesses in a prison deliberate indifference case, ***Steele v. Shah***, 1996 U.S. App.

LEXIS 23301 (11th Cir. 1996). The Court held:

> "Rule 706, Fed.R.Evid. provides the court with discretionary power to
> appoint an expert witness either on the court's own motion or the motion
> of a party. *Steele* invoked an exercise of that discretion and was entitled to
> a reasoned ruling upon it. The case is one that by its nature warrants
> consideration of the possible need in order to insure a just resolution of
> the claim. As the parties agree, the appropriate standard of psychiatric
> care is at issue in the case. **Expert opinion on that issue and its
> application here obviously might be important to the finder of fact**. *See*
> ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir.1986). If, as he claims, *Steele*
> is indigent, this **could provide further reason to appoint an expert to
> avoid a wholly one-sided presentation of opinions on the issue**.
> *See* **Michael H. Graham,** *Federal Practice and Procedure* **6681, at 355**
> (interim ed. 1992) (noting that one of the rationales for Rule 706 is that
> some litigants may not have the wherewithal to locate and/or pay for an
> expert). See also ***Smith v. Jenkins,*** 919 F.2d 90, 93-94 (8th Cir.1990) (noting
> in another case of claimed deliberate indifference by a prison doctor the
> **necessity of expert witnesses and the advisability of the court's
> appointing an expert on remand).** We emphasize that we do not here
> offer any opinion on the propriety of appointing an expert witness; we
> only direct that discretion on the matter be exercised and reflected in a
> reasoned ruling."

It is appearing that the magistrate judge is reviewing this case by a one sided-presentation of opinions from prison doctors <u>who are not qualified to make surgically</u> <u>decisions.</u>   It is fundamentally unfair to a prisoner who has his own expert to not be allowed to have an examination performed at his own costs.

In addition, plaintiff argues that the defendant's position is contrary to the plain language of <u>*Rule 35*</u>. Specifically, plaintiff argues that a doctor who conducts a <u>*Rule 35*</u> exam can be a consultant or an expert retained by a party. Second, the plaintiff argues that <u>*Rule 26*</u> contemplates that a party's non-testifying consultant <u>may conduct</u> a <u>*Rule*</u> <u>*35(a)*</u> exam. Third, the plaintiff states that the requirement that a <u>*Rule 35*</u> examining physician be completely unconnected to either party has been considered and rejected. Fourth, plaintiff argues that the case law has consistently held that a party's retained expert <u>can conduct a *Rule 35*</u> "independent medical examination." Finally, plaintiff argues that as a practical matter <u>*Rule 35*</u> is the only means by which a defendant's rebuttal expert can examine the plaintiff and it is prejudice to the plaintiff to not be allowed to be examined by a qualified surgeon in the very area that is in conflict.

Most importantly, there is <u>no expense on the defendants</u> in the Court ordering independent physical examination.  Plaintiff argues that the prejudice is, it would be incongruous to deny the nonmoving party the ability to present the necessary proof to withstand a motion for summary judgment – by denying plaintiff to be examined by a "qualified" doctor in hernia repairs because under <u>*Rule 706*</u> Fed.R.Evid., it is very

prejudice because it hinders plaintiff with the full ability to come forward with such proof.

First, Dr. Hobbs' Affidavit fails to disclose whether he is qualified to diagnose and treat hernias and to make recommendations regarding surgery. At most, the record indicates that he is "only" a licensed medical doctor rendering services to prisoners and not to society, is a great factor that the Court will have to weigh. Next, his statements of qualifications show no specialized training in the field of Ventral Hernias. Moreover, the parties dispute over the nature, extent, and deterioration of his health. A qualified surgeon disagrees with Hobbs's opinions because Hobbs is not Board Certified. What is most important, the trier of fact will have to decide deliberate indifference because expert testimony is necessary. Rule 706, Federal Rules of Evidence.

The Court will be the gatekeeper regarding whether Dr. Hobbs's opinion is reliable. Dr. Hobbs attempts to hide behind his stated training and education for forming a basis of an opinion regarding hernias is insufficient by itself. The law is established that if the defendant is not a specialist, then both the defendant and witness must have similar non-specialty training and recent practical experience. Only a witness competent in the area Ventral Hernias is competent to testify and give an opinion regarding surgery. Dr. Hobbs, Dr. Lyrene and Dr. Robbins have attempted to disagree with Dr. Yerubandi who is a surgeon, when Hobbs, Lyrene and Robbins all fall short and cannot testify or give an opinion regarding the standard of care, surgery in the medical filed of practice of

7

Ventral Hernias — they are not certified by the same boards regarding surgery and the standard of care regarding hernias.  Dr. Lyrene and Robbins are not Board Certified with the <u>American Board of Surgeons</u> and their opinion are not reliable nor worth the paper it is written on, they are not experts, and it is established that when a witness relies "solely on primarily on experience then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably to the facts." *Frazier*, 387 F.3d @ 1261 see also, ***Daubert***, 509 U.S. 137, 149, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); <u>*Rule 702*</u> *Federal Rules of Evidence* and Section Title <u>6-5-548(b),</u> Code of Alabama, 1975.

The in controversy, is surgery before incarceration, strangulation and life or death that only can a jury will be able to decide.  Under <u>*Rule 702,*</u> Fed. R. Evid., requires that a qualified surgeon give a meaningful opinion regarding the standard of care, and treatment for hernias.        The medical opinions before the Court and the prejudice is, this case is <u>one-sided</u> without plaintiff being allowed to have an independent physical examination by a qualified expert.

## *CONCLUSION*

This case is one-sided by opinions that are not admissible, by doctors who are not qualified nor Board Certified to give opinions regarding surgery.  It is highly prejudice to the plaintiff for the court to deny him an examination by his expert or any surgeon qualified in Hernias and Board Certified.

Done this 14th Day January 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 14th Day January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® 

Marcellus Breach