IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,   *

    Plaintiff,   *

Vs.   *   CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,   *

    Defendants.   *

*PLAINTIFF'S WRITTEN OBJECTIONS*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>*January 9, 2008*</u> **[Court Doc. No. 371-1, & 373-1]** regarding plaintiff's motion for contempt/motion to compel and motion for sanctions **[Court Doc. 346 & 351]** for good cause because plaintiff has been continuously complaining to the magistrate judge that <u>there are</u> missing requested relevant, admissible evidence being the Louisiana medical records regarding plaintiff's treatment which has been court ordered, requested through discovery for production of documents by plaintiff several times and defendants fail to comply, obey and are suppressing relevant material evidence to the case at bar: Plaintiff states as follows:

## STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [1]28 U.S.C. § 636(b)(1)(a)(2004). Plaintiff files his written objections specifically as to the magistrate judge's denial of the motion to compel defendants to produce plaintiff Louisiana medical records which has been specifically requested, and ordered but, defendants will not produce the documents that are relevant to deliberate indifference.

## STATEMENT OF THE FACTS

Discovery has been pursued in this case. This case resolves around several defendants being a total of approximately twelve including the Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"), and Correctional Medical Services ("CMS").

At the outset of discovery request, plaintiff was granted by the magistrate judge to review, copy his institutional file and medical records. However, the ADOC complied with the magistrate judge's order and allowed plaintiff to review his institutional file and Ms. Harris and Ms. Appleton for ADOC also, allowed plaintiff to photocopy his PHS medical file. PHS, did not, one time comply with the magistrate judge's order. [**Court Doc. No. 171-1**]

---

[1] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

On *November 9, 2007* CMS who was not a party to this action attempted to comply with another order entered by the magistrate judge regarding to production and copying of plaintiff medical records, and on *November 9, 2007* Ms. Deborah Hunt for CMS did so, have portions of plaintiff's Louisiana medical records "outside" of his medical file, sitting on the table. Ms. Hunt advised plaintiff that: **"We just received this today by fax from Kilby, you had these records before we did"**.

The Magistrate Judge again order the defendants to produce:

> "[A]ll medical records of the plaintiff, including those records compiled during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, from the initial diagnosis of plaintiff's hernia in February of 2005 until the present date; (ii) "[A]ll documents, reports and notes compiled by medical or correctional personnel addressing the treatment of plaintiff's hernia; and,. . . . "
> [Court Doc. No. 277]

Plaintiff filed his motion for contempt and compel, request for sanctions on December 26, 2007 [**Court Doc. No. 346**] complaining that defendants still refused to comply with court orders, and will not produce plaintiff Louisiana medical records. The Court denied plaintiff's motion. [**Court Doc. No. 371-1**]

### SUMMARY OF MISSING DOCUMENTS

*Federal Rule of Civil Procedure 26(g)*

Federal Rule of Civil Procedure 26(g) governs discovery disclosures and requires that an attorney must sign every disclosure and discovery request. *See* Fed. R. Civ. P. 26(g)(1) . The signature "constitutes a certification that to the best of the signer's

knowledge, information, and belief, formed after reasonable inquiry, the disclosure is complete and correct as of the time it is made." *Id*. If the discovery matter or request is later found to be "without substantial justification," the court, upon motion or its own initiative, "shall impose upon the person who made the certification, [or] the party on whose behalf" the discovery request or proffer is made, or both, "an appropriate sanction." Fed. R. Civ. P. 26(g)(3).

Defendants have the continuing obligation to produce as a part of their initial disclosure any and all relevant information once learned or discovered. <u>Rule 26,</u> Fed. R.Civ.P., Plaintiff argues that the medical defendants and judicial notice will reflect that from the outset of this case, have never once, produced plaintiff's Louisiana medical records. Secondly, several affidavits submitted by defendant Linda Lawrence state that she reviewed the Louisiana medical records. The question is, why <u>has only two</u> (2) of the very same medical documents being <u>Doctor Order Sheet</u> been produced by the medical defendants. What is so damaging and highly prejudicial; it took approximately five (5) months of tooth and nail battles for the medical defendants to produce or even acknowledge that the medical records even existed. However, from day one, medical documents have been concealed.

What is missing and plaintiff does not have such documents but knows that they do exist are: **Louisiana "Front and Back" of Offender Grievances, specifically #06-215, June 26, 2006, Sick Call Request, Fax Reports, Nurse's Notes**. There is approximately

133 pages of plaintiff's both institutional and medical records from Louisiana that has not been produced. Plaintiff states that the medical records consist of no more than 50 pages. However, the fax report and grievances are relevant to deliberate indifference, and personally supervisory involvement in this case.

What is troublesome about this case is, plaintiff has complained that counsel for PHS has displayed fraud, concealing evidence, dishonesty, and has slandered plaintiff and stated a mountaintop of misrepresented facts into the Record. The Magistrate Judge has been overly patient beyond the call and has given defendants time and time to comply with court orders. **[Court Doc. 153-1, 170, 171-1, 177-1, 181, 199, 200, 217, 219, 224-1, 243-1, 275, 277]**

What is troublesome is the magistrate judge has overlooked the fact that plaintiff's Louisiana medical records are not, and have not, been produced regardless of the 90% of irrelevant PHS medical records that have been submitted thus far Plaintiff understands that the Record is voluminous, but, where are the Louisiana medical records and who is at fought that the medical records do not contain plaintiff's Louisiana medical records.. The grave issues of this deliberate indifference case resolves around what transpired while plaintiff was at the private prison in Louisiana under the control of the Alabama Department of Corrections who transferred plaintiff there being a Alabama inmate, not a Louisiana inmate.

## *ARGUMENT*

First, PHS, ADOC and CMS all have not adequately complied with the requirements under *Rule 26*, requirements of initial disclosure of plaintiff's medical records from South Louisiana Corrections Services. Judicial Notice will reflect that plaintiff has repeatedly requested production of his Louisiana medical records. The Court has on numerous of times issued order after order that defendants produce any and all documents related to the medical treatment of the plaintiff while at South Louisiana Corrections Services and defendants have not complied. In addition, no evidence is before the Court from defendants under *Rule 26(g)*, that an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her, which are responsive to the discovery request. See, **Sexton v. United States**, 2001 WL 649445 * 1 (M.D. Fla. 2001)(citing *Rule 26(g)*, Fed.R.Civ.P.).

The court stated that the voluminous copies of documents produced by the medical defendants in reality ought to be enough because such documents contain plaintiff's medical records. However, plaintiff has alleged, inadequate medical record keeping, deliberate indifference, medical malpractice, and negligence in this case. An evaluation of the plaintiff's medical records <u>is not enough</u> to satisfy the plaintiff's discovery requests, and that discovery of the facts regarding what transpired while plaintiff was in Louisiana is very germane to the facts of this case. Court's have recognized given the

<u>extreme difficulty</u> prison inmates often face in obtaining evidence of jail customs or policies, it is unlikely that access to a prisoner's medical records is enough. *See Lewis,* 2006 U.S. Dist. LEXIS 47405, 2006 WL 1843336, at *2 ("**To restrict a civil rights plaintiff's access to the type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims.**"). Access to plaintiff medical records from South Louisiana Corrections Services, and review of that information is even more important in a case such as this where the Plaintiff is alleging that supervisory officials interfered with medical treatment once prescribed by a physician, also, that a defendant's de facto policy is the force of law to the proximate cause of injury and this de facto policy applied to plaintiff was he was a prisoner in Louisiana because ADOC was in control over the plaintiff being an Alabama inmate. Because there is evidence that the ADOC officials acted improperly, the information should see the light of the day.

Although plaintiff properly requested production of document of his medical records, he has been unsuccessful in having the Court compel the medical defendants to produce such relevant documents. However, because such documents have been sought pursuant to a <u>Rule 34</u> document request or a Rule 45 subpoena this Court can compel. *See, e.g., Lewis v. Chicago Housing Authority,* No. 91 C 1478, 1991 U.S. Dist. LEXIS 13360, at *4 (N.D. Ill 1991) (compelling plaintiff to sign authorization forms required by IRS in order to effectuate a subpoena for tax records); *Skleagen v. Greater Southeast Cmty Hosp.,* 625 F. Supp. 991, 992 (D.D.C. 1984) (requiring plaintiff to sign release for

medical records where plaintiff had not produced all such records in response to request for production); *Fleming v. Gardner*, 84 F.R.D. 217, 218 (E.D. Tenn. 1978) (ordering Plaintiff to produce hospital records pursuant to a request for production or in lieu thereof to sign a release for the records).

Plaintiff is not satisfied that PHS has alleged that they have produced what medical documents that they have. Plaintiff argues PHS and CMS have the documents but will not produce them. Even if what they state is true, the medical records are still available and are in Defendant's "'possession, custody, or control" and that "to the extent that such documents may exist, they would be within the possession custody and control of Defendant ADOC, PHS and CMS. Plaintiff, in his motion to compel, argued that the Court should have ordered Defendants to produce the documents because the Defendants do have custody and control of said documents." Defendants counter that plaintiff's Louisiana medical records are not in "actual possession". Plaintiff argues that such documents are public record and prison records.

Plaintiff argues that this Court has given counsel for the medical defendants so much lead way because they have produced plaintiff PHS medical records wherein, 90% of PHS medical records are "irrelevant" and have done nothing more than create a disguise into voluminous irrelevant medical records. Thus, the grave constitutional issues resolve around the medical records from South Louisiana Corrections Services and

they have not been produced and they contained evidence that is relevant and admissible to the claims asserted by plaintiff in his Complaint.

Fed. R. Civ. P. 26(g) & 37 discuss sanctions for discovery violations. Rule 37(c) grants the Court the power to impose sanctions for, *inter alia,* a party's failure to disclose information required by Rule 26(a) or 26(e)(1), or a party's submission of false or misleading documents. The Rule states information, which is not disclosed, or is false or misleading, can not be used at trial "unless such failure is harmless." Moreover, the rule empowers the Court to "impose other appropriate sanctions." *Rule 26(g)* requires attorneys to vouch for the completeness, truthfulness and good faith nature of disclosures, discovery requests, responses and objections. If a party violates 26(g), the rule empowers the Court to impose "an appropriate sanction." *See* Fed. R. Civ. P. 26(g)(3) . Rule 28 U.S.C. 1927 allows the Court, in its discretion, to impose costs, expenses, or attorney fees on an attorney or person "who so multiplies the proceedings in any case unreasonably and vexatiously."

In *Murrell v. Bennett,* 615 F.2d 306 (*Murrell* challenged the district court's grant of summary judgment for prison officials. The Firth Circuit noted that, indigent prisoners are hampered in their access to the proof necessary to ward off summary judgment. *Murrell* had no opportunity to provide this information because his unschooled attempts at requesting discovery were nipped and bud only thirty-two days after the complaint was filed.) The Court noted in *Alabama Farm [Bureau Mut. Casualty Co. Inc.   v.*

*American Fidelity Life Ins, Co.,* 606 F.2d 602, 609 (5th Cir. 1979), cert. Denied, 499 U.S. 820, 101 S.Ct. 77, 66 L.Ed. 2d 22 (1980)] that summary judgment should not be granted before discovery is completed. (Citations omitted).

## CONCLUSION

Plaintiff is entitled to his Louisiana medical records that are available and under the defendants control because South Louisiana Corrections Services, Inc., acted as an Agent for ADOC when housing plaintiff and all Alabama inmates. It is prejudice to the plaintiff that such requested documents are not being produced especially when Deborah Hunt on November 9, 2007 actually possessed the medical records and they still have not been produced. Plaintiff moves the Court to compel the defendants to produce plaintiff medical records from Louisiana and issue sanctions.

Done this 14th Day January 2008.

/s/ Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that I have this 14th Day January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®_____
Marcellus Breach