IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06-cv-1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## ADOC DEFENDANTS' MOTION FOR RECONSIDERATION and/or CLARIFICATION IN RESPONSE TO COURT'S ORDER TO PRODUCE MEDICAL RECORDS

Come now the Alabama Department of Corrections Defendants, by and through the undersigned counsel, and submit this motion for reconsideration and/or clarification in response to this Court's Order to produce medical records from the Southeast Louisiana Correctional Facility as follows:

1. That ADOC is not contractually involved in any way with the medical provider at the Southeast Louisiana Correctional Facility. Under the housing contract with LCS, LCS provides the medical care to the inmates at that facility. When an inmate returns to Alabama from Louisiana with his medical file, that file contains only those documents placed there by the medical staff at the Southeast Louisiana Correctional Facility. The ADOC Defendants are only in possession of documents in Inmate Breach's current medical file. It is therefore impossible for ADOC Defendants to know whether or not it has produced **all** of the medical records, including physicians'/nurses' notes, grievances, request forms, memos and other documents,

related to the medical treatment provided to Inmate Breach for his hernia during his incarceration at the Southeast Louisiana Correctional Facility. The ADOC Defendants have no control or possession of those documents unless they were included in Inmate Breach's medical file upon his return.

2. The Plaintiff has, on at least two occasions, reviewed and made copies of documents from his medical file. The ADOC Defendants would therefore object to supplying/furnishing the Plaintiff, free of charge, documents that he probably has already copied.

3. The ADOC Defendants would respectfully request that this Court amend its Order (Document #391) to the furnishing the Court only with document contained in Inmate Breach's medical file related to the medical treatment provided to Inmate Breach for his hernia during his incarceration at the Southeast Louisiana Correctional Facility.

Respectfully submitted,

Kim T. Thomas (THO115)
General Counsel
Deputy Attorney General


/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885


**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL  36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, Alabama 35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney