# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

        CASE NO: 2:06-cv-1133-MEF

## MOTION TO COMPEL RESPONSIVE ANSWERS TO DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, ADMISSIONS PURSUANT TO RULE 37(a)(2)), 37(b)(2))

**COMES NOW**, the plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se," moves this Court to compel defendant Dr. George Lyrene M.D., Medical Director for the Alabama Department of Corrections to perform the following acts:

1.    Under Rule 37(a)(2):

    (a)    To compel defendants to answer plaintiff's interrogatories in their entirety within a proscribed time ordered by the Court;

    (b)    To require defendant to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

2.    Under Rule 37(b)(2):

    (a)    To preclude defendant from asserting any objections to plaintiff's interrogatories;

    (b)    To treat as contempt of court of defendant Dr. George Lyrene failure to answer plaintiff's interrogatories by set date by the Court.

(c)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)    To enter a judgment by default on the issues of liability in favor of plaintiff and against defendant under Court I, II, III, IV, V, and VI of plaintiff's complaint; and

(f)    To require defendant to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

## *INTERROGATORIES AND PRODUCTION OF DOCUMENTS*
## *FED. R. CIV. P.*

Plaintiff's requests are governed under *Federal Rules of Civil Procedures:* The Request contains a preface, instructions, and definitions. The second part is prefaced with detailed instructions and definitions that has been accepted and adopted by the practice-governing attorneys. Defendants have a good number of documents in their hands that would provide plaintiff with evidence in support of his legal claim. Plaintiff's Interrogatories is designed for the defendant to go through their own records and get specific facts. It is also designed to discover further into their position and defenses. Plaintiff's request is asking for information regarding facts, documents, statements by any known witnesses and other evidence the defendants have and are using as the basis of their opposition to plaintiff's claim. Plaintiff is entitled to find out what kind of records and other documents they have that are related to his claim(s). Plaintiff seeks to identify parties, agents or employees, identify witnesses, identify documents and

tangible things, and identify experts, facts and opinions: he seeks to obtain details and sequences of events and transactions.  Relevance is given a very broad meaning. The information requested appears to be reasonably calculated to lead to discovery of admissible evidence. See, *U.S. v. Wright Motor Co., Inc.,* 536 F. 2d 1090, 1095 (5th Cir. 1976); *Southwest Hide Co., v. Goldston,* 127 F.R.D. 481, 483 (N. D. Tex. 1989).

### HISTORY OF THE CASE

Defendant Dr. George Lyrene, M.D., has submitted his written opinion regarding the treatment rendered to the plaintiff regarding his hernia.  Discovery is pursued as to learn what information, documents and knowledge Dr. Lyrene possesses.  Furthermore, plaintiff is seeking relevant information as to his involvement in this case.  Dr. Lyrene as Medical Director has certain administrative responsibilities governing medical treatment to Alabama inmates suffering with hernias.  Plaintiff seeks to discover further into Dr. Lyrene's opinion: (i) whether the theory or technique can be tested; (ii) whether it has been subject to peer review; (iii) whether the technique has a known or potential rate of error; and, (iv) whether the theory has attained general acceptance in the relevant community.

### STATEMENT OF THE FACTS

Dr. George Lyrene, the defendant has not responded to plaintiff's Interrogatories; therefore, he has waived his opportunity to object. See, *Rule 33(b)(1) & Rule 33(b)(4), Federal Rules of Civil Procedures*.

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. ***Hickman v. Taylor,*** 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947).   Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel production of requested documents, if the documents are discoverable under *Rule 34(a),* Fed. R. Civ. P. The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material <u>need not itself</u> <u>be admissible at trial</u>.   Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel a responsive answer to an interrogatory propounded pursuant to *Rule 33*. Further, *Rule 37(a)(3),* Fed. R. Civ. P., states that any "evasive or incomplete answer is to be treated as a failure to answer." Therefore, the main question as to the interrogatories and request for production of documents is why hasn't the defendant responded?  Compel is necessary defendants are, nonetheless, required to disclose what information they do possess at the time they respond. ***Chubb Integrated Systems, Ltd. v. National Bank of Washington,*** 103 F.R.D. 52, 60, 224 U.S.P.Q. (BNA) 1002 (D.D.C. 1984).  ***Shearson Lehman Hutton, Inc., v.*** ***Lambros,*** 135 F.R.D. @ 199 Lexis 19034 (M.D. Fla. 1990)

The defendant has failed to provide plaintiff and the court any relevant information concerning Dr. George Lyrene's examinations, diagnosis, treatment, and plaintiff is interested to learn how Dr. George Lyrene who never once examined plaintiff can sign and Affidavit to oppose the only treatment for plaintiff's injury and that being surgery which will alleviate his pain and suffering.   Plaintiff request that his

Interrogatories and request for Production of Documents propounded on him on or about November 16, 207 specifically, Interrogatories #'s **1 through 25, pg's 7 through 12 be answered.**

The Record is silent regarding information leading to Dr. Lyrene's responsibility regarding treatment protocols, policies, procedures, custom and practices of ADOC statewide practice of not repairing hernias until the hernia is incarcerated or strangulated or into the scrotum creating a life or death situation. Dr. Lyrene acts as a supervisor, and he is in the position to make changes. Plaintiff has the right to serve questions upon him that can lead to other matters and question him concerning his knowledge regarding this case.

The Records lack documents relevant to defenses regarding Dr. Lyrene.  Dr. Lyrene has not submitted any information regarding who he is, what he does, and why he was involved in this case?  Discovery into relevant information leading up to his decision not to make a surgical referral or allow plaintiff to be seen by a doctor qualified to make such medical decisions.  Any and all documents, information, knowledge and facts that Dr. Lyrene may have or, in **possession or control over, is discoverable and relevant to the subject matter.  Plaintiff inquires into Dr. Lyrene's information and knowledge regarding to any de facto policy, procedures, protocols that are followed that has the force of law leading to plaintiff's injury is discoverable**. Morethanless, discovery into as what the defendants allege that hernias are on a case-by-case basis,

depending on the size or the hernia, is incongruous with the standard of care and plaintiff seeks what Dr. Lyrene knows about ADOC's procedures regarding treatment for hernias.

On *November 16, 2007* the plaintiff filed a document entitled: **"Plaintiff's First Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants".** [*Attached,* & **Court Doc. N/A**]  The Discovery request is directed to defendant Dr. George Lyrene, Medical Director for Alabama Department of Corrections.

[1]On *December 26, 2007*  plaintiff wrote counsel for the defendant pointing out that Dr. Lyrene responses are late and that plaintiff was requesting that he respond immediately.

On *December 27, 2007,* plaintiff attached the letter with a pleading entitled: "Notice of Filing" to the court. [*Court Doc. N/A*] explaining to counsel that Dr. Lyrene has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that Dr. Lyrene has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof.   Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute. **[See, plaintiff's affidavit at ¶¶ 2-6.]**

---

[1] **Plaintiff's letter to counsel for Dr. Lyrene that 15-days he requested that counsel correspond with him or, have Dr. Lyrene answer the discovery request.   Counsel did not request for additional of time, nor corresponded with plaintiff.**

*DR. GEORGE LYRENE HAS RELEVANT INFORMATION REGARDING*
*ADOC AGREEMENT WITH MEDICAL CONTRACTORS REGARDING ELECTIVE*
*PROCEDURES/MEDICAL TREATMENT*

Dr. Lyrene has information based on his past employments experiences with

several medical contractors and the Alabama Department of Corrections regarding

ADOC's policies, procedures, protocols regarding several areas of medical treatment that

are labeled as elective. In *Edwards v. Bradford*, 1997 U.S. Dist. LEXIS 15089 (S.D.Ala.

1997) Dr. George Lyrene submitted an Affidavit and Correctional Medical Services, are

now the current medical providers. However, according to the contract entered between

CMS and ADOC, elective procedures are prohibited, just as elective hernia treatment.

> Dr. George Lyrene, who is not a party in this action, has worked in
> various capacities as a physician for Questcare and CMS, both of which
> provided health care to the inmates incarcerated with the Alabama
> Department of Corrections; he is currently Medical Director for CMS (Doc.
> 14, Lyrene Certificate). Lyrene stated that the policies for Questcare and
> CMS were "that cataract surgery would be elective IF the cataract was on
> one eye only AND IF the vision was unimpaired in the other eye" though
> this policy was not in writing (emphasis in original). Dr. Lyrene stated
> that the removal of a "single-eye" cataract is elective surgery because
> "cataracts do not cause a patient's health to deteriorate as a cataract will
> cloud the patient's vision until it is surgically removed, but it will not
> cause permanent damage to the eye." **Under the terms of the contract that**
> **existed between Questcare and the Department of Corrections, the**
> **health care provider did not have to provide elective health care,**
> **defined as "medical care which, if not provided, will not cause the**
> **Inmate's health to deteriorate or cause definite harm to the Inmate's**
> **well being" (***see* **Doc. 14, Health Services Agreement (attached to Lyrene**
> **Certificate), PP 1.3, 2.4). Id.**

In this case, Dr. Hobbs has stated via-Affidavit that the Alabama Department has a

protocols stating that the hernia must be incarcerated or, in danger of being incarcerated

7

before surgically necessary.  This life or death situation being the protocol, Dr. George

Lyrene has knowledge. In *Taylor v. Questcare*, 1995 U.S. Dist. 14975 ( S.D. Ala. 1995) Dr.

George Lyrene explains his opinion regarding a hernia and he has submitted an opinion

to that Court but, he explains the danger of a strangulated hernia and that it is dangerous

which is the defendants de facto protocol.

> "Dr. Lyrene explains in his affidavit (Doc. 34) that he is responsible for the
> nonemergency free-world medical referrals, and regarding Plaintiff's
> condition, provides:
> 4. Plaintiff's entire abdomen is herniated. This would not impact on his
> organs as the herniation goes out of the abdomen away from his organs.
> Plaintiff's hernias are not a threat to his health because there is no
> incarceration or strangulation of the hernias. **An incarcerated
> hernia would be likely to cause plaintiff health problems, and a
> strangulated hernia would be an emergency.** Plaintiff has neither of these
> conditions, but is being examined on a regular basis in case there is a
> change in his condition. " Id.

> Dr. Lyrene has a substantial amount of information regarding how ADOC

operates regarding treatment to Alabam prisoners and discovery is sought.

Furthermore in Taylor, Dr. Lyrene has listed his duties:

> "Dr. George Lyrene, a non-defendant, filed an affidavit (Doc. 34). He
> advises the Court in this affidavit that he was the clinical director of
> Questcare from November 20, 1991, until November 19, 1994, and is now
> the Medical Director for Correctional Medical Systems, Inc., the current
> medical provider for the Alabama Department of Corrections. Dr. Lyrene
> explains:
>
> As clinical director for Questcare and currently as medical Director for
> CMS, I travel to twelve correctional facilities to examine and treat state
> prison inmates who have been referred to me by the staff physician or
> nurse at that facility. I approve all nonemergency free world medical
> referrals for state prison inmates, and I normally see the patients prior to
> their referral to the free world physician. At all times relevant in this

lawsuit, I have been responsible for all nonemergency free world medical referrals for plaintiff.

Dr. Lyrene relates that Plaintiff's hernias involve his entire abdomen but they do "not impact on his organs as the herniation goes out of his abdomen away from his organs." Dr. Lyrene claims that Plaintiff's hernias are not a threat to Plaintiff's health as the hernias are not strangulated or incarcerated and are examined on a regular basis for the purpose of detecting a change in Plaintiff's condition. It is Dr. Lyrene's position that a patient with Plaintiff's symptoms should not be experiencing pain, but pain is subjective, and Plaintiff should know whether he is in pain, and that Plaintiff's pain should be able to be controlled with pain medication. Dr. Lyrene notes that Plaintiff's condition has not changed within the last few years, and not since he was referred to Dr. William Garretson in 1992; the prison medical records do not go back far enough to determine how long Plaintiff's condition has been as it is. Dr. Lyrene avers that Dr. Garretson is an experienced board certified surgeon who is licensed to practice medicine in Alabama and on staff at North Baldwin County Hospital in Bay Minette, Alabama, and that he has been pleased with the quality of the many surgeries performed by Dr. Garretson on inmates." Id.

In *Howard v. Davis*, 1995 U.S. Dist. LEXIS 9119 (S.D. Ala. 1995), Dr. George Lyrene signed off on a protocol and issued a memorandum to all health care units regarding T.B. testing for Alabama inmates:

"On June 21, 1993, Dr. George Lyrene, Clinical Medical Director for QuestCare, Inc., the medical care provider for the Alabama Department of Corrections, **signed off on certain TB protocol** to be followed by all prison health care workers. The outlined protocol requires, for instance, the skin testing of all inmates upon entry to the Alabama prison system and every year thereafter; of course, Fountain had been following such procedure since 1986. Some eight months later, on February 14, 1994, **Dr. Lyrene sent a memorandum to all health care units** advising the staffs that "all patients returning to a major institution from SIR, PDL, or Work Release should be retested for HIV, STD's, and T.B. Skin Test." Id.

## *STANDARD OF REVIEW*

*Under Fed. R. Civ. P. 37(a)(2)*, the court may compel production of requested documents, if the documents are discoverable under Fed. R. Civ. P. 34(a). The party seeking production must demonstrate that the request is relevant, calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.

## *ARGUMENT*

Plaintiff will be the non-moving party to summary judgment and plaintiff may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

### *POINT 1.*
### *DEFENDANT DR. GEORGE LYRENE, M.,, HAS WAIVED HIS OBJECTIONS BY HIS FAILURE TO RESPOND TIMELY TO THE REQUEST*

Plaintiff argues that there is no favoritism regarding the rules of Discovery. Plaintiff also contends that the rules provide that responses and objections to requests for production of documents, interrogatories and admissions are to be served within 30 days of the request unless the court grants a shorter or longer time. *Rules 33, 34, 36, Federal Rules of Civil Procedures*. Morethanless, the Court issued its **Discovery Scheduling Order** [*October 18, 2007 Court Doc. 178-1, Order*]. In its Order the court directed that each party to file its response to request for discovery within thirty (30) days of receipt of the

discovery request. Defendant Lyrene  has waived his right to object by failing to provide

a written response, including objections to the Request for Production of Documents,

Interrogatories, and Request for Admissions.

Under the provisions of Rule 34(b) of the Federal Rules of Civil Procedure governing

requests for production of documents,

> The party on whom the request is served is shall serve a *written* response
> within 30 days after the service of the request.... The response shall state,
> with respect to each item or category, that inspection and related activities
> will be permitted as requested, unless the request is objected to, in which
> event, the reasons for the objection shall be stated.

Generally, in the absence of an extension of time or good cause, the failure to file a

written response in the time fixed by the rule constitutes a waiver of any objection. *Davis*

*v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy*, 120 F. R. D. 6

(D. Mass. 1988). *See also In Re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a

general rule, when a party fails to object timely to interrogatories, production requests or

other discovery efforts, objections are waived). *See, e.g., Marx v. Kelly, Hart & Hallman,*

*P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998

U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v.*

*United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor*

*Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy*, 120

F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch,* 47 F. R. D. 425 (W. D. 1963). This waiver is

enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart &*

*Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991*); Fretz v. Keltner,* 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.,* 23 F. R. D. 27, 31 (S.D. ILL. 1958).

As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant: (i) it is not cumulative or duplicative in nature to the discovery materials previously provided to the plaintiff, (ii) irrelevant to a determination of the issue before this court, (iii) not reasonably calculated to lead to admissible evidence, and/or (iv) overly burdensome

Any belated objections by Defendant Lyrene without "specificity" as to plaintiff's request for production of documents, interrogatories and admission as immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence regarding any deliberate indifference to a serious medical need or any violation of the Alabama Medical Liability Act is without standing. Any argument as grounds as such, is frivolous.

The plaintiff must submit evidence that the medical defendant actually was aware of the significant risk of serious harm but deliberately preceded with grossly inadequate treatment anyway.

### POINT II
### THE RELEVANCY STANDARD

An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Under Rule

401, Federal Rules of Evidence, the definition of "*Relevant Evidence*" means evidence
having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the
evidence.

This Rule defines the term. The definition provides that evidence is relevant if it
has *any* tendency to make the existence of a material fact more probable or less probable
than it would be without the evidence. Although it is true that some Federal Courts have
purported to use a slightly different test, an analysis of most of the opinions leads to the
conclusion that in practice the test advocated in *Rule 401* is consistent with that
developed in most Federal Courts prior to the enactment of the Rules.

The important thing for the Judge and for counsel to remember is that the
evidence does not by itself have to prove the ultimate proposition for which it is offered;
nor does it have to make that ultimate proposition more probable than not. To be
relevant it is sufficient that the evidence has a *tendency* to make a consequential fact even
the least bit more probable or less probable than it would be without the evidence.

Dr. George Lyrene practice regarding his "treatment" and opinion in this case is
challenged; the information sought is requested directly from the very source, directly
from the defendant physician and is discoverable.        Fed. R. Civ. P. *26(b)(2)(iii)* the
discovery of defendant's responsibility, his past experiences, is relevant. This case is
above that of mere negligence or malpractice. Also, discovery into what substance of

communications made between the defendant and Dr. Michael Robbins, M.D., and Bradford Adams, or any other person regarding this case is also relevant. Dr. Robbins and Dr. George Lyrene have never once examined the plaintiff and claims to have been "personally involved" or personal information in this case is relevant. Thus, any information known to the defendant about plaintiff's claim regarding surgery is relevant.

Under the *Federal Rules of Civil Procedure*, parties may discover information, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure*. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.;* Hickman *v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. *Deitchman v. E. R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984). Discovery request should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Alligator CO., Inc.*, 60 F. R. D. 164, 171 (D. Del. 1973); see *Nash v. Thielke*, 743 F. Supp. 130 (E. D. Wis. 1990)(the plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

The law is established and that the Eighth Amendment duty applies to medical conditions that may result in pain and suffering which serve no legitimate penological purpose. *Estelle*, 429 U.S. @ 103, 97 S.Ct. @ 290. See also, *McGuckin*, 974 F. 2d @ 1059. ([D] elay in performing surgery resulted in needless infliction of pain); *Wood v. Housewright,* 900 F. 2d 1332 (9th Cir. 1990)(with two judges holding prisoner had stated an Eighth Amendment claim for pain inflicted by delay in treating injury, but dismissing the claim on other grounds); *Hunt,* 865 F. 2d 198 (delay in providing prisoner with replacement dentures; *Jones,* 781 F. 2d @ 771-72 (hernia which results in pain, suffering, and the inability to perform a prison job is a serious medical need which prison doctors may not ignore); *Fields v. Gander,* 734 F. 2d 1313 (8th Cir. 1984)(inmate suffering severe pain from infected tooth).

Dr. George Lyrene based on his opinion and Affidavit, his involvement in this case has left plaintiff in pain. Discovery regarding Dr. Lyrene and his responsibilities as medical director is most relevant because ADOC defendant Brandon Kindard, and Dr. George Lyrene have stated to the Court that <u>he relied</u> on the nurse practitioner's recommendation. Besides, ADOC defendants have stated that they rely on the medical defendants. The material sought regarding Dr. George Lyrene is both: (1) material sought is clearly relevant; and, (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable; (iii) has not been disclosed by the medical defendants. Because the defendant <u>has not</u> responded, the **burden is on him to**

**demonstrate why discovery is not practicable**. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M. D. Tenn. 1982)(court finds that provision of medical care by persons beyond the level of their training and experience constitutes deliberate indifference); *Mandel v. Doe*, 888 F. 2d 783, 789-90 (11th Cir. 1989); *Hoptowit v Ray*, 682 F. 2d 1237, 1252-53 (9th Cir. 1982)(certain staff performing functions that they are neither trained or licensed to perform). Hernias are painful; plaintiff has been left without treatment, <u>because the only treatment is surgery</u> Dr. George Lyrene should have known as a doctor that there is no treatment for a hernia, the treatment is surgery: is discoverable, relevant and admissible. The party resisting production bears the responsibility of establishing undue burden. An objection must show **specifically** how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence, which reveals the nature of the burden. The resisting party must make a <u>particular and specific</u> demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. A mere showing of burden and expense is not enough. **The Record is silent concerning defendant Dr. George Lyrene in his individual capacity.**

### POINT III
### CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF

Several medical documents are concealed from plaintiff and this court. With that, there are absolutely very limited reasons as to how plaintiff's discovery request could possibly lead to being cumulative or duplicative.

The particular request for production of documents is relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Plaintiff submits an example from an *excerpt* of his **Interrogatories and request for Production of Documents** upon Dr. George Lyrene and proffers that the Interrogatories are relevant: **[See, Attached Discovery Request Page # 9 - 12.: Interrogatories on Dr. George Lyrene, Court Doc. N/A]**

¶ 12. *"Specifically identify by document"* your specific job responsibilities as Medical Director for the Alabama Department of Corrections.

¶ 13. *"Specifically identify by document"* the implementations procedures, and/or the events, chain of command of preparing, submitting and approval of the Protocol(s) regarding treatment of hernias suffered by state inmates between Alabama Department of Corrections and Prison Health Services, Inc.

¶ 14. It is your common practice as a doctor not to make a surgical referral regarding a patient diagnosed with a hernia until the patient's hernia is incarcerated, or in danger of incarceration or, into the scrotum?

¶ 15. It is your common practice not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum, increasing abdominal or groin swelling?

¶ 16. It is your common practice as a doctor not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of a bulge or lump in the abdomen, groin or scrotum that is easier to see when the patient stands and disappears when the patient lies down, but the patient has a dull dragging sensation in the groin area with an inability to urinate?

¶ 17. It is your common practice as a doctor not to make a surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of pain when straining, lifting, or coughing, persistent cough and/or shortness of breath?

¶ 18. Between the Alabama Department of Corrections and Prison Health Services, Inc., who's common practice is it not to surgically repair a hernia once a physician has ordered or recommended that the hernia "needs repair" unless the hernia is incarcerated or, in danger of becoming incarcerated in order to be surgically necessary?

¶ 19 Please estimate how many Alabama inmates diagnosed with a hernia you deny a referral to a specialist or surgeon since your date of employment rendering medical services at the prison(s) of the Alabama Department of Corrections.

¶ 20. Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol. If yes, *"specifically identify"* any written request, *"documents,"* e-mails, faxes and *"identify the incident by document"*: *"identify"* any and all witnesses, persons who have knowledge of your recommendations for improvements to this or any other Hernia Protocol?

¶ 21. *"Identify by document,"* your personal examination conducted on the plaintiff. If unavailable, please disclose the reason(s).

¶ 22. Please disclose and *"identify by document"* ADOC's and your common practice being the objective treatment plan regarding hernias when the patient is suffering extreme pain, due to his hernia.

¶ 23. It is your common practice to deny the cure for a hernia until the hernia is incarcerated or, in danger of incarceration, into the scrotum?

¶ 24. It is your common practice to allow a patient to endure pain by issuing some pain medication and a Truss, when there are continued symptoms of the patient suffering pain; without the cure before the hernia

is incarcerated, or in danger of being incarcerated or before into the scrotum?

¶ 25. Please disclose your medical findings *"identify by document"* how you recommended that plaintiff not receive surgery, when you never once examined the patient's hernia and have no idea how much pain he suffers? Id.

### POINT IV.
### NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE

Information requested ought to aid this Court and a jury for a determination that prison officials <u>may not</u> avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "<u>elective</u>". The classification of surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners. See, *Jones,* 781 F. 2d @ 770-71 (classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care); *Johnson v. Bowers,* 884 F. 2d 1053, 1056(prisoner waiting six years for elective arm surgery was entitled to relief)(citing *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F. 2d 326, 348 n. 32 (3d Cir. 1987) cert. Denied, 486 U.S. 1006, 1-8 S.Ct. 1731, 100 L.Ed. 2d 195 (1988)); *West v. Keve,* 541 F. Supp. 534 (D. Del. 1982)(prison officials violated Eighth Amendment by not furnishing elective surgery for dysfunctional veins that were causing varying degrees of pain); *Laaman v. Helgemoe,* 437 F. Supp. 269, 311 (D. N. H. 1977)(elective treatment recommended by a physician but not "necessary" in a life or health saving sense, may still be constitutionally mandated if the prisoner elects to proceed with the treatment).

In this case, it is noted that plaintiff's surgery is elective. But, it is still leaving him in pain and discomfort. Where surgery is elective, prison officials may properly consider the costs and benefits of treatment in determining whether to authorize the surgery, but the words "elective surgery" are not a talisman insulating prison officials from the reach of the Eighth Amendment. Each case must be evaluated on its own merits. See, ***Delker v. Maass***, 843 F. Supp. @ 1400 (D. Or. 1994)(although state inmate may not have suffered long-term physical harm from nearly two-year delay in providing operation for non-incarcerated inguinal hernia, inmate was "injured" by delay for purposes of his § 1983 civil rights action, since he suffered some pain, anxiety, and restricted activity during delay.)

The below questions are propounded upon defendant Dr. Lyrene and are relevant as to his qualifications which can lead to deliberate indifference because he should have known that he cannot make surgically recommendations. Dr. Lyrene is not a surgeon, and he is challenged as to surgically recommendations because he has steped outside his qualifications. He is not Board Certified with the American Board of Surgery. It is medically known that surgery is the only cure for a hernia. Plaintiff does not waive any interrogatories, nor production request or, any admission by not excerpting them for demonstration purposes.

¶ 11.  It is your common practice not to make surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12.  Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.  Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.  Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

Plaintiff's request seeks information concerning Dr. George Lyrene' common practice regarding hernia treatment.  First, plaintiff does not seek "personnel records" in any general way.  He seeks documents pertaining to the treatment, method, practice, procedures rendered by Dr. Lyrene regarding hernia treatment.  Plaintiff does not seek other matters that may be in his personnel records, such as medical data or information about his records of lateness, leaves and vacations, etc.

*Secondly,* the kind of information sought is highly relevant.  The plaintiff has information that repeated complaints about mistreatment regarding hernias have been made about the medical defendants and that nothing has been done about them and their practice.  Evidence to that effect would be highly relevant to the claim of supervisory liability against defendant Dr. Robbins, Ruth Naglich, Brandon Kindard, set out in **Counts II, III, IV, VI,** of plaintiff's ***Supplemental Complaint pages 25-26***. *[**Court Doc No. 93]*** Whether quasi-policymakers have been deliberate indifferent in their supervision of subordinates the court must explore the supervisors' conduct in this case: — as in *Karr,* 875 F.2d @ 1556 (jury could find that failure to take corrective action after plainly

~~~

~1

unconstitutional use of police dogs constituted deliberate indifference). In this case, Dr.

Lyrene claims that he consulted with Dr. Robbins. Discovery in this area is relevant

because it is regarding the treatment proscribed by the defendants See also, *Ancata v.*

*Prison Health Services, Inc.,* 769 F. 2d 700, 795 (11th Cir. 1985). The same standard of

deliberate indifference applies to both inadequate training and inadequate supervisions.

*CF. Davis v. City of Ellensburg,* 869 F. 2d 1230, 1235 (9th Cir. 1989)(applying City of

Canton to question municipal liability). Liability applies if it is established that Dr.

Robbins either has a continued practice that of allowing this nurse practitioner to make

surgically recommendations while knowing that he is not qualified, Dr. Robbins can be

held liable as well if established that the conduct rises to deliberate indifference; no

treatment at all.

### EXCERPT DISCOVERY REQUEST Dr. George Lyrene:

#### IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendant produce and permit plaintiff to inspect and to copy each
of the following documents:

#### * RULE 33, Fed. R. Civ. P., "Business Records"

a.      To permit plaintiff to inspect, analyze, and copy or photograph,
*"specific document,"* implemented protocols and policies/procedures of the
Alabama Department of Corrections as of February 2005 through current
date of responding and names of *"identify by document"* all individuals
responsible for the treatment protocols, i.e., hernia;  specifically, the
Protocols governing the treatment of hernias suffered by state inmates.

b.     The   names   and   *"specifically   identify   by   document,"*   those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias at the Alabama Department of Corrections from February 2005 through present.

c.     To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

d.     To disclose the material evidence by *"document,"* and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and 7-12-06, to any supervisor, agency or agents thereof regarding treatment of plaintiff's inguinal hernia.

e.  *"Specifically identify by document,"* and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding,   approval or disapproval of hernia surgery, requested by South Louisiana Correctional Center medical personnel, from *March 2006* through *October 6, 2006* to the Alabama Department of Health Services.

f.  Produce any and all relevant information on the policy, protocol, procedures regarding issuing patient a Truss or Hernia belt.

g.  Produce any and all relevant information regarding Hernia Truss or Hernia Belts as treatment for a hernia.

***     [If any requests for production of documents have already been disclosed through another party, then please state and identify the party, date of disclosure.]**

Plaintiff states that only a surgeon is qualified to give medical opinions regarding

when surgery needs to be recommended regarding hernias.  While it is true that courts

hesitate to find an eighth amendment violation when a prison inmate has received

medical café. ***Hamm v. DeKalb County,*** 774 F. 2d 1567, 1575 (11th Cir. 1985), cert. Denied.

475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed. 2d 894 (1986), that "[h]esitation does not mean . . .

that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs." *Waldrop,* 871 F.2d @ 1035; see also, *Murrell v. Bennett,* 615 F.2d 306, 310 n.4 (5th Cir. 1980)(treatment may violate eighth amendment if it involves "something more than a medical judgment call, an accident, or an inadvertent failure"). The holding decision regarding *Rule 706,* Fed. R. Evid., and a prisoner needing the appointment of an expert witness in a deliberate indifferent case is *Smith v. Jenkins,* 919 F.2d 90 (8th Cir. 1990) the Court ruled that "Thus, the district court erred as a matter of law in ruling that mere proof of medical care by a doctor consisting of diagnosis only sufficed to disprove deliberate indifference. _Smith_ is entitled to prove his case by establishing that Dr. Oglesby's course of treatment, or lack thereof, so deviated form professional standards that it amounted to deliberate indifference in violation of his eighth amendment right to be free from cruel and unusual punishment." Id. @ 93. The Court further stated: "We are particularly troubled by the absence of *Smith's* medical records from the court record. We believe a review of the medical records is required before a determination against Smith is made in this case." Id. @ 93 n.3

Case law has given substance to *Estelle*'s distinction between "deliberate indifference" and not mere negligence, explicating categories of action or inaction that may constitute deliberate indifference. Court's have repeatedly found that "an official acts with deliberate indifference when he or she knows that an inmate is in serious need

of medical care, but he fails or refuses to obtain medical treatment for the inmate."
*Lancaster v. Monroe County, Ala.,* 116 F. 3d 1419, 1425 (11th Cir. 1997); *Mandel v. Doe,* 888 F. 2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference").  Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable. *See Harris* **v.** *Coweta County,* 21 F. 3d 388, 393-94 (11th Cir. 1994); *Brown v. Hughes,* 894 F. 2d 1533, 1537-39 (11th Cir. 1990). The Eleventh Circuit has held also held that deliberate indifference may be established by a showing of <u>grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment</u>. *See* Steele *v. Shah,* 87 F. 3d 1266, 1269-70 (11th Cir. 1996); *Waldrop v. Evans,* 871 F. 2d 1030, 1035 (11th Cir. 1989). "[W]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel,* 888 F. 2d at 789; *Ancata v. Prison Health Servs., Inc.,* 769 F. 2d 700, 704 (11th Cir. 1985).

Plaintiff hasn't been examined by a doctor since *April 30, 2007 and his health has deteriorated.*    Evidence shows that since Bradford Adams, nurse practitioner first examined plaintiff and made an illegal medical decision beyond his scope of practice, plaintiff's hernia has enlarged.    Dr. Hobbs noted "Large Direct Inguinal Hernia".

Bradford Adams noted "small easily reducible inguinal hernia". It is clear that discovery into Dr. Lyrene opinion, knowledge of the facts of this case and his intentions even circumstantial place him with personally involvement as a supervisor and his failure to act lead to a more severe injury, more pain, taking a easier less efficious course of treatment as a way out is relevant.

In *Estelle,* the Supreme Court recognized that the Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration" precisely because the failure to do so "may actually produce physical 'torture or a lingering death' " or, "in less serious cases, ... **may result in pain and suffering which no one suggests would serve any penological purpose."** *Estelle,* 429 U.S. at 103, 97 S. Ct. 285 (quoting *In re Kemmler,* 136 U.S. 436, 447, 10 S. Ct. 930, 34 L. Ed. 519 (1890)). The Eleventh Circuit's cases, too, have recognized that prison officials may violate the Eighth Amendment's commands by **failing to treat an inmate's pain.** *Brown v. Hughes,* 894 F. 2d 1533 (11th Cir. 1990), In this case, the only treatment available for plaintiff's pain is "surgery".    For these reasons the material sought is relevant and should be produced.

### POINT V.
### BURDENSOME

Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan,* 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An

objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* Twin *City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

<div align="center">

### POINT VI
*SANCTIONS ARE NECESSARY TO STOP FURTHER ABUSE THE LAW*

</div>

*Federal Rules of Civil Procedure* 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling *or pretrial order* . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in *Rule 37 (b)(2)(B), (C), (D).* In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other

circumstances make an award of expenses unjust. Fed. R. Civ. P. 16 (emphasis added).

Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue: (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

*Federal Rule of Civil Procedure 37*(b) states that "[i] f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth Amendment," a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" **Serra Chevrolet, Inc. v. Gen. Motors Corp.,** 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins.*

*Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707, 102 S. Ct. 2099,

72 L. Ed. 2d 492 (1982)).

### REASONABLE MONETARY SANCTIONS

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]

he magnitude of sanctions awarded is bounded under *Rule 37* only by that which is

'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d

1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1)

compensating the court and other parties for the added expense caused by the abusive

conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct;

and 4) penalizing the guilty party or attorney." *Id.*

May the Court understand that Plaintiff is frustrated that Defendant failed to

provide his requested discovery on time. [*See, Court Discovery Scheduling Order,*

October *18, 2007 Court Doc. 178-1, Order*]. Counsel has yet to obey this Court's orders

frustrates this case, leads to voluminous litigation and this Court has yet to put an end to

his continued conduct.   Reasonable fees under the circumstances can be appropriate. In

addition, *Rule 37(b)* requires the payment of reasonable expenses caused by a failure to

obey the court order unless Defendant shows that the failure was justified or

circumstances make the award of expenses unjust. *See* FED. R. CIV. P. 37(b)(2) ("[T] he

court *shall* require the party failing to obey the order . . . to pay the reasonable expenses . .

. unless . . . the failure was substantially justified . . . .") (emphasis added); *See* FED. R.

CIV. P. 37 advisory committee notes (1970) (indicating that *Rule 37(b)(2)* places the burden on the disobedient party to avoid expenses). A *pro se* party may be awarded expenses under *Rule 37*. *See* **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.,** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

## CONCLUSION

Plaintiff has spent a lot of time, effort, and talent, in this discovery process. Plaintiff is basically tired of meeting with defendants in person, does not want to speak with them, and is very tired of their degrading remarks towards plaintiff in his effort to exercise his rights, and seek relief from his pain. Plaintiff has suffered head-aces, hernia pain, frustration behind defendants actions that is gratuitous, unacceptable, ill founded and can be determined as conduct; found unjustified failures to comply, equivocation, and an explanation that are "disingenuous, contrived, and in bad faith;" determined that much of the delay in this case is attributable to counsel for ADOC and can be determined that many of the hours expended by plaintiff, are "unnecessary, redundant, and duplicative;" also, can be determined that the time records are "replete with unnecessary work and duplication" too numerous to detail, and that the hours claimed for the fee application are totally appropriate whereas, had defendants complied with this court's

orders, plaintiff could have achieved much more efficiently and far less expensive

discovery request furthering this case to summary judgment.

### RELIEF REQUESTED

a.    That the Court grant this motion to compel Dr. George Lyrene to
      answer plaintiff's interrogatories, request for production of
      documents, and admission; and, issue sanctions upon counsel for
      his failure to comply with this Court's Discovery Scheduling Order,
      and Discovery rules; and,

b.    That this Court grant reasonable fees in the amount to $650.00, at
      $65.00 per hour x 10 hours for work and research in preparing,
      researching and fling this action; and, that the 20% as ordered be
      deducted from plaintiff's prison account and forwarded to the
      Clerk of this Court towards the court costs and clerk fees;

c.    that the costs of Inspection and Copying bear of the defendants
      upon the granting of this Compel of their policies/procedures, and
      Protocols.

d.    that this Court grants plaintiff relief and the Court order additional
      fees be paid to the Court for the inconvenience, and troublesome
      conduct demonstrated by counsel.

e.    That this Court administers and enforces justice as to what this
      Court deems fair and appropriate.

Done this/⁤Day January 2008.

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

*CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY**, that I have this _15_ Day of January  2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brokwood Place, 7thg Floor**
**P.O. Box 598512**
**Birmingham, Alabaam 35259-8512**

®

Marcellus Breach

COUNTY OF LIMESTONE )

STATE OF ALABAM            )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am ***Marcellus Breach, AIS #160710***, I am over the age of twenty-one.  I am the plaintiff in this action.  I make this declaration in support of my Motion to Compel and Request for Sanctions against the correctional defendants for their failure to obey this Court's order entered on *October 18, 2007 Court Doc. 178-1, Order Court's Discovery Scheduling Order.*

On *November 16, 2007,* I served on the defendant's counsel a document: **"Plaintiff's Sixth Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants"** which **is attached to this affidavit as Exhibit 1.**

Defendant Dr. George Lyrene did not respond to this discovery request after 30 days by order of the court and rules of discovery, nor did they request an adjournment from the court or seek my agreement to an adjournment.

On *December 26,  2007* I wrote to the defendant's counsel pointing out that their responses were late and requesting that they respond immediately.  A copy of my letters are attached as Exhibit "A","B".

On *December 27,  2007*, plaintiff attached his letter with a pleading entitled: "Notice of Filing" to the court. [*Court Doc. N/A*] explaining to counsel that Dr. Lyrene has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that Dr. Lyrene has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof.  Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute.

Defendants' counsel did not respond to my letters.  I have written counsel numerous of times, and I have filed my notice of intent with the Court.  Copies of my letters are attached. Defendant's objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

*WHEREFORE,* the plaintiff request that the court grant this motion in all respects Under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746   This January 14, 2008.

Marcellus Breach

# EXHIBIT"A"

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|                                         |   |                            |
|-----------------------------------------|---|----------------------------|
| MARCELLUS BREACH, #160710               | * |                            |
|                                         | * |                            |
| Plaintiff,                              | * |                            |
|                                         | * | CASE NO: 2:06-cv-1133-MEF  |
| Vs.                                     | * |                            |
|                                         | * |                            |
| PRISON HEALTH SERVICES, INC., et al.,   | * |                            |
|                                         | * |                            |
| Defendants.                             |   |                            |

### NOTICE OF FILING

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), Fed. R. Civ. P.,* and compliance with this Court's order entered on *December 4, 2007* [**Court Doc No. 292—1, Order**] hereby files the attached for the Record: Plaintiff states as follows:

1.[1] **Discovery is not a game**. This Court issued its Discovery Order on *October 18, 2007.* [**Court Doc. No. 178 – 1**] ADOC Counsel is late in responding to discovery request. Parties who fail to understand that simple function of the rules invite judicial ire and risk the imposition of sanctions.

---

[1] **Attached letter to Counsel for ADOC defendants regarding Discovery disputes on defendants Ruth Naglich and Dr. George Lyrene, M.D., have not been answered.**

2.    Plaintiff has attached his letter to Counsel for ADOC regarding discovery requests

which have not been answered.

   *WHEREFORE,* plaintiff requests to place into the Record his attempts to resolve

the discovery problems informally with counsel, without court intervention.

Done this 26th Day December 2007.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## *CERTIFICATE OF SERVICE*

   **I HEREBY CERTIFY,** that I have this 27TH Day of November 2007, placed a true
copy of the foregoing upon the following through the prison mail system properly
addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® 

Marcellus Breach

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*December 26, 2007*

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:    **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes
Discovery Request upon Defendant Dr. George Lyrene & "Second
Set of Interrogatories upon Defendant Ruth Naglich**

Dear Counsel:

I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within fifteen (15) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order. The Court ordered that all parties file their responses to Discovery request within thirty days.

My Records reflect that there are several unanswered discovery request.  However, identifying Discovery request No. 6 on Defendant Dr. George Lyrene on November 16, 2007 was served and the thirty (30) day time limit for answering has expired and I have not received his answer and production.

Also, Defendant Ruth Naglich was served with a "Second Set" of discovery request on November 21, 2007.  Her due date of thirty (3) days would have been December 22, 2007 subtracting the Thanksgiving Holiday.  I have not received her answer pertaining to this second request.

I am hoping that perhaps you will correspond regarding the requested discovery request and also I am free to listen to any objections that you may have to them.  I strongly depreciate, I believe that it is inappropriate to have to continue to request the Court to intervene; however, I will not hesitate to request such.

**There are too many missing documents in this case**.  Also, the discovery requests are material, relevant and discoverable.  The records are voluminous because I have filed them to each person separately.

The areas of deficiency on your part is:

      (i)      ADOC defendants have not answered, responded to these discovery requests;

      (ii)     ADOC defendants have not requested an extension of time.

The attached excerpts are from the Discovery request upon Defendants Ruth Naglich and Dr. George Lyrene.

On the day 15 from receipt of this letter I will immediately file my motion to compel; the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

You have not provided any relevant Information from defendant George Lyrene except an affidavit. He has written an affidavit opposing surgery and discovery request upon him and his personal involvement, and information is relevant, material, and not burdensome. The information requested is a part of the prison record keeping, and is considered "business records".

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

For your convenience, I have attached two (2) excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.

Sincerely,

Marcellus Breach

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 27th Day of DECEMBER 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

®

Marcellus Breach

# EXHIBIT "B"

## IN THE DISTRICT COURT OF THE UNITED STATES * 6TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

_____

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

\*
\*
\*
\*
\*
\*

CASE NO: 2:06-cv-1133-MEF

### *PLAINTIFF'S <u>SIXTH</u> -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

### *TO:  DEFENDANT DR. GEORGE LYRENE, M.D.*
### *      MEDICAL DIRECTOR, ADOC*

**COMES NOW**, the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person

"Pro Se," request that Defendant **Dr. George Lyrene, M.D.,** answer the following

requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36,*

and/or his "Agent(s)" being person(s) under his control: *"Prison Health Services, Inc.,"*

and, *"South Louisiana Correctional Services,"* ("SLCS") requested to answer separately,

fully and in writing, the following interrogatories under oath, affirmation in accordance

within the definitions and instructions set. forth below, within thirty (30) days after

service of these **Interrogatories, Request for Admissions**, and **Production of Documents**,

furthermore, for the defendant to provide full disclosure along with his answers herein, copies thereof supporting evidentiary materials, as follows:

### I. DEFINITIONS AND INSTRUCTIONS;[1]

¶ 1.    Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible.  If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.    A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.    _Rule 33, Fed R. Civ. P._, permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party.  _Rule 33(d),_ also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

---

[1] **Definitions and Instructions are continuing throughout this Discovery request.  Rule 33, 34, & 35, Fed. R. Civ. P.**

¶ 4.    In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.    If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information , data, records inclusive to medical records from *February 2005,* through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

¶ 6.    These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, *Rule 26(e).* However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.    In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.    With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36,* et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the

substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.     If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures, Rule 37(c),* deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9.    As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 10.  When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

     a.    As used herein, the term **"document"** means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information

but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.    As used herein in reference to a natural person, the word "**identify**" shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c.    As used in reference to a business or other entity, the word "**identify**" shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d.    As used "**identify**" or "**identity**" when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e.    The word "**incident**" includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f.    The word "**specifically identify**" as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the

custodian(s) of the above requested documents in their entirety, but not limited to.

### III.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.

    a.    your age

    b.    your education

    c.    your length of service in your present employment position

    d.    your previous occupational experience(s)

    e.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.   With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant information of the "incident" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation that Plaintiff's inguinal hernia "Needs Repair?"

¶ 6.    Please *"specifically identify"* your supervisor from date of *"incident"* through date of answering/responding.  If any changes, please *"specifically identify."*

¶ 7.    Disclose any and all verbal, written communications to any person(s) regarding this incident if any, *"identify by document,"* any and all response(es) with any and all persons not limited to your supervisor regarding the incident in question.

¶ 8.    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer,

employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 9.    *"Specifically identify by document"* any and all pending lawsuits against you in the State of Alabama, or another.

¶ 10.   *"Specifically identify by document"* whether you ever been sued for either: (i) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the city, state where the charges were, or are actively pending, the nature of the charge(s), the date of the summons, Answers, the court case number, and the disposition of the charge, answer, summary judgment, trial or appeal.

¶ 11.   *"Specifically identify by document"* whether you or has anyone acting in your behalf obtained from any person or persons any *"documents"*, report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?

¶ 12.   *"Specifically identify by document"* your specific job responsibilities as Medical Director for the Alabama Department of Corrections.

¶ 13.   *"Specifically identify by document"* the implementations procedures, and/or the events, chain of command of preparing, submitting and approval of the Protocol(s)

regarding treatment of hernias suffered by state inmates between Alabama Department of Corrections and Prison Health Services, Inc.

¶ 14.  It is your common practice as a doctor not to make a surgical referral regarding a patient diagnosed with a hernia until the patient's hernia is incarcerated, or in danger of incarceration or, into the scrotum?

¶ 15.  It is your common practice not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum, increasing abdominal or groin swelling?

¶ 16.  It is your common practice as a doctor not to make surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of a bulge or lump in the abdomen, groin or scrotum that is easier to see when the patient stands and disappears when the patient lies down, but the patient has a dull dragging sensation in the groin area with an inability to urinate?

¶ 17.  It is your common practice as a doctor not to make a surgical referral for a patient who is diagnosed with a Hernia with signs and symptoms of pain when straining, lifting, or coughing, persistent cough and/or shortness of breath?

¶ 18.  Between the Alabama Department of Corrections and Prison Health Services, Inc., who's common practice is it not to surgically repair a hernia once a physician has

ordered or recommended that the hernia "needs repair" unless the hernia is incarcerated or, in danger of becoming incarcerated in order to be surgically necessary?

¶ 19    Please estimate how many Alabama inmates diagnosed with a hernia you deny a referral to a specialist or surgeon since your date of employment rendering medical services at the prison(s) of the Alabama Department of Corrections.

¶ 20.    Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol.  If yes, "*specifically identify*" any written request, "*documents,*" e-mails, faxes and "*identify the incident by document*": "*identify*" any and all witnesses, persons who have knowledge of your recommendations for improvements to this or any other Hernia Protocol?

¶ 21.    "*Identify by document,*" your personal examination conducted on the plaintiff.  If unavailable, please disclose the reason(s).

¶ 22.    Please disclose and "*identify by document*" ADOC's and your common practice being the objective treatment plan regarding hernias when the patient is suffering extreme pain, due to his hernia.

¶ 23.    It is your common practice to deny the cure for a hernia until the hernia is incarcerated or, in danger of incarceration, into the scrotum?

¶ 24.    It is your common practice to allow a patient to endure pain by issuing some pain medication and a Truss, when there are continued symptoms of the patient suffering

pain; without the cure before the hernia is incarcerated, or in danger of being incarcerated or before into the scrotum?

¶ 25. Please disclose your medical findings *"identify by document"* how you recommended that plaintiff not receive surgery, when you never once examined the patient's hernia and have no idea how much pain he suffers?

### IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendant produce and permit plaintiff to inspect and to copy each of the following documents:

### * RULE 33, Fed. R. Civ. P., "Business Records"

a.    To permit plaintiff to inspect, analyze, and copy or photograph, *"specific document,"* implemented protocols and policies/procedures of the Alabama Department of Corrections as of February 2005 through current date of responding and names of *"identify by document"* all individuals responsible for the treatment protocols, i.e., hernia; specifically, the Protocols governing the treatment of hernias suffered by state inmates.

b.    The names and *"specifically identify by document,"* those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias at the Alabama Department of Corrections from February 2005 through present.

c.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

d.  To disclose the material evidence by *"document,"* and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and <u>7-12-06</u>, to any supervisor, agency or agents thereof regarding treatment of plaintiff's inguinal hernia.

e.  *"Specifically identify by document,"* and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding,  approval or disapproval of hernia surgery, requested by <u>South Louisiana Correctional Center</u> medical personnel, from <u>*March 2006*</u> through <u>*October 6, 2006*</u> to the Alabama Department of Health Services.

f.  Produce any and all relevant information on the policy, protocol, procedures regarding issuing patient a Truss or Hernia belt.

g.  Produce any and all relevant information regarding Hernia Truss or Hernia Belts as treatment for a hernia.

> **\*\*\*    [If any requests for production of documents have already been disclosed through another party, then please state and identify the party, date of disclosure.]**

V.  *REQUEST FOR ADMISSIONS:*

¶ 1.   *Admit or deny*, you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 2.   *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 3.   *Admit or deny,* that the Anatomy of Hernia, – the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall,

this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 4.    *Admit or deny*, you are an expert in Hernia repair?

¶ 5.    *Admit or deny*, you have performed surgery on hernias?

¶ 6.    *Admit or deny*, there is almost no limit to how big a hernia could get without surgery?

¶ 7.    *Admit or deny* that medically there is no cure for a hernia without surgery?

¶ 8.    *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 9.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 10.   *Admit or deny*, a truss is the cure for a hernia?

¶ 11.   *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 12.   *Admit or deny*, that that issuing of pain medication will not cure a hernia?

¶ 13.   *Admit or deny*, that the issuing a truss and proscribing pain medication is a cheaper method of treating a hernia?

¶ 14.   *Admit or deny*, that plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 15.  *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 16.  *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 17.  *Admit or deny* the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery?

¶ 18.  *Admit or deny*, that the opening of a hernia cannot heal itself?

¶ 19.  *Admit or deny*, medically a doctor cannot treat a hernia; they must be repaired through surgery?

¶ 20.  *Admit or deny* plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place?

¶ 21.  *Admit or deny*, a truss is for temporary use?

¶ 22.  *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation?

¶ 23.  *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain?

¶ 24.  *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum?

¶ 25.  *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia?

¶ 26.  *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed?

¶ 27.  *Admit or deny*, a hernia ought to be inspected to ensure that it is not becoming infected or developing into a more serious non-reducible hernia?

¶ 28.  *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia.

¶ 29.  *Admit or deny*, a hernia can limit a person's daily activity?

¶ 30.  *Admit or deny*, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia?

¶ 31.  *Admit or deny*, the instruction Hernia Manuel given by you on April 30, 2007, through Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief.  However, **CURE IS SURGERY?"**

¶ 32.  *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse?

¶ 33.  *Admit or deny*, you are involved in the treatment proscribed to plaintiff while he has been in the department of corrections.

¶ 34.   *Admit or deny*, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia?

¶ 35.   *Admit or deny*, there are over 100 Alabama inmates diagnosed with hernias from *February 2005* through date of your response?

¶ 36.   *Admit or deny*, hernias are painful?

¶ 37.   *Admit or deny*, you are responsible for the monitoring of the health care given to plaintiff while in the department of corrections?

¶ 38.   *Admit or deny*, you agree that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum?

¶ 39.   *Admit or deny,* the Protocol(s) pertaining to hernia treatment for Alabama inmates can subject a patient to endure pain and suffering?

¶ 40.   *Admit or deny*, Alabama Board of Medical Examiners are not aware of the practice involved with Prison Health Services, Inc., being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary?

¶ 41.   *Admit or deny,* this Protocol ought to be changed pertaining to hernias?

¶ 42.   *Admit or deny*, you never once examined the plaintiff.

¶ 43.   *Admit or deny*, you are responsible for updating, changing medical policies, procedures, at ADOC?

¶ 44.   *Admit or deny each hernia case is different?*

¶ 45.   *Admit or deny*, Ruth Naglich denied plaintiff's request for surgery from Louisiana.

¶ 46.  *Admit or deny*, it is your common practice to go against another doctors recommendation when you are not the treating physician.

¶ 47.  *Admit or deny*, Ruth Naglich is the person responsible for approval or disapproval of surgery request?

¶ 48.  *Admit or deny*, you implemented the Protocol that states that a hernia must be incarcerated, or in danger of being incarcerated before it can be surgically repaired?

¶ 49.  *Admit or deny*, the sac containing plaintiff's intestine may become trapped by muscle (incarceration).  This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain?

¶ 50.  *Admit or deny*, when the intestines become trapped, issuing Motrin 600 mg., will treat the condition?

¶ 51.  *Admit or deny*, when the intestine is tightly trapped, it becomes strangulated?

¶ 52.  *Admit or deny*, the strangulated area loses blood supply and may die when the intestine is tightly trapped?

¶ 53.  *Admit or deny*, when the intestines are trapped, this can cause severe pain and block the intestine.  Emergency surgery is needed to relieve the blockage?

¶ 54.  Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area.  With time, these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia?

¶ 55.  *Admit or deny*, indirect inguinal hernias are the most common hernias in men?

¶ 56.  Direct hernias are similar to indirect hernias, but less common?

¶ 57.  Direct hernias often get worse with age or physical stress.

¶ 58.  Admit or deny, allowing a patient to suffer pain due to an hernia for almost three years may seem inappropriate to the medical profession?

¶ 59.  *Admit or deny*, the Alabama Department of Corrections intentionally denied plaintiff's request for surgery?

¶ 60.  *Admit or deny*, you denied plaintiff's request for surgery because plaintiff's hernia is not incarcerated or into the scrotum?

Done this 7th Day November 2007.

® _____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 16th Day of November 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnstone, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach