IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710            )

    Plaintiff,                                )

Vs.                                                )        CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC.,            )

    Defendants.                              )

## MOTION TO RE-OPEN DISCOVERY FOR THE PRODUCTION OF PLAINTIFF'S LOUISIANA MEDICAL RECORDS / VIA SUBPOENA DECUS TECUM

**PURSUANT** to *Rule 34* and *45, Federal Rules of Civil Procedures,* plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," request to re-open discovery for good cause: Plaintiff shows as follows;

*Statement of The Facts*:

1.     Plaintiff has complied formally with all applicable rules governing discovery. On or about *October 3, 2007* and *November 26, 2007* [**Court Doc. No. N/A/ "Plainitff's Request For Production of Documents"**] plainitff submitted two motions regarding production of his Louisiana medical records pursuant to *Rule 34,* Fed.R.Civ.P., his request upon defendant for production of his Louisiana medical records. [**Court Doc. No. 156**]

1

2.      On or about _October 26, 2007_ ADOC through Ms. Harris and Ms. Appleton via court order allowed plaintiff to inspect both his institutional and medical file. However, the Louisiana medical records are not and were not in his PHS medical file. **[Court Doc. No. 170-1, Order to ADOC]** Plaintiff's November 26, 2007 motion for production of documents was converted sua sponta by the court and the court ordered defendants to produce plaintiff's Louisiana medical records.

3.      Plaintiff has attempted but, unsuccessfully within his discovery time limit, a _subpoena decus tecum_ directed to Diana Lott, nurse administrator for South Louisiana Corrections Center for production of documents, but plaintiff was notified by the Clerk of the Court that such request had to be court ordered. The Court apparently taking judicial notice to the record after plaintiff submitted the _subpoena decus tecum_, on _November 29, 2007_ the Court issued an order upon correctional and medical defendants to produce "all medical records of the plaintiff, including those records complied during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, [Court Doc. No. 277].

4.      Defendants did not comply with this court's order, defendants did not produce plaintiff's Louisiana medical records and plaintiff requested that the court compel production and sanctions. [_Court Doc. No. 346 & 351_]

5.      The Court denied plaintiff's motion to compel production of Louisiana medical records and sanctions on _January 9, 2008_. **[Court Doc. No. 371-1, 373-1]**

2

6.      Plaintiff submitted a second motion entitled: **Motion For Issuance of Subpoena Decus Tecum For Production of Documents Under** _Rule 45(a)_, **Fed. R. Civ. P.,"** on or about January 14, 2008.[ **Court Doc. No. N/A]** No ruling on same has been determined by the Court.    Plaintiff discovery deadline was _December 21, 2007._  Plaintiff did not have time, nor learned that defendants would not produce the requested Louisiana medical records before the discovery deadline; the Court denied plaintiff's request for an extension of time filed on _November 21, 2007_ [**Court Doc. 255-1**]

7.      As to today, the Louisiana medical records have not been produced by the defendants when the records are available, and under the possession, custody and control.

### _ISSUE PRESENTED/ GOOD CAUSE / LOUISIANA MEDICAL RECORDS?_

### _MEMORANDUM AT LAW/ POINTS ON AUTHORITY_

[1]On _January 2, 2008_ plaintiff filed a document entitled "supplemental motion for contempt/motion to compel/motion for sanctions" [**Court Doc. No. 351**].   The Court denied the motions for compel stating and relying on voluminous responses and objections to discovery request filed by the defendants. [**Court Doc. No. 373-1, Order**]. However, **Court Order, Doc. No. 277,** the Court specifically ordered defendants to produce: "(i) **all medical records of the plaintiff, including those records compiled**

---

[1] In this case, plaintiff has submitted several documents that he obtained during his incarcerated at the private prison in Louisiana being his copy of the Louisiana medical records.  Plainitff also on December 20, and January 7, 2007 supplied a true copy to Defendant Brandon Kindard, and Nurse Graves at Kilby. On November 9, 2007 Deborah Hunt meeting with plaintiff had some Louisiana medical records "sitting" on the table at LCF health care she stated that "we just got these today, you had them before we did".  But, why hasn't the medical defendants produced them?

**during the plaintiff's incarceration at the South Louisiana Corrections Center in Basile, Louisiana, from the initial diagnosis of plaintiff's hernia in February of 2005 until the present date; . . . . "**

Defendants did not comply; the Court denied plaintiff's motion to compel regarding production of Louisiana medical records.

Because plaintiff knows his Louisiana medical records, and on _November 9, 2008_ Deborah Hunt, personally showed plaintiff portions of Louisiana medical records that were outside his medical file, and have not been produced by defendants also, Ms. Hunt stated: "**we just got these today from Kilby, you had them before we did**". Those additional Louisiana medial records are evidence; relevant to deliberate indifference and reflect what transpired while plaintiff was in Louisiana. However, as plaintiff continues to complain to the Court, the defendants are suppressing evidence. Plaintiff request to file a subpoena to retrieve the missing portions of the medical records.

## ARGUMENT

The proper procedure is to request for either a continuance and reopen discovery to permit a formal request of the documents pursuant to Fed. R. Civ. P. 34 or Fed.R.Civ.P.45. The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37 , governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require

4

certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed. R. Civ. P. 11(b) . Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed. R. Civ. P. 34 . Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

Plaintiff has done all that he can to obtain the necessary relevant Louisian medial records. Plaintiff cannot respond to a motion for summary judgment without such documents and without, prejudices his case.

PHS, ADOC and CMS all have not adequately complied with the requirements under *Rule 26,* requirements of initial disclosure of plaintiff's medical records from South Louisiana Corrections Services. Judicial Notice will reflect that plaintiff has repeatedly requested production of his Louisiana medical records. The Court has on numerous of times issued order after order that defendants produce any and all documents related to the medical treatment of the plaintiff while at South Louisiana Corrections Services and defendants have not complied. In addition, no evidence is before the Court from defendants under *Rule 26(g),* that an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her, which are responsive to the discovery request. See, ***Sexton v. United States,*** 2001 WL 649445 * 1 (M.D. Fla. 2001)(citing *Rule 26(g),* Fed.R.Civ.P.).

The court stated that the voluminous copies of documents produced by the medical defendants in reality ought to be enough because such documents contain plaintiff's medical records. However, plaintiff has alleged, inadequate medical record keeping, deliberate indifference, medical malpractice, and negligence in this case. An evaluation of the plaintiff's medical records is not enough to satisfy the plaintiff's discovery requests, and that discovery of the facts regarding what transpired while plaintiff was in Louisiana is very germane to the facts of this case. Court's have recognized given the extreme difficulty prison inmates often face in obtaining evidence of jail customs or policies, it is unlikely that access to a prisoner's medical records is enough. *See Lewis*, 2006 U.S. Dist. LEXIS 47405, 2006 WL 1843336, at *2 ("To restrict a civil rights plaintiff's access to the type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims."). Access to plaintiff medical records from South Louisiana Corrections Services, and review of that information is even more important in a case such as this where the Plaintiff is alleging that supervisory officials interfered with medical treatment once prescribed by a physician, also, that a defendant's de facto policy is the force of law to the proximate cause of injury and this de facto policy applied to plaintiff was he was a prisoner in Louisiana because ADOC was in control over the plaintiff being an Alabama inmate. Because there is evidence that the ADOC officials acted improperly, the information should see the light of the day.

Although plaintiff properly requested production of document of his medical records, he has been unsuccessful in having the Court compel the medical defendants to produce such relevant documents. However, because such documents have been sought pursuant to a *Rule 34* document request or a Rule 45 subpoena this Court can compel. *See, e.g., **Lewis v. Chicago Housing Authority,*** No. 91 C 1478, 1991 U.S. Dist. LEXIS 13360, at *4 (N.D. Ill 1991) (compelling plaintiff to sign authorization forms required by IRS in order to effectuate a subpoena for tax records); ***Skleagen v. Greater Southeast Cmty. Hosp.,*** 625 F. Supp. 991, 992 (D.D.C. 1984) (requiring plaintiff to sign release for medical records where plaintiff had not produced all such records in response to request for production); ***Fleming v. Gardner,*** 84 F.R.D. 217, 218 (E.D. Tenn. 1978) (ordering Plaintiff to produce hospital records pursuant to a request for production or in lieu thereof to sign a release for the records).

Plaintiff is not satisfied that PHS has alleged that they have produced what medical documents that they have. Plaintiff argues PHS and CMS have the documents but will not produce them. Even if what they state is true, the medical records are still available and are in Defendant's "'possession, custody, or control" and that "to the extent that such documents may exist, they would be within the possession custody and control of Defendant ADOC, PHS and CMS. Plaintiff, in his motion to compel, argued that the Court should have ordered      Defendants to produce the documents because "it is clear that the Defendants do have custody and control of said documents." Defendants

counter that plaintiff's Louisiana medical records are not in "actual possession". Plaintiff argues that such documents are public record and prison records.

Plaintiff argues that this Court has given counsel for the medical defendants so much lead way because they have produced plaintiff PHS medical records wherein, 90% of PHS medical records are "irrelevant" and have done nothing more than create a disguise into voluminous irrelevant medical records. Thus, the grave constitutional issues resolve around the medical records from South Louisiana Corrections Services and they have not been produced and they contained evidence that is relevant and admissible to the claims asserted by plaintiff in his Complaint.

## RELIEF REQUESTED

a.    That this Court ascertain where are the Louisiana medical records that have been requested via Rule 34 request, and Court orders;

b.    That the Court grant plaintiff to file a Subpoena Decus Tecum upon Diana Lott, nurse administrator for South Louisiana Corrections Center, in Basile, Louisiana for the production of plaintiff's complete medical records;

c.    The costs be taxable to defendants because defendants have disobeyed the court's order, and defendants will not produce the Louisiana medical records;

d.    That the Court grant what is fair regarding evidence in this case.

Done this 21 Day January 2008.

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 22 Day of January 2008 served a true copy of the foregoing upon the following by U.S. Mail properly addressed postage prepaid First Class U.S. Mail through the prison mail box system.

Alabama Dept. Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36101

**Counsel for PHS**

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

**Counsel for CMS**

Starnes & Atchison, LLP.
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach

9