IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | ) | |
| Plaintiff, | ) | |
| Vs. | ) | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., | ) | |
| Defendants. | ) | |

### PLAINTIFF'S INQUIRY AS TO PENDING MOTIONS FOR SANCTIONS / REQUEST COURT INQUIRE AS TO WITHHELD DOCUMENTS

**COMES NOW**, plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se" expresses to this Court his concern regarding the Court has not made its ruling on plaintiff's motion for sanctions, [**Court Doc. No. 221 & 222**] wherein, may the Court take judicial notice, counsel did not answer, nor address the merits of the motion for sanctions:

1.  Plaintiff is troubled that the Court has overlooked the fact that several Louisiana medical records are being withheld or concealed. Also, plaintiff is troubled that counsel repeatedly submitted several Affidavits from Linda Lawrence, Deborah Hunt that have contained with reservation, lies; and, Linda Lawrence repeatedly lied to the Court regarding several grievances that plaintiff clearly demonstrated were concealed because plaintiff submitted the very grievances with Linda Lawrence's signature on them:

1

counsel continually fed, and drove this case into the ground that plaintiff did not submit any grievances, sworE to the Court, but intentionally simply drafted, orchestrated lies signed by several defendants, witnesses creating a mountaintop of lies and dishonesty and this Court ought not to overlook it or, present any prejudice to plaintiff because he is a prisoner. <u>All prisoners do not lie!</u>

2. What is also troublesome, is the Court has not determined whether the actions of counsel have shown dishonesty, slander when counsel slandered plaintiff without thinking nor investigating Dr. Tassin, because counsel attempted to tell the court again, Dr. Tassin did not exist. Counsel stated:

> **" As previously been addressed in the multiple pleadings previously filed with this Court, Mr. Breach has engaged in intentional misrepresentation to this Court, misconstruing, if not intentionally lied, about medical evidence from Dr. John Tassin, and failed to comply with the requirements of the Prison Litigation Reform Act, despite his perjurous statements to the contrary."** [ See, Plaintiff's Motion For Sanctions, p. 14 ¶ 2 argument, Court Doc. 221 or 222]

Plaintiff then supported his position with Dr. John A. Tassin, M.D., Affidavit. Counsel basically slandered plaintiff, lied to this Court, and has and continues to conceal the Louisiana medical records. This Court has ordered the defendants to produce the Louisiana medical records. [**Court Doc. No. 277**]. Plaintiff asks the Court the question? Where are the Louisiana medical records, and why haven't they been produced?

3. Plaintiff request that this Court take action as to why plaintiff's Louisiana medical records that contains evidence needed at summary judgment, i.e., fax reports, nurse's

notes, grievances front and back regarding his hernia and the treatment proscribed while in Louisiana; has not, never been, produced by the defendants over repeated request and court orders?  The rules are binding on the *parties* and they must comply with their obligations.  Attorneys have a continuing duty to advise their clients of their duty to make honest, complete, non-evasive discovery disclosures, as well as the spectrum of sanctions they face for violating that duty. Fed. R. Civ. P. 26(g) . In this case, the source of the problem is the litigants themselves, as is its cure. In some types of litigation the motivation to resist discovery is so great that offenders will not comply with discovery unless they **know in advance that the cost of "stonewalling"** will be greater than the benefits. **Only by imposing harsh sanctions against a willfully deceitful and evasive litigant do the courts take the advantage out of such misbehavior and turn it into a decided disadvantage.** Only by doing so can the courts empower their officers to refuse involvement in such misconduct, and give them the power to persuade their clients that such is not in their best interests. There will be no point in paying lavish litigation fees and costs to a lawyer to suppress the truth if the swift and certain punishment will follow. The choice can and should be made simple and clear: Litigate in our courts honestly and by the rules, or suffer the consequences. The public expects and deserves no less if confidence in our judicial system is to be preserved, as it must be. *Hogue v. Fruehauf Corp.*, 151 F.R.D. 635 (C.D. Ill. 1993); ***Baker v. General Motors Corp.***, 159 F.R.D. 519, (W.D. Mo. 1994).  In this case, it is becoming troublesome that the Court has allowed

3

counsel to state misrepresented facts, intentionally present blatant lies, slander plaintiff, submitted multiple purjurous affidavits, withheld several documents and then, basically lie to the Court about facts shifting the case away from the main issues: where are the requested documents and plaintiff request that this Court make an appropriate order. Plaintiff was given 45-days to submit all request for discovery, it was impossible to know that defendants intentionally were not planning to produce the Louisiana medical records within the 45-days limited discovery time because plaintiff not once, received any responses to his discovery request within the 45-days. Nevertheless, Plaintiff submitted two separate subpoenas for production of documents addressed to Diana Lott nurse administrator requesting production of his Louisiana medical records the Court *sua sponta* ordered the Louisiana medical records and today, they still have not been produced.

**WHEREFORE**, plaintiff request that this Court decide as to what is fair, appropriate regarding this matter to counsel's conduct and missing evidence.

Done this 21st Day January 2008.

*/s/ Kenneth T. Breach/*

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

4

## ERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 21-Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36130

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach