IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARCELLUS BREACH, AIS #160710** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **2:06-cv-1133-MEF** |
| ) | |
| **PRISON HEALTH SERVICES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ADOC DEFENDANTS' SECOND MOTION TO STAY DISCOVERY AND REQUEST FOR DETERMINATION OF IMMUNITY DEFENSES

Come now the Alabama Department of Corrections Defendants, by and through the undersigned counsel, and request that all pending discovery requested from ADOC Defendants be stayed in this action until such time as a determination of ADOC Defendants' defenses of qualified immunity and/or Eleventh Amendment immunity have been decided, and would state as follows:

1. That the ADOC Defendants have raised the defenses of qualified immunity and/or Eleventh Amendment immunity in this action. That the Plaintiff has already requested and received voluminous discovery in this action, as recognized by this Court.

2. That the law is well established the ADOC Defendants are entitled to a determination of those defenses prior to responding to the Plaintiff's voluminous requests for discovery. As stated in *Long v. Slaton*, 508 F.3d 576 (11th Cir. 2007), "[a] summary denial of qualified immunity does not clearly demonstrate that the district court had entirely taken to heart the Supreme Court's instruction to courts

about the duty to treat seriously motions raising immunity and to grant qualified immunity at the earliest possible point in the litigation. *See Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987)* (rejecting the argument that qualified immunity cannot be granted before discovery and stating that "qualified immunity questions should be resolved at the earliest possible stage of a litigation"); *Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)* (stating that the "entitlement" of qualified immunity is " *immunity from suit* rather than a mere defense to liability"). In *Weissman v. National Ass'n of Securities Dealers, Inc., 500 F.3d 1293 (11th Cir.2007)*, the Court said "[T]he Supreme Court has urged us to apply the affirmative defense of qualified immunity at the earliest possible stage in litigation because the defense is immunity from suit and not from damages only."

Also as stated in *McMahon v. Presidential Airways, Inc.,502 F.3d 1331 (11th Cir.2007,* "[A] party is entitled to a collateral order appeal when it has a substantial claim to a true immunity from suit: i.e., an immunity that not only insulates the party from liability, but also prevents the party from being exposed to discovery and/or trial. Courts have recognized a number of immunities from suit, all of which protect important interests that would be irrevocably lost if the holder of the immunity were erroneously required to stand trial. *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993)* (Eleventh Amendment immunity); *Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)* (qualified

immunity of federal officer); *Nixon v. Fitzgerald*, 457 U.S. 731, 743, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982) (immunity of President from civil damages). Because immunity from suit entails a right to be free from the burdens of litigation, an erroneous denial cannot be redressed through review of the final judgment, and therefore must be reviewed on interlocutory appeal. "[T]he distinction between an individual capacity suit-also referred to as a personal capacity suit-and an official capacity suit is a significant one. 'When a plaintiff sues a municipal officer in the officer's individual capacity for alleged [ ] violations, the plaintiff seeks money damages directly from the individual officer'". *Smith v. Allen*, 502 F.3d 1255 (11th Cir.2007), *quoting Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (citation omitted). In contrast, an official capacity suit is, essentially, "pleading an action against the entity of which an officer is an agent." *1272 *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (citation and quotations omitted). Moreover, in an individual capacity suit, a defendant "may, depending on his position, be able to assert personal immunity defenses," such as qualified immunity. *Id.* at 166-67, 105 S.Ct. at 3105. In contrast, in an official capacity action, "the only immunities that can be claimed ... are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Id.* at 167, 105 S.Ct. at 3106.

Wherefore the premises considered, the ADOC Defendant respectfully pray that this Court stay discovery and render a decision on the defenses of qualified and/or Eleventh Amendment immunity.

Respectfully submitted,

                                      Kim T. Thomas
                                      General Counsel
                                      Deputy Attorney General


                                      <u>/s/Albert S. Butler(BUT016)</u>
                                      Albert S. Butler (BUT016)
                                      Assistant General Counsel
                                      Assistant Attorney General



**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL  36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, AL  35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General