IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> PRISON HEALTH SERVICES, INC.; § <br> et al.; § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:06cv1133-MEF |

### NOTICE OF FILING

COMES NOW the Defendant, Bradford Adams, by and through counsel, and does hereby give this Court notice of filing of the following documents in response to this Court's Order dated January 9, 2008 [Court Doc. No. 379]:

1. Defendant Bradford Adams's Response to Plaintiff's First Interrogatories [Court Doc. No. 182].

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant,
Bradford Adams

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 29th day of January, 2008, to:

> Mr. Marcellus Breach (#160710)
> Limestone Correctional Facility
> 28779 Nick Davis Road
> Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

> Albert Sims Butler, Esq.
> ALABAMA DEPARTMENT OF CORRECTIONS
> P. O. Box 301501
> Montgomery, AL  36130-1501
>
> Philip G. Piggott, Esq.
> STARNES & ATCHISON, LLP
> P. O. Box 598512
> Birmingham, AL  35259-8512

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MARCELLUS BREACH (AIS # 160710),** | * | |
| **Plaintiff,** | * | |
| V. | * | 2:06-CV-1133-MEF |
| **PRISON HEALTH SERVICES, et al.,** | * | |
| **Defendants.** | * | |

<u>**DEFENDANT BRADFORD ADAM'S RESPONSE
TO PLAINTIFF'S FIRST INTERROGATORIES
(COURT DOCUMENT NO. 182)**</u>

COMES NOW the Defendant, Nurse Practitioner Bradford Adams, and responds to Plaintiff's First Interrogatories as follows:

### Interrogatories

1. a) 36.
   b) Nurse Practitioner at Staton Correctional Facility.
   c) MSN at Troy State University; Family Nurse Practitioner: ASN 1996, BSN 1997, MSN 2003.
   d) Married.
   e) 4 years.
   f) RN since 1996; CRNP since 2003.
   g) Associate of Science School; Bachelor of Science School; Master Master of Science School; RN since 1996; CRNP since 2003.

2. No.

3. No.

4. Jackson Hospital - RN; Edge Regional Medical Center - RN; HealthSouth Hospital – RN, Case Manager, Patient Care Coordinator.

—1—

5.  This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

6.  Please see my response to interrogatory #1 and please refer this request to PHS.

7.  Dr. Michael Robbins and please refer this request to PHS.

8.  This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

9.  No.

10. No - This decision is made by the medical doctor.

11. No – This decision is made by the medical doctor.

12. No – This decision is made by the medical doctor.

13. Please refer this request to a medical doctor. However, patients are evaluated on a case by case basis.

14. I am unable to provide an accurate estimate, but I would guess 2 to 3 per week since that date.

15. All inmates with hernias are evaluated on a case by case basis. Surgical referral is determined by the medical doctor and PHS.

16. No.

17. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility. It is not my common practice to make a medical judgment against another doctor.

18. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

19. I refer patients to the medical doctor and the medical doctor makes the referral.

20. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

21. I refer patients to the medical doctor and the medical doctor makes the referral.

22. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

23. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

24. Not applicable.

25. This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

### Request for Admissions

1. This Defendant is unable to respond to this request as I do not have access to your medical

     chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

2. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

3. Deny. Hernias are evaluated on a case by case basis.

4. Deny. Hernias are evaluated on a case by case basis.

5. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

6. Deny. You can keep a hernia from getting worse by wearing a truss and restrictive measures in some cases.

7. Admit.

8. Deny.

9. Deny.

10. This request is incomplete.

11. This Defendant admits that surgery is not always necessary.

12. This Defendant admits that this is rarely possible, but can under unusual circumstances happen.

13. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

14. This Defendant admits that a truss is a common treatment measure.

15. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

16. Admit.

17. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

18. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

19. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

20. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

21. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

22. Admit.

23. This Defendant is not qualified to answer this request.

24. This Defendant admits that this Plaintiff's inguinal hernia did not get any larger during the time this Defendant provided medical services.

25. This Defendant admits that sometimes discomfort is experienced.

26. Defendant cannot answer this request.

27. This Defendant admits all hernias do not worsen.

28. This Defendant admits that a hernia usually does not heal itself.

29. Deny.

30. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

31. This Defendant cannot respond as this depends on the individual patient.

32. This Defendant admits that the Plaintiff's hernia is neither incarcerated or in danger of becoming incarcerated and thus Plaintiff is not in a life or death situation.

33. This Defendant admits that this could occur in a rare situation and it is uncommon.

34. This Defendant cannot respond as this depends on the individual patient and is based on a case to case basis.

35. Deny. This Defendant does not consider coughing and sneezing to be "overexertion."

36. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

37. This Defendant admits that a hernia should be inspected, but denies that it commonly becomes infected.

38. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

39. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

40. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

41. Admit.

42. This Defendant is unable to respond to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility.

**[Execution to Follow on Next Page.]**

*[signature]*
Defendant, Bradford Adams

SWORN TO AND SUBSCRIBED before me,
on this the 29 day of January, 2008.

*[signature]*
Notary Public, State of Alabama
At Large
My Commission Expires: 12/06/2008
(SEAL)

OF COUNSEL:

Paul M. James, Jr., Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101-0270
(334) 206-3100

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 29th day of January, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL 35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL 36130-1501

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL