IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | ) | |
| Plaintiff, | ) | |
| Vs. | ) | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., | ) | |
| Defendants. | ) | |

**MOTION FOR RECONSIDERATION OF COURT'S ORDER DIRECTING
PRODUCTION OF DOCUMENTS WITHIN DEFENDANT'S "POSSESSION"**

**COMES NOW**, the plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," request that this Court revisit its order entered on *January 17, 2008* [*Court Doc. No. 394*] pertaining to plaintiff's specific discovery request for production of documents under the provision of *Rule 34, Federal Rules of Civil Procedures*: Plaintiff in further support thereof, states as follows:

¹1.    On *January 17, 2008* [*Court Doc. No. 391-1, Order*] the court *sua sponta* entered an order upon correctional and/or medical defendants to perform a specific act regarding to

---

¹ Pursuant to Rule 16(c)15 and the court's standing discovery order, the defendants were/ are under a continuing obligation to produce material subject to discovery. *Continuing Duty to Disclose.* If prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, such party shall promptly notify the other party or that other party's attorney or the court of the existence of the additional evidence or material.

1

plaintiff's request for production of his Louisiana medical records. The Court ordered *sua sponta:* " . . . the correctional and/or medical defendants shall file with the court and furnish to the plaintiff copies of all medical records, including physicians'/nurses' notes, grievances, request forms, memos and any other document, related to medical treatment provided to the plaintiff for his hernia during his incarceration at the Southeast Louisiana Corrections Center."

2.  On the very same day, January 17, 2008 correctional defendants filed a document for reconsideration/clarification [**Court Doc. No. 393**]. However, plaintiff was not served with this document; the court modified its initial order [**Court Doc. No. 394**] and its order appears to *chill Rule 34(a), Federal Rules of Civil Procedures*, and its provision. The court's order directed the defendants to produce documents' only: **"within their possession"** [**Court Doc. No. 394**] subtracting "custody or control".

3.  Taking away "custody or control" from the provisions of *Rule 34(a),* "custody or control" is incongruous with the Rule and lifts the defendant's legal duty under *Rule 16(c) & 15,* pertaining to "Initial Disclosure" that was not satisfied; furthermore, **"within their "possession"'** "chills" *Rule 34(a), Federal Rules of Civil Procedures.*

4.  Plaintiff requested defendants produced any and all fax reports, grievances; specifically, the medical records from Louisiana **Offender Grievance # 06-215, "FRONT and BACK"** as requested and the evidence is relevant and admissible: the Court and

---

Defendants have not one time stated that they have even attempted to retrieve all of plaintiff's Louisiana medical records. On November 24, 2007 plaintiff received some additional Louisiana medical records from PHS. Control is the authority, legal right to retrieve all Louisiana medial records.

2

plaintiff are entitled to view ADOC response to surgery request; however, under their "control" authorized by <u>Rule 34</u>, defendants must produce or explain why such production cannot be completed upon demand.

## *MEMORANDUM AT LAW / POINTS ON AUTHORITY*

<u>Fed. R. Civ. P. 34</u> requires production of documents <u>within the custody, possession, or control</u> of the party to whom the request has been made. Federal courts consistently hold that documents are deemed to be within the possession, custody or control for purposes of <u>Rule 34</u> if the party **has** actual **possession**, custody <u>or control, or has the legal right to obtain the documents on demand. Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another.</u> Therefore, under <u>Rule 34</u>, control <u>does not</u> require that the party have legal ownership <u>or actual physical possession</u> of the documents at issue; <u>rather</u>, documents are considered to be under a party's control when that party <u>has the right, authority</u>, or <u>practical ability</u>, to obtain the documents from a non-party to the action.

## *RULE 34(a), FED.R.CIV.P., "CUSTODY OR CONTROL REQUIREMENTS"*

After 14-months PHS decides to submit what documents they have withheld since the outset of filing this litigation is troublesome, unethical, and violates the discovery rules. However, even though PHS claims they are disclosing what they currently have in their possession: [*they legally are bound under "control" Rule 34(a), Fed.R.Civ.P.*]

> " . . . [T]hese documents are all of the documents currently in the possession of the PHS Defendants <u>or that have been in the possession</u>

3

**of the PHS Defendants during the pendency of this litigation." [PHS's Notice of Filing, January 24, 2008].**

Plaintiff argues that in regards to the modified order, the court order chills, deletes the plain language of Rule 34(a), including "custody or control" requirements and the defendants obligation to produce is lessened as to what they have control over regarding the Louisiana medical records. Since defendants admitted that they have had actual possession, then they have had, the authority to obtain all documents requested from Louisiana. Since defendants had the documents, withheld them -- they have authority to retrieve and produce all of them.

As an initial matter, plaintiff points out that Federal *Rule 34(a)* states that: "Any party may serve on any other party a request (1) to produce . . . any designated documents . . . or to inspect and copy, test, or sample any tangible things . . . which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P., 34(a)(emphasis added) "Federal courts have consistently held that documents are deemed to be within the possession, custody or control' for purposes of *Rule 34* if the party has [²] actual possession, custody or control, or has the legal right to obtain the documents on demand." ***In re Bankers Trust Co.***, 61 F.3d 465, 469 (6th Cir.1995). "Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another.'" ***Prokosch v. Catalina Lighting, Inc.***, 193 F.R.D. 633 (D. Minn. 2000) (quoting ***Florentia Cont. Corp. v. RTC,*** 1993 U.S. Dist. LEXIS 5275, 1993 WL 127187 at *3

---

² The interpretation of the Rule is that "if" they have actual possession, then it is fair to say, they have "control" or, they have and had the actual legal right to obtain the requested documents.

4

(S.D.N.Y. Apr. 22, 1993). Thus, legal ownership of the document is not determinative. *In re Sunrise Sec. Litig.*, 109 B.R. 658, 661 (E. D. Pa. 1990); *Weeks*, 88 F.R.D. @ 327. It necessarily follows, then, that parties in possession of documents forwarded to them by a ADOC have or had "possession, custody or control" within the meaning of Rule 34, not withstanding the fact that the agency by regulation retains ownership and restricts disclosure. See, **Resolution Trust Corp.**, 145 F.R.D. @ 110 (Rule 34, which focuses on a party's ability to obtain documents on demand . . . is not affected by the [ADOC] retention of ownership or its *unilaterally* imposed restrictions on disclosure.")(emphasis added). Therefore, South Louisiana Corrections Center acted as an "Agent" for ADOC. ADOC and PHS had and has the statutory power to transfer plaintiff back and forth from Louisiana, then ADOC had and has the statutory control over the missing Louisiana medical records especially, when PHS now admits they have had them in their "actual possession", then under Rule 34(a), they legally have "control" -- they ought to be compelled to produced them. In addition, defendants are agents for ADOC; therefore, all defendants have the full legal right to obtain all Louisiana medical records because of their principal-agent relationship. See, *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Rosie D v. Romney*, 256 F. Supp.2d 115, 119 (D. Mass. 2003)(control may be established by the existence of a principal-agent relationship or a legal right pursuant to a contractual provision). But see **United States v. Skeddle,** 176 F.R.D. 258, 261 (N.D.Ohio 1997)("in practice the courts have sometimes interpreted Rule 34 to require production if

5

the party has practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents").

The Louisiana medical records are under the defendant's custody or control because of their prior principal-agent relationship with the private prison. Anything less, and taking away from *Rule 34(a)*'s language of "custody or control" is unwarranted. *Rule 34* of the *Federal Rules of Civil Procedure* **requires** production of documents within the **possession custody** or **control** of the party to whom the request has been made. See FED. R. CIV. P. *34*.

## CONCLUSION

"Therefore, under *Rule 34*, control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action.'" See also, ***Wright v. Wright (In re Wright)*** 2005 Bankr. LEXIS 1881 (N.D. Ga. 2005)

Since defendants had "possession" then they have control and the "ability to retrieve" said documents, i.e., Fax Reports, Grievances Front and Back, from Louisiana.

This 25th Day January 2008.

*[signature]*

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 25TH Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7thg Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _/s/ Marcellus Breach_
Marcellus Breach



MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

LEGAL CORRESPONDENCE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA            36130