IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § § | |
| Defendants. | § | |

### DEFENDANT PRISON HEALTH SERVICES, INC., ET AL.'S RESPONSE TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION [COURT DOC. 333]

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs (collectively "PHS Defendants"), by and through counsel, and in response to the Plaintiff's Application for Temporary Restraining Order and/or Preliminary Injunction [Court Doc. No. 333] and this Court's Order [Court Doc. No. 403], state the following:

1. In the Plaintiff's motion, he seeks a temporary restraining order and/or preliminary injunction relating to two (2) major issues. Those issues are as follows:

    a. Defendants are subjecting Plaintiff to freezing conditions that are cruel and unusual and as proximate to further sickness, catching colds, flu, deliberately and intentionally that of "no heat" at the law library, freezing temperatures; subjects Plaintiff to an <u>ice box</u> access to the Court's working, researching area and subjects Plaintiff to increased sickness, continuing coughing, sneezing that worsens and aggravates his hernia, causing enlargement, progression due to freezing conditions without "heat" leading to his health to deteriorate; hernia enlargement.

b. Defendants are interfering with medical treatment once prescribed by a physician mandating treatment and will not allow Plaintiff to be seen by a doctor, carrying out medical orders/recommendations for a doctor's attention, urinalysis due to straining of his hernia.

2. It is undisputed that only Plaintiff's argument (b) would apply to the PHS Defendants under any set of circumstances. Plaintiff's argument (a) deals solely and exclusively for the Alabama Department of Corrections, who has already filed their timely response.

3. On or about November 1, 2007, Prison Health Services, Inc. ceased being the medical provider for correctional institutions throughout the State of Alabama, including Limestone Correctional Facility where the Plaintiff is currently incarcerated. A review of the Plaintiff's Application for Temporary Restraining Order indicates that actions or inactions giving rise to his dual arguments arose on or after December 5, 2007, and, thus, the subject of his Temporary Restraining Order/Preliminary Injunction request concerns providers, employees, and nurses who are no longer employed by Defendant Prison Health Services, Inc. Moreover, Prison Health Services, Inc. no longer has access to the prison, therefore, no Temporary Restraining Order or Preliminary Injunction can issue as there is no justiciable controversy that could exist between PHS and the Plaintiff under these circumstances.

5. The Plaintiff does reference a series of events occurring prior to November 1, 2007, and references previously filed motions for temporary restraining order/preliminary injunction and/or motion for independent physical exam. The Court has previously denied <u>all previous requests for independent medical exams and previous requests for Temporary Restraining Orders And/Or Preliminary Injunctions relating to the issues outlined by the</u>

Plaintiff in his most recent filing dated December 20, 2007. As such, those factual references contained in the Plaintiff's motion have already been adjudicated by this Court.

6. Throughout the Plaintiff's request for a TRO/Preliminary Injunction, he continually refers to the date, December 5, 2007. As stated earlier, it is undisputed that Prison Health Services is no longer the medical provider for the correctional department and any actions or inactions occurring by medical physicians, nurses or personnel after November 1, 2007, are not the responsibility of Prison Health Services, Inc.

WHEREFORE, all premises considered, the PHS Defendants respectfully request that the Plaintiff's Application for Temporary Restraining Order and/or Preliminary Injunction be denied.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 31st day of January, 2008, to:

> Mr. Marcellus Breach (#160710)
> Limestone Correctional Facility
> 28779 Nick Davis Road
> Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

> Albert Sims Butler, Esq.
> ALABAMA DEPARTMENT OF CORRECTIONS
> P. O. Box 301501
> Montgomery, AL  36130-1501
>
> Philip G. Piggott, Esq.
> STARNES & ATCHISON, LLP
> P. O. Box 598512
> Birmingham, AL  35259-8512

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL