## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                             \*       CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

*(column of asterisks shown to the right of caption)*

### MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL
### PRISON HEALTH SERVICES, INC., ANSWERS DISCOVERY REQUEST

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," pursuant to *Rule 37(d), Federal Rules of Civil Procedures* request that this court reconsider its order of denial of plaintiff's Motion to Compel/Motion for Sanctions **[Court Doc. No. 410]** entered on January 25, 2008 **[ Court Doc. No. 414-1, Order]** regarding timely submitted Discovery request: Plaintiff in further support states as follows:

1. On or about *January 1, 2008* plaintiff served his request for discovery pursuant to Rules 33, 34, & 36 of the Federal Rules of Civil Procedures on Prison Health Services, Inc., who are and were the medical providers for the department of corrections and are supervisors over the physicians, i.e., Dr. William Hobbs, Dr. Michael Robbins, and Bradford Adams, nurse practitioner who's actions, and treatment has caused plaintiff's

1

health to deteriorate and left plaintiff without any treatment pertaining to his inguinal hernias.

2.      Prison Health Services did not respond to plaintiff discovery request, and on January 24, 2008 plaintiff filed his motion to compel. The Court denied said motion stating: ". . . in light to the voluminous discovery materials and affidavits filed by the defendants, it is Ordered that this motion be and is hereby Denied."

3.      Plaintiff argues that when this case reaches summary judgment, plaintiff has the burden. The Court's denial will preclude plaintiff from overcoming summary judgment because his discovery request aren't answered; where will the evidence come from? It will not come from medical records, because PHS is not responsible for the actions of the employees; however, Prison Health Services has not responded and they are supervisors in this case. Without plaintiff being afforded his opportunity to have his discovery request answered, the court will rule that plaintiff did not come forward with enough evidence at summary judgment to demonstrate a genuine issue of material fact because this court has denied plaintiff an opportunity to pursue discovery against the corporation who has entered into an agreement with ADOC prohibiting plaintiff to receive the only treatment available for his injury and that is surgery until plaintiff meets the life or death situation being the incarcerated hernia. Although the record is voluminous, judicial notice upon the conduct of counsel for both parties "stonewalling" discovery request. Nevertheless, plaintiff has the right to pursue his claims against PHS through Discovery.

## ARGUMENT

## *MEMORANDUM AT LAW / POINTS ON AUTHORITY*

Under Federal Rule of Civil Procedure 37(d) , if a party refuses to appear at a deposition or to serve answers or objections to interrogatories, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." According to the Advisory Counsel notes, *Rule 37(d)* is intended "to make clear that a party may not properly remain completely silent even when he regards a . . . a set of interrogatories . . . as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order." See, **Interested Underwriteres at Lloyd's v. M/T San Sebastian,** 2007 U.S. Dist. 24817 April 3, 2007 (N.D. Ga. 2007)

Most importantly, this Court ordered defendants in its discovery order to file their responses within 30-days of receipt of the discovery request. [Court Doc. No. 178-1]

Secondly, PHS has the responsibility to file their responses or objections. There is noting in this voluminous record regarding PHS in their supervisory capacity. PHS did not respond to plaintiff's Interrogatories; therefore, PHS **has waived his opportunity to object**. See, *Rule 33(b)(1) & Rule 33(b)(4),* Federal Rules of Civil Procedures.

POINT "A"

*PHS MUST ANSWER OR THEIR FAILURE TO ANSWER*
*OUGHT TO BE DEEMED ADMITTED*

**PHS cannot remain silent.** If the court is going to allow them to remain silent, then plaintiff's Interrogatories against PHS ought to be deemed as a waiver, and admitted into the Record; but to allow defendants to *stonewall* discovery, simply not allow PHS to answer is unfair. The following law guides the Court's on Plaintiff's motion to compel. During the discovery period, "[p]arties **may obtain** discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information <u>need not</u> be admissible at trial if the discovery appears reasonably calculated to <u>lead to the discovery of admissible evidence.</u>" FED. R. CIV. P. <u>26</u>(b)(1). Under *Rule 37*, a party may move to compel an answer to an interrogatory or production of documents: "The party resisting discovery **has a 'heavy burden' of showing why discovery should be denied.**" *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005).

The law in this Circuit is generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy,* 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g., Marx v. Kelly, Hart & Hallman,* P.C., 929 F. 2d 8, 12 (1st Cir. 1991); see also,

**Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d.

(Callaghan) 353, (M. D. Ala. 1998); **Godsey v. United States**, 133 F. R .D. 111, 113 (S. D.

Miss. 1990); accord, **Demary v. Yamaha Motor Corp.**, 125 F. R. D. 20, 22 (D. Mass. 1989)

and cases cited; **Krewson v. City of Quincy**, 120 F. R. D. 6, 7 (D. Mass. 1988); **Cephas v.**

**Busch**, 47 F. R. D. 425 (W. D. 1963).  This waiver is enforced even if the objections are

based on a claim of privileged. **Marx v. Kelly, Hart & Halman, P.C.**, 929 F.2d. 8, 12 (1st

Cir. 1991); **Fretz v. Keltner**, 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; **Cardox**

**Corp. v. Olin Matthiesen Chemical Corp.**, 23 F. R. D. 27, 31 (S.D. ILL. 1958).

POINT "B"

*PHS DID NOT ANSWER PLAINTIFF'S REQUEST FOR ADMISSIONS NOR, REQUEST AN EXTENSION OF TIME*

Plaintiff's request for Admissions propounded on PHS ought to be deemed as

Admitted because they have not been objected to or answered; by law ought to be

deemed Admitted by the Court under *Rule 36(a)* for PHS's failure to timely object, and

answer. See, **Navarre v. City of Andalusia, et al.,** 2006 U.S. Dist. LEXIS 42389 (M.D. Ala.

June 19, 2006); **Anheuser- Busch, Inc. v. Philpot**, 317 F. 3d 1264, 1265 (11th Cir. 2003);

**United States v. 2204 Barbara Lane**, 960 F.2d 126, 129-30 (11th Cir. 1992); **Stubbs v.**

**Commissioner of Internal Revenue**, 797 F.2d 936, 937-38 (11th Cir. 1986)

The rule of law is in this Circuit, generally, in the absence of an extension of time

or good cause, the failure to file a written response in the time fixed by the rule

constitutes a waiver of any objection. **Davis v. Fendler**, 650 F. 2d 1154, 1160 (9th Cir.

5

1981); *Krewson v. City of Quincy*, 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g.,* **Marx v. Kelly, Hart & Hallman**, *P.C.*, 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, **Demary v. Yamaha Motor Corp.,** 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy*, 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch*, 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. **Marx v. Kelly, Hart & Halman, P.C.**, 929 F.2d. 8, 12 (1st Cir. 1991*); Fretz v. Keltner*, 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.*, 23 F. R. D. 27, 31 (S.D. ILL. 1958).

## THE RELEVANCY STANDARD

The Record is silent pertaining to supervisor liability against PHS. Medical records are not enough to overcome respondeat superior. In *Williams v. Limestone County, Alabama* 2006 U.S. App. LEXIS 24738 (11th Cir. 2006)  the Court set out what plaintiff must establish in order for PHS to be held liable for their agreement with ADOC regarding hernias. To establish PHS's liability pursuant to 1983  plaintiff a prisoner cannot rely on theories of vicarious liability or respondeat superior. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1115-16 (11th Cir.

2005). Discovery ought to be allowed because Section 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation. *See* ***Zatler v. Wainwright***, 802 F.2d 397, 401 (11th Cir. 1986) . The causal connection may be proven by showing the official (1) was personally involved in the acts or omissions which resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state or local law. *Id.*

Next, under the *Federal Rules of Civil Procedure*, **parties may discover information**, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure.* Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc., v. Sanders***, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.;* ***Hickman v. Taylor***, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. ***Deitchman v. E. R. Squibb & Sons, Inc.***, 740 F.2d 556 (7th Cir. 1984).

7

### *CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF*

Several medical documents are concealed from plaintiff and this court. With that, there are absolutely very limited reasons as to how plaintiff's discovery request could possibly lead to being cumulative or duplicative. Moreover, defendants have not produced any documents regarding PHS and who they supervise; how they act on information that is injurious to medical treatment, who makes changes, who orders policies? The only documents in the Record is regarding plaintiff's medical care, the **record is silent regarding PHS.**

At summary judgment, because plaintiff has not be afforded an opportunity to have his discovery request answered by PHS, the Supreme Court's holding decision regarding summary judgment cannot be fulfilled. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. ed 2d 202 (1986) the Supreme Court held: "Rule 56(e) provides that, "when a properly supported motion for summary judgment is made, th3 adverse party 'must set forth specific facts showing there is a genuine issue for trial." 106 S.Ct. @2511.

Summary judgment under Fed.R.Civ. P., 56 is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden at trial. *Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986). To defeat the motion for summary judgment, the nonmoving party

must merely present evidence on the basis of which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 91 L.Ed. 2d 202, 106 S.Ct. 2506 (1986).   The nonmoving party in a summary judgment motion is to be given the opportunity to "discover information that is essential to his opposition." *Anderson*, 477 U.S. @ 250.

The particular request for production of documents are relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Furthermore, PHS is a supervisor; plaintiff ought to be allowed to have his discovery request answered before summary judgment.

### *NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE*

As PHS is a supervisor, why and how did the establish a custom, practice of allowing a nurse who is not qualified to make surgically recommendation to do so, because it is, and was a practice.  Nurse practitioner, Bradford Adams is not authorized to make surgically recommendations.   PHS and ADOC knew about this unlawful practice, yet allowed it to continue and resulted into an injury.  Furthermore, information requested ought to aid this Court and a jury for a determination that prison officials <u>may</u> <u>not</u> avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "elective".  The classification of surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for

prisoners. See, *Jones*, 781 F. 2d @ 770-71 (classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care); *Johnson v. Bowers*, 884 F. 2d 1053, 1056(prisoner waiting six years for elective arm surgery was entitled to relief)(citing **Monmouth County Corr. Inst. Inmates v. Lanzaro,** 834 F. 2d 326, 348 n. 32 (3d Cir. 1987) cert. Denied, 486 U.S. 1006, 1-8 S.Ct. 1731, 100 L.Ed. 2d 195 (1988)); **West v. Keve**, 541 F. Supp. 534 (D. Del. 1982)(prison officials violated Eighth Amendment by not furnishing elective surgery for dysfunctional veins that were causing varying degrees of pain); **Laaman v. Helgemoe**, 437 F. Supp. 269, 311 (D. N. H. 1977)(elective treatment recommended by a physician but not "necessary" in a life or health saving sense, may still be constitutionally mandated if the prisoner elects to proceed with the treatment).

_First,_ plaintiff does not seek "personnel records" in any general way. He seeks documents pertaining to the treatment, method, practice, procedures, intentions, and the objective approach of PHS. Plaintiff does not seek other matters that may be in PHS's personnel records, such as medical data or information about his records of lateness, leaves and vacations, etc.

Whether quasi-policymakers have been deliberate indifferent in their supervision of subordinates the court must explore the supervisors' conduct in this case: -- as in *Karr*, 875 F.2d @ 1556 (jury could find that failure to take corrective action after plainly unconstitutional use of police dogs constituted deliberate indifference).

*CONCLUSION*

Without evidence against PHS, answers to his discovery request, plaintiff will be prohibited from raising a valid claim against them at summary judgment. PHS did not object, did not request for extension of time, and did not answer. Plaintiff is entitled to have his discovery request answered.

Fed. R. Civ. P. 33 requires that the particular interrogatory be fully answered by the party or that objection to it and the grounds of objection be stated. A unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party either answer fully or object. Fed. R. Civ. P. 26(b)(1) states the general rule with regard to the scope of discovery. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Done this 29TH Day January 2008

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 29TH Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach

12