IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

\*

CASE NO: 2:06-cv-1133-MEF

## NOTICE OF FILING

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R. Civ. P.*, hereby files the attached for the Record: Plaintiff states as follows:

1.    Plaintiff has attached his letter to Attorney Paul M. James, regarding discovery requests that have not been answered Defendant Prison Health Services, Inc.

**WHEREFORE**, plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 29th Day January 2008.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

1

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY**, that I have this 29th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101


**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____

Marcellus Breach

2

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

# MARCELLUS BREACH, 160710
LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*January 29, 2008*

RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

    RE:   **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes
Supplemental Discovery Defendants PHS**

Mr. James:

I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within ten (10) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order.

My records reflect that on December 4, 2007 I served upon your Office and counsel for ADOC several discovery request entitled: **"Plaintiff's Supplemental Discovery Request Set of Interrogatories, and Request for Admissions, for Production of Documents" pursuant to Rules 33, 34 & 36, Fed. R. Civ. P., on Prison Health Services, Inc.** The areas of deficiency on your part is:

    (i) Medical defendants have not answered, responded to these discovery request;
    (ii) Medical defendants have not requested an extension of time.

The attached excerpts are from the Discovery request upon Defendants PHS. Within ten (10) days from receipt of this letter I will immediately file my motion to compel. I do not anticipate that we will resolve our discovery disputes without asking the Court to intervene. Nevertheless, the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

## EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07

For your convenience, I have attached three excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.

Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259


ATTACHMENTS:
EXCEPTS DISCOVERY REQUEST PRISON HEALTH SERVICES.

2

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

*PLAINTIFF'S ELEVENTH & THE SUPPLEMENTAL -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

TO:   DEFENDANT PRISON HEALTH SERVICES, INC.

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se," pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36*, hereby requesting that named party and/or their "Agents" as being person(s) under their control: "Alabama Department of Corrections, ("ADOC") are requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these **Interrogatories, Request for Admissions**, and **Production of Documents**, furthermore, for the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

I.   INSTRUCTIONS:

Interrogatories set forth surround counsel for PHS statement on November 21, 2007 in his "Notice Of Filing":

**"In addition, Prison Health Services has no written protocol, policies or procedures regarding the treatment of hernias, however, each hernia is reviewed on an individual basis and hernias which are not incarcerated or in danger of becoming incarcerated or into the scrotum are not necessary for surgical repair and can be conservatively treated."**

II.   DEFINITIONS AND INSTRUCTIONS:

Definitions and Instructions are continuing throughout this Discovery request. As applied to the first set of request for discovery submitted on or about <u>November 26, 2007</u> pursuant to *Rule 33, 34, & 35*, Federal Rules of Civil Procedures. However, due to counsel's assertions and no evidence has been provided to support his assertion concerning PHS the following request are submitting:

I.   INTERROGATORIES:

3

# EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07

¶ 1. "*Specifically identify by document*" any standard of care regarding the treatment for hernias that PHS and Dr. William Hobbs, Dr. Michael Robbins, and Bradford Adams follows regarding hernias.

¶ 2. "*Specifically identify by document*" any and all standards, practices and procedures, rules, regulations, policies, protocols, established, promulgated by any Q.A. program regarding medical treatment, coverage, for hernias for State prisoners at ADOC established in accordance with regulations of the State Health Officer regarding treatment for hernias that PHS follows.

¶ 3. "*Identify by document*" how PHS monitors the treatment proscribed by Dr. William Hobbs and Dr. Michael Robbins, M.D., regarding hernias.

¶ 4. "*Identify by document*" what PHS physicians follows regarding hernias treatment for Alabama inmates.

¶ 5. "*Identify by document*" how PHS's organization and administration of the medical care system establishes or fails to establish treatment protocols regarding hernias for Alabama inmates including identify by document and identify the names of all person and the regional location, job assignments to review, monitor the qualifications and practices of nurse practitioners and physicians.

¶ 6. "*Specifically identify by document*, " how Prison Health Services, Inc., doing business in the State of Alabama "has no written protocols, polices or procedures regarding the treatment of hernias."

¶ 7. Disclose any verbal substance agreement between ADOC, PHS and any employee regarding the treatment of hernias.  *Identify* any and all persons, the incident as to how and when PHS adopted any procedure regarding the treatment that was implemented and practiced through your contracted doctors.

¶ 8. "*Identify by document*" and disclose any verbal established methods of practice that Dr. Hobbs follows regarding hernia treatment.

¶ 9. "*Identify by document* any and all names of any person, or personnel who has sufficient authority and freedom to identify quality problems and initiate, re-solvement or provide solutions to the PHS regarding

4

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

medical treatment to hernias and/or any Q.A. program since *February 2005* through date of your response. If any changes, explain, and *identify* by document.

¶ 10. "*Specifically identify by document,*" any and all Q.A. program documents regarding hernias and the treatment at PHS or its Agents applied to ADOC inmates from February 2005 through October 31, 2007.

¶ 11. "*Identify by document*" and please explain how ADOC's Quality Assurance Program applies to PHS and its employees rendering health services to Alabama inmates specifically hernia treatment.

¶ 12. "*Specifically identify by document*" PHS's Quality Assurance Program.

¶ 13. "*Identify by document*" the position and involvement that Prison Health Services, and/or any Quality Assurance Programs involvement with hernia treatment to plaintiff.

¶ 14. "*Specifically identify by document*", PHS's health maintenance organization that is obligated to effectively provide, or arrange for, the provision of health care services, as established in accordance with rules promulgated by the State Health Officer for an on-going quality assurance/utilization review program concerning health care processes and outcomes relevant to your business in the State of Alabama.

¶ 15. "*Identify by document*" the PHS's health maintenance organization effectively provided, or arrange for, the provision of health care services in accordance with rules promulgated by the State Health Officer for an on-going quality assurance/utilization review program concerning health care processes and outcomes to Alabama inmates and the plaintiff while incarcerated at South Louisiana Correctional Services, from March 16, 2006 through October 6, 2006.

¶ 16. "*Specifically identify by document*" and disclose in details the responsibility of Prison Health Services, regarding the obligation to render medical services to Alabama inmates suffering from hernias.

¶ 17. "*Specifically identify by document*" the mission of PHS and/or any Q.A. program and the duty and responsibility of the quality assurance supervisor

5

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

regarding treatment for hernias suffered by Alabama inmates.

¶ 18. "*Specifically identify by document*" PHS delegated responsibility of providing medical services: any surgeries, outside patient care, to Alabama inmates.

¶ 19. "*Specifically identify by document*" names of any and all person(s) and/or "Agent" of or for the Q.A. program who's responsibility includes establishing how hernia treatment will be conducted, or established between PHS and ADOC upon contractual agreement.

¶ 20. "*Identify by document*" how hernia repair for Alabama inmates was covered and paid during your service at ADOC.

¶ 21. "*Specifically identify by document*" how either PHS or any Q.A. programs operate regarding any approval or denial of any request for surgical repair for a hernia that is not incarcerated, strangulated or into the scrotum?

¶ 22. "*Identify by document*" names of persons within PHS who have any responsibility for monitoring the components and the quality of the provision of healthcare to those individual who are in the care, custody and control of the State of Alabama Department of Corrections (ADOC) included but not limited to these responsibilities in monitoring contracted health services and the administration of ADOC's Q. A. program for all health service treatment including but not limited while plaintiff was incarcerated at South Louisiana Correctional Services, Inc., regarding surgery request during *March 16, 2006* through *October 6, 2006*.

¶ 23. "*Specifically identify by document*" the Chief Medical Directors for Prison Health Services, Inc., from *February 2005* through *October 31, 2007*, and list his/her responsibilities and regions in Alabama, or over Alabama prisons.

¶ 24. "*Specifically identify by document*" any and all orders regarding plaintiff that were administered as ordered, as stated in your Affidavit: "[A]nd that all orders prescribed by these providers were administered as ordered."

¶ 25. "*Specifically identify by document,*" both Prison Health Services, Inc., ("PHS"), agreement that PHS agreed to comply with ADOC's and/or Q.A. program, its

6

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

standards, practices and procedures policy, or protocols regarding the treatment to Alabama inmates suffering from hernias from February 2005 through October 31, 2007.

**I.     REQUEST FOR PRODUCTION OF DOCUMENTS**

That defendant produces and permit plaintiff to inspect and to copy each of the following documents:

*** RULE 33, Fed. R. Civ. P., "Business Records"**

a.    To permit plaintiff to inspect, analyze, and copy or photograph, "*specific document*," implemented any PHS's **Quality Assurance Program** for all health service treatment from **February 2005** through current date, **specifically the provision protocols and policies/procedures of the Q.A. program regarding hernia.**

b.    The names and "*identify by document*," those individual(s) responsible for the implementation and maintenance of any PHS's **Quality Assurance Program pertaining to hernias** within the relevant time of this cause of action.

c.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion specifically **any and all orders prescribed by any provider that were administered as ordered** and *ADOC's Quality Assurance Program.*

g.    To disclose any and all relevant tangible "*documents*" regarding the PHS's *Quality Assurance Program* surrounding the medical treatment of hernias to Alabama inmates since **February 2005** till current date.

h.    Any and all orders prescribed by any medical providers regarding any medical treatment of the plaintiff, that were administered as ordered, please "*identify by document* from **February 2005** through current date of your answer.

f. To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical

7

**EXCERPT DISCOVERY REQUEST ON PHS "SUPPLEMENTAL REQUEST" 12-4-07**

evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

g. To inspect and copy any and all "*documents*" regarding PHS's ADOC's Quality Assurance Program regarding hernia treatment.

h. To disclose by *document* PHS's policies, procedures, of medical record keeping, and grievance record keeping.

i. To produce any and all *documents* of PHS's procedures to supervise physicians regarding hernia treatment for Alabama inmates and any complaints, investigations conducted by PHS or their Agents regarding hernias complaints since February 2005 through October 31, 2007 to Alabama inmates.

j. To produce any and all *documents* of any complaints, investigations conducted any and all reprimands by any person involved with PHS's investigation(s) on the medical practices of **Dr. William Hobbs, M.D., Dr. Michael Robbins, M.D., Bradford Adams**, regarding any person's complaints, family members, Agents, Agency, in this State of another, regarding said physicians treatment, evincing deliberate indifference, malpractice or negligence by any supervisor, agent of PHS since February 2005.

8