IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## NOTICE OF FILING

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), Fed. R. Civ. P.*, and compliance with this Court's order. Plaintiff states as follows:

1.    Plaintiff has attached his letter to Counsel for ADOC regarding discovery dispute regarding defendant Brandon Kindard to the Court Discovery Order entered on October 18, 2007 [Court Doc. No. 178-1] Detendant has not answered nor requested an extension of time.

1

**WHEREFORE**, plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 29th Day January 2008.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259

®
Marcellus Breach

2






MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

LEGAL CORRESPONDENCE

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

**Excerpt Discovery Request Brandon Kindard**

# *MARCELLUS BREACH, 160710*
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

January 29, 2008

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:   **2:06-cv-1133-MEF**   *Letter of Intent/ Discovery Request*

Dear Counsel:

My records reflect that I have not received defendant Brandon Kindard's response to discovery request served on November 26, 2007. Also, my records reflect that you have not requested additional time. I hope that ten (10) days from receipt of this letter is enough time to either answer, or correspond with me. If I do not hear from you before within the ten (10) days I will request the Court take appropriate action. Discovery request uis governing his opinion and is relevant.

The deficient areas are Kindard has not answered. I have done what is required I hope that we can work this dispute out. Out of courtesy, I have attached an excerpt to Discovery request for your convenience.

I thank you for your time and attention; I look forward to hearing from you.

Sincerely,
Marcellus Breach

### CERTIFICATE OF SERVICE

  I HEREBY CERTIFY, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

1

**Excerpt Discovery Request Brandon Kindard**

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259

ATTACHMENTS:
EXCEPTS DISCOVERY REQUEST D.,

## PLAINTIFF'S TENTH -- SECOND SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

TO:   *DEFENDANT BRANDON KINDARD,* ADOC

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," submits this Second set of discovery request to Defendant pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36*, hereby requesting that named party is requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these *Interrogatories, Request for Admissions*, and *Production of Documents*; furthermore, for the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

II.   *DEFINITIONS AND INSTRUCTIONS:*

Definitions and Instructions are continuing throughout this Discovery request. As applied to the first set of request for discovery submitted on or about November 13, 2007, pursuant to *Rule 33, 34, & 35*, Federal Rules of Civil Procedures.

¶ 1.   Please explain and *"identify by document"* who possesses the authority to authorize medical treatment regarding this "incident."

¶ 2.   *"Identify by document"* the scope of your practice regarding this "incident."

2

**Excerpt Discovery Request Brandon Kindard**

¶ 3. *"Identify by document"* why you had plaintiff seen by one of the clinicians at Kilby for evaluation of the hernia, and that any subsequent repair: "it had to be recommended by one of the providers. . . ." after Dr. John A. Tassin, M.D., questioned surgery, why was plaintiff seen by a nurse practitioner?

¶ 4. Disclose and produce, any and all "documents" in your possession, regarding any involvement with you or your Office regarding this "incident."

¶ 5. *"Identify by document"* your common practice involving, relying on nurse practitioner Bradford Adams.

¶ 6. *"Identify by document"* why plaintiff had to undergo so many different evaluations, starting from Dr. Tassin, M.D. regarding this *incident?*

¶ 7. Why did you call Louisiana on 7/12/06 regarding this *"incident" "identify by document?*

¶ 8. Disclose any and *"documents"* communications whether written, or oral, *identify* any and all person regarding the 7/10/06 fax report to Ruth Naglich.

¶ 9. *"Identify by document"* your common practice to rely on a nurse practitioner regarding surgical referrals of hernias.

¶ 10. Disclose the substance of Dr. Robbins, M.D., and his consultation with nurse practitioner B. Adams, *"identify by document"* all findings.

¶ 11. *"Identify by document"* any and all orders, policy, regulation, practice, protocols, duties, why you recommended that plaintiff be seen by one of the clinicians at Kilby for evaluation of the hernia on or about 12/20/06.

¶ 12. Why did you recommend that plaintiff be evaluated by one of the clinicians at Kilby after Dr. John A. Tassin, M.D., already conducted his evaluation and noted his order and recommendations? *"Identify by document"* all policies, procedures in support with your answers.

¶ 13. *"Identify by document"* whether Dr. John A. Tassin, M.D., is considered a medical provider by ADOC.

3

**Excerpt Discovery Request Brandon Kindard**

¶ 14. Explain what Dr. Tassin's investigation regarding questioning hernia repair of plaintiff's hernia was not followed up by this nurse practitioner that you rely on as a medical provider?

¶ 15. *"Identify by document"* and explain whether it is common practice that a nurse practitioner can override any doctor orders, investigations, or recommendations?

¶ 16. Please explain based on the medical records that reflect since you had plaintiff seen and evaluated by a nurse practitioner and his evaluation reflected that of plaintiff having a "small (3 cm X 5 cm) inguinal hernia on 12/27/06; and, on 4/30/06 Dr. Hobbs, M.D., stated "Large" Direct Inguinal Hernia, has plaintiff's hernia progressed?

¶ 15. *"Identify by document"* any and all orders and recommendations regarding plaintiff from South Louisiana Correctional Services.

4