IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,   *

    Plaintiff,   *

                                           *    CASE NO: 2:06-CV-1133-MEF

Vs.   *

PRISON HEALTH SERVICES, INC.,   *

    Defendants.

### PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST / LOUISIANA MEDICAL RECORDS

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on _January 31, 2008_ **[Court Doc. No. 436-1]** regarding plaintiff's request for production of **Louisiana medical records** that are in the custody and control of defendants and have been withheld from the outset of this case, the Records clearly demonstrates that the defendants have withheld evidence. Plaintiff files his objections into the Record regarding the Magistrate's order entered on _January 17, 2008_ **[Court Doc. 394 & 436-1]** wherein, the Magistrate judge <u>does not have the authority</u> to place limitations on _Rule 34, Federal Rules of Civil Procedures_ which in fact has caused prejudice to plaintiff's case, being a prisoner with the inability to obtain relevant medical records. Plaintiff in further support for the Record states as follows:

1

## STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision.[1] 28 U.S.C. § 636(b)(1)(a)(2004). Plaintiff files his written objections specifically as to the magistrate judge's denial of the motion to compel defendants to produce plaintiff Louisiana medical records which has been specifically requested, and ordered but, defendants will not produce the documents that are relevant to deliberate indifference.

## OBJECTIONS LEGAL AUTHORITY

a. **Rule 34(a),** federal Rules of Civil Procedures;

b. *8 C. Wright & Miller, Federal Practice and Procedure § 2210, at 621 (1970);*

c. *Sexton v. United States,* 2001 WL 649445 * 1(M.D. Fla. 2001)(citing Rule 26(g), Fed.R.Civ.P.)

d. The phrase "possession, custody or control" technically means that the party either has the document or has the legal right to obtain it. In practice, however, the courts sometimes require production if the party has the practical ability to obtain the document. *Golden Trade S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y. 1992) and cases cited; see *Comeau v. Rupp,* 810 F. Supp. 1127, 1166 (D. Kan.)(requiring government

---

[1] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

agency to seek to obtain document in possession of other agencies), reconsideration granted in part on other grounds, 810 F. Supp. 772 (D.Kan. 1992).

## ISSUE NO.1

### PLAINTIFF'S OBJECTS TO THE MAGISTRATE JUDGE ORDER CHILLS RULE 34(A), Fed.R.Civ.P., TO ONLY "POSSESSION" SUBSTRACTING "CUSTODY OR CONTROL" OF PLAINTIFF'S LOUISIANA MEDICAL RECORDS

Plaintiff states that although he challenged the medical treatment in the Thirteenth Judicial District for the State of Louisiana, *Breach v. Copes, et al.*, Case No. 00067886-B. Plaintiff's Exhibit D to Court Doc. No. 222-2 – Affidavit of John Tassin, M.D., plaintiff did not receive the requested documents being the fax reports, front and back of grievances. Therefore, plaintiff pursues these documents because he has been unsuccessful in obtaining these documents form prison officials that will reflect personal involvment on behalf of prison officials.

Plaintiff cites as authority to his objections to the magistrate judge's order limiting discovery to only "possession" taking away, chilling Rule 34(a), Fed. R. Civ. P., is both unwarranted and without jurisdiction. Under 28 U.S.C. ¶ 636 and Fed. R. Civ. P., 72(a) as to this nondispositive pretrial matter, the district court ought to consider whether the magistrate judge abused his discretion limiting Rule 34(a)?

3

The magistrate's judge's order under <u>Rule 34(a)</u>, is "clearly erroneous or contrary to law" because the magistrate judge does not have authority to <u>chill Rule 34(a)</u> Fed.R.Civ.P., with limitations.

The frustration on plaintiff's part is, this order allows defendants to "ambush" this case. The Defendants must produce responsive documents that are in its "possession". The Defendants must produce responsive documents that are in its "possession, custody or *control,*" *Fed.R.Civ.P.*, *34(a)(emphasis added), and "control"* <u>comprehends not only possession but also the right, authority, or ability to obtain the documents.</u> *E.g., Gerling Int'l Ins. Co. v. Commissioner, 839 F.2d 131, 140 (3d Cir. 1988); Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989); 8 C. Wright & Miller, Federal Practice and Procedure § 2210, at 621 (1970); cf. In re Sunrise Sec. Litig., 109 B.R. 658, 661 (E.D. Pa. 1990)* (<u>denial of discovery from FSLIC of documents what were "exclusive e property" of FHLBB</u>).

Thus, plaintiff objects because the Magistrate judge failed to require defendants to make reasonable, diligent inquire, and, if applicable, demands of other agencies in order to obtain documents within the possession of such other agencies. See *12 U.S.C. ¶ 1821(o)*(<u>federal banking agencies must make available to FDIC- Receiver all supervisory records of insured institution</u>).

### *DEMANDED RELEVANT MATERIAL EVIDENCE*

Plaintiff has repeated requested all of his Louisiana medical records that contain: Fax Reports to ADOC, Grievances with responses from ADOC regarding to surgery

4

request that was denied by defendants. Each of the documents are relevant to deliberate indifference, and have not been produced, but are still withheld, concealed.

## STATEMENT OF THE FACTS

1.   <u>On January 17, 2008</u> [**Court Doc. No. 391-1, Order**] the court *sua sponta* entered an order upon correctional and/or medical defendants to perform a specific act regarding to plaintiff's request for production of his Louisiana medical records. The Court ordered *sua sponta*: " . . . the correctional and/or medical defendants shall file with the court and furnish to the plaintiff copies of **all medical records**, including physicians'/nurses' notes, grievances, request forms, memos and any other document, related to medical treatment provided to the plaintiff for his hernia during his incarceration at the Southeast Louisiana Corrections Center."

2.   On the very same day, <u>January 17, 2008</u> correctional defendants filed a document for reconsideration/clarification [**Court Doc. No. 393**]. However, plaintiff "was not" served with this document; the court granted defendants motion and modified its initial order. [**Court Doc. No. 394**] In its order, the court <u>chills *Rule 34(a)*</u>, *Federal Rules of Civil Procedures* and its provision. The court's order directed the defendants to produce documents only : "**within their possession**" [**Court Doc. No. 394**] taking away, and subtracting *Rule 34(a)* language therein, "custody and control" prejudices plaintiff's discovery request regarding relevant medical records in ADOC's control because ADOC

5

contracted with the private prison in Louisiana and transferred plaintiff to that private prison.

3. The Magistrate judge's order appears to "*chill*" Rule 34(a), *Federal Rules of Civil Procedures* because, the order and the language therein, is taking away the requirements and mandatory language of Rule 34(a), "custody or control" is incongruous with the Rule and lifts the defendants legal duty under Rule 16(c) & 15 pertaining to their "Initial Disclosure" which was not satisfied; furthermore, **within their "possession"** *chills* Rule 34(a). The magistrate judge does not have authority to *chill* Rule 34(a), *Federal Rules of Civil Procedures*.

4. Plaintiff requested defendants to produced any and all **fax reports, grievances**; specifically, the Louisiana medical records **Offender Grievance # 06-215**, the **"FRONT and BACK"** because that specific grievance "will have defendant Ruth Naglich's response to the Louisiana medical providers request for approval for surgery" is both relevant, admissible and will show Ruth Naglich did so, personally involved herself in medical decisions resulting to injury. The court and plaintiff is entitled to the fax reports and all grievances from his Louisiana medical records from the private prison that ADOC transferred him to in 2006; the requested documents are relevant and also, under the defendants lawful "control" authorized by Rule 34, and defendants must produce or explain why such production cannot be completed upon demand.

*MEMORANDUM AT LAW / POINTS ON AUTHORITY*

6

Plaintiff relies on that there are missing relevant, specific requested documents of his Louisiana medical records from the private prison that ADOC transferred him to in March 2006. ADOC is / was the master over the servant in that contractual agreement to house plaintiff at the private prison. ADOC did not relinquish their authority over their prisoner who were sent to the private prison. ADOC has full legal authority to retrieve all of plaintiff's Louisiana medical records. However, arguing, plaintiff alleges that an evaluation of his medical records is not enough to satisfy the plaintiff's discovery requests, and that discovery of the facts regarding what transpired while plaintiff was in Louisiana is very germane because evidence from the submitted Louisiana medical records reflect that on **7/10/06 a fax report was faxed to defendant Ruth** Naglich regarding approval for plaintiff to have surgery. Two days later, 7/12/06 defendant Brandon Kindard called nurse Maxie with instructions that plaintiff cannot have surgery. All fax reports and all grievances that are contained in plaintiff's Louisiana medical records are under ADOC's control and are accessible. Court's have recognized given the extreme difficulty prison inmates often face in obtaining evidence of jail customs or policies, it is unlikely that access to a prisoner's medical records is enough. See, *Lewis*, 2006 U.S. Dist. LEXIS 47405, 2006 WL 184336m @ * 2 ("**To restrict a civil rights plaintiff's access to the type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims**).

Plaintiff is entitled to all of his Louisiana medical records, i.e., fax reports, all grievances "Front and Back" because the response to surgery request are contained on the documents: but, the defendants have intentionally concealed them since the filing of this lawsuit.

Plaintiff is a prisoner. Plaintiff filed a *Subpoena Decus Tecum* in an attempt to retrieve the missing medical records, which was denied by the magistrate judge [**Court Doc. No. 392**] Plaintiff made every available bona fide attempt to retrieve the Louisiana medical records and has not availed. The only available remedy is *Rule 34(a), Federal Rules of Civil Procedures* and plaintiff has exhausted said Rule.

The prejudice is, the magistrate judge cannot *chill Rule 34(a).* Fed. R. Civ. P., requires production of documents within the custody, possession, or control of the party to whom the request has been made. Federal courts consistently hold that documents are deemed to be within the possession, custody or control for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.

Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another. In this case, ADOC and medical defendants have had actual possession, they have produced some, and then 14 months later, produced another set of plaintiff's Louisiana medical records. The question is, why did it take 14-months for the medical defendants to produce additional Louisiana medical

records that they have now, admitted they have had, all along, "actual possession" of the records?

Judicial notice will demonstrate how PHS has withheld evidence from the plaintiff:

[See, counsel's remark @ Court Doc. No. 55]

"@ 4. ¶ 8. "Yerubandi's affidavit references medical records of Marcellus Breach, specifically records from "South Louisiana Correctional Center." Throughout this entire litigation, no such records have ever been produced, identified, seen, or marked as exhibits by Mr. Breach. . . . "

See also, <u>Affidavit from Linda Lawrence she has stated</u>:

"**I requested and received copies** of Mr. Breach's **file from South Louisiana Correctional Center** were generated while he was incarcerated at this facility."[See, Defendant's Supplemental Special Report Exhibit "E" @ 2, ¶ 2.]

[2]    Counsel for PHS stated unto the court and in the Record:

"As previously been addressed in the multiple pleadings filed with this Court, Mr. Breach has engaged in intentional misrepresentations to this Court, misconstruing, if not intentionally lied, **about medical evidence from Dr. John Tassin**, and failed to comply with each requirements of the Prison Litigation Reform Act, despite his perjurous statements to the contrary." [See, **Plaintiff quoting counsel's remarks into the record from**

---

[2] Plaintiff argued in his Motion for Sanctions, that PHS has intentionally withheld relevant evidence, they have admitted several times through defendant Linda Lawrence's Affidavits that she in January 2007 actually possessed and read plaintiff's Louisiana medical records, but PHS withheld them, then, counsel for PHS lied repeatedly to the court about the medical records, that they did not exist, that Dr. Tassin did not exist; then, 14 months later, additional medical records come forward and then, PHS admits that they have had, these medical records, but still not all plaintiff's medical records from Louisiana is prejudice. The magistrate judge has allowed counsel to withhold relevant material evidence, and then, chills Rule 34(a) is prejudice. Plaintiff is a prisoner with no means of obtaining the medical records.

counse's response to Plaintiff's Motion For Sanctions filed on October 7, 2007, Court Doc. 221 & 222, at 14 ¶ 2.]

The point is, counsel for PHS lied several times to the Court about plaintiff's medical records; he intentionally concealed them. Then, 14-months later, admits to the court that PHS **has had, the actual possession** of the Louisiana medical records during the pendency of this litigation.

If the evidence is not clear enough that the magistrate judge has allowed PHS to conceal evidence, for over a period of 14-months, then do absolutely nothing about it, then, <u>chill</u> <u>Rule 34(a),</u> Fed. R. Civ. P., appears to show favoritism in the court of law.

Counsel repeatedly told the court that plaintiff's medical records **did not exist**, basically <u>lied</u> to the court that Dr. John A. Tassin, **did not exist**, then, accused plaintiff of lying to the court: then, 14 months later, produce **only portions** of **additional** medical records [**See, Defendant's Notice of Filing, January 2008**], and still the magistrate judge allows defendants to continue to withhold evidence is prejudice.

In addition, under <u>Rule 34</u>, control <u>does not</u>, require that the party have legal ownership of actual physical possession of the documents at issue; rather, documents <u>are considered to be under a party's control when the party has the right, authority, or practical ability, to obtain the documents from a non-party to the action.</u>

*RULE 34(A), FED.R.CIV.P., "CUSTODY OR CONTROL REQUIREMENTS"*

ADOC, entered into a contractual agreement with South Louisiana Corrections Center to house plaintiff and several Alabama prisoners. ADOC, had and has control,

over their inmates. What is so troublesome, after 14-months PHS decides to submit what documents they have "withheld" since the outset of filing this litigation. The plaintiff has repeatedly complained to the magistrate that PHS has been "withholding" evidence and has created a "foul odor" being that of professional unethical behavior, countless ethical violations and several violations of the discovery rules. The magistrate judge has turned his head from the "withholding" evidence and now, decides to rule that because this case has a voluminous record, the magistrate judge believes that defendants have complied with production, and discovery rules is untrue. The Record is voluminous because judicial notice reflects countless orders upon defendants to comply with court orders. However, this conduct has gone unchecked and continues but now, this case is being "ambushed" by defendants not producing what is requested of them and the magistrate judge "chilling" <u>Rule 34(a)</u>, and prejudicing plaintiff's case. Interestingly, in this case, PHS claims that they are now disclosing, **"what they currently have in their possession"**. With that, PHS and defendants are legally bound under "control" <u>Rule 34(a)</u>, Fed.R.Civ.P.

> " . . . "[T]hese documents are all of the documents currently in the possession of the PHS Defendants or that have been in the possession of the PHS Defendants during the pendency of this litigation." [PHS's Notice of Filing, January 24, 2008]

Plaintiff argues in regards to the modified order, and PHS's response. The court chills Rule 34(a), actually deletes the plain language of Rule 34(a), including "custody or control" requirements and the defendants obligation to produce, has been lessened as to

11

what defendants actually have "control over" regarding the Louisiana medical records. Defendants on *January 24, 2008* actually admitted that they have actual possession; also, they have had the documents "during" the pendency of this litigation. But, they will not produce "all" of plaintiff's Louisiana medical records that contains the relevant documents needed. Since defendants had the documents "during" the pendency of this litigation, they actually have custody and control of the documents, and the legal right to obtain all of the medical records: they have the authority to retrieve and produce all of them.

As an initial matter, plaintiff points out that Federal *Rule 34(a)* states that: "Any party may serve on any other party a request (1) to produce . . . any designated documents . . . or to inspect and copy, test, or sample any tangible things . . . which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ. P., 34(a) (emphasis added)  "Federal courts have consistently held that documents 'are deemed to be within the possession, custody or control' for purposes of [3]Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." **In re Bankers Trust Co.**, 61 F.3d 465, 469 (6th Cir. 1995). "Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." **Prokosch v. Catalina Lighting, Inc.**, 193 F.R.D.

---

[3] The interpretation of the Rule is that "if" they have actual possession, then, it is fair to say, they have "control" or, they have and had the actual legal right to obtain the requested documents. In this case, defendants have admitted that they have had, actual possession of the documents, but they have withheld them. Since defendants had actual possession, then they have control, because they obtained them at one time or another.

12

633 (D.Minn. 2000)(quoting *Florentia Cont. Corp. v. RTC*, 1993 U.S. Dist. LEXIS 5275, 1993 WL 127187 @ *3 (S.D.N.Y. Apr. 22, 1993). Thus, legal ownership of the documents is not determinative. *In re Sunrise Sec. Litig.*, 109 B.R. 658, 661 (E.D. Pa. 1990); *Weeks*, 88 F.R.D. @ 327. It necessarily follows, then, that parties in possession of documents forwarded to them by a non party, the defendants have and had, actually possession, custody or control over plaintiff's Louisiana medical records within the meaning of Rule 34, not withstanding the fact that the agency by regulation retains ownership and restricts discloser. See, *Resolution Trust Copr.*, 145 F.R.D. @ 10 (Rule 34, which focuses on a party's ability to obtain documents on demand . . . is not affected by the [ADOC] retention of ownership or its *unilaterally* imposed restrictions on disclosure.")(emphasis added).

Therefore, since South Louisiana Corrections Center acted as ADOC's Agent, then, under <u>Section 14-1-16</u> through <u>14-1-17</u>, Code of Alabama, (1975) the ADOC has all the legal duties, responsibilities, authority, power, assets, liabilities, property, funds, appropriations, contractual rights and obligations, property rights, and personnel, to obtain plaintiff's Louisiana medical records, specifically the fax reports, and all grievances regarding plaintiff's treatment. Interestingly, PHS now admits that they have the documents in their "actual possession", then, under <u>Rule 34(a)</u>, they legally have "control" --- they ought to be compelled to produce all of plaintiff Louisiana medial records without chilling <u>Rule 34(a)</u>, Fed.R.Civ.P.

Furthermore, ADOC's agents PHS and CMS are acting agents for ADOC; therefore, all defendants have the legal right, full authority to obtain all Louisiana medical records of the plaintiff because of their principal-agent relationship. See, *In Re Bankers Turst Co.,* 61 F.3d 465, 469 (6th Cir. 1995); *Ross D v. Romney,* 256 F. Supp. 2d 119 (D. Mass. 2003)(control may be established by the existence of a principal-agent relationship or a legal right pursuant to a contractual provision). But see, *United States v. Skeddle,* 176 F.R.D. 258, 261 (N.D. Ohio 1997)("in practice the courts have sometimes interpreted Rule 34 to require production if the party has practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents")

The Louisiana medical records are under the defendant's custody or control because of their prior principal-agent relationship with the private prison. Anything less, and taking away from <u>Rule 34(a)</u>'s language of "custody or control" is unwarranted. <u>Rule 34</u> of the *Federal Rules of Civil Procedure* requires production of documents within the possession, custody or control of the party to whom the request has been made. See, Fed. R.Civ. P. <u>34.</u>

## CONCLUSION

Under <u>Rule 34,</u> control does not require that the party have legal ownership or actual physical possession of the Louisiana medical records at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or

practical ability, to obtain the documents from a non-party to the action." See, *Wright v. Wright* (*In re Wright*) 2005 Bankr. LEXIS 1881 (N.D. Ga. 2005)

Defendants admit that they have had "possession", then under Rule 34(a) custody or control applies because defendants have the lawful "ability to retrieve" plaintiff's Louisiana medical records, i.e., fax reports, grievances. The prejudice is, the magistrate judge limited defendants obligation under *Rule 34(a)* without both the authority and the jurisdiction.

Plaintiff request that his Louisiana medical records, that have been withheld form the outset of this case, wherein, the Record will reflect that on 7/10/2006 a fax report was faxed to defendant Ruth Naglich from the medical providers requesting approval for plaintiff to receive surgery. Two days later, defendants Brandon Kindard called nurse Maxie at Louisiana with instructions that plaintiff cannot receive surgery unless his hernia is incarcerated, or into the scrotum, the life or death situation. Plaintiff request that this Court order defendant to produce all 133 pages of his Louisiana records or, produce all **55 pages** of plaintiff Louisiana medical records from *South Louisiana Corrections Center* in Louisiana; the private prison that entered into a contractual agreement with ADOC.

Done this 2nd Day February 2008.

15

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 4th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  _/s/ Marcellus Breach_
Marcellus Breach