# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### MIDDLE DIVISION

RECEIVED

2008 FEB -6 A 9: 32

EBRA P. HACKETT, C.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

    *
    *
    *    CASE NO: 2:06-CV-1133-MEF
    *
    *
    *

## MOTION TO STRIKE ADOC'S "DEFENDANT LYRENE'S RESPONSE

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves the Court to strike **ADOC Defendant Lyrene's Respnse to Court Order (Docket Number 420)** as not responsive to the Court's initial order, nor to plaintiff's specific request upon Lyrene pursuant to _Rule 33(b)_, _Federal Rules of Civil Procedures_ specifically addressed and directed to Defendant George Lyrene, and Lyrene shall sign **his name** in the form of an Affidavit regarding the matter before the Court. Plaintiff shows that the response is totally outside the Court's initial **two (2) orders** upon the defendant. **[Court Doc. No's. 420-1 & 375-1, Order]**

1.    On _January 2, 2008_ plaintiff filed a motion to require disclosure by defendant George Lyrene (Court Doc. 357) and on _January 9, 2008_ the court granted same with

1

specific instructions, direction upon George Lyrene to respond by *February 8, 2008*. [Court Doc. 375-1, Order]

2.    [1]On *January 25, 2008*, Lyrene filed a disingenuous Affidavit with the Court [**Court Doc. No. 418**] as a response which his response utterly and completely failed to comply with the specific directives of the order entered on *January 9, 2008* [**Court Doc. No. 375**] and the court issued a second order on Lyrene with specific instructions as follows:

[**Court Doc. No. 420-1, Order**]

> "[. . .]
>
> "ORDERED that on or before February 11, 2008 defendant **Lyrene shall file a response that: . . . . "**
>
> [...]

3.    On *January 28, 2008* ADOC filed a document entitled: "ADOC Defendant Lyrene Response To Court Order [**Docket Number 420**]. However, this so called response is not in compliance with this court's specific order directed to "Dr. George Lyrene" not counsel. On *January 25, 2008* [**Court Doc. No. 418**] Lyrene signed an Affidavit and submitted it to the court; it was rejected as nonresponsive.

4.    On *January 28, 2008* ADOC, attorney Albert Butler <u>cannot answer</u> for Lyrene when the discovery request and order is directed to Lyrene who must answer with a sworn

---

[1] May the Court take Judicial Notice to Lyrene's first response [**Court Doc. 418**]. Lyrene actually submitted a **signed Affidavit** as required [**Court Doc. 357**]. The request is directed to Dr. George Lyrene not ADOC. Lyrene is a separate contractor, and ADOC counsel, Albert Butler answered the request is objected to, because the Order is specifically directed to Lyrene.

verified Affidavit.  Plaintiff objects Lyrene must sign his name to the response and it must be verified.[**Court Doc. 420**].  Plaintiff objects to the denial of this specific request under relevant terms.  Plaintiff objects for the Record that plaintiff's discovery requests are being ambushed.

5.    Rule 33(b)(1 and (2), *Federal Rules of Civil Procdures* is clear: the answer must be signed and verified by Lyrene.  Plaintiff objects to the ADOC's response **is not signed** by George Lyrene is insufficient.  Furthermore, ADOC's response does not include the verification required by Fed. R. Civ. P. 33(b).  Since defendant Dr. George Lyrene has not yet provided it, he must provide plaintiff with the sworn verification, signed under oath by defendant **himself, not by his counsel of record**, in full compliance with Fed. R. Civ. P. 33(b)(1) and (2).

6.    Defendant's are "ambushing" discovery and plaintiff objects to the court turning away and granting defendants much lead way without realizing what evidence is actually in the Record.  The Record is silent regarding Lyrene. Interesting, the court ought to take notice that Lyrene signed his name by Affidavit on *January 25, 2008* [Court Doc. 418] and was rejected by the court; then, counsel attempts to answer for Lyrene without verification and Lyrne's signature is insufficient.  Plaintiff objects.

WHEREFORE, Plaintiff moves to strike and objects for the Record pursuant to Rule 33(b)(1) and (2), Federal Rules of Civil Procedures.

This 2ᵈ day February 2008.

3

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.'
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 4th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® 

Marcellus Breach