IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

**MOTION TO STRIKE and/or IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE TO "ADOC DEFENDANTS' RESPONSE TO COURT ORDERS TO SHOW CAUSE (DOCKET NUMBERS 398 AND 405)"**

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," hereby files his objection and/or his response to the ADOC's response to Court orders to show cause docket numbers 398 and 405. Plaintiff in further support states defendants basically haven't said anything except complain and mislead this Court into thinking that they have already responded to ample discovery request is simply not true. Plaintiff moves the Court to compel Ruth Naglich and Dr. George Lyrene, M.D., to answer plaintiff's discovery request.

**A.**    *Defendants Have Not Met Their Burden:*

<u>Under well-settled law, the party resisting production bears the responsibility of establishing undue burden.</u> *G-69 v. Degnan*, 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that

1

position <u>with detailed affidavits or other evidence establishing an undue burden</u>. "<u>An objection must show specifically</u> how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple <u>conclusory assertions about the difficulty of complying</u> with a discovery request. *See* Twin *City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

B.     *Defendant Dr. George Lyrene, M.D.*

**Court Docket No. 395**, is plaintiff discovery request propounded on Dr. George Lyrene, M.D., who is the Medical Director for ADOC. He is solely responsible for oversight of treatment. What is so interesting, in *Taylor v. Questcare*, 1995 U.S. Dist. 14975 ( S.D. Ala. 1995) Dr. George Lyrene explains his opinion regarding a hernia and he has submitted an opinion to that Court but, he explains the danger of a strangulated hernia and that it is dangerous which is the defendants de facto protocol.

<u>"Dr. Lyrene explains in his affidavit (Doc. 34) that he is responsible for the nonemergency free-world medical referrals, and regarding Plaintiff's condition, provides:</u>
4. Plaintiff's entire abdomen is herniated. This would not impact on his organs as the herniation goes out of the abdomen away from his organs. Plaintiff's hernias are not a threat to his health because there is no incarceration or strangulation of the hernias. **An incarcerated hernia would be likely to cause plaintiff health problems, and a strangulated hernia would be an emergency.** Plaintiff has neither of these conditions, but is being examined on a regular basis in case there is a change in his condition. " Id.

However, more interesting, Dr. Hobbs has stated clearly that the ADOC has a protocol, and that the protocol states that the hernia must be incarcerated or in danger of being incarcerated before surgically necessary. Dr. John A. Tassin, M.D., has told the Court that the ADOC basically has a protocol, and that ADOC would not allow surgery for plaintiff's hernia unless his hernia was incarcerated, or into the scrotum.

Lyrene has stated that a strangulated hernia is an emergency situation. The sole questions is, Lyrene as Medical Director, has failed to make changes when he knows the danger of an incarcerated hernia; he knows death will arise, and he actually knows of the danger plaintiff faces. Lyrene also, filed an Affidavit in this case opposing surgery, claiming to have personal knowledge when he never once examined plaintiff and Lyrene is not qualified to given an opinion regarding surgery; only a referral to a surgeon.

Evidence already demonstrates that "surgery" is the only cure, the only way to relieve plaintiff's pain, the only way to stop plaintiff's hernia from getting worse. In addition, Lyrene for years, decades, has taken absolutely no action. Lyrene is liable,

3

based on his responsibilities, his position; knowledge and prior statements to Courts will demonstrate deliberate indifference.

C.     *Defendant Ruth Naglich:*

**Court Doc. 405** is plaintiff's discovery request propounded on Ruth Naglich. Ruth Naglich is not free to go. She personally was involved in the decision making to deny plaintiff surgery. It is believed that she ordered Brandon Kindard on 7/12/06 to call nurse Maxie with instructions that plaintiff couldn't have surgery. She also received the fax report. She is also, the member of ADOC who has direct involvement with the ADOC's Q.A. program. She is in the position to recommend changes; she didn't. Dr. Lyrene and Ruth Naglich work together. Lyrene knows the danger of an incarcerated hernia, the protocol: Naglich knows the dangers of hernias and Lyrene should have, but didn't recommend to Naglich or Richard Allen to make changes to ADOC's protocol which is the proximate cause of injury. Naglich is not free to go and ought to answer discovery request as she has spoken concerning her administrative responsibilities with the Q.A. program, but she has told us nothing about what the Q.A. program is, and how does it involve medical treatment? She opened the door through her Affidavit and plaintiff is entitled to question her about what she has stated and information she has knowledge of regarding this case. Furthermore, there is evidence in the Record reflecting James Reagan and several doctors recommending surgery. Evidence reflects that Ruth Naglich did so, denied Reagan surgery stating: "his condition would only recur". She is not a

4

doctor. She is not authorized to override any doctor recommendations and give her nursing opinions, but ADOC has given her supreme power over medical care, and she must answer.

## *MEMORANDUM AT LAW / POINTS ON AUTHORITY*

Dr. George Lyrene, M.D., as Medical Director cannot remain silent. Ruth Naglich as supervior over health care, cannot remain silent. Plaintiff suffers pain, and they must answer. Under Federal Rule of Civil Procedure 37(d) ,defendants refuse to answer plaintiff discovery request. According to the Advisory Counsel notes, Rule 37(d) is intended "to make clear that a party may not properly remain completely silent even when he regards a . . . a set of interrogatories . . . as improper and objectionable. See, **Interested Underwriters at Llyody's v. M/T San Sebastian,** U.S. Dist. LEXIS 24827, April 3, 2007 (N.D. Ga.)

Defendants have not responded to plaintiff's Interrogatories; therefore, they have waived their opportunity to object. See, *Rule 33(b)(1) & Rule 33(b)(4), Federal Rules of Civil Procedures*.

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. **Hickman v. Taylor**, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel production of requested documents, if the documents are discoverable under *Rule 34(a)*, Fed. R. Civ. P. The party seeking production must demonstrate that the request is relevant, i.e.,

5

calculated to lead to admissible evidence, although the requested material <u>need not itself be admissible at trial</u>. Under *Rule 37(a)(2)*, Fed. R. Civ. P., the court may compel a responsive answer to an interrogatory propounded pursuant to *Rule 33*. Further, *Rule 37(a)(3)*, Fed. R. Civ. P., states that any "evasive or incomplete answer is to be treated as a failure to answer." Therefore, the main question as to the interrogatories and request for production of documents is why hasn't the defendant responded? Compel is necessary defendants are, nonetheless, required to disclose what information they do possess at the time they respond. **Chubb Integrated Systems, Ltd. v. National Bank of Washington**, 103 F.R.D. 52, 60, 224 U.S.P.Q. (BNA) 1002 (D.D.C. 1984). **Shearson Lehman Hutton, Inc., v. Lambros,** 135 F.R.D. @ 199 Lexis 19034 (M.D. Fla. 1990)

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. **Davis v. Fendler,** 650 F. 2d 1154, 1160 (9th Cir. 1981); **Krewson v. City of Quincy**, 120 F. R. D. 6 (D. Mass. 1988). **See also In Re United States**, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). See, e.g., **Marx v. Kelly, Hart & Hallman,** P.C., 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); **Godsey v. United States,** 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, **Demary v. Yamaha Motor Corp.,** 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; **Krewson v. City of Quincy,** 120

F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch*, 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.*, 929 F.2d. 8, 12 (1st Cir. 1991); *Fretz v. Keltner*, 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.*, 23 F. R. D. 27, 31 (S.D. ILL. 1958).

Under the *Federal Rules of Civil Procedure*, parties may discover information, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure*. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.; Hickman v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. *Deitchman v. E. R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984). Discovery request should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Alligator CO., Inc.*, 60 F. R. D. 164, 171 (D. Del. 1973); see *Nash v. Thielke*, 743 F. Supp. 130 (E. D. Wis. 1990)(the plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

## CONCLUSION

Defendants have not met their burden. Plaintiff has the right to question the defendants, especially George Lyrene and his common practice as medical doctor. Plainitff moves the Court to compel, strike defenses, and impose sanctions on defendants.

*Done this 4th Day February 2008.*

*/s/ Marcellus Breach*
*MARCELLUS BREACH 160710*
*Limestone C.F.*
*28779 Nick Davis Rd.*
*Harvest, Alabama 35749*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 4th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _____
Marcellus Breach




Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.,
Harvest, Alabaam 35749

4 FEB

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA      36130