IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED
2008 FEB 11 A 9: 39
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710, | * | |
| Plaintiff, | * | |
| | * | CASE NO: 2:06-CV-1133-MEF |
| Vs. | * | |
| PRISON HEALTH SERVICES, INC., | * | |
| Defendants. | * | |

### *PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON PRISON HEALTH SERVICES, INC.*

***COMES NOW***, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on *February 4, 2008* **[Court Doc. No. 414 –1 & 447-1]** regarding plaintiff's discovery request, i.e., Interrogatories, Production of Documents, and Admissions pursuant to Rule 33, 34 & 36, *Federal Rules of Civil Procedures*, that are in the custody and control of defendants and have been withheld from the outset of this case, the Records clearly demonstrates that the defendants have withheld evidence. Plaintiff files his objections into the Record regarding the Magistrate's order entered on *February 4th 2008,* **[Court Doc. 447-1]** wherein, the Magistrate Judge ruled that as to the discovery materials provided to the plaintiff are more than adequate for the plaintiff to address the issue before this court, . . . . " the court denied discovery request against the company who has

1

adopted a practice, custom, policy of not repairing hernias, unless the life or death situation arises is challenged as being an unconstitutional practice.

In further support, the court states that due to the voluminous record, basically discovery is not necessary. Plaintiff must present evidence at summary judgment against PHS as supervisors, without, denies plaintiff an opportunity to prove his claims against PHS. In addition, defendants have "stonewalled" discovery request, and defendant Bradford Adams, states in his answer to several interrogatories, that plaintiff ought to refer the question directly to PHS. Plaintiff is prohibited from having several of his Interrogatories answered from defendant Bradford Adams, because he refers his answers to PHS, and the court denied plaintiff an opportunity to have his discovery request answered from defendant PHS.

## *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision.[1] 28 U.S.C. § 636(b)(1)(a)(2004).

---

[1] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an

## MEMORANDUM AT LAW / POINTS ON AUTHORITY

Under Federal Rule of Civil Procedure 37(d) , if a party refuses to appear at a deposition or to serve answers or objections to interrogatories, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." According to the Advisory Counsel notes, Rule 37(d) is intended "to make clear that a party may not properly remain completely silent even when he regards a . . . a set of interrogatories . . . as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order." See, **Interested Underwriteres at Lloyd's v. M/T San Sebastian,** 2007 U.S. Dist. 24817 April 3, 2007 (N.D. Ga. 2007)

Most importantly, this Court ordered defendants in its discovery order to file their responses within 30-days of receipt of the discovery request. **[Court Doc. No. 178-1]**

Secondly, PHS has the responsibility to file their responses or objections. There is noting in this voluminous record regarding PHS in their supervisory capacity. PHS did not respond to plaintiff's Interrogatories; therefore, PHS **has waived his opportunity to object**. See, Rule 33(b)(1) & Rule 33(b)(4), Federal Rules of Civil Procedures.

The Following Excerpt is plaintiff's discovery requests propounded upon Prison Health Services, Inc., **[Court Doc. No. 410]**

---

attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).

III.  **INTERROGATORIES**:

¶ 1.  Please state the following for the plaintiff.

a. your name.
b. your duties, and responsibilities to Alabama inmates suffering with Hernias.
c. your length of service with the Alabama Department of Corrections.
d. your reasons why you are no longer employed with the ADOC
e. whether you agreed with an established protocol with ADOC regarding hernia treatment before rendering services at ADOC to inmates.
f. whether PHS established its own protocol regarding how hernia treatment would be proscribed to Alabama inmates,
g. whether ADOC agreed to PHS rendering medical services, PHS's hernia protocols would be followed by PHS employees and contracted medical staff.

¶ 2.  "*Identify by document*" whether there was an existing protocol regarding hernia treatment at ADOC before PHS entered contract with ADOC to provide medical care to Alabama inmates?

¶ 3.  Disclose any "*documents and reports*" relating to any PHS recommendation(s) to ADOC regarding any treatment, protocols, policies, procedures offered that would be implemented regarding the hernia treatment proffered by PHS to ADCO inmates.  If any,

a. identify the person who rejected such reports, recommendation regarding PHS's hernia protocol.
b. Identify by document the proposed protocol recommendation.
c. Identify by document the names of all persons involved.

*¶ 4.*  "*Identify by document*" the names, titles, and responsibility, of staff members of PHS and ADOC who have the responsibility for approval of plaintiff's request for surgery.

¶ 5.  "*Identify by document*" the names, titles, and duties of staff members at ADOC who have the responsibility for approval of hernia repair(s) from February 2005 through October 31, 2007.

¶ 6.  "*Specifically identify by document*" the person(s) employed by PHS and any person(s) at ADOC, who was/is responsible for reviewing and updating hernia protocols, "*reports*" policies and procedures regarding medical treatment for hernias, and for requesting improvements in services since February 2005 through October 31, 2007.  If any changes, please "*identify by document.*"

¶ 7.  "*Specifically identify by document*", the name(s), responsibility, of any person responsible for reporting to any regional director of PHS and/or any other personnel "*identify by document*" at ADOC, whether an superintendent or commissioner who serves as a health authority for the institutions and was the

4

overall supervisor for clinical services regarding improvements in services and treatment of hernias.

¶ 8.  Specifically disclose any substance of any oral or written statements, agreements, communications between PHS and ADOC regarding hernia treatment and repair during February 2005 through October 31, 2007.

¶ 9.  "*Identify by document*" any and all, recommendations, request for improvements, changes, implementations of the treatment protocols, policy, procedures regarding hernia treatment from February 2005 through October 31, 2007. If any changes, "*specifically identify by document*".

¶ 11.  "*Identify*" any and all person(s) at ADOC who agreed with PHS to implement the protocol regarding hernia treatment for Alabama inmates from date of your service through October 31, 2007.

¶ 12.  "*Specifically identify by document*" the procedures implemented as to how an hernia repairs are approved through PHS and ADOC.

*¶ 13.*  "*Identify by document*" PHS and ADOC's protocol regarding Hernia Belts and Truss.

*¶ 14.*  From *February 2005* through date of your response, disclose any knowledge, information, "*documents*" from anyone requesting improvement, changes updating the Protocols for hernias. If yes, state:

a. *identify* the incident,
b, *identify* person(s) requesting changes
c. *identify* by document of request
d. *specifically identify* the requested change, if submitted and disposition.

¶. 15  "*Identify by document*," any and all persons who had any involvement in final decision making regarding plaintiff's request for surgery.

¶ 16.  "*Identify by document*" any and all written reports submitted to the State Board of Examiners of any final judgment rendered against PHS, Dr. William Hobbs, M.D., Dr. Michael Robbins, M.D., and "*identify by document*" any settlement in or out of court, resulting from a claim or action for damages for personal injuries cased by an error, omission or negligence, Malpractice, deliberate indifferent, in the performance of medical professional services, or in the performance of medical professional services without consent from you date of services with ADOC through October 31, 2007, in any Court in the State of Alabama, or another.

¶ 17.  "*Identify by document*" any and all orders, recommendations by any medical providers regarding plaintiff's medical treatment to any person at ADOC & PHS from February 2005, through October 31, 2007, including all orders from South Louisiana Correctional Services, Inc., March 16, 2006 through October 31, 2006.

5

Case 2:06-cv-01133-MEF-TFM   Document 457   Filed 02/11/2008   Page 6 of 16

*¶ 18. Explain Dr. George Lyrene, M.D., job responsibility to PHS "Identify by document" regarding any hernia treatment to an Alabama inmate.*

¶ 19. "*Identify by document*" and explain Ruth Naglich's job responsibilities to PHS regarding hernia treatment to Alabama inmates from February 2005 through October 31, 2007.

¶ 20. "*Identify by document*" and disclose Brandon Kindard's job responsibilities to PHS regarding hernia treatment to Alabama inmates from February 2005 though October 31, 2007.

¶ 21. From February 2005 through October 31, 2007, disclose PHS's common practice, policy, procedure followed, and "*identify by document*" for hernia repairs.

¶ 22. From February 2005 through October 31, 2007, disclose ADOC's common practice, policy, procedures followed, and "*identify by document*" for hernia repairs.

¶ 23. Was it ADOC's treatment protocols regarding hernia repairs and treatment that PHS entered into a contractual agreement: PHS agreed to follow ADOC's treatment protocols regarding hernia treatment as a part of PHS standard of operation regarding hernia treatment? "*Identify by document*" with your answer.

¶ 24. Please estimate how many Alabama inmates are diagnosed with hernia, ADOC's treatment protocol would prohibit surgery intervention until the hernia was incarcerated or in danger of being incarcerated or into the scrotum since February 2005 through October 31, 2007. Identify by document and reports your figures.

### IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS

That defendant produces and permit plaintiff to inspect and to copy each of the following documents:

### * RULE 33, Fed. R. Civ. P., "Business Records"

a. To permit plaintiff to inspect, analyze, and copy or photograph, "**specific document**," implemented policies/procedures of PHS's treatment objective plain regarding hernia from February 2005 through October 31, 2007.
b. To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

6

a. All letters, complaints, or other ***documents*** in defendants possession or under his control received, sent, made, or read by defendants, or by any agent thereof, relating to the treatment being prescribed by ADOC and PHS regarding hernias since February 2005 through October 31, 2007.
b. Any and all "**reports**" made, in the defendants possession or under his control concerning Hernia belts, or a Truss.
d. Any and all "**reports**" made, in the defendants possession or under his control concerning inmates complaining about having pain from their hernias before incarceration, strangulation or into the scrotum.

### POINT "A"

### PHS MUST ANSWER OR THEIR FAILURE TO ANSWER OUGHT TO BE DEEMED ADMITTED

**PHS cannot remain silent**. If the court is going to allow them to remain silent, then plaintiff's Interrogatories against PHS ought to be deemed as a waiver, and admitted into the Record; but to allow defendants to *stonewall* discovery, simply not allow PHS to answer is unfair. The following law guides the Court's on Plaintiff's motion to compel. During the discovery period, "[p]arties **may obtain** discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Under *Rule 37*, a party may move to compel an answer to an interrogatory or production of documents: "The party resisting discovery **has a 'heavy burden' of showing why discovery should be denied**." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005).

The law in this Circuit is generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a

waiver of any objection. *Davis v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy,* 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States,* 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g.,* **Marx v. Kelly, Hart & Hallman**, *P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy,* 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch,* 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991); *Fretz v. Keltner,* 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.,* 23 F. R. D. 27, 31 (S.D. ILL. 1958).

## POINT "B"

### PHS DID NOT ANSWER PLAINTIFF'S REQUEST FOR ADMISSIONS NOR, REQUEST AN EXTENSION OF TIME

Plaintiff's request for Admissions propounded on PHS ought to be deemed as Admitted because they have not been objected to or answered; by law ought to be deemed Admitted by the Court under *Rule 36(a)* for PHS's failure to timely object, and answer. See, *Navarre v. City of Andalusia, et al.,* 2006 U.S. Dist. LEXIS 42389 (M.D. Ala. June 19, 2006); *Anheuser- Busch, Inc. v. Philpot,* 317 F. 3d 1264, 1265 (11th Cir. 2003);

*United States v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992); *Stubbs v. Commissioner of Internal Revenue*, 797 F.2d 936, 937-38 (11th Cir. 1986)

The rule of law is in this Circuit, generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy*, 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States,* 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g., Marx v. Kelly, Hart & Hallman, P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy,* 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch,* 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991); *Fretz v. Keltner,* 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.,* 23 F. R. D. 27, 31 (S.D. ILL. 1958).

## THE RELEVANCY STANDARD

The Record is silent pertaining to supervisor liability against PHS. Medical records are not enough to overcome respondeat superior. In *Williams v. Limestone*

*County, Alabama* 2006 U.S. App. LEXIS 24738 (11th Cir. 2006) the Court set out what plaintiff must establish in order for PHS to be held liable for their agreement with ADOC regarding hernias. To establish PHS's liability pursuant to 1983 plaintiff a prisoner cannot rely on theories of vicarious liability or respondeat superior. *See* **Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.**, 402 F.3d 1092, 1115-16 (11th Cir. 2005). Discovery ought to be allowed because Section 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation. *See* **Zatler v. Wainwright**, 802 F.2d 397, 401 (11th Cir. 1986). The causal connection may be proven by showing the official (1) was personally involved in the acts or omissions which resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state or local law. *Id.*

Next, under the *Federal Rules of Civil Procedure*, **parties may discover information**, which is relevant and non-privileged. Rule 26(b)(1), *Federal Rules of Civil Procedure*. Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc., v. Sanders**, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.*; **Hickman v. Taylor**, 329 U.S.

495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. ***Deitchman v. E. R. Squibb & Sons, Inc.***, 740 F.2d 556 (7th Cir. 1984).

### CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF

Several medical documents are concealed from plaintiff and this court. With that, there are absolutely very limited reasons as to how plaintiff's discovery request could possibly lead to being cumulative or duplicative. Moreover, defendants have not produced any documents regarding PHS and who they supervise; how they act on information that is injurious to medical treatment, who makes changes, who orders policies? The only documents in the Record is regarding plaintiff's medical care, the **record is silent regarding PHS.**

At summary judgment, because plaintiff has not be afforded an opportunity to have his discovery request answered by PHS, the Supreme Court's holding decision regarding summary judgment cannot be fulfilled. In ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 91 L. ed 2d 202 (1986) the Supreme Court held: "Rule 56(e) provides that, "when a properly supported motion for summary judgment is made, th3 adverse party 'must set forth specific facts showing there is a genuine issue for trial." 106 S.Ct. @2511.

Summary judgment under Fed.R.Civ. P., 56 is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

11

establish the existence of an element essential to that party's case, and on which the party will bear the burden at trial. *Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986). To defeat the motion for summary judgment, the nonmoving party must merely present evidence on the basis of which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 91 L.Ed. 2d 202, 106 S.Ct. 2506 (1986). The nonmoving party in a summary judgment motion is to be given the opportunity to "discover information that is essential to his opposition." *Anderson*, 477 U.S. @ 250.

The particular request for production of documents are relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Furthermore, PHS is a supervisor; plaintiff ought to be allowed to have his discovery request answered before summary judgment.

### *NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE*

As PHS is a supervisor, why and how did the establish a custom, practice of allowing a nurse who is not qualified to make surgically recommendation to do so, because it is, and was a practice. Nurse practitioner, Bradford Adams is not authorized to make surgically recommendations. PHS and ADOC knew about this unlawful practice, yet allowed it to continue and resulted into an injury. Furthermore, information requested ought to aid this Court and a jury for a determination that prison officials <u>may</u>

not avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "elective". The classification of surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners. See, *Jones,* 781 F. 2d @ 770-71 (classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care); *Johnson v. Bowers,* 884 F. 2d 1053, 1056(prisoner waiting six years for elective arm surgery was entitled to relief)(citing **Monmouth County Corr. Inst. Inmates v. Lanzaro,** 834 F. 2d 326, 348 n. 32 (3d Cir. 1987) cert. Denied, 486 U.S. 1006, 1-8 S.Ct. 1731, 100 L.Ed. 2d 195 (1988)); **West v. Keve,** 541 F. Supp. 534 (D. Del. 1982)(prison officials violated Eighth Amendment by not furnishing elective surgery for dysfunctional veins that were causing varying degrees of pain); **Laaman v. Helgemoe,** 437 F. Supp. 269, 311 (D. N. H. 1977)(elective treatment recommended by a physician but not "necessary" in a life or health saving sense, may still be constitutionally mandated if the prisoner elects to proceed with the treatment).

*First,* plaintiff does not seek "personnel records" in any general way. He seeks documents pertaining to the treatment, method, practice, procedures, intentions, and the objective approach of PHS. Plaintiff does not seek other matters that may be in PHS's personnel records, such as medical data or information about his records of lateness, leaves and vacations, etc.

Whether quasi-policymakers have been deliberate indifferent in their supervision of subordinates the court must explore the supervisors' conduct in this case: -- as in *Karr*, 875 F.2d @ 1556 (jury could find that failure to take corrective action after plainly unconstitutional use of police dogs constituted deliberate indifference).

## CONCLUSION

Without evidence against PHS, answers to his discovery request, plaintiff will be prohibited from raising a valid claim against them at summary judgment. PHS did not object, did not request for extension of time, and did not answer. Plaintiff is entitled to have his discovery request answered.

Fed. R. Civ. P. 33 requires that the particular interrogatory be fully answered by the party or that objection to it and the grounds of objection be stated. A unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party <u>either answer fully or object.</u> Fed. R. Civ. P. 26(b)(1) states the general rule with regard to the scope of discovery. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the

information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Done this 7th Day February 2008

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 8th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach



MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA   35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36130