**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2009 FEB 11  A 9: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

## *MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, AND PRODUCTION OF DOCUMENTS --- VARIOUS GROUNDS*

**COMES NOW**, Pursuant to <u>*Rule 37(a)(2),*</u> *Federal Rules of Civil Procedures,* plaintiff Marcellus Breach (hereinafter "Breach") in proper person "Pro Se," moves the court for an order requiring defendant Ruth Naglich, to fully and completely answer the following of Plaintiff's interrogatories and request for production of documents served on October 29, 2008, none of which interrogatories or production of documents have been objected to.

<u>*Request For Judicial Notice*</u>

[1]The attached Excerpt are the Interrogatories and request for Production of Documents incorporated by reference to [**Court Doc. No. N/A/] "Plaintiff's Third Set of Interrogatories and Request for Admissions, For Production of Documents to**

---

[1] Plaintiff highlights the disputed Interrogatories in support of his motion to compel.

1

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

Defendants Under Fed. R. Civ. P.,"[Specifically Defendant Ruth Naglich] filed on or about October 29, 2007.

The responses are [**Court Doc. No. N/A**] "**ADOC Defendant Ruth Naglich's Response To Requested Discovery'** filed on *December 17, 2007.*

On *December 31, 2007* plaintiff wrote counsel for the defendant pointing out that Ruth Naglich response was deficient, nonresponsive and the she failed to produce requested documents. [**Exhibit "A""B"**]

Also, on *December 3, 2007,* plaintiff attached the letter with a pleading entitled: "**Notice of Filing**" to the court. [***Court Doc. N/A***] explaining to counsel that Ruth Naglich answers are deficient and requested the counsel correspond with him in regards to the dispute in the responses. Counsel made no attempt to correspond with plaintiff. [**See, plaintiff's affidavit at ¶¶ 2-6., & Exhibit "A"B"**]

_____

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

iN THE DISTRICT COURT OF THE UNITED STATES * 3rd
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| | * |
| MARCELLUS BREACH, #160710 | |
| | * |
|     Plaintiff, | |
| | *CASE NO: 2:06-cv-1133- |
| Vs. | |
| | * |
| PRISON HEALTH SERVICES, INC., et. al., | |
| | * |
|     Defendants. | |

*PLAINTIFF'S THIRD -- SET OF INTERROGATORIES AND REQUEST FOR
ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
UNDER FED. R. CIV. P.,*

*TO: DEFENDANT RUTH NAGLICH, ASSOCIATE COMMISSIONER OF
HEALTH SERVICES, ADOC*

### III. *INTERROGATORIES*:

¶ 1. **Please state the following for the plaintiff.**

    a.    your age
    b.    your education
    c.    your length of service in your present employment position
    d.    your previous occupational experience(s)
    **e.    your training and experience in hernias**

¶ 2. **Have you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?**

¶ 3. *"Specifically identify"* the treatment protocols for inmates with hernia at "South Louisiana Correctional Center" from *March 16, 2006* through *October 6, 2006*.

**· ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

¶ 4.    *February 2005,* Dr Bosserman diagnosed plaintiff with a hernia, having pain. "*Identify by document*" the person(s) who medically cleared plaintiff to be transferred to Louisiana with a serious medical need.

¶ 5.    "*Specifically identify*" by "*document,*" the faxed report to Ruth Naglich on <u>7-10-06</u> in reference to inguinal hernia.

¶ 6.    **Specifically disclose the substance of any oral statements made between you and "*identify*" any person(s), "*incident*," regarding the request for surgery and the faxed report on <u>7-10-06.</u>**

¶ 7.    **Please "*identify*" your administrative responsibilities for the Alabama Department of Corrections including but not limited to the components and the quality of the provision of healthcare to plaintiff while in the care, custody, and control of ADOC, at <u>*South Louisiana Correctional Services, Inc.*</u>, from <u>*March 16, 2006*</u> through <u>*October 6, 2006*</u>.**

¶ 8.    "*Identify*" Lynn Brown and her responsibility and involvement in this "*incident,*" "*specifically, dates: <u>7-17-06</u> and/or <u>7-12-06</u>.*

¶ 9.    Please "*identify*" person(s), and the "*identity*" in reference to any documents, sent, received, while disclosing the substance of any and all communication pertaining to the *incident*, on or before <u>7-12-06</u> or <u>7-17-06 at 9:40 a.m.</u>, in reference to the <u>7-10-06</u> fax report and the follow up call to South Louisiana Correctional Services, Inc., regarding request for approval for surgery.

¶ 10.    "*Identify*," Nurse Maxie at South Louisiana Correctional Services.

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

¶ 11.  *"Identify"* Diana Lott and Dr. John A. Tassin, M.D., at South Louisiana Correctional Services.

¶ 12.  *"Specifically identify'* by *'document,'"* the Protocol pertaining to hernias treatment to the plaintiff while at South Louisiana Correctional Services under the control of ADOC.

¶ 13.  *"Identify"* person(s) investigations, decision maker, regarding approval or denial of request for surgery from South Louisiana Correctional Center between *March 16, 2006* through *October 6, 2006*.

¶ 14.  *"Identify"* all person(s) involved on bellow stated dates regarding *"incident"* in question:

      a.     7-10-06
      b.     7-12-06
      c.     7-17-06 at 9:40 a.m.

**¶ 15.  *"Identify"* by *"document"* the responsibilities of Brandon Kindard regarding medical treatment, *"incident"* regarding the both 3-21-06 order and recommendation and 7-12-06 response / *"incident."***

**¶ 16.  Disclose the substance of any medical agreement / *"identify"* by *"document,"* regarding treatment, care, and quality of medical treatment between the Alabama Department of Corrections and South Louisiana Correctional Services between *March 16, 2006* through *October 6, 2006.***

¶ 17.  *"Specifically identify"* by *"document,"* the treatment Protocols that will be implemented between ADOC and the new medical providers, *"Correctional*

. - ·**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

*Medical Services,*" ("CMS") pertaining to treatment to inmates who suffer from a hernia at the department of corrections.

¶ 18.  From *February 2005* through date of your response, disclose any knowledge, information, "*documents*" from anyone requesting improvement, changes updating the Protocols for hernias. If yes, state:

a.      *identify* the incident,
b,      *identify* person(s) requesting changes
c.      *identify* by document of request
d.      *specifically identify* the requested change, if submitted and disposition.

¶ 19.  After Dr. John A. Tassin, M.D., made his report and recommendation that plaintiff's inguinal hernia needs repair, why was plaintiff subsequently transferred back to the Alabama Department of Corrections on *October 6, 2006,* without surgery? "*Identify by document.*"

¶ 20. "*Identify by document*," the responsibility of the Alabama Department of Corrections regarding the medical decisions of plaintiff while in Louisiana.

¶ 21.  Is it common practice at the Alabama Department of Corrections to disregard any doctor, *specifically* Dr. John A. Tassin's order and recommendation for medical treatment.

¶ 22. "*Specifically identify*," and disclosed the substance to any oral communication of the dental request on 6-13-06 regarding dental remarks from Dr. Mike Woodruff.

¶ 23. "*Identify by document*," and "*specifically identify*" the new medical providers as of *November 1, 2007* contracted ADOC to deliver medical services to Alabama inmates.

· **ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

¶ 24.    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint.  Also, if yes, please identify the agency and/or individual, who accused or investigated you for such allegation(s); specifically identify, the department, agency, employer, employee, or such other whom accused you of said charges, the nature of the allegation(s); your answers, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official, or involving your individual capacity.

¶ 25.    "*Specifically identify,*" by "*document,*" the procedures, practice, policy, statement, memorandum, directive, governing how South Louisiana Correctional Center medical personnel are/were to obtain approval or disapproval for outside medical treatment for plaintiff regarding surgery for his hernia through ADOC.

*IV. REQUEST FOR PRODUCTION OF DOCUMENTS OF YOUR AGENTS*

That defendants produce and permit plaintiff to inspect and to copy each of the following documents:

### * RULE 33, Fed. R. Civ. P., "Business Records"

a.    To permit plaintiff to inspect, analyze, and copy or photograph, "*specific document,*" implemented protocols and policies/procedures of the new medical providers entering the Alabama Department of Corrections as of, or, their admitted date November 1, 2007, who are and, will be responsible for the treatment of plaintiff's injury, i.e., hernia;  specifically, the Protocols governing the treatment of hernias suffered by state inmates.

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

b.      The names and "*identify by document,*" those individual(s) responsible for the implementation and maintenance of the treatment Protocols pertaining to hernias with the new medical providers as of *November 1, 2007*, entering the Alabama Department of Corrections who will be responsible for the treatment to plaintiff.

**c.      All letters, complaints mailed to this Office from the plaintiff, specifically, the certified mail specifically, December 23, 2006, Article No. 7006-0100-0002-0735-5561.**

**d.      Specifically, produce the "*document*," <u>fax report</u> on <u>7-10-06</u> to Ruth Naglich from Louisiana regarding surgery. State the name of person(s) who received said document.**

**e.      Specifically, produce the *Offender Grievance # 06-215, June 26, 2006* being South Louisiana Correctional Center, specifically the front and back of this <u>specific grievance</u>.**

f.      To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion.

g.      To disclose the material evidence by "*document,*" and substance of any oral statements made by defendants to person(s) at South Louisiana Correctional Center, on 7-10-06 and <u>7-12-06</u>, to any supervisor, agency or agents thereof.

**h.      To disclose the substance or oral statements made by any defendant, co-defendant or accomplice, agency, or agent regarding the Louisiana "Offender Grievance # 06-215"** <u>June 26, 2006</u>, the **front and back** of this grievance thereof.

i.      "*Specifically identify by document,*" and, disclose the ADOC policy, procedures, practice, directives, memoranda, statement, documents, governing, regarding,   approval or disapproval of hernia surgery, requested by <u>South Louisiana Correctional Center</u> medical personnel, from *March 2006* through *October 6, 2006* to the Alabama Department of Health Services.

ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH

### DEFICIENT ANSWERS

Portions of Defendant's answers are not incompliance with *Rule 33(b)*, *Federal Rules of Civil Procedures*. *Defendant* has provided to plaintiff's discovery responses that represents evasive, incomplete, nonresponsive.    Furthermore, not one document has been produced pertaining to plaintiff request for production of documents.

Ruth Naglich has an affirmative obligation to participate in discovery in an honest, non-evasive and complete manner. **Dollar v. Long Mfg**., 561 F.2d 613 (5th Cir. 1977).    As the United States Supreme Court noted in **United States v. Procter & Gamble**, 356 U.S. 677, 683, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958), it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible."

### A.    *Plaintiff's Definitions and Instructions to Discovery Request:*

Plaintiff's Interrogatory comply with *Rule 33(b)*, *Federal Rules of Civil Procedures*, giving detailed definitions and instructions to prevent a witness giving intentionally or inadvertently omit information that is contained in documents. All relevant information in documentary form as requested is relevant to establish municipal liability.    All internal memoranda, notes, or other documents indicate company policy. Plaintiff's request for documents are not limited to drafts of agreements, internal memoranda discussing the negotiations regarding medical care; also, any and all correspondence to third party discussing any alleged agreements regarding medical care pertaining to

9

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

"elective" treatment, hernias. Any agreement entered into between ADOC and the private prison regarding medical care is relevant, also, Naglich relies on what agreement was entered into through the contract. Any portion of the agreement will explain how ADOC was involved in decision making because the agreement is the policy.

Plaintiff's definitions and request for production are limited to documents, things which are in the possession, custody or control of the party upon whom the request is served. However, defendant has not once produced any requested specific documents in her answers. The scope of relevance is very broad in discovery.

### INTERROGATORIES TO RUTH NAGLICH:

1.    **Interrogatory No. 1(e),** defendant Ruth Naglich's answer to this interrogatory is incomplete and unresponsive, since Ruth Naglich does not state her experience and training and relies on her education. Plaintiff <u>specifically</u> requested her to answer regarding "training and experience in hernias".

Naglich's Response: " Reger tp responses of (b) and (d).

2.    **Interrogatory No. 2,** this response is incomplete, nonresponsive. Ruth Naglich did not answer at all. <u>*Rule 33(b),*</u> Fed.R.Ci.P., specifically states that:" Each interrogatory must be answered separately and fully in writing, unless an objection is interposed in lieu of an answer. The answer must include all information within the party's control or known by the party's agents. This includes *facts* in an attorney's possession and information supplied to the party by others. . . . "  Therefore, since Ruth Naglich's

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

response is: "**Yes, Albert Butler, ADOC counsel**," then, she must produce as requested all information regarding the question: "Has you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?" . [**Plaintiff's Interrogatory No. 2"**]

> Ruth Naglich's Response: "**Yes: Albert Butler, ADOC counsel.**"

3.    **Interrogatory No. 6**, Ruth Naglich's answer to this interrogatory is unresponsive. Defendant Brandon Kindard is an employee under her direct supervision; he has given an affidavit that he met with plaintiff and also he has knowledge pertaining to surgery request at Kilby in December 2006.  Brandon Kindard's names is on the medical records calling Louisiana two days after a fax report was sent to Ruth Naglich regarding approval for surgery.  Naglich has failed to identify any other reason or, alternatively, the lack of any such reasons why she has not disclosed any statements, memorandum, or testimony concerning this incident even from Albert Butler.

> **Ruth Naglich's Response: "I do not recall specific statements made in reference to this request."**

4.    **Interrogatory No. 7**, Ruth Naglich's answer is nonresponsive as to in-part of this request for her to identify her <u>administrative responsibilities</u> for the Alabama Department of Corrections the question was in part, she provided that she had no administrative responsibilities over the private prison, but the question is directed to her ADOC responsibilities.

11

ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH

>**Ruth Naglich's Response:** "Plaintiff was not in the "care, custody or control' of
>the ADOC while housed at Sotuh Louisiana Correctional Services, Inc.; he was
>in the 'care, custody or control' of LCS Correctional Services, a private business
>or entity. I have no administrative responsibilities for inmates within their
>'care, custody and control."

5.    **Interrogatory No. 15**, Ruth Naglich's answer is nonresponsive, vague, and

ambiguous because plaintiff requested that she specifically identify by document the

responsibilities of Brandon Kindard whom she supervises.  Naglich states that Brandon

Kinard's responsibilities are to report the findings of the treating physician or

practitioner. The evidence reflects that Kindard called nurse Maxie with instructions the

plaintiff cannot have surgery unless his hernia is incarcerated or into the scrotum. It is

clear that Kinard was fulfilling his responsibilities, but to whom did he report the finding

of John A. Tassin and nurse practitioner Bradford Adams to? His responsibilities require

him to report the findings, the question is to produce by document, his responsibilities.

>**Ruth Naglich's Response:** "Brandon Kindard has no responsibility in the direct
>treatment of an ADOC inmate or the recommendations for treatment.  His
>responsibilities are to report the findings of the treating phyusician or
>practitioner."

6.    **Interrogatory No. 16**, Ruth Naglich's answer is nonresponsive in particularity,

plaintiff request is directed to documents pertaining to any medical agreement regarding

hernia treatment and the quality of medical care entered between the ADOC and South

Louisiana Correctional Center.  Such documents are in the defendant's control, and

plaintiff can review any portion pertaining to medical care. Plaintiff has information that

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

Dr. Tassin and nurse Maxie stated: "any medical care over $300.00 has to be approved by

ADOC."

7.      **Ruth Naglich's Reposne: "The contract between the Alabama Department of Corections and South Louisian Correctional Services."**

_**Request For Production Of Documents:**_

8.      **Requests "C"** "All letters, complaints mailed to this Office from the plaintiff, specifically, the certified mail specifically, **December 23, 2006, Article No. 7006-0100-0002-0735-5561"**

9.      **Request ""D",** "Specifically, produce the "document," fax report on 7-10-06 to Ruth Naglich from Louisiana regarding surgery. State the name of person(s) who received said document."

10.      **Request "E",** " Specifically, produce the Offender Grievance # 06-215, June 26, 2006 being South Louisiana Correctional Center, specifically the front and back of this specific grievance.

11.      **Request "H",** "To disclose the substance or oral statements made by any defendant, co-defendant or accomplice, agency, or agent regarding the Louisiana "Offender Grievance # 06-215 June 26, 2006, the front and back of this grievance thereof."

· · · **ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

### *ARUMENT AS TO RELEVANCY AND REQUEST FOR FURTHER RESPONSES*

*Rule 33(b), Federal Rules of Civil Procedures* states: " . . . The answer must include all information within the party's control or known by the party's agents. It is amazing that ADOC claims not to have any knowledge, information regarding their "agent" South Louisiana Corrections Center. Furthermore, *Rule 34*, Fed.R.Civ.P., includes any facts, in an attorney's possession and information supplied to the party by others.. . . " Id.

Under *Rule 803(6)*, Fed.R.Civ.P., the Louisiana medical records reflect that nurse Maxie recorded that a fax report was sent to Ruth Naglich regarding hernia repair. Two days later, Brandon Kindard called the nurse administrator, Diana Lott, with instructions that plaintiff cannot have surgery unless his hernia is incarcerated or, into the scrotum. Such records constitute one businessperson communicating information in the course of a regularly conducted business activity to another businessperson, and the second businessperson recorded the information in the course of a regularly conducted business activity. Fed. R. Evid. *803(6).*

While plaintiff was at the private prison, any medical treatment over $300.00 had to have ADOC's approval. If not, why did the private prison medical personnel seek pre-approval for surgery from ADOC? Why does the evidence reflect a fax report sent to Naglich for approval for surgery? Why did Kinard call Diana Lott?

ADOC entered into a business agreement with LCS. ADOC did not abandon their lawful duties over prisoners sentenced to the ADOC. Ruth Naglich may deny a fax

**· · · ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

report, but a jury can determine whether she is being truthful. Brandon Kindard can also deny any communication and a jury also can judge his truthfulness.

The requested productions of documents are in the possession, custody or control of Ruth Nagllcih. Specifically, the Offender Grievances #06-215 will have the answer from ADOC being recorded by a contracted businessperson in the course of a regularly conducted business activity regarding surgery request. Brandon Kinard communicated with LCS medial personnel, and plaintiff is entitled to discover any information regarding such communications, agreements made.

*WHEREFORE,* in regards to the Interrogatory numbers: 1(e), 2, 6, 7, 15, 16 and request for production of documents requests: C, D, E, H, propounded on Ruth Naglich be ordered as this court deems fair and appropriate.

Done this 7th Day February 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

COUNTY OF LIMESTONE }

**· · · ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

STATE OF ALABAM            )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **Marcellus Breach, AIS #160710**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel.

On December 31, 2007 I served on the defendant's counsel a document: "Notice of Filing" and a latter to counsel regarding areas of deficiency pertaining to Ruth Naglich's responses, which is attached to this affidavit as Exhibit 1.

Counsel did not respond to this request regarding disputed answers; nor did he request an adjournment from the court or seek my agreement to an adjournment. A copy of my letters is attached as **Exhibit "A","B"**.

Defendants' counsel did not respond to my letter. I have written counsel and I have filed my notice of intent with the Court. Copies of my letters are attached. Defendant's response to several Interrogatories and request for production of document

**ATTACHED EXCERPT DISCOVERY REQUEST UPON RUTH NAGLICH**

is insufficient and challenged, as set forth accompanying this motion.

*WHEREFORE,* the plaintiff request that the court grant this motion in all respects Under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746    This 7th Day February 2008.

_____
Marcellus Breach


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 8th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

_____
Marcellus Breach

# EXHIBITS
# "A""B"

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MARCELLUS BREACH, #160710 | * |
| | * |
| Plaintiff, | * |
| | *　　CASE NO: 2:06-cv-1133-MEF |
| Vs. | * |
| | * |
| PRISON HEALTH SERVICES, INC., et al., | * |
| | * |
| Defendants. | |

*NOTICE OF FILING/ DISCOVERY DISPUTE PERTAINING TO
DEFENDANTS RUTH NAGLICH AND BRANDON KINDARD*

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper

person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B),*

*Fed. R. Civ. P.,* and compliance with this Court's order entered on _December 4, 2007_ [**Court**

**Doc No. 292—1, Order**] hereby files the attached for the Record:  Plaintiff states as

follows:

1.　　Plaintiff has attached his letter to Counsel for ADOC regarding discovery disputes

to responses of defendant Ruth Naglich and Brandon Kindard.

1

**WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 31ST Day December 2007.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 31ST Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

®

Marcellus Breach

2

MARCELLUS BREACH, 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

**December 30, 2007**

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:    2**:06-cv-1133 Letter of Intent/ Discovery Disputes**
       **Discovery Responses from Defendant Ruth Naglich, and Brandon**
**Kindard.**

Dear Counsel:

I have attached the disputed responses to both Ruth Naglich and Brandon Kindard in
responding to requested discovery.  It concerns me that not one document has been
produced.  There really isn't a lot that I am looking for and the documents due exist.
However, too many are being concealed and not being produced.  I hope we can work
this out without court action.

First and foremost, I truly believe that documents are being suppressed which are
relevant. ADOC's has control for the production and haven't.  The answers to discovery
request are seem confusing, vague and nonresponsive.  I am requesting that you have
them answered more responsively, and also produce the requested documents.

I request that you correspond with me regarding to the specific documents requested.  If
you do not have them, I want to know why, and where are they?  I am more than willing
to cooperate with you; I am open to any objections.   I have enclosed the areas
contained in the responses that I feel are in dispute.  I hope fifteen (15) days from date
of this letter to respond will be enough?  If not, please fill free to request for more time.

I hope we can work this out without court action.

I thank you kindly,

Marcellus Breach


**Attachments:  Disputed responses Ruth Naglich and Bradon Kindard**

## DEFENDANT RUTH NAGLICH
## DISPUTED DISCOVERY REQUEST/ANSWER TO INTERROGATORIES

Not one document has been produced as requested. The requested production are under her control, possession and custody. There are several disputes in regards to Interrogatories propounded on defendant Ruth Naglich and her answers dated on December 17, 2007. I have listed and identified questions that I find are not responsive, and ambiguous. I am requesting that she answer more specifically and also provide the documents requested. Rule 34, Fed.R.Civ.P., is invoked, all request are under defendants control, possession or control and within the legal right to obtain all information requested from any Agent of ADOC.

1.    Interrogatory No. 1(e)    She did not answer specifically to the question..

2.    Interrogatory No. 3,    "Specifically Identify" refers to document(s). However, ADOC sent me to Louisiana and I requested information regarding to the medical treatment plan that was established regarding Hernias entered between ADOC and LCS.

3.    Interrogatory No. 5. Ambiguous. Please produce the document.

4.    Interrogatory No. 6, Ambigious.

5.    Interrogatory No. 7, she did not clearly identify her administrative responsibilities including any responsibility over inmates while at the private prison in Louisiana.

6.    Interrogatory No. 8, ambiguous, vague response.

7.    Interrogatory No. 9. not responsive, evasive and ambiguous.

8.    Interrogatory No. 12. Request for documents,

9.    Interrogatory No. 13,    She did not identify.

10.    Interrogatory No. 14.    Ambiguous.

11.    Interrogatory No. 15. Produce "document" reflecting Brandon Kindard's responsibilities.

12.    Interrogatory No. 16.      Evasive answer, produce the documents.

13.    Interrogatory No. 17. Her answer is evasive, please identify.

14.    Interrogatory No. 19, evasive, please answer the question, identify by document.

15.    Interrogatory No. 20.  Produce the document(s).

16.    Interrogatory No. 21.      vague answer.

16.    Interrogatory No. 22.   Produce the document regarding dental request for approval to ADOC.

17.    Interrogatory No. 23.  Identify by document please answer the question.

18.    Interrogatory No. 25, Identify by document as requested.


**REQUEST FOR PRODUCTION OF DOCUMENTS: Louisiana Medical Records**

     **a.**     **Produce request**
     **b.**     **Produce request**
     **c.**     **Produce request**
     **d.**     **Produce request**
     **e.**     **Produce request**
     **f.**     **Produce request**
     **g.**     **Produce request**
     **h.**     **Produce request.**
     **i.**     **Produce request.**

**ADMISSIONS:**

Defendant Naglich's answers to Admissions are inappropriate and vague.  Ruth Naglich is a Nurse. The dispute regarding Admissions are questions numbers:

**1,2,3,6,7,8,9,10, 11,12,13,14,15, 16,17,18,19,20 through 30, 31 though 42.**

## *DEFENDANT BRANDON KINDARD*

**Interrogatories:**

1.    Interrogatory No. 1(g)    evasive, ambiguous.

2.    Interrogatory No. 5     ambiguous.  Medical Records have his name on them.

3.    Interrogatory No. 7    ambiguous answer, cannot point to the records, as an answer must specifically identify his answer.

4.    Interrogatory No. 12    identify by document and ambiguous, Ms. Lynn Brown was present at meeting at Kilby December 20, 2006.

5.    Interrogatory No. 13    ambiguous answer.

6.    Interrogatory. No. 15    contradictory statement.

7.    Interrogatory No. 16    Ambiguous answer.

8.    Interrogatory No. 17    Ambiguous answer.

9.    Interrogatory No. 18    Produce the requested documents responsive with answer.

10.    Interrogatory No. 20  Please produce the document to support his answer.

11.    Interrogatory No. 21  Identify by document explaining such.

13.    Interrogatory NO. 22 & 23  Identify by document applied through any Agent.

14.    Interrogatory No. 25.  Please produce the document supportive to answer.

### *REQUEST FOR PRODUCTION OF DOCUMENTS*

Medical Records of Plaintiff from South Louisiana Corrections Services, all of them and each grievance be in the form of "**front and back**" copies this is tangible evidence requested not produced.  You cannot refer me to the Record for a document that is not there. Produce **Specifically Grievance No: 06-215 June 26, 2006** LCS Corrections

Services, Inc., Offender Grievance the "**Front and back**" please is requested. Also, produce the fax report and all faxes regarding plaintiff.