IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, *et al.*, ) | (WO) |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the Court on *pro se* Plaintiff Marcellus Breach's ("Breach") Objections (Doc. ## 449, 457) to orders of Magistrate Judge Terry F. Moorer issued January 31, 2008 (Doc. # 436), and February 4, 2008 (Doc. ## 414, 447). However, the record currently before the Court is insufficient to make a ruling.

Accordingly, **Defendants** are hereby **ORDERED TO SHOW CAUSE** why the Objections (Doc. ## 449, 457) should not be granted. Defendants shall file a response which shall include a brief along with evidentiary materials on or before **February 28, 2008**.

Furthermore, In its response, Defendants shall take care to address the following issues:

(1) With respect to the Objection at Docket # 449 regarding the Louisiana Medical Records, Defendants shall provide this Court information including, but not limited to:

    (a) What documents, if any, have already been produced to Breach;

    (b) The location of the Medical Records that have not been produced to Breach;

(c) The Defendants' ability to obtain from third parties any medical records which have not been produced to Breach. Defendants should be aware that Fed. R. Civ. P. 34(a) requires production of relevant documents in their "possession, custody, or control." This is not limited to documents in Defendants' actual physical possession. Rather, "control" includes the legal right to obtain the documents requested upon demand. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); and

(d) Any other argument, evidence, or caselaw that Defendants feel are relevant to this Court's ruling.

(2) With respect to the Objection at Docket # 457 regarding Interrogatories, Production of Documents, and Admissions, Defendants shall provide this Court information including, but not limited to:

(a) What interrogatories, requests for production of documents, or admissions were not answered by Defendants;

(b) The justifications for such omissions; and

(c) Any other argument, evidence, or caselaw that Defendants feel are relevant to this Court's ruling.

DONE this 13th day of February, 2008.

                                                  /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE