IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

\*
\*    CASE NO: 2:06-cv-1133-MEF
\*
\*
\*

## MOTION TO COMPEL RESPONSIVE ANSWERS TO DISCOVERY REQUEST PURSUANT TO RULE 37(a)(2)), 37(b)(2))

[1]COMES NOW, the plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," moves this Court to compel defendant *Dr. George Lyrene M.D.,* [Court Doc. No. 316] Medical Director for the Alabama Department of Corrections to perform the following acts: *Rule 702* and *701, Federal Rules of Evidence.*

1.    Under *Rule 37(a)(2):*

    (a)    To compel defendants to answer plaintiff's interrogatories in their entirety within a proscribed time ordered by the Court;

2.    Under *Rule 37(b)(2):*

    (a)    To preclude defendant from asserting any objections to plaintiff's interrogatories;

---

[1] **Court Doc. # 316,** is a four (4)-page discovery request propounded upon Lyrene regarding his opinion, which will be challenged, is discoverable.

(b)    To treat as contempt of court of defendant Dr. George Lyrene failure to answer plaintiff's interrogatories by set date by the Court.

(c)    To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)    To enter a judgment by default on the issues of liability in favor of plaintiff and against defendant under Court I, II, III, IV, V, and VI of plaintiff's complaint; and

## RELEVANCY --- DR. GEORGE LYRENE, M.D., SCIENTIFIC METHODOLOGY[2] and, ASSISTING THE TRIER OF FACT, IPSE DIXIT

Dr. George Lyrene has offered nothing more than an *ipse dixit* opinion in this case and it is in the Record. Nevertheless, Dr. George Lyrene, M.D., is a medical doctor board certified in "Internal Medicine" who has ultimate responsibility regarding oversight of medical treatment. The issues before this Court are regarding deliberate indifference, malpractice and negligence, i.e., "surgery". Plaintiff filed his supplemental discovery request propounded on Dr. Lyrene questioning his methodology. In order that Lyrene's Affidavit can be admissible it will have to meet its challenge under *Rule 702* of the *Federal Rules of Evidence* which provides that "[I]f scientific, technical or other specialized knowledge will assist a trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

---

[2] The Court has on previous orders relied on Dr. George Lyrnee's opinion. Plaintiff moves to discover whether Dr. Lyrene's opinion will be admissible?

In this case, Lyrene's opinion will be challenged under the United States Supreme Court's decision in a seminal case on the matter. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that *Rule 702* imposes on judges a special gate-keeping role, and the Court instructed them to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* @ 589.

Dr. Lyrene has ostensibly placed himself out as an expert regarding surgery for plaintiff's inguinal hernia: his opinion must be tested under *Daubert's* reliability prong wherein, the United States Supreme Court listed four factors that courts should consider when determining whether testimony is reliable. In addition, Dr. Lyrene must be qualified under § 6-5-548(b), Code of Alabama, 1975 to give both an opinion and/or expert testimony regarding "surgery". Therefore, discovery is requested upon Lyrene's skill, experience, training, or education regarding Ventral/Inguinal Hernia Repair.

### HISTORY OF THE CASE

Defendant Dr. George Lyrene, M.D., has submitted his written opinion regarding the treatment rendered to the plaintiff regarding his hernia. First of all, Dr. Lyrene must be qualified to proffer an opinion regarding the "standard of care" pertaining to Hernias. Discovery is pursued and is necessary in this medical care case to develop into further facts, information, documents and knowledge Dr. Lyrene possesses. Plaintiff seeks relevant information regarding his opinion: (i) whether the theory or technique can be

3

tested; (ii) whether it has been subject to peer review; (iii) whether the technique has a known or potential rate of error; and, (iv) whether the theory has attained general acceptance in the relevant community.

### STATEMENT OF THE FACTS

Dr. George Lyrene, the defendant has not responded to plaintiff's supplemental Interrogatories; therefore, he has waived his opportunity to object. See, *Rule 33(b)(1) & Rule 33(b)(4), Federal Rules of Civil Procedures*.

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. ***Hickman v. Taylor***, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel production of requested documents, if the documents are discoverable under *Rule 34(a)*, Fed. R. Civ. P. The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.    Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel a responsive answer to an interrogatory propounded pursuant to *Rule 33*. Further, *Rule 37(a)(3),* Fed. R. Civ. P., states that any "evasive or incomplete answer is to be treated as a failure to answer." Therefore, the main question as to the interrogatories and request for production of documents is why hasn't the defendant responded?  Compel is necessary defendants are, nonetheless, required to disclose what information they do possess at the time they respond. ***Chubb Integrated Systems, Ltd. v. National Bank of Washington***, 103

F.R.D. 52, 60, 224 U.S.P.Q. (BNA) 1002 (D.D.C. 1984). *Shearson Lehman Hutton, Inc., v. Lambros,* 135 F.R.D. @ 199 Lexis 19034 (M.D. Fla. 1990)

The defendant has failed to provide plaintiff and the court any relevant information regarding Dr. Lyrene's **skills, experience, training or, education** regarding Hernias; also, defendant has failed to come forward regarding Dr. George Lyrene's **examinations, diagnosis, treatment**, and basis for his opinion when evidence reflects that Dr. George Lyrene never once examined plaintiff, yet, he opposes the only treatment available; that is surgery.    Plaintiff request that his Supplemental Interrogatories propounded on him [**Court Doc. No. 316**] on or about *December 4, 2007* specifically, **Interrogatories #'s 1 through 25, pg's 1 through 4 be answered. [Attached Exhibit "B"**

On *December 4, 2007* plaintiff filed a Four (4) page document entitled:    14th **"Plaintiff's Supplemental Discovery Request --- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants".** [*Attached*, & **Court Doc. 316**] The Discovery request is directed to defendant Dr. George Lyrene, Medical Director for Alabama Department of Corrections.

[3]On *January 29, 2008* plaintiff wrote counsel for the defendant pointing out that Dr. Lyrene responses are late and that plaintiff was requesting that he respond immediately.

On *January 29, 2008* plaintiff attached the letter with a pleading entitled: "Notice of Filing" to the court. [***Court Doc. N/A***] explaining to counsel that Dr. Lyrene has not

answered the interrogatories. Defendant's counsel has not responded to the plaintiff's

efforts to resolve the dispute. [See, Plaintiff's affidavit at ¶¶ 2-6.]

### POINT NO. 1

### WHETHER DR. GEORGE LYRENE WILL BE QUALIFIED TO GIVE AN OPINION OR, AN EXPERT TESTIMONY REGARDING "SURGERY" RULE 701 & 702

Rule 701. Fed.R.Evid., Opinion Testimony by Lay Witness:

Is Dr. George Lyrene as expert in Hernia Repair? Under Rule 701, Federal Rules of

Evidence, states:

> "If the witness is not testifying as an expert, his testimony in the form of
> opinions or inferences is limited to those opinions or inferences which are
> (a) rationally based on the perception of the witness and (b) helpful to a
> clear understanding of his testimony or the determination of a fact in
> issue."

Lryene opposed surgery, wrote an opinion, and the sole question is will his

opinion regarding "surgery" be admissible?   Discovery is requested.

Rule 702, Fed. R. Evid., LEGAL STANDARDS FOR EXPERT WITNESSES

"[A] witness qualified as an expert by knowledge, skill, experience, training, or

education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702. The

trial judge must determine as an initial matter whether the proffered witness is qualified

to give the expert opinion he seeks to express. Kumho Tire Co. v. Carmichael, 526 U.S.

---

[3] Plaintiff's letter to counsel for Dr. Lyrene that 10-days he requested that counsel correspond with him or,
have Dr. Lyrene answer the discovery request.   Counsel did not request for additional of time, or

137, 156-57, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). In other words, the Court must assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See* Tanner *v. Westbrook,* 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho,* 526 U.S. at 156); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). The judge must pre-screen the expert witness's proffered opinions to ensure that they comply with other requirements of *Rule 702* of the *Federal Rules of Evidence.* Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.,* 526 U.S. at 147; *Daubert,* 509 U.S. at 589; Pipitone *v. Biomatrix, Inc.,* 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 989 (5th Cir. 1997). In other words, the testimony must be reliable and relevant. *Pipitone,* 288 F.3d at 244-45; *Rodriguez v. Riddell Sports, Inc.,* 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner,* 174 F.3d at 547.

The proponent of the expert testimony "must prove by a preponderance of the evidence that the testimony is reliable." *Rodriguez,* 242 F.3d at 581 (citing *Tanner,* 174 F.3d at 547). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under FED. R. EVID. 702." *Munoz v. Orr,* 200 F.3d 291, 301 (5th Cir. 2000), *cert. denied,* 531 U.S.

---

corresponded with plaintiff.

812, 121 S. Ct. 45, 148 L. Ed. 2d 15 (2000) (upholding district court's exclusion of plaintiff's statistical expert in disparate impact case).

## II. ANALYSIS

<u>Dr. George Lyrene's Qualifications:</u>

Discovery is necessary in this case because Lyrene has proffered testimony regarding "surgery".    Fundamentally, Lyrene, under *Daubert,* an expert's "self-proclaimed" reliability is insufficient; the testimony must be supported by "more than subjective belief and unsupported speculation." *Black v. Food Lion, Inc.,* 171 F.3d 308, 311 (5th Cir.1999) citing *Kumho,* 119 S. Ct. at 1179; *Daubert,* 509 U.S. at 590; *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 382 (5th Cir. 1996) (upholding exclusion of expert testimony where the testimony "would consist of unsupported speculation."); *See also* *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 742 (3rd Cir. 1994). Thus, expert evidence that is based solely on the *ipse dixit* of the expert need not be admitted. *General Electric v. Joiner,* 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). Rather, a court may conclude in such cases that there is simply too great an analytical gap between existing data and the opinion proffered. *Id.* That is the case herein. Dr. Lyrene's opinion regarding "when and when not to provide surgery" is unsupported and based largely on speculation and conjecture. However, "[t]he courtroom is not a place for scientific guesswork ...." *Rider v. Sandoz Pharmaceuticals Corp.,* 295 F.3d 1194, 1202 (11th Cir. 2002) citing <u>Rosen v. Ciba-Geigy Corp.,</u> 78 F.3d 316, 319 (7th Cir.1996).

Dr. Lyrene's testimony is challenged as to will it satisfy the first prong of the Daubert test? When engaging in the reliability analysis, courts must be careful to focus on the expert's principles and methodology rather than the scientific conclusions that they generate. _Daubert_, 509 U.S. at 595. [T]he unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express. As the Court observed in **Quiet Technology [DC-8, Inc. v. Hurel-Dubois UK Ltd.**, 326 F.3d 1333, 1340 (11th Cir. 2003)], "while an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. . . . Our case law plainly establishes that one may be considered an expert but still offer unreliable testimony." 326 F.3d at 1341-42. Quite simply, under _Rule 702_, the reliability criterion remains a discrete, independent, and important requirement for admissibility. **United States v. Frazier**, 387 F.3d 1244, 1261 (11th Cir. 2004).

Dr. Lyrene's testimony regarding the standard of care pertaining to "surgery" for a Hernia is not based on principles and methodology; rather, they were conclusions based upon Dr. Lyrene's discredited testimony and his personal experience.

### POINT "A"

At summary judgment Dr. Lyrene's testimony and opinion regarding "surgery" will be challenged under _Rule 702,_ Fed. R. Evid., and _§ 6-5-548_ of the AMLA, Code of Alabama, 1975 as inadmissible because he is not qualified to testify regarding any matter outside his qualifications.  Lyrene has already purported himself out as an expert in

"hernia repair" but, after discovery, the evidence will show that he is not; also, that he has stepped beyond his qualifications leading into a serious injury. Lyrene can only make a referral to a surgeon; he is not medically qualified to give an opinion when and when not to have a hernia repaired.

### III. STANDARD OF REVIEW

*Under Fed. R. Civ. P. 37(a)(2),* the court may compel production of requested documents, if the documents are discoverable under Fed. R. Civ. P. 34(a). The party seeking production must demonstrate that the request is relevant, calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.

### ARGUMENT

The Eleventh Circuit stressed in *McDowell* that when determining the competency of an expert witness in state medical malpractice claims, federal courts first should apply the competency standard under state law. *McDowell*, 392 F.3d @ 1294-95(agreeing with *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002)("state witness competency rules are often intimately intertwined with a state substantive rule. This is especially true with medical malpractice statues, because expert testimony is usually required to establish the standard of care.")

## ISSUE NO. 4.

### DEFENDANT DR. GEORGE LYRENE, M., HAS WAIVED HIS OBJECTIONS BY HIS FAILURE TO RESPOND TIMELY TO THE REQUEST

Plaintiff argues that there is no favoritism regarding the rules of Discovery. Plaintiff also contends that the rules provide that responses and objections to requests for production of documents, interrogatories and admissions are to be served within 30 days of the request unless the court grants a shorter or longer time. _Rules 33, 34, 36_, *Federal Rules of Civil Procedures.* Morethanless, the Court issued its **Discovery Scheduling Order** **[October 18, 2007 Court Doc. 178-1, Order]**

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. ***Davis v. Fendler,*** 650 F. 2d 1154, 1160 (9th Cir. 1981); ***Krewson v. City of Quincy***, 120 F. R. D. 6 (D. Mass. 1988). ***See also In Re United States***, 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g.,* ***Marx v. Kelly, Hart & Hallman,*** *P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); ***Godsey v. United States,*** 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, ***Demary v. Yamaha Motor Corp.,*** 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; ***Krewson v. City of Quincy***, 120 F. R. D. 6, 7 (D. Mass. 1988); ***Cephas v. Busch***, 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. ***Marx v. Kelly, Hart &***

*Halman, P.C.*, 929 F.2d. 8, 12 (1ˢᵗ Cir. 1991*); Fretz v. Keltner*, 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.*, 23 F. R. D. 27, 31 (S.D. ILL. 1958).

### ISSUE NO. 5

### THE RELEVANCY STANDARD/ TRIAR OF FACT

Dr. Lyrene, on the other hand, never saw plaintiff, never treated or evaluated him and merely relied on his (apparently mistaken) nurse practitioner defendant Bradford Adams and/or understanding of conversations he had with other defendants.   While the undersigned is well aware that in *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003), the Supreme Court explicitly rejected a treating physician rule, nothing in *Nord* provides support for a plan administrator "arbitrarily refus[ing] to credit a claimant's reliable evidence, including the opinions of a treating physician." *Shaw v. Connecticut General Life Ins. Co.*, 353 F.3d 1276, 1287 (11th Cir. 2003) (quoting *Nord*, 538 U.S. at 834). Thus, where, as here, a treating physician has consistently and repeatedly espoused a view and supported it with medical findings, the Court may reject it based solely on the unsupported and unreliable opinion of a reviewing physician.

Lyrene is not a surgeon.  Dr. Hobbs is not a surgeon.  Dr. Robbins is not a surgeon. Are they qualified to give an opinion regarding when, and when not, to provide surgery before plaintiff's hernia is incarcerated, or into the scrotum?  "Prisons must provide

prisoners with access to a competent medical staff." *Toussant v. McCarthy*, 801 F.2d 1080, 1112 (9th Cir. 1986*); MedCalf v. State of Kansas*, 626 F. Supp. 1179, 1186 (D.Kan. 1986); *Gaubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M.D. Tenn. 1982). In this case, plaintiff will demonstrate that he has not been examined by a qualified physician who can make the determination whether plaintiff needs surgery, before, the incarcerated, strangulated hernia: Defendant's protocol. Only a surgeon can make that determination, and Dr. Lyrene is far from a surgeon.

An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

The law is established and that the Eighth Amendment duty applies to medical conditions that may result in pain and suffering which serve no legitimate penological purpose. *Estelle*, 429 U.S. @ 103, 97 S.Ct. @ 290. See also, *McGuckin*, 974 F. 2d @ 1059. ([D] elay in performing surgery resulted in needless infliction of pain); *Wood v. Housewright*, 900 F. 2d 1332 (9th Cir. 1990)(with two judges holding prisoner had stated an Eighth Amendment claim for pain inflicted by delay in treating injury, but dismissing the claim on other grounds); *Hunt*, 865 F. 2d 198 (delay in providing prisoner with replacement dentures; *Jones*, 781 F. 2d @ 771-72 (hernia which results in pain, suffering, and the inability to perform a prison job is a serious medical need which prison doctors

13

may not ignore); *Fields v. Gander*, 734 F. 2d 1313 (8th Cir. 1984)(inmate suffering severe pain from infected tooth).

Dr. George Lyrene based on his opinion and Affidavit, his involvement in this case has left plaintiff in pain. Discovery regarding Dr. Lyrene and his qualifications to give an opinion regarding "surgery" is the crux of this case. Dr. George Lyrene has stated to the Court that he relied on the nurse practitioner's recommendation. Because the defendant has not responded, the **burden is on him to demonstrate why discovery is not practicable**. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M. D. Tenn. 1982)(court finds that provision of medical care by persons beyond the level of their training and experience constitutes deliberate indifference); *Mandel v. Doe*, 888 F. 2d 783, 789-90 (11th Cir. 1989); *Hoptowit v Ray*, 682 F. 2d 1237, 1252-53 (9th Cir. 1982)(certain staff performing functions that they are neither trained or licensed to perform). Hernias are painful; plaintiff has been left without treatment, because the only treatment is surgery Dr. George Lyrene should have known as a doctor that there is no treatment for a hernia, the treatment is surgery: is discoverable, relevant and admissible. The party resisting production bears the responsibility of establishing undue burden. An objection must show **specifically** how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence, which reveals the nature of the burden. The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery

14

request. A mere showing of burden and expense is not enough.  The Record is silent

concerning defendant Dr. George Lyrene in his individual capacity.

## POINT NO. 6.

## CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF

The particular request for production of documents is relevant and takes the case

"beyond the pleadings" and the documents are not cumulative, duplicative in nature

because they are not in the record nor have been produced. Plaintiff submits an example

from an *excerpt* of his Interrogatories upon Dr. George Lyrene and proffers that the

Interrogatories are relevant:    **[See, Attached Discovery Request Page # 1 - 4.:**

**Interrogatories on Dr. George Lyrene, Court Doc. N/A]**

**EXCERPT DISCOVERY REQUEST Dr. George Lyrene:**
    **Interrogatories.**

   ¶ 1. Please state whether or not your license to
        practice medicine is on file with the Montgomery
        County Clerk of Montgomery County, State of
        Alabama.   If not, please state the County in
        Alabama where your licenses is filed.

   ¶ 2. In order that you testimony will be admissible,
        please describe your educational and training
        background regarding Ventral Hernia Repair to
        qualify you for the practice of medicine in this
        specific area.

   ¶ 3. Please also state the professional societies to
        which you belong.

   ¶ 4. Do you specialize in any particular branch of
        medicine?

¶ 5. If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6. Are you board certified?

   a.   If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7. At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8. If so, what were those complaints?

¶ 9. Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11. Did you recommend surgery?

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.   If your answer to Question No. 13 is in the affirmative, please describe this condition.   If no, also explain your medical findings.

¶ 15.   Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.   Please state an opinion to your answer to Question No. 15.

¶ 17.   Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia

has progressed, worsen and caused more pain
independently due to the lack of surgically
intervention, the condition which you found and
refused to have his hernia repaired. Please
state an opinion.

¶ 18.    Based on your examination are you able to
form an opinion, based on reasonable medical
probabilities, as to whether or not Mr. Breach's
hernia as to the date of your last examination he
is capable of exercising, lifting heavy objects,
long standing, not experiencing pain while
urinating n or bowel movements.

¶ 19.    If so, please state that opinion and the
reasons therefore.

¶ 20.    Did you agree with your employer upon
employment that you would comply with any
standard of treatment with either PHS or ADOC
regarding hernias?  If yes, please explain in
details.

¶ 21.    Please give your opinion when Mr. Breach is
still continuing to experience pain or discomfort
and the pain is not relieved by your medications
and the truss is not preventing the hernia from
worsening what medical probability can arise and
what is your recommendation?

### POINT N0. 7

### NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE

Dr. Lyrene is not a surgeon, and he is challenged as to surgically

recommendations because he has stepped outside his qualifications. He is not Board

Certified with the American Board of Surgery. It is medically known that surgery is the

only cure for a hernia. The kind of information sought is highly relevant.  Whether

quasi-policymakers have been deliberate indifferent in their supervision of subordinates

the court must explore the supervisors' conduct in this case: -- as in *Karr,* 875 F.2d @ 1556

(jury could find that failure to take corrective action after plainly unconstitutional use of police dogs constituted deliberate indifference).  In this case, Dr. Lyrene has given an opinion regarding surgery.  Discovery into this important area is relevant because it is regarding the treatment proscribed by the defendants See also, ***Ancata v. Prison Health Services, Inc.,*** 769 F. 2d 700, 795 (11th Cir. 1985).

While it is true that courts hesitate to find an eighth amendment violation when a prison inmate has received medical café. ***Hamm v. DeKalb County,*** 774 F. 2d 1567, 1575 (11th Cir. 1985), cert. Denied. 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed. 2d 894 (1986), that "[h]esitation does not mean . . .  that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs."  ***Waldrop,*** 871 F.2d @ 1035; see also, ***Murrell v. Bennett,*** 615 F.2d 306, 310 n.4 (5th Cir. 1980)(treatment may violate eighth amendment if it involves "something more than a medical judgment call, an accident, or an inadvertent failure").  The holding decision regarding _Rule 706,_ Fed. R. Evid., and a prisoner needing the appointment of an expert witness in a deliberate indifferent case is ***Smith v. Jenkins,*** 919 F.2d 90 (8th Cir. 1990) the Court ruled that "Thus, the district court erred as a matter of law in ruling that mere proof of medical care by a doctor consisting of diagnosis only sufficed to disprove deliberate indifference.  _Smith_ is entitled to prove his case by establishing that Dr. Oglesby's <u>course of treatment,</u> or <u>lack thereof,</u> <u>so deviated form professional standards</u> that it <u>amounted to deliberate indifference</u> in

18

violation of his eighth amendment right to be free from cruel and unusual punishment."
Id. @ 93. The Court further stated: "We are particularly troubled by the <u>absence of</u>
<u>*Smith's* medical records</u> from the court record. We believe a review of the medical
records is required before a determination against Smith is made in this case." Id. @ 93
n.3

Case law has given substance to *Estelle 's* distinction between "deliberate
indifference" and not mere negligence, explicating categories of action or inaction that
may constitute deliberate indifference. Court's have repeatedly found that "an official
acts with deliberate indifference when he or she knows that an inmate is in serious need
of medical care, but he fails or refuses to obtain medical treatment for the inmate."
*Lancaster v. Monroe County, Ala.,* 116 F. 3d 1419, 1425 (11th Cir. 1997); *Mandel v.
Doe,* 888 F. 2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical
care and intentional refusal to provide that care constitute deliberate indifference"). Even
where medical care is ultimately provided, a prison official may nonetheless act with
deliberate indifference by delaying the treatment of serious medical needs, even for a
period of hours, though the reason for the delay and the nature of the medical need is
relevant in determining what type of delay is constitutionally intolerable. *See Harris* **v.**
*Coweta County,* 21 F. 3d 388, 393-94 (11th Cir. 1994); *Brown v. Hughes,* 894 F. 2d 1533,
1537-39 (11th Cir. 1990). The Eleventh Circuit has held also held that deliberate
indifference may be established by a showing of <u>grossly inadequate care as well as by a</u>

decision to take an easier but less efficacious course of treatment. *See* Steele *v. Shah*, 87 F. 3d 1266, 1269-70 (11th Cir. 1996); *Waldrop v. Evans*, 871 F. 2d 1030, 1035 (11th Cir. 1989). "[W]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel*, 888 F. 2d at 789.

### POINT NO. 8/ BURDENSOME

Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan*, 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC** *v. Quad/Graphics, Inc.*, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* Twin *City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

## RELIEF REQUESTED

a.    That the Court grant this motion to compel Dr. George Lyrene to answer plaintiff's interrogatories.

b.    That this Court administers and enforces justice as to what this Court deems fair and appropriate.

Respectfully Submitted,

Done this //Day February 2008.

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 14th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brokwood Place, 7thg Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach

COUNTY OF LIMESTONE )

STATE OF ALABAMA        )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **Marcellus Breach, AIS #160710**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel and Request for Sanctions against the correctional defendants for their failure to obey this Court's order entered on **October 18, 2007 Court Doc. 178-1, Order Court's Discovery Scheduling Order.**

On *December 4, 2007* I served on the defendant's counsel a document: **14th "Plaintiff's Supplemental Discovery Request -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants"** which is attached to this affidavit as **Exhibit 1.**

Defendant Dr. George Lyrene did not respond to this discovery request after 30 days by order of the court and rules of discovery, nor did they request an adjournment from the court or seek my agreement to an adjournment.

On *January 29, 2008* I wrote to the defendant's counsel pointing out that their responses were late and requesting that

they respond immediately.  A copy of my letters is attached as **Exhibit "A","B"**.

On *January 29, 2008* plaintiff attached his letter with a pleading entitled: "Notice of Filing" to the court. [***Court Doc. N/A***] explaining to counsel that Dr. Lyrene has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that Dr. Lyrene has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof.  Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute.

Defendants' counsel did not respond to my letters.  I have written counsel numerous of times, and I have filed my notice of intent with the Court. Copies of my letters are attached. Defendant's objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

***WHEREFORE,*** the plaintiff request that the court grant this motion in all respects under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746     This 11th Day February 2008.

Marcellus Breach

# EXHIBITS "A" & "B"

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

     Defendants.

     \*

     \*

     \*     CASE NO: 2:06-cv-1133-MEF

     \*

     \*

### *NOTICE OF FILING*

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), Fed. R. Civ. P.*, and compliance with this Court's order. Plaintiff states as follows:

1.     Plaintiff has attached his letter to Counsel for ADOC regarding discovery requests that have not been answered Defendant George Lyrene.

**WHEREFORE**, plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 29th Day January 2008.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

1

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY**, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259

®
Marcellus Breach

2

**Excerpt Discovery Request "Plaintiff's Supplemental Discovery Request upon Dr. George Lyrene, M.D., 12-4-0[7]**

## *MARCELLUS BREACH, 160710*

Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*January 29, 2008*

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:  *2:06-cv-1133-MEF*    *Letter of Intent/ Discovery Request*

Dear Counsel:

My records reflect that I have not received defendant George Lyrene's response to discovery request served on December 5, 2007.  Also, my records reflect that you have not requested additional time.  I hope that ten (10) days from receipt of this letter is enough time to either answer, or correspond with me.  If I do not hear from you before within the ten (10) days I will request the Court take appropriate action.  Discovery request uis governing his opinion and is relevant.

The deficient areas are Lyrene has not answered.  I have done what is required I hope that we can work this dispute out. Out of courtesy, I have attached an excerpt to Discovery request for your convenience.

I thank you for your time and attention; I look forward to hearing from you.

Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

1

**Excerpt Discovery Request "Plaintiff's Supplemental Discovery Request upon Dr. George Lyrene, M.D., 12-4-0[7]**

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _Marcellus Breach_ (signature)

Marcellus Breach


Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259


ATTACHMENTS:
EXCEPTS DISCOVERY REQUEST DR. George Lyrene, M.D.,


### *PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

**TO:    DEFENDANT DR. GEORGE LYRENE, M.D., MEDICAL DIRECTOR**

***COMES NOW***, the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. George Lyrene, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these ***Interrogatories.***

¶ 1.    Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama.  If not, please state the County in Alabama where your licenses is filed.

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

2

**Excerpt Discovery Request "Plaintiff's Supplemental Discovery Request upon Dr. George Lyrene, M.D., 12-4-0[7]**

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.   Did you recommend surgery?

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.   If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.   Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.   Please state an opinion to your answer to Question No. 15.

¶ 17.   Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.  Please state an opinion.

¶ 18.   Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr.

3

**Excerpt Discovery Request "Plaintiff's Supplemental Discovery Request upon Dr. George Lyrene, M.D., 12-4-0[7**]

Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.   If so, please state that opinion and the reasons therefore.

¶ 20.   Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.

¶ 21.   Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4th Day December 2006.

4

# EXHIBIT "B"

**SUPPLEMENTAL 12-4-06**

## IN THE DISTRICT COURT OF THE UNITED STATES *14TH
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

|  |  |
|---|---|
| * | |
| * | |
| * | CASE NO: 2:06-cv-1133-MEF |
| * | |
| * | |

### *PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

**TO:    DEFENDANT DR. GEORGE LYRENE, M.D., MEDICAL DIRECTOR**

*COMES NOW,* the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. George Lyrene, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these *Interrogatories.*

¶ 1.    Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama. If not, please state the County in Alabama where your licenses is filed.

1

**SUPPLEMENTAL 12-4-06**

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

     a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

**SUPPLEMENTAL 12-4-06**

¶ 14. If your answer to Question No. 13 is in the affirmative, please describe this condition. If no, also explain your medical findings.

¶ 15. Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16. Please state an opinion to your answer to Question No. 15.

¶ 17. Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired. Please state an opinion.

¶ 18. Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19. If so, please state that opinion and the reasons therefore.

¶ 20. Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.

¶ 21.   Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4th Day December 2006.

® _____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5th Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

4