## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2008 FEB 13  A 10: 53

DEBRA P. HACKE *. . ⟨
U.S. DISTRICT ⟨⟨⟨
MIDDLE DISTRICT A⟨A

MARCELLUS BREACH, #160710

            Plaintiff,

                                              *

Vs.                                                    CASE NO: 2:06-cv-1133-MEF

                                              *

PRISON HEALTH SERVICES, INC., et. al.,

                                              *

            Defendants.

### MOTION TO COMPEL RESPONSIVE ANSWERS TO DISCOVERY REQUEST
### PURSUANT TO RULE 37(a)(2)), 37(b)(2))

[1]*COMES NOW*, the plaintiff *Marcellus Breach* (hereinafter "Breach") in proper

person "Pro Se," moves this Court to compel defendant *Dr. William D. Hobbs, M.D.*,

**[Court Doc. No. N/A/, attached]** Medical Director for *Prison Health Services, Inc., "PHS"*

and current *Correctional Medical Services, "CMS"* at Kilby Correctional Facility to perform

the following acts: *Rule 702* and *701, Federal Rules of Evidence.*

1.      Under *Rule 37(a)(2):*

        (a)      To compel defendants to answer plaintiff's interrogatories in their entirety
        within a proscribed time ordered by the Court;

2.      Under *Rule 37(b)(2):*

        (a)      To preclude defendant from asserting any objections to plaintiff's
        interrogatories;

---

[1] **Court Doc. # 316**, is a four (4)-page discovery request propounded upon Hobbs regarding his opinion,
which will be challenged, is discoverable.

(b) To treat as contempt of court of defendant Dr. Michael Hobbs, failure to answer plaintiff's interrogatories by set date by the Court.

(c) To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d) To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e) To enter a judgment by default on the issues of liability in favor of plaintiff and against defendant under Court I, II, III, IV, V, and VI of plaintiff's complaint; and

### RELEVANCY ---HERNIA SURGERY

### DR. MICHAEL E. ROBBINS'S
### SCIENTIFIC METHODOLOGY² and, ASSISTING THE TRIER OF FACT, IPSE DIXIT

Dr. Michael Robbins's training and experience must include surgery. Furthermore, Dr. Hobbs has offered nothing more than ipse dixit opinions in this case and it is in the Record. Nevertheless, Dr. Hobbs, M.D., is a medical doctor board certified in "Internal Medicine" who has ultimate responsibility regarding oversight of medical treatment. The issues before this Court are regarding deliberate indifference, malpractice and negligence, i.e., "surgery". Plaintiff filed his supplemental discovery request propounded on Dr. Hobbs, questioning his methodology. Before, Robbins's *opinions* can be admissible they will have to meet their challenge under *Rule 702* of the *Federal Rules of Evidence* which provides that "[I]f scientific, technical or other specialized knowledge will assist a trier of fact to understand the evidence or to determine a fact in issue, a witness

qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

In this case, Hobbs's opinions will be challenged under the United States Supreme Court's decision in a seminal case on the matter. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that _Rule 702_ imposes on judges a special gate-keeping role, and the Court instructed them to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* @ 589.

Dr. Hobbs has ostensibly placed himself out as an expert regarding surgery for plaintiff's inguinal hernia. Hobbs attempts to disagree with a surgeon in this case regarding surgery, when Hobbs, based upon his disagreements is not qualified, nor trained to disagree with a surgeon. Hobbs is not similarly situated nor trained or schooled in the practice of surgery -- he is incompetent to give an opinion regarding Ventral Hernias and the standard of care regarding hernias and the dispute question for a jury to decide is: "When and when not to have plaintiff's hernia repaired"? Hobbs is not a surgeon; his opinion must be tested under *Daubert's* reliability prong wherein, the United States Supreme Court listed four factors that courts should consider when determining whether testimony is reliable. In addition, Dr. Hobbs must be qualified

---

[2] The Court has on previous orders relied on Dr. George Lyrnee's opinion. Plaintiff moves to discover whether Dr. Hobbs's opinion will be admissible?

under Federal and State law, *Rule 701* or *702,* Fed. R. Evid., and § 6-5-548(b)(1), Code of Alabama, 1975 to proffer an opinion and/or expert testimony regarding "surgery".

Therefore, discovery is requested upon Robbins's skill, experience, training, or education regarding Ventral/Inguinal Hernia Repair.

### HISTORY OF THE CASE

Defendant Dr. William D. Hobbs has submitted his written opinion regarding the treatment rendered to the plaintiff regarding his hernia. First of all, Dr. Hobbs must be qualified to proffer an opinion regarding the "standard of care" pertaining to Hernias. Discovery is pursued and is necessary in this medical care case to develop into further facts, information, documents and knowledge Dr. Hobbs possesses. Plaintiff seeks relevant information regarding his opinion: (i) whether the theory or technique can be tested; (ii) whether it has been subject to peer review; (iii) whether the technique has a known or potential rate of error; and, (iv) whether the theory has attained general acceptance in the relevant community.

### STATEMENT OF THE FACTS

Dr. Hobbs, the defendant has not responded to plaintiff's supplemental Interrogatories; therefore, he has waived his opportunity to object. See, *Rule 33(b)(1) & Rule 33(b)(4), Federal Rules of Civil Procedures*.

The defendant has failed to provide plaintiff and the court any relevant information regarding Dr. Hobbs's **skills, experience, training or, education** regarding

4

Hernias; also, defendant has failed to come forward regarding Hobbs's **examinations, diagnosis, treatment**, and basis for his opinion. Hobbs opposes surgery, but the question is, is Hobbs qualified?

Plaintiff request that his Supplemental Interrogatories propounded on him **[Court Doc. No. N/A as attached]** on or about _December 4, 2007_ specifically, **Interrogatories #'s 1 through 21, pg's 1 through 4 be answered. [Attached Exhibit "B" ]**

On _December 4, 2007_ plaintiff filed a Four (4) page document entitled: **14th "Plaintiff's Supplemental Discovery Request --- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants".** [*Attached* ]

[3]On _January 29, 2008_ plaintiff wrote counsel for the defendant pointing out that Dr. Hobbs's response is late and that plaintiff was requesting that he respond immediately.

On _January 29, 2008_ plaintiff attached the letter with a pleading entitled: "Notice of Filing" to the court. [*Court Doc. N/A*] explaining to counsel that Dr. Hobbs has not answered the interrogatories. Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute. **[See, Plaintiff's affidavit at ¶¶ 2-6.]**

---

[3] Plaintiff's letter to counsel for Dr. Hobbs that 10-days he requested that counsel correspond with him or, have Dr. Hobbs answer the discovery request.    Counsel did not request for additional of time, or corresponded with plaintiff.

## *ISSUE NO. 1*

## *WHETHER DR. WILLIAM D. HOBBS, WILL BE QUALIFIED TO GIVE AN OPINION OR, AN EXPERT TESTIMONY REGARDING "SURGERY" RULE 701 & 702*

### *Rule 701. Fed.R.Evid., Opinion Testimony by Lay Witness:*

Is Dr. Michael Hobbs, as expert in Hernia Repair?  Under *Rule 701*, Federal Rules

of Evidence, states:

> "If the witness is not testifying as an expert, his testimony in the form of
> opinions or inferences is limited to those opinions or inferences which are
> (a) rationally based on the perception of the witness and (b) helpful to a
> clear understanding of his testimony or the determination of a fact in
> issue."

Hobbs both opposed surgery, wrote an opinion, attempts to disagree with a Board

Certified Surgeon, and the sole question is will his opinion regarding "surgery" be

admissible?   Discovery is requested.

### *Rule 702, Fed. R. Evid.,  Legal Standards For Expert Witnesses:*

"[A] witness qualified as an expert by knowledge, skill, experience, training, or

education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702. The

trial judge must determine as an initial matter whether the proffered witness is qualified

to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S.

137, 156-57, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). In other words, the Court must

assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist

the jurors in deciding the particular issues in this case." *See Tanner v. Westbrook*, 174

6

F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 156); ***Daubert v. Merrell Dow***
***Pharmaceuticals, Inc.,*** 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) ("[T]he
trial judge must ensure that any and all scientific testimony or evidence admitted is not
only relevant, but reliable."). The judge must pre-screen the expert witness's proffered
opinions to ensure that they comply with other requirements of *Rule 702* of the *Federal*
*Rules of Evidence*. Expert testimony is admissible only (1) if it qualifies as scientific,
technical or other specialized knowledge and (2) if it will assist the trier of fact to
understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at
147; ***Daubert,*** 509 U.S. at 589; Pipitone *v. **Biomatrix, Inc**.,* 288 F.3d 239, 243-44 (5th Cir.
2002); ***Watkins v. Telsmith, Inc.***, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the
testimony must be reliable and relevant. ***Pipitone,*** 288 F.3d at 244-45; ***Rodriguez v.***
***Riddell Sports, Inc.,*** 242 F.3d 567, 580-81 (5th Cir. 2001); ***Tanner,*** 174 F.3d at 547.

The proponent of the expert testimony "must prove by a preponderance of the
evidence that the testimony is reliable." ***Rodriguez,*** 242 F.3d at 581 (citing *Tanner,* 174 F.3d
at 547). "Both the determination of reliability itself and the factors taken into account are
left to the discretion of the district court consistent with its gatekeeping function under
FED. R. EVID. 702." ***Munoz v. Orr,*** 200 F.3d 291, 301 (5th Cir. 2000), *cert. denied,* 531 U.S.
812, 121 S. Ct. 45, 148 L. Ed. 2d 15 (2000) (upholding district court's exclusion of plaintiff's
statistical expert in disparate impact case).

## II. ANALYSIS

### Dr. Michael Robbins's Qualifications:

Discovery is necessary in this case because Hobbs has proffered testimony regarding "surgery". Fundamentally, Hobbs, under *Daubert,* an expert's "self-proclaimed" reliability is insufficient; the testimony must be supported by "more than subjective belief and unsupported speculation." **Black v. Food Lion, Inc.,** 171 F.3d 308, 311 (5th Cir.1999) citing **Kumho,** 119 S. Ct. at 1179; **Daubert**, 509 U.S. at 590; **Barrett v. Atlantic Richfield Co.,** 95 F.3d 375, 382 (5th Cir. 1996) (upholding exclusion of expert testimony where the testimony "would consist of unsupported speculation."); *See also* **In re Paoli R.R. Yard PCB Litigation,** 35 F.3d 717, 742 (3rd Cir. 1994). Thus, expert evidence that is based solely on the *ipse dixit* of the expert need not be admitted. *General Electric v. Joiner,* 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). Rather, a court may conclude in such cases that there is simply too great an analytical gap between existing data and the opinion proffered. *Id.* That is the case herein. Dr. Hobbs's opinion regarding "when and when not to provide surgery" is unsupported and based largely on speculation and conjecture. However, "[t]he courtroom is not a place for scientific guesswork ...." **Rider v. Sandoz Pharmaceuticals Corp.,** 295 F.3d 1194, 1202 (11th Cir. 2002) citing *Rosen v. Ciba-Geigy Corp.,* 78 F.3d 316, 319 (7th Cir.1996).

Dr. Hobbs's testimony is challenged as to will it satisfy the first prong of the *Daubert* test? When engaging in the reliability analysis, courts must be careful to focus on

the expert's principles and methodology rather than the scientific conclusions that they generate. _Daubert_, 509 U.S. at 595. [T]he unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express. As the Court observed in **Quiet Technology [DC-8, Inc. v. Hurel-Dubois UK Ltd.**, 326 F.3d 1333, 1340 (11th Cir. 2003)], "while an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. . . . Our case law plainly establishes that one may be considered an expert but still offer unreliable testimony." 326 F.3d at 1341-42. Quite simply, under _Rule 702_, the reliability criterion remains a discrete, independent, and important requirement for admissibility. **United States v. Frazier**, 387 F.3d 1244, 1261 (11th Cir. 2004).

Dr. Hobbs's testimony regarding the standard of care pertaining to "surgery" for a Hernia is not based on principles and methodology; rather, they were conclusions based upon Dr. Hobbs's discredited testimony and his personal experience.

### POINT "A"

At summary judgment Dr. Hobbs's testimony and opinion regarding "surgery" will be challenged under _Rule 701 & 702,_ Fed. R. Evid., and _§ 6-5-548_ of the AMLA, Code of Alabama, 1975 as inadmissible because he is not qualified to testify regarding any matter outside his qualifications. Hobbs, has already purported himself out as an expert in "hernia repair" by making opinions; but, after discovery, the evidence will show that he is not qualified, and he is incompetent regarding the area of surgery.  Furthermore,

Hobbs has stepped beyond his qualifications leading into a serious injury. Hobbs can only make a referral to a surgeon; he is not medically qualified to give an opinion regarding hernia surgery as to when and when not to have a hernia repaired.

## ARGUMENT

The Eleventh Circuit stressed in *McDowell* that when determining the competency of an expert witness in state medical malpractice claims, federal courts first should apply the competency standard under state law. *McDowe*ll, 392 F.3d @ 1294-95(agreeing with *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002)("state witness competency rules are often intimately intertwined with a state substantive rule. This is especially true with medical malpractice statues, because expert testimony is usually required to establish the standard of care.")

## ISSUE NO. 4.

### DEFENDANT DR. MICHAEL ROBBINS, HAS WAIVED HIS OBJECTIONS BY HIS FAILURE TO RESPOND TIMELY TO THE REQUEST

Plaintiff argues that there is no favoritism regarding the rules of Discovery. Plaintiff also contends that the rules provide that responses and objections to requests for production of documents, interrogatories and admissions are to be served within 30 days of the request unless the court grants a shorter or longer time. *Rules 33, 34, 36*, Federal *Rules of Civil Procedures.* Morethanless, the Court issued its **Discovery Scheduling Order [October 18, 2007 Court Doc. 178-1, Order]**

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. *Davis v. Fendler,* 650 F. 2d 1154, 1160 (9th Cir. 1981); *Krewson v. City of Quincy,* 120 F. R. D. 6 (D. Mass. 1988). *See also In Re United States,* 864 F. 2d 1153, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections are waived). *See, e.g.,* *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy,* 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch,* 47 F. R. D. 425 (W. D. 1963).  This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991*); Fretz v. Keltner,* 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.,* 23 F. R. D. 27, 31 (S.D. ILL. 1958).

## ISSUE NO. 5

### THE RELEVANCY STANDARD/ TRIER OF FACT

Dr. Hobbs on the other hand, as the treating physician, relies on ADOC's protocol and has quoted the protocol by stating that if plaintiff met the protocol he would have surgery; but, Hobbs is incompetent to give an opinion regarding when and when not to

have his hernia repaired before the AODC life or death protocol because he is not qualified. This court is not bound to the decisions or opinions of prison doctors. Thus, where, as here, a treating physician has consistently and repeatedly espoused a view and supported it with medical findings, the Court may reject it based solely on the unsupported and unreliable opinion of a reviewing physician.

Lyrene is not a surgeon. Dr. Robbins is not a surgeon. Dr. Hobbs is definitely not qualified as a surgeon. Are these prison doctors qualified to give an opinion medically, pertaining to surgery *i.e.,* when, and when not, to provide surgery before plaintiff's hernia is incarcerated, or into the scrotum? The rule of law is, "Prisons must provide prisoners with access to a competent medical staff." ***Toussant v. McCarthy***, 801 F.2d 1080, 1112 (9th Cir. 1986*); MedCalf v. State of Kansas*, 626 F. Supp. 1179, 1186 (D.Kan. 1986); ***Gaubbs v. Bradley***, 552 F. Supp. 1052, 1129 (M.D. Tenn. 1982). In this case, plaintiff will demonstrate that he has not been examined by a qualified physician who can make the determination whether plaintiff needs surgery, before, the incarcerated, strangulated hernia: Defendant's protocol. Only a surgeon can make that determination, and Dr. Hobbs, is far from a surgeon.

An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

Dr. Michael Hobbs based on his opinion and Affidavit: his involvement in this case has left plaintiff in pain. Discovery regarding Dr. Hobbs and his qualifications to give an opinion regarding "surgery" is the crux of this case. Dr. Hobbs has disagreed with a 27-year veteran Board Certified Surgeon regarding surgery -- because the defendant has not responded, the **burden is on him to demonstrate why discovery is not practicable**. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M. D. Tenn. 1982)(court finds that provision of medical care by persons beyond the level of their training and experience constitutes deliberate indifference); *Mandel v. Doe*, 888 F. 2d 783, 789-90 (11th Cir. 1989); *Hoptowit v Ray*, 682 F. 2d 1237, 1252-53 (9th Cir. 1982)(certain staff performing functions that they are neither trained or licensed to perform).

The party resisting production bears the responsibility of establishing undue burden. An objection must show **specifically** how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence, which reveals the nature of the burden. The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. A mere showing of burden and expense is not enough. The Record is silent concerning defendant Dr. Michael Hobbs, in his individual capacity.

## POINT NO 6.

## *CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF*

The particular request for production of documents is relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Plaintiff submits an *excerpt* of his Interrogatories upon Dr. William D. Hobbs and proffers that the Interrogatories are relevant: **[See, Attached Discovery Request Page # 1 - 4.: Interrogatories on Dr. Michael Robbins, Court Doc. N/A]**

*EXCERPT DISCOVERY REQUEST Dr. William D. Hobbs, M.D.:*

*Interrogatories.*

¶ 1.  Please state whether or not your license to practice medicine is on file with the Limestone County Clerk of Limestone County, State of Alabama. If not, please state the County in Alabama where your licenses is filed.

¶ 2.  In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.  Please also state the professional societies to which you belong.

¶ 4.  Do you specialize in any particular branch of medicine?

¶ 5.  If you have answered the above question in the affirmative, please state what your specialty is.

14

¶ 6.    Are you board certified?

a.      If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.   Did you recommend surgery?

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.   If your answer to Question No. 13 is in the affirmative, please describe this condition. If no, also explain your medical findings.

¶ 15.   Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.   Please state an opinion to your answer to Question No. 15.

¶ 17.   Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to

the lack of surgically intervention, the condition which you found and refused to have his hernia repaired. Please state an opinion.

¶ 18.  Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.  If so, please state that opinion and the reasons therefore.

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.

¶ 21.  Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

## POINT NO. 7

### NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE

Whether quasi-policymakers have been deliberate indifferent in their supervision of subordinates the court must explore the supervisors' conduct in this case: -- as in *Karr,* 875 F.2d @ 1556 (jury could find that failure to take corrective action after plainly unconstitutional use of police dogs constituted deliberate indifference). In this case, Dr. Hobbs has given an opinion regarding surgery. Discovery into this important area is relevant because it is regarding the treatment proscribed by the defendants See also, *Ancata v. Prison Health Services, Inc.,* 769 F. 2d 700, 795 (11th Cir. 1985).

16

While it is true that courts hesitate to find an eighth amendment violation when a prison inmate has received medical café. *Hamm v. DeKalb County,* 774 F. 2d 1567, 1575 (11th Cir. 1985), cert. Denied. 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed. 2d 894 (1986), that "[h]esitation does not mean . . . that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs." *Waldrop,* 871 F.2d @ 1035; see also, *Murrell v. Bennett,* 615 F.2d 306, 310 n.4 (5th Cir. 1980)(treatment may violate eighth amendment if it involves "something more than a medical judgment call, an accident, or an inadvertent failure"). Case law has given substance to <u>*Estelle* 's</u> distinction between "deliberate indifference" and not mere negligence, explicating categories of action or inaction that may constitute deliberate indifference. Court's have repeatedly found that "an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Lancaster v. Monroe County, Ala.,* 116 F. 3d 1419, 1425 (11th Cir. 1997); *Mandel v. Doe,* 888 F. 2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable. *See Harris* **v.**

17

*Coweta County,* 21 F. 3d 388, 393-94 (11th Cir. 1994); *Brown v. Hughes,* 894 F. 2d 1533, 1537-39 (11th Cir. 1990). The Eleventh Circuit has held also held that deliberate indifference may be established by a showing of <u>grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment</u>. *See* Steele *v. Shah,* 87 F. 3d 1266, 1269-70 (11th Cir. 1996); *Waldrop v. Evans,* 871 F. 2d 1030, 1035 (11th Cir. 1989). "[W]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel,* 888 F. 2d at 789.

### POINT NO. 8 / BURDENSOME

Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan,* 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* Twin *City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v.*

*Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case, Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

### RELIEF REQUESTED

a.   That the Court grant this motion to compel Dr. Michael Hobbs to answer plaintiff's interrogatories.

b.   That this Court administers and enforces justice as to what this Court deems fair and appropriate.

Respectfully Submitted,

Done this\_\_Day February 2008.

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 14th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

19

2.03 PD

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA    35749



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101

.

**Starnes & Atchison, LLP**
**100 Brokwood Place, 7thg Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®  _[signature]_

Marcellus Breach

COUNTY OF LIMESTONE )

STATE OF ALABAMA          )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **_Marcellus Breach, AIS #160710_**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel and Request for Sanctions against the correctional defendants for their failure to obey this Court's order entered on **_October 18, 2007 Court Doc. 178-1, Order Court's Discovery Scheduling Order._**

On _December 4, 2007_ I served on the defendant's counsel a document: **14th "Plaintiff's Supplemental Discovery Request -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants" which is attached to this affidavit as Exhibit 1.**

Defendant Dr. William D. Hobbs did not respond to this discovery request after 30 days by order of the court and rules of discovery, nor did they request an adjournment from the court or seek my agreement to an adjournment.

On *January 29, 2008* I wrote to the defendant's counsel pointing out that their responses were late and requesting that they respond immediately.  A copy of my letters is attached as **Exhibit "A", "B"**.

On *January 29, 2008* plaintiff attached his letter with a pleading entitled: "Notice of Filing" to the court. [*Court Doc. N/A*] explaining to counsel that Dr. Hobbs has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that there are too many missing documents and that Dr. Hobbs has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof. Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute.

Defendants' counsel did not respond to my letters.  I have written counsel numerous of times, and I have filed my notice of intent with the Court. Copies of my letters are attached. Defendant's objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

**WHEREFORE,** the plaintiff request that the court grant this motion in all respects under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746      This 11th Day February 2008.

_____
Marcellus Breach

# EXHIBITS "A" & "B"

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710 | * |
| | * |
| Plaintiff, | * |
| | *    CASE NO: 2:06-cv-1133-MEF |
| Vs. | * |
| | * |
| PRISON HEALTH SERVICES, INC., et al., | * |
| | * |
| Defendants. | |

### *NOTICE OF FILING*

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R. Civ. P.,* hereby files the attached for the Record: Plaintiff states as follows:

1.    Plaintiff has attached his letter to Attorney Paul M. James, regarding discovery requests that have not been answered Defendants Dr. Hobbs and Robbins, M.D.

**WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

Done this 29th Day January 2008.

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 29th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _____

Marcellus Breach

2

**EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D., AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07**
## *MARCELLUS BREACH, 160710*
LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*January 30, 2008*

*RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.*
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:    **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes Supplemental Discovery Defendants Dr. Robbins, & Dr. Hobbs.**

Mr. James:

I have attached the excerpts that are now in dispute regarding Discovery request and I am asking that within ten (10) days you correspond with me, or answer the discovery request.

The Discovery rules require that the defendants respond to Discovery request. Morethanless, the Court has issued its Discovery Scheduling Order.

My records reflect that on December 4, 2007 I served upon your Office and counsel for ADOC several discovery request entitled: "**Plaintiff's Supplemental Discovery Request Set of Interrogatories, and Request for Admissions, for Production of Documents" pursuant to Rules 33, 34 & 36, Fed. R. Civ. P., on Dr. William Hobbs, and Dr. Michael Robbins.**   The areas of deficiency on your part is:

   (i) Medical defendants have not answered, responded to these discovery request;
   (ii) Medical defendants have not requested an extension of time.

The attached excerpts are from the Discovery request upon Defendants Hobbs and Robbins.  The request are regarding their testimony and opinions.

Within ten (10) days from receipt of this letter I will immediately file my motion to compel.  I do not anticipate that we will resolve our discovery disputes without asking the Court to intervene.   Nevertheless, the rules require that I make a good faith attempt to resolve the dispute without court action. Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R.Civ. P.

1

**EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D., AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07**

I request that you have them answer the Interrogatories and production of documents accordingly. Any global objections are improper and I will ask the Court to ignore them.

For your convenience, I have attached three excerpts to the discovery request pertaining to each defendant separately, individually, and jointly that has been submitted to you.

I thank you for your time and attention with this matter.

Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259

ATTACHMENTS:
EXCEPTS DISCOVERY REQUEST DR. HOBBS AND DR. ROBBINS

2

## EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D., AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07

*PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

*TO: DEFENDANT DR. WILLIAM D. HOBBS, M.D. MEDICAL DIRECTOR,*

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. Williams D. Hobbs, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these **Interrogatories.**

¶ 1. Please state whether or not your license to practice medicine is on file with the Limestone County Clerk of Limestone County, State of Alabama. If not, please state the County in Alabama where your licenses is filed.

¶ 2. In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3. Please also state the professional societies to which you belong.

¶ 4. Do you specialize in any particular branch of medicine?

¶ 5. If you have answered the above question in the affirmative, please state what your specialty is.
¶ 6. Are you board certified?

    a. If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7. At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

3

**EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D.,**
**AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07**

¶ 8. If so, what were those complaints?

¶ 9. Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.    If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.    Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.    Please state an opinion to your answer to Question No. 15.

¶ 17.    Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.  Please state an opinion.

¶ 18.    Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

4

## EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D., AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07

¶ 19.    If so, please state that opinion and the reasons therefore.

¶ 20.    Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.

¶ 21.    Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

                         Done this 4th Day December 2006.
                         \®

                         _____
                         Marcellus Breach 160710
                         Limestone C.F.
                         28779 Nick Davis Rd.
                         Harvest, Alabama 35749


### PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

**TO: DEFENDANT DR. MICHAEL E. ROBBINS, M.D., MEDICAL DIRECTOR**

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. Michael E. Robbins, M.D.,** answer the following requests for discovery pursuant to _Federal Rules of Civil Procedures, Rule 33,_ fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these **Interrogatories**.

¶ 1. Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of

**EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D.,**
**AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07**

Alabama.    If not, please state the County in Alabama where your licenses is filed.

¶ 2. In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3. Please also state the professional societies to which you belong.

¶ 4. Do you specialize in any particular branch of medicine?

¶ 5. If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6. Are you board certified?

    a.  If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7. At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8. If so, what were those complaints?

¶ 9. Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.    If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

6

**EXCERPT DISCOVERY REQUEST ON DR. MICHAEL ROBBINS, M.D.,
AND DR. WILLIAM HOBBS, M.D. "SUPPLEMENTAL REQUEST" 12-4-07**

¶ 15.    Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.    Please state an opinion to your answer to Question No. 15.

¶ 17.    Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired. Please state an opinion.

¶ 18.    Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.    If so, please state that opinion and the reasons therefore.

¶ 20.    Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.

¶ 21.    Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4th Day December 2006.

7

# EXHIBIT "B"

## IN THE DISTRICT COURT OF THE UNITED STATES *12TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| | * | |
| Plaintiff, | | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | | |
| | * | |
| PRISON HEALTH SERVICES, INC., et. al., | | |
| | * | |
| Defendants. | | |

### *PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

*TO:*     *DEFENDANT DR. WILLIAM D. HOBBS, M.D. MEDICAL DIRECTOR,*

**COMES NOW**, the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person

"Pro Se," request that Defendant **Dr. Williams D. Hobbs, M.D.,** answer the following

requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in

writing, the following interrogatories under oath, affirmation in accordance within the

definitions and instructions set. forth below, within thirty (30) days after service of these

***Interrogatories.***

¶ 1.    Please state whether or not your license to practice medicine is on file with the

Limestone County Clerk of Limestone County, State of Alabama.  If not, please state the

County in Alabama where your licenses is filed.

1

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

      a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.   Did you recommend surgery?

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

2

¶ 14.  If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.  Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.  Please state an opinion to your answer to Question No. 15.

¶ 17.  Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.  Please state an opinion.

¶ 18.  Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.  If so, please state that opinion and the reasons therefore.

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.

3

¶ 21.    Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4th Day December 2006.

® _____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5th Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

4