IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRISON HEALTH SERVICES, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:06-cv-1133-MEF |

### ADOC DEFENDANTS' RESPONSE TO COURT'S ORDER (DOCUMENT # 452)

Come now the Alabama Department of Corrections Defendants, by and through the undersigned counsel, and submit this response as follows:

1. The attached affidavit of Defendant Ruth Naglich.

2. The attached affidavit of Defendant George Lyrene.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL 36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, Alabama 35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRISON HEALTH SERVICES, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:06-cv-1133-MEF |

# AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Ruth Naglich, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Ruth Naglich. I am presently employed as Associate Commissioner for Health Services for the Alabama Department of Corrections. I am over twenty-one (21) years of age.

Pursuant to the Order of this Court I hereby make the following statement:

(i) As has been previously stated in my answers to interrogatories, I have no knowledge of a fax, or any other communication, from medical personnel at the Southeast Louisiana Correctional requesting approval for surgery on plaintiff's hernia. A treating physician would not need approval from me or anyone else at DOC if he/she

determined that a DOC inmate required surgery. However, the ADOC had requested that ADOC inmates housed out of state be returned to the state of Alabama and housed in an ADOC facility for non-emergent medical procedures. This practice is in place to insure non-emergent medical procedures are provided within the ADOC provider network. The medical staff from the Louisiana facility notified my office by phone that the inmate was threatening to 'sue' the medical staff because he wanted surgery although he did not have a physician order for the procedure. I instructed Brandon Kinard to contact Southeast Louisiana Correctional facility to have inmate Marcellus Breach returned to an ADOC in-state facility to be examined for an alleged hernia. Once returned to Kilby Correctional Facility inmate Breach refused to be seen by the physician or mid-level practitioner to be evaluated for his alleged hernia. I never instructed Brandon Kinard, or anyone else, to call anyone at Southeast Louisiana Correctional Facility with instructions that the plaintiff couldn't have surgery. I did instruct Brandon Kinard and Lynn Brown to go to Kilby and speak to the inmate as to why he refused to be seen by the physician for his complaint. Specifically, why he was refusing access to treatment since the department had brought him back from Louisiana specifically to be evaluated by an Alabama licensed physician and/or provider. I have no knowledge of any present or past protocol, procedure, or policy within DOC concerning the treatment of hernias. The course of treatment of a hernia is left up to the treating physician, and if surgery is determined by that physician to be needed, there is no requirement by DOC for approval and/or permission from anyone at DOC for that surgery. As I have previously stated there is nothing, to my knowledge

and belief, in Inmate Breach's file that indicates an emergent need for surgery.

(ii) the QA, or Quality Assurance, program has been established between DOC and its medical provider to insure that inmates are receiving proper medical treatment. It is a peer review process to further the proper medical care of inmates and to enable th participants to engage in open and honest dialogue without fear of reprisal. It is a method by which physicians examine the practices, performance and procedures of their fellow physicians. The reports, minutes, and/or records of peer review process are privileged.

I have no knowledge of any documents and/or other evidentiary materials that supports the Plaintiff's claims.

_____
Ruth Naglich      2-12-2008


SWORN TO AND SUBSCRIBED before me this 11th day of February, 2008.


_____
NOTARY PUBLIC
MY COMMISSION EXPIRES 12/7/2011

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> PRISON HEALTH SERVICES, et al., ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO.** <br> **2:06-cv-1133-MEF** |

## AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared George Lyrene, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is George Lyrene. I am presently under contract as Medical Director of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

Pursuant to the Order of this Court, I hereby make the following sworn statement:

I am not, nor have I ever been, Inmate Breach's treating physician. Therefore I can not and have not made any treatment decisions concerning Inmate Breach, including, but not limited to, whether or not, Inmate Breach's hernia condition requires surgery. That decision is left up to the treating physician. Since I am not the treating physician and have not made any treatment

decisions concerning this case, I have no knowledge of any medical records or other relevant documents that supports "the plaintiff's claims that his hernia condition requires surgery."

_____
George Lyrene, M.D.

SWORN TO AND SUBSCRIBED before me this 14th day of February, 2008.

_____
Sandra M. McLure
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/22/2011