EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2008 FEB 19  A  9 53

DEBRA P. HASKET, CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

        Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

        Defendants.

*
*       CASE NO: 2:06-cv-1133-MEF
*
*

### MOTION TO COMPEL ANSWERS and/or FURTHER RESPONSES TO INTERROGATORIES, AND PRODUCTION OF DOCUMENTS --- COMPLETE FAILURE TO ANSWER / VARIOUS GROUNDS

**COMES NOW**, Pursuant to _Rule 37(a)(2)(3),_ Federal Rules of Civil Procedures, plaintiff _Marcellus Breach_ in proper person "Pro Se," moves the court for an order requiring defendant Bradford Adams, nurse practitioner [Court Doc. No. 182 & Order 379] to fully and completely answer the following Interrogatories and request for production of documents served on October 24, 2007 none of which interrogatories or production of documents have been objected to.

1

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

1.     *Request For Judicial Notice* on <u>*January 29, 2008*</u> defendant Bradford Adams

submitted his responses to plaintiff's discovery request consisting of several boilerplate

nonresponsive answers, completely evasive as:

> **" The Defendant is unable to respond to this interrogatory as I do not**
> **have access to your medical chart.  Your medical chart is at Limestone**
> **Correctional Facility and I am at Station Correctional Facility."**

2.     *Judicial Notice,* will reflect that this court previously ordered defendants to produce

medical documents contained within "<u>their possession</u>", [**Court Doc. No. 394, Order**]

Moreover, Bradford Adams's excuse is evasive using such erroneous excuse not to

answer is objected to, because counsel and PHS have actual possession of plaintiff's

medical records and Adams has very little problems requesting plaintiff's medical

records via-fax from Limestone or counsel to properly answer plaintiff's discovery

request.   Defendant has "possession" of plaintiff's medical records under <u>*Rule 34,*</u>

Fed.R.Civ.P., and compel is requested.

Federal Courts have consistently held that documents are deemed to the within

the possession, custody or control for purposes of <u>*Rule 34*</u> if the party has actual

possession, custody or control, or has the legal right to obtain the documents on

demand." ***In re Bankers Trust Co.***, 61 F.3d 465, 469 (6th Cir. 1995)

EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

## POINT 'A"

## BRADFORD ADAMS HAS POSSSESSION OF PLAINTIFF'S MEDICAL RECORDS AND IS REQUIRED TO ANSWER DISCOVERY REQUEST

The attached Excerpt reflects the Interrogatories and request for Production of Documents incorporated by reference to [**Court Doc. No. 182** ] *"Plaintiff's First Set of Interrogatories and Request for Admissions, For Production of Documents to Defendants Under Fed. R. Civ. P.,"*[Specifically Defendant Bradford Adams] filed on or about October 24, 2007.].

On *February 5, 2008* plaintiff wrote counsel for the defendant pointing out that Bradford Adams's responses are boilerplate, incomplete, deficient, nonresponsive, evasive and Adams failed to produce requested documents. [**Exhibit "A""B"**]

On *February 5, 2008* plaintiff attached his letter to counsel with a pleading entitled: "**Notice of Filing**" to the court. [***Court Doc. N/A***] explaining to counsel that Bradford Adams's answers are deficient and requested that counsel correspond with him in regards to the dispute in the responses.  Counsel made no attempt to correspond with plaintiff. [**See, plaintiff's affidavit at ¶¶ 2-6., & Exhibit "A"B"**]

## ARGUMENT

*Rule 37(a)(3), Federal Rules of Civil Procedures* addresses several responses by defendant Bradford Adams as boilerplate evasive and incomplete disclosure.  The Rule holds: " . . . an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

### *DEFICIENT ANSWERS*

Several of defendant's answers are boilerplate and are not incompliance with *Rule 33(b), Federal Rules of Civil Procedures.* Furthermore, not one document has been produced pertaining to plaintiff request for production of documents.

Bradford Adams has an affirmative obligation to participate in discovery in an honest, non-evasive and complete manner. ***Dollar v. Long Mfg.***, 561 F.2d 613 (5th Cir. 1977).   As the United States Supreme Court noted in ***United States v. Procter & Gamble***, 356 U.S. 677, 683, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958), it is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible."

### POINT "B"

### DEFENDANT'S BOILER PLATE RESPONSES:

**"THIS DEFENDNAT IS UNABLE TO RESPOND TO THIS INTERROGATORY AS I DO NOT HAVE ACCESS TO YOUR MEDICAL CHART.  YOUR MEDICAL CHART IS AT LIMESTONE CORRECTIONAL FACILITY AND I AM AT STATON CORRECTIONAL FACILITY"**

A.    **Dispute regarding Interrogatories #'s.  5,6,8,13,17,18,19, 20,21,22,23,24,25.**

1.    **Interrogatory No. 5;**        Questions propounded on Adams is: "Identify your assignment, whereabouts by document of the "incident" and specifically identify your supervisor's whereabouts, assignment of December 27, 2006 @ 11:25 a.m."

Bradford Adams's answer to this interrogatory is incomplete and unresponsive

EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

   (a).   **Adams's Response to Interrogatory No. 5:**

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.   Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility>"

2.   **Interrogatory No. 6:**      Question propounded on Adams is: "Specifically identify by document" your job description, duties, and responsibilities."

   (b)   **Adams's Response to Interrogatory No. 6:**

"Please see my response to interrogatory # 1 and please refer this request to PHS."

   **Argument:**   Bradford is the very nurse practitioner who stepped outside his scope of practice making surgically recommendations.   He has working protocol relations under statutory law with Dr. Michael Robbins that details his responsibilities. He cannot make surgically decisions, and in this case, he did.

3.   **Interrogatory No. 8:**      Question propounded on Adams is: "Explain by incident your medical recommendation "no need for surgical referral at present," please explain your medical findings identify by documents, if any, and state the substance of any verbal or written communication(s) and any and all response(s) with  your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006 @ 11:25."

   (c)   **Adams's Response to Interrogatory No. 8:**

**"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.  Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."**

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

**Argument:**   This response is unacceptable regarding Adams and Dr. Robbins's treatment. .

4.   **Interrogatory No. 17:**   Question propounded on Adams is: "On March 21, 2006, Dr. John A. Tassin, M.D., made a doctor order that plaintitff's inguinal hernia needs repair. It is your common practice to make a medical judgment against another doctor?"

**(d)   Adams's Response to Interrogatory No. 17:**

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."

5.   **Interrogatory No. 18:** Question propounded on Adams is: "Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records? If not please explain your reason? If yes, disclose the substance of your findings."

**(e)   Adams's Response to Interrogatory No. 18:**

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."

6.   **Interrogatory No. 19:**   Question propounded on Adams is: "Are you licensed to make surgically referrals? If so, please specifically identify.

**(f)   Adams's Response to Interrogatory No. 19:**

"I refer patients to the medical doctor and the medical doctor makes the referral".

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

**Argument:**    This question is simple "yes or no". Plaintiff objects.

7.    **Interrogatory No. 20:**    Question propounded on Adams is:    "Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on December 27, 2006 @ 11:25 a.m., identify by document pertaining to this incident."

**(g)    Adams's Response to Interrogatory No. 20:**

> "This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.    Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."

**Argument:**    This response is evasive, nonresponsive, incomplete.    Adams ntoed that he consulted with Dr. Robbins, and plaintiff is entitled to discover as to the substance of their oral statements regarding "no need for surgical referral" by a nurse.

8.    **Interrogatory No. 21:**    Question propounded on Adams is:    "Identify, and specifically identify who authorized you, and your authorization to make or, not to make surgical referrals."

**(h)    Adams's Response to Interrogatory 21:**

> **"I refer patients to the medical doctor and the medical doctor makes the referral."**

**Argument:**    The medical records reflect Adams made the no need for surgically referral.    Interrogaotry #6, requested his job description under Alabama law because he has a working protocol with Dr. Robbins which outlines his specific responsibilities. This is discovery and germane to deliberate indifference. Plaintiff objects.

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

9.    **Interrogatory No. 22:**    Question propounded on Adams is: "Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident."

    **(i)    Adams's Response to Interrogatory No. 22:**

    **"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."**

10.    **Interrogatory No. 23:**    Question propounded on Adams is: "It is common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, identify by document.

    **(j)    Adams's Response to Interrogatory No. 23:**

    **"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."**

11.    **Interrogatory No. 24:**    Question propounded on Adams is: Identify by document, any reprimands, given by any supervisor, agents, agencies against you while employed at Prison Health Services, Inc.

    **(k)    Adams's Resposne to Interrogatory No. 24:**

    "Not applicable."

**Argument:**    Does not comply with Rule 36, Fed.R.Civ.P.

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

12.    **Interrogatory No. 25:**    Question propounded on Adams is:    "Please

explain in details the substances of your counseling on December 21, 2006 @ 11:25 a.m.,

and list all names of witnesses present."

    (l)    **Adams's Response to Interrogatory No. 25:**

    "This Defendant is unable to respond to this interrogatory as I do not
    have access to your medical chart. Your medical chart is at Limestone
    Correctional facility and I am at Staton Correctional Facility."

### POINT "C"

## PROPOUNDED REQUEST FOR ADMISSIONS

### BOILER PLATE ADMISSIONS #'s.
### 1, 2, 5, 13, 15, 17, 18, 19, 20, 26, 30, 36, 38, 39, 40, 42,

Plaintiff objects to Adams's nonsponsive answers that are evasive, incomplete.

Furthermore, plaintiff provided detailed definitions and instructions regarding his

discovery request, which correspond with Federal Rules of Civil Procedures.

Specifically, plaintiff detailed that " In responding to these request for

Admissions, Production of Documents and Interrogators, defendants shall furnish not

only such information and documents as are available to them, but also such information

and documents as are known to, available to, or in their constructive, actual possession,

custody or control of any agent, employee, employer, representative, co-defendant,

witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS");*

*Correctional Medical Services, Corp.,* ("CMS") and  South Louisiana Correctional Center,

("SLCC") specifically, including but not limited to defendants attorney(s) and

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

investigators, unless such documents, information, data, records, *inter alia,* is claimed to

be privileged from production or discovery. *Id.* @ 4 [ **Court Doc. No. 182**]  If   defendants

consider any document, information, data, records, *inter alia,* falling within plaintiff's

request for Production of Documents, attached heretofore separately and/or

conjunctively, as being privileged from discovery, plaintiff request that, at this time or

responding to the Request for Production, the defendants serve upon plaintiff, a written

list of the documents so withheld from said discovery and identify each document by

date, author or parties, names, business address of each person, party or witness having

copies of said documents, information , data, records inclusive to medical records from

*February 2005,* through current date of your answers, and the basis on which the

document is considered to be privileged from production, and re-production, photo-

copying, et. seq., by discovery. *Id.* These Interrogatories and Discovery request are

continuing and are to be supplemented in accordance with Federal Rules of Civil

Procedures, *Rule 26(e).*  However, in the event that any, and all information or documents

come to the attention of or into the possession, custody or control of the defendants, the

attorneys of records, or such other interested persons, parties, agency, employees,

employers, et. al., subsequent to the filing of defendants response / answers hereto,

which documents, records, or information are responsive to any and all Interrogatories

or Request for Admissions, but which were not included in defendants initial answers /

responses thereto, said additional information, documents, data, records, *inter alia,* shall

EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion. _Id_. In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, *inter alia*, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise. Id.

### SPECIFIC DEFICIENT ANSWERS TO ADMISSIONS

"With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures*, _Rule 36_, et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.    If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial,

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

they may not, on that ground alone, object or the request; defendants may, subject to the

provisions of *Federal Rules of Civil Procedures*, *Rule 37(c)*, deny the matter or set forth

reasons why defendants cannot admit or deny it." *Id.*

1.    **Admissions Question No. 1:**    *"Admit or deny*, on <u>March 21, 2006</u>, Dr. John A.

Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

> **(a)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

2.    **Admissions Questions No. 2:**    *"Admit or deny*, the medical records from

Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's

medical records on <u>December 27, 2006</u>?"

> **(b)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

3.    Admissions Question No. 5    *Admit or deny*, you do not know the actual size of

plaintiff's hernia as of the date of your answering?

> **(c)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

4.     **Admission Question No. 13:**     *"Admit or deny,* Medical Records from Louisiana

do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for

this hernia during his incarceration at that private prison? "

> **(d)     Adams's Response:     "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

5.     **Admissions Question No. 15:**     *"Admit or  deny,* plaintiff has complained about

having pain when coughing, sneezing, and having bowel movements due to this hernia?

> **(e)     Adams's Response:     "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

6.     **Admission Question No. 17:**     *"Admit or deny,* <u>December 21, 2006 @ 11:05 a.m.,</u>

you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff

"you can sign a waiver?"

> **(f)     Adams's Response:     "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

7.     **Admission Question No. 18:**     *"Admit or deny,* Plaintiff verbally told you that he

spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with

plaintiff at the Captain's office and stated that plaintiff was going to have surgery?"

> **(g)     Adams's Response:     "This Defendant is unable to response to this request as I do not have access to your medical chart.**

EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]

> Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."

8.    **Admission Question No. 19**:  *"Admit or deny*, plaintiff asked you to be seen by a doctor?

> **(h)    Adams's Response:       "This Defendant is unable to response to this request as I do not have access to your medical chart.  Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

9.    **Admission Question No. 20**:     *"Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

> **(i)    Adams's Response:       "This Defendant is unable to response to this request as I do not have access to your medical chart.  Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

10.    Admission Question No. 21:     *"Admit or deny*, you did not counsel plaintiff on December 21, 2006 @ 11:05 a.m.,"

> **(j)    Adams's Response:       "This Defendant is unable to response to this request as I do not have access to your medical chart.  Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

12.    Admission Question No. 26:    "Admit or deny, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?"

> **(k)    Adams's Resposne: "Defendant cannot answer this question."**

13.    **Admission Question No. 30**:     *" Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place."

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

    **(l)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

14.    **Admission Question No. 36:**    *"Admit or deny,* the effects felt by plaintiff can

range from perfectly painless, through discomfort, to being very painful indeed."

    **(m)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

15.    **Admission Question No. 38:**    *"Admit or deny,* you did not conduct any routine

inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility."

    **(n)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

16.    **Admission Question No. 39:**    *"Admit or deny,* plaintiff could have either a

direct or an indirect inguinal hernia."

    **(o)    Adams's Response:    "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

17.    **Admission Question No. 40:**    *"Admit or deny,* you did not identify what type of

hernia plaintiff has"

    (p)    Adams's Response: "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

18.  **Admission Question No. 42:**    *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

> **(q)    Adams's Response:    "This    Defendant    is    unable    to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

## ADDENDUM TO ADDMISSIONS:

19.  **Admission Question No. 10:**    "Admit or deny" there is almost no limit to how big a hernia could [get] without surgery?

**(r)**    **Adams's Response: "This request is incomplete".**

**Argument:    This request is complete and self explanatory.**

_____

### ARGUMENT / OBJECTIONS TO ADAMS'S ANSWERS

### RUMENT AS TO RELEVANCY AND REQUEST FOR FURTHER RESPONSES BRADFORD ADAMS'S DELIBERATE INDIFFERENCE

The distinction between deliberate indifference and negligence is conceptually vague because "indifference" generally implies a lack of attention by the actor similar to what the law often calls negligence. The modifier "deliberate," however, requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action.

In this case, defendant Adams deliberately stepped out beyond the scope of his nursing practice resulting into proximate cause of injury. Adams is not free to go, he is

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

liable.   Adams examined plaintiff, the court adopted his recommendation, which is
unwarranted at the outset of this case because Adams is only a nurse, he blocked plaintiff
from seeing a doctor.  Adams must fully and completely answer the discovery request.

With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of
Civil Procedures, Rule 36,* et. seq., the defendants shall specifically deny the matter or set
forth in details the reasons why the answering / responding party, person, defendant or
representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the
substance or the requested admission, and when good faith requires defendants shall
qualify an answer or deny only a part of the matter of which an admission is requested;
the defendants shall specify so much of it is true and qualify or deny the remainder.
Defendants may not give lack of information or knowledge as a reason for failure to
admit or deny unless defendants state that they have made a lawful, and reasonable
inquiry and that the information known or readily obtainable by the defendants is
insufficient to enable them to admit or deny.    If the defendants consider that a matter of
which an admission has been requested presents a genuine issue of material fact, for trial,
they may not, on that ground alone, object or the request; defendants may, subject to the
provisions of *Federal Rules of Civil Procedures, Rule 37(c),* deny the matter or set forth
reasons why defendants cannot admit or deny it.  Defendant has not complied with Rule
36, Federal Rules of Civil Procedures regarding his responses to Admissions.

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

Under *Rule 33(b)*, *Federal Rules of Civil Procedures* states: " . . . The answer must include all information within the party's control or known by the party's agents.

Plaintiff's medical treatment was down—graded from Dr. john A. Tassin, M.D., to a nurse practitioner who's order and recommendation was "highly" acknowledged by both prison doctors and ADOC defendants.

More interesting, is evidence at summary judgment will reflect that definitely, under Alabama Statutory Law, Adams has no authority whatsoever, to make medical decisions, and, in this case, he did!

**Judicial Notice to Court Doc. 182**, Discovery Request Excerpt.

### III.    *INTERROGATORIES*:

¶ 1.    Please state the following for the plaintiff.

    a.    your age
    b.    your occupation and place of employment
    c.    your education
    d.    your marital status
    e    your length of service in your present employment position
    f.    your previous occupational experience(s)
    g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s),

employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4. Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.        With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5. Identify *your assignment, whereabouts by documents of the "incident" and specifically identify your supervisor's whereabouts, assignment on December 27, 2006 @ 11:25 a.m.*

¶ 6. Please *"specifically identify"* by document, your job description, duties, and responsibilities.

¶ 7. *"Specifically identify by document"* your supervisor, job description, duties, responsibilities.

¶ 8. Explain by *"incident"* your medical recommendation "no need for surgical referral at present," please explain your medical findings *"identify by documents,"* if any, and state the substance of any verbal or written communication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006, @ 11:25 a.m.

¶ 9 Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each !

¶ 12. Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13. Is it *Prison Health Services, Inc*., common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14. Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

15. Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16. Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17. On March 21, 2006, *Dr. John A. Tassin, M.D.*, made a doctor order that plaintiff's inguinal hernia needs repair. It is you common practice to make a medical judgment against another doctor?

¶ 18. Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records? If not, please explain your reason? If yes, disclose the substance of your findings.

¶ 19 Are you licensed to make surgical referrals? If so, please specifically identify.

¶ 20. Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on *December 27, 2006 @ 11:25 a.m.*, identify by document *pertaining to this incident*.

¶ 21. *"Identify"* and *"specifically identify"* who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22. Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23. It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *"identify"* by document.

¶ 24. *"Identify by document,"* any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

## V.    REQUEST FOR ADMISSIONS:

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

¶ 1.    *Admit or deny*, on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.    *Admit or deny*, the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>

¶ 3.    *Admit or deny, Prison Health Services, Inc.*, has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.    *Admit or deny*, you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.    *Admit or deny*, you do not know the actual size of plaintiff's hernia as of the date of your answering?

¶ 6.    *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.    *Admit or deny*, you are an expert in Hernia repair?

¶ 9.    *Admit or deny*, you have performed surgery on hernias?

¶ 10.    *Admit or deny*, there is almost no limit to how big a hernia could without surgery?

¶ 11.    *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12.    *Admit or deny*, a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.    *Admit or deny*, a truss is the cure for a hernia?

¶ 15.    *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 16.    *Admit or deny*, issuing of pain medication will not cure a hernia?

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

¶ 17.  *Admit or deny*, December 21, 2006 @ 11:05 a.m., you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.  *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.  *Admit or deny*, plaintiff asked you to be seen by a doctor?

¶ 20.  *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.  *Admit or deny*, you did not counsel plaintiff on December 21, 2006 @ 11:05 a.m.

¶ 22.  *Admit or deny*, it is up to a physician for a determination whether surgery is necessary.?

¶ 23.  Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.  *Admit or deny*, plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.  Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.  *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 27,  *Admit or deny*, the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.  *Admit or deny*, the opening of a hernia cannot heal itself.

¶ 29.  *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.  *Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.  *Admit or deny*, a truss is for temporary use.

¶ 32.  *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.  *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

¶ 34.  *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.  *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.  *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37.  *Admit or deny*, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.  *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.  *Admit or deny*, plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.  *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41.  *Admit or deny*, a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.  *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

———————————————————————————————————————

**WHEREFORE,** plaintiff objects to defendant Bradford Adams's responses as incomplete, nonresponsive, evasive and request that the court order Adams to answer each request in dispute fully and completely.

Done this 14th Day February 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

23

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

COUNTY OF LIMESTONE )

STATE OF ALABAM     )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am ***Marcellus Breach, AIS #160710***, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel.

On February 5, 2008 I served on the defendant's counsel a document: "Notice of Filing" and a latter to counsel regarding areas of deficiency pertaining to Bradford Adams's responses, which is attached to this affidavit as Exhibit 1.

Counsel did not respond to this request regarding disputed answers; nor did he request an adjournment from the court or seek my agreement to an adjournment. A copy of my letters is attached as **Exhibit "A","B"**.

Defendants' counsel did not respond to my letter. I have written counsel and I have filed my notice of intent with the Court. Copies of my letters are attached. Defendant's response to several Interrogatories and request for production of document

**EXCERPT DISCOVERY REQUEST BRADFORD ADAMS, [COURT DOC. 182]**

is insufficient and challenged, as set forth accompanying this motion.

   ***WHEREFORE,*** the plaintiff request that the court grant this motion in all respects Under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746    This 14th Day February 2008.

Marcellus Breach

### CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY**, that I have this 15th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

# EXHIBITS
## "A" "" "B"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

    *
    *
    *     CASE NO: 2:06-cv-1133-MEF
    *
    *

*NOTICE OF FILING*

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper

person "Pro Se," hereby gives written notice pursuant *to Rules 37(a)(2)(A), 37(a)(2)(B),*

*37(d) Fed. R. Civ. P.,* hereby files the attached for the Record: Plaintiff states as follows:

1.    Plaintiff has attached his letter to Attorney Paul M. James, regarding discovery

requests that have not been answered Defendant Bradford Adams, nurse practitioner,

[**Court Doc. 182**]. B. Adams has actual possession of plaintiff's medical records and he is

required to answer questions even.

    **WHEREFORE**, plaintiff requests to place into the Record his attempts to resolve

the discovery problems informally with counsel, without court intervention.

Done this 5th Day February 2008.

1

Marcellus Breach 160710 ®
Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 6th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

2

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*February 5, 2008*

*RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.*
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:     **2:06-cv-1133-MEF  Letter of Intent/Discovery Disputes
[Court Doc. 182, Discovery Request Bradford Adams]**

Mr. James:

I have received defendant Bradford Adams' answers to discovery request. However, there are several answers and request for production of documents that has not been properly answered nor produced.

I am hoping that perhaps you will correspond regarding the requested discovery request and also I am free to listen to any objections that you may have to them

First and foremost, the area of conflict regarding several answers to request for production of documents and answers to interrogatories. **Several answers are boiler plated and Adams uses the excuse of not having access to plaintiff's medical records is unacceptable, as you know the defendant has actual possession of plaintiff's medical records and he should have retrieved them before answering. Such excuses are unacceptable.**

**The Definitions and Instructions specifically directed Adams that in responding to the Discovery request, Adams is to furnish such documents, etc., that are currently in constructive, actual possession. Medical records are within possession.**

The areas of deficiency on part of Bradford Adams are:

**Interrogatories and request for production of documents questions: 5, 6, 7, 8, 17, 18, 20, 22, 23, 24, 25.**

**Admissions #'s, 1, 25, 10, 13, 15, 17, 18, 19, 20, 21, 26, 30, 36, 38, 39, 40, 42.**

Within ten (10) days from receipt of this letter I will immediately file my motion to compel.

1

Sincerely,

Marcellus Breach

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 6th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _____
Marcellus Breach