**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

\*
\*
\*
\*
\*
\*

CASE NO: 2:06-cv-1133-MEF

*MOTION TO COMPEL RESPONSIVE TO DEFENDANT MICHAEL E. ROBBINS, /
COMPEL ANSWERS TO DISCOVERY REQUEST FOR PRODUCTION OF
DOCUMENTS, INTERROGATORIES, ADMISSIONS PURSUANT TO
RULE 37(a)(2)), 37(b)(2))*

*AND NOW*, this <u>19th</u> Day of <u>*February, 2008*</u>, plaintiff <u>*Marcellus Breach*</u> (hereinafter

"Breach") respectfully moves this Court as follows:  To Compel defendant <u>Dr. Michael</u>

<u>Robbins</u> to answer plaintiff's "Interrogatories and Request for Admissions for Production

of Documents, [**Court Doc. No. 187**] served and propounded on defendant on October

26, 2007.

**History of The Facts/ Request For Judicial Notice:**

1.    On <u>*October 26, 2007,*</u> plaintiff filed his request for Discovery propounded upon

William Hobbs, to counsel for answering: "<u>*Plaintiff's Second  – Set Of Interrogatories and*</u>

<u>*Request for Admissions, For Production of Documents To Defendants Under Fed.R.Civ.P.,*</u>

[**Court Doc. No. 187**]

1

2.      Counsel on *December 21, 2007*, filed a document entitled "Motion For Extension Of Time" requesting unto the Court to file responses to plaintiff's discovery request propounded on Defendants Michael Robbins, and Williams Hobbs without specifically requesting a date in which he would file their responses. [**Court Doc. No. 338**].

3.      The court granted PHS defendants Hobbs and Robbins an extension to and including *February 8, 2008* to file responses and/or additional objections to the interrogatories, requests for production of documents and request for admissions identified in the motions. [**Court Doc. No. 369-1, Order**]

4.      On *January 2, 2008* plaintiff filed a document entitled "Motion To Strike" defendant Hobbs and Robbins "global" objections to plaintiff's discovery request and the court denied such on the very same day the court granted defendants until *February 8, 2008* to file a response.  Plaintiff complained to the court that such global objections are unwarranted, and improper, that counsel could not have his cake and ice cream at the same time -- filing global objections and requesting extension of time.

5.      In counsel's motion for an extension of time, [**Court Doc. No. 338**] counsel promised the court:

> "The Defendants are currently trying to assemble information that may be responsive and relevant to the discovery propounded by the prisoner. Notwithstanding this position, the Defendants have, this day, filed pertinent objections to this discovery to preserve its right to object. Notwithstanding these objections, the Defendants will try to provide basic material necessary for the prisoner in conjunction with these motions." Id. @ ¶ 3.

2

6.     On *February 10, 2008*, plaintiff wrote counsel via U.S. Mail, explaining that he requested an extension to file his response, and that plaintiff was requesting that counsel correspond with plaintiff in regards to improper global plate objections and that if counsel was going to rely on his objections, plaintiff would file his motion to compel within seven (7) days.  Counsel did not respond. **Exhibit "A& B" attached Affidavit.**

### *Grounds In Support Of Compel:*

7.     Under *Rule 37(a)(2):*

(a)     To compel Michael Robbins to answer plaintiff's interrogatories in their entirety no later than what the court deems fit.

8.     Under *Rule 37(b)(2):*

(a)     To preclude Michael Robbins from asserting any further objections being boiler plated to plaintiff's interrogatories:

(b)     To treat as contempt of court the failure of Michael Robbins to answer plaintiff's interrogatories by date set by the court;

(c)     To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d)     To strike all of Michael Robbins's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)     To enter a judgment by default on the issue of liability in favor of plaintiff against defendant under Count I, II, III, VI, and V of plaintiff's complaints; and,

9.    Under *Rule 37(d)*:

   (a)    In regards to withheld Louisiana medical records of the plaintiff: order that
          the matters contained in the withheld documents be taken to be established;
          refuse to allow the nonresponsive party to support or oppose claims or
          defenses related to the withheld documents;

10.    Under *Rule 36(a)*:

   (a)    That plaintiff request for Admissions propounded on defendant and
          properly served conjunctively with Discovery request [**Court Doc. No. 1876**
          ] be deemed admitted.

*Statement of The Facts / Request For Judicial Notice*:

       Michael Robbins claims to have personal knowledge of the treatment proscribed

to plaintiff.  Robbins never once examined plaintiff, nor would he know except by photo,

what plaintiff even looks like; moreless, the severity of plaintiff's hernia, and the

enlargement thereof.  Nevertheless, Michael Robbins is a Medical Director, and another

Medical Director in this case; Dr. William Hobbs has clearly admitted to the Court that

the Alabama Department of Corrections has a hernia protocol that states:

> **"In order for a hernia to be repaired, the hernia must meet a certain
> Protocol required by the Alabama Department of Corrections.  The
> Protocol states that the hernia must be incarcerated or in danger of
> becoming incarcerated or into the scrotum. Mr. Breach does not meet
> this protocol. . . . "**

William Hobbs has admitted unto the court:

> **" . . . In order for a hernia to be repaired, the hernia must meet a certain
> Protocol required by the Alabama Department of Corrections.  The
> protocol states that the hernia must be incarcerated or in danger of
> becoming incarcerated or into the scrotum.  Mr. Breach does not meet
> this protocol . . . [ ] . . . [I]f Mr. Breach did in fact meet the protocol by**

4

the Alabama Department of Corrections his hernia would be repaired . .
. . " [Id. @ 3 ¶ 3, Court Doc. 144-3, filed on 9/21/2007].

Michael Robbins is a medical doctor employed with Prison Health Services, Inc., whose qualification are in "Internal Medicine" that contained in emergency room physician. Robbins has provided an Affidavit regarding an area that he is not board certified in, i.e., "surgery" and Robbins's opinion is not reliable regarding the "standard of care" pertaining to hernias, because of his education, training, and experience. In addition, discovery is necessary because his refusal and opinions in an area beyond his qualifications has caused plaintiff severe injury.

## POINT "A"

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, AND INTERROGATORIES / DR. MICHAEL ROBBINS'S GLOBAL OBJECTIONS ARE IMPROPER

" 1 – 24. This Defendant objects to this interrogatory on the ground that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the plaintiff."

> [Defendant Michael E. Robbins, M.D.'s Objections To Plaintiff's Second Set of Interrogatories, Etc., Court Doc. No. N/A, filed on December 21, 2007]

First with respect to Defendants numerous boilerplate objections to plaintiff's discovery request, this court ought to agree, by law, they are improper, nonresponsive, evasive, ambiguous, and disingenuous. The law in this Circuit is: "Objections to request for discovery should be "plain enough and specific enough so that the court can

5

understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11ᵗʰ Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendant asserts such objections, they are improper and ought not to be considered by the Court. See, e.g., *McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 894 F.2d 1482, 1485 (5ᵗʰ Cir. 1990)(objections that document request were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet the objecting party's burden of explaining why discovery request were objectionable).

Plaintiff request that the court order interrogatories [**Court Doc. No. 187**] 1 – 24, in their entirety be answered. The attached Discovery *Excerpt* is plaintiff discovery request for production of documents and interrogatories propounded on William Hobbs:

> ["Plaintiff's Second – Set of Interrogatories and Request For Admissions, For Production Of Documents To Defendants Under Fed.R.Civ.P., Court Doc. No. 187]

### *Discovery Excerpt Court Doc. No. 187, Michael Robbins:*

*I.      INTERROGATORIES:*

¶ 1.    Please state the following for the plaintiff.
a.      your age
b.      your occupation and place of employment
c.      your education
d.      your marital status
e.      your length of service in your present employment position
f.      your previous occupational experience
g.      your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted or, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where there charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge, arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *identify* employers you have had, other than your current position, in the last ten (10) years. With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    What is the name, last known address, and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have any relevant information of the *"incident"* in regards to Dr. John A. Tassin M.D., recommendation and order that Plaintiff's inguinal hernia "Needs Repair?"

7

¶ 6.    Please *Identify* your assignment on *December 27, 2006 @ 11:25* a.m., your whereabouts by document, if available, of the "*incident*" and specifically identify your supervisor from date of *incident* through date of answering/responding.  If any changes, please "*specifically identify.*"

¶ 6.    *Specifically identify* by document, your job description, duties, and responsibilities in the individual and official capacity of Medical Director.

¶ 7.    *Specifically identify* by document your supervisor, job descriptions, duties, responsibilities.

¶ 8.    *Identify by document*, any and all materials, records, data, regarding your "*medical examination(s)*" conducted personally by you as doctor, on date of "*incident*" and before *February 14, 2007.*

¶ 9.    Disclose any and all verbal, written communications to any person regarding this *incident* if any, *identify by document*, any and all respons(es) with any and persons not limited to your supervisor regarding the *incident* on *December 27, 2006 @ 11:25.*

¶ 10.    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); *specifically identify* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 10.    Is it your common practice to allow nurse practitioner to make surgical or non-surgical referrals on a patient regarding a hernia, without you present or examining the patient personally?

¶ 11.    Is it your common practice to write an Affidavit regarding a serious medical need, opposing a surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary without examining the patient?

¶ 12.  Is it your common practice to rely on the recommendations of a nurse practitioner Bradford Adams or any other nurse practitioner without examining the patient regarding a serious medical need?

¶ 13.  Is it *Prison Health Services, Inc*., common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.  Please estimate how many Alabama inmate diagnosed with a hernia you examined since February 2005.

¶ 15.  Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol.  If yes, *specifically identify* any written requests, date, e-mails and *identify* the *incident* by *document*: *identify* all witnesses, persons who have knowledge of your recommendations for improvements to this hernia Protocol.

¶ 17.  On March 21, 2006, *Dr. John A. Tassin, M.D*., made a doctor order that plaintiff's inguinal hernia needs repair.  It is your common practice to make a medical judgment against another doctor?

¶ 18.  State the date, and disclose the substance of your findings upon reviewing the medical records from Louisiana, specifically Dr. John A. Tassin M.D.'s., recommendation.

¶ 19.  Did you actually, personally examine the plaintiff on *December 27, 2006 @ 11:25* a.m. If so, please *specifically identify*.

¶ 20.  Disclose the substance of any oral statements made by Nurse Practitioner Bradford Adams, on *December 27, 2006 @ 11:25 a.m*.,

¶ 21.  Specifically disclose the substance of any oral statements made between you and the plaintiff.

¶ 22.   Disclose any verbal, written or recorded statements, *documents*, and any substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   Disclose how you have been <u>personally involved</u> in the medical treatment proscribed to plaintiff while he was at Kilby Correctional Facility.

24.   *Identify by document*, any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

## II.    REQUEST FOR PRODUCTION OF DOCUMENTS

That defendant produce and permit plaintiff to inspect and to copy each of the following documents.

a.    Produce the "**Hernia Support Belt Model 67-350 Fitting Instructions.**"

b.    Any written or recorded statements made by defendants to any supervisors, agency or agent thereof.

c.    To disclose the substance of any oral statements made by defendants before and after Breach filed this lawsuit to any supervisor, agency or agent pertaining surgery, or medical treatment.

d.    To disclose any material evidence submitted to supervisors, agency, or agents thereof, such as reports, memoranda concerning this action.

e.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, and other physical evidence, records, and any other evidence whether described herein or not, which is inculpatory evidence of any type, form or fashion.

POINT "B"

*HOBBS'S GLOBALPLATED OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS ARE IMPROPER*

Hobbs has raised one global objection to 43 requests for Admissions.

" **1 – 43.   This defendant objection to each and every request for admission, as said request are immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a constitutional violation, i.e, deliberate indifference to a serious medical need." [Id. P.5 ¶ V].**

Plaintiff provided counsel with detailed instructions and definitions which strictly comply with *Rule 36(a),* Fed.R.Civ.P., "With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36,* et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.   A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder.   Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.     If     the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the

request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, *Rule 37(c)*, deny the matter or set forth reasons why defendants cannot admit or deny it. [**Court Doc. No. 187**]

The attached except demonstrate each and every request for Admissions are relevant to deliberate indifference and ought to be answered or admitted for failure to answer.

### III.   REQUEST FOR ADMISSIONS:

¶ 1.   *Admit or deny* that on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order "that plaintiff's left inguinal hernia," Needs Repair.

¶ 2.   *Admit or deny*, that you never once examined the plaintiff regarding his inguinal hernia.

¶ 3.   *Admit or deny*, *Prison Health Services, Inc*., has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.   *Admit or deny*, that you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 5.   *Admit or deny*, that you do not know the actual size of plaintiff's hernia as of the date of your answering.

¶ 6.   *Admit or deny*, that the only way to stop a hernia from getting worse is to repair the defect through surgery.

¶ 7.   *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the

abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated').

¶ 8.    *Admit or deny*, you are an expert in Hernia repair.

¶ 9.    *Admit or deny*, you have performed surgery on hernias.

¶ 10.    *Admit or deny*, there is almost no limit to how big a hernia could without surgery.

¶ 11.    *Admit or deny* that medically there is no cure for a hernia without surgery.

¶ 12.    *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery.

¶ 13.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison.

¶ 14.    *Admit or deny*, a truss is the cure for a hernia.

¶ 15.    *Admit or deny*, plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia.

¶ 16.    *Admit or deny*, that that issuing of pain medication will not cure a hernia.

¶ 17.    *Admit or deny*, that it is a practice at Kilby regarding inmate sick call that inmates are asked by medical personal, Nurse Graves, or another nurse "Who wants to sign a waiver".

¶ 18.    *Admit or deny*, plaintiff requested to be seen by you but was seen by the nurse practitioner.

¶ 19.    *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery.

¶ 20.  *Admit or deny,* a strangulated hernia is an emergency situation that usually requires immediate surgery.

¶ 21.  *Admit or deny,* that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia.

¶ 22.  *Admit or deny,* that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

¶ 23.  *Admit or deny,* that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time.

¶ 24.  *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

¶ 25.  *Admit or deny,* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 26.  *Admit or deny,* that the opening of a hernia cannot heal itself.

¶ 27.  *Admit or deny,* medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 28.  *Admit or deny,* that plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 29.  *Admit or deny,* a truss is for temporary use.

¶ 30.  *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 31.  *Admit or deny,* the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

14

¶ 32.   *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 33.   *Admit or deny*, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 34.   *Admit or deny*, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 35.   *Admit or deny*, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 36.   *Admit or deny*, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 37.   *Admit or deny*, that plaintiff could have either a direct or an indirect inguinal hernia.

¶ 38.   *Admit or deny*, that you did not identify what type of hernia plaintiff has.

¶ 39.   *Admit or deny*, that a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 40.   *Admit or deny*, that a direct hernia is a less common hernia.

¶ 41.   Admit or deny, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia.

¶ 42.   *Admit or deny*, the very instruction Manuel given to me by Prison Health Services, Inc., the **"Fitting Instructions"** for Model **67-350** states pertaining to a hernia: ". . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY**."

¶ 43.  *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse.

### CONCLUSION

Plaintiff objects to each and every boilerplate objections raised regarding plaintiff's discovery request propounded on Michael Robbins.  Robbins is a treating physician unlicensed to make "surgical" decision and plaintiff is entitled to conduct discovery on the very person responsible for causing plaintiff to suffer.

This 19th Day of February 2008

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

COUNTY OF LIMESTONE )

STATE OF ALABAM              )

### DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **Marcellus Breach, AIS #160710**, I am over the age of twenty-one.  I am the plaintiff in this action.  I make this

16

declaration in support of my Motion to Compel defendant Michael Robbinsto answer my discovery request served on him on or about October 26, 2007. [**Court Doc. No. 187**]

On October 26, 2007 I served on the defendant's counsel a document: "**Plaintiff's Second -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants" which is attached as an Excerpt incorporated.**

Defendant sought an adjournment that was granted by the court to file a proper response to *February 8, 2008.*

On *February 10, 2008* I wrote to the defendant's counsel pointing out that his objections are improper and requested that he respond immediately.   A copy of my letters are attached as **Exhibit "A","B".**

On *February 10, 2008* plaintiff attached his letter with a pleading entitled: "Notice of Filing" to the court. [***Court Doc. N/A***] explaining to counsel that Michael Robbins responses are improper and requested that he have the request answered appropriately.    Defendant's counsel has not responded to the plaintiff's efforts to resolve the dispute.

Defendants' counsel did not respond to my letters.   I have written counsel numerous of times, and I have filed my notice of intent with the Court. Copies of my letters are attached.

**WHEREFORE,** the plaintiff request that the court grant this motion in all respects Under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746    This February 19, 2008.

_____
Marcellus Breach

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 19th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

# EXHIBIT
# "A""""B"

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710

  Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

  Defendants.

      *
      *
      *  CASE NO: 2:06-cv-1133-MEF
      *
      *

## NOTICE OF FILING

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant _to Rules 37(a)(2)(A), 37(a)(2)(B), 37(d) Fed. R. Civ. P._, hereby files the attached for the Record: Plaintiff states as follows:

1. Plaintiff has attached his letter to Attorney Paul M. James, regarding discovery requests that have not been answered Defendant William Hobbs and Michael Robbins, [Court Doc. No. 187 & 226]

  **WHEREFORE**, plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

       Done this 10ᵗʰ Day February 2008.

       Marcellus Breach 160710 ®

1

Limestone C.F.
28779 Nick Davis. Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 10th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

2

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*February 10, 2008*

RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:    **2:06-cv-1133-MEF  Letter of Intent**
Discovery Objections Defendant Hobbs and Robbins

Mr. James:

I am requesting that you correspond with me regarding to discovery request propounded on defendants Hobbs and Robbins.  You requested an extension of time to February 8, 2008.  However, I am objecting to your global objections as being improper.

Court Doc. No.'s 187 & 226 are in dispute.  The dispute is the objections raised.

In regards to the Instructions and Definitions as you have stated "plaintiff's self-defined instructions and definitions" I will at the appropriate time request that the Court review your unwarranted Admissions answers.   Furthermore, regarding self-defined instructions and definitions, Rule 33 governs the pretrial discovery process whereby a party to an action may request other parties to answer interrogatories relating to any matters permitted by Rule 26(b)(1) . Fed. R. Civ. P. 33(a) . The responding party must answer "separately and fully . . . under oath" or object, in which case the party must "state **the reasons for objection" with "specificity" and "shall answer to the extent the interrogatory is not objectionable**." Fed. R. Civ. P. 33(b) . An interrogatory is not objectionable "merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." Fed. R. Civ. P. 33(c) .

As the responding party, the medical defendants are required to respond fully and completely to the interrogatories. Fed .R. Civ. P. 33(b)(1) . A partial answer is not candid and will be deemed evasive, examples will not suffice when a requesting party asks for "all" of anything, and answers such as "including, but not limited to," will not be accepted. *Herdlein Tech., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) ; Fed. R. Civ. P. 37 (a)(3) .

Within five (5) days from receipt of this letter being mailed to your office on February 10, 2008 I will immediately file a motion to compel responses.

I do hope that we can resolve our discovery disputes without asking the Court to intervene.  The documents requested are mainly the physician's notes, if there are none, and then I would request that you have them answer the Interrogatories accordingly.  Any <u>prefaced responses and objections with </u>general objections.    **Rule 33** is clear that objections should be stated with "specificity." Fed. R. Civ. P. <u>33</u>(b).  Your global objections are improper and the Court will ignore them unless Defendant specifically asserts them in response to an interrogatory.

I hope to hear from you soon regarding this issue.

Sincerely,

Marcellus Breach

**NOTICE: Request to be filed with the Court**

CLERK OF COURT
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512