### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### MIDDLE DIVISION

RECEIVED

2008 FEB 21  A 10: 04

DEBRA P. HACKET
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,                    *

    Plaintiff,                                              *

                                       *      CASE NO: 2:06-CV-1133-MEF

Vs.                                                           *

PRISON HEALTH SERVICES, INC.,                  *

    Defendants.


*MOTION TO STRIKE /OBJECTION TO PRISON HEALTH'S SERVICE'S RESPONSE*
*[TO COURT DOC. 374]*

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper

person "Pro Se," moves the Court to strike "Prison Health Service's Response to Order

on Motion [**Court Doc. No. 374**]. PHS, was not, ordered to file a response; Dr. William

Hobbs, was ordered to file an "Affidavit" and this disingenuous response to not

admissible towards any defense regarding Hobbs.   Furthermore, such response

completely, ignores the court's instructive order on Hobbs, specifically pursuant to *Rule*

*33(b)*, *Federal Rules of Civil Procedures, the court's order* specifically is directed and

addressed to Defendant William Hobbs and Hobbs shall sign **his name** in the form of an

Affidavit regarding the matter before the Court.   Plaintiff shows that the response is

totally outside the Court's initial **order** upon the defendant. [**Court Doc. No's. 374−1**]

1

1.    On *January 2, 2008* plaintiff filed a motion to require disclosure by defendant William Hobbs **[Court Doc. 354]** and on *January 9, 2008* the court granted same with specific instructions, directed upon William Hobbs to respond by *February 8, 2008.* **[Court Doc. 375-1, Order]**

2.    [1]Counsel requested an extension of time; however, on February 14, 2008 counsel files a response under the guise of Prison Health Services, who was not, cannot respond for Dr. William Hobbs when the court specifically directed Hobbs to file an Affidavit which PHS's response utterly and completely fails to comply with the specific directives of the order entered on *January 9, 2008* **[Court Doc. No. 354]**.

3.    **[Court Doc. No. 354-1, Order]**

      "[. . .]

      "ORDERED that on or before February 8, 2008 defendant **Hobbs shall file a response that: . . . .** "

      [...]

3.    Plaintiff moves the court to take judicial notice to **[Court Doc. No's. 375, 418 & 420-1, 453-1, Order on George Lyrene]**, PHS has file a very identical frivolous filing as ADOC being a dummy response and this response is not acceptable.  Paul M. James, Jr.,

---

[1] May the Court take Judicial Notice to Lyrene's response **[Court Doc. 418]**.  Lyrene actually submitted a **signed Affidavit** as required **[Court Doc. 357]**.  The request is directed to Dr. George Lyrene not ADOC.  Lyrene is a separate contractor, and ADOC counsel, Albert Butler answered the request is objected to, because the Order is specifically directed to Lyrene.

is not William Hobbs; PHS is not William Hobbs. William Hobbs must sign an Affidavit; he has already admitted unto the court that ADOC has a protocol.

4.    On February 14, 2008 PHS attorney Paul M. James, Jr., <u>cannot answer</u> for Hobbs when the discovery request and order is directed to Hobbs who must answer with a sworn verified Affidavit. Plaintiff objects, Hobbs must sign his name to the response and it must be verified. Plaintiff further objects to the denial of this specific request under relevant terms. Plaintiff objects for the Record that plaintiff's discovery requests are being ambushed.

5.    <u>Rule 33(b)(1 and (2)</u>, *Federal Rules of Civil Procedures* is clear: the answer must be <u>signed and verified</u> by Hobbs. Plaintiff objects to the PHS response that **is not signed** by William Hobbs is insufficient. Furthermore, PHS's response does not include the verification required by <u>Fed. R. Civ. P. 33(b).</u> Since defendant William Hobbs has not yet provided it, he must provide plaintiff with the sworn verification, signed under oath by defendant **himself, not by his counsel of record**, in full compliance with <u>Fed. R. Civ. P. 33(b)(1) and (2).</u>

6.    Defendant's are "ambushing" discovery and plaintiff objects to the court turning away and granting defendants so much lead way. The Record is silent regarding Hobbs statement unto the court, sworn under oath that ADOC has a protocol and plaintiff must meet this protocol before surgery will be authorized. Plaintiff objects.

3

WHEREFORE, Plaintiff moves to strike and objects for the Record pursuant to Rule 33(b)(1) and (2), Federal Rules of Civil Procedures.

This 15th Day February 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.'
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 18th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach