IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
MIDDLE DIVISION

2008 FEB 22  A 10: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,      *

    Plaintiff,                  *

Vs.                              *   CASE NO: 2:06-CV-1133-MEF

                                 *

PRISON HEALTH SERVICES, INC.,   *

    Defendants.

*ADDENDUM -----PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST / LOUISIANA MEDICAL RECORDS [COURT DOC. NO. 461]*

**COMES NOW**, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," request leave to file his Addendum to his written objections to the magistrate judge's order [**Court Doc. No. 414, 436, 447**] corresponding with this Honorable Court's <u>Order To Show Cause</u> [**Court Doc. No. 461**] regarding <u>Rule 34(a) Federal Rules of Civil Procedures,</u> plaintiff's request for production of documents, specifically all of plaintiff's Louisiana Medical Records: Plaintiff in further support request the Court take Judicial Notice of the Record, [**Court Doc. No. 21, Exhibit "A" "Motion for leave to File Necessary Relevant Evidentiary Materials and Affidavits in Support of Plaintiff's Imminent Danger of Serious Physical Injury" February 7, 2007**] that is germane to the issues before this Court regarding concealed evidence, consistently withheld that is

1

relevant to deliberate indifference. In further support thereof, plaintiff would show as follows:

1. Attached **Exhibit "A"**, demonstrates what plaintiff over 15-months complains has been concealed from the magistrate judge and the plaintiff. Plaintiff has been requesting the defendant produce this specific grievance, and all of his Louisiana medical records more specifically, the **"FRONT and BACK"** of this **"LCS Corrections Services, Inc.,"** **Offender Grievance No. 06-215** dated received *June 26, 2006* by Warden Viator at the private prison in Louisiana. Plaintiff is attaching this copy, which is deficient because it will not reveal the ADOC's response to the surgery request. The response to the surgery request is on the "BACK" of this grievance.[1] Compel is necessary because, first, defendants have had this grievance, secondly, defendants are obligated to produce plaintiff's complete medical records including the "front" of copy of this, every medical grievance pertaining to this case. The Court, and the plaintiff needs the "**BACK**" of <u>this specific grievance which is in his medical records being Louisiana medical records</u>.

Plaintiff complains that this grievance has not been produced not including PHS withholding medical records for over 15-months creating voluminous filings. The

---

[1] Plaintiff did get a copy of the Louisiana medical records when he was in Louisiana because he sued the private prison. However, the fax report and the response to the requested grievance were copied, but an error occurred in the copying process. Attorney Chirs Edwards in Louisiana provided plaintiff a copy, but, ADOC, PHS, have not one time, produced the medical records. The fax report is in the Louisiana medical records, the BACK of this grievance is in the Louisiana medical records. Plaintiff actually personally saw the fax report while having a meeting with Dr. Tassin in Louisiana. Defendant cannot tell plaintiff what and what does not exist concerning his medical records, he knows his records. Plaintiff did not receive a copy of the complained grievance and fax report while in Louisiana which was evidence, plaintiff's case failed when plaintiff was transferred back to Alabama due to lack of access to Louisiana Law.

2

importance of the back of this grievance is, ADOC's response, their actual denial of surgery is on the back of this grievance.

In further support, plaintiff moves the Court to take "Judicial Notice" to the Record: **Court Doc. No. 21, Exhibit "A"**, a document entitled **"Motion For Leave To File Necessary Relevant Evidentiary Materials and Affidavits In Support Of Plaintiff's Imminent Danger of Serious Physical Injury"** filed on *February 7, 2007.* For demonstration purposes, plaintiff's **Exhibit "A"** is the "LCS Offender Grievance" reflecting Alabama Inmate James Reagan who also was transferred to Louisiana with the plaintiff in March 2006 to the same prison. If the Court will take judicial notice to that specific grievance, Ruth Naglich's response is written by nurse Maxie at the private prison on the "**BACK**" of this grievance, just like plaintiff's grievance response, it is on the back. Also, both responses will reflect defendant Ruth Naglich did so, deny Reagan surgery, that was recommended by two doctors, specifically Dr. Tassin while at the private prison. Ruth Naglich's response regarding James Reagan is "[Reagan's] . . . [T]he condition will only recur". Naglich is not a doctor. Reagan did so, obtain an Order on preliminary injunction against the Louisiana prison and the Court ordered that Reagan be seen by a surgeon and follow-up with necessary treatment, *i.e,* surgery. Naglich intercepted and defendant Brandon Kinard intercepted this from being performed and then, subsequently transferred Reagan back to ADOC along with her instruction to

Kinard to have plaintiff returned to ADOC on <u>October 6, 2006. [See, Affidavit Naglich, February 14, 2008]</u>.[2]

James Reagan did not either see a surgeon nor actually have the Court's order fulfilled while in Louisiana because Naglich intercepted the Court's order and transferred both plaintiff and Reagan back to ADOC. Reiterated, Naglich admitted she instructed Brandon Kinard to have plaintiff transferred back to ADOC; however, the Court needs to know that plaintiff also, had a court date set for on or about <u>October 21, 2006</u> regarding an application for preliminary injunction against the private prison regarding his hernia and requested the Court order the private prison to send plaintiff to a surgeon and order necessary follow up treatment because plaintiff was experience severe pain. Naglich and Kinard intercepted the October 21, 2006 hearing date, subsequently transferring plaintiff back to ADOC to be seen by a nurse practitioner who is not licensed nor qualified to make surgical decisions, and in this case, defendant Bradford Adams, nurse practitioner did, resulting into an enlargement of plaintiff's hernia, and a deteriorated health and more pain.

Naglich has admitted in her recent Affidavit **[ADOC Defendants' Response To Court Order (Document # 452) filed on February 14, 2008)]**:

---

[2] Reagan and Breach both filed suits in Louisiana. Breach obtained a "Temporary Restraining Order" against the prison for various constructional abuses, i.e., retaliation, mail tampering, access to the courts, no exercise, no religion, basically nothing but an abuse: Futhermore, the second portion of his application for preliminary injunction was regarding surgery. Breach's preliminary injunction was postponed to a "no set date" on stipulation with CLCS counsel Chris Edwards. However, in October Breach reinitiated his application for preliminary injunction seeking an order for surgery. A date was set for on or about October 21, 2006 at the District Court of Evangeline Parish, Ville Platte, LA. DC-00067886-B Honorable Judge Thomas Fuslier presiding.

4

> "... The medical staff from the Louisiana facility <u>notified my office</u> by phone that the inmate was threatening to 'sue' the medical staff because he wanted surgery although he did not have a physician order for the procedure. <u>I instructed Brandon Kinard to contact Southeast Louisiana Correctional facility to have inmate Marcellus Breach returned to an ADOC in-state facility to be examined for an alleged hernia.</u>"

Exhibit "B" is the portion of the Louisiana medical records that have been concealed by defendants over 15 months. This exhibit reflects that Naglich has so much information, documents she continues to withhold them. On 7-10-06 nurse Maxie notes on the medical records:

> "**We faxed a report to Ruth Naglich in reference to inguinal hernia inmate requesting repair [and] is filing a lawsuit to have surgery done.**"

Naglich denied any knowledge of any communication with Louisiana medical staff in her answers to Interrogatories. Now, Naglich admits that the medial staff contacted her. She uses phone, but a fax is sent via phone line. She has the fax and other documents, memos; she must have kept some records in the course of business activity. If not, she failed in her supervisor position to keep adequate documents regarding plaintiff's medical issue between her and Louisiana medical personnel.   Secondly, *Exhibit "B"* reflects **two (2) days later**, on 7-12-06 defendants Brandon Kinard called Diana Lott, nurse administrator with detailed instructions:

> "**Received a call from Brandon from Alabama re ' Inguinal Hernia – stated Hernia repair not done there – unless incarcerated or into scrotum. This subject has not c/o hernia since seen by Dr. Tassin 3-21-06 – Subject placed on sick call for 7-18-06 to see if he needs a referral to a surgeon.**"

5

Based on instructions between Naglich to Kinard, whom she admits she instructed Kinard to transfer plaintiff back to ADOC; she instructed Kinard and Lynn Brown to visit plaintiff at Kilby. How did she obtain the information that she swears under oath if she, as previously stating, had no knowledge about this case or any involvement; but, turns right around and admits she instructed Kinard to perform several duties regarding this case. **Exhibit "B"** reflects:

> " 7-17-06 at "9:40 a.m., phone call received from Lynn Brown and she will return call on previous fax on 7-10-06 awaiting return call for follow up." Nurse Maxie.

Next, since Naglich admits Louisiana medical personnel contacted her: the Louisiana medical records reflect a fax reports was faxed to her regarding surgery; and Lynn Brown calling regarding the 7-10-06 fax; also, the records reflect Brandon Kianrd calling two days after Naglich received the fax report demonstrates Naglich and all defendants are not being truthful, but are still concealing evidence.

## CONCLUSION

[3]Lastly, **Exhibit "C"** will reflect just how long defendants have had plaintiff's Louisiana medical records. **Exhibit "C", is "PHS's Authorization For Release Of Informtion"**. It is the very medical release the plaintiff signed with nurse Graves at Kilby Correctional Facility on <u>December 27, 2006.</u> PHS requested the medical records, they received them, and they have concealed them over the entire course of this litigation not

---

[3] This case was first filed December 2006. Not one time did PHS ever disclose the medical record to the magistrate judge. 15 months later, PHS admits they have had the medical records. Sanctions are necessary.

6

limited to, Brandon Kinard receiving a copy of the records directly from plaintiff on *December 23, 2006.* Sanctions are warranted to stop this continued abused making a mockery of the justice system.

    Plaintiff moves this Court for the following relief:

a.     Compel Defendants to perform the following:

b.     Issue Sanctions on defendants due to withholding evidence; issue an appropriate regarding Sanctions that plaintiff expand regarding the request for sanctions included not limited to monetary award; and,

c.     Compel defendants to produce all of plaintiff's Louisiana medical records, completely, verified under oath, specifically the **Grievance No. 06-215 the FRONT and BACK** and the **Fax Report** that is contained in his medical file at the South Louisiana Corrections Services, Inc., in Basile Louisiana.

d.     Any and all documents, communications between Naglich and Kinard, and any and all documents, memos in Naglich's possess pertaining to her communications with medical personnel at the private prison in Louisiana regarding plaintiff as admitted in her recent Affidavit.

e.     Grant what this Court deems fair and appropriate.

    Respectfully Submitted,
This 20th Day of February 2008.

    */s/ Marcellus Breach*
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 21st Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101


**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____

Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

# EXHIBIT "A"

## CERTIFICATION OF DOCUMENTATION

To Whom It May Concern:

This is to certify that the attached photographic reproduction of records are true and exact photocopies of the inmate records for _Marcellus Breach A#760710_, an inmate at _South La Con Ch._.

The copy of the records was prepared by an employee of LCS Corrections Services, Inc. in the ordinary course of business.

_Claudia Jordan_
Employee of LCS Corrections Services, Inc.

DATE: _3/16/07_

WITNESS: _Barbara L Fuselier_



OFFICIAL SEAL
BARBARA L FUSELIER
NOTARY PUBLIC No 52894
STATE OF LOUISIANA
PARISH OF EVANGELINE
My Commission Expires with life

# LCS CORRECTIONS SERVICES, INC.

## OFFENDER GRIEVANCE

## SOUTH LOUISIANA CORRECTIONAL CENTER

Is this an emergency grievance?    Yes _____    No _____

OFFENDER'S NAME _Marcellus Beech_    LOCATION _Beatcat 2_

Time & Date of Incident: _____    Location of Incident: _____

Name & Location of Witnesses: _Medical_

Name of Personnel Involved: _Medical_

Summary of Complaint: _I've been recommended for surgery for a hernia. I've yet seen anyone to have surgery._

_Serious Medical Need._

Specific Relief Desired: _Surgery_

Today's Date: _6/18/06_    Offender's Signature: _Marcellus Beech_

---

Grievance #: _06-215_    Date Rec'd: _JUN 26 2006_

Type: _100_    Screened by: _WARDEN VIATOR_

Policy/Procedure Challenged? Yes _____    No _____

_____ Hold pending decision in grievance # _____

_✓_ Accepted and Referred to _NURSE MAXIE_.

---

_____ Rejected/Returned for the following reason: _____

Date: _____    Warden or Designee Signature: _____

000033

# EXHIBIT "B"

## LCS CORRECTIONS SERVICES, INC.
### Nurse's Notes

Facility __SLCC__

Offender: __Breach, Marcelus__     Offender #: __A160710__

| Date/Time | Notations | Signature/Title |
|---|---|---|
| 3/20/06 | Intake screening complete c̄ ↓ bunk profile, given Cantle | M Maxey |
| 3/21/06 | Saw MD on r/c c̄ new orders | M Maxey |
| 4/12/06 | PSC done → new orders | M Maxey |
| 6/02/06 | Scheduled to go to Dr. Perkins for dental work this date | M Maxey |
| 6/2/06 | Returned c̄ no paperwork or new orders | M Maxey |
| 6/8/06 | Trip papers made for Dr. Wood — sur on 6/13/06 | M Duggan |
| 6/13/06 | Returned c̄ NNO; return for f/u | M Maxey |
| 6/28/06 | Trip papers made for Dr Perkins on 6/30/06 | M Duggan |
| 6/30/06 | Cancelled Dr. Perkins due to limited appt x 20 inmates | M Maxey |
| 7.12.06 | Received a call from Brandee from Alabama re: Inguinal Hernia - Stated Hernia repairs are not done there - unless incarcerated or into scrotum. This subject has not so hernia since seen by Dr Tassin 3.21.06 - Subject placed on sick call for 7.18.06 to see if he needs a referral to a Surgeon | D Jott |
| 7/10/06 | We faxed report to Ruth Naglich in reference to inguinal hernia inmate requesting repair & is filing a lawsuit to have surg done | M Maxey |
| 7.12.06 | 9:40 AM Phone call received from Lynn Brown and she will return call on previous fax on 7/10/06; awaiting return call for follow up | M Maxey |
| 7.17.06 | @ 4:25 PM Brought to medical - Left inguinal hernia easily reducible - no c/o pain | D Jott |
| 7/18/06 | Saw Dr Tassin & No change in hernia & no new orders given | M Maxey |

## LCS CORRECTIONS SERVICES, INC.
### DOCTOR'S ORDERS SHEET

Offender Name: Breach, Marcelus  DOC#: AL160710

| Date / Time | Allergies: NKA |
|---|---|
| 3-21-06 | Hernia (L) Inguinal Hernia Needs repair? |
| | *[signatures]* M. Mapy |
| 4/12/06 | IBP 400mg BID til dental |
| | Dr. Tassin / M. Mapy |
| 7/18/06 | Not Pt has (L) Inguinal Hernia Not Incarcerated, Elective procedure |
| | *[signature]* M. Mapy |

# EXHIBIT "C"

337432-5497



Fax (334) 215-9126
Phone (334) 215-6678

## Authorization for Release of Information

To: Dr. John A. Tassin
South Louisiana Correctional CTR
3843 Stagg Rd
Basile, Louisiana

From: PHS - Kilby
PO Box 11
Mt. Meigs, Ala.
36057

Patient: Breach, Marcellus

Inmate ID No.: 160710

Alias: _____

Social Security No: 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

Date of Birth: 7-28-69

Date(s) of Service: 3/2006 - 10/06

I hereby authorize the above named provider to release to Prison Health Services, Inc. or any of its representatives the following confidential information:

[✓] Physician/Provider's summary of my diagnosis, medications, treatments, prognosis and recent care

[ ] Admission   [ ] Discharge   [ ] Operative Summary Reports

[ ] X-Ray   [ ] Special Studies Reports   [ ] HIV Test   [ ] T B Test

[ ] Laboratory Reports   [ ] Immunization History   [ ] Dental Treatment Records

[ ] Psychiatric Summary Report   [ ] Substance Abuse Treatment History & Counseling Reports

[✓] Other Records  re: (L) Inguinal hernia evaluation + Treatment, old records / old charts
(Specify information requested)

This authorization shall remain in full force and effect until withdrawn in writing by me. I hereby release and agree to hold provider harmless from any and all liability that may result from such release of information.

✗ _Marcellus Breach_ AIS#160710  12/27/06
(Patient's Signature)   (Date)

_Lewis, LPN_   12/27/06
(Witness' Signature)   (Date)

The information requested is recognized as confidential and will be used only to ensure prompt and appropriate treatment of the named patient.

_Charlotte Foster_   12/28/06
(Signature and Title for PHS)   (Date)

60102 (11/02)

000003