IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

CASE NO: 2:06-CV-1133-MEF

**ADDENDUM ----- PLAINTIFF'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE'S ORDER / MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT RUTH NAGLICH [COURT DOC. NO. 458]**

***COMES NOW***, plaintiff *Marcellus Breach* (hereinafter "Breach) in proper person "Pro Se," moves to submit his "Addendum" to his previously filed written objections to the magistrate judge's order regarding plaintiff's motion to compel responsive answers to plaintiff's discovery request propounded upon defendant Ruth Naglich. In further support of plaintiff's objections, plaintiff would show as follows:

1. In reference to Court Doc. Number 458, plaintiff will demonstrate that Ruth Naglich has been evasive, nonspondsive, and basically untruthful regarding her responses to plaintiff's Interrogatories, especially production of documents.

    Plaintiff refers to **Interrogatory No. 2:**

1

"Have you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action?"

Naglich's responsive answer is: "**Yes: Albert Butler, ADOC counsel.**"

2. **Plaintiff's Interrogatory No. 9 plaintiff asked the question:**

"Please *"identify"* person(s), and the *"identity"* in reference to any document, sent, received, while disclosing the substance of any and all communication pertaining to the incident, on or before 7-12-06 or 7-10-06 at 9:40 a.m., in reference to the 7-10-06 fax report and the follow up call to South Louisiana Correctional Services Inc., regarding request for approval for surgery."

Naglich's response to **Interrogatory No. 9.:** "I am not aware of the existence of any specific documents outside of what is contained in the inmate's medical chart."

3. Plaintiff's **Interrogatory No. 15**: "Identify by document" the responsibilities of Brandon Kinard regarding medical treatment, "incident" regarding both 3-21-06 order and recommendation and 7-12-06 response / incident."

Naglich's response to **Interrogatory No. 15.**: Brandon Kinard has no responsibility in the direct treatment of an ADOC inmate of the recommendations for treatment. His responsibilities are to report the findings of the treating physician or practitioner."

### POINT "A"

In regards to plaintiff's request for production of documents, plaintiff specifically requested Naglich disclosed any substance of communications regarding this incident. Request for production page 12, ¶ f, :

2

"To disclose any and all inculpatroy materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion."

Naglich did not produce one document, nor disclose any communication substances in her response to plaintiff's discovery request.

### POINT "B" / ARGUMENT

### NAGLICH HAS INFORMATION, BUT SHE IS CLEARLY WITHHOLDING EVIDENCE

Plaintiff request that the Court review the latest Affidavit submitted by Ruth Naglich filed on *February 14, 2008*, entitled: **ADOC Defendants' Responses To Court's Order (Document # 452).**

Naglich claimed to have absolutely no knowledge, neither information, nor any involvement in this case is demonstrated as untrue. Naglich stated in her most recent Affidavit a different set of facts different from her responses to Interrogatories were she insisted that she has / had no knowledge is basically untrue. Naglich's Affidavit demonstrates that she has been involved in this case to deny plaintiff the only treatment available, which is surgery.

First of all, regarding the "concealed evidence" the "fax report" sent to Naglich on or about 7-10-06. In her affidavit she attempts to twist the fax into a phone call. The medial records reflect different; that it is and was a fax. Naglich's attempt to continue to conceal evidence is debunked. Because she now admits she has "knowledge" to the fax,

3

phone call.    In addition, she forgets that to send a fax report, requires a phone line. Naglich states:

> ". . . The medical staff from the Louisiana facility notified my office by pone that the inmate was threatening to 'sue' the medical staff because he wanted surgery although he did not have a physician order for the procedure. I instructed Brandon Kinard to contact Southeast Louisiana Correctional facility to have inmate Marcellus Breach returned to an ADOC in-state facility to be examined for an alleged hernia."

The evidence being that of the Louisiana "portions" of the canceled evidence reflects a different story, but casually connects Naglich to this case. The medical records reflect that first, <u>3-21-06 Dr. John A. Tassin's</u> order and recommendation is plaintiff's inguinal hernia "Needs Repair?". The Affidavit from Dr. Tassin reflects that he stated that he was questioning surgery. It is well medically known that Dr. Tassin as a general physician is, and was not qualified to make surgically decisions; only a surgeon can make such a decision. However, Dr. Tassin was wise, he did not step beyond his medical qualifications unto making surgery determinations. Continuing, the medical records reflect that 7-10-06; a fax report was faxed [via phone] to Ruth Nalich regarding surgery. **Two (2) days** later, as Naglich stated, admitted that "she" instructed and the evidence reflect involvement that Brandon Kinard did so, two days later called Diana Lott in Louisiana the nurse administrator with instruction that plaintiff cannot have surgery unless his hernia is incarcerated or into he scrotum. Naglich further admits that she instructed Brandon Kinard to have plaintiff-transferred plaintiff <u>back to Alabama</u>. She did not explain to the Court that plaintiff had a "pending" preliminary injunction

4

hearing set in the State Court in Louisiana for on or about <u>October 21, 2006</u> for a hearing regarding "surgery" for his hernia. She stopped, intercepted the Court appearance, instructed plaintiff to be returned to Alabama.[1]

She also admits that she instructed Brandon Kinard and Lynn Brown to go to Kilby Correctional Facility to meet with the plaintiff. However, she has not disclosed the communication nor any documents, reports, memo's from Kinard "reporting" back to Naglich after his meeting with plaintiff at Kilby on <u>December 23, 2006</u> at the captain's office is relevant, and discoverable.

Plaintiff personally placed a true copy of the Louisiana medical records into Brandon Kinards hands with Lynn Brown present; which, only after 15 months have "some" of these medical records been reproduced. Kinard personally told plaintiff:" I am going to give you your surgery." What did Kinard do with the Louisiana medical records plaintiff hand delivered to him in on or about <u>December 23, 2006?</u> <u>They have not, were not ever produced to this Court is clearly concealing evidence.</u> What did Kinard communicate to Naglich after following her instructions to visit with plaintiff at Kilby. Discovery request, requested she disclose all communication and she hasn't.

---

[1] Plaintiff did not "threaten" anyone, but did so, filed a lawsuit in Louisiana and it was active. Plaintiff also filed the lawsuit for James Reagan, the very Exhibit Court Doc. 21, Exhibit "A" that has Ruth Naglich "denying" two doctors recommendations for James Reagan to have surgery. Plaintiff knows his case, and Reagan's case. He filed the lawsuits in Louisiana. James Reagan was successful in obtaining a preliminary injunction in Louisiana State Court and a Court Order to a referral to a surgeon, and surgery. James Reagan and plaintiff both were subsequently transferred back on October 6, 2006 to ADOC. Reagan eventually had surgery by PHS, upon writ of cert in Montgomery County Alabama. Plaintiff filed the writ of cert but surgery was performed on Reagan and mooted the writ.

5

Morethanless, plaintiff moves this Court to take judicial notice to the Record in this case. **Court Doc. No. 21, Exhibit "A"**. This exhibit will reflect a grievance of an Offender named James Reagan. Mr. Reagan was recommended by at least two (2) doctors and a surgeon to have surgery on his hands. However, may the Court review the "**BACK**" of this grievance and the Court will find Nurse Maxie, stated that Ruth Naglich "denied" surgery because <u>"it would only recur"</u>. Naglich is only a nurse. She has, and has been all along the very person denying inmates surgery. This exhibit is identical to the offender grievances that defendants are withholding from the Court pertaining to plaintiff, because the South Louisiana Corrections Services, Inc., Offender Grievance No. 06-215 filed June 25, 2006 pertaining to plaintiff's request for surgery, has not been disclosed and ought to reflect defendant's involvement. [2]

## CONCLUSION

Ruth Naglich can deny what she wants. A jury will decide whether she is truthful. Plaintiffs moves this Court based on Naglich's most recent Affidavit reflecting her knowledge and personal involvement, which she has been withholding in this case, and compel Naglich to answer more fully to the discovery matters which are in dispute.

Respectfully Submitted,

This 20th Day of February 2008.

---

[2] **Court Doc. No. 21, Exhibit "A"** plaintiff encourages this Court to review the response to that grievance pertaining to James Reagan

6

*[signature]*

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY, that I have this 21st Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®  *[signature]*
Marcellus Breach