EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2008 FEB 27  A 9: 59

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

      Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

      Defendants.

\*
\*
\*
\*
\*
\*

CASE NO: 2:06-cv-1133-MEF

## *PLAINTIFF'S MOTION TO COMPEL ANSWERS TO HIS INTERROGATORIES ON DEFENDANT FOR HIS FAILURE TO ANSWER HIS INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND ADMISSIONS*

**AND NOW,** this 25th Day of *February* 2008, plaintiff *Marcellus Breach* (hereinafter

"Breach") in proper person "Pro Se," respectfully moves this Court, as follows:    In

respect to plaintiff's request for discovery propounded on defendant Brandon Kinard

entitled: "*Plaintiff's Tenth --- Second Set of Interrogatories and Request For Admissions,*

*For Production of Documents To Defendant Under Fed.R.Civ.P., [Brandon Kinard]*":

1.     Under *Rule 37(a)(2):*

    (a)    To compel defendant Brandon Kinard to answer plaintiff's interrogatories

in their entirety no later than what the court deems appropriate; and,

2.     Under *Rule 37(b)(2):*

    (a)    To preclude defendant Brandon Kinard from asserting any objections to

plaintiff's interrogatories,

1

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

(b)     To treat as a contempt of court the failure of defendant Brandon Kinard to answer plaintiff's interrogatories by a set date by the court;

(c)     To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d)     To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)     To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant under Count I, II, II, IV, and V, VI, of plaintiff's complaint; and,

3.     Under *Rule 37 (d):*

(a)     To preclude defendants from asserting any objections to plaintiff's interrogatories;

(b)     To treat as a contempt of court the failure of defendant Brandon Kinard to answer plaintiff's interrogatories by date set by the court; and,

(c)     To decide all contested issues of fact embraced by plaintiff's interrogatories in favor of plaintiff;

(d)     To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)     To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant under Count I, II, III, IV, V and VI of plaintiff's complaint; and,

4.     Under *Rule 37(d):*

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

      (a)    In regards to withheld Louisiana medical records of the plaintiff:  order that the matters contained in the withheld documents be taken to be established; refuse to allow the nonresponsive party to support or oppose claims or defenses related to the withheld documents;

5.     Under *Rule 36(a)(b):*

      (a)    That plaintiff request for Admissions propounded on defendant and properly served conjunctively with Discovery request [Attached Excerpt] be deemed admitted.

### *HISTORY OF THE FACTS*

Judicial Notice to the Record regarding several responses from defendant are evasive, incomplete and nonresponsive.  In addition, Judicial Notice to "ADOC Defendant Brandon Kinard's Response To Requested Discovery" filed on or about 17th Day of *December* 2007, Kinard claimed to have no or very little knowledge of the facts in this case regarding what transpired between him and the Louisiana medical personnel regarding surgery for plaintiff's inguinal hernia.

**[Plaintiff's Fifth – Set of Interrogatories and Request For Admissions, For Production of Documents To Defendant Brandon Kinard, Court Doc. No. N/A filed on or about November 13, 2007]:**  Kinard's responses contradict what recent Affidavit defendant Ruth Naglich recently admits Kinard's involvements in this case, but Kinard denies involvement is questionable when Naglich is Kinard's supervisor.

**[Judicial Notice]**

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

Plaintiff's Interrogatory Number 5:

"**What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant information of the "incident" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation on 3/21/06.**"

*a.*    Brandon Kinard's response to Interrogatory No. 5:

"I have no knowledge of any specific individuals or their whereabouts."

¶ 3.    *Plaintiff's Interrogatory Number 7:*

"Disclose and "*identify by document,*" any and all verbal, written communications to any person(s) regarding this *incident* if any, "*identify by document,*" any and all response(es) with any and all persons not limited to your supervisor regarding the "*incident*" in question including and not limited to Linda Lawrence, and Ruth Naglich."

a.    Brandon Kinard's response to Interragory Number 7:

"All information has been included in inmate's medical record or filed in the court in an affidavit."

¶ 4.    *Plaintiff's Interrogatory Number 11:*

"*Specifically identify by document*" whether you or has anyone acting in your behalf obtained from any person or persons any "*documents*", report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action more specifically the medical records delivered directly to you on or about December 20 2007, at Kilby Correctional Facility, by plaintiff."

a.    Brandon Kinard's response to Interrogatory Number 11:

"No."

¶ 5.    *Plaintiff's Interrogatory Number 12:*

"I*dentify"* and disclose the substance of any verbal, written communication between you and any other person(s) upon reviewing

4

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

these medial records you received from the plaintiff on or about <u>December 20, 2007</u>. "

  a. Brandon Kinard's response to Interrogatory Number 12:

"All information has been included in inmate's medical record or filed in the court in an affidavit**."**

¶ 6. *Plaintiff's Interrogatory Number 13:*

"Please explain and disclose any verbal substance(s) relating to your communication with medical personnel at "SLCC", on 7/12/06, and *identify by document*, the reason(s) regarding this incident, "*specifically identify by document*" any person(s) who instructed you relating to any reason(s) why your name is on the medical records reflecting that you called nurse administrator Diana Lott on 7/12/06 stating hernia repair not done there unless incarcerated or into scrotum."

  a. Brandon Kinard's response to Interragory Number 13:

"I can not recall any specifics of such conversation."

¶ 7. Plaintiff's Interrogatory Number 14:

"*Specifically identify by document*" authority, reason(s) and disclose the substance pertaining to your statement on or about <u>December 20, 2006</u> verbally to the plaintiff that you specifically had plaintiff transferred from Louisiana to Kilby Correctional Facility per the Alabama Department of Corrections' Office of Health Services, for an evaluation by the clinician at Kilby on <u>October 6, 2006</u>.

  a. Brandon Kinard's response to Interrogatory Number 14:

"Yes, I did."

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26. 2007]

## ISSUE NO. 1

### *RUTH NAGLICH'S CONFIRMATION THAT BRANDON KINARD DID HAVE INVOLVMENT INT HIS CASE, SUPPORTS PLAINTIFF'S DISCOVERY REQUEST*

Plaintiff is entitled to learn defendant's position in this case. Defendants cannot continue to hide a needle in a haystack. Discovery is requested because plaintiff is entitled to learn what involvement Kinard played in this case.

Kinard's nonresponsive answers are not sufficient to past discovery request. However, what is interesting, on or about *February 11, 2008* co-defendant Ruth Naglcih, Kinard's supervisor disclosed information regarding Brandon Kinard's involvement. Ruth Naglich stated what Kinard has filed to disclose:

> " . . . **The medical staff from the Louisiana facility notified my office by phone that the inmate was threatening to 'sue' the medical staff because he wanted surgery although he did not have a physician order for the procedure. I instructed Brandon Kinard to contact Southeast Louisiana Correctional facility to have inmate Marcellus Breach returned to an ADOC in-state facility to be examined for an alleged hernia. . . . I did instruct Brandon Kinard and Lynn Brown to go to Kilby and speak to the inmate as to why he refused to be seen by the physician for his complaint . . . . "** *id.* **[Affidavit Ruth Naglich Court Doc. No. N/A filed on February 14, 2008]**

What is more interesting, although Naglich's ostensible Affidavit is not based on "personal knowledge" she has disclosed facts that plaintiff has alleged from the outset of this case; but, Kinard has sworn that he knows nothing. Discovery is requested.

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

## STATEMENT OF THE FACTS

On *November 26, 2007* the plaintiff filed a document entitled: "**Plaintiff's Tenth --- Second Set of Interrogatories and Request for Admissions, for Production of Documents to Defendants".** [*Exhibit "B", Attached*, & **Court Doc. N/A**] The Discovery request is directed to defendant Brandon Kinard at Alabama Department of Corrections.

[1]On *January 29, 2008* plaintiff wrote counsel for the defendant pointing out that Brandon Kinard's response was late and that plaintiff was requesting that he respond immediately. [**Exhibit "A"**]

On *January 29, 2008*, plaintiff attached the letter with a pleading entitled: "**Notice of Filing**" to the court. [***Court Doc. N/A***] explaining to counsel that Brandon Kinard has not answered the interrogatories, production of documents or the admissions request. Plaintiff explained to counsel that Kinard has not been truthful, but nonresponsive and has not provided any information or documents regarding his involvement and what information, facts he has knowledge thereof. Defendant's counsel did not respond to the plaintiff's efforts to resolve the dispute. [**See, plaintiff's affidavit at ¶¶ 2-6., & Exhibit "A"**]

### STANDARD OF REVIEW

*Under Fed. R. Civ. P. 37(a)(2)*, the court may compel production of requested documents, if the documents are discoverable under Fed. R. Civ. P. 34(a). The party

---

[1] Plaintiff's letter to counsel for Brandon Kinard that 10-days he requested that counsel correspond with him or, have Kinard answer the discovery request. Counsel did not request for additional of time, or corresponded with plaintiff.

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

seeking production must demonstrate that the request is relevant, calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.

## POINT 1.

### DEFENDANT BRANDON KINARD HAS WAIVED HIS OBJECTIONS BY HIS FAILURE TO RESPOND TIMELY TO THE REQUEST

Plaintiff argues that there is no favoritism regarding the rules of Discovery. Plaintiff also contends that the rules provide that responses and objections to requests for production of documents, interrogatories and admissions are to be served within 30 days of the request unless the court grants a shorter or longer time. *Rules 33, 34, 36, Federal Rules of Civil Procedures.* Morethanless, the Court issued its **Discovery Scheduling Order** [***October 18, 2007 Court Doc. 178-1, Order***].  In its Order the court directed that each party to file its response to request for discovery within thirty (30) days of receipt of the discovery request. Defendant Kinard <u>has waived her right to object</u> by failing to provide a written response, including objections to the Request for Production of Documents, Interrogatories, and Request for Admissions.

Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection. ***Davis v. Fendler,*** 650 F. 2d 1154, 1160 (9th Cir. 1981); ***Krewson v. City of Quincy***, 120 F. R. D. 6 (D. Mass. 1988). ***See also In Re United States***, <u>864 F. 2d 1153</u>, 1156 (5th Cir. 1989) (as a general rule, when a party fails to object timely to interrogatories, production requests or

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

other discovery efforts, objections are waived). *See, e.g., Marx v. Kelly, Hart & Hallman, P.C.,* 929 F. 2d 8, 12 (1st Cir. 1991); see also, **Coker v. Duke & Co.**, 177 F. R .D. 682; 1998 U.S. Dist. LEXIS 3780, 41 Fed. R. Serv. 3d. (Callaghan) 353, (M. D. Ala. 1998); *Godsey v. United States,* 133 F. R .D. 111, 113 (S. D. Miss. 1990); accord, *Demary v. Yamaha Motor Corp.,* 125 F. R. D. 20, 22 (D. Mass. 1989) and cases cited; *Krewson v. City of Quincy,* 120 F. R. D. 6, 7 (D. Mass. 1988); *Cephas v. Busch,* 47 F. R. D. 425 (W. D. 1963). This waiver is enforced even if the objections are based on a claim of privileged. *Marx v. Kelly, Hart & Halman, P.C.,* 929 F.2d. 8, 12 (1st Cir. 1991*); Fretz v. Keltner,* 109 F. R. D. 303, 309 (D. Kan. 1986) and cases cited; *Cardox Corp. v. Olin Matthiesen Chemical Corp.,* 23 F. R. D. 27, 31 (S.D. ILL. 1958).

As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant:  (i) it is not cumulative or duplicative in nature to the discovery materials previously provided to the plaintiff, (ii) irrelevant to a determination of the issue before this court, (iii) not reasonably calculated to lead to admissible evidence, and/or (iv) overly burdensome

The plaintiff must submit evidence that the defendant actually was aware of the significant risk of serious harm or either he directly participated in denying plaintiff surgery while he was in Louisiana or knew of the danger of an incarcerated hernia being the practice between ADOC and their medical providers for years, and deliberately failed to take any measures to correct the actions of the ones she supervises.

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

## POINT II

### THE RELEVANCY STANDARD

An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration. ***Estelle v. Gamble***, 429 U.S. 97, 103 (1976). Under <u>Rule 401</u>, Federal Rules of Evidence, the definition of *"Relevant Evidence"* means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

This Rule defines the term. The definition provides that evidence is relevant if it has *any* tendency to make the existence of a material fact more probable or less probable than it would be without the evidence. Although it is true that some Federal Courts have purported to use a slightly different test, an analysis of most of the opinions leads to the conclusion that in practice the test advocated in *Rule 401* is consistent with that developed in most Federal Courts prior to the enactment of the Rules.

The important thing for the Judge and for counsel to remember is that the evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not. To be relevant it is sufficient that the evidence has a *tendency* to make a consequential fact even the least bit more probable or less probable than it would be without the evidence.

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

Fed. R. Civ. P. *26(b)(2)(iii)* the discovery of defendant's responsibility, knowledge and information regarding any agreement not to repair a hernia until the life or death situation regardless of pain and suffering is relevant when he is in the position to alleviate the danger of further health deterioration. This case is above that of mere negligence or malpractice. Also, discovery into what substance of communications made between the defendant and the Louisiana medical providers and/or any person is relevant, or any other person regarding this case is also relevant. Thus, any information known to the defendant about plaintiff's claim regarding surgery is relevant.

Under the *Federal Rules of Civil Procedure*, parties may discover information, which is relevant and non-privileged. *Rule 26(b)(1), Federal Rules of Civil Procedure.* Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc., v. Sanders***, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Id.;* ***Hickman v. Taylor***, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Where there is a doubt over relevancy, the court should still permit discovery. ***Deitchman v. E. R. Squibb & Sons, Inc.***, 740 F.2d 556 (7th Cir. 1984). Discovery request should be allowed, "[U]nless it is clear that the information sought can have no possible bearing upon the subject matter of the action." ***La Chemise***

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

*Lacoste v. Alligator CO., Inc.*, 60 F. R. D. 164, 171 (D. Del. 1973); see *Nash v. Thielke*, 743 F. Supp. 130 (E. D. Wis. 1990)(the plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

The law is established and that the Eighth Amendment duty applies to medical conditions that may result in pain and suffering which serve no legitimate penological purpose. *Estelle*, 429 U.S. @ 103, 97 S.Ct. @ 290. See also, *McGuckin*, 974 F. 2d @ 1059. ([D]elay in performing surgery resulted in needless infliction of pain); *Wood v. Housewright*, 900 F. 2d 1332 (9ᵗʰ Cir. 1990)(with two judges holding prisoner had stated an Eighth Amendment claim for pain inflicted by delay in treating injury, but dismissing the claim on other grounds); *Hunt*, 865 F. 2d 198 (delay in providing prisoner with replacement dentures; *Jones*, 781 F. 2d @ 771-72 (hernia which results in pain, suffering, and the inability to perform a prison job is a serious medical need which prison doctors may not ignore); *Fields v. Gander*, 734 F. 2d 1313 (8ᵗʰ Cir. 1984)(inmate suffering severe pain from infected tooth).

The material sought regarding Brandon Kinard is both: (1) material sought is clearly relevant; and, (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable; (iii) has not been disclosed by the medical defendants. Because the defendant <u>has not</u> responded, the **burden is on him to demonstrate why discovery is not practicable.** *Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M. D. Tenn. 1982)(court finds that provision of medical care by persons beyond the

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

level of their training and experience constitutes deliberate indifference); *Mandel v. Doe*, 888 F. 2d 783, 789-90 (11th Cir. 1989); *Hoptowit v Ray*, 682 F. 2d 1237, 1252-53 (9th Cir. 1982)(certain staff performing functions that they are neither trained or licensed to perform). Hernias are painful; plaintiff has been left without treatment, <u>because the only treatment is surgery</u> . The party resisting production bears the responsibility of establishing undue burden.

## POINT III

### CUMULATIVE OR DUPLICATIVE IN NATURE TO THE DISCOVERY MATERIALS PREVIOUSLY PROVIDED TO THE PLAINTIFF

Now that Naglich has admitted that she instructed Kinard to perform several acts regarding this case; why did Kinard fail to disclose such information when requested?

The particular request for production of documents is relevant and takes the case "beyond the pleadings" and the documents are not cumulative, duplicative in nature because they are not in the record nor have been produced. Plaintiff submits an example from an <u>*excerpt*</u> of his **Interrogatories and request for Production of Documents** upon Brandon Kinard and proffers that the Interrogatories are relevant: **[See, Excerpt Attached Exhibit "B" Discovery Request Page # 2 through 5: Interrogatories on Brandon Kinard, Court Doc. N/A]**

### II.    DEFINITIONS AND INSTRUCTIONS:

Definitions and Instructions are continuing throughout this Discovery request. As applied to the first set of request for discovery submitted on or

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

about *November 13, 2007,* pursuant to *Rule 33, 34, & 35,* Federal Rules of

Civil Procedures.

¶ 1.    Please explain and *"identify by document"* who possesses the authority to authorize medical treatment regarding this "incident."

¶ 2.    *"Identify by document"* the scope of your practice regarding this *"incident."*

¶ 3.    *"Identify by document"* why you had plaintiff seen by one of the clinicians at Kilby for evaluation of the hernia, and that any subsequent repair: "it had to be recommended by one of the providers. . . ." after Dr. John A. Tassin, M.D., questioned surgery, why was plaintiff seen by a nurse practitioner?

¶ 4.    Disclose and produce, any and all *"documents"* in your possession, regarding any involvement with you or your Office regarding this *"incident."*

¶ 5.    *"Identify by document"* your common practice involving, relying on nurse practitioner Bradford Adams.

¶ 6.    "Identify by document" why plaintiff had to undergo so many different evaluations, starting from Dr. Tassin, M.D. regarding this incident?

¶ 7.    Why did you call Louisiana on 7/12/06 regarding this *"incide*nt" *"identify by document?*

¶ 8.    Disclose any and *"documents"* communications whether written, or oral, identify any and all person regarding the 7/10/06 fax report to Ruth Naglich.

¶ 9.    *"Identify by document"* your common practice to rely on a nurse practitioner regarding surgical referrals of hernias.

¶ 10.   Disclose the substance of Dr. Robbins, M.D., and his consultation with nurse practitioner B. Adams, *"identify by document"* all findings.

14

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

¶ 11.  *"Identify by document"* any and all orders, policy, regulation, practice, protocols, duties, why you recommended that plaintiff be seen by one of the clinicians at Kilby for evaluation of the hernia on or about 12/20/06.

¶ 12.  Why did you recommend that plaintiff be evaluated by one of the clinicians at Kilby after Dr. John A. Tassin, M.D., already conducted his evaluation and noted his order and recommendations? "Identify by document" all policies, procedures in support with your answers.

¶ 13.  *"Identify by document"* whether Dr. John A. Tassin, M.D., is considered a medical provider by ADOC.

¶ 14.  Explain what Dr. Tassin's investigation regarding questioning hernia repair of plaintiff's hernia was not followed up by this nurse practitioner that you rely on as a medical provider?

¶ 15.  *"Identify by document"* and explain whether it is common practice that a nurse practitioner can override any doctor orders, investigations, or recommendations?

¶ 16.  Please explain based on the medical records that reflect since you had plaintiff seen and evaluated by a nurse practitioner and his evaluation reflected that of plaintiff having a "small (3 cm X 5 cm) inguinal hernia on 12/27/06; and, on 4/30/06 Dr. Hobbs, M.D., stated "Large" Direct Inguinal Hernia, has plaintiff's hernia progressed?

¶ 15.  *"Identify by document"* any and all orders and recommendations regarding plaintiff from South Louisiana Correctional Services.

## ADMISSIONS

¶ 1.  *Admit or deny,* you wanted a second opinion regarding plaintiff's hernia?

¶ 2.  *Admit or deny,* a nurse practitioner at Kilby, B. Adams was that second opinion?

¶ 3.  *Admit or deny,* a nurse practitioner's recommendation basically overrode Dr. John A. Tassin, M.D., order and recommendation as needs repair?

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

¶ 4.    *Admit or deny*, a nurse practitioner is authorize under you supervision to make surgical referrals?

¶ 5.    *Admit or deny*, a nurse practitioner is not licensed to make any surgical recommendations?

¶ 6.    *Admit or deny*, a nurse practitioner is not qualified as a doctor regarding hernias?

### *POINT IV.*

### *NOT REASONABLE CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE*

Information requested ought to aid this Court and a jury for a determination that prison officials <u>may not</u> avoid their duty to provide medical treatment by the simple expediency of labeling such treatment as "<u>elective</u>".  The classification of surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners.  See, ***Jones,*** 781 F. 2d @ 770-71 (classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care); *Johnson v. Bowers*, 884 F. 2d 1053, 1056(prisoner waiting six years for elective arm surgery was entitled to relief)(citing ***Monmouth County Corr. Inst. Inmates v. Lanzaro,*** 834 F. 2d 326, 348 n. 32 (3d Cir. 1987) cert. Denied, 486 U.S. 1006, 1-8 S.Ct. 1731, 100 L.Ed. 2d 195 (1988)); ***West v. Keve***, 541 F. Supp. 534 (D. Del. 1982)(prison officials violated Eighth Amendment by not furnishing elective surgery for dysfunctional veins that were causing varying degrees of pain); ***Laaman v. Helgemoe***, 437 F. Supp. 269, 311 (D. N. H. 1977)(elective treatment recommended by a physician but not "necessary" in a life or health saving sense, may still be constitutionally mandated if the prisoner elects to proceed with the treatment).

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT
DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

In this case, it is noted that plaintiff's surgery is elective. But it is still leaving him

in pain and discomfort. Where surgery is elective, prison officials may properly consider

the costs and benefits of treatment in determining whether to authorize the surgery, but

the words "elective surgery" is not a talisman insulating prison officials from the reach of

the Eighth Amendment. Each case must be evaluated on its own merits. See, *Delker v.

Maass*, 843 F. Supp. @ 1400 (D. Or. 1994)(although state inmate may not have suffered

long-term physical harm from nearly two-year delay in providing operation for non-

incarcerated inguinal hernia, inmate was "injured" by delay for purposes of his § 1983

civil rights action, since he suffered some pain, anxiety, and restricted activity during

delay.)

First, plaintiff does not seek "personnel records" in any general way. He seeks

documents pertaining to the treatment, method, practice, procedures rendered by the

medical providers supervised by Ruth Naglich and Brandon Kinard. Plaintiff does not

seek other matters that may be in his personnel records, such as medical data or

information about his records of lateness, leaves and vacations, etc.

*Secondly,* the kind of information sought is highly relevant. The plaintiff has

information that repeated complaints about mistreatment regarding hernias have been

made about the medical defendants and that nothing has been done about them and their

practice. Evidence to that effect would be highly relevant to the claim of supervisory

liability against defendant Brandon Kindard, set out in **Counts II, III, IV, VI,** of

17

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

plaintiff's **Supplemental Complaint pages 25-26.** [*Court Doc No. 93*]    Whether quasi-

policymakers have been deliberate indifferent in their supervision of subordinates the

court must explore the supervisors' conduct in this case: -- as in **Karr,** 875 F.2d @ 1556

(jury could find that failure to take corrective action after plainly unconstitutional use of

police dogs constituted deliberate indifference).  In this case, several supervisors claim

that they consulted with each other, and other physicians who are defendants in this

case. Discovery in this area is relevant because it is regarding the treatment proscribed by

the defendants See also, **Ancata v. Prison Health Services, Inc.,** 769 F. 2d 700, 795 (11th

Cir. 1985).  The same standard of deliberate indifference applies to both inadequate

training and inadequate supervisions. **CF. Davis v. City of Ellensburg**, 869 F. 2d 1230,

1235 (9th Cir. 1989)(applying City of Canton to question municipal liability).  Liability

applies if it is established that Brandon Kinard relied on a nurse practitioner's

recommendation regarding "surgery."

In addition, although not established, Brandon Kinard need not have had personal

participation or involvement in the acts of the employees to be held liable. As a

supervisor, his failure (a) to train subordinates and to establish procedures for protection

of constitutional rights and (b) to take action against violations of which he had notice

can be a basis for liability. *See,* **McCann v. Coughlin**, 698 F.2d 112 (2nd Cir. 1983);

**Orpiano v. Johnson**, 632 F.2d 1096 (4th Cir. 1980); **McClelland v. Facteau**, 610 F.2d 693

(10th Cir. 1980); **Davis v. Zahradnick**, 600 F.2d 458 (4th Cir. 1979); **Dewell v. Lawson**, 489

18

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT
DOC. NO. N/A FILED ON NOVEMBER 26. 2007]
F.2d 877 (10th Cir. 1974); *Beverly v. Morris*, <u>470 F.2d 1356</u> (5th Cir. 1972); *Roberts v.*

*Williams*, <u>456 F.2d 819</u> (5th Cir. 1971); *Wright v. McMann*, 387 F.2d 519 (2nd Cir. 1967).

<u>Supervisors are liable in their individual capacities under 1983 "either when the</u>

<u>supervisor personally participates in the alleged unconstitutional conduct or when there</u>

<u>is a causal connection between the actions of a supervising official and the alleged</u>

<u>constitutional deprivation. "</u> *Cottone*, <u>326 F.3d at 1360</u>. The standard for supervisory

liability in situations such as this, when the defendant supervisor was not present during

the constitutional violation, is "extremely rigorous." *Braddy v. Florida Dep't. of Labor &*

*Empl. Sec.,* 133 F.3d 797, 802 (11th Cir. 1998) . Plaintiff can establish "a causal connection"

in one of three ways: first, "when a history of widespread abuse puts the responsible

supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,"

*Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ; second, when the supervisor's

improper "custom or policy . . . resulted in deliberate indifference to constitutional

rights," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) ; or, third, when the facts

"support an inference that the supervisor directed the subordinates to act unlawfully or

knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) .

Case law has given substance to <u>*Estelle*</u>'s distinction between "deliberate

indifference" and not mere negligence, explicating categories of action or inaction that

may constitute deliberate indifference. Court's have repeatedly found that "an official

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26. 2007]

acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Lancaster v. Monroe County, Ala.,* 116 F. 3d 1419, 1425 (11th Cir. 1997); *Mandel v. Doe,* 888 F. 2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable. *See Harris v. Coweta County,* 21 F. 3d 388, 393-94 (11th Cir. 1994); *Brown v. Hughes,* 894 F. 2d 1533, 1537-39 (11th Cir. 1990). The Eleventh Circuit has held also held that deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment. *See Steele v. Shah,* 87 F. 3d 1266, 1269-70 (11th Cir. 1996); *Waldrop v. Evans,* 871 F. 2d 1030, 1035 (11th Cir. 1989). "[W]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel,* 888 F. 2d at 789; *Ancata v. Prison Health Servs., Inc.,* 769 F. 2d 700, 704 (11th Cir. 1985).

A doctor hasn't examined plaintiff since *April 30, 2007 and his health has deteriorated.* Evidence shows that since Bradford Adams, nurse practitioner first examined plaintiff and made an illegal medical decision beyond his scope of practice, plaintiff's hernia has

20

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

enlarged.  Dr. Hobbs noted "Large Direct Inguinal Hernia".  Bradford Adams noted "small easily reducible inguinal hernia.

In *Estelle,* the Supreme Court recognized that the Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration" precisely because the failure to do so "may actually produce physical 'torture or a lingering death' " or, "in less serious cases, ... **may result in pain and suffering which no one suggests would serve any penological purpose."** *Estelle*, 429 U.S. at 103, 97 S. Ct. 285 (quoting *In re Kemmler*, 136 U.S. 436, 447, 10 S. Ct. 930, 34 L. Ed. 519 (1890)).  The Eleventh Circuit's cases, too, have recognized that prison officials may violate the Eighth Amendment's commands by **failing to treat an inmate's pain**. *Brown v. Hughes*, 894 F. 2d 1533 (11th Cir. 1990), In this case, the only treatment available for plaintiff's pain is "surgery".    For these reasons the material sought is relevant and should be produced.

## POINT V.
## BURDENSOME

Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan*, 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden.

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT DOC. NO. N/A FILED ON NOVEMBER 26. 2007]

## RELIEF REQUESTED

a.    That the Court grant this motion to compel Brandon Kinard to answer plaintiff's interrogatories, request for production of documents, and admission; and, issue sanctions upon counsel for his failure to comply with this Court's Discovery Scheduling Order, and Discovery rules; and,

b.    That this Court administers and enforces justice as to what this Court deems fair and appropriate.

Done this 25th Day February 2008

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY**, that I have this 25th Day of February 2008 placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brokwood Place, 7thg Floor**
**P.O. Box 598512**
**Birmingham, Alabaam 35259-8512**

®

Marcellus Breach

22

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT
DOC. NO. N/A FILED ON NOVEMBER 26, 2007]
COUNTY OF LIMESTONE )

STATE OF ALABAM      )

### *DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS*

Affiant in the above instrument, who after being duly sworn,
deposed and says on oath that the averments in the foregoing are
true to the best of his ability, information, knowledge and
belief:

I am *Marcellus Breach, AIS #160710*, I am over the age of
twenty-one. I am the plaintiff in this action. I make this
declaration in support of my Motion to Compel against the
correctional defendants for their failure to obey this Court's
order entered on *October 18, 2007 Court Doc. 178-1, Order Court's
Discovery Scheduling Order.*

On *November 26, 2007,* I served on the defendant's counsel a
document: **"Plaintiff's Tenth -- Second Set of Interrogatories and
Request for Admissions, for Production of Documents to
Defendants" which is attached to this affidavit as Exhibit B.**

Defendant Brandon Kinard did not respond to this discovery
request after 30 days by order of the court and rules of
discovery, nor did they request an adjournment from the court or
seek my agreement to an adjournment.

On *January 29, 2008* I wrote to the defendant's counsel
pointing out that their responses were late and requesting that

EXCERPT DISCOVERY REQUEST PROPOUNDED ON BRANDON KINARD. [COURT
DOC. NO. N/A FILED ON NOVEMBER 26, 2007]

they respond immediately.    A copy of my letters are attached as

Exhibit "A","B".

On *January 29, 2008* I attached his letter with a pleading

entitled: "Notice of Filing" to the court. [**Court Doc. N/A**]

explaining to counsel that Brandon Kinard has not answered the

interrogatories, production of documents or the admissions

request. Plaintiff explained to counsel that there are too many

missing documents and that Brandon Kinard has not provided any

information or documents regarding his involvement and what

information, facts he has knowledge thereof. Defendant's counsel

has not responded to the plaintiff's efforts to resolve the

dispute.

Defendants' counsel did not respond to my letters. I have

written counsel numerous of times, and I have filed my notice of

intent with the Court. Copies of my letters are attached.

Defendant's objections are waived as a result of their failure to

make them in a timely manner, as set forth in the brief

accompanying this motion.

**WHEREFORE,** the plaintiff request that the court grant this

motion in all respects under the penalty of perjury the foregoing

is true and correct. 28 U.S.C. 1746

This 25th Day February 2008.

Marcellus Breach

EXHIBIT "A"

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710

      Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

      Defendants.

                    CASE NO: 2:06-cv-1133-MEF

## NOTICE OF FILING

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby gives written notice pursuant _to Rules 37(a)(2)(A), 37(a)(2)(B), Fed. R. Civ. P.,_ and compliance with this Court's order. Plaintiff states as follows:

1.     Plaintiff has attached his letter to Counsel for ADOC regarding discovery requests that have not been answered Defendant Brandon Kinard.

    **WHEREFORE,** plaintiff requests to place into the Record his attempts to resolve the discovery problems informally with counsel, without court intervention.

                      Done this 29th Day January 2008.

                      Marcellus Breach 160710 ®
                      Limestone C.F.
                      28779 Nick Davis. Rd.
                      Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101


Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101


Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259


®  _(signature)_

Marcellus Breach

2

**Excerpt Discovery Request Brandon Kindard**

## *MARCELLUS BREACH, 160710*
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*January 29, 2008*

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

RE:    *2:06-cv-1133-MEF*    *Letter of Intent/ Discovery Request*

Dear Counsel:

My records reflect that I have not received defendant Brandon Kindard's response to discovery request served on November 26, 2007.   Also, my records reflect that you have not requested additional time.  I hope that ten (10) days from receipt of this letter is enough time to either answer, or correspond with me.  If I do not hear from you before within the ten (10) days I will request the Court take appropriate action.   Discovery request uis governing his opinion and is relevant.

The deficient areas are Kindard has not answered.  I have done what is required I hope that we can work this dispute out. Out of courtesy, I have attached an excerpt to Discovery request for your convenience.

I thank you for your time and attention; I look forward to hearing from you.

Sincerely,

Marcellus Breach

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 30th Day of January 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

1

**Excerpt Discovery Request Brandon Kindard**

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Montgomery, Alabama 35259

ATTACHMENTS:
EXCEPTS DISCOVERY REQUEST D.,

### PLAINTIFF'S TENTH -- SECOND SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

TO:    *DEFENDANT BRANDON KINDARD,* ADOC

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," submits this Second set of discovery request to Defendant pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36,* hereby requesting that named party is requested to answer separately, fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set forth below, within thirty (30) days after service of these **Interrogatories, Request for Admissions**, and **Production of Documents;** furthermore, for the defendant to provide full disclosure along with their answers herein, copies thereof supporting evidentiary materials, as follows:

### II.    DEFINITIONS AND INSTRUCTIONS:

Definitions and Instructions are continuing throughout this Discovery request.  As applied to the first set of request for discovery submitted on or about November 13, 2007,  pursuant to *Rule 33, 34, & 35*, Federal Rules of Civil Procedures.

¶ 1.    Please explain and *"identify by document"* who possesses the authority to authorize medical treatment regarding this "incident."

¶ 2.    *"Identify by document"* the scope of your practice regarding this "incident."

2

**Excerpt Discovery Request Brandon Kindard**

¶ 3.   *"Identify by document"* why you had plaintiff seen by one of the clinicians at Kilby for evaluation of the hernia, and that any subsequent repair: "it had to be recommended by one of the providers. . . ." after Dr. John A. Tassin, M.D., questioned surgery, why was plaintiff seen by a nurse practitioner?

¶ 4.   Disclose and produce, any and all "documents" in your possession, regarding any involvement with you or your Office regarding this "incident."

¶ 5.   *"Identify by document"* your common practice involving, relying on nurse practitioner Bradford Adams.

¶ 6.   *"Identify by document"* why plaintiff had to undergo so many different evaluations, starting from Dr. Tassin, M.D. regarding this *incident?*

¶ 7.   Why did you call Louisiana on 7/12/06 regarding this *"incident"* *"identify by document?*

¶ 8.   Disclose any and *"documents"* communications whether written, or oral, *identify* any and all person regarding the 7/10/06 fax report to Ruth Naglich.

¶ 9.   "Identify by document" your common practice to rely on a nurse practitioner regarding surgical referrals of hernias.

¶ 10.  Disclose the substance of Dr. Robbins, M.D., and his consultation with nurse practitioner B. Adams, *"identify by document"* all findings.

¶ 11.  *"Identify by document"* any and all orders, policy, regulation, practice, protocols, duties, why you recommended that plaintiff be seen by one of the clinicians at Kilby for evaluation of the hernia on or about 12/20/06.

¶ 12.  Why did you recommend that plaintiff be evaluated by one of the clinicians at Kilby after Dr. John A. Tassin, M.D., already conducted his evaluation and noted his order and recommendations? *"Identify by document"* all policies, procedures in support with your answers.

¶ 13.  *"Identify by document"* whether Dr. John A. Tassin, M.D., is considered a medical provider by ADOC.

**Excerpt Discovery Request Brandon Kindard**

¶ 14.  Explain what Dr. Tassin's investigation regarding questioning hernia repair of plaintiff's hernia was not followed up by this nurse practitioner that you rely on as a medical provider?

¶ 15.  *"Identify by document"* and explain whether it is common practice that a nurse practitioner can override any doctor orders, investigations, or recommendations?

¶ 16.  Please explain based on the medical records that reflect since you had plaintiff seen and evaluated by a nurse practitioner and his evaluation reflected that of plaintiff having a "small (3 cm X 5 cm) inguinal hernia on 12/27/06; and, on 4/30/06 Dr. Hobbs, M.D., stated "Large" Direct Inguinal Hernia, has plaintiff's hernia progressed?

¶ 15.  *"Identify by document"* any and all orders and recommendations regarding plaintiff from South Louisiana Correctional Services.

4

# EXHIBIT "B"

EXHIBIT "B"

## IN THE DISTRICT COURT OF THE UNITED STATES * 10TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
|  | * | |
| Plaintiff, | * | |
|  | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | * | |
|  | * | |
| PRISON HEALTH SERVICES, INC., et. al., | * | |
|  | * | |
| Defendants. | | |

### PLAINTIFF'S TENTH  -- SECOND SET OF INTERROGATORIES AND REQUEST
### FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
### UNDER FED. R. CIV. P.,

TO:      *DEFENDANT BRANDON KINDARD,* ADOC

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper

person "Pro Se," submits this Second set of discovery request to Defendant pursuant to

*Federal Rules of Civil Procedures, Rule 33, 34 & 36*, hereby requesting that named party is

requested to answer separately, fully and in writing, the following interrogatories under

oath, affirmation in accordance within the definitions and instructions set forth below,

within thirty (30) days after service of these **Interrogatories, Request for Admissions**, and

**Production of Documents;** furthermore, for the defendant to provide full disclosure along

with their answers herein, copies thereof supporting evidentiary materials, as follows:

1

EXHIBIT "B"

## II.    DEFINITIONS AND INSTRUCTIONS:

Definitions and Instructions are continuing throughout this Discovery request.  As applied to the first set of request for discovery submitted on or about *November 13, 2007*, pursuant to *Rule 33, 34, & 35*, Federal Rules of Civil Procedures.

¶ 1.    Please explain and *"identify by document"* who possesses the authority to authorize medical treatment regarding this "incident."

¶ 2.    *"Identify by document"* the scope of your practice regarding this "incident."

¶ 3.    *"Identify by document"* why you had plaintiff seen by one of the clinicians at Kilby for evaluation of the hernia, and that any subsequent repair: "it had to be recommended by one of the providers. . . ." after Dr. John A. Tassin, M.D., questioned surgery, why was plaintiff seen by a nurse practitioner?

¶ 4.    Disclose and produce, any and all "documents" in your possession, regarding any involvement with you or your Office regarding this "incident."

¶ 5.    *"Identify by document"* your common practice involving, relying on nurse practitioner Bradford Adams.

¶ 6.    *"Identify by document"* why plaintiff had to undergo so many different evaluations, starting from Dr. Tassin, M.D. regarding this *incident?*

2

¶ 7.    Why did you call Louisiana on 7/12/06 regarding this *"incident" "identify by document?*

¶ 8.    Disclose any and *"documents"* communications whether written, or oral, *identify* any and all person regarding the 7/10/06 fax report to Ruth Naglich.

¶ 9.    "Identify by document" your common practice to rely on a nurse practitioner regarding surgical referrals of hernias.

¶ 10.   Disclose the substance of Dr. Robbins, M.D., and his consultation with nurse practitioner B. Adams, *"identify by document"* all findings.

¶ 11.   *"Identify by document"* any and all orders, policy, regulation, practice, protocols, duties, why you recommended that plaintiff be seen by one of the clinicians at Kilby for evaluation of the hernia on or about 12/20/06.

¶ 12.   Why did you recommend that plaintiff be evaluated by one of the clinicians at Kilby after Dr. John A. Tassin, M.D., already conducted his evaluation and noted his order and recommendations? *"Identify by document"* all policies, procedures in support with your answers.

¶ 13.   *"Identify by document"* whether Dr. John A. Tassin, M.D., is considered a medical provider by ADOC.

¶ 14.   Explain what Dr. Tassin's investigation regarding questioning hernia repair of plaintiff's hernia was not followed up by this nurse practitioner that you rely on as a medical provider?

¶ 15.   *"Identify by document"* and explain whether it is common practice that a nurse practitioner can override any doctor orders, investigations, or recommendations?

¶ 16.   Please explain based on the medical records that reflect since you had plaintiff seen and evaluated by a nurse practitioner and his evaluation reflected that of plaintiff having a "small (3 cm X 5 cm) inguinal hernia on 12/27/06; and, on 4/30/06 Dr. Hobbs, M.D., stated "Large" Direct Inguinal Hernia, has plaintiff's hernia progressed?

¶ 15.   *"Identify by document"* any and all orders and recommendations regarding plaintiff from South Louisiana Correctional Services.

## II.   ADMISSIONS

¶ 1.   *Admit or deny*, you wanted a second opinion regarding plaintiff's hernia?

¶ 2.   *Admit or deny*, a nurse practitioner at Kilby, B. Adams was that second opinion?

¶ 3.   *Admit or deny*, a nurse practitioner's recommendation basically overrode Dr. John A. Tassin, M.D., order and recommendation as needs repair?

¶ 4.   *Admit or deny*, a nurse practitioner is authorize under you supervision to make surgical referrals?

4

EXHIBIT "B"

¶ 5.    *Admit or deny,* a nurse practitioner is not licensed to make any surgical

recommendations?

¶ 6.    *Admit or deny,* a nurse practitioner is not qualified as a doctor regarding hernias?

Done this 26 th Day November 2007.

® _____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this **26**st Day of November 2007, placed a true
copy of the foregoing upon the following through the prison mail system properly
addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections                Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 301501                             P.O. Box 270
Montgomery, Al 36130                        Montgomery, Alabama 36101

® _____

Marcellus Breach

5