IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2008 FEB 27 A 9: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

\*
\*
\*    CASE NO: 2:06-CV-1133-MEF
\*
\*

**PLAINTIFF'S RESPONSE TO "ADOC DEFENDANTS' RESPONSE TO COURT ORDERS TO SHOW CAUSE (DOCKET NUMBERS 398 AND 405)"**

**COMES NOW,** the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," hereby files his response to the ADOC's response to Court orders to show cause docket numbers 398 and 405. Plaintiff in further support states defendants have not met their obligation regarding discovery request. Plaintiff maintains that his Interrogatories, Request for Production of Documents, and Admissions propounded on Dr. George Lyrene, cannot be answered by means of an Affidavit and is insufficient to meet their responding obligations. Defendant has had ample time to respond to plaintiff's discovery request that are gone without objections. Plaintiff moves the Court to compel Dr. George Lyrene to Answer plaintiff discovery request

1

*A.    Statement of the facts:*

1.    Plaintiff filed a motion to compel discovery responses propounded on defendant George Lyrene [**Court Doc. No. 395**] on *January 17, 2008.*

2.    The court ordered Lyrene to file a response i.e., "Show Cause", [**Court Doc. No. 398-1**]

3.    On *January 28, 2008,*Lyrene filed a response to show cause which contained nothing more than complaints.  On *February 6, 2007* plaintiff filed a document entitled: "**Motion To Strike and/or In The Alternative, Plaintiff's Response To "ADOC Defendants' Response To Court Order To Show Cause (Docket Number 398 and 405) [Court Doc.** No. 451].

4.    On *February 7, 2008* the court denied plaintiff's portion to "strike" and *sua sponta,* ordered George Lyrene and Ruth Naglcih specific instructions.  More specifically, the court *sua sponta* order Lyrene to file a response, supported by an affidavit and relevant medical records, which addresses the plaitniff's claim that his hernia condition requires surgery." Id. [**Court Doc. No. 452-1].**   George Lyrene complied and submitted an Affidavit in response to the court's order and directive. [**ADOC Defendants' Response To Court's Order 9Doc. # 452, filed on February 14, 2008**]

5.    Plaintiff maintains that an Affidavit <u>does not answer discovery</u> request, nor does it answer specific interrogatories, request for production of documents nor Admissions.

_Rule 33, 34 36,_ Fed. R.Civ. P.  Plaintiff request that the court compel Lyrene to answer plaintiff discovery request propounded on him. **[Court Doc. 395]**

### A.    *Defendant Has Not Met His Burden:*

Dr. George Lyrene did not, explain to this Court at the outset of filing this lawsuit that "I am not, nor have I ever been, Inmate Breach's treating physician." Lyrene should have stated this to this court before he decided to oppose plaintiff surgery.  Lyrene also has filed an opinion regarding and opposing the only treatment known and available to plaintiff, i.e., surgery.  Lyrene believes to continue to allow plaintiff to suffer extreme pain due to an untreated hernia.   Lyrene got involved in this case when he wrote his affidavit, and plaintiff is now entitled to discover Lyrene's common practice as a medical doctor and most importantly, as Medical Director over ADOC.

Lyene has already provided a District Court an opinion ten (10) years ago that a strangulated hernia will be an emergency situation.  In **_Taylor v. Questcare_**, 1995 U.S. Dist. 14975 ( S.D. Ala. 1995) Dr. George Lyrene explains his opinion regarding a hernia and he has submitted an opinion to that Court but, he explains the danger of a strangulated hernia and that it is dangerous which is the defendants de facto protocol.

> "Dr. Lyrene explains in his affidavit (Doc. 34) that he is responsible for the nonemergency free-world medical referrals, and regarding Plaintiff's condition, provides:
>
> "4. Plaintiff's entire abdomen is herniated. This would not impact on his organs as the herniation goes out of the abdomen away from his organs. Plaintiff's hernias are not a threat to his health because there is no incarceration  or  strangulation  of  the  hernias. **An  incarcerated**

**hernia would be likely to cause plaintiff health problems, and a strangulated hernia would be an emergency.** Plaintiff has neither of these conditions, but is being examined on a regular basis in case there is a change in his condition. " Id.

Hobbs stated that plaintiff must meet the ADOC's Protocol that states basically plaintiff's hernia must be strangulated; the very stage Lyrene stated is an emergency situation. The Constitution forbids pain and suffering; also, the Constitution protects plaintiff from life or death, the very protocol that ADOC claims they do not have, but they do because too many physicians have stated that have a Protocol.

However, "under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan*, 130 F. . . 326, 331 (D.N.J. 1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* Twin *City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985). In this case,

Defendants have waived any objections and has failed to make a sufficient showing to sustain an objection that the requests for production concerning complaints would create an undue burden.

**B.    *Defendant Dr. George Lyrene, M.D.***

**Court Docket No. 395**, is plaintiff discovery request propounded on Dr. George Lyrene, M.D., who is the Medical Director for ADOC.  He is solely responsible for oversight of treatment.  Dr. John A. Tassin, M.D., has told the Court that the ADOC basically has a protocol, and that ADOC would not allow surgery for plaintiff's hernia unless his hernia was incarcerated, or into the scrotum.

Lyrene has stated that a strangulated hernia is an emergency situation.  The sole questions is, Lyrene as Medical Director, has failed to make changes when he knows the danger of an incarcerated hernia; he knows death will arise, and he actually knows of the danger plaintiff faces.  Lyrene also, filed an Affidavit in this case opposing surgery, claiming to have personal knowledge when he never once examined plaintiff and Lyrene is not qualified to given an opinion regarding surgery; only a referral to a surgeon.

Evidence submitted by plaintiff demonstrates that "surgery" is the only cure, the only way to relieve plaintiff's pain, the only way to stop plaintiff's hernia from getting worse.  In addition, Lyrene for years, decades, has taken absolutely no action.  Lyrene is liable, based on his responsibilities; his position; knowledge and prior statements to Courts will demonstrate deliberate indifference.

## *RELIEF REQUESTED*

Plaintiff moves the court to compel Lyrene to answer plaintiff Discovery request.

**[Court Doc. No. 395].**

Done this 25th Day February 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY**, that I have this 25th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _____
Marcellus Breach








USA 41

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA    35749

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101