# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### MIDDLE DIVISION

RECEIVED

2008 MAR -3  A  9: 47

CORA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,      *

    Plaintiff,      *

Vs.      *      CASE NO: 2:06-CV-1133-MEF

    *

PRISON HEALTH SERVICES, INC.,      *

    Defendants.      *

### *PLAINTIFF'S MOTION TO COMPEL DISCLOSURE BY DR. WILLIAM HOBBS/ AFFIDAVIT AS TO PRESENT LOCATION AND CUSTODY OF SPECIFIED DOCUMENTS AND TO IMPOSE SANTIONS ON DEFENDANT FOR HIS FAILURE TO COMPLY WITH COURT ORDER [COURT DOC. NO. 374-1]*

*AND NOW*, this 28th Day of *February*, 2008, plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, as follows:[1]

1.    Under *Rule 37(b);*

    (a)    To issue sanctions upon defendant for his intentional failure to comply with court orders [**Court Doc. No. 374, 456, & 469**].

2.    Under *Rule 37(a)(2);*

    (a)    To compel defendant William Hobbs to file an Affidavit that:

**"Identifies the basis for statements contained in his affidavit which concede a protocol required by the Alabama Department of Corrections**

---

[1] Defendant previously requested an additional time to, including March 10, 2008 to respond to **Court Order No.'s 467 and 468.** However, counsel did not request an additional time regarding **Court Order 374** and this Order will not be forgotten. [**See, Court Order 492**]

1

regarding the surgical repair of hernias.  Specifically, defendant Hobbs shall advise how he became aware of the aforementioned protocol, i.e., Was the protocol verbally communicated to him by correctional officials?  Did the Alabama Department of Corrections or an employee thereof, at any time, provide him with a written copy of this protocol?

2.    States the date on which he became aware of the hernia treatment protocol initiated by the Alabama Department of Corrections."  [Court Order No. 374-1]

(b)    To require defendant to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.    Under *Rule 37(b)(2):*

(a)    To preclude defendants from asserting any objections to plaintiff's request for disclosure;

(b)    To treat as a contempt of court the failure of defendant Hobbs to answer *Court Order Doc. No. 374*, by a set date provided by the court;

(c)    To decide all contested issues of fact embraced by plaintiff request for disclosure in favor of plaintiff;

(d)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)    To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant William Hobbs under *Courts I, II, III, IV, V* and *VI* of plaintiff's complain; and

(f)    To require defendant William Hobbs to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

4.    Under *Rule 37(d):*

(a)    To preclude defendants from asserting any objections to plaintiff request for disclosure regarding defendants statement contained in his two (2) Affidavits that the Alabama Department of Corrections has a protocol and " . . . **In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. 'The protocol states that the hernia must be incarcerated or indanger of becoming incarcerated or into the scrotum . . . . " [ ] . . . "'If Mr. Breach did in fact meet the protocol by the Alabama Department of Corrections, his hernia would be repaired . . . . "' [Id. A 3 ¶ 3, Court Doc. 144-3, Filed on 9/21/07].**

(b)    To preclude defendants from asserting any objections regarding defendant William Hobbs's statement and that the Court adopt and establish base on Hobbs statement the Alabama Department of Corrections does in fact have a Protocol and that the protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum."

(c)    To treat as a contempt of court the failure of defendant Hobbs to answer **Court's Order Docket Numbers 374, 456, & 469.**

(d)    To decide all contested issues of fact embraced by plaintiff's request for disclosure in favor of plaintiff;

(e)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(f)    To require defendant to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

Done this 28th Day February 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 29th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**


**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**


**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach