IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED

2008 MAR -3 A 9:47

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

**PLAINTIFF'S MOTION THAT THE COURT GRANT PLAINTIFF'S MOTION TO COMPEL DEFENDANT GEORGE LYRENE, M.D., TO ANSWER DISCOVERY REQUEST [COURT DOC. NO. 462 ]AND REQUEST FOR SANCTIONS**

*AND NOW*, this 28th Day of *February*, 2008, plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, as follows:

1.    Under *Rule 37(b)*:

    (a)    Defendant Lyrene failed to file a timely response upon order to do so: To issue sanctions upon defendant for his intentional failure to comply with court order **[Court Doc. No. 466].** [1]

2.    Under *Rule 37(a)(2)*:

---

[1] Defendant did not respond as of **February 28, 2008.** Defendant's date was set for **February 25, 2008.** Defendant did not request an enlargement of time. Plaintiff has not received Lyrene's respond. In the event that the Defendant did so file a response timely, Plaintiff did not receive his respond. Plaintiff would request that the Court compel ADOC to send him a true copy of their response to **Court Order 466.**

1

(a) To compel defendant George Lyrene to answer plaintiff's interrogatories and discovery request in their entirety no later than a date set by this court; and,

(b) To require defendant to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3. Under *Rule 37(b)(2)*:

(a) To preclude defendants from asserting any objections to plaintiff's request for disclosure;

(b) To treat as a contempt of court the failure of defendant Lyrene to answer **Court Order Doc. No. 466-1**, by a set date provided by the court;

(c) To decide all contested issues of fact embraced by plaintiff request for disclosure in favor of plaintiff;

(d) To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e) To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant George Lyrene under *Courts I, II, III, IV, V and VI* of plaintiff's complaint; and

(f) To require defendant George Lyrene to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

4. Under *Rule 37(d)*:

(a) To preclude defendants from asserting any objections to plaintiff's Interrogatories, Request for Production of Documents and Admission by date set by this court;

(b) To treat as a contempt of court the failure of defendant Lyrene to answer **Court's Order Docket Numbers 466.**

(d) To decide all contested issues of fact embraced by plaintiff's request for disclosure in favor of plaintiff;

(e) To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(f) To require defendant to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

Done this 28th Day February 2008.

*/s/ Marcellus P. Breach*
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 29th Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501

Montgomery, Alabama 36101
Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _/s/ Marcellus Breach_
Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.,
Harvest, Alabaam 35749



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101