IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH,           )
AIS #160710,                )
                            )
        Plaintiff,          )
                            )          CIVIL ACTION NO.
v.                          )          2:06-CV-1133-MEF
                            )
PRISON HEALTH               )
SERVICES, et al.,           )
                            )
        Defendants.         )

## ADOC DEFENDANT LYRENE'S RESPONSE TO COURT'S ORDER (DOCKET NUMBER 466)

Comes now Defendant Lyrene, by and through the undersigned counsel, and submits this response to this Court's Order (Court Docket #466) as follows:

That pursuant to this Court's Order (Court Docket # 466) Defendant Lyrene is ordered to show cause why the Plaintiff's motion to compel responsive answers to discovery request should not be granted.

1. First and foremost, the motion to compel should be denied because the Plaintiff has not requested leave of the Court to file this discovery request even after being repeatedly ordered to do so by this Court (Court Docket #s 105 and 178). Additionally, this Court has stated that "all records, documents and other evidentiary materials relevant to the issue pending before this court have been filed by the parties." (Court Docket # 413).

2.  Secondly and evenly important, is that the motion to compel attempts to require Defendant Lyrene to answer the Plaintiff's questions as an expert witness in this case under the Federal Rules of Evidence, Rules 701 & 702. Defendant Lyrene has not been proffered by the Plaintiff nor the Defendants in this case as an expert witness. He is a named Defendant. The Plaintiff, specifically seeks to discover Defendant Lyrene's "methodology". As has been stated numerous previous occasions, Defendant Lyrene is not the Plaintiff's treating physician and is not responsible for, nor has he been involved in, the decision determining whether or not the Plaintiff needs surgery. Defendant Lyrene has not even examined the Plaintiff. The Plaintiff is merely trying to 'back-door' an expert in this case which is totally improper. On the basis of this argument, the Plaintiff's motion to compel should be denied.

3.  Thirdly, the issue in this case is whether the ADOC Defendants were deliberately indifference to Plaintiff's serious medical needs. There is nothing in this discovery request of the Plaintiff to Defendant Lyrene that addresses that issue. Based upon belief and the past history of this case, this request is merely meant as harassment and is clearly oppressive. For these reasons, the Plaintiff's motion to compel should be denied.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2008, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following (or by U.S. Mail to the non-CM-ECF participants):


Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL 36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, Alabama 35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749


/s/Albert S. Butler
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General