IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

CASE NO: 2:06-CV-1133-MEF

## MOTION TO STRIKE / PLAINTIFF'S WRITTEN OBJECTIONS TO ADOC'S RESPONSE TO COURT ORDER [DOC. # 461]

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach") in proper person hereby files his written objections to "**ADOC Defendants' Response To Court's Order (Docket # 461)** entered and filed on February 28, 2008: Plaintiff states the ADOC's response is based on unsupported evidence from Louisiana custodian of records, or ADOC custodian of records because these <u>12 pages, are not authenticated</u> as being true copies of all plaintiff's Louisiana medical records: Plaintiff objects as follows:[1]

1.  Plaintiff objects under <u>Rule 1003</u>, *Federal Rules of Evidence*, the supposedly duplicate 12 pages, out of 55 pages of Louisiana medical records. See also, <u>Rule 1004,</u> Fed.R.Evd. In addition, plaintiff objects that Defendants have failed to produce any

---

[1] Plaintiff argues that a Community Corrections Program Director Steve Watson, he is not responsible for Records at ADOC. He produces no evidence from Warden Jake, that these "papers" are plaintiff's Louisiana medical records, and that these 12 pages actually came from the custodian over records. Warden Jake is not custodian over records.

1

evidence from persons of the medical staff at the private prison authenticating; sworn statement that these 12- pages and three (3) pages of the same document submitted by defendants is what they claim they are. Furthermore, defendants failed to produce a **certificate of authenticity** of documents from Alton Jake, or Barber Fuslier, or Diana Lott, nurse administrator over medical at the Louisiana private prison stating that the only 12- pages out of 55 pages of plaintiff's Louisiana medical records are what they say they are; and, why they cannot produce all and a complete set of plaintiff's South Louisiana Corrections Services, medical records. *Rule 803(6), 901, 902*, Fed. R. Evid.

2. Defendants have offered no evidence that they cannot obtain all of plaintiff's Louisiana medical records. It is frustrating, and this is the sole reason this case is voluminous; the defendants continue to bootstrap and sandbag. Under *Rules 803(6),* these "*papers*" submitted by defendants, does not meet their obligations under *Rule 34(a),* Fed. R. Civ. P. Furthermore, defendants have failed to produce evidence that the 12 pages come directly from the **Custodian over Medical Records**, and not from Warden Jake who has no medical record keeping responsibility. The Affidavit by Steve Watson, states "those copies" in his affidavit, but where is the authenticity of "those copies" and where, and who did Warden Jake obtain these documents from? There is no evidence, this is not sufficient.

3. Obviously, defendants have not explained where the location of plaintiff's LCS Grievance(s) specifically grievance "**FRONT and BACK**" of "**LCS Corrections Services,**

2

Inc.," Offender Grievance No. 06-215 [Attached Exhibit "A", Plaintiff's Objections] the "FRONT and BACK" of this "LCS Corrections Services, Inc.," Offender Grievance No. 06-215 dated received *June 26, 2006* by Warden Viator dated received *June 26, 2006* by Warden Viator. <u>Defendants state no reasons why they cannot obtain this specific request along with the fax reports.</u> Plaintiff has continuously complained about defendant withholding evidence, concealing evidence and now this is more proof. If defendants are in fact producing what they claim they are; where is the proof <u>from the custodian of records</u> who has knowledge of the Louisiana medical record keeping from the regularly conducted business activity? Plaintiff does not believe the person(s) over medical records, <u>Ms. Barber Fuslier, or Ms. Diana Lott, nurse administrator, will sign an Affidavit</u> stating that these 12 pages submitted by ADOC, are in fact, "all" of plaintiff's <u>original and copies</u> of his South Louisiana Corrections Center medical records. Defendants failed to offer any proof that these records are actually come from the person over record keeping.

4.  How can 55 pages of medical records all of a sudden come up missing? When evidence in defendants possession is requested, the pattern in this case is, it comes up missing. This Court ought not to consider these "papers" submitted by ADOC without proof as to what they are, who they came from. Who did Warden Jake get these 12 papers from? *Rule 56* generally allows a court to consider "any material that would be admissible or usable at trial." *See Property Mgmt. & Inv., Inc.*, 752 F.2d at 604 n.4 .

Business records "of regularly conducted activity," including diagnoses "made at or near the time by . . . a person with knowledge," are admissible if the records were compiled as "the regular practice" of the business and "kept in the course of a regularly conducted business activity," as shown either by the testimony of the records custodian or by a certification that complies with Fed. R. Evid. *902(11)*, unless there is some indication that the records lack trustworthiness. Fed. R. Evid. *803(6)*. The ADOC Defendants have not submitted a signed and notarized copy of a "**Medical Record Certificate of Authentication**," stating that the Plaintiff's medical records from South Louisiana Correctional Center, at Basile, Louisiana, "are maintained under the care, custody and control of the Director of Medical Records, and kept in the ordinary course of business of that facility," i.e., SLCS's Medical Unit. It is disputed that these medical records not authentic and trustworthy and the Court cannot consider them in ruling on the imminent motion for summary judgment, or under *Rule 34(a)*, Fed.R.Civ.P., nor Federal Rules of Evidence.

5.      Plaintiff objects, these 12-pages are not "all" of plaintiff's Louisiana medical records: it is clear defendants continue to withhold evidence in their possession and control.  Reiterated, no proof of the authenticity of Business records "of regularly conducted activity," including these 12 pages through a person with knowledge, is not admissible because these "papers" <u>are not compiled</u> as "the regular practice" of the business and "kept in the course of a regularly conducted business activity;" there is no

4

proof through testimony of the records custodian or by a certification that complies with Fed. R. Evid. *803(6)*, and; 55 pages are missing, including **15 grievances; fax reports** filed in Louisiana concerning this case. Fed. R. Evid. *803(6)*. The Defendants must submit a signed and notarized copy of a "**Medical Records Certificate of Authentication**," stating that these are "what they purport to be" from the medical personnel at the private prison and "are maintained under the care, custody and control of the Director of Medical Records, and kept in the ordinary course of business of this facility," i.e., *Barber Fuslier* over Records or *Diana Lott*, nurse administrator. [2]

5.   These records are not authenticated, not properly certified pursuant to Fed. R. Evid. *803(6)*.

## RELIEF REQUESTED

A    Strike the 12 pages of these documents submitted by the ADOC defendants as hearsay, and lack Authenticity.

b.   Plaintiff request production of all of his Louisiana medical records under the control of ADOC who are still in contract with the private prison be produced and authenticated properly.

c.   Grant what is fair.

Done this 3rd Day March 2008.

/s/ Marcellus Breach

MARCELLUS BREACH 160710

Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

---

[2] Barber Fuslier is SLCS custodian over records. Diana Lott, is the nurse administrator.

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 3rd Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

6

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA   35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

Personal &

36101307ii B007   |..||..||.....||||......||||...|...|...||...||...||...|||..|.|