IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. 2:06cv1133-MEF |
| § | |
| PRISON HEALTH SERVICES, INC.; § et al.; § § | |
| Defendants. § | |

**RESPONSE TO PLAINTIFF'S OBJECTION
AND RESPONSE TO COURT ORDER [DOC NO. 461]**

COME NOW the Defendants, Prison Health Services, Inc. et al. (collectively "PHS"), by and through counsel, and in response to this Court's Order [Doc. No. 461 dated February 13, 2008] do hereby file the following brief, additional briefs and evidentiary material will follow.

**FACTUAL BACKGROUND**

1.     As this Court may be aware, Mr. Breach has embarked on a pilgrimage of frivolous pleadings and patently false statements throughout a litany of filings pertaining to this case. <u>Prior to his entry into the Alabama Department of Corrections' ("ADOC") System</u>, Marcellus Breach had suffered from a chronic left inguinal hernia. Even though this condition pre-existed his incarceration into the ADOC system, Breach has spent most of the last year and a half litigating a claim that ADOC, PHS, and Correctional Medical Services ("CMS") have demonstrated deliberate indifference to a serious medical need because of their refusal to surgically repair his hernia. The voluminous records in this case

has demonstrated overwhelming evidence that disproves any deliberate indifference on the part of PHS physicians, nurse practitioners, and nurses concerning their treatment of his condition. Despite this evidence, the Plaintiff has aggressively pursued frivolous discovery in an effort to require state agencies and their affiliates to pay for surgical treatment that he, himself, failed to have prior to his incarceration.

2. Between December 2006 and present, only two Alabama correctional facilities have provided treatment to Mr. Breach (1) Kilby Correctional Facility in Mt. Meigs, Alabama, and (2) Limestone Correctional Facility near Huntsville, Alabama. Breach also received medical treatment from LCS Correction Services, Inc. in the State of Louisiana. <u>All of the records from that facility that were in the possession of PHS at the time it held the contract for medical services for correctional facilities in the State of Alabama, have been produced on multiple occasions in this lawsuit</u>. PHS does not possess any additional records in its files from this facility, although it has been explained to Mr. Breach in multiple briefs that PHS may not be in possession of <u>all</u> the records from that facility.

3. PHS no longer has the contract to provide medical services for correctional facilities here in Alabama, therefore, the company no longer has access to any medical records, whether they be medical records for prisoners currently in the system or records from a facility like LCS Correctional Services, Inc. in Louisiana.

### ARGUMENT

PHS will attempt to address each of the objections highlighted in this Court's Order. Whether framed as discovery, requests, argument, or otherwise, the Plaintiff is either not

entitled to documents requested in the discovery, or PHS does not have the information sought by the Plaintiff. Furthermore, PHS does not have the ability to obtain certain information. In addition, interrogatories and other discovery propounded to PHS, Dr. Michael Robbins, and Dr. William Hobbs, do not address or concern themselves with allegations of deliberate indifference to treatment having been provided by physicians/PHS to Mr. Breach. The facts previously presented to the Magistrate Judge confirm that Mr. Breach's condition has not worsened since his incarceration. Furthermore, multiple documents and affidavits have confirmed to the Magistrate Judge that surgical intervention, in the opinion of these physicians, is not required or necessary and that the Plaintiff's condition does not require emergency treatment. Finally, even if that documentary information were available, it sheds no light on the issue involved in this case, i.e., whether PHS physicians, nurse practitioners, and nurses engaged in deliberate indifference to a serious medical need that pre-existed Mr. Breach's incarceration in the Alabama Department of Corrections' facilities.

I. **Plaintiff's Written Objections To Discovery Request/Louisiana Medical Records [Court Doc. No. 449].**

In this pleading, the Plaintiff has objected to the Magistrate Judge's Order regarding the Plaintiff's request for production of Louisiana medical records. The Plaintiff's brief speaks volumes about this particular issue. In Court Doc. No. 449, the Plaintiff claims that "he challenged the medical treatment [that he received for his hernia] in the Thirteen [sic] Judicial District for the State of Louisiana." [Breach v. Cokes, et al., Case No. 00067886-B]. What is interesting about this argument is that the Plaintiff did not receive the requested

documents during his Louisiana proceeding, much less his Alabama proceedings. Here, PHS has produced to the Plaintiff all of the LCS Correction Services, Inc. documents that it has in its possession pertaining to his medical history. During the time period PHS provided medical service for inmates, it did not have custody or control over the remaining documents. Now, PHS cannot access those records because it no longer maintains the contract for medical services for Alabama prisoners.

Finally, the documents from LCS Correction Services, Inc., are not relevant, pursuant to the FED. R. EVID. Rule 403 states as follows:

> **Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this case, the LCS Correction Services, Inc. records, apparently sought by the Plaintiff, are beyond the custody and control of these Defendants. Moreover, those records would shed no light on whether the treatment of the Plaintiff while incarcerated in Alabama rises to the level of deliberate indifference to a serious medical need. The records previously produced in this case verify that the primary treating physician of the Plaintiff in Louisiana, Dr. John Tassin, significantly questioned and doubted the need for surgical intervention of the Plaintiff's hernia. [[Exhibit "A" -- Dr. Tassin's chart]].

During the first eight to ten months of this litigation, the Plaintiff insisted that Dr. Tassin had affirmatively recommended that this surgery go forward and, that ADOC

4

officials/PHS physicians failed to follow this order. Once it was explained to the Magistrate Judge that Dr. Tassin had, in fact, questioned and doubted the need for surgical intervention, the Plaintiff backed away from this unsupportable position and began to pursue unnecessary discovery.

Linda Lawrence's affidavit confirms the receipt of documents from South Louisiana Correctional Facility <u>and PHS has produced those documents that it has</u>. If additional documents, however, were not forwarded to PHS at the time of the Plaintiff's transfer, there is nothing that PHS can do at this time to procure their release. In this Court's Order, it has been requested that PHS address the following issues:

1. With respect to the objection of Doc. No. 449 regarding Louisiana medical records, Defendants shall provide this Court information including, but not limited to:

    (a) What documents, if any, have already been produced to Breach;

    (b) The location of the medical records that have not been produced to Breach;

    (c) The Defendants' ability to obtain from third parties any medical records which have not been produced to Breach.

    (d) Any other argument, evidence, or case law that Defendants feel are relevant to this Court's ruling.

PHS believes it has responded to these issues and would cite the Court to the record, including the production of South Louisiana Correctional records <u>that have been or were in the possession, custody, and control of PHS during the time it had access to these records and was the medical health provider to ADOC</u>. PHS, however, does not take the position

5

that other documents may exist at the South Louisiana Correctional Services' facility, but that it has produced to Breach those documents that were in its possession, custody, and control and has done so on <u>multiple</u> occasions.

## II. Plaintiff's Written Objection To Discovery Requests Propounded Upon Prison Health Services, Inc. [Court Doc. No. 457].

The Magistrate Judge correctly ruled regarding the voluminous discovery material filed by the Plaintiff, that the discovery responses from these Defendants (both on its behalf and its physicians) were more than sufficient to address the issue before the Court, which remains the following:

> **Whether the medical treatment provided by PHS and its medical physicians rises to the level of a deliberate indifference to a serious medical need when it is undisputed that the Plaintiff's condition preceded his incarceration and has not become more severe during his time in jail.**

The Court's record is replete with affidavits, documents, medical records, charts, and other material, presented from both sides. The Plaintiff has presented thousands of pages of documents, arguments, pleadings, and exhibits that provide an interesting history on hernias and potential hernia repairs. The problem for the Plaintiff, however, is that deliberate indifference requires more than a mere disagreement between physicians. <u>Clark v. Adams</u>, 233 F. Appx. 400, 2007 U.S. App. LEXIS 14974 (June 21, 2007). Thus, the vast majority of the discovery sought by the Plaintiff <u>will not shed further light on what is, at best, a possible disagreement between physicians concerning the course of treatment of a particular prisoner</u>. The Plaintiff's allegations, even taken in a light most favorable to him, show that, at best, his allegations and evidence describe a disagreement with the medical

6

treatment he received and such disagreement or even medical negligence do not rise to the level of a constitutional violation. Clark, supra, citing Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Objectively speaking, the Plaintiff may suffer from a serious medical need because such is defined as "[a need] that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). However, even if this Plaintiff's hernia constitutes a serious medical need, a difference in opinion between medical physicians does not establish deliberate indifference and even "medical malpractice, negligence or even gross negligence does not equate to deliberate indifference. . . . . It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregarded that need in order to be held deliberately indifferent." Johnson v. Doughty, 433 F.3d 1001, 1012-1013 (7th Cir. 2006). Even when one physician says surgery is necessary while another may rely on the use of a truss, this does not show deliberate indifference, medical malpractice, or even negligence, but simply a difference of professional opinion; thus, liability cannot be established. Evans v. Firkus, 2007 U.S. Dist. LEXIS 66257 (Sept. 7, 2007), citing Estate of Colby Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).

PHS and its physicians have answered relevant discovery and produced a litany of records in its possession, custody and control that relate to the medical treatment provided to the Plaintiff. Discovery requests from the Plaintiff seeking such information as written

reports to the State Board of Medical Examiners, credentialing and quality assurance material protected from production under Alabama law, efforts to obtain documentation concerning other prisoners who may have received hernia treatments, and information concerning the number and "quality" of other hernia treatments in the Department of Corrections are simply irrelevant to a decision involving what is, in effect, the relationship between the Plaintiff, Mr. Breach, and his physicians. Furthermore, the Plaintiff requests the same information that has either already been produced or is not in the possession, custody or control of the PHS Defendants. The Plaintiff has received all of the evidence that he needs to respond to the Motion for Summary Judgment that will be filed based on the claims asserted by the Plaintiff. As such, no Order from this Court regarding additional discovery is warranted.

In this Court's Order regarding the objection at Docket no. 437, it was requested that regarding certain discovery propounded to PHS, we provide the Court with the following information:

      (a)    What interrogatories, requests for production or admissions were not answered by Defendants;

      (b)    The justifications for such omissions; and

      (c)    Any other argument, evidence or case law Defendants feel are relevant to this Court's ruling.

The following is believed to be the interrogatories, requests for production, etc. that do not appear to have been answered by these Defendants.

1. Plaintiff's 9th set of Interrogatories and Request for Admissions, for Production of Documents to PHS Defendants [Court Doc. no. 265];

2. Plaintiff's 11th set of Interrogatories and Request for Admissions, for Production of Documents to PHS Defendants [Court Doc. no. 297];

3. Plaintiff's Supplemental Discovery Request -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendant, William Hobbs, M.D. [Court Doc no. 314];

4. Plaintiff's Supplemental Discovery Request -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendant, Bradford Adams, Nurse Practitioner [Court Doc no. 317];

5. Plaintiff's Supplemental Discovery Request -- Set of Interrogatories and Request for Admissions, for Production of Documents to Defendant, Michael E. Robbins, M.D. [Court Doc no. 315].

The following is believed to be these Defendants' responses to the myriad of discovery requests outlined by the Plaintiff. However, because the Plaintiff's requests are so voluminous and repetitive, it is difficult to confirm what discovery responses, if any, require the attention of these Defendants.

1. Defendants' (Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs) Response for Admission of Facts [Court Doc. 249];

2. Defendants' (Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs) Response to Order [Court Doc. no. 312];

3. Defendants' (Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs) Response to Second Request for Admission [Court Doc. no. 313];

4. Defendants' (Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs) Notice of Filing Defendant Michael E. Robbins, M.D.'s Objections to Plaintiff's Second Set of Interrogatories [Court Doc. no. 340];

5. Defendant Dr. William Hobbs' Objections to Plaintiff's Fourth Set of Interrogatories [Court Doc. no. 341]; and

6. Defendants' (Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs) Notice of Filing - pertaining to copies of all records in possession of PHS Defendants from Southeast Louisiana Correctional Facility [Court Doc. no. 412].

As stated in multiple pleadings before the Magistrate, this case, <u>at best</u>, constitutes nothing more than a difference of medical opinion regarding a course of treatment for a particular patient. Multiple physicians and nurse practitioners have submitted affidavits into the record verifying that Mr. Breach's pre-existing hernia condition has not become worse or become problematic to the point that surgical intervention is required. At the same time, the prisoner has submitted medical affidavits from non-treating physicians indicating that surgery should be performed. Thus, a difference of opinion exists between medical professionals concerning <u>the course of treatment</u> rather than the physical characteristics of the injury or the subjective pain complaints of the prisoner.[1]

All of the Plaintiff's discovery requests address issues unrelated to whether a deliberate indifference to a serious medical need or medical malpractice has occurred. Rather, the discovery seeks nothing less than the imposition of costs and expenses on a

---

[1] It is undisputed that Dr. Yerubandi, the Plaintiff's expert has not treated the patient nor has he even seen the prisoner's condition or treated the prisoner's complaints of pain.

defendant in a case where the underlying evidence shows nothing more than a difference of medical opinion. Multiple prisoners second guess the type of medical treatment they receive. However, questions of whether PHS physicians and nurse practitioners employed appropriate diagnostic techniques, forms of treatment or care is a classic example of medical judgment and is not an appropriate basis for grounding liability under the Eighth Amendment. Adams v. Boag, 61 F.3d 1537. 1545 (11th Cir. 1995). In recent cases, the Eleventh Circuit has only affirmed this longstanding public policy principle.

In Chiccone v. Sapp, 238 Fed. App. 487; 2007 U.S. App. LEXIS 15478 (June 28, 2007), a prisoner challenged the prison's treatment of his scabie infection, a subdural infestation of mites, which causes intense itching on the skin. Evidence in the record indicated that medical physicians delayed the treatment for several days due to a "back log" that was not corrected in a timely fashion. The prisoner argued that the delayed treatment caused intense personal pain.

The Eleventh Circuit affirmed the district court's decision, ruling against the prisoner, noting that a "simple difference in medical opinion does not constitute deliberate indifference. Waldrip v. Evans, 871 F.2d 1030, 1033 (11th Circ. 1989)." The Court decided that the Plaintiff's delayed treatment constituted nothing more than a potential difference of medical opinion. Chiccone, supra, at 489-90. Furthermore, the Court also found that no evidence had been presented in the record to show that a delay in potential treatment had exacerbated the plaintiff's condition to the point of rising to the level of deliberate indifference. Id. at 491. In the end, the Court found that the prisoner, while having access to medical treatment and personnel, was unable to get the type of treatment desired as well

as when he desired it. Id. at 491. The Eleventh Circuit, however, found that the medical treatment provided by the correctional physicians while untimely, and potentially negligent, was not deliberately indifferent and affirmed dismissal of the case.

In Grimsley v. Hammack, 2007 U.S. App. LEXIS 27522 (Nov. 27, 2007), a prisoner represented by counsel challenged the medical treatment associated with an arteriovenous grapt ("AV") and the physician's failure to remove it. In affirming dismissal of the case, the Court noted that the plaintiff's primary claim concerned the plaintiff's desire for additional forms of treatment and the defendant's alleged failure to provide that requested treatment. The Court correctly held as follows:

> [T]he evidence shows that the defendants provided the necessary care and treatment to correct Grimsley's kidney failure, but the treatment Grimsley believes he should have received. Matters of medical judgment extend to whether the defendants should have provided additional forms of treatment. *See, Adams, 61 F.3d at 1545; see also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)* (stating "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's . . . course of treatment support a claim of cruel and unusual punishment"). Because Grimsley only has shown a difference of medical opinion in the manner in which the defendants treated his condition, he has not raised a genuine issue of material fact regarding deliberate indifference. (citations omitted).

Id. at 6.

In this case, the prisoner seeks discovery on issues that are irrelevant and unnecessary towards establishing whether a deliberate indifference to a serious medical need or medical malpractice under the Alabama Medical Liability Act has occurred with regards to the course of treatment for this prisoner's pre-existing hernia condition. These Defendants have objected to multiple avenues of discovery, all of which fail to address the

material issues outlined in the Plaintiff's own Complaint. As such, the Plaintiff's discovery requests will not produce "needed, but unspecified" facts that will enable him, by discovery or any other means, to rebut the principles of law that unquestionably govern the disposition of this particular case.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 10th day of March, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    Philip G. Piggott, Esq.
    STARNES & ATCHISON, LLP
    P. O. Box 598512
    Birmingham, AL  35259-8512


                                          /s/ PAUL M. JAMES, JR. (JAM017)
                                          OF COUNSEL

EXHIBIT A

## LCS CORRECTIONS SERVICES, INC.
### DOCTOR'S ORDERS SHEET

Offender Name: Breach, Marcelus           DOC#: AL 160710

| Date / Time | Allergies: NKA |
|---|---|
| 3-21-06 | Hernia (L) Inguinal Hernia Needs repair? — Dr. M. Maye |
| 4/12/06 | IBP 400mg BID til dental — Dr. Tassin / M. Maye |
| 7/18/06 | Not Pt. has (L) Inguinal Hernia, Not Incarcerated, Elective procedure. — M. Maye |
| 10-3-06 | Old injury (L) ankle tender + ROM. Achill / Naproxen 500 BID #30 x3 / 5 Pred — M. Maye |