IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:06cv1133-MEF |
| § | |
| PRISON HEALTH SERVICES, INC.; § | |
| et al.; § | |
| § | |
| Defendants. § | |

### DEFENDANTS' RESPONSES TO COURT'S ORDER [COURT DOC. NO. 510] AND PLAINTIFF'S MOTION TO COMPEL [COURT DOC. NO. 514]

COME NOW the Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs (collectively "PHS"), by and through counsel, and in response to this Plaintiff's Motion to Compel [Court Doc. No. 514] states the following:

1. This Court has requested a responsive pleading on behalf of Prison Health Services concerning a Motion to Compel filed by the prisoner seeking yet additional discovery that is either immaterial, irrelevant, protected, or overbroad in its scope as it pertains to the Plaintiff's claims against these Defendants.

2. The primary concern of the Plaintiff, once again, appears to be what he claims are "too many missing documents, specifically, the Louisiana medical records." As PHS has stated since the beginning of this litigation, it has produced all of the Louisiana Correctional medical records that were in its possession pertaining to the treatment of

Marcellus Breach. For the Plaintiff to now argue and to seek additional discovery because "PHS has not provided nor produced Plaintiff's medical records from Louisiana", is simply wrong. Previously, this Court has addressed identical discovery requests from the Plaintiff on these records and has repeatedly denied their request that PHS produce something <u>that is not under their custody and control</u>. PHS no longer provides medical treatment for the Alabama Department of Corrections and any documents that might, under unusual circumstances, have been within the ability of PHS to obtain, are no longer such.

3. In addition, the PHS Defendants are once again having to address the fact that there is <u>no written controlling policy, protocol or procedure concerning the treatment of hernias from the Alabama Department of Corrections system</u>. Rather, materials have been reviewed, specifically by Dr. William Hobbs, that outline alternative treatments and methods for prisoners within generic prison populations. However, said documents are not policy manuals that restrict or limit the ability of PHS physicians to diagnosis, treat or, when necessary, <u>order the applicable surgical repair for prisoners</u>. As PHS has stated throughout this litigation, if Mr. Breach's hernia required repair or surgical intervention, said repair would already have been completed.

4. The Plaintiff, once again, misconstrues federal law on the issue that is at stake in this case. There is no policy, custom or procedure of a local governmental entity that has deprived the Plaintiff of any Constitutional rights. In fact, the most that has been determined in this case is that there is a difference of medical opinion concerning treatment for Mr. Breach <u>for a preexisting condition that he had prior to incarceration with the Alabama Department of Corrections</u>. Had the prisoner sought or needed treatment prior

2

to his incarceration, he could have received it by paying for the procedure himself. Rather, the prisoner now seeks free surgical treatment for a condition that <u>treating physicians and nurse practitioners have determined, unequivocally, does not require such treatment</u>. Thus, this case, at best, constitutes a classic example wherein a difference of medical opinion is being cited as evidence for deliberate indifference. A prisoner cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of medical judgment. The Eleventh Circuit has consistently held that the treatment options selected by correctional physicians or the potential implementation of additional diagnostic techniques is a classic form of medical judgment and is not appropriate for establishing liability under the Eighth Amendment's cruel and unusual punishment provisions. <u>Adams v. Boag</u>, 61 F.3d 1537. 1545 (11th Cir. 1995).

5.  As this prisoner will no doubt refuse to admit, acknowledge or cite, the issue in this case remains the same and that is as follows:

> **Whether the medical treatment provided by PHS and its medical physicians rises to the level of a deliberate indifference to a serious medical need when it is undisputed that the Plaintiff's condition preceded his incarceration and has not become more severe during his time in jail.**

6.  The Plaintiff's discovery procedures focus almost exclusively on attempts to discover, review or ascertain the presence of an official protocol, policy or procedure for treating hernias within the Alabama Department of Corrections. <u>There is no such policy or protocol</u>, as the Plaintiff defines it or as PHS physicians would be required to implement. As affidavit testimony previously submitted in this case has determined, no policy,

procedure or customer limits, restricts or impedes the ability of PHS physicians, nurse practitioners, and nurses to provide appropriate medical treatment from prisoners suffering from hernias. As a result, discovery addressing quality assurance procedures, standards, practices, and procedure policies, quality assurance programs, healthcare service's rules, quality assurance/utilization review programs, and State health regulations <u>have nothing to do with whether a difference in medical opinion rises to the level of a deliberate indifference to a serious medical need</u>, the standard the prisoner wishes this Court to adopt, but which Eleventh Circuit and federal case law clearly rejects. A review of the "interrogatories" propounded by the Plaintiff demonstrates that they overwhelmingly address issues raised above and are clearly immaterial to a decision on whether the <u>documented treatment provided to the prisoner constitutes deliberate indifference or medical negligence breaching the standard of care under Alabama law</u>. As such, the discovery is, *prima facie*, irrelevant, immaterial, and unnecessary.

7.  On an even more frivolous argument, the prisoner seems to cite elective surgery requirements from the successor to PHS, Correctional Medical Services ("CMS"). They cite a contract entered into between CMS and the Department of Corrections concerning the alleged prohibition against elective procedures. It is undisputed that CMS is not the subject of a discovery dispute involving PHS nor should its contract, policies, and procedures have anything to do with the specific allegations raised by the prisoner in his previously filed complaints against PHS.

8.  To demonstrate the frivolous nature of the Plaintiff's request, one must simply review the multiple times where the prisoner requests quality

assurance/credentially material from this Defendant. ALA. CODE § 22-21-8 prohibits the production of this material. That statute reads as follows:

> (a) Accreditation, quality assurance and similar materials as used in this section shall include written reports, records, correspondence, and materials concerning the accreditation or quality assurance or similar function of any hospital, clinic, or medical staff. . . .
>
> (b) All accreditation, quality assurance credentialing and similar materials <u>shall be held in confidence</u> . . . .

9.   In his interrogatories, by example, the Plaintiff requests material that is deemed confidential and protected under Alabama law in at least twelve (12) of those particular interrogatories. As such, the discovery requests, themselves, are baseless. A review of the request for production shows similar frivolous requests. At least six (6) of the ten (10) "requests for production", as phrased by the Plaintiff, go to quality assurance credentialing materials and are protected by ALA. CODE § 22-21-8. The remaining requests address policies and procedures concerning record keeping and documents that are either non-existent or totally beyond the scope of whether this particular prisoner's constitutional rights were violated.

10.   None of the information sought by the prisoner or requested by the prisoner in interrogatories and/or requests for production has any relationship, direct or indirect, to the two major issues outlined in the prisoner's Complaint. As such, the discovery is not warranted or necessary in order for the Plaintiff to produce evidence opposing any potential summary judgment motion. The Plaintiff has obtained medical evidence suggesting that his condition warrants surgical intervention. PHS has submitted

overwhelming evidence that it does not. At best, a difference in medical opinion does not rise to the level of a constitutional violation and this issue requires no additional discovery.

WHEREFORE, all premises considered, the PHS Defendants respectfully request that the Court deny the Plaintiff's Motion to Compel [Court Doc. No. 514].

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Linda Lawrence, Michael Catalano, Rick Dull, Martha Jane Haynes, Michael E. Robbins, M.D., Bradford Adams, and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 10th day of March, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    Philip G. Piggott, Esq.
    STARNES & ATCHISON, LLP
    P. O. Box 598512
    Birmingham, AL  35259-8512

                      /s/ PAUL M. JAMES, JR. (JAM017)
                        OF COUNSEL