IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | § § § | |
| Defendants. | § § | |

### DEFENDANTS' PRISON HEALTH SERVICES AND BRADFORD ADAMS RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS [COURT DOC NO. 522]

COME NOW the Defendants, Prison Health Services and Bradford Adams, by and through counsel, and in response to the Plaintiff's Motion for Sanctions [Court Doc. 522], and this Court's Order [Court Doc. 524] requesting a response to the Plaintiff's Motion state the following:

1.  Once again, the Plaintiff has filed an unnecessary motion requesting unnecessary conduct from Prison Health Services and/or its employees. Specifically, the Plaintiff attempts to require additional answers to discovery that have already been answered by Bradford Adams and whose answers constitute complete and necessary information pertaining to the interrogatories, request for production, and request for admissions propounded by the Plaintiff. Notwithstanding these positions, Adams also previously objected and filed appropriate objections to certain discovery and the Plaintiff

has shown no law, rule, citation or other principle of law that should require Defendant Bradford Adams to modify said discovery responses.

2. This time, the primary concern of the Plaintiff appears to be his claim that insufficient or inappropriate answers have been filed in response to the request for production, request for admissions, and interrogatories. On the contrary, Nurse Adams provided information available to him, based on records or information that was available to him at the time the responses were required.

3. A further review of the specific interrogatories demonstrates the lack of relevancy most of the questions have pertaining to the issue in this case which is and has always been as follows:

> Whether the medical treatment provided by PHS and its medical physicians rises to the level of a deliberate indifference to a serious medical need when it is undisputed that the Plaintiff's condition preceded his incarceration and has not become more severe during his time in jail.

As an example, the issue of whether Bradford Adams has ever been arrested or convicted with a felony or misdemeanor is totally irrelevant to an issue in this case, yet the Plaintiff asked that in an interrogatory. Further interrogatories asked Adams to identify the investigative authority for the entity that arrested Nurse Adams and requests specific details concerning this arrest record. Prior employers are requested for Nurse Adams along with location information pertaining to supervisors that may or may no longer be working for PHS are sought.

4. In most cases, Nurse Adams was not able to provide a response to the interrogatory because the medical chart is maintained at an alternative facility and Adams did not have an opportunity to review that chart prior to answering the interrogatory. Rather than provide a potentially false or misleading response, Nurse Adams indicated that he was unable to respond to the interrogatory because the medical chart existed at another facility. Now, PHS no longer has access to the chart because they are no longer under the custody and control of the company.

5. Upon closer review, still more interrogatories are totally irrelevant pursuant to the federal rules. The number of Alabama inmates diagnosed with hernias, the issue of whether Adams' license has ever been revoked, questions concerning Adams' decisions to refer patients to surgery, and blanketly false statements concerning Dr. John Tassin's medical records were correctly and appropriately answered by Adams in his responses. As an example, in interrogatory number 17, the prisoner once again falsely represents to this Court that Dr. Tassin entered an order in his medical chart indicating that the prisoner needed surgery. In fact, Dr. Tassin entered no such order and the prisoner is well aware of this fact.

6. In reviewing the interrogatories, at least four separate interrogatories refer to the same issue of surgical referrals by a nurse practitioner. As Nurse Adams correctly stated, it is the physicians at PHS, not nurse practitioners, who ultimately make the decision concerning referrals for surgery. Thus, Adams correctly and sufficiently answered the question propounded by the prisoner. In dealing with a request for admissions, it is once again the prisoner's false statements that need to be examined by this Court. In some

of the interrogatories, as well as the request for admissions, the primary concern of the prisoner appears to be documents from the Louisiana Correctional Facility <u>that are not in the possession, custody or control of Prison Health Services or Nurse Adams</u>. As previously stated, PHS and Adams have produced all Louisiana Correctional Medical records that were in its possession pertaining to the treatment of Mr. Breach. This has been stated in both pleadings and in affidavits provided to this Court on multiple previous occasions.

7. Another review of the request for admissions once again has the prisoner misrepresenting to this Court the issue concerning Dr. Tassin's medical recommendations. It is undisputed that Dr. Tassin significantly questions the need for this prisoner to need surgery for his hernia repair given the scope and existence of the condition. Rather than accept this premise, the prisoner has engaged in a two-year attempt to falsely misrepresent this note to the Court. In multiple pleadings previously provided to this Court, PHS has called this misrepresentation to the Court's attention, yet this has not prevented Mr. Breach from continuing his assault on the truth by blanketly misrepresenting this report in interrogatories and request for admissions to these Defendants.

8. The Plaintiff also fails to review Rule 36 of the <u>Federal Rules of Civil Procedure</u> pertaining to a party's ability to assert lack of knowledge or information as a reason for failing to admit or deny a particular request. In multiple responses, Nurse Adams was forced to acknowledge that he did not have access to the medical chart at Kilby Correctional Facility because the chart is now held at Limestone Correctional Facility. In addition, PHS is no longer the provider for medical services for correctional facilities and

the material is beyond the care, custody, and control of the company at this time. In addition, multiple requests for admissions are incapable of being responded to by Nurse Adams. For example, the Plaintiff requests that Adams "admit or deny [in all cases] that bowel movements can cause muscles to weaken resulting into an enlargement of plaintiff's hernia?" [Plaintiff's Request for Admissions, #26]. It is impossible for Adams to respond to said question on a generalized basis. Plus, the response to that question is not pertinent to the issues pertaining in this case, that being whether deliberate indifference has been established in this case.

9. Other requests for admissions go to the "physical" effects felt by the Plaintiff/prisoner when his hernia allegedly becomes problematic. It would be impossible for Adams to answer these questions, generally, and even specifically, without a detailed review of the chart and even that would not necessarily provide him with the information necessary to respond.

10. As a reminder to this Court, Mr. Breach's hernia is a <u>pre-existing condition that he had prior to his incarceration with the Alabama Department of Corrections</u>. The prisoner had multiple opportunities prior to his incarceration to have his hernia repaired surgically. There is no evidence in the record that his hernia has become more severe from a physical standpoint since his imprisonment with the Department of Corrections. Thus, the relevancy of most, if not all, of his discovery is severely compromised.

11. None of the information sought by the prisoner or requested by the prisoner in interrogatories and/or requests for production has any relationship, direct or indirect, to the issues outlined in the prisoner's Complaint. As such, the discovery is not warranted or

necessary in order for the Plaintiff to produce evidence opposing any potential summary judgment motion. The Plaintiff has obtained medical evidence suggesting that his condition warrants surgical intervention. PHS has submitted overwhelming evidence that it does not. At best, a difference in medical opinion does not rise to the level of a constitutional violation and this issue requires no additional discovery.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services and Bradford Adams

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 13th day of March, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    Philip G. Piggott, Esq.
    STARNES & ATCHISON, LLP
    P. O. Box 598512
    Birmingham, AL  35259-8512

                                        /s/ PAUL M. JAMES, JR. (JAM017)
                                        OF COUNSEL