**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

2008 MAR 13 A 10: 55

DBRA P. HACKET
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710

  Plaintiff,

                *   CASE NO: 2:06-CV-1133-MEF

Vs.

                *

PRISON HEALTH SERVICES, INC.,

                *

  Defendants.


*MOTION TO RECONSIDER, ALTER, VACATE JUDGEMENT and/or MOTION FOR*
*AN EXTENTION OF TIME TO FILE TIMELY WRITTEN OBJECTIONS*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> in proper person "Pro Se", moves this

Court to reconsider an error, relying on misleading information from the defendants

regarding the **December 10, 2007**, and <u>not November 20, 2007</u> [**Court Order No. 197-1**]

discovery deadline.   Moreover, the Court did not require plaintiff to first have

permission from the court before filing discovery, the Court ordered all discovery to be

filed before <u>*December 10, 2007*</u>.   All of plaintiff's discovery requests propounded on all

defendants are timely well within **December 10, 2007**.  Plaintiff objects to this reliance on

misleading information, totally against the Court's orders and request the court vacate its

order denying plaintiff's motion to compel [**Court Doc. No. 510, 511, 512, 513, Orders**]

1

filed on entered on _March 5, 2008_ regarding plaintiff's motions to compel,  [**Court Doc.
No. 462, 493, 494, 503,**] for good cause: [1]

1.      [2]Defendants stated plaintiff's discovery request was untimely. [*ADOC Defendants
Responses, Lyrene and Kinard, Court Doc. No. 506, 508, 509*]    That is incorrect.
Defendants overlooked that fact, this court extended the discovery deadline _to December
10, 2007._ [**Court Doc. No. 197-1, Order**]  The defendants mislead this Court, twisted the
orders of this court regarding Discovery deadline.    This Court extended plaintiff's
Discovery request from the original date of _November 20, 2007_ to and including
**December 10, 2007.** [**Court Doc. No. 197-1, Order**].  Therefore, **all** plaintiff's discovery
request propounded on defendants and George Lyrene, his *Supplemental Discovery*
request filed on _December 4, 2007_, [Court Doc. No. _31 6_ ] and "*Plaintiff's Sixth – Set of
Interrogatories and Request For Admissions, For Production Of Documents To
Defendant Under Fed.R.Civ.P.*, was filed on _November 7, 2007_,[Court Doc. No.*238* ] are
well within the discovery time period.

2.      This first, Court Discovery Order, **Court Doc. No. 178**, stated:

> [ . . .]"**All request for discovery shall be filed with the court and served
> on the appropriate party on or before November 20, 2007. . . .**"

> **The Second Discovery Order that is controlling stated: Doc. 179**

---

[1] Defendants are wrong and the court overlooked its order extending discovery deadline to **December 10,
2007.**  Plaintiff's discovery requests are before **December 10, 2007.**  Plaintiff objects, defendants did not
raise a valid issue for ground not to compel answers.
[2] Court Order Docket No. 178 was amended to Court Doc. No. 179.  Docket 179 is the controlling order
regarding discovery deadlines.

2

[. . . ]On November 1, 2007 the Court order entered on November 1, 2007 directed all parties that all request for discovery is to be extended from November 20, 2007 to and including December 10, 2007. [Court Doc. No. 197-1, Order]

3.    Plaintiff's discovery request were all timely, defendants have not met any burden why discovery should not be sought, and plaintiff has the right to have his discovery request answered.

4.    Discovery request: "**Plaintiff's Tenth –Second Set of Interrogatories and Request For Admissions, For Production of Documents To Defendant Under Fed.R.Civ.P.,** [**Brandon Kinard**] was filed on _November 26, 2007_, well before December 10, 2007 dead line. [Court Doc. No. 266]

WHEREFORE, plaintiff objects to discovery request propounded on George Lyrene and Brandon Kinard as not being answered without objections, basically no excuse legally, and request that this Court undertake review that plaintiff's discovery request were filed before **December 10, 2007**, and defendants failed to file a proper response as to why discovery should not be answered.  In the alternative, plaintiff request an additional 10-days to file his written objections to unanswered discovery request, but would request that this court correct this mislead error. .

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 11ᵗʰ Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach

4

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.,
Harvest, Alabaam 35749







This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY ALABAMA    36101