ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MIDDLE DIVISION

MARCELLUS BREACH, #160710,

      Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

      Defendants.

    \*

    \*     CASE NO: 2:06-CV-1133-MEF

    \*

    \*

    \*

### PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST / SUPPLEMENTAL DISCOVERY REQUEST PROPOUNDED UPON DR. GEORGE LYRENE, M.D., [COURT DOC. NO. 316]

**COMES NOW,** the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on **March 5, 2008** [**Court Doc. No. 510**] regarding plaintiff's motion to compel responsive answers to plaintiff's discovery request. [**Court Doc. No. 462, 316**]

### STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [1] 28 U.S.C. § 636(b)(1)(a)(2004). Plaintiff files his written objections specifically as to the

---

[1] _Objection._ Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a _de novo_ determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); _Lewis v. Smith_, 855 F.2d 736, 738 (11th Cir. 1988); _Nettles v. Wainwright_, 677 F.2d 404 (5th Cir. Unit B, 1982) _(en banc)_.

1

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

magistrate judge's denial of the motion to compel defendants to produce plaintiff

Louisiana medical records which has been specifically requested, and ordered but,

defendants will not produce the documents that are relevant to deliberate indifference.

### OBJECTIONS LEGAL AUTHORITY

a.    ***Daubert v. Merrell Dow Pharms.***, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993)

b.    ***Sexton v. United State***s, 2001 WL 649445 * 1(M.D. Fla. 2001)(citing Rule 26(g), Fed.R.Civ.P.)

c.    *Rule 33(b)(1), Federal Rules of Civil Procedures;*

d.    *Rule 701* and *702,* Federal Rules of Evidence

e.    Ala. Code 1975, § 6-5-548(b)


### FACTUAL HISTORY

1.    ***Court Doc. No. 197***, Breach's discovery deadline date to submit all requests for discovery was extended from *November 20, 2007* to and including *December 10, 2007.*

2.    On *December 7, 2007*, Breach submitted a document upon defendant Dr. George Lyrene entitled: "Supplemental Discovery Request – Set of Interrogatories, Request for Admissions, for Production of Documents to Defendant Dr. George Lyrene." **[Court Doc. No. 316]**

3.    On *February 13, 2008*, plaintiff filed a motion to compel responsive answers upon defendant Lyrene, and the court issued a show cause order upon Lyrene to file his response by *February 14, 2007*.  Defendant did not respond, nor object.

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

4.      Again, Breach filed another motion to grant motion to compel/motion for sanctions on _March 3, 2008_ [**Court Doc. No. 503**], and the court ordered Lyrene to file a response by _March 11, 2008_. [**Court Doc. No. 505**]

5.      Out of the blue, the very next day, Lyrene submits his response complaining to the magistrate judge this case is too voluminous, and that plaintiff basically is not entitled to discover into Lyrene's Methodology. [**Lyrene's Response, Court Doc. No. 509**].   The Court the very same day, denied Breach's motion to compel discovery request in favor of the response filed by Lyrene on _March 5, 2008_. [**Court Doc. No. 513**].

6.      Plaintiff files this written objection that Lyrene's response does not meet his burden regarding discovery request.   Lyrene did not object, nor request a protective order.    In addition, in this case, the magistrate judge relies on Lyrene's "opinion" regarding "surgery" an area that Lyrene is not qualified to proffer an opinion, plaintiff is entitled to discover into Lyrene's Methodology, because his methodology is noting more than an _ipse dixit_ opinion, outside the scope of his practice;  his very opinion lead to an injury, causing Breach's health to deteriorate; therefore, Breach is entitled to discover into Lyrene's qualifications, training and experience because, if the magistrate judge is going to adopt Lyrene's opinion at summary judgment, Breach is entitled to discover the very basis of Lyrene's opinion before, it can be admitted as evidence.   Lyrene's very opinion adopted by the magistrate judge must be subject to peer review, because his opinion

3

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

cannot be tested and ought to be subject to attack as unreliable. _Rule 56(e),_ *Federal Rules of*

*Civil Procedures;* _Rule 701_ and _702,_ *Federal Rules of Evidence.*

### ISSUE NO. 1

### WHETHER THE DEFENDANT SATISIFED HIS BURDEN RESISTING DISCOVERY?

Absolutely Not!    The rule of law in this Circuit is, the party resisting the

production of the information bears the burden of establishing lack of relevancy, undue

burden or existence of a privilege. ***Gober***, 197 F.R.D. at 521 ; *see also* ***Benavides v. Velocity***

*IQ, Inc.,* 2006 U.S. Dist. LEXIS_14777 *6 (M.D. Fla. Mar. 15, 2006) (party resisting

discovery has burden of showing requested discovery is not relevant). By merely

disagreeing with Breach's challenge to Lyrene's opinion, his _ipse dixit_ theories relating to

the merits of the underlying suit, Lyrene has not demonstrated that the information

sought is irrelevant. Generally, a party seeking to avoid discovery on a burdensomeness

argument must substantiate that position with detailed affidavits or other evidence

establishing an undue burden. "An objection must show specifically how a [discovery

request] is overly broad, burdensome or oppressive, by submitting evidence or offering

evidence which reveals the nature of the burden." ***Chubb Integrated Systems Limited, v.***

***National Bank of Washington***, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v.**

***Quad/Graphics, Inc.***, 63 F. d 642 (7th Cir. 1995). The resisting party must make a

particular and specific demonstration of fact and cannot rely on simple conclusory

assertions about the difficulty of complying with a discovery request. *See* Twin ***City Fire***

4

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

*Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of

burden and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark.

1985). In this case, Defendants have waived any objections and has failed to make a

sufficient showing to sustain an objection that the requests for production concerning

complaints would create an undue burden.

*ISSUE NO. 2*

*WHETHER DR. GEORGE LYRENE WILL BE QUALIFIED TO GIVE AN OPINION OR,
AN EXPERT TESTIMONY REGARDING "SURGERY"
RULE 701 & 702*

*MEMORANDUM AT LAW / POINTS ON AUTHORITY*

*Rule 701. Fed.R.Evid., Opinion Testimony by Lay Witness:*

Is Dr. George Lyrene as expert in Hernia Repair?  Under *Rule 701*, Federal Rules of

Evidence, states:

> "If the witness is not testifying as an expert, his testimony in the form of
> opinions or inferences is limited to those opinions or inferences which are
> (a) rationally based on the perception of the witness and (b) helpful to a
> clear understanding of his testimony or the determination of a fact in
> issue."

Lryene opposed surgery, wrote an opinion, and the sole question is will his

opinion regarding "surgery" be admissible?   Discovery is requested.

*Rule 702, Fed. R. Evid.,  LEGAL STANDARDS FOR EXPERT WITNESSES*

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

Lyrene gave an opinion, whether he being a defendant or a witness does not matter. Lyrene gave an opinion at the outset as a witness when he is not qualified to give that opinion regarding surgery.

"[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702. The trial judge must determine as an initial matter whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). In other words, the Court must assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See* Tanner *v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 156); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). The judge must pre-screen the expert witness's proffered opinions to ensure that they comply with other requirements of *Rule 702* of the *Federal Rules of Evidence*. Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at 147; *Daubert*, 509 U.S. at 589; Pipitone *v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

testimony must be reliable and relevant. *Pipitone,* 288 F.3d at 244-45; *Rodriguez v.*

*Riddell Sports, Inc.,* 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner,* 174 F.3d at 547.

The proponent of the expert testimony "must prove by a preponderance of the

evidence that the testimony is reliable." *Rodriguez,* 242 F.3d at 581 (citing *Tanner,* 174 F.3d

at 547). "Both the determination of reliability itself and the factors taken into account are

left to the discretion of the district court consistent with its gatekeeping function under

FED. R. EVID. 702." *Munoz v. Orr,* 200 F.3d 291, 301 (5th Cir. 2000), *cert. denied,* 531 U.S.

812, 121 S. Ct. 45, 148 L. Ed. 2d 15 (2000) (upholding district court's exclusion of plaintiff's

statistical expert in disparate impact case).

## II. ANALYSIS

### Dr. George Lyrene's Qualifications:

Discovery is necessary in this case because Lyrene has proffered testimony

regarding "surgery".    Fundamentally, Lyrene, under *Daubert,* an expert's "self-

proclaimed" reliability is insufficient; the testimony must be supported by "more than

subjective belief and unsupported speculation." *Black v. Food Lion, Inc.,* 171 F.3d 308,

311 (5th Cir.1999) citing *Kumho,* 119 S. Ct. at 1179; *Daubert,* 509 U.S. at 590; *Barrett v.*

*Atlantic Richfield Co.,* 95 F.3d 375, 382 (5th Cir. 1996) (upholding exclusion of expert

testimony where the testimony "would consist of unsupported speculation."); *See also In*

*re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 742 (3rd Cir. 1994). Thus, expert evidence

that is based solely on the *ipse dixit* of the expert need not be admitted. *General Electric v.*

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

*Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). Rather, a court may conclude in such cases that there is simply too great an analytical gap between existing data and the opinion proffered. *Id.* That is the case herein. Dr. Lyrene's opinion regarding "when and when not to provide surgery" is unsupported and based largely on speculation and conjecture. However, "[t]he courtroom is not a place for scientific guesswork ...." ***Rider v. Sandoz Pharmaceuticals Corp.***, 295 F.3d 1194, 1202 (11th Cir. 2002) citing ***Rosen v. Ciba-Geigy Corp.***, 78 F.3d 316, 319 (7th Cir.1996).

Dr. Lyrene's testimony is challenged as to will it satisfy the first prong of the *Daubert* test? When engaging in the reliability analysis, courts must be careful to focus on the expert's principles and methodology rather than the scientific conclusions that they generate. *Daubert*, 509 U.S. at 595. [T]he unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express. As the Court observed in ***Quiet Technology [DC-8, Inc. v. Hurel-Dubois UK Ltd.***, 326 F.3d 1333, 1340 (11th Cir. 2003)], "while an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. . . . Our case law plainly establishes that one may be considered an expert but still offer unreliable testimony." 326 F.3d at 1341-42. Quite simply, under *Rule 702*, the reliability criterion remains a discrete, independent, and important requirement for admissibility. ***United States v. Frazier***, 387 F.3d 1244, 1261 (11th Cir. 2004).

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

Dr. Lyrene's testimony regarding the standard of care pertaining to "surgery" for a Hernia is not based on principles and methodology; rather, they were conclusions based upon Dr. Lyrene's discredited

## POINT "B"

*DR. LYRENE'S OPINION REGARDING WHEN AND WHEN NOT TO HAVE SURGERY FOR PLAINTIFF INGUINAL HERNIA IS AN OPINION AND NOT FACTS. RULE 701, FED.R.EIVD.*

Defendant Dr. George Lyrene, M.D., has submitted his written opinion regarding the treatment rendered to the plaintiff regarding his hernia. First of all, Dr. Lyrene must be qualified to proffer an opinion regarding the "standard of care" pertaining to Hernias. Discovery is pursued and is necessary in this medical care case to develop into further facts, information, documents and knowledge Dr. Lyrene possesses. Plaintiff seeks relevant information regarding his opinion: (i) whether the theory or technique can be tested; (ii) whether it has been subject to peer review; (iii) whether the technique has a known or potential rate of error; and, (iv) whether the theory has attained general acceptance in the relevant community.

The question at summary judgment is regarding deliberate indifference is also, medical malpractice, and negligence. Whether the court exercises supplemental jurisdiction over these state law claims will be decided at summary judgment. However, just because Lyrene is a defendant does not preclude the defendants from attempting to proffer his opinions as expert testimony. "Proffered expert medical testimony must meet

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

the legal as well substantive issues of the case." *Allison*, 184 F.2d @ 1320 (citing *In re*

*Breast Implant Litig.*, 11 F.Supp. 2d 1217, 1226 (D. Colo 1998).   Rules of procedure

encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state

evidentiary laws, apply. See, *19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,*

4512 (2d ed. 1996).   Moreover, the Eleventh Circuit wrote that the admissibility of expert

testimony is a matter of federal, rather than state procedure. See *U.S. v. Roark*, 753 F.2d

991, 994 (11th Cir. 1985); *Edwards v. Sears, Roebuck and Co.,* 512 F. 2d 276, 292 (5th Cir.

1975).

At the outset of this case, on <u>*February 6, 2007*</u> Lyrene submitted an Affidavit

purporting himself as an expert in hernia repair, *i.e., surgery.*   Breach cannot ascertain

whether he was acting as: (i) a witness, (ii) non-expert or, (iii) an expert?[2]

First, what is most important, on two occasions the magistrate judge has relied on

Lyrene's opinions. Regarding "surgery" an area Lyrene is challenged.   **[Court Doc. No.**

**36, 193, Recommendations]**   Dr. Lyrene stated via Affidavit an <u>opinion</u> regarding

"surgery", when and when not Breach should undergo surgery is challengeable based on

his training, education and experience in this specific area of the "standard of care" that

has been breached resulting into deliberate indifference.

---

[2]   Breach complains that if the magistrate judge is going to adopt an opinion from Dr. Lyrene regarding surgery.   Breach is entitled to discover information regarding Lyrene's opinion or, the opinion cannot be entered as evidence at summary judgment.

## ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"

[**Court Doc. No. 20, Exhibit A, to the February 6, 2007 Response of Correctional**

**Personnel – Affidavit of Dr. George Lyrene @ 1-2]** the magistrate judge adopted his

opinion without first, a challenge:

> "…This hernia that was present by intake documentation and would be
> amendable to surgery, which was clearly elective at the time of his
> admission and <u>would clearly not be necessary now</u>. . . This is a minor
> problem … for which **surgery is not necessary** at this time and which is
> being appropriately managed." Id.

Lyrene states, "[I]s not necessary at this time. . . " and "surgery not necessary"

[id], is an opinion.    This opinion regarding when and when not to have surgery for a

Hernia is challenged and is the grave issue of this case. [Id]    Is Lyrene certified to

proffer an opinion regarding the standard of care pertaining "when and when not to

undergo surgery"?    Surgery, is a complex area that will require an opinion only from a

person qualified in that specific area on practice, Lyrene is not qualified to give that

opinion as evidence to a genuine issue of material fact. In this case, he did.

A general rule, witnesses are supposed to testify <u>to facts and not to opinions</u> or

conclusions. Defendants argue that Lyrene is a "Defendant". Yes, Lyrene is a defendant

now, but Lyrene acted as an expert in hernia repair when he provided the court with an

opinion and Breach is entitled to challenge that opinion based on discovery as to his

education, training and experience in "hernia repairs".    Drawing the line as to Lyrene's

opinion will require the Court, and it can be hard and "lay" (non-expert) witnesses are

therefore permitted to testify to opinions or interferences as long as they are based on the

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

perception of the witness and are helpful to a clear understanding of the testimony or the

issues. *Rule 701*, Fed.R.Evid.

The Rule of law is, persons with "scientific, technical, or specialized knowledge"

may testify as expert witnesses and give their opinions on issues within their specialties.

This rule of law is not limited only to experts of the plaintiff, it is also provided to Lyrene

as a doctor when he proffers an opinion.   The defendants provided expert opinion to

meet their burden of proof at the outset of this case which resulted into a dismissal: they

produced evidence by an opinion by a doctor unqualified to give an opinion regarding

surgery in order to establish that something is true.   In Breach's discovery request,

Breach specifically questioned Lyrene whether he is "Board Certified" and if so, in what

area?   This is relevant, admissible, and ought to be answered.[**See, Exhibit "A" and

attached Discovery Excerpt, Court Doc. No. 316**]

## ¶ 6.   Are you board certified?

a.    **If your answer to the above question is in the affirmative, please tell what board certification means.**

### [Court Doc. No. 316, Discovery upon Dr. Lyrene]

### *Interrogatories.*

¶ 1.    Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama.   If not, please state the County in Alabama where your licenses is filed.

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

Repair to qualify you for the practice of medicine in this specific area.

¶ 3.   Please also state the professional societies to which you belong.

¶ 4.   Do you specialize in any particular branch of medicine?

¶ 5.   If you have answered the above question in the affirmative, please state what your specialty is.

**¶ 6.   Are you board certified?**

**a.     If your answer to the above question is in the affirmative, please tell what board certification means.**

¶ 7.   At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.   If so, what were those complaints?

¶ 9.   Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.  If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.  Did you recommend surgery?

¶ 13.  During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

¶ 14.  If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.  Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.  Please state an opinion to your answer to Question No. 15.

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

¶ 17. Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired. Please state an opinion.

¶ 18. Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19. If so, please state that opinion and the reasons therefore.

¶ 20. Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.

¶ 21. Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Dr. George Lyrene as Medical Director is policy maker or, in the position as a supervisor can change unconstitutional practices; also, he can be held liable if Breach proves that the ADOC's protocol is unconstitutional. Lyrene is liable if Breach can demonstrate that Lyrene knows or should know that certain treatment is necessary, and he delays in providing such treatment when he reasonably should know that such delay can be hazardous, his actions could constitute deliberate indifference. In proving professional indifference, if Breach demonstrates that a reasonable doctor in the defendant's position would have known that his actions were grossly incompetent by medical standards, then a jury could find deliberate indifference and qualified immunity

14

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

would be inappropriate. Disposition of the claims against this doctor as Medical

Director is governed by a series of Eleventh Circuit cases directly confronting the manner

by which the qualify of a doctor's treatment is so be evaluated according to professional

standards. See, *Howell v. Evans*, 922 F.2d 712 (11th Cir. ), vacated as moot, 931 F.2d 711

(1991), reinstated by unpublished order, sub. Nom *Howell v. Burden*, 12 F.3d 190 slip op.

93-8129, at asterisk-footnote (1994)(corrected opinion); *Greason v. Kemp*, 891 F.2d 829,

835-36 (11th Cir. 1990); *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986). This case is far

away from any consideration of "differences of opinions" because when expert witnesses

are involved, and in this case, plaintiff will present several more experts, testifying to the

standard of care: only a jury can decide whether defendants acted deliberate indifferent.

If a doctor fails to know something the doctor should have known, the doctor may be

found to violate the constitutional standard. See, e.g., *Waldrop*,. 971 F.2d At 1036.

### *POINT C.*

### *PLAINTIFF FILED TWO SET OF DISCOVERY REQUEST UPON LYRENE. LYRENE CANNOT REMAIN COMPLETELY SILENT [COURT DOC. NO. 238 & 316]*

The <u>discovery process is designed to fully inform the parties of the</u> relevant facts

involved in their case. *Hickman v. Taylor*, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385

(1947). Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel production of

requested documents, if the documents are discoverable under *Rule 34(a),* Fed. R. Civ. P.

The party seeking production must demonstrate that the request is relevant, i.e.,

calculated to lead to admissible evidence, although the requested material <u>need not itself</u>

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

be admissible at trial.    Under *Rule 37(a)(2),* Fed. R. Civ. P., the court may compel a

responsive answer to an interrogatory propounded pursuant to *Rule 33*. Further, *Rule*

*37(a)(3),* Fed. R. Civ. P., states that any "evasive or incomplete answer is to be treated as a

failure to answer." Therefore, the main question as to the interrogatories and request for

production of documents is why hasn't the defendant responded?  Compel is necessary

defendants are, nonetheless, required to disclose what information they do possess at the

time they respond. ***Chubb Integrated Systems, Ltd. v. National Bank of Washington***, 103

F.R.D. 52, 60, 224 U.S.P.Q. (BNA) 1002 (D.D.C. 1984).  ***Shearson Lehman Hutton, Inc., v.***

***Lambros,*** 135 F.R.D. @ 199 Lexis 19034 (M.D. Fla. 1990)

Any and all documents, information, knowledge and facts that Dr. Lyrene may

have or, in **possession or control over, is discoverable and relevant to the subject**

**matter.  Plaintiff inquires into Dr. Lyrene's information and knowledge regarding to**

**any de facto policy, procedures, protocols that are followed that has the force of law**

**leading to plaintiff's injury is discoverable**. Morethanless, discovery into as what the

defendants allege that hernias are on a case-by-case basis, depending on the size or the

hernia, is incongruous with the standard of care and plaintiff seeks what Dr. Lyrene

knows about ADOC's procedures regarding treatment for hernias.

In this case, Dr. Hobbs has stated via-Affidavit that the Alabama Department has a

protocols stating that the hernia must be incarcerated or, in danger of being incarcerated

before surgically necessary.  This life or death situation being the protocol, Dr. George

## ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"

Lyrene has knowledge. In *Taylor v. Questcare,* 1995 U.S. Dist. 14975 ( S.D. Ala. 1995) Dr.

George Lyrene explains his opinion regarding a hernia and he has submitted an opinion

to that Court but, he explains the danger of a strangulated hernia and that it is dangerous

which is the defendants de facto protocol.

> "Dr. Lyrene explains in his affidavit (Doc. 34) that he is responsible for the
> nonemergency free-world medical referrals, and regarding Plaintiff's
> condition, provides:
>
> Plaintiff's entire abdomen is herniated. This would not impact on his
> organs as the herniation goes out of the abdomen away from his organs.
> Plaintiff's hernias are not a threat to his health because there is no
> incarceration or strangulation of the hernias. **An incarcerated
> hernia would be likely to cause plaintiff health problems, and a
> strangulated hernia would be an emergency.** Plaintiff has neither of these
> conditions, but is being examined on a regular basis in case there is a
> change in his condition. " Id.

### IISSUE NO. 3

### RELEVANCY --- DR. GEORGE LYRENE, M.D.,
### SCIENTIFIC METHODOLOGY[3] *and,* ASSISTING THE TRIER OF FACT, IPSE DIXIT

Dr. George Lyrene has offered nothing more than an *ipse dixit* opinion in this case

and it is in the Record.  Nevertheless, Dr. George Lyrene, M.D., is a medical doctor board

certified in "Internal Medicine" who has ultimate responsibility regarding oversight of

medical treatment.  The issues before this Court are regarding deliberate indifference,

malpractice and negligence, i.e., "surgery".  Plaintiff filed his supplemental discovery

request propounded on Dr. Lyrene questioning his methodology.     In order that

---

[3] The Court has on previous orders relied on Dr. George Lyrnee's opinion.  Plaintiff moves to discover
whether Dr. Lyrene's opinion will be admissible?

## ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"

Lyrene's Affidavit and his opinion can be admissible it will have to meet its challenge under *Rule 702* of the *Federal Rules of Evidence* which provides that "[I]f scientific, technical or other specialized knowledge will assist a trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

In this case, Lyrene's opinion will be challenged under the United States Supreme Court's decision in a seminal case on the matter. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that *Rule 702* imposes on judges a special gate-keeping role, and the Court instructed them to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id*. @ 589.

Dr. Lyrene has ostensibly placed himself out as an expert regarding surgery for plaintiff's inguinal hernia: his opinion must be tested under *Daubert's* reliability prong wherein, the United States Supreme Court listed four factors that courts should consider when determining whether testimony is reliable. In addition, Dr. Lyrene must be qualified under § 6-5-548(b), Code of Alabama, 1975 to give both an opinion and/or expert testimony regarding "surgery". Therefore, discovery is requested upon Lyrene's skill, experience, training, or education regarding Ventral/Inguinal Hernia Repair.

18

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

## ISSUE NO.4

### THE RELEVANCY STANDARD/ TRIAR OF FACT

Dr. Lyrene, on the other hand, never saw plaintiff, never treated or evaluated him and merely relied on his (apparently mistaken) nurse practitioner defendant Bradford Adams and/or understanding of conversations he had with other defendants._ While the undersigned is well aware that in ***Black & Decker Disability Plan v. Nord***, 538 U.S. 822, 834, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003), the Supreme Court explicitly rejected a treating physician rule, nothing in *Nord* provides support for a plan administrator "arbitrarily refus[ing] to credit a claimant's reliable evidence, including the opinions of a treating physician." ***Shaw v. Connecticut General Life Ins***. *Co.*, 353 F.3d 1276, 1287 (11th Cir. 2003) (quoting *Nord*, 538 U.S. at 834). Thus, where, as here, a treating physician has consistently and repeatedly espoused a view and supported it with medical findings, the Court may reject it based solely on the unsupported and unreliable opinion of a reviewing physician.

"Prisons must provide prisoners with access to a competent medical staff." ***Toussant v. McCarthy***, 801 F.2d 1080, 1112 (9th Cir. 1986*); **MedCalf v. State of Kansas**, 626 F. Supp. 1179, 1186 (D.Kan. 1986); **Gaubbs v. Bradley**, 552 F. Supp. 1052, 1129 (M.D. Tenn. 1982). In this case, plaintiff will demonstrate that he has not been examined by a qualified physician who can make the determination whether plaintiff needs surgery,

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

before, the incarcerated, strangulated hernia: Defendant's protocol. Only a surgeon can make that determination, and Dr. Lyrene is far from a surgeon.

Because the defendant <u>has not</u> responded, the **burden is on him to demonstrate why discovery is not practicable.** *Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M. D. Tenn. 1982)(court finds that provision of medical care by persons beyond the level of their training and experience constitutes deliberate indifference); *Mandel v. Doe*, 888 F. 2d 783, 789-90 (11th Cir. 1989); *Hoptowit v Ray*, 682 F. 2d 1237, 1252-53 (9th Cir. 1982)(certain staff performing functions that they are neither trained or licensed to perform). The Record is silent concerning defendant Dr. George Lyrene in his individual capacity.

### CONCLUSION

The very doctor who wrote an opinion outside the scope of his practice ought to answer and explain, defend his decision. It is too late in the game for Lyrene to cry out that he is not the treating physician, when his very opinion caused plaintiff severe injuries, leading to a deteriorated health. Breach prays that this Court will allow discovery to be fully adjudicated and that the truth come out.

Respectfully Submitted,

Done this 11TH Day March 2008

Marcellus Breach 160710®

20

**ATTACHED EXCERPT DISCOVERY REQUEST, COURT DOC. NO. 316, EXHIBIT "A"**

Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 12th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  _____

Marcellus Breach

21

# EXHIBIT "A"

**SUPPLEMENTAL 12-4-06**

### IN THE DISTRICT COURT OF THE UNITED STATES *14TH
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710          *

      Plaintiff,          *

Vs.          *          CASE NO: 2:06-cv-1133-MEF

                *

PRISON HEALTH SERVICES, INC., et. al.,

      Defendants.          *

### *PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

**TO:    DEFENDANT DR. GEORGE LYRENE, M.D., MEDICAL DIRECTOR**

*COMES NOW,* the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. George Lyrene, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these ***Interrogatories.***

¶ 1.    Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama. If not, please state the County in Alabama where your licenses is filed.

1

**SUPPLEMENTAL 12-4-06**

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

      a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

2

**SUPPLEMENTAL 12-4-06**

¶ 14. If your answer to Question No. 13 is in the affirmative, please describe this condition. If no, also explain your medical findings.

¶ 15. Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16. Please state an opinion to your answer to Question No. 15.

¶ 17. Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired. Please state an opinion.

¶ 18. Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19. If so, please state that opinion and the reasons therefore.

¶ 20. Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.

**SUPPLEMENTAL 12-4-06**

¶ 21.    Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4ᵗʰ Day December 2006.

® _____

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5ᵗʰ Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® _____

Marcellus Breach

4