IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2008 MAR 14  A 9: 55

MARCELLUS BREACH, #160710, *

    Plaintiff,

                                                            *    CASE NO: 2:06-CV-1133-MEF

Vs.
                                                            *

PRISON HEALTH SERVICES, INC.,
                                                            *

    Defendants.

**PLAINTIFF'S REQUEST FOR TEN (10) DAYS TO FILE A RESPONSE TO PHS DEFENDANTS RESPONSE TO PLAINTIFF'S OBJECTIONS [COURT DOC. 461]**

**COMES NOW**, Plaintiff <u>Marcellus Breach</u> in proper person "Pro Se" request that the Court grant him ten (10) days to file a proper response to the medical defendants response to **Court Doc. No. 461**, in further support plaintiff states:

1.    FED. R. CIV. P. 26(b)(1) . Thus, the general rule is that litigants are entitled to discover information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*   This case is about inadequate medical record keeping, and what is demonstrated thus far, that claim ought to prevail because defendant seem to have a problem getting their facts together.  First, HIPPA, requires adequate record keeping, had defendant simply turned over the Records, plaintiff probably would have had surgery because the evidence is in the Records.  ADOC has not explained why they

1

cannot retrieve the Records when the private prison is under contract with them, they have control.

Additional time is requested so that plaintiff can gather his argument and legal theories pertaining to his request for Interrogatories, Production of Documents, and Admissions. First, defendants' global assertion regarding privilege information does not apply to <u>each discovery request.</u> There are several requests that fall under relevancy rules and are admissible. The medical defendants have had opportunity after opportunity, extension after extension to file responses to several multiple court orders. Defendant PHS now produce only (1) page out of 55 pages of medical records. Plaintiff objects to withhold, not producing nor retrieving the Louisiana medical records.

2. CMS filed their response Court Doc. No. 406, arguing they have no responsibility over plaintiff's Louisiana medical records and they are relying on PHS to produce them. ADOC has filed some "papers" being 12-pages that are not authenticated. CMS and ADOC only have to make a simple call, and retrieve all of plaintiff's medical records. It is highly prejudice for this Court not to allow plaintiff's Louisiana medical records into evidence because the evidence lies in the Records. But, the problems are, what guarantee is there the defendants will not take evidence out of the medical records when this case is built upon multiple lies, fraud upon the courts, several affidavits containing nothing more than perjury. Plaintiff simply does not believe the defendants are trustworthy to

produce his medical records especially when Paul James Attorney stated to this Court that basically Dr. Tassin did not exist.

3.     PHS, now files a mountain of around the issue response, when the issue is simple. "Where are Plaintiff's complete Louisiana medical records? Why haven't they been produced?

4.     How could this Court not compel grievances that are a part of plaintiff's Louisiana medical records when the Law requires plaintiff to first exhaust all grievances process. This would be incongruous with Federal Law.  However, PHS relies on Rule 403, Fed. R.Eivd., is meritless because, under the Prison Litigation Reform Act of 1995 which requires that plaintiff exhaust all of his grievance procedures before bringing a civil rights claim to a Court, 42 U.S.C. ¶ 1997e(a), all 15 grievances must be produced, especially, all from Louisiana addressing surgery.  Plaintiff has been requesting the defendant produce this specific grievance, and all of his Louisiana medical records more specifically, the "**FRONT and BACK**" of this **"LCS Corrections Services, Inc.," Offender Grievance No. 06-215** dated received *June 26, 2006* by Warden Viator, Judicial **Court Doc. No. 21, Exhibit "A" "Motion for leave to File Necessary Relevant Evidentiary Materials and Affidavits in Support of Plaintiff's Imminent Danger of Serious Physical Injury" February 7, 2007]** This Court will find Ruth Naglich denying James Reagan surgery when she is only a nurse. Reagan filed his grievance two weeks after Breach. Naglich is the person denying surgery, and Breach's medical records are relevant materials. The

grievance that contains the answer is why defendants will not produce, nor retrieve the medical records, because the fax report is there, and this grievances. Plaintiff objects to the denying of relevant material evidence.

    **WHEREFORE,** plaintiff request 10 days to file a response.

Respectfully Submitted,
This 20th Day of February 2008.

/s/ Marcellus Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY,** that I have this 21st Day of February 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® /s/ Marcellus Breach

Marcellus Breach
