IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

CASE NO: 2:06-CV-1133-MEF

## PLAINTIFF'S MOTION TO ALTER, VACATE [COURT DOC. NO. 520, ORDER] UPON DR. WILLIAM E. HOBBS AS INSUFFICIENT TO MEET COURT ORDER

**COMES NOW**, plaintiff <u>Marcellus Breach</u> in proper person "Pro Se," moves the court to either to Alter or Amend or Vacate its ordering denying compel requiring to disclosure on defendant Williams Hobbs for several reasons:

1. Has Hobbs committed perjury? Hobbs has filed an Affidavit in compliance with several orders on him to comply. <u>Court Doc. No. 502, 518</u>. When is Hobbs going to get his story straight? On two (2) separate occasions William Hobbs has admitted to the Court that the Alabama Department of Corrections has a hernia protocol that states:

> "In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The Protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol. . . . "

William Hobbs has admitted unto the court:

1

> **" . . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol . . . [ ] . . . [I]f Mr. Breach did in fact meet the protocol by the Alabama Department of Corrections his hernia would be repaired . . . . "** [Id. @ 3 ¶ 3, Court Doc. 144-3, filed on 9/21/2007].

2. However, although Dr. Hobbs alleges that he made a mistake regarding his two (2) prior Affidavits clearly stating that the Alabama Department of Corrections has a Protocol, and two (2) different times, different dates, Hobbs has clearly stated what this Protocol states; even more, evidence before this court already establishing ADOC has this de facto protocol -- Dr. Tassin has provided an Affidavit stating that the Alabama Department of Corrections has a protocol that plaintiff could not receive surgery unless his hernia is incarcerated. Morethanless, evidence submitted by the plaintiff regarding his Louisiana medical records clearly reflect on 7-12-06 just two (2) days later, after Ruth Naglich received the fax report from Louisiana medical personnel requesting approval for surgery, nurse Maxie noted that Brandon Kinard called with detailed instructions that plaintiff cannot have surgery unless his hernia is incarcerated or into the scrotum. Four different times, evidence before this court reflects that ADOC does in fact have a protocol, a de facto protocol and a jury can decide who is being truthful. A jury will love to hear Hobbs inconsistent testimony.

2. Secondly, this court specifically directed Hobbs to provide plaintiff with a copy of this protocol. **[Court Order Doc. No. 374]**

3.   [1]Hobbs has stated: "I have <u>reviewed material</u> that <u>suggest</u> the prospect of reviewing **hernias under a standard of incarceration or one which is in danger of being incarcerated or into the scrotum,** however, such material was not an official, required protocol from the ADOC placed upon PHS physicians, such as myself. Any such implication to the contrary was simply a mistake." [ **Id. March 6, 2008 Affidavit Hobbs, Defendant's Notice of Filing, March 10, 2008**] If this was true, why did Hobbs state that plaintiff "must" meet the ADOC's protocol which is the incarcerated, or in danger of being incarcerated or into the scrotum -- the sole issue of this case.

4.   Plaintiff is entitle to a copy of what Hobbs has placed into the Record regarding "Hernias" as stated. What Hobbs has reviewed, and is reviewing regarding Hernia "treatment" is discoverable under deliberate indifference because it will contain information, and a disregard of a risk. In addition, what Hobbs has reviewed regarding "materials" that suggest the <u>prospect of reviewing hernias under a standard</u> of incarceration or one which is in danger of being incarcerated or into the scrotum". . . because, several physicians and medical personnel have relied on this particular material, standard and this material has been controlling, because Hobbs relies on it regarding plaintiff's hernia, because this material is regarding hernias. Plaintiff has the right to review materials that are used in his defense -- making a no need for surgery pertaining

---

[1] These materials that Hobbs have read, suggest almost identical information that Hobbs states that the ADOC has a protocol. Hobbs stated the materials he reviewed governing the danger of the hernia being incarcerated or into the scrotum. Id. If he reviewed these materials, plaintiff is entitled to review the as well because deliberate indifference resolves around information in the face, and then disregards that risk.

to plaintiff's hernia. Since Hobbs is relying on this "material" and this material is relevant to: "incarcerated, or endanger of being incarcerated, or into the scrotum" these statements are in the Record, Hobbs must produce it, because it is relevant to deliberate indifference, and Hobbs is relying on these "material". Furthermore, if this material is a part of PHS or ADOC or CMS in Hobbs possession, plaintiff is entitled to have it. This material is now a part of the Record by his admission, but what does this material actually say is the question because Hobbs has relied on it. Plaintiff request that the court direct Hobbs to supply plaintiff with a true copy of this material.

5. What is so interesting, the defendants are relying on an "emergent situation" as Ruth Naglich has stated. This emergency situation is dangerous and is life or death. The Constitution forbids pain and suffering, before, life or death. This clearly can demonstrate deliberate indifference before they will provide surgery; meaning, that have no alternative treatment except Motrin and an obsolete Truss. There is nothing else they can do for plaintiff until he faces this emergency situation, regardless of cries for help, and complaints of endurable pain: can constitute deliberate indifferent; because experts have expressed that this hernia must be repaired before this emergency situation. There is no constitutional safeguard of protections between diagnoses of a hernia, and the life or death situation because a Truss is medically outdated, and Motrin will not cure the hernia. The emergent situation regarding plaintiff is when his hernia is incarcerated, strangulated, or into the scrotum. This is the life or death situation and the area of this

4

constitutional challenge because of the pain and suffering plaintiff must endure while waiting to die, the emergency situation, the incarcerated hernia can demonstrate deliberate indifference because the only cure is surgery, there is no treatment. In addition, Dr. Lyrnee as already told the Court that this situation, the incarcerated hernia will be an emergency. The Constitution forbids such treatment. In *Taylor v. Questcare*, 1995 U.S. Dist. 14975 ( S.D. Ala. 1995) Dr. George Lyrene explained his opinion regarding a hernia being incarcerated, what ADOC requires before surgery; and, he has submitted an opinion to that Court and, he explains the danger of a strangulated hernia and that it is dangerous which is the defendants de facto protocol.

> "Dr. Lyrene explains in his affidavit (Doc. 34) that he is responsible for the nonemergency free-world medical referrals, and regarding Plaintiff's condition, provides:
>
> Plaintiff's entire abdomen is herniated. This would not impact on his organs as the herniation goes out of the abdomen away from his organs. Plaintiff's hernias are not a threat to his health because there is no incarceration or strangulation of the hernias. **An incarcerated hernia would be likely to cause plaintiff health problems, and a strangulated hernia would be an emergency.** Plaintiff has neither of these conditions, but is being examined on a regular basis in case there is a change in his condition. " Id.

5. Dr. Hobbs has not and will not examine plaintiff's hernia no matter how many sick calls are still being submitted; he cannot be seen by a doctor. WHY? Hobbs has not and has absolutely no personal knowledge as to the "Trapped" Hernia plaintiff suffers today; Hobbs has not examined his hernia since April 30, 2007. Defendants cannot refute that. They cannot tell this court that his hernia has not progressed. Plaintiff today, his

5

Hernia is "Trapped" the second phrase. The last stage of a hernia is the "Strangulated" Hernia i.e., life or death. This Court will have to decide whether waiting until this life or death situation is constitutional and not deliberate indifference because nothing will stop plaintiff's hernia from worsening. There is a leap of evidence demonstrating this fact. Plaintiff's hernia will not do back in place at times. Evidence before the Court shows that a Trapped hernia is dangerous to plaintiff's health and safety. The issue before this court is deliberate indifference. There is no way that a doctor such as Hobbs, Robbins, Lyrene can disagree with a Surgeon, when neither one of these doctors are "qualified" to make a surgically determination **as to when and when not to have plaintiff's hernia repaired**. Only a surgeon can make that determination. Therefore, there is no way this case to falls into differences of opinions. Neither doctor is qualified to give an opinion regarding surgery within his scope of practice, nor give an opinion regarding the standard of care. A jury can decide who is truthful. Plaintiff will file his Motions To Strike and challenge each doctor's qualifications to give an opinion regarding the issue, i.e., "surgery."

   **WHEREFORE**, plaintiff request the court direct Hobbs to provide the court and plaintiff with a copy of this exculpatory and/or inculpatory "material" relevant to deliberate indifference which he relies on as stated in his Affidavit.

Done this 12th Day March 2008

_____
Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.

6

Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 12th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101


**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach

7