IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2008 MAR 14 A 9: 55

ERA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

Defendants.

* CASE NO: 2:06-CV-1133-MEF

## PLAINTIFF'S MOTION FOR SANTIONS FOR WILFUL DISOBEDIENCE AND FAILURE TO SHOW CAUSE [COURT DOCKET NUMBERS, 468, 484]

*AND NOW*, this 12th Day of <u>March</u>, 2008, plaintiff <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," respectfully moves this Court, as follows:

1.  Under <u>Rule 37(b)</u>;[1]

    (a) To issue sanctions upon defendant William Hobbs for his intentional failure to comply with court order [**Court Doc. No. 468, 484**].[2]

2.  Under <u>Rule 37(a)(2)</u>;

    (a) To compel defendant William Hobbs to answer plaintiff's interrogatories and discovery request in their entirety no later than a date set by this court; and,

---

[1] William Hobbs was ordered to show case to a motion to compel. Hobbs intentionally deliberately refused to show cause, did not request an extension of time, and did not serve plaintiff any copy of a pleading pertaining to this matter. Sanctions are warranted. Further compel is unnecessary.

[2] Judicial Notice **Court Doc. 492,** Order granted Hobbs an extension to March 10, 2008 to show cause. s.

1

(b)    To require defendant to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.    Under *Rule 37(b)(2);*

(a)    To preclude defendants from asserting any objections to plaintiff's request for disclosure;

(b)    To treat as contempt of court the failure of defendant Hobbs to answer **Court Order Doc. No.468, 484.**

(c)    To decide all contested issues of fact embraced by plaintiff request for disclosure in favor of plaintiff;

(d)    To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e)    To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant William Hobbs under *Courts I, II, III, IV, V and VI* of plaintiff's complain; and;

(f)    To require defendant William Hobbs to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

4.    Under *Rule 37(d):*

(a)    To preclude defendant from asserting any objections to plaintiff's Interrogatories, Request for Production of Documents and Admission, [**Court Doc. 464, 480**];

(b)   To treat as a contempt of court the failure of defendant Adams to answer **Court's Order Docket Numbers 468, 484.**

(d)   To decide all contested issues of fact embraced by plaintiff's request for disclosure in favor of plaintiff;

(e)   To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(f)   To require defendant to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

Done this 12th Day March 2008,

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 12th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501**

**Montgomery, Alabama 36101
Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101**

3

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  _____
Marcellus Breach

4