IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, AIS #160710 ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06-cv-1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## ADOC DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER (DOCKET # 483)

Come now the Alabama Department of Corrections Defendants, specifically Defendant Ruth Naglich, by and through the undersigned counsel, and submit this response to this Court's Order (Docket # 483) to show cause why the Plaintiff's motions to compel (Docket #s 458 and 479) should not be granted as follows:

**Historical Facts:**

The Plaintiff in this action has filed *many* pleading with this Court that do not reflect the facts of this case, nor do they address the issues before this Court. To date there have been almost five hundred (500) pleadings filed in this case. The ADOC Defendants have been ordered by this Court on numerous to show cause why the Plaintiff's numerous motions to compel should not be granted and the ADOC Defendants have, in fact, responded. Once again, the ADOC Defendants are ordered to show cause why the Plaintiff's motions to compel (Docket #s 458 and 479) should not be granted.

**Docket # 458**

This motion to compel seeks to require *further* responses to interrogatories and request for documents to Defendant Naglich. The Plaintiff seeks this Court to "order" Defendant Naglich to "fully and completely answer the following of Plaintiff's interrogatories and request for production of documents served on October 29, 2008..." October 29, 2008, have not yet come, therefore counsel for Defendant Naglich must assume that this is a typo, although counsel for Defendant Naglich is hesitate to assume anything in this case. Supposedly the Plaintiff met to say October 29, 2007, but a review of the Docket for the month of October, 2007, in this case reflects no discovery request were filed on Defendant Naglich during this time period.

Defendant Naglich did receive a set of interrogatories (28 total), a set of request for admissions (42 total), and a request for Louisiana medical records. Defendant Naglich answered the interrogatories and request for admissions on December 17, 2007. The only medical records from the Southeast Louisiana Correctional Facility pertaining to Inmate Breach are contained in his medical records, which this Court has previously ordered that Inmate Breach be given a free copy thereof and that order was complied with. Inmate Breach take issue with the answers given by Defendant Naglich. He calls five of her responses "ambiguous", and five more as "vague" and/or evasive. The rest of his complaints are that she did not produce a "document" in her response to the interrogatories. Interrogatories # 3 does not request a 'document' and Defendant Naglich's answer states that she has no knowledge of a 'treatment protocol'. Interrogatory # 5 request "'Specifically identify' by 'document'" the faxed report to Defendant Naglich. Defendant Naglich answers that she has no knowledge of such a fax. In this motion to compel Inmate Breach apparently does not like Defendant Naglich's answer to interrogatory # 6, wherein she states that she does not recall any specific "oral statements" made in reference to this incident. Again, in interrogatory # 7 Breach

clearly does not like Defendant Naglich's answer, although she clearly states that she has "no administrative responsibilities for inmates" in the care, custody, and control of Southeast Louisiana Correctional Facility. The list goes on and on. Throughout interrogatories, request for admissions, and request for production of documents, Inmate Breach takes great liberty with facts surrounding this incident. For example, calling the fax a "request for surgery" or a "request for approval for surgery", or that he has a "serious medical need", or that Dr. Tassin "recommended" that his hernia needs repair. Further the Plaintiff has questions as to the alleged denial of dental treatment which is not at issue before this Court. A perfect example of this is contained in the Plaintiff's Addendum to Docket # 458 (Docket # 488), wherein the Plaintiff refers to Interrogatories # 2, # 9, and # 15. In Interrogatory # 2 the Plaintiff asked "Have you or has anyone acting in your behalf obtained from any person or persons any report(s), statement(s), memorandum(s), or testimony concerning the incident in question, in this cause of action?". First the Plaintiff merely asked if anyone has collected any statements, etc. He not asking for a copy of them, plus he is not due documents protected by attorney-client and/or work product privilege. As to Interrogatories # 9, he requests any document from Louisiana "regarding request for approval of surgery". There is no such document. There was never a request from Louisiana requesting that Breach be approved for surgery. Again, the Plaintiff is playing fast and loose with the facts. As to Interrogatory # 15, it request "identify by document" the responsibilities of Defendant Kinard regarding medical treatment. First of all the request does not make sense, secondly, as sworn by Defendant Naglich, Kinard has **NO** responsibility for medical treatment, and thirdly, what "'incident' regarding both 3/21/06 order and recommendation and 7/12/06 response/incident" is the Plaintiff talking about. It simply does not make sense. The Plaintiff will have the opportunity to cross-examine Defendant Naglich and any other Defendant or witness on any issue he believes that her answers were not complete. The Plaintiff has absolutely no basis

to claim that Defendant Naglich is withholding evidence and/or being untruthful. The ADOC Defendant respectfully request that those statements be stricken from the record.

This Court ordered on June 6, 2007, (Docket # 73), that all responses to request for discovery be stayed until further order of the Court and that no additional requests for discovery be filed in this case without leave of the Court. Then on July 26, 2007, (Docket # 105), this Court ordered the Plaintiff file no more motions addressing discovery until after submission of the Defendants' special report and within ten days thereafter, the Plaintiff was to seek leave of the Court to file discovery request. The Plaintiff did not request leave of this Court to file his interrogatories, request for admissions, and request for document upon Defendant Naglich.

### Docket # 479

The Plaintiff's stated issues in his motion to compel in Docket # 479 are basically the same argument as in Docket # 458, that is, that Defendant Naglich's answers are somehow 'incomplete'. Such is not the case. The interrogatories themselves are full of statements that are not in evidence and are merely conclusory allegations by the Plaintiff. They are poorly written and confusing. Defendant Naglich answered the questions (interrogatories/request for admissions/request for documents) to best of her knowledge and belief. Breach is basing his motion to compel on (in Docket # 479) on alleged statements/conversations made by Dr. Tassin (the Doctor in Louisiana and not a defendant), a Nurse Maxie (a nurse in Louisiana and not a defendant), Nurse Lott (a nurse administrator in Louisiana and not a defendant), Brandon Kinard, Lynn Brown, Ruth Naglich (all ADOC Defendants), and others. All of these allegations are made without a shred of evidence to support such claims, which is what Inmate Breach has done throughout this case. This motion to compel is just a rendition of the same argument filed in past pleadings. There is simply no basis for

the Court to even consider granting Breach motion to compel.

Wherefore the premises considered, the ADOC Defendants pray this Court to overrule the Plaintiff's objections and deny the Plaintiff's motion to compel.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler(BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.  
Rushton, Stakely, Johnston & Garrett  
Attorney for the PHS Defendants  
P. O. Box 270  
Montgomery, AL 36101-0270  

Phil Piggott, Esq.  
Starnes & Atchison, LLP  
Attorney for the CMS Defendants  
P. O. Box 598512  
Birmingham, Alabama 35259-8512  

Inmate Marcellus Breach  
AIS # 160710  
Limestone Correctional Facility  
28779 Nick Davis Road  
Harvest, AL 35749  

/s/Albert S. Butler  
Albert S. Butler  
Assistant General Counsel  
Assistant Attorney