# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

                             *       CASE NO: 2:06-CV-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

## PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT BRADFORD ADAMS, PHS [COURT DOC. NO. 182] REQUEST FOR SANCTIONS

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>March 14, 2007,</u> [**Court Doc. No. 534**] in regards to *"Plaintiff's Motion To Compel Answers and/or Further Responses to Interrogatories and Production of Documents — Complete Failure to Answer / Various Grounds"* [**Court Doc. No. 476**] filed on <u>February 19, 2008.</u> Plaintiff files his written objections to the Magistrate Judge's order relying on defendant Bradford Adams's previous responses to discovery filed on <u>March 13, 2007,</u> [**Court Doc. No. 529**] arguing that defendant's response is frivolous, and still non-responsive. In further support plaintiff states:

### STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [1] 28 U.S.C. § 636(b)(1)(a)(2004).   Plaintiff files his written objections specifically as to the magistrate judge's denial of the motion to compel defendants to produce plaintiff Louisiana medical records which has been specifically requested, and ordered but, defendants will not produce the documents that are relevant to deliberate indifference.

### OBJECTIONS LEGAL AUTHORITY

1.      Rule 33(b)(d), Federal Rules of Civil Procedures.

2.      Rule 34(a)(b), Federal Rules of Civil Procedures.

3.      Rule 36(a), Federal Rules of Civil Procedures.

4.      Rule 37(c)(2), Federal Rules of Civil Procedures.

5.      Defendant's numerous global tactice & boilerplate responses are improper and unjustified.  Rule 37(c).

" The Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.  Your medical chart is at Limestone Correctional Facility and I am at Station Correctional Facility." [January 29, 2008, Defendant Adams's Response to Discovery Request, Court Doc. No. N/A]

---

[1] _Objection._ Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a _de novo_ determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); _Lewis v. Smith,_ 855 F.2d 736, 738 (11th Cir. 1988); _Nettles v. Wainwright,_ 677 F.2d 404 (5th Cir. Unit B, 1982) _(en banc)._

## ARGUMENT THAT DISCOVERY REQUEST IS JUSTIFIED

B.    *Defendant Did Not Meet His Burden:*

Counsel continues to stonewall discovery. Counsel in his objections, never once stated that Adams has made a good faith, or reasonable inquiry in that it is impossible for him to retrieve plaintiff's medical records that are at Limestone prison. The Court ought to disagree with counsel's assertion that he cannot obtain the plaintiff's PHS or CMS medical records in order to properly answer. That is frivolous. The rule of law is "An answer to a request for admission [does not] necessarily compl[y] with Fed. R. Civ. P. 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." ***Keh v. Americus-Sumter County Hosp. Auth.***, 2006 U.S. Dist. LEXIS 31749 (M.D. Ga. 20060; ***Asea, Inc. v. Southern Pacific Transp. Co.,*** 669 F.2d 1242, 1246 (9th Cir. 1982) . "The discovery process is subject to the overriding limitation of good faith. Permitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process." *Id.*

Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position <u>with detailed affidavits or other evidence establishing an undue burden</u>. "<u>An objection must show specifically</u> how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which

reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.,** 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* **Twin City Fire Ins. Co. v. Employers Ins. of Wausau,** 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co., 107 F.R.D. 92* (E.D.Ark. 1985).

### *ISSUE NO. 1*

**Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable."** *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) .

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. *Henry,* 212 F.R.D. at 80 .

Rule 36 also imposes upon the responding party a duty to engage in "reasonable inquiry." Fed.R.Civ.P. 36(a) . This imposes on the Respondent a reasonable duty to investigate, and some courts contend that it imposes a duty to inquire into the knowledge of anyone who "conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response . . . [R]elevant

4

documents and regulations must be reviewed as well." *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (internal citations omitted). *See also* ***Asea, Inc. v. So. Pac. Transportation Co.,*** 669 F.2d 1242, 1245-47 (9th Cir. 1981) ; ***Caruso v. Coleman Co.,*** 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing ***Diedrich,*** 132 F.R.D. at 617 ; ***Government Employees Ins. Co. v. Benton***, 859 F.2d 1147, 1148-49 (3d Cir. 1988)) ; ***Beberaggi v. New York City Transit Auth.***, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994) ; ***Diedrich v. Dep't of Army***, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) ; ***Uniden American Corp. v. Ericsson, Inc.,*** 181 F.R.D. 302 (M.D.N.C. 1988) .

Judicial Notice to the Record will reflect that the Magistrate Judge ordered defendants to produce medical documents contained within "their possession" [*Court Doc. No. 394*]. Plaintiff's discovery request ***Court Doc. No. 182***, the disputed discovery request are plaintiff's Interrogatories ought to require Adams to answer, and his excuse that he does not have the medical records is ill founded – he is still employed with the very same people, just a different company from PHS to CMS.

## POINT "A"

**<u>Purportedly Lack of Medical Records and Knowledge; Requests</u>** 5, 6, 8, 13, 17, 18, 19, 20, 21, 22, 23, 24, 25. **[Exhibit "A" Court Doc. No. 182]** As stated above, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that

the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. <u>36</u>

First, Plaintiff's **Interrogatory No. 5**:

**"Identify your assignment, whereabouts by document of the "incident" and "specifically identify" your supervisor's whereabouts, assignment on December 27, 2006 @ 11:25 a.m."**

Counsel in his objections and/or his response <u>*Court Doc. No. 529*</u>, ignored this obvious relevant question. Going further, on <u>December 27, 2006 @ 11:25</u>, a.m., is the date, time when defendant Bradford Adams, "acted" as if is a doctor. It is the date, time, of this incident that Adams stepped beyond the scope of his practice making a surgically determination that only a doctor is qualified to make. Adams, documented, "no need for surgical repair". Never once, was a doctor present, never once did Dr. Robbins examine plaintiff, but every defendant in this case, relies on a nurse practitioner can and will support supervisor liability, because each defendant should have known, that a nurse practitioner cannot, lawfully nor, medically make medical decisions. In this case, he did. This discovery request is very relevant to the claims before this Court under deliberate indifference because unqualified medical personnel are making surgically determinations, leading into injuries. Moreover, plaintiff is entitled to discover into any communications between Adams and his supervisors regarding this incident in question.

One most important factor for this Court to take notice is Adams did so, make a medical judgment / decision regarding surgery, unlawfully and unethically within his

medical practice. In contrast, the Alabama legislature **has not** granted a registered nurse the authority to make a medical diagnosis. See, *Hutchins v. DCH Regional Medical Center*, 571 So. 2d 1162 (Ala. 2000),[2]

To the contrary, a rule of the Alabama Board of Nursing states that a nurse practitioner "must . . . practice according to written protocols mutually agreed upon by the Nurse Practitioner and physician for all delegated medical functions," See, § 34-21-81(5), Code of Alabama, 1975. The protocols governing the practice of defendants under Alabama are mandatory: **if there is no guideline defining a condition and its management, the nurse practitioner** must not diagnose or treat the condition without direct physician involvement. § 34-21-85, Code of Alabama, 1975.[3]

In this case, since defendants have claimed they have no protocol regarding hernias, how, and why did nurse practitioner, B. Adams make a "no need for surgical referral" violating § 34-21-85, Code of Alabama, 1975 and his scope of practice when the Statute requires that a nurse not make any diagnosis without a doctor? Discovery is relevant.

---

[2] In **Nelson v. Elba. Gen. Hosp. & Nursing Home, Inc.**, 828 So.2d 301 (Ala. 2000) The trial court struck the affidavit of a licensed practical nurse ("LPN"), finding that she did not have the qualifications necessary to proffer opinions on medical causation. An LPN generally has less training and education than an RN and works at the direction of an RN or a physician. 34-21-1(3)b. the held "We agree that an LPN, like an RN, lacks the training and authority to render a medical diagnosis."

[3] **If there is no protocol, how then was Bradford Adams a nurse practitioner lawfully allowed to diagnosed plaintiff's condition, proscribed a truss and pain medication? There must be protocols. The Board of Medical Examiners will answer these questions.**

Bradford Adams, as a nurse practitioner operates and performs under Alabama law § 34-21-81(2)(3)(4)(5)(6), Code of Alabama, (1975). Nurse practitioners are regulated by the State Board of Nursing, § *34-21-81(2)* which has established standards for their practice; the category of nurse practitioner is not established by statute, but the statutes that apply generally to nurses govern nurse practitioners.

**Interrogatory No. 6:**

**"Specifically identify by document you job description, duties, and responsibilities." [Id.]**

Reiterated, Adams must under statutory law operate under a Protocol with his supervisor. His job description is relevant, his duties are relevant because he told plaintiff: "I' am the doctor, I run this little bit". He violates his own job responsibilities and such is relevant to lead to other matters admissible at trial.

**Interrogatory No. 8:**

**"Explain by incident your medical recommendation "no need for surgical referral at present" please explain your medical findings identify by document, if any, and state the substance of any verbal or written communication(s) and any and all response(s) with your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006 @ 11:25 a.m." [Id.]**

*Adams Response*:

**"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. You medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."[Id.]**

This response and all responses are global boiler-plated and is outright improper, unacceptable under *Rule 33, 34, & 34(a), Federal Rules of Civil Procedures*, because the medical records are still within Adams "control" just at a different prison, same medical provider and counsel has the medical records. Adams's response is objected to as unacceptable.

**Interrogatory No. 17:**    Question propounded on Adams is:

"On March 21, 2006, Dr. John A. Tassin, M.D., made a doctor order that plaintiff's inguinal hernia needs repair. It is your common practice to make a medical judgment against another doctor?" [4] [Id.]

(d)    **Adams's Response to Interrogatory No. 17:**

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility." [Id.]

5.    **Interrogatory No. 18:** Question propounded on Adams is: "Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records? If not please explain your reason? If yes, disclose the substance of your findings."

(e)    **Adams's Response to Interrogatory No. 18:**

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility." [Id.]

6.    **Interrogatory No. 19:**    Question propounded on Adams is:

---

[4] Counsel for PHS has accessed plaintiff of misrepresenting facts regarding Dr. Tassin.

"Are you licensed to make surgically referrals? If so, please specifically identify.[Id.]

(f)    Adams's Response to Interrogatory No. 19:

"I refer patients to the medical doctor and the medical doctor makes the referral".[Id.]

Argument:    This question is simple "yes or no". Plaintiff objects.

7.    **Interrogatory No. 20**:    Question propounded on Adams is:

"Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on December 27, 2006 @ 11:25 a.m., identify by document pertaining to this incident."[Id.]

(g)    Adams's Response to Interrogatory No. 20:

"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."[Id.]

Argument:    This response is evasive, non-responsive, and incomplete. Adams noted that he consulted with Dr. Robbins, and plaintiff is entitled to discover as to the substance of their oral statements regarding "no need for surgical referral" by a nurse.

8.    *Interrogatory No. 21:*    Question propounded on Adams is:

"Identify, and specifically identify who authorized you, and your authorization to make or, not to make surgical referrals." [Id.]

(h)    Adams's Response to Interrogatory 21:

"I refer patients to the medical doctor and the medical doctor makes the referral."[Id.]

**Argument:**   The medical records reflect Adams made the no need for surgically referral.   Interrogatory #6, requested his job description under Alabama law because he has a working protocol with Dr. Robbins, which outlines his specific responsibilities. This is discovery and germane to deliberate indifference.   Plaintiff objects.

9.   **Interrogatory No. 22:**      Question propounded on Adams is:

> **"Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident."[Id.]**

> (i)   **Adams's Response to Interrogatory No. 22:**

> **"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.   Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."[Id.]**

10.   **Interrogatory No. 23:**      Question propounded on Adams is:

> **"It is common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, identify by document.[Id.]**

> (j)   **Adams's Response to Interrogatory No. 23:**

> **"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart.   Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."**

11.   **Interrogatory No. 24:**      Question propounded on Adams is:

> **Identify by document, any reprimands, given by any supervisor, agents, agencies against you while employed at Prison Health Services, Inc.[Id.]**

**(k)    Adams's Resposne to Interrogatory No. 24:**

**"Not applicable."[Id.]**

**Argument:**    Does not comply with Rule 36, Fed.R.Civ.P.

12.    **Interrogatory No. 25:**    Question propounded on Adams is:

**"Please explain in details the substances of your counseling on December 21, 2006 @ 11:25 a.m., and list all names of witnesses present."[Id.]**

**(l)    Adams's Response to Interrogatory No. 25:**

**"This Defendant is unable to respond to this interrogatory as I do not have access to your medical chart. Your medical chart is at Limestone Correctional facility and I am at Staton Correctional Facility."[Id.]**

Plaintiff argues that any witnesses present at the examination who have information is relevant. Further discovery into Adams's practice and requesting that he support his medical diagnosis with a surgery determination is also relevant and admissible evidence regarding deliberate indifference and an incompetent nurse making surgical decision. Plaintiff has expert witnesses who will testify to this fact.

### POINT "B"

### PROPOUNDED REQUEST FOR ADMISSIONS

### GLOBAL TACTIC / BOILER PLATE ADMISSIONS #'s.
### 1, 2, 5, 13, 15, 17, 18, 19, 20, 26, 30, 36, 38, 39, 40, 42,

Plaintiff objects to Adams's nonsponsive answers that are evasive, incomplete. Furthermore, plaintiff provided detailed definitions and instructions regarding his discovery request, which correspond with Federal Rules of Civil Procedures.

Specifically, plaintiff detailed that " In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and  South Louisiana Correctional Center, ("SLCC") specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, *inter alia,* is claimed to be privileged from production or discovery. *Id.* @ 4 [ **Court Doc. No. 182**]

As stated above, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. 36 . Again, Bunting seems to have generated a boilerplate response which invokes a lack of knowledge. The response, with some variation, is:

## POINT "C"
## SPECIFIC DEFICIENT ANSWERS TO ADMISSIONS

The relevant portions of Rule 36(a) state:

"A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . . The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter. . . the party shall specify so much of it as true and qualify or deny the remainder. . . . If the court determines that **an** answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial."

Rule 37(c)(2) provides in relevant part:

"If a party fails to admit . . . the truth of any matter as requested under Rule 36 , and if the party requesting the admissions thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a) , or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit." Rule 36(a), Federal Rules of Civil Procedures. "Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny. "

1.    **Admissions Question No. 1:**    "*Admit or deny*, on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?" [Id.]

> **(a)    Adams's Response**:    "**This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]**

2.    **Admissions Questions No. 2:**    *"Admit or deny,* the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>"[Id.]

    **(b)**  _Adams's Response:      **"This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]**

3.    Admissions Question No. 5    *Admit or deny,* you do not know the actual size of plaintiff's hernia as of the date of your answering?[Id.]

    **(c)    Adams's Response:      "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]**

4.    **Admission Question No. 13:**    *"Admit or deny,* Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison? "[Id.]

    **(d)    Adams's Response:      "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]**

5.    **Admissions Question No. 15:**    *"Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

    **(e)    Adams's Response:      "This Defendant is unable to response to this request as I do not have access to your medical chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]**

6.    **Admission Question No. 17:**    *"Admit or deny,* <u>December 21, 2006 @ 11:05 a.m.</u>,

you did not personally counsel plaintiff concerning his sick call visit and told the

plaintiff"you can sign a waiver?"[Id.]

>    **(f)    Adams's Response:    "This Defendant is unable to response
>    to this request as I do not have access to your medical chart.  Your
>    medical chart is at Limestone Correctional Facility and I am at Staton
>    Correctional Facility."[Id.]**

7.    **Admission Question No. 18:**    *"Admit or deny,* Plaintiff verbally told you that he

spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with

plaintiff at the Captain's office and stated that plaintiff was going to have surgery?"[Id.]

>    **(g)    Adams's Response:    "This Defendant is unable to
>    response to this request as I do not have access to your medical  chart.
>    Your medical chart is at Limestone Correctional Facility and I am at
>    Staton Correctional Facility."[Id.]**

8.    **Admission Question No. 19**:    *"Admit or deny,* plaintiff asked you to be seen by a

doctor?[Id.]

>    **(h)    Adams's Response:    "This Defendant is unable to response
>    to this request as I do not have access to your medical  chart.  Your
>    medical chart is at Limestone Correctional Facility and I am at Staton
>    Correctional Facility."[Id.]**

9.    **Admission Question No. 20**:    *"Admit or deny,* plaintiff requested to be seen by

an outside doctor, and requested surgery?[Id.]

>    **(i)    Adams's Response: "This Defendant is unable to response to this
>    request as I do not have access to your medical  chart.  Your medical
>    chart is at Limestone Correctional Facility and I am at Staton
>    Correctional Facility."[Id.]**

10.   **Admission Question No. 21:**      *"Admit or deny*, you did not counsel plaintiff on

December 21, 2006 @ 11:05 a.m.,"[Id.]

>   **(j)     Adams's Response:       "This Defendant is unable to response
>   to this request as I do not have access to your medical  chart.   Your
>   medical chart is at Limestone Correctional Facility and I am at Staton
>   Correctional Facility."[Id.]**

12.   **Admission Question No. 26**:   "Admit or deny, bowel movements can cause the

muscles to weaken resulting into an enlargement of plaintiff's hernia?"[Id.]

>   **(k)     Adams's Resposne: "Defendant cannot answer this question."[Id.]**

13.   **Admission Question No. 30:**      " *Admit or deny*, plaintiff's hernia goes into his

scrotum, is trapped at times and plaintiff has to work it back up into place."[Id.]

>   (l)     Adams's Response: **"This Defendant is unable to response to this
>   request as I do not have access to your medical  chart.   Your medical
>   chart is at Limestone Correctional Facility and I am at Staton
>   Correctional Facility."[Id.]**

14.   **Admission Question No. 36:**      *"Admit or deny*, the effects felt by plaintiff can

range from perfectly painless, through discomfort, to being very painful indeed."[Id.]

>   (m)     Adams's Response: **"This Defendant is unable to response to this
>   request as I do not have access to your medical  chart.   Your medical
>   chart is at Limestone Correctional Facility and I am at Staton
>   Correctional Facility."[Id.]**

15.   **Admission Question No. 38**:      *"Admit or deny*, you did not conduct any routine

inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional

Facility."[Id.]

**(n)    Adams's Response:**    "This Defendant is unable to response to this request as I do not have access to your medical  chart.  Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]

16.    **Admission Question No. 39:**    "*Admit or deny,* plaintiff could have either a direct or an indirect inguinal hernia."[Id.]

**(o)    Adams's Response:**    "This Defendant is unable to response to this request as I do not have access to your medical  chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]

17.    **Admission Question No. 40:**    "*Admit or deny,* you did not identify what type of hernia plaintiff has"[Id.]

(p)    Adams's Response: **"This Defendant is unable to response to this request as I do not have access to your medical  chart.  Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."**

18.    **Admission Question No. 42:**    *Admit or deny,* Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff? [Id.]

**(q)    Adams's Response:**    "This Defendant is unable to response to this request as I do not have access to your medical  chart. Your medical chart is at Limestone Correctional Facility and I am at Staton Correctional Facility."[Id.]

## ADDENDUM TO ADMISSIONS:

19.    **Admission Question No. 10:**    "Admit or deny" there is almost no limit to how big a hernia could [get] without surgery?[Id.]

**(r)    Adams's Response:** "This request is incomplete".[Id.]

**Argument:**   **This request is complete and self explanatory.**

---

## ARGUMENT / OBJECTIONS TO ADAMS'S ANSWERS

### ARGUMENT AS TO RELEVANCY AND REQUEST FOR FURTHER RESPONSES BRADFORD ADAMS'S DELIBERATE INDIFFERENCE

Adams ought to have medical knowledge regarding hernias.  If not, that further supports that he is incompetent regarding hernias.  Adams must answer the requested discovery and obtain the medical records and answer accordingly.

The distinction between deliberate indifference and negligence is conceptually vague because "indifference" generally implies a lack of attention by the actor similar to what the law often calls negligence.  The modifier "deliberate," however, requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action.

In this case, defendant Adams deliberately stepped out beyond the scope of his nursing practice resulting into proximate cause of injury.  Adams is not free to go, he is liable.  Adams examined plaintiff, the court adopted his recommendation, which is unwarranted at the outset of this case because Adams is only a nurse, he blocked plaintiff from seeing a doctor.  Adams must fully and completely answer the discovery request.

With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures*, <u>Rule 36</u>, et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or

representatives cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.   If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures*, *Rule 37(c)*, deny the matter or set forth reasons why defendants cannot admit or deny it. Defendant has not complied with Rule 36, Federal Rules of Civil Procedures regarding his responses to Admissions.

Under *Rule 33(b)*, *Federal Rules of Civil Procedures* states: " . . . The answer must include all information within the party's control or known by the party's agents.

Plaintiff's medical treatment was down--graded from Dr. john A. Tassin, M.D., to a nurse practitioner who's order and recommendation was "highly" acknowledged by both prison doctors and ADOC defendants.

More interesting, is evidence at summary judgment will reflect that definitely, under Alabama Statutory Law, Adams has <u>no authority whatsoever</u>, to make medical decisions, and, in this case, he did!

**Judicial Notice to Court Doc. 182**, <u>Discovery Request Excerpt</u>.

### III.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.

      a.    your age
      b.    your occupation and place of employment
      c.    your education
      d.    your marital status
      e    your length of service in your present employment position
      f.    your previous occupational experience(s)
      g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another?  If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.      With regards to each, state

the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.   *Identify* **your assignment, whereabouts by documents of the** **"*incident*" and specifically identify your supervisor's** **whereabouts, assignment on** December 27, 2006 @ 11:25 a.m.

¶ 6.   Please *"specifically identify"* by document, your job description, duties, and responsibilities.

¶ 7.   *"Specifically identify by document"* your supervisor, job description, duties, responsibilities.

¶ 8.   Explain by *"incident"* your medical recommendation "no need for surgical referral at present," please explain your medical findings *"identify by documents,"* if any, and state the substance of any verbal or written communication(s) and any and all respons(es) with your supervisor and/or Dr. Michael Robbins, M.D., on December 27, 2006, @ 11:25 a.m.

¶ 9    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each !

¶ 12.  Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.  Is it *Prison Health Services, Inc*., common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.  Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

15.   Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

¶ 16.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have

knowledge of your recommendations for improvements to this protocol.

¶ 17.  On March 21, 2006, _Dr. John A. Tassin, M.D._, made a doctor order that plaintiff's inguinal hernia needs repair.  It is you common practice to make a medical judgment against another doctor?

¶ 18.  Medical Records reflect that you requested the medical records from Louisiana.  Upon receipt of these medical records, did you ever review the records?  If not, please explain your reason?  If yes, disclose the substance of your findings.

¶ 19  Are you licensed to make surgical referrals?  If so, please specifically identify.

¶ 20.  Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on _December 27, 2006 @ 11:25 a.m._, _identify by document pertaining to this incident._

¶ 21.  _"Identify" and "specifically identify"_ who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.  Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.  It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, _"identify"_ by document.

¶ 24.  _"Identify by document,"_ any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.


### V.    REQUEST FOR ADMISSIONS:

¶ 1.   _Admit or deny_, on March 21, 2006, Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.   _Admit or deny_, the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on December 27, 2006?

¶ 3.    *Admit or deny, Prison Health Services, Inc.,* has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 4.    *Admit or deny,* you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.    *Admit or deny,* you do not know the actual size of plaintiff's hernia as of the date of your answering?

¶ 6.    *Admit or deny,* the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.    *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.    *Admit or deny,* you are an expert in Hernia repair?

¶ 9.    *Admit or deny,* you have performed surgery on hernias?

¶ 10.    *Admit or deny,* there is almost no limit to how big a hernia could without surgery?

¶ 11.    *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12.    *Admit or deny,* a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.  *Admit or deny,* Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.  *Admit or deny,* a truss is the cure for a hernia?

¶ 15.  *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 16.  *Admit or deny,* issuing of pain medication will not cure a hernia?

¶ 17.  *Admit or deny,* <u>December 21, 2006 @ 11:05 a.m.</u>, you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.  *Admit or deny,* Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.  *Admit or deny,* plaintiff asked you to be seen by a doctor?

¶ 20.  *Admit or deny,* plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.  *Admit or deny,* you did not counsel plaintiff on <u>December 21, 2006 @ 11:05 a.m</u>?

¶ 22.  *Admit or deny,* it is up to a physician for a determination whether surgery is necessary.?

¶ 23.  Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.  *Admit or deny,* plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.  ¶ Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.   *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

¶ 27,   *Admit or deny*, the long-term  course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.   *Admit or deny*, the opening of a hernia cannot heal itself.

¶ 29.   *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.   *Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.   *Admit or deny*, a truss is for temporary use.

¶ 32.   *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.   *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.   *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.   *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.   *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37.   *Admit or deny*, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.   *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.   *Admit or deny*, plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.   *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41.   *Admit or deny*, a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.   *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

---

### REQUEST FOR SANCTIONS

<u>This Court ought to be suspicious of counsel's mere recitation of</u> Rule 36(a) . Defendant has failed to allege or specify <u>any reasonable inquiry</u> it undertook to obtain information that would enable it to admit or deny the requested admissions. Many courts require as much. *See* **Asea, Inc.,** 669 F.2d at 1246 ; **Checker Leasing, Inc. v. Sorbello**, 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989) ; **Han v. Food and Nutrition Serv. of the U.S. Dept. of Agric.,** 580 F. Supp. 1564 (D.C.N.J. 1984) ; **Princess Pat, Ltd. v. Nat'l Carloading Corp.,** 223 F.2d 916 (7th Cir. 1955) . However, the Advisory Committee Note accompanying the 1970 Amendment of <u>Rule 36</u> states, while "a reasonable burden is imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process . . . <u>Rule 36</u> requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award

of costs after trial, as provided in *Rule 37(c)* ." Fed.R.Civ.P. 36 . Defendant has risked not making reasonable inquiry before asserting lack of knowledge as the basis for not admitting or denying plaintiff's requests. However, Defendant's statements that it does not have the medical records is not sufficient, after reasonable inquiry, admit or deny requests one five (5), six  (6), eight (8), thirteen (13), seventeen (17), eighteen (18), nineteen (19), twenty (20) twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), and twenty-five (25) are insufficient. Defendant ought to be warned, however, that if facts developed during trial or further litigation expose his failure to make a reasonable inquiry before responding to Plaintiff's request, he will be held accountable pursuant to Rule 37(c) .

*WHEREFORE,* plaintiff objects to defendant Bradford Adams's global tactice responses as incomplete, nonresponsive, evasive and request that the court order Adams to answer each request in dispute fully and completely.

Respectfully Submitted

Done this 20TH Day March 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 21ST Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®_____

Marcellus Breach

# EXHIBIT "A"

COPY   DATED FILED 10/24/07

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

     Defendants.

       CASE NO: 2:06-cv-1133-MEF

\*
\*
\*
\*
\*
\*

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

### TO:   DEFENDANT BRADFORD ADAMS, NURSE PRACTITIONER

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Breach"), in proper person "Pro Se," moves this Court to issue an ORDER to Defendants pursuant to *Federal Rules of Civil Procedures, Rule 33, 34 & 36,* hereby requesting that named parties and/or their "Agents" being persons under their control: nurse practitioner Bradford Adams, employed with Prison Health Services, Inc., is requested to answer separately, fully and in writing, the following the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these Interrogatories, Request for Admissions, and Production of

1

COPY   DATED FILED 10/24/07

*Documents*, furthermore, for the defendant to provide full disclosure along with his answers herein, copies thereof supporting evidentiary materials, as follows:

### I. DEFINITIONS AND INSTRUCTIONS;[1]

¶ 1.    Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each interrogatory as fully as possible.  If you are unable to answer an interrogatory after you have attempted to obtain the information, answer to the extent possible.

¶ 2.    A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

¶ 3.    _Rule 33, Fed R. Civ. P.,_ permits that the interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or government agency, by any officer or agent, who shall furnish such information as is available to the party.  _Rule 33(d),_ also permits interrogatories upon your Agents and the request for production of documents under said rule is requested from person(s) under your control.

---

[1]    **Definitions and Instructions are continuing throughout this Discovery request.  Rule  33, 34, & 35, Fed. R. Civ. P.**

COPY   DATED FILED 10/24/07

¶ 4.    In responding to these request for Admissions, Production of Documents and Interrogators, defendants shall furnish not only such information and documents as are available to them, but also such information and documents as are known to, available to, or in their constructive, actual possession, custody or control of any agent, employee, employer, representative, co-defendant, witnesses, the *Alabama Department of Corrections, Prison Health Services, Inc., ("PHS"); Correctional Medical Services, Corp.,* ("CMS") and specifically, including but not limited to defendants attorney(s) and investigators, unless such documents, information, data, records, inter alia, is claimed to be privileged from production or discovery.

¶ 5.    If defendants consider any document, information, data, records, inter alia, falling within plaintiff's request for Production of Documents, attached heretofore separately and/or conjunctively, as being privileged from discovery, plaintiff request that, at this time or responding to the Request for Production, the defendants serve upon plaintiff, a written list of the documents so withheld from said discovery and identify each document by date, author or parties, names, business address of each person, party or witness having copies of said documents, information , data, records inclusive to medical records from *February 2005,* through current date of your answers, and the basis on which the document is considered to be privileged from production, and re-production, photo-copying, et. seq., by discovery.

3

COPY   DATED FILED 10/24/07

¶ 6.    These Interrogatories and Discovery request are continuing and are to be supplemented in accordance with Federal Rules of Civil Procedures, *Rule 26(e)*. However, in the event that any, and all information or documents come to the attention of or into the possession, custody or control of the defendants, the attorneys of records, or such other interested persons, parties, agency, employees, employers, et. al., subsequent to the filing of defendants response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendants initial answers / responses thereto, said additional information, documents, data, records, inter alia, shall be furnished to plaintiff, or in the interim, thereinafter appointment of stand-in-counsel, as soon as possible, unless otherwise specified by the Court, or upon subsequent motion.

¶ 7.    In responding to these DISCOVERY request, defendants are to furnish such documents, records, data, information, memorandum, inter alia, as are available to them, their agents, employees, employers, co-defendants, witnesses or representatives, such as attorney of record, but not limited to therein, as to defendants access to which is currently constructive, actual possession or otherwise.

¶ 8.    With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, Rule 36*, et. seq., the defendants shall specifically deny the matter or set forth in details the reasons why the answering / responding party, person, defendant or representatives cannot truthfully admit or deny the matter.  A denial shall fairly meet the

substance or the requested admission, and when good faith requires defendants shall qualify an answer or deny only a part of the matter of which an admission is requested; the defendants shall specify so much of it is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendants is insufficient to enable them to admit or deny.    If the defendants consider that a matter of which an admission has been requested presents a genuine issue of material fact, for trial, they may not, on that ground alone, object or the request; defendants may, subject to the provisions of *Federal Rules of Civil Procedures, Rule 37(c),* deny the matter or set forth reasons why defendants cannot admit or deny it.

¶ 9.   As a courtesy, in answering / responding to any and all DISCOVERY request herein, defendants are asked to, please preface said answers / responses with the "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 10.   When used in these discovery request and subsequent set of Interrogatories or discovery request henceforth, the following definitions shall apply:

    a.    As used herein, the term "**document**" means, any written, or graphic matter however produced or reproduced, including but not limited to correspondence, e-mails, other written communications, agreements, notes, memoranda, any and all recorded information

but not limited to any faxes, reports, letter, grievance, message, records, work sheets, instructions, work assignments, internal communication, order and any other written recorded, electronic, or graphic material however produced, reproduced and, in the absence of the original, copy thereof and any copy bearing markings not present on the original or other copy thereof.

b.      As used herein in reference to a natural person, the word "**identify**" shall mean to state the persons full name, present or last known business address(es) and their association to defendant(s).

c.      As used in reference to a business or other entity, the word "**identify**" shall mean to state the business or other entities full name and present or last known address(es) and their said association to defendant(s).

d.      As used "**identify**" or "**identity**" when used in reference to a document means to state the date and author, type of document [e.g., letter, memorandum, record, policy, title, reference numbers, etc.,] or some other means of identifying it, and its present location or custodian.

e.      The word "**incident**" includes the circumstances and events leading up to, and surrounding the alleged violation of denial of surgery for plaintiff's inguinal hernia from **February 2005**, to current date of your answering / responses.

f.      The word "**specifically identify**" as used with respect to any and all documents, inter alia, is understood to mean the following: 1) title; 2) date; 3) names and position of originator; 4) name and position of any and all defendants, co-defendants, witness(es) and supervisors; 5) name(s) and position(s) of any and all persons, parties, agents, employees, employers, representatives, who received copies or any portions of the documents in questions; 6) description of the document, records, data, faxes, any and all information, *inter alia*, in question; 8) name(s) and position(s) of the

custodian(s) of the above requested documents in their entirety, but not limited to.

### III.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.

    a.    your age
    b.    your occupation and place of employment
    c.    your education
    d.    your marital status
    e    your length of service in your present employment position
    f.    your previous occupational experience(s)
    g.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

7

¶ 4.    Please *"identify"* employers you have had, other than your current position, in the last ten (10) years.   With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

¶ 5.    *Identify* your assignment, whereabouts by documents of the *"incident"* and specifically identify your supervisor's whereabouts, assignment on <u>December 27, 2006</u> @ <u>11:25 a.m.</u>

¶ 6.    Please *"specifically identify"* by document, your job description, duties, and responsibilities.

¶ 7.    *"Specifically identify by document"* your supervisor, job description, duties, responsibilities.

¶ 8.    Explain by *"incident"* your medical recommendation "no need for surgical referral at present," please explain your medical findings *"identify by documents,"* if any, and state the substance of any verbal or written communication(s) and any and all response(s) with your supervisor and/or Dr. Michael Robbins, M.D., on <u>December 27, 2006, @ 11:25</u> a.m.

¶ 9    Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board.  If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint.

COPY   DATED FILED 10/24/07

Also, if yes, please *"identify"* the agency and/or individual who accused or investigated you for such allegation(s); *"specifically identify"* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 10.  Is it your common practice to make surgical or non-surgical referrals?

¶ 11.  It is your common practice not to make surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 12.  Is it your common practice to examine a patient and then make a medical decision pertaining to surgery without your supervisor being present, or examining the patient?

¶ 13.  Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 14.  Please estimate how many Alabama inmates diagnosed with a hernia you examined since February 2005.

15.    Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

9

COPY  DATED FILED 10/24/07

¶ 16.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the Protocol. If yes, specifically identify any written requests, date, e-mails and identify the incident, and identify all witnesses, persons who have knowledge of your recommendations for improvements to this protocol.

¶ 17.  On March 21, 2006, _Dr. John A. Tassin, M.D._, made a doctor order that plaintiff's inguinal hernia needs repair.  It is you common practice to make a medical judgment against another doctor?

¶ 18.  Medical Records reflect that you requested the medical records from Louisiana. Upon receipt of these medical records, did you ever review the records?  If not, please explain your reason?  If yes, disclose the substance of your findings.

¶ 19   Are you licensed to make surgical referrals?  If so, please specifically identify..

¶ 20.  Disclose the substance of any oral statements made by Dr. Michael Robbins, M.D., on _December 27, 2006 @ 11:25 a.m.,_ _identify by document pertaining to this incident._

¶ 21.  _"Identify" and "specifically identify"_ who authorized you, and your authorization to make or, not to make surgical referrals.

¶ 22.  Disclose any verbal, written or recorded statements, substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

¶ 23.   It is your common practice for Prison Health Services, Inc., to allow you to make surgical recommendations without a physician being present, or the physician actually examining the patient? If so, *"identify"* by document.

¶ 24.   *"Identify by document,"* any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

### V.     REQUEST FOR ADMISSIONS:

¶ 1.     *Admit or deny,* on <u>March 21, 2006,</u> Dr. John A. Tassin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair?"

¶ 2.     *Admit or deny,* the medical records from Louisiana reflecting Dr. Tassin's order and recommendation were not in plaintiff's medical records on <u>December 27, 2006?</u>

¶ 3.     *Admit or deny, Prison Health Services, Inc.,* has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

¶ 4.     *Admit or deny,* you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

¶ 5.     *Admit or deny,* you do not know the actual size of plaintiff's hernia as of the date of your answering?

11

¶ 6.    *Admit or deny,* the only way to stop a hernia from getting worse is to repair the defect through surgery?

¶ 7.    *Admit or deny,* that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated')?

¶ 8.    *Admit or deny,* you are an expert in Hernia repair?

¶ 9.    *Admit or deny,* you have performed surgery on hernias?

¶ 10.    *Admit or deny,* there is almost no limit to how big a hernia could without surgery?

¶ 11.    *Admit or deny* medically there is no cure for a hernia without surgery?

¶ 12.    *Admit or deny,* a strangulated hernia can become an emergency that usually requires immediate surgery?

¶ 13.    *Admit or deny,* Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison?

¶ 14.    *Admit or deny,* a truss is the cure for a hernia?

¶ 15.    *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia?

¶ 16.   *Admit or deny*, issuing of pain medication will not cure a hernia?

¶ 17.   *Admit or deny*, <u>December 21, 2006 @ 11:05 a.m.</u>, you did not personally counsel plaintiff concerning his sick call visit and told the plaintiff "you can sign a waiver?"

¶ 18.   *Admit or deny*, Plaintiff verbally told you that he spoke with Brandon Kindard, and stated to you that Brandon Kindard verbally met with plaintiff at the Captain's office and stated that plaintiff was going to have surgery?

¶ 19.   *Admit or deny*, plaintiff asked you to be seen by a doctor?

¶ 20.   *Admit or deny*, plaintiff requested to be seen by an outside doctor, and requested surgery?

¶ 21.   *Admit or deny*, you did not counsel plaintiff on <u>December 21, 2006 @ 11:05 a.m.</u>

¶ 22.   *Admit or deny*, it is up to a physician for a determination whether surgery is necessary.?

¶ 23.   Admit or deny, the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia?

¶ 24.   *Admit or deny*, plaintiff's inguinal hernia can get larger and lead to serious medical complications?

¶ 25.   Admit or deny, discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time?

¶ 26.   *Admit or deny*, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

COPY   DATED FILED 10/24/07

¶ 27.   *Admit or deny*, the long-term  course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery.

¶ 28.   *Admit or deny*, the opening of a hernia cannot heal itself.

¶ 29.   *Admit or deny*, medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery.

¶ 30.   *Admit or deny*, plaintiff's hernia goes into his scrotum, is trapped at times and plaintiff has to work it back up into place.

¶ 31.   *Admit or deny*, a truss is for temporary use.

¶ 32.   *Admit or deny*, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation.

¶ 33.   *Admit or deny*, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain.

¶ 34.   *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

¶ 35.   *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

¶ 36.   *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

¶ 37.   *Admit or deny*, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

¶ 38.   *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

¶ 39.   *Admit or deny*, plaintiff could have either a direct or an indirect inguinal hernia.

¶ 40.   *Admit or deny*, you did not identify what type of hernia plaintiff has.

¶ 41.   *Admit or deny*, a hernia will limit a person daily activity depending on the stage of the hernia.

¶ 42.   *Admit or deny*, Dr. Michael Robbins, M.D., was not present hen you conducted your examination on plaintiff?

Done this 24th Day October 2007.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 24th Day of October 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

Marcellus Breach