IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.                              CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### MOTION TO COMPEL RULE 26

**COMES NOW**, the plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to <u>Rule 26(a)(2)(B)</u>, *Federal Rules of Civil Procedures* request the Court to compel defendants to produce defendant treating physicians reports as to the extent of their opinions regarding "surgery". In further support plaintiff request that this court in ruling be mindful of the standards applied to admissibility of opinions by defendants pertaining to medical opinions "without" any showing of their experience, training and qualifications.

1. The Court did not order either party to produce any reports regarding the testimony they will enter as evidence in this case. However, each defendant physician in this case has given opinions regarding to areas: (i) Hernia management, (ii) "surgery" for plaintiff's hernia, and not one time has defendants produced documents to support their

1

position that each doctor is qualified to render an opinion and their opinion will be reliable, admissible at summary judgment. Plaintiff is prejudiced because he has not received one piece of evidence regarding these defendant doctors experience, training, and education.

2.      Although ADOC defendants claim assert Dr. George Lyrene is a "defendant" and not an expert. On *February 6, 2007,* Dr. Lyrene submitted an opinion regarding "surgery", **[Court Doc. No. 20, Exhibit "A"]**. If, Lyrene is not purported to be an expert, hen any expert opinion are not admissible without disclosing Lyrene's qualifications to render such opinions regarding "surgery". His opinion must be limited, and if, Lyrene is going to proffer an opinion regarding "surgery", he must disclose his qualifications.

3.      It is highly prejudice in this case for this court to enter into evidence at summary judgment, opinions by doctors without first, determining whether their opinions are backed with their qualifications, training, and experience.

4.      May the court be mindful, neither defendant Drs. Lyrene, Robbins, nor Hobbs has answered any of plaintiff's discovery request wherein, plaintiff questioned specific areas of their education, training and experience. The Eleventh Circuit ruled in *Prieto v. Malgor,* 361 F.3d 1313, 1318 (11th Cir. 2004), each witness although a defendant, if they are going to give an opinion pertaining to surgery, that is the shoes of an expert, then they must provide a report containing a complete statement of all opinions to be expressed and the basis and reasons therefore as well as information about the data

considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. Any party that without substantial justification fails to disclose this information is not permitted to use the witness as evidence at trial unless such failure is harmless. The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion." (internal citations omitted). Plaintiff argues that Lyrene was first, a witness, and now he is a defendant; however, he should not be excluded merely because he is now a defendant, he will offer an opinion at trial.

5.     Although plaintiff is aware that treating physicians generally are not subject to the FRCP 26(a)(2)(B) requirements. They are not considered "retained" or "specially employed" to the extent their testimony concerns their personal care, diagnosis, and treatment of a patient. The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that the [defendants] [] can not avoid the requirements of Rule 26 by simply indicating that [their] experts are [defendants] and are the defendants' treating physician. . . . Rule 26 focuses not on the status of the **witness**, but rather the **substance of the testimony**." *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) (internal quotations and citations omitted). *See also Green v. Office of the Sheriff's Office*, 2002 U.S. Dist. LEXIS 26485, at *16-17 (M.D. Fla. 2002) ("The key to the treating physician's being excused from the report requirement is that she testify **only as to observations made during the care and treatment** of the

party."); *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 423-24 (M.D.N.C. 2005) ("A treating physician is a participant or fact witness when it comes to describing the diagnosis and treatment of a party's condition. However, because of the physician's specialized training and knowledge, when the physician testifies, he or she testifies as an expert witness. Therefore, the physician must be disclosed as an expert because he or she is relying on scientific, technical, or other specialized knowledge. **When the treating physician goes beyond the observations and opinions obtained by treating the individual and 'expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report.");** *Leathers v. Pfizer*, 233 F.R.D. 687, 2006 U.S. Dist. LEXIS 11381, March 10, 2006 (N.D. Ga. 2006); *Wreath v. United States*, 161 F.R.D. 448, 449 (D. Kan. 1995) ("To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703 and 705.").

A distillation of the requirements specified in Fed. R. Evid. 702 and binding authorities yields at least six, basic, foundational prerequisites that must be satisfied before any expert witness may present opinion testimony to a jury. Specifically, a proponent of a witness must demonstrate by a preponderance of the evidence that (1) testimony in the form of an opinion will assist the jury to understand the evidence, or to

4

determine a fact in issue, because comprehension of the subject of the witness's testimony is beyond the experiences of the average lay person; (2) the witness is qualified on the basis of knowledge, skill, experience, training, or education to testify competently concerning the matters to be addressed; (3) the witness's testimony is based upon sufficient facts or data; (4) the witness's testimony is the product of reliable principles and methods, as determined by the type of inquiry mandated in *Daubert*; (5) the witness has applied the principles and methods reliably to the facts of the case; and, (6) the witness can -- based upon the principles controlling his or her particular discipline, and, the witness's background, training, and experience -- state an opinion with a reasonable degree of certainty.   The United States Court of Appeals for the Eleventh Circuit has held that the *Daubert* standard requires trial courts to engage in a rigorous three-part inquiry, which consists of determining whether (1) [Lyrene] is qualified to testify competently regarding the matters he or she intends to address; (2) [Lyrene's] methodology by which the expert reaches his or her conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) [Lyrene's] testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

6.   The core issue before this court is "surgery". Dr. Hobbs, Lyrene, Robbins have not disclosed his qualifications, training, and experience in hernia repairs.  Hobbs is in correctional medicine with very limited license to practice medicine.

5

7.   Plaintiff has information and belief that Dr. William E. Hobbs, no longer practices or, even if he did practice in the field of Obstetrics and Gynecology. Hobbs has been moving around all across the Country from Michigan, Montana, Tennessee, Alabama and no longer practices medicine in obstetrics and gynecology, and has not disclosed information regarding his specialty -- but only practices in a prison surrounding must explain to this Court that he is qualified to proffer an opinion as to when, and when not to have plaintiff's hernia repaired. Without proof, he is not qualified, nor Board Certified in the specific area in question, i.e., surgery.

8.   Hobbs in this case, now, as a prison doctor and upon information and belief use to practice medicine relating to the profession of <u>obstetrics</u> or the care of women during and after pregnancy -- the branch of medicine dealing with the administration of health care to women, especially the diagnosis and treatment of disorders affecting the female reproductive organs. The sole question is, why doesn't he practice in the area he claimed he practiced. Has he lost his license or the ability to be insured? Why did CMS require that Hobbs undertake his own insurance before, being allowed to be employed with CMS. (Information and belief) What kind of medical license does Hobbs possess today? Is discoverable.

9.   Hobbs, Lyrene, Robbins, all have obstinately proffered opinions in an experts shoes regarding when and when not to have a hernia repaired. Neither doctor has not one time conducted any Ultrasonography examinations, nor any CT scans, urinalysis or

6

ordered any testing period. Neither doctor, can medically determine "when plaintiff's hernia is "in danger of becoming incarcerated" as Hobbs has stated without a specialists in hernia repairs as such, will require expert testing, a separate area that they are not qualified. Only experts can perform tests, examinations and determine when plaintiff's hernia "is in danger" of becoming incarcerated.

10.     The consequences for failure to comply with FRCP 26(a) are contained in FRCP 37(c)(1) , which states as follows: "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed." The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party. *See Go Med. Indus. Pty. v. Inmed*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003) ; *see also Burney v. Rheem Mfg.*, 196 F.R.D. 659, 691 n.29 (M.D. Ala. 2000) ; *Rabello v. Bell Helicopter Textron*, 200 F.R.D. 484, 489 (S.D. Fla. 2001)

11.     A defendant, witness may be an expert as to some matters and an actor as to others. Unlike an ordinary witness an defendant expert can be permitted wide latitude to offer opinions, including those not based on first-hand knowledge or observation. A doctor is not an "expert" if his or her testimony is based on observations during the course of treating; this is not the case, each doctor defendants has given opinions in an experts shoes and they have not disclosed any documents to support their findings -- if testimony was not acquired or developed in anticipation of litigation or for trial and if

7

the testimony is based on personal knowledge. Physicians who examined and prescribed treatment for a plaintiff cannot be considered merely as expert witnesses whose examination was limited to obtaining information to be used solely for the purpose of testifying as an expert in the case. A physician who has examined an injured party may describe what he has seen and give his expert inference therefrom. Additionally, a treating physician may testify from personal observation of his patient that he is suffering pain. This is not the case, these defendant doctors are providing opinions regarding when and when not to have surgery without disclosing their qualifications to render such opinion.

12.   Although the advisory committee note seems to say that treating physicians never have to submit expert reports, most courts have taken the position that "the [defendant] can not avoid the requirements of Rule 26 by simply indicating that [his] expert [is] . . . treating physician . . . .¹ Rule 26 focuses **not on the status of the witness, but rather the substance of the testimony."** *Brown v. Best Foods, A Division of CPC Intern., Inc.*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) (quoting *Bucher v. Gainey Transp. Service of Indiana*, 167 F.R.D. 387, 390 (M.D.Pa.1996)). A treating physician's opinions that are related to the care and treatment of a patient do not give rise to the expert report requirement. *Id.* at 388 (quoting *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y.1995)). For example, a

---

¹ ADOC argues that Lyrene is a Defendant. However, Lyrene has proffered an opinion of one of an expert. He must further support his training, education, and experience in hernia repair. This Court ruled on plaintiff's preliminary injunction motion that Robbins agrees with Hobbs. That is an expert opinion; one physician testifying as to the standard of care, in support of another physician is expert testimony.

8

treating physician does not need to submit a report when the opinion is about the existence or the cause of a patient's injury. *Id.* at 387-88 (citing *McGuire v. Davis*, 437 F.2d 570, 573 (5th Cir. 1971); *Salas*, 165 F.R.D. at 33; *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Harlow v. Eli Lilly & Co.*, 1995 U.S. Dist. LEXIS 7162, 1995 WL 319728 (N.D. Ill. May 25, 1995)). However, a treating physician's testimony that another physician breached the standard of care gives rise to the expert report requirement because such testimony "**extends beyond the facts disclosed during care and treatment of the patient.**" *Id.* at 389 (quoting *Salas*, 165 F.R.D. at 33). In this case, Dr. Robbins actually **wrote an opinion agreeing with** Dr. Hobbs's treatment. That standard is calling into expert testimony because Robbins is testifying about the treating, and standard of care that is alleged by plaintiff to have been breached. Robbins also is stepping into an expert's shoe and Reports ought to be required or portions of their testimony deemed inadmissible.

## *CONCLUSION*

Hobbs is correctional medicine. Upon information and belief he does not have a license "anymore" to practice outside a prison surrounding. His opinion is limited. Hobbs, Lyrene, Robbins, have not once, provided an qualifications or shown any specialized training in the filed of Ventral Hernia Repairs. Without some evidence, plaintiff argues their opinions are not reliable. Plaintiff states that this case is not balanced in the opt regarding physicians qualifications, training, experience for purposes

of Rule 56 Summary Judgment eliminating, inadmissible hearsay, evidence. Plaintiff is confused as to the proper course regarding this area and the inadmissible opinions in part regarding areas beyond several prison doctors qualifications without, being disclosed this case is not balanced. Plaintiff request this court direct, order, what is appropriate in fairness regarding medical opinions, and its admissibility without plaintiff being blind sided and prejudicial error occur.

Respectfully,

Done this 24th Day March 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY, that I have this 25th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®  _____
      Marcellus Breach

MARCELLUS BREACH 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749



LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101