IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE-DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 MAR 28 A 9: 39

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.                              *      CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

### ADDUNDUM TO MOTION TO COMPEL RULE 26)

**COMES NOW**, the plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves this Court to compel defendant Dr. Michael E. Robbins, M.D., Dr. George Lyrene, M.D., and Dr. William Hobbs, M.D., to disclose their training, education and experience in Henria Repairs. _Rule 26_, Fed.R.Evid., and _Rule 702_ and _701_, _Federal Rules of Evidence_

1.    On _December 23, 2007_, plaintiff submitted his letter to counsel requesting that they have the defendants to disclose any type of Report on information regarding their Methodology. Plaintiff requested they correspond as to whether the defendants treating physician would offer an opinion as an expert. Counsel did not respond. _Exhibit A,B_

### MEMORANDUM

Dr. William Hobbs, M.D., is a prison doctor who can only practice in a prison surrounding. He has no liciense to practice medicine in the general public, based on

information and belief. Dr. George Lyrene's Affidavit *Court Doc. No. 20, Exhibit A*, he offers an opinion stepping into the shoes of an expert pertaining to surgery. However, Lyrene has not examined a patient with a hernia, and has never performed hernia surgery. He has been in correctional medicine for the last 15-years years. Dr. Robbins, has not supported his opinion on terms of reliability and neither doctor cannot testify to any matter outside their practice and especially Hobbs and Lyrene, correctional health care. There is no evidence that they have practiced in any other field recently, especially hernia repair except correctional health care for the past 15 years. Hobbs has been in correctional health care since 2006. Therefore, under plaintiff medical malpractice claims, and in this case Robbins attempts to act as an expert supporting Hobbs's treatment when Robbins has not disclosed any qualifications leading to that he is competent to testify as to the standard of care pertaining to hernias being a field of surgery. Hobbs and Lyrene are practicing in correctional health care (issue Motrin) is basically what they are licensed to perform. They are not licensed to perform surgery, nor offer opinions regarding surgery. With respect to Lyrene and Hobbs in correctional medicine, they are prohibited and limited to testifying as an expert with respect to any claims as to matters in this case except as to aspects of correctional health. Not one doctor has offered any support as to the reliability of their opinions concerning hernia repair. Moreover, since they have spoken as experts they opinions have to pass muster under *Daubert* analysis. Hobbs, Lyrene and Robbins do not specify what experiences or what standards they relied upon

in making any of their determinations that surgery is not necessary. In order to find that Hobbs, Lyrene and Robbins's opinions as testimony are reliable and connected to scientific data, this court would need to take a leap of faith and rely on their *ipse dixit* and assurance that their testimony is based on nationally acceptable standards. Reliance on naked assurances of the purported opinions, in part are in the shoes of an expert, defendants can still testify as expert defendants, but their purported expert naked assurances is exactly what the Eleventh Circuit in Cook and McClain statements is tantamount to disregarding entirely the reliability prong of the *Daubert* analysis.

## CONCLUSION

Since defendants have purportedly spoke in the shoes of an expert pertaining to "surgery" regarding hernias. Plaintiff is entitled to have Reports of their finding under Rule 26, and information pertaining to their experience, training and education in hernia repairs. Plaintiff moves to compel and sanction for not provided the materials requested.

Respectfully Submitted,

Done this 24th Day March 2008.

/s/ Marcellus Breach

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 24th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

> Respectfully Submitted,
>
> Done this 24th Day March 2008.
>
> Marcellus Breach 160710®
> Limestone C.F
> 28779 Nick Davis Rd.
> Harvest, Alabama 35749

4

COUNTY OF LIMESTONE )

STATE OF ALABAMA           )

***DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS***

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **_Marcellus Breach, AIS #160710_**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel.

On _December 23, 2007_ I served on the defendant's counsel a letter Exhibit A","B" requesting that counsel disclose now Robbins, Hobbs and **Lyrene would be testifying to. What area would their opinions be propounded.**

Counsel did not respond nor produce any information as requested. A copy of my letters is attached as **Exhibit "A","B"**.

Defendants' counsel did not respond to my letters. I have written counsel and Defendant's objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

5

**WHEREFORE,** the plaintiff request that the court grant this motion in all respects under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746    This 24th Day March 2008.

_____
Marcellus Breach

6

# EXHIBIT "A""B"

# *MARCELLUS BREACH, 160710*

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

*December 23, 2007*

RUSHTON, STAKELY, JONSTONE & GARRETT, P.A.
ATTENTION: Attorney Paul M. James, Jr.
P.O. Box 270
Montgomery, Alabama 36101

RE:   **2:06-cv-1133-MEF  Letter of Intent**
      Rule 26

Mr. James:

I am requesting that you correspond with me regarding to discovery request pertaining to the written opinions by defendants Hobbs and Robbins. I have noticed that their opinions speak in the form of an expert. Are you planning to offer them as an expert even though they are the treating physicians, and defendants?

I need to know, and I request that you forward to me any Report to support their opinions and Methodology. I need to know their education, training and experience.

Within twenty-one (21) days from receipt of this letter being mailed to your office I will immediately file a motion to compel responses.

I do hope that we can resolve our discovery disputes without asking the Court to intervene. The documents requested are mainly the physician's Methodology.

I hope to hear from you soon regarding this issue.

Sincerely,

/s/ Marcellus Breach
Marcellus Breach

**NOTICE: Request to be filed with the Court**

CLERK OF COURT
United States District Court

P.O. Box 711
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 23rd Day of DECEMBER 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

®  _/s/ Marcellus Breach_
Marcellus Breach

# MARCELLUS BREACH, 160710

LIMESTONE C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

December 26, 2007

Alabama Department of Corrections
Kim T. Thomas & Albert S. Butler
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

    RE:   **2:06-cv-1133-MEF Letter of Intent**
            Rule 26

Dear Counsel:

    I am requesting that you correspond with me regarding to discovery request pertaining to the written opinions by defendant Lyrene. I have noticed that he has offered an opinion and speaks in the form of an expert. Are you planning to offer him as an expert or specialists?

    I need to know, and I request that you forward to me any Report to support his opinion and Methodology. I need to know his education, training and experience.

    Within twenty-one (21) days from receipt of this letter being mailed to your office I will immediately file a motion to compel responses.

    I do hope that we can resolve our discovery disputes without asking the Court to intervene. The documents requested are mainly the physician's Methodology.

I hope to hear from you soon regarding this issue.

Sincerely,

*/s/ Marcellus Breach*
Marcellus Breach

**NOTICE: Request to be filed with the Court**

CLERK OF COURT

1

United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Sincerely,

Marcellus Breach

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY**, that I have this 23rd Day of DECEMBER 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

®   /s/ Marcellus Breach
Marcellus Breach

2