IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.                                                      *   CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### MOTION FOR ISSUANCE OF COURT ORDER FINDING DEFENDANT WILLIAM E. HOBBS IN CONTEMPT OF COURT

**COMES NOW**, plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," respectfully moves this Court pursuant to *Rule 37(b)(1), Federal Rules of Civil Procedures*, for an order holding defendant *William Hobbs* in contempt of the above Court on the grounds that he has again, after being duly served with the orders of this court ordering him to show cause, to submit his answers to plaintiff Discovery request. [**Court Doc. No. 226**] Thus, after repeated misrepresentation to this court requesting extension after extension, order after order, to show cause creates voluminous filings; however, sanctions are warranted because the Court has been overly patient with defendant and his actions demonstrate nothing more than mockery to Court orders: In further support plaintiff states as follows:

1. <u>Once again</u>, after counsel was granted an extension of time [**Court Doc. No. 492**] to file his response to the Court's show cause orders [**Court Doc. No. 467, 468, 484**] and sanctions has been requested [**Court Doc. No. 545**] and another show cause order issued directing counsel that on or before <u>March 28, 2008,</u> defendant shall answer court orders **468 & 484**. Defendant again, out of ingenuity, it is conspicuous that the extension of time was nothing more than an attempt to stonewall discover and demonstrates deliberate acts to ignore Court orders. [**Court Doc. No. 468, 484, 545**]

2. The alleged failure of William Hobbs to respond to the discovery request propounded to him as ordered by this Court shows a willful disregard for the lawful process and orders of the Court. <u>Rule 37 (b)(1)</u> of the *Federal Rules of Civil Procedure* states as follows:

> **(b) Failure to Comply with Order.(1) <u>Sanctions</u> by Court in District Where Deposition is Taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the Court in the District in which the deposition is being taken, the failure may be considered a contempt of that court. Rule 37 has been made applicable to interrogatories by Rule 33(b)(5) of the Federal Rules of Civil Procedure.**

3. If it may please the court, plaintiff request that sanctions be immediately imposed and if the court deems it appropriate to issue another order to show cause; plaintiff's research reflects that an appropriate remedy to be considered by the Court is to issue a rule to show cause as to why the said <u>Dr. William E. Hobbs</u> should not be held in contempt for failure to comply with this Court's latest order on <u>March 18, 2008</u>. [**Court**

2

**Doc. No. 545]** See, Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297 (11th Cir. 1991).

Further, if it may please the Court, plaintiff request relief under the following federal provision:

1.   Under *Rule 37(b)*;[1]

(a)   To issue sanctions upon defendant William Hobbs for his intentional failure to comply with court order **[Court Doc. No. 468, 484, 545]**.[2]

(b)   To require defendant to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.   Under *Rule 37(b)(2)*;

(a)   To preclude defendants from asserting any objections to plaintiff's request for disclosure;

(b)   To treat as contempt of court the failure of defendant Hobbs to answer *Court Order Doc. No. 468, 484, 545*

(c)   To decide all contested issues of fact embraced by plaintiff request for disclosure in favor of plaintiff;

(d)   To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

---

[1] William Hobbs was ordered to show case to a Motion for Sanctions. . Hobbs intentionally deliberately refused to show cause, did not request an extension of time, and did not serve plaintiff any copy of a pleading pertaining to this matter. Sanctions are warranted. Further compel is unnecessary.

3

(e)   To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant William Hobbs under *Courts I, II, III, IV, V* and *VI* of plaintiff's complaint; and;

(f)   To require defendant William Hobbs to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

4.   Under *Rule 37(d)*:

(a)   To treat as a contempt of court the failure of defendant Adams to answer **Court's Order Docket Numbers 468, 484, 545**

(d)   To decide all contested issues of fact embraced by plaintiff's request for disclosure in favor of plaintiff;

(e)   To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(f)   To require defendant to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

          Done this 1st Day April 2008.

          */s/ Marcellus T. Breach*
          Marcellus Breach 160710
          Limestone C.F.
          28779 Nick Davis Rd.
          Harvest, Alabama   35749

---

[2] Judicial Notice **Court Doc. 492**, Order granted Hobbs an extension to March 10, 2008 to show cause. This is April 2008.

COUNTY OF LIMESTONE        )

STATE OF ALABAMA           )

***DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS***

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **Marcellus Breach, AIS #160710**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel/Sanctions and Contempt.

On March 18, 2008, this court made its order-requiring defendant William Hobbs to show cause to my motion for sanctions upon William Hobbs for his failure to file responses to the orders entered on February 14, 2008 [Court Doc. No. 468] and February 22, 2008 [Court Doc. No. 484] wherein, judicial notice will reflect the court's orders.

The Clerk of court made electronic notice on Attorney Paul James, Jr. As of April 1, 2008, defendant William Hobbs continues to fail to serve answers to discovery request, although more than 90 days from service of discovery request has transpired since the filing of discovery request [Court Doc. No. 226].

5

As of April 1, 2008, I have not been served a copy of filing by counsel pertaining to this matter. Defendant did not respond to discovery request after 30 days by order of the court and rules of discovery, nor did they request an adjournment from the court or seek my agreement to an adjournment.

**WHEREFORE,** the plaintiff request that the court grant this motion in all respects under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746

This 1st Day April 2008.

Marcellus Breach

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 2nd Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36130

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach