IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.       *    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### MOTION FOR ISSUANCE OF COURT ORDER FINDING DEFENDANT WILLIAM L. HOBBS IN CONTEMPT OF COURT

**COMES NOW**, plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," respectfully moves this Court pursuant to *Rule 37(b)(1), Federal Rules of Civil Procedures*, for an order holding defendant *William Hobbs* in contempt of the above Court on the grounds that he has again, after being duly served with the orders of this court ordering him to "file copies of the "reviewed materials" referenced in his March 6, 2008 affidavit. **[Court Doc. No. 543]** Sanctions are warranted because the Court has been overly patient with defendant and his actions demonstrate nothing more than mockery to Court orders: In further support plaintiff states as follows:

1.     The Court ordered and directed William Hobbs to supply both the Court and plaintiff with original copies of the "reviewed materials" he has placed into evidence regarding the treatment protocols of the Alabama Department of Corrections although

Hobbs has made inconsistent testimony and relying on pure hearsay, the Court ordered production. Hobbs again, has not complied with this Court's direct order.

2.     The alleged failure of William Hobbs to produce the "reviewed materials" that are germane to hernia treatment and as ordered this Court shows a continued willful disregard for the lawful process and orders of the Court. *Rule 37 (b)(1)* of the *Federal Rules of Civil Procedure* states as follows:

> **(b) Failure to Comply with Order.(1) Sanctions by Court in District Where Deposition is Taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the Court in the District in which the deposition is being taken, the failure may be considered a contempt of that court. Rule 37 has been made applicable to interrogatories by Rule 33(b)(5) of the Federal Rules of Civil Procedure.**

3.     If it may please the court, plaintiff request that sanctions be immediately imposed and if the court deems it appropriate to issue another order to show cause; plaintiff's research reflects that an appropriate remedy to be considered by the Court is to issue a rule to show cause as to why the said Dr. William E. Hobbs should not be held in contempt for failure to comply with this Court's latest order on *March 18, 2008*. [**Court Doc. No. 545**] See, Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297 (11th Cir. 1991).

Further, if it may please the Court, plaintiff request relief under the following federal provision: Under *Rule 59(e)*, Fed.R.Civ.P., plaintiff would request to "strike" Hobbs inadmissible hearsay statement:

2

> ". . . I have reviewed material that suggest the prospects of reviewing hernias under a standard of incarcerated or one which is in danger of being incarcerated or into the scrotum, however, such material was not an official, required protocol from the ADOC place upon PHS physicians, such as myself. Any such implication to the contrary was simply a mistake." [Id. March 6, 2008 Hobbs Affidavit]

Hobbs is inconsistent with prior sworn affidavits in the Record before this Court. On two (2) separate occasions William Hobbs has admitted to the Court that the Alabama Department of Corrections has a hernia protocol that states:

> "In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The Protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol. . . . "

William Hobbs has admitted unto the court:

> " . . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol . . . [ ] . . . [I]f Mr. Breach did in fact meet the protocol by the Alabama Department of Corrections his hernia would be repaired . . . . " [Id. @ 3 ¶ 3, Court Doc. 144-3, & 86 ].

Plaintiff argues that Dr. Hobbs's prior affidavits filed on *September 21, 2007* and *July 13 2007*, **[Court Doc. No. 86 & 144]** his recent *March 6, 2008* affidavit is contradictive to prior testimony in the two (2) affidavits before the Court and thus the inconsistent portions of the affidavit are due to be stricken.

3

When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984).

## MEMORANDUM

In *Rule 56(e),* the form of affidavit is outlined as follows:

> (e) Form of Affidavit; Further Testimony; Defense Required.
>
> Supporting and opposing affidavits shall be made on <u>personal knowledge</u>, shall <u>set forth such facts as would be admissible in evidence,</u> and <u>shall show affirmatively that the affiant is competent to testify to the matters stated therein</u>. Sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. …. (emphasis added)
>
> Fed. R.Civ. P. 56(e)

A.   *Authority*

An affidavit which fails to meet the standards of Rule 56(e) of the Federal Rules of Civil Procedure is subject to a motion to strike. Southern Concrete Co. v. United States Steel Corp., 394 F. Supp. 362, 380 (N.D. Ga. 1975), aff'd, 535 F.2d 313 (5th Cir. 1976). The motion to strike should state precisely the portions of the affidavit to which objection is being made, and the grounds therefor. Id.; Olympic Ins. Co. v. H.D. Harrison, Inc., 418 F.2d 669, 670 (5th Cir. 1969). When an affidavit contains inadmissible evidence, the court

4

may strike the inadmissible portions of the affidavit and consider the rest." HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp.2d 1232, 1240 (S.D. Ala. 2006) (citation omitted).

Since Hobbs can remember his statements in prior affidavits, this "sham" affidavit is due to be stricken. 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE 6254 at 126 (1997). Moreover, new Rule 701 incorporates the requirements of Rule 602, thus mandating that the witness satisfy the elements of proper sensory perception, comprehension, present recollection, and ability to testify as to the matter perceived. See id. at 126-27. A witness who cannot recall the matters perceived cannot offer any opinions, for his testimony would be little more than speculation or conjecture. See id. at 127, 134-35. Plaintiff moves to strike, or Hobbs produce the "reviewed materials".

B.    *Further Grounds in Support:*

1.    Under Rule 37(b):

(a)    To issue sanctions upon defendant William Hobbs for his intentional failure to comply with court order [**Court Doc. No. 543**].

(b)    To require defendant to pay to plaintiff the reasonable expenses, including fees incurred in obtaining the relief requested herein.

3.    Under Rule 37(b)(2):

(a)    To preclude defendants from asserting any objections to plaintiff's request for disclosure;

5

(b) To treat as contempt of court the failure of defendant Hobbs to answer **Court Order Doc. No. 543.**

(c) To decide all contested issues of fact embraced by plaintiff request for disclosure in favor of plaintiff;

(d) To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(e) To enter a judgment by default on the issue of liability in favor of plaintiff and against defendant William Hobbs under *Courts I, II, III, IV, V and VI* of plaintiff's complain; and;

(f) To require defendant William Hobbs to pay to plaintiff the reasonable expenses, including fees, incurred in obtaining the relief requested herein.

4. Under *Rule 37(d):*

(a) To treat as a contempt of court the failure of defendant Adams to answer **Court's Order Docket Numbers 543.**

(d) To decide all contested issues of fact embraced by plaintiff's request for disclosure in favor of plaintiff;

(e) To strike all of defendant's defenses and to preclude defendant from introducing any evidence in support thereof;

(f) To require defendant to pay to plaintiff the reasonable expense, including fees incurred in obtaining the relief requested herein.

6

Done this 2nd Day April 2008.

[signature]

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

COUNTY OF LIMESTONE          )

STATE OF ALABAMA             )

***DECLARATION OF THE PLAINTIFF IN SUPPORT OF COMPEL AND SANCTIONS***

Affiant in the above instrument, who after being duly sworn, deposed and says on oath that the averments in the foregoing are true to the best of his ability, information, knowledge and belief:

I am **Marcellus Breach, AIS #160710**, I am over the age of twenty-one. I am the plaintiff in this action. I make this declaration in support of my Motion to Compel/Sanctions and Contempt.

On March 18, 2008, this court made its order-requiring defendant William Hobbs to file copies of the "reviewed materials" referenced in his March 6, 2008 affidavit.

The Clerk of court made electronic notice on Attorney Paul James, Jr. As of April 2, 2008, defendant William Hobbs did not served plaintiff with a copy, nor to my knowledge filed the requested documents with the Clerk of court.

7

As of April 2, 2008, I have not been served a copy of filing by counsel pertaining to this matter. Defendant did not respond to the Court's order nor did he request an adjournment from the court or seek my agreement to an adjournment.

**WHEREFORE,** the plaintiff request that the court grant this motion in all respects under the penalty of perjury the foregoing is true and correct. 28 U.S.C. 1746

This 2nd Day April 2008.

Marcellus Breach

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 3rd Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36130

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  Marcellus Breach

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA  35749

 

Legal Corr

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA  36130