IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 2:06-cv-1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, *et al.*, ) | (WO) |
| ) | |
| Defendants.  ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff Marcellus Breach's ("Breach") Written Objections to Discovery Requests (Docs. ## 449, 457). Breach is objecting to three Orders issued by Magistrate Judge Terry F. Moorer (Docs. ## 414, 436, 447).

### **I. Objections Related to Louisiana Medical Records**

On January 17, 2008, Judge Moorer issued an Order (Doc. # 391) requiring certain defendants in this case to disclose to Breach "all medical records, including physicians'/nurses' notes, grievances, request forms, memos and any other document, related to medical treatment provided to the plaintiff for his hernia during his incarceration at the Southeast Louisiana Correctional Center." In response to a motion for reconsideration filed by the defendants, Judge Moorer modified this Order with a separate Order issued the same day (Doc. # 394). The new Order limited the required discovery to documents within Defendants' actual possession. Southeast Louisiana Correctional Center ("LCS") is not a defendant in this case. Therefore, any document within their possession, but not the

Defendants' possession, would be excluded from this order.

Federal Rule of Civil Procedure 34(a) requires the production of documents in a party's "possession, custody, or control." This obligation is not limited to documents in the party's actual physical possession. Rather, "control" includes the legal right to obtain the documents requested upon demand. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Breach is requesting documents that he believes are in the possession of LCS because he was at one time incarcerated with LCS pursuant to a contract between Defendant Alabama Department of Corrections ("ADOC") and LCS. ADOC has demonstrated an ability to obtain records from LCS on demand. Accordingly, this Court holds that any document pertaining to Breach that is within the actual possession of LCS is within the "control" of ADOC within the meaning of Rule 34(a) and must be produced by ADOC, so long as it is otherwise discoverable. *See id.*

ADOC claims that it has all of Breach's medical records from LCS and that it has produced them. ADOC has filed with the Court evidence that it requested from LCS all of Breach's medical records. ADOC also filed the documents LCS produced in response to that request. (*See* Doc. # 498, Exhibit A). However, one document that Breach is looking for is an Offender Grievance filed June 26, 2006 with LCS that ADOC has not produced. (*See* Doc. # 487, Exhibit A). According to Breach, this document is a two-sided document, where the front side is the Grievance and the back side is LCS's response. Breach has the front side, but wants ADOC to produce the document so he can obtain the back side containing

LCS's answer. Breach also seeks a July 10, 2006 report that was faxed from LCS to Ruth Naglich that has yet to be produced.

The documents ADOC has submitted to this Court that represent LCS's response to ADOC's request for Breach's "medical records" are thirteen pages and do not include the documents that Breach seeks. The Court finds that these documents are relevant and discoverable. Fed. R. Civ. P. 26(b). Therefore, because this Court has already held that documents within LCS's possession are within the "control" of ADOC, **it is ADOC's duty to ensure that these documents, if they exist within LCS's possession, are produced**.

This Court notes that ADOC has limited its document requests from LCS to "all medical records on Marcellus Breach." It is possible that LCS does not consider a "grievance form" or "report" to be a "medical record," and consequently has not produced it even though it is within their possession.

## II. Objections to Discovery Related to Prison Health Services

With regard to plaintiffs objections to discovery request propounded upon Prison Health Services ("PHS"), the Court finds that the Magistrate Judge's order is neither clearly erroneous, nor contrary to law. Fed. R. Civ. P. 72(a).

## III. Conclusion

Accordingly, it is hereby ORDERED:

(1) Plaintiff's objection (Doc. # 449) is SUSTAINED. ADOC shall submit a new document request to Southeast Louisiana Correctional Facility that requests: (a) a copy, front

3

and back, of the June 26, 2006 offender grievance Breach filed with LCS; (b) a copy of the report faxed from LCS to Ruth Naglich on July 10, 2006; (c) all medical records for Marcellus Breach, whether or not previously produced; and (d) **any other documents**, memos, reports, notes, grievances, forms, or requests, **whether or not considered a "medical record," and <u>whether or not contained within Marcellus Breach's medical file,</u>** that is related to any medical treatment or the denial of any medical treatment of Marcellus Breach's hernia. If LCS is unable to locate either of the documents specifically identified in (a) or (b) above, then ADOC shall request a letter from LCS that so states. ADOC shall provide Breach with all of the documents produced by LCS on or before **April 30, 2008**.

(2) Plaintiff's objection (Doc. # 457) is OVERRULED.

(3) This case is REFERRED back to the Magistrate Judge for appropriate action.

DONE this 8th day of April, 2008.

                                               /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE