IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

Plaintiff,

Vs.                                                         CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

Defendants.

### REQUEST LEAVE TO FILE AN ADDUNDUM TO PLAINTIFF'S MOTIONS TO COMPEL & CONTEMPT OF COURT UPON DEFENDANT DR. WILLIAM HOBBS/ NEWLY DISCOVERED EVIDENCE

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach) in proper person "Pro Se', request that this Court grant unto him leave to file this Addendum in further support of his motions to compel and contempt of court [*Court Doc. No. 563*] for good cause -- plaintiff argues newly discoverable evidence in further support that this Court ought to compel William Hobbs to answer fully in writing the discovery request propounded on him: In further support plaintiff states as follows:

*Introduction:*

For good cause, Plaintiff request that this Court not <u>accept any additional opinions</u> from William Hobbs pertaining to **surgery** or, **any treatment in this case**, until this Court can determine upon challenge whether he is reliable, competent, and

1

qualified. Plaintiff argued that William Hobbs was a "medical threat" **Court Doc. No. 137, Order 138** and evidence that Hobbs did so, poured sugar into Inmate Jackie Morrow's stomach which resulted into six additional corrective surgeries by a free world physician. On <u>April 11 2008</u>, defendant William Hobbs was "fired / terminated " as "Medical Director" for CMS at the prison, Limestone Correctional Facility. Plaintiff moves that this Court order plaintiff's discovery request to be answered, plaintiff has information and belief that Hobbs was in fact fired based on <u>his performance</u> and his treatment to patients; as a medical doctor multiple complaints and law suits have been filed against him within the limited time <u>less than two (2) years he was employed</u> as physician and "Medical Director" with PHS and CMS is questionable.

1.  Before this Court are several discovery motions by the plaintiff seeking that this court compel defendant William Hobbs to answer plaintiff's discovery request, Interrogatories, Production of documents, and Admissions. [**Court Doc. No. 480, 502**]

2.  In respect to plaintiff's Interrogatories propounded on defendant Hobbs [**Court Doc. No. 480**] Discovery request **Court Doc. No. 226**, Plaintiff would argue that he is entitled to learn more of Hobbs qualifications in the area of medicine he practices and has practiced. Plaintiff's *Interrogatory No. 1(a)(b)(c)(d)(e)* relates to the issue before this Court, Hobbs education, length of service in his present employment, his previous occupational experiences and his training and experience in hernias. *Id.*

3.      It is important that this Court know, Dr. William Hobbs just recently "fired" and escorted off the premises of Limestone prison on April 11, 2008. This is good news, and each discovery question propounded on Hobbs is now, more relevant to his reliability in offering an opinion to this Court pertaining to hernia treatment, and plaintiff ought to be allowed to develop information into any arrest(s), conviction(s), suspension or revocation of his medical licenses are relevant to his reliability and competence to offer opinions, his qualifications are most challenged: plaintiff has information and belief that Dr. William Hobbs is an Alcoholic. Plaintiff has information and belief that Hobbs no longer practices in his specific filed of medicine, i.e., obstetrics and gynecology; and, has been sued multiple times for malpractice and now possesses a very limited medical license in correctional medicine allowed to practice only in a prison surrounding. **Question No. 7, 8,** seeking discovery into Hobbs past litigation problems in losing his medical license in other states, Michigan; **Question No 4**, ask Hobbs to basically explain why he has been moving from state to state, Tennessee, Michigan and Montana from prison to prison and <u>cannot maintain steady employment</u>. Each question **Court Doc. No. 226** is very relevant to plaintiff's case and his reliability, competency, and credibility for the jury. This Court issues an *Order Court Doc. No. 484* that has been repeatedly ignored and Plaintiff objects. *See, Court Doc. No. 480.*

4.      With respect to Discovery request propounded on Hobbs *Court Doc. No. 464,* and *Order No. 468*, each request is specifically pertaining to Hobbs's examination,

diagnoses and his treatment. Plaintiff can discover and ask Hobbs questions about medical issues that he considered in reaching his diagnosis and in rendering his treatment. *Young v. United States of America*, 181 F.R.D. 344; 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997).

5.   Unless Hobbs was specifically retained as an expert, in which it is clear he is not an expert in hernia treatment, plaintiff can ask him questions based on his personal knowledge of the examination, diagnosis and treatment, Interrogatories 1-21, Court *Doc. No. 464, Order No. 468.* Baker, 163 F.R.D. at 349. For example, plaintiff can ask about the degree of plaintiff's injury in the future if continued left without surgery or, about anything else that was a necessary part of plaintiff's treatment. *Id.* Hobbs cannot be asked to answer question about medical issues not involved in his diagnoses and treatment. *Id.* Questions No. 2, plaintiff asked Hobbs about his education, training and background in Ventral Hernia Repair, *Court Doc. NO. 464, pg., 14, Q. 2.* Plaintiff also asked about his professional societies he belongs to and what specialize branch of medicine his practices. *Id. at 3,4,5.* Plaintiff asked about Hobbs explaining Plaintiff's symptoms of pain, based on his observation, what limitation are imposed on plaintiff without surgery, and his opinion on probabilities and, is Hobbs board certified. *Id.* **Q. 6,7,8,9,10.**

6.      Interrogators No's. 11-21 is founded on Hobbs personal examination, diagnoses and treatment is relevant to deliberate indifference, malpractice and negligence. ***Court Doc. No. 468.***

### *MEMONRANDUM / ARGUMENT*

Dr. Hobbs ought be held in Contempt of Court, ***Court Doc. No. 563***, for his repeated acts of ignoring court order and abusing the discovery process. ***Court Doc. No. 464***, Plaintiff motion to compel, defendants did not object and any further objection ought to be waived. Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defenses of any part. Fed.R.Civ.P., 26(b)(1).

Dr. Hobbs has yet to answer discovery request, nor produced the "reviewed materials" ***Court Doc. No. 538, Order 543*** in which this Court ordered him to produce the "reviewed materials" that he relied on in his March 6, 2008 Affidavit. This Court cannot rely on hearsay evidence at summary judgment.

Hobbs should not be allowed to escape answering discovery request. First, he is the treating physician and he just got fired. He is not reliable, creditable, nor can he back his opinions based on his prison qualifications, he opinion cannot withstand peer review challenge.

Defendants Prison Health Services and Correctional Medical Services hired Defendant Dr. William E. Hobbs, M.D., as their "Medical Director" headman in charge. As of <u>April 11, 2007</u> the headman in change was "fired" from the position of Medical

Director for current Correctional Medical Services, at Limestone Correctional Facility. Discovery into Hobbs education, qualification and job <u>performance evaluations</u>, investigations leading to termination is relevant as to the reliability of his opinions in this case and requested because he has opposed surgery when <u>surgery is the only cure</u> for a hernia goes to his reliability in offering opinions; the weight of his testimony for a jury to decide and on cross examination he can explain his inconstant testimony regarding ADOC's Protocol and "reviewed materials" wherein, this Court has placed another "show cause" order on him for contempt. [See, ***Court Order Doc. No. 563***, and "reviewed materials," ***Doc. 560 & 561***] Hobbs has proven to offer inconsistent testimony now, he has been fired and his reliability is questioned. See, **Stewart**, 2002 U.S. Dist. LEXIS 12958, 2002 WL 1558210, at *2 ("The Court finds that the plaintiff clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations.); **Beach v. City Olathe, Kansas**, No. 99-2210-GTV, 2001 U.S. Dist. LEXIS 16214, 2001 WL 1098032, at*1 (D. Kan. Sept. 17, 2001) (defendant "clearly has a 'personal right' in his personnel file and applications for employment that would give him standing to move to quash the subpoenas"); [1]

2.      The oldest known trick in Civil Manipulation 101 and if this Court would simply conduct an investigation or, appoint a "Special Master" for further investigation into

---

[1] Although plaintiff discovery request do not ask about Hobbs personnel file, due to the fact he has been fired, bring questionable concern regarding his inability to maintain employment, and his inability to maintain in the practice of medicine.

the biggest medical mockery of pain and suffering actually penetrated by the defendant's policy, procedures in hernia treatment, the Court would finally learn of the hidden truth behind ingenious litigation by defense counsels, arguing and opposing one of the biggest treatment problems in the State of Alabama is severally problematic and for years prisoners have complained and flooded Courts with suits pertaining to medical care of hernias. This Court would finally learn and be able to administer justice to those who are oppressed by the oppressors and are unskilled and untrained in law; unable to defend for themselves seeking the only treatment available and that treatment is surgery – just how real and how many prisoners are suffering pain from untreated Hernias in Alabama prisons. If this Court would hold an evidentiary hearings and order investigative medical reports from an appointed Special Master regarding ADOC's, CMS and PHS, Hernia treatment plan being challenged as an unconstitutional Protocol as admitted by Dr. William Hobbs several times in his affidavits -- plaintiff could then present testimony from first hand suffering witnesses who currently have Hernia that are Big as **Bowling Balls** in their stomach and the evidence will demonstrate defendants and Hobbs simply turns them away because they did not meet the ADOC's Protocol and without the only proper treatment, surgery – plaintiff and others will continue to experience extraordinary pain, constipation, urinating problems, cannot walk because of our untreated hernias -- then this Court would see the truth behind the lies of a fired "Medical Director". The biggest manipulation in the game is

defendants offer questionable, unreliable opinions lacking certain prerequisite qualifications in rendering medical care to patients. Hobbs disguised himself under a name tag, and disguised his qualifications behind a name tag, most defiantly and until proven otherwise not qualified or reliable to opine and perform certain medical matters that call for a specialist; and, in this case, hernia treatment -- would demonstrate that this fired medical director was / is unreliable, never qualified, competent offer treatment and opinions pertaining to surgery for hernias. Plaintiff could demonstrate that Defendants acted deliberate indifferent as supervisors who knew Hobbs was not qualified or reliable upon hiring him and answering discovery is requested because under Rule 404(b), Federal Rules of Evidence, and Discovery and relevancy rules such discovery as to why Dr. Hobbs was terminated and job performance is germane to Dr. Hobbs's reliability challenge, competency as a prison doctor and knowledge of his incompetence by supervisors is relevant when employment as a "prison doctor". Such discovery can have a bearing into Dr. Hobbs's motive, opportunity, and intent, preparation, plan, and knowledge. It is possible to show that because CMS defendants can be held liable if demonstrated that Dr. Hobbs was not qualified or reliable to perform the service rendered in this case and he was allowed to practice and <u>experiment on prisoners</u> beyond the scope of his education, training, and experience. If Defendants knew that this doctor was not qualified, further liability would attach under supervisory liability.

Rule 404(b) provides, in relevant part, as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* In this Circuit, a party seeking to admit evidence of other wrongs must satisfy a three-pronged test, to-wit: (1) the evidence must be relevant to an issue other than the adverse party's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s); and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must otherwise satisfy Rule 403. *See, e.g.,* **United States v. Edouard**, 485 F.3d 1324, 1344 (11th Cir. 2007); **United States v. Eckhardt**, 466 F.3d 938, 946 (11th Cir. 2006); **United States v. Matthews**, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Plaintiff asked questions concerning Hobbs's termination(s) and Job performance is relevant to Dr. Hobbs's reliability to offer opinions in this case. Why was he terminated? Under Rules 404, 405 and 608, Federal Rules of Evidence, the disingenuous opinions of Dr. Hobbs also, is relevant because he has based "his personal opinion" as evidence regarding surgery matters knowing he isn't qualified and incompetent in the area in question, surgery.

Dr. Hobbs has offered several opinions in this case that will be challenged as unreliable. Discovery is requested because reliability is a factor this Court must weight

pertaining to Hobbs opinions. Hobbs was terminated as a physician, and Medical Director for the defendants; as the Supreme Court has identified several non-exclusive factors that a court may consider when evaluating whether a particular theory or study is reliable: (1) whether the theory in question can be and has been empirically tested; (2) whether the theory in question has been subjected to peer review and publication; (3) the theory's known or potential error rate; and (4) whether the theory is generally accepted in the field. **Daubert**, 509 U.S. at 593-95. As the Court emphasized in *Kumho Tire,* however, "the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." **Kumho Tire**, 526 U.S. at 141. The pertinence of the *Daubert* reliability factors "

Under reliability prong of *Daubert,* plaintiff has presented evidence and has further evidence for further review and this "Medical Director" Dr. Hobbs poured "sugar" into Jackie Morrows stomach and Morrow underwent six corrective surgery. Plaintiff seeks discovery as to the termination decision by the defendants, i.e., investigations, reports in defendants possession is relevant to the credibility, reliability and weight of his testimony that is offered as evidence to support their defenses.

Upon information and belief, Dr. Hobbs was in Africa practicing medicine on women before he returned to the States and re-entered into the prison system bringing his wilderness medical practices into a prison surrounding subjecting severe pain and suffering without supervision, proper qualifications and has caused injuries. Discovery

is requested because this Court is going to review his opinions at summary judgment and information from defendants as to termination is discoverable.

Under Rule 404(b), why can't Dr. Hobbs maintain employment? Plaintiff has documentation that Hobbs has been practicing in Michigan, Montana, Tennessee, and Alabama. Now he has been terminated, goes to "habit" of not keeping a job. Even *arguendo* Hobbs is retired, plaintiff attack goes to his credibility for a jury to decide -- if Plaintiff proves that Hobbs has been practicing medicine outside the scope of his discipline liability still attaches. Then Hobbs and defendants knowingly have committed a crime of a Class C, Felony: "*Unlawful Practice of Medicine.*" § 34-24-51 et seq., Code of Alabama, 1975 and further criminal prosecution would be warranted and deliberate indifference could be shown.

**WHEREFORE,** *premises considered*, Plaintiff moves this Court order discovery request to be answered, and that this Court not accept any additional Affidavits from William Hobbs offering any opinion in this case until his reliability question can be resolved or, grant whatever relief this Court deems appropriate.

Respectfully Submitted,

Done this 14th Day April 2008.

/s/ Marcellus T. Breach

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 14th Day of April 2008 placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101


**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  _____
Marcellus Breach

Marcellus Breach 160210
Limestone C.F. D-68
28779 Nick Davis Rd
Harvest, AL 35749

United States District Court
P.O. Box 711
Montgomery, AL

