IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

                                  CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

## REQUEST TO RE-OPEN AND CONDUCTED LIMITED DISCOVERY UPON PHS & CMS PERTAINING TO WILLIAM HOBBS

**COMES NOW**, Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," request in the interest of further the truth in this Case, that the court grant a limited 30-day time limit that Plaintiff can file Discovery request upon defendant Prison Health Services, Correctional Medical Services, also, issue subpoena to third parties for good cause: Plaintiff states as follows:

1.    Plaintiff has information and belief that William Hobbs did not actually possess a medical license or actually graduate from medical school; Hobbs never stated he graduated from a medical school only, attended. This Court ought not to take a leap of faith believing Hobbs graduated, without Hobbs disclosing his true facts. Right now, it is too questionable and confirmation needs to be sought. Even *arguendo*, William Hobbs did possess a license, it has become too questionable as to what specific type of license he

1

possess during the time of his employment with the medical defendants. Plaintiff believes because Hobbs has been running from state to state, country to country, prison to prison, unable to maintain employment; he is subject to again, leave this country before trial. Hobbs could be a flight risk.

2.   If the medical defendants actual had knowledge that Hobbs never once actually obtained a medical license or if he did, what kind of medical license did he possess? Furthermore, if the medical defendants had knowledge the Hobbs was practicing beyond the scope of his practice, also, liability could attach. This Court does not any actually concrete evidence from the defendant that he actually possesses or, possessed a medical license. Hobbs did not one time, say he has a medical license, but he repeatedly stated he " practiced" is not good enough. He attempts to disguise himself behind medical doctor.

3.   As stated repeatedly Hobbs upon information and belief was fired. Also, plaintiff has learned that the reason was based on his job performance, and perhaps practicing without a license. (Plaintiff does not have grounded facts, yet)  Plaintiff and the Court need to actually learn what is going on with Hobbs and why was he fired? Did he have a medical license? If not, how was he hired? Who is his insurance provider, and does his insurance provider know of his inconsistent qualified to act and perform the services he rendered?

memo's regarding Hobbs's job performance, credentials, License, complaints, reprimands, *ex certa*, to this Court and, grant what this Court deems is appropriate.

Done this 15th Day March 2008.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 16th Day of March 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501

Montgomery, Alabama 36101
Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101


**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

4

Marcellus Breach 160210
Limestone C.F. D-68
28779 Nick Davis Rd
Harvest, AL 35749



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Clerk of Court
United States District Court
P.O. Box 711
Montgomery, AL
36101