IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

Defendants.

\*   CASE NO: 2:06-cv-1133-MEF

\*

\*

\*

## *MOTION TO STRIKE and/or MOTION TO COMPEL WILLIAM E. HOBBS TO PRODUCE SAID DEFINITE DOCUMENTS*

COMES NOW, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to this Court original Order, Court Doc. No. 543 directing defendant Williams to provide copies of his "reviewed material" referenced in his March 6, 2008 Affidavit, plaintiff argues that the submitted "materials" by William Hobbs is not even a close reference to what he stated in his affidavit. In further support Plaintiff states:

1.   On March 6, 2008 William Hobbs specifically stated: ". . . I have reviewed material that suggest the prospects of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into the scrotum. . . ." [Response Court Doc. No. 469, Notice of Filing, Court Doc. No. N/A, March 10, 2008]

1

2. On *April 9, 2008* actually perhaps filed on April 11, 2008 William Hobbs submitted some documents apparently from the Alabama Department of Corrections, Medical Director Ruth Naglich, Office of Heath Services. However, the 39 pages come from various unknown sources within the department of corrections. Plaintiff has reviewed these documents and sought specifically the information that could possibly reflect Hobbs statement of "<u>reviewing materials that suggest the prospect of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into the scrotum</u>". [Id.] There is no evidence that could possibly reflect his statement in these submitted documents, Hobbs statement is hearsay and unsupported.

3. [1]On Page # 4, of the submitted documents there is an area that is addressing: **"General Surgery, Non-incarcerated, non-strangulated inguinal hernia during first year of incarceration, Uncomplicated ventral hernias . . . ."** And on Page #7, states: **"All elective medical and dental services. Elective will be defined as any procedure or treatment which if left undone will not lead to progressive deterioration in the patient's health or place the patient at risk for death or serious health consequences."**

4. The submitted documents are not reflective and fall into Rule 403 Fed.R.Evid., as unnecessary, waste of time because nothing in the documents could demonstrate Hobbs's statement: "reviewed material that suggest the prospects of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into

---

[1] Plaintiff states that the pages are not numbered. Plaintiff has read each document. There is nothing even suggesting what Hobbs stated in his Affidavit. Hobbs statement is hearsay and ought to be stricken because he cannot back up what he says.

the scrotum . . . . " These materials do not reflect one documentation that even slightly suggest the prospect of reviewing hernias under a standard of incarceration or one which is in danger of incarceration or into the scrotum. This is sandbagging and defendants basically could have kept these documents instead of enlarging the Record with frivolously materials.

5.     Plaintiff moves to strike this waste of time, and confusing documents from the Record as unnecessary under Rule 403 Fed.R.Evid., which states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." Id.

These materials are clearly a waste of time, needless and immaterial to the issue before this Court, plaintiff moves to Strike these documents from the Record under Rule 403, Fed.R.Evid.

**WHEREFORE, *premises considered*,** if the Court deems it appropriate, plaintiff would request Hobbs produce the material(s) he actually reviewed and the documents produced are not close nor could possibly demonstrate his position and are deemed as a complete waste of judicial time and clouds the Record needlessly. Hobbs cannot produce nor back up his *ipse dixit* theory pertaining to surgery for an inguinal hernia and he is showing nothing more than an unreliable inconsistent witness/defendant.

Done this 16th Day April 2008.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 16th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

4

Marcellus Breach 160210
Limestone C.F. D-68
28779 Nick Davis Rd
Harvest, AL 35749



HUNTSVILLE / HSV
AL 358 2 L
16 APR 2008 PM

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Clerk of Court
United States District Court
P.O. Box 711
Montgomery, AL
36101