IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2008 APR 23 A 10: 01

DEBRA P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

CASE NO: 2:06-CV-1133-MEF

### MOTION TO COMPEL DR. GEORGE LYRENE, M.D., FOR PRODUCTION OF DOCUMENTS / REQUEST FOR PEER REVIEW

**COMES NOW**, the Plaintiff Marcellus Breach (hereinafter "Plaintiff") moves the Court pursuant to *Rule 34,* Fed.R.Civ.P., and *Rule 26(A)(2),* Fed.R.Civ.P., for defendant George Lyrene produce *documents / publications* for *peer review* in support of his *February 14, 2007*, affidavit [**Court Doc. No. 20, Exhibit #1**] opinion to this Court pertaining to the treatment of hernias. Plaintiff states Lyrene attempts to 'back door' himself as an expert and testified at the outset of this case as an expert knowing he is not qualified to tell this Court when and when not to have Plaintiff's hernia repaired was an injury, delay in this case, and subjected more deteriorated health, and pain. Lyrene set himself out as an expert in hernia repairs and Plaintiff challenges his methodology in part based

1

on the assertions stated in his opinion. **[Court Doc. No. 20, Exhibit "A", ADOC's Response]**

In further support plaintiff ought to have the right to *peer review* what <u>documents, publications</u> Lyrene relies on as the basis of his opinion. Plaintiff states as follows:

*Introduction:*

Plaintiff request production of document from Lyrene in support of his opinion for peer review challenge.

Lyrene's opinion will be challenged as unreliable at summary judgment. Lyrene repeatedly stated to this Court after never once examining Plaintiff, diagnosed him or, treating him that **"surgery was clearly not necessary now"** is outside the scope of his school of discipline for the past fifteen (15) years in "Correctional Medicine"; Lyrene has never once, repaired a hernia illegally. As Lyrene attempts to offer himself as an expert, he falls short because he clearly admits that he has only been practicing 'Correctional Medicine" which is more of a supervisor, administrative oversight; absolutely nothing pertaining to hernia repairs for the last fifteen (15) years. He has no private practice and never repaired a hernia.

As Lyrene attempts to testify as an expert, Plaintiff as opposing party, objects for a number of reasons. For example, objections may be made to the

2

qualification of the expert under Rule 702, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the reliability of the testimony presented, *id.* at 592-93, or to the experience on which the expert relies for her opinion, *see* <u>United States v. Frazier</u>, 387 F.3d 1244, 1261 (11th Cir. 2004) (en banc) (holding that when a witness relies "solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts").

1.  First, defendant Lyrene is not a surgeon; the Court knows that only a licensed surgeon can actually legally, repair a hernia. Lyrene has never once actually repaired a hernia. He has not even demonstrated that he even belongs in a surgery room for the past fifteen (15) years. Furthermore, for the past fifteen (15) years and counting, Lyrene he has not does not have first hand, hands-on experience in hernia repairs. Therefore, his opinion is limited, but he continues to exceed beyond the scope of his discipline. See <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *see also* <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S.137, 119 S. Ct. 1167, 1175, 143 L. Ed. 2d 238 (1999) (holding Rule 702 imposes an obligation upon federal trial courts to ensure that every item of expert testimony has "a reliable basis in the knowledge and experience of the relevant discipline." (alterations and quotations omitted)).

3

2. The issue before this court is, when and when not to repair plaintiff's hernia, surgery. This type of proof requires expert testimony, and when a party offers expert testimony and the opposing party raises a *Daubert* challenge, the trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 152, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999). This requirement for proof of the reliability of the expert's method comes from Fed. R. Evid. 702, which authorizes the admission of expert opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 702 lays the foundation for the trial court's *Daubert* analysis. 509 U.S. at 590.

3. *Daubert* requires the trial court to act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury. *Id.* at 589 n. 7, 597. As a gatekeeper the court must do "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 593-94. The proposed testimony must derive from the scientific method; good grounds and appropriate validation must support it. *Id.* at 590.

4

"in short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability." *Id.* The court must consider the testimony with the understanding that "the burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion. . . ." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004).

4. *Daubert* would not completely apply in this case, but *Kumho* would because this case is not based on <u>scientific knowledge</u>, but on "<u>specialized knowledge</u>" because under the Federal Rules of Evidence, expert testimony is not admissible unless "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at __; Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 371 (5th Cir. 2000).

To address this particularized need for reliability in expert scientific testimony, the Supreme Court has set out five non-exclusive factors to assist trial courts' determination of whether medical knowledge and in this circuit has upheld the admission of expert testimony where it was based on the expert's specialized knowledge, training, experience, and first-hand observation while supported by solid evidence in the scientific community." Pipitone, 288 F.3d at 247. [W]ithout more than credentials and a subjective opinion, an expert's

testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Those factors are:(1) whether the theory has been tested, (2) whether the theory has been subjected to peer review and publication, (3) the known or potential rate of error (4) the existence of standards controlling the operation of the technique, and (5) the degree to which the theory has been generally accepted by the scientific community. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97, 125 L. Ed. 2d at __; *see also* *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 275 (5th Cir. 1998) (en banc), *cert. denied* 526 U.S. 1064, 119 S. Ct. 1454, 143 L. Ed. 2d 541 (1999).

5.  Plaintiff request Lyrene support his methodology pertaining to hernias by means of publication and documentation since he has offered and opined to this Court is hereby, and will be challenged. Plaintiff argues Lyrene's theory fails *Daubert* and cannot meet the test because he non-surgical objective because he has no knowledge of the degree of Plaintiff's hernia. Also, his theory: (1) has not been tested, (2) has not be subjected to peer review publication; (3) the known or potential rate of error (4) the existence of standards controlling the operation of the technique, and (5) the degree to which the theory has been generally accepted by the scientific community. *Daubert,* 509 U.S. at 593-94,

Plaintiff request that Lyrene produce documents, in further support his methodology because it cannot be tested. This methodology doesn't make

sense. He states, "surgery is clearly not necessary now" -- Plaintiff request he produce documents and/or publications in support of his theory when he has never once examined plaintiff and is not the treating physician.

## RELIEF

*Rule 26* focuses not on the status of the **witness**, but rather the **substance of the testimony**." *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) (internal quotations and citations omitted) Plaintiff request Lyrene produce document, publications in support his theory in this case, before he can provide testimony pertaining to surgery, and hernia treatment.

**WHEREFORE,** *premises considered*, Plaintiff request that this Court order defendant what is deemed appropriate.

Done this 21st Day April 2008.

/s/ Marcellus T. Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 21st Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

_____
Marcellus Breach



PM

MARCELLUS BREACH, AIS# 160710
Limestone CF / Dorm D
28779 Nick Davis Road
Harvest, AL 35749-7009

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

FOREVER

Twenty First-Class Stamps