IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED
2008 APR 23 A 10:01

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

    Plaintiff,

                                      CASE NO: 2:06-CV-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

*MOTION TO COMPEL DR. MICHAEL E. ROBBINS FOR
PRODUCTION OF DOCUMENTS / REQUEST FOR PEER REVIEW*

**COMES NOW,** the Plaintiff Marcellus Breach (hereinafter "Plaintiff") moves the Court pursuant to *Rule 34,* Fed.R.Civ.P., and *Rule 26(A)(2),* Fed.R.Civ.P., for defendant Michael Robbins to produce documents in further support of his *April 11, 2008,* opinion to this Court pertaining to the treatment of hernias. Plaintiff states Robbins attempts to set himself out as an expert in hernia repairs and Plaintiff challenges his methodology in part based on the assertions stated in his opinion. In further support plaintiff ought to have the right to review what documents Robbins relies on as the basis of his opinion. Plaintiff states as follows:

1

*Introduction:*

Plaintiff request production of document from Robbins in support of his opinion for peer review challenge.

Robbins's opinions will be challenged as unreliable at summary judgment. Robbins has offered numerous opinions in this case outside the scope of his school of discipline. As Robbins attempts to offer himself as an expert, he falls short because he clearly admits that the only experience he has was nineteen (9) years ago 1981 thru 1989 when he was in his residency and training. He stated no experience in private practice, and this Court ought not take a leap of faith.

May the Court note that Robbins is probably the first to have board certification "before" actually completing medical school? He alleges he was board certified in 1979, but he forgot he was supposedly in medical school from 1977 thru 1981. He get board certified in his second year of medical school is unlikely. He does residency for eight (8) years is extensive, then receive a license in an unknown area of practice in 1986 in Alabama.

Also, he is the first to have a license to practice before he completes his residency; just does not aid up but, after eighth (8) years of residency, it is imaginable. This is so illogical and unlikely to occur. All students must finish medical school before they can get board certification and also complete their

2

training and residency before they can receive board certification. Plaintiff speculates that Robbins is exempt from the average requirement.

As Robbins attempts to testify as an expert, Plaintiff he opposing party object for a number of reasons. For example, objections may be made to the qualification of the expert under Rule 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the reliability of the testimony presented, *id.* at 592-93, or to the experience on which the expert relies for her opinion, *see United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) (en banc) (holding that when a witness relies "solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts").

1.  First, defendant Robbins is not a surgeon; we know that only a licensed surgeon can actually legally, repair a hernia. Robbins has never once actually repaired a hernia. He has not even been in a surgery room since his residency and training ending 1989, being almost nineteen (19) years. Furthermore, for the past six (6) years and counting he has not, does not have first hand, hands-on experience in hernia repairs. Therefore, his opinion is limited, but he continues to exceed beyond the scope of his discipline. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *see*

*also Kumho Tire Co. v. Carmichael*, 526 U.S.137, 119 S. Ct. 1167, 1175, 143 L. Ed. 2d 238 (1999) (holding Rule 702 imposes an obligation upon federal trial courts to ensure that every item of expert testimony has "a reliable basis in the knowledge and experience of the relevant discipline." (alterations and quotations omitted)).

2. The issue before this court is, when and when not to repair plaintiff's hernia, surgery. This type of proof requires expert testimony, and when a party offers expert testimony and the opposing party raises a *Daubert* challenge, the trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999). This requirement for proof of the reliability of the expert's method comes from FED. R. EVID. 702, which authorizes the admission of expert opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 702 lays the foundation for the trial court's *Daubert* analysis. 509 U.S. at 590.

3. *Daubert* requires the trial court to act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury. *Id.* at 589 n. 7, 597. As a gatekeeper the court must do "a preliminary assessment of whether the

4

reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 593-94. The proposed testimony must derive from the scientific method; good grounds and appropriate validation must support it. *Id.* at 590. "in short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability." *Id.* The court must consider the testimony with the understanding that "the burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion. . . ." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

4.  *Daubert* would not completely apply in this case, but Kumho would because this case is not based on scientific knowledge, but on "specialized knowledge" because under the Federal Rules of Evidence, expert testimony is not admissible unless "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at __; *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). 11

To address this particularized need for reliability in expert scientific testimony, the Supreme Court has set out five non-exclusive factors to assist trial courts' determination of whether medical knowledge and in this circuit has

5

upheld the admission of expert testimony where it was based on the expert's specialized knowledge, training, experience, and first-hand observation while supported by solid evidence in the scientific community." *Pipitone*, 288 F.3d at 247.  [W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Those factors are:(1) whether the theory has been tested,(2) whether the theory has been subjected to peer review and publication,(3) the known or potential rate of error(4) the existence of standards controlling the operation of the technique, and(5) the degree to which the theory has been generally accepted by the scientific community. *Daubert*, 509 U.S. at 593-94, 113 S. Ct. at 2796-97, 125 L. Ed. 2d at __; *see also Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 275 (5th Cir. 1998) (en banc), *cert. denied* 526 U.S. 1064, 119 S. Ct. 1454, 143 L. Ed. 2d 541 (1999).

5.  Plaintiff request Robbins support his methodology pertaining to hernias that he has offered and opined to this Court is hereby and will be challenged. Plaintiff argues Robbins's theory fails *Daubert* and cannot meet the test because he non-surgical objective, (1) has not been tested, (2) has not be subjected to peer review publication;  (3) the known or potential rate of error(4) the existence of standards controlling the operation of the technique, and(5) the degree to which

the theory has been generally accepted by the scientific community. *Daubert*, 509 U.S. at 593-94,

First, on page 2, Robbins stated:

> "... **Applying reinforcement with wraps, corest, trusses, or even hand held pressure all work. Surgery reinforces the area of weakness with tissue which does no more or less than the other methods in terms of reinforcement."** [Id. April 11, 2008, Notice of Filing]

Plaintiff request that Robbins produce documents, in further support his methodology cannot be tested. This methodology doesn't make sense. He states "<u>Surgery . . . does no more or less than the other methods in terms of reinforcement</u>. .. . ¹ [H]and held pressure all work" [Id.] Plaintiff request he produce documents in support of his theory.

### RELIEF

Plaintiff request Robbins produce document to support his theory in this case, before he can provide expert testimony as subject to peer review stating on page 2, ¶ 6, **"It is my opinion based on my qualifications and experience that the majority of all abdominal hernias in the general population can be adequately and safely treated by non-surgical means. "** [Id.] Plaintiff request

---

¹ Plaintiff has presented a mountain of publications concerning Hernias, and experts' state Hernias cannot be treated and Surgery is the Cure. The only way to stop a hernia from getting worse is to repair the defect. See, Plaintiff Renewed Application For Preliminary Injunction [Court Doc. No. 81, 85] "Hernia Surgery Understanding How They're Repaired." *Ex certa*.

7

documents to support his theory "general population" can be adequately treated by non-surgical means" be produced. [id]

**WHEREFORE, *premises considered*,** Plaintiff request that this Court order defendant what is deemed appropriate.

Done this 21st Day April 2008.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 21st Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

_____
Marcellus Breach

8



MARCELLUS BREACH, AIS# 160710
Limestone CF / Dorm D
28779 Nick Davis Road
Harvest, AL 35749-7009

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101

This correspondence is forwarded from
an Alabama State Prision. The contents
have not been evaluated, and the Alabama
Department of Corrections in not
responsible for the substance or content
of the enclosed communication.

