IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

                      CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

### NOTICE OF OBJECTION TO ADMISSIBILITY OF EVIDENCE OF AN AFFIDAVIT BY WILLIAM HOBBS [PHS's "Notice of Filing, Response to Court Order Doc. No. 504, March 10, 2008]

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," hereby files his notice of objection to admissibility of evidence stated in an Affidavit filed by defendant William Hobbs on *March 10, 2008*, in response to Court Doc. No. 504 & 496, the March 6, 2008, affidavit by William Hobbs merely contradicts, without explanation, previously given clear testimony.'" **McCormick v. City of Fort Lauderdale**, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) In further support Plaintiff states as follows:

1.    The rule of law is that a party may challenge the admissibility of evidence of an affidavit by filing a notice of objections. *Jordan v. Cobb County, Ga.*, 227 F.

1

Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears, Roebuck and Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). On a motion for summary judgment, the Court can only consider admissible evidence or evidence that can be reduced to an admissible form. **See** *Denney v. City of Albany*, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001).

2.  In July and September 2007, defendant William Hobbs has submitted two (2) separate affidavits, sworn under oath on two separate occasions:[1]

> [ . . . ]

> "In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The Protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol . . . . " **[Id. at 3 ¶ 3, Court Doc. No. 144-3 & 86, Affidavit William Hobbs]**

> [ . . . ]

> " . . . [I]F Mr. Breach did in fact meet the protocol by the Alabama Department of Corrections his hernia would be repaired . . . . " **[Id. 144-3 & 86, Affidavit William Hobbs]**

3.  William Hobbs on March 10, 2008, submitted another affidavit in response to this court's orders <u>Court Doc. No. 504 & 469</u>, which completely contradicts his two (2) prior statements before this court, under oath in his "Notice of Filing" <u>March 6, 2008</u>, affidavit. Plaintiff bases his objection on Hobbs's unexplained

---

[1] Plaintiff does not have the Court Doc. No., to address this specific March 10, 2008, affidavit. Judicial Notice to the record will identify the document.

contradictive statement as hearsay, contradictive, conjecture, self-serving, and inadmissible testimony. See also, <u>Court Orders Doc. No. 504, 469.</u>

4.  Hobbs filed his affidavit on March 10, 2008, Court Doc. No. N/A stating as follows:

> ". . . I have reviewed material that suggest the prospects of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into he scrotum, however, such material was not an official, required protocol from the ADOC place upon PHS physicians, such as myself. Any such implication to the contrary was simply a mistake." [Id. Doc. No. N/A Notice of Filing, March 10, 2008, PHS Defendants]

5..  Plaintiff objects to this contradictive statement made by Hobbs and the rule of law is that "[W]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (quoting *Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). As a result, a Court may disregard the conflicting affidavit as a sham. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). However, this rule is applied "sparingly" and only when there is an "inherent inconsistency" between the affidavit and the deposition testimony. **Id.**

6.  There's no mistake in this case; also, Hobbs does not display a lack of

memory on his two (2) prior separate affidavits **[Court Doc. No. 144 & 86]** dates, months apart, July thru September, Hobbs has stated what the Protocol actual is, who has it, what it states. Hobbs cannot come back and say, Oh! I made a mistake, plaintiff objects to such unexcused contradictive statement and his statement of reviewing materials, is hearsay evidence. Hobbs has not been able to collorborate his assertions. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (conclusory, self-serving, or uncorroborated allegations in affidavit could not create issue of fact sufficient to defeat well supported summary judgment). Thus, this Statement alleged by Hobbs is based on unsupported hearsay.

7.   Plaintiff objects to this statement made by Hobbs and this court ought to consider such as a 'sham' affidavit because it fails to purport to the requirements of Rule 56(e), Fed.R.Civ.P., by <u>attaching sworn or certified copies of all papers or parts thereof referred to in his affidavit</u>. Hobbs could not, and he cannot support his 'reviewed materials' and plaintiff argues that this statement is based on pure hearsay because he never once attached a document that could reasonably confirm his statement as to the "reviewed materials" is inadmissible hearsay.

> **Rule 56(e) provides:**
> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent

4

to testify to the matters stated therein. <u>Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith</u> . . . . " Fed. R. Civ. P.56(e)(emphasis added).

8.  Thus, plaintiff argues that this court need not consider defendant's hearsay arguments. See *Taylor v. Principi,* 141 Fed. Appx. 705, 2005 WL 1519099, * 3 (10th Cir. 2005)(upholding district court's refusal to consider unauthenticated documents, even if the documents were admissible under the business records exception to the hearsay rule). The general rule is that inadmissible hearsay in an affidavit cannot be considered in summary judgment challenges. *Macuba v. DeBoer,* 193 F.3d 1316, 1322 (11th Cir. 1999) (citation omitted).

**WHEREFORE, *premises considered*,** Plaintiff objects to Hobbs contradictive statement as a "sham affidavit" and under <u>Rule 56(e)</u> he fails to support his position. Plaintiff moves this court not to consider this statement, or affidavit at summary judgment.

Done this 24th Day April 2008.

/s/ Marcellus J. Breach

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

5

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that I have this 25th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

_____
Marcellus Breach

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA   35749

Legal Corr

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.