IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

                                           *      CASE NO: 2:06-cv-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

### NOTICE OF OBJECTION TO ADMISSIBILITY OF EVIDENCE SUBMITTED TO THE COURT BY DEFENDANT'S IN THEIR NOTICE OF FILING, [RESPONSE TO COURT DOC. NO. 543] APRIL 9, 2008.

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," hereby files notice of objection to admissibility of evidence demonstrated as hearsay and not authenticated, unsupported filed by defendant William Hobbs on *April 9, 2008*, entitled "**Notice of Filing**" response to **Court Doc. No. 543**, [**Court Doc. No. N/A/,** *See, Doc. 565, 566, or 564*] which merely contradicts, without explanation, previously given clear testimony.'" *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) In further support Plaintiff states as follows:

1.    The general rule in this circuit is that "inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d

1

1316, 1322 (11th Cir. 1999) (citation omitted). See also *American Security Co. v. Hamilton Glass Co.*, 254 F.2d 889, 893 (7th Cir. 1958) ("Inasmuch as summary judgment procedure lacks the safeguard of cross-examination of an affidavit, it is important that it be shown that he is competent to testify to the matters therein stated and that the facts to which he swears are admissible under the rules of evidence."); **Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,** 505 F. Supp. 1125, 1139 (E.D. Pa. 1980) ("In determining admissibility under Rule 56, the same standards apply as at trial. Thus, in ruling upon summary judgment motions, courts refuse to consider hearsay, unauthenticated documents, inadmissible expert testimony, documents without a proper foundation, parole evidence, and even evidence barred by the dead man's rule." (citations omitted)).

2.      First, on *April 9, 2008*, Defendant's "Notice of Filing" in response to *Court Doc. No. 543,* Defendants submitted an exhibit attached to their notice that contained unauthenticated documents in support of this court's order, *Court Order Doc. No. 543* and plaintiff objects to this exhibit as being improperly admitted as pure hearsay, and unauthenticated. Plaintiff argues that the exhibit is not self-authenticated (**see** F.R.E. 902), and the court ought to conclude that they are not. Because the "reviewed materials" as exhibits identified by defendant are not authenticated, the court may not consider them on summary judgment. **Shanklin v. Fitzgerald,** 397 F.3d 596, 602 (8th Cir. 2005)(failure to

authenticate exhibits precludes their consideration on summary judgment); **Orr v. Bank of America,** 285 F.3d 764, 773 (9th Cir. 2002)("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."); **Carmona v. Toledo,** 215 F.3d 124, 131 (1st Cir. 2000)("We agree that the supervisors' failure to authenticate precludes consideration of their supporting documents. Documents supporting or opposing summary judgment must be properly authenticated."); **Wells v. Xpedx,** 2007 U.S. Dist. LEXIS 67000, 2007 WL 2696566, *2 (M.D. Fla. Sep. 11, 2007)("[T]o be considered for or against summary judgment, a document must be authenticated, either by an affidavit that meets the requirements of Rule 56(e) . . . or in accord with the Federal Rules of Evidence."); 10A Fed. Prac. & Proc. Civ. 3d 2722 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."); **Moore's Federal Practice 3d,** 56.14[2][c]("Unauthenticated documents, once challenged, may not be considered by a court in determining a summary judgment motion.").

3.      Secondly, Defendant Hobbs attempts to establish conflicting testimony with unauthenticated documents that Defendant failed to submit evidence in the form of testimony from a custodian of records that the "reviewed materials" were in fact what they claim they are and the exhibit is not admissible pursuant to Federal Rule of Evidence 901. Plaintiff object to the exhibit / documents due to

lack of Certification from custodian of records that these documents are <u>the actual</u> "reviewed materials" that he relied on in his <u>March 6, 2008</u>, affidavit. Plaintiff objects, because these hearsay documents do not identify how such document(s) were in fact generated and who prepared these document? *Rule 801, Fed.R.Evid.*

4. Defendants failed to demonstrate that these documents are the documents that William Hobbs reviewed in support of his <u>March 6, 2008</u>, affidavit, and defendants failed to attach an affidavit from William Hobbs supporting these documents are the documents is purely hearsay and does not comply with <u>Rule 56(e),</u> Fed.R.Civ.P. <u>10A Fed. Prac. & Proc. Civ. 3d 2722</u> ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of <u>Rule 56(e).</u>"); **Moore's Federal Practice 3d,** 56.14[2][c]("Unauthenticated documents, once challenged, may not be considered by a court in determining a summary judgment motion.").

5. Plaintiff moves to strike the exhibit that is contained as a document attached to defendant's "Notice of Filing," [Id.] and identifies the document contained in the Defendant's "<u>Notice of Filing</u>" <u>on April 9, 2008</u>, in response to **Court Order Doc. 543** as being unauthenticated documents. [*Court Doc. No.*

4

*N/A*][1]The rule of law is that a party may challenge the admissibility of evidence of an affidavit by filing a notice of objections. *Jordan v. Cobb County, Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears, Roebuck and Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). On a motion for summary judgment, the Court can only consider admissible evidence or evidence that can be reduced to an admissible form. **See** *Denney v. City of Albany*, 247 F. 3d 1172, 1189 n.10 (11th Cir. 2001).

6.    [2] Plaintiff request that the court take "judicial notice" to the record on <u>April 9, 2008,</u> [**Court Doc. No. 564, or, 565 or 566**] PHS defendant filed a "<u>Notice of Filing</u>" addressing <u>**Court Doc. No. 543**</u> and submitted a copy of some unidentified documents supposedly the "reviewed materials" as asserted by Hobbs in a prior affidavit. [Id.]  Defendant has not submitted any evidence in the form of testimony from a custodian of records that the "reviewed materials" were in fact what they claim they are and the exhibit is not admissible pursuant to Federal Rule of Evidence 901. Plaintiff object to the exhibit due to lack of Certification for custodian of records that these documents are <u>the actual</u> "reviewed materials" that he relied on in his <u>March 6, 2008,</u> affidavit. Plaintiff objects, because these hearsay documents <u>do not identify how such document</u>

---

[1] Plaintiff does not have the case action-docketing sheet to properly identify this specific document. It is the April 9, 2008, Notice of Filing, in response to **Court Doc. 543**.

[2] Plaintiff request Plaintiff moves from reference to motion to strike that was denied on April 18, 2008 Court Doc. No. 584, being the materials, documents.

5

<u>were in fact generated and who prepared these document?</u> *Rule 801,* Fed.R.Evid. Plaintiff re-moves the court to strike the *April 9, 2008*, Defendant's **Notice of Filing" to Court Order 543**, the attached exhibit and this court need not consider defendant's hearsay documents. *Rule 56(e)*, Fed.R.Civ.P., **See Taylor v. Principi,** 141 Fed. Appx. 705, 2005 WL 1519099, * 3 (10th Cir. 2005)(upholding district court's refusal to consider unauthenticated documents, even if the documents were admissible under the business records exception to the hearsay rule).

7.      Plaintiff argues that defendants admitted in their "Notice of Filing" that the documents are not organized, organized numerically, and the production constitutes what appears to be at least three (3) to five (5) separate groupings of documents, which they say constitutes the "reviewed material" from Dr. Hobbs, but William Hobbs did not submit an Affidavit to attempt to explain that these documents are based on <u>personal knowledge</u> are "his" reviewed materials, that "he" reviewed, *Rule 56(e),* Fed.R.Civ.P. Furthermore, plaintiff argues that Hobbs failed to submit an attach affidavit with their "Notice of Filing" based on personal knowledge regarding these documents, constitute inadmissible hearsay, or rely on unauthenticated documents must be disregarded in connection with this Court's determination of the Motions for Summary Judgment. **See Tidwell-**

*Williams v. Northwest Ga. Health Sys.,* 1998 U.S. Dist. LEXIS 23134, 1998 WL1674745, at *6 (N.D. Ga. 1998) (No. 1:97-CV-1726A-JEC).

8. Plaintiff argues that the exhibits at issue are not even self-authenticated (see F.R.E. 902), and the court ought to conclude that they are not. Because the exhibits identified by defendant are not authenticated, the court may not consider them on summary judgment. *Shanklin v. Fitzgerald,* 397 F.3d 596, 602 (8th Cir. 2005)(failure to authenticate exhibits precludes their consideration on summary judgment); *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002)("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."); *Carmona v. Toledo,* 215 F.3d 124, 131 (1st Cir. 2000)("We agree that the supervisors' failure to authenticate precludes consideration of their supporting documents. Documents supporting or opposing summary judgment must be properly authenticated."); *Wells v. Xpedx,* 2007 U.S. Dist. LEXIS 67000, 2007 WL 2696566, *2 (M.D. Fla. Sep. 11, 2007)("[T]o be considered for or against summary judgment, a document must be authenticated, either by an affidavit that meets the requirements of Rule 56(e) . . . or in accord with the Federal Rules of Evidence."); 10A Fed. Prac. & Proc. Civ. 3d 2722 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."); *Moore's Federal Practice 3d,* 56.14[2][c]("Unauthenticated documents, once challenged, may not be

considered by a court in determining a summary judgment motion."). Because the challenged exhibits are not properly authenticated, defendant's motion to strike is due to be granted.

## CONCLUSION

Plaintiff moves this court not to consider defendant's hearsay documents filed on *April 9, 2008,* in response to **Court Doc. No. 543**, as supportive to Hobbs's prior affidavit as an argument. See *Taylor v. Principi*, 141 Fed. Appx. 705, 2005 WL 1519099, * 3 (10th Cir. 2005)(upholding district court's refusal to consider unauthenticated documents, even if the documents were admissible under the business records exception to the hearsay rule).

**WHEREFORE,** *premises considered*, Plaintiff objects to defendants exhibits as pure hearsay, unsupported and not authenticated. Plaintiff moves this court not to consider these documents, exhibits at summary judgment and in the alternative plaintiff moves to strike these documents.

Done this 24th Day April 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that I have this 25th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

                                         _/s/ Marcellus Breach_
                                            Marcellus Breach