IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:06cv1133-MEF |
| | § | |
| PRISON HEALTH SERVICES, INC.; | § | |
| et al.; | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS, PRISON HEALTH SERVICES,
DR. WILLIAM D. HOBBS, AND DR. MICHAEL E. ROBBINS, RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL [DOC. NOS. 480, 481]
COURT ORDER [DOC. NO. 484, 485], PLAINTIFF'S MOTION FOR
SANCTIONS [DOC. NOS. 540, 541], COURT ORDER [DOC NO. 545, 546]
AND COURT ORDER [DOC NOS. 563, 562]**

COME NOW the Defendants, Prison Health Services, Michael E. Robbins, M.D., and Dr. William D. Hobbs (collectively "PHS Defendants"), by and through counsel, and submit the following filing in response to multiple motions and/orders pertaining to discovery emanating for the PHS Defendants. The PHS Defendants contend that they have responded to the Plaintiff's objections.

1.  On November 13, 2007, the Plaintiff filed his <u>Fourth</u> Set of Interrogatories and Request for Production, Request for Admissions and his <u>Second</u> Set of Interrogatories and Request for Production, Request for Admissions, as to Defendants, William D. Hobbs and Michael E. Robbins, respectively. Drs. Hobbs and Robbins answered the Request for Admissions which were basically, restatements, concerning the interrogatories that were outlined by the Plaintiff at that time. Furthermore, and more importantly, the PHS

Defendants filed a proper set of objections to the Plaintiff's Fourth Set of Interrogatories and the Plaintiff's Second Set of Interrogatories [Court Doc. Nos. 341, 340, respectively]. In this series of objections, the PHS Defendants properly asserted formal objections to most of the interrogatories, which were clearly irrelevant, immaterial or not calculated to lead to the discovery of admissible evidence concerning the material question at issue in this case, whether the actions or inactions of the PHS Defendants concerning the medical treatment provided to the Plaintiff for his hernia constitutes deliberate indifference to a serious medical need.

2. In addition, though filing proper objections, the PHS Defendants answered multiple interrogatories in the Plaintiff's set of discovery noting the following material information:

> a. Dr. Hobbs advised the Plaintiff that individual hernias are evaluated on an individual basis to determine what type of medical treatment is necessary.

This answer provided appropriate responses to multiple questions outlined in the Plaintiff's interrogatory responses. As such, it would be impossible to answer the questions otherwise.

3. One of the major issues outlined by the prisoner in his Motions to Compel [Court Doc. Nos. 463 and 464] were Drs. Hobbs' and Robbins' qualifications. The PHS Defendants have previously submitted that material to the Court, but attach an additional copy that answers the prisoner's questions regarding Drs. Hobbs' and Robbins' field experience, training, and education.

2

4. A second issue addressed in the Plaintiff's Motion to Compel is whether Dr. William Hobbs and Dr. Michael Robbins, as board certified physicians, are qualified to give an opinion or expert testimony regarding whether a particular patient's condition requires surgical intervention. Again, the PHS Defendants have provided multiple affidavits and multiple information concerning the PHS Defendants' backgrounds, qualifications, and skills set that more than qualifies them to assert this opinion. As such, the qualification issue and the expert issue addressed by the Plaintiff in his Motions to Compel [again, Court Doc. Nos. 463 and 464] has been addressed via document production and/or affidavit testimony.

5. The remaining points of contention the Plaintiff cites, including "burdensome", and "relevancy" have been demonstrated to be proper objections to the Plaintiff's discovery requests, most of which are clearly outside the scope of the question at issue in this case. Attached, as an example, are the following:

    a. Whether Dr. Hobbs has ever been arrested of or convicted of a felony or misdemeanor in the State of Alabama.

    b. Whether Dr. Hobbs has ever been arrested of or convicted of a felony or misdemeanor in another state.

    c. A list of previous employers going back 10 years.

    d. All pending lawsuits or prior suits concerning medical malpractice, negligence or deliberate indifference (for the record, the Defendant, as a medical practitioner, would be subject to routine inclusion in litigation by prisoners filing frivolous actions similar to those asserted by Mr. Breach.

                            [Plaintiff's Motion to Compel, Doc. No. 464].

6. In subsequent Motions to Compel [Doc. Nos. 480 and 481], the Plaintiff asserted virtually identical arguments and general theories that do not suffice to require the response sought by the Plaintiff to what are clearly immaterial and irrelevant interrogatories, requests for production, and request for admissions. Vast amounts of information have been provided to the prisoner concerning the issues in this case. Furthermore, it is undisputed that <u>the prisoner's condition preceded him into the Department of Corrections' facility, therefore, at the time of his admission, the Plaintiff obviously did not believe surgical intervention was warranted for his hernia condition</u>. As the record has clearly demonstrated in this case, Mr. Breach's hernia has not become more severe, more incarcerated or more problematic other than the self-serving, unsubstantiated complaints of pain described by the Plaintiff.

7. In essence, Plaintiff's Motions to Compel is due to be denied and, as a result, the Motions for Sanctions and Motions for Contempt of Court are also due to be denied. The record is replete with information that is responsive to those discovery issues that pertain to the prisoner's complaints. As such, additional Court intervention is not warranted or needed. The PHS Defendants, however, stand ready, willing, and able to assist the Court should any additional responses be required due to the fact that Plaintiff's multiple motions, filings, pleadings, and paperwork is difficult, if not impossible, to follow or respond to.

WHEREFORE, all premises considered, the PHS Defendants respectfully request that the Plaintiff's Motions to Compel, Motions for Sanctions, and Motions for Contempt of Court be denied, as Moot, or denied generally.

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants, Prison Health Services, Michael E. Robbins, M.D., and Dr. William D. Hobbs

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 28th day of April, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749

    The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL  36130-1501

    Philip G. Piggott, Esq.
    STARNES & ATCHISON, LLP
    P. O. Box 598512
    Birmingham, AL  35259-8512

    /s/ PAUL M. JAMES, JR. (JAM017)
    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)   *

    Plaintiff,   *

V.   *   2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,   *

    Defendants.   *

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, _Anna Tadley_, a notary public in and for said County and State, personally appeared WILLIAM D. HOBBS, M.D., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

In response to the Order on Motion (document 556), the following is a list of my education, training, and experience in the medical field:

- From 1962 thru 1965, I was involved in a Diploma Program, RN Degree in Flint, Michigan.

- I served in Vietnam from 1966 to 1968.

- From 1969 thru 1970, I attended Central Michigan University in Mt. Pleasant, Michigan and received my Bachelor of Science Degree.

- From 1970 thru 1972, I did a Graduate Study at Central Michigan University in Mt. Pleasant, Michigan.

- From 1972 thru 1975, I attended Medical School at Michigan State University in East Lansing, Michigan.

- From 1975 thru 1979, I did my Internship and Residency in OB/GYN. (I have had major surgical privileges since 1977.) I have extensive training in abdominal surgery including hernia repairs (Ventral, Inguinal, and Femoral).

- During 1980, I practiced OB/GYN, family medicine, and emergency medicine in Michigan.

- In 1981, I did Emergency Training at Cook County in Chicago, Illinois.

- From 1982 thru 1985, I continued to practice OB/GYN, family medicine, and emergency medicine in Michigan.

- From 1985 thru 1995, I practiced OB/GYN and emergency medicine in Miles City, Montana.

- From 1995 thru 1998, I practiced general medicine in Haiti, Belize, Jamaica, and Cuba.

- From 1998 thru 2003, I practiced at Outreach Clinic in Guyana, South America.

- From 2003 thru 2004, I did a Family Practice Residency in New Brunswick, Canada.

- From 2004 thru 2006, I was a general practitioner in New Brunswick, Canada.

- During 2006, I also practiced at Correctional Facility in the State of Tennessee.

- I became a licensed physician in the State of Alabama in 2006 and practiced medicine at several correctional facilities in Alabama during that time. I have served as the Site Medical Director for Limestone Correctional Facility in Harvest, Alabama since October of 2006.

Further affiant sayeth not.

_____
WILLIAM D. HOBBS, M.D.


STATE OF ALABAMA   )
                   )
COUNTY OF Limestone )

Sworn to and subscribed before me on this the ___10th___ day of ~~March~~ April, 2008.

_____
Notary Public
My Commission Expires: 2-16-2010

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)   *

    Plaintiff,   *

V.   *   2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,   *

    Defendants.   *

### SUPPLEMENTAL AFFIDAVIT OF MICHAEL E. ROBBINS, M.D.

BEFORE ME, __W. G. Rowell__, a notary public in and for said County and State, personally appeared **MICHAEL E. ROBBINS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

In response to the Order on Motion (document 556), the following is a list of my education and training in the medical field:

- From 1977 thru 1981, I attended Medical School at the University of Virginia.

- From 1981 thru 1989, I did my Residency Training at various facilities including Pennsylvania State University, the University of Alabama at Birmingham, Harrisburg Hospital (Harrisburg, PA) and the Baptist Hospital System (Birmingham, AL).

- In 1979, I became certified by the American Board of Internal Medicine.

- In 1986, I became licensed to practice medicine in Alabama.

- From 1989 thru 2002, I was in Private Practice (Internal Medicine).

- From 2002 thru present, I have been employed with Corrections-based practices.

In response to the Order on Motion (document 556), the following is information relative to my qualifications and experience and in the medical field:

The pathogenesis (causes), evaluation of and treatment options for abdominal hernias are a routine part of medical training. Surgical rotations in particular provide experience in outpatient and inpatient evaluation of hernias as well as experience in assisting in the surgical repair where appropriate. As far as I am aware, every medical student who completes their program has such experience.

My residency training included rotations in outpatient clinics, emergency rooms, hospital wards, intensive care units, and operating rooms (all areas where hernias are routinely seen, evaluated, and/or treated). In the course of my training, I was involved in some capacity with the treatment of many hundreds of abdominal hernias. They are a very common condition. I have been involved with the treatment of and complications of abdominal hernias. Less often, but not rarely, I have evaluated and treated the complications of surgery done to repair hernias. Complications, which by definition, would not have occurred had surgery not been done. I have evaluated and recommended treatment for patients in whom surgical repair has failed for various reasons.

Since entering practice as a licensed physician, I have evaluated and recommended treatment for several thousands of abdominal hernias. I have recommended surgery for some and non-surgical management for others. Given the fact that abdominal hernias are so very common in the general population, I believe that any physician who has practiced general medicine for a similar length of time would have similar experience and expertise.

An abdominal hernia is simply an area of weakness in the abdominal wall. There can be many causes of this weakness with the most common cause being congenital (the patient is born with the condition). Treatment is straight forward and involves finding a method to reinforce or strengthen the weak area. Applying reinforcement with wraps, corsets, trusses, or even hand held pressure all work. Surgery reinforces the area of weakness with tissue which does no more or less than the other methods in terms of reinforcement.

It is my opinion based on my qualifications and experience that the majority of all abdominal hernias in the general population can be adequately and safely treated by non-surgical means.

Further affiant sayeth not.

*Michael E. Robbins M.D.*
MICHAEL E. ROBBINS, M.D.

2

STATE OF ALABAMA )
)
COUNTY OF Montgomery )
State At Large

Sworn to and subscribed before me on this the 10th day of April, 2008.

_____
Notary Public
My Commission Expires: 6/15/08

3