IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

### MOTION FOR SANCTIONS UPON WILLIAM D. HOBBS

**COMES NOW**, the Plaintiff Marcellus Breach (hereinafter "Plaintiff") in proper person "Pro Se," moves this court to issue immediately monetarily sanctions upon William Hobbs for direct perjury and request the court strike his opinions pertaining to surgery in this case. Hobbs is not legally qualified to offer medical opinions in this State. In further support Plaintiff states as follows:

1. William Hobbs has committed perjury, which is *prima facie* evidence that he has also engaged in criminal activity of practicing medicine without a license. § 34-21-51, Code of Alabama, 1975.[1]

---

[1] William Hobbs was issued <u>only a temporary medical license</u> in Alabama. **License # 00027666.** His licenses expired December 31, 2006 and were not renewed. As of April 22, 2008, he does not have a current medical license on file.

2.   *Exhibit "A"*, demonstrates that William Hobbs did not possess a valid medical license which makes him <u>unauthorized to practice medicine</u> in the State of Alabama since **January 1, 2007**. William Hobbs presented several affidavits on date *July 13, 2007*, and *September 12, 2007*, [**Court Doc. No. 86, 123, 144 & 249**] just to start that has clouded this record with a "foul odor".

3.   Counsel used infusion of perjury into the pretrial proceedings in an effort to gain an advantage over his opponent is recognized by the courts as a fraud on the court. Counsel has submitted an Affidavit by William Hobbs that contains nothing more than perjury because Hobbs swore he was "a licensed physician" when he wasn't since *January 1, 2007*. Acts of perjury seriously undermine the very core of the judicial system. The presence of perjury in litigation emasculates justice and deprives the opposing party of a fair trial. *Exhibit "A"*, will demonstrate defendants elaborate scheme involving perjury clearly qualifies as a willful deceit of the court designed to interfere egregiously with the court's administration of justice.

4.   The evidence submitted by plaintiff regarding William Hobbs butchering Inmate Jackie Morrow, and complaints to this court that William Hobbs was a medical threat ought to stand stronger and supportive because he was practicing medicine without a license constitutes *prima facie* evidence of perjury, fraud, misrepresentation and this court ought not accept any further affidavits from Hobbs pertaining to the issue of surgery for plaintiff's inguinal hernia.

4. What is so interesting, Counsel for PHS has slandered Plaintiff through-out this entire litigation, calling each pleading filed by plaintiff "frivolous". Counsel stood by his "no license" Medical Director and supposedly treating physician opinions, arguing consistently "differences of opinions", and continued to state that plaintiff's witness never once examined plaintiff's medical condition. It is outright proven that counsel was wrong about his Medical Director William Hobbs; a nametag means nothing in the court of law. Hobbs cannot back up what he has stated to this court, and plaintiff moves this court to take action and strike each opinion offered by Hobbs. .

5. Counsel argued to this court indirectly, through acts of misrepresentation slandering plaintiff using Hobbs to support himself. On page # 3, ¶ 5, counsel stated: "Response To Plaintiff's Notice Of Intent To File Motion For Sanctions, . . . ."

> "It is critical that Mr. Breach does not appear to have opposed this affidavit. However, when he does, it will be yet another example of perjury and intentional fraud being practiced upon this Court. Prior medical records further support that Breach failed to follow instructions provided to him and the restrictions placed upon him by PHS physicians. Thus, PHS is properly placing that point in issue before this Court." [Court Doc. No. 201]

6. Without Hobbs legally licensed, Hobbs and counsel's statement alone mean are "frivolous" and ought to be stricken from the Record.

### ARGUMENT

This case by defendants is built on fraud, perjury, and dishonesty and has been a continued practice.

The District Court of South Carolina's reasoning in *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487 (D.S.C. 1998) is persuasive on the dispositive issues that the plaintiff has presented. *Chewning* was before the district court on a motion of the defendants to dismiss the matter on the pleadings. The plaintiffs alleged that, in a prior state court case, the defendants engaged in a pattern of hiding or destroying evidence and lawyer-assisted perjury which led to an adverse state court judgment against the plaintiffs. *Chewning*, 35 F. Supp. 2d at 488. The complaint contained a count for fraud on the court, as well as counts for fraud, non-disclosure, conspiracy, and spoliation of evidence, and the plaintiff sought "damages including special damages, punitive damages, equitable relief estopping [the Defendant in the state court action] from asserting the verdict procured by the Defendants' fraud and criminal acts, prejudgment interest, costs, attorneys' fees and such other relief as the Court deems proper." Id.

Throughout this case, plaintiff has brought to this court's attention several acts of perjury submitted by counsel. Linda Lawrence, Debbie Hunt, when Linda Lawrence swore to this court plaintiff never once filed a grievance, and the evidence submitted by plaintiff reflected Linda Lawrence's signature on the very grievances she swore plaintiff never once filed. Counsel has orcharastrated these acts of dishonesty. But, Hobbs is the issue at this time. Counsel argued throughout his "Special Report" on pages 7 through 10, "IV, Argument" and relies totally on the perjured Affidavit of Linda Lawrence to deceit the court.:

4

"In this particular case, Breach failed to follow available, required administrative procedures that existed within the Kilby Correctional Facility. [Exhibit "C" – Affidavit of Linda Lawrence]. These procedures required Breach to seek administrative relief of his claim before seeking court intervention regarding his claim. His failure to follow these internal procedures concerning his medical grievances require his claim be dismissed with prejudice." ***Woodford v. NGO*, 126 S.C.t 2378, 165 L.Ed.2d 368 (2006).[See, Page 9 counsel's argument relying on Lawrance's Affidavit]**

Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. . . . Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed to by the normal adversary process.   *Great Coastal Express*, 675 F.2d at 1357.

Courts have generally refused to find fraud on the court in cases in which the wrong was only between the parties in the case and involved "no direct assault on the integrity of the judicial process." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d 2870 at 416. "Stated another way, fraud on the court requires a 'scheme by which the integrity of the judicial process has been fraudulently subverted by a deliberately planned scheme in a manner involving 'far more than an injury to a single litigant.'" ***Ballew v. United States Dept. of Justice*,** 244 F.3d 138 at 3 (5th Cir. 2000)(unpublished)(citation omitted). In Ballew, the plaintiff contended that the Department of Justice attorneys conspired to mislead the court as to the nature and value of a settlement proceeding of which *Ballew* had been entitled to a percentage. The Fifth

5

Circuit held that "[t]aking all of these assertions as true, Ballew has only established that the Government committed a fraud against him as <u>an individual.</u> Ballew has shown injury to himself in his capacity as a "single litigant," but this alone is not sufficient to constitute fraud on the court. <u>Ballew</u> has failed to allege an attack on the integrity of the judicial process itself." <u>Id.</u>

The Sixth Circuit addressed attorney conduct in ***Demjanjuk v. Petrovsky***, 10 F.3d 338 (6th Cir. 1993), which dealt with an denaturalization and extradition proceeding against a man accused of committing atrocities during the Holocaust. <u>Demjanjuk</u> was accused of being a concentration camp guard known as "Ivan the Terrible." He brought an action under Rule 60(b) asserting that the Department of Justice attorneys failed to turn over exculpatory evidence during the original proceeding. The court stated:

> As an officer of the court, every attorney has a duty to be completely honest in conducting litigation. Professor Moore emphasized this element of fraud in his treatise:[W]hile an attorney should represent his client with singular loyalty, that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates fraud upon the court. <u>7 Moore's Federal Practice and Procedure 60.33.Id.</u> at 352. The court held that the attorneys' conduct was fraud on the court because the attorneys "acted with reckless disregard for the truth and for the government's obligation to take no steps that prevent an adversary from presenting his case fully and fairly." <u>Demjanjuk,</u> 10 F.3d at 354.

Subsequent panels of the Sixth Circuit have adopted <u>Demjanjuk</u>'s reasoning into the following elements of the claim : "conduct (1) on the part of an officer of the court, (2)

6

[t]hat is directed to the 'judicial machinery' itself, (3) [t]hat is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth, (4) [t]hat is a positive averment or is concealment when one is under a duty to disclose, and (5) [t]hat deceives the court." *Workman v. Bell*, 245 F.3d 849, 853 (6th Cir. 2001). The court in *Computer Leasco, Inc. v. NTP, Inc.*, 194 Fed. Appx. 328, 338 (6th Cir. 2006)(allegations of fraud involving an attorney who did not appear of record in the proceedings in question)(citing Demjanjuk, 10 F.3d at 354) read these elements "to require that the individual accused of perpetrating the fraud must have directly interacted with the court to 'prevent an adversary from presenting his case fully and fairly.'"

## THE ABUSE / CONCLUSION

Counsel has been put on notice of plaintiff's intent to take action regarding counsel's participation in this perjury, fraud and misrepresentation. There is nothing more clearly than the evidence before this court, demonstrating that Hobbs was con man. Plaintiff moves for sanctions.

*Rule 3.3(a)(1)(2)(3)*, *Rules of Professional Conduct* states:

"a"   A lawyer shall not knowingly:

(1)   make a false statement of material fact or law to a tribunal;

(2)   fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; or

(3)   **offer evidence that the lawyer knows to be false. . . ."**

## *REASONABLE MONETARY SANCTIONS*

As for the monetary sanctions requested, the Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under <u>Rule 37</u> only by that which is 'reasonable' in light of the circumstances." <u>**Carlucci v. Piper Aircraft Corp., Inc.**</u>, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." <u>Id.</u>

Reasonable fees under the circumstances can be appropriate. A <u>pro se</u> party may be awarded expenses under <u>Rule 37</u>. See <u>**Lightsey v. Potter**</u>, 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, **<u>Walker v. Tri-Tech Planning Consultants, Inc.</u>**, 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents <u>pro se</u> litigants from recovering their expenses in a <u>Rule 37</u> motion.").

## CONCLUSION

Plaintiff argues that blatant perjury <u>ought not be tolerated in this court</u>. Plaintiff moves that this court take action against William Hobbs for basically lying to this court and practicing medicine without a valid license.

## RELIEF REQUESTED

a.   Issue Sanctions upon William Hobbs, and Striking all of his opinions in this case; and, **[Court Doc. No. 86, 144, 249]**

b. That this Court grant reasonable fees in the amount to $1500.00, at $100.00 per hour x 15 hours for investigation, work and research in preparing, researching and fling this action; and, that the 20% as ordered be deducted from plaintiff's prison account and forwarded to the Clerk of this Court towards the court costs and clerk fees;

c. That this Court grant plaintiff relief and the Court order additional fees be paid to the Court for the inconvenience, and troublesome conduct demonstrated by defendant.

d. That this Court administers and enforces justice as to what this Court deems fair and appropriate and/or that this Court order William Hobbs to turn in his pass port until the final disposition of this preceding. Hobbs is a flight risk.

Done this 28th Day April 2008.

*/s/ Marcellus Breach*

Marcellus Breach 160710®
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 29th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

# Exhibit "A"



100 SOUTH CLINTON STREET  
SUITE D  
ATHENS, AL 35611

phone 256-233-6427  
fax 256-233-6474  
email judge@pclnet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710  
Limestone C.F. Dorm D  
28779 Nick Davis Rd.  
Harvest, AL 35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any document regarding *William E. Hobbs*. We did however find a license on **William Douglas Hobbs, M.D.** I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey  
Bobbi Bailey  
Probate Clerk

btb

enclosure

TO SERVE THE PEOPLE

RLPY    2006    63501
Recorded in Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL

Recording Fee    4.00
TOTAL            4.00

**ALABAMA MEDICAL LICENSURE COMMISSION**

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in Alabama. Registration expires December 31, 2006

LICENSE# 00027666

CHAIRMAN

*This is true copy of my Medical Licensure for Alabama.*

*William Douglas Hobbs, MD*
*27 Sept 2006*

I, Michael L. Davis, Judge of Probate in and for Limestone County, Alabama do hereby certify the above and foregoing is a true and correct copy of the above instrument which was filed in this office on 27th day of Sept 2006

Given under my hand and official seal of office this 22nd day of April 2008

*Michael L. Davis*
Judge of Probate