## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

                                    *     CASE NO: 2:06-cv-1133-MEF

Vs.

                                     *

PRISON HEALTH SERVICES, INC., et. al.,

                                     *

     Defendants.

## *MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT FOR EXTRAORDINARY CAUSE, NEWLY DISCOVERED EVIDENCE*

      **COMES NOW**, Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to _Rule 15(a)(b)(c),_ Federal Rules of Civil Procedures, to grant this "Amended Complaint" for extraordinary reasons, _i.e., William Hobbs was practicing medicine without a valid medical license._ Plaintiff request leave to supplement his state tort claims under 28 U.S.C. 1367 which his state tort cause of action is in conjunction with his Federal cause of action 42 U.S.C. 1983. Plaintiff states as follows:

_Newly Discovered Evidence:_

1.     [1]This Court <u>must learn</u> of the <u>truth</u> behind the manipulations and defendants repeated perjuries affidavits, testimony and now Plaintiff has confirmed information on

---

[1] This is a Court of Law and defendants have done nothing more than make a Mockery out of this case, committed fraud, and misrepresentation. Defendants concealed Hobbs behind a nametag, and he did not possess a valid medical license is prejudice. Plaintiff pushes for Justice.

*April 22, 2008*, the Honorable Judge Michael L. Davis, Probate Judge for Limestone County, Alabama confirm that William Hobbs's medical licenses **expired** on *December 31,* 2006 2008, and there is not a renewed license on file with his Court.

2.    An Amendment to the Complaint ought to be necessary because defendants have willfully concealed evidence from this Court since the filing of this law suit that defendant William Hobbs did not, an does not possess a actual valid medical license in this State when defendants have pounded unto this Court multiple affidavits, testimony from William Hobbs has done nothing more than prejudice plaintiff, and defendants have built their defense on lies.

3.    Defendant must explain why and how they allowed a non-licensed physician to treat plaintiff and deny him adequate medical care? **William Douglas Hobb**s's medical **License No. 00027666 expired on December 31, 2006**. *Alabama Medical Licensure Commission.* He has been practicing medicine without a license, testifying to this Court under oath, that he was licensed when in fact he was not, is misrepresentation, fraud.

4.    There is absolutely no prejudice to the defendants, they must answer.

5.    Plaintiff has been suffering pain as a result of defendants unjustified action and has not been examined nor treated for his hernia by a qualified physician since he October 3, 2006, by Dr. John A. Tassin, M.D., at the private prison in Louisiana in which a licensed physician Dr. John A. Tassin, M.D., recommended plaintiff's hernia needs repair.

6.     There is no evidence before this Court <u>from a licensed treating</u> physician except Dr. John A. Tassin, M.D.,  defendant Dr. George Lyrene and defendant Dr. Michael Robbins never once examined plaintiff nor treated him.  Interesting, Dr. Robbins actually wrote an affidavit agreeing with William Hobbs, and William Hobbs did not, at that time, since <u>*January 1, 2007*</u>, possess a valid medical license.  Robbins agrees with a non licensed physician is very interesting.

7.     In this case a licensed board-certified Surgeon has explained multiple times, plaintiff needs surgery as soon as possible.  William Hobbs, <u>not even licensed</u> attempted to disagree with a Surgeon supplied several opposing Affidavits before this Court that he was a licensed physician is Fraud.  Hobbs opposed surgery, opposed independent physical examination is fraud upon this Court.  Counsel knew or should have known Hobbs did not possess a valid medical license, is injury to the plaintiff when plaintiff has only been trying to receive the only cure, treatment, surgery.

8.     Counsel for PHS, failed to act on due diligence, but knowingly represented a defendant who did not possess a valid medical license while all alone slandering plaintiff through-out this entire litigation.

9.     It is impossible for this case to fall into a "difference of opinions" when there is no opinion available from a treating doctor except Dr. John A. Tassin.  Counsel's assertion as "frivolous.

10.    Plaintiff is entitled to Justice from this Honorable Court. Now that this Court has learned of the lies before it, plaintiff requests the Court grant him relief from his oppressors.

   **WHEREFORE, *premises considered*,** plaintiff request this Court grant his motion to amend and order defendants to file their response.

Done this 28th Day April 2008

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that I have this 29th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

4

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## SUPPLEMENTAL COMPLAINT – NEGLIGENCE, GROSS NEGLIGENCE, WANTONNESS, RECKLESSNESS, NEGLIGENT SUPERVISION AND TRAINING, FRAUD, MISREPRESENTATION, SUPPRESSION OF A MATERIAL FACT, BREACH OF THE STANDARD OF ORDINARY CARE, FRAUDULENT CONCEALMENT

### Introduction:

Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," hereby files his "Supplemental Complaint" under State Tort Claim governed in this 42 U.S.C., § 1983 action. This action is brought under plaintiff state law tort claim under 28 U.S.C. § 1367 against Correctional Medical Services, ("CMS") Prison Health Services, Inc., ("PHS") under the _Alabama Medical Liability Act_, ("Act") pursuant § 6-5-481(8), § 6-5-484, § 6- 5-440 thru 552 et seq., Code of Alabama, 1975  and cause of action against William Hobbs his and defendants individual / personal capacity.

1

## *JURISDICTION*

1.    The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2.    The court has supplemental jurisdiction over the plaintiff's state law tort claim alleging Malpractice and Negligence. [*Court Doc. No. 1, 12, 68, 99, 270*]

## *PARTIES*

3.    Plaintiff _Marcellus Breach_ is an Alabama prisoner incarcerated at Limestone Correctional Facility, and at all times was incarcerated at Limestone during the events described in this Supplemental Complaint.

4.    Plaintiff identifying parties adopts and incorporates by reference, Prison Health Services, Inc., and Correctional Medical Services, outline in his original Complaint [*Court Doc. No. 1, at 3*] and his Supplemental Complaint [*Court Doc. No. 68 at. 6*] is a corporation duly organized and existing under the laws of the State of Alabama, engaged in the business of Health Care Provider, rendering services to State Agencies, and having its principal office and place of business in the City of Montgomery, County of Montgomery, Alabama.  Defendants PHS and CMS are residents of the State of Alabama, residing in the City of Montgomery, State of Alabama, and at all times material herein have been and now are duly authorized and acting officers, agents and employees of the Alabama Department of Corrections.

2

5.    Plaintiff identifying party William Hobbs adopts and incorporates in part and in reference to his Amended Complaint [*Court Doc. No. 93, 99 at 6-11*]

6.    Plaintiff identifying party Correctional Medical Services, "CMS" adopts and incorporates by reference to his "Amended Complaint" adding defendant CMS, [*Court Doc. No. 270*] and stated hereinabove, at. ¶ 4.

## STATEMENT OF THE CLAIM

1.    In 2006, Prison Health Services entered into a contractual agreement with defendant William Hobbs as Medical Director and physician at Limestone medical site. On or about *October 6, 2006*, William Hobbs was employed with PHS's as Medical Director and treating physician.

2.    From *January 1, 2007*, through *November 1, 2007*, Prison Health Services continued to perform their contractual agreement rendering medical services to Alabama inmate at the Alabama Department of Corrections; at such time, Prison Health Services, were still in contractual agreement with William Hobbs in the capacity of Medical Director and physician at Limestone Correctional Facility, Harvest, Alabama.

3.    On *November 1, 2007*, *Correctional Medical Services*, "CMS" took over the contract with the Alabama Department of Corrections, prior to date, Prison Health Services, ("PHS") held the contract with the Alabama Department of Corrections.  Sometime in *November 2007*, CMS entered into a contractual agreement with William Hobbs in the

3

capacity of Medical Director for CMS and physician for CMS at Limestone Correctional Facility, Harvest, Alabama.

4.     Commencing on or about *January 1, 2007,* until *April 11, 2008,* defendant William Hobbs maliciously, without just cause or excuse, and with the willful intent to injure plaintiff discharge from his employment capacity and responsibility provided medical care without a valid Alabama medical licensed, did so, fraudulently diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality under § 34-24-50, Code of Alabama, 1975.

4.     From *January 1, 2007,* William Hobbs did so, committed the criminal felony offense while practicing medicine without a license § 34-24-51 Code of Alabama, 1975.

In furtherance of said:

(a)     Defendant's fraudulent concealment without just cause or excuse, negligence, wantonness, willfulness, or breach of a contractual duty to provide adequate care by PHS and CMS in its hiring, training, staffing, etc., which negligence, wantonness, willfulness, or breach, the plaintiff alleges, proximately caused the deteriorated health, denial of medical treatment, pain and suffering, emotional distress.

(b)     Defendants failed to screen, or improperly screened, and/or were otherwise negligent, wanton or reckless in hiring William Hobbs at Correctional Medical Services, and Prison Health Services, Inc.

(c)      Defendants failed to properly and adequately train, supervise, and monitor the performance of, evaluate, and/or discipline their medical staff, doctors, at CMS & PHS.

(d)    Defendants assigned William Hobbs to give care to Plaintiff who was not competent, licensed or, who was unfit to provide and/or incapable of providing adequate medical care at PHS and CMS.

## FACTUAL ALLEGATIONS

Plaintiff *adopts and incorporates* by reference to his injury "hernia" as complained in his original pleadings referenced to in this complaint.

In *March 2006*, plaintiff was notified by PHS and CMS through the Alabama Department of Corrections Inmate New Letter, that William Hobbs is the Medial Director and physician at Limestone prison.

On *March 26, 2007*, Plaintiff submitted a sick call request to medical complaining: Hernia, ankle, back injuries and pain." Plaintiff complained to William Hobbs and PHS medical personnel regarding his hernia that it has enlarged and is causing him pain. Plaintiff signed up for sick call, and on *April 30 2007*, defendant William Hobbs told Plaintiff that he is a doctor and examined Plaintiff.

William D. Hobbs, M.D., suppressed a material fact that he did not posess a valid Alabama medical license and illegally practiced medicine at Limestone Correctional Facility. At times during the events Hobbs was employed as Medical Director for PHS & CMS at Limestone Correctional Facility in Athens, Alabama. William Hobbs frequently represented himself out to the general public and prison population as a licensed physician when in fact he did not possess a valid license to practice medicine with the Alabama Medical Licensure Commission. During times of the events William

5

Hobbs was employed with PHS, and CMS who are identified as the two (2) companies contracted with ADOC to provide medical services to inmates.

On *April 30, 2007*, William Hobbs diagnosed Plaintiff was a "Large, easy to reduce Direct Inguinal Hernia on Left.   Plaintiff repeatedly complained to William Hobbs that his hernia has enlarged, that he has problems and pain when coughing, sneezing and having bowel movements.  Plaintiff complained that he cannot stand for long periods of time, and that he cannot exercise.  Plaintiff explained to William Hobbs that his hernia comes out, and at times will not go back into place. William Hobbs illegally proscribed medication and illegal treated plaintiff incorrectly.    At    this    examination,    Plaintiff explained just how long he has been having problems with his hernia and plaintiff's formal treating physician Dr. John A. Tassin, M.D., recommended that his hernia needed repair.  Dr. Hobbs stated: "It is Big, there is no need for me to put you in for surgery because they are going to deny it anyway, you need to have someone call the Commissioner or the Governor to get your surgery."

Plaintiff asked Hobbs to send him to a surgeon, and William Hobbs intentionally blocked and refused to refer Plaintiff to a surgeon. Dr. Hobbs then begun to ignore and deny plaintiff any further medical treatment by blocking sick call screening from Plaintiff for over a period of six (6) months. Plaintiff complained through several sick calls to see Dr. William Hobbs and expressed that his hernia begun to worsen; Plaintiff was then for approximately six (6) additional months denied any pain mediation, or any

further medical attention.

On *May 22 2007*, Plaintiff submitted a "Prison Health Services, Inc., sick call request complaining as follows:

> "This morning I experienced unusual pain with my hernia. It's hard to described, but I was having problems walking, I kept pressure on it, but every time I cough it hurt. Ibuprofen – no good for the pain" [Court Doc. 134, attached Exhibit ___, Id. Affidavit Breach]

On *June 15, 2007*, Plaintiff submitted another "Prison Health Services, Inc.," sick call request complaining that he has filed three (3) sick call requests about his hernia pain and hasn't received a response. On *July 3 2007*, against Plaintiff submitted another sick call complaining that he needed to see a doctor. On *July 14, 2007*, Plaintiff submitted another "Prison Health Services, Inc.," "Inmate Grievance Appeal," stating that he has put in four to five sick calls requesting to see Dr. Hobbs but no response.

On August 1, & 6th 2007, Plaintiff submitted another "Prison Health Services, Inc.," "Inmate Grievance Appeal," stating that Dr. Hobbs is turning every one away regarding hernias and that he has run out of pain medication.

On *October 2nd & 3rd, 2006* Plaintiff submitted two separate sick calls and grievance appeals complaining Plaintiff needs to see Dr. Hobbs and needs pain medication. Plaintiff was not seen by Hobbs.

Again Plaintiff on *December 4 2007*, signed up with "Correctional Medical Services" sick call complaining that he is still having problems with his hernia, experiencing pain down left leg, urinating straining. On *December 5, 2007*, Plaintiff was

seen by LPN Celvin Atkins, and was told that he would be seen by Dr. Hobbs and also that a urinalysis would be performed.    Plaintiff never received urinalyses.

On or about *December 21, 2007*, Dr. Hobbs saw Plaintiff. Hobbs refused to examine Plaintiff's hernia and refused refer him to a surgeon and refused to proscribe any additional pain medication or any treatment for Plaintiff's hernia.  Plaintiff asked Hobbs to look at it as he voiced his complaint to Hobbs about his hernia getting "trapped". William Hobbs completely ignored the hernia complaints and did not examine Plaintiff's hernia nor address Plaintiff complaint that his hernia is getting trapped and problems urinating; William Hobbs stated, "You're just getting old.  What you don't understand is, everyone doesn't need surgery."  Dr. Hobbs refused to examine Plaintiff's hernia and only issued some coughing medication.

Plaintiff requested William Hobbs send him to his doctor, or to a surgeon, and Hobbs responded: "I don't have to send you anywhere, I don't have to give you anything".

On *February 8, 2008*, Plaintiff has submitted a history of sick calls, grievances, complaining that his hernia is trying to get trapped, pain coughing, sneezing and having bowel movements, urinating straining, crippling chronic repetitive sharp pain and aching groin being more marked during certain movements.

Today, Plaintiff's health has deteriorated due to lack of treatment by a physician and still suffers pain coughing, sneezing, bowel movements, urinating straining, back

8

pain, lower abdominal pain, his hernia being trapped, can't get out, pain in his left leg, having to lift his leg up when coughing, sneezing and push in, apply pressure on his hernia to get it from coming out. Plaintiff's hernia is the size of a "Soft Ball" very painful, and limits his daily activities. Plaintiff cannot exercise, run nor Jog: Plaintiff cannot take his Truss off for long periods of time because the hernia will descend fall into his left testicles. Plaintiff has severe pain. As a direct and proximate result of defendants' maliciousness, wantonness, without just cause or excuse, and with the willful intent to injury plaintiff, said defendants malicious and wrongful acts, which continued for a period of 16-months plaintiff was being illegally examined by an incompetent non-licensed physician and has suffered injuries and damages.

### CAUSE OF ACTION

The representation made by defendant William Hobbs that he was a licensed physician was false and CMS & PHS knew about it, and Plaintiff without knowledge of the true facts, went under the medical care of William Hobbs. CMS and PHS knew Hobbs was not licensed, and recklessly misrepresented it and notifying their medical staff and the prison population that plaintiff and all prison population including the medical staff should rely on William Hobbs as their Medical Director and physician.

Plaintiff believed the representations and in reliance upon them, sought medical care from William Hobbs, PHS and CMS.

*POINT "A"*

Plaintiff alleges that Defendants PHS and CMS failed to perform their ministerial

duty and acted either negligently, willfully, illegally, or beyond their authority, or under

a mistaken interpretation of the law when she: (1) failed to investigate William Hobbs

medical license and insurance; (2) failed to properly investigate whether Alabama

inmates and plaintiff were being proscribed, treated by a licensed physician in this State

at all times; (3) failed to properly investigate William Hobbs refusal to refer Plaintiff to a

surgeon, and refusal to provide surgery; (4)  failed to investigate whether William

Hobbs's medical license was renewed; and:  (5) PHS and CMS entered contractual

agreement hiring William Hobbs  that PHS & CMS knew or should have known were

false; (6) were negligent in the supervision and evaluation of William Hobbs to indicate

that Hobbs was in fact a licensed physician; and (7) William Hobbs misrepresented

findings of his license evaluations, acceptance by the Alabama Licensure Commission,

and the Alabama Medical Examiners.

William Hobbs did so, fraudulently concealed a material fact that he was not a

licensed medical physician in the State of Alabama, but was acting in the scope as a

medical doctor.

Prison Health Services, and Correctional Medical Services fraudulently concealed

a material fact that William Hobbs is licensed to practice medicine and treat Alabama

Inmates at Limestone prison from *January 1, 2007,* through *April 11, 2008*.  PHS and CMS

failed to notify or, provide other means for plaintiff to be seen by a licensed medical doctor pertaining to his hernia.

CMS and PHS intentionally, maliciously and in bad faith, fraudulently concealed a material fact that William Hobbs is not and did not possess a valid medical license in the State of Alabama 1975 through times from *March 2007* through *April 11, 2008.*

PHS and CMS placed William Hobbs in the capacity as Medical Director and a licensed physician authorized to practice medicine in the State of Alabama. The foregoing acts and omissions reflect and proximately result from Defendants' systemic failure to adopt, promulgate, monitor their employees at Limestone Correctional Facility, to prevent or minimize the risk of such acts and omissions and the reasonably foreseeable harm and risk of harm and/or death proximately caused thereby.

As a result of the negligence That for defendants PHS and CMS's negligence, gross negligence, wantonness, breach of the duty of care, breach of trust, recklessness, bad faith, severe recklessness, fraudulent concealment, negligent supervision, failure to train and supervise, is the proximate cause to injury, pain and suffering.

As a direct and proximate result of such negligence, grossly negligent acts, wantonness, breach of the duty of care, breach of trust, recklessness, bad faith, fraudulent concealment, negligent supervision, failure to supervise: the acts and omissions of the defendants caused Plaintiff's Hernia to enlarge, health to deteriorate and denied him

11

access to medical care by a qualified licensed physicians resulted into severe bodily harm, including great pain and physical suffering, severe mental anguish and/or emotional distress.

Plaintiff alleges that the pain and suffering, enlargement of his hernia, restriction of his activities, was proximately caused by the defendants hiring unqualified persons, and failing to train, supervise, and discipline them. Also, to the extent Plaintiff alleges that PHS and CMS's employee was incompetent and that PHS and CMS knew of their incompetence. Plaintiff basis his allegations on a claim alleging negligent entrustment, negligent hiring, when William Hobbs was acting within the line and scope of his employment.

In furtherance of said:

(a)    Defendants without just cause or excuse, negligence, wantonness, willfulness, or breach of a contractual duty to provide adequate care by PHS and CMS in its hiring, training, staffing, etc., which negligence, wantonness, willfulness, or breach, the plaintiff alleges, proximately caused the deteriorated health, denial of medical treatment, pain and suffering, emotional distress.

(c)    Defendants failed to screen, or improperly screened, and/or were otherwise negligent, wanton or reckless in hiring William Hobbs at Correctional Medical Services, and Prison Health Services, Inc.

(c)    Defendants failed to properly and adequately train, supervise, and monitor the performance of, evaluate, and/or discipline their medical staff, doctors, at CMS & PHS.

(d)    Defendants assigned William Hobbs to give care to Plaintiff who was not competent, licensed or, who was unfit to provide and/or incapable of providing adequate medical care at PHS and CMS.

12

(e)    William Hobbs fraudulently placed himself out as a licensed medical doctor and unlawfully attempted to diagnose, treat plaintiff's injury which resulted into further injury and deteriorated health is the proximate cause to injury.

### COUNT I.

In committing the acts set forth hereinabove, defendants were without legitimate cause or justification did so, fraudulently concealed a material fact, induced the plaintiff to act or to refrain from acting, and that plaintiff suffered damages as a result of defendant's failure to disclose or conceal of Dr. Hobbs' expired medical license. - but were animated solely by malice towards plaintiff with the willful intent to injure plaintiff in his livelihood.

### COUNT II.

As a result of said malicious and wrongful acts, Defendant's departure from the standards of ordinary care, suppressed a material fact that he was not licensed to practice medicine; acted maliciously, fraudulently, and in bad faith, beyond his authority, recklessly, maliciously and wantonness, purported himself out as a licensed physician, attempting to diagnosed plaintiff and treat him without a valid medical license in the State of Alabama; and, also knew in 2006, there existed in the State of Alabama a statute, requiring all physicians to have a valid medical license § 34-24-50, and § 6-5-484, Code of Alabama, 1975 is the result an proximate cause to injury, pain and suffering and intentional infliction of emotional distress.

13

*COUNT III.*

Defendant William Hobbs, Prison Health Services, Inc., and Correctional Medical Services intentionally, maliciously suppressed a material fact.

*COUNT IV.*

Defendant PHS and CMS, were fraudulent, negligent, gross negligent, wantonness, recklessness, and breach of duty of care, breach of trust, misrepresentation, suppression, tort of outrageous conduct, did so, voluntary allowed, permitted, employed William Hobbs to perform medical services without a license is the proximate cause to injury, severe pain, no medical treatment, emotional distress, pain and suffering.

*COUNT V.*

As a result of said malicious and wrongful acts, defendant William Hobbs did so, maliciously, fraudulently and in bad faith, beyond authority, acted recklessly and with wantonness, *i.e.,* William Hobbs, violated § 34-24-50 – 51, & § 6-5-484, Code of Alabama, 1975, and the standard of ordinary care by fraud, misrepresentation, willfully, intentionally setting himself out as a licensed physician, practicing medicine without a valid Alabama medical license is the proximate cause to injury, pain and suffering and emotional distress.

*COUNT VI.*

Defendants PHS and CMS were also negligent:

a.    Failed to monitor the performance of, evaluate, and/or discipline their medical care personnel at Limestone Correctional Facility; and,

14

b.      Negligent in hiring, training, supervision over their employees; and,

c.      Failed to supervise William Hobbs mandating that he possess a valid medical license to practice as a physician in the State of Alabama is the proximate cause of injury leading to a deteriorated health, pain and suffering.

d.      William Hobbs as assigned personnel to give care to Plaintiff was not competent or was unfit to provide and/or incapable of providing adequate medical care at Limestone Correctional Facility.

## COUNT VII.

That as a further proximate result of defendant's negligent breach of the statute, as aforesaid, plaintiff has been compelled to endure pain and suffering resulting from an untreated hernia and has limited his daily activity.

## CONCLUSION

As a result of the negligence of the Defendants PHS, CMS and the injuries sustained by Plaintiff, the Plaintiff was and is forced to endure physical pain and suffering, emotional distress, unable to participate in work release, or any other lower custody programs available to other inmates due to his condition and the lack of treatment by a licensed physician, plaintiff is unable to engage in physical exercise, and in his usual daily duties, pleasures and recreations he had been accustomed and capable of engaging in prior to his injuries for a period from January 1, 2007 thru April 11, 2008. Plaintiff is enrolled in mental health programs for anxiety, depression, anger, distress

15

seeking treatment from medical personnel due to the acts and omissions of Defendants resulting into him being negligently treated by William Hobbs.

**Relief Requested:**

**WHEREFORE**, plaintiff request that the court grant the following relief:

A.   Issue a declaratory judgment stating that:

  1.   That the negligence on behalf of CMS and PHS in hiring, supervision of William Hobbs without a valid medical license, violated Plaintiff's Constitutional Rights, and is proximate cause to his injuries. [Plaintiff request at the approximate time at the declaratory hearing to amend the judgment request]

2.   Award compensatory damages in the following amounts:

1.   $100,000 jointly and severally against defendants Prison Health Services, Inc., and Correctional Medical Services.

  $200, 000 severally against defendant William Hobbs.

2.   Award punitive damage in the following amounts:

  $500,000 against PHS for maintaining Hobbs has their physician knowing he did not possess a medical license.

  $500,000 against CMS for hiring Hobbs knowing he did not posses a valid Alabama medical license and hiring him to perform medical services.

4.   $500,000 against William D. Hobbs, for practicing without a medical license and, criminal charges placed on him by the Attorney General Office for the State of Alabama.

Done this 2 Day April 2008

Marcellus Breach 160710

16

Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 25th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

17