## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2008 MAY -1  A ९: 28

C.  P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

MARCELLUS BREACH, #160710      *

    Plaintiff,      *

                    *     CASE NO: 2:06-cv-1133-MEF

Vs.      *

PRISON HEALTH SERVICES, INC., et. al.,      *

    Defendants.      *

### MOTION FOR RELIEF FROM JUDGMENT, RULE 60(B), FED.R.CIV.P. / NEWLY DISCOVERED EVIDENCE

[1]**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to _Rule 60(b),_ Fed.R.Civ.P., moves this court for relief from Judgment entered against him, denying plaintiff's application for preliminary injunction on _October 31, 2007,_ [**Court Doc. No. 193**] and Plaintiff's motions for independent physical examination.  [**Court Doc. No. 345**] Plaintiff argues **Exhibit "A"** is a true copy of a court document demonstrating William Hobbs did not have a valid medical license in Alabama constitutes newly

---

[1]    **Exhibit "A"**, is a true court document, notarized of Hobbs's medical license that are, were, expired at the time he submitted affidavits is perjury.

    Hobbs was a con man; he was supposedly the defendant "only" treating physician. Dr. Robbins, has never once, seen, treated, or examined Plaintiff's medical condition. Dr. George Lyrene has never once, seen, treated, evaluated or examined Plaintiff's medical condition. The only treating physician testimony in this case is from Dr. John A. Tassin, M.D., who recommended "Needs Repair".     There is no evidence available from a qualified treating physician and a qualified treating physician has not examined Plaintiff in this case.

1

discovered evidence that has been recently discovered, and there has been a miscarriage of justice in this case. Plaintiff continues to maintain that Defendants have demonstrated dishonest, fraud, misrepresentation and continues to present and argue perjurious facts knowing William Hobbs was committing criminal activity, i.e., practicing medicine without a valid license. Plaintiff states the Court this Court is a Court of Law, not a Court of Mockery. In further support plaintiff states:

1. Defendants have taken advantage of this Court and plaintiff who is a prisoner. Counsel for PHS has participated in fraud, presenting evidence to this Court that he knows is not true. Plaintiff moves for relief and that Motions for relief from judgment must be brought within a year after judgment if based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);" and/or "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." However, Rule 60(b) allows a court to entertain an independent action under certain circumstances regardless of the limitations of the rule. Rule 60(b) specifies the following:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28,

U.S.C., 1655, or to set aside a judgment for fraud upon the court. See, *McCarroll v. Aetna U.S. Healthcare*, 2007 U.S. Dist. LEXIS 50346 (S.D.Ala. 2007)

2.    The court adopted an extensive opinion from William Hobbs, and William Hobbs was not, is not, licensed to practice medicine is purely prejudice, and a miscarriage of justice. [See, Report and Recommendation, Doc. 193 at 9-10]

This court ruled:

> "Having reviewed Breach's request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Breach has failed to meet his burden as to this prerequisite. At this stage of the proceedings, Breach simply has not established a substantial likelihood of success on the merits...Breach also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction...." Id.

3.    Dr. Yerubandi, M.D., a licensed physician and general surgeon submitted several opinion explaining in details that plaintiff needs surgery as soon as possible ought to demonstrate substantial likelihood of success on the merits. The Evidence submitted by defendants is from a non-licensed prison doctor who cannot maintain employment and has committed a felony offense of practicing medicine without a license, ought to demonstrate irreparable harm because plaintiff has not been examined by a licensed qualified physician in this State when the fact is, Dr. Lyrene is not an expert in hernia repair, Lyrene has never once treated, seen, evaluated or examined Plaintiff's medical condition. Dr. Robbins also is not an expert in hernia repairs, and it is a fact the he has never

3

once, treated, seen, evaluated or examined Plaintiff's medical condition. Plaintiff has been injured and left without any medical treatment ought to demonstrate irreparable harm; relief from judgment ought to be warranted due to a miscarriage of justice. "[A]n independent action should be available only to prevent a grave miscarriage of justice." *U.S. v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 **L.Ed.2d 32 (1998).**

4.    *Exhibit "A"*, on <u>April 25, 2008</u>, plaintiff received confirmation that William Hobbs did not have a valid medical license from the Honorable Judge Michael L. Davis, Office of Probate Judge for Limestone County, Alabama that William Hobbs has been engaged in criminal activity to-wit: *Practicing Medicine Without a License*, § 34-24-51, Code of Alabama, 1975 a Class "C" Felony since <u>December 31, 2006</u> the every date that his <u>Alabama medical license expired, License No.: 00027666, Alabama Medical Licensure Commission.</u>

5.    On <u>September 17, 2007</u>, William Hobbs submitted an affidavit under oath, sworn that contains perjury, blatant lies. Hobbs stated:

> "My name is William D. Hobbs.  I am a medical doctor and **I have been a licensed physician** in the State of Alabama since 2006." [Id. at 1, Court Doc. No. 144, Exhibit "B", See also, Court Doc. # 248, Exhibit 2](emphasis "have been")

6.    On <u>July 13, 2007</u>, [*Court Doc. No. 86, Exhibit "A, " Hobbs*] defendant William Hobbs stated under oath:

"My name is William D. Hobbs.  I am a medical doctor and **I have been a licensed physician** in the State of Alabama since 2006." [Id. Doc. 86]

7.     Counsel through out this entire litigation has slandered Plaintiff while presenting false evidence to this court from William Hobbs who was not licensed and is not licensed to practice in Alabama since _January 1, 2007_; well after counsel submitted these perjurious affidavits clearly lying that he was "a licensed physician" is prejudice and a mockery of justice, defiles the very temple of justice.   Hobbs has not been licensed to practice medicine since December 31, 2006 and Hobbs has committed perjury, fraud, misrepresentation and caused injury leaving plaintiff in pain and blocking plaintiff from receiving surgery, and being examined by a surgeon resulting into the denial of preliminary injunction, and independent physical examination. See also, ***Court Doc. No. 345***  & Hobbs recent Affidavit: See, _Notice of Filing, PHS, William Hobbs, April 11, 2008, Court Doc. No. N/A_.  Hobbs stated he was a license[d] physician in Alabama since 2006, was a lie, and that he has held multiple jobs in correctional institutions is also a lie. [Id.]

### MEMORANDUM AT LAW / POINTS ON AUTHORITY

Hobbs blocked plaintiff from receiving necessary adequate medical care through means from a licensed physician qualified, actually licensed and actually performs hernia surgery.   ***[Court Doc. No. 345]*** Plaintiff has been

prejudiced and was denied an opportunity to be relieved from his pain and suffering in his application for preliminary injunction. [*Court Doc. No. 193*] This court adopted into the Record Hobbs's affidavit and Hobbs did not, and does not posses a valid medical license in Alabama.

What is interesting and a mockery, defendants presented this evidence from William Hobbs masquerade behind a nametag, *i.e.* **Medical Director** without a medical license, knowing all along he did not have a license.   It is a mockery for this court to accept and additional opinions from Hobbs rely on his opinions.   Plaintiff cannot practice law without a license and Hobbs cannot practice medicine without a license.  Plaintiff is without remedy and has suffered a serious injury, inflicted physical pain due to the actions of defendants. Plaintiff is prejudiced and testimony from Hobbs is objected to, and must be stricken.

### A. Federal Rule of Civil Procedure 60(b):

Plaintiff's Rule 60(b) Motion seeks relief from the Court's *October 31, 2007,* Order denying preliminary injunction [*Court Doc. No. 193*] and also, *April 17, 2008,* Order denying independent physical examination. [*Court Doc. No. 571-1*] alleging that said orders were obtained by "fraud upon this Court".

Fed. R. Civ. P. 60(b) states in pertinent part:  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative

from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud [whether Hobbs committed perjury stating he was licensed to practicing medicine when he was not], misrepresentation, or other misconduct of an adverse party; . . .The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court . . . to set aside a judgment for fraud upon the court. . . .Fed. R. Civ. P. 60(b)(emphasis added).

The Rule 60(b) Motion uses some variation of the phrase "fraud upon this Court" "misrepresentation" "perjury" Plaintiff quotes Fed. R. Civ. P. 60(b)(3). Rule 60(b) Motion.

The alleged fraud in this case prevented the Plaintiff from gaining access to an impartial system of justice. *See Securities Exch. Comm'n v. ESM Group, Inc.,* 835 F.2d 270, 274 (11th Cir. 1988)

Under the alternative grounds of *Rule 60(b)(3),* a court may grant relief from final judgment "if the moving party proves by clear and convincing evidence that an adverse party obtained the verdict through fraud, misrepresentation, or other conduct . . . The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case

or defense." *Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1287 (11th Cir.
2000).

Fraud on the court is defined as: embracing only that species of
fraud which does or attempts to, defile the court itself, or is a fraud perpetrated
by officers of the court so that the judicial machinery cannot perform in the usual
manner its impartial task of adjudging cases that are presented for adjudication,
and relief should be denied in the absence of such conduct. *ESM Group, Inc.,* 835
F.2d at 273 (citing *Travelers Indemnity Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir.
1985) (per curiam)). Whereas fraud between the parties must be brought to the
court's attention within one year after judgment is entered, fraud that prevents
the functioning of the judicial process does not have to brought within any
specific period of time. *ESM Group, Inc.,* 835 F.2d at 273.

Counsel submitted each pleading in behalf of William Hobbs. *Rule 11,
Federal Rules of Civil Procedures,* provides that the signature of an attorney or
party constitutes a certificate by the signer that the signer has read the pleading,
motion, or other paper; that to the best of the signer's knowledge, information,
and belief formed after reasonable inquiry it is well grounded in fact and is
warranted by existing law or a good faith argument . . . ." This rule incorporates
an objective standard by "stress[ing] the need for some pre-filing inquiry into
both the facts and the law to satisfy the affirmative duty imposed by the rule."

*Donaldson v. Clark*, 819 F.2d 1555-56 (11th Cir. 1987)(en banc)(quoting Advisory

Committee Note to Rule 11, as amended in 1983).

### CONCLUSION / RELIEF

Defendants' actions ought not to be tolerated anymore by the court.

Enough is enough. Plaintiff has been severely prejudiced by the conduct of the

defendant and counsel representing him. This conduct displays a complete

mockery of justice and offends the integrity of the United States District Court.

In this case, the only evidence from a treating physician is from Dr. John A.

Tassin, M.D., which was presented by the plaintiff and counsel for PHS pounded

to this court that Dr. Tassin and the Louisiana medical records did not exist.

> ¶ 8. "Yerubandi's affidavit references medical records of
> Marcellus Breach specifically records from "South Louisiana
> Correctional Center." Throughout this entire litigation, no such
> records have <u>ever been produced, identified, seen, or marked as
> exhibit by Mr. Breach</u> . . . ." *Id.* [**Court Doc. No. 55**]

***WHEREFORE, premises considered***, plaintiff request this Court grant him

relief and order an independent physical examination immediately, also

regarding the preliminary hearing that this Court strike the affidavits from the

Record from William Hobbs that this court adopted in its opinion and grant what

this court deems appropriate and fair under the law.

Done this 28th Day April 2008.

*[signature]*

9

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 29th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach



100 SOUTH CLINTON STREET
SUITE D
ATHENS, AL 35611

phone  256-233-6427
fax    256-233-6474
email  judge@pcinet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710
Limestone C.F. Dorm D
28779 Nick Davis Rd.
Harvest, AL  35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any
document regarding *William E. Hobbs*. We did however find a license on
***William Douglas Hobbs, M.D.***  I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey
Probate Clerk

btb

enclosure

*Exhibit A*

```
RLPY    2006  63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL
```

```
Recording Fee        4.00
TOTAL                4.00
```

ALABAMA MEDICAL LICENSURE COMMISSION

**WILLIAM DOUGLAS HOBBS, M.D.**
**PO BOX 148**
**ELKMONT, AL 35620-0148**

Is entitled to practice medicine in
Alabama. Registration expires
**December 31, 2006**

**LICENSE# 00027666**          CHAIRMAN

*This is True Copy Of*
*My MEDical LiCENESURE*
*for Alabama.*

*William Douglas Hobbs, MD*
*27 Sept 2006*

I, Michael L. Davis, Judge of Probate in and for Limestone
County, Alabama do hereby certify the above and foregoing
is a true and correct copy of the above instrument which
was filed in this office on 27th day of Sept 2006
Given under my hand and official seal of office this 22 nd