IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

 Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

 Defendants.

CASE NO: 2:06-cv-1133-MEF

## MOTION FOR ORDER THAT FACTS BE TAKEN AS ESTABLISHED / ADMISSION BY PARTY OPPONENT

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," moves this court to for an order that the below set out facts be taken as established pursuant to *Rule 801(d)(2)(A)&(D)*, Federal Rules of Evidence. In further support plaintiff states as follows:

I. *Introduction:*

William Hobbs **is not a licensed physician** nor was he licensed in Alabama at the time of this action, and at the very time he submitted various affidavit offering testimony in this case. William Hobbs was not "a license physician" and he committed a criminal offense of practicing medicine without a license. § 34-24-51, Code of Alabama, 1975. However, plaintiff request that the only truthfulness stated by Hobbs be accepted and taken as established.

1

2.  Plaintiff has submitted the very medical license of William Hobbs to this court for review in plaintiff's motion entitled: "<u>Motion for Relief From Judgment, Rule 60(b)/Newly Discovered Evidence</u>" filed in conjunction with this request.

3.  PHS counsel participated in this fraud upon the court, submitting several of William Hobbs's affidavits under oath purporting himself out, as "a licensed physician" is perjury, fraud, misrepresentation: Hobbs's **Alabama Medical License 00027666 have been expired since <u>December 31, 2006.</u>**  This Court must strike this "foul odor" in this case from <u>each and every affidavit</u> submitted by counsel representing William Hobbs when Attorney Paul James, Jr., (JAM 017) is just as <u>guilty of fraud</u>, <u>misrepresentation</u>, and he did so, participated in this illegal act, unethical practice, directly in the eyes of this Court of Law -- now proven as blatant perjury.  William Hobbs knew his licensed were expired but proceeded to lie anyway.

4.  Plaintiff request that the court enter the following admission from Hobbs as deemed established, the Protocol.

II.  *The below mentioned requested facts by William Hobbs are requested to be accepted and taken as established:*

5.  Defendant <u>William Douglas Hobbs</u> stated on <u>*September 17, 2007,*</u> to this court, under oath, based on <u>personal knowledge</u> in several sworn affidavits: [*Court Doc. No. 144 & 249, Aff'd Hobbs Exhibit "B"*]:

> " . . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol

states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced . . . If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired." [Id. at 3, ¶ 3]

6.  On *July 13, 2007*, [*Court Doc. No. 86, Exhibit "A" Hobbs*,] Defendant William D. Hobbs, stated under oath, based on personal knowledge in his Answer and Supplemental Special Report as follows:

> ""In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced . . . . " [*Id. at 4, ¶ 1, see also, Court Doc. No. 86-2, Exhibit A to the July 13, 2007 PHS Defendants' Supplemental Special Report (July 13, 2007 Affidavit of William Hobbs at 2-3, Report and Recommendation Doc. No. 193*]

7.  Plaintiff moves the court for an order that the admissions by William Hobbs be taken as established facts Hobbs's statements constitutes an admission by party opponent, pursuant to *Federal Rule of Evidence* 801(2) and therefore is admissible.

### MEMORANDUM AT LAW / POINTS ON AUTHORITY

The only truthfulness Hobbs has presented in his multiple affidavits is addressing the Alabama Department of Correction's Protocol and what it states. All other testimony from Hobbs is irrelevant, and inadmissible. Pursuant to Rule 801 of the Federal Rules of Evidence permits the admission of statements offered against a party that is the party's own statement in either an individual or representative capacity. **See** *Fed.R.Evid.*

801(d)(2)(A). *Fed.R.Evid.* 801(d)(2)(D) (admission by party opponent does not constitute hearsay); *Fed.R.Evid.* 806 (hearsay exception for purposes of impeachment).

In further support Plaintiff argues the evidence at issue would likely be admissible at trial. **See e.g.,** 31 *Charles Alan Wright & Victor James Gold, Federal Practice & Procedure* 7105 (2000) ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request."); F.R.E. 803(6) (hearsay exception for business record); *Fed.R.Evid.* 801(d)(2)(D) (admission by party opponent does not constitute hearsay); *Fed.R.Evid.* 806 (hearsay exception for purposes of impeachment).

Fed. R. Evid. 801(d)(2)(D) provides, in pertinent part, as follows: Statements, which are not hearsay. A statement is not hearsay if (2) Admission by party-opponent. The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

**WHEREFORE, *premises considered*,** plaintiff request that this Court issue an order that William Hobbs's statement outlined above be taken as established.

Done this 28th Day April 2008.

/s/ Marcellus Breach
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 29th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach