IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

    \* CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

*MOTION IN REQUEST FOR AN AMENDMENT TO COURT ORDER NO. 595*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to this Court recent <u>April 24, 2008</u> order, **Court Doc. No. 595,** directing defendant <u>Michael E. Robbins, M.D.</u>, to provide the court with more definite statement. Plaintiff request that this Court consider the production of Robbins's current medical license on file with the Probate Court for Montgomery County, Alabama or, the County he is registered under Kilby Correctional Facility. In further support, good cause exist:

1.     **Exhibit "A"** is the <u>July 12, 2007,</u> written affidavit and medical opinion from defendant William Hobbs, a unlicensed physician in Alabama. William Hobbs stated to this court :" <u>I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006."</u> That was a lie! Hobbs's medical license expired on <u>December 31,</u>

1

<u>2006,</u> seven (7) months before he submitted his affidavit stating: "I have been a licensed physician in Alabama since 2006 . . . . ". [ **Court Doc. No. 86**]

2.      ***Exhibit "B"***, is the <u>September 12, 2007,</u> written affidavit and medical opinion from defendant William Hobbs, a <u>non-licensed physician in Alabama</u>. William Hobbs stated again, two (2) months after his <u>July 12, 2007,</u> sworn affidavit: "I have been a licensed physician in Alabama since 2006. . . . "  Here's another lie!  His license expired on <u>December 31, 2006</u>.  Hobbs  <u>was not licensed,</u> he lied and defendants are vague in asserting their medical qualifications. [**Court Doc. No. 144**]

3.      ***Exhibit "C"*** is a true court document of William Hobbs's medical license reflecting **License No. 00027666** Expired on **December 31, 2006**, with the Alabama Medical Licensure Commission.  But, Hobbs stated in July and <u>September 2007,</u> "I have been a license physician in Alabama since 2006".  He didn't disclose to this court his Alabama medical licenses were in fact expired!

4,      Plaintiff has checked with Linda Dickey the License Inspector for Montgomery County, Alabama.  Dr. Robbins does not have a state/county business license on file with the Clerk's Office in Montgomery, Alabama. Although he stated he no longer practices in private practice; the danger is, the court has opinions from Robbins and he <u>is not licensed to practice medicine in society</u>.  He <u>is only licensed in a prison surrounding,</u> and he attempts to act as if he is a surgeon, plaintiff objects.

5.      Plaintiff argues that this court directed Robbins to file a supplemental affidavit that identifies (i) the date he graduated from medical school, (ii) the institution of higher education from which he obtained his medical degree, (iii) the date he because certified in internal medicine, (iv) the date he first became licensed to practice medicine, (v) the date his initial license to practice medicine in the State of Alabama, and (v) whether he is currently licensed to practice medicine in this state.

It is too easy for Robbins to simply state yes, and provide dates. Hobbs did that, and it has been proven to be a lie. Plaintiff request Robbins to produce his current Alabama medical license with the *Alabama Medical Licensure Commission* that is on file. Plaintiff argues such production is a matter of public information under § 34-12-40, Code of Alabama, 1975. His medical license if, current; must be on file under Statutory law, § 34-24-164, Code of Alabama, 1975.

**WHEREFORE,** *premises considered*, plaintiff request Robbins produce his medical license under the freedom of information act, and Hobbs has clearly demonstrated that defendants will not hesitate to commit perjury, knowingly in this court without punishment.

Under the penalty of perjury I attest that the foregoing is true and correct to the best of my ability, knowledge and information under 28 U.S.C. 1746.

This 29th Day April 2008.

*[signature]*

3

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 30th Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501

Montgomery, Alabama 36101
Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

4




MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA 35749

Legal Corr

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, (AIS # 160710) | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, et al., | * | |
| Defendants. | * | |

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, _James Bailey Jr._, a notary public in and for said County and State, personally appeared **WILLIAM D. HOBBS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William D. Hobbs. I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006. I have served as the Site Medical Director for Limestone Correctional Facility in Athens, Alabama since October of 2006. I have been employed with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates since my employment began at Limestone. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Limestone Correctional Facility. Mr. Breach was transferred to Limestone Correctional

Facility on March 23, 2007. I am familiar with Mr. Breach and have been actively involved with the medical services provided to him at Limestone.

It is my understanding that Mr. Breach has requested to be seen by a medical examiner for an independent physical exam for complaints related to his hernia. As I previously stated in my initial affidavit, Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole."

It is my opinion that Mr. Breach does not need to be seen by a medial examiner for an independent physical examination to determine whether or not surgery is necessary. Mr. Breach does not have a right Direct, Indirect or Femoral Hernia. Mr. Breach does not have a left Indirect or Femoral Hernia. He does have a large, easy to reduce direct inguinal hernia on the left.

As previously stated in my initial Affidavit, as a general rule, a hernia does not progress quickly and there are instances where a person has a hernia for many years and may never require surgery for repair. Hernia repair is an elective surgery. The danger of waiting for a hernia to become incarcerated or strangulated is not high and emergencies involving hernias do not develop often.

We are treating Mr. Breach with restrictions related to lifting, walking, standing and wearing a truss in an attempt to keep his hernia from becoming larger. A truss is used to decrease discomfort and to decrease the possibility of the hernia becoming larger. If Mr. Breach would follow the instructions provided to him and the restrictions placed on him by PHS physicians and if he would wear the truss prescribed for him, those things would in fact keep his hernia from progressing.

2

I have not seen Mr. Breach since April 30, 2007. He has not been seen in the emergency room at our Healthcare Unit nor has he filed a sick call request requesting an appointment to be seen by me. On April 30th, Mr. Breach was given a prescription for a 90-day supply of pain medicine which has since expired. If Mr. Breach's condition is as he describes (unusual and burning pain/progressively worsening), it would seem he would have made an attempt to be seen in the emergency room or show-up for sick call requesting an appointment with me.

I would like to reiterate that Mr. Breach's hernia is not life threatening and does not require surgical intervention and I believe surgery is not medically necessary. His hernia is easily reducible, non-strangulated, and is not incarcerated. Surgery is not his only option and it is not medically necessary.

I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced. Mr. Breach is not in imminent danger and his hernia is not life threatening. If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired.

It is also my understanding that Mr. Breach has made an allegation that I am currently under investigation by the Medical Board of Examiners. This allegation is completely untrue, as I have never been made aware of any Complaint filed against me.

With respect to an incident involving inmate, Jackie Morrow, Mr. Morrow did have an infected incision due to a surgery performed by a surgeon prior to Mr. Morrow being transferred to Limestone Correctional Facility. Mr. Morrow's incision was infected and I did treat his

3

incision, but my treatment did not cause gangrene or a staff infection. Mr. Morrow was also sent back to this surgeon for follow-up care and treatment of this infected incision."

Further affiant sayeth not.

_____
WILLIAM D. HOBBS, M.D.


STATE OF ALABAMA    )
                    )
COUNTY OF St. Clair )


    Sworn to and subscribed before me on this the 17th day of Sept, 2007.

_____
Notary Public
My Commission Expires:

9-3-2010

4

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, (AIS # 160710) | * |
| Plaintiff, | * |
| V. | *   2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, et al., | * |
| Defendants. | * |

## SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, James Bailey JR, a notary public in and for said County and State, personally appeared **WILLIAM D. HOBBS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William D. Hobbs. I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006. I have served as the Site Medical Director for Limestone Correctional Facility in Athens, Alabama since October of 2006. I have been employed with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates since my employment began at Limestone. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Limestone Correctional Facility. Mr. Breach was transferred to Limestone Correctional

Facility on March 23, 2007. I am familiar with Mr. Breach and have been actively involved with the medical services provided to him at Limestone.

It is my understanding that Mr. Breach has requested to be seen by a medical examiner for an independent physical exam for complaints related to his hernia. As I previously stated in my initial affidavit, Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole."

It is my opinion that Mr. Breach does not need to be seen by a medial examiner for an independent physical examination to determine whether or not surgery is necessary. Mr. Breach does not have a right Direct, Indirect or Femoral Hernia. Mr. Breach does not have a left Indirect or Femoral Hernia. He does have a large, easy to reduce direct inguinal hernia on the left.

As previously stated in my initial Affidavit, as a general rule, a hernia does not progress quickly and there are instances where a person has a hernia for many years and may never require surgery for repair. Hernia repair is an elective surgery. The danger of waiting for a hernia to become incarcerated or strangulated is not high and emergencies involving hernias do not develop often.

We are treating Mr. Breach with restrictions related to lifting, walking, standing and wearing a truss in an attempt to keep his hernia from becoming larger. A truss is used to decrease discomfort and to decrease the possibility of the hernia becoming larger. If Mr. Breach would follow the instructions provided to him and the restrictions placed on him by PHS physicians and if he would wear the truss prescribed for him, bose things would in fact keep his hernia from progressing.

2

I have not seen Mr. Breach since April 30, 2007. He has not been seen in the emergency room at our Healthcare Unit nor has he filed a sick call request requesting an appointment to be seen by me. On April 30th, Mr. Breach was given a prescription for a 90-day supply of pain medicine which has since expired. If Mr. Breach's condition is as he describes (unusual and burning pain/progressively worsening), it would seem he would have made an attempt to be seen in the emergency room or show-up for sick call requesting an appointment with me.

I would like to reiterate that Mr. Breach's hernia is not life threatening and does not require surgical intervention and I believe surgery is not medically necessary. His hernia is easily reducible, non-strangulated, and is not incarcerated. Surgery is not his only option and it is not medically necessary.

I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced. Mr. Breach is not in imminent danger and his hernia is not life threatening. If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired.

It is also my understanding that Mr. Breach has made an allegation that I am currently under investigation by the Medical Board of Examiners. This allegation is completely untrue, as I have never been made aware of any Complaint filed against me.

With respect to an incident involving inmate, Jackie Morrow, Mr. Morrow did have an infected incision due to a surgery performed by a surgeon prior to Mr. Morrow being transferred to Limestone Correctional Facility. Mr. Morrow's incision was infected and I did treat his

3

incision, but my treatment did not cause gangrene or a staff infection. Mr. Morrow was also sent back to this surgeon for follow-up care and treatment of this infected incision."

Further affiant sayeth not.

WILLIAM D. HOBBS, M.D.

STATE OF ALABAMA       )
                       )
COUNTY OF St. Lucae    )

Sworn to and subscribed before me on this the 17th day of Sept, 2007.

Notary Public
My Commission Expires:
9-3-2010

4

# EXHIBIT "C"



100 SOUTH CLINTON STREET
SUITE D
ATHENS, AL 35611

phone 256-233-6427
fax   256-233-6474
email judge@pcinet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710
Limestone C.F. Dorm D
28779 Nick Davis Rd.
Harvest, AL  35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any document regarding *William E. Hobbs*. We did however find a license on ***William Douglas Hobbs, M.D.*** I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey
Probate Clerk

btb

enclosure

TO SERVE THE PEOPLE

400c

```
RLPY    2006  63501
Recorded In Above Book and Page
     09/27/2006 02:03:24 PM
         Michael L. Davis
         Judge of Probate
        Limestone County, AL
```

Recording Fee       4.00
TOTAL               4.00

---

**ALABAMA MEDICAL LICENSURE COMMISSION**

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama. Registration expires
December 31, 2006

LICENSE# 00027666                    CHAIRMAN

---

*This is True Copy of
My Medical Licensure
for Alabama.*

*William Douglas Hobbs, MD*

*27 Sept 2006*

I, Michael L. Davis, Judge of Probate in and for Limestone
County, Alabama do hereby certify the above and foregoing
is a true and correct copy of the, above instrument which
was filed in this office on 27th day of Sept 2006
Given under my hand and official seal of office this 22nd
day of April 2008

*Michael L. Davis*
Judge of Probate