IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### PLAINTIFF'S WRITTEN OBJECTIONS TO COURT ORDER 601 & 602

[1]*COMES NOW*, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>April 29, 2008</u>, [*Court Doc. No. 601, 602*] in regards to

---

[1] Plaintiff has found no case law in the Eleventh Circuit where testimony for a non-licensed physician pertaining to the medical issue before the Court was admissible. Plaintiff objects to testimony offered in this case from William Hobbs, who did not, and does not as of April 22, 2008, possess a valid medical license. **His Alabama medical license expired on December 31, 2006. License No. 00027666.** The Magistrate Judge abused his discretion, and is plainly wrong entering inadmissible testimony, documents that are germane to the issue before the Court from a non-license physician.

Plaintiff has been repeatedly complaining to the Magistrate Judge about perjurious Affidavits. The Magistrate Judge has yet to take any action. William Hobbs not having a medical licensed, then offering several opinions to the Magistrate Judge, the Magistrate Judge adopting Hobbs opinions, without Hobbs possessing valid Alabama medical license is prejudice, bias, and PHS counsel knew, Hobbs did not have a valid license but nothing has been done about this unethical practice.

1

*"Notice of Objection to Admissibility of Evidence Submitted To The Court By Defendants' In Their Notice of Filing [Response To Court Doc. No. 453] April 9, 2008 and "Notice of Objection To Admissibility of Evidence Of An Affidavit By William Hobbs [PHS's Notice of Filing, Response To Court Order Doc. No. 504, March 10, 2008]* arguing prejudice because defendant William Hobbs was not "a license physician in Alabama" and he did not actual posses a <u>valid Alabama medical License and perjury is before the Magistrate Judge. Hobbs presented several medical opinions that the Magistrate Judge reviewed, and the prejudice is, Hobbs was not licensed.</u>

## *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [2] 28 U.S.C. § 636(b)(1)(a)(2004). Plaintiff files his written objection, specifically, pertaining to inadmissible evidence submitted by defendant William Hobbs a non-licensed physician to the Magistrate Judge and argues such is completely unethical, and inadmissible, William Hobbs, <u>did not, possess a valid medical license</u> and <u>he cannot testify to any matter pertaining to medical treatment,</u> nor pertaining to medical evaluations, examinations, treatment of

---

[2] <u>Objection.</u> Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc)*.

2

plaintiff's medical condition. Hobbs cannot submit medical documents to support his inadmissible opinions because he is incompetent, unqualified, and <u>not licensed to practice medicine</u>, nor was he licensed to practice medicine and offer opinions in this case, and at the outset of this action. William Hobbs has done nothing but lie, commit perjury, and leave plaintiff without any medical treatment causing his health to deteriorate. Hobbs's opinions are inadmissible evidence. In further support plaintiff states Hobbs is not, was not, a licensed doctor and was at the time of this action, committing criminal activity, practicing medicine without a license. It is basically perjury, fraud, and misrepresentation to the Court.

**Attachment:**

[3]**Exhibit "A"** a true copy of William D. Hobbs's medical license that *ARE* **expired** as of **December 31, 2006: License No. 00027666.** Before he filed multiple sworn affidavits to the Magistrate Judge stating he was a license physician in Alabama since 2006, was a lie and is perjury.

1.   *Court Doc. No. 599*, plaintiff moved to Strike, inadmissible evidence submitted by William Hobbs pertaining to a hernia. First, the evidence is due to be stricken because it is not, was not ever, being submitted by a "licensed"

---

[3] William Hobbs submitted several Affidavits against surgery, against an independent physical examination and he was not licensed at the time. July and September 2007, the Magistrate Judge adopted Hobbs's opinions, and Hobbs did not have a valid medical license. Plaintiff objects.

medical doctor. ***Exhibit "A"*** is a true copy of William Douglas Hobbs, Alabama medical license that were in fact, expired on **December 31, 2006, License No. 00027666.**

2. These materials submitted by Hobbs, were supposedly to come from him regarding to "reviewed materials" pertaining to plaintiff's challenge. **[Court Doc. No. 538]** and the Magistrate Judge directing Hobbs to supply the court and plaintiff with a copy of the "reviewed materials" **[Court Doc. No. 543.]**

3. Plaintiff argues that any and all medical opinions offered by William Hobbs are not admissible. Hobbs did not, posses a valid medical license and these materials are not admissible because they come from William Hobbs pertaining to a capacity of a licensed medical doctor.

4. William Hobbs stated on *March 10, 2008,* Court Doc. No. N/A in an affidavit: "I have reviewed materials that suggest the prospects of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into the scrotum. . . . " See also, ***Court Orders No. 469 & 504.***

5. William Hobbs was not a licensed medical doctor in this State at the time he stated this statement. He cannot review anything in the capacity of a doctor without a valid license. Plaintiff objects to the documents submitted by Hobbs as

4

not properly authenticated and they are inadmissible hearsay, coming from a non-licensed physician. *[Court Doc. No. 602]*

6.   **Court Doc. No. 601.**   Plaintiff objects to the Magistrate Judge entering a *boilerplate* denial of discovery challenges pertaining to William Hobbs when Hobbs does not, did not, possess a valid medical license when offering sworn testimony under oath to the Magistrate Judge.   On <u>April 25, 2008</u>, plaintiff filed a document entitled: "<u>Notice of Objection To Admissibility Of Evidence Of An Affidavit By William Hobbs [PHS's "Notice of Filing, Response To Court Order Doc. No. 504, March 10, 2008</u>] **Court Doc. No. N/A.**

Plaintiff argues, the Magistrate Judge's boilerplate denial of plaintiff's challenges denies his fundamental fairness, denies him the opportunity to challenge inadmissible testimony, especially opinions from William Hobbs who was not, is not, at the time during the pendency of this action "a licensed physician in the State of Alabama".   Plaintiff argues such action is bias, unfair, prejudice, one-sided --- favoritism and allows inadmissible testimony into the record. William Hobbs did not, posses a valid Alabama medical license from **January 1, 2007** thru **April 22, 2008**, at the Probate Court for Limestone County, Alabama. *Exhibit "A"*.

**WHEREFORE,** for OBJECTION purposes and exceptions, plaintiff moves this Court to sustain his objections and order the evidence submitted by a **non-licensed** physician William Hobbs, be stricken from the Record.

Done this 30th Day April 2008.

*/s/ Marcellus Breach*

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 1st Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

®  */s/ Marcellus Breach*
Marcellus Breach

MARCELLUS BREACH  160710
Limestone CF / Dorm K
28779 Nick Davis Road
Harvest, AL  35749-7009



LOUIS COMFORT TIFFANY

This correspondence is forwarded from
an Alabama State Prision. The contents
have not been evaluated, and the Alabama
Department of Corrections in not
responsible for the substance or content
of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTOMGERY, ALABAMA    36101

36101+0711-11  B007

# EXHIBIT "A"

460c

```
RLPY    2006  63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL
```

Recording Fee     4.00
TOTAL             4.00

---

**ALABAMA MEDICAL LICENSURE COMMISSION**

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama. Registration expires
December 31, 2006

LICENSE# 00027666          CHAIRMAN

---

This is True Copy of
My Medical Licensure
for Alabama.

William Douglas Hobbs, MD
27 Sept 2006

---

I, Michael L. Davis, Judge of Probate in and for Limestone County, Alabama do hereby certify the above and foregoing is a true and correct copy of the above instrument which was filed in this office on 27th day of Sept 2006. Given under my hand and official seal of office this 22nd day of April 2008.

Michael L. Davis
Judge of Probate