IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

*PLAINTIFF'S SECOND -- NOTICE OF OBJECTION TO ADMISSIBILITY OF EVIDENCE / AFFIDAVIT BY WILLIAM HOBBS [COURT DOC. NO. 144, Exhibit "B"]*

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," hereby files his notice of objection to admissibility of evidence stated in an Affidavit filed by defendant William Hobbs on _September 12, 2007_, [**Court Doc. No. 14, Def, Exhibit "B" Supplemental Affidavit William Hobbs**] filed by counsel for PHS as inadmissible evidence, perjury, bad faith, "_Sham_" affidavit to this Court, constitutes misrepresentation of fact.[1] In further support Plaintiff moves to exclude Hobbs affidavit

---

[1] Exhibit "A" is the Alabama medical license of William Douglas Hobbs issued and expired on December 31, 2006. **License No. 00027666.** The attached document is Court Records, from Limestone County, Alabama Office of the Probate Court as of April 22, 2008 Hobbs did not have a valid Alabama medical license. Hobbs was practicing medicine without a license and has repeatedly lied to the Magistrate Judge.

Exhibit "B" is the September 12, 2007 Affidavit. Court Doc. No. 144, Defendant's Exhibit "B", Aff'd Hobbs.
*Exhibit "C"* is William Hobbs's diagnosis of plaintiff medical condition.
§ 34-24-51, Code of Alabama, 1975 defines Practicing Medicine Without A License.

1

testimony in its entirety because he was not a licensed physician at the time offering such an opinion:

I.  *Request to Exclude:*

    **a.**  *Attached Exhibit "B, C"* **William Hobbs's Affidavit, Testimony Court Doc. No. 144, and the portion of the medical records being PHS Prison Health Services, Inc., Sick Call Request, April 26, 2007, (Hobbs's diagnosis, treatment, evaluation as inadmissible hearsay)**

*Authority:*

*Exhibit "A"*, demonstrates since <u>*January 1, 2007,*</u> one (1) year into this present litigation, William Hobbs's Alabama medical license were in fact, expired. William Hobbs <u>was not a license physician in Alabama authorized to legally practice medicine,</u> he did! *Exhibit "A"*.

The rule of law is that a party may challenge the admissibility of evidence of an affidavit by filing a notice of objections. *Jordan v. Cobb County, Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears, Roebuck and Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). On a motion for summary judgment, the Court can only consider admissible evidence or evidence that can be reduced to an admissible form. **See** *Denney v. City of Albany*, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001). William Hobbs's affidavit and the defendants attached *Exhibit "B"* to their <u>Supplemental Special Report</u> is inadmissible hearsay, unreliable testimony because William Hobbs <u>was not "a licensed physician"</u> in Alabama on neither <u>April 30, 2007,</u> or <u>September 21, 2007</u>. Defendants have attempted to

use this document and affidavit from William Hobbs in support of their motion for summary judgment must fail. This is inadmissible hearsay and thus insufficient to create an issue of fact. **See** *Macuba v. Deboer,* 193 F.3d 1316, 1322-23 (11th Cir. 1999) (a court generally cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion); **see also** Fed.R.Civ.P. 56(e) (requiring affidavits in opposition to summary judgment be made on personal knowledge and set forth facts as would be admissible in evidence). These conclusory allegations exhibits, and testimony by William Hobbs amounts to nothing more than rank speculation, and is the type of conjecture, which is insufficient to withstand a motion for summary judgment. **See** *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir. 1990). Thus, defendants fail to proffer sufficient evidence that William Hobbs is reliable, qualified, and competent to testify to plaintiff's medical condition.

### POINT A

***Attached Exhibit "B, C",*** Plaintiff challenges Defendant William Hobbs's Affidavit and his written diagnosis, and moves the Court to exclude his testimony, diagnosis, treatment, evaluation in its entirety, because such unreliable, incompetent, unqualified testimony from a non-licensed physician William Hobbs, is clearly inadmissible and hearsay, not based on personal knowledge pertaining to the plaintiff's medical condition before the Court; William D. Hobbs did not possess a valid Alabama medical license. Plaintiff presents soiled overwhelming evidence that William Hobbs disguised himself

behind a nametag, *i.e,* Medical Director, when the truth is, Hobbs <u>did not</u> possess a valid Alabama medical license is a mockery because Hobbs lied, manipulated the court asserting to believe he possessed a valid medical license as "a licensed physician" when in fact <u>he wasn't.</u>

William Hobbs most definitely, without question is prohibited from testifying to any matters pertaining to plaintiff's medical treatment <u>without a valid medical license</u>. What is most disturbing, Hobbs purported himself out as the defendant's treating physician, but he did not posses a valid medical license while participating in criminal activity by practicing medicine without a license.

Plaintiff moves to exclude William Hobbs testimony, diagnsis, evaluations in this case in their entirety as attached as <u>Exhibit "B, C",</u> and <u>Defendant's Supplemental Special Report</u> and <u>Defendant William Hobbs's Special Report</u> filed on <u>September 21, 2007,</u> as inadmissible, unreliable, unqualified, incompetent evidence. [**Court Doc. No. 144, Exhibit "B" Supplemental Affidavit William Hobbs**]

William Hobbs for convenience purposes, plaintiff has attached a copy of this affidavit challenged -- Hobbs blatantly lied to the Magistrate Judge. Hobbs stated:

> "**My name is William Hobbs. I am a medical doctor and <u>I have been a licensed physician</u> in the State of Alabama since 2006 . . . .** "[Id.] See, Exhibit "B".

William Hobbs <u>was not</u> "a licensed physician" makes him unqualified, unreliable, incompetent to testify to any medical matters before the Court when <u>at the time he filed</u>

4

his answer he did not have a valid medical license and his testimony in this case ought to be immediately stricken or excluded from the Record. See; *Exhibit "A, B"*.

The Court cannot allow inadmissible evidence into trial. William Hobbs's testimony is inadmissible hearsay, unreliable, incompetent and will not assist the jury; therefore William Hobbs will not defeat a summary judgment motion. **See** *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir. 1999) (stating that a court cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion). A reviewing court generally cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion. *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir. 1999

## *MEMORANDUM AT LAW/ POINTS ON AUTHORITY*

This case resolves around specialized knowledge under *Rule 701(c),* Fed.R.Evid. William Hobbs did not posses a valid Alabama medical license to practice medicine and he is most definitely unreliable, incompetent and cannot testify as to the issue before this court. His opinions, diagnosis and treatments are not worth the paper it is written on, it is most definitely *frivolous.*

William Hobbs does not qualify and he is unreliable to offer any type of medical testimony in the form of an opinion in this case because he did not possess a valid medical license.

Hobbs also does not qualify as an expert or a lay witness to the issue before the court under Rule 701(c) & 702 of the Federal Rules of Evidence. **See** *Daubert v. Merrell*

5

*Dow Pharm., Inc.,* 509 U.S. 579, 588 (1993). In *Daubert,* the Supreme Court concluded that Rule 702 governs the admissibility of expert testimony. **Id.** Rule 702 provides that:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. FED. R. EVID. 702. Pursuant to Rule 702, scientific expert testimony is admissible when: (1) the expert is qualified to testify competently; (2) the expert's methodology is reliable; and (3) the expert's testimony will assist the trier of fact to understand the evidence or to determine a fact in issue in the case. **Allison v. McGhan Med. Corp.,** 184 F.3d 1300, 1309 (11th Cir. 1999)."

The *Daubert* Court emphasized the district court's "gate keeping" role to ensure that scientific testimony is relevant and reliable before it is admitted as evidence. *Daubert,* 509 U.S. at 589. **See also** *Hudgens v. Bell Helicopters/Textron,* 328 F.3d 1329, 1342 (11th Cir. 2003) (noting "the repeated emphasis the Supreme Court has placed upon the district court's 'gate keeping' role in the determination of whether expert evidence should be admitted") This gate keeping obligation applies "not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and other specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999). The overarching goal of *Daubert's* gate keeping requirement is to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." **Id.** at 152.

There is no way possible defendants can offer any evidence else wise. Hobbs <u>did not possess a valid medical license in Alabama.</u> See, *Exhibit "A"*.

The Court must conduct a <u>*Rule 701*</u> scrutiny. Under <u>*Rule 701,*</u> a lay witness may offer opinion testimony where his opinions are "(a) rationally based on the perception of the witness, (b) helpful to clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." **Id.** William Hobbs without a valid medical license fails under Rule 701(c), to offer any evidence pertaining to plaintiff's medical condition.

The proponent of expert testimony bears the burden of demonstrating that the expert "is qualified to render an expert opinion, that the opinion is reliable, and that the opinion would assist the trier of fact in resolving a disputed issue of material fact." *McDowell v. Brown,* 392 F.3d 1283, 1298 (11th Cir. 2004). **See also,** *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1238 (11th Cir. 2005) (recognizing that "[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion") (citing **United States v. Frazier,** 387 F.3d 1244, 1260 (11th Cir. 2004)). As discussed below, defendants have not met their burden of showing that Hobbs is qualified, or that his opinions are reliable.

A party seeking to admit lay opinion testimony must satisfy the court, by a preponderance of the evidence, that the testimony meets the appropriate standards for admissibility under the Federal Rules of Evidence. **See Bennett v. PRC Public Sector, Inc.,**

931 F. Supp. 484, 490 (S.D. Tex. 1996) (Rule 701). **Cf. Allison v. McGhan Med. Corp.,** 184 F.3d 1300, 1312 (11th Cir. 1999) (Rule 702). <u>Rule 701</u> of the Federal Rules of Evidence, which took effect in December 2000, provides that a witness, who is not testifying as an expert, may offer opinions or inferences that are: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and(c) <u>not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.FED. R. EVID. 701.</u>

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Hobbs has no evidence that he has "personal knowledge" without a valid medical license. See, <u>Rule 602, Rule 703.</u> Because Hobbs did not posess a valid Alabama medical license, he has no personal knowledge to the medical issues pending before this Court. Plaintiff moves that his testimony be excluded for summary judgment review.

## *CONCLUSION*

<u>Rule 56(e)</u> makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e)(emphasis added).

William Hobbs, and it is clear, without a valid medical license in Alabama cannot show that he is competent to testify to the matters before this Court.

8

The requirements of Rule 56 make it plain that affidavits or depositions which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. **See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,** 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003)(Fuller, J.); **Story v. Sunshine Foliage World, Inc.,** 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). **Accord, Leigh v. Warner Bros., Inc.,** 212 F.3d 1210, 1217 (11th Cir. 2000). Testimony that fails to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. **See, e.g., Thomas,** 248 F. Supp. 2d at 1112; **Givhan v. Electronic Eng'rs, Inc.,** 4 F. Supp. 2d 1331, 1334 (M.D. Ala.1998)(DeMent, J.). However, the court need not strike the entire affidavit or deposition, rather it **may** strike or disregard the improper portions and consider the remainder of the testimony. **Id.** at 1334 n.2.

In this case, excluding defendant Hobbs's affidavit in its entirety is proper, because his affidavit is testimony around a medical capacity of a licensed physician, something he is not, was not at the time he submitted his affidavit.

This affidavit from William Hobbs in its entirety is nothing more than a Sham Affidavit submitted in bad faith must be excluded or Stricken from the Record along with the "PHS Sick Call" written diagnosis by written Hobbs stating plaintiff has a large direct inguinal hernia is a "sham" false affidavit, and the evidence is also false, unreliable because Hobbs is absolutely incompetent to testify to any matter pertaining to treatment in this case, he did not, does not have a valid medical license.

9

WHEREFORE, *premises considered*, plaintiff moves that this court *exclude Exhibit B, Court Doc. N0. 144*, Affidavit of William Hobbs are unreliable, not qualified, incompetent testimony and the attached *Exhibit "C"* written diagnosis from William Hobbs from the Record and from any review at summary judgment as inadmissible evidence.

Done this 1st Day May 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 2nd Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

**Rushton, Stakely, Johnston, Garrett, P.A**
P.O. Box 270
Montgomery, Alabama 36101

**Starnes & Atchison, LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach

# EXHIBIT "A"



100 SOUTH CLINTON STREET
SUITE D
ATHENS, AL 35611

phone 256-233-6427
fax   256-233-6474
email judge@pclnet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710
Limestone C.F. Dorm D
28779 Nick Davis Rd.
Harvest, AL 35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any document regarding *William E. Hobbs*. We did however find a license on **William Douglas Hobbs, M.D.** I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey
Bobbi Bailey
Probate Clerk

btb

enclosure

TO SERVE THE PEOPLE

4.00
c

```
RLPY    2006   63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL
```

Recording Fee       4.00
TOTAL               4.00

---

**ALABAMA MEDICAL LICENSURE COMMISSION**

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama. Registration expires
December 31, 2006

LICENSE# 00027666                    CHAIRMAN

---

*This is True Copy of
My Medical Licensure
for Alabama.*

*William Douglas Hobbs, MD*
*27 Sept 2006*

I, Michael L. Davis, Judge of Probate in and for Limestone
County, Alabama do hereby certify the above and foregoing
is a true and correct copy of the above instrument which
was filed in this office on 27th day of Sept 2006
Given under my hand and official seal of office this 22nd
day of April 2008

*Michael L. Davis*
Judge of Probate

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, (AIS # 160710) | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, et al., | * | |
| Defendants. | * | |

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, James Bailey JR, a notary public in and for said County and State, personally appeared **WILLIAM D. HOBBS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William D. Hobbs. I am a medical doctor and I have been a licensed physician in the State of Alabama since 2006. I have served as the Site Medical Director for Limestone Correctional Facility in Athens, Alabama since October of 2006. I have been employed with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates since my employment began at Limestone. I am personally familiar with all of the facts set forth in this Affidavit.

The Plaintiff, Marcellus Breach (AIS #160710), is currently incarcerated as an inmate at Limestone Correctional Facility. Mr. Breach was transferred to Limestone Correctional

Facility on March 23, 2007. I am familiar with Mr. Breach and have been actively involved with the medical services provided to him at Limestone.

It is my understanding that Mr. Breach has requested to be seen by a medical examiner for an independent physical exam for complaints related to his hernia. As I previously stated in my initial affidavit, Mr. Breach was first diagnosed with an inguinal hernia in 2005. An inguinal hernia occurs "when there is a small opening in the lining of the abdominal wall, and part of the intestine protrudes through this hole."

It is my opinion that Mr. Breach does not need to be seen by a medial examiner for an independent physical examination to determine whether or not surgery is necessary. Mr. Breach does not have a right Direct, Indirect or Femoral Hernia. Mr. Breach does not have a left Indirect or Femoral Hernia. He does have a large, easy to reduce direct inguinal hernia on the left.

As previously stated in my initial Affidavit, as a general rule, a hernia does not progress quickly and there are instances where a person has a hernia for many years and may never require surgery for repair. Hernia repair is an elective surgery. The danger of waiting for a hernia to become incarcerated or strangulated is not high and emergencies involving hernias do not develop often.

We are treating Mr. Breach with restrictions related to lifting, walking, standing and wearing a truss in an attempt to keep his hernia from becoming larger. A truss is used to decrease discomfort and to decrease the possibility of the hernia becoming larger. If Mr. Breach would follow the instructions provided to him and the restrictions placed on him by PHS physicians and if he would wear the truss prescribed for him, these things would in fact keep his hernia from progressing.

I have not seen Mr. Breach since April 30, 2007. He has not been seen in the emergency room at our Healthcare Unit nor has he filed a sick call request requesting an appointment to be seen by me. On April 30th, Mr. Breach was given a prescription for a 90-day supply of pain medicine which has since expired. If Mr. Breach's condition is as he describes (unusual and burning pain/progressively worsening), it would seem he would have made an attempt to be seen in the emergency room or show-up for sick call requesting an appointment with me.

I would like to reiterate that Mr. Breach's hernia is not life threatening and does not require surgical intervention and I believe surgery is not medically necessary. His hernia is easily reducible, non-strangulated, and is not incarcerated. Surgery is not his only option and it is not medically necessary.

I would like to further reiterate that hernia repair is an elective procedure and every hernia does not need to be repaired. In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced. Mr. Breach is not in imminent danger and his hernia is not life threatening. If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired.

It is also my understanding that Mr. Breach has made an allegation that I am currently under investigation by the Medical Board of Examiners. This allegation is completely untrue, as I have never been made aware of any Complaint filed against me.

With respect to an incident involving inmate, Jackie Morrow, Mr. Morrow did have an infected incision due to a surgery performed by a surgeon prior to Mr. Morrow being transferred to Limestone Correctional Facility. Mr. Morrow's incision was infected and I did treat his

3

incision, but my treatment did not cause gangrene or a staff infection. Mr. Morrow was also sent back to this surgeon for follow-up care and treatment of this infected incision."

Further affiant sayeth not.

*William D. Hobbs, MD*
WILLIAM D. HOBBS, M.D.

STATE OF ALABAMA    )
                    )
COUNTY OF St. _____ )

Sworn to and subscribed before me on this the 17th _____ day of Sept _____, 2007.

_____
Notary Public
My Commission Expires:

9-3-2010

4

# EXHIBIT "C"

*Same Problem!*



# PRISON HEALTH SERVICES, INC.
# SICK CALL REQUEST

Print Name: Marcellus T. Breach   Date of Request: 4/26/07
ID #: 160710   Date of Birth: 7/28/69   Location: D-195
Nature of problem or request: I'm having burning pain due to my hernia. It is causing me problems coughing, sneezing & bowel movements. On 3-21-06 Dr. Tassin said needs repair, I need surgery, aggravated hernia.

Signature

**DO NOT WRITE BELOW THIS LINE**

Date: ___/___/___
Time: _____ AM PM
Allergies: _____

RECEIVED
Date:
Time:
Receiving Nurse Initials _____

**(S)ubjective:** Lost truss

**(O)bjective (V/S):** T: ____ P: ____ R: ____ B/P: ____ WT: ____
Exam — No (R) Direct, Indirect inguinal Hernia
No left Indirect inguinal Hernia
Large easy to reduce direct inguinal Hernia on left.

**(A)ssessment:**

**(P)lan:** Same ventral Hernia truss
Sus orders

Refer to:  MD/PA   Mental Health   Dental   Daily Treatment   Return to Clinic PRN
CIRCLE ONE
Check One:  ROUTINE ( )   EMERGENCY ( )
If Emergency was PHS supervisor notified:  Yes ( )   No ( )
Was MD/PA on call notified:  Yes ( )   No ( )

SIGNATURE AND TITLE

WHITE:   INMATES MEDICAL FILE
YELLOW: INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT