### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

     Defendants.

\*

\*

\*     CASE NO: 2:06-cv-1133-MEF

\*

\*

\*

## NOTICE OF OBJECTION TO ADMISSIBILITY OF EVIDENCE  / AFFIDAVIT BY WILLIAM HOBBS COURT DOC. NO. 600 / REQUEST FOR SANCTIONS and / or Sua Sponta Rule 11 Sanctions

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," hereby files his notice of objection to admissibility of evidence stated in an Affidavit filed by defendant William Hobbs on _April 10, 2008_, in response to [**Court Doc. No. 545, 546 & 563, 562**] filed by counsel for PHS on **April 28, 2008, (Doc. # 600)**, as clearly inadmissible evidence, perjurious, fraud upon the court, misrepresentations. In further support Plaintiff argues as follows:[1]

---

[1] **Exhibit "A"** is William Hobbs medical license expired on **December 31, 2006. License No. 00027666.**
**Exhibit "B"**, one of multiple affidavits submitted by counsel from Hobbs, stating:"I have been a license physician in Alabama since 2006.  He did not say, his license are expired constitutes perjury, fraud because the Magistrate Judge believed Hobbs was in fact, a licensed physician and adopted his opinions ruling against surgery, and independent physical examination is prejudice, one-sided.  Plaintiff complained and complained to the Magistrate Judge about the dishonesty, and the Magistrate Judge will not, has not, taken action.

1

*OBJECTION:*

*a.      Plaintiff moves the Court hold William Hobbs affidavit as inadmissible "Sham" affidavit.  He did not have a valid medical license when he signed this affidavit, therefore he is not a licensed physician, i.e., irrelevant, waste of time, Rule 403 Fed.R.Evid..*

*Authority:*

Since *January 1, 2007*, well over one (1) year into the litigation, William Hobbs's Alabama medical license have been expired.  That is over enough time for counsel to have learned not to submit evidence, opinions, testimony from William Hobbs when Hobbs was not licensed. *Exhibit "A".*

The rule of law is that a party may challenge the admissibility of evidence of an affidavit by filing a notice of objections. *Jordan v. Cobb County, Ga.,* 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears, Roebuck and Co.,* 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). On a motion for summary judgment, the Court can only consider admissible evidence or evidence that can be reduced to an admissible form. **See** *Denney v. City of Albany,* 247 F.3d 1172, 1189 n.10 (11th Cir. 2001).

This affidavit is relevant, waste of time confusion, prejudice. *Rule 403,* Fed.R.Evid. Plaintiff moves to block Hobbs rendering any testimony or submitting any evidence to the

---

*Exhibit "C",* is the PHS medical record reflecting William Hobbs diagnosing plaintiff with Large Direct Inguinal Hernia.  This diagnosis is also inadmissible evidence.  Hobbs was not legally licensed to practice medicine in Alabama on April 30, 2007.

issue before the Court. Who cares how much education, training William Hobbs may have had pertaining to Hernias. It is irrelevant now!

The point is, at the time of this action, William Hobbs did not possess a valid medical license. Therefore, to the extent of each affidavit submitted by counsel for Hobbs is irrelevant, waste of time, inadmissible evidence and a jury cannot hear testimony for a non-license physician, William Hobbs pertaining to the issue before the Court.

*Introduction:*

A.    *Defendant's Sham Affidavit is Inadmissible:*

*Exhibit "A",* clearly debunks William Hobbs's perjury and participating in criminal activity by practicing medical without a valid medical license. William Hobbs was fired on *April 11, 2008,* as physician and Medical Director for CMS defendants. *Exhibit "A"* will clearly show William Hobbs's Alabama medical license were in fact expired seven (7) months before he decided to lie to this Court that he was "a license physician". *Secondly,* Counsel used infusion of perjury into the pretrial proceedings in an effort to gain an advantage over his opponent is recognized by the courts as a fraud on the court. Counsel on numerous occasions submitted affidavits from William Hobbs that are nothing more than perjury because Hobbs swore he was "a licensed physician" when in fact he wasn't, since *January 1, 2007.* Acts of perjury seriously undermine the very core of the judicial system. The presence of perjury in litigation emasculates justice and deprives the opposing party of a fair trial. *Exhibit "A",* demonstrates defendants elaborate scheme

involving perjury clearly qualifies as a willful deceit of the court designed to interfere egregiously with the court's administration of justice.  Counsel and Hobbs both, planned to mislead the Court thinking he possessed a valid medical license.

**B.**     *Exhibit "B", Plaintiff Objects To Counsel's Continued Abuse Submitting Perjurious Affidavits As Evidence in Support Of Their Motion For Summary Judgment, Opposition To Preliminary Injunction, Opposition To Independent Physical Examination, Knowing This Evidence Is False: Court Doc. NO. 600, Affidavit William Hobbs:*

**Exhibit "C"**, is Prison Health Services, Inc., Sick Call Request, dated April 30, 2007, and William Hobbs illegally practicing medicine without a valid medical license.  On *April 30, 2007,* Hobbs did not posses a valid medical license.  This Exhibit also, is objected to, and ought to be stricken from the Record -- the damage has been done.  Plaintiff continued to complain to the Magistrate Judge about the perjurious Affidavits that counsel continued to submit to the Court. The Magistrate Judge has done absolutely nothing but allow such unethical conduct. The dishonesty displayed by Hobbs and Counsel for PHS is what the Magistrate Judge relied on, quoting William Hobbs's opinions into the Record, denying preliminary injunction and independent physician examination is a miscarriage of justice.

**[*Court Doc. No. 193*]**

Once again, without any judicial action from the Magistrate Judge this conduct has been ongoing throughout this entire litigation. ***Exhibit "B"***, Counsel on *April 28, 2008,* (***Doc. # 600***) again, submitted another perjurious affidavit from William Hobbs who was not, "**a licensed physician in Alabama**" at the time he examined, evaluated, treated

plaintiff's medical condition has caused more injury and left plaintiff without treatment; constituting no treatment at all.

Plaintiff objects to the asserted testimony submitted by counsel from Hobbs as perjury:

**Court Doc. No. 600**, Affidavit Hobbs, page 3, ¶ 1 states:

**"I became a licensed physician in the State of Alabama in 2006 and practiced medicine at several correctional facilities in Alabama during that time. . . ."** [Id., See <u>Exhibit "B"</u> Affidavit Hobbs]

Yes, Hobbs became a licensed physician, but he didn't last long.

The "<u>Sham</u>" and fraud demonstrated in this affidavit is William Hobbs signed this *April 10, 2008*. His licensed had expired; such action is prima facie misrepresentation of fact demonstrated by Hobbs and counsel because they hid the fact, and did not disclose the fact that William Hobbs's medical licensed **were "Expired"**. *Exhibit B"* was signed on *April 10, 2008*, almost two (2) years after his license expired; Hobbs has been practicing medicine without a license and plaintiff objects to his affidavit, and his disingenuous statement is fraud and objected to arguing he cannot offer any testimony pertaining to surgery, or the plaintiff's medical condition in this case. Rule 701 & 702. Hobbs was not licensed on *April 30, 2007*, **Exhibit "C"**, the very date he examined plaintiff and since then, he has consistently submitting written opinions without a valid medical license. He cannot offer an opinion, testimony, treat, diagnose, basically, Hobbs cannot testify to any

other matter except as he has previously admitted that the ADOC has a Hernia Protocol and what that Protocol states. Other than that, Hobbs cannot testify to any other matter.

## C.    *Counsel's Continued Abuse:*

_Rule 3.3(a)(1)(2)(3),_ of the Alabama Rules of Professional Conduct states that a lawyer shall not knowingly (i) make a false statement of material fact or law to a tribunal; (ii) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; or (iii) offer evidence that the lawyer knows to be false. [Id.]

Counsel knew or reasonably should have known that he was submitting evidence to the court that is false.   Fed. R.Civ. P. 11, requires that the lawyer who elects to sign a paper take responsibility for it, even if that responsibility is shared among many lawyers. "taking responsibility" must include verifying that the drafter of a complaint is not acting contrary to the facts, as he knows them.   It also includes reading a pleading to which one's name is signed.   Rule 11, admits of no exceptions to its requirement that all reasonable attorneys will read documents prior to filing them with the court.

Counsel has apparently overlooked Rule 11 requirements.   This court must have a zero tolerance policy against fraud, perjury, and misrepresentation of facts.   Rule 11 contemplates that the attorney must continue to review his position to be sure that it is supported by facts and the law. ***Woodfork v. Gavin***, 105 F.R.D. 100, 104 (N.D. Miss. 1985). Counsel signed his name on (**Doc. # 600.**).   The Rule hold that when an attorney signs a

pleading or motion, he or she in essence certifies that he has drafted the document in good faith and that the allegations are true and not intended to delay the litigation or harass the opposition.    Sanctions are warranted when the defendants exhibit a "deliberate indifference" to obvious facts," . . . See, ***Davis v. Carl***, 906 F.2d 533, 537 (11th Cir. 1990); ***Threaf Properties, Ltd., v. Title Insurance Company of Minnesota***, 875 F.2d 831, 835-36 (11th Cir. 1989)

Sanctions are warranted when the defendants exhibit a "deliberate indifference" to obvious facts," . . . . See, ***Davis v. Carl***, 906 F.2d 533, 537 (11th Cir. 1990); ***Threaf properties Ltd., v. Title Insurance Company of Minnesota, 875*** F. 2d 831, 835-36 (11th Cir. 1989)

In addition, counsel's continues to 'ambush' this court throughout this entire litigations relying on dishonesty, perjury, misrepresentations 'backfires' as frivolous arguments, dilatory tactic intended to derail justice and not presented in good faith.

***Exhibit "A"***, William Hobbs medical license being expired on <u>December 31, 2006,</u> reveals that his perjury and recanting were both orchestrated to reap a tactical advantage over plaintiff because William Hobbs is debunked and now the evidence evinces that counsel misrepresented facts unto this Court that Hobbs had a valid medical license.

"A fraud upon the Court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing

party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1ˢᵗ Cir. 1989)(citations omitted)

²Several affidavits have been submitted by Hobbs in this case, [**Court Doc. No. 86, 81, 144, 145, 160, 184, 193, 336, 361**] are and will be challenged as inadmissible testimony coming from a physician who did not possess a valid medical license.

Counsel presented suborning, false, misleading testimony by not revealing Hobbs was in fact not licensed to practicing medicine at the time, and during the time of this action is the most unethical conduct plaintiff being a laymen has witnessed.   "The either swearing to facts as true which affiant knew was not true, or by swearing to his knowledge of fact when he knew he had no knowledge thereof, constituted perjury." *United States v. Smith*, 1856 D.C. Mass, 27 F. Cas. 116336

Sanctions are warranted when the [defendants] exhibit a "deliberate indifference" to obvious facts, . . . ." See, *Davis v. Carl*, 906 F.2d 533, 537 (11ᵗʰ Cir.  1990); *Threaf Properties Ltd v. Title Insurance Company of Minnesota*, 875 F.2d 831, 835-36 (11ᵗʰ Cir. 1989).

### RULES OF PROFESSIONAL CONDUCT VIOLATIONS
### MEMORANDUM AT LAW/POINTS ON AUTHORITY

In this circuit, a court confronted with a motion for sanctions first determines whether the party's claims are objectively frivolous – in view of the facts or law – and

---

² William Hobbs in **Doc. 86, 144 361**, specifically stated that he was a licensed physician in Alabama. The months were July, September, and December 2007.  He was purporting himself out as a licensed physician is fraud.

then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. See, *McGuive Oil Co., v. Mapco. Inc.*, 958 F.2d 1152, 1163 (11th Cir. 1992). If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Id.* see also, *Brown v. Minor Heights Fire Dist., (In re Brown)* 221 B.R. 849 LEXIS 769, May 8, 1998 (N.D. Ala. 1998). The reasonableness of the profiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)(en banc). The Supreme Court decision in *Pavelr & Leflore v. Marvel Entertainment Group*, 58 U.S. L.W. 4038, (Dec 5, 1989), the Court may award sanctions only against the party who signs the document or documents which are found to violate the rule. When an attorney signs a pleading or motion, he or she in essence certifies that he has drafted the document in good faith and that the allegations are true and not intended to delay the litigation or harass the opposition. The test in judging whether the conduct gives rise to [ ] sanctions is an objective one. See, *Committee Notes, Fed. R. Civ. P., 11 Advisory committed note.*

Rule 8.4(a)(c)(g), of the Alabama Rules of Professional Conduct, plaintiff alleged that counsel has committed malfeasance and intentionally "concealed evidence" from this

Court, submitted "Sham and Bad Faith Affidavits" containing perjury in an effort to gain

an advantage over his opponent has been consistently been held as fraud upon the court.

Pursuant to *Rule 3.4(a)(b)*, Rules of Professional Conduct states:

Rule 3.4(a)(b):

A lawyer shall not:

"(a)    'unlawfully obstruct another party's access to evidence or
unlawfully alter, destroy or conceal a document or other material having
potential evidentiary value. A lawyer shall not counsel or assist another
person to do any such act."

("(b)    'falsify evidence, counsel or assist a witness to testify falsely, or offer
an inducement to a witness that is prohibited by law."

William Hobbs's affidavit, ***Exhibit "B, C"***, falls within *Rule 3.3(a)(1)(2)(3)*, Rules of

Professional Conduct.    A false statement submitted to a tribunal is an unethical

approach and *Rule 3.3(a)(1)(2)* of the *Rules of Professional Conduct* prohibits such conduct.

*Rule 8.4* prohibits unethical conduct involving counsel engaging in the conduct involving

dishonesty, fraud, deceit or misrepresentation.

## *RULE 26, FED.R.CIV.P. "INITIAL DISCLOSURE" VIOLATIONS*

Counsel had until September 21, 2007, to file his supplemental special report. [***Court***

***Doc. No. 144, Exhibit "B", Aff'd Hobbs***] and he did, with perjurious testimony from

William Hobbs practicing medical without a valid medical license.

The provisions of *Fed. R. Crim .P. 16(c)* are applicable. It shall be the duty of counsel

for all parties to immediately reveal to opposing counsel all newly discovered information,

evidence, or other material within the scope of this Rule, and there is a continuing duty upon each attorney to disclose expeditiously.    _Rule 3.3(a)(1)(2)(3),_ Rules of Professional Conduct states:

"a"    A lawyer shall not knowingly:

(1)    make a false statement of material fact or law to a tribunal;

(2)    fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; or

(3)    offer evidence that the lawyer knows to be false. . . ."

On _April 28, 2008,_ counsel still withheld this evidence that Hobbs was not a licensed medical doctor.  Counsel's recent pleadings unto this Court contain "false statements" placed into the record without any factual basis and are not admissible testimony.

Fraud upon the court should embrace only that species of fraud, which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.   7 _**Moore, Federal Practice**_ para. 60.33 at 515 (1971). **See, e.g., _Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.,_** 616 F.2d 833 (5th Cir.1980).

### MEMORANDUM

Sanctions may also be required if an attorney fails to meet his "continuing obligation to review and reevaluate [his] position as the case develops." **Id.** at 1127 (citing **_Southern Leasing Partners_**, 801 F.2d at 788). Recently, plaintiff has given counsel for PHS

and CMS written notice of his intent to file for sanctions based on their failure to correct this perjury.

A document that initially satisfies the requirements of Rule 11 <u>may later turn out to be the basis for Rule 11 sanctions</u> as new facts are discovered which show that there is no longer an [objective] good faith basis for the document. <u>Upon discovering that a good faith basis no longer exists, it is incumbent upon the appropriate counsel and party to take necessary actions to ensure that the proceedings do not continue without a reasonable basis in law and fact.</u> The minimum requirements an attorney or party must take to fulfill the continuing obligation duty have not been set; they depend upon the facts of the particular case.

## CONCLUSION

Fraud upon the Court according to **Black's Law Dictionary** 686 (8th ed. 2004) defines "fraud on the court" as follows: "In a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding." *See Ex parte Free*, 910 So. 2d 753, 2005 Ala. LEXIS 2 (Ala. 2005) . [B] ad faith cannot be prompted by an honest mistake as to one's rights or duties but must result from some interested or sinister motive. Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will.

*Rapid Group, Inc. v. Yellow Cab of Columbus, Inc.*, 253 Ga. App. 43, 49, 557 S.E.2d 420 (2001) (citations and punctuation omitted.)

An <u>attorney's loyalty to the court</u>, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court. Fraud on the court is a species of fraud, which does or attempts to, subvert the integrity of the court itself. An attorney may commit fraud on the court not only through misrepresentation, but also through omission. The very <u>temple</u>      <u>of</u>      <u>justice</u>      <u>is</u>      <u>defiled</u>.

Conduct which fails to comport with the standards of integrity required by the judicial system must be discouraged in the strongest possible way. Attorney may commit fraud on the court not only through misrepresentation, but also through <u>omission</u>. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 1001, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944) ("It is a wrong ... which ... cannot complacently be tolerated consistently with the good order of society....involv[ing] two victims: the individual litigant ... and the court itself, whose integrity is compromised by the fraudulent behavior of its officers.) "The very temple of justice [is] defiled." *Universal Oil Products v. Root Refining Co.*, 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

Here, the conduct on display before this Court "fails to comport with the standards of integrity required by the judicial system [and] [s] uch misconduct must be discouraged in the strongest possible way." *Andrews v. Palmas De Majorca Condominium*, 898 So.2d

1066, 1070 (Fla. 5th DCA2005). And the Court ought to remain mindful of counsel's other machinations which led the Court to previously complaints of a foul odor wafting from this case, and to warn of its lack of tolerance for frivolity or bad faith conduct. See, *[Court Doc. No. 221 & 222 – Order No. 224]*

*WEREFORE, premises considered,* plaintiff request that this Court not tolerate the conduct represented by counsel, dishonesty, fraud, perjury, misrepresented facts, and order that sanctions be imposed, strike the statement that is misleading in William Hobbs's affidavit (*Doc. # 600*) his defenses in this case and grant what this Court deems appropriate.

Done this 1st Day May 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 2nd Day of May  2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101**

14

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach

# EXHIBIT "A"



100 SOUTH CLINTON STREET
SUITE D
ATHENS, AL 35611

phone  256-233-6427
fax  256-233-6474
email  judge@pclnet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710
Limestone C.F. Dorm D
28779 Nick Davis Rd.
Harvest, AL 35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any
document regarding *William E. Hobbs*. We did however find a license on
***William Douglas Hobbs, M.D.*** I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey
Probate Clerk

btb

enclosure

400
c

RLPY    2006  63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL

Recording Fee        4.00
TOTAL                4.00

ALABAMA MEDICAL LICENSURE COMMISSION

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama.  Registration expires
December 31, 2006

LICENSE# 00027666        CHAIRMAN

This is True Copy of
My MEDical Licenesure
for Alabama.

William Douglas Hobbs, MD
27 Sept 2006

I, Michael L. Davis, Judge of Probate in and for Limestone
County, Alabama do hereby certify the above and foregoing
is a true and correct copy of the above instrument which
was filed in this office on 27th day of Sept 2006
Given under my hand and official seal of office this 22nd
day of April 2008
Michael L. Davis
Judge of Probate

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, (AIS # 160710)           *

     Plaintiff,                                        *

V.                                                    *          2:06-CV-1133-MEF

PRISON HEALTH SERVICES, et al.,            *

     Defendants.                                     *

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, _Anna Talley_, a notary public in and for said County and State, personally appeared WILLIAM D. HOBBS, M.D., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

In response to the Order on Motion (document 556), the following is a list of my education, training, and experience in the medical field:

•     From 1962 thru 1965, I was involved in a Diploma Program, RN Degree in Flint, Michigan.

•     I served in Vietnam from 1966 to 1968.

•     From 1969 thru 1970, I attended Central Michigan University in Mt. Pleasant, Michigan and received my Bachelor of Science Degree.

•     From 1970 thru 1972, I did a Graduate Study at Central Michigan University in Mt. Pleasant, Michigan.

- From 1972 thru 1975, I attended Medical School at Michigan State University in East Lansing, Michigan.

- From 1975 thru 1979, I did my Internship and Residency in OB/GYN. (I have had major surgical privileges since 1977.) I have extensive training in abdominal surgery including hernia repairs (Ventral, Inguinal, and Femoral).

- During 1980, I practiced OB/GYN, family medicine, and emergency medicine in Michigan.

- In 1981, I did Emergency Training at Cook County in Chicago, Illinois.

- From 1982 thru 1985, I continued to practice OB/GYN, family medicine, and emergency medicine in Michigan.

- From 1985 thru 1995, I practiced OB/GYN and emergency medicine in Miles City, Montana.

- From 1995 thru 1998, I practiced general medicine in Haiti, Belize, Jamaica, and Cuba.

- From 1998 thru 2003, I practiced at Outreach Clinic in Guyana, South America.

- From 2003 thru 2004, I did a Family Practice Residency in New Brunswick, Canada.

- From 2004 thru 2006, I was a general practitioner in New Brunswick, Canada.

- During 2006, I also practiced at Correctional Facility in the State of Tennessee.

2

• I became a licensed physician in the State of Alabama in 2006 and practiced medicine at several correctional facilities in Alabama during that time. I have served as the Site Medical Director for Limestone Correctional Facility in Harvest, Alabama since October of 2006.

Further affiant sayeth not.

_William D. Hobbs, M.D._
WILLIAM D. HOBBS, M.D.

STATE OF ALABAMA    )
                    )
COUNTY OF _Limestone_ )

Sworn to and subscribed before me on this the ___10ᵗʰ___ day of ~~March~~ April, 2008.

_Anna Sharp Talley_
Notary Public
My Commission Expires: _2-16-2010_

# EXHIBIT "C"

*Same Problem!*



**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: _Marcellus T. Breach_    Date of Request: _4/26/07_
ID # _160710_    Date of Birth: _7/28/69_ Location: _D-195_
Nature of problem or request: _I am having burning pain due to my
hernia. It is causing my problems coughing,
sneezing + bowel movements. On 3-21-06 Dr. Tassin
Said needs repair, I need surgery_
_aggravated hernia._                    _Signature_

### DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:** _Lost Truss_

**(O)bjective** (V/S):  T: ____  P: ____  R: ____  WT: _n/a_

**(A)ssessment:** _Exam No ® Direct, Indirect or Femoral Hernia
No left Indirect or femoral Hernia
very easy to reduce
directed Inguinal Hernia
on left._

**(P)lan:**

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment   Return to Clinic PRN
                        CIRCLE ONE
Check One:  ROUTINE ( )     EMERGENCY ( )
    If Emergency was PHS supervisor notified:    Yes ( )    No ( )
    Was MD/PA on call notified:    Yes ( )    No ( )

_____
                        *SIGNATURE AND TITLE*