IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-CV-1133-MEF |
| | ) |
| PRISON HEALTH SERVICES, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON MOTION**

On May 7, 2008, the plaintiff filed a notice of objection (Court Doc. No. 630) in which he challenges the admissibility of an affidavit submitted by Dr. William Hobbs on July 13, 2007. In this document, the plaintiff complains that Hobbs' signature on the aforementioned affidavit is on a page separate from the certification of the notary.[1] The plaintiff argues that the foregoing fails to establish "that Hobbs was <u>present in front</u> of a notary when executing this document[]" and, therefore, requests that the court strike the affidavit as "questionable, improper and inadmissible." *Court Doc. No. 630* at 11. The court therefore construes this document to contain a motion to strike the challenged affidavit from review.

The notary public, James Bailey, certified that Hobbs "personally appeared" before him and after "being duly sworn [and] deposed" executed the affidavit. *July 13, 2007*

---

[1] Hobbs' signature appears on the bottom of page 4 of the affidavit while the notary certified execution of the affidavit on the next sequential page of the affidavit - page 5.

*Affidavit of William D. Hobbs, M.D. - Court Doc. No. 86-2* at 1.  The notary public then certified that the affidavit had been "sworn to and subscribed before" him.  *Id*. at 5.  Accordingly, it is

>ORDERED that the motion to strike affidavit be and is hereby DENIED.

Done this 7th day of May, 2008.

                    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE