IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

CASE NO: 2:06-cv-1133-MEF

## *MOTION TO FILE SUBPOENA IN REQUEST FOR AUTHENTIC DOCUMENTATION OF WILLIAM HOBBS'S MEDICAL LICENSE / CIVIL SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS UNDER RULE 45(a), Fed.R.Civ.P.*

[1]*COMES NOW*, the Plaintiff _Marcellus Breach_ (hereinafter "Breach") in proper person "Pro Se," moves this court in the interest of justice to allow him to file a subpoena decus tecum upon the Alabama Medical Licensure Commission for good cause because Hobbs on _August 24, 2006,_ **was only issued one (1) Alabama medical license**. This court **has two (2) sets of medical license on Hobbs**. This is unlikely. The only agency who can answer and explain how Hobbs was issued two of the very same medical license is the Alabama Medical Licensure Commission. The exhibit demonstrating Hobbs medical

---

[1] Although Plaintiff realizes that he has already asked this Court to be allowed to issue a Subpoena, Plaintiff request that this court be a little patient with him because serious concerns have risen regarding Hobbs's medical license. What he has submitted (I don't know) was not on file with the Probate Court. But what he was issued by the license commission is on file. What person just 33-days of being issued their medical license, file a license that contradicts what is on file with the Probate Court does not make sense. License No. 00027666 expired date December 31, 2006 is what was, now is, on file with the Probate Court. What Hobbs has submitted is questionable, it is very easy to change the 2006 to a 2008. Plaintiff request an authentic copy of his license from the Alabama Licensure Commission.

1

license Hobbs he has submitted, <u>is not, and was not ever once filed with the Probate Court for Limestone County, Alabama from August 24, 2006 through April 22, 2008.</u> Plaintiff request what he submitted be authentic and a true copy of an original. Which medical license is true is the question? Plaintiff states that this court must guard against any altered, fabricated evidence submitted to the court. In further support plaintiff states as follows:

1. This Court advised plaintiff that William Hobbs has submitted an "unknown" document containing an exhibit of his Alabama medical license in the State of Alabama issued on <u>August 24, 2006 and expiring on December 31, 2008</u>. [**Court Doc. No. 603-2.**] Plaintiff was not served and did not get a copy of this medical license.

2. This Court advised that based on the exhibit submitted by Hobbs that his license was issued *argundo* August 24, 2006 and expired December 31, 2008.

3. ***Exhibit "A"***, is an <u>authentic copy</u> of William Hobbs medical license. May the court please be patient while plaintiff explains?

    a. Hobbs's Alabama medical license was issued in 2006; <u>only one medical license.</u> Hobbs only filed <u>one license</u> with the Probate Court of Limestone County, Alabama and that medical license expired on <u>December 31, 2006.</u> **Exhibit "A".**

    b. **Exhibit "A"**, demonstrates that his license number # 00027666 was filed with the Office of Probate Court on <u>September 27, 2006</u> at 02:03:24 p.m., <u>some 33 days</u>

from August 24, 2006 he was issued his medical license. (There is no record of a expiration date 2008 on file, or any other medical license in Limestone County, Alabama.)

  c. <u>It is unlikely Hobbs was provided two (2) medical license in Alabama</u>. That isn't going to happen. Hobbs never once, filed with the Probate Court what he has submitted to this court. Hobbs never once, submitted what he now submits to the court to the Probate Judge and such in not on file. Statutory law requires Hobbs to file his license with the Probate Court, § 34-24-164, Code of Alabama, 1975, but Hobbs <u>did not, never once file</u> with the Probate Court <u>what he submits to this court</u> is questionable. How can Hobbs be licensed until December 31, 2008 when his <u>registered</u> medical license on file only 33-days after he received them; and, what he registered expired on December 31, 2006.

*Exhibit "A"* reflects his prospective license was issued perspective date August 24, 2006 until expired December 31, 2006. (Anyone can change a 6 to an 8, *i.e.*, 2006 to 2008, request authenticated true copy of his medical license on file with the licensure committee.).

4. Hobbs's documentation, (**Doc. 603-2,** referenced in this Court's Order of May 2, 2008 **Doc. 613, 614, 617** ) the court stated such was issued on August 24, 2006 wherein, defendant Hobbs is claiming that he had a license issued that was valid until December 31st, 2008; is peculiar in that the license that Plaintiff discovered from the Court of Probate issued and certified on September 27th, 2006, notes that his license EXPIRES on December

31st, 2006. How can a license issue retroactively to be prospective from the date of issue? Such, would supercede the license the first license? Clearly this could not be possible. Therefore, Plaintiff would request that the court and Plaintiff be provided with the aforementioned documentation, and request also one be submitted authenticated, whereby plaintiff could inspect said for forgery or manipulation on the part of the affiant.

5. It is unlikely that Hobbs could have had in his possession two (2) medical licenses issued by the licensure commission on August 24, 2006. The document that he has presented to this court and this court relied in issuing its orders denying plaintiff's relief ought to raise suspicion. Furthermore, plaintiff believes that the submitted document did not exist and requires strict proof thereof. Plaintiff requests an original, certified copy from the issuing authority.

6. In further support, what Hobbs has submitted to the court -- Hobbs was issued only one (1) medical license from the Alabama Licensure Committee on August 24, 2006 and expiring on December 31, 2006 or 2008, interesting just 33-days after Hobbs was issued this supposedly license Hobbs <u>never once</u>, filed it with the Probate Court; but, he did so, file his license **that expired on December 31, 2006, Exhibit "A"**. Why would Hobbs not file with the Probate Court what he submits to this court? But he does file his license and the license he registered with the Probate Court expired on <u>December 31, 2006.</u> *Exhibit "A".*

7.      The question is, Hobbs was issued a license on August 24, 2006, supposedly, which one, has yet to be confirmed, the court has two license, even it the same number what he submits was never once, filed with the Probate Court, but he possessed it from August 24, 2006, and never once filed it? But did file what plaintiff presents, is questionable?

Why did Hobbs register **Exhibit "A"   License No. 00027666 that expired on December 31, 2006**, and <u>not, register</u> what he has submitted to the court in <u>Court Doc. No. 603-2</u>, does not make any sense.

**Hobbs was issued only one (1) Alabama medical license in 2006 and now the court has two (2) separate medical license before it is too questionable.**

8.      Next, what license presented by Hobbs to the court as alleged expires on <u>December 31, 2008</u> **was not on file** with the Probate court; but Hobbs's Alabama medical license No. 00027666 is and was on file with the Probate Court for Limestone County, Alabama and expired on December 31, 2006.

In other words, Hobbs decided on <u>September 27, 2006 the date he registered his medical license with the Probate Court;</u> not **to file with the Probate Court what he now presents to this court – does not make any sense.**

9.      Hobbs's license presented to this court allegedly expires on December 31, 2008 was never once filed in the Probate Court from August 24, 2006, (date issued) through

April 22, 2008.   But, his license that did expired on December 31, 2006, **Exhibit "A"** is, was filed by Hobbs some 33-days after August 24, 2006 the date issued.

10.   On <u>September 27th 2006</u>, Hobbs went to the Probate Court and registered his medical license that plaintiff presents as **Exhibit "A"**.  Hobbs had well over enough time to file with the Probate Court what he has submitted to this court.  It does not make any sense.  What he presents must be confirmed.  Too many licenses both issued in 2006 but only one was filed to the Probate Court.

11.   On <u>September 27, 2006</u>, the date Hobbs registered his Alabama medical license No. 00027666, just 33 days after it was issued to him, and his license expired less than 3-months from the date it was issued and date he registered them with the Probate Court, it is very unlikely, Hobbs <u>withheld the license he has submitted to this court</u> and then, never once, file it with the Probate Court.  Just does not aid up, something is wrong with this picture.

12.   Hobbs alleged to this court that his medical license were issued on August 24, 2006, and does not expire until December 31, 2008.  If so, and if this is a true medical license, Hobbs registered one (1) month and three (3) days after he received his license being September 27, 2006, but he did not register what he has presented.  Why not, if it is a true medical license the normal person would have registered it.

13.   The Alabama medical license Hobbs did so, registered with the Probate Court expired on December 31, 2006.  What normal person would not register a current medical

license? Hobbs cannot, could not have had two (2) medical license issued at one time on August 24, 2006. One of these license could be false, and plaintiff is challenging the evidence as possible falsity, fabricated evidence. Now Hobbs claims to have had a license that expires on December 31, 2008. He never presented this 2008 license to the Probate Judge. Why?

    c.    What defendants presented is possibly a fabricated, alter license -- changing the 2006 to a 2008.

    d.    This supposable license was never filed with the Probate Court. Why would Hobbs not file his license that is good for two (2) years till 2008, when the license he did so file with the Probate Court was only good for three (3) months. That does not make since.

    c.    Hobbs is not going to be issued two of the same medical license on August 24, 2006. It is too atypical that the medical license Hobbs submits was issued on August 24, 2006, the question is, why didn't Hobbs file it on September 27, 2008, with the Probate Court when the license he did file, expired December 31, 2006? Why didn't he file it from August 24, 2006 through September 27, 2006 with the Probate Court? What he did file speaks for itself. Does not aid up!

14.    A subpoena is necessary to answer these strange questions regarding two separate medical license both issued in 2006, one expiring and the other not, does not make any sense -- because plaintiff has belief that defendants have altered the year from 2006 to a

2008. Plaintiff states this court ought to required a 'authenticate" medical license from William Hobbs.

15.   If this submitted license is on file with the Alabama Licensure Commission, then plaintiff has nothing to argue about.  However, plaintiff does not believe that the document submitted to the Court, first, it is not authentic, second could have been altered changing the date 2006 to a 2008.

   *WHEREFORE*, it is too uncommon for a medical doctor not to have his current permanent medical license on file, and in this case Hobbs did not, does not have what he submitted to the Court on file with the Court of Probate Court.  It does not add up.  Plaintiff requests that the Alabama Medical Licensure Commission confirm this medical license problem regarding this defendant.

This 5th Day May 2006.

*/s/ Marcellus Breach*

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 6th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

# EXHIBIT "A"

4.00
c

```
RLPY    2006  63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
       Michael L. Davis
       Judge of Probate
      Limestone County, AL
```

Recording Fee     4.00
TOTAL             4.00

---

**ALABAMA MEDICAL LICENSURE COMMISSION**

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama. Registration expires
December 31, 2006

LICENSE# 00027666           _[signature]_ CHAIRMAN

---

*This is True Copy of
My Medical Licensure
for Alabama.*

_William Douglas Hobbs, MD_
_27 Sept 2006_

I, Michael L. Davis, Judge of Probate in and for Limestone County, Alabama do hereby certify the above and foregoing is a true and correct copy of the above instrument which was filed in this office on 27th day of Sept 2006. Given under my hand and official seal of office this 22nd day of April 2008.

_Michael L. Davis_
Judge of Probate