EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MIDDLE DIVISION

|  |  |
|---|---|
| MARCELLUS BREACH, #160710, | * |
| Plaintiff, | * |
| | * |
| Vs. | * |
| PRISON HEALTH SERVICES, INC., | * |
| Defendants. | * |

CASE NO: 2:06-CV-1133-MEF

## PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT WILLIAM HOBBS, M.D., [COURT DOC. NO. 314] / REQUEST FOR SANCTIONS

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on _April 29, 2008_, [**Court Doc. No. 602**] in regards to his Supplemental Discovery request, Motion to Compel,(**Doc. 464, Exhibit "B"**); Motion for Contempt, (**Doc. 560, 561**) arguing the Magistrate Judge denied Plaintiff to question the treating physician William Hobbs's <u>diagnosis</u>, <u>evaluations</u>, <u>examination</u>, <u>treatment</u> ought to be in error.:

a.    Plaintiff's Motion To Compel Responsive Answers To Defendant William Hobbs, [**Court Doc. No.464**] filed on _February 13, 2008_,

b.    Plaintiff's <u>Motion For Contempt</u>, filed on _April 7, 2008_ [**Court Doc. No. 560 & 561**].

c.    Hobbs <u>never once filed a response, nor an objection</u> to Plaintiff's Supplemental Discovery Request **Court Doc. No. 464.**

1

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

In further support, Plaintiff argues that the Magistrate Judge ought not "boilerplate" and deny Plaintiff of his discovery pertaining to Dr. William Hobbs's diagnosis, evaluation, examination, treatment, and the basis for his opinion that plaintiff's medical condition does not require surgical intervention; wherein, plaintiff discovery is germane to the very issue before the court, *i.e.*, surgery, deliberate indifference.

Plaintiff objects to the Magistrate Judge Order # 602 stating:

" . . . **ORDERED that** *all* **outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED."** **DOC. 602.** [1]

### STATEMENT OF THE FACTS

Plaintiff sees no useful purpose in describing the drawn-out discovery battle in detail; a relatively brief summary will suffice. Plaintiff argues there is conflicting evidence pertaining to the validation of William Hobbs Alabama medical license, see, Plaintiff's *Motion For Sanctions* upon William Hobbs, [**Court Doc. No. 606**] wherein, plaintiff presented evidence that William Hobbs's medical license were expired on December 31, 2006. However, Hobbs has presented an unknown license that is not, never has been on file with the Clerk of Probate Court, for Limestone County, Alabama. (Doc. 603-2). Further discovery is necessary, because Hobbs was issued only one (1) medical license in Alabama in 2006, but has produced two (2).

---

[1] The Magistrate Judge adopted William Hobbs's opinions denying Application for Preliminary Injunction, [**Court Doc. No. 193**] Plaintiff argues Hobbs is not not an expert in the field of hernia repairs. Rule 701(c), Fed.R.Evid. Court Doc. No. 345.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

Evidence thus far, demonstrates that the treating physician Dr. Tassin, M.D., at the private prison in Louisiana questioned surgery for plaintiff's hernia because he was not medically qualified to determine if plaintiff's hernia actually needed repair.[2]   Plaintiff argues, Dr. Hobbs was defendant's treating physician, who, repeatedly opposed both Dr. Tassin, and Dr. Yerubandi, M.D.,  a licensed surgeon without first, being qualified to offer such an opinion.

Dr. Hobbs has purported himself out as an expert in hernias, but he is not licensed to perform surgery.   He has a limited medical license.   He does not have a private practice, nor ever had one.   As of  today, William Hobbs has not demonstrated that he is board certified in a specific area of medicine. He is not board certified with the American Board of Surgeons, nor Royal College of Surgeons.   He is licensed to practice institutional medicine and does not have a license to practice in society.   His testimony is limited, he has never once, repaired a hernia.   But, attempts to offer testimony as to when plaintiff should undergo surgery.   Since, Hobbs <u>did not have a valid medical license</u>, but state he has one, but it is not on file with the Probate Court for Limestone County, Alabama.

1.      ***Court Doc. No 314***, is Plaintiff Supplemental Discovery request propounded upon defendant William Hobbson *December 7, 2007.* [***Court Doc. No. 314***]   <u>Plaintiff argues that this discovery request is targeted to Robbins, treatment, diagnosis, examination, evaluation and is most relevant in this medical case.</u>

---

[2]      Plaintiff conducted his own investigation and has documentations that will clearly demonstrate ADOC defendants Ruth Naglich and Brandon Kindard did so, participate and did so, actually "denied" plaintiff surgery request as "deemed unnecessary" and instructed to the medical personnel at the private prison in Louisiana that (i) authorization first had to be approved by ADOC, (ii) Ruth Naglich and Brandon Kindard called with detailed instructions plaintiff cannot have surgery unless his hernia is incarcerated, strangulated or intot he scrotum.  Plaintiff has evidence that will demonstrate, ADOC defendants actually denied the surgery.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

2.      Defendant never once filed a response, nor an objection.

3.      On *February 13, 2008*, Plaintiff filed his "*Motion To Compel Responsive Answers*" [**Court Doc. No. 464**].  The Magistrate Judge on *February 14, 2008*, issued its order to show case. [**Court Doc. No. 468**].  Again, defendant did not file a timely response, nor an objection.  Again, defendants ignored the Magistrate Judge's order.

4.      [3] On *April 7, 2008*, Plaintiff filed a document entitled: "Motion For Contempt", complaining to the Magistrate Judge, defendant Hobbswill not comply with court orders pertaining to discovery. [**Court Doc. No.560 & 561**], again, the Magistrate Judge issued a show cause order. [**Court Doc. No. 563**]

5.      On *April 28, 200*8, counsel again submitted a "global boilerplate" objection responding to Court orders [**Doc. 600 ]**

6.      This issues before this Court are Plaintiff's Supplemental Discovery request, [**Court Doc. No. 314**] and Defendant William Hobbs did not, file a timely resposnse, nor an objections to this specific discovery request [**Court Doc. No. 600**], and the Magistrate Judge's "boilerplate denial" of "all" discovery challenges. [**Court Doc. No. 602**]

---

[3] Plaintiff complains that the defendants do not adhere to the Magistrate Judge's orders.  The Record reflects numerous motions to compel, orders to show cause, still defendants do not adhere to the Magistrate Judge is the proximate cause to this voluminous case.  The Magistrate Judge does nothing about defendant's abuse, disrespect to the court.  Defendants do not address the issues, and the Magistrate Judge rules in their favor, not paying attention to this objection that defendants did not address this specific discovery request propounded on Hobbs. .

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

### STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other
nondispositive pretrial order the decision of the magistrate judge is a final decision. [4]  28
U.S.C. § 636(b)(1)(a)(2004).  Plaintiff files his written objections specifically as to the
Magistrate Judge's "boilerplate" denial of "*all*" discovery challenges and argues that the
Magistrate Judge should have ordered a response to plaintiff's supplemental discovery
request.

Throughout this case, the Magistrate Judge appears to have been solely relying on
the prison doctors' testimony.  Plaintiff has presented testimony from a license surgeon
that plaintiff's hernia need repair.    Defendant William Hobbs did not have a valid
medical license on file with the Probate Court for Limestone County, Alabama.

A federal court is not required to blindly defer to the judgment of prison doctors
or administrators in determining whether there has been deliberate indifference to an
inmate's serious medical needs. ***Hunt v. Dental Dept***., 865 F. 2d 198, 200 (9th Cir.
1989)(citing ***Wood v. Sunn,*** 852 F.2d 1205, 1211 (9th Cir. 1988) *vacated on other
grounds*, 880 F.2d 1011 (1989).

Plaintiff can question William Hobbs, which implicate his expertise.  In ***Miller v.
Wilson***, U.S. Dist. LEXIS 19584 (S.D. Ala. 1996) United States District *Judge, William
Cassidy* for the Southern District of Alabama specifically stated: "There is little doubt that
an inguinal hernia is a serious medical need." *Id.*    See also, ***Delker v. Maass,*** 843 F,

---

[4] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the
date of service of this document, file specific written objections with the Clerk of this court. Failure to do so
will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v.
Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc)*.

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.**

Supp. 1390, 1392 (D. Or. 1994) ("State inmate's Eighth Amendment rights were violated

based on approximately two-years delay in providing operation for his non-incarcerated,

inguinal hernia . . . state penitentiary exhibited deliberate indifference which resulted in

unnecessary infliction of pain, suffering, and anxiety upon inmate.")

The *Delker* Court held: "I reject defendant's contention that repair of an inguinal

hernia is not a serious medical need because that procedure is not ranked high on the list

of medical procedures covered by the Oregon Health Plan legislation recently enacted by

the Oregon legislature." *Id.* at 1400; *Accord; **Faulkner v. Griffith, Jr., et al.,*** 1995 U.S.

Dist. LEXIS 1150 (W.D. Tex. 1995). *Miller*, supra, lacked expert testimony.

The law is established that plaintiff may establish deliberate indifference by

showing that a prison official failed or refused to provide care for his serious medical

condition, delayed care "even for a period of hours," chose "an easier but less efficacious

course of treatment," or provided care that was "grossly inadequate" or "so cursory as to

amount to no treatment at all." ***McElligott v. Foley,*** 182 F.3d 1248, 1255 (11th Cir.

1999).

Deliberate indifference may be shown by Dr. Hobbs's refusal to provide medical

care, deliberate delay in treating a serious medical condition, administering "grossly

inadequate care," or "medical care which is so cursory as to amount to no treatment at

all." ***McElligott,*** 182 F.3d at 1255 (citations omitted).

The Eleventh Circuit recognizes that an examination of the knowledge and actions

of medical professionals is not particularly suited to evaluation through the subjective

lens of the deliberate indifference test, because "the quality of a doctor's treatment is

evaluated according to professional standards." ***Waldrop v. Evans***, 871 F.2d 1030,

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

1035 (11th Cir. 1989) The Eleventh Circuit has held that it will find no hesitation in finding

that "grossly incompetent medical care or choice of an easier but less efficacious course

of treatment can constitute deliberate indifference. *Id.*

That the overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result. *See* ***United States v. Proctor & Gamble***

***Co.,*** 356 U.S. 677, 682, 78 S.Ct. 983, 2 L. Ed. 2d 1077 (1958).

Plaintiff objects to the defendant's responses as being evasive, incomplete; boiler

plated, unwarranted, and improper.    The Magistrate Judge should have ordered

responsive answers to plaintiff discovery request, especially since Hobbs did not possess

a valid Alabama medical license.

### *OBJECTIONS LEGAL AUTHORITY*

1.    Rule 26(b)(1), Federal Rules of Civil Procedures.

2.    Rule 33(b)(1), Federal Rules of Civil Procedures.

3.    Rule 37(a)(2)(b), Federal Rules of Civil Procedures.

4.    Rule 37(a)(3) & (4), Federal Rules of Civil Procedures.

5.    Rule 37(c)(2), Federal Rules of Civil Procedures.

6.    Defendant's numerous global tactic & boilerplate responses are improper and unjustified.  Rule 37(c).

7.    Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable**." *Panola Land Buyers Ass'n v. Shuman,*** 762 F.2d 1550, 1559 (11th Cir. 1985).

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

### *I.*

### *PLAINTIFF'S DISCOVERY REQUESTS ARE JUSTIFIED /*
### *PLAINTIFF INTERROGATORIES ARE DUE TO BE ANSWERED*

Plaintiff "must come forward with 'specific facts showing that there is a genuine

issue for trial.'" ***Matsushita Electric Industrial Co. v. Zenith Radio Corp.***, 475 U.S.

574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

Plainitt should have the right to question Hobbspertaining to his treatment, diagnosis and

examination.  The Magistrate Judge overlooked this very important area in this case.

B.    ***Defendant Did Not Meet His Burden:***

***Court Doc. No. 600***, is defendant William Hobbs's  response is unbelievable that

the Magistrate Judge determined that this is a sufficient response?   Hobbs did not

answer this specific discovery request.

Plaintiff finds it worth to attach the excerpt of his Discovery request propounded

on Michael Hobbs that will definitely demonstrate counsel ignored to response, answer or

raise a detailed objection to this specific discovery request.

### **Interrogatories, [ Court Doc. No. 314]**

¶ 1.    Please state whether or not your license to practice medicine is on
        file with the Montgomery County Clerk of Montgomery County,
        State of Alabama.   If not, please state the County in Alabama
        where your licenses is filed. [Id.]

### **Argument:**

Right now, it is questionable about Hobbs's medcial license, whether or not he

possesses a valid Alabama medical license.  Reliability is at most concern since Hobbs

want to offer an opinion.  His medical license is up most importance.  Does he posses a

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

valid Alabama medical license.  Is his certification current?  His field of practice is

institutional based medicine which has nothing to do with hernia repairs.  He never once,

treated a hernia through means of surgery. Discovery is necessary he hasn't proven he is

licensed to perform surgery.  Plaintiff presents the following Interrogatories that have not

been timely answered. [Court Doc. No. 314]

> ¶ 2.    In order that you **testimony will be admissible**, please describe
> your educational and training background regarding Ventral Hernia
> Repair to qualify you for the practice of medicine in this specific
> area.[Id.]

**Argument:**

Hobbs is not an expert in hernia repairs.  See, Rule 701(c) & 702

Fed.R.Evid..   Plaintiff is entitled to question his education background. **Question**

**1,2,3,4, 5, 6** govern his area of medicine and whether he will be allowed to testify as

reliable, competent pertaining to hernia treatment.    **Questions 7.-21** govern around

the treatment, diagnosis proscribed to the Plaintiff.  The Magistrate Judge relied on the

defendant who did not answer. [***Court Doc. 600***]

> ¶ 3.    Please also state the professional societies to which you
> belong.[Id.]

> ¶ 4.    **Do you specialize in any particular branch of medicine?[Id.]**

> ¶ 5.    If you have answered the above question in the affirmative, please
> state what your specialty is. [Id.]

> ¶ 6.    **Are you board certified?  [Id.]**

> a.    If your answer to the above question is in the affirmative, please
> tell what board certification means.[Id.]

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?[Id.]

¶ 8.    If so, what were those complaints?[Id.]

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?[Id.]

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.   Did you recommend surgery?[Id.]

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?[Id.]

¶ 14.   If your answer to Question No. 13 is in the affirmative, please describe this condition.    If no, also explain your medical findings.[Id.]

¶ 15.   Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.[Id.]

¶ 16.   Please state an opinion to your answer to Question No. 15.[Id.]

¶ 17.   Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.    Please state an opinion.[Id.]

¶ 18.   Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.[Id.]

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

¶ 19.  If so, please state that opinion and the reasons therefore.[Id.]

¶ 20.  Did you agree with your employer upon employment that you
would comply with any standard of treatment with either PHS or
ADOC regarding hernias?  If yes, please explain in details.[Id.]

¶ 21.  **Please give your opinion** when Mr. Breach is still continuing to
**experience pain or discomfort** and the pain is not relieved by
your medications and the truss is not preventing the hernia from
worsening what medical probability can arise and what is your
recommendation?[Id.]

### *ARGUMENT*

William Hobbs never once, filed a respond or an objection to this specific discovery

request, and his objections must be deemed waived.

For purposes of **examination, diagnosis and treatment**, Hobbs must answer,

he must have particularized knowledge to the medical issues before the Court.  It is

highly prejudice for the Magistrate Judge to deny him this right.  Hobbs is not adequately

trained, experienced in hernias, he has never repaired a hernia and his testimony will be

challenged as unreliable testimony.  In this case, Hobbs did not have a valid medical

license filed in the Probate Court for Limestone County, Alabama.

Plaintiff can ask him about his treatment, based on his personal knowledge of the

examination, diagnosis and treatment. ***Baker***, 163 F.R.D. at 349.  He can be asked

about the degree of injury in the future without surgery or, about anything else that was

necessary of the patient's treatment. Id. See, ***Young v. United States of America***,

181 F.R.D. 344, 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997)

Counsel's response is, once again, a global objections and Plaintiff argues that

such is improper and Compel ought to be granted. Counsel continues to stonewall

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

discovery. Counsel's objections never once stated that Hobbs has made a good faith, or reasonable inquiry or, it is impossible for him to answer This is frivolous.

*First,* with respect to Defendants boilerplate objections to Plaintiff's discovery requests, the Court ought to agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." ***Panola Land Buyers Ass'n v. Shuman,*** 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not be considered by the Court. *See, e.g.,* ***McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*** 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to <u>meet objecting party's burden of explaining why discovery requests were objectionable).</u>

Generally, a party seeking to avoid discovery on a <u>burdensomeness</u> argument must substantiate that position <u>with detailed affidavits or other evidence establishing an undue burden.</u> "<u>An objection must show specifically</u> how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." ***Chubb Integrated Systems Limited, v. National***

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

*Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See* **Twin** City Fire **Ins. Co. v. Employers Ins. of Wausau**, 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. **Ericson v. Ford Motor Co.**, 107 F.R.D. 92 (E.D.Ark. 1985). [See, **Court Doc. No. 600**, Hobbs'sresponse] Response (Doc. 600) does not even address defendant Robbins, and the Magistrate Judge obviously overlooked this fact.

## ISSUE NO. 1

## DEFENDANT FAILED TO ADDRESS THIS DISCOVERY REQUEST (DOC. 314) AND MISLEADS THE MAGISTRATE JUDGE INTO THINKING THEY HAVE ACTUALLY RESPONSE IS COMPLETELY UNTRUE, INCORRECT. [DOC. 600]

"The party resisting discovery has a 'heavy burden' of showing why discovery should be denied." **Roehrs v. Minn. Life Ins. Co.**, 228 F.R.D. 642, 644 (D. Ariz. 2005) Counsel completely did not address this specific discovery request. An evasive or incomplete answer to a request for ought to be treated as a failure to answer. Fed. R.Evid.P. 37(a)(4).

Plaintiff's discovery request is questioning Hobbs concerning his diagnosis, treatment, evaluation and opinion pertaining to surgery.

## ARGUMENT

Dr. Hobbs has offered several opinions in this case that will be challenged as unreliable. Discovery is requested because reliability is a factor this Court must weight pertaining to Hobbs's opinions -- as the Supreme Court has identified several non-

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

exclusive factors that a court may consider when evaluating whether a particular theory

or study is reliable: (1) whether the theory in question can be and has been empirically

tested; (2) whether the theory in question has been subjected to peer review and

publication; (3) the theory's known or potential error rate; and (4) whether the theory is

generally accepted in the field. **Daubert**, 509 U.S. at 593-95. As the Court emphasized in

*Kumho Tire,* however, "the test of reliability is 'flexible,' and *Daubert's* list of specific

factors neither necessarily nor exclusively applies to all experts or in every case." **Kumho**

**Tire**, 526 U.S. at 141. The pertinence of the *Daubert* reliability factors "

In respect to plaintiff's Interrogatories propounded on defendant Hobbs [**Court**

**Doc. No. 314**] Discovery request Plaintiff argues that he is entitled to learn more of

Hobbs's qualifications, training in the area of medicine he practices and has practiced

With respect to Discovery request propounded on Hobbs **Court Doc. No. 314**

request is specifically pertaining to any Hobbs's purported examination, diagnoses and

his treatment. Plaintiff can discover and ask Hobbs questions about medical issues that

he considered in reaching his diagnosis and in rendering his treatment. **Young v.**

**United States of America**, 181 F.R.D. 344; 1997 U.S. Dist. LEXIS 23174 (W.D. Tex.

1997).

Plaintiff can ask Hobbs questions based on his personal knowledge of the

examination, diagnosis and treatment, Interrogatories 1-21, Court **Doc. No. 314.**

**Baker**, 163 F.R.D. at 349. For example, plaintiff can ask about the degree of plaintiff's

injury in the future if continued left without surgery or, about anything else that was a

necessary part of plaintiff's treatment. *Id.* Hobbs cannot be asked to answer question

about medical issues not involved in his diagnoses and treatment. *Id.* Interrogatories

14

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

No's. 1.-21 is founded on Hobbs's alleged <u>personal examination, diagnoses and treatment is relevant to deliberate indifference, malpractice and negligence.</u>

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are <u>specifically asserted in response to a request.</u> **Henry,** 212 F.R.D. at 80. <u>B</u>oilerplate objections to plaintiff's Discovery requests are improper. Objections to requests for discovery should be "plain enough and specific enough so that the Court can understand in what way the interrogatories are alleged to be objectionable." See, **Panola Land Buyers Ass'n v. Shuman**, 762 F.2d 1550, 1559 (11th Cir. 1985).

### POINT "B"

### DEFENDANTS RESPONDING TO INTERROGATORY ARE OUT RIGHT INADEQUATE AND IMPROPER

Defendant <u>did not</u> answer Interrogatory questions 1. − 24 and (**Doc. #600**) his responses are incomplete and inadequate.    *First*, it is insufficient to answer an interrogatory to merely referencing allegations of a pleading. See, **Davidson v. Goord**, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing **Farran v. Johnston Equip. Inc.,** No. 93-6148, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005 at *5 (E.D. Pa. Sept. 12, 1995)(Rule 33 "requires an answer to be complete in and of itself; thus, the answer "should not refer to other pleadings")); see also, **King v. E.F. Hutton, Inc.,** 117 F.R.D. 2, 6 (D.D.C. 1987)("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed.").    Moreover, *Rule 33(b)* requires the answer to an interrogatory question to be complete in and of itself without reference to other pleadings. See, **Davidson**, 215 F.R.D. at 77; **Farran**, 1995 U.S. Dist. LEXIS 13402,

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.**

1995 WL 549005, at *5. Therefore, Defendant ought to be compelled to answer without

stating, please see the medical records are inadequate responses.

Rule 36 also imposes upon the responding party a duty to engage in "reasonable

inquiry." Fed.R.Civ.P. 36(a). This imposes on the Respondent a reasonable duty to

investigate, and some courts contend that it imposes a duty to inquire into the

knowledge of anyone who "conceivably, but in realistic terms, may have information

which may lead to or furnish the necessary and appropriate response . . .

[R]elevant documents and regulations must be reviewed as well." *Herrera v. Scully,*

143 F.R.D. 545, 548 (S.D.N.Y. 1992) (internal citations omitted). *See also, Asea, Inc. v.*

*So. Pac. Transportation Co.,* 669 F.2d 1242, 1245-47 (9th Cir. 1981); *Caruso v.*

*Coleman Co.*, 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995)

(citing *Diedrich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton*,

859 F.2d 1147, 1148-49 (3d Cir. 1988)); *Beberaggi v. New York City Transit Auth.*,

1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994); *Diedrich v. Dep't of*

*Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *Uniden American Corp. v. Ericsson,*

*Inc.,* 181 F.R.D. 302 (M.D.N.C. 1988).

Hobbs's position ought not to be well taken.  It is a boilerplate and vague, evasive

and incomplete answer to the request for production is to be treated as a failure to

answer. Fed.R.Civ.P., 37(a)(3

"The party resisting discovery has a "heavy burden" of showing why discovery

should be denied." *Roehrs v. Minn. Life Ins. Co.,* 228 F.R.D. 642, 644 (D. Ariz. 2005)

Defendants have not met this burden.

### *REQUEST FOR SANCTIONS*

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

The remaining issue is whether Plaintiff is entitled to sanctions. Federal Rule of

Civil Procedure, *Rule 33(b)(5)* provides that a party submitting interrogatories may move

for an order under *Rule 37(a)* with respect to any objection to or other failure to answer

an interrogatory. *Rule 37(a)(4)(A)* provides for the award of expenses and sanctions

when a party must bring a motion to compel. [**Court Doc. No. 464**] In pertinent part

it states: If the [motion to compel discovery] is granted or if the disclosure or requested

discovery is provided after the motion was filed, the court shall, after affording an

opportunity to be heard, require the party or deponent whose conduct necessitated the

motion or the party or attorney advising such conduct or both of them to pay to the

moving party the reasonable expenses incurred in making the motion, including

attorney's fees, unless the court finds that the motion was filed without the movant first

making a good faith effort to obtain the disclosure or discovery without court action, or

that other circumstances make an award of expenses unjust. Fed.R.Civ.P., 37(a)(4)(A).

This Court ought to be suspicious of counsel's mere recitation of *Rule 36(a).*
Defendant has failed to allege or specify any reasonable inquiry it undertook to obtain

information that would enable it to admit or deny the requested admissions. Many courts

require as much. *See* **Asea, Inc.,** 669 F.2d at 1246; **Checker Leasing, Inc. v.**
**Sorbello**, 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989); **Han v. Food and**
**Nutrition Serv. of the U.S. Dept. of Agric.,** 580 F. Supp. 1564 (D.C.N.J. 1984);
**Princess Pat, Ltd. v. Nat'l Carloading Corp.,** 223 F.2d 916 (7th Cir. 1955). However,

the Advisory Committee Note accompanying the 1970 Amendment of *Rule 36* states,

while "a reasonable burden is imposed on the parties when its discharge will facilitate

preparation for trial and ease the trial process . . . *Rule 36* requires only that the party

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant William HobbsCourt Doc. No. 314.

state that he has taken these steps. The sanction for failure of a party to inform himself

before he answers lies in the award of costs after trial, as provided in *Rule 37(c)*."

Fed.R.Civ.P. 36.

Reasonable fees under the circumstances can be appropriate.  A *pro se* party may

be awarded expenses under *Rule 37*.  *See*  **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS

92904 (N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning**

**Consultants, Inc.**, 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any

authority or principle of law which prevents *pro se* litigants from recovering their

expenses in a *Rule 37* motion.").

**WHEREFORE,** for the litigation system to work effectively, litigants must comply

with the Federal Rules of Civil Procedure. Plaintiff objects to defendant Michael Hobbs's

global tactics responses as incomplete, nonresponsive, evasive and request that the court

order Hobbs to answer each request in dispute fully and completely.

Respectfully Submitted

Done this 5th Day May, 2008

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

18

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant William HobbsCourt Doc. No. 314.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 6th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

# EXHIBIT
## "A"

## IN THE DISTRICT COURT OF THE UNITED STATES *12TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCELLUS BREACH, #160710

     Plaintiff,

                                CASE NO: 2:06-cv-1133-MEF

Vs.

PRISON HEALTH SERVICES, INC., et. al.,

     Defendants.

*     *     *     *     *     *

### *PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST -- SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,*

*TO:*     *DEFENDANT DR. WILLIAM D. HOBBS, M.D. MEDICAL DIRECTOR,*

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. Williams D. Hobbs, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these **Interrogatories.**

¶ 1.    Please state whether or not your license to practice medicine is on file with the Limestone County Clerk of Limestone County, State of Alabama. If not, please state the County in Alabama where your licenses is filed.

1

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

    a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.   If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.   Did you recommend surgery?

¶ 13.   During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

2

¶ 14.  If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.  Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.  Please state an opinion to your answer to Question No. 15.

¶ 17.  Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.  Please state an opinion.

¶ 18.  Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.  If so, please state that opinion and the reasons therefore.

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.

¶ 21.    Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4ᵗʰ Day December 2006.

®
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5ᵗʰ Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

®
Marcellus Breach

4