EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant Michael Robbins, Court Doc. No. 315.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

_____

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

\*

\*

\*    CASE NO: 2:06-CV-1133-MEF

\*

\*

### PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT MICHAEL E. ROBBINS [COURT DOC. NO. 315] / REQUEST FOR SANCTIONS

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper

person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order

entered on *April 29, 2008*, [**Court Doc. No. 602**] in regards to his Supplemental

Discovery request, Motion to Compel,(**Doc. 463**) Motion for Sanctions (**Doc. 541**);

Motion for Contempt, (**Doc. 559)** arguing the Magistrate Judge denied Plaintiff to

question Robbins's diagnosis, evaluations, examination, treatment is plainly wrong and

highly prejudice:

    a.    Plaintiff's Motion To Compel Responsive Answers To Defendant
Michael E. Robbins, / Compel Answers To Discovery Request For
Production of Documents, Interrogatories, Admission, ...." [**Court Doc.
No.464**] filed on *February 13, 2008*,

    b.    Plaintiff's Motion for Sanctions, filed *March 14, 2008*, [**Court Doc.
No. 541**.].

    b.    Plaintiff's Motion For Contempt, filed on *April 7, 2008* [**Court Doc.
No. 560 & 561**].

1

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

In further support, Plaintiff argues that the Magistrate Judge ought not "boilerplate" and deny Plaintiff of his discovery pertaining to Dr. Robbins's <u>diagnosis, evaluation, examination, treatment,</u> and the <u>basis for his opinion</u> that plaintiff's medical condition does not require surgical intervention; wherein, plaintiff discovery is germane to the very issue before the court, _i.e._, surgery, deliberate indifference.

Plaintiff objects to the Magistrate Judge Order # 602 stating:

**" . . . ORDERED that _all_ outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED." DOC. 602. [1]**

### STATEMENT OF THE FACTS

Plaintiff sees no useful purpose in describing the drawn-out discovery battle in detail; a relatively brief summary will suffice.  Defendants suppressed the fact the defendant William Hobbs <u>was not a licensed medical doctor</u> during the time of this litigation.  The Magistrate Judge now, appears to be more determined to block plaintiff from prevailing, almost as if he is representing the defendants. See, 28 U.S.C. § 144

Evidence thus far, demonstrates that the treating physician Dr. Tassin, M.D., at the private prison in Louisiana questioned surgery for plaintiff's hernia because he was not medically qualified to determine if plaintiff's hernia actually needed repair.[2]  Plaintiff

---

[1] The Magistrate Judge adopted Michael Robbins, opinions denying Application for Preliminary Injunction, **[Court Doc. No. 193]** Plaintiff argues Michael Robbins is not a treating physician; he also is not an expert in the field of hernia repairs. Rule 701(c), Fed.R.Evid.  Court Doc. No. 345.

[2]     Plaintiff conducted his own investigation and has documentations that will clearly demonstrate ADOC defendants Ruth Naglich and Brandon Kindard did so, participate and did so, actually "denied" plaintiff surgery request as "deemed unnecessary" and instructed to the medical personnel at the private prison in Louisiana that (i) authorization first had to be approved by ADOC, (ii) Ruth Naglich and Brandon Kindard called with detailed instructions plaintiff cannot have surgery unless his hernia is incarcerated,

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

argues, Dr. Hobbs was defendant's treating physician, who, repeated opposed both Dr.

Tassin, and Dr. Yerubandi, a licensed surgeon without first, having a valid Alabama

medical license. Plaintiff argues William Hobbs is prohibited from testifying to the

treatment, diagnosis, evaluation, of plaintiff's medical condition without a valid medical

license.[3]

Dr. Robbins has purported himself out as an expert in hernias, but he has not

trained in surgery.   Dr. Robbins is not board certified with the American Board of

Surgeons, nor Royal College of Surgeons.   He is in licensed to practice institutional

medicine and does not have a license to practice in society.  His testimony is limited, he

has never once, repaired a hernia.  But, attempts to offer testimony as to when plaintiff

should undergo surgery.  Since, Hobbs <u>did not have a valid medical license</u>, where is the

testimony from defendants treating physician concerning plaintiff's treatment?   There

isn't one, Robbins never once, seen, treated, evaluated, examined plaintiff's medical

condition.

1.    ***Exhibit "A"*** is Plaintiff Supplemental Discovery request propounded upon

defendant Michael Robbins, on *December 7, 2007.* [***Court Doc. No. 315***]   <u>Plaintiff</u>

<u>argues that this discovery request is targeted to Robbins, treatment, diagnosis,</u>

<u>examination, evaluation and is most relevant in this medical case.</u>

2.    Defendant never once filed an response, answer nor an objection.

---

strangulated or intot he scrotum.  Plaintiff has evidence that will demonstrate, ADOC defendants actually
denied the surgery.

[3]      Dr. Yerubandi, is a surgeon who offered several opinions that Plaintiff needs surgery.  Dr. Tassin is
the treating physician questioned surgery.    William Hobbs did not possess a valid medical license.  Dr.
Robbins claims to be actively involved in this case.  Plaintiff is entitled to ascertain what involvement
Robbins participated when he never once, seen, evaluated, treated, examined plaintiff's medical condition.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

3.    On *February 13, 2008*, Plaintiff filed his "*Motion To Compel Responsive Answers*"

[***Court Doc. No. 464***]. The Magistrate Judge on *February 14, 2008*, issued its order to

show case. [***Court Doc. No. 468***]. Again, defendant did not file a timely response, nor

an objection. Again, defendants ignored the Magistrate Judge's order.

4.    [4]On *April 7, 2008*, Plaintiff filed a document entitled: Motion For Sanctions" [***Court***

***Doc. No. 560]*** the Magistrate Judge, *again*, issue another order to show cause. [***Court***

***Doc. No. 563***].

5.    On *April 7, 2008*, Plaintiff filed a document entitled: "Motion For Contempt",

complaining to the Magistrate Judge, defendant Robbins will not comply with court

orders pertaining to discovery. [***Court Doc. No.560 & 561***], again, the Magistrate

Judge issued a show cause order. [***Court Doc. No. 563***]

5.    On *April 28, 200*8, counsel again submitted a "global boilerplate" objection

responding to Court orders [**Doc. 600** ] ][5]

6.    This issues before this Court are Plaintiff's Supplemental Discovery request,

[**Court Doc. No. 315**] and Defendant Michael Robbins's global boilerplate objections

[**Court Doc. No. 600**], and the Magistrate Judge's "boilerplate denial" of "all" discovery

challenges. [**Court Doc. No. 602**]

---

[4] Plaintiff complains that the defendants do not adhere to the Magistrate Judge's orders. The Record reflects numerous motions to compel, orders to show cause, still defendants do not adhere to the Magistrate Judge is the proximate cause to this voluminous case. The Magistrate Judge does nothing about defendant's abuse, disrespect to the court. Defendants do not address the issues, and the Magistrate Judge rules in their favor, not paying attention to this objection that defendants did not address this specific discovery request propounded on Robbins.

[5] Plaintiff is objecting to his Fourth Set of Discovery Request at this time propounded on William Hobbs. [Court Doc. No. 226]    Since Hobbs did not possess a valid medical license Discovery request (Doc. # 314) probably need not to be answered for such request inquire into his treatment, diagnosis, evaluations, and he did not have a valid license to practice medicine.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

## STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [6]  28 U.S.C. § 636(b)(1)(a)(2004).  Plaintiff files his written objections specifically as to the Magistrate Judge's "boilerplate" denial of "*all*" discovery challenges and argues that the Magistrate Judge is denying fundamental fairness and blocking plaintiff from discovering relevant materials pertaining the indifference by Dr. Robbins.

Throughout this case, the Magistrate Judge appears to have been solely relying on the prison doctors' testimony.  Plaintiff has presented testimony from a license surgeon that plaintiff's hernia need repair.    Defendant William Hobbs did not have a valid medical license, and Robbins never once, treated plaintiff nor seen, examine, evaluated plaintiff's medical condition.

A federal court is not required to blindly defer to the judgment of prison doctors or administrators in determining whether there has been deliberate indifference to an inmate's serious medical needs. ***Hunt v. Dental Dept.***, 865 F. 2d 198, 200 (9th Cir. 1989)(citing ***Wood v. Sunn,*** 852 F.2d 1205, 1211 (9th Cir. 1988) *vacated on other grounds*, 880 F.2d 1011 (1989).

Plaintiff can question Robbins, which implicate his expertise.  In ***Miller v. Wilson***, U.S. Dist. LEXIS 19584 (S.D. Ala. 1996) United States District *Judge, William Cassidy* for the Southern District of Alabama specifically stated: "There is little doubt that an inguinal

---

[6] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

hernia is a serious medical need." *Id.*   See also, *Delker v. Maass,* 843 F, Supp. 1390,

1392 (D. Or. 1994) ("State inmate's Eighth Amendment rights were violated based on

approximately two-years delay in providing operation for his non-incarcerated, inguinal

hernia . . . state penitentiary exhibited deliberate indifference which resulted in

unnecessary infliction of pain, suffering, and anxiety upon inmate.")

The *Delker* Court held: "I reject defendant's contention that repair of an inguinal

hernia is not a serious medical need because that procedure is not ranked high on the list

of medical procedures covered by the Oregon Health Plan legislation recently enacted by

the Oregon legislature." *Id.* at 1400; *Accord; Faulkner v. Griffith, Jr., et al.,* 1995 U.S.

Dist. LEXIS 1150 (W.D. Tex. 1995). *Miller,* supra, lacked expert testimony.

The law is established that plaintiff may establish deliberate indifference by

showing that a prison official failed or refused to provide care for his serious medical

condition, delayed care "even for a period of hours," chose "an easier but less efficacious

course of treatment," or provided care that was "grossly inadequate" or "so cursory as to

amount to no treatment at all." *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.

1999).

Deliberate indifference may be shown by Dr. Robbins's refusal to provide medical

care, deliberate delay in treating a serious medical condition, administering "grossly

inadequate care," or "medical care which is so cursory as to amount to no treatment at

all." *McElligott,* 182 F.3d at 1255 (citations omitted).

The Eleventh Circuit recognizes that an examination of the knowledge and actions

of medical professionals is not particularly suited to evaluation through the subjective

lens of the deliberate indifference test, because "the quality of a doctor's treatment is

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

evaluated according to professional standards." *Waldrop v. Evans*, 871 F.2d 1030,

1035 (11th Cir. 1989) The Eleventh Circuit has held that it will find no hesitation in finding

that "grossly incompetent medical care or choice of an easier but less efficacious course

of treatment can constitute deliberate indifference. *Id*.

That the overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result. *See* ***United States v. Proctor & Gamble***

***Co.***, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L. Ed. 2d 1077 (1958).

Plaintiff objects to the defendant's responses as being evasive, incomplete; boiler

plated, unwarranted, and improper.   The Magistrate Judge should have ordered

responsive answers to plaintiff discovery request, especially since Hobbs did not possess

a valid Alabama medical license.

### OBJECTIONS LEGAL AUTHORITY

1.   Rule 26(b)(1), Federal Rules of Civil Procedures.

2.   Rule 33(b)(1), Federal Rules of Civil Procedures.

3.   Rule 37(a)(2)(b), Federal Rules of Civil Procedures.

4.   Rule 37(a)(3) & (4), Federal Rules of Civil Procedures.

5.   Rule 37(c)(2), Federal Rules of Civil Procedures.

6.   Defendant's numerous global tactic & boilerplate responses are improper and unjustified.  Rule 37(c).

7.   Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant Michael Robbins, Court Doc. No. 315.
> Alleged To Be Objectionable**." *Panola Land Buyers Ass'n v.
> Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).**

### *I.*

## *PLAINTIFF'S DISCOVERY REQUESTS ARE JUSTIFIED /*
## *PLAINTIFF INTERROGATORIES ARE DUE TO BE ANSWERED*

Plaintiff "must come forward with 'specific facts showing that there is a genuine

issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

Plainitt should have the right to question Robbins pertaining to his treatment, diagnosis

and examination.  The Magistrate Judge overlooked this very important area in this case.

### B.   *Defendant Did Not Meet His Burden:*

*Court Doc. No. 600,* is defendant Michael Robbins, response is unbelievable that

the Magistrate Judge determined that this is a sufficient response?

Plaintiff finds it worth to attach the excerpt of his Discovery request propounded

on Michael Robbins that will definitely demonstrate counsel ignored to response, answer

or raise a detailed objection to this specific discovery request.

### *Interrogatories, [ Court Doc. No. 315]*

¶ 1.   Please state whether or not your license to practice medicine is on
file with the Montgomery County Clerk of Montgomery County,
State of Alabama.   If not, please state the County in Alabama
where your licenses is filed. [Id.]

### **Argument:**

William Hobbs lied to the Magistrate Judge concerning his medical license, and he

was the treating physician.  Hobbs did not have a valid Alabama medical license.  What is

to think Robbins will not also lie?  Reliability is at most concern since Robbins want to

8

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

offer an opinion.  His medical license is up most importance.  Does he posses a valid

Alabama medical license.  Is his certification current?  His filed of practice is institutional

based medicine which has nothing to do with hernia repairs.  He never once, treated a

hernia through means of surgery. Discovery is necessary he hasn't been in a surgery

room well over 15-years since his residency and training as a med-student does not

count.

¶ 2.    In order that you **testimony will be admissible**, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.[Id.]

### Argument:

Robbins is not an expert in hernia repairs.  See, Rule 701(c) & 702

Fed.R.Evid..    Plaintiff is entitled to question his education background. **Question**

**1,2,3,4, 5, 6** govern his area of medicine and whether he will be allowed to testify as

reliable, competent pertaining to hernia treatment.    **Questions 7.-21** govern around

the treatment, diagnosis proscribed to the Plaintiff.  The Magistrate Judge relied on the

defendant who did not answer. [*Court Doc. 600*]

¶ 3.    Please also state the professional societies to which you belong.[Id.]

¶ 4.    **Do you specialize in any particular branch of medicine?[Id.]**

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is. [Id.]

¶ 6.    **Are you board certified?  [Id.]**

a.    If your answer to the above question is in the affirmative, please tell what board certification means.[Id.]

9

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

¶ 7.   At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?[Id.]

¶ 8.   If so, what were those complaints?[Id.]

¶ 9.   Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?[Id.]

¶ 10.  If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.  Did you recommend surgery?[Id.]

¶ 13.  During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?[Id.]

¶ 14.  If your answer to Question No. 13 is in the affirmative, please describe this condition.    If no, also explain your medical findings.[Id.]

¶ 15.  Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.[Id.]

¶ 16.  Please state an opinion to your answer to Question No. 15.[Id.]

¶ 17.  Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.    Please state an opinion.[Id.]

¶ 18.  Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.[Id.]

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

¶ 19.  If so, please state that opinion and the reasons therefore.[Id.]

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.[Id.]

¶ 21.  **Please give your opinion** when Mr. Breach is still continuing to **experience pain or discomfort** and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?[Id.]

### *ARGUMENT*

For purposes of **examination, diagnosis and treatment**, Robbins must answer, he must have particularized knowledge to the medical issues before the Court. It is highly prejudice for the Magistrate Judge to deny him this right.  Robbins is not adequately trained, experienced in hernias, he has never repaired a hernia and his testimony will be challenged as unreliable testimony.  In this case, Hobbs did not have a valid medical license; Robbins never once seen, evaluated, examined, nor treated plaintiff's medical condition.  But, claims to have participated.  If so, discovery is sought and ought to be granted for impeachment purposes.

Plaintiff can ask him about his treatment, based on his personal knowledge of the examination, diagnosis and treatment. *Baker*, 163 F.R.D. at 349.  He can be asked about the degree of injury in the future without surgery or, about anything else that was necessary of the patient's treatment. Id. See, *Young v. United States of America*, 181 F.R.D. 344, 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997)

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

Counsel's response is, once again, a global objections and Plaintiff argues that such is improper and Compel ought to be granted. Counsel continues to stonewall discovery. Counsel's objections never once stated that Robbins has made a good faith, or reasonable inquiry or, it is impossible for him to answer This is frivolous.

*First,* with respect to Defendants boilerplate objections to Plaintiff's discovery requests, the Court ought to agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." ***Panola Land Buyers Ass'n v. Shuman,*** 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not be considered by the Court. *See, e.g.,* ***McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*** 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly

12

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

broad, burdensome or oppressive, by submitting evidence or offering evidence which

reveals the nature of the burden." ***Chubb Integrated Systems Limited, v. National***

***Bank of Washington,*** 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also **EEOC** v.*

**Quad/Graphics, Inc**., 63 F. d 642 (7th Cir. 1995). The resisting party must make a

particular and specific demonstration of fact and cannot rely on simple conclusory

assertions about the difficulty of complying with a discovery request. *See **Twin** City Fire*

**Ins. Co. v. Employers Ins. of Wausau**, 124 F.R.D. 652 (D. Nev. 1989). A mere

showing of burden and expense is not enough. ***Ericson v. Ford Motor Co.***, *107 F.R.D.*

*92* (E.D.Ark. 1985). [See, ***Court Doc. No. 600***, Robbins's response] Response (Doc.

600) does not even address defendant Robbins, and the Magistrate Judge obviously

overlooked this fact.

## ISSUE NO. 1

## DEFENDANT FAILED TO ADDRESS THIS DISCOVERY REQUEST (DOC. 315) AND MISLEADS THE MAGISTRATE JUDGE INTO THINKING THEY HAVE ACTUALLY RESPONSE IS COMPLETELY UNTRUE, INCORRECT. [DOC. 600]

"The party resisting discovery has a 'heavy burden' of showing why discovery

should be denied." ***Roehrs v. Minn. Life Ins. Co***., 228 F.R.D. 642, 644 (D. Ariz. 2005)

Counsel completely did not address this specific discovery request. An evasive or

incomplete answer to a request for ought to be treated as a failure to answer. Fed.

R.Evid.P. 37(a)(4).

Plaintiff's discovery request is questioning Robbins concerning his diagnosis,

treatment, evaluation and opinion pertaining to surgery.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant Michael Robbins, Court Doc. No. 315.

## ARGUMENT

Dr. Robbins has offered several opinions in this case that will be challenged as
unreliable.  Discovery is requested because reliability is a factor this Court must weight
pertaining to Robbins's opinions -- as the Supreme Court has identified several non-
exclusive factors that a court may consider when evaluating whether a particular theory
or study is reliable: (1) whether the theory in question can be and has been empirically
tested; (2) whether the theory in question has been subjected to peer review and
publication; (3) the theory's known or potential error rate; and (4) whether the theory is
generally accepted in the field. **Daubert**, 509 U.S. at 593-95. As the Court emphasized in
Kumho Tire, however, "the test of reliability is 'flexible,' and Daubert's list of specific
factors neither necessarily nor exclusively applies to all experts or in every case." **Kumho
Tire**, 526 U.S. at 141. The pertinence of the Daubert reliability factors "

In respect to plaintiff's Interrogatories propounded on defendant Robbins [**Court
Doc. No. 315**] Discovery request Plaintiff argues that he is entitled to learn more of
Robbins qualifications in the area of medicine he practices and has practiced

With respect to Discovery request propounded on Robbins **Court Doc. No. 315**
request is specifically pertaining to any Robbins's purported examination, diagnoses and
his treatment.  Plaintiff can discover and ask Robbins questions about medical issues that
he considered in reaching his diagnosis and in rendering his treatment. **Young v.
United States of America**, 181 F.R.D. 344; 1997 U.S. Dist. LEXIS 23174 (W.D. Tex.
1997).

Unless Robbins was specifically retained as an expert, in which it is clear he is not
an expert in hernia treatment, plaintiff can ask him questions based on his personal

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

knowledge of the examination, diagnosis and treatment, Interrogatories 1-21, Court

**Doc. No. 315. Baker,** 163 F.R.D. at 349.  For example, plaintiff can ask about the degree of plaintiff's injury in the future if continued left without surgery or, about anything else that was a necessary part of plaintiff's treatment. *Id.*   Robbins cannot be asked to answer question about medical issues not involved in his diagnoses and treatment. *Id.*   Interrogators No's. 1.-21 is founded on Robbins's alleged personal examination, diagnoses and treatment is relevant to deliberate indifference, malpractice and negligence.

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. **Henry,** 212 F.R.D. at 80. Boilerplate objections to plaintiff's Discovery requests are improper. Objections to requests for discovery should be "plain enough and specific enough so that the Court can understand in what way the interrogatories are alleged to be objectionable." See, **Panola Land Buyers Ass'n v. Shuman,** 762 F.2d 1550, 1559 (11th Cir. 1985).

### POINT "B"

### DEFENDANTS RESPONDING TO INTERROGATORY ARE OUT RIGHT INADEQUATE AND IMPROPER

Defendant did not answer Interrogatory questions 1. – 24 and (**Doc. #600**) his responses are incomplete and inadequate.  *First,* it is insufficient to answer an interrogatory to merely referencing allegations of a pleading. See, **Davidson v. Goord,** 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing **Farran v. Johnston Equip. Inc.,** No. 93-6148, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005 at *5 (E.D. Pa. Sept. 12,

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

1995)(Rule 33 "requires an answer to be complete in and of itself; thus, the answer "should not refer to other pleadings")); see also, ***King v. E.F. Hutton, Inc.,*** 117 F.R.D. 2, 6 (D.D.C. 1987)("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed."). Moreover, *Rule 33(b)* requires the answer to an interrogatory question to be complete in and of itself without reference to other pleadings. See, ***Davidson***, 215 F.R.D. at 77; ***Farran***, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005, at *5. Therefore, Defendant ought to be compelled to answer without stating, please see the medical records are inadequate responses.

Rule 36 also imposes upon the responding party a duty to engage in "reasonable inquiry." Fed.R.Civ.P. 36(a). This imposes on the Respondent a reasonable duty to investigate, and some courts contend that it imposes a duty to inquire into the knowledge of anyone who "conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response . . . [R]elevant documents and regulations must be reviewed as well." ***Herrera v. Scully,*** 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (internal citations omitted). *See also,* ***Asea, Inc. v. So. Pac. Transportation Co.,*** 669 F.2d 1242, 1245-47 (9th Cir. 1981); ***Caruso v. Coleman Co.***, 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing ***Diedrich,*** 132 F.R.D. at 617; ***Government Employees Ins. Co. v. Benton***, 859 F.2d 1147, 1148-49 (3d Cir. 1988)); ***Beberaggi v. New York City Transit Auth.***, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994); ***Diedrich v. Dep't of Army***, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); ***Uniden American Corp. v. Ericsson, Inc.,*** 181 F.R.D. 302 (M.D.N.C. 1988).

16

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

Robbins's position ought not to be well taken. It is a boilerplate and vague, evasive and incomplete answer to the request for production is to be treated as a failure to answer. Fed.R.Civ.P., 37(a)(3

"The party resisting discovery has a "heavy burden" of showing why discovery should be denied." **Roehrs v. Minn. Life Ins. Co.,** 228 F.R.D. 642, 644 (D. Ariz. 2005) Defendants have not met this burden.

## REQUEST FOR SANCTIONS

The remaining issue is whether Plaintiff is entitled to sanctions. Federal Rule of Civil Procedure, *Rule 33(b)(5)* provides that a party submitting interrogatories may move for an order under *Rule 37(a)* with respect to any objection to or other failure to answer an interrogatory. *Rule 37(a)(4)(A)* provides for the award of expenses and sanctions when a party must bring a motion to compel. [**Court Doc. No. 481, 541**] In pertinent part it states: If the [motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that other circumstances make an award of expenses unjust. Fed.R.Civ.P., 37(a)(4)(A).

This Court ought to be suspicious of counsel's mere recitation of *Rule 36(a)*. Defendant has failed to allege or specify any reasonable inquiry it undertook to obtain information that would enable it to admit or deny the requested admissions. Many courts

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

require as much. *See Asea, Inc.,* 669 F.2d at 1246; *Checker Leasing, Inc. v. Sorbello*, 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989); *Han v. Food and Nutrition Serv. of the U.S. Dept. of Agric.,* 580 F. Supp. 1564 (D.C.N.J. 1984); *Princess Pat, Ltd. v. Nat'l Carloading Corp.,* 223 F.2d 916 (7th Cir. 1955). However, the Advisory Committee Note accompanying the 1970 Amendment of *Rule 36* states, while "a reasonable burden is imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process . . . *Rule 36* requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in *Rule 37(c)*." Fed.R.Civ.P. 36.

Reasonable fees under the circumstances can be appropriate. A *pro se* party may be awarded expenses under *Rule 37*. *See Lightsey v. Potter,* 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, *Walker v. Tri-Tech Planning Consultants, Inc.,* 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

**WHEREFORE,** for the litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. Plaintiff objects to defendant Michael Robbins's global tactics responses as incomplete, nonresponsive, evasive and request that the court order Hobbs to answer each request in dispute fully and completely.

Respectfully Submitted

Done this 5th Day May, 2008.

18

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

# EXHIBIT "A"

## IN THE DISTRICT COURT OF THE UNITED STATES *13TH
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

_____

MARCELLUS BREACH, #160710                    \*

     Plaintiff,                              \*

                          \*     CASE NO: 2:06-cv-1133-MEF

Vs.                                          \*

PRISON HEALTH SERVICES, INC., et. al.,       \*

     Defendants.

### PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUEST --  SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER FED. R. CIV. P.,

**TO:**   **DEFENDANT DR. MICHAEL E. ROBBINS, M.D., MEDICAL DIRECTOR**

    ***COMES NOW***, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Breach"), in proper person "Pro Se," request that Defendant **Dr. Michael E. Robbins, M.D.,** answer the following requests for discovery pursuant to *Federal Rules of Civil Procedures, Rule 33,* fully and in writing, the following interrogatories under oath, affirmation in accordance within the definitions and instructions set. forth below, within thirty (30) days after service of these ***Interrogatories.***

¶ 1.   Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama.  If not, please state the County in Alabama where your licenses is filed.

1

¶ 2.    In order that you testimony will be admissible, please describe your educational and training background regarding Ventral Hernia Repair to qualify you for the practice of medicine in this specific area.

¶ 3.    Please also state the professional societies to which you belong.

¶ 4.    Do you specialize in any particular branch of medicine?

¶ 5.    If you have answered the above question in the affirmative, please state what your specialty is.

¶ 6.    Are you board certified?

      a.    If your answer to the above question is in the affirmative, please tell what board certification means.

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?

¶ 8.    If so, what were those complaints?

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?

2

**SUPPLEMENTAL 12-4-06**

¶ 14.  If your answer to Question No. 13 is in the affirmative, please describe this condition.  If no, also explain your medical findings.

¶ 15.  Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.

¶ 16.  Please state an opinion to your answer to Question No. 15.

¶ 17.  Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.  Please state an opinion.

¶ 18.  Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.

¶ 19.  If so, please state that opinion and the reasons therefore.

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias?  If yes, please explain in details.

**SUPPLEMENTAL 12-4-06**

¶ 21.   Please give your opinion when Mr. Breach is still continuing to experience pain or discomfort and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?

Done this 4th Day December 2006.

® _____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 5th Day of December 2007, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, Al 36130

Rushton, Stakely, Johnston, Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101

® _____
Marcellus Breach

4

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

MARCELLUS BREACH, #160710,               *

    Plaintiff,                                          *

                                                   *    CASE NO: 2:06-CV-1133-MEF

Vs.                                                       *

PRISON HEALTH SERVICES, INC.,             *

    Defendants.

### PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT MICHAEL E. ROBBINS [COURT DOC. NO. 315] / REQUEST FOR SANCTIONS

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on *April 29, 2008*, [**Court Doc. No. 602**] in regards to his Supplemental Discovery request, Motion to Compel,(**Doc. 463**) Motion for Sanctions (**Doc. 541**); Motion for Contempt, (**Doc. 559)** arguing the Magistrate Judge denied Plaintiff to question Robbins's <u>diagnosis</u>, <u>evaluations</u>, <u>examination</u>, <u>treatment</u> is plainly wrong and highly prejudice:

    a.    Plaintiff's Motion To Compel Responsive Answers To Defendant <u>Michael E. Robbins</u>, / Compel Answers To Discovery Request For Production of Documents, Interrogatories, Admission, ...." [**Court Doc. No.464**] filed on *February 13, 2008*,

    b.    Plaintiff's Motion for Sanctions, filed *March 14, 2008*, [**Court Doc. No. 541**.].

    b.    Plaintiff's <u>Motion For Contempt</u>, filed on *April 7, 2008* [**Court Doc. No. 560 & 561**].

1

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

In further support, Plaintiff argues that the Magistrate Judge ought not "boilerplate" and deny Plaintiff of his discovery pertaining to Dr. Robbins's diagnosis, evaluation, examination, treatment, and the basis for his opinion that plaintiff's medical condition does not require surgical intervention; wherein, plaintiff discovery is germane to the very issue before the court, *i.e.*, surgery, deliberate indifference.

Plaintiff objects to the Magistrate Judge Order # 602 stating:

**" . . . ORDERED that *all* outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED." DOC. 602.** [1]

### *STATEMENT OF THE FACTS*

Plaintiff sees no useful purpose in describing the drawn-out discovery battle in detail; a relatively brief summary will suffice.  Defendants suppressed the fact the defendant William Hobbs was not a licensed medical doctor during the time of this litigation.  The Magistrate Judge now, appears to be more determined to block plaintiff from prevailing, almost as if he is representing the defendants. See, 28 U.S.C. § 144

Evidence thus far, demonstrates that the treating physician Dr. Tassin, M.D., at the private prison in Louisiana questioned surgery for plaintiff's hernia because he was not medically qualified to determine if plaintiff's hernia actually needed repair.[2]  Plaintiff

---

[1] The Magistrate Judge adopted Michael Robbins, opinions denying Application for Preliminary Injunction, **[Court Doc. No. 193]** Plaintiff argues Michael Robbins is not a treating physician; he also is not an expert in the field of hernia repairs. Rule 701(c), Fed.R.Evid.  Court Doc. No. 345.

[2]     Plaintiff conducted his own investigation and has documentations that will clearly demonstrate ADOC defendants Ruth Naglich and Brandon Kindard did so, participate and did so, actually "denied" plaintiff surgery request as "deemed unnecessary" and instructed to the medical personnel at the private prison in Louisiana that (i) authorization first had to be approved by ADOC, (ii) Ruth Naglich and Brandon Kindard called with detailed instructions plaintiff cannot have surgery unless his hernia is incarcerated,

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

argues, Dr. Hobbs was defendant's treating physician, who, repeated opposed both Dr.

Tassin, and Dr. Yerubandi, a licensed surgeon without first, having a valid Alabama

medical license. Plaintiff argues William Hobbs is prohibited from testifying to the

treatment, diagnosis, evaluation, of plaintiff's medical condition without a valid medical

license.[3]

Dr. Robbins has purported himself out as an expert in hernias, but he has not

trained in surgery.   Dr. Robbins is not board certified with the American Board of

Surgeons, nor Royal College of Surgeons.   He is in licensed to practice institutional

medicine and does not have a license to practice in society.  His testimony is limited, he

has never once, repaired a hernia.  But, attempts to offer testimony as to when plaintiff

should undergo surgery.  Since, Hobbs <u>did not have a valid medical license</u>, where is the

testimony from defendants treating physician concerning plaintiff's treatment?   There

isn't one, Robbins never once, seen, treated, evaluated, examined plaintiff's medical

condition.

1.    **Exhibit "A"** is Plaintiff Supplemental Discovery request propounded upon

defendant Michael Robbins, on *December 7, 2007.* [**Court Doc. No. 315**]   <u>Plaintiff</u>

<u>argues that this discovery request is targeted to Robbins, treatment, diagnosis,</u>

<u>examination, evaluation and is most relevant in this medical case.</u>

2.    Defendant never once filed an response, answer nor an objection.

---

strangulated or intot he scrotum.  Plaintiff has evidence that will demonstrate, ADOC defendants actually
denied the surgery.

[3]     Dr. Yerubandi, is a surgeon who offered several opinions that Plaintiff needs surgery.  Dr. Tassin is
the treating physician questioned surgery.    William Hobbs did not possess a valid medical license.  Dr.
Robbins claims to be actively involved in this case.  Plaintiff is entitled to ascertain what involvement
Robbins participated when he never once, seen, evaluated, treated, examined plaintiff's medical condition.

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

3.     On *February 13, 2008*, Plaintiff filed his "*Motion To Compel Responsive Answers*"

[***Court Doc. No. 464***]. The Magistrate Judge on *February 14, 2008*, issued its order to

show case. [***Court Doc. No. 468***]. Again, defendant did not file a timely response, nor

an objection. Again, defendants ignored the Magistrate Judge's order.

4.     [4]On *April 7, 2008*, Plaintiff filed a document entitled: Motion For Sanctions" [***Court***

***Doc. No. 560]*** the Magistrate Judge, *again*, issue another order to show cause. [***Court***

***Doc. No. 563***].

5.     On *April 7, 2008*, Plaintiff filed a document entitled: "Motion For Contempt",

complaining to the Magistrate Judge, defendant Robbins will not comply with court

orders pertaining to discovery. [***Court Doc. No.560 & 561***], again, the Magistrate

Judge issued a show cause order. [***Court Doc. No. 563***]

5.     On *April 28, 200*8, counsel again submitted a "global boilerplate" objection

responding to Court orders [**Doc. 600 ]** ][5]

6.     This issues before this Court are Plaintiff's Supplemental Discovery request,

[**Court Doc. No. 315**] and Defendant Michael Robbins's global boilerplate objections

[**Court Doc. No. 600**], and the Magistrate Judge's "boilerplate denial" of "all" discovery

challenges. [**Court Doc. No. 602**]

---

[4] Plaintiff complains that the defendants do not adhere to the Magistrate Judge's orders. The Record reflects numerous motions to compel, orders to show cause, still defendants do not adhere to the Magistrate Judge is the proximate cause to this voluminous case. The Magistrate Judge does nothing about defendant's abuse, disrespect to the court. Defendants do not address the issues, and the Magistrate Judge rules in their favor, not paying attention to this objection that defendants did not address this specific discovery request propounded on Robbins.

[5] Plaintiff is objecting to his Fourth Set of Discovery Request at this time propounded on William Hobbs. [Court Doc. No. 226]    Since Hobbs did not possess a valid medical license Discovery request (Doc. # 314) probably need not to be answered for such request inquire into his treatment, diagnosis, evaluations, and he did not have a valid license to practice medicine.

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

### *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [6]  28 U.S.C. § 636(b)(1)(a)(2004).  Plaintiff files his written objections specifically as to the Magistrate Judge's "boilerplate" denial of "*all*" discovery challenges and argues that the Magistrate Judge is denying fundamental fairness and blocking plaintiff from discovering relevant materials pertaining the indifference by Dr. Robbins.

Throughout this case, the Magistrate Judge appears to have been solely relying on the prison doctors' testimony.  Plaintiff has presented testimony from a license surgeon that plaintiff's hernia need repair.     Defendant William Hobbs <u>did not have a valid medical license,</u> and <u>Robbins never once, treated plaintiff nor seen, examine, evaluated</u> plaintiff's medical condition.

A federal court is not required to blindly defer to the judgment of prison doctors or administrators in determining whether there has been deliberate indifference to an inmate's serious medical needs. *Hunt v. Dental Dept.*, 865 F. 2d 198, 200 (9th Cir. 1989)(citing *Wood v. Sunn,* 852 F.2d 1205, 1211 (9th Cir. 1988) *vacated on other grounds*, 880 F.2d 1011 (1989).

Plaintiff can question Robbins, which implicate his expertise.  In *Miller v. Wilson*, U.S. Dist. LEXIS 19584 (S.D. Ala. 1996) United States District *Judge, William Cassidy* for the Southern District of Alabama specifically stated: "There is little doubt that an inguinal

---

[6] <u>*Objection.*</u> Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See <u>28 U.S.C. 636</u> (b)(1)(C); *Lewis v. Smith,* <u>855 F.2d 736,</u> 738 (11th Cir. 1988); *Nettles v. Wainwright,* <u>677 F.2d 404</u> (5th Cir. Unit B, 1982) *(en banc).*

hernia is a serious medical need." *Id.* See also, *Delker v. Maass,* 843 F, Supp. 1390, 1392 (D. Or. 1994) ("State inmate's Eighth Amendment rights were violated based on approximately two-years delay in providing operation for his non-incarcerated, inguinal hernia . . . state penitentiary exhibited deliberate indifference which resulted in unnecessary infliction of pain, suffering, and anxiety upon inmate.")

The *Delker* Court held: "I reject defendant's contention that repair of an inguinal hernia is not a serious medical need because that procedure is not ranked high on the list of medical procedures covered by the Oregon Health Plan legislation recently enacted by the Oregon legislature." *Id.* at 1400; *Accord; Faulkner v. Griffith, Jr., et al.,* 1995 U.S. Dist. LEXIS 1150 (W.D. Tex. 1995). *Miller,* supra, lacked expert testimony.

The law is established that plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999).

Deliberate indifference may be shown by Dr. Robbins's refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all." *McElligott,* 182 F.3d at 1255 (citations omitted).

The Eleventh Circuit recognizes that an examination of the knowledge and actions of medical professionals is not particularly suited to evaluation through the subjective lens of the deliberate indifference test, because "the quality of a doctor's treatment is

6

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on
defendant Michael Robbins, Court Doc. No. 315.

evaluated according to professional standards." *Waldrop v. Evans*, 871 F.2d 1030,

1035 (11th Cir. 1989) The Eleventh Circuit has held that it will find no hesitation in finding

that "grossly incompetent medical care or choice of an easier but less efficacious course

of treatment can constitute deliberate indifference. *Id.*

That the overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result. *See **United States v. Proctor & Gamble**

**Co.**,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L. Ed. 2d 1077 (1958).

Plaintiff objects to the defendant's responses as being evasive, incomplete; boiler

plated, unwarranted, and improper.    The Magistrate Judge should have ordered

responsive answers to plaintiff discovery request, especially since Hobbs did not possess

a valid Alabama medical license.

### OBJECTIONS LEGAL AUTHORITY

1.    Rule 26(b)(1), Federal Rules of Civil Procedures.

2.    Rule 33(b)(1), Federal Rules of Civil Procedures.

3.    Rule 37(a)(2)(b), Federal Rules of Civil Procedures.

4.    Rule 37(a)(3) & (4), Federal Rules of Civil Procedures.

5.    Rule 37(c)(2), Federal Rules of Civil Procedures.

6.    Defendant's numerous global tactic & boilerplate responses are
      improper and unjustified.  Rule 37(c).

7.    Defendant's Numerous Boilerplate Objections To Plaintiff's
      Discovery Requests, Are Improper. Objections To Requests For
      Discovery Should Be "Plain Enough And Specific Enough So That
      The Court Can Understand In What Way The Interrogatories Are

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

Alleged To Be Objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).

## *I.*

## *PLAINTIFF'S DISCOVERY REQUESTS ARE JUSTIFIED / PLAINTIFF INTERROGATORIES ARE DUE TO BE ANSWERED*

Plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)). Plainitt should have the right to question Robbins pertaining to his treatment, diagnosis and examination.  The Magistrate Judge overlooked this very important area in this case.

### B.   *Defendant Did Not Meet His Burden:*

*Court Doc. No. 600*, is defendant Michael Robbins, response is unbelievable that the Magistrate Judge determined that this is a sufficient response?

Plaintiff finds it worth to attach the excerpt of his Discovery request propounded on Michael Robbins that will definitely demonstrate counsel ignored to response, answer or raise a detailed objection to this specific discovery request.

### *Interrogatories, [ Court Doc. No. 315]*

¶ 1.   Please state whether or not your license to practice medicine is on file with the Montgomery County Clerk of Montgomery County, State of Alabama.  If not, please state the County in Alabama where your licenses is filed. [Id.]

### **Argument:**

William Hobbs lied to the Magistrate Judge concerning his medical license, and he was the treating physician.  Hobbs did not have a valid Alabama medical license.  What is to think Robbins will not also lie?  Reliability is at most concern since Robbins want to

8

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

offer an opinion.  His medical license is up most importance.  Does he posses a valid

Alabama medical license.  Is his certification current?  His filed of practice is institutional

based medicine which has nothing to do with hernia repairs.  He never once, treated a

hernia through means of surgery. Discovery is necessary he hasn't been in a surgery

room well over 15-years since his residency and training as a med-student does not

count.

¶ 2.    In order that you **testimony will be admissible**, please describe
        your educational and training background regarding Ventral Hernia
        Repair to qualify you for the practice of medicine in this specific
        area.[Id.]

**Argument:**

Robbins is not an expert in hernia repairs.  See, Rule 701(c) & 702

Fed.R.Evid..   Plaintiff is entitled to question his education background. **Question**

**1,2,3,4, 5, 6** govern his area of medicine and whether he will be allowed to testify as

reliable, competent pertaining to hernia treatment.    **Questions 7.-21** govern around

the treatment, diagnosis proscribed to the Plaintiff.  The Magistrate Judge relied on the

defendant who did not answer. [*Court Doc. 600*]

¶ 3.    Please also state the professional societies to which you
        belong.[Id.]

¶ 4.    **Do you specialize in any particular branch of medicine?[Id.]**

¶ 5.    If you have answered the above question in the affirmative, please
        state what your specialty is. [Id.]

¶ 6.    **Are you board certified?  [Id.]**

a.      If your answer to the above question is in the affirmative, please
        tell what board certification means.[Id.]

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

¶ 7.    At the time you examine Marcellus Breach was he complaining about pain or discomfort in some portion of his body?[Id.]

¶ 8.    If so, what were those complaints?[Id.]

¶ 9.    Did Marcellus Breach's condition, as you observed it upon your first examination, limit his bodily movements or day-to-day activities in any way?[Id.]

¶ 10.    If so, what limitation was Marcellus Breach experiencing on that occasion?

¶ 11.    Did you recommend surgery?[Id.]

¶ 13.    During the course of your examination upon Mr. Breach, did you observe the condition in his body, which in your opinion based upon reasonable medical probabilities, caused the pain and limitation of motion, bowel movements, standing, that he had described to you?[Id.]

¶ 14.    If your answer to Question No. 13 is in the affirmative, please describe this condition.    If no, also explain your medical findings.[Id.]

¶ 15.    Please detail your findings based upon your examination of Mr. Breach and your observation during this examination, please detail your reasons why you felt the surgically repair upon examination was unnecessary.[Id.]

¶ 16.    Please state an opinion to your answer to Question No. 15.[Id.]

¶ 17.    Based on your examination of Mr. Breach and observation of his Hernia, are you able to form an opinion today, based on reasonable medical probabilities, as to whether or not his hernia has progressed, worsen and caused more pain independently due to the lack of surgically intervention, the condition which you found and refused to have his hernia repaired.    Please state an opinion.[Id.]

¶ 18.    Based on your examination are you able to form an opinion, based on reasonable medical probabilities, as to whether or not Mr. Breach's hernia as to the date of your last examination he is capable of exercising, lifting heavy objects, long standing, not experiencing pain while urinating n or bowel movements.[Id.]

10

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

¶ 19.  If so, please state that opinion and the reasons therefore.[Id.]

¶ 20.  Did you agree with your employer upon employment that you would comply with any standard of treatment with either PHS or ADOC regarding hernias? If yes, please explain in details.[Id.]

¶ 21.  **Please give your opinion** when Mr. Breach is still continuing to **experience pain or discomfort** and the pain is not relieved by your medications and the truss is not preventing the hernia from worsening what medical probability can arise and what is your recommendation?[Id.]

### *ARGUMENT*

For purposes of **examination, diagnosis and treatment**, Robbins must answer, he must have particularized knowledge to the medical issues before the Court. It is highly prejudice for the Magistrate Judge to deny him this right. Robbins is not adequately trained, experienced in hernias, he has never repaired a hernia and his testimony will be challenged as unreliable testimony. In this case, Hobbs did not have a valid medical license; Robbins never once seen, evaluated, examined, nor treated plaintiff's medical condition. But, claims to have participated. If so, discovery is sought and ought to be granted for impeachment purposes.

Plaintiff can ask him about his treatment, based on his personal knowledge of the examination, diagnosis and treatment. *Baker*, 163 F.R.D. at 349. He can be asked about the degree of injury in the future without surgery or, about anything else that was necessary of the patient's treatment. Id. See, *Young v. United States of America*, 181 F.R.D. 344, 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997)

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

Counsel's response is, once again, a global objections and Plaintiff argues that such is improper and Compel ought to be granted. Counsel continues to stonewall discovery. Counsel's objections never once stated that Robbins has made a good faith, or reasonable inquiry or, it is impossible for him to answer This is frivolous.

*First,* with respect to Defendants boilerplate objections to Plaintiff's discovery requests, the Court ought to agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." ***Panola Land Buyers Ass'n v. Shuman,*** 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not be considered by the Court. *See, e.g.,* ***McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*** 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly

12

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

broad, burdensome or oppressive, by submitting evidence or offering evidence which

reveals the nature of the burden." ***Chubb Integrated Systems Limited, v. National***

***Bank of Washington,*** 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* ***EEOC* v.**

**Quad/Graphics, Inc**., 63 F. d 642 (7th Cir. 1995). The resisting party must make a

particular and specific demonstration of fact and cannot rely on simple conclusory

assertions about the difficulty of complying with a discovery request. *See* ***Twin* City Fire**

**Ins. Co. v. Employers Ins. of Wausau**, 124 F.R.D. 652 (D. Nev. 1989). A mere

showing of burden and expense is not enough. ***Ericson v. Ford Motor Co.***, *107 F.R.D.*

*92* (E.D.Ark. 1985). [See, ***Court Doc. No. 600***, Robbins's response] Response (Doc.

600) does not even address defendant Robbins, and the Magistrate Judge obviously

overlooked this fact.

## ISSUE NO. 1

### DEFENDANT FAILED TO ADDRESS THIS DISCOVERY REQUEST (DOC. 315) AND MISLEADS THE MAGISTRATE JUDGE INTO THINKING THEY HAVE ACTUALLY RESPONSE IS COMPLETELY UNTRUE, INCORRECT. [DOC. 600]

"The party resisting discovery has a 'heavy burden' of showing why discovery

should be denied." ***Roehrs v. Minn. Life Ins. Co***., 228 F.R.D. 642, 644 (D. Ariz. 2005)

Counsel completely did not address this specific discovery request. An evasive or

incomplete answer to a request for ought to be treated as a failure to answer. Fed.

R.Evid.P. 37(a)(4).

Plaintiff's discovery request is questioning Robbins concerning his diagnosis,

treatment, evaluation and opinion pertaining to surgery.

13

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

### ARGUMENT

Dr. Robbins has offered several opinions in this case that will be challenged as unreliable. Discovery is requested because reliability is a factor this Court must weight pertaining to Robbins's opinions -- as the <u>Supreme Court has identified several non-exclusive factors that a court may consider when evaluating whether a particular theory or study is reliable: (1) whether the theory in question can be and has been empirically tested; (2) whether the theory in question has been subjected to</u> peer review and publication; (3) the theory's known or potential error rate; and (4) whether the theory is generally accepted in the field. **Daubert**, 509 U.S. at 593-95. As the Court emphasized in *Kumho Tire,* however, "the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." **Kumho Tire,** 526 U.S. at 141. The pertinence of the *Daubert* reliability factors "

In respect to plaintiff's Interrogatories propounded on defendant Robbins [**Court Doc. No. 315**] Discovery request Plaintiff argues that he is entitled to learn more of Robbins qualifications in the area of medicine he practices and has practiced

With respect to Discovery request propounded on Robbins **Court Doc. No. 315** request is specifically pertaining to any Robbins's purported examination, diagnoses and his treatment. Plaintiff can discover and ask Robbins questions about medical issues that he considered in reaching his diagnosis and in rendering his treatment. **Young v. United States of America**, 181 F.R.D. 344; 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997).

Unless Robbins was specifically retained as an expert, in which it is clear he is not an expert in hernia treatment, plaintiff can ask him questions based on his personal

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

knowledge of the examination, diagnosis and treatment, Interrogatories 1-21, Court

**Doc. No. 315. Baker**, 163 F.R.D. at 349. For example, plaintiff can ask about the degree of plaintiff's injury in the future if continued left without surgery or, about anything else that was a necessary part of plaintiff's treatment. *Id.* Robbins cannot be asked to answer question about medical issues not involved in his diagnoses and treatment. *Id.* Interrogators No's. 1.-21 is founded on Robbins's alleged personal examination, diagnoses and treatment is relevant to deliberate indifference, malpractice and negligence.

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. **Henry,** 212 F.R.D. at 80. Boilerplate objections to plaintiff's Discovery requests are improper. Objections to requests for discovery should be "plain enough and specific enough so that the Court can understand in what way the interrogatories are alleged to be objectionable." See, **Panola Land Buyers Ass'n v. Shuman**, 762 F.2d 1550, 1559 (11th Cir. 1985).

### POINT "B"

### DEFENDANTS RESPONDING TO INTERROGATORY ARE OUT RIGHT INADEQUATE AND IMPROPER

Defendant did not answer Interrogatory questions 1. – 24 and (**Doc. #600**) his responses are incomplete and inadequate. *First,* it is insufficient to answer an interrogatory to merely referencing allegations of a pleading. See, **Davidson v. Goord**, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing **Farran v. Johnston Equip. Inc.,** No. 93-6148, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005 at *5 (E.D. Pa. Sept. 12,

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

1995)(Rule 33 "requires an answer to be complete in and of itself; thus, the answer "should not refer to other pleadings")); see also, *King v. E.F. Hutton, Inc.,* 117 F.R.D. 2, 6 (D.D.C. 1987)("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed."). Moreover, *Rule 33(b)* requires the answer to an interrogatory question to be complete in and of itself without reference to other pleadings. See, *Davidson*, 215 F.R.D. at 77; *Farran*, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005, at *5. Therefore, Defendant ought to be compelled to answer without stating, please see the medical records are inadequate responses.

Rule 36 also imposes upon the responding party a duty to engage in "reasonable inquiry." Fed.R.Civ.P. 36(a). This imposes on the Respondent a reasonable duty to investigate, and some courts contend that it imposes a duty to inquire into the knowledge of anyone who "conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response . . . [R]elevant documents and regulations must be reviewed as well." *Herrera v. Scully,* 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (internal citations omitted). *See also, Asea, Inc. v. So. Pac. Transportation Co.,* 669 F.2d 1242, 1245-47 (9th Cir. 1981); *Caruso v. Coleman Co.*, 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing *Diedrich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton*, 859 F.2d 1147, 1148-49 (3d Cir. 1988)); *Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994); *Diedrich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *Uniden American Corp. v. Ericsson, Inc.,* 181 F.R.D. 302 (M.D.N.C. 1988).

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

Robbins's position ought not to be well taken. It is a boilerplate and vague, evasive and incomplete answer to the request for production is to be treated as a failure to answer. Fed.R.Civ.P., 37(a)(3

"The party resisting discovery has a "heavy burden" of showing why discovery should be denied." **Roehrs v. Minn. Life Ins. Co.,** 228 F.R.D. 642, 644 (D. Ariz. 2005) Defendants have not met this burden.

## REQUEST FOR SANCTIONS

The remaining issue is whether Plaintiff is entitled to sanctions. Federal Rule of Civil Procedure, *Rule 33(b)(5)* provides that a party submitting interrogatories may move for an order under *Rule 37(a)* with respect to any objection to or other failure to answer an interrogatory. *Rule 37(a)(4)(A)* provides for the award of expenses and sanctions when a party must bring a motion to compel. [**Court Doc. No. 481, 541**] In pertinent part it states: If the [motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that other circumstances make an award of expenses unjust. Fed.R.Civ.P., 37(a)(4)(A).

This Court ought to be suspicious of counsel's mere recitation of *Rule 36(a)*. Defendant has failed to allege or specify any reasonable inquiry it undertook to obtain information that would enable it to admit or deny the requested admissions. Many courts

**EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.**

require as much. *See **Asea, Inc.,*** 669 F.2d at 1246; ***Checker Leasing, Inc. v.***

***Sorbello***, 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989); ***Han v. Food and***

***Nutrition Serv. of the U.S. Dept. of Agric.,*** 580 F. Supp. 1564 (D.C.N.J. 1984);

***Princess Pat, Ltd. v. Nat'l Carloading Corp.,*** 223 F.2d 916 (7th Cir. 1955). However,

the Advisory Committee Note accompanying the 1970 Amendment of *Rule 36* states,

while "a reasonable burden is imposed on the parties when its discharge will facilitate

preparation for trial and ease the trial process . . . *Rule 36* requires only that the party

state that he has taken these steps. The sanction for failure of a party to inform himself

before he answers lies in the award of costs after trial, as provided in *Rule 37(c).*"

Fed.R.Civ.P. 36.

Reasonable fees under the circumstances can be appropriate. A *pro se* party may

be awarded expenses under *Rule 37*. *See **Lightsey v. Potter,*** 2006 U.S. Dist. LEXIS

92904 (N.D. Ga. December 22, 2006); citing, ***Walker v. Tri-Tech Planning***

***Consultants, Inc.,*** 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any

authority or principle of law which prevents *pro se* litigants from recovering their

expenses in a *Rule 37* motion.").

**WHEREFORE,** for the litigation system to work effectively, litigants must comply

with the Federal Rules of Civil Procedure. Plaintiff objects to defendant Michael Robbins's

global tactics responses as incomplete, nonresponsive, evasive and request that the court

order Hobbs to answer each request in dispute fully and completely.

Respectfully Submitted

Done this 5th Day May, 2008.

18

EXHIBIT "A" and Attached Excerpt, Supplemental Discovery request propounded on defendant Michael Robbins, Court Doc. No. 315.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY**, that I have this 5th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

Marcellus Breach

19