**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### MIDDLE DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * | CASE NO: 2:06-CV-1133-MEF |
| Vs. | * |  |
|  | * |  |
| PRISON HEALTH SERVICES, INC., | * |  |
|  | * |  |
| Defendants. |  |  |

## *PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT WILLIAM D. HOBBS, [COURT DOC. NO. 226] REQUEST FOR SANCTIONS*

**COMES NOW**, the Plaintiff <u>*Marcellus Breach*</u> (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>*April 29, 2008*</u>, [***Court Doc. No. 602***] in regards to Discovery request, (**Doc. 226**) Motion to Compel, (**Doc. 48**0) Motion for sanctions, (**Doc. 549**) Motion for Contempt, (**Doc. 560, 561**)

a. "Plaintiff's Motion To Compel Responsive To Defendant William Hobbs / Compel Answers To Discovery Request For Production of Documents, Interrogatories, Admission, ...." [***Court Doc. No. 480***] filed on <u>*February 21, 2008,*</u>

b. Plaintiff's <u>Motion For Sanctions</u>, filed on <u>*March 14, 2008*</u>, [***Court Doc. No. 540***].

1

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006

    c.    Plaintiff's Motion For Contempt of Court filed on *April 7, 2008,* **[Court Doc. No. 560 & 561]** pertinent to Plaintiff Discovery request **(Doc. 226).**

Plaintiff files his written objections to the Magistrate Judge's "*boilerplate*" denial of discovery motions entered on *April 29, 2008,* which is an evasive order, specifically, not addressing plaintiff specific motions which were denied.  Plaintiff state the denial of discovery is the form of forestalling plaintiff from retrieving the truth regarding defendant William Hobbs, when evidence is before the Magistrate Judge demonstrates William Hobbs <u>did not possess</u> a valid Alabama medical license before he decided to submit multiple affidavits, testimony opposing surgery, intentionally prevaricating and the Magistrate Judge's denial of discovery creates a miscarriage of justice, is prejudice, bias, one-sided, and it is conspicuous that defendant William Hobbs's malignant actions will escape accountability.  The Magistrate Judge's boilerplate denial of discovery, motion to compel, motion for sanctions is erroneous and denies plaintiff the opportunity to fully develop the mendacious acts of the defendant and demonstrates an appearance of impropriety to simply allow a defendant disquise himself as " a license physician" when in fact such is false.  Plaintiff basis his objection to his Discovery request propounded on William Hobbs who has submitted written opinions, testimony without a valid medical license and his license to practice medicine expired on <u>December 31, 2006,</u> *"Exhibit "A"* and has repeatedly submitted numerous affidavits to the Magistrate

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.</u> Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

Judge that he was "a license physician" is simply a malignant.   In further support,

Plaintiff argues that the Magistrate Judge ought not to "block" Plaintiff from his pursuit

of uncovering the truth, uncovering the defendant's schemes in invoking pain and

suffering using a non-license physician will demonstrate deliberate indifference to a

serious medical need; and, is germane to the very issue before the court, *i.e.*, surgery.

Plaintiff objects to the Magistrate Judge Order # 602 stating:

> " . . . ORDERED that *all* **outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED." DOC. 602.** [1]

### STATEMENT OF THE FACTS

Plaintiff presents *Exhibit "A"*, which demonstrates intentionally mislead the

Magistrate Judge unchecked -- defendant William Hobbs <u>did not</u> possess a valid medical

license. [2]**License No. 00027666** of defendant William Hobbs, his Alabama medical license

---

[1] The Magistrate Judge adopted William Hobbs's opinion denying Application for Preliminary Injunction, [Court Doc. No. 193] Plaintiff argues William Hobbs did not possess a valid Alabama medical license when The Magistrate Judge adopted his opinions in October 2007, nor was he licensed when the Magistrate Judge denied Plaintiff's motion for independent physical examination. Court Doc. No. 345.

[2]     William Hobbs was added as a defendant to this action on July 23, 2007, **Court Doc. No. 99.** His medical license were in fact expired December 31, 2006, some seven (7) months before he was served, ordered to respond and submitted several affidavits offering opinions, opposing surgery and addressing plaintiff's medical condition is blatant perjury.  Hobbs stated that he was a licensed physician in Alabama since 2006, but did not state his license were in fact expired and not renewed.

3

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

expired on <u>December 31, 2006</u>, <u>well before</u> he was a party to this action; also, <u>before</u> he

submitted several written opinions pertaining to the issue before the Court, <u>i.e.</u>, surgery.

The Record contains approximately fifteen separate discovery request and fifteen

separate motions to compel discovery request.

This case will and does have a long laundry list of objections. <u>Over the past two</u>

<u>years, the parties have engaged in protracted</u> discovery disputes. Both sides initially

adopted extreme and unreasonable positions; the plaintiffs asked for almost every

tangible piece of information or property possessed by the defendants, and the

defendants offered next to nothing and took several steps to delay discovery. In this case,

however, the Magistrate Judge never attempted to resolve the parties' disputes and force

the parties to meet somewhere in the middle of their respective extreme positions. As a

result, what began as a relatively common discovery dispute quickly deteriorated into

unbridled legal warfare.

Plaintiff sees no useful purpose in describing the drawn-out discovery battle in

detail; a relatively brief summary will suffice. Defendants suppressed the fact that

defendant William Hobbs <u>was not a license medical doctor</u> during the time of this

litigation.

1.    Plaintiff filed his Discovery request propounded upon defendant William Hobbs

on <u>November 13, 2007</u>. [***Court Doc. No. 226***]

4

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

2.    On *December 21, 2007,* counsel for Defendants filed his written objection being *"global boilerplate"* without specific objection to plaintiff's discovery request. [*Court Doc. No. 247*]

3.    On *February 21, 2008,* Plaintiff filed his Motion To Compel Responsive Answers [*Court Doc. No. 480*]. The Magistrate Judge on *February 22, 2008,* issued its order to show case. [*Court Doc. No. 484*].

4.    On *March 14, 2008,* Plaintiff filed a document entitled: "Motion For Sanctions" [*Court Doc. No. 540*] and the Magistrate Judge again, issue another order to show cause. [*Court Doc. No. 545*].

5.    On *April 7, 2008,* plaintiff filed a document in request for "Contempt of Court" for Hobbs deliberate indifference to ignore court orders. [**Court Doc. No. 560 & 561**]

5.    On *April 28, 200*8, counsel again submitted a "global boilerplate" objection responding to Court orders [**Doc. No's. 484, 485,**][3]

6.    This issues before this Court are Plaintiff's Discovery request, [**Court Doc. No. 226**] and Defendant William Hobbs's global boilerplate objections [**Court Doc. No. 341 and Doc. # 600**], the Magistrate Judge's "boilerplate denial" of *"all"* discovery challenges. [**Court Doc. No. 602**]

---

[3] Plaintiff is objecting to his Fourth Set of Discovery Request at this time propounded on William Hobbs. [*Court Doc. No. 226*]   Since Hobbs did not possess a valid medical license Discovery request (*Doc. # 314*) probably need not to be answered for such request inquire into his treatment, diagnosis, evaluations, and he did not have a valid license to practice medicine.

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

## *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [4] 28 U.S.C. § 636(b)(1)(a)(2004). Plaintiff files his written objection specifically as to the Magistrate Judge's "boilerplate" denial of "*all*" discovery challenges and argues that the Magistrate Judge is denying fundamental fairness and preventing plaintiff from discovering relevant materials pertaining to how and why defendants employed William Hobbs knowing he did not possess a valid medical license, and ensure that he retained a valid medical license throughout the course of his employment as "Medical Director". Plaintiff questions Magistrate Judge's ethical approach when the Magistrate Judge was deliberately lied too, and this conduct demonstrates perjury, fraud, misrepresentations; William Hobbs submitted several opinions to the court opposing surgery, independent physical examination and the Magistrate Judge adopted without question his opinions, denying preliminary injunction, **(Doc. 193)** independent physician examinations, **(Doc.**

---

[4] Plaintiff argues that the Magistrate Judge outright denying all plaintiff discovery request, and relying on a non-license physician is questioned under Section 455 (A) 28 U.S.C.S. § 144 Although Plaintiff investigated Hobbs not having a valid license on his own, such could also have been discovery through his Interrogatories. The Magistrate Judge denying this most valid material is questioned.

<u>Objection.</u> Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See <u>28 U.S.C. 636</u> (b)(1)(C); *Lewis v. Smith,* <u>855 F.2d 736,</u> 738 (11th Cir. 1988); *Nettles v. Wainwright,* <u>677 F.2d 404</u> (5th Cir. Unit B, 1982) *(en banc).*

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

**345)** when in fact William Hobbs did not, possess a valid Alabama medical license.

Plaintiff argues such is contrary to law and clearly erroneous.

The overall purpose of discovery under the Federal Rules is to require the disclosure of <u>all relevant information</u> so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See **United States v. Proctor & Gamble Co.***, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L. Ed. 2d 1077 (1958).

Plaintiff objects to the defendant's responses as evasive, incomplete, boiler plated, unwarranted and improper.  The Magistrate Judge should have ordered responsive answers to plaintiff discovery request, especially since Hobbs did not possess a valid Alabama medical license. *Exhibit "A"*

### OBJECTIONS LEGAL AUTHORITY

1.    Rule 26(b)(1), Federal Rules of Civil Procedures.

2.    Rule 33(b)(1), Federal Rules of Civil Procedures.

3.    Rule 37(a)(2)(b), Federal Rules of Civil Procedures.

4.    Rule 37(a)(3) & (4), Federal Rules of Civil Procedures.

5.    Rule 37(c)(2), Federal Rules of Civil Procedures.

6.    Defendant's numerous global tactic & boilerplate responses are improper and unjustified. Rule 37(c).

7.    <u>Defendant's Numerous Boilerplate</u> Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

> Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).

## *ARGUMENT THAT DISCOVERY REQUEST IS JUSTIFIED PLAINTIFF INTERROGATORIES ARE DUE TO BE ANSWERED*

B.    *Defendant Did Not Meet His Burden:*

*Court Doc. No. 341* is defendant William Hobbs's global plated objections and Plaintiff argues that such is improper and Compel ought to be granted. Counsel continues to stonewall discovery. Counsel's objections never once stated that Hobbs has made a good faith, or reasonable inquiry or, it is impossible for him to answer Plaintiff's request for Interrogatories, Production of Documents and Admissions. [*Court Doc. No. 226*] This is frivolous. *First,* with respect to Defendants numerous boilerplate objections to Plaintiff's discovery requests, the Court ought to agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient

8

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendant asserts such objections, they are improper and ought not be considered by the Court. *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.,** 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See Twin* **City Fire Ins. Co. v. Employers Ins. of Wausau,** 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co., 107 F.R.D. 92* (E.D.Ark. 1985). [See, **Court Doc. No. 600,** Hobbs's response at 3, ¶ 5] Defendant asserts "burdensome"

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

but has not attached one affidavit in support and relies on conclusory assertions about

the irrelevant, immaterial is frivolous.    Counsel forgot, to disclose to the Magistrate

Judge, William Hobbs did not possess a valid Alabama medical license. *Exhibit "A"*,

Plaintiff's discovery request ought to be answered.

*ISSUE NO. 1*

<u>**Defendant's Numerous B**</u>**oilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable." See,** *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).

Evidence must be relevant to be admissible.    Relevant evidence is defined as

"evidence having <u>any</u> tendency to make the existence of any fact that is of consequence to

the determination of the action more probable or less probable than it would be without

the evidence. <u>*Rule 401,*</u> Fed. R. Evid.

[*Court Doc. No. 226*] is Plaintiff's Discovery request propounded on William

Hobbs.

Counsel's global objection to Interrogatory questions: # 1, 2, 3, 4, 6, 8, 9, 10, 12, 13,

are global plated and improper.

**Plaintiff Interrogatory Questions 1-4, attached excerpt below are due to be answered. [Court Doc. No. 226,]**

[Plaintiff's Interrogatories 1 – 4]

¶ 1.    Please state the following for the plaintiff.

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

    a.    your age
    b.    your education
    c.    your length of service in your present employment position
    d.    your previous occupational experience(s)
    e.    your training and experience in hernias

¶ 2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama, or another? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge(s), arrest or conviction.[Id.]

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), employer, employer or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity. [Id.]

¶ 4.    Please identify employers you have had, other than your current position, in the last ten (10) years.    With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.[Id.]

Defendants Response to Questions 1-4: [*Court Doc. No. 341*]

"This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to discovery of admissible evidence for the claims outlined by the Plaintiff" [Id. at 1-4]

*Rule 404(b)* provides, in relevant part, as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such

11

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Hobbs disguised himself out to the court as a license physician, which was a lie: such criminal behavior warrants discovery request to be answered.

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. ***Henry,*** 212 F.R.D. at 80. Boilerplate objections to plaintiff's Discovery requests are improper. Objections to requests for discovery should be "plain enough and specific enough so that the Court can understand in what way the interrogatories are alleged to be objectionable." See, ***Panola Land Buyers Ass'n v. Shuman,*** 762 F.2d 1550, 1559 (11th Cir. 1985).

**Question No. 1** is relevant. First, William Hobbs did not posses a valid medical license. His license expired on *December 31, 2006*. Discovery into his past criminal activity is relevant; it is obvious that he practiced medicine without a license during the time of this action. ***Exhibit "A".*** Why William Hobbs was fired, cannot maintain steady employment is also relevant to his credibility, reliability pertaining to surgery**. *Why did Hobbs lie to the Magistrate Judge?***

12

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

The Rule defines the term "relevant evidence" as provided that evidence is relevant if it has any tendency to make the existence of a material fact more probable or less probable than it would be without the evidence.

**Questions #'2, 3, 4,** also is relevant.  William Hobbs was terminated on *April 11, 2008,* as Medical Director and as "treating physician" from CMS at Limestone prison. Hobbs's medical license were not renewed nor on file. *Exhibit "A".*    Discoverable information pertaining to his past employment, moving from state to state, country to country without proper board certification is discoverable; Hobbs inability to maintain employment is relevant also, his inability to have his medical license renewed, revoked, and past suspensions in other states is also relevant to his credibility, reliability attempting to offer medical opinions without a valid medical license.

It is important for the Court to be mindful that evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not.  To be relevant, it is sufficient that the evidence has a tendency to make a consequential fact even least bit more probable or less probable than it would be without the evidence.

Review to the Record, on *April 18, 2008,* the Magistrate Judge ordered William Hobbs to produce his Alabama medical license. [*Court Doc. No. 585*] Plaintiff argued to

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**
the Magistrate Judge that William Hobbs did not, posses a valid medical license and

*Exhibit "A",* confirms such. [*Court Doc. No. 579*]

In further support, judicial notice will reflect just how unprofessional William

Hobbs really is:  [**See, April 11, 2008, Court Doc. No. N/A, PHS Defendants' "Notice of**

**Filing," PHS William Hobbs, April 11, 2008**] Hobbs filed his synopsis of his educational

background, training, and experience in the treatment of hernias. [*Court Doc. No. 556*]

Hobbs affidavit will demonstrate that further discovery is necessary because

Hobbs is definitely unreliable with very little quantifiable support for his conclusions.

His background experiences are incongruous and unsupported with "a medical license".

He never stated he actually received a medical license in any State.  [Id.]

This Court has a gate-keeping role to ensure that any and all scientific, medical

testimony or evidence admitted is not only relevant, but also reliable. *Duabert*, 509 U.S.

579 (1993).

Williams Hobbs cannot rely on these questionable experiences because he names

no hospitals, medical clinics nor any American Boards of Certifications or Specialty he

has or belong to.  The rule of law is, when a witness relies "solely on primarily on

experience, then the witness "must" explain how that experience leads to the conclusion

reached, why that experience is a sufficient basis for the opinion, and how that

14

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

experience is reliably applied to the facts." *Frazier*, 387 F. 3d at 1261. Hobbs qualifications

and experience are not sufficient to render his opinions reliable. *Id.*

### POINT "A"

On *April 11, 2008* counsel submitted in his "Notice of Filings" an affidavit from

defendant William E. Hobbs. [*See, "PHS Medical Defendants "Notice of Filing" April 11,*

*2008 Court Doc. No. N/A*] Hobbs has attempted but very unsuccessful in providing a

complete synopsis regarding his background education, training and experience in

treatment of hernias.   Interesting, Hobbs appears to be a jake of all trades and a master of

none *i.e., having a current medical license and board certified in an area of specialty.*     Hobbs

has listed multiple areas of medicine he claims to have training, experience but, failed to

even demonstrate first, what state agency actually gave him a medical license?   His

education is not complete and completely fails to disclose that he actually graduated

from a recognized medical school and is a member of a medical society or medical board.

Plaintiff argues that Hobbs credentials, curriculum vitas simply are not adding up

and appears bogus and it is conspicuous that Hobbs has been contorted throughout his

alleged mysterious career.   Plaintiff asserts that this Court ought to find Hobbs

education, training and experience is questionable and demands proof; it is suspicious

that his background is inconsistence and does not reflect that he has ever had a private

practice in any area of medicine, or employment in medicine is very inconsistent and

15

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

very limited, he moves around from <u>state to state</u> never disclosing whether he <u>had a medical license in the states</u> he has named; alleged <u>practicing</u> is vague, and he disguises is beyond a questionable title, name title, is ill founded.  Plaintiff argues his background does not list one hospital, clinic in this Country and is too vague, ambiguous and plaintiff is requesting that this court order Hobbs to answer Plaintiff's Interrogatories No. 1-25. [Id.]

*First*, William Hobbs claimed that from 1962 thru 1965 he was "<u>involved</u>" in a Diploma Program, RN Degree in Flint, Michigan. [Id.]   He names no school or college, university; nor does he say he graduated and because a Nurse or, practiced Nursing. Furthermore, what is more questionable is, **anyone can be "<u>involved</u>"** in a nursing program, but, did William Hobbs actually graduate in Nursing, and if so, did he practice Nursing as a "Registered Nurse" registered as "a licensed Nurse" with the Michigan State Board of Nursing? <u>Hobbs story is not adding up</u>. [See, *April 11, 2008, PHS Notice of Filing, Aff'd William Hobbs, Court Doc. No. N/A*]

*Secondly*, Hobbs states, from 1969 thru 1970 he "**attended**" Central Michigan University in Mr. Pleasant, Michigan and received his Bachelor of Science Degree. [Id.] The question is, did **Hobbs actually, "graduate**"?  What filed of study did he supposably receive a Bachelor Degree?  It can be anything, *i.e., <u>Art, Communication, Physical Education, and Criminal Justice </u>ex certa*.  Hobbs is disingenuous.

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

Hobbs stated that from 1970 thru 1972 he did a Graduate Study at Central Michigan University in Mr. Pleasant, Michigan. [Id.]   Again, what kind of Graduate Study, and he fails to actually say, that he "Graduated" from this "graduate study" what area of study did he graduate is questionable.  Plaintiff can say, he went to grad school, but did plaintiff actually receive his Masters?  Hobbs is not adding up.

Hobbs further states from 1972 thru 1975 he "**attended**" Medical School at Michigan State University in East Lansing, Michigan. [Id.] Plaintiff "attended" The University of Alabama, but plaintiff did not graduate.    The question is, did Hobbs actually graduate from medical school, anyone can "attend" medical school, enrolled or not enrolled --- we can attend but to graduate is the question.   Next, what specific filed of medicine did he earn a graduate degree?

Hobbs states from 1975 thru 1979 he did "**my**" Internship and Residency in OB/GYN. [Id.] What hospital, City and State did he do "My" alleged Internship and Residency?  Hobbs does not provide one State he did this so called Internship; something is very wrong.  Hobbs goes on to stay, "(I have had major surgical privileges sine 1977) I have extensive training in abdominal surgery including hernia repairs (Ventral, Inguinal, and Femoral). [Id.]    What **American Board of Surgeons** does Hobbs belong to? When did he receive his surgical training at what hospital?    Hobbs has not one time listed one board certification with any **American Board of Surgery, or Royal College of Surgeons**

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226.  Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

to perform such alleged numerous hernia operations and repairs is too questionable, not

adding up.

Hobbs goes on and states, during 1980 he practiced OB/GYN, family medicine,

and emergency medicine in Michigan. [Id.]  Once again, Hobbs has not disclosed what

hospital; he did OB/GYN, family medicine, and emergency medicine in Michigan.  He

names no City in Michigan, no medical clinic, no hospitals is questionable.  Hobbs just

stated three (3) specific areas of medicine but yet to disclose a license, or board

certification?

Most interesting, Hobbs stated he practiced OB/GYN, family medicine, and

emergency medicine in Michigan, but no license then he moves to Illinois and "did'

Emergency Training at Cock County in Chicago.  Again, no license in either Illinois or

Michigan.    What is more interesting, Hobbs left Chicago, Illinois without ever once

stating what State agency actually gave him a medical license in Chicago, Illinois:  then

he states he did "emergency training " in Chicago.  What kind of emergency training,

family medicine, and OB/GYN is three (3) separate specific medical fields, he appears to

be a medical genius but, produces no medical licenses or even state what Board he

belongs too is vague, it can be any kind of training, also, did the Medical Board in Illinois

actually give him a medical license and was he actually practicing medicine is

18

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

questionable. He moves from one state to another without ever saying he has had a license.

Next, Hobbs moves again, from 1995 thru 1998 he is in Miles City, Montana claiming to practice OB/GYN and emergency medicine without board certification and a medical license. However, never once did he disclose he was a physician as an OB/GYN board certified by the **American Board of Obstetricians and Gynecologists.** Never once did he say he was certified with the **American Board of Internal Medicine or Emergency Medicine**. He never <u>named one </u>hospital, a medical clinic, or even if he had a private practice but has been moving all around never having employment lest than two (2) years. He is in Montana in some small town, but never list one hospital he practiced at. This is too questionable.

Next Hobbs runs out of the Country from 1995 thru 2006 he was some kind of medicine man in Haiti, Belize, Jamaica, and Cuba, at some Outreach Clinic in Guyana, South American. But he only stated he "practiced" at Outreach Clinic, sounds like missionary work. He goes on further to state from 2003 thru 2004 he "did" Family Practice Residency in New Brunswick, Canada and from 2004 thru 2006 he was a general practitioner in New Brunswick, Canada. [Id.] Never once, did he state he was board certified in any specialty with any **American Board of General Practitioners, Family Medicine or Emergency Medicine** is just not adding up.

19

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

Hobbs then returns to the United States and moves to the State of Tennessee and he stated he "practiced" "**at Correctional Facility**." [Id. at 1] What area of medicine did he practice? Where is his Tennessee medical license? Plaintiff ask what is the name of the "**Correctional Facility" in Tennessee**. He provides the Court with no names of one **jail, mental health facility, or a state prison.** Also, he does not say what area of medicine he was license to practice. He did state he has or had a medical license in Tennessee. He could have been a General Dentist, Cardiologist, Prosthodontics, Holistic Medicine, Nurse, Surgeon, anything! **This is not adding up.**

Hobbs basically admits he can't keep a job and moves around a lot to be a so-called "professional". He stated, "During 2006 I practiced **at Correctional Facility** [no name of facility] in the State of Tennessee." [Id.] Then on page 3, he stated "I became a licensed physician in the State of Alabama in 2006 and practiced medicine at several correctional facilities in Alabama during that time. [Id.] Hobbs did not say his Alabama medical license are expired since December 31, 2006, and were not renewed as of April 22, 2008.

Hobbs went to Tennessee in 2006 he got fired, or left, same year 2006 he moved to Alabama was employed at **"some" type of jail surrounding, or prison up to October 1, 2006** because October 1, 2006 is when he became employed with PHS here at Limestone prison. Therefore, he cannot maintain employment he had at <u>least Three (3) jobs in</u>

20

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u>** Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006
some type of practice in less than Nine (9) months is not adding up.  Then, *April 11, 2008*

upon information and belief Hobbs was *"fired"* from CMS **not being employed for even**

**Two (2) years is too questionable**.

Hobbs never once, stated <u>he has every, been board certified</u> by any **American**

**Board of Obstetricians and Gynecologists**.  Hobbs has listed several area of a claimed

practice is just unbelievable:

    **(i)**    **"Obstetrician and Gynecologist "OB/GYN" no license, no board certification,**

    **(ii)**    **"General Practitioner" no License, no board certification,**

    **(iii)**    **"Family Medicine, no license, no board certification,**

    **(iv)**    **"General Medicine" no license., no board certification,**

    **(v)**    **"Emergency Medicine" no license, no board certification,**

    **(vi)**    **"Repairing Hernias" without a license, no Board Certification with the   American Board of Surgeons, and Royal College of Surgeons, a layman can clearly ascertain that he is, a con man! [Id.]**

Hobbs did not disclose whether he is has an Alabama license from an Alabama

agency allowing him to practice, and he has been debunked.  Hobbs never<u> once</u> stated

that **he has had a medical license in Michigan, Illinois, or Montana**, or any **Country;**

but claims he was a doctor in those States and other Countries. [Id.]   Hobbs missionary

work is not considered in this case.

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

Hobbs is not consistent in his <u>education, training and experience</u> he has not been truthful with this Court or, he is too inconsistent. Hobbs is not consistent and in plaintiff has evidence that Hobbs has testified to another Court he was practicing "<u>Trauma Surgery</u>" <u>but never once</u>, disclose any Board Certification with the **American Board of Surgeons, and Royal College of Surgeons**. He names not one hospital, clinic, he never had a private practice in any state. He did not have a valid Medical License in Alabama and was practicing medicine without a license; the Magistrate Judge wants to rely on Hobbs when ruling on plaintiff's medical condition is outright wrong.

## *PLAINTIFF'S INTERROGATORIES DOC. 226*

### [Plaintiff's Interrogatory No. 6, 8, 10, 12, 13]

¶ 6.    Please "*specifically identify*" your supervisor from date of *incident* through date of answering/responding.    If any changes, please "specifically identify."

¶ 8.    Have you ever **had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board**. If so, for each complaint, indicate the city, state where the complain(s) were, the nature of the complaint(s), the date of the above complain(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity."

¶ 9.    "*Specifically identify by document*" any and all pending lawsuits against you in the State of Alabama, or another.

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

¶ 10. *"Specifically identify by document"* whether you ever been sued for either: (i) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the city, state where the charges were, or are actively pending, the nature of the charge(s), the date of the summons, Answers, the court case number, and the disposition of the charge, answer, summary judgment, trial or appeal.

¶ 12. *"Specifically identify by document"* your specific job duties as Medical Director at Limestone Correctional Facility, for Prison Health Services, Inc.,

¶ 13. *"Specifically identify by document"* your specific job duties in your capacity with your current employer.

Defendant Hobbs's 'boilerplate" objects to Interrogatory Questions: 6, 8, 9, 10, 12,

13, *[Court Doc. No. 341]*

"This Defendant objects to this interrogatory on the grounds that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outline by the Plaintiff." [Id. at 6,8,9,10,12,13]

Hobbs apparently has something to hide. Since Hobbs did not possess a valid medical licensee in this case, his past conduct is relevant pertaining to his medical practices. Lawsuits against him, revoked or suspended medical licenses in this State and other States, investigations by Medical Boards are relevant to his credibility, reliability for a jury. Hobbs opposed surgery when he did not have a valid medical license in this case. Discovery is requested.

Next, Interrogatory No's 5, 7, 11, defendant's response is definitely improper. Plaintiff questions are:

23

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006

¶ 5.    What is the name, last name address and present whereabouts, if known, of each person whom you or anyone acting in your behalf or believes to have any relevant information of the "incident" in regards to plaintiff's treatment and request for surgery, more specifically in regards to Dr. John A. Tassin, M.D., order and recommendation that Plaintiff's inguinal hernia "Needs Repair?" [Id.]

¶ 7.    Disclose any and all verbal, written communications to any person(s) regarding this incident if any, identify by document, any and all response(es) with any and all persons not limited to your supervisor regarding the incident in question. [Id.]

¶ 11.  *"Specifically identify by document"* whether you or has anyone acting in your behalf obtained from any person or persons any *"documents"*, report(s), statement(s), memorandum, or testimony concerning the "incident" in question, in this cause of action? [Id.]

William Hobbs's response to Interrogatory questions, #'s 5, 7, 11: **[Court Doc. No.**

**341]**

5.    "Please see medical records previously produced in this case for names of individuals with information pertaining to this case. "[Id. at 2]

7.    "Please see medical chart previously produced in case." [Id. at 2]

11.    "Please see medical records previously produced in case." [Id. at 2]

Making reference to medical records is incomplete and inadequate.  First, it is insufficient to answer an interrogatory by merely referencing allegations of a pleading. *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing *Farran v. Johnston Equip. Inc.*, No. 93-6148, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005 at *5 (E.D.Pa. Sept. 12, 1995)(Rule 33 "requires an answer to be complete in and of itself"; thus, the answer

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.</u> Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

"should not refer to other pleadings")) see also, *King v. E.F. Hutton, Inc.*, 117, F.R.D., 2, 6

(D.D.C. 1987)("Nor is it an adequate response to say that the information is reflected in

the complaint, no matter how detailed.")


## POINT "B"

### DEFENDANTS RESPONDING TO INTERROGATORY REQUEST SIMPLY REFERRING RESPONSE TO MEDICAL RECORDS IS INADEQUATE

Defendant's answers to Interrogatory questions 5, 7, 11, are incomplete and

inadequate.   Moreover, Rule 33(b) requires the answer to an interrogatory question to be

complete in and of itself without reference to other pleadings. See, *Davidson*, 215 F.R.D.

at 77; **Farran**, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005, at *5.  Therefore, Defendant

ought to be compelled to answer without stating, please see the medical records are

inadequate responses.

Rule 36 also imposes upon the responding party a duty to engage in "reasonable

inquiry." Fed.R.Civ.P. 36(a). This imposes on the Respondent a reasonable duty to

investigate, and some courts contend that it imposes a duty to inquire into the

knowledge of anyone who "conceivably, but in realistic terms, may have information

which may lead to or furnish the necessary and appropriate response . . . [R]elevant

documents and regulations must be reviewed as well." *Herrera v. Scully*, 143 F.R.D. 545,

548 (S.D.N.Y. 1992) (internal citations omitted). *See also  Asea, Inc. v. So. Pac.*

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006

*Transportation Co.*, 669 F.2d 1242, 1245-47 (9th Cir. 1981); *Caruso v. Coleman Co.*, 1995

U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing *Diedrich*, 132 F.R.D. at

617; *Government Employees Ins. Co. v. Benton*, 859 F.2d 1147, 1148-49 (3d Cir. 1988));

*Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5

(S.D.N.Y. 1994); *Diedrich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *Uniden*

*American Corp. v. Ericsson, Inc.*, 181 F.R.D. 302 (M.D.N.C. 1988).

### POINT "C"

### PLAINTIFF'S PROPOUNDED REQUEST FOR ADMISSIONS
### [COURT DOC.NO. 226]

### &

### DEFENDANT'S GLOBAL TACTIC / BOILER PLATE ADMISSIONS #'s.
### 1. – 57 [COURT DOC. NO. 341]

Defendant Hobbs global inadequate responses to Admissions # 1. – 57 are

nonrespnsive, evasive and a failure to answer.  Hobbs states:

> **"1. -57.        This Defendant objects to each and every request for admission, as said request are immaterial, irrelevant, not calculated to lead to discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a constitutional violation, i.e., deliberate indifference to a serious medical need." [Id. at 5, Court Doc. No. 341]**

"An answer to a request for admission [does not] necessarily compl[y] with Fed.

R. Civ. P. 36(a) merely because it includes a statement that the party has made reasonable

inquiry and that the information necessary to admit or deny the matter is not readily

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

obtainable by him." *Keh v. Americus-Sumter County Hosp. Auth.*, 2006 U.S. Dist. LEXIS

31749 (M.D. Ga. 20060; *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1246

(9th Cir. 1982). "The discovery process is subject to the overriding limitation of good

faith. Permitting a party to avoid admitting or denying a proper request for admission

simply by tracking the language of Rule 36(a) would encourage additional abuse of the

discovery process." *Id.*

Plaintiff objects to Hobbs's boilerplate objections, 1-57 as nonsponsive, evasive

and incomplete, global plated.     As stated above, "[a]n answering party may not give

lack of information or knowledge as a reason for failure to admit or deny unless the

party states that the party has made reasonable inquiry and that the information known

or readily obtainable by the party is insufficient to enable the party to admit or deny."

Fed.R.Civ.P. <u>36</u>.

*POINT "D"*

*SPECIFIC DEFICIENT ANSWERS TO ADMISSIONS*

Defendant Hobbs global inadequate responses are improper and are a boilerplate

refusal to answer <u>Admissions 1. – 57</u>, and such is considered nonrespnsive, evasive and a

failure to answer.  Hobbs states:

> **"1. -57.**        This Defendant objects to each and every request for admission, as said request are immaterial, irrelevant, not calculated to lead to discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

constitutional violation, i.e., deliberate indifference to a serious medical need." [Id. at 5, Court Doc. No. 341]

Plaintiff's Request for Admissions: **ADMISSIONS 1. – 57. [Court Doc. No. 226]**

¶ 1.    *Admit or deny*, you agree with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary. [*Id.*]

¶ 2.    *Admit or deny*, the only way to stop a hernia from getting worse is to repair the defect through surgery. [Id.]

¶ 3.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen. A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated'). [Id.]

¶ 4.    *Admit or deny*, you are an expert in Hernia repair? [Id.]

¶ 5.    *Admit or deny*, you have performed surgery on hernias? [Id.]

¶ 6.    *Admit or deny*, there is almost no limit to how big a hernia could get without surgery? [Id.]

¶ 7.    *Admit or deny* that medically there is no cure for a hernia without surgery?[Id.]

¶ 8.    *Admit or deny*, that a strangulated hernia can become an emergency that usually requires immediate surgery? [Id.]

¶ 9.    *Admit or deny*, Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison? [Id.]

¶ 10.    *Admit or deny*, a truss is the cure for a hernia? [Id.]

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

¶ 11.  *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia? [Id.]

¶ 12.  *Admit or deny,* that that issuing of pain medication will not cure a hernia? [Id.]

¶ 13.  *Admit or deny,* that the issuing a truss and proscribing pain medication is a cheaper method of treating a hernia? [Id.]

¶ 14.  *Admit or deny,* that plaintiff's inguinal hernia can get larger and lead to serious medical complications? [Id.]

¶ 15.  *Admit or deny,* that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time? [Id.]

¶ 16.  *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia? [Id.]

¶ 17.  *Admit or deny* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery? [Id.]

¶ 18.  *Admit or deny,* that the opening of a hernia cannot heal itself? [Id.]

¶ 19.  *Admit or deny,* medically a doctor cannot treat a hernia; they must be repaired through surgery? [Id.]

¶ 20.  *Admit or deny* that plaintiff's hernia goes into his scrotum is trapped at times and plaintiff has to work it back up into place? [Id.]

¶ 21.  *Admit or deny,* a truss is for temporary use? [Id.]

¶ 22.  *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation? [Id.]

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226. Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

¶ 23.  *Admit or deny*, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into sever pain? [Id.]

¶ 24.  *Admit or deny*, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum? [Id.]

¶ 25.  *Admit or deny*, overexertion can cause weakness, such as simple coughing or sneezing to the hernia? [Id.]

¶ 26.  *Admit or deny*, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed? [Id.]

¶ 27.  *Admit or deny*, a hernia ought to be inspected to ensure that it is not becoming infected or developing into a more serious non-reducible hernia? [Id.]

¶ 28.  *Admit or deny*, you did not conduct any routine inspections, follow up or test on plaintiff's hernia since April 30, 2007? [Id.]

¶ 29.  *Admit or deny*, a hernia will limit a person's daily activity? [Id.]

¶ 30.  *Admit or deny*, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia? [Id.]

¶ 31.  *Admit or deny*, the instruction Hernia Manuel given by you on April 30, 2007, through Prison Health Services, Inc., the "**Fitting Instructions**" for **Model 67-350** states pertaining to a hernia: " . . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief.    However, **CURE IS SURGERY?**"[Id.]

¶ 32.  *Admit or deny*, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse? [Id.]

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, COURT DOC. NO 226.  Exhibit "A" Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006**

¶ 33.  *Admit or deny*, you were the supervisor of the medical treatment proscribed to plaintiff at Limestone Correctional facility? [Id.]

¶ 34.  *Admit or deny*, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia? [Id.]

¶ 35.  *Admit or deny*, there are over 100 Alabama inmates diagnosed with hernias from *February 2005* through date of your response?

¶ 36.  *Admit or deny*, hernias are painful? [Id.]

¶ 37.  *Admit or deny*, you were responsible for the monitoring of the health care given to plaintiff at Limestone Correctional facility? [Id.]

¶ 38.  *Admit or deny*, you instructed that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum? [Id.]

¶ 39.  *Admit or deny*, the Protocol(s) pertaining to hernia treatment for Alabama inmates can subject a patient to endure pain and suffering? [Id.]

¶ 40.  *Admit or deny*, Alabama Board of Medical Examiners are not aware of the practice involved with Prison Health Services, Inc., being a Protocol that a hernia must be incarcerated or in danger of being incarcerated in order to be surgically necessary? [Id.]

¶ 41.  *Admit or deny*, this Protocol ought to be changed pertaining to hernias? [Id.]

¶ 42.  *Admit or deny*, that even if you recommended surgery it would have been denied because plaintiff's hernia was not incarceration, or in danger of incarceration? [Id.]

¶ 43.  *Admit or deny*, plaintiff filed several grievances regarding this incident? [Id.]

31

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "<u>A</u>"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

¶ 44.  *Admit or deny on October 2, 2007*, plaintiff filed a grievance appeal? [Id.]

¶ 45.  *Admit or deny, on October 3, 2007*, plaintiff submitted a Sick Call Request complaining about pain, and out of pain medication, specifically requested to be seen by Dr. Hobbs, M.D., regarding hernia pain? [Id.]

¶ 46.  *Admit or deny*, Dr. Hobbs did not see plaintiff regarding *October 3, 2007*, sick call request complaining about pain due to his hernia. [Id.]

¶ 47.  Admit or deny, Ruth Naglich is the person responsible for approval or disapproval of surgery request? [Id.]

¶ 48.  Admit or deny, Dr. George Lyrene, is the person responsible for approval or disapproval of surgery request? [Id.]

¶ 49.  Admit or deny, the sac containing plaintiff's intestine may become trapped by muscle (incarceration). This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain? [Id.]

¶ 50.  Admit or deny, when the intestine become trapped, issuing Motrin 600 mg., will treat the condition? [Id.]

¶ 51.  Admit or deny, when the intestine is tightly trapped, it becomes strangulated? [Id.]

¶ 52.  Admit or deny, the strangulated area loses blood supply and may die when the intestine is tightly trapped? [Id.]

¶ 53.  Admit or deny, when the intestine are trapped, this can cause severe pain and block the intestine. Emergency surgery is needed to relieve the blockage? [Id.]

¶ 54.  Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area. With time,

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u>** Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia? [Id.]

¶ 55.  Admit or deny, indirect inguinal hernias are the most common hernias in men? [Id.]

¶ 56.  Direct hernias are similar to indirect hernias, but less common? [Id.]

¶ 57.  Direct hernias often get worse with age or physical stress. [Id.]

---

### *ARGUMENT / OBJECTIONS TO HOBBS'S ANSWERS*

### *ARGUMENT AS TO RELEVANCY AND REQUEST FOR FURTHER RESPONSES WILLIAM HOBBS'S DELIBERATE INDIFFERENCE*

William Hobbs <u>did not posses a valid medical license</u>. *Exhibit "A"*.  Hobbs must answer the requested discovery and obtain the medical records and answer accordingly.

With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures, <u>Rule 36</u>,* et. seq., Defendant has not complied with Rule 36, Federal Rules of Civil Procedures regarding his responses to Admissions.

Under <u>*Rule 33(b),*</u> *Federal Rules of Civil Procedures* states: " . . . The answer must include all information within the party's control or known by the party's agents.

### *REQUEST FOR SANCTIONS [Court Doc. No. 540]*

The remaining issue is whether Plaintiff is entitled to sanctions.  Federal Rule of Civil Procedure, Rule 33(b)(5) provides that a party submitting interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer

33

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006

an interrogatory. Rule 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring a motion to compel. [*Court Doc. No. 480 & 540*] In pertinent part it states: If the [motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that other circumstances make an award of expenses unjust. Fed.R.Civ.P., 37(a)(4)(A).

This Court ought to be suspicious of counsel's mere recitation of Rule 36(a). Defendant has failed to allege or specify <u>any reasonable inquiry</u> it undertook to obtain information that would enable it to admit or deny the requested admissions. Many courts require as much. *See* *Asea, Inc.,* 669 F.2d at 1246; *Checker Leasing, Inc. v. Sorbello*, 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989); *Han v. Food and Nutrition Serv. of the U.S. Dept. of Agric.,* 580 F. Supp. 1564 (D.C.N.J. 1984); *Princess Pat, Ltd. v. Nat'l Carloading Corp.,* 223 F.2d 916 (7th Cir. 1955). However, the Advisory Committee Note accompanying the 1970 Amendment of <u>Rule 36</u> states, while "a reasonable burden is imposed on the parties when its discharge will facilitate preparation for trial and ease the

**Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226. Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action. License No. 00027666, Expired 12-31-2006**

trial process . . . *Rule 36* requires only that the party state that he has taken these steps.

The sanction for failure of a party to inform himself before he answers lies in the award

of costs after trial, as provided in *Rule 37(c)*." Fed.R.Civ.P. <u>36</u>. Defendant ought to be

warned, however, that if facts developed during trial or further litigation expose his

failure to make a reasonable inquiry before responding to Plaintiff's request, he will be

held accountable pursuant to Rule 37(c).

Reasonable fees under the circumstances can be appropriate. A *pro se* party may

be awarded expenses under *Rule 37*. *See* **Lightsey v. Potter,** 2006 U.S. Dist. LEXIS 92904

(N.D. Ga. December 22, 2006); citing, **Walker v. Tri-Tech Planning Consultants, Inc.,** 149

F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of

law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

**WHEREFORE,** for the litigation system to work effectively, litigants must comply

with the Federal Rules of Civil Procedure. Plaintiff objects to defendant William Hobbs's

global tactics responses as incomplete, nonresponsive, evasive and request that the court

order Hobbs to answer each request in dispute fully and completely.

Respectfully Submitted

Done this 5th Day May, 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.

35

Attached Excerpt to Plaintiff's Discovery Request Propounded on Defendant William Hobbs, <u>COURT DOC. NO 226.  Exhibit "A"</u> Hobbs Alabama medical license were in fact expired during the pendency of this action.  License No. 00027666, Expired 12-31-2006

Harvest, Alabama 35749


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 5th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _Marcellus Breach_
Marcellus Breach

EXHIBIT "A"



100 SOUTH CLINTON STREET
SUITE D
ATHENS, AL 35611

phone  256-233-6427
fax    256-233-6474
email  judge@pcinet.net

JUDGE MICHAEL L. DAVIS

April 22, 2008

Marcellus Breach AIS#106710
Limestone C.F. Dorm D
28779 Nick Davis Rd.
Harvest, AL  35749

RE:   Request of current license of physician William E. Hobbs.

After searching our records, per your request, this office could not locate any
document regarding *William E. Hobbs*.  We did however find a license on
***William Douglas Hobbs, M.D.***   I am enclosing a certified copy.

If we can be of further assistance please do not hesitate to ask.

Sincerely,

Bobbi Bailey
Probate Clerk

btb

enclosure

TO SERVE THE PEOPLE

4.00
c

RLPY    2006  63501
Recorded In Above Book and Page
09/27/2006 02:03:24 PM
Michael L. Davis
Judge of Probate
Limestone County, AL

| | |
|---|---|
| Recording Fee | 4.00 |
| TOTAL | 4.00 |

ALABAMA MEDICAL LICENSURE COMMISSION

WILLIAM DOUGLAS HOBBS, M.D.
PO BOX 148
ELKMONT, AL 35620-0148

Is entitled to practice medicine in
Alabama. Registration expires
December 31, 2006

LICENSE# 00027666                    CHAIRMAN

This is True Copy of
My MEDical LicENESURE
for Alabama.

William Douglas Hobbs, MD
27 Sept 2006

I, Michael L. Davis, Judge of Probate in and for Limestone
County, Alabama do hereby certify the above and foregoing
is a true and correct copy of the above instrument which
was filed in this office on 27th day of Sept 2006.
Given under my hand and official seal of office this 22nd
day of April 2008

Michael L. Davis
Judge of Probate