**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MIDDLE DIVISION

RECEIVED

2008 MAY -9  A  9: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,    *

     Plaintiff,    *

                            *     CASE NO: 2:06-CV-1133-MEF

Vs.    *

PRISON HEALTH SERVICES, INC.,    *

     Defendants.    *

### PLAINTIFF'S WRITTEN OBJECTIONS TO DISCOVERY REQUEST PROPOUNDED UPON DEFENDANT MICHAEL E. ROBBINS, , [COURT DOC. NO. 187] / REQUEST FOR SANCTIONS

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper

person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order

entered on *April 29, 2008,* [**Court Doc. No. 602**] in regards to Discovery request, motion to

compel, motion for sanctions:

     a.    "Plaintiff's Motion To Compel Responsive Answers To Defendant Michael E. Robbins, / Compel Answers To Discovery Request For Production of Documents, Interrogatories, Admission, ...." [**Court Doc. No. 481**] filed on *February 21, 2008,*

     b.    Plaintiff's <u>Motion For Sanctions</u>, Motion For Contempt, filed on *March 14, 2008,* and April 7, 2008, [**Court Doc. No. 541 & 559**].

Plaintiff files his written objections to the Magistrate Judge's "*boilerplate*" denial of

discovery, motion to compel, motion for sanction entered on *April 29, 2008,* which is

constitutes an evasive order, specifically, not addressing specific motions that the

1

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

Magistrate Judge denied.    Plaintiff states the denial of discovery is the form compel

proper responses appears to block plaintiff from retrieving the truth in this case.    The

Magistrate Judge's boilerplate denial of discovery, motion to compel, motion for

sanctions, denies plaintiff discovery challenges and appears to demonstrate an

appearance of impropriety.    Plaintiff basis his objection to his Discovery request

propounded on defendant Michael Robbins who has submitted written opinions,

testimony in this case and claimed to be actively involved in the treatment of plaintiff,

when in fact, Robbins never once, seen, evaluated, examined, or treated plaintiff's

medical condition. Plaintiff desires to discover what involvement participation this

physician actually had, his knowledge, information pertaining to plaintiff's medical

condition is relevant, and discoverable.

In further support, Plaintiff argues that the Magistrate Judge ought not to

"boilerplate" and denies Plaintiff of his discovery pursuits wherein, plaintiff discovery is

germane to the very issue before the court, *i.e.*, surgery, deliberate indifference.

Plaintiff objects to the Magistrate Judge Order # 602 stating:

" . . . **ORDERED that *all* outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED." DOC. 602.** [1]

---

[1] The Magistrate Judge adopted Michael Robbins, opinions denying Application for Preliminary Injunction, **[Court Doc. No. 193]** Plaintiff argues Michael Robbins is not a treating physician; he also is not an expert in the field of hernia repairs. Rule 701(c), Fed. R. Evid. **Court Doc. No. 345.**

2

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

## STATEMENT OF THE FACTS

Plaintiff sees no useful purpose in describing the drawn-out discovery battle in detail; a relatively brief summary will suffice. Defendants suppressed the fact the defendant William Hobbs was not a licensed medical doctor during the time of this litigation. The Magistrate Judge now, appears to be more determined to block plaintiff from prevailing, almost as if he is representing the defendants.

Plaintiff argues that there is no testimony from a "treating physician" except Dr. John A. Tassin, M.D., from the private prison in Louisiana who ordered and recommended Plaintiff's inguinal hernia "needs repair". William Hobbs did not possess a valid medical license and was practicing medicine without a license, engaging in criminal activity.

Evidence thus far, demonstrates that Dr. Tassin questioned surgery because he was not medically qualified to determine if plaintiff's hernia actually needed repair. Plaintiff argues, Dr. Hobbs was defendant's treating physician, but plaintiff has demonstrated that he is prohibited from testifying to the treatment in this case, because Hobbs did not possess a valid medical license during the time this litigation proceeded.

Dr. Robbins has purported himself out as an expert in hernias, but he has not trained in surgery. Dr. Robbins is not board certified with the American Board of Surgeons, nor Royal College of Surgeons. He is in institutional medicine and does not have a license to practice in society. His testimony is limited, he has never once, repaired

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

a hernia.  But, attempts to offer testimony as to when plaintiff should undergo surgery.

Since, Hobbs <u>did not have a valid medical license</u>, where is the testimony from defendants treating physician concerning plaintiff's treatment?  There isn't one, Robbins never once, seen, treated, evaluated, examined plaintiff's medical condition.

1.      Plaintiff filed his Discovery request propounded upon defendant Michael Robbins, on *October 29, 2007*. [*Court Doc. No. 187*]

2.      On *December 21, 2007*, counsel for Defendants filed his written objection being "*global boilerplate*" without specific objection to plaintiff's discovery request. [*Court Doc. No. 247*]

3.      On *February 21, 2008*, Plaintiff filed his "*Motion To Compel Responsive Answers*" [*Court Doc. No. 481*].  The Magistrate Judge on *February 22, 2008*, issued its order to show case. [*Court Doc. No. 485*].

4.      On *March 14, 2008*, Plaintiff filed a document entitled: <u>Motion For Sanctions</u>" [*Court Doc. No. 541*] and the Magistrate Judge again, issue another order to show cause. [*Court Doc. No. 546*].

5.      On *April 7, 2008*, Plaintiff filed a document entitled: "<u>Motion For Contempt</u>", complaining to the Magistrate Judge, defendant Robbins will not comply with court orders pertaining to discovery. [*Court Doc. No. 559*], again, the Magistrate Judge issued a show cause order. [*Court Doc. No. 562*]

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

5.　　On *April 28, 200*8, counsel again submitted a "global boilerplate" objection responding to Court orders [**Doc. No's. 484, 485,**][2]

6.　　This issues before this Court are Plaintiff's Discovery request, **Exhibit "A"**, [**Court Doc. No. 226**] and Defendant William Hobbs's global boilerplate objections [**Court Doc. No. 341 and Doc. # 600**], and the Magistrate Judge's "boilerplate denial" of "all" discovery challenges. [**Court Doc. No. 602**]

### *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [3] 28 U.S.C. § 636(b)(1)(a)(2004).　Plaintiff files his written objections specifically as to the Magistrate Judge's "boilerplate" denial of "*all*" discovery challenges and argues that the Magistrate Judge is denying fundamental fairness and blocking plaintiff from discovering relevant materials pertaining the indifference by Dr. Robbins.

---

[2] Plaintiff is objecting to his Fourth Set of Discovery Request at this time propounded on William Hobbs. [**Court Doc. No. 226**]　Since Hobbs did not possess a valid medical license Discovery request (**Doc. # 314**) probably need not to be answered for such request inquire into his treatment, diagnosis, evaluations, and he did not have a valid license to practice medicine.

[3] *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

Throughout this case, the Magistrate Judge appears to have been solely relying on the prison doctors' testimony.  Plaintiff has presented testimony from a licensed surgeon who actually performs hernia treatment, and recommended to the Magistrate Judge that plaintiff needed to have his hernia repaired.   A federal court is not required to blindly defer to the judgment of prison doctors or administrators in determining whether there has been deliberate indifference to an inmate's serious medical needs. ***Hunt v. Dental Dept.***, 865 F. 2d 198, 200 (9th Cir. 1989)(citing ***Wood v. Sunn,*** 852 F.2d 1205, 1211 (9th Cir. 1988) *vacated on other grounds*, 880 F.2d 1011 (1989).

[4]In ***Miller v. Wilson***, U.S. Dist. LEXIS 19584 (S.D. Ala. 1996) United States District *Judge, William Cassidy* for the Southern District of Alabama specifically stated: "There is little doubt that an inguinal hernia is a serious medical need." *Id.*   See also, ***Delker v. Maass,*** 843 F, Supp. 1390, 1392 (D. Or. 1994) ("State inmate's Eighth Amendment rights were violated based on approximately two-years delay in providing operation for his non-incarcerated, inguinal hernia . . . state penitentiary exhibited deliberate indifference which resulted in unnecessary infliction of pain, suffering, and anxiety upon inmate.")

The *Delker* Court held: "I reject defendant's contention that repair of an inguinal hernia is not a serious medical need because that procedure is not ranked high on the list of medical procedures covered by the Oregon Health Plan legislation recently enacted by

---

[4]    In *Miler* supra, a hernia case, the prisoner did not have expert testimony in that case.  Plaintiff's case is distinguishable and has expert testimony.

6

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

the Oregon legislature." *Id*. at 1400; <u>*Accord;*</u> *Faulkner v. Griffith, Jr., et al.,* 1995 U.S. Dist.

LEXIS 1150 (W.D. Tex. 1995). *Miller,* supra, lacked expert testimony.

The law is established that plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Deliberate indifference may be shown by Dr. Robbins's refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all." *McElligott,* 182 F.3d at 1255 (citations omitted).

The Eleventh Circuit recognizes that an examination of the knowledge and actions of medical professionals is not particularly suited to evaluation through the subjective lens of the deliberate indifference test, because "the quality of a doctor's treatment is evaluated according to professional standards." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) The Eleventh Circuit has held that <u>it will find no hesitation</u> in finding that "grossly incompetent medical care or choice of an easier but less efficacious course of treatment can constitute deliberate indifference. *Id.*

That the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in

7

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result. *See **United States v. Proctor & Gamble Co**.,* 356

U.S. 677, 682, 78 S.Ct. 983, 2 L. Ed. 2d 1077 (1958).

Plaintiff objects to the defendant's responses as being evasive, incomplete; boiler

plated, unwarranted, and improper.    The Magistrate Judge should have ordered

responsive answers to plaintiff discovery request, especially since Hobbs did not possess

a valid Alabama medical license.

### *OBJECTIONS LEGAL AUTHORITY*

1.    Rule 26(b)(1), Federal Rules of Civil Procedures.

2.    Rule 33(b)(1), Federal Rules of Civil Procedures.

3.    Rule 37(a)(2)(b), Federal Rules of Civil Procedures.

4.    Rule 37(a)(3) & (4), Federal Rules of Civil Procedures.

5.    Rule 37(c)(2), Federal Rules of Civil Procedures.

6.    Defendant's numerous global tactic & boilerplate responses are improper and unjustified.  Rule 37(c).

7.    Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable." ***Panola Land Buyers Ass'n v. Shuman***, 762 F.2d 1550, 1559 (11th Cir. 1985).

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

*PLAINTIFF'S DISCOVERY REQUESTS ARE JUSTIFIED /*
*PLAINTIFF INTERROGATORIES ARE DUE TO BE ANSWERED*

Plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

B.    *Defendant Did Not Meet His Burden:*

*Court Doc. No. 340,* is defendant Michael Robbins's, page #2, ¶ 3, response is unbelievable and ought to be considered unacceptable; it appears that the Magistrate Judge determined that this is a sufficient response?

Plaintiff argues Counsel's response is, once again, a global objections and Plaintiff argues that such is improper and Compel ought to be granted. Counsel continues to stonewall discovery. Counsel's objections never once stated that Robbins has made a good faith, or reasonable inquiry or, it is impossible for him to answer Plaintiff's request for Interrogatories, Production of Documents and Admissions. [*Court Doc. No. 187*] This is frivolous.

*First,* with respect to Defendants boilerplate objections to Plaintiff's discovery requests, the Court ought to agree that they are improper. Objections to requests for discovery should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985). Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a

9

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

legitimate objection to discovery. Moreover, such non-specific objections operate to render the producing party the final arbiter of whether it has complied with its discovery obligations under *Rule 26* because the requesting party lacks sufficient information to understand either the scope of the objection, or to frame any argument as to why that objection is unfounded. Therefore, to the extent Defendants assert such objections, they are improper and ought not be considered by the Court. *See, e.g., **McLeod, Alexander, Powel & Apffel, P.C. v. Quarles**,* 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to <u>meet objecting party's burden of explaining why discovery requests were objectionable).</u>

Generally, a party seeking to avoid discovery on a <u>burdensomeness</u> argument must substantiate that position <u>with detailed affidavits or other evidence establishing an undue burden.</u> "<u>An objection must show specifically</u> how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." ***Chubb Integrated Systems Limited, v. National Bank of Washington,*** 103 F.R.D. 52, 59-60 (D.D.C. 1984); *see also* **EEOC v. Quad/Graphics, Inc.**, 63 F. d 642 (7th Cir. 1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple <u>conclusory assertions about the difficulty of complying</u> with a discovery request. *See **Twin** City **Fire Ins. Co. v. Employers Ins. of Wausau**,* 124 F.R.D. 652 (D. Nev. 1989). A mere showing of burden

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

and expense is not enough. *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark. 1985).

[See, **Court Doc. No. 600**, Robbins's response] Response (Doc. 600) does not even address

defendant Robbins, and the Magistrate Judge obviously overlooked this fact.

## ISSUE NO. 1

**Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable." See, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).**

Evidence must be relevant to be admissible.   Relevant evidence is defined as

"evidence having <u>any</u> tendency to make the existence of any fact that is of consequence to

the determination of the action more probable or less probable than it would be without

the evidence. Rule 401, Fed. R. Evid.

[*Court Doc. No. 187*] is Plaintiff's Discovery request propounded on William

Hobbs.

Counsel's global objection to Interrogatory questions: # 1. – 24, is global plated and

improper stating:

### [Court Doc. No. 340]

"Interrogatories:"

"1. -24.  "This Defendant objects to this interrogatory on the ground that
said question is immaterial, irrelevant, not calculated to lead to the
discovery of admissible evidence for the claims outlined by the Plaintiff."
[Id. at 1]

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

Plaintiff Interrogatory Questions 1. – 24, attached as an excerpt below are due to be answered. [Court Doc. No. 187]

[Plaintiff's Interrogatories 1. –24, (Doc. 187)]

### I.    INTERROGATORIES:

¶ 1.    Please state the following for the plaintiff.
a.    your age
b.    your occupation and place of employment
c.    your education
d.    your marital status
e.    your length of service in your present employment position
f.    your previous occupational experience
g.    your training and experience in hernias

**Argument:**

Question No. 1, is due to be answered. Robbins's occupation, education, occupational, training and experience in hernias is most relevant; Robbins is offering an opinion and Plaintiff ought to allowed to discover into his background experience, education, training in hernias.   This case is about the treatment of a hernia, and surgery. Before Robbins can offer an opinion but he must be qualified to proffer that opinion.

¶ 2.    Have you ever been charged with, arrested or convicted or, either a felony, or misdemeanor in the State of Alabama, or another?  If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where there charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition of the charge, arrest or conviction.

¶ 3.    Have you ever been accused of any felony, misdemeanor in this State, or another?  If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the arrest(s), the conviction(s); the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the

12

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

¶ 4.    Please _identify_ employers you have had, other than your current position, in the last ten (10) years.  With regards to each, state the inclusive date of employment; the type of work performed; your discretionary functions, duties, and responsibilities.

**ARGUMENT:**

Questions# 2,3,4, are relevant, such question regarding Robbins's criminal record, past employers is relevant if the court is going to review his testimony pertaining to surgery.  _Rule 404(b)_ provides, in relevant part, as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." _Id._ Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. **Henry,** 212 F.R.D. at 80.

**Interrogatory No. 5. –10**

¶ 5.    What is the name, last known address, and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have any relevant information of the "_incident_" in regards to Dr. John A. Tassin M.D., recommendation and order that Plaintiff's inguinal hernia "Needs Repair?"

¶ 6.    Please _Identify_ your assignment on _December 27, 2006 @ 11:25_ a.m., your whereabouts by document, if available, of the "_incident_" and specifically identify your supervisor from date of _incident_ through date of answering/responding.  If any changes, please "_specifically identify._"

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

ARGUMENT:

*Questions 5, 6,* are directed to any persons who have knowledge of Dr. Tassin's order and recommendation that plaintiff's hernia needs repair.  What information did Robbins possess, did he review the Louisiana medical records.

### Questions No. 6. -10.

¶ 6.    *Specifically identify* by document, your job description, duties, and responsibilities in the individual and official capacity of Medical Director.

Robbins's job description, duties and responsibility is important because he overrode Dr. Tassin's order and recommendation that plaintiff's hernia needs repair.

¶ 7.    *Specifically identify* by document your supervisor, job descriptions, duties, responsibilities.

¶ 8.    *Identify by document*, any and all materials, records, data, regarding your "*medical examination(s)*" conducted personally by you as doctor, on date of "incident" and before *February 14, 2007.*

Question # 8, is relevant because plaintiff seeks documentation pertaining to Robbins's diagnosis, treatment, evaluation and treatment.

¶ 9.    Disclose any and all verbal, written communications to any person regarding this *incident* if any, *identify by document*, any and all respons(es) with any and persons not limited to your supervisor regarding the *incident* on *December 27, 2006 @ 11:25.*

Robbins is a Medical Director at Kilby who had knowledge of Dr. Tassin's recommendation.  Robbins should have reviewed plaintiff's medical records, and if he did, his nurse practitioner made the recommendation for no need for surgery, but

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

discovery into the communication leading up to his nurse recommendation ought to

discoverable.

> ¶ 10.  Have you ever had your medical licensed revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); *specifically identify* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

**ARGUMENT:**

*Questions 6. – 10* are specifically targeted to Robbins's personal involvement in

the treatment.  Robbins alleged he was actively involved, when never once has he seen,

evaluated, diagnosed, treated plaintiff's medical condition.

*Interrogatories No. 10. – 24.*

> ¶ 10.  Is it your common practice to allow nurse practitioner to make surgical or non-surgical referrals on a patient regarding a hernia, without you present or examining the patient personally?

**ARGUMENT:**

In this case, Dr. Robbins is defendant Bradford Adams nurse practitioner

supervisor.  In this case Adams acted as a doctor, made a surgery decision without

supervision and outside the scope of his qualifications.  A nurse practitioner cannot make

15

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

surgery decision. But he did.      Robbins never once examined plaintiff. Adams, a nurse

These questions are relevant to the facts in this case.

### Interrogatory No. 11. -24.

¶ 11.  Is it your common practice to write an Affidavit regarding a serious medical need, opposing a surgical referral for a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary without examining the patient? [Id.]

¶ 12.  Is it your common practice to rely on the recommendations of a nurse practitioner Bradford Adams or any other nurse practitioner without examining the patient regarding a serious medical need? [Id.]

¶ 13.  Is it *Prison Health Services, Inc.*, common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary? [Id.]

¶ 14.  Please estimate how many Alabama inmate diagnosed with a hernia you examined since February 2005. [Id.]

¶ 15.  Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible. [Id.]

¶ 16.  Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol.  If yes, *specifically identify* any written requests, date, e-mails and *identify* the *incident* by *document*: *identify* all witnesses, persons who have knowledge of your recommendations for improvements to this hernia Protocol. [Id.]

¶ 17.  On March 21, 2006, *Dr. John A. Tassin, M.D.*, made a doctor order that plaintiff's inguinal hernia needs repair.  It is your common practice to make a medical judgment against another doctor? [Id.]

¶ 18.  State the date, and disclose the substance of your findings upon reviewing the medical records from Louisiana, specifically Dr. John A. Tassin M.D.'s., recommendation. [Id.]

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

¶ 19.  Did you actually, personally examine the plaintiff on *December 27, 2006 @ 11:25* a.m. If so, please *specifically identify*. [Id.]

¶ 20.  Disclose the substance of any oral statements made by Nurse Practitioner Bradford Adams, on *December 27, 2006 @ 11:25 a.m.*, *[Id.]*

¶ 21.  Specifically disclose the substance of any oral statements made between you and the plaintiff. [Id.]

¶ 22.  Disclose any verbal, written or recorded statements, *documents*, and any substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident. [Id.]

¶ 23.  Disclose how you have been <u>personally involved</u> in the medical treatment proscribed to plaintiff while he was at Kilby Correctional Facility. [Id.]

24.   *Identify by document*, any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc. [Id.]

### ARGUMENT

Dr. Robbins has offered several opinions in this case that will be challenged as unreliable.  Discovery is requested because reliability is a factor this Court must weight pertaining to Robbins's opinions -- as the <u>Supreme Court has identified several non-exclusive factors that a court may consider when evaluating whether a particular theory or study is reliable: (1) whether the theory in question can be and has been empirically tested; (2) whether the theory in question has been subjected to</u> peer review and publication; (3) the theory's known or potential error rate; and (4) whether the theory is generally accepted in the field. ***Daubert***, 509 U.S. at 593-95. As the Court emphasized in ***Kumho Tire***, however, "the test of reliability is 'flexible,' and ***Daubert's*** list of specific

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho*

*Tire*, 526 U.S. at 141. The pertinence of the *Daubert* reliability factors "

In respect to plaintiff's Interrogatories propounded on defendant Robbins  [*Court Doc. No. 187*] Discovery request Plaintiff argues that he is entitled to learn more of Robbins qualifications in the area of medicine he practices and has practiced.  Plaintiff's *Interrogatory No. 1(a)(b)(c)(d)(e)* relates to the issue before this Court, Robbins's education, length of service in his present employment, his previous occupational experiences and his training and experience in hernias. *Id.*

Plaintiff ought to be allowed to develop information into any arrest(s), conviction(s), suspension or revocation of his medical licenses are relevant to his reliability and competence to offer opinions, his qualifications are most challenged: Plaintiff has information and belief that Robbins no longer practices in his specific filed of medicine, and is solely based to prison medicine. Information and belief states that Robbins has been sued multiple times for malpractice and now possesses a very limited medical license in correctional medicine allowed to practice only in a prison surrounding. **Question No. 7, 8,** seeking discovery into Robbins's past litigation problems in losing his medical license in other states.   Each question **Court Doc. No. 187** is very relevant to plaintiff's case and his reliability, competency, and credibility for the jury.

With respect to Discovery request propounded on Hobbs **Court Doc. No. 187** request is specifically pertaining to any Robbins's purported examination, diagnoses and

18

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

his treatment. Plaintiff can discover and ask Robbins questions about medical issues that he considered in reaching his diagnosis and in rendering his treatment. *Young v. United States of America*, 181 F.R.D. 344; 1997 U.S. Dist. LEXIS 23174 (W.D. Tex. 1997).

Unless Robbins was specifically retained as an expert, in which it is clear he is not an expert in hernia treatment, plaintiff can ask him questions based on his personal knowledge of the examination, diagnosis and treatment, Interrogatories 1-24, Court *Doc. No. 187*. Baker, 163 F.R.D. at 349. For example, plaintiff can ask about the degree of plaintiff's injury in the future if continued left without surgery or, about anything else that was a necessary part of plaintiff's treatment. *Id.* Robbins cannot be asked to answer question about medical issues not involved in his diagnoses and treatment. *Id.*

**Interrogatory No's. 11-21** is founded on Robbins's alleged personal examination, diagnoses and treatment is relevant to deliberate indifference, malpractice and negligence.

Counsel's continued "global guard tactic" is improper and the Court ought to ignore the objections unless they are specifically asserted in response to a request. *Henry*, 212 F.R.D. at 80. Boilerplate objections to plaintiff's Discovery requests are improper. Objections to requests for discovery should be "plain enough and specific enough so that the Court can understand in what way the interrogatories are alleged to be objectionable." See, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

It is important for the Court to be mindful that evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not. To be relevant, it is sufficient that the evidence has a tendency to make a consequential fact even least bit more probable or less probable than it would be without the evidence.

### POINT "B"

### DEFENDANTS RESPONDING TO INTERROGATORY ARE OUT RIGHT INADEQUATE AND IMPROPER

Defendant's answers to Interrogatory questions 1. – 24 are incomplete and inadequate. _First_, it is insufficient to answer an interrogatory to merely referencing allegations of a pleading. See, *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing *Farran v. Johnston Equip. Inc.,* No. 93-6148, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005 at *5 (E.D. Pa. Sept. 12, 1995)(Rule 33 "requires an answer to be complete in and of itself; thus, the answer "should not refer to other pleadings")); see also, *King v. E.F. Hutton, Inc.,* 117 F.R.D. 2, 6 (D.D.C. 1987)("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed."). Moreover, Rule 33(b) requires the answer to an interrogatory question to be complete in and of itself without reference to other pleadings. See, *Davidson*, 215 F.R.D. at 77; **Farran**, 1995 U.S. Dist. LEXIS 13402, 1995 WL 549005, at *5. Therefore, Defendant ought to be compelled to answer without stating, please see the medical records are inadequate responses.

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

Rule 36 also imposes upon the responding party a duty to engage in "reasonable inquiry." Fed.R.Civ.P. 36(a). This imposes on the Respondent a reasonable duty to investigate, and some courts contend that it imposes a duty to inquire into the knowledge of anyone who "conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response . . . [R]elevant documents and regulations must be reviewed as well." *Herrera v. Scully,* 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (internal citations omitted). *See also Asea, Inc. v. So. Pac. Transportation Co.,* 669 F.2d 1242, 1245-47 (9th Cir. 1981); *Caruso v. Coleman Co.,* 1995 U.S. Dist. LEXIS 7934, 1995 WL 347003 at *1 (E.D. Pa. 1995) (citing *Diedrich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton,* 859 F.2d 1147, 1148-49 (3d Cir. 1988)); *Beberaggi v. New York City Transit Auth.,* 1994 U.S. Dist. LEXIS 384, 1994 WL 18556 at *5 (S.D.N.Y. 1994); *Diedrich v. Dep't of Army,* 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *Uniden American Corp. v. Ericsson, Inc.,* 181 F.R.D. 302 (M.D.N.C. 1988).

### POINT "C"

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS / DEFENDANT'S GLOBAL BOILER PLATE OBJECTION IS IMPROPER

*II.*        *REQUEST FOR PRODUCTION OF DOCUMENTS [Doc. 187]*

Those defendants produce and permit plaintiff to inspect and to copy each of the following documents.

a.    Produce the "**Hernia Support Belt Model 67-350 Fitting Instructions**."

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

b.    Any written or recorded statements made by defendants to any supervisors, agency or agent thereof.

c.    To disclose the substance of any oral statements made by defendants before and after Breach filed this lawsuit to any supervisor, agency or agent pertaining surgery, or medical treatment.

d.    To disclose any material evidence submitted to supervisors, agency, or agents thereof, such as reports, memoranda concerning this action.

e.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, and other physical evidence, records, and any other evidence whether described herein or not, which is inculpatory evidence of any type, form or fashion.

Defendant's Response: **Court Doc. No. 340:**

**"This Defendant objects to this request on the grounds that said request is immaterial, irrelevant, unduly burdensome, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Planitff." [Id. at 2.]**

Robbins's position ought not to be well taken.  It is a boilerplate and vague and evasive or incomplete answer to the request for production is to be treated as a failure to answer. Fed.R.Civ.P., 37(a)(3).  The rule is, "If a party fails to answer a request for production, the discovering party may move for an order to compel a response. Fed.R.Civ. P., 37(a)(2).  "The party resisting discovery has a "heavy burden" of showing why discovery should be denied." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005) Defendants have not met this burden.

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

Plaintiff asked for any inculpatory materials relevant to the claims before the Court. What conversation between Robbins and Adams, when Adams made a surgery decision not to have plaintiff's hernia repaired when, Robbins as a doctor is only licensed to make that determination. However, Robbins never once examined plaintiff and attempts to supports his nurse, when the nurse is not qualified by law to make such a determination.

## POINT "D"

## PLAINTIFF'S PROPOUNDED REQUEST FOR ADMISSIONS [COURT DOC. NO. 187]

&

## DEFENDANT'S GLOBAL TACTIC / BOILER PLATE ADMISSIONS #'s. 1. – 57 [COURT DOC. NO. 340]

Defendant Robbins's global inadequate responses to **Admissions # 1. – 57** are nonrespnsive, evasive and a failure to answer. Hobbs states:

> "1. -43.       This Defendant objects to each and every request for admission, as said request are immaterial, irrelevant, not calculated to lead to discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a constitutional violation, i.e., deliberate indifference to a serious medical need." [Id. at 5, Court Doc. No. 341]

"An answer to a request for admission [does not] necessarily compl[y] with Fed. R. Civ. P. 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." *Keh v. Americus-Sumter County Hosp. Auth.*, 2006 U.S. Dist. LEXIS

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

31749 (M.D. Ga. 20060; *Asea, Inc. v. Southern Pacific Transp. Co.,* 669 F.2d 1242, 1246

(9th Cir. 1982). "The discovery process is subject to the overriding limitation of good faith. Permitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process." *Id.*

Plaintiff objects to Robbins's boilerplate objections, 1-43 as nonsponsive, evasive and incomplete, global plated.    As stated above, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. 36.

### POINT "E"

### SPECIFIC DEFICIENT ANSWERS TO ADMISSIONS

Defendant Robbins global inadequate responses are improper and are a boilerplate refusal to answer Admissions 1. – 43, and such is considered nonrespnsive, evasive and a failure to answer.  Hobbs states:

> "1. -57.    This Defendant objects to each and every request for admission, as said request are immaterial, irrelevant, not calculated to lead to discovery of admissible evidence and do not pertain to whether the medical treatment provided in this case rises to the level of a constitutional violation, i.e., deliberate indifference to a serious medical need." [Id. at 5, Court Doc. No. 341]

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

Plaintiff's Request for Admissions: **ADMISSIONS 1. – 543. [Court Doc. No. 187]**

### III.    *REQUEST FOR ADMISSIONS:*

¶ 1.    *Admit or deny* that on <u>March 21, 2006</u>, Dr. John A. Tassin, M.D., made a "doctor order "that plaintiff's left inguinal hernia," Needs Repair. [Id.]

¶ 2.    *Admit or deny*, that you never once examined the plaintiff regarding his inguinal hernia. [Id.]

¶ 3.    *Admit or deny, Prison Health Services, Inc.*, has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless, the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary. [Id.]

¶ 4.    *Admit or deny*, that you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary. [Id.]

¶ 5.    *Admit or deny*, that you do not know the actual size of plaintiff's hernia as of the date of your answering. [Id.]

¶ 6.    *Admit or deny*, that the only way to stop a hernia from getting worse is to repair the defect through surgery. [Id.]

¶ 7.    *Admit or deny*, that the Anatomy of Hernia, -- the most common location for hernia is the abdomen.  A hernia (rupture) is usually noticed as a lump, commonly located in the groin or the umbilical region, it appears when a portion of the tissue which lines the abdominal cavity (peritoneum) breaks through a weakened area of the abdominal wall, this can give rise to discomfort as the hernia enlarges and can sometimes be dangerous is a piece of plaintiff's intestine become trapped ('strangulated'). [Id.]

¶ 8.    *Admit or deny*, you are an expert in Hernia repair. [Id.]

¶ 9.    *Admit or deny*, you have performed surgery on hernias. [Id.]

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

¶ 10.   *Admit or deny*, there is almost no limit to how big a hernia could without surgery. [Id.]

¶ 11.   *Admit or deny* that medically there is no cure for a hernia without surgery. [Id.]

¶ 12.   *Admit or deny,* that a strangulated hernia can become an emergency that usually requires immediate surgery. [Id.]

¶ 13.   *Admit or deny,* Medical Records from Louisiana do not reflect that plaintiff was issued either a truss, or hernia belt or pain medication for this hernia during his incarceration at that private prison. [Id.]

¶ 14.   *Admit or deny,* a truss is the cure for a hernia.

¶ 15.   *Admit or deny,* plaintiff has complained about having pain when coughing, sneezing, and having bowel movements due to this hernia. [Id.]

¶ 16.   *Admit or deny,* that that issuing of pain medication will not cure a hernia. [Id.]

¶ 17.   *Admit or deny,* that it is a practice at Kilby regarding inmate sick call that inmates are asked by medical personal, Nurse Graves, or another nurse "Who wants to sign a waiver". [Id.]

¶ 18.   *Admit or deny,* plaintiff requested to be seen by you but was seen by the nurse practitioner. [Id.]

¶ 19.   *Admit or deny,* plaintiff requested to be seen by an outside doctor, and requested surgery. [Id.]

¶ 20.   *Admit or deny,* a strangulated hernia is an emergency situation that usually requires immediate surgery. [Id.]

¶ 21.   *Admit or deny,* that the issuing a truss and proscribing pain medication is a cheaper method of managing a hernia. [Id.]

¶ 22.   *Admit or deny,* that plaintiff's inguinal hernia can get larger and lead to serious medical complications. [Id.]

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

¶ 23.   *Admit or deny*, that discomfort usually is experienced especially when coughing, sneezing, lifting heavy objects, or standing for long period of time. [Id.]

¶ 24.   *Admit or deny,* bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia. [Id.]

¶ 25.   *Admit or deny* that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery. [Id.]

¶ 26.   *Admit or deny,* that the opening of a hernia cannot heal itself. [Id.]

¶ 27.   *Admit or deny,* medically a doctor nor a nurse practitioner cannot treat a hernia; they must be repaired through surgery. [Id.]

¶ 28.   *Admit or deny* that plaintiff's hernia goes into his scrotum is trapped at times and plaintiff has to work it back up into place. [Id.]

¶ 29.   *Admit or deny,* a truss is for temporary use. [Id.]

¶ 30.   *Admit or deny,* the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation. [Id.]

¶ 31.   *Admit or deny,* the waiting until the hernia is incarcerated, in danger subject a patient into sever pain. [Id.]

¶ 32.   *Admit or deny,* under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum. [Id.]

¶ 33.   *Admit or deny,* that overexertion can cause weakness, such as simple coughing or sneezing to the hernia. [Id.]

¶ 34.   *Admit or deny* that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed. [Id.]

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

¶ 35.  *Admit or deny,* that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia. [Id.]

¶ 36.  *Admit or deny,* that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility. [Id.]

¶ 37.  *Admit or deny,* that plaintiff could have either a direct or an indirect inguinal hernia. [Id.]

¶ 38.  *Admit or deny,* that you did not identify what type of hernia plaintiff has. [Id.]

¶ 39.  *Admit or deny,* that a hernia will limit a person daily activity depending on the stage of the hernia. [Id.]

¶ 40.  *Admit or deny,* that a direct hernia is a less common hernia. [Id.]

¶ 41.  Admit or deny, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia. [Id.]

¶ 42.  *Admit or deny,* the very instruction Manuel given to me by Prison Health Services, Inc., the **"Fitting Instructions" for Model 67-350** states pertaining to a hernia: " . . . Limiting activity, eliminating excess weight a hernia belt or truss may provide temporary relief. However, **CURE IS SURGERY.**"[Id.]

¶ 43.  *Admit or deny,* feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse. [Id.]

---

With regards to plaintiff's Request for Admissions and pursuant to *Federal Rules of Civil Procedures,* <u>Rule 36</u>, et. seq., Defendant has not complied with <u>Rule 36</u>, Federal Rules of Civil Procedures regarding his responses to Admissions.

**Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.**

Under _Rule 33(b),_ _Federal Rules of Civil Procedures_ states: " . . . The answer must include all information within the party's control or known by the party's agents.

Plaintiff's admissions are medically founded and just how much experience Robbins actually has will be ascertained. Plaintiff request his Admissions be answered.

### REQUEST FOR SANCTIONS

The remaining issue is whether Plaintiff is entitled to sanctions. Federal Rule of Civil Procedure, _Rule 33(b)(5)_ provides that a party submitting interrogatories may move for an order under _Rule 37(a)_ with respect to any objection to or other failure to answer an interrogatory. _Rule 37(a)(4)(A)_ provides for the award of expenses and sanctions when a party must bring a motion to compel. **[Court Doc. No. 481, 541]** In pertinent part it states: If the [motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that other circumstances make an award of expenses unjust. Fed.R.Civ.P., 37(a)(4)(A).

This Court ought to be suspicious of counsel's mere recitation of _Rule 36(a)._ Defendant has failed to allege or specify any reasonable inquiry it undertook to obtain

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

information that would enable it to admit or deny the requested admissions. Many courts require as much. *See Asea, Inc.,* 669 F.2d at 1246; *Checker Leasing, Inc. v. Sorbello,* 181 W. Va. 199, 382 S.E.2d 36, 39 (W.Va. 1989); *Han v. Food and Nutrition Serv. of the U.S. Dept. of Agric.,* 580 F. Supp. 1564 (D.C.N.J. 1984); *Princess Pat, Ltd. v. Nat'l Carloading Corp.,* 223 F.2d 916 (7th Cir. 1955). However, the Advisory Committee Note accompanying the 1970 Amendment of *Rule 36* states, while "a reasonable burden is imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process . . . *Rule 36* requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in *Rule 37(c)*." Fed.R.Civ.P. 36.

Reasonable fees under the circumstances can be appropriate. A *pro se* party may be awarded expenses under *Rule 37*. *See Lightsey v. Potter,* 2006 U.S. Dist. LEXIS 92904 (N.D. Ga. December 22, 2006); citing, *Walker v. Tri-Tech Planning Consultants, Inc.,* 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a *Rule 37* motion.").

**WHEREFORE,** for the litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. Plaintiff objects to defendant Michael Robbins's global tactics responses as incomplete, nonresponsive, evasive and request that the court order Hobbs to answer each request in dispute fully and completely.

30

Attached Excerpt, Discovery request propounded on defendant Michael Robbins, Court Doc. No. 187, Plaintiff Second Discovery Request.

Respectfully Submitted

Done this 5th Day May, 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY**, that I have this 5th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®
Marcellus Breach

31