IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED

2008 MAY 14  A 10: 08

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.                                    CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

### PLAINTIFF'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE'S ORDER [COURT DOC. NO. 631]

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on May 7, 2008 [**Court Doc. No.631**] in regards to plaintiff's challenge to improper notarization entered into evidence by defendant William Hobbs[Court Doc. 603 & 86-2]. In further support of plaintiff objection, plaintiff states as follows:

### STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. [1] 28 U.S.C. § 636(b)(1)(a)(2004).

---

[1]  Plaintiff complained that Hobbs signature page, @ 4, ends Hobbs's statement, but, the executed page, @ 5, is completely separate and is improper and ought to be inadmissible evidence. (Doc. 630 at 3)

1

## OBJECTIONS LEGAL AUTHORITY

1.    Notarization requires a complete affidavit and a signer and notary in one place at one time. ***Thigpen v. Matrix Financial Services Corporation*** *(In re Thigpen),* 2004 Bankr. LEXIS 1135, Case No. 02-14280-MAM-13, Adv. No. 04-01035 (Bankr. S.D. Ala. May 25, 2004), **Attachment**

### *Historic History:*

1.    Plaintiff on *May 7, 2008,* filed a document entitled: ***"Notice of Objection To Admissibility of Evidence of an Affidavit by William Hobbs, [Court Doc. No. 86-2]."*** **[Court Doc. No. 630]**.    Plaintiff continues to argue that the challenge Affidavit is improper and this type of separate page notary, from the signature page has been consistently found to be an improper notary and inadmissible. ***[Doc. 603, Exhibit "A"]***

2.    On *May 7, 2008,* the Magistrate Judge construed this document as a motion to strike the challenge affidavit from review. ***[Court Doc. No. 631]***

3.    Plaintiff basis his objection as the statement of law is: "Notarization requires a complete affidavit and a signer and notary in one place at one time". ***Thigpen v. Matix Fin. Servs. Corp., U.S.*** (Southern Disrict of Alabama, 2004) 2004 Bankr. LEXIS 1136, Case NO. 02-14280-MAM-13, Adv. No. 04-01035, August 2, 2004.

---

*Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc).*

## *OBJECTION*

### *WHETHER THE SIGNATURE PAGE WAS EXECUTED SEPARATE AND APART FROM THE OTHER PAGES OF THE AFFIDAVIT IS AN IMPROPER AFFIDAVIT?*

Plaintiff argues that the Court cannot take a leap of faith in this case pertaining to this Affidavit. A notary requires a complete affidavit. There is no room for the Court to assume, speculate, reason in a leap of faith that what the notary states is true without proof being that of a complete, proper notary.

The reason this affidavit [**Court Doc. No. 630, Exhibit "A". Doc. 86-2)** is improper is that the signature page was executed separate and apart from the other pages of the affidavit. The signature page, @ 4, end Hobbs statement, but, the executed page @ 5, is completely separate and is improper and ought not be allowed into evidence.

The latest statement of law in this Circuit and held in the Alabama Court of Civil Appeals is simple: "Notarization <u>requires</u> a complete affidavit and a signer and notary in one place at one time." ***Thigpen v. Matrix Frin. Servs. Corp.***, U.S. (South District of Alabam 2004) 2004 Bankr. LEXIS 1136, Case No. 02-14280-MAM-13, Adv. No. 04-01035, August, 2, 2004.[2]

The holding decision in Alabama state courts is the Alabama Court of Civil Appeals ***Central Bank of the South v. Dinsmore***, 475 So.2d 842, 845 (Ala. 1985). In that case, the Supreme Court stated:

---

[2] The Court in Thigpen held that notary "requires" a complete affidavit. Id.

In order for an acknowledgement to be effective, it must clearly identify the person or persons who executed the conveyance, and **the person signing the instrument must have appeared before the notary and acknowledged that he signed the instrument.**(Emphasis added by this court)

Plaintiff challenged the affidavit submitted by William Hobbs and attached a copy of this challenged document with this pleading as *Exhibit "A", Court Doc. No. 630,* reference to: **(Doc. 86-2),** as an improper affidavit. The Magistrate Judge ruled: **(Doc. 631)**

"The notary public, James Bailey, certified that Hobbs "personally appeared" before him and after "being duly sworn [and] deposed" executed the affidavit. *July 13, 2007, Affidavit of William D. Hobbs, M.D. – Court Doc. No. 86-2.* The notary public then certified that the affidavit had been "sworn to and subscribed before" him. *Id. at 2.*

Most importantly, the Magistrate Judge overlooked just how important a notary is as the very prerequisite to a lawful affidavit. Plaintiff argues that this is an improper notary, being completely separate from the document itself. Additionally, it ought to be important that before the language of "personally appeared before him and after "being duly sworn [and] deposed" can be properly executed as a proper, the notary must first, affidavit itself must first, be complete: notarization requires a complete affidavit and a signer and notary in one place at one time," before, "being duly sworn," *ex certa* could stand and being properly sworn to.

The signer and notary in one place at one time is the very foundation of the Affidavit.    Improperly sworn Affidavits are inadmissible evidence at summary judgment *See Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987) ("Unsworn documents are . . . not appropriate for consideration [in the summary

judgment context]."); *Redd v. Fisher Controls*, 814 F. Supp. 547, 552 (W.D. Tex. 1992)

(affidavit deficient, in part, because of absence of notarization), *aff'd*, 35 F.3d 561 (5th Cir.

1994); *Iowa Fleeting Serv., Inc. v. Watson Marine Servs., Inc.*, 1988 U.S. Dist. LEXIS 9688,

CIV. A. No. 87-0655, 1988 WL 92020, at *1 (E.D. La. Aug. 24, 1988) (refusing to consider

an unsigned affidavit).

### ARGUMENT / MEMORANDUM AT LAW / POINTS ON AUTHORITY

The Southern District for the United States District Court, Southern Division held:

"Execution of signature pages and/or notarization of them separate and apart from the

body of affidavits should be an obviously inappropriate action. Notarization requires a

complete affidavit and a signer and notary in one place at one time. *Thigpen v. Matrix*

*Financial Services Corporation (In re Thigpen)*, 2004 Bankr. LEXIS 1135, Case No. 02-

14280-MAM-13, Adv. No. 04-01035 (Bankr. S.D. Ala. May 25, 2004), Order Denying

Defendant's Motion to Dismiss Complaint.

The leading case in this Circuit regarding improper notary is *Thigpen v. Matrix*

*Fin. Servs. Corp.*, 2004 Bankr. LEXIS 1135 (S.D. Ala. 2004). Distirct Judge Margaret

Mahoney, J., denied defendant *Matrtrix Financial Services Corporation* to dismiss the

plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) and Fed.R.Bankr.P. 7012(b)

In *Thigpen*, that case commenced by Monica Thigpen on February 27, 2004. Her

suit alleged that Matrix filed "an improper and false affidavit in support of the motion for

relief from stay" in her bankruptcy case. The reason the affidavit was improper and false

5

was that "the signature page was executed separate and apart from the other pages of the affidavit." The debtor asserted that the affidavits, as filed, constitute a fraud on the court and/or an abuse of the bankruptcy process. *Id.*

In this case, plaintiff complains that Magistrate Judge's order conflicts with ***Thigpen v. Matrix Fin. Servs. Corp.***, 2004 Bankr. LEXIS 1135, May 25, 2004 (S.D. Ala. 2004) and the Affidavits submitted in *Thigpen* are identical in this case. To allow such improper Affidavit, this Court would <u>basically have to take a leap of faith</u> in believing that William Hobbs actually appeared before a notary when in the face of the evidence, it doesn't show such because the notary and signature of William Hobbs is not on the same page as a history of case law has shown to be proper. If so, then a proper notary should have been submitted. The Magistrate Judge in ruling on plaintiff's challenge emphasized that the Affidavit contained the language: "The notary public then certified that the affidavit had been "sworn to and subscribed before" him. Id. at 2.

The Magistrate Judge overlooked *Thigpen,* and in *Thigpen* that Court also had an affidavit before it, citing the very same that the Magistrate Judge relied on, and *Thigpen* held that such is still, an improper affidavit. The Court held:

> "The acknowledgement itself states that the affidavit is "subscribed and sworn to before me." The language on its face **requires an appearance** and a **complete affidavit**." Id.

The Affidavit challenge in this case, is an identical issue that Judge Mahoney faced in the Southern District and it was held that such notary on a separate page was

improper.  The Court relied on Alabama Court of Civil Appeals, ruling against the improper affidavit in before the Court.  The Court relied on the Alabama Court of Civil Appeals depreciating such improper notary as unacceptable.  The holding decision in Alabama pertaining to an improper affidavit is ***Central Bank of the South v. Dinsmore,*** 475 So.2d 842, 845 (Ala. 1985). In that case, the Supreme Court stated:

> In order for an acknowledgement to be effective, it must clearly identify the person or persons who executed the conveyance, and **the person signing the instrument must have appeared before the notary and acknowledged that he signed the instrument.**(Emphasis added by this court)

The Court further stated:

> A notary public owes to his clients a duty to act honestly, skillfully, and with reasonable diligence. This duty imposed on a notary public requires the notary to ascertain the identity of the person whose signature they attest. Therefore, this duty cannot be fulfilled unless the transaction is done by or before the notary. For these reasons the duty of the notary public requires that he not wilfully and intentionally certify that a person has acknowledged the execution of a conveyance when the person did not acknowledge the execution before the notary. When a notary does such, this would constitute constructive fraud.*Florey,* 676 So.2d at 332The Court of Civil Appeals held that this instruction was proper. The Court based this ruling on the holding of *Central Bank of the South v. Dinsmore,* 475 So.2d 842, 845 (Ala. 1985). In that case, the Supreme Court stated:
>
> "In order for an acknowledgement to be effective, it must clearly identify the person or persons who executed the conveyance, and **the person signing the instrument must have appeared before the notary and acknowledged that he signed the instrument.**(Emphasis added by this court)
>
> The acknowledgement itself states that the affidavit is "subscribed and sworn to before me." The language on its face requires an appearance and a complete affidavit. Id.

## *CONCLUSION*

Plaintiff argues, **Court Doc. No. 630, Exhibit "A"**, is the Affidavit of William

Hobbs reflecting **Court Doc. No, 86-2** submitted by the defendants is improper.

<u>Improperly sworn Affidavits are inadmissible evidence at summary judgment</u> *See*

*Martin v. John W. Stone Oil Distrib., Inc.*, <u>819 F.2d 547</u>, 549 (5th Cir. 1987) ("Unsworn

documents are . . . not appropriate for consideration [in the summary judgment

context]."); *Redd v. Fisher Controls*, <u>814 F. Supp. 547</u>, 552 (W.D. Tex. 1992) (affidavit

deficient, in part, because of absence of notarization), *aff'd*, <u>35 F.3d 561</u> (5th Cir. 1994);

*Iowa Fleeting Serv., Inc. v. Watson Marine Servs., Inc.*, <u>1988 U.S. Dist. LEXIS 9688</u>, CIV.

A. No. 87-0655, 1988 WL 92020, at *1 (E.D. La. Aug. 24, 1988) (refusing to consider an

unsigned affidavit).

In further support plaintiff states, it's simple; *"<u>Notarization requires a complete</u>*

*<u>affidavit and a signer and notary in one place at one time</u>". Thigpen vs. Matrix Fin. Servs.*

*Corp.*, U. S. (Southern District of Alabama  2004) 2004 Bankr. LEXIS 1136 Case No. 02-

14280-MAM-13, Adv. No. 04-01035, *<u>August 2, 2004</u>*.    See, *Bowman v. Bank One, Nat'l*

*Ass'n (In re Bowman)* 2004 Bankr. LEXIS 1131 (S.D. Ala. May 25, 2004). [3]  See also, *In Re*

---

[3] @ * 3, <u>*Bowman*</u> Court held: <u>The court in the attached</u> *Thigpen* opinion sets forth case law that the court concludes allows the Bowman's to raise the issue of the improper or fraudulent execution of the affidavit filed in the Bowman's case. The allegation that the signature page was executed "separate and apart" from the affidavit is sufficient to describe the fraud or impropriety alleged. Id.

*Mark Brannan v. Wells Fargo Home Mortgage, Inc.,* U. S. Bankruptcy Court ( S. D. Ala., 2004) Bankr. LEXIS 1132, Case No. 02-16647-MAM-13, Adv. No. 04-01037, *May 25, 2004.*

  *WHEREFORE, premises considered,* plaintiff moves this Court not to take a leap of faith into believing that this notary is proper and admissible. Such would create a conflict in the District Court's of Alabama between the Middle District and the South District regarding the identical issues.

Done this 10th Day May 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

### CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that I have this 12th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA   35749

  

Legal Corr

This correspondence is forwarded from
an Alabama State Prision. The contents
have not been evaluated, and the Alabama
Department of Corrections in not
responsible for the substance or content
of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA    36101-0711