IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED

2008 MAY 15 A 9: 14

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710,

 Plaintiff,

Vs.

   CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

 Defendants.

### PLAINTIFF'S WRITTEN OBJECTION TO COURT ORDERS
### Doc. No's. 639, 640, 641, 642, 643, 644

**COMES NOW**, the Plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>May 8, 2008,</u> [*Court Doc. No. 639, 640, 641, 642, 643, 644*] in regards to Plaintiff's timely written objections to the Magistrate Judge's orders [*Court Doc. No. 634, 635, 636, 637*] and argues that the Magistrate Judge improperly and without authority construed each and every written objections into a <u>Motion for Imposition of Sanctions, was improper,</u> and was not requested

to the Magistrate Judge, and filed to the District Court as an objection. In further support plaintiff argues:[1]

1.  On <u>May 8, 2008</u>, plaintiff filed his timely written objections to the Magistrate Judge Orders denying plaintiff's discovery request. [*Court Doc. No. 635, 636, 637.*]

2.  The same day, the Magistrate Judge construed Plaintiff's objections into a motion for sanction. Plaintiff argues that the Magistrate Judge <u>does not</u> have the authority to construe Plaintiff timely written <u>Objections</u> under 28 U.S.C. ¶ 536 into a Motion for Imposition of Sanctions, such action is erroneous and outside the Magistrate Authority construing the Federal Statute for timely objections that is, properly invoked, into a motion for sanctions; causes injury and denies plaintiff of his right to object to the District Court under § 636, for District Court de novo review.

3.  Plaintiff objected timely to the Magistrate Judge's Order # 602 stating:

    " . . . **ORDERED that *all* outstanding motions filed by the plaintiff relative to discovery, including motions to produce, motion for productions of documents, motions for contempt, motions to compel and motions for sanctions, be and are hereby DENIED."** DOC. 602. [2]

---

[1] **Court Doc. No. 639** is objected to where the court construed **Doc. 634** Objection into a motion for sanctions.
  Plaintiff argues that construing plaintiff notice of objections to a request for sanctions was improper

## STANDARD OF REVIEW

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision.[3] 28 U.S.C. § 636(b)(1)(a)(2004).

3. Once Plaintiff files his timely notice of objection under 28 U.S.C. § 636(b)(1)(a)(2004) the Magistrate Judge construing the written objections into a motion for imposition of sanctions was improper. Although Plaintiff requested Sanction after, the District Court reviews the matter, the Magistrate Judge does not have the authority to construe the objection when it is filed under 28 U.S.C § 636(b)(1)(a)(2004).

4. Plaintiff argues that the Magistrate Judge, erred, and has derailed plaintiff's written objections. Once a written objection is filed under 28 U.S.C. § 636(b)(1)(a)(2004), the objection is for de novo review. The Magistrate Judge does not have the authority to construe Federal Statutes into a motion for sanctions. That is what the Plaintiff filed an objection and requested a de novo review over

---

[3] Plaintiff argues that the Magistrate Judge outright denying all plaintiff discovery request, and relying on a **non board certified physician is questioned under Section 455 (A) 28 U.S.C.S. § 144**

Objection. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. 636 (b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) *(en banc)*.

3

**Court Doc. No. 634, 635, 636, 637.** Plaintiff's Objects to the Magistrate Judge construing the Written Objection into a Motion for Sanctions. That is not the purpose of the timely written objections.

5.  Plaintiff argues the Magistrate Judge's Orders (**Doc. #'s 639, 640, 641, 642**) are improper and deny Plaintiff the right to Object without interference from the Magistrate Judge. Such denies plaintiff access to the Court and access to timely file his written objections and to have his case fully adjudicated.

## RELIEF REQUEST

*Court Doc. No's. 634,635,363* are Plaintiff timely filed Objections. Plaintiff request that the Court Sustain plaintiff's objections and that his Objections be placed on this Court's docket because, (i) he filed them timely under 28 U.S.C § 636, and it is prejudice to the plaintiff and the 10 day time period to re-file his original objections has now expired. The Magistrate Judge erred construing plaintiff's Notices of Objections to Discovery under 28 U.S.C. 636 into a motion for sanctions; which is designed for de novo review.

Respectfully Submitted

Done this 12th Day May, 2008.

_/s/ Marcellus Breach_
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.

4

Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 13th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: [placing into the Legal Mail Box at Limestone C.F. for mailing]

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

5