IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

PRISON HEALTH SERVICES, INC.,

    Defendants.

CASE NO: 2:06-CV-1133-MEF

## MOTION TO COMPEL DR. MICHAEL E. ROBBINS FOR PRODUCTION OF DOCUMENTS / NEWLY DISCOVERED EVIDENCE

**COMES NOW**, the Plaintiff Marcellus Breach (hereinafter "Plaintiff") moves the Court pursuant to *Rule 34*, Fed.R.Civ.P., for defendant Michael Robbins to produce documents in further support of his *April 10, 2008*, and, *April 29, 2008*, synopsis of his educational background and his training / experience in the treatment of hernias in compliance with the directives of this Court's Order entered on *May 2, 2008*, **[Court Doc. No. 618]** directing defendant Robbins to file a copy of his current Alabama medical license. In further support will demonstrate that defendant Michael Edward Robbins, M.D., <u>Alabama Medical License No. #MD. 13101</u>, has not been truthful to this Court concerning his practice:[1]

---

[1] If Robbins has filed his Alabama medical license with this court in compliance with **Doc. = 618**, Plaintiff request that this Court order the defendant to served plaintiff with a true copy.

1

*Introduction:*

After only two (2) years after Robbins received his Alabama Medical License, in which upon information and belief Robbins obtained a limited, **restricted Alabama medical license** then, because of his history of drug abuse, Robbins's license then were in fact **suspension** to **probation** and finally declared "**Revoked,**" as he was declared, incompetent and a danger to patients in society because of his obdurate refusal to reframe from drugs. How did Robbins obtain a certificate with the American Board of Internal Medicine when his medical license were in fact, "**Restricted**" in the State of Alabama? Such simply is unlikely.

Next, when Robbins's Alabama medical license were in fact, declared "**Revoked**" he did so, and it is very likely, lost any and all, board certification with the American Board of Internal Medicine because he did not possess a medical license. The question is, when did he reapply and regained his Certification in Internal Medicine? Robbins has been caught in lies!

The Court ought to be mindful. William Hobbs finally admitted after 626 pleadings: "**I have not held any Board certifications**" Doc. # 603-2. Hobbs stated, he has "not held ANY board certifications". That means never held any board certifications, but he decided to pour sugar into Jackie Morrow's stomach without being licensed to perform surgery, causing six (6) corrective surgeries.

2

What happen to his OB/GYN, Family Medicine, General Practitioner, Emergency Medicine, *ex certa*, status, and the five (5) different areas of medicine he professed to practice? Now, Robbins never once told the court his license have been **Revoked** because of his drug addiction during the very time period he claimed to be in private practice. These are the so-called "professionals" who have basically left plaintiff to endure pain, because of his untreated hernia that has enlarged.

1.   This Court ordered defendant Robbins to submit a true copy of his current Alabama medical license on or before *May 16, 2008*, [**Court Doc. No. 618**]. If defendant has complied with the court's order, plaintiff has not received a copy of his filing.

2.   On *April 11, 2008*, Robbins submitted such an inconsistent synopsis, stating the he obtained his medical license before, he actually graduated from medical school, plaintiff objected [**Court Doc. No. 590**] and the court entered another Order upon Robbins providing him a second opportunity to clean up his story, and resubmit a new synopsis. [**Court Doc. No. 595**]

3.   Plaintiff can demonstrate through undefeatable evidence that defendant Michael Robbins has not been truthful; but disingenuous and maintains inconsistencies in his submitted synopsis pertaining to his medical practice and experiences. First, on *April 24, 2008,* this court directed Michael Robbins to resubmit the following: (i) the date he graduated from medical school, (ii) the institution of higher education from which he obtained his medical degree, (iii) the date he became certified in internal medicine, (iv)

3

the date he first became licensed to practice medicine, (v) the date his initial license to practice medicine in the State of Alabama, and (vi) whether he is currently licensed to practice medicine in this state. **[Court Doc. No. 595]** Plaintiff argues that past tense is not relevant to Robbins's qualifications, training, unless he was licensed, certified with the board of internal medicine, "during the year preceding the alleged breach of the standard of care.

3. On *May 6, 2008*, Robbins complied with the directives of this court's order and resubmitted a second synopsis and boosted himself up as an expert in hernia treatment, but Robbins forgot to explain to this court his contract with the Alabama Board of Medical Examiners to abstain from the use of alcohol, narcotic, controlled substance, or mood altering chemical, including but not limited to Stadol, Ultram, Tramadol, and Soma.

4. Defendant Michael Edward Robbins, also forgot to tell this court that on *September 17*, and *October 3, 1997*, Dr. Robbins was tested **positive** for controlled substance abuse, Propoxphene. Propoxyphene was not prescribed to him by his primary care physician.

5. On *March 16, 1998*, Dr. Robbins was abusing alcohol and maintaining a status as a "drunk," and his sponsor (who's name will not be revealed at this time), with an AA / NA therapeutic group in Mobile, Alabama was concerned of Robbins risk of committing suicide.

6.      Defendant Robbins did not tell this court that he was found guilty on several occasions before the Alabama Medical Licensure Commission for **immoral, unprofessional** or **dishonorable** conduct as defined in the rules and regulations of the Medical Licensure Commission of Alabama a violation of Ala. Code § 34-24-360 for a pattern of drug addiction and alcohol abuse. Robbins did so, lost of his Alabama medical licenses several times from **restricted practice, to probationary, to Revoked.**

### POINT "A"

**ROBBINS CLAIMED: -- From 1986 Robbins First Obtained His Alabama Medical License, and From 1989 thru 2002, Robbins Claimed He Was In Private Practice.**

1.      [2] Michael Robbins on *November 19, 1986*, was licensed to practice medicine in the State of Alabama with **restrictions**, having been issued license number 13101. On *July 16, 1997*, Michael Robbins <u>admitted to his drug addiction</u>, and <u>alcohol abuse</u> and was tested <u>positive for drugs</u> on *October 3, 1997*, and found guilty of violating his agreement under **restricted practice** and was also, found guilty of illegally Distribution by prescribing, dispensing, furnishing, or supplying of controlled substances in violation of § 34-24-360, Code of Alabama, 1975.

2.      Robbins medical license were subsequently declared "Revoked" by the Commission.

---

[2] Robbins cannot even provide the court with the correct date he received his "restricted" Alabama medical license. Robbins stated he became licensed in Alabama in 1986 (**Doc. No. 566**) then Robbins stated he became licensed to practice in Alabama on July 1, 1981. Such is refuted: Robbins became licensed on November 19, 1986 some four (4) months difference. Two years after he was revoked. He obtained only a "restricted license".

3.  Robins after *December 15, 1997*, Defendant Michael Edward Robbins, Alabama **Medical License No.: 13101** were **"Revoked"**, he was not authorized to practice medicine in Alabama, but he claimed he was in "Private Practice".

4.  On *December 15, 1997*, while Robbins supposedly was in "Private Practice", a Complaint was filed against him with the Alabama Medical Licensure Commission. Robbins again, admitted to "all" charges of violation of § 34-24-360(8), Code of Alabama, 1975 and the Commission again, Ordered Robbins to enter into a **substance abuse treatment program** at the Physician's Recovery Network of Alabama, and also to submit to additional random urine and/or blood specimens and undergo psychiatric treatment and/or counseling.

5.  On *May 19, 1998*, defendant Robbins was ordered to submit to random urine samples, and the **results** from his *September 17, 1997* and *October 3, 1997*, drug test from Labcorp, **was positive** for: (i) controlled substance Propoxphyene. I.D. Number on both samples was 420824589.

6.  On *July 22, 1998*, defendant Michael Robbins agreed to undergo psychiatric treatment as a condition with the Medical Licensure Commission of Alabama and treatment for his continued drug abuse.

7.  On *May 6, 1999*, Robbins applied for reinstatement of his medical license and such was Denied by the Licensure Commission of Alabama.

6

8. On *January 5, 2000*, defendant Michael Robbins "moved up" from a "**Revoked**" medical license, while he claimed to be in Private Practice, to a "**Probation**" status as he was reapplying for his medical license with the Alabama Medical Licensure Commission.

9. Robbins's claims from 1989 thru 2002, he was in "Private Practice" is refuted by evidence that he was declared "**Revoked**" by the Commission. His license was "**Revoked**" until *January 5, 2000*, then, he was on "**Probation**" for drug and alcohol abuse.

10. *August 13, 2001* through *August 8, 2002,* Michael Robbins was on "**Probation**" and directed to act under a supervising physician. Robbins swore under oath he was in "Private Practice".

11. It wasn't until *December 22, 2004*, Robbins's probationary, and restrictions were lifted by the Commission, and from 2002 he was employed as Medical Director for PHS at Kilby Correctional Facility operating under a probationary medial license. How much narcotic did he proscribe illegally under probationary status at Kilby prison. Why did PHS allow him to proscribed narcotic while Robbins was declared on probation?

## POINT "B"

### WHERE IS MICHAEL ROBBINS'S CURRENT CERTIFICATION WITH THE AMERICAN BOARD OF INTERNAL MEDICINE SINCE HE HAS A HISTORY OF CONTINUED DURGE ABUSE AND PROBLEMS WITH HIS ALABAMA MEDICAL LICENSE?

Plaintiff request that this court order Robbins to produce his <u>current</u> "**Certificate of Registration / Certification**" with the *American Board of Internal Medicine*. Based on the drug history of Robbins, and it will be proven that Robbins's Alabama medical license were in fact, "**Revoked**" <u>during the time he stated he was in private practice;</u> evidence demonstrates such is probably another lie.

When did Robbins obtain his re-certification with the American Board of Internal Medicine? What year? Production is requested.

What is troublesome concerning Robbins, and Robbins has problems getting his story straight. ***Court Doc. No. 626***, Robbins's most recent synopsis states that he became board certified in internal medicine on *September 13, 1989*, and first became licensed to practice medicine on *July 1, 1981*; [Id.] finally, admits that he became licensed to practice medicine in the State of Alabama on *November 19, 1986*. [Id.]

***Court Doc. No. 566***, Robbins synopsis is inaccurate. Robbins stated:

"From 1989 thru 2002, I was in Private Practice (Internal Medicine). From 2002 thru present, I have been employed with Corrections-based practices. And, 1979, I became certified by the American Board of Internal Medicine." [Id.]

8

*November 19, 1986*, defendant Robbins obtained a **"Restricted"** medical license. Within two (2) years later, *March 24, 1998*, his medical license became **"Suspended"** and Michael Robbins was declared:

(i) Engaged in immoral, unprofessional or dishonorable conduct defined in the rules and regulation of the Medical Licensure Commission of Alabama, a violation of Ala. Code § 34-24-360(2);

(ii) Prescribed, dispensed, furnished, or supplied a controlled substance to himself for self-administration for reasons other than a legitimate medical purpose, a violation of Ala. Code § 34-24-360(8)(1975); and,

(ii) **Unable** to practice medicine with reasonable skill and safety to patients by reason of illness or excessive use of alcohol and Propoxyphene and/or other controlled substances and/or other drugs or as a result of any physical condition, a violation of Ala. Code § 34-24-360(19)(1975).

Robbins greed to seek "After-Care Treatment" for abuse of alcohol, drugs, narcotics or controlled substances, on *May 5, 1988.* Robbins stated under "oath" that from 1989 thru 2002, he was in private practice, but he did not say that he was under Restrictions placed on him by the Alabama State Board of Medical Examiners.

Again, *July 16, 1997*, Robbins was reprimanded by the Alabama Board of Medical Examiners, for abuse of alcohol and narcotic, controlled substances, or mood altering chemicals, including but not limited to Stadol, Tltram, Tramadol, and Soma. Robbins was order to again, enter drug treatment with the Physicians Recovery Network of the Medical Association of the State of Alabama. His sponsors name was Tom Sapp and Kathyrn Cunningham, Jeff Zieman. He was once again, under "Restrictions" did not

possess a valid medical license after *July 16, 1997*. Differently, Robbins stated in his *April 10, 2008,* Affidavit: From 1989 thru 2002, I was in Private Practice (Internal Medicine) [*Court Doc. No. 566*] but he didn't say anything about his private practice on (**Doc. # 626**) because the truth is, he was under **"Restrictions"** with the Medical Examiners of Alabama.

In 1999, Michael E. Robbins again, could not fulfill his obligations with the Board of Medical Examiners, and again failed to abstain from the use of narcotics, controlled substances, or mood altering chemicals as contained in his Voluntary Restriction on Certificate of Qualification to Practice Medicine.

*Daubert* requires the trial court to act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury. *Id.* at 589 n. 7, 597.

**WHEREFORE, *premises considered*,** Plaintiff request that this Court before entering Robbins's opinions first declare that he is currently active with the American Board of Internal Medicine. Clearly, based on the true facts presented by the Plaintiff, and any time this Court would request additional information, or confirmation, Plaintiff is more than, willing to aid the Court. Plaintiffs states Robbins is caught in his lies, and it is now, questionable whether he actually was granted to reapply, or be re-certified with the American Board of Internal Medicine.

Respectfully Submitted

Done this 13h Day May, 2008.

_____
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 14th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone C.F. for mailing]**

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
Marcellus Breach

11

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RD.
HARVEST, ALABAMA  35749

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA  36101-0711

# EXHIBIT "A"

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

    Before me, the undersigned, personally appeared Larry D. Dixon, who, being by me first duly sworn, deposes and says that he, in his capacity as Executive Director of the Alabama Board of Medical Examiners, has executed the contents of the foregoing complaint and affirms that the contents thereof are true and correct to the best of his knowledge, information and belief.

                                              _____
                                              Larry D. Dixon, Executive Director
                                              Alabama State Board of Medical Examiners

SWORN TO AND SUBSCRIBED before me this 15th day of December, 1997.

                                              _____
                                              Notary Public
                                              My Commission Expires: 5/3/99

| | |
|---|---|
| ALABAMA STATE BOARD OF ) | |
| MEDICAL EXAMINERS, ) | |
| ) | BEFORE THE MEDICAL LICENSURE |
| Complaint, ) | COMMISSION OF ALABAMA |
| ) | |
| vs. ) | CASE NO. 97-015 |
| ) | |
| MICHAEL E. ROBBINS, M.D. ) | |
| ) | |
| Respondent. ) | |

## ADMINISTRATIVE COMPLAINT

Comes now the Alabama State Board of Medical Examiners, pursuant to the authority of Alabama Code Section 34-24-361(e)(1975) and respectfully submits to the Medical Licensure Commission the following:

1. On November 19, 1986 the Respondent, MICHAEL E. ROBBINS, M.D. was licensed to practice medicine in the State of Alabama with restrictions, having been issued license number 13101.

2. On July 16, 1997, the Respondent, MICHAEL E. ROBBINS, M.D., signed a VOLUNTARY RESTRICTION ON CERTIFICATE OF QUALIFICATION TO PRACTICE MEDICINE, in Alabama. Said restriction prohibited him from personally consuming except by prescription from his primary care physician any alcohol, narcotic, controlled substance, or mood altering chemical.

In addition to the above, said VOLUNTARY RESTRICTION, provided that he would provide to the Alabama Board of Medical Examiners, upon request, blood or urine samples for purposes of laboratory testing. A copy of said VOLUNTARY RESTRICTION is attached to this Complaint as exhibit "A" and is made a part of same.

3. On or about September 17, 1997, a urine sample was collected from the RESPONDENT, Michael E. Robbins, M.D., and forwarded to LabCorp in Tampa, Florida, for analysis. Said sample was found to be positive for the controlled substance PROPOXYPHENE. That substance was not prescribed by his primary care physician.

4. On or about October 3, 1997, a urine sample was collected from the RESPONDENT, Michael E. Robbins, M.D., and forwarded to LabCorp in Tampa, Florida, for analysis. Said sample was found to be positive for the controlled substance PROPOXYPHENE. That substance was not prescribed by his primary care physician.

5. The Board of Medical Examiners specifically alleges that Dr. Robbins has violated the terms of paragraph 1 of the VOLUNTARY RESTRICTION entered against his license to practice medicine in Alabama by failing or refusing to abstain for the use of any narcotic or controlled substance or mood altering substance except one prescribed by his primary care physician.

6. The Board of Medical Examiners specifically alleges that Dr. Robbins has violated the terms and conditions of paragraph 6 of the VOLUNARY RESTRICTION entered against his license to practice medicine in the State of Alabama by failing or refusing to have any said prescription for said propoxyhene filled at a single pharmacy, namely, Wal Mart, Festival Center, Mobile, Al 36609.

7. The Board of Medical Examiners, after extensive investigation into the medical practice of the Respondent, MICHAEL E. ROBBINS, M.D., has concluded there exists probable cause to believe that he has committed the following violation of Section 34-24-360, Code of Alabama 1975:

(8) Distribution by prescribing, dispensing, furnishing, or supplying of controlled

substances to any person or patient for any reason other than a legitimate medical purpose;

8. In further support of the allegation of violation of Section 34-24-360 (8), <u>Code of Alabama</u> 1975, The Alabama Board of Medical Examiners allege that the Respondent furnished the controlled substance PROPOXYPHENE to himself on at least two occasions with the past 12 months, being in September and October of 1997.

Wherefore, the foregoing premises considered, the Board respectfully requests that the Medical Licensure Commission take jurisdiction of this Administrative Complaint, set a hearing thereon, and order that the Respondent, MICHAEL E. ROBBINS, M.D. appear and answer the allegations contained in this complaint, in accordance with the rules and regulations of the Medical Licensure Commission. Further, the Board requests that at the conclusion of the hearing, the Commission revoke the license to practice medicine of the Respondent for violation of the terms and conditions of his Voluntary Restriction as authorized in the Voluntary Restriction document or take such other actions as the Commission may deem appropriate based on the evidence presented for its consideration.

This Administrative Complaint is executed for and on behalf of the Alabama State Board of Medical Examiners by its Executive Director pursuant to the instructions of the Board as contained in its resolution of December 1_, 1997, a copy of which is attached hereto and incorporated herein.

EXECUTED this 15TH day of December 1997.

_____
Larry D. Dixon, Executive Director

_____
James R. Cooper, Jr., Esquire, Attorney for
the Alabama Board of Medical Examiners
P.O. Box 946
Montgomery, AL 36101-0946
Telephone # (334) 242-4116

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

AFFIDAVIT

Before me, the undersigned, personally appeared Larry D. Dixon, Executive Director of the Alabama State Board of Medical Examiners, who, being by me first duly sworn, deposes and says as follows:

The Alabama State Board of Medical Examiners in session on December 1_, 1997, a quorum of the members of the Board being present, conducted an investigation into the medical practice of MICHAEL E. ROBBINS, M.D., and at the conclusion of the discussion, the Board adopted the following resolution:

> Michael E. Robbins, M.D., Mobile    After consideration of a report of Dr. Robbins's failure to abstain from the use of narcotic, controlled substances, or mood altering chemicals as contained in his Voluntary Restriction on Certificate of Qualification to Practice Medicine, a motion was made to cause the filing of an Administrative Complaint alleging violations of the said Voluntary Restriction with the Commission and of Section 34-24-360 (8) Code of Alabama. The motion was adopted.

I further certify that the foregoing resolutions were adopted by the Alabama State Board of Medical Examiners on the 1_th day of December, 1997.

_____
Larry D. Dixon, Executive Director
Alabama State Board of Medical Examiners

SWORN TO AND SUBSCRIBED before me this 15th day of December, 1997.

_____
Notary Public
My Commission Expires: 5/3/99