IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710          *

     Plaintiff,          *

                        *          CASE NO: 2:06-cv-1133-MEF

Vs.

                        *

PRISON HEALTH SERVICES, INC., et. al.,

                        *

     Defendants.

### *PLAINTIFF'S WRITTEN OBJECTION TO Court Doc. No. 650*

**COMES NOW**, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff") in proper person "Pro Se," files his written objections/exceptions to the Magistrate Judge's Order entered on <u>*May 14, 2008,*</u> [**Court Doc. No.650-1**] in regards to plaintiff's challenge to defendant William Hobbs's inherited contradictive testimony, for the sole purpose to negate the existence of any genuine issue of material fact for summary judgment purposes. In further support plaintiff states that the Magistrate Judge's ruling as "<u>*Not Warranted*</u>" completely contradicts with this Court's recent opinion in ***McGaughy v. Kitchens Express***, 2007 U.S. Dist. LEXIS 32100, Case No. 2:06-cv-320-MEF-(WO), May 1, 2007, (M.D. Ala. 2007)(M. Fuller, J)(<u>However, if an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may strike </u>*or disregard* the improper portions

1

and consider the remainder of the affidavit. *Id.* at 1334 n.2 (citing *Lee v. Nat'l Life Assurance Co.,* 632 F.2d 524, 529 (5th Cir. 1980).

### *STANDARD OF REVIEW*

The law is established that as in this case of a discovery motion or other nondispositive pretrial order the decision of the magistrate judge is a final decision. 28 U.S.C. § 636(b)(1)(a)(2004).

### *OBJECTIONS LEGAL AUTHORITY*

1.  ***McGaughy v. Kitchens Express***, 2007 U.S. Dist. LEXIS 32100, Case No. 2:06-cv-320-MEF-(WO), Mary 1, 2007, (M.D. Ala. 2007)(M. Fuller, J)

2.  ***Porterfield v. Flowers Baking Co. of Opelika, L.L.C.,*** 2007 U.S. Dist. LEXIS 92257, Civil Action. 2:05-cv-937-MEF-(WO), December 12, 2007, (M.D.Ala. 2007)(Fuller, J.)

3.  ***Thomas v. Ala.Counsel on Human Rels., Inc.,*** 248 F. Supp. 2d 1105 (M.D. Ala. 2005)(Fuller, J.)

### *PROCEDURAL POSTURE:*

On *May 13, 2008,* plaintiff submitted a document entitled: "Notice of Objection / Motion To Strike Portions of Admissibility of Evidence of an Affidavit by William Hobbs . . . ." [***Court Doc. No. 648***]

1.  Plaintiff moved the Magistrate Judge to exclude portions of statements made by defendant William Hobbs as contradicting two (2) prior affidavits with respect to a required treatment protocol of the Alabama Department of Corrections should be stricken or, excluded from review at summary judgment. [Id. at 1-2]

2.      Plaintiff complained that PHS defendants have completely relied on William Hobbs prior affidavits and adopted the testimony as a part of their defense in their Answer and Special Report requesting summary judgment. [**Doc. # 93 at 12**] Plaintiff complained that almost one year later, William Hobbs decided to change his testimony as "a mistake" ought not to be well taken, Hobbs did not change his story until ADOC and CMS denied having the Protocol, the very protocol that Hobbs stated verbatim, what it is, who has it, and what it states; furthermore, Hobbs stated that Plaintiff did not meet the ADOC's Protocol, and if, plaintiff met the Protocol he would have surgery. The Protocol is the very grave issue to proximate cause of injury, because Defendants have this protocol that states that the hernia must be incarcerated or, in danger of becoming incarcerated or, into the scrotum before surgically necessary.  That is the life or death situation, and there is absolutely no relief of the pain, deteriorated health problems while waiting to die.  This is the sole challenge in this case.

3.      The Magistrate Judge ruled on May 14, 2008, that Plaintiff's Motion To Strike is not warranted.  Plaintiff objects and is confused because research has not found one (1) case law wherein, following Rule 56(e), Fed.R.Civ.P., challenge that a motion to strike is not a warranted action, furthermore, the Magistrate Judge overlooked the Caption entitled: Notice of Objection / Motion To Strike.  Court statements of law state that a party may challenged the admissibility of evidence of an Affidavit by filing a notice of objection. *Jordan v. Cobb County, Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears,*

*Roebuck and Co.,* 700 F. Supp. 1574, 1576 (N.D. Ga. 1988); See also, *Lane v. Celotex,* 782 F.2d 1526, 1533 (11th Cir. 1986) (noting that courts may disregard "affidavits that 'contradict, without explanation, previously given clear testimony'").

## I. HISTORIC FACTUAL TESTIMONY

[*Court Doc. No. 648*] and in this Case, plaintiff has alleged and challenged that the defendants have established, created and are enforcing a de facto policy of refusing to pay for non-incarcerated hernias that cause pain and discomfort unless the hernia is incarcerated or into the scrotum as a de facto policy, which violates the Constitution. [*Doc. 68 at 3*)

On *July 20, 2007,* defendant William Hobbs was added as a party to this litigation (*Doc. #98*) wherein, plaintiff alleged that defendant Hobbs supports a custom or usage of a policy that is so permanent and well settled as to have the force of law of not repairing hernias unless they are incarcerated or strangulated or into the scrotum. [*Doc. # 93 at 12*]

PHS defendants answered and filed their Special Report on *July 13, 2007.* PHS submitted an Affidavit from William Hobbs, and also adopted in their defense in their Special Report (*Doc. # 86*) counsel for the defendants argued extensively:

". . . If a prisoner in the Department of Corrections has a hernia which must be repaired, it has to meet certain protocols by the Department. [Exhibit "A" –Affidavit of Dr. William Hobbs]. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary. [Id.] The medical evidence indicates that Breach does not meet the surgical protocol because his hernia is easily reduced. . . . [Id.] [*Court Doc. No. 86 at 7-8*]

4

Counsel further pounded the plaintiff's physician and general surgeon Dr. Yerubandi, M.D., didn't know nor have knowledge of the Alabama Department of Correction's Protocol stating:

> "Furthermore, Dr. Yerubandi is clearly not familiar with the Alabama Department of Corrections' policies and procedures concerning elective surgery, with specific emphasis on elective hernia repairs." Id. at 8

Clearly counsel is referring directly from the Protocol as stated, explained in great details by defendant Hobbs.

### GROUND NO. 1

### THE MAGISTRATE JUDGE SHOULD HAVE CONSTRUEDPLAINTIFF'S MOTION TO STRIKE INTO AS LISTED " NOTICE OF OBJECTION"
### [Court Doc. No. 648]

Statements of law have held that a party may challenged the admissibility of evidence of an Affidavit by filing a notice of objection. *Jordan v. Cobb County, Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan v. Sears, Roebuck and Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988); See also, *Lane v. Celotex*, 782 F.2d 1526, 1533 (11th Cir. 1986) (noting that courts may disregard "affidavits that 'contradict, without explanation, previously given clear testimony'").

Plaintiff titled his Motion as either a "Notice of Objections" / "Motion to Strike". The Magistrate Judge overlooked the "Notice of Objection" and ruled on the Motion as a motion to strike was improper because the Magistrate Judge was in the position to construe the motion into its proper form.

In this very Court, U.S. District Judge Thompson, has held that the court will implicitly consider the improperly filed motion to strike as, instead, notice of objections described in the motion. See, *Cf. Norman v. Southern Guar. Ins. Co.,* 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002)(Thompson, J.)(in resolving the pending summary-judgment motion, the court will implicitly consider the improperly filed motion to strike as, instead, notice of objections to the testimony described in the motion).

### GROUND NO. 2

## THE MAGISTRATE JUDGE'S RULING CONFLICTS WITH THIS COURT'S PRIOR RULINGS AND PRIOR RULING OF OTHER DISTRICT COURTS FOR THE MIDDLE DISTRICT OF ALABAM IS CLEARLY AND MANIFESTLY ERRONEOUS

Plaintiff complains that the Magistrate Judge's Order as the action requeted by the Plaitniff to exclude contradictive testimony as, "Not Warranted" appears vague and ambiguous because, the Magistrate Judge did not support his ruling with case law, nor any Rules. The problems is, Plaintiff has researched and has not located a case nor a Federal Rule of Civil Procedures that would provide Plaintiff with guidance as to when and when not to file is objections to the Magistrate Judge requesting to exclude evidence from review at summary judgment, *i.e.,* Motion to Strike, or, Notice of Objection to Admissibility of Evidence Of An Affidavit.

Plaintiff maintains that Discovery has closed. Before the Magistrate Judge orders this case under submission for summary judgment purposes, it is vital that all

inadmissible evidence be objected to before the Magistrate Judge make his recommendation on the dispositive motion.

It is impossible for Plaintiff to submit his opposition to summary judgment without an opportunity to have his objections to inadmissible evidence reviewed. Such is prejudice.

Although, plaintiff may be wrong while not familiar with all of the rules of the Court pertaining to this issue; Plaintiff moves to challenge contradictive testimony as improper and demonstrates a "sham affidavit" through means of either a notice of objections, or a motion to exclude, motion to strike portions of statements made in an affidavit by defendant William Hobbs.

This Court has ruled: "In resolving the pending summary-judgment motion, the court has implicitly considered the <u>motion to strike as a notice of objections</u> to the testimony described." *See* ***Norman v. Southern Guar. Ins. Co.***, 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002); ***Anderson v. Radisson Hotel Corp.***, 834 F.Supp. 1364, 1368 n.1 (S.D. Ga. 1993).

The Magistrate Judge's Order regarding to plaintiff request to exclude the contradictive testimony by William Hobbs as "<u>Not Warranted</u>" (***Doc. 650***) seems improper and contradicts with this Court's prior ruling in ***McGaughy v. Kitchens Express***, 2007 U.S. Dist. LEXIS 32100, Case No. 2:06-cv-320-MEF-(WO), <u>May 1, 2007</u>, (M.D. Ala. 2007)(M. Fuller, J):

"Before discussing the dispositive motion before the Court, it is necessary to take up McGaughy's Motion to Strike. . . Rule 12(f) of the Federal Rules of Civil Procedure provides grounds for motions to strike; however, that rule provides the proper bases for striking certain improper material in pleadings, not in affidavits. See, e.g., Norman v. So. Guar. Ins. Co., 191 F. Supp. 2d 1321, 1328 (M.D.Ala. 2002)(Thompson, J.). Consequently, it cannot be that McGaughy's motion to strike is made pursuant to Rule 12(f).

Given that the affidavit McGaughy challenges is submitted in support of a motion for summary judgment, the affidavit must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment, such as the affidavit at issue here, shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e)(emphasis added). Affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. See, e.g., Thomas v. Ala. Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003)(Fuller, J.); Givhan v. Electronic Eng'rs, Inc., 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998)(DeMent, J.). However, if an affidavit contains some improper material, the court need not strike the entire affidavit; rather it may strike or disregard the improper portions and consider the remainder of the affidavit. Id. at 1334 n.2 (citing Lee v. Nat'l Life Assurance Co., 632 F.2d 524, 529 (5th Cir. 1980)." [Id.]

## ARGUMENT

Federal Rule of Civil Procedure 12(f) sets forth the standard for motions to strike.

"Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Federal Rules of Civil Procedure identify "pleadings" as complaints, answers and replies to counterclaims. Fed. R. Civ. P. 7(a). Nonetheless, it is common for parties to file motions to strike directed at matters that are not contained in the pleadings. It is equally common for courts that

receive such improperly targeted motions to strike to promptly deny them, irrespective of

their underlying merit. *See, e.g., Putnal v. Guardian Life Ins. Co. of Am.*, No. 5:04-cv-130, 2006

U.S. Dist. LEXIS 70931, 2006 WL 2850424, at *3 (M.D. Ga. Sept. 29, 2006) ("the preferred

method for challenging a defective affidavit is to file a notice of objection to the challenged

portion of the affidavit"); *Newsome v. Webster*, 843 F. Supp. 1460, 1464 (S.D. Ga. 1994)

In resolving a pending summary-judgment motion, the court has implicitly

considered the motion to strike as a notice of objections to the testimony described. *See

Norman v. Southern Guar. Ins. Co.*, 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002); *Anderson v.

Radisson Hotel Corp.*, 834 F.Supp. 1364, 1368 n.1 (S.D. Ga. 1993).

A party may challenge the admissibility of evidence of an affidavit by filing a notice

of objections. *Jordan v. Cobb County, Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Morgan

v. Sears, Roebuck and Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). On a motion for summary

judgment, the Court can only consider admissible evidence or evidence that can be

reduced to an admissible form. *See Denney v. City of Albany*, 247 F.3d 1172, 1189 n.10 (11th

Cir. 2001). Fed.R.Civ.P. 56(e) (indicating that an affidavit should "show affirmatively that

the affiant is competent to testify to the matters stated therein").

A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis

added). Rule 7(a) of the Federal Rules of Civil Procedure provides that a "pleading" is only

a "complaint," "answer," "reply to a counterclaim," "answer to a cross-claim," "third-party complaint," "third-party answer," "reply to an answer," or "reply to a third-party answer."

The terms of Rules 12(f) and 7(a) make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike" and that "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore et al., *Moore's Federal Practice* 12.37[2](3d ed. 2006). *See also Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995)(per curiam)(only the items listed in Rule 7(a) constitute pleadings); *Lawhorn v. Atl. Refining Co.*, 299 F.2d 353, 357 (5th Cir. 1962) 1 (a motion to dismiss is not a pleading); 2 Moore, *supra*, 7.02[1][b], at 7-7 ("A motion in any form cannot stand as a pleading.").

### GROUND NO. 3

#### *WILLIAM HOBBS INCONSISTENT TESTIMONY IS DUE TO BE STRICKEN*

William Hobbs Special Report *[Court Doc. No. 144]* relies on his defense stating that the ADOC has a hernia treatment protocol. Plaintiff argues Hobbs cannot come back and change his testimony once the ADOC, CMS and PHS co-defendants have denied not having a protocol. It is too late to change his story.

PHS defendants heavily relied as a part of their defense in this case arguing throughout their Special Report *[Court Doc. No. 86 at 7-8]* that the Alabama Department of Corrections does in fact have a Protocol that states:

**"The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary. [Id.]**

Counsel's assertions pertaining to the ADOC protocol was corroborated two (2) months later by testimony evidence submitted by defendant <u>William Douglas Hobbs's</u> sworn affidavit under oath on *September 17, 2007,* based on <u>personal knowledge</u>: [***Court Doc. No. 144 & 249, Aff'd Hobbs Exhibit "B"***]:

> " . . . In order for a hernia to be repaired, the hernia must meet a certain Protocol required by the Alabama Department of Corrections. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced . . . If Mr. Breach did in fact meet the protocol required by the Alabama Department of Corrections, his hernia would be repaired." [Id. at 3, ¶ 3]

On *July 13, 2007,* [***Court Doc. No. 86, Exhibit "A" Hobbs, Doc. 144, Hobbs's Special Report***] Defendant William D. Hobbs, stated under oath and on <u>personal knowledge</u> in his Answer and Supplemental Special Report as follows:

> "In order for a hernia to be repaired, the hernia must meet a certain Protocol <u>required by the Alabama Department of Corrections</u>. The protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum. Mr. Breach does not meet this protocol and his hernia is easily reduced . . . . " [***Id. at 4, ¶ 1, see also, Court Doc. No. 86-2, Exhibit A to the July 13, 2007 PHS Defendants' Supplemental Special Report (July 13, 2007 Affidavit of William Hobbs at 2-3, Report and Recommendation Doc. No. 193***]

Plaintiff moves the Court for an order that the below inconsistent testimony submitted by William Hobbs be excluded in part because perhaps the only candid testimony Hobbs makes, reveals and demonstrates this argument and defense was orchestrated and argued throughout counsel's initial pleadings raising defendants defenses: William Hobbs ought not be allowed, to come back, change his story and

interfere egregiously nor recant he and counsel have already argued as their defense into

the Record for summary judgment purposes. *McCormick v. City of Fort Lauderdale*, 333

F.3d 1234, 1240 n.7 (11th Cir. 2003)("Under the law of this Circuit, we may disregard an

affidavit submitted solely for the purpose of opposing a motion for summary judgment

when that affidavit is directly contradicted by deposition testimony.");

*Court Doc. No. 518 at 3-4*, defendant William Hobbs submitted another affidavit on

*March 10, 2008*, which is completely contradictive to arguments by counsel (*Doc. 86 at 7-8*)

in PHS's Special Report; and, Hobbs prior two (2) affidavits (*Doc. No's. 86, 144*) stating as

following:

> ". . . I have reviewed material that suggest the prospects of reviewing
> hernias under a standard of incarceration or one which is in danger of
> being incarcerated or into the scrotum, however, such material was not
> an official, required protocol from the ADOC place upon PHS
> physicians, such as myself." [Id.]

Plaintiff argues such contradictive testimony ought to be excluded as unreliable,

inconsistence testimony and a sham affidavit; because, it is apparent that Hobbs attempts

to recant his *July 13* and *September 12, 2007*, testimony and perhaps the only candid one he

makes, reveals the ADOC's Protocol; the very issue before the Court and proximate cause

to injury. However, Hobbs through counsel has attempted to change Hobbs's testimony:

such would also require that he change defenses raised in his Answer and Special Report,

converted for Summary Judgment. Such attempt would be unwarranted and would

evidence counsel's continued attempt to reap a tactical advantage over his opponent by

12

changing Hobbs story and counsel has not and cannot at this stage of the proceeding come back and change what already has been placed into the Record in his Special Report.

### A.    *William Hobbs Is Not Board Certified:*

It took 626 pleadings in this case for William Hobbs to come forward with the truth. He is not board certified in *any* area of medicine, nor is he a specialist. Hobbs has finally admitted that he has not held *any* Board certifications -- Hobbs has no specialty, nor did he have a specialty in medicine when he submitted extraordinary opinions pertaining to hernias; also, disagreeing with a license surgeon, opposing surgery.

This case will and does have a long laundry list of objections. For almost the past two years, the parties have engaged in protracted discovery disputes. Both sides initially adopted extreme and unreasonable positions; the plaintiffs asked for almost every tangible piece of information or property possessed by the defendants, and the defendants offered next to nothing and took several steps to delay discovery. In this case, however, the Magistrate Judge never attempted to resolve the parties' disputes and force the parties to meet somewhere in the middle of their respective extreme positions. As a result, what began as a relatively common discovery dispute quickly deteriorated into unbridled legal warfare.

[1]William Hobbs <u>admitted</u> that <u>he is not board certified</u> in the laundry lists of medical fields that he swore under oath he practices on <u>*April 10, 2008*</u>. **[Court Doc. No. 565, 603, 626]**

**Court Doc. No. 603**, William Hobbs admitted: "I <u>have</u> <u>not</u> <u>held</u> <u>any</u> Board certifications". [*Id.* ¶ 5 at 4]

Interesting, without Hobbs actually in the past nor present possessing any Board certifications; William Hobbs is not proficient, qualified nor board certified in either of the laundry lists of medical fields has professed to practice, e.g., (**Doc. # 566**) <u>Obstetrician and Gynecologist</u>, (OB/GNY) <u>General Surgery</u>, <u>General Practitioner</u>, <u>Family Medicine</u>, <u>General Medicine</u>, or <u>Emergency Medicine</u>, or qualified in hernia treatment or, any other specific area of medicine that he blatantly professed, basically lying to the court or, straight out disingenuous and the truth has finally come out: William Hobbs is not board certified in any specific area of medicine.  Hobbs being the defendant's treating physician, argued against plaintiff's treating physician Dr. John A. Tassin, M.D., and a Surgeon in this case without board certification.

**Court Doc. No. 626**, after reaching **Doc. #626**, pleadings, and discovery battles, William Hobbs has finally decided to tell the truth:

"(iii)  **I am not board certified**. [Id.]

---

[1]  **Court Doc. No. 565**, the Court will notice that William Hobbs has provided a laundry lists of at least five (5) different areas of medicine he professed to have been practicing. OB/GYN, Family Medicine, General Practitioner, Emergency Medicine, Hernia Repairs, a/k/a/. Surgeon, *excreta*. But, Hobbs admitted he has not held ANY Board certifications.  How can a physician practice OB/GYN and Hernia Repairs without any Board certification?  It is outright unbelievable.

*[See, Court Doc. No. 603]*

"5.     **"I have not held any Board certifications". [Id.]**

William Hobbs has stepped beyond his qualifications in this case attempting to treat, and proscribe, especially proffer medical opinions in the shoes of an expert pertaining to surgery. *Rule 701(c) & 702,* Fed.R.Evid.

William Hobbs does not have the qualifications to render his opinions as reliable and connected to specialized knowledge and scientific date. In order for the Court to find that Hobbs's opinion testimony is reliable and connected to specialized knowledge or medical data, this court will have to take a leap of faith and rely on William Hobbs's *ipse dixit* and assurance that his testimony is based on nationally accepted standard. Reliance on naked assurances of the purported testimony is exactly with the Eleventh Circuit in <u>Cook</u> and <u>McClain</u> warned against. ***Cook ex rel. Estate of Tessier v. Sheriff of Monroe County***, 402 F.3d 1092, 1113 (11th Cir. 2005); ***McClain v. Metabolife International, Inc.***, 401 F.3d 1233, 1244 (11th Cir. 2005); ***Kumho Tire Co. Ltd. v. Carmichael***, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed. 2d 238 (1999) ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993).

William Hobbs <u>is not, board certified.</u>    He is definitely not certified with the American Board of Surgery as a specialist in general surgery. Defendant William Hobbs is not, a specialist in any area of medicine. It is very likely that William Hobbs has lied. Also, it is likely he has not, legally, nor ethically, repaired a hernia in a surgery room --

because he admits he has not held any Board certifications: evidence is in the Record, William Hobbs did so, poured "sugar" into Inmate Jackie Morrow's stomach, attempting to perform surgery, without any board certification, and resulted into Jackie Morrow undergoing six (6) additional free-world corrective surgery. [See, **Court Doc. No. 204 & 555. Aff'd Jackie Morrow**]

Hobbs is not trained and experienced in the specific area of medicine in question, *i.e.*, hernia repair. (ii) Hobbs is not certified by any appropriate American board; (iii) Hobbs is not trained and experienced in the same discipline or school of practice; (iv) Hobbs was not practicing in the specialty during the year preceding the date that the alleged breach of the standard of care occurred. § 6-5-548 ex seq., Code of Alabama, 1975.

### III.

### WILLIAM HOBBS IS INCONSISTENT IN SETTING FORTH HIS OWN SYNOPSIS OF HIS EDUCATIONAL BACKGROUND AND TRAINING

Inherent inconsistent testimony has been recognized in this Court as a" sham" affidavit. See, **Porterfield v. Flowers Baking Co. of Opelika, L.L.C.,** 2007 U.S. Dist. LEXIS 92257 Civil Action No. 2:05-cv-937-MEF-(WO), December 12, 2007, (Fuller, J); **Thomas v. Ala.Counsel on Human Rels., Inc.**, 248 F. Supp. 2d 1105 (M.D. Ala. 2005)(Fuller, J.)

Before going into further arguments, this court also ought to review Hobbs inconsistently in his own education, training and experience submitted to this court.

On *April 10, 2008*, William Hobbs submitted his *Notice of Filing* in response to Court Order Doc. No. 556 and on *April 25, 2008*, Hobbs submitted another affidavit in response to Court Orders No. 585, 593, [**Court Doc. No. 626**]

**Court Doc. No. 626**, does not fully correspond with Hobbs *April 10, 2008*, affidavit. William Hobbs forgot to maintain consistent testimony and is challenged as unreliable testimony.

First and foremost, this court directed Hobbs to: (i) identify the institution of higher education where he obtained his medical degree, (ii) those states/countries in which he obtained a medical license, and (iii) any board certifications he has received. [**Court Order No. 585**]

**Court Doc. No. 626**, William Hobbs, Hobbs did not, either produce or identify his medical license in the following countries as he stated on *April 10, 2008*.

   a.    **Haiti, Belize, Jamaica and Cuba or Chicago Illinois.**

Four (4) additional countries and one (1) City, Chicago Illinois, Hobbs did not even mention as he stated in his two (2) week prior testimony and Hobbs failed to produce those medical license for Montana, Haiti, Belize, Jamaica and Cuba. Matter of fact, Hobbs did not even further allege that he practiced medicine in these countries.

   a.    "In 1981, I did Emergency Training at Cook County in Chicago, Illinois.

b.    From 1985 thru 1995, I practiced general medicine in Haiti, Belize, Jamaica, and Cuba. [Id.][2]

Interesting, plaintiff has evidence that recently William Hobbs submitted an affidavit in a civil action alleging without board certification training in emergency medicine, trauma surgery and critical care medicine. He demonstrates a pattern of submitting affidavits, opinions as <u>testimony without any board certification.</u>

<div align="center">

*IV.*

**HOBBS'S MARCH 10, 2008 INCONSISTENT TESTIMONY OUGHT TO BE STRICKEN. [Court Doc. No. 518]**

</div>

Plaintiff objects to Hobbs *March 10, 2008,* inconsistent testimony. Plaintiff argues that counsel in his pleading entered Hobbs's testimony into his pleadings and defense in this case. Plaintiff argues that this court ought not to consider inconsistent testimony at summary judgment, which completely contradictive to arguments by counsel (*Doc. 86* at 7-8) and Hobbs prior two (2) affidavits (*Doc. No's. 86, 144*) stating as following:

> ". . . I have reviewed material that suggest the prospects of reviewing hernias under a standard of incarceration or one which is in danger of being incarcerated or into the scrotum, however, such material was not an official, required protocol from the ADOC place upon PHS physicians, such as myself." [**Doc. 518 at 3-4**]

---

[2] The Court will note that Hobbs also changed his story pertaining to the areas of practice See, *Doc. 626, 603, & 565.* Hobbs did not state the areas he first claimed to practice medicine. He basically only left OB/GYN is contradictive testimony and shaky unreliable testimony.

### *ARGUMENT / MEMORANDUM AT LAW / POINTS ON AUTHORITY*

U.S. Chief District Judge, <u>Mark E. Fuller, J.</u>, stating in ***Porterfield v. Flower Baking Co. Of Opelika, L.L.C.,*** 2007 U.S. Dist. LEXIS 92257 Civil Action No. 2:05-cv-937-MEF (WO), <u>*December 12, 2007,*</u> is on points to a finding of "inherent contradiction" The Court stated: a "sham affidavit" concept arises when there is a clear inconsistency between factual assertions in an affidavit submitted in conjunction with a motion for summary judgment and prior deposition testimony. [Id.] The Eleventh Circuit has developed a standard by which to determine when certain testimony's contradictory nature renders it inappropriate for consideration as creating a genuine issue of material fact. In this circuit, "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." ***Van T. Junkins & Assocs., Inc. v, U.S. Indus., Inc.,*** 736 F.2d 656, 657 (11th Cir. 1984). Before disregarding an affidavit, therefore, a court must find some inherent inconsistency between the affidavit and deposition. ***Rollins v. TechSouth, Inc.***, 833 F.2d 1525, 1530 (11th Cir. 1987). It is the inherent inconsistency, which renders the subsequent affidavit a "sham." See ***Van T. Junkins,*** 736 F.2d at 657.

[3]The "sham" issue here is a subtle one. Reconciling William Hobbs's testimony in the most favorable light for purposes of summary judgment, Hobbs testified on *July 13, 2007,* and *September 12, 2007,* [*Court Doc. No. 86 & 144*] through counsel's pleading that the ADOC has a protocol, what the protocol states, and that plaintiff did not meet the protocol – Hobbs even stated that if plaintiff met the protocol he would have surgery. [Id].

Federal Rule of Civil Procedure 56(e) makes it plain that affidavits submitted in . . . a motion for summary judgment, such as the affidavit at issue here, shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. See, e.g., Story *v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). Accord, Leigh *v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000). Affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, if an affidavit contains some improper material, the court need not strike the entire affidavit; rather it may strike or disregard the improper portions and consider the remainder of the affidavit. Id. at p. 1334 n.2.

---

[3] *Court Doc. No. 303,* plaintiff attempted to conduct deposition for purposes of contradictive testimony on Hobbs. The court denied plaintiff an opportunity to conduct depositions.

One issue raised commonly in motions to strike all or part of an affidavit is the "sham affidavit" concept, which arises when there is a clear inconsistency between factual assertions in an affidavit submitted in conjunction with a motion for summary judgment and prior deposition testimony. A district court addressing conflicting affidavits and depositions when ruling on a motion for summary judgment must be mindful of two competing policies. On the one hand, there is the purpose of summary judgment which is to "separate real, genuine issues from those which are formal or pretended." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986), reh'g denied, 815 F.2d 66 (11th Cir. 1987). The rule is needed to "spare the party requesting summary judgment the needless pain and costs of a law suit when a party's prior statements show no factual dispute exists." *Tippens*, 805 F.2d at 955 (Hill, J., specially concurring).

Given these competing policies, the Eleventh Circuit has developed a standard by which to determine when the contradictory nature of testimony renders that testimony inappropriate for consideration as creating a genuine issue of material fact. In this circuit, "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v, U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Therefore, before disregarding an affidavit, a court must find some inherent

inconsistency between the affidavit and deposition. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). <u>Id.</u> 248 F. Supp. 2d at 1113.

It is the inherent inconsistency, which renders the subsequent affidavit a "sham." See *Van T. Junkins & Assocs., Inc.*, 736 F.2d at 657.

Once a court has found that the <u>party is attempting to create an issue of fact by offering a "sham" affidavit</u>, the interest in <u>preventing parties from having to proceed</u> when there is no real issue of fact outweighs the interest in allowing the fact-finder to weigh issues of credibility at trial. Holding to the contrary would mean that plaintiff's could "thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions." *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). <u>Thus, portions of affidavits which are clearly inconsistent with prior deposition testimony are due to be stricken.</u> See, e.g., Rice **v. Barnes,** 149 F. Supp.2d 1297, 1300 (M.D. Ala. 2001). *Porterfield,* supra.

As the court reviews Hobbs's affidavit it ought to lead to the conclusion that it contains legal conclusions and other conclusory statements, the proper factual predicate for which is wholly absent from the affidavit. Defendant's affidavit also contains what appears to be hearsay and/or double hearsay which would not be admissible at trial. The Court ought to be convinced that portions of the affidavit directly conflict with Defendant and counsel's prior, unambiguous, sworn, testimony and defenses raised in their Special Report. **(Doc. 86 & 144)** Furthermore, Defendant and counsel failed to attempt to provide

specifics such as dates or even approximate time periods which might have assisted the Court in its analysis as to whether Hobbs made a "mistake". It ought to be clear that counsel did not make a "mistake" in this <u>July 2007 Special Report</u> (**Doc. 86 and 144**) pounding on Hobbs's statements into the Record as a part of his pleadings and defenses. Once ADOC and CMS deny that they have a protocol, then counsel and Hobbs decide to change their story, ought to be improper.

The admissions by William Hobbs be taken as established facts Hobbs's statements constitutes an admission by party opponent, pursuant to *Federal Rule of Evidence* <u>801(2)</u> and therefore is admissible. **[Court Doc. No. 86 & 144]**

Pursuant to <u>*Rule 801* of the Federal Rules of Evidence permits the admission of statements offered against a party that is the party's own statement in either an individual or representative capacity.</u> *See Fed.R.Evid.* <u>801(d) (2) (A).</u> *Fed.R.Evid.* <u>801(d) (2) (D)</u> (admission by party opponent does not constitute hearsay); *Fed.R.Evid.* <u>806</u> (hearsay exception for purposes of impeachment).

In further support Plaintiff argues the evidence at issue would likely be admissible at trial. *See e.g.,* 31 *Charles Alan Wright & Victor James Gold, Federal Practice & Procedure* 7105 (2000) ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request."); F.R.E. 803(6) (hearsay exception for business record); *Fed.R.Evid.* <u>801(d) (2) (D)</u> (admission by party opponent

does not constitute hearsay); *Fed.R.Evid.* 806 (hearsay exception for purposes of impeachment).

Fed. R. Evid. *801(d) (2) (D)* provides, in pertinent part, as follows: Statements, which are not hearsay. A statement is not hearsay if (2) Admission by party-opponent. The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

**WHEREFORE, premises considered,** plaintiff moves this court not to consider William Hobbs's statement **Court Doc. No. 518 at 3-4** affidavit as contradictive and unreliable.

Done this 17th Day May 2008.

Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama  35749

24

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this 19th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®

Marcellus Breach

USA FIRST-CLASS FOREVER

AL PM 86057

PM PM

HUNTSVILLE AL 358
2008
19 MAY

HUNTSVILLE AL 358
2008
19 MAY

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL
36101-0711