IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-1133-MEF |
| ) | |
| PRISON HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

In the document filed on May 21, 2008 (Court Doc. No. 659 at 10-16), the plaintiff requests that the court strike from consideration that portion of the March 6, 2008 affidavit of defendant William Hobbs (Court Doc. No. 518 at 3-4) which contradicts prior affidavits regarding a treatment protocol for inmate hernias allegedly required by the Alabama Department of Corrections. The court therefore construes this portion of the current document to contain a motion to strike.

The July 13, 2007 affidavit of defendant Hobbs attributed "a certain Protocol" for the treatment of inmate hernias to the Alabama Department of Corrections. *Court Doc. No. 86-2* at 5. Hobbs declared "[t]he protocol states that the hernia must be incarcerated or in danger of becoming incarcerated or into the scrotum" for an inmate to be eligible for surgical repair of the hernia. *Id.* In his September 17, 2007 affidavit, Hobbs reiterated his belief that the treatment of inmate hernias was governed by the aforementioned protocol. *Court Doc. No. 144-3* at 4. However, in a March 6, 2008 affidavit, although Hobbs

acknowledged his previous statements regarding a hernia treatment protocol, he stated his review of the material from which he believed the protocol arose revealed that "such material was not an official, required protocol from the ADOC placed upon [treating] physicians...." *Court Doc. No. 518* at 3-4. Hobbs further explained any prior "implication to the contrary was simply a mistake." *Id*. at 4.

The clarification made by Hobbs in his March 6, 2008 affidavit does not constitute improper material. Moreover, Hobbs presents a clear and plausible explanation for his contradictory statements, i.e., materials provided to him by correctional officials suggested a course of treatment for inmate hernias but did not require such course of treatment and he did not become aware of the advisory nature of the materials until thorough review thereof in preparing responses to plaintiff's discovery requests. Thus, the court concludes that the March 6, 2008 affidavit is not a sham affidavit. Accordingly, it is

ORDERED that the motion to strike filed by the plaintiff on May 21, 2008 be and is hereby DENIED.

Done this 22nd day of May, 2008.

                                          /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE