IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH, #160710,

    Plaintiff,

Vs.

                                        CASE NO: 2:06-CV-1133-MEF

PRISON HEALTH SERVICES, INC.,

    Defendants.

## PLAINTIFF'S REQUEST TO CLARIFY FACTUAL ISSUES STATED IN PLAINTIFF'S NOTICE OF OBJECTIONS [Court Doc. No. 634 & 636]

[1]*COMES NOW*, the Plaintiff *Marcellus Breach* (hereinafter "Plaintiff) in proper person "Pro Se," request unto the Court, leave to atone and clarify statements presented as facts pertaining to defendant William Hobbs; and, request to correct said statements made by the Plaintiff in his Objections and in further support of his Objections. Plaintiff states such is necessary because Plaintiff does not want to appear to state statements that are not true to any party in this action nor, to the Magistrate Judge. However, the truth of the matters stated in which Plaintiff has just recently confirmed; therefore, it is very important that this Court have the facts based on Plaintiff's best interest and belief. In further support of Plaintiff's Objections, Plaintiff maintains that Discovery is warranted because defendant William Hobbs has been unsuccessful in suppressing the truth

---

[1] Attachment, Exhibit "A" William Hobbs's Affidavit and his synopsis. Doc. No. 566.

regarding his long history of disciplinary action taken upon him by several Medical Boards of Examiners, in several States. Since Hobbs does not want to explain to the Magistrate Judge why he has been moving around from state to state, county to country; Plaintiff will attempt to explain why and can support his assertions with certified documentations.

### FACTS:

1. On *May 8, 2008*, Plaintiff submitted two (2) documents entitled: Plaintiff's Written Objections To Discovery Request Propounded Upon Defendant William D. Hobbs, **[Court Doc. No. 226]** Request For Sanctions. **[Court Doc. No. 634]**

2. Also, on *May 8, 2008,* Plaintiff submitted a second set of Objection pertaining to Discovery request propounded upon defendant William Hobbs. *[Court Doc. No. 636]*

3. Plaintiff complained that the Magistrate Judge should have Compelled William Hobbs to answer Plaintiff's discovery request.

I.

### PLAINTIFF'S REQUEST TO CORRECT STATEMENTS MADE BY HIM IN REGARDS TO WILLIAM HOBBS ALABAMA MEDICAL LICENSE

*Court Doc. No. 363*, Plaintiff request to correct statements made in error on part of the Plaintiff. Plaintiff alleged and supported his allegations that defendant William Hobbs's Alabama medical license were in fact expired as of *December 31, 2006*.

Plaintiff based his position and supported his position with certified documentation from the Probate Judge for Limestone County, Alabama. *[Court Doc. No.*

2

*606]* However, *Court Doc. No's.: 603 & 626,* demonstrate that William Hobbs does in fact possess a valid Alabama medical license.

Plaintiff moves to withdraw his assertions pertaining to this direct, specific issue that William Hobbs did not posses a valid Alabama medical license based on *erroneous* information supplied to him from the Office of the Probate Court for Limestone County, Alabama. However, William Hobbs did not register his current medical license as required by Alabama law and such expired license was the only license on file with the Probate Court. Plaintiff moves to withdraw this assertion from review as a part of the facts stated in his Objections.

Furthermore, out of respect for the Magistrate Judge, Plaintiff request that the Court overlook Plaintiff's frustration, and withdraw his incorrect assertion that the Magistrate Judge appeared to Plaintiff "To Be Representing Defendants". Plaintiff finds it most upsetting to be <u>left in physical pain</u> because the prison doctors have a long history of being drug addicts or, have a history of drug abuse and attempt to act as if they are a god, and not capable of being human. However, their long history of mistakes and drug abuse is now debunked.

II.

**DISCOVERY REQUEST OUGHT TO BE COMPELLED AND ANSWERED
NEWLY DISCOVERED EVIDENCE**

Plaintiff moves this Court to Order defendant William Hobbs to answer each of Plaintiff's request for Interrogatories, Production of documents, and Admissions *[Court*

3

*Doc. No. 226 & 314]* for good cause because Plaintiff has complained numerous of times to the Magistrate Judge concerning defendants continued abuse to state misrepresentation of facts, fraud, and dishonesty. Plaintiff has documentation that William Hobbs is not, never has been, what he has professed to the Magistrate Judge in his <u>April 11, 2008,</u> written synopsis. *[Court Doc. No. 566]* and *[Court Doc. No. 603]* wherein, the Court will find a continued <u>inherited contradictive testimony</u>. William Hobbs cannot tell the truth, seems he is incapable, and he has not been truthful to the Magistrate Judge regarding his education, training and medical qualifications, and experience in hernia repairs.

POINT "A"

**WILLIAM HOBBS HAS ADMITTED HE HAS NOT HELD ANY BOARD CERTIFICATIONS / MEANING HE WAS NOT A LICENSE OBSTETRICIAN AND GYNECOLOGIST (OB/GYN)**

If this Court will take <u>*Judicial Notice*</u> to William Hobbs's submitted synopsis of his education background, training and experience in the treatment of hernias: (**Doc. #566**) Plaintiff will clearly debunk Hobbs as not being truthful and Hobbs did not explain his problems he has had in several States with Medical Boards. *Exhibit "A"*

[2]Plaintiff has presented evidence to the Magistrate Judge that defendant <u>*Dr. Michael Edwards Robbins, M.D.,*</u> the Medical Director for defendants has a long history of drug abuse, and alcohol abuse. *[Court Doc. No. 654]*

---

[2]   It has taken over 600 documents in this case to hunt down, investigate the truth. Hobbs is not Board certified. **Doc. # 603, 626**, Robbins has a history of drug abused. Doc. #656. Now, the Montana Board

4

Dr. Robbins's Alabama medical license have several times been suspended, revoked, restricted because one, of his drug addiction. The Magistrate Judge denied discovery, which plaintiff discovery request were designed and addressed the very issues now complained -- the truth to the light.

In regards to defendant William Hobbs, [**Court Doc. No. 566**], the Court will find a laundry list of purported medical practices he erroneously professed and Plaintiff has been unable to successfully uncover or confirm his assertions: Hobbs alleged he "Practiced" "OB/GYN, Family Medicine, Emergency Medicine, Emergency Training, General Medicine, Family Practice, General Practitioner.

William Hobbs appears as an extraordinary doctor who based on his claimed practices, Plaintiff finds it absolutely unbelievable that he would be a "prison doctor" based on his asserted qualifications. Plaintiff found that investigation was warranted because he found it uncommon for a prison doctor to have eight (8) different specific areas of practice as Hobbs professed and swore under Oath he practiced. [Id]

Plaintiff has evidence that this is in fact a lie!

Plaintiff has not found one document with the Michigan, Montana, Canada, Tennessee, Texas, Illinois, State Board of Medical Licensure and Examiners that could reasonably, possibly, confirm Hobbs "Practiced" OB/GYN, Family medicine, Emergency

---

of Medical Examiners for several violations including drug abuse mental and psychological problems also found Hobbs guilty.

5

Medicine and the other four (4) areas of practice; not limited to "Trauma Surgery" that Plaintiff has evidence Hobbs asserted in another State Court. This is very interesting.

Hobbs never once obtained Board certification, nor a Michigan medical license in any of these areas; maybe, family medicine.

Hobbs is and has been a basic medical doctor, unqualified to perform surgery, unqualified in several areas of medicine he professed. As a matter of fact, on <u>August 22, 2005</u>, William Hobbs was issued a License Type: Medical Doctor. Not a OB/GYN, nor Family medicine, nor Emergency medicine from the <u>State of Michigan, Department of Community Health in Lansing Michigan.</u> Hobbs is debunked as being untruthful again.

[3]First, William Hobbs admitted that he has not held any Board certifications. (**Doc. 603 & 626**) **But he claims to have experience repairing Hernias – how, without training in Surgery? This just doesn't add up!**

William Hobbs stated: (**Doc. # 566**) on page 2 of his Affidavit: **Exhibit "A"**.

"During 1980, I **practiced** OB/GYN, family medicine, and emergency medicine in Michigan."[Id.]

"From 1983 thru 1985, I **continued to practice** OB/GYN and emergency medicine in Miles City, Montana." [Id.]

From 1995 thru 1998, I **practiced** general medicine in Haiti, Belize, Jamaica and Cuba. [Id.]

From 1998 thru 2003, I **practiced** at Outreach Clinic in Guyana, South American. [Id.]

---

[3] Whenever this Court feels that an Evidentiary Hearing is warranted. Plaintiff stands ready.

From 2003 thru 20004, I did a Family Practice Residency in New Brunswick, Canada. [Id.]

From 2004 thru 2006, I was a general practitioner in New Brunswick, Canada." [Id.]

**Court Doc. No. 603** and **626,** Hobbs limits his so called practices and Plaintiff has evidence that will demonstrated that Hobbs is debunked and has not been truthful to the Magistrate Judge.

Dr. Robbins and Hobbs have Records that will clearly show they both have had, or perhaps are still using drugs and abusing alcohol because of their history of an inability to abstain from drug and alcohol abuse and have been ordered by the appropriate Boards to undergo treatment.

These are the very doctors who proffered opinions in this case; opposing the only cure to alleviate Plaintiff's pain and they attempt to hold themselves out as Experts.

*Secondly,* according to the *"The Federation of State Medical Boards of the United States, Inc.," July 29, 2005,* William Hobbs's Montana medical licenses were <u>revoked,</u> DHHS declared him revoked as "<u>Indefinite</u>". Montana Board of Medical Examiners then reinstated his license in 1994.

*Third,* William Hobbs, <u>Montana Medical License No. 5254:</u> *<u>The Board of Medical Examiners, Department of Commerce, State of Montana, Docket No. CC-94-44-MD</u>,* did so, under Montana Law, Sections 37-3-323(1) and (2), Montana Code Annotated: Declared

7

and found William Hobbs guilty, by his own Admissions and surrendered his Montana medical license under Section 37-3-322, MCA, "unprofessional conduct" which includes:

> "(6)   Willful disobedience of: . . . (b) an order of the board regarding evaluation . . . ;
>
> "(11)  Habitual <u>intemperance or excessive use of addictive drugs</u>, alcohol or any other drug or substance to the extent that the use impairs the user physically or mentally; . . .
>
> "(31)  any other act, whether specifically enumerated or not, that, in fact, constitutes unprofessional conduct."

The Board found and had reason to believe and take action against William Hobbs and declared that William Hobbs was in fact, mentally or physically unable to safely engage in the practice of medicine, for reasons of mental or physical illness, <u>chemical dependency,</u> or both, or may have engaged in unprofessional conduct."

The Montana Board of Examiners on *April 19, 1994,* Ordered William Hobbs to submit to a complete mental and physical evaluation, including but not limited to complete physical, psychiatric, psychological and <u>chemical dependency</u> evaluation at one of the following facilities:  Talbott-Marsh Recovery Center, Atlanta Ga., Spring brook Institute, Newbury OR., Palmetto Clinic, Rayville, LA.

The Board also, investigated, and had probable cause to believe that William Hobbs procured his license to <u>practice medicine by fraud or misrepresentation</u> or through mistake. Section 37-3-323(1)(2)(a)(b), Montana Code Annotated.

8

William Hobbs did so, admit, on *April 21, 1994,*: "He is mentally or physically unable to safely engage in the practice of medicine at [that] time, and has a condition which incapacitates him at [that] time for the safe performance of professional duties." William Hobbs's Montana medical license were than "restricted" because William Hobbs could not comply with the Boards instructions to undergo mental and physically evaluations.

Plaintiff has information and belief, since William Hobbs stated in his Affidavit stated: **From "1985 thru 1995, I practiced OB/GYN and emergency medicine in Miles City, Montana."** Plaintiff has information and belief that this is not totally correct. On *July 29, 2005*, William Hobbs's Montana medical license were in fact "Inactive" due to disciplinary action taken against him and it is unclear because the Board of Medical Examiners for Montana state that such verification is accurate for all disciplinary actions, which occurred after *July 1, 1996*.

In regards to New Brunswick, Canada William Hobbs stated:

"From 2003 thru 2004, I did a Family Practice in New Brunswick, Canada." [Id.]

*August 5, 2005*, the *College of Physician and Surgeons of New Brunswick*, documented on *July 29, 2005*, that William Hobbs "This physician is not licensed at this time".

William Hobbs professed that he practiced OB/GYN and Family medicine and Emergency medicine in Michigan. He even stated that he has extensive experience in repairing hernias. [Id]

9

*The Department of Community Health, State of Michigan* has held that William Hobbs License No. 4301040535 was issued as only a "Medical Doctor" license. He has neither board certification nor any license on file as an OB/GYN, and the other areas of practice, except a general doctor with the *Michigan Board of Medicine, Verification of Licensure* as of 8/16/2005.

Interesting, Hobbs swore under Oath the " During 1980, "I **practiced** OB/GYN, family medicine, and emergency medicine in Michigan." [Id.] Hobbs didn't legally practice OB/GYN as far as the evidence Plaintiff has from the Board in Michigan.

Michigan Records reflect that on 3/15/1995 and 4/14/1995 William Hobbs received Disciplinary action and was reprimanded by the Board in Michigan. More interesting, on *September 1, 2005*, in regards to William Hobbs, the *State of Michigan, Department of Community Health, Board* of Medicine License No. 430104535, expiration date 1/31/2008 was declared **"VOID"**. **Hobbs may have had his Michigan license reinstated. But, they were declared "Void" and still may be Void. Plaintiff does not know.**

Without going further, William Hobbs offered an opinion in the shoes of an expert when there is absolutely no documentation available on record that he has <u>ever</u> been licensed to perform surgery, or license as an OB/GYN as he professed in the State of Michigan. Clearly Hobbs has lied about his areas of "practice" and he does not have experience documented as ever repairing a Hernia. Morethanless, Plaintiff challenges

*Peer Review* that Hobbs <u>back up is opinion and treatment pertaining to hernias,</u> *i.e.*, issue a truss and some Motrin tell Plaintiff to just lay down is unconstitutional and challenged.

Plaintiff has evidence, and whenever this Court feels to require an evidentiary hearing, plaintiff is ready. Plaintiff has evidence that Hobbs again, submitted an Affidavit to another court, that he was practicing "<u>Trauma Surgery</u>". Plaintiff states, Hobbs is a <u>jack-of-all-trades</u>, and a <u>master-of-none</u>! There is not one document recovered that could reasonably support his false practices, especially, OB/GYN and never certified in Trauma Surgery, nor is there any Records that Plaintiff could retrieve in his investigation, that could possibly confirm such blatant lies.

## *CONCLUSION*

William Hobbs failed his Federation of State Medical Boards examination, "SPEX" in Alabama <u>October 12, 2005,</u> <u>December 27, 2005,</u> and on <u>February 28, 2006,</u> William Hobbs barely passed the SPEX examine with a barely passing score of "77." The minimum score to pass the SPEX in Alabama is a 75. Hobbs is a genius.

The truth about Hobbs is. He is not, never has been a licensed nor Board certified OB/GYN physician; and only participated in Internship and Residency from 1976 thru 1979 in Michigan. He stated "I **practiced OB/GYN**" is a blatant lie and perjury. Plaintiff has not as of <u>May 19, 2008,</u> been able to locate one document in several States, and Plaintiff has looked under many rocks, including through Federal Agencies that could possibly confirm the long historic lies Hobbs has told the Magistrate Judge.

Next, Hobbs has never once, obtained a medical license to "Practice" Trauma Surgery, Hernia Repair, OB/GYN and the many false areas he has professed. Plaintiff has undefeatable evidence that from `1/1976 to 12/1979 William Hobbs only participated in Internship and Residency in OB/GYN at <u>One Hurley Plaza, Flint Michigan</u>. What and when, did he actually, practice OB/GYN with a Michigan medical license and Michigan Board certification?

Also, 10/2003 to 3/2004 Hobbs did Residency in Family Medicine at <u>Saint John Regional Hospital, 400 University Ave., Saint John, New Brunswick, Canada.</u>. When did he "practice" Family Medicine as he professed he "practiced"?

Records show Hobbs only did "Residency Training" from 10/2003 to 3/2004 at Saint John Hospital, in Brunswick, Canada. He did not become Board certified and how did he practice when he was in his training and without a medical license in Family Medicine?

Hobbs has done no more than "Residency Training". Plaintiff has not found any Records of his practice of "Emergency medicine, Family medicine OB/GYN, Emergency medicine, and more specifically, plaintiff has not found such Records that Hobbs has or had a license to perform surgery, and licensed to repair a Hernia.

Plaintiff has not found any Records that could demonstrate that Hobbs legally perform and repaired a Hernia. But, he decided to disagree with plaintiff physician, a

12

Surgeon to the Magistrate Judge that Plaintiff does not need surgery, when he is absolutely not licensed, nor trained nor experienced in Hernia repairs.

If Hobbs did so practice medicine in several of these other Countries listed, Guyana, South America, Hobbs contradicts himself or lied-to-lied to the Alabama Board of Licensure Commission, because he stated he did "Independent Study While awaiting approval of his work permit for Canada". Where is his medical license for Guyana, South American that he professed to "practiced" medicine, and the other long lists of Countries he said he "practiced".

### RELIEF

**WHEREFORE, *premises considered*,** at any time that this Court request additional information, Plaintiff stands ready. Plaintiff requests that this Court Sustain his Objections and Order William Hobbs to answer Plaintiff's Discovery request.

Done this 20th Day May 2008.

/s/ Marcellus Breach
Marcellus Breach 160710
Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama   35749

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY **that I have this 21st Day of April 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:**

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® _____
**Marcellus Breach**

HUNTSVILLE AL 358

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA  35749

Legal Corr

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA  36101-0711

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, (AIS # 160710) | * |
| Plaintiff, | * |
| V. | *   2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, et al., | * |
| Defendants. | * |

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM D. HOBBS, M.D.

BEFORE ME, _Anna Talley_, a notary public in and for said County and State, personally appeared WILLIAM D. HOBBS, M.D., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

In response to the Order on Motion (document 556), the following is a list of my education, training, and experience in the medical field:

- From 1962 thru 1965, I was involved in a Diploma Program, RN Degree in Flint, Michigan.

- I served in Vietnam from 1966 to 1968.

- From 1969 thru 1970, I attended Central Michigan University in Mt. Pleasant, Michigan and received my Bachelor of Science Degree.

- From 1970 thru 1972, I did a Graduate Study at Central Michigan University in Mt. Pleasant, Michigan.

- From 1972 thru 1975, I attended Medical School at Michigan State University in East Lansing, Michigan.

- From 1975 thru 1979, I did my Internship and Residency in OB/GYN. (I have had major surgical privileges since 1977.) I have extensive training in abdominal surgery including hernia repairs (Ventral, Inguinal, and Femoral).

- During 1980, I practiced OB/GYN, family medicine, and emergency medicine in Michigan.

- In 1981, I did Emergency Training at Cook County in Chicago, Illinois.

- From 1982 thru 1985, I continued to practice OB/GYN, family medicine, and emergency medicine in Michigan.

- From 1985 thru 1995, I practiced OB/GYN and emergency medicine in Miles City, Montana.

- From 1995 thru 1998, I practiced general medicine in Haiti, Belize, Jamaica, and Cuba.

- From 1998 thru 2003, I practiced at Outreach Clinic in Guyana, South America.

- From 2003 thru 2004, I did a Family Practice Residency in New Brunswick, Canada.

- From 2004 thru 2006, I was a general practitioner in New Brunswick, Canada.

- During 2006, I also practiced at Correctional Facility in the State of Tennessee.

- I became a licensed physician in the State of Alabama in 2006 and practiced medicine at several correctional facilities in Alabama during that time. I have served as the Site Medical Director for Limestone Correctional Facility in Harvest, Alabama since October of 2006.

Further affiant sayeth not.

_____
WILLIAM D. HOBBS, M.D.


STATE OF ALABAMA      )
                      )
COUNTY OF Limestone   )


Sworn to and subscribed before me on this the __10th__ day of ~~March~~ April, 2008.

_____
Notary Public
My Commission Expires: 2-16-2010