## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### MIDDLE DIVISION

MARCELLUS BREACH, #160710,

      Plaintiff,

                       *    CASE NO: 2:06-CV-1133-MEF

Vs.

                       *

PRISON HEALTH SERVICES, INC.,

                       *

      Defendants.

### PLAINTIFF WRITTEN REQUEST TO FILE AN AMENDED OBJECTIONS IN FURTHER SUPPORT OF HIS WRITTEN OBJECTIONS [COURT DOC. NO. 635 & 637] DISCOVERY REQUEST PROPOUNDED ON DEFENDANT DR. MICHAEL E. ROBBINS, M.D.

**COMES NOW**, the Plaintiff _Marcellus Breach_ (hereinafter "Plaintiff") in proper person "Pro Se," request leave to file this "Amended Objection" in further support of his prior written objections before the Court pertaining to Discovery propounded upon defendant _Michael E. Robbins, M.D.,_ for good cause: In further support Plaintiff basis his objection on his recent newly discovered evidence.

1.     [1]**_Court Doc. No. 635_**, plaintiff submitted his written objection to discovery request propounded on defendant _Michael E. Robbins, M.D._, [**_Court Doc. No. 187_**] objecting to the Magistrate Judge's denial to compel answers to discovery request, [**Court Doc. No. 602].**

---

[1]  Robbins's past drug abuse demonstrates that he did not care about is own health. Robbins's alcohol abuse demonstrates he was reckless with his practice of medicine. How can a physician, who didn't even

1

2.      Plaintiff request that the Court take *"judicial notice"* to **Court Doc. No. 654**, the attached Exhibit will demonstrate that defendant Michael Edward Robbins, M.D., has a history of drug and alcohol abuse, and his Alabama medical license on several times has been "restricted, suspended, and revoked" by the Alabama Board of Medical Examiners, for not limited to, testing positive for drug abuse. [**Court Doc. No. 654, Exhibit "A"**]

3.      Plaintiff alleges that discovery is necessary, and was warranted because such question asked by plaintiff in his Interrogatories would have uncovered what has been suppressed as relevant discovery information pertaining to the reliability and qualifications of defendant Michael E. Robbins, who has purported himself out as an expert, denying the only cure that will alleviate plaintiff's pain, and his actions alone, are proximate cause to injury and a deteriorated health.   The question is, because of Robbins's past drug abuse, there is no guarantee that Robbins was not under some kind of mode altering drugs or alcohol at the very time his submitted his opinions  and this very physician undermines medicine, by abusing proscriptions drugs for his very on gain is unacceptable to society standards of care.

---

care about his own health and safety, care for others.  The Board of Medical Examiners declared him a danger to patient.
Because Robbins opposing the only cure for a Hernia, Plaintiff's health has deteriorated, and has been left in pain.  Robbins's reliability is questioned, because there is no guarantee he was not under alcohol or drugs when he wrote his opinions, and there is no evidence contrary.  He has a drug problem.

## ISSUE NO. 1

**Defendant's Numerous Boilerplate Objections To Plaintiff's Discovery Requests, Are Improper. Objections To Requests For Discovery Should Be "Plain Enough And Specific Enough So That The Court Can Understand In What Way The Interrogatories Are Alleged To Be Objectionable." See, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).**

Evidence must be relevant to be admissible. Relevant evidence is defined as "evidence having <u>any</u> tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Rule 401,* Fed. R. Evid.

[***Court Doc. No. 187***] is Plaintiff's Discovery request propounded on William Hobbs. Counsel's global objection to Interrogatory questions: # 1. – 24, is global plated and improper stating:

### [Court Doc. No. 340]

"Interrogatories:"

"1. -24. "This Defendant objects to this interrogatory on the ground that said question is immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence for the claims outlined by the Plaintiff." [Id. at 1]

**Plaintiff Interrogatory Questions 1. – 24, attached as an excerpt below are due to be answered. [Court Doc. No. 187]**

[Plaintiff's Interrogatories 10, (**Doc. 187**)]

### I.    INTERROGATORIES:

¶ 10.  Have you ever had **your medical licensed revoked, suspended**, or any action, investigation conducted by any Medical Board. If so, for each

complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, If yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); *specifically identify* the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s); your answer, response, in detail, to the allegation(s); the disposition of the accusation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

**Argument / *Introduction*:**

**YES!**    Robbins  did  not  answer  nor  address  his  Alabama  medical  license. Plaintiff conducted his own investigation and Robbins has a long history of deficient medical practices, explains why he is now employed as a "prison doctor".

*Michael Edward Robbins, M.D.,* has had his Alabama medical license Revoked.  This question is necessary, but there is overwhelming evidence that Robbins has in the past, refused to abstain from drugs. [*See, Court Doc. No. 654, Exhibit "A"*]

After only two (2) years after Robbins received his Alabama Medical License, in which upon information and belief Robbins obtained a limited, **restricted Alabama medical license** then, because of his history of drug abuse, Robbins's license then were in fact **suspension** to **probation** and finally declared "**Revoked,**" as he was declared, incompetent and a danger to patients in society because of his obdurate refusal to reframe from drugs.   How did Robbins obtain a certificate with the American Board of Internal Medicine when his medical license were in fact, "**Restricted**" in the State of Alabama?  Such simply is unlikely.

4

Next, when Robbins's Alabama medical license were in fact, declared "Revoked" he did so, and it is very likely, lost any and all, board certification with the American Board of Internal Medicine because he did not possess a medical license. The question is, when did he reapply and regained his Certification in Internal Medicine?   Robbins has been caught in lies!

The Court ought to be mindful.   William Hobbs finally admitted after 626 pleadings: "I have not held any Board certifications" **Doc. # 603-2.**   Hobbs stated, he has "not held ANY board certifications

[2]Plaintiff has not been able to locate any documents that would support Dr. Hobbs's' assertion that he "practiced" OB/GYN, Family Medicine, General Practitioner, Emergency Medicine, *ex certa,* status, and the other five (5) different areas of medicine he professed to practice.

Interesting, Robbins in this case, has agreed to medical opinions from Dr. Hobbs, who does not posses any Board certifications.  Secondly, Robbins never once told the court his Alabama medical license have been Revoked for reasons including drug abuse during the very time period he claimed to be in private practice.   These are the so-called "professionals" who have basically left plaintiff to endure pain, because of his untreated hernia that has enlarged.

---

[2]  Plaintiff has not been able to locate a physician who is license to practice OB/GYN and did not have Board certification in that area of medicine.   It is common understanding that OB/GYN is a specialty that would require Board certification.

1.    This Court ordered defendant Robbins to submit a true copy of his current Alabama medical license on or before _May 16, 2008,_ **[Court Doc, No. 618]**.  If defendant has complied with the court's order, plaintiff has not received a copy of his filing.

2.    On _April 11, 2008,_ Robbins submitted such an inconsistent synopsis, stating the he obtained his medical license before, he actually graduated from medical school, plaintiff objected **[Court Doc. No. 590]** and the court entered another Order upon Robbins providing him a second opportunity to clean up his story, and resubmit a new synopsis. **[Court Doc. No. 595]**

3.    Plaintiff can demonstrate through undefeatable evidence that defendant Michael Robbins has not been truthful; but disingenuous and maintains inconsistencies in his submitted synopsis pertaining to his medical practice and experiences.  First, on _April 24, 2008,_ this court directed Michael Robbins to resubmit the following: (i) the date he graduated from medical school, (ii) the institution of higher education from which he obtained his medical degree, (iii) the date he became certified in internal medicine, (iv) the date he first became licensed to practice medicine, (v) the date his initial license to practice medicine in the State of Alabama, and (vi) whether he is currently licensed to practice medicine in this state. **[Court Doc. No. 595]**   Plaintiff argues that past tense is not relevant to Robbins's qualifications, training, unless he was licensed, certified with the board of internal medicine, "during the year preceding the alleged breach of the standard of care.

3.    On _May 6, 2008_, Robbins complied with the directives of this court's order and resubmitted a second synopsis and boosted himself up as an expert in hernia treatment, but Robbins _forgot_ to explain to this court his contract with the Alabama Board of Medical Examiners to abstain from the use of _alcohol_, _narcotic_, _controlled substance_, or mood altering chemical, including but not limited to Stadol, Ultram, Tramadol, and Soma.

4.    Defendant Michael Edward Robbins, also forgot to tell this court that on _September 17_, and _October 3, 1997_, Dr. Robbins was tested **positive** for controlled substance abuse, Propoxphene. His primary care physician did not prescribe propoxyphene to him.

5.    On _March 16, 1998_, Dr. Robbins was abusing alcohol and maintaining a status as a "drunk," and his sponsor (who's name will not be revealed at this time), with an AA / NA therapeutic group in Mobile, Alabama was concerned of Robbins risk of committing suicide.

6.    Defendant Robbins did not tell this court that he was found guilty on several occasions before the Alabama Medical Licensure Commission for **immoral, unprofessional** or **dishonorable** conduct as defined in the rules and regulations of the Medical Licensure Commission of Alabama a violation of Ala. Code § 34-24-360 for a pattern of drug addiction and alcohol abuse. Robbins did so, lost of his Alabama medical licenses several times from **restricted practice, to probationary, to Revoked.**

## POINT "A"

**ROBBINS CLAIMED: -- From 1986 Robbins First Obtained His Alabama Medical License, and From 1989 thru 2002, Robbins Claimed He Was In Private Practice.**

1.    [?] Michael Robbins on *November 19, 1986,* was licensed to practice medicine in the State of Alabama with **restrictions,** having been issued license number 13101.  On <u>July 16, 1997,</u> Michael Robbins <u>admitted to his drug addiction,</u> and <u>alcohol abuse</u> and was tested <u>positive for drugs</u> on *October 3, 1997* , and found guilty of violating his agreement under **restricted practice** and was also, found guilty of illegally Distribution by prescribing, dispensing, furnishing, or supplying of controlled substances in violation of § 34-24-360, Code of Alabama, 1975.

2.    Robbins medical license were subsequently declared "Revoked" by the Alabama Licensure Commission.

3.    Robins after <u>*December 15, 1997*</u>, Defendant Michael Edward Robbins, Alabama **Medical License No.: 13101** were **"Revoked"**, he was not authorized to practice medicine in    Alabama,    but    he    claimed    he    was    in    "Private    Practice".

4.    On <u>*December 15, 1997*</u>, while Robbins supposedly was in "Private Practice", a Complaint was filed against him with the Alabama Medical Licensure Commission. Robbins again, admitted to "all" charges of violation of § 34-24-360(8), Code of Alabama,

---

[?]  Robbins has trouble providing the Magistrate Judge with accurate dates he received his "restricted" Alabama medical license.  Robbins stated he became licensed in Alabama in 1986 (**Doc. No. 566**) then Robbins stated he became licensed to practice in Alabama on July 1, 1981. Such is refuted: Robbins became licensed on November 19, 1986 some four (4) months difference.  Two years after he was revoked.   He obtained only a "restricted license".

1975 and the Commission again, Ordered Robbins to enter into a **substance abuse treatment program** at the Physician's Recovery Network of Alabama, and also to submit to additional random urine and/or blood specimens and undergo psychiatric treatment and/or counseling.

5.    On _May 19, 1998_, defendant Robbins was ordered to submit to random urine samples, and the **results** from his _September 17, 1997_ and _October 3, 1997_, drug test from Labcorp, **was positive** for: (i) controlled substance Propoxphyene. I.D. Number on both samples was 420824589.

6.    On _July 22, 1998_, defendant Michael Robbins agreed to undergo psychiatric treatment as a condition with the Medical Licensure Commission of Alabama and treatment for his continued drug abuse.

7.    On _May 6, 1999_, Robbins applied for reinstatement of his medical license and such was Denied by the Licensure Commission of Alabama.

8.    On _January 5, 2000_, defendant Michael Robbins "moved up" from a "**Revoked**" medical license, while he claimed to be in Private Practice, to a "**Probation**" status as he was reapplying for his medical license with the Alabama Medical Licensure Commission.

9.    Robbins's claims from 1989 thru 2002, he was in "Private Practice" is refuted by evidence that he was declared "**Revoked**" by the Commission.   His license was "Revoked" until _January 5, 2000_, then, he was on "**Probation**" for drug and alcohol abuse.

10.     *August 13, 2001* through *August 8, 2002,* Michael Robbins was on "**Probation**" and directed to act under a supervising physician.     Robbins swore under oath he was in "Private Practice".

11.     It wasn't until *December 22, 2004,* Robbins's probationary the Commission lifted restrictions, and from 2002 he was employed as Medical Director for PHS at Kilby Correctional Facility operating under a probationary medial license.

### CONCLUSION

Plaintiff request that this court order Robbins to produce his <u>current</u> "**Certificate of Registration / Certification**" with the *American Board of Internal Medicine*. Based on the drug history of Robbins, and it will be proven that Robbins's Alabama medical license were in fact, "**Revoked**" <u>during the time he stated he was in private practice;</u> evidence demonstrates such is probably another lie.

> *When did Robbins obtain his re-certification with the American Board of Internal Medicine? What year?   Production is requested.*

What is troublesome concerning Robbins, and Robbins has problems getting his story straight. ***Court Doc. No. 626,*** Robbins's most recent synopsis states that he became board certified in internal medicine on *September 13, 1989,* and first became licensed to practice medicine on *July 1, 1981*:  [Id.] finally, admits that he became licensed to practice medicine in the State of Alabama on *November 19, 1986.* [Id.]

***Court Doc. No. 566,*** Robbins synopsis is inaccurate.  Robbins stated:

"From 1989 thru 2002, I was in Private Practice (Internal Medicine). From 2002 thru present, I have been employed with Corrections-based practices. And, 1979, I became certified by the American Board of Internal Medicine." [Id.]

November 19, 1986, defendant Robbins obtained a "Restricted" medical license.

Within two (2) years later, March 24, 1998, his medical license became "Suspended" and

Michael Robbins was declared:

    *(i)*    Engaged in immoral, unprofessional or dishonorable conduct defined in the rules and regulation of the Medical Licensure Commission of Alabama, a violation of Ala. Code § 34-24-360(2);

    (ii)    Prescribed, dispensed, furnished, or supplied a controlled substance to himself for self-administration for reasons other than a legitimate medical purpose, a violation of Ala. Code § 34-24-360(8)(1975); and,

    (ii)    Unable to practice medicine with reasonable skill and safety to patients by reason of illness or excessive use of alcohol and Propoxyphene and/or other controlled substances and/or other drugs or as a result of any physical condition, a violation of Ala. Code § 34-24-360(19)(1975).

Robbins agreed to seek "After-Care Treatment" for abuse of alcohol, drugs, narcotics or controlled substances, on May 5, 1988. Robbins stated under "oath" that from 1989 thru 2002, he was in private practice, but he did not say that the Alabama State Board of Medical Examiners placed Restrictions on him.

Again, July 16, 1997, Robbins was reprimanded by the Alabama Board of Medical Examiners, for abuse of alcohol and narcotic, controlled substances, or mood altering chemicals, including but not limited to Stadol, Tltram, Tramadol, and Soma. Robbins

was ordered again to enter drug treatment with the Physicians Recovery Network of the Medical Association of the State of Alabama. His sponsors name was Tom Sapp and Kathyrn Cunningham, Jeff Zieman. Robbins, was once again was under "Restrictions" did not possess a valid medical license after *July 16, 1997*. Differently, Robbins stated in his *April 10, 2008,* Affidavit: From 1989 thru 2002, I was in Private Practice (Internal Medicine) **[Court Doc. No. 566]** but he didn't say anything about his private practice on **(Doc. # 626)** because the truth is, he was under **"Restrictions"** with the Medical Examiners of Alabama.

In 1999, Michael E. Robbins again, could not fulfill his obligations with the Board of Medical Examiners, and again failed to abstain from the use of narcotics, controlled substances, or mood altering chemicals as contained in his Voluntary Restriction on Certificate of Qualification to Practice Medicine.

*Daubert* requires the trial court to act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury. Id. at 589 n. 7, 597.

**WHEREFORE, premises considered,** Plaintiff request that this Court Sustain plaintiff's Objections, and Order defendant Robbins to answer Plaintiff's discovery request.

Respectfully Submitted

Done this 27th Day May, 2008.

Marcellus Breach 160710

Limestone C.F.
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that I have this 27th Day of May 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to: **[placing into the Legal Mail Box at Limestone                    C.F.                        for                      mailing]**

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**

**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

®  _____
Marcellus Breach

MARCELLUS BREACH 160710
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA    35749

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA  36101-0711

Legal Corr