IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH (AIS# 160710), | § § § § | |
| Plaintiff, | | |
| vs. | § § § § § § § | CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | | |
| Defendants. | | |

## NOTICE OF FILING

COMES NOW the Defendant, Michael E. Robbins, M.D., by and through counsel, and in response to this Court's Order on Motion [Court Doc. No 657], does hereby give notice of his filing of the following affidavit:

1.  Supplemental Affidavit of Michael E. Robbins, M.D. in Response to the Order on Motion, in compliance with the directives of this Court's Order entered on May 19, 2008 [Court Doc. No. 657].

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant
Michael E. Robbins, M.D.

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 9th day of June, 2008, to:

  Mr. Marcellus Breach (#160710)
  LIMESTONE CORRECTIONAL FACILITY
  28779 Nick Davis Road
  Harvest, AL  35749

  The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

  Albert Sims Butler, Esq.
  ALABAMA DEPARTMENT OF CORRECTIONS
  P. O. Box 301501
  Montgomery, AL  36130-1501

  Philip G. Piggott, Esq.
  STARNES & ATCHISON, LLP
  P. O. Box 598512
  Birmingham, AL  35259-8512

  /s/ PAUL M. JAMES, JR. (JAM017)
  OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, (AIS # 160710) | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-1133-MEF |
| PRISON HEALTH SERVICES, et al., | * | |
| Defendants. | * | |

### SUPPLEMENTAL AFFIDAVIT OF MICHAEL E. ROBBINS, M.D. IN RESPONSE TO THE ORDER ON MOTION (DOCUMENT 657)

BEFORE ME, W. G. Rowell, a notary public in and for said County and State, personally appeared **MICHAEL E. ROBBINS, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

In response to the Order on Motion (document 657), this Defendant responds as follows:

(1) • See attached copy of current Alabama Medical License.

(2) • I was licensed without restriction to practice medicine in the State of Alabama during the period of time relevant to the instant cause of action.

(3) • I am currently board certified in internal medicine and was so certified during the period of time relevant to the instant cause of action.

(4) • On March 29, 1998, I entered a facility for the evaluation and treatment of chemical dependence. There were no legal or patient care issues, nor was my clinical competence as a physician in question. I completed treatment and followed the suggested aftercare recommendations.

My sobriety date is March 29, 1998. Since that time, voluntarily and at my request, I have been monitored by the Alabama Physician Health program with, among other things, periodic random drug screening. This monitoring has provided some measure of protection against those who might make use of the fact that I was once chemically dependent for their own purposes. At the date of this writing, I have more than ten years of well documented continuous sobriety.

As a consequence of entering treatment in March 1998, my license was suspended by the Alabama Board of Medical Examiners (ABME) on April 15 1998. Having successfully completed treatment, remained sober, and complied with the recommendations of the ABME that license was reinstated on February 16, 2000.

In the time between completing treatment and regaining active licensure, I did not engage in direct patient care. There are several areas where one may work as a physician that do not involve direct patient care and hence do not require an active medical license – medical case reviews for the legal system is one example. I resumed work involving direct patient care when my license was reinstated.

Suggestions that my medical license was revoked, that I was clinically incompetent, or that I did not work as a physician for the time period previously asserted are incorrect.

Further affiant sayeth not.

_____
MICHAEL E. ROBBINS, M.D.

STATE OF ALABAMA      )
                      )
COUNTY OF Montgomery  )

Sworn to and subscribed before me on this the 30th day of May, 2008.

_____
Notary Public
My Commission Expires: 6/15/08

3