IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-1133-MEF |
| | ) |
| PRISON HEALTH SERVICES, *et al.*, | )   (WO Do Not Publish) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on several written objections to orders of Magistrate Judge Terry F. Moorer filed by Plaintiff Marcellus Breach ("Breach") (Docs. ## 634-37, 649, 658). Breach is objecting to Judge Moorer's denial of several discovery-related motions that Breach filed in an attempt to compel Defendant-Doctors Michael E. Robbins ("Dr. Robbins") and William D. Hobbs ("Dr. Hobbs") to respond to his discovery requests. This Court addresses these objections below.

**I. FACTS**

On October 29, 2007, Breach served Dr. Robbins with a document entitled Second Set of Interrogatories and Request for Admissions, For Production of Documents to Defendants Under Fed. R. Civ. P. (Doc. # 187). On November 13, 2007, Breach served Dr. Hobbs with a document entitled Plaintiff's Fourth Set of Interrogatories (Doc. # 226). On December 7, 2007, Breach served Drs. Hobbs and Robbins with Plaintiff's Supplemental Discovery Request (Docs. ## 314, 315), which included additional interrogatories. On December 21, 2007, Dr. Robbins filed Objections to Plaintiff's Second Set of Interrogatories

(Doc. # 340), and Dr. Hobbs filed Objections to Plaintiff's Fourth Set of Interrogatories (Doc. # 341). Dr. Robbins objected to all of Breach's interrogatories, requests for production of documents, and requests for admissions contained in his Second Set of Interrogatories in blanket objections as "immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence." Dr. Hobbs objected to all but a few of Breach's interrogatories as "immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence." For the interrogatories that Dr. Hobbs did not object to, he referred Breach to the medical records already produced in the case. Furthermore, Dr. Hobbs objected to all of Breach's requests for admissions in a blanket objection as "immaterial, irrelevant, not calculated to lead to the discovery of admissible evidence." Neither Dr. Robbins nor Dr. Hobbs addressed any of the interrogatories in Breach's Supplemental Discovery Requests in these filings.

On February 8, 2008, the deadline for completion of discovery passed. On February 13, 2008, Drs. Robbins and Hobbs had not responded to Breach's Supplemental Discovery Requests, and Breach filed a Motion to Compel answers to those requests (Docs. ## 463, 464). On February 14, 2008, Judge Moorer issued Orders to Show Cause (Docs. ## 467, 468) for Drs. Robbins and Hobbs regarding the Motions to Compel. Neither defendant responded to these show cause orders. On February 21, 2008, Breach filed Motions to Compel (Docs. ## 480, 481) answers to his Second Set of Interrogatories (Doc. # 187) and Fourth Set of Interrogatories (Doc. # 226). On February 22, 2008, Judge Moorer issued Orders to Show Cause (Docs. ## 484, 485) for Drs. Robbins and Hobbs regarding these Motions to Compel. Neither defendant responded to these show cause orders.

On March 14, 2008, Breach filed Motions for Sanctions (Docs. ## 540, 541) for Defendants' failure to respond to the Court's show cause orders. On March 18, 2008, Judge Moorer issued Orders to Show Cause (Docs. ## 545, 546) for Drs. Robbins and Hobbs regarding the Motions for Sanctions. Neither defendant responded to these show cause orders, either. On April 7, 2008, Breach filed Motions for Contempt (Docs. ## 559, 560) regarding Defendants' continuing failure to respond to the Court's show cause orders. On April 8, 2008, Judge Moorer again issued Orders to Show Cause (Docs. ## 562, 563) for Drs. Robbins and Hobbs regarding the Motions for Contempt.

On April 28, 2008, after more than two months and eight show cause orders, Drs. Robbins and Hobbs finally responded in the form of a global response (Doc. # 600) to the Court's Orders to Show Cause.

## II. DISCUSSION

The Court is not pleased by Defendants' demonstrated failure to respond to this Court's orders. Completely ignoring repeated orders from this Court to file a response is inexcusable. Their conduct demonstrates that either Defendants do not take this case seriously, or they do not take this Court seriously—neither alternative is acceptable. Defendants complain about the large number of pleadings in this case. However, Defendants' own failure to promptly respond *at all* to several of Breach's discovery requests and orders of this Court has caused months of unnecessary litigation and wasted the parties', and this Court's, time. This Court has the authority to order sanctions if a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C). Based

3

on Defendants' repeated failure to respond to orders of this Court, this Court will sanction counsel for Defendants as set forth below.

Furthermore, Breach is entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including information that appears reasonably calculated to lead to discoverable evidence. Fed. R. Civ. P. 26(b). However, Breach is not entitled to discovery where (i) the information sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient; (ii) Breach has had ample opportunity to obtain the information by discovery in the action; (iii) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* This Court has *thoroughly* reviewed the numerous discovery requests, as well as the lengthy record in this case.

**A.   Objections Related to Dr. Robbins**

Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). On October 29, 2007, Breach served Dr. Robbins with 24 paragraphs of interrogatories, one of which contained numerous subparts. (Doc. # 187). Therefore, the additional interrogatories served upon Dr. Robbins in Breach's Supplemental Discovery Request (Doc. # 315) exceeded the applicable limit, and this Court will not order Dr. Robbins to respond to them.

With regard to the interrogatories propounded in Document Number 187, this Court finds that many of the interrogatories are either not relevant within the definition of Rule

4

26(b), unreasonably cumulative or duplicative of other discovery in this case, or the burden or expense of the proposed discovery outweighs its likely benefit. However, this Court also finds that some of the interrogatories are relevant under Rule 26(b), and that Breach is entitled to a response to them. Therefore, this Court ORDERS Dr. Robbins to respond to Document Number 187, Interrogatories 2,[1] 10,[2] 12-16, 19-20, 22, 24.

With regard to Breach's Request for Production of Documents, the Court finds that they are all not relevant within the definition of Rule 26(b), unreasonably cumulative or duplicative of other discovery in this case, or the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, this Court overrules Breach's objections pertaining to these requests.

Breach has also served Dr. Robbins with a series of Requests for Admissions. However, many of these requests are not discoverable because they are not relevant within the definition of Rule 26(b), unreasonably cumulative or duplicative of other discovery in this case, or the burden or expense of the proposed discovery outweighs its likely benefit. On the other hand, this Court finds that some of the requests are discoverable; therefore, Dr. Robbins is ORDERED to respond to Document Number 187, Requests for Admissions 1-6, 9, 12, 22, 24-26, 31-41, 43.

B.    **Objections Related to Dr. Hobbs**

---

[1]    Dr. Robbin's response to Interrogatory 2 should be limited to *convictions* of crimes punishable by death or imprisonment in excess of one year.

[2]    Due to misnumbering within the document, there are two interrogatories numbered "10." Dr. Robbins need only respond to the first Interrogatory 10.

5

As was the case with Dr. Robbins, Breach served Dr. Hobbs with an initial set of interrogatories that met or exceeded his allotment under Federal Rule of Civil Procedure 33(a)(1). Accordingly, this Court will not order Dr. Hobbs to respond to any of the interrogatories in Breach's Supplemental Discovery Request (Doc. # 314).

As for the interrogatories propounded in Document Number 226, this Court again finds that many of the interrogatories are either not relevant within the definition of Rule 26(b), unreasonably cumulative or duplicative of other discovery in this case, or the burden or expense of the proposed discovery outweighs its likely benefit. In addition, many relevant interrogatories were in fact answered by Dr. Hobbs notwithstanding his objections. However, this Court also finds that some of the interrogatories that were not answered are indeed relevant under Rule 26(b), and that Breach is entitled to a response to them. Therefore, this Court ORDERS Dr. Hobbs to respond to Document Number 226, Interrogatories 2,[3] 8, 10,[4] 12-16, 19,[5] 20-21.

Breach has also served Dr. Hobbs with a series of Requests for Admissions. However, many of these requests are not discoverable because they are not relevant within the definition of Rule 26(b), unreasonably cumulative or duplicative of other discovery in this

---

[3] Dr. Hobbs' response to Interrogatory 2 should be limited to *convictions* of crimes punishable by death or imprisonment in excess of one year.

[4] With respect to Interrogatory 10, Dr. Hobbs should limit his response only to Medical Malpractice and/or Medical Negligence cases in which a judgment was entered against him and he was found liable.

[5] With respect to Interrogatory 19, Dr. Hobbs should also specify the number of hernia patients that were given surgical referrals, and their names, if possible.

case, or the burden or expense of the proposed discovery outweighs its likely benefit. However, this Court finds that some of the requests are discoverable; therefore, Dr. Hobbs is ORDERED to respond to Document Number 226, Requests for Admissions 2, 5, 7-8, 14, 16-18, 22-30, 32-35, 38, 44-57.

In Document Number 649, Breach also objects that Judge Moorer wrongfully allowed an improperly notarized affidavit into evidence (Doc. # 86-2). After an independent review of Breach's motion, the Magistrate Judge's order, and Breach's objection, the Court finds that the Magistrate Judge's order is neither clearly erroneous, nor contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, this objection is due to be OVERRULED.

In Document Number 658, Breach objects to Judge Moorer's Order (Doc. # 650) denying Breach's Motion to Strike (Doc. # 648) portions of an affidavit by Dr. Hobbs. Breach argues that this affidavit should be stricken because it is allegedly contradictory with prior sworn testimony from Dr. Hobbs. Breach cites several cases that stand for the proposition that a court can disregard an affidavit that contradicts prior testimony from that witness. *See, e.g.*, *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). However, these cases do not support the argument that such affidavits should be stricken from the record; rather, they simply state that a party cannot create a genuine issue of material fact at summary judgment with an affidavit that contradicts previously given clear answers to unambiguous questions which negate the existence of a genuine issue of material fact. In other words, the law of this Circuit is that such a "sham affidavit" must be disregarded for the purpose of determining whether a genuine issue of material fact exists.

It is not the law of this Circuit that such an affidavit must be stricken. *See id.*; *Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Accordingly, this Court finds that the Magistrate Judge's order is neither clearly erroneous, nor contrary to law. See Fed. R. Civ. P. 72(a). Therefore, Breach's objection to this order is due to be OVERRULED.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED:

(1) As a sanction for Defendants' repeated failure to comply with this Court's orders in this case, Paul McGee James, Jr. shall donate to the charity of his choice the sum of **$400.00**, which consists of $200.00 per defendant who failed to respond, on or before **August 18, 2008**. Immediately upon payment of this amount, James shall file with this Court a written certification signed pursuant to Federal Rule of Civil Procedure 11 indicating that he has complied with this requirement. A copy of the receipt for the donation shall be attached as an exhibit to this certification. It is further ORDERED that James shall pay this fine himself and shall not seek to recover it either as an expense from his clients or as a portion of any attorney fee he might negotiate as part of the settlement of this action.

(2) Plaintiff's objection (Doc. # 637) is SUSTAINED IN PART AND OVERRULED IN PART. Defendant Dr. Robbins shall file a response to Plaintiff's Second Set of Interrogatories and Request for Admissions, For Production of Documents to Defendants Under Fed. R. Civ. P. (Doc. # 187) as set forth above, on or before **August**

**18, 2008.**

    (3) Plaintiff's objection (Doc. # 635) is OVERRULED.

    (4) Plaintiff's objection (Doc. # 636) is SUSTAINED IN PART AND OVERRULED IN PART.  Defendant Dr. Hobbs shall file a response to Plaintiff's Fourth Set of Interrogatories (Doc. # 226) as set forth above, on or before **August 18, 2008.**

    (5) Plaintiff's objection (Doc. # 634) is OVERRULED.

    (6) Plaintiff's objection (Doc. # 649) is OVERRULED.

    (7) Plaintiff's objection (Doc. # 658) is OVERRULED.

    (8) This case is REFERRED back to the Magistrate Judge for appropriate action.

DONE this the 31st day of July, 2008.

                                 /s/ Mark E. Fuller
                             CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdition (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).