*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15,*
*("SOP")*

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

```
                                            2008 AUG 22  A 10: 38

                                            ...RA P. HACKETT, C...
                                            U. S. DISTRICT COUR...
                                            MIDDLE DISTRICT ALA
```

|  |  |  |
|---|---|---|
| | * | |
| MARCELLUS BREACH, #160710 | | |
| | * | |
| Plaintiff, | | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | | |
| | * | |
| PRISON HEALTH SERVICES, INC., et. al., | | |
| | * | |
| Defendants. | | |

### MOTION FOR LEAVE TO FILE AN ADDENDUM TO PLAINTIFF'S EMERGENCY –
### APPLICATION FOR PRELLIMINARY INJUNCTION [Court Doc. No. 678]

**COMES NOW,** the undersigned *Marcellus Breach,* (hereinafter "Breach") in proper

person "Pro Se," hereby request to submit this Addendum to his application for

preliminary injunction pursuant to *Rule 65(b),* Fed. R. Civ. P., filed on *August 11, 2008*

[*Court Doc. No. 678*] for good cause in support as follows:

1.      Breach request in support of his request for interim relief, that the Court review the

attached exhibit that will directly address and support Breach's position: *"Limestone*

*Correctional Facility Standard Operating Procedure E-15"* ("SOP") which addresses and

supports Breach's position that the warden over this institution approved the use of 3 ½

floppy disk, and flash drivers for inmates such as Breach who is a law clerk.

1

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15, ("SOP")*

2.      Breach feels that the defendants' defense to the issue before the Court will probably allege that Breach was in possession of contraband and that confiscation was justified and necessary. Breach will demonstrate that such is untrue and ought to be ignored.

3.      First, Breach was never once issued any disciplinary action; nor citation. Secondly, as stated in Breach argument "Statement Of The Facts" Breach explained that on two (2) separate occasion the flash driver was confiscated from Breach, scanned for contraband or illegal activity, and returned to him with instructions to keep it in the law library. See, *Statement of the facts*, page 9, ¶¶ 1,2.

4.      Third, if there is any theory of unauthorized use, or contraband, evidence demonstrates officials did not enforce the attached SOP standards pertaining to the law library and the use of flash drivers. See *Exhibit "A"*, *August 4, 2006 Billy Mitchem, Warden* of Limestone Correctional Facility approved the use of flash drivers and law clerks used them regularly and stored them in their file box located in the law library.

5.      Because Breach is assigned as Law Clerk at the prison law library, *Exhibit "A"* at E-15-2 states: ( page 2)

### C.    Training

2.      "Only those inmates who have been properly trained are allowed access to the computers."

3.      "Once an inmate has prepared his "Legal Work", he will notify the inmate clerk who has authorization to save and download the legal work onto a 3 ½ floppy disk. The disk will be secured in a locked storage box until the inmate checks out the disk to continue or complete his legal work. At no

2

time will any inmate preparing legal work have sole possession of any disk. Inmate Law Clerks will ensure all work is saved on the disks."

5.    "All completed legal work will be transferred from the 3 ½ floppy disk onto a flash driver by the Law Library Supervisor. The file will be stored on the flash drive for a period of sixty (60) days, in the event an inmate needs to make additions or amendments to his legal work. The floppy disk will then be erased so it can be used for saving the legal work of other inmates. The flash drive will remain secured in the Law Library's Office and no inmate will have access to the flash drive."

6.    *Exhibit "B"*, Affidavit of Willie White will further demonstrate that the law clerks used at all times, had in their possession at the law library flash drivers on a regular basis, and the flash drivers were stored at the Law Library at all times. ADOC did not follow their SOP and there was no contraband or unauthorized activity on the flash driver used by Breach; but an direct attack on Breach's litigation.

7.    No matter what excuse defendants attempt to use to justify their actions. The issues are: (i) Why did Lt. Pelzer <u>make a copy</u> of Breach's legal work onto a <u>red and gray flash driver?</u> Why did he read Breach's legal work? Why hasn't the defendants returned a copy of Breach's legal work contained, stored on the law library flash driver?

*WHEREFORE, premises considered*, Breach moves the Court to protect his status quo, surgery and his legal papers and grant what is fair in this case.

Done this 19th Day August 2008.

Marcellus Breach 160710
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15,*
*("SOP")*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this ___19th___ Day of August 2008, placed a true copy

of the foregoing upon the following through the prison mail system properly addressed

postage prepaid and mailing First Class U.S. Mail to:

| | | |
|---|---|---|
| Alabama Dept. of Corrections | Rushton, Stakely, Johnston, Garrett, P.A | Starnes & Atchison, LLP |
| Legal Division | P.O. Box 270 | 100 Brookwood Pl., 7th Floor |
| P.O. Box 301501 | Montgomery, Alabama 36101 | P.O. Box 598512 |
| Montgomery, Alabama, 36101 | | Birmingham, Alabama 35259-8512 |

Marcellus Breach

4

36101

Montgomery, Al

P.O. Box 711

United States District Court

Office of the Clerk

This correspondence is forwarded from the Alabama Department of Corrections. The contents have not been evaluated and the accuracy of statements made are the sole responsibility of the prisoner.

HUNTSVILLE AL 358
2008
20 AUG

HUNTSVILLE AL 358
2008
20 AUG

USA FIRST-CLASS FOREVER    USA FIRST-CLASS    USA FIRST-CLASS



Marcellus Breach (6910)
J.L.F. 3819 West Davis St.
Elmore, AL 36025

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15, ("SOP")*

# EXHIBIT "A"

LIMESTONE CORRECTIONAL FACILITY
STANDARD OPERATING PROCEDURE E-15          OPR: Law Library Supervisor

## INMATE LAW LIBRARY COMPUTER SYSTEM

I.   GENERAL

This ADOC institutional SOP establishes the responsibilities, policies, and procedures for
inmate Law Library computer system.

II.  POLICY

It is the policy of Limestone Correctional Facility to provide computer courses to all
inmates allowed access to the Law Library for legal work.

III. DEFINITION(S) AND ACRONYM(S)

Legal Work – Typed work that is to be filed in any state or federal court of the United States.

IV.  RESPONSIBILITIES

The Law Library Supervisor is responsible for the operation and maintenance of Law
Library computers.

V.   PROCEDURES

A.  Destruction of or damage to computers or programs

1.  Any inmate who has been found guilty of violating Administration Regulation
403, Disciplinary Hearing Procedures for Major Rule Violation, Rule #69 (de-
struction or damage to state property), or any included or lesser offense, that in-
volves the destruction, damaging of any computer or program in the computer
may be denied access to the Law Library for up to thirty (30) days. During the
time access is denied, the inmate will be permitted to request and receive the
same Law Library privileges as afforded those inmates confined to segregation.

2.  Destruction or damage includes, but is not limited to: (1) physical damage to the
computer or its hardware, i.e. keyboard, mouse, monitor; and/or (2) deleting,
erasing, or damaging any components, programs, files, or folders of the computer.

B.  Unauthorized usage

1.  Any inmate who has been found guilty of violating Administration Regulation
403, Disciplinary Hearing Procedures for Major Rule Violation, Rule #62 (creating
a security, safety or health hazard), Rule #72 (forgery), or any included or lesser
offense, that involves the authorized use of any computer or program in the com-
puter may be denied access to the law Library for up to thirty (30) days. During
the time access is denied, the inmate will be permitted to request and receive the
same Law Library privileges as afforded those inmates confined to segregation.

LIMESTONE CORRECTIONAL FACILITY
STANDARD OPERATING PROCEDURE E-15
INMATE LAW LIBRARY COMPUTER SYSTEM

    2.    Unauthorized use is, but not limited to: (1) any typing or attempt to type work other than "Legal Work" or "Letter", and/or (2) accessing any areas, windows, programs, files, or folders outside of the program designated for typing legal work or letters.

C.   Training

    1.    The Law Library Supervisor or other person(s) authorized will conduct classes to insure inmates are aware of the LCF's SOP and the proper use of the computers. These classes will be conducted periodically to insure all inmates are properly informed and trained.

    2.    Only those inmates who have been properly trained are allowed access to the computers.

    3.    Once an inmate has prepared his "Legal Work", he will notify the inmate clerk who has authorization to save and download the legal work onto a 3 ½ floppy disk. The disk will be secured in a locked storage box until the inmate checks out the disk to continue or complete his legal work. At no time will any inmate preparing legal work have sole possession of any disks. Inmate Law Clerks will ensure all work is saved on the disks.

    4.    The inmate will sign an "Inmate Print Request" which will be presented along with the work to the Law Library supervisor. The Law Library supervisor will review the work to insure the work is authorized as defined herein. After approval, the inmates' work will be printed.

    5.    All completed legal work will be transferred from the 3 ½ floppy disk onto a flash drive by the Law Library Supervisor. The file will be stored on the flash drive for a period of sixty (60) days, in the event an inmate needs to make additions or amendments to his legal work. The floppy disk will then be erased so it can be used for saving the legal work of other inmates. The flash drive will remain secured in the Law Library's Office and no inmate will have access to the flash drive.

VI.  DISPOSITION

Any forms will be disposed of or retained according to the departmental Records Disposition Authority (RDA).

VII. FORMS

Annex A to SOP E-15 – Inmate Print Request.

LIMESTONE CORRECTIONAL FACILITY
STANDARD OPERATING PROCEDURE E-15
INMATE LAW LIBRARY COMPUTER SYSTEM

VIII. SUPERCEDES

This procedure being a new procedure does not supercede any other procedure at this time.

IX.  PERFORMANCE

AR 214 "Law Library Supervisors"
AR 412 "Institutional Law Libraries"
AR 403 "Disciplinary Hearing Procedures For Major Rule Violations"

_____    8-04-06
Billy Mitchem, Warden III              Date

# INMATE PRINT REQUEST

I, _____ , AIS #_____ , request

that my legal work and/or letter be reviewed and printed by the Limestone Correctional

Facility Law Library Supervisor.   I have read the "Limestone Correctional Facility

Standard Operating Procedure for the Inmate Computer System" and understand that if I

present work and it is found to be "unauthorized" I will be subject to disciplinary action,

which includes loss of Law Library privileges for up to thirty (30) days.


    As shown on the "Certificate of Service" attached to my work I am requesting

_____ copies (includes original) be printed, a total of _____ pages.  I am not

requesting an excessive numbers of copies, only that which is required under the rules of

practice and procedures in the court I am filing.


_____                    _____
Inmate Signature                                                   Date


_____                    _____
Law Library Supervisor                                          Date

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | * | |
| | * | |
| PRISON HEALTH SERVICES, INC., et al., | * | |
| | * | |
| Defendants. | | |

### AMENDMENT DECLARATION BY MARCELLUS BREACH AIS# 160710

**MARCELLUS BREACH, AIS# 160710** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

"My name **MARCELLUS BREACH.** I am over the age of twenty-one. I am the Plaintiff to this action. I make this declaration in further support of my motion for a preliminary injunction.

I would like to state that all flash drivers were stored in the law library at all times; the law clerks were authorized to maintain the business of the law library; meaning, storing and downloading, printing, copying *excreta* all legal work for everyone including ourselves and the general population. The law clerks are the ones who repaired and maintained the computers.

In regards to the SOP ( see attached *Exhibit "A"*) it is true pertaining to inmates having access to 3 ½ floppy disks. The only area that is not true, is **Section No. 5** last paragraph stating: "No inmate will have access to the flash drive." [Id.] This is not true

5

and is not, was not exercised nor enforced by ADOC. The law clerks as myself kept possession of the flash drivers in the law library, locked in their file cabinets. General population inmates were not authorized to have access to the flash drivers, but all law clerks had access to the flash drivers. It was a total of three (3) flash drivers. One Gray and two Black flash drivers.

As stated before in my prior declaration, on two (2) separate occasions, the flash driver was confiscated checked and returned to me by ADOC officials. One time as stated in my application when the Institution had a major shake down, I turned it in to Lt. Smith and Officer Reeves returned it to me with instructions: "Keep it in the law library." The second time, Captain Tully returned it to me along with the gray flash driver and three (3) 3 ½ floppy disk.

No disciplinary action was ever taken or citations in this matter. Defendants have my legal work, they have the flash driver still, and refuse to provide means to secure and make a photocopy of my legal work and return the legal work to me."

I attest that the foregoing is true and correct to the best of my knowledge under the penalty of perjury 28 U.S.C 1746 this 19th Day August 2008.

Marcellus Breach

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15,*
*("SOP")*

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS BREACH, #160710 | * | |
| Plaintiff, | * | |
| Vs. | * | CASE NO: 2:06-cv-1133-MEF |
| PRISON HEALTH SERVICES, INC., et al., | * | |
| Defendants. | * | |

### DECLARATION BY WILLIE WHITE AIS 140147

*WILLIE WHITE, AIS # 140147* and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

"My name *Willie White.* I am over the age of twenty-one. I am the witness to the allegations contained by the Plaintiff, Marcellus Breach. I state as follows:

"I am and have been a law clerks during the matters before the Court. I have personal knowledge, and I attest that there were three (3) flash drivers assigned and stored at the law library. I have knowledge that the Law Clerks kept them locked in their file box, I am a law clerk. We also had assess to use 3 ½ floppy disk to store our legal work; we used flash drivers to assist ourselves and others saving their legal work. Mr. Breach stored his legal work on one of the flash drivers. There has never been a problem.

7

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15, ("SOP")*

To this day, inmates have access to flash drivers and the attached SOP is not enforced by ADOC. The law clerks did all the work and the law clerks possessed the flash drivers.

On a Saturday, July 12, 2008 Marcellus Breach, Christopher Byram and I were going to work at our job assignment at the Limestone Correctional Facility, law library. Mr. Breach was summons to report to the shift commander's office. Upon arrival, Sergeant Crabtree asked Mr. Breach where is the flash driver. Mr. Breach responded at the law library. Mr. Breach was instructed to go inside and report to Lt. Pelzer. At that time, Sergeant Crabtree pulled Mr. Byram aside and asked him some questions.

Mr. Breach came out, and stated that they want the flash driver. Mr. Breach complained that this was the third time officials have asked for the flash driver and that Captain Tully just got it, looked at it, and returned it. When we arrived at the crossover gate, Officer Tucker instructed us to wait. Sergeant Crabtree and Officer Bright arrived, opened the law library, and Mr. Breach stated looks like you all have already been in here, look at this place it's a mess.

The law library was ransacked. Everything was opened, papers everywhere. It was clear someone was searching. Sergeant Crabtree instructed Breach to turn over the flash driver. Mr. Breach opened the cabinet and turned it over to him. During this search Officer Bright begun to search again. Officer Crabtree insisted that Mr. Breach open another singled out particular drawer and give what inside there. Mr. Breach stated he was not going to open anything else, that he gave him the flash driver as demanded, and if they wanted anything else open, they have a key. Mr. Breach stepped back out of the way. Mr. Breach said he was not going near that drawer and for the officers to open it; they have a key. Mr. Breach stated it was too suspicious, and too easy for someone to have planted some contraband in the law library, it was clear someone had been in the law library.

8

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15,*
*("SOP")*

I also attest that I have personal knowledge that other inmates have flash drivers at the chapel, trade school, sports department, welding, drafting, and Captain Tully's runners. There has never been a problem and flash drivers were used to store legal work. <u>No other inmate flash drivers were confiscated except Mr. Breach.</u>

I further state that ADOC has a VNC program on the computers that allows officials to read legal work at any time legal work is being prepared, and they can store, saved the legal work on another computer outside the law library. We can tell when we are being VNC and someone is reading our legal work inmates in the general population cannot access VNC only law clerks on ADOC."

I declare that the foregoing is true and correct under the penalty of perjury 28 U.S.C., 1746.    This 19th Day August 2008

Willie White 140147

9

*Exhibit "A" Law Library, LCF, August 4, 2006, Standard Operating Procedure E-15,*
*("SOP")*

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| MARCELLUS BREACH, #160710 | | |
| | * | |
| Plaintiff, | | |
| | * | CASE NO: 2:06-cv-1133-MEF |
| Vs. | | |
| | * | |
| PRISON HEALTH SERVICES, INC., et al., | | |
| | * | |
| Defendants. | | |

### DECLARATION BY SAMMY CALDWELL AIS 177873

**SAMMY CALDWELL, AIS # 177873** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, and declares under the penalty of perjury 28 U.S.C., 1746 that the foregoing is true and correct.

"My name **Sammy Caldwell**. I am over the age of twenty-one. I am the witness to the allegations contained by the Plaintiff, Marcellus Breach. I state as follows:

"I State that I have knowledge to the issue of ADOC officials reading legal work. I have attached a true copy as an exhibit of a recent Order from the District Court of the Northern Division entitled: *Sammy Caldwell v. Richard Allen, et al.,* (see attached) and as the Court will notice Limestone Classification received it, stamped it.

I feel that this legal document is not ADOC Classification's business and Classification should not have any interest in my legal matters before the Court. I turned this document in to officials for copying and it was delayed for several days and was not

10

returned.  When it was returned, Classification stamped it as "Received".  I do not know why they have a copy of it.

I declare that the foregoing is true and correct under the penalty of perjury 28 U.S.C., 1746.    This ⟋ 7 Day August 2008

*Sammy Caldwell*

Sammy Caldwell, 177873



FILED

2008 Jul-16  AM 08:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SAMMY CALDWELL,                    )
AIS #177873                        )
                                   )
        Plaintiff,                 )
                                   )     Case No. 5:08-cv-00293-CLS-HGD
v.                                 )
                                   )
RICHARD ALLEN, et al.,             )
                                   )
        Defendants.                )

## O R D E R

On March 7, 2008, the court entered an order requiring the plaintiff to pay an

initial partial filing fee of $1.33 and to make monthly payments until the filing fee of

$350 is paid in full.  Therefore, pursuant to 28 U.S.C. § 1915(b)(1) and (2), and

consistent with the prisoner's signed Prisoner Consent Form (copy attached)

authorizing payment of the required $350.00 filing fee from the prisoner's inmate

account, the warden or chief jailer of the jail or prison in which plaintiff is

incarcerated is DIRECTED to deduct 100% of the total deposits made by or on behalf

of the plaintiff each month until the initial partial filing fee of $1.33 is paid in full.

Following payment of the $1.33 initial partial filing fee, the warden or chief jailer is

AUG 2008

Limestone
Classification

DIRECTED to deduct and withhold from any deposits made by or on behalf of the plaintiff into any prisoner account at such facility a sum equivalent to 20% of the total deposits each month after the first $10.00. (The first $10.00 deposited into the prisoner's account each month shall go to the prisoner, after which 20% of the monthly deposits will be deducted and withheld pursuant to this order). By not later than the tenth day of each month, the warden or chief jailer shall pay over to the Clerk of the Court all sums withheld in the preceding month pursuant to this order. The warden or chief jailer shall continue to withhold and deduct 20% of the prisoner's monthly deposits after the first $10.00 until a total of $350.00 has been withheld and paid to the Clerk of the Court to satisfy the docket fee required by the filing of this action.

All payments made by the warden or chief jailer shall clearly identify the full name of the plaintiff and the case number assigned to the action. Checks should be made payable to "Clerk, U. S. District Court," and should be sent to the Office of the Clerk, 1729 Fifth Avenue North, Birmingham, Alabama 35203.

In the event plaintiff is transferred to another prison or custodial agency, the warden, jailer, or financial officer at that institution will assume the duty of collecting and withholding funds until the full $350.00 filing fee has been paid. THIS ORDER AND THE OBLIGATION OF THE WARDEN OR CHIEF JAILER TO WITHHOLD

AUG 2008

FUNDS IN THE PLAINTIFF'S PRISON OR JAIL TRUST ACCOUNT, AS WELL

AS THE PLAINTIFF'S OBLIGATION TO PAY THE FILING FEE IN FULL,

SHALL REMAIN IN FULL FORCE AND EFFECT, NOTWITHSTANDING ANY

DISMISSAL OR TERMINATION OF THE LAWSUIT, UNTIL THE FULL FILING

FEE OF $350.00 HAS BEEN PAID.

The Clerk is DIRECTED to serve a copy of this order on plaintiff.

The Clerk is further DIRECTED to serve a copy of this order and a copy of the

plaintiff's prisoner consent form (Doc. #8) on the warden or chief jailer where the

plaintiff is incarcerated, and on the Departmental Fiscal Manager for the Alabama

Department of Corrections.

DONE this 15th day of July, 2008.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

FILED

2008 MAY 28  PM 12: 17,

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SAMMY CALDWELL,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )     Case No. 5:08-cv-00293-CLS-HGD
                                   )
RICHARD ALLEN, et al.,             )
                                   )
            Defendants.            )

PRISONER CONSENT FORM

I hereby authorize the agency having custody of me ("the agency") to collect from my prison and/or jail account and forward to the Clerk of the United States District Court for the Northern District of Alabama payments in accordance with 28 U.S.C. § 1915(b) until the full filing fee of $350.00 required to maintain this action is paid.

I authorize the agency to withdraw from my account and send to the District Court Clerk an initial partial payment of $1.33. **I UNDERSTAND THAT IT IS MY RESPONSIBILITY TO SEE THAT THE PARTIAL FILING FEE IS PAID.** Following payment of this initial partial filing fee, I further authorize the agency to withdraw every month twenty (20) percent of the total deposits above the first $10.00 credited to my prison and/or jail account for the previous month and to remit that amount to the District Court Clerk until the filing fee indicated above has been paid.

I understand that even if I am allowed to proceed *in forma pauperis* (in other words, without having to prepay the full filing fee) and even if my action is later dismissed for any reason, I am obligated to pay to the District Court Clerk the full amount of the filing fee. Additionally, I understand that the Court may enter judgment against me for payment of costs at the conclusion of the action, including any unpaid portion of the required filing fees. If the Court does so, I also authorize the agency to make monthly payments from my account to the District Court Clerk in the manner described above until the full amount of the costs ordered is paid. **I UNDERSTAND THAT MY OBLIGATION TO PAY THE FILING FEE IN FULL SHALL REMAIN IN FULL FORCE AND EFFECT, NOTWITHSTANDING ANY DISMISSAL OR TERMINATION OF THE LAWSUIT, UNTIL THE FULL FILING FEE OF $350.00 HAS BEEN PAID.**

If I am transferred to another prison, jail, or custodial agency, I hereby consent that this authorization will continue to apply, and the new prison, jail, or custodial agency shall assume the duties of collecting and forwarding any remaining monthly payments to the District Court Clerk.

5/22/08
Date

Sammy Caldwell
Plaintiff's signature

177873
Prisoner identification number

AUG 2008
... one
Classification
...