IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, <br> AIS #160710, <br><br> Plaintiff, <br><br> v. <br><br> PRISON HEALTH <br> SERVICES, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:06-CV-1133-MEF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ADOC DEFENDANTS' RESPONSE TO
## SHOW CAUSE ORDER (DOCKET NUMBER 679)

Comes now ADOC Defendants, by and through the undersigned counsel, and submits this response to this Court's Order to show cause why the Plaintiff's motion for a preliminary injunction should not be granted (Court Docket #678) as follows:

### Plaintiff's Allegations:

The Plaintiff has filed a lengthy motion for preliminary injunction with this Court alleging that the employee(s) of the Alabama Department of Corrections, none of whom are defendants in this action and the ADOC is also not a defendant, have taken his legal documents and papers, have copied certain legal documents, have read certain legal documents, have taken other inmates legal documents and papers, and other allegations. As has been in the past, the Plaintiff's rambling allegations are without merit, are not based on facts, and are only conclusory.

**FACTS:**

For the purpose of clarity, the ADOC Defendants will use the words "flash" and "thumb" drive to describe the same device. The Limestone Correctional Facility law library has computers to assist inmates in preparing legal work. The ADOC purchased a thumb drive to temporarily store inmates' legal documents for a period of sixty (60) days in the event that an inmate needed to make changes. After the sixty days the files are deleted. This thumb drive solely for this purpose is maintained under the custody of the Law Library Supervisor, Officer Mark Reeves. No inmate has authority and/or permission to possess their own personal thumb drive or storage device. A thumb drive being possessed by an inmate without ADOC being able to monitor it is a real security concern. Pursuant to Administrative Regulations, contraband is anything not issued to an inmate by an ADOC employee, sold in the canteen store, or approved by the Warden. Therefore, an inmate possessing a personal thumb drive would be in violation, and the thumb drive would be considered contraband.

On July 12, 2008, a shakedown of the law library at Limestone was conducted, and a thumb drive was confiscated from the Plaintiff as contraband. The thumb drive confiscated was **not** the same thumb drive that belonged to ADOC and in Officer Reeves' possession. No legal documents and/or papers have been taken from the Plaintiff.

The ADOC does have a program installed for the purpose of monitoring inmates using the computers not for specific content of their legal work, but to ensure that they are actually doing legal work and that the content does not violate security concerns. Clearly, allowing an inmate to have a device that allows the storage of data without any monitoring by ADOC is opening "Pandora's Box;" allowing inmates to violate numerous institutional violations including but not limited to escape plans, gambling, drug smuggling and sales, assaults, etc., and causing a real and serious threat to security of the facility for the officers, the inmates and the general public.

The ADOC Defendants would offer the affidavit of Billy Mitchem, the Warden at Limestone, in support of this response, and to refute the Plaintiff's conclusory allegations.

## ARGUMENT

First, the Plaintiff must establish (1) a substantial likelihood of success on the merits of the complaint; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened harm to the movant outweighs whatever harm the injunction may cause the non-moving party; and (4) that the proposed injunction would not be adverse to the public interest. Miconsukee Tribe of Indians of Florida v. U.S., ___ F.Supp.2d ___, 2008 WL 3293188 (August 8, 2008), quoting Klay v. United Healthgroup, Inc, 376 F.3d 1092 (11th Cir.2004). "[B]ecause a 'preliminary injunction' is an extraordinary and drastic remedy, one ....should not be

granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis in the original). The ADOC Defendants understand that this is a *pro se* litigant and that the Courts have given such litigant a wide leeway in their pleading and have held them to a less stringent standard than formal pleadings drafted by lawyers. The 11th Circuit just recently stated in a case dealing with a *pro se* litigant and a preliminary injunction, "[H]owever, this leniency does not give the Court license to rewrite an otherwise deficient pleading in order to sustain an action." Garcia-Lawson v. U. S. Automobile Association, 2008 WL 3850681 (S.D.Fla) (August 14, 2008), quoting GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998). "[P]*ro se* litigants are required to meet certain essential burdens in their pleadings. Garcia-Lawson.

Although the Plaintiff must establish **all** of the above four requirements his motion and exhibits establish **none** of them. He is basically asking this Court to order that the Warden at Limestone give back his flash/thumb drive that he somehow illegally smuggled into the facility. The Warden is not a party to this litigation. The flash drive is contraband. Clearly he has not established a substantial likelihood of success on the merits of the complaint. Just as clearly he has not established that irreparable injury will be suffered unless the injunction issues. He is without his contraband flash drive and still files a twenty-seven (27) page motion with five exhibits. This confiscation certainly has not caused, and will not cause, "irreparable injury." By the Plaintiff's own admission the flash drive was the only thing

confiscated. Interestingly, the Plaintiff does not allege that this flash drive is the only place that contains his pleadings; obviously, he has hard copies. Additionally, he claims that the drive contains "exhibits, expert witness affidavits, witness affidavits, medical records, etc." which is physically impossible because there is no scanning device in the law library at Limestone and that is the only way they could be on the drive.

Just as clearly the Plaintiff has not established that the threatened harm to the movant outweighs whatever harm the injunction may cause the non-moving party. Plus, allowing an inmate to possess "encrypted" contraband (by the Plaintiff's own admission) which can obviously cause a serious security risk would certainly be against and adverse to the public interest.

## CONCLUSION

This case has had almost 700 pleadings and orders filed. The ADOC Defendants are at a loss to see how any further pleadings would serve justice in this case; although, that does not seem to matter to the Plaintiff, who normally files five to eight pleading per week. As to this motion, the Plaintiff has clearly not established the requirements of a preliminary injunction. Additionally, the ADOC Defendants would respectfully request that this Honorable Court decide this case on the merit at its earliest convenience.

Respectfully submitted,

Kim T. Thomas
General Counsel

/s/Albert S. Butler
Albert S. Butler (BUT016)
Assistant General Counsel

**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-4859

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22${}^{th}$ day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Paul M. James, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
Attorney for the PHS Defendants
P. O. Box 270
Montgomery, AL 36101-0270

Phil Piggott, Esq.
Starnes & Atchison, LLP
Attorney for the CMS Defendants
P. O. Box 598512
Birmingham, Alabama 35259-8512

Inmate Marcellus Breach
AIS # 160710
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

/s/Albert S. Butler
Albert S. Butler (BUT016)
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| PRISON HEALTH SERVICES, ET AL., | ) |
| | ) |
| Defendants. | ) |

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared one Billy Mitchem, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Billy Mitchem, and I am presently employed as a Corrections Warden III, with the Alabama Department of Corrections, Limestone Correctional Facility, Harvest, Alabama. I am over nineteen (19) years of age.

Inmate Marcellus Breach's complaint is focused on the Law Library at Limestone Correctional Facility. I discussed the Law Library procedures with Officer Mark Reeves, Law Library Supervisor. Officer Reeves stated in August 2006, the

Limestone Correctional Facility Law Library implemented the use of computers for the purpose of preparing legal work. When this procedure began, inmates were allowed to store their work on floppy disks so they could retrieve their documents at a later date to complete their work. The floppy disks were stored in a locked box in the Law Library. Once their work was completed and printed it was moved to a mass storage device, or thumb drive, where it was kept for 60 days in the event the inmate needed to make additional corrections. The thumb drive was maintained by Officer Reeves in his office. A single thumb drive was purchased solely for the purpose of storing the legal work during this duration of time. After 60 days the files were deleted from the thumb drive by Officer Reeves.

The thumb drive that was used for storing completed work is the property of the Limestone Correctional Facility Law Library. No inmates have authorization to possess their own personal thumb drives or storage devices. A personal thumb drive being possessed by an inmate without ADOC being able to monitor it is a real security concern. As defined in Administrative Regulation 403, Contraband is anything not issued to an inmate by a DOC employee, sold in the canteen store or approved by the Warden.

Inmate Breach stipulated in his complaint that Lieutenant Mark Pelzer took legal paperwork from him and read the paperwork and discussed it with Ms. Kristin Bias, Classification Specialist. I discussed this allegation with Lieutenant Pelzer who stated that on July 12, 2008, he supervised a shakedown of the Law Library. During the shakedown a thumb drive was confiscated from Inmate Marcellus Breach, B/160710. The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband. The

thumb drive was the only article taken from Inmate Breach. Lieutenant Pelzer stated he did not take any paperwork from Inmate Breach. Lieutenant Pelzer stated he did not open the contents of the thumb drive, and the thumb drive was not reviewed nor discussed with anyone. Lieutenant Pelzer advised that on July 15, 2008, he gave the thumb drive taken from Inmate Breach to Officer Mark Reeves, Law Library Supervisor. Officer Reeves placed the thumb drive in an envelope and the sealed envelope has been locked in Officer Reeves' desk drawer since that time.

Inmate Breach avers that a program called VNC has been installed on the Law Library computers for the purpose of "spying" on inmates and to read their legal work. This program is, in fact, installed for the purpose of monitoring inmates using the computer system to ensure that they are utilizing it only for its intended purpose of preparing legal work. It is also used as an enhancement for the Law Library Supervisor to remotely add and remove items on the Law Library computers from his office. It is the Law Library Supervisor's responsibility to review any inmate's legal work not for specific content but to ensure that it is actual legal work and that its contents do not violate security concerns.

To my knowledge, the above related facts are the entirety of my involvement with Inmate Marcellus Breach, concerning the allegations on which his complaint is based. I have not violated any of Inmate Breach's Constitutional Rights.

_____
BILLY MITCHEM

STATE OF ALABAMA )

LIMESTONE COUNTY )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS THE 21 DAY OF August, 2008.

_Dianne R Sisk_
NOTARY PUBLIC

My commission expires 8-1-2010