IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #160710 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:06-CV-1133-MEF |
| ) | [WO] |
| ) | |
| PRISON HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Marcellus Breach ["Breach"], a state inmate, challenges the medical treatment provided to him for a left inguinal hernia initially diagnosed in February of 2005.[1] Breach asserts that "the hernia is causing ... pain and discomfort and restricts his normal daily activities.... Plaintiff hernia can rupture at any time, and lead to death if not timely treated." *Plaintiff's Complaint - Court Doc. No. 1* at 10. Breach further maintains that the hernia "at times ... is not 'easily reducible' and is painful.... My hernia can rupture, possible strangulation at 'any' time. I cannot exercise, lift weight ... participate in 'any' rehabilitative programs ... because of this hernia."

---

[1] According to the evidentiary materials filed by Breach, an inguinal hernia occurs when weakness in the abdominal muscles allows a portion of the intestine to push through the abdominal wall. The bulging portion of intestine is called a hernia. *Plaintiff's Exhibit I to the Motion for Temporary Restraining Order/Motion for Preliminary Injunction - Court Doc. No. 3-2* at 14. "A hernia is reducible when the contents of the hernial sac can be replaced into the abdominal cavity by gentle pressure. An irreducible (incarcerated) hernia cannot be reduced or placed back into the abdominal cavity. A hernia is strangulated when the blood supply to the herniated segment of the bowel is cut off by pressure from the hernial ring (the band of muscle around the hernia). If a hernia is strangulated, there is ischemia and obstruction of the bowel loop." *Id*.

*Plaintiff's February 13, 2007 Response - Court Doc. No. 23* at 5-6. Breach maintains that he is entitled to surgery on his hernia.[2] He has filed voluminous responses, requests for discovery, evidentiary materials, motions and other documents during the course of this litigation.

On August 11, 2008, Breach filed a motion for preliminary injunction (Court Doc. No. 678) and amended this motion on August 22, 2008 (Court Doc. No. 684). In this motion, Breach requests issuance of a preliminary injunction which requires that the correctional defendants return to his possession a computer flash drive recently confiscated from his possession or provide him copies of all documents contained on this flash drive. In compliance with the orders entered in this case, the correctional defendants filed a response in opposition to Breach's motion for preliminary injunction.

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Breach demonstrates the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Breach outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction

---

[2] Breach initiated this complaint during his confinement at the Kilby Correctional Facility establishing venue before this court. He has since been transferred to the Limestone Correctional Facility which is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

would be in the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

### A. Arguments of the Parties

In the present motion for preliminary injunction, Breach challenges alleged improper adverse actions taken against him by correctional officials at the Limestone Correctional Facility on July 12, 2008 and seeks issuance of an injunction against these officials for such

actions. The correctional defendants filed a response to this motion in which they argue he is not entitled to the requested relief. Specifically, the correctional defendants maintain that Breach requests injunctive relief for actions undertaken by correctional officials "none of whom are defendants in this action...." *Correctional Defendants' Response - Court Doc. No. 686* at 1. They further argue the confiscated flash drive is contraband as it is a personal flash drive not authorized by prison regulations. The confiscated "flash/thumb drive [is one Breach] somehow illegally smuggled into the facility..." as it would be "physically impossible" for the drive to contain the documents Breach states are on the drive "because there is no scanning device in the law library at Limestone and that is the only way [such documents] could be on the drive." *Id*. at 4-5. Billy Mitchem, the warden at Limestone Correctional Facility, addresses the allegations contained in Breach's motion for preliminary injunction as follows:

> .... [I]n August 2006, the Limestone Correctional Facility Law Library implemented the use of computers for the purpose of preparing legal work. When this procedure began, inmates were allowed to store their work on floppy disks so they could retrieve their documents at a later date to complete their work. The floppy disks were stored in a locked box in the Law Library. Once their work was completed and printed it was moved to a mass storage device, or thumb [/flash] drive, where it was kept for 60 days in the event the inmate needed to make additional corrections. The thumb drive was maintained by Officer Reeves in his office. A single thumb drive was purchased solely for the purpose of storing the legal work during this duration of time. After 60 days the files were deleted from the thumb drive by Officer Reeves.
> The thumb drive that was used for storing completed work is the property of the Limestone Correctional Facility Law Library. No inmates have authorization to possess their own personal thumb drives or storage devices. A personal thumb drive being possessed by an inmate without

>     ADOC being able to monitor it is a real security concern. As defined in Administrative Regulation 403, Contraband is anything not issued to an inmate by a DOC employee, sold in the canteen store or approved by the Warden.
>     Inmate Breach stipulated in his complaint that Lieutenant Mark Pelzer took legal paperwork from him and read the paperwork and discussed it with Ms. Kristin Bias, Classification Specialist. I discussed this allegation with Lieutenant Pelzer who stated that on July 12, 2008, he supervised a shakedown of the Law Library. During the shakedown a thumb drive was confiscated from Inmate Marcellus Breach, B/160710. The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband. The thumb drive was the only article taken from Inmate Breach. Lieutenant Pelzer stated he did not take any paperwork from Inmate Breach. Lieutenant Pelzer stated he did not open the contents of the thumb drive, and the thumb drive was not reviewed nor discussed with anyone. Lieutenant Pelzer advised that on July 15, 2008, he gave the thumb drive taken from Inmate Breach to Officer Mark Reeves, Law Library Supervisor. Officer Reeves placed the thumb drive in an envelope and the sealed envelope has been locked in Officer Reeves' desk drawer since that time.
>     Inmate Breach avers that a program called VNC has been installed on the Law Library computers for the purpose of "spying" on inmates and to read their legal work. This program is, in fact, installed for the purpose of monitoring inmates using the computer system to ensure that they are utilizing it only for its intended purpose of preparing legal work. It is also used as an enhancement for the Law Library Supervisor to remotely add and remove items on the Law Library computers from his office. It is the Law Library Supervisor's responsibility to review any inmate's legal work not for specific content but to ensure that it is actual legal work and that its contents do not violate security concerns....

*Court Doc. No. 686-2 - Affidavit of Billy Mitchem* at 1-3.

Breach has submitted affidavits from himself and other inmates alleging that there are three flash drives in use at the Limestone Correctional Facility, inmate law clerks are routinely allowed access to these flash drives and he, as an inmate law clerk, was allowed to have these flash drives in his possession. *Court Doc. No. 684-2 at 6-12.*

## B. Prerequisites for Requested Relief

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Breach has proven a substantial likelihood of success on the merits. Having reviewed Breach's request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Breach has failed to meet his burden as to this prerequisite. At this stage of the proceedings, Breach simply has not established a *substantial likelihood* of success on the merits.

Breach also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of prison medical care providers to exercise their professional judgment in determining the appropriate course of treatment for inmates. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Breach has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction. of a preliminary injunction.[3]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

---

[3] Breach is advised that if he seeks to proceed on his challenges to the constitutionality of actions referenced in his most recent motion for preliminary injunction he may do so by filing a separate 42 U.S.C. § 1983 in the United States District Court for the Northern District of Alabama.

motion for preliminary injunction filed by the plaintiff on August 11, 2008 (Court Doc. No. 678), as amended on August 22, 2008 (Court Doc. No. 684) be DENIED.

It is further

ORDERED that on or before September 8, 2008 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 26th day of August, 2008.

                                          /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE