IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH (AIS# 160710),

    Plaintiff,

vs.   CIVIL ACTION NO. 2:06cv1133-MEF

PRISON HEALTH SERVICES, INC.;
et al.;

    Defendants.

## NOTICE OF FILING IN RESPONSE TO THIS COURT'S ORDER [Court Doc. 675]

COMES NOW the Defendant, Dr. William D. Hobbs and Dr. Michael E. Robbins, by and through counsel, and does hereby give this Court notice of filing of the following documents in response to this Court's Order dated July 31, 2008 [Court Doc. No. 675]:

    1.    Defendant, Dr. William Hobbs Response to Plaintiff's Fourth Set of Interrogatories and Request for Admissions for Production of Documents [Court Doc. No. 226].

    2.    Defendant, Dr. Michael E. Robbins Response to Plaintiff's Second Set of Interrogatories and Request for Admissions for Production of Documents [Court Doc. No. 187].

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants,
Dr. William D. Hobbs and
Dr. Michael E. Robbins

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 28th day of August, 2008, to:

> Mr. Marcellus Breach (#160710)
> Limestone Correctional Facility
> 28779 Nick Davis Road
> Harvest, AL  35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

> Albert Sims Butler, Esq.
> ALABAMA DEPARTMENT OF CORRECTIONS
> P. O. Box 301501
> Montgomery, AL  36130-1501
>
> Philip G. Piggott, Esq.
> STARNES & ATCHISON, LLP
> P. O. Box 598512
> Birmingham, AL  35259-8512

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

MARCELLUS BREACH (AIS# 160710),

    Plaintiff,

vs.

PRISON HEALTH SERVICES, INC.;
et al.;

    Defendants.

CIVIL ACTION NO. 2:06cv1133-MEF

### RESPONSE OF DR. WILLIAM D. HOBBS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS [COURT DOC. NO. 226]

COME NOW the Defendant, Dr. William D. Hobbs, by and through counsel, and in response to the Plaintiff's Fourth Discovery Requests [Doc. No. 226] and responds as follows:

    2.    Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition if the charge(s), arrest or conviction.

    **RESPONSE:**    No.

    8.    Have you ever had your medical license revoked, suspended, or any action, investigation conducted by any Medical Board. If so, for each complaint, indicate the city, state where the complaint(s) were, the nature of the complaint(s), the date of the above complaint(s), the name of the investigator, and the disposition of the complaint. Also, if yes, please identify the agency and/or individual who accused or investigated you for such allegation(s); specifically identify the department, agency, employer, employee or such other whom accused you of said charges, the nature of the allegation(s) or investigation(s) against you, either involving your official capacity, or involving your individual capacity.

    **RESPONSE:**    No.

1

10. "Specifically identify by document" whether you ever been sued for either: (1) Deliberate Indifference; (ii) Medical Malpractice or; (i) Negligence, in the State of Alabama, or another? If so, for each charge, judgment, indicate the city, state where the charges were, or are actively pending, the nature of the charge(s), the date of the summons, Answers, the court case number, and the disposition of the charge, answer, summary judgment, trial or appeal.

**RESPONSE:** See attached for case information.

12. "Specifically identify by document" your specific job duties as Medical Director at Limestone Correctional Facility, for Prison Health Services, Inc.

**RESPONSE:** I do not have access to any documents, but I was the Site Medical Director and I was responsible for overseeing the medical care of roughly 2,700 inmates. I was also the supervisor for the medical personnel.

13. "Specifically identify by document" your specific job duties in your capacity with your current employer.

**RESPONSE:** I am currently employed as the Medical Director for Medi-Trim in Dacatur, Alabama. I am responsible for overseeing the weight loss of patients at this clinic.

14. It is your common practice not to make surgical referral regarding a patient diagnosed with a hernia until the patients' hernia is incarcerated, or in danger of incarceration or, into the scrotum?

**RESPONSE:** A surgical referral is made if surgery is indicated.

15. It is your common practice not to make surgical referral regarding a patient diagnosed with a hernia with signs and symptoms of feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum.

**RESPONSE:** See my response to Interrogatory #14.

16. It is your common practice not to make surgical referral regarding a patient diagnosed with a hernia with signs and symptoms of a bulge or lump in the abdomen, groin or scrotum that is easier to see when the patient stands and disappears when the patient lies down?

2

**RESPONSE:** See my response to Interrogatory #14.

19. Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since your date of employment rendering medical services at the prison(s) of the Alabama Department of Corrections.

**RESPONSE:** I do not know the number of Alabama inmates responsive to this request.

20. Have you ever requested to any supervisor, or other person(s) improvements, changes, updates, regarding Hernia Protocol. If yes, "specifically identify" any written request, "documents," e-mails, faxes and "identify the incident by document:" "Identify" any and all witnesses, persons who have knowledge of your recommendations for improvements to this or any other Hernia Protocol?

**RESPONSE:** No such official protocol exists, therefore, the only answer is no.

21. "Identify by document," any reprimands, given by any supervisor, agent, agencies against you while employed at Prison Health Services, Inc.

**RESPONSE:** None.

### Requests for Admissions

2. Admit or deny, the only way to stop a hernia from getting worse is to repair the defect through surgery.

**RESPONSE:** Deny.

5. Admit or deny, you have performed surgery on hernias?

**RESPONSE:** Admit.

7. Admit or deny, that medically there is no cure for a hernia without surgery?

**RESPONSE:** Deny.

8. Admit or deny, that a strangulated hernia can become an emergency that usually requires immediate surgery.

3

**RESPONSE:** Admit.

14. Admit or deny, that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

**RESPONSE:** Deny. It can, but does not mean it will.

16. Admit or deny, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia?

**RESPONSE:** Deny.

17. Admit or deny, that the long-term course is for a hernia to become steadily worse as times goes on, sometimes slowly and sometimes quickly when left without surgery?

**RESPONSE:** Deny.

18. Admit or deny, that the opening of a hernia cannot heal itself?

**RESPONSE:** Admit.

22. Admit or deny, the waiting until the hernia is incarcerated or in danger of becoming incarcerated, in order to be surgically necessary can become a life or death situation?

**RESPONSE:** Deny.

23. Admit or deny, waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into severe pain.

**RESPONSE:** Deny.

24. Admit or deny, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum?

4

RESPONSE:   Deny.

25. Admit or deny, overexertion can cause weakness, such as simple coughing or sneezing to the hernia?

RESPONSE:   Deny generally. However, anything that sharply increases intra-abdominal pressure can in some cases lead to enlargement of the hernia opening.

26. Admit or deny, the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed?

RESPONSE:   Deny. Significant pain in uncomplicated hernias would be unusual.

27. Admit or deny, a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia?

RESPONSE:   Defendant admits that periodic follow-up of hernias depends on the type and degree of the hernia. Many do not need to be routinely followed up unless there is a significant change in the size or character of the hernia. These hernias at significant risk for complication should be followed as a matter is routine.

28. Admit or deny, you did not conduct any routine inspections, follow up or test on plaintiff's hernia since April 30, 2007?

RESPONSE:   I do not have any individual recollection with respect to Plaintiff's medical treatment after April 30, 2007, but verbal orders were given for pain medication.

29. Admit or deny, a hernia will limit a person's daily activity?

RESPONSE:   Defendant admits that limitation of activities does depend on degree and type of hernia. Many common hernias require little or no limitation of activity.

30. Admit or deny, when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia?

RESPONSE:       Deny. This description of a direct hernia is incorrect.

32.    Admit or deny, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse?

RESPONSE:       **Defendant admits that this is possible, but not usual.**

33.    Admit or deny, you were the supervisor of the medical treatment prescribed to plaintiff at Limestone Correctional Facility?

RESPONSE:       **Admit.**

34.    Admit or deny, Prison Health Services, Inc., has final authority regarding approval or disapproval of surgery for plaintiff's inguinal hernia?

RESPONSE:       **Deny.**

35.    Admit or deny, there are over 100 Alabama inmates diagnosed with hernias from February 2005 through date of your response?

RESPONSE:       **This Defendant can neither admit nor deny as this information is unknown to me.**

38.    Admit or deny, you instructed that plaintiff cannot have surgery until his hernia is incarcerated, or in danger of incarceration or into the scrotum?

RESPONSE:       **Admit.**

44.    Admit or deny on October 2, 2007, plaintiff filed a grievance appeal?

RESPONSE:       **I do not have an individual recollection of a grievance appeal filed on this date and have been unable to locate one in the file.**

45.    Admit or deny, on October 3, 2007, plaintiff submitted a Sick Call Request complaining about pain, and out of pain medication, specifically requested to be seen by Dr. Hobbs, M.D., regarding hernia pain.

6

**RESPONSE:** Admit.

46. Admit or deny, Dr. Hobbs did not see plaintiff regarding October 3, 2007, sick call request complaining about pain due to his hernia?

**RESPONSE:** **Admit, but verbal orders for pain medication were given.**

47. Admit or deny, Ruth Naglich is the person responsible for approval or disapproval of surgery request?
**RESPONSE:** **Deny.**

48. Admit or deny, Dr. George Lyrene, is the person responsible for approval or disapproval of surgery request?

**RESPONSE:** **Deny.**

49. Admit or deny, the sac containing plaintiff's intestine may become trapped by muscle (incarceration). This happens, plaintiff will not be able to flatten the bulge and plaintiff will have pain?

**RESPONSE:** **Deny.**

50. Admit or deny, when the intestine becomes trapped, issuing Motrin 600 mg., will treat the condition.

**RESPONSE:** **Deny.**

51. Admit or deny, when the intestine is tightly trapped, it becomes strangulated?

**RESPONSE:** **Deny.**

52. Admit or deny, the strangulated area loses blood supply and may die when the intestine is tightly trapped.

**RESPONSE:** **Deny.**

53. Admit or deny, when the intestine are trapped, this can cause severe pain and block the intestine. Emergency surgery is needed to relieve the blockage?

7

**RESPONSE:** Deny.

54. Hernias grow larger as pressure inside the body presses the intestines or other tissues out through a weak area. With time, these tissues can bulge out beneath the skin of the abdomen, or they can bulge into the groin, thigh, scrotum, or labia.

**RESPONSE:** Deny.

55. Admit or deny, indirect inguinal hernias are the most common hernias in men?

**RESPONSE:** Admit.

56. Direct hernias are similar to indirect hernias, but less common?

**RESPONSE:** Admit.

57. Direct hernias often get worse with age or physical stress.

**RESPONSE:** Deny.

_William D. Hobbs, M.D._
DR. WILLIAM D. HOBBS

SWORN TO AND SUBSCRIBED before me, on this the 28 day of August, 2008.

_Binie Ann Presnell_
Notary Public, State of Alabama
At Large
My Commission Expires: October 15, 2008
(SEAL)

8

OF COUNSEL:

PAUL M. JAMES, JR., ESQ.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 26th day of August, 2008, to:

>Mr. Marcellus Breach (#160710)
>Limestone Correctional Facility
>28779 Nick Davis Road
>Harvest, AL 35749

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

>Albert Sims Butler, Esq.
>ALABAMA DEPARTMENT OF CORRECTIONS
>P. O. Box 301501
>Montgomery, AL 36130-1501

>Phillip G. Piggott, Esq.
>Starnes & Atchison, LLP
>P.O. Box 598512
>Birmingham, AL 35259-8512

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARCELLUS BREACH (AIS# 160710), | ' |
| Plaintiff, | ' |
| vs. | ' CIVIL ACTION NO. 2:06cv1133-MEF |
| PRISON HEALTH SERVICES, INC.; et al.; | ' |
| Defendants. | ' |

### RESPONSE OF DR. MICHAEL E. ROBBINS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR ADMISSIONS, FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS [COURT DOC. NO. 187]

COME NOW the Defendant, Dr. Michael E. Robbins, by and through counsel, and in response to the Plaintiff's Second Discovery Requests [Doc. No. 187] and responds as follows:

2. Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in the State of Alabama? If so, for each charge, arrest or conviction or nolle prosse, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, the court case number, and the disposition if the charge(s), arrest or conviction.

**RESPONSE:** No.

10. Is it your common practice to allow nurse practitioner to make surgical or non-surgical referrals on a patient regarding a hernia, without you present or examining the patient personally?

**RESPONSE:** **Evaluation of non-complicated inguinal hernias is well within the scope of a nurse practitioner.**

12. Is it your common practice to rely on the recommendations of a nurse practitioner Bradford Adams or any other nurse practitioner without examining the patient regarding a serious medical condition?

1

RESPONSE: It is my practice to accept the evaluation of nurse practitioners in areas within their scope when the presenting issue is routine and non-life threatening.

13. Is it Prison Health Services, Inc., common practice not to surgically repair a hernia unless the hernia is incarcerated or in danger of becoming incarcerated in order to be surgically necessary?

RESPONSE: **Hernias that can be managed by non-surgical means are managed by non-surgical means. Individual doctors evaluate patient's condition.**

14. Please estimate how many Alabama inmate diagnosed with a hernia you examined since February 2005.

RESPONSE: **As a rough estimate, I have evaluated perhaps 75 (or more) inguinal hernias since February 2005.**

15. Please estimate how many Alabama inmates diagnosed with a hernia you did not refer them for surgical referral since February 2005 state the stage of their hernia, i.e., reducible or non-reducible.

RESPONSE: **Of those mentioned in question #14, perhaps two or three patients required surgery because their hernias could not be reduced. The remainder have done well with non-surgical management as far as I am aware.**

16. Have you ever requested to any supervisor, or other person(s) improvements, changes, update, regarding the hernia Protocol. If yes, *specifically identify* any written requests, date, e-mails and *identify the incident by document: identify* all witnesses, persons who have knowledge of your recommendations for improvements to this hernia Protocol.

RESPONSE: **There was no hernia "protocol" of which I am aware.**

19. Did you actually, personally examine the plaintiff on December 27, 2006 @ 11:25 a.m. If so, please specifically identify.

RESPONSE: **No.**

2

20.     Disclose the substance of any oral statements made by Nurse Practitioner Bradford Adams on <u>December 27, 2006 @ 11:25 a.m.</u>

**RESPONSE:** **I recall no particulars of the conversation. The substance indicated by the medical record for that date was that the inguinal hernia was small, easily reducible and could be managed with a truss, bottom bunk, and weight lifting restriction. Follow up was arranged for 2 weeks after this evaluation.**

22.     Disclose any verbal, written or recorded statements, documents, and any substances made by you or by any defendant to any supervisor, agency or agent thereof regarding this incident.

**RESPONSE:** **There is no record of any such statements/ documents/substances and I recall none.**

24.     Identify by document, any reprimands, given by any supervisors, agents, agencies against you while employed at Prison Health Services, Inc.

**RESPONSE:** **None.**

## Requests for Admissions

1.     Admit or deny that on <u>March 21, 2006,</u> Dr. John A. Tussin, M.D., made a "doctor order" that plaintiff's left inguinal hernia, "Needs Repair."

**RESPONSE:** **I have no individual recollection of this record and I did not see this record in the medical records available to me.**

2.     Admit or deny, that you never once examined the plaintiff regarding his inguinal hernia.

**RESPONSE:** **Admit. I did not personally examine this patient. The nurse practitioner's evaluation was complete and adequate.**

3.     Admit or deny, Prison Health Services, Inc., has a written policy, regulation, custom, practice, Protocol of not repairing hernias for all Alabama inmates, unless the hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

**RESPONSE:** **Deny.**

3

4. Admit or deny, that you agree, follow, adopted, and comply with the Protocol that a hernia must be incarcerated or in danger of becoming incarcerated in order to be surgically necessary.

**RESPONSE:** **Deny.**

5. Admit or deny, that you do not know the actual size of plaintiff's hernia as of the date of your answering.

**RESPONSE:** **Deny. The medical records from the clinic visit of 12/27/06 states the hernia to be 3x5 cm, which was unchanged from 5/05/06.**

6. Admit or deny, that the only way to stop a hernia from getting worse is to repair the defect through surgery.

**RESPONSE:** **Deny.**

9. Admit or deny, you have performed surgery on hernias.

**RESPONSE:** **Deny.**

12. Admit or deny, that a strangulated hernia can become an emergency that usually requires immediate surgery.

**RESPONSE:** **Admit.**

22. Admit or deny, that plaintiff's inguinal hernia can get larger and lead to serious medical complications.

**RESPONSE:** **Deny. It is possible, but it is unlikely that it will get larger.**

24. Admit or deny, bowel movements can cause the muscles to weaken resulting into an enlargement of plaintiff's hernia.

**RESPONSE:** **Deny.**

25. Admit or deny, that the long-term course is for a hernia to become steadily worse as time goes on, sometimes slowly and sometimes quickly when left without surgery.

**RESPONSE:**     Deny.


26.    Admit or deny, that the opening of a hernia cannot heal itself.

**RESPONSE:**     Admit.


31.    Admit or deny, the waiting until the hernia is incarcerated, in danger of becoming incarcerated in order to be surgically necessary can, or will subject a patient into severe pain.

**RESPONSE:**     Deny.


32.    Admit or deny, under the standard of care, a hernia ought to be repaired before it is incarcerated or in danger of becoming incarcerated and before entering the scrotum.

**RESPONSE:**     **Deny. Most inguinal hernias can be well managed non-surgically, thus surgery for uncomplicated inguinal hernias is not the standard of care.**


33.    Admit or deny, that overexertion can cause weakness, such as simple coughing or sneezing to the hernia.

**RESPONSE:**     **Deny generally. However, anything that sharply increases intra-abdominal pressure can in some cases lead to enlargement of the hernia opening.**


34.    Admit or deny, that the effects felt by plaintiff can range from perfectly painless, through discomfort, to being very painful indeed.

**RESPONSE:**     **Deny. Significant pain in uncomplicated hernias would be unusual.**


35.    Admit or deny, that a hernia ought to be inspected to ensure that it, is not becoming infected or developing into a more serious non-reducible hernia.

**RESPONSE:**     **Defendant admits that periodic follow-up of hernias depends on the type and degree of the hernia. Many do not need to be routinely followed up unless there is a significant change in the size or**

character of the hernia. These hernias at significant risk for complication should be followed as a matter of routine.

36. Admit or deny, that you did not conduct any routine inspections, follow up or test on plaintiff's hernia while he was at Kilby Correctional Facility.

**RESPONSE:** Deny. According to the medical records, follow-up was arranged 2 weeks after the 12/27/06 evaluation.

37. Admit or deny, that plaintiff could have either had a direct or an indirect inguinal hernia.

**RESPONSE:** Admit.

38. Admit or deny, that you did not identify what type of hernia plaintiff has.

**RESPONSE:** Admit. However, the non-surgical management of direct or indirect hernias is the same.

39. Admit or deny, that a hernia will limit a person daily activity depending on the state of the hernia.

**RESPONSE:** Defendant admits that limitation of activities does depend on degree and type of hernia. Many common hernias require little or no limitation of activity.

40. Admit or deny, that a direct hernia is a less common hernia.

**RESPONSE:** Admit.

41. Admit or deny, that when the hernia distends and pushes out the peritoneum forming the bottom of either the middle of the internal fossa, it is a direct or internal hernia.

**RESPONSE:** Deny. This description of a direct hernia is incorrect.

43. Admit or deny, feelings of weakness, pressure, burning or pain in the abdomen, groin or scrotum is usually a warning sign that the hernia is progressing and becoming worse.

6

    RESPONSE:    Defendant admits that this is possible, but not usual.

*Michael E. Robbins MD*
DR. MICHAEL E. ROBBINS

SWORN TO AND SUBSCRIBED before me, on this the 25 day of August, 2008.

_____
Notary Public, State of Alabama
    At Large
My Commission Expires: 6/25/2012
(SEAL)


OF COUNSEL:

PAUL M. JAMES, JR., ESQ.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3148
(334) 481-0817 (fax)


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 28th day of August, 2008, to:

    Mr. Marcellus Breach (#160710)
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL 35749

    The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

    Albert Sims Butler, Esq.
    ALABAMA DEPARTMENT OF CORRECTIONS
    P. O. Box 301501
    Montgomery, AL 36130-1501

Phillip G. Piggott, Esq.
Starnes & Atchison, LLP
P.O. Box 598512
Birmingham, AL  35259-8512

/s/ PAUL M. JAMES, JR. (JAM017)
OF COUNSEL