IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.

    CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al.,

    Defendants.

### NOTICE OF OBJECTION TO THE ADMISSIBILITY OF STATEMENTS CONTAINED IN AFFIDAVITS SUBMITTED BY WARDEN BILLY D. MITCHEM, [Court Doc. No. 686]

**COMES NOW**, plaintiff <u>Marcellus Breach</u> (hereinafter "Plaintiff") in proper person "Pro Se," pursuant to <u>Rule 59(e),</u> *Federal Rules of Civil Procedures,* <u>Rule 602,</u> *Federal Rules of Evidence* moves to strike the Affidavit of Warden Billy Mitchem or exclude portions of statements made in Billy Mitchim's Affidavit submitted on or about <u>August 22, 2008</u> [*Court Doc. No. 686, Exhibits "A,"*] in response to defendant ADOC "Response to Order To Show Cause" **Court Doc. No. 679**; plaintiff's objects on several grounds: **(i)** Billy Mitchim's statements are inadmissible hearsay; **(ii)** not based on personal knowledge; **(iii)** not supported with attached certified copies of documents; **(iv)** based on speculation, conjecture, conclusory in nature, voiced his own conclusions, beliefs, suspicions; **(v)** inadmissible, unreliable, unqualified lay witness opinions. <u>Rule 602, Rule 701(c) 703,</u> Fed. R. Evid.

1

### *Introduction:* [1]

The United States Supreme Court has established that affidavits in support of motion for summary judgment made on information and belief does not comport with Rule 56(e) requirements. See, *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312 (1950).

<u>The Rules are clear:</u> "Supporting and opposing affidavits *shall* be made on personal knowledge." FED. R. CIV. P. <u>56</u>(e) (emphasis added). Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, "upon information and belief"--instead of only knowledge-- from raising genuine issues of fact sufficient to defeat summary judgment. *See Fowler v. Southern Bell Tel. and Tel. Co.*, <u>343 F.2d 150</u>, 154 (5th Cir. 1965) ("knowledge, information and belief" insufficient); *Robbins v. Gould*, <u>278 F.2d 116</u>, 118 (5th Cir. 1960) ("knowledge and belief" insufficient). *Hansen v. Prentice-Hall, Inc.*, <u>788 F.2d 892, 894</u> (2d Cir. 1986). Even if the affidavit is otherwise based upon personal knowledge (that is, includes a blanket statement within the first few paragraphs to the effect that the affiant has "personal knowledge of the facts set forth in the affidavit"), a statement that the affiant believes something is not in accordance with the Rule. *See Cermetek, Inc. v. Butler Avpak, Inc.*, <u>573 F.2d 1370, 1377</u> (9th Cir. 1978)

On **page #3,** of the Affidavit, Mitchem's testimony is based on "To my knowledge" is probably the only supported paragraphs that he can testify. Other than this one paragraph, the remainder of the testimony is due to be stricken on grounds of not based

---

[1] Lt. Pelzer did not submit an affidavit; Ms. Bias did not submit an affidavit.

2

on personal knowledge, hearsay because he is relying on what Officer Reeves told him, and what Lt. Pelzer told him. Such testimony as a whole is impermissible hearsay, insufficient to meet the Rule 602 requirements. Fed.R.Evid.

Mitchem has not demonstrated he actually has personal knowledge in his self-serving testimony. Mitchem was not present on *July 12, 2008* he did not demonstrate he personally observed that which he testifies.

Unless Mitchem an expert he can't testify to matters he did not observe. Rule 701(C) 702 & 703, Fed.R.Evid. However, Mitchem is not an expert, he cannot opine as to what is and what is not contraband, he provides not evidence that could demonstrate contraband; furthermore, only plaintiff's flash driver was confiscated, no one else's; his testimony in that area is inadmissible lay witness testimony, *Rule 701(c),* Fed.R.Evid. If he is an expert, plaintiff object because he did not lay a foundation of his qualifications, the Affidavit is completely devoid of any reference to experience, training, education, skill, *Rule 702, 703* Fed.R.Evid.

## II. *OBJECTIONS AND GROUNDS IN SUPPORT*

1.     Mitchem does not have personal knowledge as to what he testifies to. Plaintiff argues that the testimony offered by Billy Mitchim in its entirety is inadmissible hearsay, he is relying on what <u>Officer Reeves</u> and <u>Lt. Pelzer</u> told him and attempts to testify to that is impermissible hearsay, not based on personal knowledge; he never once stated he is testifying on personal knowledge and, as a consequence, is insufficient as a basis for a

response. Federal Rule of Civil Procedures, 56(e) provides that "Supporting and opposing affidavits shall be made on personal knowledge, . . . . " To comply with Rule 56(e), there must be a showing that the statements made in the affidavits were made on personal knowledge. <u>Catawba Indian Tribe v. State of South Carolina</u>, 978 F.2d 1334, 1342 (4th Cir. 1992). "The absence of an affirmative showing of personal knowledge of the affidavit and, accordingly, summary disposition based thereon [is] improper." <u>Antonio v. Barnes</u>, 464 F. 2d 584, 585 (4th Cir. 1972).

2. *Rule 56(e)* dealing with striking the impermissible assertions stated in the affidavit and "unsupported papers or documents" attached to defendant Ruth Naglich's affidavit fails to meet the mandatory requirements of the Rule, *i.e., personal knowledge, such facts as would be admissible in evidence, sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith. Id.*

3. Portions of the Billy Mitchim Affidavit is contrary to mandatory requirements of *Rule 56(e),* Fed. R. Civ. P., which requires that summary judgment affidavits be "made on personal knowledge," that they "set forth facts as would be admissible in evidence," and that they "show affirmatively that the affiant is competent to testify to the matters set forth therein." *Id.; see generally* <u>New York ex rel. Spitzer v. Saint Francis Hosp.</u>, 94 F. Supp.2d 423, 427 (S.D.N.Y. 2000)(test for admissibility under *Rule 602* is "whether a reasonable trier of fact could believe the witness had personal knowledge of the facts to which he is testifying"). *Rule 56(e),* the form of affidavit is outlined as follows:

(e)  Form of Affidavit; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on **personal knowledge**, shall <u>set forth such facts as would be admissible in evidence</u>, and <u>shall show affirmatively that the affiant is competent to testify to the matters stated therein</u>.  **Sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith.**  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. …. (emphasis added)

Fed. R.Civ. P. 56(e)

4. Plaintiff further objects that the Affidavit as a whole, on its face is not based on *personal knowledge* as required by *Rule 56(e),* Fed. R. Civ. P., plaintiff argues that Mitchem's affidavit is nothing more than conclusory, irrelevant, immaterial, subjective, speculative, hearsay, and not based on personal knowledge.  Plaintiff object to his assertion on *Page 1., Paragraphs 1,* on grounds hearsay, not based on personal knowledge.:

> "**I discussed the Law Library procedures with Officer Reeves Law Library Supervisory.** <u>Officer Reeves stated</u> in August 2006, the Limestone Correctional Facility Law Library implemented the use of computers for the purpose of preparing legal work. When this procedure began, inmates were allowed to store their work on floppy disks so they could retrieve their documents at a later date to complete their work. The floppy disks were stored in a locked box in the law library. Once their work was completed and printed it was moved to a mass storage device, or thumb drive, where it was kept for 60 days in the event the inmate needed to make additional corrections. The thumb drive was maintained by Officer Reeves in his office. A single thumb drive was purchased solely for the purpose of storing the legal work during this duration of time. After 60 days the files were deleted from the thumb drive by Officer Reeves.. . . " [*Id.*]

5.  Plaintiff argues the entire portion of Mitchem's testimony is due to be stricken because it is based on impermissible hearsay, Mitchem begin his testimony admitting what Officer Reeves <u>told</u> him is and trying to testify to such is impermissible hearsay. Plaintiff does not want to dictate the entire testimony, but starting with **Paragraph 3 # page 1,** thru **Page 2, to Paragraphs, 1, 2 @ page # 3**, are due to be stricken because Billy Mitchem's testimony in large parts, is based on what some else told him, and what someone told him to say; he admits what Officer Reeves discussed with him and he cannot testify to that matter. [*Id.*] Rule 56(e), Fed.R.Evid.

¶2, pages 2-3:

Page #3, ". . . **Lieutenant Pelzer stated** he did not take any paper work from Inmate Breach. Lieutenant Pelzer stated he did not open the contents of the thumb drive, and the thumb drive was not reviewed nor discussed with anyone. Lieutenant Pelzer advised on July 15, 2007, he gave the thumb drive taken from Inmate Breach to Officer Mark Reeves, Law Library Supervisor. Officer Reeves' desk in an envelope and the sealed envelope has been locked in Officer Reeves' desk drawer since that time." [*Id.*]

Plaintiff objects, this line of testimony is due to be stricken as hearsay, not based on personal knowledge. *Rule 602*, Fed.R.Evid.

6.  Additionally, page 2, paragraphs 2, Mitchem states:

"A personal thumb drive being posses by an inmate without ADOC being able to monitor it is a real security concern. As defined in Administraivt Regulation 403, Contraband is anything not issued to an inmate by a DOC employee, sold in the canteen store, or approved by the Warden". [*Id*]

Plaintiff objects to this testimony on grounds hearsay, not based on personal knowledge; additionally, no evidence is attached to his affidavit. Mitchem making reference to some unrevealed Administrative Regulation 403 is hearsay. Throughout this entire proceeding, no such regulation has ever been produced, identified, seen, or marked as exhibits by Mr. Mitchem. Such exhibits constitute rank hearsay, evidence which is inadmissible under federal civil procedure rules regarding affidavits. See, *Sermsap v. City of Montgomery*, 2006 U.S. Dist. LEXIS 75776 (Oct. 17, 2006)(striking from consideration an affidavit that contains hearsay and which lacked the "personal knowledge" requirement); *Baker v. Norman*, 651 F.2d 1107, 1128 (5th Cir. 1981).

7. Additionally, Billy Mitchem is makes reference to an unknown "Administrative Regulation 403, on page 2, paragraph 2, he attempts to define Contraband when he has not demonstrated that he is qualified to testify to that area is impermissible lay witness testimony, hearsay, unsupported speculation and not based on personal knowledge. *Rule 602 & 701(c), Fed.R.Evid.*, Billy Mitchem is not qualified to testify to matters outside personal knowledge. Rule 56(e) states that "*sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith.*" Because Mitchem relies on unrevealed documents, "Administrative Regulations 403" prepared by someone else, not attached to the record is hearsay, is due to be stricken.

8. It is easily articulated that Mr. Mitchem's statements are not grounded with supporting facts that could be identified in the Record. In addition, Mr. Mitchem did

not attest nor direct the Court to a single document that could reflect and support his testimony in reference to contraband, and some unrevealed "Administrative Regulation 403," is hearsay, no such Regulation have been seen, marked, identified or attached as an exhibit required by Rule 56(e), Fed.R.Evid., and, on its face, is impermissible hearsay, double hearsay, hearsay within hearsay, relying on what someone else told him, or, told him to say. The Court is not required to search through the record to find evidence in support of the plaintiff's opposition to the defendant's dispositive motion. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted);  A mere guess to unrevealed documents without attaching certified copies, places an unjustifiably extrapolated gap, from an acceptable premise to an unfounded conclusion; thereof, such is vague and constitutes hearsay, *Rule 56(e)*.

9.    In addition, Plaintiff objects that Mitchem lacks first-hand knowledge of that which he testifies. Mitchim never once demonstrated he personally observed, witnessed or was present on *July 12, 2007,* Lt. Pelzer's unlawful acts, Officer Reeves acts, nor can he testify that the flash driver is actually in Officer Reeves Office; such is not based on personal knowledge and is hearsay. See, **Page 2, Paragraph 2, 3** of the Affidavit of Billy Mitchem.

10.    Such impermissible hearsay, not based on personal knowledge testimony ought to be stricken. Mitchem does not have personal knowledge as to whether or not plaintiff was or was not issued the flash driver or, knowledge as to any illegal activity or security

breach, alleged contraband, there is no evidence of a disciplinary or incidents report to support his assertions.

11.    The Court ought not overlook the dilution here: the fact that Mitchem is attempting to testify through means of voicing his own conclusion, belief, suspicion, such is primary conclusory in nature, unsupported; mainly Mitchem testifying as to what Officer Reeves and Lt. Pelzer told him is hearsay, not based on personal knowledge.

4.    In further support of his objections is, the witness also must meet the "personal knowledge" requirements set forth in Rule 602, which provides that:

> "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness's own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses." Id. 602.

Because Mitchem failed to demonstrate a sufficient foundation of personal knowledge, and certified copies of documents attached to his Affidavit, *Rule 56(e)*, Fed. R. Civ. P., Mitchem's assertions are nothing more than his voiced conclusions, belief, or suspicion, conclusory in nature.

### MITCHEM'S AFFIDAVIT LACKS THE FUNDAMENTAL REQUIREMENT GOVERNING RULE 56(e), Fed.R.Civ.P., "PERSONAL KNOWLEDGE"

5.    Plaintiff challenges the Affidavit of Billy Mitchem, defendant's response as *Exhibit "A"*. Plaintiff's argues that Mitchem flunks the "personal knowledge" requirement of *Rule 56(e), Federal Rules of Civil Procedures*, and *Rule 602, Federal Rules of Evidence*. The Caption and Introduction of his Affidavit does not demonstrate nor state that he attests

9

under personal knowledge: See, <u>Rule 602</u>, Fed.R.Evid., and, as a consequence, is insufficient as a basis for summary judgment. Federal Rule of Civil Procedures, 56(e). <u>Catawba Indian Tribe v. State of South Carolina</u>, 978 F.2d 1334, 1342 (4th Cir. 1992)

> "Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Billy Mitchem, who being known to me and being by me first duly sworn, deposes and says on oath as follows:" [Id.]

> On page 3, paragraph 2, the last paragraph Mitchem states:

> "<u>To my knowledge</u>, the above related facts are the entirety of my involvement with Inmate Marcellus Breach, concerning the allegations on which his complaint is based. I have not violated any of Inmate Breach's Constitutional Rights." [Id.]

6.      The Federal Rules of Evidence provide that "[a] witness may not testify about a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. <u>602</u>. Because most knowledge is inferential, personal knowledge includes opinions and inferences grounded in observations or other first-hand experiences. <u>Visser v. Packer Eng'g Assoc., Inc.</u>, 924 F.2d 655, 659 (7th Cir. 1991); see <u>Bohannon v. Pegelow</u>, 652 F.2d 729, 731 (7th Cir. 1981). The inferences reached from a <u>witness's observations</u> is most important, and Mitchem has none, the key question for the trial court is whether a reasonable trier of fact could believe that a witness had personal knowledge of the facts about which [he] testified. <u>Tocco,</u> 135 F.3d at 128.    In this case, Mitchem stating his own conclusions, beliefs, and suspicion is inadmissible hearsay because Mr. Mitchem's Affidavit is not, on its face, based on personal knowledge and it is unlikely that he could not have actually perceived

10

or observed that which he testifies. See, <u>United States v. Sinclair</u>, 109 F.3d 1527, 1536 (10th Cir. 1997). Mitchem gained knowledge through unrevealed business records, what Officer Reeves and Lt. Pelzer told him, or what someone else told him to say is impermissible hearsay. <u>Rule 602,</u> Fed.R.Evid.

7. It was Mitchem's duty to show affirmatively that the affiant was competent to testify about the confiscation, reading of plaintiff's legal work stored on the flash driver; all we have here is a bare assertions. Mitchem failed to attach certified copies of documents or papers that could support his testimony regarding areas of contraband. His testimony and it is very basic understanding that Mitchem is relying on unrevealed documents obviously prepared by others, and what somebody else told him, or, told him to say.

8. Plaintiff objects to the testimony on page 2, paragraph # 3, stating:

> "**Inmate Breach stipulated** in his complaint that Lieutenant Mark Pelzer took legal paperwork from him and read the paperwork and discussed it with Ms. Kristin Bias, Classification Specialist. I discussed this allegation with Lieutenant Pelzer who stated that on July 12, 2008, he supervised a shake-down of the Law Library. During the shakedown a thumb drive was confiscated from Inamte Marcellus Breach, B/160710. The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband. The thumb drive was the only article taken from Inmate Breach. **Lieutenant Pelzer stated** he did not take any paperwork from Inmate Breach. Lieutenant Pelzer stated did he not open the contents of the thumb drive, and the thumb drive was not reviewed not discussed with anyone. **Lieutenant Pelzer advised** that on July 15, 2008, he gave the thumb drive taken from Breach to Officer Mark Reeves, Law Library Supervisor. **Officer Reeves placed** the thumb drive in an envelope and

the sealed envelope has been locked in Officer Reeves' desk drawer since that time."[*Id.*]

Plaintiff objects, this line of testimony is due to be stricken on grounds not based on personal knowledge, hearsay on its very face.  Mitchem does not have personal knowledge as to what plaintiff stipulated, such is hearsay -- Mitchem is testifying as to what Lt. Pelzer told him Officer Reeves told him or, what someone else told him to say and he admits it, this is inadmissible evidence. Rule 602, Fed.R.Evid.

9. Plaintiff objects to paragraph 2, page 3 of the Affidavit stating:

> "Inmate Breach avers that a program called VNC has been installed on the Law Library computers for the purpose of "spying" on inmates and to read their legal work.  This program is, in fact, installed for the purpose of monitoring inmates using the computer system to ensure that they are utilizing it only for its intended purpose of preparing legal work. It is also used as an enhancement for the Law Library Supervisor to remotely add and remove items on the Law Library computers form his office.  It is the Law Library Supervisor's responsibility to review any inmate's legal work not to specific contents but to ensure that it is actual legal work and that its contents do not violate security concerns" [Id.]

Plaintiff objects on grounds of hearsay, not based on personal knowledge. Mitchem hasn't stepped foot into the law library in years, he does not have personal knowledge to what the VNC programs is used for, why it is used and who installed the program.  This statement is not direct evidence and is based on hearsay; not based on personal knowledge.  Mitchem makes no reference to documents attached to the affidavit and thus runs afoul of *Rule 56(e)*'s requirements that "certified copies of all papers or

parts thereof referred to in an affidavit shall be attached thereto or served therewith. *Rule 56(e),* provides:

> "Supporting and opposing affidavits shall be made on **personal knowledge**, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit **shall be attached thereto or served therewith** . . . . " Fed. R. Civ. P. 56(e). [2]

Mitchem has not set forth facts that would establish that his statements of the affidavit pertaining contraband, Administration Regulations, VNC programs, Law Library activity are based on matters he personally observed and constitutes hearsay, conjectural. *Rule 602, Federal Rules of Civil Procedures.*

### MEMORANDUM AT LAW/ POINTS ON AUTHORITY

Mitchem's testimony is based on self-serving conclusion. Conclusory affidavits are insufficient to create or negate a genuine issue of fact. *See Travelers Ins. Co v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). Plaintiff argues that the problem in the instant case is that Billy Mitchem did not carry the burden *Rule 602* puts on him of showing personal knowledge of the matter testified. In this case, his Affidavits fails to meet the requisite of *Rule 56(e),* requirements: Mitchem's affidavits contain speculation,

---

[2] *Shall* is a word of command, as used in the Rule, the language thereof: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit "shall" be attached thereto or served therewith..." Courts recognize Rule 56(e), as a command. Black's Law Dictionary in discussing the difference between "shall" and "may" as those terms are used in contract law. For the most part, "shall" is "a word of command, . . . which must be given a compulsory meaning . . . . and is inconsistent with a concept of discretion." (quoting **BLACK'S LAW DICTIONARY** 1375 (Centennial ed. 1991)(internal citations omitted)).

conjecture and he is voicing his own conclusions, belief, or suspicion based on lack of personal knowledge as required by <u>Rule 56(e)</u>, *Federal Rules of Civil Procedures*.

Another black-letter requirement of affidavits is that they must be rooted in facts, rather than conclusory remarks. *See, e.g.,* <u>Burger King Corp. v. Lumbermens Mut. Cas. Co.,</u> 410 F. Supp.2d 1249, 1255 (S.D. Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact."); <u>Pashoian v. GTE Directories,</u> 208 F. Supp.2d 1293, 1297 (M.D. Fla. 2002) ("an affidavit must be stricken when it is a conclusory argument, rather than a statement of fact").

## *CONCLUSION*

In further support, plaintiff maintains that the court ought to exclude / strike, as speculation, conjectural and hearsay, not based on personal knowledge the affidavit in its entirety or portions therein.

This Court ought not lightly look behind the missing averments *"<u>Personal Knowledge</u>"* requirements of an affidavit. It is certainly not far-fetched to think that Mitchem could have first-hand, non-speculative knowledge of flash drivers used at the law library or where they are stored, he has not knowledge of any contraband, or some <u>unknown, unidentified Administrative Regulations</u> [*Id.*] that is not attached to his affidavit. In the absence of circumstances establishing personal knowledge, these types of explicit averments are completely insufficient to satisfy the <u>personal knowledge *Rule 602, 701, 803(6)*,</u> *Federal Rules of Evidence.*

**WHEREFORE**, *premises considered*, these aspects of the Mitchem Affidavit ought to be **stricken** because they state unembellished conclusions and are therefore improper.

Done this 27, Day August 2008.

*/s/ Marcellus Breach*
Marcellus Breach 160710
Limestone C.F
28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have this 28 Day of *August,* placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7thg Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® */s/ Marcellus Breach*
**Marcellus Breach**

Marle—
L.C.F. 28229 Nick Davis Rd
Harvest, Alabama 35749

is correspondence is forwarded from
Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711