IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE-DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710

    Plaintiff,

Vs.                                         *           Case No.: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.

*PLAINTIFF'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE ORDER
COURT DOC. NO. 685*

**COMES NOW**, the undersigned <u>Marcellus Breach</u> (hereinafter "Breach") in proper person "Pro Se," hereby timely submits his written objects to gratuitous delay of the medical defendants complying with the Court's order directed to them pertaining to discovery request, **Court Doc. No. 675** without a showing of "good cause "for the delay and failing to comply with the rules of the Court to serve Breach with a copy of their pleadings: In support of this objection Breach states as follows:

*1.* The Court order defendant Michael Robbins and William Hobbs to answer plaintiff's discovery request by *August 18, 2008*. The Court was not pleased with counsel's neglect and not taking this matter serious or the court serious: counsel

1

requested for the second time another extension without serving Breach with a copy of his pleading is again delaying this case. ***Court Doc. No. 675.***

2.      Counsel for the medical defendants immediately requested an enlargement of time from *August 18, 2008* to *August 29, 2008* alleging that basically he cannot locate defendant William Hobbs. ***Court Doc. No. 676.*** The Magistrate Judge granted this extension. ***Court Doc. No. 677.***

3.      It is believed again, medical defendants on or about *August 22, 2008* requested another extension of time from *August 27, 2008* to and including *September 11, 2008* to comply with the Court's initial order. [*Id.*] The Magistrate Judge granted the extension. ***Court Doc. No. 685.***

4.      As usual, Breach was not served with medical defendants request for an enlargement of time and learned of the extension when he receive the Magistrate Judge's order on or about *August 25, 2008* ***Court Doc. No. 685.***[1]

5.      Commencing on or about *August 27, 2008* Breach filed a *Motion To Compel* and directed the motion to ADOC basis it on the order of the Magistrate Judge stating: ". . . correctional defendants be GRANTED an extension from August 27, 2008 and including *September 11, 2008* to file a response to the plaintiff's

---

[1] There appears to be an inadvertent error, the Magistrate Judge granted ADOC in its order, but records reflect that the medical defendants were to respond by August 27, 2008. It is assumed that the order granting the extension of time is directed to the medical defendants

2

aforementioned Motion for Preliminary Injunction." [Id.] Breach requested the court order defendants to serve him with a copy of their pleading. *Court Doc. No. N/A.*

6. This Court needs to learn Breach unsuccessfully tried to settle this case with all defendants to agree that Breach would pay for his own surgery if they would lower his custody to work release because at such facility Breach would have access to free-world medical care. Breach spoke with his surgeon and he agreed to perform the surgery. However, ADOC defendants' obstinately declined the settlement. The Magistrate Judge ordered all defendants to respond to the proposal. *Court Doc. No. 680.* ADOC, responded on <u>August 19, 2008</u>. *Court Doc. No. N/A.* PHS defendants did not object.

7. Breach objects to the delay with counsel for the medical defendants answering discovery request as Ordered by this Court without good cause.

8. Breach objects based on counsel's past demonstrations, such delay is nothing more than stonewalling, delaying this case without good grounds.

*ARGUMENT/MEMORANDUM AT LAW POINTS ON AUTHORITY*

Because counsel for the medical defendants did not, again, serve Breach with a copy of his motion for extension of time and Judicial Notice to the Docket will

3

reflect just multiple complaints to the Magistrate Judge about defendants failure to serve him with a copy of their pleadings, *Court Doc. No. 140, 235, 237, 437, 619,* and recently on or about <u>August 26, 2008</u> requesting the Magistrate Judge compel the defendants continuing throughout this case to serve him timely with a copy of their pleadings. Counsel is delaying this case even more; defendants complain about voluminous filing. This is the reason.

Breach tried to settle this case without monetary damages. They refuse. *Court Doc. No. 680.*

A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f); see <u>02 Micro Intern. Ltd.</u>, 467 F.3d at 1363; <u>Flaska v. Little River Marine Const. Co.,</u> 389 F.2d 885, 887 n. 3 (5th Cir. 1968). However, interpretation and enforcement of discovery provisions of the Local Court Rules should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure. <u>See 02 Micro Intern. Ltd.</u>, 467 F.3d at 1365. Deciding whether late filed invalidity contentions should be excluded is slightly different from deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds

of factors identified as important in making both types of decisions. *See 02 Micro Intern. Ltd.*, 467 F.3d at 1366; *Finisar*, 424 F.Supp.2d at 899. A non-exclusive list of factors considered by courts includes: 1. The length of the delay and its potential impact on judicial proceedings; 2. The reason for the delay, including whether it was within the reasonable control of the movant; 3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; 4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and 5. The danger of unfair prejudice to the non-movant.

*Does Good Cause Exist for continued extension after extension?*

No!   After 603 pleadings in this case William Hobbs finally recanted himself and finally admitted he has not, is not, <u>never has been</u>, Board certified. At summary Judgment the Court will learn that William Hobbs has blatantly committed multiple acts of perjury in this case. Defendant Michael Robbins also, another prison doctor has persistently lied thought-out this case and at summary judgment he will be debunked. Dr. Robbins stated he was in private practice,

Breach will present evidence that at the time he alleged he was in private practice his medical license were "Revoked" due to his historic drug addiction, by the Alabama Board of Medical Examiners.

Breach was not served with the motion for an extension of time, and medical defendants requested from <u>August 27, 2008</u> to answer the Court initial order, an extension being granted to <u>September 11, 2008</u> must apply to the medical defendants because the Magistrate Judge denied Breach's motion for preliminary injunction relying on impermissible hearsay testimony.

**WHEREFORE,** *premises considered,* further delay without good cause ought not to be excused. Breach reminds the Court that there are still pending objections before the Court before summary judgment can be entertained by the Magistrate Judge. ***Court Doc. No. , 552, 551, 531,*** Breach request this Court order the medical defendants to show "good cause" for their reasons delaying and failing to comply with the Court's order. ***Court Doc. No. 675.***

This 27th Day August 2008.

*/s/ Marcellus Breach*
Marcellus Breach 160710


## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I have this 28th Day of August 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

**Alabama Dept. of Corrections**
**LEGAL DIVISION**
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

® /s/ Marcellus Breach
Marcellus Breach

Marcellus Breach 160210
L.C.F. 28779 Nick Davis Rd
Harvest, AL 35749

HUNTSVILLE / HSV
AL 358 2 1
29 AUG 2008 PM

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101

36101+0711