IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 SEP -4  A 10: 08

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710             *

    Plaintiff,                         *

Vs.                                   *          Case No.: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et al.,   *

    Defendants.

### PLAINTIFF'S WRITTEN OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE [Court Doc. No. 688]

**COMES NOW,** the undersigned <u>Marcellus Breach</u> (hereinafter "Breach) in proper

person "Pro Se," hereby gives timely written notice of objection to the Magistrate Judge's

recommendation entered on <u>August 26, 2008</u>  **Court Doc. No. 688**  denying Breach's

application for preliminary injunction pursuant to Rule 72(b), *Federal Rules of Civil*

*Procedures,* 28 U.S.C.A. § 636(b)(1)3) also, Breach submits in conjunction to the aforesaid his

"<u>Motion to Strike</u>, *and/or* <u>Notice of Objection</u> to the Admissibility of Evidence Contained in

an Affidavit by Billy Mitchem in the Correctional Defendant's Response –<u>Court Doc. No.</u>

<u>686-1</u>, pursuant to <u>Rule 59(e)</u>, *Federal Rules of Civil Procedures, Rule 602, Federal Rules of*

*Evidence* moves to exclude portions of statements made in the <u>Billy D. Mitchem</u> Affidavit

*Correctional Defendant's Response—Court Doc. No. 686 at 1-3;* plaintiff's objects on several

grounds: **(i)** Mr. Mitchem's statements are inadmissible hearsay; **(ii)** not based on personal

1

knowledge; **(iii)** not supported with attached certified copies of documents; **(iv)** based on speculation, conjecture, conclusory,  voiced his own conclusions, beliefs, suspicions; **(v)** inadmissible, unreliable, unqualified lay witness opinions; (vi) Mr. Mitchem offers an opinion or, makes legal conclusions far beyond the level of expertise and no evidence is presented in the affidavit that Mr. Mitchem is a licensed qualified expert in any filed within the State of Alabama or any other jurisdiction, making him qualified to give an opinion or inference as to what constitutes "_Contraband_" and an unrevealed Administration Regulation 403, contained in the affidavit. _Rule 602, Rule 701(c) & 702, 703,_ Fed. R. Evid.    In further support of the aforementioned, Breach supports the same as follows:[1]

### Introduction:

From the record thus amassed the materials facts emerged essentially disputed. The Magistrate Judge's Recommendation distorts the record, and thus Breach is compelled to set forth the facts in a comprehensive manner.

The facts relied on are incomplete, inaccurate and omits testimony submitted by Breach and his witnesses.  The Recommendation relied upon impermissible hearsay testimony.  The Recommendation adopts the correctional defendant's ambiguous, conclusory facts that are unsupported, speculative in nature and not correct.  In addition, not only will the record support impermissible hearsay evidence; the affidavit from Billy

---

[1] Lt. Pelzer did not submit an Affidavit.  Ms. Bias did not submit an Affidavit.

2

Mitchem is not based on personal knowledge. Such hearsay and lack of personal knowledge as evidence inadmissible under Rule 56(e), *Federal Rules of Civil Procedures,* and *Rule 602, Federal Rules of Evidence.*

The Billy Mitchem Affidavit makes references to alleged statements from Lieutenant Mark Pelzer and Officer Reeves as the source of his testimony is *prima facie* hearsay testimony. The Recommendation omits important points of the likelihood of success on the merits and lacks evidence from the very person who participated in the orchestrated guerilla warfare tactic, Lieutenant Mark Pelzer, Ms. Kristin Bias, resulting into an actual injury and such conduct offends the Constitution. Breach is not required to prove he will succeed, but he probably can succeed at trial. First, at trial, the jury will have to decide whether medical defendants acted with deliberate indifference because such showing will be based on expert testimony. That right there, will created a genuine issue of material fact because Dr. Hobbs is not board certified, never has been. Dr. Robbins has been revoked of his medical practice because of drug abuse. Additionally, neither one of them is a license surgeon, they have never performed been recognized by an appropriate medical Board as licensed to practice hernia treatment, repair and their testimony will be challenged under *Daubert* as unreliable. The test for this District Court will be are either of them qualified to tell the jury when and when not to repair a hernia. There is a likelihood of success on the merits. However, that is not the issue before the

3

Court at this moment. The issue is, correctional defendants have and are reading his legal work, duplicating it, downloaded it. That's the issue.

It rings ironical in this case that Plaintiff *Marcellus Breach* has fallen victim to the very injustice of a simple surgical procedure that cost approximately $10,000 or less and Breach has attempted to settle this matter offering to pay for his surgery which has been reused. Defendants have orchestrated *guerilla warfare* against Breach, reading, confiscating his legal work without retuning a copy to him outright offends the Constitution: he sought to escape the gratuitous painful effects caused by his untreated inguinal hernia when he petitioned this Court to solve his dispute between the parties.

It is incumbent that this Court revisits this manifest injustice, and does the simplest of things, the right thing. Do not let the words of one our forefathers become a truism: *"I tremble for my country when I reflect that God is just; that his justice cannot sleep forever."* **Thomas Jefferson** (1743–1826), U.S. president. *Notes on the State of Virginia,* query 18 (written 1781; published 1784).   It is the prayer of the Plaintiff that the strong arm of this Court fall down and rain justice upon those responsible obdurate defendants that they might feel the soreness of justice on the very place where they sit.   See, *ADOC Defendants' Response to Court Order (Doc. #680) submitted on August 19, 2008.* **Court Doc. No. N/A**

*Statement of the facts:*

Breach submitted a motion for preliminary injunction on <u>*August 11, 2008*</u> complaining that unless restrained, correctional defendants will continue to read, interfere and will not return Breach's "only" copy of medical expert affidavits, witness affidavits, additional medical records, his legal work that was generated, compiled in the preparation of filing his opposition to defendants motion for summary judgment. Breach complained that Lieutenant Mark Pelzer did so, on <u>*July 12, 2008*</u> read, downloaded, duplicated Breach's legal work in his presence to a "**red & gray**" personal flash drive, as of this date of filing still refuse to simply copy the legal work contained on the flash drive and return the legal work to Breach. Breach complained Lieutenant Mark Pelzer and Classification Specialist Ms. Kristin Bias and who knows how many others have read Breach's legal work because Breach submitted as *Exhibit "D"* to *Court Doc. No. 678* the letter from Ms. Kristin Bias stating to Breach: "**<u>You do claim in your lawsuit</u>** <u>that you are unable to perform basic human functions, (i.e., use restroom) because it causes you severe pain</u>". [*Id.* at 14.]  The Recommendation overlooked not only this, but several other important areas.

*Statement of the facts:*

Breach incorporates *Paragraphs 1 through 9* of the "*Preliminary Facts,*" pages 4 – 9 and incorporates *Paragraphs 1 through 15* of the "*Statement Of The Facts*" pages 9 – 15, in the aforesaid Motion for Preliminary Injunction, *Court Doc. No. 678, 684*

*Court Doc. No., 678*, the Declarations under *28 U.S.C. 1746* submitted by Breach's witnesses, [2] <u>Christopher Byram, AIS 214903</u>, <u>Willie White Ais # 140147</u> <u>Sammy Caldwell,</u> <u>Ais # 177873</u> were obviously ignored.

The testimony offered by Breach follows: Commencing on or about <u>*July 12, 2008*</u> Breach was summons to the Shift Commander's Office and instructed to report to Lt. Pelzer. [*Id.*] Appearing in front of Lt. Pelzer, Lt. Pelzer stated: <u>"If you don't have the right</u> <u>answer, what I want to hear, you are going to house arrest"</u>. Breach stated: <u>"What answer</u> <u>are you talking about, and what are you talking about?"</u> Officer Bright, CO.I, was present, shouted: <u>"Shut up"</u>! Sergeant Mitchell, also present asked Breach: <u>"Where is the flash</u> <u>driver?"</u> Breach stated: <u>"In the law library where it is suppose to be"</u>. [*Id.*] Sergeant Mitchell stated, <u>"Go get it and get yourself out of this trouble."</u> Breach stated: <u>"What</u> <u>trouble?"</u>. Lt. Pelzer stated: <u>"You have time to think about the right answer, if I don't get</u> <u>the right answer, you'll be in lock up"</u>. [*Id.*] Breach was ordered to go retrieve the flash driver. Breach and two (2) other law clerks, Willie White and Christopher Bryam went to the law library and were told to wait by Officer Tucker at the crossover gate. Sergeant Crabtree and Officer Bright soon arrived and opened the law library and conducted

---

[2] Close inspection of the Affidavit reveals that it is in substantial compliance with all of the elements of <u>28</u> <u>U.S.C. 1746</u> for an unsworn declaration. As such, it is properly considered to the same extent that an affidavit would be. *See, e.g., PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp.2d 1213, 1217 n.1 (S.D. Fla. 2004) ("unsworn declarations which are in writing and which are subscribed by the declaraint as true under penalty of perjury, and dated can be treated with like force and effect as sworn declarations and affidavits") (citation omitted).

another search. Breach stated to the officers "It is clear that someone has already been in here searching, look at this place, it's been ransacked." [*Id.*] Breach was then escorted to the shift office. [Id.]    Upon arrival at the shift office, Lt. Pelzer then so inserted the flash drive and begun reading Breach's legal work. Lt. Pelzer then, inserted another flash drive i.e., "red & gray" into his work computer and begun downloading "all" of Breach's legal work stored on the law library flash drive. [*Id.*]    Finding absolutely nothing but Breach's pending legal work, Lt. Pelzer while "downloading" instructed Breach to remain before him.    Breach asked Lt. Pelzer *not* to read his legal work and whatever he decided to do with the flash driver he didn't care, but Breach requested Lt. Pelzer provide means to copy Breach's legal work from the flash drive and return the legal work to him. [*Id.*]    Breach explained to Lt. Pelzer that he does not have a copy of the legal documents stored on the flash drive and all of his evidence pertaining to his pursuit of surgery is stored on the flash driver. Lt. Pelzer stated: "I don't need your permission, you don't tell me what to do, you can write, sue whoever you want, you can write the Judge, I don't care, you can write the Commissioner, Governor or your Congressmen while you are in house arrest, you will have plenty of time; I don't care, this is my sift, I run this!" [*Id.*]    Thereafter, Breach asked Lt. Pelzer not to read his legal work and explained that the evidence contained therein, is in preparation in his pursuit of surgery.    Lt. Pelzer stated: "I don't want to hear from you right now, it's Saturday and you have caused me all kind of problems.    I am going to copy this or whatever you have on this, you don't tell me, or ask me what to do? "[*Id.*]

Endeavoring to carry out his threats, and for the sole purpose of maliciously reading Breach's legal work his direct assault to injure Breach's present litigation. Commencing on or about *July 14, 2008* Breach complained to Captain Tully concerning the events and requested Captain Tully provide means for Breach to have his legal work copied and returned to him, *unaltered.* Breach explained to Captain Tully, Lt. Pelzer duplicated, copied, read, downloaded his legal work to a red and gray flash drive and did not provide Breach with a photocopy of Breach's legal work and Lt. Pelzer continued to read his legal work outside Breach's presence. Breach explained to Captain Tully it was the very same flash driver that he reviewed, has been scanned and returned to Breach on two (2) other occasions. Captain Tully stated he did not know what was going on and he would check into the matter. Breach never heard from Captain Tully again. [Id.]

[3] Commencing on or about *July 18, 2008* [*Id.* see, attached *Exhibit "B"*] Breach submitted as an exhibit, a letter of complaint to Warden Mitchem, Assistant Warden Patrick, Assistant Warden Goode complaining that his legal work/papers had been confiscated read, downloaded, duplicated and withheld by Lt. Pelzer and no one has yet made any arraignments to either return or photocopy Breach his legal work to him, unaltered. [*Id.*]   Breach questioned why Lt. Pelzer needed to make a read and make a

---

[3] Inmates at Limestone Correctional Facility who have job placement have 'flash-drivers', *i.e.,* Sports department, Chapel workers, General library, Honor Dorm inmates, Trade school, even Captain Tully's inmate runners have a flash driver and he carries it around his neck. Lt. Pelzer stated that Warden Mitchem has authorized inmates who are assigned a flash driver to keep it at their work area. Breach has fully complied. Not one person's flash driver was confiscated, but Breach's has been and it contained his legal work pertaining to this action.

duplicate copy of his legal work when he did not find any contraband or unauthorized activity being committed?    Breach requested the warden check into the situation and order that his legal work be returned *unaltered*.

**Court Doc. No. 678, Exhibit "D",** Breach testified, commencing on *July 24, 2008* Classification Officer, Ms. Kristin Bias, responded to a written request to her from Breach inquiring about a progress review, requesting she provide a progress review just like every inmate in the prison system. Classification specialist, Ms. Bias responded: "**You do claim in your lawsuit** that you are unable to perform basis human functions, (i.e., use restroom) because it causes you severe pain." *Id.*

Christopher Bryam testified he was present when Breach was summons to the shift commander's office. Mr. Bryam testified that Sergeant Crabtree instructed Breach to turn over the flash drive. Mr. Bryam testified that law clerks had authorization to use flash drivers, and there were three (3) flash drivers used at the law library at all times. Mr. Bryam testified that the flash drives were used to store legal work, and at all times were secured at the law library. Mr. Bryam testified that ADOC uses a program called VNC that allows prison officials at all and any time to read an inmate's legal work unseen, and unnoticed. [*Id. Declaration Christopher Bryam, Court Doc. No. 678*].

**Court Doc. No. 684,** Breach submitted an Addendum to his Motion for Preliminary Injunction and attached as an exhibit the *"Limestone Correctional Facility Standard Operating Procedure, E-15 ("SOP")* that addressed and supported his position that law clerks were

9

authorized to use either 3 ½ floppy disk or flash drivers. [*Id.* at 1-3]. Breach submitted an Amended Declaration testifying that on two other occasions the flash drive was confiscated and screened by prison officials and returned to him by Captain Tully and his supervisor Officer Reeves. [*Id.*] Breach submitted testimony by Willie White who testified that law clerks used flash drivers on a regular basis, that there has never been a problem, and that he witnesses ADOC officials using the VNC program to read prisoner's legal work. [*Id.*] Breach submitted testimony by Sammy Caldwell who testified that he sent for photocopying a United States District Court for the Northern Division, Order by ADOC officials and it was delayed for several days. When it was returned to him, ADOC Classification stamped it as "Received". Mr. Caldwell complained that it is not Classification's business to make a copy, nor stamp as receive his legal work, court orders. [Id.] [4]

### Summary of the argument:

Breach request to incorporate this Objection to the Magistrate Judge's Recommendation with a *Motion To Strike and/or Notice of Objection to the Admissibility of Evidence Contained in the Billy Mitchem Affidavit submitted by the Correctional Defendants' Response – Court Doc. No. 686 at 1.*

---

[4] This argument was presented for demonstration purposes reflecting Ms. Bias at Classification reading Breach's legal work. [*Id.*] A pattern demonstrated. The exhibit submitted by Sammy Caldwell is a civil action against defendant Richard Allen; it is obvious that any litigation taken against ADOC is being read.

Plaintiff argues that the testimony offered by Billy Mitchem is not based on personal knowledge, but impermissible hearsay. _Rule 602_, Fed.R.Evid.

Mitchem never once attest he is testifying on personal knowledge and, as a consequence, is insufficient as a basis for a legitimate response. Federal Rule of Civil Procedures, 56(e) provides that "Supporting and opposing affidavits shall be made on personal knowledge . . . ."  To comply with Rule 56(e), there must be a showing that the statements made in the affidavits were made on personal knowledge. _Catawba Indian_ _Tribe_ _v. State of South Carolina_, 978 F.2d 1334, 1342 (4th Cir. 1992).  "The absence of an affirmative showing of personal knowledge of the affidavit and, accordingly, summary disposition based thereon [is] improper." _Antonio v. Barnes_, 464 F. 2d 584, 585 (4th Cir. 1972).

_Rule 56(e)_ dealing with striking the impermissible assertions stated in the affidavit and "unsupported papers or documents" attached to Billy Mitchem's affidavit fails to meet the mandatory requirements of the Rule, _i.e., personal knowledge, such facts as would be admissible in evidence, sworn or certified copies of all papers or parts there referred to in an affidavit shall be attached thereto or served therewith. Id._

Plaintiff's first objection is, multiple portions or the entire affidavit is due to be stricken because it is contrary to mandatory requirements of _Rule 56(e),_ Fed. R. Civ. P., which requires that affidavits be "made on personal knowledge," that they "set forth facts as would be admissible in evidence," and that they "show affirmatively that the affiant is competent to testify to the matters set forth therein." _Id.; see generally New York ex rel. Spitzer_

11

*v. Saint Francis Hosp.*, 94 F. Supp.2d 423, 427 (S.D.N.Y. 2000) (test for admissibility under *Rule 60*2 is "whether a reasonable trier of fact could believe the witness had personal knowledge of the facts to which he is testifying").

Pursuant to *Rule 59(e)*, *Federal Rules of Civil Procedures*, *Rule 602*, *Federal Rules of Evidence* Breach moves to strike or, exclude portions of statements made in the Billy Mitchem Affidavit in support of defendant ADOC's response, ***Court Doc. No. 686-1*** on several grounds: **(i)** Mr. Mitchem's statements are inadmissible hearsay; **(ii)** not based on personal knowledge; **(iii)** not supported with attached certified copies of documents; **(iv)** based on speculation, conjecture, voiced his own conclusions, beliefs, suspicions; **(v)** inadmissible, unreliable, unqualified lay witness opinions; (vi) Mitchem makes legal conclusions far beyond the level of expertise and no evidence is presented in the affidavit that Mitchem is licensed or qualified within the State of Alabama or any other jurisdiction, making him qualified to give an opinions such as those contained in the affidavit. *Rule 602, Rule 701(c) & 702, 703,* Fed. R. Evid.

Plaintiff's object, the Billy Mitchem affidavit flunks the "personal knowledge" requirement of *Rule 56(e)*, *Federal Rules of Civil Procedures,* and *Rule 602*, *Federal Rules of Evidence.* The Caption and Introduction of his affidavit does not demonstrate nor state that he attests under personal knowledge: See, *Rule 602*, Fed.R.Evid., and, as a consequence, is insufficient as a basis for a dispositive motion, like a summary judgment. Federal Rule of

12

Civil Procedures, 56(e). *Catawba Indian Tribe v. State of South Carolina*, <u>978 F.2d 1334, 1342</u>

(4th Cir. 1992)

> "Before me, the undersigned authority, a Notary Public, in and for said
> County and State of Alabama at Large, personally appeared Billy Mitchem,
> who being known to me and being by me first duly sworn, deposes and
> says on oath as follows:" [*Id.*]

This paragraph does not demonstrate "personal knowledge." The entire testimony

from *page 1 through page 3, paragraph 2,* ended where Mitchem states: "<u>To my</u>

<u>knowledge</u>" is probably the only permissible testimony not testify as to what Lt. Pelzer,

Ms. Bias told him, ought to raise a question. [*Id.*]

The Federal Rules of Evidence provide that "[a] witness may not testify about a

matter unless evidence is introduced sufficient to support a finding that the witness has

personal knowledge of the matter." Fed. R. Evid. <u>602</u>. Because     most     knowledge     is

inferential, personal knowledge includes opinions and inferences grounded in

observations or other first-hand experiences. *Visser v. Packer Eng'g Assoc., Inc.,* <u>924 F.2d</u>

<u>655, 659</u> (7th Cir. 1991); see *Bohannon v. Pegelow,* <u>652 F.2d 729, 731</u> (7th Cir. 1981). The

inferences reached from a <u>witness's observations</u> is most important, and Mitchem has

none, the key question for the trial court is whether a reasonable trier of fact could believe

that a witness had personal knowledge of the facts about which he testified. *Tocco,* <u>135 F.3d</u>

<u>at 128.</u>    In this case, Mitchem is stating his own conclusions, beliefs, and suspicion is

inadmissible hearsay because Mitchem's Affidavit is not, on its face, based on personal

knowledge and it is unlikely that he could have actually perceived or observed that which

13

he testifies. See, *United States v. Sinclair,* 109 F.3d 1527, 1536 (10th Cir. 1997). In the Eleventh Circuit, "the general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer,* 193 F. 3d 1316, 1322 (11th Cir. 1999) (citation omitted); *see also Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999) (statements outside affiant's personal knowledge do not satisfy Rule 56(e)).

### IDENTIFIED OBJECTIONS TO PORTIONS OF STATEMENTS CONTAINED IN THE AFFIDAVIT

1.  **Exhibit "A,"** as attached, and reference to page 4 of the Recommendation, it is inappropriate that Magistrate Judge divides testimony *sua sponta* to attempt to eliminate the affiants identifying the source of his information relied on, i.e., hearsay.

2.  The Recommendation omits and starts out: ".... [In August 2006, ...." Is inappropriate because Mr. Mitchem testified, Officer Reeves told him or, told him what to say. On **Page 1, Paragraph # 3,** Mitchem testimony is as follows:

> ¶ 3. ". . . **I discussed** the Law Library procedures with Officer Reeves, Law Library Supervisor. **Officer Reeves stated** in August 2006, Limestone Correctional Facility Law Library implemented the use of computers for the purpose of preparing legal work. When the procedure began, inmates were allowed to store their work on floppy disk so they could retrieve their documents at a later date to complete their work. The floppy disks were stored in a locked box in the Law Library. Once their work was completed and printed it was moved to a mess storage device, or thumb drive, where it was kept for 60 days in the event the inmate needed to make additional corrections. The thumb drive was maintained by Officer Reeves in his office. A single thumb drive was purchased solely for the purpose of storing the legal work during this duration of time. After 60 days the files were deleted from the thumb drive by Officer Reeves. "[Id.]

14

Breach objects. This should have been Officer's Reeves testimony he's the person who disclosed, discussed this with Mr. Mitchem. This line of testimony is impermissible hearsay, not based on personal knowledge. Mr. Mitchem clearly admits on <u>page 1,</u> <u>paragraph # 3,</u> that *"I discussed the Law Library procedures with Officer Mark Reeves, Law Library Supervisor.* **Officer Reeves <u>stated</u> in August 2006,** . . . . "This line of testimony is based on what Officer Mark Reeves told him in <u>*August 2006,*</u> not current, hearsay, not based on personal knowledge. *Rule 602,* Fed.R.Evid. Mr. Mitchem does not have personal knowledge as to inmates being allowed to store their legal work, he doesn't have personal knowledge of floppy disks being stored in a "locker box in the law library", nor does he have personal knowledge as to the maintainer of the thumb drive being stored in Officer Reeves Officer, and after 60 days, legal work was deleted by Officer Reeves. Such testimony is hearsay, not based on personal knowledge.   Mr. Mitchem is testifying, (1) giving credence to what somebody told him (i.e., his assertion is based on hearsay), or, (2) voicing his own conclusion, belief, or suspicion. In any event his testimony is excludable and subject to being stricken on grounds of hearsay, lack of personal knowledge of the fact to which he testified.

3.    Breach objects to the continued testimony by Mr. Mitchem at ***page 2, paragraph #2:***

¶ 2.    "The thumb drive that was sued for storing completed work is property of the Limestone Correctional Facility Law Library. No inmates have authorization to possess their own personal thumb drives or storage devices." [*Id.*]

Breach objects, this testimony is vague, conclusive, conclusory in nature. Mr. Mitchem does not identified what thumb drive, there is no evidence attached as an exhibit to distinguish the difference between the thumb drive confiscated on *July 12, 2008* or any other one of the three thumb drives at the law library. Testimony making reference to "The thumb drive" is vague, speculation and not based on personal knowledge, but hearsay, argumentative.

4.     Continuing in this line of testimony page 2, paragraph 2 plaintiff objects:

> ". . . As defined in Administrative Regulation 403, Contraband is anything not issued to an inmate by a DOC employee, sold in the canteen store or approved by the Warden." [*Id.*]

Breach objects. Mr. Mitchem is not an expert nor has he been qualified as an expert. Rule 703. Fed.R.Evid. Mr. Mitchem's affidavit makes reference to *"Administrative Regulation 403, Contraband"* is hearsay, not based on personal knowledge. Furthermore, throughout this entire proceeding, no such *"Administrative Regulation 403, Contraband"* has ever been produced, identified, seen, or marked as an exhibit by Mr. Mitchem. Said testimony constitutes rank hearsay, evidence which is inadmissible under federal civil procedures rules regarding opposing or supporting affidavit for a dispositive motion. See, *Matthews v. City of Dothan*, 2006 U.S. Dist. LEXIS 91711 (Dec. 18, 2006); *Sermsap v. City of Montgomery*, 2006 U.S. Dist. LEXIS 75776 (Oct. 17, 2006) (striking from consideration an affidavit that contains hearsay and which lacked the "personal knowledge" requirement); *Baker v. Norman*, 651 F.2d 1107, 1128 (5th Cir. 1981).

16

Contraband testimony as asserted in the Mitchem Affidavit calls for a legal conclusion which is impermissible. *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1261 n.12 (11th Cir. 2002). This statement is not direct evidence and is based on hearsay; not based on personal knowledge. Mitchem makes no reference to documents attached to the affidavit and thus runs afoul of *Rule 56(e)*'s requirements that "certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. *Rule 56(e),* provides:

> "Supporting and opposing affidavits shall be made on **personal knowledge**, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit **shall be attached thereto or served therewith** . . . . "Fed. R. Civ. P. 56(e). [5]

Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Expert testimony that expresses a legal conclusion is inadmissible. *See Cook v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) (noting that "an expert witness may not substitute for the court in charging the jury regarding the applicable

---

[5] *Shall* is a word of command, as used in the Rule, the language thereof: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit "shall" be attached thereto or served therewith..." *Courts recognize Rule 56(e),* as a command. Black's Law Dictionary in discussing the difference between "shall" and "may" as those terms are used in contract law. For the most part, "shall" is "a word of command, . . . which must be given a compulsory meaning . . . . and is inconsistent with a concept of discretion." (**quoting** BLACK'S LAW DICTIONARY 1375 (Centennial ed. 1991)(internal citations omitted)).

law"); *see also Montgomery v. Aetna Cas. & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (stating "[a] witness may not testify to the legal implications of conduct").

Mr. Mitchem's testimony is based on self-serving conclusion. Conclusory affidavits are insufficient to create or negate a genuine issue of fact. *See Travelers Ins. Co v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). Breach argues that the problem in the instant case is that Mr. Mitchem did not carry the burden *Rule 602* puts on him of showing personal knowledge of the matter testified.

5.     Breach objects to *Paragraph # 5, page 2* of the Billy Mitchem stating:

> "¶ 3. "Inmate Breach stipulated in his complaint that Lieutenant Mark Pelzer took legal paperwork from him and read the paperwork and discussed it with Ms. Kristin Bias, Classification Specialist." [Id.]

Breach objects. This testimony is hearsay, not based on personal knowledge and Mr. Mitchem never once attached what Breach stipulated to in his complaint as required by Rule 56(e), Fed.R.Civl.P., addressing supporting papers.

6.     Continuing with this line of testimony, Mr. Mitchem further testified:

> "I discussed this allegation with **Lieutenant Pelzer who stated** that on July 12, 2008, he supervised a shakedown of the Law Library. During the shakedown a thumb drive was confiscated from Inmate Marcellus Breach, B/160710. **The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband**. The thumb drive as the only article taken from Inmate Breach.   Lieutenant Pelzer stated he did not take any paperwork from Inmate Breach. **Lieutenant Pelzer stated** he did not open the contents of the thumb drive, and the thumb drive was not reviewed nor discussed with anyone. **Lieutenant Pelzer advised** that on July 15, 2008, he

gave the thumb drive taken from Inmate Breach to Officer Mark Reeves, Law Library Supervisor. **Officer Reeves placed** the thumb drive in an envelope and the sealed envelope has been locked in Officer Reeve's desk drawer since that time." [Id. at 2-3]

Breach's objects, this line of testimony are hearsay. Mr. Mitchem does not know if Lt. Pelzer read, or did not read Breach's legal work. Mr. Mitchem does not have personal knowledge and testifying: "**The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband.**" [*Id.*] such testimony is hearsay, unsupported speculation and not based on personal knowledge. Breach did not receive any disciplinary, and on two occasions Captain Tully and Officer Reeves, returned the thumb driver to him with instructions "Keep it in the law library". [*Id.* See, ***Addendum, Court Doc. No. 684, Declaration Breach, at 5-6***] whether or not a thumb drive was the only article taken from Breach; Mr. Mitchem was not present, he did not personally observe that which his attempts to testify. Breach objects on ground of hearsay, not based on personal knowledge. *Rule 602,* Fed.R.Evid. First, Mr. Mitchem admits that the very source of his testimony primarily relied on what Lieutenant Pelzer told him, or advised him, constitutes impermissible hearsay. Mr. Mitchem stated: "**I discussed this allegation with Ms. Ms. Kristin Bia**s, . . . **I discussed this allegation with Lieutenant Pelzer who stated that on July 12, 2008,** . . . ."[*Id.*] This line of testimony is due to be stricken on grounds of hearsay, not based on personal knowledge. [*Id.*] Breach objects to the testimony proffered by Mr.

19

Mitchem because Mitchem is testifying from what Ms. Bias and Lieutenant Pelzer told him

constitutes impermissible hearsay on its face, not based on personal knowledge. [*Id.*]

7.    Lastly, Breach objects to <u>Paragraph 2, on Page 3</u> of the Mitchem Affidavit

stating:

"Inmate Breach avers that a program called VNC has been installed on the
Law Library computers for the purpose of "spying" on inmates and to read
their legal work.  This program is, in fact, installed for the purpose of
monitoring inmates using the computer system to ensure that they are
utilizing it only for its intended purpose of preparing legal work.  It is also
used as an enhancement for the Law Library Supervisor to remotely add
and remove items on the Law Library computers from his office.  It is the
Law Library Supervisor's responsibility to review any inmate's legal work
not for specific content but to ensure that it is actual legal work and that its
contents do not violate security concerns." [Id.]

Mr. Mitchem does not have personal knowledge as to the purpose of the VNC

program, when it was installed, who installed it, how it works, who monitors it.  Mr.

Mitchem does not have personal knowledge as complained by Breach that the VNC

programs is used by ADOC officials to read prisoner's legal work being prepared on the

computer unseen.  [*Id.*] Mr. Mitchem reflects this testimony on hearsay, what Officer

Reeves told him in *August 2006*, the very source of his testimony.  Breach objects not based

on personal knowledge, and hearsay.

### MEMORANDUM AT LAW POINTS ON AUTHORITY

*Rule 602* prohibits a lay witness from testifying about matters that are not within the

personal knowledge of the witness. See e.g., *United States v. Lyon*, <u>567 F. 2d 777, 783-84</u> (8th

Cir. 1977), cert denied, 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed. 2d 510 (1978). *Rule 602*

20

"excludes testimony concerning matter the witness did not observe or had not opportunity to observe." Id. See also Fed. R. Evid. 602 advisory committee note; and *McCormick on Evidence,* § 69 (4th ed. 1992)

Mr. Mitchem gained knowledge through unrevealed business records or post trial discovery to the matters, what Officer Reeves told him, what Lt. Pelzer told him, and what Ms. Bias told him, as testified is impermissible hearsay testimony. *Rule 602,* Fed.R.Evid. Mt. Mitchem should have attached copies of the "papers or parts thereof referred to" in his affidavit so as to properly support his conclusion addressing some unrevealed, unknown, unidentified *"Administrative Regulation 403, Contraband" [Id.* at 2, ¶ 2.] and testimony pertaining to the VNC program is hearsay, not based on personal knowledge. It was Mt. Mitchem's duty to show affirmatively that the he was competent to testify about the issue before the Court, Lt. Pelzer reading Breach's legal work downloading his legal work onto a red and gray flash drive. [*Id. Declaration Breach*]

All the Court has here is bare assertions. Mr. Mitchem failed to attach certified copies of documents or papers that could support his testimony regarding several areas of his testimony; it is very basic understanding that Mt. Mitchem relied off others told him, Officer Reeves, Lt. Mark Pelzer, Ms. Bias, or what someone else told him to say. Mr. Mitchem relies on some unrevealed administrative regulation 403, obviously never once produced, identified, seen, or marked as an exhibit. The Court is not required to search through the record to find evidence at summary judgment. *Ragas v. Tennessee Gas Pipeline*

21

*Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted); A mere guess to an unrevealed administration regulation or, what someone told Mr. Mitchem or, told him to say, is hearsay and without attaching certified copies of an unknown administrative regulation 403, places an unjustifiably extrapolated gap, from an acceptable premise to an unfounded conclusion; thereof, such is too vague and constitutes hearsay, *Rule 56(e)*.

Unlike an expert witness, who may give his or her opinion about a matter within the witness' expertise (Fed.R.Evid. 703), a lay witness may testify only about matters within his or her personal knowledge. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

Mr. Mitchem's Affidavit on its face does not demonstrate that he has personally knowledge of the matters to which he testified. [*Id.*] Mr. Mitchem has no personal knowledge and such statements are due to be stricken because they flunk *Rule 56(e),* requirements. Mr. Mitchem makes very vague, ambiguous reference to administrative regulation, thumb drive, stipulations, *excreta.* In this case, Mr. Mitchem's Affidavit fail to meet the requisite of *Rule 56(e),* requirements: Mr. Mitchem's affidavits contain speculation, conjecture legal conclusions that are improper; he is voicing his own conclusions, belief, or suspicion based on lack of personal knowledge as required by *Rule 56(e), Federal Rules of Civil Procedures.*

These aspects of the Mitchem Affidavit ought to be <u>stricken</u> because they state unembellished conclusions and are therefore improper.   The entire Affidavit ought to be stricken on its face because he is not testifying on personal knowledge.

Another black-letter requirement of affidavits is that they must be rooted in facts, rather than conclusory remarks. *See, e.g., Burger King Corp. v. Lumbermens Mut. Cas. Co.,* <u>410 F. Supp.2d 1249, 1255</u> (S.D. Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact."); *Pashoian v. GTE Directories,* <u>208 F. Supp.2d 1293, 1297</u> (M.D. Fla. 2002) ("an affidavit must be stricken when it is a conclusory argument, rather than a statement of fact").

When an affidavit "contains inadmissible evidence, the court may strike the inadmissible portions of the affidavit and consider the rest." *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp.2d 1027, 1031 (M.D. Fla. 2000).

## OBJECTION NO. 2

### WHETHER THERE IS A LIKELIHOOD THAT BREACH WILL PREVAIL ON THE MERITS OF HIS CLAIMS?

The Recommendation basically states a boilerplate failure to satisfy the first prerequisite for issuance of preliminary injunctive relief. [*Id.* ***Doc. 688*** at 6]   The Recommendation does not explain what area Breach failed; the court did not explain how "Breach simply has not established a substantial likelihood of success on the merits" is inappropriate. Breach objects because the seriousness is, Breach's legal work has been

read, confiscated, duplicated, downloaded and no means of a copy of his legal documents has been, and is refused to be returned to him. He can succeed in this matter.

Defendants cannot show any legitimate reason as to why Lt. Pelzer, confiscated, read, copied, duplicated, downloaded Breach's legal work and has made no provision to return his legal work to him, unaltered. Defendants cannot reasonably demonstrate a legitimate reason why Classification Specialist, Ms. Bias read, quoted what the allegations state before the Court, then turn right around and basically tell Breach he will not be considered for a regular progress review just like every inmate in the Alabama prison system.

Breach is not required to <u>hit a home run</u>, but rather can he get to first base. This Court has held that a substantial likelihood of success on the merits requires a showing of only <u>*likely* or probable</u>, rather than *certain* success. *Home Oil Co. v. Sam's East, Inc.*, <u>199 F. Supp. 2d 1236, 1249</u> (M.D. Ala. 2002) *(emphasis in original).* Where, as here, the "balance of the equities weighs heavily in favor of granting the [injunction]" the Plaintiffs needs only show a "substantial case on the merits." *Garcia-Mir v. Meese*, <u>781 F.2d 1450, 1453</u> (11th Cir. 1986). See also, *World Triathlon Corp. v. SRS Sports Ctr. SDN. BHD*, 2005 U.S. Dist. <u>LEXIS 34905 </u>(M.D. Fla. December 14, 2005)

To demonstrate a substantial likelihood of success on the merits, Breach must only demonstrate a ***likely or probable***, but not certain, success at trial. *R. Miller Architectur, Inc., v. Edgington Enteres,* 2006 U.S. Dist. <u>LEXIS 54635</u> (M.D. Fla. August 2, 2006). Meeting the

24

likelihood of success criterion necessarily <u>involves stating a legitimate claim</u>. *See Schiavo ex rel. Schindler v. Schiavo*, <u>403 F.3d 1223, 1226</u> (11th Cir. 2005) (citing *Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, <u>527 U.S. 308, 339</u>, <u>119 S. Ct. 1961</u>, <u>144 L. Ed. 2d 319</u> (1990)

In the instant case, Lieutenant Pelzer on *July 12, 2008*, did so, read, downloaded, duplicated, copied all and the only copy of Breach's pending legal work solely compiled and prepared for summary judgment.  Breach on **page 20** of the *Motion for Preliminary Injunction*, **Court Doc. No. 678**, <u>listed 16-different individual legal documents</u> that has been read, copied, duplicated, and downloaded for no objective reason other than to frustrate Breach's pursuit of surgery because ADOC defendants complain about voluminous filings. Breach has demanded indemnization of the expropriated legal papers; and requested officials' performance of their duties imposed by law upon them to return the legal documents stored and secured belonging to Breach, but defendants have failed to simply make a photocopy of the legal work contained on the flash driver and return them to

## CONCLUSION

Breach objects stating  there was not sufficient evidence for two reasons, (i) defendants still have refused to make a photocopy of Breach's legal work and return such to him that they confiscated, read, duplicated now for over two (2) months and the Magistrate Judge should have ordered them to return to him all of his legal documents by

25

photocopied from the flash driver which was confiscated; (ii) there was not sufficient evidence that could be interpreted to establish that the reason for defendant's reading, duplicating, downloading Breach's legal papers was pretextual or not worthy of belief because Breach's flash drive was utilized at the law library, one of three flash drives was confiscated, read, duplicated, downloaded and no means to return to his a copy of his legal work stored unaltered, places him at a disadvantage over his opponent at summary judgment.    Defendants confiscated Breach's only copy of his evidence for summary judgment purposes. *See Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (Evidentiary hearing is required for entry of preliminary injunction only where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue).    There appears to be little question that in this Circuit, prison officials may not take adverse actions against inmates for filing lawsuits. *Wright v. Newsome,* 795 F.2d 964, 968 (11th Cir. 1986); *Hall v. Sutton,* 755 F.2d 786, 787 (11th Cir. 1985).

**WHEREFORE, *premises considered***, Breach request that the Court Strike the Affidavit submitted by Billy Mitchem, order ADOC to photocopy his legal work contained on the flash driver and return them to him, unaltered and grant the preliminary injunction or, that the Court order what it deems fair and appropriate.

This 29th Day August 2008.

Marcellus Breach 160710

26

L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this *30* Day of August 2008, placed a true copy

of the foregoing upon the following through the prison mail system properly addressed

postage prepaid and mailing First Class U.S. Mail to:

*Alabama Dept. of Corrections*
**LEGAL DIVISION**
**P.O. Box 301501**
**Montgomery, Alabama 36101**

**Rushton, Stakely, Johnston, Garrett, P.A**
**P.O. Box 270**
**Montgomery, Alabama 36101**
**Starnes & Atchison, LLP**
**100 Brookwood Place, 7th Floor**
**P.O. Box 598512**
**Birmingham, Alabama 35259-8512**

® _____

Marcellus Breach

# EXHIBIT "A"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELLUS BREACH, #160710          )
                                   )
                    Plaintiff,     )
                                   )
VS.                                )
                                   )
PRISON HEALTH SERVICES, ET AL.,    )
                                   )
                    Defendants.    )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared one Billy Mitchem, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Billy Mitchem, and I am presently employed as a Corrections Warden III, with the Alabama Department of Corrections, Limestone Correctional Facility, Harvest, Alabama. I am over nineteen (19) years of age.

Inmate Marcellus Breach's complaint is focused on the Law Library at Limestone Correctional Facility. I discussed the Law Library procedures with Officer Mark Reeves, Law Library Supervisor. Officer Reeves stated in August 2006, the

Limestone Correctional Facility Law Library implemented the use of computers for the purpose of preparing legal work. When this procedure began, inmates were allowed to store their work on floppy disks so they could retrieve their documents at a later date to complete their work. The floppy disks were stored in a locked box in the Law Library. Once their work was completed and printed it was moved to a mass storage device, or thumb drive, where it was kept for 60 days in the event the inmate needed to make additional corrections. The thumb drive was maintained by Officer Reeves in his office. A single thumb drive was purchased solely for the purpose of storing the legal work during this duration of time. After 60 days the files were deleted from the thumb drive by Officer Reeves.

The thumb drive that was used for storing completed work is the property of the Limestone Correctional Facility Law Library. No inmates have authorization to possess their own personal thumb drives or storage devices. A personal thumb drive being possessed by an inmate without ADOC being able to monitor it is a real security concern. As defined in Administrative Regulation 403, Contraband is anything not issued to an inmate by a DOC employee, sold in the canteen store or approved by the Warden.

Inmate Breach stipulated in his complaint that Lieutenant Mark Pelzer took legal paperwork from him and read the paperwork and discussed it with Ms. Kristin Bias, Classification Specialist. I discussed this allegation with Lieutenant Pelzer who stated that on July 12, 2008, he supervised a shakedown of the Law Library. During the shakedown a thumb drive was confiscated from Inmate Marcellus Breach, B/160710. The thumb drive in Inmate Breach's possession did not belong to the Law Library, nor had it been issued to him by any DOC Official; therefore, making it contraband. The

thumb drive was the only article taken from Inmate Breach. Lieutenant Pelzer stated he did not take any paperwork from Inmate Breach. Lieutenant Pelzer stated he did not open the contents of the thumb drive, and the thumb drive was not reviewed nor discussed with anyone. Lieutenant Pelzer advised that on July 15, 2008, he gave the thumb drive taken from Inmate Breach to Officer Mark Reeves, Law Library Supervisor. Officer Reeves placed the thumb drive in an envelope and the sealed envelope has been locked in Officer Reeves' desk drawer since that time.

Inmate Breach avers that a program called VNC has been installed on the Law Library computers for the purpose of "spying" on inmates and to read their legal work. This program is, in fact, installed for the purpose of monitoring inmates using the computer system to ensure that they are utilizing it only for its intended purpose of preparing legal work. It is also used as an enhancement for the Law Library Supervisor to remotely add and remove items on the Law Library computers from his office. It is the Law Library Supervisor's responsibility to review any inmate's legal work not for specific content but to ensure that it is actual legal work and that its contents do not violate security concerns.

To my knowledge, the above related facts are the entirety of my involvement with Inmate Marcellus Breach, concerning the allegations on which his complaint is based. I have not violated any of Inmate Breach's Constitutional Rights.

BILLY MITCHEM

STATE OF ALABAMA )

LIMESTONE COUNTY )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND

AND OFFICIAL SEAL THIS THE _21_ DAY OF _August_____, 2008.

NOTARY PUBLIC

My commission expires _8 - 1 -2010_