IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 SEP -5 A 10: 30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCELLUS BREACH, #160710 *

Plaintiff, *

Vs. * CASE NO: 2:06-cv-1133-MEF

PRISON HEALTH SERVICES, INC., et. al., *

Defendants. *

***RENEWED -- MOTION TO COMPEL DEFENDANT DR. MICHAEL E. ROBBINS, M.D., FOR PRODUCTION OF DOCUMENTS [Court Doc. No. 654]***

***Comes Now,*** the undersigned Marcellus Breach (hereinafter "Plaintiff") in proper person "Pro Se," request the court revisit Dr. Robbins's response to the court's order, Court Doc. No. 657 for good cause: In further support plaintiff demonstrates: [1]

***Introduction:***

Plaintiff refers to the *Alabama Board of Medical Examiners* hereinafter as (*"Board"*). Commencing on May 16, 2008 plaintiff filed a document entitled: *"Motion To Compel Dr. Michael E. Robbins For Production Of Documents / Newly Discovered Evidence"*. Plaintiff sought confirmation by the defendant to provide a true copy of his current Board

[1] At summary judgment plaintiff will challenge Dr. Robbins by the standards set for in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed. 2d 238 (1999) There's no burden on defendant to produce a true copy of his Board Certifications.

certification in Internal Medicine due to skepticism governing his qualifications that will be challenged at summary judgment as to truth and veracity of his overall testimony as unreliable.

1. In Plaintiff's aforementioned motion he sought documentation from Dr. Robbins to provide the court and plaintiff a copy of his current Board certification in Internal Medicine to reflect he has been certified as he claimed since 1979. Plaintiff's evidence attached to the aforesaid, demonstrates at multiple times from 1979 through 2004, Dr. Robbins's medical license in Alabama were revoked, suspended, restricted, probationary and he claimed during these reprimands to be in private practice, with Board certification. *Court Doc. No. 654, attached Exhibit*] In other words, it is logical that he intends for the court to believe he has held Board certification during all times his Alabama medical license were in fact, suspended, restricted, probationary and Board certified while revoked; Board certified while ordered to undergo drug treatment by the Board of medical examiners.

2. Plaintiff requested the court direct Dr. Robbins to produce a copy of his current 2006 forward, Board certification with the American Board of Internal Medicine because plaintiff alleged and will prove by certified documents as re-generated, Dr. Robbins's Alabama medical license have been everything just shortly after he received them, lest then two (2) years after he received a medical license in Alabama; such license became restricted to suspended to probation finally revoked by the Board due to habitual drug

and alcohol abuse, mental illness, immoral, unprofessional conduct. How did he maintain board certification from 1979 and in 1997 he was revoked while not losing Board certification after 1997? Moreover, how did he maintain board certification with a suspended medical license prior to 1997? How did he get Board certification with a "restricted" and suspended medical license? It is highly probable since he was revoked, suspended the American Board of Internal Medicine, more than likely in the public's best interest rescinded his board certification in Internal Medicine, if he ever had one. [*Court Doc. No. 654 at ¶ 8, 10*] The court ought to mindful, it took 602 pleadings to finally get Dr. Hobbs to admit he is not Board certified and he opposes surgery, wiring extraordinary opinions claiming to have "Practiced" OB/GYN, Hernia Repairs, Trauma Surgery, without, ever once obtaining board certification.

3. Too many questions are unanswered and the court will have to determine whether such skepticism satisfies *Daubert.* Example, ***Court Doc. No. 566,*** Robbins lists the following qualifications: ***Court Doc. No. 566.***

> "From 1977 thru 1981, I attended Medical School at the University of Virginia."
>
> "From 1981 thru 1989, I did my Residency Training at various facilities including Pennsylvania State University, the University of Alabama in Birmingham, Harrisburg Hospital (Harrisburg, PA) and the Baptist Hospital System (Birmingham, AL)"
>
> "In **1979, I became certified by the American Board of Internal Medicine**".
>
> "In 1986, I became licensed to practice medicine in Alabama. [Id.]

4. Dr. Robbins alleged he has been board certified since 1979; he never once, disclosed information regarding his habitual drug addiction, suspended, revoked medical license. He never once stated he lost his medical license and common sense is, since he lost his medical license several times up to the year on or about December 2004 when probation status was lifted by the Board of medical examiners, the questions are, how and when, did Dr. Robbins from 1997 thru 2004 obtain Board certification in Internal Medicine without ever losing board certification based on suspended license, revoked license, habitual drug abuse as documentation reflects, his license were everything from suspended, restrictions, to revoked?

5. The court granted this request only to the extent allowed by the court, *Court Doc. No. 657*, which the court directed Dr. Robbins in its order: "Inform the court of whether he is currently board certified in internal medicine." Id. at ¶ 3.

6. Dr. Robbins complied and submitted an affidavit and denies his medical license has been revoked. Dr. Robbins stated he is board certified and in this case opines different from that of a license surgeon stating surgery for plaintiff's inguinal hernia is not necessary. Dr. Robbins never once, seen, examined, evaluated or treated plaintiff. A license surgeon opines surgery is necessary and surgery is the only treatment available and the only medical known cure for a hernia; hernias cannot be treated without surgery. Dr. Robbins has never once repaired a hernia and his only experiences regarding hernias, is during his troubles with the Board of medical examiners, abusing drugs, and watching

surgical procedure while in his residency training. Dr. Robbins since 2002 has been in Correctional-base medicine. He claims surgery will not do no more or less than what a truss will. *Daubert* will not accept such unsupported conclusory medical backwash.

7. Plaintiff request Dr. Robbins produce documentary evidence reflecting he is in fact board certified and was board certified during the time prior to filing of this law suit in 2006 in accordance with Alabama law. A question unanswered is when did Dr. Robbins receive his board certification in Internal Medicine, because up to the year 2004 Dr. Robbins was on probation in this State? Before probation and prior to 2002 the year he was placed on probation status he began working for PHS while on probation. Dr. Robbins has been revoked, suspended, and restricted due to habitual drug abuse. It is unbelievable he maintained Board certification through all this medical deficiencies, poor reputation for truthfulness, poor reputation at the Board of medical examiners, i.e., medical community.

8. [2] The reason plaintiff requests the court to revisit this important area is because, Dr. Robbins attached to his response a copy of his Alabama medical license and a copy of his "Controlled Substance Registration Certificate". Dr. Robbins claimed to be currently board certified and plaintiff argues Dr. Robbins also claimed to be in private practice with a revoked license. As plaintiff re-generates evidence which will debunk Dr. Robbins

[2] Plaintiff has not been able to confirm whether a physician can maintain Board certification when his or her medical license have restrictions on them.

showing his medical license were in fact **revoked** during the time he claimed to be in private practice it ought to be unfounded he maintained board certification.

Additionally, plaintiff argues, a *Controlled Substance Registration Certification* is not evidence reflecting board certification with the American Board of Internal Medicine, it approves him to issue and proscribe medication. This is not sufficient evidence. Dr. Robbins came off probation on or about December 2004. His own admissions reflect he received his *Controlled Substance Registration Certificate* on *January 1, 2008.* What about and during, before 2006 when plaintiff filed this action did he possess a Controlled Substance Registration Certificate? Not while on suspicion, revoked, he didn't because the Board ordered him to surrender his license.

The question is, did he have this substance registration during and before 2006 the date of filing this action? This must be determined.

9. Section Title 34-24-61(b), et seq., Code of Alabama, 1975 states:

> **(b)** Applications for reinstatement of a controlled substance registration certificate or for removal, termination, or modification of restrictions to a controlled substance registration certificate filed with the board less than 24 months following the effective date of the revocation, suspension, restriction, or surrender of a controlled substance registration certificate may, within the discretion of the board, be dismissed by the board without a hearing as prematurely filed. **Applications filed more than 24 months following the effective date of the revocation, suspension, restriction, or surrender shall either be granted by the board or set for a hearing before the board which shall be conducted as a contested case under the Alabama Administrative Procedure Act.**

10. Plaintiff ought to have the right to demand proof of his re-certification or board certification because undefeatable evidence will and does demonstrates he has not been truthful throughout this case and he has been revoked, suspended, restricted and placed on probation up to 2004. His controlled substance was issued on January 1, 2008 just recent. This law suit was filed in December 2006. Was he registered to issue controlled substance in Alabama during and before the time of this action? From his own admission, the answer ought to be No! Dr. Robbins came off probation in 2004; it had to have been sometime 2006 he received his board certification and it is shown January 1, 2008 he obtained his Certificate of Controlled Substance Registration, which is irrelevant.

11. This request to revisit and, since Dr. Robbins opened the door representing dishonesty, boasting himself up as expert, boasting himself up to legally practice in private practice with a revoked license: the court should not forget that which he comes from. Dr. Robbins's poor memory, inconsistency in statements, habitual drug abuse, immoral conduct, unprofessional medical practices, and poor reputation in the medical community at the Alabama Board of Medical Examiners, Dr. Robbins has not demonstrated integrity in testifying honestly and veracity to the issues before the court; Dr. Robbins's never once came forward with his habitual abuse of drugs hidden in his self-proclaimed experiences that simply do not aid up and displays his poor medical practices explains his primary practice in Correctional-base medicine. Dr. Robbins never once explained he lost his board certifications and has yet to deny such and stated he was board certified in 1979, but he

was revoked in 1997, while in private practice. He has not disclosed the date he obtained re-certifications in Internal Medicine?

### *CONCLUSION*

***Court Doc. No. 566,*** Robbins synopsis is inconsistent and inaccurate. Robbins stated:

> "From 1989 thru 2002, I was in Private Practice (Internal Medicine). From 2002 thru present, I have been employed with Corrections-based practices. And, 1979, I became certified by the American Board of Internal Medicine." [Id.]

Commencing on *December 15, 1997* Defendant Michael Edward Robbins, Alabama Medical License No.: 13101 were "revoked", he was not authorized to practice medicine in Alabama. See, [*Court Doc. No. 654 at 5, 6*]

Dr. Robbins also, did not explain to the court during 2002 thru 2004 while employed with PHS as "Medical Director" his medical license status was "probationary" as he was directed to work under supervision of another physician. The question again is, when did Dr. Robbins obtain re-certification with the American Board of Internal Medicine while on probationary status from 2002 to 2004? Plaintiff demands more than Dr. Robbins's simply stating he is board certified. Plaintiff is entitled to demand documentation be produced to prove he was during 2006 to present date Board certified. Such dishonesty displays inconsistent statements, poor demonstration of character for truthfulness thought-out this case.

### *RELIEF REQUESTED*

Although the court directed Dr Robbins to *inform* the court of whether he is currently board certified in internal medicine. Plaintiff argues based on Dr. Robbins' inconsistencies, dishonesty about his private practice, proof of re-certifications ought to be necessary because Dr. Robbins testimony in this case will be challenged as unreliable, untrustworthy. Dr. Robbins is fast and loose in his Affidavits and plaintiff would request Dr. Robbins produce his Board certification just like proof of his medical license.

***WHEREFORE, premises considered*** plaintiff request the court direct Dr. Robbins to submit a copy of his Board certification from December 27, 2006 to current date.

This 2nd Day September 2008.

Marcellus Breach 160710
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749

***CERTIFICATE OF SERVICE***

*I* HEREBY CERTIFY that I have this 3rd Day of September 2008, placed a true copy of the foregoing upon the following through the prison mail system properly addressed postage prepaid and mailing First Class U.S. Mail to:

Alabama Dept. of Corrections
LEGAL DIVISION
P.O. Box 301501
Montgomery, Alabama 36101

Rushton, Stakely, Johnston, Garrett, P.A
P.O. Box 270
Montgomery, Alabama 36101

Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

Marcellus Breach

Marcellus Breach 160710
L.C.F. 28779 Nick Davis Rd
Harvest, Al 35749

HUNTSVILLE AL 358
03 SEP 2008 PM



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, Al 36101

36101+0711