IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #203767, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-1133-MEF |
| | ) |
| PRISON HEALTH SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

The issue in this case is whether Alabama Department of Corrections ("ADOC") defendants were deliberately indifferent to providing Plaintiff medical care for a hernia. Before the Court are several pending objections and a motion, including: (1) Plaintiff's Written Objection to Magistrate Judge's Order (Doc. #479), filed on February 21, 2008; (2) Plaintiff's Written Objections to Discovery Requests (Doc. #532), filed on March 13, 2008; (3) Plaintiff's Written Objections to Discovery Request (Doc. #551), filed on March 24, 2008; (4) Plaintiff's Written Objections to Discovery Requests (Doc. #552), filed on March 24, 2008; (5) Plaintiff's Written Objections to Court Order [sic] 601 & 602 (Doc. #620), filed on May 5, 2008; and (6) Plaintiff's Second – Notice of Objection to Admissibility of Evidence (Doc. #621), filed on May 5, 2008. The Court will discuss each of Plaintiff's objections and his motion in turn.

## II. STANDARD

In accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this Court reviews the objection, the Magistrate Judge's Order, and all submissions related to that Order to determine whether the Magistrate Judge's Order is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. DISCUSSION

<u>1. Plaintiff's Written Objection to Magistrate Judge's Order (Doc. #479)</u>

The Magistrate Court denied Plaintiff's Motion to Compel (Doc. #458) in an Order (Doc. #460) because it found that the information sought by Plaintiff was irrelevant to the issue before the Court.  In Plaintiff's Written Objection to Magistrate Judge's Order (Doc. #479) ("Objection #479"), filed on February 21, 2008, Plaintiff objected to Magistrate Judge Moorer's Order (Doc. #460) on grounds that the information Plaintiff sought was relevant to the case.

Fed. R. Civ. P. 26(b)(1) states that discovery is limited to materials which are relevant to the claim before the court.  The issue before the Court is whether ADOC defendants' refusal to provide surgery for Plaintiff's hernia constituted deliberate indifference.  In his Motion to Compel, Plaintiff sought Louisiana medical records to prove supervisory liability.  *See* Doc. #459, pg. 2.  Plaintiff, however, failed to show how Louisiana medical records are relevant to the claim pending before this Court.  Therefore, the Court agrees with the Magistrate Court's Order and Objection (Doc. #479) is due to be OVERRULED.

### 2. Plaintiff's Written Objections to Discovery Requests (Doc. #532)

In Plaintiff's Written Objections to Discovery Requests (Doc. #532) ("Objection #532"), filed on March 13, 2008, Plaintiff objected to Magistrate Judge Moorer's Order (Doc #510) denying Plaintiff's Motion to Compel (Doc. #462). In his Motion to Compel, Plaintiff sought to discover Defendant Dr. George Lyrene's "methodology" as a physician. As discussed above, Fed. R. Civ. P. 26(b)(1) states that discovery is limited to materials which are relevant to the claim before the court. Dr. Lyrene is not Plaintiff's treating physician, has not been involved in the decision whether Plaintiff needs surgery, and has never examined the Plaintiff. Therefore, the information sought by Plaintiff is irrelevant. The Objection (Doc. #532) is due to be OVERRULED.

### 3. Plaintiff's Written Objections to Discovery Request (Doc. #551)

In Plaintiff's Written Objections to Discovery Request (Doc. #551) ("Objection #551"), filed on March 24, 2008, Plaintiff objects to Magistrate Judge Moorer's Order (Doc. #534) denying his Motion for Sanctions (Doc. #522). In Objection #551, Plaintiff argues that Defendants' continue to "stonewall discovery." *See* Doc. #551, pg. 3. In Defendants' response (Doc. #529), Bradford Adams counters that he has answered all of Plaintiff's relevant discovery requests and produced all records in his possession pertaining to Plaintiff's treatment. Upon consideration of Plaintiff's objection, Defendants' response, and Magistrate Judge Moorer's order, Objection #551 is due to be OVERRULED.

### 4. Plaintiff's Written Objections to Discovery Requests (Doc. #552)

In Plaintiff's Written Objections to Discovery Requests (Doc. #552) ("Objection #552"), filed on March 24, 2008, Plaintiff objects to three Magistrate Judge orders, Docs. # 511, 535, and 536. The Court will take up each of Magistrate Judge Moorer's orders and Plaintiff's objections in turn.

#### A. Magistrate Judge Moorer's Order (Doc. #511)

In Magistrate Judge Moorer's Order (Doc. #511) entered on March 5, 2008, Judge Moorer denied Plaintiff's Motion to Compel (Doc. #493) filed on February 27, 2008 because Plaintiff did not seek permission from the Court to file the discovery requests at issue. Previously, the Magistrate Judge had ordered that any discovery request filed after November 20, 2007 would be untimely. (Doc. #178). Upon consideration of the Magistrate Judge's Order denying Plaintiff's Motion to Compel, the Magistrate Judge's Order setting a discovery deadline, and Plaintiff's objection this Court finds that Plaintiff's Motion to Compel (Doc. #493) was properly denied.

#### B. Magistrate Judge Moorer's Order (Doc. #535)

Magistrate Judge Moorer denied Plaintiff's Motion for Reconsideration (Doc. #530) in Order entered on March 14, 2008. (Doc. #535). In Objection #552, Plaintiff argued that this Court should vacate three previous Magistrate Court orders (Docs. # 510-513) denying Plaintiff's motions to compel. Magistrate Judge Moorer denied Plaintiff's motions in light of the November discovery deadline and "the voluminous responses to discovery filed by the defendants, including the documents and information relevant to

the issue pending before this Court." (Doc. #535). This Court agrees that Plaintiff's motions to compel (Doc. #510-513) were properly denied.

### C. Magistrate Judge Moorer's Order (Doc. #536)

In his Order entered on March 14, 2008 (Doc #. 536), Magistrate Judge Moorer denied Plaintiff's Motion for Extension of Time to File Objections (Doc. #530) because Plaintiff failed to present any basis for such an extension. In Objection #552, Plaintiff still did not present any basis for an extension of time. Therefore, this Court finds that Plaintiff's Motion for Extension of Time was properly denied.

### D. Conclusion

In Objection #552, Plaintiff objected to three Magistrate Judge orders, Doc. # 511, 535, and 536. Upon consideration of Plaintiff's objections, Defendants' responses, and the Magistrate Court's orders, this Court agrees that Plaintiff's motions were properly denied and Motion #552 is due to be OVERRULED.

### 5. Plaintiff's Written Objections to Court Order [sic] 601 & 602 (Doc. #620)

In Plaintiff's Written Objections to Court Order [sic] 601 & 602 (Doc. #620) ("Objection #620"), filed on May 5, 2008, Plaintiff objects to Magistrate Judge Moorer's Orders Doc. #601 and #602.

### A. Magistrate Judge Moorer's Order (Doc. #601)

In the Magistrate Court's Order entered on April 29, 2008, (Doc. #601), the Magistrate Court denied Plaintiff's Motion to Strike (Doc. #599) because Defendants had

already submitted the requested documents in response to a previous discovery request. In his Motion to Strike, Plaintiff argued that certain evidence submitted by defendant Dr. William Hobbs was inadmissible hearsay and not authenticated. Defendants submitted the evidence at the Court's request for discovery purposes and not for summary judgment purposes. (Doc. # 565.) Evidence sought in discovery need not be admissible. *See* Fed. R. Civ. P. 26(b)(1) ("[T]he court may order discovery of any matter relevant to the subject matter involved in the action...[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Therefore, the inadmissibility of discovery materials is not a valid ground for a court to strike materials from the record. Plaintiff's Motion to Strike (Doc. #599) was properly denied.

### B. Magistrate Judge Moorer's Order (Doc. #602)

In its Order filed on April 29, 2008 (Doc. #602), the Magistrate Judge denied thirteen of Plaintiff's motions (Docs. # 231, 395, 463, 464, 476, 480, 481, 538, 540, 541, 559, 560 & 561). In Objection #620, Plaintiff objects to Magistrate Judge Moorer's Order (Doc. #602) on the grounds that defendant Dr. William Hobbs's medical license expired on December 31, 2006. Plaintiff argues he is prejudiced by the evidence that Dr. William Hobbs submitted because it is inadmissible evidence. Doc. #620, pg. 2, 4. In addition, Plaintiff requests that Dr. Hobbs's evidence be stricken from the record. As discussed above, evidence sought in discovery need not be admissible so long as it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P.

26(b)(1). Therefore, Dr. Hobbs's submitted evidence is not due to be stricken and this Court finds that Objection #620 is due to be OVERRULED.

6. Plaintiff's Second – Notice of Objection to Admissibility of Evidence (Doc. #621)

In Plaintiff's Second – Notice of Objection to Admissibility of Evidence (Doc. #621), which the Court construes as a Motion to Strike ("Motion #621"), filed on May 5, 2008, Plaintiff objected to an affidavit filed by Dr. William Hobbs. Plaintiff again argued that Dr. Hobbs's evidence is inadmissible because Dr. Hobbs is no longer a licensed physician. Plaintiff does not object to a Magistrate Court order in Motion #621. Instead, Plaintiff cites law that a court can only consider admissible evidence on a *motion for summary judgment*. Doc. #621, pg. 2 (emphasis added). However, Dr. Hobb's affidavit was submitted as part of a Special Report and Answer in response to the Magistrate Court's request. (Doc. #144). Defendants did not submit evidence to support a summary judgment motion. Therefore, this Court finds that Motion #621 is due to be DENIED.

## IV. CONCLUSION

For the reasons set forth in the Memorandum Opinion and Order, it is hereby ORDERED that

(1) Plaintiff's objection (Doc. #479) to the Recommendation of the Magistrate Judge filed on February 21, 2008 is OVERRULED;

(2) Plaintiff's Written Objections to Discovery Requests (Doc. #532) to the Recommendation of the Magistrate Judge filed on March 13, 2008 is OVERRULED;

(3) Plaintiff's Written Objections to Discovery Request (Doc. #551) to the

Recommendation of the Magistrate Judge filed on March 24, 2008 is OVERRULED;

(4) Plaintiff's Written Objections to Discovery Requests (Doc. #552) to the Recommendation of the Magistrate Judge filed on March 24, 2008 is OVERRULED;

(5) Plaintiff's Written Objections to Court Order [sic] 601 & 602 (Doc. #620) to the Recommendation of the Magistrate Judge filed on May 5, 2008 is OVERRULED;

(6) Plaintiff's Motion to Strike (Doc. #621), filed on May 5, 2008, is DENIED.

DONE this the 8th day of May, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE