IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLUS BREACH, #203767, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-1133-MEF |
| | ) |
| PRISON HEALTH SERVICES, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The issue in this case is whether Alabama Department of Corrections ("ADOC") defendants were deliberately indifferent to providing Plaintiff medical care for a hernia. Before the Court are several pending motions to strike, including: (1) Plaintiff's Motion to Strike Inadmissible Statements (Doc. #803), filed on July 22, 2009; (2) Plaintiff's Motion to Strike Inadmissible Statements (Doc. #812), filed on July 22, 2009; (3) Plaintiff's Motion to Strike Inadmissible Statements (Doc. #813), filed on July 22, 2009. The Court will discuss Plaintiff's motions together.

In his motions, Plaintiff seeks to strike statements contained four documents: Special Report to Inmate Complaint (Doc. #25), Supplemental Special Report (Doc. #86), Special Report and Answer to Amendment to Complaint (Doc. #144), and Response to Motion to Require Disclosure (Doc. #418). Plaintiff argues the Court should strike certain statements because they contain hearsay, lack personal knowledge, and are "completely untrustworthy." Doc. #803, pg. 1. Plaintiff argues that certain statements in

these documents should be struck for summary judgment purposes.  Notably, however, Defendants have not filed a motion for summary judgment.  Defendants have filed special reports, which the Magistrate Judge may construe as motions for summary judgment.  *See* Docs. #25, 86, 114, 144, 361, 735.

Affidavit and declarations submitted either in support of or in opposition to a motion for summary judgment must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.  Rule 56(e) makes it plain that affidavits or declarations submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added).  The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper.  *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000).  Sworn statements which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike.  *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998).  However, the Court need not strike the entire affidavit, rather it *may strike or disregard* the improper portions and consider the remainder of the

testimony or statement. *Id.* at p. 1334 n.2. Should the pending special reports be construed as motions for summary judgment, this Court will exercise its discretion to disregard any improper portions of the challenged affidavit or declarations when considering those motions. Accordingly, the aforementioned motions are due to be denied as moot.

## CONCLUSION

For the reasons set forth in the Memorandum Opinion and Order, it is hereby ORDERED that

(1) Plaintiff's Motion to Strike (Doc. #803) filed on July 22, 2009 is DENIED AS MOOT;

(2) Plaintiff's Motion to Strike (Doc. #812) filed on July 22, 2009 is DENIED AS MOOT; and

(3) Plaintiff's Motion to Strike (Doc. #813) filed on July 22, 2009 is DENIED AS MOOT.

DONE this the 12th day of August, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE